ORIGINAL

BUREAU OF CONSUMER FINANCIAL PROTECTION
SARAH PREIS (D.C. Bar No. 997387)
(*Pro Hac Vice application pending*)
sarah.preis@cfpb.gov
Tel.:(202)-435-9318
JESSE STEWART (N.Y. Bar No. 5145495)
(*Pro Hac Vice application pending*)
jesse.stewart@cfpb.gov
Tel.:(202)-435-9641
1700 G Street, NW
Washington, DC 20552
Tel.:(202)-435-9318
Fax: (202)-435-5471

LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel for the Bureau of Consumer Financial Protection
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788

Attorneys for Plaintiff
Bureau of Consumer Financial Protection

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center et al.<br><br>    Defendants. | CASE NO.  8:19-cv-01998 JVS (JDEx)<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE CASE UNDER TEMPORARY SEAL**<br><br>[FILED UNDER TEMPORARY SEAL] |

    Pursuant to Local Civil Rule 79-5.2.1, Plaintiff Bureau of Consumer Financial Protection (the Bureau) applies *ex parte* for an order to temporarily seal

1

**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (D.C. Bar No. 997387)
(*Pro Hac Vice application pending*)
sarah.preis@cfpb.gov
Tel.:(202)-435-9318
JESSE STEWART (N.Y. Bar No. 5145495)
(*Pro Hac Vice application pending*)
jesse.stewart@cfpb.gov
Tel.:(202)-435-9641
1700 G Street, NW
Washington, DC 20552
Tel.:(202)-435-9318
Fax: (202)-435-5471

LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel for the Bureau of Consumer Financial Protection
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788

Attorneys for Plaintiff
Bureau of Consumer Financial Protection

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection et al.<br><br>          Plaintiffs,<br><br>          v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center et al.<br><br>          Defendants. | CASE NO.<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE CASE UNDER TEMPORARY SEAL**<br><br>[FILED UNDER TEMPORARY SEAL] |

   Pursuant to Local Civil Rule 79-5.2.1, Plaintiff Bureau of Consumer Financial Protection (the Bureau) applies *ex parte* for an order to temporarily seal

1

the entire file and docket in this matter, including this application, the Complaint, Plaintiff's *Ex Parte* Application for a Temporary Restraining Order with Asset Freeze and Other Equitable Relief and Order to Show Cause Why Preliminary Injunction Should Not Issue (TRO Application), and all pleadings, declarations, exhibits, and other papers filed in support thereof. The Bureau respectfully requests that the entire docket be placed under seal until 7 days after the Court takes action on the Bureau's *ex parte* TRO Application or until all parties are served, whichever occurs first. Further, with respect to information in the Bureau's filings which may be subject to claims of confidentiality, as set forth in the attached table, the Bureau respectfully requests that such information remain under seal for 21 days following the unsealing of this action on the Court's docket. The Bureau also requests that the order temporarily sealing the docket in this matter not prohibit the Bureau's disclosure of the existence of the lawsuit or the parties to the extent necessary to prepare for and effectuate service of the proposed temporary restraining order.

Documents filed with a court are "presumptively public."[1] But "[e]very court has supervisory power over its own records and files[.]"[2] The Ninth Circuit requires a proponent of sealing motions that are "more than tangentially related to the merits of a case,"—including motions for preliminary injunctions[3]—to demonstrate "compelling reasons" to justify the seal.[4] Courts in this District have temporarily sealed dockets based on a showing of good cause in government enforcement actions seeking temporary restraining orders to halt deceptive conduct

---

[1] *San Jose Mercury News, Inc. v. U.S. District Court—Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).
[2] *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).
[3] *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).
[4] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

and preserve the status quo when there is risk of concealment of assets and evidence.[5]

### I. Seal of Entire Docket

As described in the TRO Application and supporting documents, Defendants have collected tens of millions of dollars in unlawful advance fees in violation of the Telemarketing Sales Rule. They also made a number of deceptive representations and omissions to induce consumers to purchase their services, including misrepresentations about the benefits of their services, the purpose of the fees they charged consumers, and consumers' eligibility for federal loan programs.

