LODGED

2019 OCT 21  AM 10: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.<br><br>        Plaintiffs,<br><br>        v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.<br><br>        Defendants. | CASE NO.  **8:19-cv-01998 JVS (JDEx)**<br><br>**[PROPOSED]** *EX PARTE* **TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>**(FILED UNDER TEMPORARY SEAL)** |

Plaintiffs, the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and The People of the State of California have filed a complaint alleging violations of state and federal law

ORIGINAL

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.<br><br>　　　Defendants. | CASE NO.<br><br>**[PROPOSED]** *EX PARTE* **TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>**(FILED UNDER TEMPORARY SEAL)** |

Plaintiffs, the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and The People of the State of California have filed a complaint alleging violations of state and federal law

1

against the Defendants. The Bureau has filed the complaint under the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a), 5564, and 5565, and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(c)(2), 6105(d), based on Defendants' violations of the CFPA and the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310. The Complaint alleges that Defendants' acts or practices violate these laws in connection with the marketing and sale of student-loan debt-relief services. The Complaint seeks preliminary and permanent injunctive relief, damages, rescission or reformation of contracts, the refund of monies paid, restitution, compensation for unjust enrichment, the appointment of a temporary Receiver, and other equitable relief, as well as civil money penalties. The Bureau has also moved for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and an order to show cause why a preliminary injunction should not issue against Defendants and Relief Defendants.

## FACTUAL AND LEGAL FINDINGS

Having considered the Complaint, *ex parte* motion, declarations, exhibits, and memoranda filed in support of the Motion, the Court finds that:

1. This Court has jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all the parties hereto, and venue in this district is proper;

2. There is good cause to believe that Defendants: (a) Consumer Advocacy Center Inc., a California corporation, d/b/a Premier Student Loan Center, (collectively CAC); (b) True Count Staffing Inc., a California Corporation, d/b/a SL Account Management (collectively True Count); (c) Prime Consulting LLC, a Wyoming limited liability corporation registered to operate in California d/b/a Financial Preparation Services (collectively, Prime); (d) Albert Kim (aka Albert King), an individual; (e) Kaine Wen (aka Wenting Kaine Dai, Wen Ting Dai, Kaine Wen Dai), an individual; and (f) Tuong Nguyen (aka Tom Nelson), an

2

individual, have engaged and are likely to continue to engage in acts or practices that violate the CFPA and the TSR. And, there is good cause to believe that Relief Defendants (a) Infinite Management Corp., a California corporation, formerly known as Infinite Management Solutions Inc., (b) Hold The Door, Corp., a California corporation, and (c) TN Accounting Inc., a California corporation, have received funds or assets and are likely to continue to receive funds or assets that can be traced directly to Defendants' unlawful acts and practices. Plaintiff is therefore likely to prevail on the merits of this action;

3.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of these laws unless Defendants and Relief Defendants are restrained and enjoined by Order of this Court;

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary damages, restitution, and disgorgement or compensation for unjust enrichment will occur from the transfer, dissipation, or other disposition or concealment by Defendants and Relief Defendants of their assets or business records unless Defendants and Relief Defendants are restrained and enjoined by Order of this Court; and that in accordance with Rule 65(b) of the Federal Rules of Civil Procedure, the interest of justice requires that Plaintiff's application be granted without prior notice to Defendants or Relief Defendants. Therefore, there is good cause for relieving Plaintiff of the duty to provide Defendants and Relief Defendants with prior notice of its motion;

5.      Good cause exists for appointing a temporary Receiver over True Count and Prime; freezing Defendants and Relief Defendants assets except as set forth below; permitting Plaintiff and the Receiver immediate access to True Count's and Prime's business premises; and permitting Plaintiff and the Receiver to take expedited discovery;

6.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, appointment of a temporary receiver, immediate access to business premises, limited expedited discovery, and other equitable relief is in the public interest;

7.      The automatic stay of the Bankruptcy Code does not stay this civil action against CAC, which has filed for bankruptcy in United States Bankruptcy Court in the Southern District of Florida, Fort Lauderdale Division, Case No. 10-10655, because the action falls within the police and regulatory power exception to the automatic stay set forth in 11 U.S.C. § 362(a), (b)(4);

8.      This Court has authority to issue this order pursuant to 12 U.S.C. § 5565, Federal Rule of Civil Procedure 65; and

9.      As the Bureau is an agency of the United States, no security is required for this Order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.      "**Assets**" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including, but not limited to any trust held for the benefit of any Individual Defendants' minor children, or any of the Individual Defendants' spouses. It shall

4

include both existing Assets and Assets acquired after the date of entry of this Order;

2.      **"Assisting Others"** includes, but is not limited to

a.  providing paralegal or administrative support services;

b.  performing customer service functions including, but not limited to, receiving or responding to Consumer complaints;

c.  formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;

d.  formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

e.  providing names of, or assisting in the generation of, potential customers;

f.  performing marketing, billing, or payment services of any kind;

g.  acting or serving as an owner, officer, director, manager, or principal of any entity; and

3.      **"Bankruptcy Proceeding"** means *In re Consumer Advocacy Center Inc.*, Case No. 19-10655, currently pending in the United States Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division;

4.      **"Chapter 7 Trustee"** means Sonya Salkin Slott, the Trustee appointed over Defendant Consumer Advocacy Center Inc. d/b/a Premier Student Loan Center by the United States Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division in the Bankruptcy Proceeding and any successor trustee.

