UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.<br><br>Plaintiffs,<br>vs.<br>Consumer Advocacy Center Inc., et al.,<br>Defendants | Case No: **8:19-cv-01998 JVS (JDEx)**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF STATES'** *EX PARTE* **APPLICATION TO JOIN IN BUREAU'S** *EX PARTE* **APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[FILED UNDER TEMPORARY SEAL]** |

Having considered the *ex parte* application of the State of Minnesota, by its Attorney General, Keith Ellison ("Minnesota"), the State of North Carolina, by its Attorney General, Joshua H. Stein ("North Carolina"), and the People of the State of California ("California," and collectively with Minnesota and North Carolina, "the States") to join the Bureau of Consumer Financial Protection's ("Bureau") *Ex Parte* Application for Temporary Restraining Order (the "Bureau TRO"), and concurrently filed Memorandum of Points and Authorities In Support of Plaintiff's *Ex Parte* Application for Temporary Restraining Order (the "TRO Memo"), and it appearing,

1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.<br><br>　　　　Plaintiffs,<br>　　vs.<br>Consumer Advocacy Center Inc., et al.,<br><br>　　　　Defendants | Case No:<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF STATES'** *EX PARTE* **APPLICATION TO JOIN IN BUREAU'S** *EX PARTE* **APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[FILED UNDER TEMPORARY SEAL]** |

　　Having considered the *ex parte* application of the State of Minnesota, by its Attorney General, Keith Ellison ("Minnesota"), the State of North Carolina, by its Attorney General, Joshua H. Stein ("North Carolina"), and the People of the State of California ("California," and collectively with Minnesota and North Carolina, "the States") to join the Bureau of Consumer Financial Protection's ("Bureau") *Ex Parte* Application for Temporary Restraining Order (the "Bureau TRO"), and concurrently filed Memorandum of Points and Authorities In Support of Plaintiff's *Ex Parte* Application for Temporary Restraining Order (the "TRO Memo"), and it appearing,

based upon Federal Rule of Civil Procedure 65(b), the points and authorities presented by the States, the argument of counsel, and for good cause shown, that the application has merit,

**IT IS HEREBY ORDERED** that the States' *ex parte* application to join the Bureau TRO and TRO Memo is GRANTED and the applicable notice requirement is waived.

**IT IS FURTHER ORDERED** that the Court's Order GRANTING the Bureau TRO is independently enforceable by the States pursuant to Minn. Stat. §§ 8.31 subds. 3, 3a (authorizing the Attorney General to obtain injunctive relief and other equitable relief upon bringing an action to enforce and remediate violations of the Consumer Protection Statutes); 325F.70, subd. 1 (providing for injunctive relief); 325D.45, subd. 1 (providing for injunctive relief), North Carolina's Debt Adjusting Act, N.C. Gen. Stat. § 14-423, et seq., (NCDAA); North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1 (NCUDPA); North Carolina's Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260, et seq. (NCTSRA), and Cal. Bus. & Prof. Code § 17203 (empowering the Court to issue orders "as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition"), and pursuant to the Court's inherent equitable authority.

**SO ORDERED**, this ___ day of _____, 2019, at _____.

_____
United States District Judge