…

*See* 11 U.S.C. § 1104(c).

78.     Even if this Court does not believe there is sufficient cause for the appointment of a chapter 11 trustee, the United States Trustee submits that there is ample basis for the appointment of a chapter 11 examiner.

79.     At a minimum, the instant motion has raised multiple critical questions that must be answered in order to assess the viability of these bankruptcy cases and ultimately to evaluate any reorganization plan(s) proposed by CAC and Premier.

80.     First, the Court and parties in interest need to have a clearer understanding of what the Debtor's prepetition operations were, including whether or not such operations ran afoul of any laws and/or regulations governing the businesses.

81.     Second, and most importantly, the Court and parties in interest must be assured that CAC's post-petition operations are compliant with all applicable laws and/or regulations.

82.     Third, the Court and parties in interest must be certain that CAC management has fully disclosed all pertinent financial information, particularly regarding transfers to related parties during the one (1) year period prior to the Petition Date.

83.     The conflicts of interest outlined herein make it difficult, if not impossible, to believe that CAC has or will investigate potentially avoidable transfers, or outstanding accounts receivable *vis-à-vis* all moneys transferred e.g. between True Count Staffing and CAC.

84.     The United States Trustee submits that there needs to be an analysis of CAC's books and records by a fiduciary in order to make that determination.

24

WHEREFORE, the United States Trustee respectfully requests the entry of an

order directing the appointment of a chapter 11 trustee; or alternatively directing the

appointment of a chapter 11 examiner; and granting such other and further relief as this

Court may deem just and proper.

DATED:    June 14, 2019.

Nancy J. Gargula
United States Trustee Region 21


/s/   Zana M. Scarlett
Zana M. Scarlett, Trial Attorney
Florida Bar No.: 626031
U.S. Trustee's Office
51 SW 1st Ave., Room 1204
Miami, FL 33130
Phone: (305) 536-7285
Fax: (305) 536-7360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been
served on the following parties on June 14, 2019, electronically through CM/ECF, on
parties having appeared electronically in the instant matter and that a copy hereof shall
be served by U.S. Mail, postage prepaid, on parties not appearing electronically as listed
on the attached service list:

Brian S Behar        bsb@bgglaw.net


/s/   Zana M. Scarlett
Zana M. Scarlett, Trial Attorney

25

# Exhibit

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

In re:

CONSUMER ADVOCACY
CENTER, INC.,

              Debtor.

_____/

Case No. 19-10655-JKO

Chapter 11

**CHAPTER 11 TRUSTEE'S EXPEDITED (I) RECOMMENDATION FOR**
**CONVERSION OF CHAPTER 11 CASE TO CHAPTER 7 CASE; (II) MOTION FOR**
**ENTRY OF AN ORDER CONVERTING CHAPTER 11 CASE TO CHAPTER 7 CASE;**
**AND (III) REPORT OF TRUSTEE PURSUANT TO 11 U.S.C. §1106**

### BASIS FOR EXPEDITED RELIEF

> *The Trustee requests an expedited hearing on this matter on August 19, 2019 at 10:30 a.m. when other matters in the case are set to be heard,[1] and because the Debtor does not have any operations or a reasonable likelihood of rehabilitation.*

    Sonya S. Slott, as Chapter 11 Trustee (the "Trustee") for Consumer Advocacy Center, Inc. (the "Debtor"), through her proposed undersigned counsel[2] and pursuant to 11 U.S.C. §§1106(a)(5) and 1112(b) of the Bankruptcy Code and Local Rule 9013(C)(12) and 1017-1(A), files this *Chapter 11 Trustee's Expedited (I) Recommendation for Conversion of Chapter 11 Case to Chapter 7 Case; (II) Motion for Entry of an Order Converting Chapter 11 Case to Chapter 7 Case; and (III) Report of Trustee Pursuant to 11 U.S.C. §1106* (the "Motion") and in support thereof states, as follows:

### RELEVANT FACTUAL BACKGROUND

**A.    Introduction and the Debtor's Business.**

---

[1] A Status Conference is set in this matter for August 19, 2019 at 10:30 a.m. pursuant to this Court's *Order Directing the Appointment of a Chapter 11 Trustee and Setting a Status Conference* [ECF No. 69].

[2] The Trustee's application to retain Genovese Joblove & Battista, P.A. as counsel is pending [ECF No. 76].

1.      On January 16, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy States Code.  Since then and through July 31, 2019, the Debtor operated as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      The 11 U.S.C. § 341 Meeting of Creditors for CAC (the "341 Meeting") was conducted by the Office of the United States Trustee over a three day period, which commenced on March 5, 2019, continued on March 27, 2019 and concluded on May 13, 2019.

3.      Prior to the Petition Date, the Debtor was in the business of providing services relating to assistance with student loan debt relief.  According to the Debtor, it "assisted Federal student loan borrowers by helping them choose the best Dept. of Education repayment programs to suit their needs. The Debtor also assisted such borrowers by preparing the requisite documentation they needed to submit to the Dept. of Education." *See* ECF No. 11.

