VENABLE LLP
Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Allyson B. Baker (*Pro Hac Vice Application forthcoming*)
  abbaker@venable.com
Gerald S. Sachs (*Pro Hac Vice Application forthcoming*)
  gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel.* Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>    Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.,<br><br>    Relief Defendants. | CASE NO. 8:19-cv-01998-JVS(JDEx)<br><br>Hon. James V. Selna<br>Courtroom 10C<br><br>**[PROPOSED] ORDER RE ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date: November 4, 2019<br>Time: 3:00 p.m.<br>Crtrm: 10C<br><br>Action Filed: October 21, 2019<br>Trial Date: None set |

# [PROPOSED] ORDER

Having considered all papers filed and proceedings in this action, having heard oral argument, and otherwise being fully informed and good cause appearing therefore, the Court **ORDERS** the following:[1]

1. The TRO is terminated.
2. Section I of the Temporary Restraining Order ("TRO"), titled "Restrictions on Advance Fees," shall remain in force from the date of this Order through the trial of this action;
3. Section II of the TRO, titled "Prohibited Representations," shall remain in force from the date of this Order through the trial of this action;
4. The Receivership imposed by the TRO is terminated.
5. Thomas W. McNamara is appointed as Monitor (hereinafter, the "Monitor") to oversee True Count Staffing, Inc. and Prime Consulting, LLC (the "Monitorship Defendants") from the date of this Order through the trial of this action.
    a. The Monitor shall have full access to the Monitorship Defendants' books, records, and physical premises for the exclusive purposes of ensuring that the Monitorship Defendants are operating lawfully and to ensure that funds are not being dissipated.
    b. The Monitorship Defendants shall submit monthly reports to the Court regarding business operations.
    c. The Monitor shall immediately return all personal mobile devices confiscated from Defendants or their employees, contractors, or representatives.

---

[1] This [Proposed] Order incorporates by reference the definitions in the Defendants' Response to Order to Show Cause Why Preliminary Injunction Should Not Issue (the "Response"), and, unless otherwise noted, capitalized terms used herein shall have the same meanings and/or definitions as set forth in the Response.

    d. The Monitor shall have no right to conduct discovery without leave of Court.

    e. The Monitor shall immediately return and destroy all copies of information, including Electronically Stored Information, inspected, inventoried, or copied from any of Defendants' or the Entity Defendants' employees, contractors, or representatives' personal devices, including iPhone, Android, or other mobile access devices, and computers or tablets, that does not contain information relating to Defendants' business practices to which the Monitor does otherwise have access.

    f. The Monitor shall immediately allow the Entity Defendants' employees, contractors, and representatives to obtain their personal items from the Entity Defendants' business premises under the supervision of the Monitor. The Entity Defendants' employees, contractors, and representatives shall be permitted to enter and leave the premises without cooperating, assisting, or providing information to the Monitor.

    g. The Monitor shall have no other rights or obligations other than those provided in this Order.

6. Section VI of the TRO, titled "Asset Freeze," shall be effective from the date of this Order through the trial of this matter, except the following:

    a. The Monitorship Defendants' funds relating to clients acquired on or after September 30, 2019 shall not be frozen;

    b. Defendants shall be entitled to all funds held in any IOLTA Trust Account held by counsel, to pay for legal services rendered to Defendants, provided however any such funds were held in trust prior to the issuance of the TRO;

  c. Defendants shall be entitled to a monthly release from the asset freeze of up to $100,000 to pay for legal services;

  d. The Individual Defendants shall be entitled to a monthly release from the asset freeze of $10,097.00 for Kaine Wen and $14,810.00 for Albert Kim to pay for living expenses.

**IT IS SO ORDERED.**

Dated: _____      _____
                          Hon. James V. Selna
                          United States District Court