VENABLE LLP
Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901

Allyson B. Baker (*Pro Hac Vice Application forthcoming*)
  abbaker@venable.com
Gerald S. Sachs (*Pro Hac Vice Application forthcoming*)
  gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel*. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>              Plaintiffs,<br><br>     v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>              Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.,<br><br>              Relief Defendants. | CASE NO. 8:19-cv-01998-JVS(JDEx)<br><br>Hon. James V. Selna<br>Courtroom 10C<br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXCLUDE INCOMPLETE EVIDENCE AND FOR LEAVE FOR LIVE TESTIMONY AT PRELIMINARY INJUNCTION HEARING**<br><br>Date/Time:  Under Submission<br>Crtrm:          10C<br><br>Action Filed:  October 21, 2019<br>Trial Date:      None set |

# *EX PARTE* APPLICATION

## I. NOTICE OF *EX PARTE* APPLICATION AND APPLICATION

Pursuant to Local Rule 7-19 and the Initial Order Following Filing of Complaint Assigned to Judge Selna ("Standing Order"), True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, Infinite Management Corp., and Hold The Door, Corp. (together, "Moving Parties") hereby move *ex parte*:

(i) to exclude excerpts from transcripts of the Bureau of Consumer Financial Protection's (the "Bureau") investigative hearings of Maxwell Camp (Dkt. 33, Ex. 33) and Jovani Ortuno (Dkt. 33, Ex. 34) (the "IH Transcripts") from the record for the upcoming preliminary injunction hearing set for November 4, 2019 (the "Hearing"); and for an award of reasonable attorneys' fees and costs expended in connection applying for this relief, which, but for the Bureau's conduct, would not be necessary; and

(ii) for leave to present, at the Hearing, the oral testimony of one or more of the witnesses that submitted declarations in support of Moving Parties' Response to Order to Show Cause Why Preliminary Injunction Should Not Issue (Dkt. 48) (the "Response").

Good cause exists to grant such relief, as set forth below.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The IH Transcripts Should Be Excluded as Incomplete Under F.R.E. 106 and the Common Law Rule of Completeness

The IH Transcripts should be excluded from consideration at the Hearing. *See* F.R.E 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."); *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 154–55 (1988) ("The common-law 'rule of completeness,' which has been partially codified in Rule 106—whereby, when a party has introduced part of a writing, an adverse party may

require the introduction of any other part which ought in fairness to be considered contemporaneously—was designed to prevent exactly this type of prejudice."); *United States v. Castro-Cabrera*, 534 F. Supp. 2d 1156, 1160 (C.D. Cal. 2008) (applying F.R.E. 106 and concluding that "[h]ere, the Rule of Completeness warrants admission of statement (1) in its entirety or not at all."). The Advisory Committee for Rule 106 observed that "[t]he rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial." F.R.E. 106, Advisory Committee Notes.

Here, the Bureau relied on the IH Transcripts—provided to Moving Parties and this Court exclusively in excerpted form—to support its *Ex Parte* Application for Temporary Restraining Order with Asset Freeze and Other Equitable Relief and Order to Show Cause Why Preliminary Injunction Should Not Issue. *See* Dkt. 3 (citing Camp transcript 22 times and Ortuno's transcript 11 times). Though the Bureau cannot dispute that the IH Transcripts are relevant, would be subject to production in discovery, and that Moving Parties have no other way to access the full transcripts, the Bureau refused to provide the full transcripts to Moving Parties. *See* Declaration of Gerald S. Sachs ("Sachs Decl.") ¶ 2, Ex. A. The IH Transcripts must be excluded because the Bureau's introduction of only part of them threatens to paint, at best, an incomplete if not misleading picture of the testimony of Camp and Ortuno—unrepresented third parties who faced an investigative hearing conducted by government attorneys.

