VENABLE LLP
Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Allyson B. Baker (*Pro Hac Vice Application forthcoming*)
  abbaker@venable.com
Gerald S. Sachs (*Pro Hac Vice Application forthcoming*)
  gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel*. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>        Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>        Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.,<br><br>        Relief Defendants. | CASE NO. 8:19-cv-01998-JVS(JDEx)<br><br>Hon. James V. Selna<br>Courtroom 10C<br><br>**DECLARATION OF GERALD S. SACHS IN SUPPORT OF DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXCLUDE INCOMPLETE EVIDENCE AND FOR LEAVE FOR LIVE TESTIMONY AT PRELIMINARY INJUNCTION HEARING**<br><br>Date/Time: Under Submission<br>Crtrm:      10C<br><br>Action Filed: October 21, 2019<br>Trial Date:   None set |

## DECLARATION OF GERALD S. SACHS

I, Gerald S. Sachs, declare as follows:

1. I am an attorney at law and partner of the law firm Venable LLP, counsel of record for True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, Infinite Management Corp, and Hold The Door, Corp. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. On October 30, 2019, I and others at my firm had a telephone call with Jesse Stewart, counsel of record for the Bureau for Consumer Financial Protection (the "Bureau") and others from the Bureau. On that call, I requested that the Bureau provide the full versions of the excerpted Maxwell Camp and Jovani Ortuno transcripts (Dkt. 33, Exs. 33-34) the Bureau submitted in support of its *Ex Parte* Application for Temporary Restraining Order with Asset Freeze and Other Equitable Relief and Order to Show Cause Why Preliminary Injunction Should Not Issue (Dkt. 3), citing Federal Rule of Evidence 106. The Bureau refused. A true and correct copy of follow-up emails between me and Mr. Stewart regarding these and other issues is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 30, 2019, at Washington, D.C.

_____
Gerald S. Sachs

# EXHIBIT A

| | |
|---|---|
| **From:** | Sachs, Gerald S. |
| **To:** | "Stewart, Jesse (CFPB)" |
| **Cc:** | Baker, Allyson B.; Chang, Witt W.; Preis, Sarah (CFPB); Patterson, Jehan (CFPB); Dimock, Nathan (CFPB) |
| **Subject:** | RE: CFPB v. CAC et al |
| **Date:** | Wednesday, October 30, 2019 5:40:28 PM |

Jesse,

Thank you for your email.  If you would like to have another phone call and discuss our request to seek leave of the Court to present live testimony, I can be available at your convenience.  However, I understand your position to be that you object to such a request.  We understand that we are not within the time frame as stated in Section XXIX of the Order and, therefore, are seeking leave of the Court.  We will, of course, provide within our request to the Court a list of all witnesses that we would like to have the option of calling to testify should the Court allow it.

Regards,
Gerry

**From:** Stewart, Jesse (CFPB) [mailto:Jesse.Stewart@cfpb.gov]
**Sent:** Wednesday, October 30, 2019 7:01 PM
**To:** Sachs, Gerald S. <GSachs@Venable.com>
**Cc:** Baker, Allyson B. <ABBaker@Venable.com>; Chang, Witt W. <WWChang@Venable.com>; Preis, Sarah (CFPB) <Sarah.Preis@cfpb.gov>; Patterson, Jehan (CFPB) <Jehan.Patterson@cfpb.gov>; Dimock, Nathan (CFPB) <Neve.Dimock@cfpb.gov>
**Subject:** RE: CFPB v. CAC et al

Gerry,

Per your request, I am transmitting this email without encryption.  You did not at any point during our conversation today state that you were reserving any right to call witnesses at the preliminary injunction hearing.  Nor have you served us with a motion for live testimony in the time required by section XXIX of the Order.  We object to your proposed motion seeking leave to call witnesses at the hearing because you have not complied with that section.  If you plan to attempt to call witnesses despite not complying with section XXIX, please immediately provide the information required by that section.

Regards,

Jesse

**Confidentiality Notice:** If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any attachments.  An inadvertent disclosure is not intended to waive any privileges.

**From:** Sachs, Gerald S. <GSachs@Venable.com>
**Sent:** Wednesday, October 30, 2019 4:34 PM

**To:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>; Preis, Sarah (CFPB) <Sarah.Preis@cfpb.gov>; Patterson, Jehan (CFPB) <Jehan.Patterson@cfpb.gov>
**Cc:** Baker, Allyson B. <ABBaker@Venable.com>; Chang, Witt W. <WWChang@Venable.com>
**Subject:** CFPB v. CAC et al

Jesse,

Can we please communicate on regular email. I have asked both you and Sarah to do this for ease of communications. Per our conversation this afternoon, we want to inform you that we are going to seek leave of the Court to reserve our right to call witnesses at the Preliminary Injunction Hearing. Please let us know this before close-of-business EST if you object.

Thanks,
Gerry

Gerald S. Sachs, Esq. | Venable LLP
t 202.344.4269 | f 202.344.8300 | m 202.297.5613
600 Massachusetts Avenue, NW, Washington, DC 20001

GSachs@Venable.com | www.Venable.com


Dear Gerry and Allyson,

Thank you for speaking with us earlier today. You asked us to provide the full IH transcripts excerpted in the Bureau's TRO exhibits and stated that the basis for your request is FRE 106. We asked you to provide any other authority you rely on that would require the Bureau to turn the full transcripts over at this stage in the proceedings. You have not identified any other authority. We do not plan to provide the full transcripts at this time. If you wish to direct us to any specific authority that you have not already identified to support your request, we will consider it.

You also asked us about the Bureau's procedures for handling potentially privileged information that may have been obtained through the immediate access provided by the TRO. I can assure you that the Bureau takes issues relating to privilege very seriously and has procedures in place to avoid reviewing potentially privileged materials.

In your email, you suggest that someone on site during the immediate access identified himself as FBI. Please note that the Court's order includes several specific references to the involvement of law enforcement in the immediate access, including the Federal Bureau of Investigation. We encourage you to review those provisions.

Separately, you also asked whether we have had any communications with criminal or investigatory agencies. It is the policy of the Bureau not to comment on any communications that may or may not have occurred with other law enforcement authorities.

You also stated that you plan to take the position that Mrs. Kim's assets are not subject to the asset freeze. We cannot agree to your position at this time, including because Mr. Kim and the other defendants have not provided the financial disclosures required by the order. Please provide that information and information sufficient for us to evaluate whether Mrs. Kim's assets are subject to the freeze, including confirmation that Mr. Kim is not a signatory on any accounts held by Mrs. Kim, does not have direct or indirect control over these accounts, cannot access them, does not have actual or constructive possession of them, and that the assets are not held for Mr. Kim's benefit, in whole or in part, as set forth in Section VI of the TRO and the TRO's definition of "asset." Dissipation of assets held in Mrs. Kim's name may violate these provisions.

Regards,

Jesse


Jesse Stewart
Senior Litigation Counsel
Consumer Financial Protection Bureau
Office: (202) 435-9641 | Mobile: (202) 430-0628

**consumerfinance.gov**


*************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*************************************************************************