KERI CURTIS AXEL (Bar No. 186847)
  kaxel@bakermarquart.com
BAKER MARQUART LLP
777 S. Figueroa, Suite 2850
Los Angeles, CA 90017
Los Angeles, California 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Defendant Tuong Nguyen and
TN Accounting, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel.* Joshua H. Stein, Attorney General; and The People of The State of California Michael N. Feuer, Los Angeles City Attorney,<br><br>     Plaintiffs,<br>v.<br><br>Premier Student Loan Center; True Count Staffing, Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert King, Kaine Wen a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>     Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.,<br><br>     Relief Defendants. | CASE NO.: 8:19-CV-01998 JVS (JDEX)<br><br>***EX PARTE* APPLICATION OF DEFENDANT TUONG NGUYEN AND RELIEF DEFENDANT TN ACCOUNTING, INC. FOR CONTINUANCE OF PRELIMINARY INJUNCTION HEARING AND FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFFS' EX PARTE APPLICATION FOR PRELIMINARY INJUNCTION; DECLARATION OF KERI CURTIS AXEL**<br><br>**Current Hearing Date: November 4, 2019**<br>**Proposed Hearing Date: November 18, 2019**<br><br>**Courtroom of the Hon. James V. Selna** |

Defendant Tuong "Tom" Nguyen ("Mr. Nguyen") and Relief Defendant TN Accounting, Inc. (collectively, "Nguyen Defendants"), by and through their counsel, Baker Marquart LLP, respectfully submit this *ex parte* application asking the Court to continue the preliminary injunction hearing date as to the Nguyen Defendants for a period of 14 days, and extend the related briefing deadlines.

The Court's October 21, 2019 Temporary Restraining Order and Order to Show Cause ("TRO") – which was not served on Mr. Nguyen until October 23 and not served on TN Accounting until October 30 – contemplates that a 14-day extension should be permitted "for good cause shown." (Section XXVI (page 40)). The Nguyen defendants can demonstrate good cause for a 14-day continuance, because they have just retained independent counsel, and their facts and circumstances are unique from the other defendants and merit their own careful analysis. Further, the expedited briefing schedule in Federal Rule of Civil Procedure 65 is meant to protect defendants – not plaintiffs – and therefore should be extended at a defendant's request. Finally, there will be no harm from an extension, as the existing TRO will preserve the status quo.

Good cause supports a short extension of the preliminary injunction hearing and relevant deadlines as they apply to the Nguyen Defendants. As set forth in the attached Declaration of Keri Curtis Axel ("Axel Decl."), the Nguyen Defendants were not able to formally retain Baker Marquart to appear in this matter until October 30, 2019 (Axel Decl. ¶ 2) – after the TRO's deadline for a response had expired. In fact, although the TRO was obtained by the Bureau of Consumer Finance Protection (the "Bureau") on Monday, October 21, it was not served on Mr. Nguyen until Wednesday, October 23, and was included among a box of materials containing all of the Bureau's voluminous filings and supporting materials. (*See* Axel Decl. ¶ 3, 6). The TRO included a deadline for defendants' response 5 days after its entry (Section XXVIII), but that date was in fact only 3 business days after Mr. Nguyen learned of it, and at a time when TN Accounting Inc. still had yet to be served. Further

complicating matters, the TRO froze TN Accounting, Inc.'s bank account and directed Mr. Nguyen not to move any money or even incur any credit card debt. (Section VI (Asset Freeze), pages 11-12). Given these real obstacles, it is understandable that it would take some time (1) to figure out that independent counsel was required and (2) to figure out how to pay them.

Having entered the case, the Nguyen Defendants' counsel need adequate time to obtain records and marshal facts to respond to the Bureau's voluminous filings. The filing, with exhibits, is 1,908 pages. The Bureau opposes the request for a continuance. (*See* Axel Decl. ¶ 4).[1] But is simply unfair that the Bureau had more than a year to prepare their lengthy filings,[2] which they filed at a time of their choosing, yet contend that the Nguyen Defendants – who just retained counsel -- should have been able to file a substantive written response only 3 business days from learning of the TRO. For an individual defendant whose limited assets have been totally frozen, this is not a fair or reasonable standard. The facts here are complicated, as the 1,908-page filing attests, and the Nguyen Defendants have independent facts and circumstances that no one has yet taken the time to explicate.[3]

Further, the Bureau's position should be irrelevant to the Court's determination here. Rule 65 provides an expedited schedule for preliminary injuctions, setting a default expiration of 14 days for a TRO, and requiring a preliminary injunction

---

[1] As noted in ¶ 2-3 of the Declaration of Keri Curtis Axel below, pursuant to Local Rule 7-19.1, the Bureau has been informed of the application and opposes the requested continuances.

[2] *See* Declaration of Sarah Preis, ¶ 7 (stating that a Civil Investigative Demand was first issued on September 29, 2018). The Court should also consider that, as the Ninth Circuit has observed, a "plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co.,* 762 F.2d 1374, 1377 (9th Cir. 1985) (citing *Lydo Enterprises v. City of Las Vegas,* 745 F.2d 1211, 1213–14 (9th Cir.1984); *GTE Corp. v. Williams,* 731 F.2d 676, 678–79 (10th Cir.1984)).

