SARAH PREIS (D.C. Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (N.Y. Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.<br><br>Defendants. | CASE NO. 8:19-cv-01998 JVS (JDEx)<br><br>**OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXCLUDE INCOMPLETE EVIDENCE AND FOR LEAVE FOR LIVE TESTIMONY AT PRELIMINARY INJUNCTION HEARING**<br><br>Court:     Hon. James V. Selna<br>             Courtroom 10C |

1

On October 21, 2019, this Court entered a Temporary Restraining Order against all Defendants (TRO) and ordered Defendants to appear on November 4, 2019 to show cause why this Court should not enter a preliminary injunction enjoining the violations of law alleged in Plaintiff's Complaint, continuing the freeze of their Assets, and imposing such additional relief as may be appropriate. DE #24 at Section XXVII.

Defendants Hold The Door, Corp., Infinite Management Corp., Albert Kim, Prime Consulting LLC, True Count Staffing Inc., and Kaine Wen (Movant Defendants) filed an application to exclude "incomplete evidence" at the preliminary injunction hearing and to present live testimony of witnesses at the hearing (Application). DE #59. The Application lacks merit and should be denied.

**Points and Authorities**

**1.  No basis for excluding evidence**

The TRO includes provisions allowing Plaintiff to engage in expedited discovery at this stage in the proceedings. DE #24 at Section XXIII. There are no similar provisions permitting Defendants to engage in discovery at this time. Despite the fact that Defendants are not entitled to discovery, the Movant Defendants take the position that evidence should be excluded because the Bureau declined to provide certain investigative materials in response to a request from Movant Defendants.

Specifically, Movant Defendants ask this Court to exclude excerpts of transcripts from Bureau investigational hearings of Maxwell Camp and Jovani Ortuno from consideration at the preliminary injunction hearing. Excerpts from those transcripts were included in support of the application for a TRO and preliminary injunction. DE #33, Exs. 33-34. Plaintiffs were not required to file the entirety of the transcripts, and Movant Defendants have not identified any legitimate basis for striking those transcripts. The only basis cited for that request is Federal Rule of Evidence 106.

2

Movant Defendants fail to note that the Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings. *See Herb Reed Enters., LLC v. Florida Entertainment Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013); *see also Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). As the Supreme Court has noted, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

Other than a reference to the non-applicable FRE, the only reason cited by Movant Defendants to exclude the excerpts is "because the Bureau's introduction of only part of them threatens to paint, at best, an incomplete if not misleading picture of the testimony of Camp and Ortuno—unrepresented third parties who faced an investigative hearing conducted by government attorneys." DE # 59 at 2. Movant Defendants do not cite any basis for their allegations that Plaintiffs' attorneys are misleading this Court.[1] Further, Movant Defendants are free to speak with Camp and Ortuno, both former employees of Defendants True Count and Premier Student Loan Center, and could have timely sought to call them as witnesses at the hearing.

---

[1] Should the Court wish to review the transcripts in their entirety, the Bureau will provide them for *in camera* review. Movant Defendants' statement that "the Bureau cannot dispute that [the transcripts] . . . would be subject to production in discovery" is inaccurate. No decision has been made at this stage as to whether the Bureau would rely on such transcripts in future proceedings, and such transcripts or portions thereof may be subject to privileges such as the law enforcement privilege. *See e.g.*, *Frank LLP v Consumer Financial Protection Bureau*, 327 F. Supp. 3d 179 (D. D.C. 2018) (holding proper redaction of Bureau investigational hearing transcripts as law enforcement techniques - the FOIA equivalent of law enforcement privilege). In addition, the Bureau would need to review the transcripts to determine the extent to which their contents implicate the Bureau's confidentiality regulations, 12 C.F.R. Part 1070, or any other privileges.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 2. No live witnesses

The TRO further provides that no live witnesses will be heard at the preliminary injunction hearing absent further court order. The TRO provided that any party could seek court approval for such witnesses by filing a motion no later than 4:00 pm (PT) five business days prior to the hearing. DE #24 at Section XXIX. As such, the deadline for filing any such motion was 4:00 pm on Monday, October 28, 2019. The TRO also requires a party seeking leave to call live witnesses to include three categories of information: (1) contact information for the proposed witness; (2) a detailed summary or affidavit disclosing the substance of each proposed witness' expected testimony; and (3) an explanation of why the taking of live testimony would be helpful to this Court. DE #24 at Section XXIX.

The Application is both untimely and fails to include the information required by the TRO, including an explanation of why the testimony would be useful to this Court.

Movant Defendants filed their request for live witnesses at 7:08 pm (PDT) on October 30, 2019, more than two days beyond the deadline established by the Court in the TRO. This untimeliness prevents Plaintiffs from engaging in expedited discovery with respect to the proposed witnesses. Movant Defendants fail to justify their delay. For these reasons alone, Movant Defendants' request should be denied.

In addition, the Application does not set forth all the information required by the TRO. Contact information for the proposed witnesses is included, but the other two requirements are not met. The Application references back to declarations submitted by the four proposed witnesses in Defendants Response to the Order to Show Cause, DE #48, but the Application does not identify the proposed witness' expected testimony. And it gives no explanation as to why live testimony would be helpful to this Court.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

1    Movant Defendants were free to include any relevant information in the

2  proposed witnesses' declarations, and have given no reason why this Court needs

3  to hear further from those individuals.

4    The Bureau therefore opposes the Movant Defendants' *ex parte* application

5  and recommends that it be denied.

6

7  Dated: Oct. 31, 2019                    Respectfully submitted,

8
                                          */s/ Jesse Stewart*
9                                         Sarah Preis (D.C. Bar No. 997387)
                                          Jesse Stewart (N.Y. Bar No. 5145495)
10                                        Leanne E. Hartmann (CA Bar #264787)
                                          Telephone: (202) 435-9641
11                                        Facsimile: (202) 435-5471

12                                        Attorneys for Plaintiff
                                          Bureau of Consumer Financial Protection
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION