1  Brent R. Phillips (SBN 235753)
2  Ronald A. Gorrie (SBN 180477)
   PHILLIPS LAW CORPORATION
   801 Parkcenter Drive, Suite 105
3  Santa Ana, CA 92705
   Tel: (714) 573-4087
4  Fax: (714) 586-5499
   E-mail: bphillips@phillipslawcorporation.com
5
   Attorneys for Non-Party EDU DOC SUPPORT, LLC
6

7

8              **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION**

10

11  Bureau of Consumer Financial Protection,     **Case No.:** 8:19-cv-01998-JVS-JDE
    et al,

12                                               **MEMORANDUM OF POINTS AND**
                                                 **AUTHORITIES IN SUPPORT OF NON-**
13                    Plaintiffs,                **PARTY EDU DOC SUPPORT, LLC'S**
                                                 ***EX PARTE* APPLICATION TO**
14           v.                                  **CHALLENGE RECEIVER'S**
                                                 **DETERMINATION AND FOR AN**
15                                               **ORDER DIRECTING RECEIVER TO**
                                                 **RELEASE ASSETS AND BUSINESS**
16  Consumer Advocacy Center, Inc. d/b/a         **SOFTWARE**
    Premier Student Loan Center, et al.
17

18                    Defendants.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                     - 1 -

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

Non-Party Edu Doc Support, LLC ("Edu Doc Support") submits the following Memorandum of Points and Authorities in Support of its *Ex Parte* Application to Challenge Receiver's Determination and for an Order Directing Receiver to Release Assets and Business Software.

## I.

## INTRODUCTION / SUMMARY OF ARGUMENT.

On October 21, 2019, the Bureau of Consumer Financial Protection ("CFPB"), State of Minnesota, State of North Carolina, and State of California (collectively "Plaintiffs") filed a complaint against Consumer Advocacy Center Inc. ("CAC"), True Count Staffing Inc. ("True Count"), Prime Consulting LLC ("Prime"), Albert Kim, Kaine Wen, Tuon Nguyen, Infinite Management Corp., Hold the Door Corp, and TN Accounting Inc. (collectively "Defendants").  On October 21, 2019, Plaintiffs also filed an *Ex Parte* Application for Temporary Restraining Order with Asset Freeze and Other Equitable Relief and Order to Show Cause Why Preliminary Injunction Should not Issue (the "Application").

The Court granted the Application and issued an *Ex Parte* Temporary Restraining Order with Asset Freeze and Other Equitable Relief and Order to Show Cause Why Preliminary Injunction Should not Issue (the "TRO").  The TRO appointed Thomas W. McNamara as temporary receiver (the "Receiver") for the business activities of "Receivership Defendants."  The TRO authorized and directed the Receiver to assume full control of Receivership Defendants, take control, custody and possession of all assets and documents of Receivership Defendants, and secure the business premises of Receivership Defendants.

The Receiver determined that Edu Doc Support is a Receivership Defendant and/or an entity related to Defendants and froze Edu Doc Support's access to its online business management software referred to as "DebtPaypro."  The Receiver's determination is incorrect.  The Receiver and Plaintiffs have zero evidence that Edu Doc Support is related to Receivership Defendants and/or Defendants.  The admissible

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

evidence establishes that Edu Doc Support has no relationship to Receivership Defendants and/or Defendants.

Edu Doc Support requests an order directing the Receiver to release the TRO on Edu Doc Support business management software on an *ex parte* basis because Edu Doc Support and its employees will suffer irreparable injury were Edu Doc Support required to challenge the Receiver's determination through a regularly noticed motion. The Receiver has shutdown Edu Doc Support by locking its account and freezing its access to the DebtPaypro business software. Edu Doc Support cannot operate and will be destroyed as an ongoing business without use and access to the DebtPaypro software. Edu Doc Support within the week will have to begin laying off employees because it cannot operate without the use of the DebtPaypro software.

As such, the Court should grant Edu Doc Support's *Ex Parte* Application and issue an order ordering the Receiver to release the TRO on Edu Doc Support's account and permit Edu Doc Support to access its business management software.

