Sanjay Bhandari (SBN 181920)
sbhandari@mcnamarallp.com
Edward Chang (SBN 268204)
echang@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>　　　　　　　Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.,<br><br>　　　　　　　Relief Defendants. | Case No. 8:19-cv-01998-JVS (JDEx)<br><br>**RECEIVER'S OPPOSITION TO NON-PARTY EDU DOC SUPPORT, LLC'S *EX PARTE* APPLICATION TO CHALLENGE RECEIVER'S DETERMINATION AND FOR AN ORDER DIRECTING RECEIVER TO RELEASE ASSETS AND BUSINESS SOFTWARE**<br><br>JUDGE:　Hon. James V. Selna<br>CTRM:　　10C |

Although the *ex parte* application (ECF No. 76) by Edu Doc Support LLC (EDS) claims otherwise, the Receiver has been willing, and remains willing, to take prompt action to release EDS from this Court's October 21, 2019 TRO (ECF No. 24). The Receiver simply asked for proof first. *See* ECF No. 76-2.

The need for proof is clear, given that EDS is asking that the Receiver take action contrary to the Court's initial findings on Plaintiffs' evidence, which included evidence that EDS was a Receivership Defendant. *See* ECF No. 77 at 1-2 (summarizing the evidence regarding EDS presented by Plaintiff Bureau of Consumer Financial Protection (the "Bureau")). Caution is also called for in light of the evidence uncovered regarding the TRO Defendants' frequent name changes and their use of what appear to be dummy/front companies in the names of employees and others to disguise their continuing common enterprise. *See, e.g.,* ECF No. 75 at 14-25 (describing elaborate ruse to portray TAS 2019 LLC as a third party, when in fact it was created and controlled by Defendants).

EDS refused to supply the Receiver any proof of its claims, accusing the Receiver of "Gestapo type tactics" (among other inappropriate slurs),[1] *see* ECF No.

---

[1] The Receiver disagrees with but need not respond to much of EDS's commentary about his actions, because the record submitted thus far clearly shows the Receiver acted diligently and responsibly. The one slur by EDS that may require brief comment is the claim that the Receiver has a conflict of interest. *See* ECF No. 76 at 10 n.4. Specifically, EDS claims that the Receiver cannot fairly and impartially discharge his duties under this Court's TRO because he is a former federal prosecutor, and he is frequently recommended to be a receiver. While EDS is correct about both of these facts, its conclusion from them is completely illogical and unsupported. First, former federal prosecutors fill the ranks of the federal judiciary and the criminal defense bar. EDS' argument would portray these former prosecutors as moles who remain secretly loyal to the federal government, but the far more likely deduction is that former federal prosecutors are often highly qualified. Second, the Receiver's appointment depends not merely on the government's recommendation but also the Receiver's record of effective discharge of his duties. If the Receiver had failed to discharge his duties fairly, effectively and in accordance with court orders, surely that would have been established in one of the dozens of litigated receiverships the Receiver has handled. But EDS cites not one example of any such failure. The more likely conclusion to be drawn from the facts EDS relies upon, is that that the Receiver has been appointed many times by many courts because having handled hundreds of complex cases as a federal prosecutor and in private practice, he has a proven track record of effectiveness and integrity.

1  76-2 (Exhibit B), and filing the present *ex parte* application demanding immediate
2  action from the Court.  EDS' choice to engage in inappropriately combative
3  litigation tactics does not merit expedited attention from the Court.  Instead, EDS
4  should be ordered to meet and confer with Plaintiffs and the Receiver in good faith,
5  including supplying them with any and all evidence which EDS would want the
6  Court to consider.

7    As a preliminary, procedural matter, EDS cannot prove that it is a proper
8  applicant for extraordinary *ex parte* relief, as it is not without fault in creating the
9  situation of which it complains.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883
10 F. Supp. 488, 490 (C.D. Cal. 1995) (*ex parte* relief applicant must show it "is
11 without fault in creating the crisis that requires *ex parte* relief").  Had EDS simply
12 submitted proof to the Receiver on Wednesday October 23, when a quite limited
13 and specific set of materials was requested in writing, *see* ECF No. 76-2 (Exhibit
14 A), there would have been no need for a motion practice at all, much less an *ex
15 parte* filing.  Accordingly, any relief sought by EDS must be sought in accordance
16 with normal, noticed motion process, including appropriate meet and confers as
17 required by this Court's local rules.

18   Substantively, for the reasons set forth in Plaintiff the Bureau's opposition,
19 EDS has failed to supply evidence supporting its claims.  See generally ECF No.
20 77.  Indeed, even during the meet and confer held after EDS filed its *ex parte*, EDS
21 was unprepared to discuss the merits of its application, changing its position during
22 the call on key issues such as why the marketing material on its website was
23 identical to material on Defendants' websites.  *See* ECF No. 77-2 at ¶¶ 4-6.
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, for the reasons set forth above and in Plaintiff the Bureau's opposition papers, on procedural and substantive grounds, the Receiver recommends that the Court deny EDS's ill-founded claims and order EDS to meet and confer with the Receiver and Plaintiffs in good faith, including exchange of evidence necessary to evaluate its claims.

Dated:  November 5, 2019          MCNAMARA SMITH LLP

By:   /s/ Sanjay Bhandari
    Sanjay Bhandari
    *Attorneys for Receiver,*
    *Thomas W. McNamara*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

 /s/ Sanjay Bhandari
Sanjay Bhandari
*Attorney for Receiver,*
*Thomas W. McNamara*