VENABLE LLP
Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Allyson B. Baker (*admitted pro hac vice*)
  abbaker@venable.com
Gerald S. Sachs (*admitted pro hac vice*)
  gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel*. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>　　　　Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.,<br><br>　　　　Relief Defendants. | CASE NO. 8:19-cv-01998-JVS(JDEx)<br><br>Hon. James V. Selna<br>Courtroom 10C<br><br>**DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO FILE DOCUMENT UNDER SEAL**<br><br>Date/Time: Under Submission<br>Crtrm: 10C<br><br>Action Filed: October 21, 2019<br>Trial Date: None set |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants True Count Staffing, Inc., Prime Consulting LLC, Kaine Wen, and Albert Kim; and Relief Defendants Infinite Management Corp. and Hold The Door, Corp. hereby oppose the *Ex Parte* Application for Leave to File Under Seal and to Waive Notice Requirements (the "Application") filed by Plaintiff Bureau of Consumer Financial Protection (the "Bureau").

First, the Court should deny the Application because the Bureau has not complied with the requirements of L.R. 79-5.2.2.(a). Under that rule, an application for leave to file under seal must "describe the nature of the information that the Filing Party asserts should be closed to public inspection." L.R. 79-5.2.2.(a); *see also* LR 7-19 (requiring "reasons for the seeking of an ex parte order, and points and authorities in support thereof").

Here, the Application fails even to describe the documents sought to be filed under seal, much less describe the nature of the documents to be hidden from public view. *See* Application at 2:2-4 (requesting permission to file "certain" unidentified documents under seal, including the Preis Declaration (Dkt. 105)). The Court should deny the Application on this ground alone.

Second, the Application should be denied because the Bureau failed to serve the documents proposed to be filed under seal.

> Filing a document under seal does not exempt the filer from the service requirements imposed by federal statutes, rules, or regulations, or by the Local Rules of this Court. Because documents filed under seal (even those filed electronically) are visible on CM/ECF or PACER only to Court personnel and the person who filed the document, a person electronically filing a document under seal may not rely on the Court's CM/ECF System to effect service as provided in L.R. 5-3.2.1. Service of such documents must be made in accordance with F.R.Civ.P. 5. At the time of filing, the documents must be accompanied either by a Proof of Service in the form required by L.R. 5-3.1.2 or by a declaration explaining why service is not required.

L.R. 79-5.3.

Here, it is unclear whether the documents proposed to be filed under seal were served. The Application has no proof of service. To the extent the sealed Preis Declaration (Dkt. 105) contains information regarding why service is not required, that portion of the declaration, at a minimum, should not be under seal because basic information about service does not warrant under seal treatment. Moreover, counsel requested that the Bureau provide a copy of the documents proposed to be sealed, and the Bureau rejected such requests.

<u>Third</u>, the Bureau is not entitled to waiver of notice because it has identified no grounds that warrant such waiver. *See* L.R. 7-19.2 (requiring showing that "interest of justice requires that the ex parte application be heard without notice").

Accordingly, the Court should deny the Application and either unseal or strike the Preis Declaration (Dkt. 105).

Dated: November 15, 2019

VENABLE LLP

By: /s/ Witt W. Chang
Witt W. Chang
Allyson B. Baker (*admitted p.h.v.*)
Gerald S. Sachs (*admitted p.h.v.*)
Attorneys for True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, Infinite Management Corp., and Hold The Door, Corp.