VENABLE LLP
Allyson B. Baker (*admitted pro hac vice*)
  abbaker@venable.com
Gerald S. Sachs (*admitted pro hac vice*)
  gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Facsimile:   (202) 344-8300

Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel*. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney, | CASE NO. 8:19-cv-01998-JVS(JDEx) |
| | Hon. James V. Selna<br>Courtroom 10C |
| | **DEFENDANTS'** ***EX PARTE*** **APPLICATION TO COMPEL COMPLIANCE WITH LOCAL RULE 79-5 IN REGARDS TO SERVICING SEALED DOCUMENTS** |
| Plaintiffs, | |
| v. | |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson, | Date/Time:   Under Submission<br>Crtrm:            10C |
| | Action Filed:   October 21, 2019<br>Trial Date:      None set |
| Defendants, and | |
| Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc., | |
| Relief Defendants. | |

## EX PARTE APPLICATION

### I. NOTICE OF EX PARTE APPLICATION AND APPLICATION

Pursuant to Local Rule 7-19 and the Initial Order Following Filing of Complaint Assigned to Judge Selna ("Standing Order"), True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, Infinite Management Corp., and Hold The Door, Corp. (together, "Defendants") hereby move *ex parte* to compel compliance with Local Rule 79-5 in regards to the service of the Preis Documents, Sealed Document, and all documents subsequently filed under seal as defined below.

In advance of filing this Application, the parties met and conferred, pursuant to Local Rule 7-19.1. *See* Declaration of Allyson B. Baker ("Baker Decl.") ¶¶ 8-9.

Good cause exists to grant such relief, as set forth below.

### II. THE BUREAU SHOULD BE REQUIRED TO PROVIDE TO DEFENDANTS COPIES OF THE UNDER-SEAL DOCUMENTS

On November 15, 2019, Plaintiff Bureau of Consumer Financial Protection (the "Bureau") filed an *Ex Parte* Application for Leave to File Under Seal and to Waive Notice Requirements (the "Application") (Dkt. 104), which included the sealed Declaration of Sarah Preis ("Preis Declaration") and the unidentified documents described therein ("Preis Attachments," and together with the Preis Declaration, "Preis Documents") (Dkt. 105). Defendants filed their Opposition to the Application soon after (Dkt. 106). On November 18, 2019, the Bureau subsequently filed another sealed document ("Sealed Document") (Dkt. 108). The Sealed Document filed on November 18, 2019 (Dkt. 108) has no proof of service nor a declaration explaining why service was not required. On November 18, 2019, the Court issued an Order granting the Application (Dkt. 107). The Court specifically and only granted the Bureau's request to file documents under seal and relieved it of the oral notice requirements relating to L.R. 7-19.1 until the sealing order is lifted (*Id.*).

Since November 15, Defendants have repeatedly requested a copy of the documents that the Bureau has moved to file under seal. *See* Baker Decl. ¶¶ 2-4, 6. The Bureau has refused to provide Defendants with copies of those documents. *See id.*

There is, however, no legal basis for the Bureau's decision to withhold production of documents filed in this case, and the Bureau points to no such authority. *See* Baker Decl. ¶ 8. Rather, the Bureau relies on the Court's sealing order (the "Order"). *See id.* While the Court's Order seals certain documents and waives oral notice requirements pre-filing of an *ex parte* application, the Order does not allow the Bureau to withhold copies of the sealed documents from Defendants (Dkt. 107).

Indeed, the Ninth Circuit has firmly held, in several contexts, that "a district judge may not adopt procedures that impair a defendant's right to due process or his other rights guaranteed by the constitution" and that "ex parte proceedings are anathema in our system of justice." *United States v. Thompson*, 827 F.2d 1258-59 (9th Cir. 1987) (finding that the district court violated defendant's right to due process by refusing to allow defense counsel to hear government's reasons for its peremptory challenges); *see Guenther v. C.I.R.*, 939 F.2d 758, 760-61 (9th Cir. 1991) (holding that taxpayers' due process rights were violated when the Internal Revenue Commissioner was allowed to submit an ex parte trial memorandum); *Lynn v. Regents of Univ. of California*, 656 F.2d 1337, 1346 (9th Cir. 1981) (finding the Court's ex parte review of plaintiff's tenure review file "for the purpose of assisting it to make factual determinations or to evaluate other evidence violated principles of due process upon which our judicial system depends to resolve disputes fairly and accurately").

In addition, L.R. 79-5.3 expressly requires that a party serve ***every*** document filed under seal in accordance with Fed. R. Civ. P. 5, and that the party include, at

the time of filing, proof of service or "a declaration explaining why service is not required." L.R. 79-5.3 ("Filing a document under seal does not exempt the filer from the service requirements imposed by federal statutes, rules, or regulations, or by the Local Rules of this Court."); *see* Fed. R. Civ. P. 5(b). The Bureau is not exempt from this rule. *See e.g.*, *Intervention911 v. City of Palm Springs*, No. 5:13-cv-0117-ODW(SP), 2018 WL 1441167, at *11 (C.D. Cal. March 22, 2018) (denying plaintiff's application to file under seal because plaintiff failed to provide defendant with a declaration in support of its application or "the documents [plaintiff] seeks to file under seal as required under Local Rule 79-5"); *Omar v. Kerry*, No. 15-cv-01760, 2015 U.S. Dist. LEXIS 155463, at *4 (N.D. Cal. Nov. 17, 2015) ("[P]arties moving to seal documents must comply with the procedures set forth in Civil Local Rule 79-5.").

Accordingly, Defendants respectfully request that the Court enter an order requiring the Bureau to comply with Local Rule 79-5 and produce the Preis Documents, Sealed Document, and all documents subsequently filed under seal to Defendants. In addition, Defendants respectfully request this Court award their reasonable attorneys' fees and costs incurred in bringing the instant *ex parte* application, including time spent requesting the Preis Documents, and Sealed Document and participating in the meet and confer.

///

///

///

### III. STATEMENT OF COMPLIANCE WITH LOCAL RULE 7-19 AND 7-19.1

Pursuant to Local Rule 7-19.1, the Court is hereby advised that counsel for Moving Parties made reasonable, good faith efforts orally to advise counsel for the Bureau of the date and substance of this *ex parte* application, including participating in a meet and confer call and engaging in written correspondence. *See* Baker Decl. ¶¶ 1-9, Exs. A-B. Counsel for the Bureau opposes the relief requested herein. *Id*.

Dated: November 22, 2019

VENABLE LLP

By: /s/ Witt W. Chang
Witt W. Chang
Allyson B. Baker (*admitted p.h.v.*)
Gerald S. Sachs (*admitted p.h.v.*)
Attorneys for True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, Infinite Management Corp., and Hold The Door, Corp.