VENABLE LLP
Allyson B. Baker (*Admitted Pro Hac Vice*)
    abbaker@venable.com
Gerald S. Sachs (*Admitted Pro Hac Vice*)
    gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:   (202) 344-4000
Facsimile:   (202) 344-8300

Witt W. Chang (SBN 281721)
    wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel*. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney, <br><br>           Plaintiffs, <br><br>       v. <br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson, <br><br>           Defendants, and <br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc., <br><br>           Relief Defendants. | CASE NO. 8:19-cv-01998-JVS(JDEx) <br><br>Hon. James V. Selna <br>Courtroom 10C <br><br>**DECLARATION OF ALLYSON B. BAKER IN SUPPORT OF DEFENDANTS'** ***EX PARTE*** **APPLICATION TO COMPEL COMPLIANCE WITH LOCAL RULE 79-5 IN REGARDS TO SERVICING SEALED DOCUMENTS** <br><br>Date/Time:   Under Submission <br>Crtrm:          10C <br><br>Action Filed:  November 22, 2019 <br>Trial Date:     None set |

**DECLARATION OF ALLYSON B. BAKER**

I, Allyson B. Baker, declare as follows:

1. I am an attorney at law and partner of the law firm Venable LLP, counsel of record for Defendants True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, and Albert Kim. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. On Friday, November 15, 2019, I emailed counsel for Plaintiff Bureau of Consumer Financial Protection (the "Bureau," and together with the Defendants, the "Parties"), Jesse Stewart and Sarah Preis, requesting that they send us the document that was filed under seal (Dkt 105). Mr. Stewart responded that its "application sought leave to file under seal and for relief from the notice requirements under the local rules" and that the Bureau would not provide "more than what is available on the public docket."

3. I responded to Mr. Stewart's email by asking whether the Bureau is seeking in camera review or under seal treatment of the documents it files. The Bureau did not respond to my email.

4. On Monday, November 18, 2019, I emailed Mr. Stewart and Ms. Preis to renew our request to be provided with a copy of the document that was filed under seal on November 15, 2019 and explained that as parties to the case, we are entitled to see any documents filed with the Court. The Bureau did not respond to my email.

5. A true and correct copy of the email correspondence between counsel for Defendants and the Bureau, dated November 15, 2019 and November 18, 2019, is attached hereto as Exhibit A.

6. On Thursday, November 21, 2019, I emailed Mr. Stewart and Ms. Preis again to renew our request that the Bureau provide the document that was filed under seal and noted that the "Court's order does not eliminate the need for [the Bureau] to produce those materials." I also requested the Bureau's availability

1

DECLARATION OF ALLYSON B. BAKER IN SUPPORT OF DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL COMPLIANCE WITH LOCAL RULE 79-5 IN REGARDS TO SERVICING SEALED DOCUMENTS

for a meet and confer call to discuss the motion to compel production of the sealed documents we were contemplating filing. Mr. Stewart responded that the Bureau would not "be providing more than what is available on the public docket" and provided their availability for the meet and confer. The Parties agreed to have a call to meet and confer at 10:45 a.m. on November 22, 2019.

7. A true and correct copy of the email correspondence between counsel for Defendants and the Bureau, dated November 21, 2019 and November 22, 2019 is attached hereto as Exhibit B.

8. During the Parties' meet and confer call, I asked the Bureau what legal authority, rule, or case law, if any, it is relying on to support its position to not provide copies of documents it files under seal. The Bureau refused to provide any legal authority and instead claimed that the Court's order on its Ex Parte Application to File Under Seal and to Waive Notice Requirements applies to documents it files under seal. When I responded and explained the distinction between in camera review and filing under seal, and that as a party to the litigation, we are entitled to see documents filed on the docket (with the understanding that the documents are not available to the public), the Bureau maintained its position regarding the Court's order.

9. I informed the Bureau that we intend to file a motion to compel production of the sealed documents and will request attorneys' fees by this afternoon. The Bureau acknowledged receipt of my statement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 22, 2019, at Washington, D.C.

Allyson B. Baker

2
DECLARATION OF ALLYSON B. BAKER IN SUPPORT OF DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL COMPLIANCE WITH LOCAL RULE 79-5 IN REGARDS TO SERVICING SEALED DOCUMENTS