SARAH PREIS (D.C. Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (N.Y. Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>   Defendants. | CASE NO. 8:19-cv-01998 JVS (JDEx)<br><br>**OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL COMPLIANCE WITH LOCAL RULE 79-5 IN REGARDS TO SERVICING SEALED DOCUMENTS**<br><br>Court:   Hon. James V. Selna<br>          Courtroom 10C |

Plaintiff Bureau of Consumer Financial Protection (the Bureau) opposes Defendants' *Ex Parte* Application to Compel Compliance with Local Rule 79-5 in Regards to Servicing Sealed Documents (ECF 109) for the reasons set forth in the Declaration of Sarah Preis (ECF 105, under seal). For the same reasons, the documents filed under seal at ECF 105 and 108 (Under-seal Filing and Exhibit) should not be available on the public docket or provided to any party in this matter at this time.

The cases that Defendants cite do not support concluding otherwise. The due process cases all involved information considered *ex parte* in relation to entry of a final judgment or conviction. *See Guenther v. Comm'r*, 939 F.2d 758, 759-60 (9th Cir. 1991); *United States v. Thompson*, 827 F.2d 1254, 1255-56 (9th Cir. 1987); *Lynn v. Regents of Univ. of California*, 656 F.2d 1337, 1345-48 (9th Cir. 1981). In contrast, Defendants do not and cannot make an analogous argument here because there is no final judgment or similar decision that relies on the under-seal documents. The other cases Defendants cite are distinguishable because the Bureau has complied with the Local Civil Rules. In *Intervention911 v. City of Palm Springs*, No. 5:13- cv-0117-ODW(SP), 2018 WL 1441167 (C.D. Cal. Mar. 22, 2018), the moving party did not seek relief from the notice requirements under the Local Civil Rules and did not supply a valid reason for its failure to provide certain documents to the opposing party. *See id.* at *9-11. In contrast, the Bureau sought relief from the notice requirements until the seal lifts. The Court granted that relief (ECF 107). And the Preis Declaration (ECF 105) explains the reasons why providing the under-seal documents to the other parties is not required, as permitted by Local Civil Rule 79-5.3 (under-seal documents may be accompanied "by a declaration explaining why service is not required").

The Bureau understands the Court's November 18, 2019 Order to relieve the Bureau of having to provide ECF 105 and 108 to any party "until the sealing order is lifted." ECF 107. In an abundance of caution, the Bureau is attaching a proposed order

excepting the Bureau from serving the under-seal documents at ECF 105 and 108, as permitted by Local Civil Rule 79-5.3 and supported by the Preis Declaration.

Dated: November 23, 2019                    Respectfully submitted,

/s/ Jesse Stewart
Jesse Stewart (NY Bar No. 5145495)
(admitted *pro hac vice*)
*Enforcement Attorney*
Email: jesse.stewart@cfpb.gov

*Attorney for Plaintiff*
*Bureau of Consumer Financial Protection*