1  Sanjay Bhandari (SBN 181920)
   sbhandari@mcnamarallp.com
2  Edward Chang (SBN 268204)
   echang@mcnamarallp.com
3  McNamara Smith LLP
   655 West Broadway, Suite 1600
4  San Diego, California 92101
   Telephone: 619-269-0400
5  Facsimile:  619-269-0401

6  *Attorneys for Receiver,*
   *Thomas W. McNamara*

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11 | Bureau of Consumer Financial Protection; | Case No. 8:19-cv-01998-MWF (KSx)
   | State of Minnesota, by its Attorney |
12 | General, Keith Ellison; State of North | **DECLARATION OF THOMAS W.**
   | Carolina, ex rel. Joshua H. Stein, Attorney | **MCNAMARA IN SUPPORT OF**
13 | General; and The People of The State of | **RECEIVER'S FIRST INTERIM**
   | California, Michael N. Feuer, Los Angeles | **APPLICATION FOR ORDER**
14 | City Attorney, | **APPROVING FEES AND**
   |  | **EXPENSES OF THE RECEIVER**
15 |               Plaintiffs, | **AND HIS PROFESSIONALS**

16 |      v. | JUDGE: Hon. Michael W. Fitzgerald
   |  | CTRM:  5A
17 | Consumer Advocacy Center Inc., d/b/a | DATE:  January 27, 2020
   | Premier Student Loan Center; True Count | TIME:   10:00 a.m.
18 | Staffing Inc., d/b/a SL Account
   | Management; Prime Consulting LLC,
19 | d/b/a Financial Preparation Services;
   | Albert Kim, a/k/a Albert King; Kaine
20 | Wen, a/k/a Wenting Kaine Dai, Wen Ting
   | Dai, and Kaine Wen Dai; and Tuong
21 | Nguyen, a/k/a Tom Nelson,

22 |               Defendants, and

23 | Infinite Management Corp., f/k/a Infinite
   | Management Solutions Inc.; Hold The
24 | Door, Corp.; and TN Accounting Inc.,

25 |               Relief Defendants.

26

27

28

1       I, Thomas W. McNamara, hereby declare as follows:

2       1.     I am the Court-appointed Receiver in this matter.  I have personal

3 knowledge of the facts set forth in this declaration except where, as noted, those

4 facts have been obtained by staff acting at my direction.  If called as a witness, I

5 could and would competently testify to the facts stated herein.

6       2.     By this First Interim Fee Application, I seek approval for the payment

7 of fees and expenses from October 19, 2019 through November 30, 2019 as

8 detailed below.

9       3.     In my experience the bulk of the time spent, and expense incurred, in

10 a receivership like this one occurs at the beginning, as an immediate access to

11 defendants' business sites is made, the investigation is conducted, a preliminary

12 report prepared, and early follow-on motions are filed.  As these events are

13 completed, receivership expenses taper down and that has happened here.

14     **Receivership Activities**

15       4.     Receivership activities during the period covered by this Application

16 have been reported in detail in the Receiver's Preliminary Report filed

17 November 1, (ECF No. 75).  Since that time, we have continued to investigate and

18 pursue receivership estate assets, secure all hard copy and electronic documents

19 located at the three receivership sites in Irvine, California[1] (e.g., computers,

20 monitors, printers, chairs, cubicles, office furniture, office equipment, TVs, etc.),

21 contacted consumers to provide notice of the underlying action and receivership,

22 and cooperated with law enforcement.

23     **Fees and Expenses of the Receiver and Staff**

24       5.     The total fees for my time as Receiver and my professional staff

25 during this period are $122,113.50 as set forth in the invoice from Regulatory

26 ///

27

[1]  15261 Laguna Canyon Road, Suite 200, Irvine; 173 Technology Drive, Suite
28 202, Irvine; and 8 Hughes Parkway, Suite 210, Irvine, California.

1   Resolutions which is attached as Exhibit A.  That invoice includes services

2   provided by the following personnel:

3       a.    Receiver.  My fees as Receiver total $69,120 which reflects a

4           total of 153.6 hours at $450 per hour.  During this period, I

5           coordinated and reviewed activities of the receivership team,

6           including many functions for which I did not bill.

7       b.    Deputy Receiver.  Andrew W. Robertson has been a key

8           member of my receivership work for over 17 years.  He has a

9           background as a lawyer and a business operator.  During this

10          period, he assisted in implementing the immediate access and

11          preparing the Receiver's Preliminary Report.  His fees of

12          $24,430 reflect 69.8 hours at the discounted rate of $350 per

13          hour.

