UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,

Plaintiffs,

v.

Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,

Defendants, and

Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.,

Relief Defendants.

Case No. 8:19-cv-01998-MWF (KSx)

**[PROPOSED] ORDER GRANTING STIPULATION AUTHORIZING RECEIVER TO LIQUIDATE OR ABANDON RECEIVERSHIP ESTATE ASSETS AND VACATE LEASED PREMISES**

Upon consideration of the stipulation by Plaintiffs Bureau of Consumer Financial Protection, State of Minnesota, State of North Carolina, and The People of The State of California (collectively, "Plaintiffs"), and Corporate Defendants True Count Staffing Inc., Prime Consulting LLC, and Sonya S. Slott, the Chapter 7 Trustee for Consumer Advocacy Center, Inc., Individual Defendants Albert Kim, Kaine Wen, and Tuong Nguyen, Relief Defendants Infinite Management Corp., Hold the Door Corp., and TN Accounting Inc. (collectively, "Defendants"), and the Court-appointed Receiver Thomas W. McNamara ("Receiver"), and having further reviewed the grounds therefore,

**IT IS HEREBY ORDERED** that:

1. The Receiver shall liquidate the Office Equipment and Property as soon as reasonably practical following entry of an order approving this Stipulation, and without further Court order or hearing, in such a manner as the Receiver determines to be most cost-effective so as to maximize the recovery to the Receivership Estate, in the Receiver's discretion and business judgment, in one or more public auctions and/or private sales, or any combination thereof, as the Receiver may determine will maximize value, minimize expense, and expedite the sale of the Office Equipment and Property.

2. Before the sale of the Office Equipment and Property, the Receiver shall preserve all business records, hard drives, and a small number of computers that the Receiver has determined contain consumer personal information and/or potential evidence. These items will be kept in a storage facility to be determined by the Receiver.

3. In the Receiver's discretion and business judgment, the Receiver may abandon any Office Equipment and Property that cannot be profitably liquidated for the benefit of the Receivership Estate without further notice, hearing, or additional court order.

///

4. Following entry of an order approving this Stipulation, the Receiver shall vacate the Receivership Sites as soon as practical and seek to recover security deposits from landlords.

5. An order approving this Stipulation shall satisfy the requirements for the sale of such property pursuant to 28 U.S.C. § 2004 and all such sales shall be deemed authorized and approved under 28 U.S.C. § 2004 without further notice, hearing, or court order.

**IT IS SO ORDERED.**

Dated: ____________________

______________________________
Hon. Michael W. Fitzgerald
United States District Judge