VENABLE LLP
Allyson B. Baker (*Admitted Pro Hac Vice*)
  abbaker@venable.com
Gerald S. Sachs (*Admitted Pro Hac Vice*)
  gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:   (202) 344-4000
Facsimile:   (202) 344-8300

Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel*. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai; Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.,<br><br>Relief Defendants. | CASE NO. 8:19-cv-01998-MWF(KSx)<br><br>Hon. Michael W. Fitzgerald<br>Courtroom 5A – First Street<br><br>**UNOPPOSED *EX PARTE* APPLICATION TO EXTEND DEFENDANTS' TIME TO RESPOND TO COMPLAINT**<br><br>Date/Time:    Under Submission<br>Crtrm:          5A<br><br>Action Filed:          October 21, 2019<br>Complaint Served:   October 23, 2019<br>Response Due:        February 3, 2020<br>Prop. Resp. Date:    May 4, 2020 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

### *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19 and the Court's procedures, Moving Parties[1] hereby move *ex parte* to extend their deadline to respond to Plaintiffs'[2] Complaint from February 3, 2020 to May 4, 2020, or such other time as the Court deems appropriate under the circumstances.

Pursuant to Local Rule 7-19.1, counsel for Moving Parties advised counsel for Plaintiffs of the date and substance of this *ex parte* application. *See* Declaration of Witt W. Chang ("Chang Decl.") ¶ 2.

Plaintiffs do not oppose the requested relief, which there is good cause to grant, including for the reasons set forth below.

## I.   DEFENDANTS SHOULD BE PERMITTED ADDITIONAL TIME TO RESPOND TO THE COMPLAINT DUE TO THEIR COOPERATION WITH PLAINTIFFS, THEIR EFFORTS AND DESIRE TO SETTLE, AND THEIR VERY LIMITED RESOURCES TO LITIGATE

Plaintiffs filed this action on October 21, 2019.  ECF No. 2.  On November 13, 2019, the parties stipulated to extend the due date for Moving Parties' response to the complaint to December 13, 2019 so that they could complete their negotiations regarding a stipulated preliminary injunction in this matter.  ECF No. 94.  The stipulated injunction negotiated by the parties was entered on November 15, 2019.  ECF No. 100.

On December 10, 2019, the parties jointly applied for an extension of time with respect to various dates set by Hon. James V. Selna prior to the transfer of this action to the instant Court, referencing (i) Plaintiffs' efforts to review Moving

---

[1] "Moving Parties," as used herein, refers to Defendants True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, and Tuong Nguyen; and Relief Defendants Infinite Management Corp. and Hold The Door, Corp..

[2] "Plaintiffs," as used herein, refers to Plaintiffs Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California.

2

1  Parties' financial information provided pursuant to the Temporary Restraining Order
2  and Stipulated Preliminary Injunction; (ii) Moving Parties stated "willingness to
3  cooperate and work toward a settlement with Plaintiffs as soon as practicable;" and
4  (iii) how "the additional time requested will better enable the parties to explore
5  reaching a negotiated resolution in this matter" and will "allow Plaintiffs an
6  opportunity to more fully review the large amount of material produced."  ECF No.
7  114.

8      Later that day, the Court granted the joint application and extended Moving
9  Parties' deadline to respond to the complaint to the current due date of February 3,
10  2020.  ECF No. 118.  Other than as set forth herein, Moving Parties have made no
11  prior request for an extension of time, and no prior request has been denied.  Chang
12  Decl. ¶ 3.

13      Shortly thereafter, on December 12, 2019, the case was transferred to the
14  instant Court, which vacated the scheduling conference originally set for March 2,
15  2020. ECF No. 119.  No dates have yet to be set for the initial scheduling conference,
16  discovery cut-off, pretrial conference, or trial.  Chang Decl. ¶ 4.

17      Since the entry of the stipulated injunction, the Bureau and Moving Parties
18  have engaged in informal settlement discussions.  *Id*. ¶ 5.  Plaintiffs and Moving
19  Parties anticipate commencing formal settlement discussions when Plaintiffs obtain
20  authority to do so from their respective offices.  *Id*.  Moving Parties are willing and
21  ready to discuss settlement, and are requesting that the Court permit ample time to
22  pursue a resolution of this matter through these efforts.  *Id*.

23      Moreover, pursuant to the Stipulated Preliminary Injunction, all of Moving
24  Parties' assets have been frozen and they have limited resources available for living
25  expenses and attorneys' fees to litigate this case.  *Id*. ¶ 6.  Moving Parties believe
26  that their limited resources, not to mention the resources of the Court, are best spent
27  on encouraging their efforts to reach a settlement to dispose of this entire action
28  rather than on continued litigation.  *Id*.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1    Plaintiffs do not oppose the requested relief. *Id.* ¶ 2.

2    Accordingly, Moving Parties respectfully request that the Court extend

3    Moving Parties' last day to respond to the Complaint by approximately 90 days to

4    May 4, 2020.

5

6    Dated:  January 28, 2020          VENABLE LLP

7                                      By:   /s/ Witt W. Chang

8                                            Allyson B. Baker (admitted p.h.v.)
                                             Gerald S. Sachs (admitted p.h.v.)
9                                            Witt W. Chang
                                      Attorneys for Defendants
10

11   Dated:  January 28, 2020          BAKER MARQUARDT LLP

12                                      By:   /s/ Keri Curtis Axel

13                                            Keri Curtis Axel
                                      Attorneys for Tuong Nguyen
14

15            **SIGNATURE CERTIFICATION**

16   Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Keri Axel,

17   counsel for Tuong Nguyen, concurs in the content of this filing and has authorized

18   this filing.

19

20   Dated:  January 28, 2020          VENABLE LLP

21                                      By:   /s/ Witt W. Chang

22                                            Allyson B. Baker (admitted p.h.v.)
                                             Gerald S. Sachs (admitted p.h.v.)
23                                            Witt W. Chang
                                      Attorneys for Defendants
24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900