VENABLE LLP
Allyson B. Baker (*Admitted Pro Hac Vice*)
　abbaker@venable.com
Gerald S. Sachs (*Admitted Pro Hac Vice*)
　gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:　(202) 344-4000
Facsimile:　(202) 344-8300

Witt W. Chang (SBN 281721)
　wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:　(310) 229-9900
Facsimile:　(310) 229-9901

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel*. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>　　　　　Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN | CASE NO. 8:19-cv-01998-MWF(KSx)<br><br>Hon. Michael W. Fitzgerald<br>Courtroom 5A – First Street<br><br>***EX PARTE* APPLICATION TO EXTEND DEFENDANTS' TIME TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>Date/Time:　Under Submission<br>Crtrm:　　　5A<br><br>Action Filed:　October 21, 2019<br>FAC Filed:　　February 24, 2020 |

49076422

1

*EX PARTE* APPLICATION
TO EXTEND DEFENDANTS' TIME TO RESPOND TO FAC

| | |
|---|---|
| Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; Sarah Kim, and Anan Enterprise, Inc., | |
| Relief Defendants. | |

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19 and the Court's procedures, certain Defendants ("Moving Parties")[1] hereby move *ex parte* to extend the deadline of the Unrepresented Defendants[2] to respond to Plaintiffs'[3] First Amended Complaint ("FAC") to July 13, 2020 to consolidate the Unrepresented Defendants' response deadline with Moving Parties' current deadline (*see* ECF No. 144).

## BACKGROUND

Plaintiffs' initial Complaint filed on October 21, 2019 named the Moving Parties as Defendants and alleges, among other things, the following:

- Defendant Albert Kim is Consumer Advocacy Center's primary owner and founder, and president of Relief Defendant Infinite Management Corp. ECF No. 2 (Complaint) ¶¶ 31, 41.

- Defendant Kaine Wen is True Count's primary owner and founder and has also been an owner and manager of Consumer Advocacy Center, and the sole corporate officer of Relief Defendant Hold the Door Corp. *Id*. ¶¶ 34, 44.

---

[1] "Moving Parties," as used herein, refers to initially named Defendants True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, and Tuong Nguyen; and Relief Defendants Infinite Management Corp. and Hold The Door, Corp.

[2] "Unrepresented Defendants," as used herein, refers to the following parties added to the First Amended Complaint: Defendants Horizon Consultants LLC; and First Priority LLC d/b/a/ Priority Account Management; and Relief Defendants Mice and Men LLC, 1st Generation Holdings, LLC, Sarah Kim, and Anan Enterprise, Inc. The undersigned counsel does not represent any of these parties.

[3] "Plaintiffs," as used herein, refers to Plaintiffs Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California.

- Defendant Tuong Nguyen exercised managerial responsibility for Consumer Advocacy Center, True Count, and was the president and sole officer of Relief Defendant TN Accounting Inc. *Id*. ¶¶ 38-40, 46.
- Defendants Wen, Kim, and Nguyen direct and control Relief Defendants Hold the Door Corp., Infinite Management Corp., and TN Accounting Inc.

On February 24, 2020, Plaintiffs filed their FAC adding the Unrepresented Defendants alleging, among other things, the following:

- First Priority, Horizon Consulting, and TAS 2019 were set up through True Count and Prime Consulting to collect payment from consumers. ECF No. 134 (FAC) ¶ 76.
- Relief Defendant Mice and Men is purportedly owned by Defendant Wen's mother. *Id*. ¶ 58.
- Relief Defendant TN Accounting's president and sole officer is Defendant Nguyen. *Id*. ¶ 55.
- Relief Defendant Sarah Kim is Defendant Kim's wife. *Id*. ¶ 62.
- Relief Defendant Anan Enterprise is owned by Defendant Kim's brother-in-law and Ms. Kim's brother. *Id*. ¶ 63.
- Relief Defendants Mice and Men, 1st Generation Holdings, Sarah Kim, and Anan Enterprise have received funds from Defendants traceable to funds received from consumers through the practices described in the FAC. *Id*. ¶ 300.

Both the initial Complaint and the FAC allege that the corporate defendants operated as a common enterprise. ECF No. 2 ¶¶ 139-148; ECF No. 134 ¶¶ 181-190.

