Glenn D. Moses , Esq.
(Admitted *Pro Hac Vice*; FBN 174556)
gmoses@gjb-law.com
Genovese Joblove & Battista, PA
100 Southeast Second Street, 44th Fl.
Miami, FL 33131
Telephone:  305-349-2300
*Attorneys for Chapter 7 Trustee of
Consumer Advocacy Center, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: <br><br> Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney, <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson, <br><br> Defendants, and <br><br> Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; Sarah Kim, and Anan Enterprises, Inc. <br><br> Relief Defendants. | Case No. 8:19-cv-01998-MWF-KS <br><br> JUDGE:  Hon. Michael W. Fitzgerald <br><br><br> **NOTICE OF FILING ORDER GRANTING TRUSTEE'S MOTION TO ENFORCE <u>THE AUTOMATIC STAY</u>** |

Sonya S. Slott, as Chapter 7 Trustee (the "**Trustee**") for Consumer Advocacy Center, Inc. ("**Consumer Advocacy**"), by and through her undersigned counsel, hereby gives notice of the filing of the *Order Granting Trustee's Motion to Enforce the Automatic Stay* (attached hereto as **Exhibit "A"**) entered on May 19, 2020 in the United States Bankruptcy Court for the Southern District of Florida (the "**Bankruptcy Court Order**").

Pursuant to the Bankruptcy Court Order, the Plaintiffs' claims as pled against Defendant Anan Enterprises, Inc. are subject to the automatic stay of the Bankruptcy Code and are therefore stayed, and the Plaintiffs are prohibited from pursuing any action against Defendant Anan Enterprises, Inc. for the recovery of the funds sought by the Trustee during the pendency of the bankruptcy proceedings.

Dated: May 20, 2020

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for the Chapter 7 Trustee of Consumer Advocacy Center, Inc.*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:  /s/     *Glenn D. Moses*
      Glenn D. Moses, Esq.
      Fla. Bar No. 174556
      gmoses@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was served via CM/ECF upon all parties in interest registered to receive electronic notification on this matter (which is incorporated herein by reference) on May 20, 2020.

By*:    /s/ Glenn D. Moses*
      Glenn D. Moses, Esq.

# **EXHIBIT "A"**



**ORDERED in the Southern District of Florida on May 19, 2020.**

Paul G. Hyman, Jr., Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          CASE NO.: 19-10655-BKC-PGH

Consumer Advocacy Center Inc.,
                                                CHAPTER 7
        Debtor.
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO ENFORCE THE AUTOMATIC STAY (ECF NO. 210)

**THIS MATTER** came for a hearing before this Court on April 23, 2020, upon the Chapter 7 Trustee's (the "Trustee") *Motion to Enforce the Automatic Stay* (ECF No. 210) (the "Motion"). In the Motion, the Trustee seeks a stay of the prosecution of certain causes of action in the United States District Court for the Central District of California. For the reasons discussed below, the Court grants the Motion.

## BACKGROUND[1]

On January 16, 2019, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (ECF No. 1). On July 31, 2019, the Honorable John K. Olson ("Judge Olson") entered an Order Granting Motion to Appoint Trustee. (ECF No. 69). In compliance with that order, the Trustee was appointed as a Chapter 11 Trustee. (ECF No. 70). On August 20, 2019, the Debtor's case was converted to a Chapter 7 proceeding. (ECF No. 86). The Trustee was subsequently appointed as the Chapter 7 Trustee. (ECF No. 89).

On October 21, 2019, the Federal Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, the "Government Entities") filed an action in the United States District Court for the Central District of California (the "California District Court") against the Debtor and related entities and individuals. (*See* ECF No. 210, ¶ 5; ECF No. 216, ¶ 4). In that action, the California District Court entered a stipulated preliminary injunction (the "Preliminary Injunction") freezing certain assets of the defendants and appointing a receiver. (*See* ECF No. 210 ¶ 7; ECF No. 210, Ex. A.). The Preliminary Injunction definition of "Assets" expressly excluded "all legal and equitable interests in property of the chapter 7 debtor, Consumer Advocacy Center, Inc., d/b/a/ Premier Student Loan Center, which interests are

---

[1] The Court takes judicial notice of each of the court papers referenced herein, including the following documents supporting the facts as stated: (i) the Chapter 11 petition (ECF No. 1); (ii) the Order Granting Motion to Appoint Trustee (ECF No. 69); (iii) the Notice Appointing the Trustee (ECF No. 70); (iv) the Order Converting the Case to a Chapter 7 (ECF No. 86); (v) the Notice Appointing the Chapter 7 Trustee (ECF No. 89); (vi) the Motion to Dismiss (ECF No. 168); (vii) the Order Denying the Motion to Dismiss (ECF No. 195); (viii) the Motion to Enforce the Automatic Stay (ECF No. 210); (ix) the Government Entities' Response in Opposition (ECF No. 216); and (x) the Trustee's Complaint against Anan (Case No. 19-1960, ECF No. 1).

property of the Bankruptcy Estate pursuant to 11 U.S.C. § 541." (ECF No. 210, Ex. A., pp. 5-6).

