VENABLE LLP
Allyson B. Baker (*Admitted Pro Hac Vice*)
　abbaker@venable.com
Gerald S. Sachs (*Admitted Pro Hac Vice*)
　gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:　(202) 344-4000
Facsimile:　(202) 344-8300

Witt W. Chang (SBN 281721)
　wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:　(310) 229-9900
Facsimile:　(310) 229-9901

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel.* Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>　　　　Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN | CASE NO. 8:19-cv-01998-MWF(KSx)<br><br>Hon. Michael W. Fitzgerald<br>Courtroom 5A – First Street<br><br>***EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>Date/Time:　Under Submission<br>Crtrm:　　　5A<br><br>Action Filed:　October 21, 2019<br>FAC Filed:　　February 24, 2020 |

Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; Sarah Kim, and Anan Enterprise, Inc.,

           Relief Defendants.

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19 and the Court's procedures, Moving Parties[1] hereby move *ex parte* to extend all Defendants' last day to respond to Plaintiffs'[2] First Amended Complaint ("FAC") from July 13, 2020 to August 27, 2020.

Good cause exists for such relief for the following reasons:

First, the requested extension is warranted so that the parties (four Plaintiffs and fourteen Defendants and Relief Defendants) can either complete or exhaust their ongoing settlement negotiations, which could dispose of the entire case without the need for additional litigation. As of May 5, 2020, when Moving Parties previously moved the Court for an extension of the responsive pleading deadline, Defendants were waiting for Plaintiffs to provide a draft proposed stipulated judgment, which is generally the beginning of the CFPB's negotiation process, and had been so waiting since settlement conversations commenced in November 2019. Declaration of Witt W. Chang ("Chang Decl.") ¶ 2. Plaintiffs provided a first draft of the proposed stipulated order, on May 23, 2020—approximately six months after the parties began settlement negotiations. *Id*. Defendants responded as quickly as possible, coordinating the various concerns of Defendants (many of whom are represented by separate counsel), and provided their proposed changes to Plaintiffs on June 22,

---

[1] "Moving Parties," as used herein, refers to Defendants True Count Staffing, Inc., Prime Consulting, LLC, Kaine Wen, Albert Kim, Tuong Nguyen, Horizon Consultants LLC, TAS 2019 LLC; and Relief Defendants Infinite Management Corp., Hold The Door, Corp., Mice and Men LLC, 1st Generation Holdings, LLC, and Sarah Kim.

[2] "Plaintiffs," as used herein, refers to Plaintiffs Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California.

2020. *Id*. On July 2, 2020, right before the holiday weekend, Plaintiffs provided their response, in the form of a further revised draft. *Id*. Defendants need time to consider and respond to that that draft. *Id*. Rather than continue to litigate, the parties' and the Court's resources are best allocated to furthering the parties' settlement negotiations.

Second, new counsel need time to get up to speed, weigh in on the negotiations, and determine whether to settle or proceed to litigation. As the Court may recall, one of the reasons that Defendants previously requested an extension of the responsive pleading deadline was to permit some of newly-added parties and entities to obtain counsel. During this extension period, other than First Priority LLC, all parties were able to retain counsel. *Id*. ¶ 3. Relief Defendants Sarah Kim and 1st Generation Holdings just retained counsel on July 7, 2020. Declaration of Julian Burns King ¶ 2. New counsel should be permitted the opportunity to meaningfully participate in settlement negotiations, which would not be feasible under the current time constraints.

Third, the Supreme Court recently issued a ruling in *Liu v. Securities & Exchange Commission,* 591 U.S. ___ (2020) that addressed the remedy of disgorgement in federal court actions instituted by the SEC. Defendants believe that this ruling may bear on the CFPB's ability to seek disgorgement or any equitable remedy, and how such relief would be determined. Defendants therefore need time to analyze this opinion, and discuss it with the CFPB.

