VENABLE LLP
Allyson B. Baker (*Admitted Pro Hac Vice*)
 abbaker@venable.com
Gerald S. Sachs (*Admitted Pro Hac Vice*)
 gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Witt W. Chang (SBN 281721)
 wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendants True Count Staffing, Inc., Albert Kim, Kaine Wen, and Relief Defendant Infinite Management Corp.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel.* Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>            Plaintiffs,<br><br>     v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>            Defendants, and<br><br>Infinite Management Corp., f/k/a | CASE NO. 8:19-cv-01998-MWF(KSx)<br><br>Hon. Michael W. Fitzgerald<br>Courtroom 5A – First Street<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS TRUE COUNT STAFFING, INC., ALBERT KIM, AND KAINE WEN, AND RELIEF DEFENDANT INFINITE MANAGEMENT CORP.**<br><br>Date:         August 31, 2020<br>Time:        10:00 a.m.<br>Crtrm:       5A<br><br>Action Filed:   October 21, 2019 |

49652055

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

| | |
|---|---|
| 1<br>2<br>3<br>4 | Infinite Management Solutions Inc.;<br>Hold The Door, Corp.; TN<br>Accounting Inc.; Mice and Men<br>LLC; 1st Generation Holdings, LLC;<br>Sarah Kim, and Anan Enterprise,<br>Inc.,<br>          Relief Defendants. |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

49652055

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 31, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Michael W. Fitzgerald, United States District Judge, Courtroom 5A, 350 W. First Street, Los Angeles, California. 90012, Allyson B. Baker, Gerald S. Sachs, and Witt W. Chang of Venable LLP ("Venable") will and hereby do move to withdraw as counsel of record for Defendants True Count Staffing, Inc. ("True Count"), Albert Kim, and Kaine Wen, and Relief Defendant Infinite Management Corp. ("Infinite") (collectively, "Defendants").

This motion is made pursuant to Local Rules 83-2.3.2 and 83-3.1.2 and on the following grounds: (i) Venable recently became aware of an actual client conflict regarding Defendants' respective positions on matters in litigation; (ii) due to the conflict, there has been a breakdown in communications between Venable and Defendants that has made it unreasonably difficult for Venable to carry out effective representation; and (iii) withdrawal would not result in any material prejudice to the litigants or the administration of justice, nor would it result in material delay of this action.

Pursuant to Local Rule 7-3, prior to the filing of this motion, Venable requested that Defendants consent to its withdrawal from representation and conferred with counsel for the Receiver appointed over True Count. Declaration of Gerald S. Sachs ¶ 2. Pursuant to Local Rule 83-2.3.4., True Count and Infinite were advised of the consequences of their inability to appear *pro se*. *Id*. True Count, Infinite, Mr. Kim, and Mr. Wen do not consent to Venable's withdrawal. *Id*. The Receiver consents to Venable's withdrawal from representation of True Count. *Id*.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, and the Declaration of Gerald S. Sachs served and filed

1 concurrently herewith, and on such other oral and documentary evidence as may be
2 presented at the hearing of the motion.

| Dated: July 24, 2020 | VENABLE LLP |
|---|---|
| | By: /s/ Witt W. Chang |
| | Allyson B. Baker (admitted p.h.v.) |
| | Gerald S. Sachs (admitted p.h.v.) |
| | Witt W. Chang |
| | Attorneys for Defendants True Count Staffing Inc, Kaine Wen, and Albert Kim, and Relief Defendant Infinite Management Corp. |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

49652055

2
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should grant Venable LLP's ("Venable") motion to withdraw from representing Defendants True Count Staffing, Inc., Albert Kim, and Kaine Wen, and Relief Defendant Infinite Management Corp. (collectively, "Defendants")[1] because an actual conflict of interest between and among Defendants has arisen, such that Venable cannot continue its representation without the significant risk of running afoul of the California Rules of Professional Conduct. Further, due to this conflict, communications between Venable and Defendants have broken down, such that Venable is no longer able to effectively represent Defendants. Finally, as this case is not yet at issue, no scheduling conference has been set, and no trial date has been set, the requested withdrawal will not cause any prejudice to other litigants or the administration of justice, or delay the resolution of this case. Accordingly, Venable respectfully requests that the Court grant its motion to withdraw.

## II. LEGAL STANDARD

For good cause shown, the Court is empowered to permit counsel to withdraw from representation. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); Local Rule 83-2.3.2 (articulating "good cause" standard). In determining whether to grant a motion to withdraw, courts consider the following four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice[;] and (4) the degree to which withdrawal will delay the resolution of the case." *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 WL 2337863, at *1 (C.D. Cal. June 28, 2009).

---

[1] The docket erroneously lists Witt W. Chang of Venable as counsel of record for Defendant Consumer Advocacy Center Inc., Tuong Nguyen, and TN Accounting, Inc. Those defendants are represented by other counsel, as identified on the docket.

California law, including its Rules of Professional Conduct (with which attorneys appearing in this jurisdiction must comply), controls the assessment of counsel's reasons to seek withdrawal. *See Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) ("Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation."); Local Rule 83-3.1.2 ("each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto").

