SARAH PREIS (D.C. Bar No. 997387)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (N.Y. Bar No. 5145495)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
N. NATHAN DIMOCK (D.C. Bar No. 264787)
nathan.dimock@cfpb.gov
Tel.: 202-435-9198
(Admitted *pro hac vice*)
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>    Defendants. | CASE NO. 8:19-cv-01998 MWF (KSx)<br><br>**OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME TO RESPOND TO FIRST AMENDED COMPLAINT**<br><br>Court:    Hon. Michael W. Fitzgerald<br>          Courtroom 5A<br><br>Date/Time: Under submission<br>Action Filed: October 21, 2019<br>Amended Complaint Filed: Feb. 24, 2020 |

Plaintiffs the Bureau of Consumer Financial Protection (the Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California oppose in part the *Ex Parte* Application for Order Shortening Time to Brief and Hear Motion to Withdraw as Counsel of Record for Defendants True Count Staffing Inc., Albert Kim and Kaine Wen, and Relief Defendant Infinite Management Corp., filed by their current attorneys (Defense Counsel). ECF No. 170. Specifically, Plaintiffs oppose further extending the current July 31, 2020 responsive pleading deadline.

Plaintiffs have agreed to or have not opposed five extensions to the responsive pleading date: from November 13 to December 13, 2019 (ECF 94), from December 13, 2019 to February 3, 2020 (ECF 114), from February 3 to May 4, 2020 (ECF 130), from May 4 to July 13, 2020 (ECF 143), and from July 13, 2020 to July 31, 2020.[1] In denying Defendants' most recent request to extend the responsive pleading beyond this timeframe, this Court agreed that only an extension until July 31, 2020, was appropriate, citing the "numerous extensions Defendants have already requested and received in this action." Mins. (In Chambers) Order Re: Moving Def. Ex Parte Appl. To Extend Time to Resp. to First Amended Comp., ECF No. 167. Defense Counsels' motion to withdraw does not alter this conclusion. Defense Counsel and their clients have been on notice of the impending deadline and have had ample time to either accept the Bureau's latest settlement offer or to prepare a responsive pleading.

Defense Counsel acknowledge that they informed their clients of their intent to withdraw no later than July 16, 2020. Decl. of Gerald Sachs at ¶2, ECF No. 168-1, (stating he requested consent to withdraw "[o]n July 16, 2020 (among other instances) . . . "). On July 22, 2020, Defense Counsel wrote to

---

[1] For defendants added by the First Amended Complaint on February 24, 2020, the Bureau did not oppose extending the time to respond until July 13, 2020, provided that those defendants agreed to complete a financial disclosure form as part of an effort to reach a negotiated resolution. (ECF 151 at 5:13-24.)

1

**OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME**

Plaintiffs, requesting a 30-day extension of the responsive pleading deadline to "finalize settlement." Ex. 1, Decl. of Jesse Stewart at ¶3. Defense Counsel did not share with Plaintiffs that he notified his clients of Defense Counsels' intent to withdraw on July 16, 2020 and was planning to file a motion to that effect. *Id.* Defense Counsel did not meet and confer with the Plaintiffs or otherwise notify them before filing the Motion to Withdraw on July 24, 2020. *See* ECF No. 168 at 1:20-22. And despite Defense Counsels' representations therein that withdrawal "would not result in any material prejudice to the litigants or the administration of justice, nor would it result in any material delay of this action[,]" Defense Counsel now seek an additional three weeks for their clients to file a responsive pleading. *Compare* ECF No. 168 at 1:17-19 *with* ECF No. 170 at 4:3-7.

Local Rule 83-2.3.5 provides that "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." Granting Defense Counsels' request for an extension will clearly delay the completion of this case. Plaintiffs have been very clear about their unwillingness to further extend the responsive pleading deadline if the parties do not reach an agreement in principle before the current deadline of July 31st. Defense Counsels' sudden desire to withdraw, on the eve of this impending deadline, does not justify extending the responsive pleading deadline any further given the numerous extensions granted to date and the need to prevent harmed consumers from having to wait any longer for this case to proceed to completion. Moreover, Defense Counsel and their clients have had ample time to prepare a response to the Bureau's allegations and, alternatively, Defendants Wen and Kim, who control True Count Staffing and Infinite Management Corp., respectively, have had time to retain alternative counsel for themselves and their companies or risk the consequences of default.

The Local Rules and the interests of justice make clear that Defense Counsels' effort to withdraw should not further delay the resolution of this case, regardless of whether that resolution is through settlement or litigation. Although Plaintiffs do not have sufficient information to take a position on Defense Counsels' Motion to Withdraw, that motion and the declarations submitted by their clients raise questions about the nature of the conflict asserted, when it arose, and the extent to which unpaid legal fees affected their intent to withdraw. Regardless of the issues between Defense Counsel and their clients, further extending the responsive pleading deadline is not justified, particularly given that Plaintiffs agreed to numerous extensions so that the parties could engage in settlement discussions, only to have defense counsel raise this issue while several parties appear on the brink of settlement and within days of the responsive pleading deadline. And Defense Counsels' recent effort to solicit Plaintiffs' consent to an additional extension premised on finalizing settlement negotiations, when in fact Defense Counsel had already notified their clients of their intent to withdraw nearly one week earlier, suggests they are seeking to delay prosecution of this case.

For the foregoing reasons, the Bureau respectfully requests that the Court deny Defendants' Motion and keep the current responsive pleading deadline of July 31, 2020.

Dated: July 29, 2020            Respectfully submitted,

By: /s/ *Sarah Preis*
Sarah Preis (D.C. Bar No. 997387)
(admitted *pro hac vice*)
*Enforcement Attorney*
1700 G Street NW
Washington, DC 20552
Phone: (202) 435-9318

3

**OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXTEND TIME**

Fax: (202) 435-9346
Email: sarah.preis@cfpb.gov

Attorney for Plaintiff
Bureau of Consumer Financial Protection

By: /s/ *M. Lynne Weaver*
M. Lynne Weaver (N.C. Bar No. 19397)
(admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Phone: (919) 716-6039
Fax: (919) 716-6050
Email: lweaver@ncdoj.gov

Attorney for Plaintiff
State of North Carolina

By: /s/ *Evan Romanoff*
Evan Romanoff (admitted *pro hac vice*)
Atty. Reg. No. 0398223
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Phone: (651) 757-1454
Fax: (651) 296-7438
Email: evan.romanoff@ag.state.mn.us

Attorney for Plaintiff
State of Minnesota

By: /s/ *Christina Tusan*
Christina Tusan,
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East

Los Angeles, CA 90012
213-473-6908
christina.tusan@lacity.org

I, Sarah Preis, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

   /s/ Sarah Preis
Sarah Preis