VENABLE LLP
Allyson B. Baker (*Admitted Pro Hac Vice*)
  abbaker@venable.com
Gerald S. Sachs (*Admitted Pro Hac Vice*)
  gssachs@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

Witt W. Chang (SBN 281721)
  wwchang@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, *ex rel*. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN | CASE NO. 8:19-cv-01998-MWF(KSx)<br><br>Hon. Michael W. Fitzgerald<br>Courtroom 5A – First Street<br><br>**VENABLE'S REPLY POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO WITHDRAW**<br><br>Action Filed:   October 21, 2019<br>FAC Filed:      February 24, 2020 |

| | |
|---|---|
| Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; Sarah Kim, and Anan Enterprise, Inc., | |
| | Relief Defendants. |

Venable respectfully submits this reply in support of its Motion to Withdraw (Dkt. No. 168).

First, to be clear, Venable is seeking to withdraw as counsel because it has recently received information that prevents the Firm from continuing to represent Defendants True Count Staffing, Inc., Albert Kim, Kaine Wen, and Relief Defendant Infinite Management Corp. (collectively, "Defendants") in this case as it moves into litigation. This information came to Venable's attention in late June and July. (*See* Dkt. No. 168). As stated in the Motion to Withdraw (the "Motion"), the conflict resulting in the Motion cannot be waived, as it is a conflict that prevents Venable from being able to provide competent and diligent representation to each affected client. (Cal. R. Prof. Resp. 7.1(d)).

Second, Venable is seeking to withdraw as counsel from this case at this juncture because it seems all but certain that litigation will be starting imminently. After waiting nearly six months, Plaintiffs proposed an initial settlement offer on May 23, 2020.

More recently, on the afternoon of Thursday, July 23 (Eastern Time), Plaintiffs sent the parties a proposed revised settlement offer. In light of that communication, despite prior optimism about settlement prospects, it does not appear that the parties are close to settling this matter. Accordingly, the next day, on July 24, Venable filed the Motion. On July 28, after learning that Plaintiffs would not agree to extend the time for Defendants to file a response to the Complaint, Venable filed an *Ex Parte* Application seeking to shorten the time to brief and hear the Motion, and at the same, extend Defendants' responsive pleading deadline. The Motion is not a tactic designed to delay the case for any

amount of time, let alone 21 days (the additional time sought in the *Ex Parte* Application). As stated in the Motion, Venable has filed its Motion out of necessity to meet its professional responsibility obligations.

Third, contrary to the assertions of Mr. Wen and Mr. Kim, Venable's Motion is not driven by a fee dispute. This information was purposefully put in a footnote in the Motion. Mr. Wen and Mr. Kim acknowledge that Venable has apprised them that there is a conflict that prevents the Firm from continuing its joint representation in this matter. Venable's written engagement letter with Mr. Kim and Mr. Wen specifically provides that, in the event a conflict subsequently develops, as this one did, Venable will withdraw as counsel and not represent either of them. Notwithstanding these facts, both Mr. Wen and Mr. Kim now are opposed to what they previously agreed.

Finally, Venable does not represent any of the parties that Mr. Eanet represents in this matter. It appears that Mr. Eanet has had adequate opportunities to communicate directly with Plaintiffs about his clients' positions. It remains unclear how his clients are affected by disposition of the Motion.

Dated: July 30, 2020

VENABLE LLP

By: /s/ Witt W. Chang
Allyson B. Baker (admitted p.h.v.)
Gerald S. Sachs (admitted p.h.v.)
Witt W. Chang
Attorneys for Defendants