UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-1998-MWF (KSx) | **Date:** July 31, 2020 |
| **Title:** | Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER RE: EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO BRIEF AND HEAR MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS TRUE COURT STAFFING, INC., ALBERT KIM, AND KAINE WEN, AND RELIEF DEFENDANTS INFINITE MANAGEMENT CORP [170]

Before the Court is Venable LLP's ("Venable") Ex Parte Application For an Order (i) Shortening the Time to Brief and Hear its Motion to Withdraw as Counsel of Record; and (ii) Extending Defendants' Last Day to Respond to the Operative First Amended Complaint (the "Application"), filed on July 28, 2020. (Docket No. 170). On July 29, 2020, Plaintiffs the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California filed their Opposition. (Docket No. 172). Additionally, Defendants Kaine Wen and Albert Kim filed declarations opposing Venable's Application. (Docket No. 171).

For the reasons discussed below, the Application is **DENIED** *in part* and **GRANTED** *in part*. Based on the declarations submitted by Defendants Albert Kim and Kaine Wen, the Court is not currently persuaded that Venable's putative conflict (whatever it may be) prohibits it from filing a response to the FAC. The Court certainly will not allow a withdrawal based on the conflicting and sparse materials that is has now. By no later than **August 3, 2020**, Venable is **ORDERED** to file in camera

---

**CIVIL MINUTES—GENERAL** 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1998-MWF (KSx)					Date:  July 31, 2020
Title:	Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

and under seal additional details regarding the putative conflict of interest.  While the Court is not currently convinced that Venable may withdraw based on the alleged conflict, it will nonetheless extend the deadline for the parties currently represented by Venable to respond to the FAC until **August 7, 2020**.  The deadline for all other Defendants to respond to the FAC remains unchanged

To justify ex parte relief: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Through its Application, Venable seeks two forms of relief.  First, Venable seeks to immediately withdraw from its representation of Defendants True Count Staffing, Inc., Albert Kim, Kaine Wen, and Infinite Management Corp. because an actual conflict of interest which (i) just arose in Venable's joint representation of Defendants; (ii) implicates multiple California Rules of Professional Conduct; (iii) has resulted in a breakdown in communications between Venable and Defendants; (iv) is unwaivable; and (v) prevents Venable from continuing its representation of Defendants.  (Application at 2).  Second, because Venable's Motion to Withdraw (the "Motion") is set to be heard of August 31, 2020, but Defendants' deadline to respond to the operative First Amended Complaint ("FAC") is July 31, 2020, Venable requests an extension of Defendants' deadline to respond to the FAC from July 31, 2020 to August 21, 2020, along with moving up the briefing schedule on their Motion to be heard on August 14, 2020.  (*Id*. at 2-4).

Plaintiffs oppose the Application because (1) they have previously consented to *five* previous extensions to the responsive pleading date; (2) granting the Application would prejudice the parties by causing a further delay in this case; and (3) the

**CIVIL MINUTES—GENERAL**	2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1998-MWF (KSx)                Date:  July 31, 2020
Title:    Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

declarations submitted by Defendants "raise questions about the nature of the conflict asserted."  (Opposition at 1-3).

Defendants Kaine Wen and Albert Kim submitted declarations in response to the Application.  (Docket No. 171).  Wen declares that he and Kim both "waived, in a writing drafted by Venable, any conflicts that Venable might have in jointly representing us in the litigation."  (Declaration of Kaine Wen ("Wen Declaration) ¶ 6 (Docket No. 171-1)).  Wen also declares that he has paid six figures in retention payments to Venable, and that he asked Venable about missing bills and invoices.  (*Id*. ¶¶ 7-11).  Wen also declares that Venable informed him of the conflict and of Venable's intent to withdraw on July 21, 2020.  (*Id*. ¶ 12).  During this call, Venable informed Wen that it had "no current conflict of interest and could continue to represent" him and did not explain to him "what the [potential] conflict was, how or when it arose, or why it had not been disclosed to us earlier."  (*Id*.).  Wen made it clear that he was "willing to waive any further conflict."  (*Id*.).  Albert Kim declared to these same facts.  (*See generally* Declaration of Albert Kim ("Kim Declaration") (Docket No. 171-2)).

*First*, the Court will not accept Venable's assertions about the legal effect of this mysterious putative actual conflict, especially in light of its apparently inconsistent representations to the Bureau and the declarations of its own clients.  The clients have the right to oppose the motion to withdraw, as does the Bureau.  Therefore, the request to alter the briefing schedule is **DENIED**.  Venable has vaguely asserted it has an unwaivable conflict of interest, but does not provide any information regarding (i) what the conflict is; (ii) when it arose; or (iii) why it's unwaivable.  It is especially concerning that, according to the Wen Declaration and Kim Declaration, Venable offered *no explanation* of this conflict to its clients, who expressed a desire to continue their relationship with Venable and waive any conflict.

Accordingly, Venable is **ORDERED** to submit, in camera and under seal, an explanation of its actual conflict by no later than **Monday, August 3, 2020**.  In the

**CIVIL MINUTES—GENERAL**                                                 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-1998-MWF (KSx)          **Date:** July 31, 2020

**Title:**      Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

explanation, Venable must explain: (i) what the actual conflict is, at least generally; (ii) when it arose; (iii) why it's unwaivable; and (iv) why the conflict prevents Venable from responding the FAC. Venable must support its argument with relevant case authority and attach the retainer agreements. Venable shall serve its explanation solely on its clients, not the Bureau or other Defendants.

    *Second*, the Court does not favorably view Venable's request for an extension to respond to the FAC. As Plaintiffs point out, Venable has requested (and has been given) *five* extensions previously. Additionally, without knowing the nature of Venable's putative conflict, the Court fails to see how filing an answer would possibly be prejudicial to any particular client. In other words, Venable could file an answer by the deadline, and Defendants' new counsel (should Venable be allowed to withdraw) could file a motion for judgment on the pleadings later on, raising arguments which could have been raised on a motion to dismiss for failure to state a claim. If it is true that even filing an answer is something that no California lawyer in these circumstances could ethically do, then Venable should explain why in its in camera filing.

    However, because the Court is requiring Venable to file an explanation of its conflict of interest by Monday, August 3, the Court will allow a brief extension for Venable's clients to respond to the FAC. Accordingly, Venable's clients – True Count Staffing, Inc., Albert Kim, Kaine Wen, and Infinite Management Corp. – shall have until **August 7, 2020** to respond to the FAC. The deadline for the other Defendants to respond to the FAC remains *unchanged*; all other Defendants must respond to the FAC by July 31, 2020.

    *Finally*, based on the docket, it appears that Defendants First Priority LLC, Anan Enterprise, Inc., and Consumer Advocacy Center Inc. are unrepresented by counsel. The basic rule is that corporations must appear in federal court through counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-1998-MWF (KSx)          **Date:** July 31, 2020

**Title:**      Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

*inter alia*, organizations need a lawyer in federal court); *Osgood v. Main Streat Mktg., LLC*, No. 16-CV-2415-GPC (BGS), 2017 WL 7362740, at *2 (S.D. Cal. Mar. 27, 2017) (explaining that an LLC may not proceed without counsel).  Accordingly, because these Defendants cannot proceed pro se in this action, these Defendants must file notice to the Court that they have retained counsel by **August 14, 2020**.  Should these Defendants continue to be unrepresented by counsel, Plaintiffs shall apply for entry of default by no later than **August 28, 2020**, and shall move for default judgment within ten (10) days of entry of default by the Clerk.

     IT IS SO ORDERED.