Glenn D. Moses (Admitted *Pro Hac Vice*; FBN 174556)
gmoses@gjb-law.com
Genovese Joblove & Battista, PA
100 Southeast Second Street, 44th Fl.
Miami, FL 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

*Attorneys for Chapter 7 Trustee of Consumer Advocacy Center, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; and TN Accounting Inc.; Mice and Men, LLC; Sarah Kim, and Anan Enterprises, Inc.,<br><br>Relief Defendants. | Case No. 8:19-cv-01998-MWF-KS<br><br>**STATEMENT OF CHAPTER 7 TRUSTEE FOR CONSUMER ADVOCACY CENTER, INC. CONCERNING THE COURT'S ORDER DATED JULY 31, 2020 [177]**<br><br>JUDGE: Hon. Michael W. Fitzgerald |

1    Sonya S. Slott, as Chapter 7 Trustee (the "**Trustee**") for Consumer Advocacy Center, Inc. ("**Consumer Advocacy**" or the "**Debtor**"), hereby files this statement concerning this Court's *Order Re: Ex Parte Application for Order Shortening Time to Brief and Hear Motion to Withdraw as Counsel of Record for Defendants True Count Staffing, Inc., Albert Kim, and Kaine Wen, and Relief Defendant Infinite Management Corp* (the "**Order on Venable's Application**") [Docket No. 177].  In particular, this pleading is filed in connection with the Court's statement about Defendant Consumer Advocacy and Defendant Anan Enterprises, Inc. ("**Anan**"), and respectfully states as follows:

1.   On July 31, 2020, this Court entered the Order on Venable's Application, the primary substance of which addressed the law firm Venable LLP's pleading in connection with its request to withdraw as counsel for certain of the named Defendants.

2.   The last decretal paragraph of the Order on Venable's Application states:

> Finally, based on the docket, it appears that Defendants First Priority LLC, Anan Enterprise, Inc., and Consumer Advocacy Center, Inc. are unrepresented by counsel. . . . Accordingly, because these Defendants cannot proceed pro se in this action, these Defendants must file notice to the Court that they have retained counsel by **August 14, 2020**.  Should these Defendants continue to be unrepresented by counsel, Plaintiffs shall apply for entry of default by no later than **August 28, 2020**, and shall move for default judgment within ten (10) days of entry of default by the Clerk.

3.   As the Court's order addressed a matter unrelated to Consumer Advocacy, counsel for the Trustee of Consumer Advocacy did not view the last decretal paragraph thereof until August 19.  Immediately upon reading this provision, the Trustee prepared this pleading.

4.     The Trustee files this Statement to inform the Court that (a) Defendant Consumer Advocacy has in fact appeared in this case through its Chapter 7 Trustee (and her counsel) and has responded to the Complaint, and (b) with respect to Defendant Anan, the Bankruptcy Court previously entered an Order enjoining the Plaintiff's prosecution of the claims asserted against Anan as they are property of the bankruptcy estate and therefore are subject to the automatic stay of the Bankruptcy Code.

5.     In connection therewith, the Trustee respectfully states to this Court the following:

6.     On January 16, 2019, Consumer Advocacy filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "**Bankruptcy Court**"), Case Number 19-10655-JKO (the "**Bankruptcy Case**").

7.     On July 31, 2019, the Bankruptcy Court entered an Order Directing the Appointment of a Chapter 11 Trustee and Setting Status Conference [ECF No. 69 in the Bankruptcy Case]. The Trustee, Sonya S. Slott, was thereafter appointed as the Debtor's Chapter 11 trustee [ECF No. 70 in the Bankruptcy Case].

8.     The Debtor's Bankruptcy Case was converted to a chapter 7 proceeding on August 20, 2019 [ECF No. 86 in the Bankruptcy Case] and the Trustee, Sonya S. Slott, was thereafter appointed as the Debtor's Chapter 7 Trustee [ECF No. 89 in the Bankruptcy Case].

9.     On October 21, 2019, Plaintiffs filed a complaint against certain entities and individuals, including the Debtor, asserting among other things violations of various federal and state consumer protection laws (the "**Complaint**").

10. In addition, each of the Plaintiffs filed proofs of claim in the Consumer Advocacy Bankruptcy Case based on the allegations set forth in the Complaint (the "**Claims**").[1] As a result of the filing of the Claims, each of the Plaintiffs subjected themselves to the jurisdiction of the Bankruptcy Court for purposes of, among other things, adjudication of the Claims.

11. On October 21, 2019, this Court entered an *Ex-Parte Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and Other Equitable Relief, and Order to Show Cause why a Preliminary Injunction should not Issue* [ECF No. 24] (the "**TRO**"). Thereafter, on November 15, 2019, this Court entered a *Stipulated Preliminary Injunction With Asset Freeze, Appointment of Receiver, and Other Equitable Relief* [ECF No. 103] (the "**Preliminary Injunction**").

