Glenn D. Moses (Admitted *Pro Hac Vice*; FBN 174556)
gmoses@gjb-law.com
Genovese Joblove & Battista, PA
100 Southeast Second Street, 44th Fl.
Miami, FL 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

*Attorneys for Chapter 7 Trustee of Consumer Advocacy Center, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men, LLC; 1ST Generation Holdings, LLC; Sarah Kim, and Anan Enterprise, Inc.,<br><br>Relief Defendants. | Case No. 8:19-cv-01998-MWF-KS<br><br>**RESPONSE OF CHAPTER 7 TRUSTEE FOR CONSUMER ADVOCACY CENTER, INC. TO FIRST AMENDED COMPLAINT**<br><br>JUDGE:  Hon. Michael W. Fitzgerald |

Sonya S. Slott, as Chapter 7 Trustee (the "**Trustee**") for Consumer Advocacy Center, Inc. ("**Consumer Advocacy**" or the "**Debtor**"), hereby files this response to the First Amended Complaint filed by Plaintiffs, Bureau of Consumer Financial Protection (the "**Bureau**"), State of Minnesota ("**Minnesota**"), State of North Carolina ("**North Carolina**"), and The People of The State of California ("**California**") (collectively, "**Plaintiffs**"), and in support thereof states as follows:[1]

1. On January 16, 2019 (the "**Bankruptcy Petition Date**"), Consumer Advocacy filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "**Bankruptcy Court**"), Case Number 19-10655-JKO (the "**Bankruptcy Case**").

2. On July 31, 2019, the Bankruptcy Court entered an Order Directing the Appointment of a Chapter 11 Trustee and Setting Status Conference [ECF No. 69 in the Bankruptcy Case]. The Trustee, Sonya S. Slott, was thereafter appointed as the Debtor's Chapter 11 trustee [ECF No. 70 in the Bankruptcy Case].

3. The Debtor's case was converted to a chapter 7 proceeding on August 20, 2019 [ECF No. 86 in the Bankruptcy Case] and the Trustee, Sonya S. Slott, was thereafter appointed as the Debtor's Chapter 7 Trustee [ECF No. 89 in the Bankruptcy Case].

4. On July 12, 2019, Plaintiff Minnesota filed Proof of Claim number 4-1 in the Bankruptcy Case, asserting a claim against the Debtor in the amount of $31,323,828.20 and Plaintiff North Carolina filed Proof of Claim number 5-1 in the Bankruptcy Case, asserting a claim against the Debtor in the amount of 2,908,728.28; on July 14, 2019, Plaintiff the Bureau filed Proof of Claim number

---

[1] The Trustee responded to the initial complaint filed by Plaintiffs at Docket Number 132.

4-1 in the Bankruptcy Case, asserting a claim against the Debtor in the amount of $31,323,828.20; and on March 25, 2020, Plaintiff State of California filed claim number 11-1 asserting a claim against the Debtor in the amount of $10,545,496.40 (collectively, the "**Claims**"). As a result of the filing of the Claims, Plaintiffs the Bureau, Minnesota, North Carolina and California each subjected themselves to the jurisdiction of the Bankruptcy Court for purposes of, among other things, adjudication of the Claims.[2]

5. On October 21, 2019, Plaintiffs filed a complaint against certain entities and individuals, including the Debtor, asserting among other things violations of various federal and state consumer protection laws (the "**Complaint**").

6. On October 21, 2019, this Court entered an *Ex-Parte Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and Other Equitable Relief, and Order to Show Cause why a Preliminary Injunction should not Issue* [ECF No. 24] (the "**TRO**"). Thereafter, on November 15, 2019, this Court entered a *Stipulated Preliminary Injunction With Asset Freeze, Appointment of Receiver, and Other Equitable Relief* [ECF No. 103] (the "**Preliminary Injunction**").

7. On February 24, 2020, Plaintiffs filed their First Amended Complaint [ECF No. 134] (the "**Amended Complaint**").

8. The Trustee has no basis to admit, deny or otherwise dispute the allegations of the Amended Complaint as they relate to the Debtor, including with respect to the facts alleged to have occurred and the respective laws alleged to have been violated.

---

[2] As of the date hereof, Plaintiff California has not filed a proof of claim in the Bankruptcy Case.

9. The Trustee understands that the Debtor ceased operations in its name prior to the Bankruptcy Petition Date. To the extent that the Debtor continued any such operations since the Bankruptcy Petition Date, including following the appointment of the Trustee, it has been ceased as a result of the TRO, the Preliminary Injunction and the appointment of the Receiver.

