**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., | CASE NO. 8:19-cv-01998 MWF (KS) |
| Plaintiffs, | **STIPULATED FINAL JUDGMENT AND ORDER AS TO DEFENDANT TUONG NGUYEN AND RELIEF DEFENDANT TN ACCOUNTING INC.** |
| v. | |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., | |
| Defendants. | Court:  Hon. Michael W. Fitzgerald Courtroom 5A |

STIPULATED FINAL JUDGMENT AND ORDER AS TO DEFENDANT
TUONG NGUYEN AND RELIEF DEFENDANT TN ACCOUNTING INC.

Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the State
of Minnesota, the State of North Carolina, and the People of the State of California
(collectively, Plaintiffs) commenced this civil action on October 21, 2019, and

1

filed an amended complaint on February 24, 2020 (Amended Complaint), to obtain permanent injunctive relief, damages, rescission or reformation of contracts, refunds of moneys paid, restitution, disgorgement or compensation for unjust enrichment, civil money penalties, and other monetary and equitable relief from: (1) Defendants Consumer Advocacy Center Inc. d/b/a Premier Student Loan Center; True Count Staffing Inc. d/b/a SL Account Management; Prime Consulting LLC d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim; Kaine Wen; and Tuong Nguyen; and (2) Relief Defendants Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; Sarah Kim; 1st Generation Holdings, LLC; and Anan Enterprise, Inc.

The Amended Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6102(c)(2) (Telemarketing Act), based on alleged violations of the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310; the Minnesota Prevention of Consumer Fraud Act (MNCFA), Minn. Stat. §§ 325F.68-.694; the Minnesota Uniform Deceptive Trade Practices Act (MNDTPA), Minn. Stat. §§ 325D.43-.48; the North Carolina Debt Adjusting Act (NCDAA), N.C. Gen. Stat. § 14-423 *et seq.*; the North Carolina Telephonic Seller Registration Act (NCTSRA), N.C. Gen. Stat. § 66-260 *et seq.*; the North Carolina Unfair and Deceptive Practices Act (NCUDPA), N.C. Gen. Stat. § 75-1.1; and the California Business and Professions Code 17200 *et seq.* (the Unfair Competition Law or UCL) in connection with the above-named defendants' marketing and sale of debt-relief services.

The (1) Plaintiffs, (2) Defendant Tuong Nguyen (Settling Defendant), and

(3) Relief Defendant TN Accounting Inc. (Settling Relief Defendant) agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute between them arising from the conduct alleged in the Amended Complaint.

**THEREFORE, IT IS ORDERED:**

<b>FINDINGS</b>

1.     This Court has jurisdiction over the parties and the subject matter of this action.

2.     Settling Defendant and Settling Relief Defendant neither admit nor deny the allegations in the Amended Complaint, except as specifically stated herein. For purposes of this Order, Settling Defendant and Settling Relief Defendant admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

3.     Settling Defendant and Settling Relief Defendant waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4.     Entry of this Order is in the public interest.

<b>DEFINITIONS</b>

The following definitions apply to this Order:

5.      "Affected Consumers" includes any consumer who paid Defendants or their officers, agents, servants, employees, or attorneys for any Debt-Relief Service from November 2, 2015, to October 23, 2019.

<b>STIPULATED FINAL JUDGMENT AND ORDER</b>

6.     "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliverables, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including but not limited to any trust held for the benefit of Settling Defendant's minor children, or any of Settling Defendant's spouses.

7.     "Assist[ing] Others" includes, but is not limited to:

   a.     consulting in any form whatsoever;

   b.     providing paralegal or administrative support services;

   c.     performing customer service functions, including but not limited to, receiving or responding to consumer complaints;

   d.     formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication or advertisement;

   e.     formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

**STIPULATED FINAL JUDGMENT AND ORDER**

f.      providing names of, or assisting in the generation of, potential customers;

g.      performing marketing, billing, or payment services of any kind; and

h.      acting or serving as an owner, officer, director, manager, or principal of any entity.

8.      "Bankruptcy Proceeding" means *In re Consumer Advocacy Center Inc.*, Case No. 19-10655, currently pending in the United States Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division.