There are compelling reasons here to justify sealing this action on a temporary basis. Defendants have demonstrated their willingness to: abuse the bankruptcy process to evade law enforcement; misrepresent the status of their operations to the Bankruptcy Court; ignore an order by the Bankruptcy Court to turn over documents and other information; avoid complying with the Bureau's civil investigative demand (CID), and transfer assets and documents, including leading up to the bankruptcy proceeding.[6] The Bureau thus has reason to believe

---

[5] *See, e.g.*, Order Temporarily Sealing File and Docket, ECF 25, *FTC v. 8 Figure Dream Lifestyle LLC et al.*, 19-cv-01156 (June 13, 2019) (granting the motion for "good cause"); Order Granting Plaintiff's Ex Parte Application to Seal Case File Temporarily, ECF 4, *FTC v. American Home Servicing Center, LLC et al.*, 18-cv-00587 (April 12, 2018) (same); Order Granting Plaintiff's Ex Parte Application for Leave to File Case Under Temporary Seal, ECF 4, *FTC v. A1 DocPrep et al.*, 17-cv-07044 (Sept. 27, 2017) (same). Under either the "compelling reasons" or "good cause" standard, the Bureau has established sufficient basis for the Court to grant this Application.

[6] Declaration of Sarah Preis in Support of (1) Plaintiff's *Ex Parte* Application for Temporary Restraining Order with Asset Freeze and Other Equitable Relief and Order to Show Cause Why Preliminary Injunction Should Not Issue; and (2) Plaintiff's *Ex Parte* Application for Leave to File Case Under Temporary Seal, ¶¶ 6-10.

that Defendants and Relief Defendants could engage in further concealment or transfer of assets or evidence in the period between notification of the Bureau's TRO Application and service of any order entered by this Court. A temporary seal of the docket in this action will prevent Defendants from engaging in conduct that could frustrate the Bureau's enforcement efforts and the interests of justice.[7]

## II. Seal of Potentially Confidential Documents

Additionally, compelling reasons exist to seal portions of the docket that contain information the Bureau obtained from third parties that may be confidential or contain trade secrets.[8] Multiple third-party CID recipients have produced material they claim is protected from disclosure as confidential trade secrets and commercial and financial information under the Freedom of Information Act.[9] The Bureau's regulations permit the submitter of investigative information designated as confidential to "seek an appropriate protective or in camera order prior to the disclosure of such material" in a court proceeding.[10] The Bureau believes a period of 21 days from the date this action is unsealed on the Court's docket is sufficient both to provide notice to submitters and allow those third parties or Defendants to move this Court for a protective order.

For the reasons set forth above, the Bureau respectfully applies for an *ex*

---

[7] *See FTC v. 6253547 Canada Inc.*, 2009 WL 10714993, at *1 (N.D. Ohio June 2, 2009) (granting FTC's temporary motion to seal action based on agency's "experience that defendants who have engaged in calculated, deliberate and extensive deception will, in fact, dissipate assets when they receive notice of the FTC's enforcement actions.") (internal citation omitted); *see also Consumer Fin. Prot. Bureau v. Orion Processing, Inc.*, No. 1:15-cv-23070-MGC, Order Granting Plaintiff's *Ex Parte* Mot. to File Excess Pages and Mot. to Temporarily Seal at 2-3 (S.D. Fla. Aug. 19, 2015).
[8] *See Kamakana*, 447 F.3d at 1179 (citing the need to protect the "release [of] trade secrets" as a compelling reason to justify sealing).
[9] *See* 5 U.S.C. § 552(b)(4).
[10] *See* 12 C.F.R. § 1070.45(a)(4).

1  *parte* order temporarily sealing the entire case file. A proposed order is submitted
2  herewith.

Dated: October 21, 2019

Respectfully submitted,

Cara Petersen
Acting Enforcement Director
Deborah Morris
Deputy Enforcement Director
Alusheyi J. Wheeler
Assistant Deputy Enforcement Director

/s/ *Leanne E. Hartmann*

Leanne E. Hartmann (CA Bar No. 264787)
leanne.hartmann@cfpb.gov
Sarah Preis (D.C. Bar No. 997387) (*pro hac vice application pending*)
Email: sarah.preis@cfpb.gov
Jesse Stewart (N.Y. Bar No. 5145495) (*pro hac vice application pending*)
Email: jesse.stewart@cfpb.gov

*Enforcement Attorneys*

Attorneys for Plaintiff Bureau of Consumer Financial Protection