5.      "**Consumer**" means an individual or an agent, trustee, or representative acting on behalf of an individual;

6.      "**Debt**" means any obligation or alleged obligation to pay money, whether or not such obligation has been reduced to judgment;

7.      "**Debt-Relief Product or Service**" means any product, service, plan, or program represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the Debt between a Consumer and one or more creditors or Debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a Person to a creditor or Debt collector;

8.      "**Defendants**" means the Corporate Defendants, Individual Defendants, and Relief Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

      a.      "**Corporate Defendants**" means Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a Financial Preparation Services, and any other name by which each Corporate Defendant may be known or operate;

      b.      "**Individual Defendants**" means Albert Kim (aka Albert King), Kaine Wen (aka Wenting Kaine Dai, Wen Ting Dai, Kaine Wen Dai), and Tuong Nguyen (aka Tom Nelson), and any other name by which each Individual Defendant may be known;

      c.      "**Receivership Defendants**" means True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a Financial Preparation Services and their successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each may be known, provided that the Receiver has reason to believe they

6

are owned or controlled in whole or in part by any of the
Receivership Defendants;

d.    "**Relief Defendant**" means Infinite Management Corp., f/k/a
Infinite Management Solutions Inc., Hold The Door, Corp., TN
Accounting Inc., and any other name by which each Relief Defendant
may be known or operate; and

9.    "**Document**" and "**Electronically Stored Information**" are
synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a)
of the Federal Rules of Civil Procedure and include but are not limited to:

a.    the original or a true copy of any written, typed, printed,
electronically stored, transcribed, taped, recorded, filmed, punched,
or graphic matter or other data compilations of any kind, including,
but not limited to, letters, email or other correspondence, messages,
memoranda, paper, interoffice communications, notes, reports,
summaries, manuals, magnetic tapes or discs, tabulations, books,
records, checks, invoices, work papers, journals, ledgers, statements,
returns, reports, schedules, files, charts, logs, electronic files, stored
in any medium;

b.    any electronically created or stored information, including but
not limited to electronic mail, instant messaging, videoconferencing,
SMS, MMS, or other text messaging, and other electronic
correspondence (whether active, archived, unsent, or in an deleted
items folder), word processing files, spreadsheets, databases,
Document metadata, presentation files, and sound recordings,
whether stored on any cell phones, smartphones, flash drives,
personal digital assistants ("PDAs"), cards, desktop personal
computer and workstations, laptops, notebooks and other portable
computers, or other electronic storage media, backup disks and tapes,

7

archive disks and tapes, and other forms of offline storage, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-related purposes, whether stored on-site with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained off-site by a third party; and computers and related offsite storage used by Defendants or Defendants' participating associates, which may include Persons who are not employees of the company or who do not work on company premises; and

10. "**Electronic Data Host**" means any Person or entity that stores, hosts, or otherwise maintains electronically stored information;

11. "**Bankruptcy Estate**" means the bankruptcy estate created within the Bankruptcy Proceeding by operation of law pursuant to 11 U.S.C. § 541;

12. "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer;

13. "**Person**" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

14. "**Plaintiff**" or "**Bureau**" means the Bureau of Consumer Financial Protection;

15. "**Receiver**" means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver;

16. "**Telemarketer**" means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(cc); and

17.　　**"Telemarketing"** means a plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## ORDER

## I.  RESTRICTIONS ON ADVANCE FEES

**IT IS FURTHER ORDERED** that, in connection with Telemarketing, Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from requesting or receiving payment or fees or consideration for any Debt-Relief Product or Service before:

    A.  They have negotiated, settled, reduced, or otherwise altered the terms of at least one Debt pursuant to a settlement agreement, Debt management plan, or other such valid contractual agreement executed by the customer; and

    B.  The customer has made at least one payment pursuant to that agreement.

## II. PROHIBITED REPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, performance of any Debt-Relief Product or Service, are hereby temporarily restrained and enjoined from falsely representing, or from Assisting Others who are falsely representing, expressly or by implication,

any material aspect of any service performed by the Defendant or any other person, including, but not limited to:

    A.  The nature, purpose, or any other material aspect of any fee collected by any Defendant or any other person;

    B.  That any Defendant or any other Person will or likely will help obtain forgiveness of any loan under a federal student loan forgiveness program; and

    C.  That any Defendant or any other Person will or likely will help obtain lower payments on any loan under a federal student loan repayment program.

## III.    PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly are hereby temporarily enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices, or business or personal finances of any Defendant, or other entity directly or indirectly under the control of any Defendant.