4.      The Debtor's gross revenues for 2018 were over $19.4 million.  *See* ECF No 33.  On the Petition Date, however, the Debtor only had $24,500 in its bank account.  *See* ECF No. 17.

5.      Several months before the Petition Date, in approximately September 2018, the Debtor ceased operations.  According to the testimony of the Debtor's president and sole shareholder, Albert Kim ("Mr. Kim") at the 341 Meeting, the Debtor ceased operations due to among other things investigations by federal and state regulatory agencies.  Prior to its shutdown, the Debtor had over 100 employees.  *See* ECF No. 54-3, pp. 6-9.

6.      A few months after the Petition Date, in March 2019, the Debtor recommenced operations, although with a different business model.  According to Mr. Kim, the Debtor's new post-petition business became selling leads to companies in the student loan debt assistance marketing business. However, the Debtor's new operations consisted of one person:  Mr. Kim.

*See* ECF No. 54-5, pp 5-13. In 3 months, the Debtor's operating reports reflect post-petition revenue of $41,694. *See* ECF Nos. 45, 50 and 66.

7. The Debtor had an office at 173 Technology Drive, Suite 202, Irvine, CA 92618 (the "California Location") and 500 E. Broward Blvd., Suite 1710, Ft. Lauderdale, FL 33394 (the "Florida Location"). There are purportedly approximately 100 computers and monitors at the California Location. The Trustee's representative visited the California Location and it is possible that a student debt relief business is being conducted there. The Trustee also discovered that the Florida Office is a virtual office that the Debtor used to retrieve mail every few weeks.

8. Upon information and belief, each of the leases for these locations have been rejected by operation of 11 U.S.C. § 365(d)(4) since the Debtor did not assume (or seek an extension of the time to assume) the leases within 120 of the Petition Date.

**B.** **Appointment of the Chapter 11 Trustee and Subsequent Lack of Cooperation from the Debtor.**

9. On June 14, 2019, the Office of the United States Trustee filed a *Motion for the Appointment of a Chapter 11 Trustee, or alternatively, for the Appointment of a Chapter 11 Examiner*, pursuant to Section 1104 of the Bankruptcy Code ("Motion to Convert") [ECF No. 54].

10. On July 31, 2019, this Court entered an *Order Directing the Appointment of a Chapter 11 Trustee and Setting Status Conference* [ECF No. 69] and on August 2, 2019, the Office of the United States Trustee appointed Sonya S. Slott as the Debtor's Chapter 11 Trustee [ECF No. 70].

11. Immediately upon her appointment, the Trustee demanded turnover of all of the Debtor's records and information, including without limited to access to the Debtor's servers and cloud-based Customer Relation Management ("CRM") and related software.

12.     Notwithstanding several attempts to obtain such information from the Debtor and Mr. Kim, the Trustee has to date received no cooperation from either of them. As a result, the Trustee was required to file her *Expedited Motion to Compel Turnover of Documents, Property and Information from Debtor and Debtor's Principal* [ECF No. 77] (the "Motion for Turnover").

**C.     Investigations and Claims Filed by Government Agencies.**

13.     Prior to the Petition Date, at minimum, the States of Oregon, North Dakota, Minnesota, North Carolina and California had opened inquiries into the Debtor's business practices. In addition, the Federal Bureau of Consumer Financial Protection had commenced an investigation into the Debtor and its business practices.

14.     Proofs of claim have been filed by each of the Bureau of Consumer Financial Protection, the State of Minnesota, and the State of North Carolina in significant amounts. *See* Claim No 6-1 by the Bureau of Consumer Financial Protection ($31 million); Claim No. 4-1 by the State of Minnesota ($31.3 million, of which $574,000 is asserted as priority); Claim No. 5-1 by the State of North Carolina ($2.9 million of which $300,000 is asserted as priority). Each of these governmental entities asserts that the Debtor violated several of their respective federal and state consumer protection laws.

15.     Moreover, on March 14, 2019, the State of Oregon obtained a Cease and Desist Order on account of the Debtor's purported violations of the Oregon Debt Management Service Provider Law. *See* ECF 54-1.

**D.     Report of Trustee and Recommendation for Conversion to Chapter 7.**

16.     Section 1106(a)(5) of the Bankruptcy Code provides that the Trustee shall ". . . file a report of why the trustee will not file a plan, or recommend conversion of the case to a case under chapter 7, 12, or 13 of this title or dismissal of the case." By way of this Motion, the Trustee reports that for the reasons stated herein, a plan will not be filed and that the case should

be converted to a one under chapter 7. Further, because the Debtor may be in possession of sensitive consumer information, and the estate likely possesses significant litigation claims,[3] the Trustee asserts that dismissal of the Bankruptcy Case does not serve the best interest of creditors.

17.    Since her appointment, the Trustee and her proposed professionals have been in the process of diligently reviewing all information available concerning the Debtor's business, including without limitation the public filings, claims and sworn testimony at the 341 Meeting. The Trustee has had to contend with an uncooperative Debtor and has been forced to file the Motion for Turnover.