Moreover, the concerns the Advisory Committee identified in connection with F.R.E. 106 are heightened where, as here, the incomplete matters to be introduced are in support of extraordinary pre-judgment relief obtained on a no-notice basis in the first instance that the Bureau now seeks to convert to preliminary injunctive relief through the time of trial on an expedited basis. Such extraordinary provisional relief should not rely in any part on "misleading impression[s]." And, as the Advisory

Committee further warned, any delayed "repair work" from decisions based on the incomplete evidence offered by the Bureau would be inadequate, as the preliminary injunctive relief sought would virtually guarantee the destruction of the entity Moving Parties.

For these reasons, Moving Parties respectfully request that the Court exclude the IH Transcripts from consideration at the Hearing.

Additionally, this *ex parte* application would be totally unnecessary but for the Bureau's obstinacy. As explained above, Moving Parties are entitled to the full IH Transcripts. The Bureau refused to provide them despite the fact that they are relevant; the Bureau relies upon them to obtain extraordinary pre-judgment relief; and they are required to be produced under F.R.E. 106. What's more, during the parties' meet and confer process, despite knowledge of F.R.E. 106, the Bureau attempted to justify its refusal by blaming Moving Parties for not citing law other than the Federal Rules of Evidence:

> You asked us to provide the full IH transcripts excerpted in the Bureau's TRO exhibits and stated that the basis for your request is FRE 106. We asked you to provide any other authority you rely on that would require the Bureau to turn the full transcripts over at this stage in the proceedings. You have not identified any other authority. We do not plan to provide the full transcripts at this time.

Sachs Decl. ¶ 2, Ex. A. Thus, the Court should exercise its equitable powers to allow Moving Parties to recover their reasonable attorneys' fees and costs according to proof, which never would have been incurred but for the Bureau's conduct.

**B.   Moving Parties Should Be Permitted the Chance to Present Live Witness Testimony**

Relatedly, Moving Parties hereby respectfully request that the Court permit Moving Parties leave to present the oral testimony of third-party witnesses that submitted declarations in support of their Response. In particular, the Moving Parties request that the Court permit oral testimony of Jimmy Lai, Adon Janse,

Nicole Balestreri, and Shirena Huizar.[1] If called, these witnesses would testify about the subject matter detailed in their declarations, which will further evidence that current business operations during the time of the Bureau and Receiver's immediate access were drastically different than what was presented in the Bureau's TRO papers.

Good cause exists for such relief based on due process reasons as well as Moving Parties' concerns regarding the completeness of evidence upon which the Bureau attempts to rely to obtain the extraordinary pre-judgment relief it seeks.

### C. Statement of Compliance with Local Rule 7-19 and 7-19.1

Pursuant to Local Rule 7-19.1, the Court is hereby advised that counsel for Moving Parties made reasonable, good faith efforts orally to advise counsel for the Bureau of the date and substance of this *ex parte* application, including participating in a meet and confer call and engaging in written correspondence. *See* Sachs Decl. ¶ 2, Ex. A. Counsel for the Bureau opposes the relief requested herein. *Id.*

///

///

///

---

[1] Jimmy Lai's phone number is 949-302-3248 and he is located in Tustin, California. Adon Janse's phone number is 949-544-9311 and he is located in Lake Forest, California. Nicole Balestreri's phone number is 310-386-2135 and she is located in Lake Forest, California. Shirena Huizar's phone number is 714-225-3616 and she is located in Irvine, California.

## III. CONCLUSION

Accordingly, Moving Parties respectfully request that the Court (i) exclude the IH Transcripts for consideration at the Hearing; and award Moving Parties their reasonable attorneys' fees and costs in connection requesting that relief; and (ii) grant leave for Moving Parties to present the oral testimony of one or more of the witnesses that submitted declarations in support of Moving Parties' Response.

Dated: October 30, 2019

VENABLE LLP

By: /s/ Witt W. Chang
Witt W. Chang
Allyson B. Baker (*phv forthcoming*)
Gerald S. Sachs (*phv forthcoming*)
Attorneys for True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, Infinite Management Corp., and Hold The Door, Corp.

5
EX PARTE APPLICATION TO EXCLUDE INCOMPLETE EVIDENCE