[3] Notably, in the Bureau's 1800+ pages of supporting declarations and exhibits, there appear to be only about 10 references to the Nguyen Defendants (*see* Axel Decl. ¶ 7). While the Nguyen Defendants intend to join in the other defendants' arguments that the Bureau cannot show a likelihood of success on the merits sufficient to support a preliminary injunction, the Nguyen Defendants believe they are more individualized reasons why the requested injunctive relief is not warranted.

BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, California 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850

hearing to take place "at the earliest possible time." Fed.R.Civ.P. 65 (b)(2), (3). But these provisions exist to protect defendants where – as here – plaintiffs have obtained a restraining order without notice and an opportunity to be heard. Put another way, the 14-day expiration and expedited hearing are meant to provide due process to defendants, not to make life convenient for plaintiffs. Indeed, under Rule 65, it is only the consent of an "adverse party" (here, the defendants) that is relevant in deciding to continue a preliminary injunction hearing. (*See* Fed.R.Civ.P. 65(b)(2) ("The order expires at the time after entry . . . that the court sets, unless . . . ***the adverse party consents to a longer extension***") (emphasis added)). Accordingly, where the Nguyen Defendants submit that the additional time is necessary for their fulsome response, the Court should ensure that due process is served by granting their requested extension.

  The Nguyen Defendants submit that it is critical to give this important decision the time and consideration it deserves. As Judge Posner has observed: "A district judge asked to decide whether to grant or deny a preliminary injunction must choose the course of action that will minimize the costs of being mistaken. Because he is forced to act on an incomplete record, the danger of a mistake is substantial. And a mistake can be costly." *Am. Hosp. Supply Corp. v. Hosp. Prod. Ltd.*, 780 F.2d 589, 593 (7th Cir. 1986). Here, the Nguyen Defendants seek only an opportunity to provide the Court a more substantive basis on which to make this important decision. To ensure a complete record and a well-considered decision, this Court should grant the Nguyen parties the requested continuances of the hearing and related deadlines.

  Finally, there is no harm in continuing the preliminary injunction as to the Nguyen Defendants, given that the provisions of the TRO would continue in effect, freezing all of the Nguyen Defendants' assets. "[T]he basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980) *(citing Larry P. v. Riles*, 502 F.2d 963, 965 (9th

Cir. 1974); *Washington Capitols Basketball Club, Inc. v. Barry,* 419 F.2d 472, 476 (9th Cir. 1969); *Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804 (9th Cir. 1963)). For now, this same result – extending the status quo – can simply be preserved by extending the TRO, as it applies to the Nguyen parties, another 14 days until November 18, 2019.

Based on the foregoing, the Nguyen Defendants respectfully request that the Court continue the preliminary injunction hearing date as it applies to them for a period of 14 days, and extend the related briefing deadlines such that their response date is November 8, 2019, and the government parties have until November 13, 2019 to file their response.

Dated: October 31, 2019            BAKER MARQUART LLP


By: */s/ Keri Curtis Axel*_____
   KERI CURTIS AXEL

Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.

4
EX PARTE APPICATION TO CONTINUE PRELIMINARY INJUNCTION

## DECLARATION OF KERI CURTIS AXEL

1. I, Keri Curtis Axel, an attorney licensed to practice in the State of California and Of Counsel with the firm Baker Marquart LLP ("Baker Marquart"), represent Tuong Nguyen and TN Accounting, Inc. (collectively "Nguyen Defendants") in the above-titled matter. I am over the age of 18 and make this declaration of my own personal knowledge. If called upon to testify as to these matters, I would testify as follows.

2. On October 30, 2019, Mr. Nguyen officially retained Baker Marquart to appear on his behalf in the above-titled action.

3. In anticipation of being so retained, on October 28, 2010, I asked Sarah Preis, counsel for the Bureau, if the plaintiffs would agree to a 2 or 3 week continuance of the preliminary injunction hearing and related deadlines. I also informed her that I had authority to accept service on behalf of TN Accounting, Inc., which had not been served. She confirmed that Mr. Nguyen had been served on October 23. I confirmed my inquiry in writing later that day.

4. On October 29, 2019, Ms. Preis emailed me to say that the Bureau would not stipulate to the requested continuance of the preliminary injunction hearing and briefing schedule.

5. On October 30, 2019, I received the service copies for TN Accounting, Inc.; on October 31, 2019, my client Tuong Nguyen executed the waiver of service on TN Accounting, Inc.'s behalf and we provided it to Ms. Preis.

6. Mr. Nguyen has provided me with the box of materials with which he was served. The materials are voluminous and include all of the court filings and supporting declarations.

7. At this point, my firm has not even had time to review the plaintiffs' supporting declarations in detail. An associate of the firm ran a search of the declarations, and found only 10 references to the Nguyen Defendants in the declarations.

8. I also contacted the Receiver, Mr. McNamara. He stated that he would submit his report regardless of any continuance. While he indicated he did not see a reason for a continuance, it was up to the parties, not him, to consider a stipulation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 31st day of October, 2019, at Los Angeles, California.

_____
Keri Curtis Axel