## II.

## BACKGROUND FACTS ON RECEIVER'S UNJUSTIFIED SEIZURE OF EDU DOC SUPPORT'S MANAGEMENT SOFTWARE.

### A.    The CFPB Action Against Defendants.

On October 21, 2019 the Plaintiffs filed a complaint against Defendants. [Request to Take Judicial Notice ("RJN"), ¶ 1] The Complaint alleges that Defendants operated businesses offering student-loan debt-relief services. Plaintiffs allege that Defendants violated various federal and state consumer protection statutes in the administration and marketing of their student-loan debt-relief services. [RJN, ¶ 2] The Complaint alleges that to market their debt-relief services to consumers CAC, True Count, and Prime shared over a dozen fictitious names. [RJN, ¶ 3] Plaintiffs allege that one of the fictitious names used by CAC, True Count and Prime was EDU Doc Support. [RJN, ¶ 4]

### B.    The TRO With Asset Freeze And Appointment Of Receiver.

On October 21, 2019, Plaintiffs filed the Application under seal. The relief

requested in the Application included an asset freeze, and retention of assets and records by financial institutions and other third-parties.  Plaintiff filed dozens of declarations and seven (7) volumes of exhibits containing thousands of pages of documents in support of the Application.  [RJN, ¶ 5]

On October 21, 2019, the Court granted the Application and issued the TRO. [RJN, ¶ 6]  The TRO appointed the Receiver for the business activities of "Receivership Defendants."  [RJN, ¶ 7] The TRO defines Receivership Defendants as follows:

> Receivership Defendants as True Count Staffing, Inc. d/b/a SL Account Management, Prime Consulting LLC d/b/a Financial Preparation Services, and their successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each may be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Receivership Defendants.

[RJN, ¶ 8]

The TRO authorized and directed the Receiver to assume full control of Receivership Defendants, take control, custody and possession of all assets and documents of Receivership Defendants, and secure the business premises of Receivership Defendants.  [RJN, ¶ 9]  The TRO directed the Receiver to promptly notify a nonparty entity that the Receiver identifies as a Receivership Entity that it can challenge the Receiver's determination by filing a motion with this Court.  [RJN, ¶ 10]

C.    **Edu Doc Support.**

Edu Doc Support is a document preparation business and has 10 employees.  As reflected in its Article of Organization and Statement of Information filed with the California Secretary of State, it is a document preparation business.  Hau Nguyen ("Nguyen") is the sole managing member of Edu Doc Support.  Edu Doc Support's principal office is located at 13652 Havenwood Drive, Garden Grove, California 92843. Edu Doc Support's business address is 16480 Harbor Boulevard, Suite 202, Fountain Valley, California 92708 and address is listed on its website.  [Declaration of Hau Nguyen ("Nguyen Decl."), ¶ 3 and Ex. "A"]

Edu Doc Support uses a business management software product called

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

"DebtPaypro," designed and hosted by DebtPaypro.  Edu Doc Support accesses the DebtPaypro software through an Internet portal on the company's website.  The DebtPaypro software is critical to the Edu Doc Support's business.  Edu Doc Support cannot operate without the use and access to the DebtPaypro management software.  Edu Doc Support uses the DebtPaypro software to generate documents, store information and data, process client information and documents, and store business and client documents.  The DebtPaypro software and DebtPaypro files contain Edu Doc Support's and its clients personal and confidential information.  [Nguyen Decl., ¶ 4]

**D.     Service Of The TRO On DebtPaypro.**

On October 23, 2019, Nguyen and employees of Edu Doc Support came to the office, logged onto, and were provided access to the DebtPaypro software.  At approximately 12:00 p.m., Edu Doc Supports employees called Nguyen to inform him that they had been logged off the DebtPaypro software and were being denied access to log back in.  Nguyen contacted DebtPaypro and was informed that DebtPaypro was having legal issues with Edu Doc Support's access.  Nguyen demanded an answer because without use of the DebtPaypro software, Edu Doc Support could not operate.  A representative of DebtPaypro contacted Nguyen, informed him that the TRO had been served on DebtPaypro by the Receiver and as a result Edu Doc Support's account was locked.  [Nguyen Decl., ¶ 5]