14      c.    Terry Plowden has more than 20 years of experience and

15          handled over 200 receiverships.  In this matter, he assisted in

16          the initial entry, conducted employee interviews, and reviewed

17          documents.  His fees of $3,115 reflect 8.9 hours at $350 per

18          hour.

19      d.    Accountant.  Lisa Jones is a Certified Insolvency and

20          Restructuring Advisor and Certified Fraud Examiner with more

21          than 20 years' experience in the insolvency and restructuring

22          industry with a wide range of experience in forensic accounting,

23          litigation support, and discovery.  She analyzed Receivership

24          Defendants' QuickBooks files, identified receivership estate

25          assets, reviewed documents from various financial institutions,

26          and prepared a financial report included in the Receiver's

27          Preliminary Report.  Her fees of $25,133.50 reflect 116.9 hours

28          at $215 per hour.

1          e.      Administration.  Alec Padilla provided additional support to

2          review select emails.  His hours totaled 7 hours at a rate of $45

3          an hour or $315.

4        6.    The invoice from Regulatory Resolutions also includes expenses

5    totaling $1,776.44, as detailed in Exhibit A.  The principal component of those

6    expenses relate to locksmith services ($1,082.35) and hotel accommodations

7    ($230.28).

8                  **Fees and Expenses of the Receiver's Counsel**

9        7.    For this period, fees for my counsel, McNamara Smith LLP

10   ("McNamara Smith"), are $143,283.50, detailed in Exhibit B.  The firm has been

11   directly involved in all receivership activities and their services are more

12   thoroughly described in the invoices in Exhibit B.

13       8.    The McNamara Smith attorneys have substantial experience with

14   issues revolving around regulatory receiverships.  The attorneys' fees have been

15   incurred primarily in on-site investigation and interview of employees at the time

16   of immediate access, review of voluminous electronic and paper records, the

17   preparation of the preliminary report, interacting with third parties, resolving

18   various deposition and document production matters, and preparing subsequent

19   stipulation and motion to sell assets.  In particular, Mr. Bhandari's fees of

20   $32,026.50 reflect 64.7 hours at the rate of $495 per hour; Mr. Smith's fees of

21   $32,442.50 reflect 68.3 hours at the rate of $475 per hour; Mr. Chang's fees of

22   $38,690 reflect 106 hours at the rate of $365 per hour; Ms. Gordon's fees of

23   $20,897.50 reflect 64.3 hours at the rate of $325 per hour; and paralegal Ms.

24   Carroll's fees of $19,227 reflect 98.6 hours at the rate of $195 per hour.

25       9.    The invoice from McNamara Smith also includes expenses of

26   $3,159.58, as detailed in Exhibit B.  The primary component of those expenses

27   relate to printing costs ($734.69), process servers ($621.50), FedEx charges

28   ($521.06) and hotel accommodations ($460.56).

1  ///

2  **Fees and Expenses of the Receiver's IT Consultant, Hadron Computer**

3  **Forensics & Investigations**

4  10.  The Receiver's forensic IT consultant, Hadron Computer Forensics &

5  Investigations ("Hadron") incurred fees of $17,631.25 and expenses of $1,543.73,

6  as detailed in Exhibit C.  Hadron assisted the receivership by preserving

7  Receivership Defendants' data.  Hadron also extracted and converted the data into

8  a format that we could read and evaluate quickly.

9  **Fees and Expenses of the Receiver's Private Investigators, Whelan &**

10  **Associates**

11  11.  The fees for the private investigators from Whelan & Associates are

12  $18,431.50, detailed in Exhibit D.  Whelan & Associates provided the Receiver's

13  team investigative assistance on the defendants' business locations prior to entry.

14  During the immediate access, the investigators assisted with employee interviews

15  and questionnaires, and provided logistical, and security support.  They also

16  provided follow-on assistance to open up the sites for employees.

17  12.  I submit to the Court that the identified services provided by me, as

18  Receiver, and by the other designated professionals, were necessary and

19  appropriate and brought significant value to the receivership.  I have monitored the

20  efforts of the team and have reviewed and approved the invoices which are the

21  subject of this First Interim Fee Application.  I request that the Court approve

22  immediate payment of these invoices.

23  I declare under penalty of perjury under the laws of the United States that

24  the foregoing is true and correct.

25  Executed this 20th day of December, 2019, in San Diego, California.

26  /s/ Thomas W. McNamara

27  Thomas W. McNamara

28