On November 15, 2019, the Parties stipulated to a Preliminary Injunction that included an asset freeze, appointment of a Receiver, and other equitable relief. ECF No. 103. The asset freeze, document preservation, and other provisions, generally, apply to all Defendants and Relief Defendants named in the Complaint, as well as any of their successors, assigns, officers, agents, servants, employees, independent

contractors, attorneys, all persons directly or indirectly under their control, and any person who in active concert or participation with them who receives actual notice of the Preliminary Injunction. *Id.*

On April 14, 2020, in consideration of ongoing settlement discussions, the Moving Parties and Plaintiffs filed a Joint Application to Continue Scheduling Conference and Related Deadlines. ECF No. 143. The Court granted this request and set July 13, 2020 as the deadline for responsive pleadings while also ordering that the scheduling conference will not be reset until responses to the FAC are filed. *See* ECF No. 144 at 2:6-9.

## **ARGUMENT**

Good cause exists to extend the responsive pleading deadline of the Unrepresented Defendants to coincide with that of Moving Parties.

First, Moving Parties understand that many of the Unrepresented Defendants, which were added to this lawsuit by the February 24, 2020 FAC, have been diligently seeking suitable counsel free of potential conflicts to represent them in this action, and that such efforts have been significantly hampered by the ongoing global pandemic and the resulting state and local stay-at-home and shelter-in-place orders. *See* Declaration of Witt W. Chang ("Chang Decl.") ¶ 2.

Second, the requested consolidation of dates provides a reasonable amount of time for the Unrepresented Defendants—some of which, as entities, cannot appear without representation—to arrange for counsel, for counsel to get up to speed on the matter, and for the Unrepresented Defendants to prepare their responsive pleadings.

Third, Moving Parties are unaware of any prejudice to any party that would result from granting the requested extension. Indeed, Moving Parties seek merely to coordinate their existing due date with that of the Unrepresented Defendants, which would streamline the orderly administration of this case by putting the Unrepresented Defendants on the same case timeline as Moving Parties. Plaintiffs allege that Defendants operated as a "common enterprise." *See, e.g.*, ECF No. 134.

Forcing the individual Unrepresented Defendants to file a response without counsel before Moving Parties' response is due could prejudice Moving Parties. The entity Unrepresented Defendants cannot even appear without representation, and their potential default could prejudice Moving Parties' positions with respect to, *inter alia*, Plaintiffs' "common enterprise" theory.

Fourth, the requested extension would not delay this action, as Moving Parties' deadline to respond to the FAC is already set for July 13, 2020, and the Court has ordered that the scheduling conference will not be reset until responses to the FAC are filed. *See* ECF No. 144 at 2:6-9.

Pursuant to Local Rule 7-19.1, counsel for Moving Parties advised counsel for Plaintiffs of the date and substance of this *ex parte* application. *See* Chang Decl. ¶ 3.

Plaintiffs'[4] position is set forth as follows: (1) "Plaintiffs do not oppose a two week extension to the respective responsive pleading deadlines for Relief Defendants Sarah Kim and Anan Enterprises and Defendants First Generation, Horizon Consulting, First Priority, and Mice and Men in order to provide them additional time to obtain counsel;" and (2) "If those defendants are willing to complete the Bureau's financial disclosure forms within the next two weeks as part of an effort to reach a negotiated resolution, then we would also not oppose extending their response deadline to July 13, 2020." Further, "Plaintiffs have also indicated that they are open to agreeing to the requested continuance if those defendants are willing to complete the requested forms but do not think they can do so in two weeks, in which case Plaintiffs suggested discussing an alternative timeline for the completion of those materials." Chang Decl. ¶ 4.

---

[4] As of the date of this filing, Moving Parties have received a response regarding the relief sought in this filing from all Plaintiffs except for the City of Los Angeles.

Respectfully, as set forth herein, Moving Parties disagree with Plaintiffs that the short requested extension for responsive pleadings should be conditioned on the Unrepresented Parties completing the CFPB's financial disclosure forms.

## CONCLUSION

Accordingly, Moving Parties respectfully request that the Court extend the Unrepresented Defendants' last day to respond to the FAC to July 13, 2020.

Dated: May 5, 2020

VENABLE LLP

By: /s/ Witt W. Chang
Allyson B. Baker (admitted p.h.v.)
Gerald S. Sachs (admitted p.h.v.)
Witt W. Chang
Attorneys for Defendants True Count Staffing Inc, Prime Consulting LLC, Kaine Wen, Albert Kim, Infinite Management Corp., and Hold the Door Corp.

Dated: May 5, 2020

BAKER MARQUARDT LLP

By: /s/ Keri Curtis Axel
Keri Curtis Axel
Attorneys for Tuong Nguyen

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Keri Axel, counsel for Tuong Nguyen, concurs in the content of this filing and has authorized this filing.

Dated: May 5, 2020

VENABLE LLP

By: /s/ Witt W. Chang
Allyson B. Baker (admitted p.h.v.)
Gerald S. Sachs (admitted p.h.v.)
Witt W. Chang
Attorneys for Defendants