On December 20, 2019, the Government Entities filed a Motion to Dismiss the Chapter 7 proceeding, asserting that it would be in the best interests of the creditors for the Debtor's assets to be under the control of the receiver in the action in the California District Court. (*See* ECF No. 168; ECF No. 210, ¶ 9; ECF No. 216, ¶ 5). After notice and a hearing, Judge Olson denied the Motion to Dismiss on January 27, 2020. (ECF No. 195). The Order Denying the Motion to Dismiss was not appealed and the time for filing a notice of appeal has expired, therefore it is a final and nonappealable order. *See* Fed. R. Bankr. P. 8002 (allowing a 14-day time period for filing a notice of appeal with the bankruptcy clerk).

On December 30, 2019, the Trustee filed an adversary proceeding against Anan Enterprises, Inc. ("Anan"), under 11 U.S.C. §§ 547 & 548, seeking to avoid $3,643,000 paid by the Debtor to Anan. (*See* ECF No. 210 ¶¶ 11–12; ECF No. 216, ¶ 7; Case No. 19-1960, ECF No. 1). The Trustee included a claim for unjust enrichment in the adversary proceeding. (Case No. 19-1960, ECF No. 1, ¶¶ 48–51).

On February 24, 2020, the Government Entities filed an Amended Complaint in the California District Court, including Anan and others as relief defendants. (ECF No. 210, ¶ 15; ECF No. 216, ¶ 10). The Government Entities seek to recover $3.6 million from Anan based upon amounts transferred by the Debtor to Anan for services that were never rendered. (ECF No. 210, ¶ 15; ECF No. 216, ¶ 11; ECF No. 210, Ex. B, ¶¶ 299–303).

3

The only factual allegations pleaded against Anan in the Amended Complaint are found in paragraphs 63 and 210, which allege that Anan is a California corporation, the location of its principal place of business, and alleged ownership (¶ 63), and that the Debtor paid Anan approximately $3.6 million "ostensibly for services" that Anan never rendered (¶ 210). The main claim made against Anan is an unjust enrichment claim for disgorgement of $3.6 million, including an assertion that the funds are held in a constructive trust for defrauded consumers. (ECF No. 210, Ex. B, ¶¶ 299−303).

The Government Entities also filed a Notice of Pendency of Other Action or Proceeding in the California District Court, advising that the adversary proceeding by the Trustee against Anan "appears to arise from the same facts that form the basis of the Bureau's claims against Anan" and that "[t]he Trustee and the Bureau each allege that Anan was unjustly enriched by payment from [the Debtor] to Anan." (ECF No. 210, Ex. C).

On April 23, 2020, this Court held a hearing on the issues presented in the Motion. At the hearing, counsel for the Federal Bureau of Consumer Financial Protection acknowledged that the $3.6 million sought by the Government Entities is the same $3.6 million sought by the Trustee in the adversary proceeding. Each of the Government Entities had separate counsel representing it at the hearing, and none of the counsel objected to the acknowledgement that the $3.6 million were the same funds as those sought by the Trustee in the adversary proceeding.

Each of the Government Entities has filed a claim in this bankruptcy

proceeding. (*See* Claims ## 4-2, 5-2, 6-2, & 10-1).

## **LEGAL ANALYSIS**

### *A. The Parties Arguments*

In the Motion, the Trustee asserts that the unjust enrichment claim against Anan is property of the bankruptcy estate under 11 U.S.C. §§ 541 & 544(b), giving her exclusive standing to pursue recovery of the $3.6 million. (ECF No. 210, ¶¶ 18−20). To the extent that the Government Entities argue that their action is excepted from the automatic stay under 11 U.S.C. § 362(b)(4), the Trustee alleges that in prosecuting the unjust enrichment claim against Anan, the Government Entities are not seeking to stop fraud or violation of the consumer protection laws, nor correct such violations by Anan, but simply to avoid the transfer of the $3.6 million by the Debtor to Anan. (ECF No. 210, ¶¶ 22−27).