Fourth, pursuant to Local Rule 7-19.1, counsel for Moving Parties advised counsel for Plaintiffs of the date and substance of this *ex parte* application (Chang Decl. ¶ 4), and Plaintiffs do not oppose an extension of Moving Parties' last day to respond to the FAC from July 13, 2020 to July 31, 2020 (rather than August 27, 2020, as requested herein). While Moving Parties appreciate such an extension and have demonstrated throughout the course of settlement negotiations that they are committed to speedily reaching a stipulated resolution of this matter if possible, the

short extension that Plaintiffs prefer is simply insufficient for the parties to complete negotiations. Even if an agreement was reached today, Plaintiffs would still need to obtain their final agency approvals. Rather than having to seek a further extension of the deadline to respond to the FAC again later in July, Moving Parties propose setting one date by which the parties will either agree to settle or continue to litigate (barring something unforeseen). Moving Parties anticipate that an extension until August 27, 2020 will permit the parties each to make such a determination in a fully informed manner as settlement negotiations continue and the parties' respective positions crystallize.

Finally, Moving Parties are unaware of any prejudice to any party that would result from granting the requested 45-day extension versus the 18-day extension that Plaintiffs would not oppose. While Defendants previously moved to extend their responsive pleading deadlines to facilitate settlement discussions, allow newly added parties to obtain counsel, and coordinate the responsive pleading deadlines of all Defendants, this requested extension would not materially delay this action without reasonable justification. In fact, the 27-day difference between the parties' positions is insignificant in light of the potential of the ongoing settlement negotiations to dispense of the need for litigation at all. Further, no scheduling conference or case schedule has been set that would need to be reset if the requested relief is granted. *See* ECF No. 144 at 2:6-9. Moreover, Plaintiffs' rights are fully protected during the pendency of the settlement negotiations (and indeed for the balance of the litigation) because, long ago, the parties stipulated to a broad Preliminary Injunction that included an asset freeze, appointment of a Receiver, and other equitable relief. ECF No. 103.

Accordingly, Moving Parties respectfully request that the Court extend the last day to respond to the FAC for the Moving Parties and other Defendants from July 13, 2020 to August 27, 2020.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

Dated: July 9, 2020                     VENABLE LLP

By: /s/ Witt W. Chang
    Allyson B. Baker (admitted p.h.v.)
    Gerald S. Sachs (admitted p.h.v.)
    Witt W. Chang
Attorneys for Defendants True Count Staffing Inc, Prime Consulting LLC, Kaine Wen, Albert Kim

Dated: July 9, 2020                     EANET, PC

By: /s/ Matthew L. Eanet
    Matthew L. Eanet
Attorneys for Relief Defendants Mice and Men, LLC and Hold the Door Corp.

Dated: July 9, 2020                     COHEN WILLIAMS LLP

By: /s/ Marc S. Williams
    Marc S. Williams
Attorneys for Prime Consulting LLC, TAS 2019 LLC, and Horizon Consultants LLC

Dated: July 9, 2020                     BAKER MARQUART

By: /s/ Keri Curtis Axel
    Keri Curtis Axel
Attorneys for Defendant Tuong Nguyen and TN Accounting Inc.

Dated: July 9, 2020                     KING & SIEGEL LLP

By: /s/ Julian Burns King
    Julian Burns King
Attorneys for Relief Defendants Sarah Kim and 1st Generation Holdings


## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Matthew L. Eanet, Marc S. Williams, Keri Curtis Axel, and Julian Burns King, counsel for the parties indicated above, concur in the content of this filing and have authorized this filing.

Dated: July 9, 2020

VENABLE LLP

By: /s/ Witt W. Chang
    Allyson B. Baker (admitted p.h.v.)
    Gerald S. Sachs (admitted p.h.v.)
    Witt W. Chang
Attorneys for Defendants

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

49534684

6

*EX PARTE* APPLICATION
TO EXTEND TIME TO RESPOND TO FAC