### III.  ARGUMENT

#### A.  Venable's Reasons for Withdrawal Constitute Good Cause

Venable must be permitted to withdraw because an actual conflict of interest has arisen in its joint representation of Defendants that puts Venable in an impossible position with respect to the applicable Rules of Professional Conduct if its joint representation of Defendants was to continue. "The existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel." *Page v. Stanley*, No. 2:11-CV-02255-CAS, 2014 WL 2472248, at *2 (C.D. Cal. June 2, 2014); *see also* Cal. Rules of Professional Conduct, Rule 1.16(b)(9) (withdrawal is proper if "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act"); *id.*, Rule 1.7(a)-(b) & Cmt. 1 (articulating duty of undivided loyalty and prohibiting representation of directly adverse clients or "if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client" without informed written consent); *id.*, Rule 1.6(a) (articulating duty of confidentiality); *id.*, Rule 1.4(b)(3) (attorney must "keep the client reasonably* informed about significant developments relating to the representation").

Here, without waiver of the attorney-client privilege or its duties with respect to any of Defendants, Venable requests withdrawal because an actual conflict of interest has recently arisen between and among Defendants that prevents Venable from continuing to represent Defendants, and prevents Venable from being able to simultaneously satisfy its duties of loyalty and confidentiality to each of Defendants. *See* Declaration of Gerald S. Sachs ("Sachs Decl.") ¶ 3. That conflict of interest also materially limits Venable's ability to effectively represent each of them. *Id.*

Further, even if each of Defendants was willing to provide informed written consent to waive the above-referenced conflict, Venable still must be permitted to withdraw, as such consent would be insufficient for the representation to continue under the present circumstances. *See*, *e.g.*, Cal. Rules of Professional Conduct, Rule 1.7(d)(1) (representation not permitted even with client's informed written consent if attorney does not "reasonably believe[] that the lawyer will be able to provide competent and diligent representation to each affected client"). Here, due to the above-referenced conflicts, Venable does not believe that it can provide competent and diligent representation as to each of Defendants if representation were to continue. Sachs Decl. ¶ 4.

Moreover, due to the above-referenced conflicts, communications between Venable and Defendants have broken down, such that Venable is no longer able to effectively represent Defendants without unreasonable difficulty. *Id.* ¶ 5. Withdrawal is proper for this independent reason. Cal. Rule of Professional Conduct, rule 1.16(b)(4) (withdrawal proper where client's conduct renders it "unreasonably difficult for the lawyer to carry out the representation effectively.").[2]

---

[2] Conflicts and breakdown in communication aside, and while not the basis for Venable's withdrawal, it bears noting that Defendants have a significant outstanding balance for
(continued…)

Finally, counsel's good faith representations herein should be taken at face value due to counsel's ongoing obligation not to reveal client confidences. *See Page v. Stanley*, No. 2:11-CV-02255-CAS, 2014 WL 2472248, at *2 (C.D. Cal. June 2, 2014) (quoting *Aceves v. Superior Court*, 51 Cal.App.4th 584, 592 (1996)) ("Where ... the duty not to reveal confidences prevent[s] counsel from further disclosure and the court accept[s] the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal.").

### B. Withdrawal Will Not Cause Material Prejudice to Other Litigants or the Administration of Justice, or Delay the Resolution of this Case

Venable's withdrawal from representing three defendants and one relief defendant will not materially prejudice any of them, the many other plaintiffs and defendants in this action, or the administration of justice; nor will it delay resolution of this case. *See*, *e.g.*, *Scottsdale Ins. Co. v. Grant & Weber*, No. CV-16-610-MWF (AJW), 2016 WL 7469640, at *2 (C.D. Cal. Nov. 1, 2016) (granting motion to withdraw, finding no prejudice or delay, and concluding party would still have time to retain counsel and mount a defense where trial was seven months away).

This case is still in its infancy. No defendant has answered the operative complaint. Party discovery has not commenced. No initial scheduling conference has been set. No trial date has been set.

Accordingly, no prejudice or delay would result from permitting Venable to withdraw; indeed, prejudice would result from forcing Venable to continue to represent Defendants given the conflict of interest and breakdown in communications articulated herein. *See*, *e.g.*, *Almont Ambulatory Surgery Ctr.*,

---

work performed by Venable on this matter and have not indicated any willingness or ability to pay those fees or any fees for future work. Sachs Decl. ¶ 6.

*LLC v. UnitedHealth Grp., Inc.*, No. CV1403053MWFVBKX, 2015 WL 12809590, at *2 (C.D. Cal. Oct. 23, 2015) (granting motion to withdraw, finding no prejudice or delay where no scheduling conference set, no trial date set, and parties recently completed briefing on responsive pleading; and observing that "[a]lthough this litigation is complex with a steep learning curve, permitting withdrawal at this early stage would be significantly more beneficial to all litigants than forcing [firm] to continue its representation despite the breakdown of the attorney-client relationship.").

## IV. CONCLUSION

For the foregoing reasons, Venable respectfully requests that the Court permit it and its attorneys to withdraw from representing Defendants True Count Staffing, Inc., Albert Kim, and Kaine Wen, and Relief Defendant Infinite Management Corp. as their counsel of record effective as of the date of the order granting this motion.

Dated: July 24, 2020

VENABLE LLP

By: /s/ Witt W. Chang
Allyson B. Baker (admitted p.h.v.)
Gerald S. Sachs (admitted p.h.v.)
Witt W. Chang
Attorneys for Defendants True Count Staffing Inc, Kaine Wen, and Albert Kim, and Relief Defendant Infinite Management Corp.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900