12. On February 2, 2020, the Trustee filed a Response to the Complaint on behalf of Consumer Advocacy [Docket Entry 132] (the "**Response**"). As set forth in the Response:

- The Trustee has no basis to admit, deny or otherwise dispute the allegations of the Complaint as they relate to the Debtor, including with respect to the facts alleged to have occurred and the respective laws alleged to have been violated.

- The Trustee understands that the Debtor ceased operations in its name prior to the Bankruptcy Petition Date. To the extent that the Debtor continued any such operations since the Bankruptcy

---

[1] On July 12, 2019, Plaintiff State of Minnesota filed Proof of Claim number 4-1 in the Bankruptcy Case, asserting a claim against the Debtor in the amount of $31,323,828.20 and Plaintiff State of North Carolina filed Proof of Claim number 5-1 in the Bankruptcy Case, asserting a claim against the Debtor in the amount of 2,908,728.28; on July 14, 2019, Plaintiff the Bureau of Consumer Financial Protection filed Proof of Claim number 4-1 in the Bankruptcy Case, asserting a claim against the Debtor in the amount of $31,323,828.20; and on March 25, 2020, Plaintiff State of California filed claim number 11-1 asserting a claim against the Debtor in the amount of $10,545,496.40.

Petition Date, including following the appointment of the Trustee, it has been ceased as a result of the TRO, the Preliminary Injunction and the appointment of the Receiver.

- The Trustee does not oppose the affirmative relief sought in the Complaint, *i.e.*, the issuance of a permanent injunction against the Debtor as requested in the Demand for Relief. The Trustee concedes that such relief is an exception to the automatic stay provisions of the Bankruptcy Code, as it is a proper exercise of a government's police and regulatory power. 11 U.S.C. § 362(b)(4).

- The Trustee opposes any award by this Court of damages or other monetary relief against the Debtor Consumer Advocacy as requested in the Demand for Relief for the reasons set forth in the Response.[2]

13. Moreover, with respect to Defendant Anan Enterprises, Inc., the Trustee filed suit against Anan in the Bankruptcy Case on December 30, 2010, seeking to avoid and recover the sum of $3.6 million transferred by Consumer Advocacy to Anan as fraudulent transfers.

14. Two months later, Plaintiffs amended the Complaint in this action to name Anan as Defendant in order to recover the same exact $3.6 million that is being prosecuted by the Trustee in the Bankruptcy Case.

15. Because the claims against Anan are property of the bankruptcy estate for which only the Trustee has the authority to pursue, on March 10, 2020, the Trustee filed a *Motion to Enforce the Automatic Stay* in the Bankruptcy Case

---

[2] Those reasons include: (a) awarding such damages against the Debtor is subject to the automatic stay of the Bankruptcy Code, (b) the appropriate forum for the adjudication of any claims against the Debtor is in the Bankruptcy Court; and (c) each of the Plaintiffs filed the Claims in the Bankruptcy Case and have submitted themselves to the jurisdiction of the Bankruptcy Court for, among other things, determination and adjudication of the Claims.

against the Plaintiffs as to the Anan transfers. Plaintiffs filed a written response on April 21, 2020 and the parties argued the matter before the Bankruptcy Court on April 23, 2020.

16. On May 20, 2020, the Bankruptcy Court entered an Order Granting Trustee's Motion to Enforce the Automatic Stay (the "**Order Enforcing Stay**"). Pursuant to the Order Enforcing Automatic Stay, the Plaintiffs' claims as pled against Defendant Anan Enterprises, Inc. are subject to the automatic stay of section 362 of the Bankruptcy Code and are therefore stayed, and the Plaintiffs are prohibited from pursuing any action against Defendant Anan Enterprises, Inc. for the recovery of the funds sought by the Trustee during the pendency of the bankruptcy proceedings.

17. On May 20, 2020, the Trustee filed a *Notice of Filing of Order Granting Trustee's Motion to Enforce the Automatic Stay* with this Court, at Docket Entry 155.

Respectfully submitted on August 19, 2020.

SONYA S. SLOTT, AS CHAPTER 7 TRUSTEE FOR CONSUMER ADVOCACY CENTER, INC.

By: __/s/ Glenn D. Moses, Esq.__
      Glenn D. Moses (*Pro Hac Vice*)
      Genovese Joblove & Battista, P.A.
      100 S.E. Second Street, 44th Floor
      Miami, Florida 33131
      Tel.: 305-349-2300
      gmoses@gjb-law.com
      *Attorneys for the Chapter 7 Trustee of Defendant, Consumer Advocacy Center, Inc.*