10. The Trustee does not oppose the affirmative relief sought in the Amended Complaint, *i.e.*, the issuance of a permanent injunction against the Debtor as requested in the Demand for Relief. The Trustee concedes that such relief is an exception to the automatic stay provisions of the Bankruptcy Code, as it is a proper exercise of a government's police and regulatory power. 11 U.S.C. § 362(b)(4).

11. The Trustee opposes any award by this Court of damages or other monetary relief against the Debtor as requested in the Demand for Relief for several reasons, including without limitation the following.

12. First, awarding such damages or monetary relief in favor of the Plaintiffs and against the Debtor is subject to the automatic stay of the Bankruptcy Code, as such relief goes beyond the police or regulatory power of the Plaintiffs. The appropriate forum for the adjudication of any claims against the Debtor is in the Bankruptcy Court.

13. Second, each of the Plaintiffs have filed the Claims in the Bankruptcy Case and have submitted themselves to the jurisdiction of the Bankruptcy Court for, among other things, determination and adjudication of the Claims. On January 9, 2020, the Trustee filed Objections to each of the Claims filed by Plaintiffs the Bureau, North Carolina and Minnesota in the Bankruptcy Case [ECF Nos. 187-189 in the Bankruptcy Case].[3]

---

[3] While the Trustee does not generally dispute that the Plaintiffs many have valid, and perhaps significant, claims against the Debtor in the Bankruptcy Case on behalf of aggrieved consumers, the Trustee filed the claim objections due to, among other reasons lack of support for the Claims aggregating in excess of $75 million. The Trustee reserves the right to supplement

14. On December 20, 2020, the Plaintiffs filed a motion to dismiss the Bankruptcy Case ECF No. 168 in the Bankruptcy Case] (the "**Motion to Dismiss**").

15. On January 27, 2020, the Bankruptcy Court entered an order denying the Plaintiffs' Motion to Dismiss [ECF No. 195 in the Bankruptcy Case]. In its ruling on the record on January 22, 2020, the Bankruptcy Court held that the Trustee's objections to the Claims were properly founded. As such, the Plaintiffs' Claims will be adjudicated, allowed or otherwise disallowed by the Bankruptcy Court in the Bankruptcy Case.

16. Moreover, with respect to Defendant Anan Enterprises, Inc., the Trustee filed suit against Anan in the Bankruptcy Case on December 30, 2010, seeking to avoid and recover the sum of $3.6 million transferred by Consumer Advocacy to Anan as fraudulent transfers.

17. Two months later, Plaintiffs amended the Complaint in this action to name Anan as Defendant in order to recover the same exact $3.6 million that is being prosecuted by the Trustee in the Bankruptcy Case.

18. Because the claims against Anan are property of the bankruptcy estate for which only the Trustee has the authority to pursue, on March 10, 2020, the Trustee filed a *Motion to Enforce the Automatic Stay* in the Bankruptcy Case against the Plaintiffs as to the Anan transfers. Plaintiffs filed a written response on April 21, 2020 and the parties argued the matter before the Bankruptcy Court on April 23, 2020.

19. On May 20, 2020, the Bankruptcy Court entered an Order Granting Trustee's Motion to Enforce the Automatic Stay (the "**Order Enforcing Stay**"). Pursuant to the Order Enforcing Automatic Stay, the Plaintiffs' claims as pled

---

such claim objections for, among other reasons, potential duplicity of the Claims among the Plaintiffs.

against Defendant Anan Enterprises, Inc. are subject to the automatic stay of section 362 of the Bankruptcy Code and are therefore stayed, and the Plaintiffs are prohibited from pursuing any action against Defendant Anan Enterprises, Inc. for the recovery of the funds sought by the Trustee during the pendency of the bankruptcy proceedings.

20. On May 20, 2020, the Trustee filed a *Notice of Filing of Order Granting Trustee's Motion to Enforce the Automatic Stay* with this Court, at Docket Entry 155.

Dated: August 21, 2020.

SONYA S. SLOTT, AS CHAPTER 7 TRUSTEE FOR CONSUMER ADVOCACY CENTER, INC.

By: /s/ Glenn D. Moses, Esq.
Glenn D. Moses (*Pro Hac Vice*)
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: 305-349-2300
gmoses@gjb-law.com
*Attorneys for the Chapter 7 Trustee of Defendant, Consumer Advocacy Center, Inc.*