9.      "Bureau" means the Bureau of Consumer Financial Protection.

10.     "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

a.      providing financial advisory services to consumers on individual consumer financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure; and

b.      engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer.

11.     "Defendants" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

5

**STIPULATED FINAL JUDGMENT AND ORDER**

a.      "Corporate Defendants" means Consumer Advocacy Center Inc., True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known, including South Coast Financial Center, Direct Account Services, Financial Loan Advisors, Account Preparation Services, Administrative Financial, Tangible Savings Solutions, Coastal Shores Financial Group, First Choice Financial Centre (a/k/a First Choice Financial Center), Administrative Account Services, Primary Account Solutions, Prime Document Services, Financial Accounting Center, Doc Management Solutions, First Priority LLC, ALW Loans Administrative Accounting Center, Best Choice Financial Center, First Document Services, Global Direct Accounting Solutions, Keystone Document Center, Pacific Palm Financial Group, Pacific Shores Advisory, Sequoia Account Management, Signature Loan Solutions, Yellowstone Account Services, ClearStudentLoanDebt, Clear Student Loan Debt, Trusted Account Services, Premier Student Loan Center, and Priority Account Management;

b.      "Individual Defendants" means Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen-Ting Dai, Wen Ting Dai, Kaine Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson, collectively, or in any combination, and each of them by any other names by which they might be known;

c.      "Receivership Defendants" means True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC,

6

**STIPULATED FINAL JUDGMENT AND ORDER**

and First Priority LLC, collectively, or in any combination, and their successors and assigns;

    d.    "Relief Defendants" means:

        i.    Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; and Anan Enterprise, Inc., collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known; and

        ii.    Sarah Kim, and any other names by which she might be known.

    e.    "Settling Defendant" means Tuong Nguyen, and any other names by which he might be known;

    f.    "Settling Relief Defendant" means TN Accounting Inc., and its successors and assigns, and each of them by any other names by which they might be known.

12.    "Debt-Relief Service" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

13.    "Effective Date" means the date on which this Order is entered by the Court.

14.    "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

15.    "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

16.    "Plaintiffs" means the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California, collectively, or in any combination.

17.    "Receiver" means Thomas W. McNamara.

18.    "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Settling Defendant or Settling Relief Defendant based on substantially the same facts as described in the Amended Complaint.

19.    "States" means the State of Minnesota, the State of North Carolina, and the People of the State of California.

20.    "Service Provider" means any person that provides a material service to a covered person, in connection with the offering or provision by such covered person of a Consumer Financial Product or Service, including a person that—(i) participates in designing, operating, or maintaining the Consumer Financial Product or Service; or (ii) processes transactions relating to the Consumer Financial Product or Service (other than unknowingly or incidentally transmitting or processing financial data in a manner that such data is undifferentiated from other types of data of the same form as the person transmits or processes). "Service provider" does not include a person solely by virtue of such person offering or providing to a covered person—(i) a support service of a type provided to businesses generally or a similar ministerial service; or (ii) time or space for an advertisement for a Consumer Financial Product or Service through print, newspaper, or electronic media.

# CONDUCT RELIEF

## I

### Permanent Ban on Telemarketing and Offering or Selling Debt-Relief Services

**It is ORDERED that**:

21.     Settling Defendant, whether acting directly or indirectly, is permanently restrained from:

a.     participating in telemarketing or Assisting Others engaged in telemarketing any Consumer Financial Product or Service;

b.     participating in or Assisting Others in advertising, marketing, promoting, offering for sale, selling, or providing any Debt-Relief Service;

c.     receiving any remuneration or other consideration from, holding any ownership interest in, providing services to, or working in any capacity for any Person engaged in or assisting in advertising, marketing, promoting, offering for sale, selling, or providing any Debt-Relief Service.

Nothing in this Order shall be read as an exception to this Paragraph.