## IV.    WEBSITES

**IT IS FURTHER ORDERED** that, immediately upon service of the Order upon them and pending determination of Plaintiff's request for a preliminary injunction, (1) any Person hosting any Internet website for, or on behalf of, any Defendant, and (2) Defendants and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and those Persons in active concert or participation with any of them, who receive actual notice of this order by personal service, facsimile transmission, email, or otherwise, whether

acting directly or through any corporation, subsidiary, division, or other device, shall:

    A. Prevent the destruction or erasure of any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or performance of any Debt-Relief Service, by preserving such website in the format in which it is maintained currently; and

    B. Immediately notify Plaintiff's counsel, in writing, of any other Internet website operated or controlled by any Defendant.

## V.  INTERNET DOMAIN NAME REGISTRATIONS

**IT IS FURTHER ORDERED** that, pending determination of Plaintiff's request for a preliminary injunction, any domain name registrar shall provide immediate notice to Plaintiff's counsel of any Internet domain names registered or controlled by any Defendants.

## VI.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Receivership Defendants, Individual Defendants, or Relief Defendants, and their successors, assigns, officers, agents, servants, employees, independent contractors, and attorneys, and all Persons directly or indirectly under the control of any of them, including any Financial Institution, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile, email, or otherwise, are hereby temporarily restrained and enjoined from directly or indirectly:

    A. Selling, liquidating, assigning, transferring, converting, loaning, hypothecating, disbursing, gifting, conveying, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any Asset that is:

11

1.  owned or controlled, directly or indirectly, by any Defendant, including, but not limited to those for which a Defendant is a signatory on the account;

2.  held, in part or in whole, for the benefit of any Defendant

3.  in the actual or constructive possession of any Defendant; or

4.  in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or other entity directly or indirectly owned, managed or controlled by any Defendant; and

B.  Opening, or causing to be opened, any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant or subject to access by any Defendant;

C.  Incurring charges or cash advances on any credit card, stored value card, debit card, or charge card issued in the name, singly or jointly, of any Defendant or any other entity directly or indirectly owned, managed, or controlled by any Defendant;

D.  Cashing any checks or depositing or processing any payment from any Consumer, client, or customer of any Defendant; and

E.  Incurring liens or encumbrances on real property, personal property, or other Assets in the name, singly or jointly, of Defendants or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

**IT IS FURTHER ORDERED** that the Assets affected by this Section shall include: (a) all Assets of each Receivership Defendant, Individual Defendant, or Relief Defendant, as of the time this Order is entered, and (b) those Assets obtained or received after entry of this Order that are derived, directly or indirectly, from the actions alleged in Plaintiff's Complaint. This Section does not prohibit

12

transfers to the Receiver, as specifically required in Section XVI (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Order.

## VII.   RETENTION OF ASSETS AND RECORDS BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, any Financial Institution, brokerage, business entity, Electronic Data Host, payment processor, merchant bank, payment gateway, or Person served with a copy of this Order, or who otherwise has actual or constructive knowledge of this Order, that has held, controlled, or maintained custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant, or other party subject to Section VI (Asset Freeze) above, or has held, controlled, or maintained any such account, Document, or Asset shall:

A. Hold, preserve, and retain within such person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, Document, or Asset held by or under such person's control, except (1) as directed by further order of the Court; (2) as directed in writing by the Receiver regarding accounts, Documents, or Assets held in the name of or benefit of any Defendant; or (3) as directed in writing by the Chapter 7 Trustee regarding accounts and Assets held in the name of or for the benefit of the Bankruptcy Estate;

B. Provide the Receiver, the Receiver's agents, Plaintiff, and Plaintiff's agents immediate access to Documents, including those electronically stored, hosted, or otherwise maintained on behalf of Defendants, for forensic imaging or copying;

C. Deny access to any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant, or subject to access by any Defendant or other party subject to Section VI (Asset Freeze) above, except that this subsection shall not limit the Receiver's or Chapter 7 Trustee's access to such places;

D. Provide to Plaintiff's counsel and the Receiver, within one business day of receiving a copy of this Order, a sworn statement setting forth:

    1. the identification of each account or Asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant, or other party subject to Section VI (Asset Freeze) above, whether in whole or in part;

    2. the balance of each such account, or a description of the nature and value of such Asset, as of the close of business on the day on which this Order is served;

    3. the identification of any safe deposit box, commercial mail box, or storage facility belonging to, for the use or benefit of, controlled by, or titled in the name of any Defendant, or subject to access by any Defendant, or other party subject to Section VI (Asset Freeze) above, whether in whole or in part;

    4. if the account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the Person or entity to whom such account or other Asset was remitted;

    5. Subsection VII.D does not apply to the Chapter 7 Trustee; and

E. Provide to Plaintiff's counsel and the Receiver, within three business days of receiving a request, copies of all Documents pertaining to such

14

account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee;