18.    Based on her investigation to date, the Trustee believes there is no business to reorganize. In particular, the Debtor shut down its operations several months before the Petition Date. In the context of those operations, several governmental entities have commenced investigations into violations of consumer protection laws and at least one state obtained a cease and desist order. Therefore, it is unclear whether the Trustee could operate such a business lawfully even if it that were an option.

19.    Post-petition, the Debtor started a new business consisting of just one person – Mr. Kim – selling marketing leads. The operating reports on file suggest declining revenues for April ($21,609), May ($13,487) and June ($6,600) *See* ECF Nos. 45, 50 and 66. The Trustee does not know if Mr. Kim is still doing this and generating revenue which may belong to the estate. Regardless, the Debtor and Mr. Kim have been uncooperative and have demonstrated no interest in seeking to continue in chapter 11 even if it were an option.

**F.    Grounds for Conversion to Chapter 7 Case.**

20.    For the reasons stated herein, and as further argued below, the Trustee seeks an order from the Bankruptcy Court converting the Bankruptcy Case from Chapter 11 case to a Chapter 7 case.

---

[3] The limited bank records in the possession of the Trustee reflect substantial pre-petition transfers.

21.     In addition, given the current financial condition of the Debtor, the Trustee has determined that the Business is no longer able to operate legally and profitably.

22.     Therefore, the Trustee believes it is in the best interest of the Estate and its creditors to immediately convert the case to Chapter 7, particularly, in light of the fact that the Debtor has ceased operations and the Trustee would be unable to propose a feasible plan of reorganization. Conversely, should the Bankruptcy Court grant the relief requested in the Motion, the Trustee would redirect resources of the Estate to liquidate the assets of the Estate on an expedited basis.

### RELIEF REQUESTED – CONVERSION TO CHAPTER 7

23.     Section 1112(b)(1) of the Bankruptcy Code provides in relevant part that "the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of the creditors and the estate, for cause . . ." *See* 11 U.S.C. §1112(b)(1); *In re Sundale, Ltd.*, 471 B.R. 300 (S.D. Fla. 2012).

24.     Based upon the foregoing information, the Trustee submits that cause exists to convert the case to chapter 7. There is no business to reorganize, the Debtor has been credibly accused by numerous government agencies of questionable business practices, there is potentially sensitive consumer information in the possession of the Debtor that needs to be addressed, there are assets and information that need to be turned over to a trustee,[4] and there are potential significant claims and causes of action that need to be investigated and pursued by a fiduciary.

25.     As set forth in Section 1112(b)(4), "cause" also includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Given that there are no operations and only the accrual of administrative

---

[4] The Trustee requests that the Turnover Motion be granted and that the Debtor's records and property be turned over to the chapter 7 trustee appointed by the Office of the United States Trustee.

expenses, the Trustee submits that cause is present here. *In re Board, Inc.* 520 B.R. 126 (M.D.

Fla. 2014); *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 564 (Bankr.M.D.Pa.2007). As

such, the Trustee believes it is in the best interest of the estate and its creditors to convert the

case to chapter 7.

WHEREFORE, the Trustee seeks the entry of an Order (i) granting the Motion; (ii)

converting the Debtor's case to one under chapter 7 of the Bankruptcy Code, and (iii) granting

such other relief as the Court may deems just and appropriate.

Dated:  August 12, 2019

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Proposed Attorneys for Chapter 11 Trustee*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:     /s/     Glenn D. Moses
Glenn D. Moses, Esq.
Fla. Bar No.  174556
gmoses@gjb-law.com
Heather L. Harmon, Esq.
Fla. Bar No. 013192
hharmon@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion was served

via the Court's Case Management/Electronic Case Filing System upon all interested creditors

and parties registered to receive electronic notification on this matter and/or via U.S. Mail/E-mail

as indicated on the Service List below on this 12th day of August, 2019.

/s/ Glenn D. Moses
Glenn D. Moses

## SERVICE LIST

### *Notice will be served via CM/ECF notification upon:*

Brian S Behar, Esq on behalf of Debtor Consumer Advocacy Center Inc.
bsb@bgglaw.net

Glenn D Moses, Esq on behalf of Trustee Sonya Salkin Slott
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;vlambdin@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Office of the US Trustee: USTPRegion21.MM.ECF@usdoj.gov

Sarah Preis on behalf of Creditor Bureau of Consumer Financial Protection
sarah.preis@cfpb.gov

Zana Michelle Scarlett on behalf of U.S. Trustee Office of the US Trustee
Zana.M.Scarlett@usdoj.gov

Sonya Salkin Slott: sonya@msbankrupt.com,
FL41@ecfcbis.com;sls1@trustesolutions.net;mark@msbankrupt.com;Kristen@msbankrupt.com;sls@msbankrupt.com;trusteesalkin@msbankrupt.com;Zachary@msbankrupt.com