**E.     Edu Doc Support Contacts The Receiver.**

Brent R. Phillips ("Phillips") is counsel for Edu Doc Support.  Edward Chang ("Chang") is counsel for the Receiver.  On October 23, 2019, Phillips contacted Chang regarding the TRO and the freeze on Edu Doc Support's DebtPaypro account.  Chang informed Phillips that the Receiver had locked Edu Doc Support's DebtPaypro account because the Receiver had determined that Edu Doc Support was a Receivership Defendant and/or an entity related to Defendants.  According to Chang, documents filed by the CFPB indicate that Edu Doc Support is a related entity to Defendants. [Declaration of Brent R. Phillips ("Phillips Decl."), ¶¶ 3, 4, and Ex. "A".]

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

1   Phillips informed Chang that Edu Doc Support has no relationship to Defendants
2   and asked for the documents or other evidence that indicate that Edu Doc Support is a
3   related entity.  Chang refused to produce the documents or other evidence establishing a
4   relationship with Defendants or consider releasing the freeze on Edu Doc Support's
5   DebtPaypro account.  Chang, instead, stated that the Receiver's position is that Edu Doc
6   Support must prove a negative that it is not a related entity.  Chang requested that Edu
7   Doc Support permit the Receiver to conduct a roving investigation into Edu Doc
8   Support's business.  Chang requested that Edu Doc Support permit DebtPaypro to
9   disclose Edu Doc Support's confidential business records and information, Edu Doc
10  Support's clients' confidential information contained in Edu Doc Support's DebtPaypro
11  account, produce business information such as the name of the owners, business
12  locations, company name, and business activity.[1]  Chang refused to provide any form of
13  assurance of whether the Receiver would release the freeze on Edu Doc Support's
14  DebtPaypro account if it complied with the Receiver's request.  [Phillips Decl., ¶¶ 3, 4, 5
15  and Ex. "A" and Ex. "B"]

16  Phillips wrote Chang and the Receiver on several other occasions requesting that
17  the Receiver either disclose the evidence, if any, that indicates Edu Doc Support is a
18  related entity to Defendants or release the freeze on Edu Doc Support's account with
19  DebtPaypro.  Chang and the Receiver refused to do either.  The Receiver, instead,
20  reiterated his position that Edu Doc Support must prove its innocence that it is not an
21  entity related to Defendants.  The Receiver claimed that by Edu Doc Support requesting
22  the evidence connecting it to Defendants in itself indicated there must be a connection.
23  [Phillips Decl., ¶¶ 4, 5 and Ex. "B"]

24  ///

25
26  [1]Had the Receiver simply visited the California Secretary of State's website, he could of
    obtained the majority of the information requested such as the name of the owner of Edu Doc
    Support, business activity, and business locations.  However, the Receiver had no legitimate
27  reason to require Edu Doc Support to disclose its and its clients' confidential information
    contained in the DebtPaypro software and the DebtPaypro files to prove that Edu Doc Support is
28  not related to Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY EDU DOC
SUPPORT, LLC'S *EX PARTE* APPLICATION TO CHALLENGE RECEIVER'S DETERMINATION
AND FOR AN ORDER DIRECTING RECEIVER TO RELEASE ASSETS AND BUSINESS SOFTWARE**

**III.**

**THE RECEIVER SHOULD BE ORDERED TO RELEASE THE TRO AND
UNFREEZE EDU DOC SUPPORT'S BUSINESS MANAGEMENT SOFTWARE
ACCOUNT BECAUSE THERE IS NO RELATION
BETWEEN EDU DOC SUPPORT AND DEFENDANTS.**

The TRO authorized and directed the Receiver to assume full control of Receivership Defendants, take control, custody and possession of all assets and documents of Receivership Defendants.  Edu Doc Support is not a Receivership Defendant over which the Receiver can assume control or whose assets and documents the Receiver is authorized to take control, custody and possession.  The Statement of Information and Articles of Organization filed with the Secretary of State establish that Edu Doc Support is not one of the named Receivership Defendants or Corporate Defendants.[2]  Nor is Edu Doc Support a successor, assign, affiliate, or subsidiarie of either the Receivership Defendants or Corporate Defendants.  [Nguyen Decl., ¶¶ 3, 9, and Ex. "A"]