The Government Entities assert four counter-arguments: (1) that whether the Trustee's causes of action are property of the estate is unsettled law, and "ultimately immaterial" to the determination of the issues presented in the Motion; (2) that the Government Entities' unjust enrichment claim against Anan is not property of the bankruptcy estate; (3) that the Government Entities' unjust enrichment claim against Anan is excepted from the automatic stay because they are exercising their police and regulatory power; and (4) that the Government Entities' unjust enrichment claim against Anan does not impede the Trustee or the equitable distribution of the bankruptcy estate.

### B. Fraudulent Conveyance Claims are Property of the Estate

The Government Entities first assert that whether the Trustee's claims against Anan are property of the estate is unsettled law. As stated in *In re Zwirn*, courts have used two different lines of reasoning when considering the automatic stay and fraudulent conveyance claims. *In re Zwirn*, 362 B.R. 536, 538–39 (Bankr. S.D. Fla. 2007). One line of cases holds that the fraudulently transferred property is property of the bankruptcy estate under § 541(a)(1) based upon the debtor's equitable interest in such property. *Id.* at 538. Based upon this reasoning, those courts have held that under 11 U.S.C. § 362(a)(3) creditors are stayed from pursuing recovery of the estate property. *Id.*

The second line of cases holds that the property does not become property of the estate until the trustee has recovered the property. *Id.* at 538–39. Courts in these cases have held that state court lawsuits to recover the fraudulently conveyed property are stayed under § 362(a)(1) as an action "to recover a claim against the debtor." *Id.* at 539 (internal citation and quotation marks omitted). Significantly, no matter which rationale is employed, "*all* courts appear to agree that commencing a bankruptcy case stays any state court fraudulent conveyance actions by a creditor, thereby ensuring that the estate's interests in the fraudulent transfer claim are properly protected to ensure that the estate and its creditors may receive the benefits." *Id.* (emphasis in the original) (internal citation omitted).

This Court agrees with the reasoning in *In re Zwirn*, which held that fraudulent conveyance claims for recovery of the debtor's property become property

of the estate upon the petition date under 11 U.S.C. § 541, so that the fraudulent conveyance claims, with rare exception, "may only be prosecuted by the trustee." *Id*. The Eleventh Circuit Court of Appeals has also endorsed this position in an unpublished decision. *See In re Van Diepen, P.A.*, 236 F. App'x 498, 503 (11th Cir. 2007) (per curiam) (noting that the chapter 7 "Trustee had the sole authority to prosecute, and therefore settle, the fraudulent conveyance claims"). Therefore, the Trustee's claims against Anan are property of the estate.

### C. The Government Entities' Claim Against Anan is Property of the Estate

The Government Entities next assert that their claims against Anan is not property of the bankruptcy estate because although they are "based in part on the same transactions, they are independent legal causes of action brought under different legal frameworks." (ECF No. 216, p. 7). However, when common-law claims, such an unjust enrichment claim, are "based on the same facts and arise from the same transaction as [a] statutory fraudulent-transfer claim that formed the basis of the Trustee's avoidance powers" then those common-law claims are "not truly independent" of the Trustee's claims. *See Berman v. Smith*, 510 B.R. 387, 396−97 (S.D. Fla. 2014) (upholding a bar order preventing a creditor from pursuing claims based upon a settlement of fraudulent conveyance claims by the trustee).

The Government Entities have asserted that the unjust enrichment claim against Anan is based upon the same transactions, and their counsel acknowledged at the hearing on the Motion that the claim is for recovery of the same property that the Trustee is seeking to recover. Therefore, the Government Entities unjust

7

enrichment claim against Anan is not independent from the Trustee's claims and the claim is thus property of the bankruptcy estate.

### D. *The Government Entities' Claim against Anan is not Excepted from the Automatic Stay*

The Government Entities assert that even if the unjust enrichment claim is subject to the automatic stay, they are exercising their police and regulatory power so that the claim is excepted from the automatic stay under 11 U.S.C. § 362(b)(4). (ECF No. 216, pp. 9–14).

11 U.S.C. § 362(b) enumerates the exceptions to the automatic stay, including the police and regulatory power exception, which states that a bankruptcy petition does not stay,

> under paragraph (1), (2), (3), or (6) of subsection (a) of this section, [ ] the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

11 U.S.C. § 362(b)(4). Courts use the "public policy" test and the "pecuniary interest" test to decide whether the police and regulatory power exception applies. *In re Wyly*, 526 B.R. 194, 198 (Bankr. N.D. Tex. 2015).