## II

### Prohibited Misrepresentations and Other Conduct

**It is FURTHER ORDERED that**:

22.     Settling Defendant and his officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with them, who have actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance

of any Consumer Financial Product or Service, may not misrepresent, or Assist Others in misrepresenting, expressly or impliedly:

      a.    the benefits that a consumer will receive from the product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in the Consumer Financial Product or Service;

      b.    the time required to achieve benefits from the Consumer Financial Product or Service;

      c.    any aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy of the Consumer Financial Product or Service, including but not limited to, the likelihood of a consumer obtaining a full or partial refund or the circumstances in which a full or partial refund will be granted to the consumer; and

      d.    the total costs or any other material term, fact, restriction, limitation, or condition of the Consumer Financial Product or Service.

### III

### State Injunctive Provisions

**It is FURTHER ORDERED that**:

23.    Settling Defendant and his officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with them who receive actual notice of this Order, shall be permanently restrained and enjoined from violating:

      a.    the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44;

      b.    the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69; and

      c.    the Minnesota Debt Settlement Services Act, Minn. Stat. §

**STIPULATED FINAL JUDGMENT AND ORDER**

332B.

24.     Settling Defendant and his officers, agents, servants, employees and attorneys, and those Persons in active concert or participation with any of them who receive actual notice of this Order, shall be permanently restrained and enjoined from violating:

      a.      the North Carolina Debt Adjusting Act, N.C. Gen. Stat. § 14-423, *et seq.*;

      b.      the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1; and

      c.      the North Carolina Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260, *et seq.*

25.     Under the Court's inherent equitable powers and as authorized by California Business and Professions Code section 17203, this Court is empowered to "make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition . . ." Cal. Bus & Prof Code § 17203. Accordingly, Settling Defendant and his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, whether acting directly or indirectly, are permanently restrained from any of the following:

      a.      violating California Business and Professions Code section 17200, *et seq.*, through unlawful, fraudulent and/or unfair acts or practices including but not limited to:

            i.      Violating California Financial Code section 12000, *et seq.*, the California Check Sellers, Bill Payers and Proraters Law, by acting as a check seller, bill payer, or prorater within the State of California without first obtaining a license from the

**STIPULATED FINAL JUDGMENT AND ORDER**

California Commissioner of Business Oversight;

  ii.  Violating California Financial Code section 28100, *et seq.*, the California Student Loan Servicing Act, by engaging in the business of servicing student loans in California without first obtaining a license as required under the Act.

## IV

## Customer Information

**It is FURTHER ORDERED that**:

26. Settling Defendant and his officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, may not:

  a. disclose, use, or benefit from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendants obtained before the Effective Date in connection with the offering or providing of Debt-Relief Services;

  b. attempt to collect, sell, assign, or otherwise transfer any right to collect payment from any consumer who purchased or agreed to purchase a Debt-Relief Service from any Defendant.

27. However, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

12

**STIPULATED FINAL JUDGMENT AND ORDER**

## MONETARY PROVISIONS

## V

### Order to Pay Redress

**It is FURTHER ORDERED that**:

28.     A judgment for monetary relief is entered in favor of Plaintiffs and against Settling Defendant and Settling Relief Defendant as set forth below. Settling Defendant Tuong Nguyen is liable, jointly and severally, in the amount of $95,057,757, for the purpose of providing redress to Affected Consumers. Of this judgment for monetary relief:

        a.      Settling Relief Defendant TN Accounting Inc. shall be jointly and severally liable for the amount of $444,563, such amount also being for the purpose of providing redress to Affected Consumers.

29.     However, full payment of Settling Defendant's and Settling Relief Defendant's portion of this judgment set forth in Paragraph 28 will be suspended, based on Settling Defendant's and Settling Relief Defendant's inability to pay, upon Settling Defendant's and Settling Relief Defendant's satisfaction of the obligations in Paragraphs 30-33 of this Section, Section VI, Paragraphs 42 and 44-45 of Section VII, Paragraph 51 of Section IX, and subject to Section VIII of this Order.