F. Cooperate with all reasonable requests of the Receiver relating to this Order's implementation;

G. The accounts subject to this provision include: (a) all Assets of each Defendant deposited as of the time this Order is entered, and (b) those Assets deposited after entry of this Order that are derived from the actions alleged in Plaintiff's Complaint. This Section does not include Assets under the exclusive control of the Chapter 7 Trustee in the Bankruptcy Proceeding. Further, this Section does not prohibit transfers to the Receiver, as specifically required in Section XVI (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section X of this Order; and

H. Plaintiff is granted leave, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to subpoena Documents immediately from any Financial Institution, brokerage, business entity, Electronic Data Host, or Person served with a copy of this Order that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to access or use by, or under the signatory power of any Defendant or party subject to Section VI (Asset Freeze) above, or has held, controlled, or maintained any such account, Document, or Asset and such financial or brokerage institution, business entity, Electronic Data Host or Person shall respond to such subpoena within three business days after service.

15

## VIII.  FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that as set forth below, each Receivership Defendant, Individual Defendant, and Relief Defendant, within three (3) business days of service of this Order, shall prepare and deliver to Plaintiff's counsel and to the Receiver:

A. For each Individual Defendant, a completed financial statement accurate as of the date of service of this Order upon such Defendant on the form of Attachment A to this Order captioned "Individual Financial Statement";

B. For each Receivership Defendant and Relief Defendant, a completed financial statement accurate as of the date of service of this Order upon such Defendant (unless otherwise agreed upon with Plaintiff's counsel) in the form of Attachment B to this Order captioned "Corporate Financial Statement";

C. A list of all officers and directors of the Receivership Defendants and Relief Defendants and all other individuals or entities with authority to direct the operations of each Receivership Defendant and Relief Defendant or withdraw money from the account of such Defendant;

D. For each Receivership Defendant, Individual Defendant, and Relief Defendant, a statement, verified under oath, of all payments, transfers, or assignments of any Assets worth $5,000 or more since January 1, 2015. Such statements shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid by or to the Defendant.  Each statement shall specify the name and address of each Financial Institution at which Receivership Defendant, Individual Defendant, or Relief Defendant, has accounts or safe deposit boxes; and

E. For each Receivership Defendant, Individual Defendant, and Relief Defendant, a detailed accounting, verified under oath, of all gross and net profits obtained from, derived from, or related in any way to the offer for sale or sale of any Debt-Relief Product or Service since January 1, 2015.

## IX.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), Plaintiff may obtain credit reports concerning any Defendant or Relief Defendant, and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## X.   REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, within three business days following the service of this Order, each Defendant shall:

A. Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, accounts, and Documents outside of the territory of the United States of America that are held (1) by the Defendant; (2) for any Defendant's benefit or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant; (3) in trust by or for any Defendant, individually or jointly; or (4) under any Defendant's direct or indirect control, individually or jointly;

B. Transfer to the territory of the United States of America all Assets, accounts, and Documents in foreign countries held (1) by any Defendant; (2) for any Defendant's benefit; (3) in trust by or for any Defendant, individually or jointly; or (4) under any Defendant's direct or indirect control, individually or jointly;

C. Hold and retain all repatriated Assets, accounts, funds, and Documents, and prevent any transfer, disposition, or dissipation whatsoever of any such Assets, accounts, or Documents;

D. Provide Plaintiff access to all records of accounts, Documents, or Assets of the Receivership Defendant, Individual Defendant, or Relief Defendant held by Financial Institutions or other third parties located outside the territorial United States of America by signing the Consent to Release of Financial Records attached to this Order as Attachment C. All repatriated Assets, accounts, and Documents are subject to Section VI (Asset Freeze) of this Order; and

E. The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the Financial Institution or other entity that is the recipient of such Assets, accounts, and Documents; and (2) serve this Order on any such Financial Institution or other entity.

## XI.   NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the hindrance of the repatriation required by Section X of this Order, including, but not limited to:

A. Sending any statement, communication, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign

18

trust agreement until such time that all Assets have been fully repatriated pursuant to Section X (Repatriation of Foreign Assets) of this Order; or

B. Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Section X (Repatriation of Foreign Assets) of this Order.

## XII.   APPOINTMENT OF A TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that _____ is appointed temporary Receiver for the business activities of Receivership Defendants with the full power of an equity receiver. The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all laws and Local Rules of this Court governing federal equity receivers.

## XIII.  DUTIES AND AUTHORITIES OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any of the Receivership Defendants, including but not limited to any named Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B. Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver will assume control over the income and profits therefrom and all sums of money now

or hereafter due or owing to the Receivership Defendants. The Receiver shall have full power to divert mail and to sue for, collect, receive, take into possession, hold, and manage all Assets and Documents of the Receivership Defendants and other Persons whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. *Provided, however,* however, that the Receiver will not attempt to collect or receive any amount from a Consumer if the Receiver or Plaintiff believes the Consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C. Take all steps necessary to secure the business premises of the Receivership Defendants. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable:

1. serving and filing this Order;

2. completing a written inventory of all Receivership Assets;

3. obtaining pertinent information from all employees and other agents of the Receivership Defendants, including but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4. videotaping or photographing all portions of such business premises;

5. securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location;

6. requiring any Persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with

proof of identification, or to demonstrate to the satisfaction of the Receiver that such Persons are not removing from the premises Documents or Assets of the Receivership Defendants;

7. requiring all employees, independent contractors, and consultants of the Receivership Defendants to complete a questionnaire submitted by the Receiver; and

D. Conserve, hold, and manage all Receivership Defendants' Assets, and perform all acts necessary or advisable to preserve the value of those Assets, in order to prevent any irreparable loss, damage, or injury to Consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the Assets and preventing transfer, withdrawal, or misapplication of Assets;

E. Liquidate any and all securities or commodities owned by or for the benefit of the Receivership Defendants as the Receiver deems to be advisable or necessary;

F. Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendant, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

G. Enter into contracts and purchase insurance as the Receiver deems to be advisable or necessary;

H. Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of Consumers and creditors who have transacted business with the Receivership Defendants;

I. Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the

Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

J.  Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

K.  Make payments and disbursements from the Receivership Defendants' estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any Debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

L.  Determine and implement measures to ensure that the Receivership Defendants comply with and prevent violations of this Order and all other applicable laws, including, but not limited to, if appropriate, revising sales materials and implementing monitoring procedures;

M. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

N.  Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his or her role as Receiver, or against the Receivership Defendants, that the Receiver deems necessary and advisable to preserve the Assets of the

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

O.  Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; *provided, however*, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the businesses can be lawfully operated at a profit using the Assets of the Receivership Defendants' estate;

P.  Take depositions and issue subpoenas to obtain Documents and records pertaining to the receivership estate and compliance with this Order. Subpoenas may be served by agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

Q.  Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

R.  Maintain accurate records of all receipts and expenditures that made as Receiver;

S.  Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency;

T.  If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its Assets and records, if the Receiver determines that notice to the

entity may result in the destruction of records, dissipation of Assets, or any other obstruction of the Receiver's control of the entity;

U. Maintain the chain of custody of all of Defendants' records in their possession; and

V. Notify all courts in which Receivership Defendants have litigation pending, that this case is pending, and request temporary stays, where appropriate, of those cases or any other necessary relief to preserve the rights of Consumers.

## XIV.  IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that Plaintiff, the Receiver, and their respective representatives, agents, contractors, or assistants, are permitted immediate access to the Receivership Defendants' business premises.

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other Persons directly or indirectly, in whole or in part, under their control, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service, facsimile, email, or otherwise, whether acting directly or, shall:

A. Allow Plaintiff and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants, including, but not limited to, federal, state, and local law enforcement officers, including the United States Marshals Service, the Federal Bureau of Investigation, the Internal Revenue Service, the Sheriff or deputy of any county, and the Police Department or police officer of any community, immediate access to:

1. all of the Receivership Defendants' business premises, including but not limited to:

24

      a.  173 Technology Dr. Suite 202, Irvine, CA 92618; 15261 Laguna Canyon Road, Suite 200, Irvine, CA 92618; 8 Hughes Parkway, Irvine, CA 92618;

      b.  any storage facilities;

      c.  such other business locations that are wholly or partially owned, rented, leased, or under the temporary or permanent control of any Receivership Defendant; and

2.  any other premises where Receivership Defendants conduct business, sales operations, or customer service operations;

3.  any premises where Documents related to the Receivership Defendants' businesses are stored or maintained, including but not limited to a storage unit;

4.  any premises where Assets belonging to any Receivership Defendant are stored or maintained;

5.  any Documents located at any of the locations described in this Section; and

B.  Immediately identify to Plaintiff's counsel and the Receiver:

1.  all of Defendants' business premises and storage facilities;

2.  any non-residence premises where any Defendant conducts business, sales operations, or customer service operations;

3.  any non-residence premises where Documents related to the business, sales operations, or customer service operations of any Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any Electronic Data Hosts;

4.  any non-residence premises where Assets belonging to any Defendant are stored or maintained; and

C. Provide Plaintiff and the Receiver, and their respective representatives, agents, attorneys, investigators, paralegals, contractors, or assistants with any necessary means of access to, copying of, and forensic imaging of Documents, including, without limitation, identifying the locations of Receivership Defendants' business premises, keys and combinations to business premises locks, passwords to devices that hold Electronically Stored Information, computer access codes of all computers used to conduct Receivership Defendants' business, access to (including but not limited to execution of any Documents necessary for access to and forensic imaging of) any data stored, hosted or otherwise maintained by an Electronic Data Host, and storage area access information.

**IT IS FURTHER ORDERED** that:

D. Plaintiff and the Receiver are authorized to employ the assistance of federal, state, and local law enforcement officers, including, but not limited to, the United States Marshals service, the United States Marshal or Deputy United States Marshal, the Federal Bureau of Investigation, the Internal Revenue Service, and the Sheriff or deputy of any county, and the Police Department and police officer of any community, to effect service, to implement peacefully the provisions of this Order, and to keep the peace;

E. The assistance of law enforcement is highly advisable to ensure that this Order is executed in an efficient, safe, and orderly manner. It is the primary role and mission of the United States Marshals Service to provide security and to obey, execute, and enforce all orders of the United States District Courts and the United States Courts of Appeals as provided by law. The United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties.