Jesse D Stewart on behalf of Creditor Bureau of Consumer Financial Protection
jesse.stewart@cfpb.gov

### *Notice will be served via U.S. Mail and E-mail upon:*

Laurel Loomis Rimon, Esq.
lrimon@omm.com
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006
(Counsel for Albert Kim)

### *Notice will be served via U.S. Mail upon:*

All parties on the attached creditor's matrix

Label Matrix for local noticing
113C-0
Case 19-10655-JKO
Southern District of Florida
Fort Lauderdale
Tue Aug 6 14:50:36 EDT 2019

Bureau of Consumer Financial Protection
1700 G ST NW
Washington, DC 20552-0004

Consumer Advocacy Center Inc.
173 Tehnology Dr #202
Irvine, CA 92618-2489

Aaron Frey, Maine Atty General
6 State House Station
Augusta, ME 04333-0006

Abante Rooter & Plumbing, Inc.
c/o Andrew Heidarpour, Esq.
Heidarpour Law Firm, PLLC
1300 Pennsylvannia Ave, NW 190-318
Washington, DC 20004-3002

Alan Wilson, S.C. Attorney General
Office of Atty General South Carolina
1000 Assembly Street, Rm 519
Columbia, SC 29201-3117

Bob Fuerguson, Attorney General
Office of Attorney General Washington
1125 Washington Street
P.O. Box 40100
Olympia, WA 98504-0100

Brian E. Frosh, Attorney General
Office of Atty General State of Maryland
200 St. Paul Place
Baltimore, MD 21202-2004

Bryan A. Schneider, Secretary
Illinois Division of Finance & Prof Reg
320 West Washington Street, 3rd Fl
Springfield, IL 62786-0001

Carla Ogden
500 South Second St
Springfield, IL 62701-1705

Carolyn Hahn, Sr. Lit Counsel
1700 G Street NW
Washington, DC 20554-0001

Carolyn Hahn, Sr. Lit counsel
1700 G Street NW
Washington, DC 20552-0003

Chad Ploof
c/o Andrew Heidarpour, Esq.
HeidarpourLaw Firm, PLLC
1300 Pennsylvannia Ave
Washington, DC 20004-3002

Chancellor Leonard
c/o Alex M. Washkowitz, Esq.
CW Law Group, P.C.
488 Oaks Road
Framingham, MA 01702

Christopher Dolejs
c/o David Force, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Ave, Ste 303
Englewood Cliffs, NJ 07632-2505

Consumer Finanical Protection Bureau
1700 G Street NW
Washington, DC 20552-0004

Curtis T. Hill, Attorney General
Office of Atty General State of Indiana
302 W. Washington Street, 5th Floor
Indianapolis, IN 46204-4701

David C. Evers
Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9000

Deborah Morris, Deputy Enforcement Dir
1700 G Street NW
Washington, DC 20552-0003

Department of Consumer & Business Servic
Division of Financial Regulation
P.O. Box 14480
Salem, OR 97309-0405

Ellen F. Rosenblum, Atty General
Oregon Dept of Justice
1162 Court St., NE
Salem, OR 97301-4096

Evan Romanoff
Office of the Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55101-2130

FRANCHISE TAX BOARD
PO BOX 2952
BANKRUPTCY SECTION MS A340
SACRAMENTO, CA 95812-2952

Federal Communications Commission
445 12th Street, SW
Washington, DC 20554-0005

(p)FEDERAL TRADE COMMISSION
ASSOCIATE DIRECTOR
DIVISION OF ENFORCEMENT
600 PENNSYLVANIA AVE NW MAIL DROP NJ-2122
WASHINGTON DC 20580-0001

Gavin M. Gee, Dir of Finance
Idaho Dept of Finance
800 Park Blvd, Suite 200
Boise, ID 83712-7768

George Jepsen, Attoney General
Office of Attorney General, Connecticut
55 Elm Street
Hartford, CT 06106-1752

Gordon McDonald, Attorney General
New Hampshire Dept of Justice
33 Capital Street
Concord, NH 03301-6310

Graham Sorkin
2125 Delaware Ave, Suite A
Santa Cruz, CA 95060-5752

Greg Gonzales, Commissioner
Tennessee Dept of Financial Insti
312 Rosa L. Parks Ave, 26th Floor
Nashville, TN 37243-1102

Pl. Ex. 38
p. 783

Guaranteed Rate, Inc.
Attn: Scott Ubersox
3940 N. Ravenswood Ave.
Chicago, Ill 60613-2420

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Jay Brodsky
240 East Shore Road
Great Neck, NY 11023-2438

Jeffrey Bloomfield, Attorney at Law
301 North Main Street, Ste 2400
Winston Salem, NC 27101-3835

Jeremy Jackson
c/o Stephen P. DeNittis
DeNittis Osefchen Prince, PC
1515 Market Street, Ste 1200
Philadelphia, PA 19102-1932

Joseph Bond
c/o Todd M. Friedman
The Law Office of Todd M. Friedman, P.C.
21550 Oxnard St, Ste 780
Woodland Hills, CA 91367-7104