As detailed in the Declaration of Hau Nguyen (the "Nguyen Declaration"), Edu Doc Support has no relation to Defendants.  It has never done business with Defendants. Edu Doc Support has always operated under its entity name and has never operated as a fictious business entity for the Receivership Defendants or Corporate Defendants.  None of the "Individual Defendants" has ever been an employee, contractor, officer, director, or member of Edu Doc Support.[3]  Nor have any of the Individual Defendants had an ownership interest in Edu Doc Support.  Edu Doc Support's sole member is and has always been Nguyen.  Edu Doc Support has never operated or been located at Receivership Defendants' or Corporate Defendants' business offices identified in the

---

[2]The TRO defines "Corporate Defendants" to mean Consumer Advocacy Center, Inc. d/b/a Premier Student Loan Center, True Count Staffing, Inc. d/b/a SL Account Management, and Prime Consulting LLC d/b/a Financial Preparation Services.  [RJN, ¶ 11]

[3]The TRO defines "Individual Defendants" as Albert Kim, Kaine Wen, and Tuong Nguyen. [RJN, ¶ 12]

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY EDU DOC
SUPPORT, LLC'S *EX PARTE* APPLICATION TO CHALLENGE RECEIVER'S DETERMINATION
AND FOR AN ORDER DIRECTING RECEIVER TO RELEASE ASSETS AND BUSINESS SOFTWARE**

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

1   Complaint, the TRO or any other location used by Receivership Defendants and/or
2   Corporate Defendants as a business office.  As reflected in Edu Doc Support's filings
3   with the Secretary of State, Edu Doc Support's principal office is located at 13652
4   Havenwood Drive, Garden Grove, California 92843.  Its business address is 16480
5   Harbor Boulevard, Suite 202, Fountain Valley, California 92708, which is listed on its
6   website.  [Nguyen Decl., ¶¶ 3, 9, and Ex. "A"]

7         Furthermore, the Receiver's claim that he has evidence that Edu Doc Support is a
8   related entity to Defendants is "hogwash."  As established by Edu Doc Support through
9   admissible evidence, neither the Receiver nor Plaintiffs have evidence showing a
10  relationship between Defendants and Edu Doc Support.  Plaintiffs filed thousands of
11  pages of documents in support of their *Ex Parte* Application for the TRO.  Not one of the
12  publicly available documents mentioned Edu Doc Support or suggested Edu Doc Support
13  was an entity related to Defendants.  [Phillips Decl., ¶ 6]  The Complaint is the only
14  document filed with the Court alleging a relationship.  However, the Complaint is merely
15  allegations.  It contains zero evidence to support the allegation that Edu Doc Support is a
16  related entity.  Third, counsel for Edu Doc Support has repeatedly asked the Receiver for
17  the evidence he claims to have showing a relationship between Edu Doc Support and
18  Defendants.  The Receiver has repeatedly refused to provide this alleged evidence.  The
19  Receiver, instead, has turned due process on its head where he can seize property and
20  shutdown a business without notice and require the business owner to prove his
21  innocence.

22                                    **IV.**

23  **EDU DOC SUPPORT AND ITS EMPLOYEES WILL SUFFER IRREPARABLE**
24              **HARM IF A MOTION MUST BE REGULARLY NOTICED.**

25        The Receiver has determined, without evidence, that Edu Doc Support is a
26  Receivership Entity.  The Receiver has frozen Edu Doc Support's DebtPaypro account to
27  bar Edu Doc Support's access to its business management software based on his
28

1  determination.  Edu Doc Support cannot wait to challenge the Receiver's determination

2  through a regularly noticed motion on multiple grounds.