The public policy test is based on a determination that the government is "effectuating public policy rather than adjudicating private rights." *Id.* The pecuniary interest test involves the determination of whether the government "primarily seeks to protect a pecuniary governmental interest in the debtor's

8

property" rather than to protect the public welfare. *Id.* (internal citation omitted). Ultimately, the court must determine whether the primary effect of the regulatory proceeding is the protection of public safety and welfare. *Id.* Although "the government must be acting to vindicate something more than a pecuniary interest, the remedy can be monetary in character." *Id.* Additionally, exceptions to the automatic stay are to be construed narrowly. *See In re First Alliance Mortg. Co.*, 263 B.R. 99, 106 (9th Cir. B.A.P. 2001).

Courts have noted that while some actions by governmental organizations, even as they "effectuate certain declared public policies," will ultimately be an adjudication of private rights of individuals. *Chao v. Hospital Staffing Servs., Inc.*, 270 F.3d 374, (6th Cir. 2001). In such cases, if the action only "incidentally serves public interests, but more substantially adjudicates private rights, the court should regard the suit as outside the police power exception." *Id.* This distinction is particularly important when applying the exception will allow certain private parties to gain an advantage over other creditors in the bankruptcy estate. *Id.*

By adjudicating the unjust enrichment claim against Anan, the Government Entities have stated that they are seeking "to restitute any recovered funds from Anan to consumers." (ECF No. 216, p. 11). Thereby, the Government Entities are seeking to attain a pecuniary advantage for certain individuals over the remaining creditors in the bankruptcy estate. While the Government Entities seem to think that this should be allowed because they hold the majority of the claims in the estate, they have not cited to any authority in support of this notion. Therefore, because

9

allowing the Government Entities to proceed will give some private parties and advantage over other creditors, the claim against Anan fails the public policy test.

The Government Entities have also failed to articulate how the claim against Anan is not solely a pecuniary interest. The main claim asserted against Anan is an unjust enrichment claim to recover funds transferred by the Debtor. While the Government Entities have cited to several cases that have found an exception to the stay under § 362(b)(4) for a government actor to pursue a claim against a relief defendant, in the cited cases the relief defendant was the debtor, and the stay was lifted to allow the government to pursue a judgment determining of the amount owed by the debtor so that a claim could then be filed in the bankruptcy proceeding. *See e.g.*, *In re Wyly*, 526 B.R. at 201; *SEC v. Smith*, No. C2-CV-04-739, 2005 WL 2875546, at *3 (S.D. Ohio).

The Government Entities here have already filed claims in the estate, and are pursuing the action in the California District Court against the Debtor to adjudicate the amounts due. The unjust enrichment claim against Anan is merely to recover funds to satisfy the amounts owed, and allowing it to proceed will give certain private individuals an advantage over other creditors in the bankruptcy estate. The claim against Anan also fails the pecuniary interest test, and thus is not excepted from the automatic stay under § 362(b)(4).

### E. The Government Entities' Claim against Anan is not Excepted from the Automatic Stay

The final argument by the Government Entities is that their unjust enrichment claim against Anan does not impede the Trustee or the equitable

distribution of the bankruptcy estate. As discussed above, the unjust enrichment claim against Anan is property of the bankruptcy estate that is subject to the automatic stay. The Government Entities' action against Anan is an attempt to assert control over property of the estate, for the benefit of certain consumers over the remaining creditors of the estate. The Bankruptcy Code, in § 544 has granted the Trustee the ability to act as a representative of *all* the creditors, including the Government Entities, and thus recover property for the benefit of *all* the creditors. The Government Entities' attempt to secure the exact same property interferes with the Trustee's ability to administer the estate for the benefit of all the creditors, and thus interferes with the equitable distribution of the bankruptcy estate.

## **CONCLUSION**

The Court finds that the Trustee's claims are property of the estate, that the Government Entities' unjust enrichment claim against Anan is also property of the estate, that the Government Entities' unjust enrichment claim against Anan is not an exercise of police and regulatory power under 11 U.S.C. § 362(b)(4) and is thus not excepted from the automatic stay, and that the Government Entities' unjust enrichment claim against Anan is interfering with the Trustee's administration of the estate and with the equitable distribution of the bankruptcy estate so that Trustee's motion for enforcement of the automatic stay is granted.

For the reasons stated above, it is ORDERED that:

1. The Motion to Enforce the Automatic Stay (ECF No. 210) is GRANTED.

2. The Government Entities' unjust enrichment claim against Anan

Enterprises, Inc. is subject to the automatic stay under 11 U.S.C. § 362, and therefore the action in the California District Court against Anan Enterprises, Inc. is STAYED.

3. The Federal Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California are prohibited from pursuing any action against Anan Enterprises, Inc. for the recovery of the funds sought by the Chapter 7 Trustee during the pendency of the proceedings in this Court.

### 

Copies Furnished To:
All Parties in Interest