30.     Except as necessary to effectuate the transfers required by Paragraph 85, Settling Defendant and Settling Relief Defendant hereby grant to the Bureau all rights and claims they have to all Assets subject to the asset freeze imposed by the Preliminary Injunction entered on November 15, 2019 (ECF 103), and all Assets identified in Attachment A and Attachment B, except as set forth in Attachment B. Within 10 business days from receipt of a copy of this Order by any means, including but not limited to via facsimile or email, the financial institutions

**STIPULATED FINAL JUDGMENT AND ORDER**

identified in Attachment A shall transfer to the Bureau or its designated agent all funds held in the accounts listed in Attachment A by wire transfer to the Bureau or the Bureau's agent according to the Bureau's wiring instructions.

31.     To the extent they have not already done so, Settling Defendant and Settling Relief Defendant are ordered to transfer and relinquish to the Receiver, or to its designated agent, possession, custody, and control of the following Assets within 7 days of entry of this Order, unless otherwise stated:

> a.     dominion and all legal and equitable right, title, and interest in, as well as any accounts receivable from, the following entity: Settling Relief Defendant, including its successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known;
>
> b.     all Assets listed on Attachment B.

32.     Settling Defendant and Settling Relief Defendant shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and take any other actions the Receiver deems necessary or appropriate to effect the transfers required by Paragraph 31. All property set forth in Paragraph 31 shall constitute Assets of the receivership estate.

33.     Except as necessary to effectuate the transfers required by Paragraph 85, Settling Defendant and Settling Relief Defendant hereby grant to the Bureau all rights and claims they have to any Assets not subject to Paragraph 30 that are currently in the possession, custody, or control of the Receiver, including but not limited to any such Assets identified in Paragraph 31, and shall forfeit any rights and claims to the funds in the receivership estate, including but not limited to: all funds held, obtained, or to be obtained by the Receiver since the inception of the receivership whether through this Order or otherwise.

34.     The suspension of the monetary judgment in Paragraph 29 shall not affect the Receiver's ability to pursue recovery of funds from any third parties, including family members of Settling Defendant and Settling Relief Defendant, to satisfy all or a portion of the full monetary judgment entered in Paragraph 28. Settling Defendant and Settling Relief Defendant shall remain jointly and severally liable for full payment of this judgment to the extent that funds to satisfy all or a portion of this judgment are able to be recovered from third parties by the Receiver acting on behalf of the Receivership Defendants.

35.     With regard to any redress that Settling Defendant and Settling Relief Defendant pay under this Section, if Settling Defendant or Settling Relief Defendant receive, directly or indirectly, any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if Settling Defendant or Settling Relief Defendant secure a tax deduction or tax credit with regard to any federal, state, or local tax, Settling Defendant or Settling Relief Defendant must: (a) immediately notify the Enforcement Director and States in writing, and (b) within 10 days of receiving the funds or monetary benefit, Settling Defendant or Settling Relief Defendant must transfer the full amount of such funds or monetary benefit (Additional Payment) to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the suspended judgment referenced in Paragraph 29 will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 28.

36.     Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for

**STIPULATED FINAL JUDGMENT AND ORDER**

Affected Consumers, including but not limited to refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

37.    If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Settling Defendant and Settling Relief Defendant will have no right to challenge the Bureau's choice of remedies under this Section, and will have no right to contest the manner of distribution chosen by the Bureau.

38.    Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

**VI**

**Order to Pay Civil Money Penalty to the Bureau**

**It is FURTHER ORDERED that**:

39.    Under section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Amended Complaint and taking into account the factors in 12 U.S.C. § 5565(c)(3), Settling Defendant must pay a civil money penalty of $1 to the Bureau. This nominal civil penalty is based on Settling Defendant's limited ability to pay as attested to in all financial statements and supporting documents listed in Section VIII.

40.    Within 10 days of the Effective Date, Settling Defendant must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

41.    The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by section 1017(d) of the CFPA,

12 U.S.C. § 5497(d).

## VII

## Order to Pay Civil Money Penalties to the States

**It is FURTHER ORDERED that**:

42.     Settling Defendant is liable to pay civil penalties in this Enforcement Action under Minn. Stat. § 8.31 in the total amount of $5,000 to the State of Minnesota, as provided in Paragraph 85.

43.     The Minnesota Attorney General will remit these funds to the general fund of the State of Minnesota pursuant to Minn. Stat. §§ 8.31 and 16A.151.