The United States Marshals Service, the Federal Bureau of Investigation, the Internal Revenue Service, or the local law enforcement is authorized to use any reasonable force in the enforcement of this Order;

F.  The Receiver shall immediately allow Plaintiff and its representatives, agents, contractors, or assistants into the premises and facilities described in this Section to inspect, inventory, image, and copy Documents relevant to any matter contained in this Order, wherever they may be situated. The Receiver may exclude Receivership Defendants, Individual Defendants, and Relief Defendants and their agents and employees from the business premises and facilities during the immediate access. No one shall interfere with Plaintiff's or the Receiver's inspection of Receivership Defendants' premises or Documents;

G.  The Receiver and Plaintiff shall have the right to remove any Documents, including any devices containing Electronically Stored Information related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied. The materials so removed shall be returned within five business days of completing said inventory and copying. If any property, records, Documents, or computer files relating to the Receivership Defendants' finances or business practices are located in the residence of any Individual Defendant or are otherwise in the custody or control of any Defendant, then such Defendant shall produce them to the Receiver within twenty-four hours of service of this Order. In order to prevent the destruction of computer data, upon service of this Order upon Defendants, any such computers may be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access. Plaintiff's and the Receiver's representatives may also

photograph and videotape the inside and outside of all premises to which they are permitted access by this Order, and all Documents and other items found on such premises;

H. Plaintiff's access to the Defendants' Documents pursuant to this Order shall not provide grounds for any Defendant to object to any subsequent request for Documents served by Plaintiff; and

I. The Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendants. The purpose of this access shall be to inspect, inventory, and copy any and all Documents and other property owned by or in the possession of the Receivership Defendants, provided that those Documents and property are not removed from the premises. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

**IT IS FURTHER ORDERED** that:

J. The United States Marshals, the Federal Bureau of Investigation, the Internal Revenue Service, or other local law enforcement officers are authorized to escort Plaintiff, the Receiver, and Plaintiff's and the Receiver's representatives and agents inside Defendants' business premises including, but not limited to, the locations identified in Subsection XIV.A of this Order;

K. The United States Marshals, the Federal Bureau of Investigation, the Internal Revenue Service, or other local law enforcement officers, and those Persons acting under their supervision, including Plaintiff and its representatives and attorneys are authorized and directed to serve this Order along with any summons, complaint, motions, declarations, and discovery requests on Defendants, including at the premises identified in Subsection XIV.A of this Order;

28

L. Defendants and their employees, agents, and bookkeepers shall provide immediate access to such locations to Plaintiff, the Receiver, the United States Marshals Service, the Federal Bureau of Investigation, the Internal Revenue Service,  or other local law enforcement officers and to Plaintiff's attorneys;

M. Receivership Defendants, Individual Defendants, and Relief Defendants, and their employees, agents, and bookkeepers shall also immediately provide usernames and passwords to all computers and systems that store information concerning Defendants' business operations; and

N. Receivership Defendants, Individual Defendants, and Relief Defendants, and their employees shall surrender iPhone, Android, or other mobile access devices that contain information concerning Defendants' business operations to the Receiver or Plaintiff's representatives.

## XV.   COOPERATION WITH TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that:

A. Receivership Defendants, Individual Defendants, and Relief Defendants and their successors, assigns, officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, and corporations, and all other Persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, or any of them, shall fully cooperate with and assist the Receiver. Receivership Defendants', Individual Defendants', and Relief Defendants' cooperation and assistance shall include, but not be limited to:

1. Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not

29

limited to allowing the Receiver to inspect Documents and Assets and to partition office space;

2. Providing any username or password and executing any Documents required to access any computer or electronic files in any medium, including but not limited to Electronically Stored Information stored, hosted, or otherwise maintained by an Electronic Data Host;

3. Advising all Persons who owe money to the Receivership Defendants that all Debts should be paid directly to the Receiver; and

B. Receivership Defendants, Individual Defendants, and Relief Defendants and their successors, assigns, officers, directors, agents, servants, employees, attorneys, and all other Persons or entities directly or indirectly, in whole or in part, under their control, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, shall not interfere in any manner, directly or indirectly with the custody possession, management, or control by the Receiver of Assets and Documents, and are hereby temporarily restrained and enjoined from directly or indirectly:

1. Transacting any of the business of the Receivership Defendants;

2. Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any Documents or equipment of Defendants, including but not limited to contracts, agreements, Consumer files, Consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, Documents evidencing or Defendants' services, training materials, scripts, data, computer tapes, disks, or other computerized records,

books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other Documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Defendants or any other entity directly or indirectly under the control of the Defendants;

3. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

4. Excusing Debts owed to the Receivership Defendants;

5. Failing to notify the Receiver of any Asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any Person or entity other than the Receivership Defendant, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Assets;

6. Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by the Defendants or any other entity directly or indirectly under the control of the Defendants;

7. Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the Assets or Documents subject to this Receivership; or to harass or to interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

8. Filing, or causing to be filed, any petition on behalf of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Defendants, without prior approval of the Receiver and the Court.