Josh Shapiro, Penn Attorney General
Office of Atty General of Pennsylvannia
Strawberry Square
Harrisburg, PA 17120-0001

Justice Rillera
Financial Enforcement Officer
350 Winter St, NE, Rm 410
Salem, OR 97301-3881

Katrina G. Cardin
Consumer Protection Investigator
P.O. Box 8911
Madison, WI 53708-8911

Kristi Thompson
445 12th Street, SW
Washington, DC 20554-0004

Lee R. Keith
Missouri Division of Finance
Truman State Office Bldg. Rm 630
Jefferson City, MO 65102

Letitia James, Attorney General
Office of Atty General New York State
The Capitol
Albany, NY 12224-0341

Maura Healey, Attorney General
Office of Atty General of Massachusetts
1350 Main Street, 4th Floor
Springfield, MA 01103-1664

Melanie G. Hall, Commissioner
Montana Div of Banking & Financial Insti
P.O. Box 200546
Helena, MT 59620-0546

Mike Devine, Attorney General
Ohio Attorney General
30 E. Broad St. 14th Floor
Columbus, OH 43215-3414

Office of Attorney General
1300 'I' Street
Sacramento, CA 95814-2963

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Quintin Brown
5810 Riley Street, Unit 2
San Diego, CA 92110-1760

Ray Grace, Commission
North Carolina Comm of Banks
4309 Mail Service Center
Raleigh, NC 27699-4309

Ryan Sullivan
Office of Consumer Protection
Helena, MT 59620-0151

Scott Cameron, Senior Deputy Comm
California Dept of Business Oversight
Financial Services Division
1515 K Street, Suite 200
Sacramento, CA 95814-4052

Shante Willis
45 12th Street, SW
Washington, DC 20554-0001

Shawna Meyer
120 SW 10th Ave, 2nd Floor
Topeka, KS 66612-1237

State of California
Attorney General Public Inquiry Unit
Consumer Protection Division
P.O. Box 944255
Sacramento, CA 94244-2550

State of Colorado
Phil Weiser, Attorney General
Ralph L. Carr Judicial Bldg
1300 Braodway 10th Floor
Denver, CO 80203-2104

State of Connecticut
Jorge Perez, Commissioner
260 Constitution Plaza
Hartford, CT 06103-1820

State of Georgia
Chris Carr, Attorney General
40 Capital Square, SW
Atlanta, GA 30334-9057

State of Idaho
Lawrence G. Wasden, Atty General
700 W. Jefferson Street
Boise, ID 83720-0010

State of Illinois
Office of the Attorney General
Consumer Protection Division
500 South Second St
Springfield, IL 62701-1705

State of Indiana
Indiana Dept of Financial Institution
30 South Meridian St, Ste 300
Indianapolis, IN 46204-3509

State of Iowa
Iowa Division of Banking
200 East Grand Ave, Ste 300
Des Moines, IA 50309-1827

State of Kansas
Office of Atty General Derek Schmidt
Consumer Protection Division
120 SW 10th Ave, 2nd Floor
Topeka, KS 66612-1237

State of Maine
Anne L. Head, Commissioner
Maine Dept of Proff & Finance Regulation
35 State House Station
Augusta, ME 04333-0035

State of Maryland
Antonio P. Salazar, Commissioner
Financial Regulation
500 North Calvert St, Ste 402
Baltimore, MD 21202-3659

State of Massachusetts
CRA Unit
One South Stateion 3rd Floor
Boston, MA 02110-2253

State of Minnesota
Office of the Attorney General
445 Minnesota St, Suite 1200
Saint Paul, MN 55101-2130

State of Missouri
Office of Atty General
Consumer Protection Division
P.O. Box 899
Jefferson City, MO 65102-0899

State of Montana
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT 59620-0151

State of New Hampshire
Gerald H. Little, Commissioner
New Hampshire Banking Dept
53 Regional Drive, Ste 200
Concord, NH 03301-8500

State of New York
Maria T. Vullo, Superintendent of Financ
NY Dept of Financial Services
One State Street
New York, NY 10004-1511

State of North Carolina
Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

State of North Dakota
Office of Attorney General
Gateway Professional Center
1050 E. Interstate Ave, Ste 200
Bismarck, ND 58503-5574

State of Ohio
Jacqueline T. Williams, Director
Ohion Dept of Commerce
77 S. High St, 21 Floor
Columbus, OH 43215-6120

State of Oklahoma
Office of Attorney General
Consumer Protection Unit
313 NE 21st Street
Oklahoma City, OK 73105-3207

State of Oregon
Department of Consumer & Business Servic
Division of Financial Regulation
350 Winter St NE Room 410
Salem, OR 97301-3881

State of Pennsylvannia
Robin L. Weissmann, Secretary of Banking
Market Square Plaza
17 N. Second Street. Ste 1300
Harrisburg, PA 17101-1642