3       First, as detailed in the Nguyen Declaration, the Receiver has shutdown Edu Doc

4  Support by freezing its account and access to the DebtPaypro software.  Edu Doc Support

5  uses the DebtPaypro business management software to operate its business. Edu Doc

6  Support cannot contact or respond to clients, generate documents, or access or use stored

7  documents.  By the time a regularly noticed motion is heard, Edu Doc Support business

8  reputation will have been irreparably damaged and its business destroyed. It will not able

9  to obtain new clients due to negative online reviews.  Existing clients will demand

10  refunds for Edu Doc Support's failure to complete its assignments and fulfill the terms of

11  its contracts.  [Nguyen Decl., ¶ 10]

12       Second, Edu Doc Support will suffer irreparable financial harm were it required to

13  challenge the Receiver's determination through a regularly noticed motion.  Edu Doc

14  Support cannot generate revenue without access to the DebtPaypro business software.

15  Nor can it collect receipts.  Edu Doc Support is instead being forced to use its cash

16  reserves and funds from Nguyen to pay its bills.  By the time a regularly noticed motion

17  is heard, Doc Support will have depleted its reserves and be without funds to pay its rent,

18  employees' salaries and other bills, forcing Edu Doc Support to default on its bills and

19  other financial obligations.  [Nguyen Decl., ¶ 11]

20       Third, Edu Doc Support's employees will suffer great harm if Edu Doc Support is

21  required to challenge the Receiver's determination through a regularly noticed motion.

22  Edu Doc Support employs 10 people.  These are people with families who depend on

23  their paycheck from Edu Doc Support to support their families.  Nguyen has been using

24  his personal funds and Edu Doc Supports' reserves in order not to lay off employees and

25  to pay Edu Doc Support's employees during this business shutdown.  Neither Nguyen nor

26  Edu Doc Support have the funds to continue paying the employees.  Edu Doc Support

27  will be forced to begin laying off employees within the week.  This will leave people

28

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

without a job, without a pay check to care for their families and to pay their bills. [Nguyen Decl., ¶ 12]

Furthermore, Edu Doc Support played no role in creating the exigent circumstances requiring *ex parte* relief.  The Receiver alone created the circumstances by his failure to even attempt to follow some semblance of due process by notifying Edu Doc Support that he believed Edu Doc Support was a related entity to Defendants and obtaining evidence to support his believe.  The Receiver, instead, ran-off half-cocked and simply began seizing businesses and property with zero basis for the seizure.[4]  The Receiver to compound the unsubstantiated seizures takes the position of an authoritarian regime requiring the party whose property has been seized to prove its innocence.  Had the Receiver simply followed due process, notified Edu Doc Support that he believed Edu Doc Support was related to Defendants, presented the evidence in court and not withheld the evidence, there would be no need for Edu Doc Support to have filed this application.[5]

///

///

///

---

[4]McNamara illustrates the conflict presented by appointing a former federal prosecutor recommended by the government to a receivership.  First, although allegedly an agent of the Court, McNamara is so conflicted that no reasonable person can claim that he reports to or is in fact an agent of the Court.  [RJN, ¶ 13]  The bottom line is that McNamara recognizes who is buttering his bread.  And, it is not the Court.  It is the government.  Plaintiffs recommended McNamara and note that McNamara has been appointed 30 times as a receiver in matters brought by CFPB and other government agencies.  [RJN, ¶ 13]  Undoubtedly, those 30 appointments were at the recommendation of the government.  McNamara obviously recognizes that if he were to not follow the government's marching orders and advance the government's case the recommendations and receivership appointments would stop along with a large percentage of his income.  Second, the statements and positions taken by McNamara during this matter demonstrate that he does recognize that he is no longer a prosecutor and an executive branch employee.  For example, McNamara's claim that Edu Doc Support's refusal to disclose its and its client's confidential information implies guilt.  Similarly, McNamara's position that the person must prove his innocence and his withholding of evidence.  This conduct is inimical to the notion of due process and is not the conduct of a person who claims to be an agent of the Court.