44.     Settling Defendant is liable to pay civil penalties in this Enforcement Action under N.C. Gen. Stat. § 75-15.2 in the total amount of $5,000 to the State of North Carolina, as provided in Paragraph 85.

45.     Settling Defendant is liable to pay civil penalties in this Enforcement Action under California Business and Professions Code section 17206 in the total amount of $5,000 to the People of the State of California, as provided in Paragraph 85.

## VIII

## Misrepresentation or Omission Regarding Financial Condition or Non-Compliance with Order to Pay Redress or Civil Money Penalty

**It is FURTHER ORDERED that**:

46.     The suspension of the monetary judgment entered in Section V of this Order is expressly premised on the truthfulness, accuracy, and completeness of Settling Defendant's and Settling Relief Defendant's sworn financial statements and supporting documents, which Settling Defendant and Settling Relief Defendant assert are truthful, accurate, and complete, and which include:

a.     Financial Statement of Tuong Nguyen, including all

attachments, signed on July 30, 2020, and submitted to the Bureau on or about July 30, 2020; and

b.      Financial Statement of TN Accounting Inc., including all attachments, signed on October 31, 2019, and submitted to the Bureau on or about November 5, 2019, and supplemented on November 7, 2019, December 19, 2019, July 14, 2020, and July 30, 2020.

47.      If upon motion by any Plaintiff, the Court determines that Settling Defendant or Settling Relief Defendant has failed to disclose any material Asset or that any of their financial statements contain any material misrepresentation or omission, including materially misstating the value of any Asset, the Court shall terminate the suspension of the monetary judgment for that Settling Defendant or Settling Relief Defendant entered in Section V and without further adjudication, shall reinstate the judgment entered in Section V of this Order and the full judgment set forth in that Section with respect to that Settling Defendant or Settling Relief Defendant shall be immediately due and payable, less any amounts paid to the Bureau under Section V of this Order by that Settling Defendant or Settling Relief Defendant.

48.      If the Court terminates the suspension of the monetary judgment under this Section, the Bureau will be entitled to interest on the judgment, computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid.

49.      Provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this Section would be in addition to, and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings that Plaintiffs may initiate to enforce this Order.

**STIPULATED FINAL JUDGMENT AND ORDER**

# IX

## Additional Monetary Provisions

**It is FURTHER ORDERED that**:

50.     In the event of any default on Settling Defendant's and Settling Relief Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable by the defaulting Settling Defendant or Settling Relief Defendant.

51.     Settling Defendant and Settling Relief Defendant relinquish all dominion, control, and title to the funds and all other Assets transferred or paid under this Order to the fullest extent permitted by law and no part of the funds or other Assets may be returned to Settling Defendant or Settling Relief Defendant.

52.     The facts alleged in the Amended Complaint will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in any bankruptcy case.

53.     The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Plaintiffs under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against Settling Defendant and Settling Relief Defendant, even in such Defendant's capacity as debtor-in-possession.

54.     Under 31 U.S.C. § 7701, Settling Defendant and Settling Relief Defendant, unless they already have done so, must furnish to Plaintiffs any taxpayer-identifying numbers associated with them or their Assets, which may be

used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

55.     Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Settling Defendant and Settling Relief Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that the Settling Defendant or Settling Relief Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Settling Defendant and Settling Relief Defendant may not argue that they are entitled to, nor may Settling Defendant or Settling Relief Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Settling Defendant or Settling Relief Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, the Settling Defendant or Settling Relief Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

56.     Upon written request, any consumer reporting agency may furnish consumer reports to any Plaintiff concerning Settling Defendant under section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.§ 1681b(a)(1), which may be

used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

57.     Settling Defendant must treat all civil money penalties paid under this Order as a penalty paid to the government for all purposes. Regardless of how such funds are used, Settling Defendant may not:

a.     claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

b.     seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

58.     Settling Defendant agrees that the civil penalties imposed by the Order under Sections VI and VII represent penalties paid to the Bureau and the States, respectively, not compensation for actual pecuniary loss, and, thus, as to the Settling Defendant, are not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

# X

## Lifting of Asset Freeze

**It is FURTHER ORDERED that**:

59.     The freeze on the Assets of Settling Defendant and Settling Relief Defendant is modified to permit the payments and other transfers of Assets identified in Sections V, VI, VII and IX of this Order. Upon completion of all payments and other obligations identified in Sections V, VI, VII and IX of this Order, the freeze of the Settling Defendant's and Settling Relief Defendant's Assets pursuant to the Preliminary Injunction entered on November 15, 2019 (ECF 103), shall be dissolved.