## XVI.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order (or within a period permitted by the Receiver), Defendants, and any other Person or entity, including but not limited to Financial Institutions and Electronic Data Hosts, shall transfer or deliver access to possession, custody, and control of the following to the Receiver:

A. All Assets held by or for the benefit of the Receivership Defendants;

B. All Documents of the Receivership Defendants, including but not limited to books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), client or customer lists, title Documents and other papers;

32

C. All Assets belonging to members of the public now held by the Receivership Defendants;

D. All keys, computer and other passwords, user names, entry codes, combinations to locks required to open or gain or secure access to any Assets or Documents of or pertaining to the Receivership Defendants, wherever located, including, but not limited to, access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property;

E. All Assets and Documents belonging to other Persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F. Information identifying the accounts, employees, properties, or other Assets or obligations of the Receivership Defendants.

**IT IS FURTHER ORDERED** that, in the event any Person or entity fails to deliver or transfer immediately any Asset or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* with the court an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal, any Deputy United States Marshal, the Federal Bureau of Investigation, the Internal Revenue Service, or any sheriff or deputy sheriff of any county to seize the Asset, Document, or other thing and to deliver it to the Receiver.

## XVII. COMPENSATION FOR TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred

33

by them, from the Assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XVIII.      TEMPORARY RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or before the date set for the hearing to Show Cause regarding the Preliminary Injunction, regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated Assets of the Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to (a) prevent any diminution in the value of Assets of the Receivership Defendants, (b) pursue receivership Assets from third parties, and (c) adjust the liabilities of the Receivership Defendants, if appropriate; (5) the Receiver's assessment of whether the business can be operated in compliance with this Order; and (6) any other matters that the Receiver believes should be brought to the Court's attention. *Provided, however,* that if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XIX.  WITHDRAWAL OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and any professional retained by the Receiver, including but not limited to his or her attorneys and accountants, be and are hereby authorized to reasonably withdraw from his or her respective appointments or representations and apply for payment of their professional fees and costs at any time after the date of this Order by sending

34

written notice seven days prior to the date of the intended withdrawal to the Court and to the parties along with a written report reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all funds and Assets in possession or control of the Receiver. The Receiver shall be exonerated and the receivership deemed closed seven days from the date of the mailing of such notice of withdrawal. The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by the Receiver and the professionals. The written notice shall include an interim report indicating the Receiver's actions and reflect the knowledge gained along with the fee applications of the Receiver and his or her professionals. The report shall also contain the Receiver's recommendations, if any.

## XX.   TEMPORARY RECEIVER'S BOND/LIABILITY

**IT IS FURTHER ORDERED** that no bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver and the professionals shall not be liable for any loss or damage suffered by any of the Defendants, their officers, agents, servants, employees, and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and the professionals in connection with the discharge of his or her duties and responsibilities, including but not limited to their withdrawal from the case under Section XIX.

## XXI.   PROHIBITION ON RELEASE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation, or court order, Defendants, and their successors, assigns, officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from disclosing, using, or benefitting from Consumer

information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a Consumer's account (including a credit card, bank account, or other financial account), of any person, which any Defendant obtained prior to entry of this Order in connection with any Debt-Relief Product or Service.

## XXII. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A. Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants are hereby stayed from taking any action for, against, on behalf of, or in the name of any of the following: the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, Assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such. Such hereby-stayed actions include, but are not limited to, the following:

    1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

    2. Attempting to foreclose, forfeit, alter, or terminate any interest in any Asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

    3. Executing, issuing, serving, or causing the execution, issuance, or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

    4. Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the Assets or Documents subject to the Receivership, or to harass or interfere

with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Defendants; and

B. This Section does not stay:

1. The commencement or continuation of a criminal action or proceeding;

2. The commencement or continuation of an action or proceeding by a state bar association to enforce its police or regulatory power;

3. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4. The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

5. The Bankruptcy Proceeding; or

6. The issuance to a Receivership Defendant of a notice of tax deficiency; and

C. Except as otherwise provided in this Order, all Persons and entities in need of Documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty days of receipt by the Receiver, any such Person or entity may thereafter seek an Order of this Court with regard to the relief requested.