State of South Carolina
David Campbell, Commissioner
2221 Devine Street, Ste 200
Columbia, SC 29205-2418

State of Tennessee
Department of Commerce & Insurance
Phyllis Jordan ASA II, Consumer Affairs
500 James Robertson Pkwy
Nashville, TN 37243-0565

State of Vermont
Molly Dillon, Deputy Comm of Banking
Vermont Dept of Financial Regulation
89 Main Street
Montpelier, VT 05620-3101

State of Washington
Levi Clemmens, Director
Washington State Dept of Financial Insti
P.O. Box 41200
Olympia, WA 98504-1200

State of Wisconsin
Dept of Agriculture, Trade & Consumer
2811 Agriculture Dr.
Madison, WI 53718-6777

Steve Kelly, Commissioner
Minnesota Depart of Commerce
Golden Rule Bldg
85 7th Place East, Suite 280
Saint Paul, MN 55101-2143

Stuart Abramson
522 Glen Arden Drive
Pittsburgh, PA 15208-2809

Sue Reed
Consumer Advocate
120 SW 10th Ave, 2nd Floor
Jefferson City, MO 65102

Susan Laib
Lead Consume Special
313 NE 21st Street
Oklahoma City, OK 73105-3207

TJ Donovan, Vermont Atty General
109 State Street
Montpelier, VT 05609-0002

Time Kemp, Deputy Bank Commissioner
State Bank Commof Kansas
700 SW Jackson St, Suite 300
Topeka, KS 66603-3782

Tom Miller, Iowa Attorney General
Iowa Dept of Justice
Hover State Office Bldg
1305 E. Walnut Street
Des Moines, IA 50319-0106

Wayne Stenehjem, Atty General
1050 E. Interstate Ave, Ste 200
Bismarck, ND 58503-5574

Brian S Behar Esq
1855 Griffin Road, Suite A-350
Ft. Lauderdale, FL 33004-2210

Pl. Ex. 38
p. 785

Sonya Salkin Slott
PO Box 15580
Plantation, FL 33318-5580

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Federal Trade Commission
Tara Isla Koslov, Chief of Staff
600 Pennsylvannia Ave, NW
Washington, DC 20580

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Bob Moses | (d)Bureau of Consumer Financial Protection<br>1700 G Street NW<br>Washington, DC 20552-0004 | End of Label Matrix<br>Mailable recipients    90<br>Bypassed recipients     2<br>Total                  92 |

Pl. Ex. 38
p. 786

# Exhibit



**ORDERED in the Southern District of Florida on August 19, 2019.**

John K. Olson, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                                      Case No.: 19-10655-BKC-JKO

CONSUMER ADVOCACY CENTER INC.,                          Chapter 11

           Debtor.

_____/

### ORDER CONVERTING CASE UNDER CHAPTER 11 TO CASE UNDER CHAPTER 7

       This matter came to be heard on August 19, 2019 at 10:30 a.m. upon the *United States Trustee's Emergency Motion to Dismiss or Convert Case and Request For an Expedited Hearing* [DE #14] and *Chapter 11 Trustee's Expedited (I) Recommendation For Conversion Of Chapter 11 Case To Chapter 7 Case; (II) Motion For Entry Of An Order Converting Chapter 11 Case To Chapter 7 Case; And (III) Report Of Trustee Pursuant To 11 U.S.C. §1106* [DE #82] (collectively, the "Motions"). After proper notice and hearing, the Court having considered the Motions, listened to the arguments of counsel, taken specific judicial notice of the entire contents of the Court file, and for the reasons stated on the record,

       It is **ORDERED** that:

1.     This chapter 11 case is converted to a case under chapter 7 and the U.S. Trustee shall appoint a chapter 7 trustee.

2.     If applicable, the debtor shall immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the debtor). Failure to pay this fee will result in dismissal of this case.

3.      The debtor or the chapter 11 trustee, shall:

    a.      Forthwith turn over to the chapter 7 trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

    b.      Within 30 days of the date of this order, file an accounting of all receipts and distributions made.  A copy of this report must be served on the U.S. Trustee; and

    c.      File, within 14 days of the date of this order, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by and Local Rule 1019-1(B).  The debtor or debtor's attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B).  Failure to comply may also result in sanctions being imposed by the court.  Debts not listed or noticed timely will not be discharged.  A copy of this schedule shall be served on the chapter 7 trustee.

4.      The debtor shall:

    a.      file, within 14 days of the date of this order, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B)

    b.      file, if the debtor is an individual, within 14 days of the date of this order, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only" as required under Local Rule 1019-1(H), and, if not already filed under chapter 11, payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

    c.      file, if the debtor is an individual, within 30 days of the date of this order, a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 8.

5.      Pursuant to Local Rule 2016-1(C)(2), the debtor's attorney, any examiner or trustee appointed by the court, or any other professional person employed under 11 U.S.C. §327 or 1103 shall, file within 90 days after the date of the post-conversion meeting, an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration including an application justifying retention of any retainer received which

has not been approved by a prior award. Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee. The attorney for the debtor in possession, or the chapter 11 trustee (if one was appointed) shall notify all such professionals of this deadline by serving them with a copy of this order.