[5]The TRO ordered the Receiver to inform Edu Doc Support that he had determined that Edu Doc Support was a Receivership Entity and Edu Doc Support could challenge his determination by motion.  The Receiver did not even bother to follow the Court's order in the TRO and inform Edu Doc Support of its right to file a motion to challenge his determination. [Phillips Decl., ¶ 7]

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-PARTY EDU DOC SUPPORT, LLC'S *EX PARTE* APPLICATION TO CHALLENGE RECEIVER'S DETERMINATION AND FOR AN ORDER DIRECTING RECEIVER TO RELEASE ASSETS AND BUSINESS SOFTWARE**

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

# V.

## COUNSEL FOR EDU DOC SUPPORT NOTIFIED COUNSEL FOR THE RECEIVER AND PLAINTIFFS OF THIS *EX PARTE* APPLICATION.

The names, addresses, telephone numbers, and e-mail addresses for counsel for the Receiver and Plaintiff are the following:

| | |
|---|---|
| Bureau of Consumer Financial Protection<br>Sarah Preis, Esq.<br>1700 G Street, NW<br>Washington, DC 20552<br>Tel: (202) 435-9318<br>E-mail: sarah.preis@cfpb.gov | The State of Minnesota<br>Evan Romanoff, Esq.<br>445 Minnesota Street, Suite 1200<br>St. Paul, MN 55101<br>Tel: (651) 757-1454<br>E-mail: evan.romanoff@ag.state.mn.us |
| The State of North Carolina<br>M. Lynne Weaver, Esq.<br>114 W. Edenton Street<br>Raleigh, NC 27602<br>Tel: (919) 716-6000<br>E-mail: lweaver@ncjoj.gov | The People of the State of California<br>Christina V. Tusan, Esq.<br>200 N. Main Street, 500 City Hall East<br>Los Angeles, CA 90012<br>Tel: (213) 978-8707<br>E-mail: christina.tusan@lacity.org |
| Temporary Receiver<br>Thomas W. McNamara, Esq.<br>McNamara Smith LLP<br>655 West Broadway, Suite 1600<br>San Diego, CA 92101<br>Tel: 619-269-0499<br>E-mail: tmcnamara@mcnamarallp.com | Counsel for Temporary Receiver<br>Edward Chang, Esq.<br>McNamara Smith LLP<br>655 West Broadway, Suite 1600<br>San Diego, CA 92101<br>Tel: 619-269-0446<br>E-mail: echang@mcamarallp.com |

On November 4, 2019, counsel for Edu Doc Support contacted counsel for the Receiver, Edward Chang, and counsel for Plaintiffs, Sarah Preis, Evan Romanoff, M. Lynne Weaver, Christina V. Tusan, by telephone and informed counsel by speaking with counsel directly or by leaving a message that (1) Edu Doc Support would be filing an *ex parte* application to challenge the Receiver's determination on November 4, 2019; (2) The *ex parte* application would challenge the Receiver's determination that Edu Doc Support is an entity related to Receivership Defendants and/or Defendants; (3) Edu Doc Support would request an order directing the Receiver to release any freeze on Edu Doc

- 11 -

PHILLIPS LAW CORPORATION
801 PARKCENTER DRIVE, SUITE 105
SANTA ANA, CA 92705

1  Support's account with DebtPaypro; and, (4) Asked if counsel would be opposing the

2  application.  [Phillips Decl., ¶ 9]

3      Counsel for Edu Document support left messages for Ms. Preis and Ms. Tusan.

4  Counsel spoke directly with Mr. Chang, Ms. Weaver, and Mr. Romanoff.  Mr. Chang,

5  Ms. Weaver, and Mr. Romanoff had not determine if they intended to oppose Edu Doc

6  Supports *Ex Parte* Application.  Counsel for Edu Doc Support followed up with an e-

7  mail to counsel for the Receiver and Plaintiffs providing the same information provided

8  either during my conversation with counsel or in my voice messages along with a copy of

9  Edu Doc Support's *Ex Parte* Application.  [Phillips Decl., ¶ 10, and Ex. "C"]

**VI.**

**CONCLUSION.**

12     Based on the foregoing reasons, Edu Doc Support respectfully requests that the

13  Court grant its *Ex Parte* Application and issue an order ordering the Receiver to release

14  the TRO on Edu Doc Support's account with DebtPaypro and the freeze on Edu Doc

15  Support's access to its business management software.

PHILLIPS LAW CORPORATION

DATED: November 4, 2019        By: _____
                                   BRENT R. PHILLIPS
                                   RONALD A. GORRIE
                                   Attorneys for Non Party EDU DOC
                                   SUPPORT, LLC

- 12 -