**STIPULATED FINAL JUDGMENT AND ORDER**

# COMPLIANCE PROVISIONS

## XI

### Reporting Requirements

**It is FURTHER ORDERED that**:

60.     Settling Defendant must notify Plaintiffs of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Settling Defendant; or a change in Settling Defendant's name or address. Settling Defendant must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

61.     Within 7 days of the Effective Date, Settling Defendant must:

a.      designate at least one telephone number and email, physical, and postal address as points of contact, which Plaintiffs may use to communicate with Settling Defendant;

b.      identify all businesses for which Settling Defendant is the majority owner, or that such Settling Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

c.      describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;

d.      identify Settling Defendant's telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and

22

**STIPULATED FINAL JUDGMENT AND ORDER**

     e.    describe in detail Settling Defendant's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including his title, role, responsibilities, participation, authority, control, and ownership.

62.    Settling Defendant must report any change in the information required to be submitted under Paragraph 61 above at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

63.    Within 90 days of the Effective Date, and again one year after the Effective Date, Settling Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

    a.    lists each applicable paragraph and subparagraph of this Order and describes in detail the manner and form in which Settling Defendant has complied with each such paragraph and subparagraph of this Order; and

    b.    attaches a copy of each Order Acknowledgment obtained under Section XII, unless previously submitted to the Bureau.

## XII

### Order Distribution and Acknowledgment

**It is FURTHER ORDERED that**:

64.    Within 7 days of the Effective Date, Settling Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

65.    Within 30 days of the Effective Date, Settling Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to each of its board members and

executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

66.   For 5 years from the Effective Date, Settling Defendant, for any business for which he is the majority owner or which he directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section XI, any future board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

67.   Settling Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all Persons receiving a copy of this Order under this Section.

68.   Within 90 days of the Effective Date, Settling Defendant must provide the Bureau with a list of all persons and their titles to whom this Order was delivered through that date under Paragraphs 65-66 and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 67.

## XIII

## Recordkeeping

**It is FURTHER ORDERED that**:

69.   Settling Defendant must create, for at least 10 years from the Effective Date, the following business records for any business for which the Settling Defendant, individually or collectively with any other Defendant, is a majority owner or which Settling Defendant directly or indirectly controls: all documents

**STIPULATED FINAL JUDGMENT AND ORDER**

and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to any Plaintiff. Settling Defendant must retain these documents for at least 10 years after creation and make them available to Plaintiffs upon any Plaintiff's request.

70. Settling Defendant must maintain, for at least 10 years from the Effective Date or 5 years after creation, whichever is longer:

      a.    copies of all sales scripts; training materials; advertisements; websites; and other marketing materials, including any such materials used by a third party on Settling Defendant's behalf, relating to any Consumer Financial Product or Service;

      b.    for each individual Affected Consumer and his or her enrollment in that Consumer Financial Product or Service: the consumer's name, address, phone number, email address; amount paid, quantity of Consumer Financial Products or Services purchased, description of the Consumer Financial Product or Service purchased, the date on which the Consumer Financial Product or Service was purchased, a copy of any promotional or welcome materials provided, and, if applicable, the date and reason the consumer left the program;

      c.    for all Consumer Financial Products or Services, accounting records showing the gross and net revenues generated by the Consumer Financial Product or Service;

      d.    all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party) relating to a Consumer Financial Product or Service, and any responses to those complaints or requests;

      e.    records showing, for each employee providing services related

25

**STIPULATED FINAL JUDGMENT AND ORDER**

to a Consumer Financial Product or Service, that person's name, telephone number, email, physical, and postal address, job title or position, dates of service, and, if applicable, the reason for termination; and

f.       records showing, for each Service Provider providing services related to a Consumer Financial Product or Service, the name of a point of contact, and that Person's telephone number, email, physical, and postal address, job title or position, dates of service, and, if applicable, the reason for termination.