### XXIII.    LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to conduct certain expedited discovery, and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of

Rules 19, 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, and applicable Local Rules, Plaintiff and the Receiver are granted leave to:

    A. Take the deposition, on three days' notice, of any Person or entity, whether or not a party, for the purpose of discovering: (1) the nature, location, status, and extent of Assets of Defendants or their affiliates or subsidiaries; (2) the nature, location, and identity of participants in and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; and (4) compliance with this Order. The limitations and conditions set forth in Rules 30(a)(2) and 31(a)(2) of the Federal Rules of Civil Procedure regarding subsequent depositions shall not apply to depositions taken pursuant to this Section. In addition, any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Rules 30(a)(2)(A)(i) and 31(a)(2)(A)(i) of the Federal Rules of Civil Procedure and shall not preclude Plaintiff from subsequently deposing the same Person or entity in accordance with the Federal Rules of Civil Procedure. Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile, email or by overnight delivery. Any deposition taken pursuant to this Subsection that has not been reviewed and signed by the deponent may be used by any party for purposes of the preliminary injunction hearing;

    B. Serve upon parties requests for production or inspection of Documents, or interrogatories that require production, inspection, or interrogatory responses within three calendar days of service, and may serve subpoenas upon non-parties that direct production, inspection, or responses to interrogatories within five calendar days of service, for the purpose of discovering: 1) the nature, location, status, and extent of Assets of Defendants or their affiliates or subsidiaries; (2) the nature, location,

identify of participants, and extent of Defendants' transactions; (3) Documents reflecting Defendants' business transactions and operations; and (4) enforcing compliance with this Order, *provided that* twenty-four hours' notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only as electronic data;

C. Serve deposition notices and other discovery requests upon the parties to this action by facsimile or overnight courier, and take depositions by telephone or other remote electronic means;

D. If a Defendant fails to appear for a properly noticed deposition or fails to comply with a request for production or inspection, seek to prohibit that Defendant from introducing evidence at any subsequent hearing;

E. Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Fed. R. Civ. P. 26(d) & (f); and

F. The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXIV.    MONITORING

**IT IS FURTHER ORDERED** that Plaintiff's agents or representatives may contact Defendants directly or anonymously for the purpose of monitoring compliance with this Order, and may tape record any oral communications that occur in the course of such contacts.

## XXV. DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, Electronic Data Host, agent, authorized signatory to bank accounts, attorney,

spouse, and representative of Defendants and shall, within three calendar days from the date of entry of this Order, provide Plaintiff's counsel with a sworn statement that: (a) confirms that Defendants have provided copies of the Order as required by this Section and (b) lists the names and addresses of each entity or Person to whom Defendants provided a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other Persons or entities in active concert or participation with Defendants to disregard this Order or believe that they are not bound by its provisions.  This Section does not apply to the Chapter 7 Trustee.

## XXVI.    DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on the ___ day of _____, 2019, at ____ o'clock _.m., unless within such time, the Order, for good cause shown, is extended with the consent of the parties, or for an additional period not to exceed fourteen calendar days, or unless it is further extended pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## XXVII.    ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, each of the Defendants shall appear before this Court on the __ day of _____, 2015 at ___ o'clock __.m., to show cause, if there is any, why this Court should not enter a preliminary injunction enjoining the violations of law alleged in Plaintiff's Complaint, continuing the freeze of their Assets, and imposing such additional relief as may be appropriate.

## XXVIII.    SERVICE OF PLEADINGS, MEMORANDA AND OTHER EVIDENCE

40

**IT IS FURTHER ORDERED** that Defendants shall file any answering affidavits, pleadings, or legal memoranda with the Court and serve the same on Plaintiff's counsel no later than five business days prior to the preliminary injunction hearing in this matter. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one business day prior to the preliminary injunction hearing in this matter. *Provided that* service shall be performed by personal or overnight delivery, facsimile, e-filing, or email, and Documents shall be delivered so that they shall be received by the other parties no later than 4 p.m. (PT) on the appropriate dates listed in this Section.

### XXIX.        LIVE TESTIMONY; WITNESS IDENTIFICATION

**IT IS FURTHER ORDERED** that the question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court on motion filed with the Court and served on counsel for the other parties at least five business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit disclosing the substance of each proposed witness' expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to live testimony presented by another party shall be filed with this Court and served on the other parties at least three business days prior to the preliminary injunction hearing in this matter. *Provided that* service shall be performed by personal or overnight delivery or by facsimile, e-filing, or email, and Documents shall be delivered so that they shall be received by the other parities no later than 4 p.m.

41

(PT) on the appropriate dates listed in this Section. *Provided further*, however, that an evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine issue of material fact.

## XXX. CORRESPONDENCE WITH PLAINTIFF BUREAU OF CONSUMER FINANCIAL PROTECTION

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the Bureau is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff Bureau of Consumer Financial Protection shall be sent either via electronic submission through the court's electronic filing system or via commercial overnight express delivery to:

Bureau of Consumer Financial Protection

Office of Enforcement

1700 G Street, NW

Washington, DC 20552

ATTN: Sarah Preis

Email: Sarah.Preis@cfpb.gov

## XXXI.       SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, email, personal or overnight delivery, or US Mail, by Plaintiff's agents and employees or any local, state, or federal law enforcement agency or by private process server, upon any Financial Institution or other entity or Person that may have possession, custody, or control of any Documents or Assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch, subsidiary, affiliate, or office shall effect service upon the entire entity.

## XXXII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this ____ day of _____, 2019, at _____.

_____

United States District Court Judge

43