6.     The debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(F)(1) for filing by a non-governmental unit a request for payment of an administrative expense.

7.     If this case is being converted after the confirmation of a plan, the debtor, within 30 days of the date of this order, shall file:

a.     A schedule of all property not listed in the final report and account of the debtor in possession or chapter 11 trustee which was acquired after the commencement of the chapter 11 case but before the entry of this conversion order;

b.     A schedule of unpaid debts (and a supplemental matrix as described in paragraph 3(c)) not listed in the final report and account of the debtor in possession or chapter 11 trustee, which were incurred after the commencement of the chapter 11 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(5) and provide notice of the claims deadline as required by Bankruptcy Rule 1019(6) and Local Rule 1019-1(B) and (F); and

c.     A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case, but before the entry of this conversion order.

8.     Failure of the debtor to comply with the provisions of this order may result in dismissal of this case without further hearing or notice.

###

**Submitted by:**
Zana M. Scarlett
Trial Attorney
U.S. Trustee's Office
51 SW First Avenue, Suite 1204
Miami, FL 33130

**ALL CREDITORS AND PARTIES IN INTEREST (BY CLERK'S OFFICE)**

**Exhibit**



**ORDERED in the Southern District of Florida on August 20, 2019.**

John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

CASE NO. 19-10655-JKO

CONSUMER ADVOCACY CENTER, INC.,

Chapter 11

Debtor.

_____/

### ORDER GRANTING CHAPTER 11 TRUSTEE'S EXPEDITED MOTION TO COMPEL TURNOVER OF DOCUMENTS, PROPERTY AND INFORMATION FROM THE DEBTOR AND THE DEBTOR'S PRINCIPAL

THIS CAUSE came before the Court on August 19, 2019 at 10:30 a.m. upon the

*Expedited Motion to Compel Turnover of Documents, Property and Information from the Debtor*

*and the Debtor's Principal* (the "Motion to Compel") [ECF No. 77] filed by Sonya S. Slott, as

Chapter 11 Trustee (the "Trustee") for Consumer Advocacy Center, Inc. (the "Debtor"). The

Court having considered the Motion, the argument and presentation of counsel, and being fully

apprised of the premises,

ORDERS as follows:

1.      The Motion is Granted.

2.      The Debtor and the Debtor's principal, Albert Kim, are directed to turn over all property and information of the Debtor, including *without limitation* the Turnover Requests (as defined in the Motion to Compel) and all passcodes and login information, to the Trustee.

3.      Except as provided herein, all intangible and electronically available information shall be turned over to the Trustee by August 21, 2019 at 5:00 p.m. (EST).  Information relating to customer relationship management (CRM) data shall be turned over to the Trustee by August 26, 2019 at 5:00 p.m.   All such production hereunder shall be made in native format.

4.      All tangible property, including without limitation the Debtor's computers, server(s), monitors and related property, shall be turned over to the Trustee by August 26, 2019 at 5:00 p.m. (EST).

5.      The production hereunder shall be made to the Trustee, or as applicable upon appointment, to the Debtor's chapter 7 trustee.

                                             ###


**Submitted by:**
Glenn D. Moses, Esq.
Genovese Joblove & Battista, P.A.
Attorneys for Sonya S. Slott, Chapter 11 Trustee
100 Southeast Second Street, 44th Floor
Miami, Florida 33131
Telephone:  305.349.2300
Facsimile:  305.349.2310

**Copy to**:
Glenn D. Moses, Esq.
[Attorney Moses shall forward a conformed copy of this Order to all interested parties.]

**Exhibit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Ft. Lauderdale Division**
**www.flsb.uscourts.gov**

In re:                                                    CASE NO.:  19-10655-JKO

**CONSUMER ADVOCACY CENTER, INC.**          **CHAPTER 7**

     Debtor.

_____/

### DEBTOR CONSUMER ADVOCACY CENTER, INC.'S AND ALBERT KIM'S PRECAUTIONARY JOINT MOTION FOR ENLARGEMENT OF TIME TO COMPLY WITH COURT ORDER REQUIRING TURNOVER

Chapter 7 Debtor, Consumer Advocacy Center, Inc. (the "Debtor"), and Albert Kim, by their undersigned counsel, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, and on a precautionary basis, moves for an enlargement of time to comply with the Court's Order Granting Motion to Compel dated August 20, 2019 [ECF No. 88] and states the following:

### PROCEDURAL BACKGROUND

1.      On January 16, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy States Code.

2.      Prior to the Petition Date, the Debtor was in the business of providing services relating to assistance with student loan debt relief.  The Debtor ceased operations on or about September 21, 2018.  Post-petition, the Debtor engaged in a limited lead brokering business that produced minimal net revenue.