71.    Settling Defendant must make these materials available to Plaintiffs upon any Plaintiff's request.

## XIV

### Notices

**It is FURTHER ORDERED that**:

72.    Unless otherwise directed in writing by the Bureau, Settling Defendant and Settling Relief Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB, et al., v. CAC, et al.*, Case No. 8:19-cv-01998-MWF-KS" and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement

Bureau of Consumer Financial Protection

ATTENTION: Office of Enforcement

1700 G Street, N.W.

Washington, D.C. 20552

73.    Unless otherwise directed by a representative of the State of

**STIPULATED FINAL JUDGMENT AND ORDER**

Minnesota in writing, all submissions to the State of Minnesota pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to evan.romanoff@ag.state.mn.us:

> Evan Romanoff, Assistant Attorney General
>
> Office of the Minnesota Attorney General
>
> 445 Minnesota Street, Suite 1200
>
> St. Paul, Minnesota 55101

74.     Unless otherwise directed by a representative of the State of North Carolina in writing, all submissions to the State of North Carolina pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to lweaver@ncdoj.gov:

> M. Lynne Weaver, Special Deputy Attorney General
>
> North Carolina Department of Justice
>
> 114 W. Edenton Street
>
> Raleigh, North Carolina 27603

75.     Unless otherwise directed by the State of California in writing, all submissions to the State of California pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to christina.tusan@lacity.org:

> Christina Tusan
>
> Supervising Deputy City Attorney
>
> Los Angeles City Attorney's Office
>
> 200 N. Main Street, 5th Floor
>
> Los Angeles, CA 90012

76.     The Enforcement Director may, in his or her discretion, modify any non-material requirements of this Order (e.g., reasonable extensions of time and

changes to reporting requirements) if he or she determines good cause justifies the modification. Any such modification by the Enforcement Director must be in writing.

## XV

## Cooperation with Plaintiffs

**It is FURTHER ORDERED that:**

77.     Settling Defendant must cooperate fully with Plaintiffs in this matter and in any investigation or litigation related to or associated with the conduct described in the Amended Complaint, including related to the Bankruptcy Proceeding. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that any Plaintiff may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as Plaintiff may designate, without the service of compulsory process.

78.     Settling Defendant and Settling Relief Defendant must cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant and any Person who might have contact information for any Defendant. Settling Defendant and Settling Relief Defendant must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

79.     Settling Defendant and Settling Relief Defendant must cooperate fully to help Plaintiffs determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Settling Defendant and Settling Relief

Defendant must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

## XVI

## Compliance Monitoring

**It is FURTHER ORDERED that**, to monitor Settling Defendant's and Settling Relief Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended:

80.     Within 14 days of receipt of a written request from any Plaintiff, Settling Defendant or Settling Relief Defendant must submit additional Compliance Reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

81.     For purposes of this Section, Plaintiffs may communicate directly with Settling Defendant or Settling Relief Defendant, unless the Settling Defendant or Settling Relief Defendant retains counsel related to these communications.

82.     Settling Defendant and Settling Relief Defendant must permit Plaintiffs' representatives to interview any employee or other Person affiliated with Settling Defendant who has agreed to such an interview. The Person interviewed may have counsel present. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or any Plaintiff's use of other compulsory process.

83.     Plaintiffs are authorized by this Order to use all other lawful means, including posing, through representatives, as consumers, suppliers, or other individuals or entities, to the Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice, and may record any communications that occur in the course of such contacts.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# XVII

## Receivership

**It is FURTHER ORDERED that**:

84.     The receivership imposed by this Court shall continue in the manner set forth in the Preliminary Injunction issued on November 15, 2019 (ECF 103), as to all Defendants and Relief Defendants, except as modified by this Section and Section X, and the Receiver shall continue to have the full powers of an equity receiver, as an agent of the Court, pursuant to Sections XIV and XV of the Preliminary Injunction, which shall remain in effect until further order of the Court.