3.      On June 14, 2019, the United States Trustee filed a Motion for the Appointment

of a Chapter 11 Trustee, or alternatively, for the Appointment of a Chapter 11 Examiner,

pursuant to Section 1104 of the Bankruptcy Code (the "Motion to Convert").  ECF No. 54.

4.      On July 31, 2019, the Court entered an Order Directing the Appointment of a

Chapter 11 Trustee and Setting Status Conference [ECF No. 69] and on August 2, 2019, the

Office of the United States Trustee appointed Sonya S. Slott as the Debtor's Chapter 11 Trustee

[ECF No. 70].

5.      Soon after her appointment, the Trustee sent a set of requests to the Debtor for

turnover of the Debtor's records and information, including the Debtor's servers and cloud-based

Customer Relation Management ("CRM") software (the "Turnover Requests").

6.      The Debtor's principal, Albert Kim, upon being advised of the appointment of a

Chapter 11 Trustee, undertook immediate steps to engage new or additional legal counsel.  That

process led to an unanticipated delay in responding to the Trustee's demand for turnover.  The

Debtor, upon receiving the Trustee's demand, preserved the available materials responsive to the

Trustee's Turnover Requests.  One of the purposes of engaging new or additional counsel was to

assist in responding to the Turnover Requests.

7.      On August 7, 2019, the Chapter 11 Trustee filed an Expedited Motion to Compel

Turnover of Documents, Property and Information from the Debtor and the Debtor's Principal

(the "Motion to Compel").  ECF No. 77.

8.      On August 12, 2019, the Chapter 11 Trustee filed an Expedited (I)

Recommendation for Conversion of Chapter 11 Case to Chapter 7 Case; Motion for Conversion

of Chapter 11 Case to Chapter 7 Case; and (III) Report of Trustee Pursuant to 11 U.S.C. § 1106

(the "Conversion Motion").  ECF No. 82.

2

9.      On August 19, 2019, the Court conducted a hearing on the Motion to Compel and the Conversion Motion. The Debtor did not oppose either of the motions. The Court granted the Conversion Motion and the Motion to Compel.

10.     On August 20, 2019, the Court entered an Order Granting Chapter 11 Trustee's Expedited Motion to Compel Turnover of Documents, Property and Information from the Debtor and the Debtor's Principal (the "Turnover Order"). ECF No. 88.

11.     On August 20, 2019, the Court entered its Order Converting Case Under Chapter 11 to Case Under Chapter 7. ECF No. 86. On the same day, the United States Trustee provided Notice of Appointment of Chapter 7 Trustee, providing notice that the Chapter 11 Trustee, Sonya Salkin Slott, was appointed as the Chapter 7 Trustee. ECF No. 89.

12.     On August 12, 2019, Larry I. Glick and Peter H. Levitt, Shutts & Bowen, LLP, filed a Notice of Appearance for Albert Kim who is the Debtor's sole equity holder. At the hearing on August 19, 2019, Mr. Levitt advised the Court that one of the purposes of Mr. Kim's retention of counsel was to assist the Debtor's counsel, Brian Behar, in the production, on an expedited basis, of the documents and electronic data responsive to the Trustee's demand for turnover.

## THE TURNOVER ORDER

13.     The Turnover Order directs the Debtor and Mr. Kim to turn over all property and information of the Debtor, including without limitation the Turnover Requests and all passcodes and login information, to the Trustee.

14.     The Turnover Order requires production of electronically available information, other than CRM data, by August 21, 2019.

15.     The Turnover Order requires production of CRM data by August 26, 2019.  The
Turnover Order also requires production, by August 26, 2019, of all tangible property, including
without limitation the Debtor's computers, server(s), monitors and related property.

## REQUEST FOR ENLARGEMENT OF TIME

16.     The Debtor believes that it has substantially complied with the Trustee's Requests
and the Court's Turnover Order with respect to the materials and information required to be
produced by August 21, 2019.  In addition, the Debtor has notified the Trustee that its computers
are available at 173 Technology Drive, Suite 202, Irvine, CA 92618 for pick-up or inspection.
As of the date of this filing, the Trustee has not made any arrangements to retrieve these
computers.  The Debtor has provided its log-on and password for its accounting software and
data as well as all available passwords and log-ons for on-line accounts, some of which may be
closed.  The Debtor has made available responsive documents that exist in pdf form through a
secure Sharefile website.

17.     The Debtor, when it was providing student loan-related services, maintained
CRM platforms to store a substantial quantity of information needed to conduct its business.  The
Debtor maintained an account with DebtPayPro ("DPP") and an account with CallerReady
("CR").  The Debtor's CRM accounts are no longer owned by the Debtor.  For this reason, it is
the Debtor's position that the CRM data requested by the Trustee does not constitute information
or data that is owned by the Debtor.  Nevertheless, in an abundance of caution, to assist the
Trustee, and to avoid any dispute concerning this matter, the Debtor has taken steps to retrieve
the requested data and produce it.

18.     The DPP data includes call records, notes, documents, and agreements.  The DPP
account was the major on-line storage facility utilized by the Debtor pre-petition, when it was

4