85.     Within 14 days of liquidating Settling Defendant's Assets transferred pursuant to Paragraph 31, the Receiver shall transfer $5,000 to the State of Minnesota, $5,000 to the North Carolina Attorney General, and $5,000 to the People of the State of California from the Settling Defendant's Assets maintained in the Receiver's account. These transfers shall be made to satisfy the civil money penalties to each State as set forth in Section VII.

86.     The Receiver shall promptly take all steps necessary to liquidate the Settling Defendant's and Settling Relief Defendant's Assets using any commercially reasonable means, including auction and/or private sale, and all such sales shall be deemed authorized and approved under 28 U.S.C. § 2004 without further notice, hearing, or court order. After such liquidation, the Receiver shall remit the net proceeds to the Bureau or its designated representative as payment toward the monetary judgments entered against Settling Relief Defendant and Settling Relief Defendant within 21 days of each such sale or liquidation, subject to Paragraph 85.

**STIPULATED FINAL JUDGMENT AND ORDER**

87.    The Receiver and his representatives shall continue to be entitled to reasonable compensation for the performance of their duties pursuant to this Order from the Assets of the Receivership Defendants. The Receiver and his representatives shall not increase their hourly rates without prior approval of the Court.

## XVIII

### Retention of Jurisdiction

**It is FURTHER ORDERED that**:

88.    The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

It is **SO ORDERED**, this 28th day of August, 2020.

_____

Michael W. Fitzgerald

United States District Judge

**STIPULATED FINAL JUDGMENT AND ORDER**

# ATTACHMENT A

### List of Assets Transferred Pursuant to Paragraph 30 of the Order

Any and all Assets at the following financial institutions and in the following accounts:

1. Charles Schwab & Co., Inc. and Charles Schwab Bank:
   a. account number ending in 7450 in the name of Tuong Nguyen;
2. JP Morgan Chase Bank, N.A.:
   a. account number ending in 7163 in the name of TN Accounting Inc.;
3. Preferred Bank:
   a. account number ending in 1184 in the name of Tuong T. Nguyen or Thi My Tien Nguyen;
4. Wells Fargo Bank, N.A.:
   a. account number ending in 0206 in the name of Mytien T. Nguyen or Tuong Nguyen; and
   b. account number ending in 9982 in the name of Mytien T. Nguyen or Tuong Nguyen.

Attachment A to [Proposed] Order

# ATTACHMENT B

Attachment B to [Proposed] Order

**List of Assets Transferred Pursuant to Paragraphs 30-31 of the Order**

1.   The following vehicle and, for the vehicle, the certificate of title and all
     documents evidencing purchase and ownership:

     a.   2018 Tesla Model 3, VIN ending in 3912, in the name of Tuong
          Nguyen.

2.   The following Assets and, for each Asset, all documents evidencing
     purchase and ownership, including all original packaging:

     a.   All Assets identified at item nos. 20 and 23 on the **Financial
          Statement of Tuong Nguyen**, including all attachments, signed on
          July 30, 2020, and submitted to the Bureau on or about July 30, 2020,
          including the following items:
          i.    Chanel J12 watch;
          ii.   8.26 Bitcoin, 10.9 Ethereum, 1.39 Bitcoin, and 1.28 Bitcoin
                Cash.

     *Provided that* the following Assets shall be released to Mr. Nguyen: all
     Assets not identified above or on Attachment A that are listed at item nos.
     10, 12, 20, 21, and 23 of the above-referenced Financial Disclosure.

     b.   All Assets identified at item no. 23 on the **Financial Statement of TN
          Accounting Inc.**, including all attachments, signed on October 31,
          2019, and submitted to the Bureau on or about November 5, 2019, and
          resubmitted and supplemented on November 7, 2019, December 19,
          2019, July 14, 2020, and July 30, 2020:
          i.    Rolex Datejust Watch, serial number 930002E7, acquisition
                cost $10,400.

     *Provided that* the following Assets shall be released to TN Accounting Inc.:
     all electronics as identified on the above-referenced Financial Statement.

Attachment B to [Proposed] Order