NO JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., | CASE NO. 8:19-cv-01998 MWF (KS) |
| Plaintiffs, | ***CORRECTED, AMENDED STIPULATED FINAL JUDGMENT AND ORDER AS TO DEFENDANTS PRIME CONSULTING LLC AND HORIZON CONSULTANTS LLC*** |
| v. | |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., | Court:  Hon. Michael W. Fitzgerald |
| Defendants. | Courtroom 5A |

STIPULATED FINAL JUDGMENT AND ORDER AS TO DEFENDANTS
PRIME CONSULTING LLC AND HORIZON CONSULTANTS LLC

Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, Plaintiffs) commenced this civil action on October 21, 2019, and filed an amended complaint on February 24, 2020 (Amended Complaint), to obtain permanent injunctive relief, damages, rescission or reformation of contracts,

refunds of moneys paid, restitution, disgorgement or compensation for unjust enrichment, civil money penalties, and other monetary and equitable relief from: (1) Defendants Consumer Advocacy Center Inc. d/b/a Premier Student Loan Center; True Count Staffing Inc. d/b/a SL Account Management; Prime Consulting LLC d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim; Kaine Wen; and Tuong Nguyen; and (2) Relief Defendants Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; Sarah Kim; 1st Generation Holdings, LLC; and Anan Enterprise, Inc.

The Amended Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6102(c)(2) (Telemarketing Act), based on alleged violations of the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310; the Minnesota Prevention of Consumer Fraud Act (MNCFA), Minn. Stat. §§ 325F.68-.694; the Minnesota Uniform Deceptive Trade Practices Act (MNDTPA), Minn. Stat. §§ 325D.43-.48; the North Carolina Debt Adjusting Act (NCDAA), N.C. Gen. Stat. § 14-423 *et seq.*; the North Carolina Telephonic Seller Registration Act (NCTSRA), N.C. Gen. Stat. § 66-260 *et seq.*; the North Carolina Unfair and Deceptive Practices Act (NCUDPA), N.C. Gen. Stat. § 75-1.1; and the California Business and Professions Code 17200 *et seq.* (the Unfair Competition Law or UCL) in connection with the above-named defendants' marketing and sale of debt-relief services.

The (1) Plaintiffs and (2) Defendants Prime Consulting LLC and Horizon Consultants LLC (Settling Defendants) agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute between them arising from the conduct

alleged in the Amended Complaint.

**THEREFORE, IT IS ORDERED:**

### FINDINGS

1.       This Court has jurisdiction over the parties and the subject matter of this action.

2.       Settling Defendants neither admit nor deny the allegations in the Amended Complaint, except as specifically stated herein. For purposes of this Order, Settling Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

3.       Settling Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4.       Entry of this Order is in the public interest.

### DEFINITIONS

The following definitions apply to this Order:

5.        "Affected Consumers" includes any consumer who paid Defendants or their officers, agents, servants, employees, or attorneys for any Debt-Relief Service from November 2, 2015, to October 23, 2019.

6.        "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliverables, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are

3

defined in the Uniform Commercial Code), funds, cash, and trusts, including but not limited to any trust held for the benefit of any Defendant's minor children, or any of Defendants' spouses.

7.      "Assist[ing] Others" includes, but is not limited to:

a.      consulting in any form whatsoever;

b.      providing paralegal or administrative support services;

c.      performing customer service functions, including but not limited to, receiving or responding to consumer complaints;

d.      formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication or advertisement;

e.      formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

f.      providing names of, or assisting in the generation of, potential customers;

g.      performing marketing, billing, or payment services of any kind; and

h.      acting or serving as an owner, officer, director, manager, or principal of any entity.

8.      "Bankruptcy Proceeding" means *In re Consumer Advocacy Center Inc.*, Case No. 19-10655, currently pending in the United States Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division.

**STIPULATED FINAL JUDGMENT AND ORDER**

9.      "Bureau" means the Bureau of Consumer Financial Protection.

10.     "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

      a.      providing financial advisory services to consumers on individual consumer financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure; and

      b.      engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer.

11.     "Defendants" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

      a.      "Corporate Defendants" means Consumer Advocacy Center Inc., True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known, including South Coast Financial Center, Direct Account Services, Financial Loan Advisors, Account Preparation Services, Administrative Financial, Tangible Savings Solutions, Coastal Shores Financial Group, First Choice Financial Centre (a/k/a First Choice Financial Center), Administrative Account Services, Primary Account

**STIPULATED FINAL JUDGMENT AND ORDER**

Solutions, Prime Document Services, Financial Accounting Center, Doc Management Solutions, First Priority LLC, ALW Loans, Administrative Accounting Center, Best Choice Financial Center, First Document Services, Global Direct Accounting Solutions, Keystone Document Center, Pacific Palm Financial Group, Pacific Shores Advisory, Sequoia Account Management, Signature Loan Solutions, Yellowstone Account Services, ClearStudentLoanDebt, Clear Student Loan Debt, Trusted Account Services, Premier Student Loan Center, and Priority Account Management;

b.      "Individual Defendants" means Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen-Ting Dai, Wen Ting Dai, Kaine Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson, collectively, or in any combination, and each of them by any other names by which they might be known;

c.      "Receivership Defendants" means True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns;

d.      "Relief Defendants" means:

        i.      Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; and Anan Enterprise, Inc., collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known; and

        ii.      Sarah Kim, and any other names by which she might be known.

6

**STIPULATED FINAL JUDGMENT AND ORDER**

e.     "Settling Defendants" means Prime Consulting LLC d/b/a Financial Preparation Services and Horizon Consultants LLC, collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known.

12.     "Debt-Relief Service" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

13.     "Effective Date" means the date on which this Order is entered by the Court.

14.     "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

15.     "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

16.     "Plaintiffs" means the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California, collectively, or in any combination.

17.     "Receiver" means Thomas W. McNamara.

18.     "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against any Settling Defendant based on substantially the same facts as described in the Amended Complaint.

19.     "States" means the State of Minnesota, the State of North Carolina, and the People of the State of California.

7

**STIPULATED FINAL JUDGMENT AND ORDER**

20.     "Service Provider" means any person that provides a material service to a covered person, in connection with the offering or provision by such covered person of a Consumer Financial Product or Service, including a person that—(i) participates in designing, operating, or maintaining the Consumer Financial Product or Service; or (ii) processes transactions relating to the Consumer Financial Product or Service (other than unknowingly or incidentally transmitting or processing financial data in a manner that such data is undifferentiated from other types of data of the same form as the person transmits or processes). "Service provider" does not include a person solely by virtue of such person offering or providing to a covered person—(i) a support service of a type provided to businesses generally or a similar ministerial service; or (ii) time or space for an advertisement for a Consumer Financial Product or Service through print, newspaper, or electronic media.

## CONDUCT RELIEF

## I

## Permanent Ban on Telemarketing and
## Offering or Selling Debt-Relief Services

**It is ORDERED that**:

21.     Settling Defendants, whether acting directly or indirectly, are permanently restrained from:

a.     participating in telemarketing or Assisting Others engaged in telemarketing any Consumer Financial Product or Service;

b.     participating in or Assisting Others in advertising, marketing, promoting, offering for sale, selling, or providing any Debt-Relief Service; and

c.     receiving any remuneration or other consideration from, holding any ownership interest in, providing services to, or working in

any capacity for any Person engaged in or assisting in advertising, marketing, promoting, offering for sale, selling, or providing any Debt-Relief Service.

Nothing in this Order shall be read as an exception to this Paragraph.

## II

## Prohibited Misrepresentations and Other Conduct

**It is FURTHER ORDERED that**:

22. Settling Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with them, who have actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any Consumer Financial Product or Service, may not misrepresent, or Assist Others in misrepresenting, expressly or impliedly:

    a.    the benefits that a consumer will receive from the product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in the Consumer Financial Product or Service;

    b.    the time required to achieve benefits from the Consumer Financial Product or Service;

    c.    any aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy of the Consumer Financial Product or Service, including but not limited to, the likelihood of a consumer obtaining a full or partial refund or the circumstances in which a full or partial refund will be granted to the consumer; and

    d.    the total costs or any other material term, fact, restriction, limitation, or condition of the Consumer Financial Product or Service.

**STIPULATED FINAL JUDGMENT AND ORDER**

### III

### State Injunctive Provisions

**It is FURTHER ORDERED that**:

23.     Settling Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with them who receive actual notice of this Order, shall be permanently restrained and enjoined from violating:

> a.     the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44;
>
> b.     the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69; and
>
> c.     the Minnesota Debt Settlement Services Act, Minn. Stat. § 332B.

24.     Settling Defendants and their officers, agents, servants, employees and attorneys, and those Persons in active concert or participation with any of them who receive actual notice of this Order, shall be permanently restrained and enjoined from violating:

> a.     the North Carolina Debt Adjusting Act, N.C. Gen. Stat. § 14-423, *et seq.*;
>
> b.     the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1; and
>
> c.     the North Carolina Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260, *et seq.*

25.     Under the Court's inherent equitable powers and as authorized by California Business and Professions Code section 17203, this Court is empowered to "make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition . . ." Cal. Bus & Prof Code § 17203. Accordingly, Settling Defendants

**STIPULATED FINAL JUDGMENT AND ORDER**

and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, whether acting directly or indirectly, are permanently restrained from any of the following:

      a.      violating <u>California Business and Professions Code section 17200</u>, *et seq.*, through unlawful, fraudulent and/or unfair acts or practices including but not limited to:

            i.      Violating <u>California Financial Code section 12000</u>, *et seq.*, the California Check Sellers, Bill Payers and Proraters Law, by acting as a check seller, bill payer, or prorater within the State of California without first obtaining a license from the California Commissioner of Business Oversight; and

            ii.      Violating <u>California Financial Code section 28100</u>, *et seq.*, the California Student Loan Servicing Act, by engaging in the business of servicing student loans in California without first obtaining a license as required under the Act.

## IV

## Customer Information

**It is FURTHER ORDERED that**:

26.      Settling Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, may not:

      a.      disclose, use, or benefit from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendants obtained before the

Effective Date in connection with the offering or providing of Debt-Relief Services; and

b.    attempt to collect, sell, assign, or otherwise transfer any right to collect payment from any consumer who purchased or agreed to purchase a Debt-Relief Service from any Defendant.

27.    However, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

## V

## Order to Pay Redress

**It is FURTHER ORDERED that**:

28.    A judgment for monetary relief is entered in favor of Plaintiffs and against Settling Defendants as set forth below. Settling Defendant Prime Consulting LLC is liable, jointly and severally, in the amount of $95,057,757, for the purpose of providing redress to Affected Consumers. Of this judgment for monetary relief:

a.    Settling Defendant Horizon Consultants LLC shall be jointly and severally liable for the amount of $12,942,045, such amount also being for the purpose of providing redress to Affected Consumers.

29.    However, full payment of each Settling Defendant's portion of this judgment set forth in Paragraph 28 will be suspended, based on each Settling Defendant's inability to pay, upon each Settling Defendant's satisfaction of the obligations in Paragraphs 30-33 of this Section, Section VI, Paragraphs 42 and 44-45 of Section VII, Paragraph 51 of Section IX, and subject to Section VIII of this Order.

30.    Except as necessary to effectuate the transfers required by Paragraph 79, Settling Defendants hereby grant to the Bureau all rights and claims they have

to all Assets subject to the asset freeze imposed by the Preliminary Injunction entered on November 15, 2019 (ECF 103), and all Assets identified in Attachment A.

31.     To the extent they have not already done so, Settling Defendants are ordered to transfer and relinquish to the Receiver, or to its designated agent, possession, custody, and control of the following Assets within 7 days of entry of this Order, unless otherwise stated:

> a.     dominion and all legal and equitable right, title, and interest in, as well as any accounts receivable from, the following entities and their Assets: Settling Defendants, including their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known; and
>
> b.     all Assets listed on Attachment A.

32.     Settling Defendants shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and take any other actions the Receiver deems necessary or appropriate to effect the transfers required by Paragraph 31. All property set forth in Paragraph 31 shall constitute Assets of the receivership estate.

33.     Except as necessary to effectuate the transfers required by Paragraph 79, Settling Defendants hereby grant to the Bureau all rights and claims they have to any Assets not subject to Paragraph 30 that are currently in the possession, custody, or control of the Receiver, including but not limited to any such Assets identified in Paragraph 31, and shall forfeit any rights and claims to the funds in the receivership estate, including but not limited to: all funds held, obtained, or to be obtained by the Receiver since the inception of the receivership whether through this Order or otherwise.

34.     The suspension of the monetary judgment in Paragraph 29 shall not

**STIPULATED FINAL JUDGMENT AND ORDER**

affect the Receiver's ability to pursue recovery of funds from any third parties to satisfy all or a portion of the full monetary judgment entered in Paragraph 28. Settling Defendants shall remain jointly and severally liable for full payment of this judgment to the extent that funds to satisfy all or a portion of this judgment are able to be recovered from third parties by the Receiver acting on behalf of the Receivership Defendants.

35.     With regard to any redress that Settling Defendants pay under this Section, if Settling Defendants receive, directly or indirectly, any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if Settling Defendants secure a tax deduction or tax credit with regard to any federal, state, or local tax, Settling Defendants must: (a) immediately notify the Enforcement Director and States in writing, and (b) within 10 days of receiving the funds or monetary benefit, Settling Defendants must transfer the full amount of such funds or monetary benefit (Additional Payment) to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the suspended judgment referenced in Paragraph 29 will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 28.

36.     Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

37.     If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the

administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Settling Defendants will have no right to challenge the Bureau's choice of remedies under this Section, and will have no right to contest the manner of distribution chosen by the Bureau.

38.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## VI

## Order to Pay Civil Money Penalty to the Bureau

**It is FURTHER ORDERED that**:

39.     Under section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Amended Complaint and taking into account the factors in 12 U.S.C. § 5565(c)(3), each Settling Defendant must pay a civil money penalty of $1 to the Bureau. These nominal civil penalties are based on each Settling Defendant's limited ability to pay as attested to in all financial statements and supporting documents listed in Section VIII.

40.     Within 10 days of the Effective Date, each Settling Defendant must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

41.     The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

## VII

## Order to Pay Civil Money Penalties to the States

**It is FURTHER ORDERED that**:

42.     Settling Defendants are each jointly and severally liable to pay civil penalties in this Enforcement Action under Minn. Stat. § 8.31 in the total amount of $25,000 to the State of Minnesota, as provided in Paragraph 79.

**STIPULATED FINAL JUDGMENT AND ORDER**

43.     The Minnesota Attorney General will remit these funds to the general fund of the State of Minnesota pursuant to Minn. Stat. §§ 8.31 and 16A.151.

44.     Settling Defendants are each jointly and severally liable to pay civil penalties in this Enforcement Action under N.C. Gen. Stat. § 75-15.2 in the total amount of $25,000 to the State of North Carolina, as provided in Paragraph 79.

45.     Settling Defendants are each jointly and severally liable to pay civil penalties in this Enforcement Action under California Business and Professions Code section 17206 in the total amount of $25,000 to the People of the State of California, as provided in Paragraph 79.

## VIII

**Misrepresentation or Omission Regarding Financial Condition or Non-Compliance with Order to Pay Redress or Civil Money Penalty**

**It is FURTHER ORDERED that**:

46.     The suspension of the monetary judgment entered in Section V of this Order is expressly premised on the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and supporting documents, which each Settling Defendant asserts are truthful, accurate, and complete, and which include:

        a.     Financial Statement of Prime Consulting LLC, including all attachments, signed on November 1, 2019, and submitted to the Bureau on or about November 4, 2019, and supplemented on August 7, 2020; and

        b.     Financial Statement of Horizon Consultants LLC, including all attachments, signed on August 13, 2020, and submitted to the Bureau on or about August 17, 2020.

47.     If upon motion by any Plaintiff, the Court determines that any Settling Defendant has failed to disclose any material Asset or that any of their financial

statements contain any material misrepresentation or omission, including materially misstating the value of any Asset, the Court shall terminate the suspension of the monetary judgment for that Settling Defendant entered in Section V and without further adjudication, shall reinstate the judgment entered in Section V of this Order and the full judgment set forth in that Section with respect to that Settling Defendant shall be immediately due and payable, less any amounts paid to the Bureau under Section V of this Order by that Settling Defendant.

48.     If the Court terminates the suspension of the monetary judgment under this Section, the Bureau will be entitled to interest on the judgment, computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid.

49.     Provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this Section would be in addition to, and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings that Plaintiffs may initiate to enforce this Order.

# IX

## Additional Monetary Provisions

**It is FURTHER ORDERED that**:

50.     In the event of any default on Settling Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable by the defaulting Settling Defendant.

51.     Settling Defendants relinquish all dominion, control, and title to the funds and all other Assets transferred or paid under this Order to the fullest extent permitted by law and no part of the funds or other Assets may be returned to any

**STIPULATED FINAL JUDGMENT AND ORDER**

Settling Defendant.

52.     The facts alleged in the Amended Complaint will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in any bankruptcy case.

53.     The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Plaintiffs under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against each Settling Defendant, even in such Defendant's capacity as debtor-in-possession.

54.     Under 31 U.S.C. § 7701, Settling Defendants, unless they already have done so, must furnish to Plaintiffs any taxpayer-identifying numbers associated with them or their Assets, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

55.     Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Settling Defendants must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that the Settling Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Settling Defendants may not argue that they are entitled to, nor may any Settling Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any

**STIPULATED FINAL JUDGMENT AND ORDER**

Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against any Settling Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, the Settling Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

56.   Settling Defendants must treat all civil money penalties paid under this Order as a penalty paid to the government for all purposes. Regardless of how such funds are used, Settling Defendants may not:

a.   claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

b.   seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

# X

## Lifting of Asset Freeze

**It is FURTHER ORDERED that**:

57.   The freeze on the Assets of Settling Defendants is modified to permit the payments and other transfers of Assets identified in Sections V, VI, VII and IX of this Order. Upon completion of all payments and other obligations identified in Sections V, VI, VII and IX of this Order, the freeze of the Settling Defendants' Assets pursuant to the Preliminary Injunction entered on November 15, 2019 (ECF 103), shall be dissolved.

# COMPLIANCE PROVISIONS

## XI

### Reporting Requirements

**It is FURTHER ORDERED that**:

58.     Settling Defendants must notify Plaintiffs of any development that may affect compliance obligations arising under this Order, including but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against any Settling Defendant; or a change in any Settling Defendant's name or address. Settling Defendants must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

59.     Within 7 days of the Effective Date, each Settling Defendant must:

a.      designate at least one telephone number and email, physical, and postal address as points of contact, which Plaintiffs may use to communicate with such Settling Defendant;

b.      identify all businesses for which the Settling Defendant is the majority owner, or that such Settling Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

c.      describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

60.     Each Settling Defendant must report any change in the information required to be submitted under Paragraph 59 above at least 30 days before the

20

**STIPULATED FINAL JUDGMENT AND ORDER**

change or as soon as practicable after learning about the change, whichever is sooner.

## XII

## Order Distribution and Acknowledgment

**It is FURTHER ORDERED that**:

61.    For 5 years from the Effective Date, each Settling Defendant must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section XI, any future board members and executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

## XIII

## Recordkeeping

**It is FURTHER ORDERED that**:

62.    Each Settling Defendant must create, for at least 10 years from the Effective Date, the following business records: all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to any Plaintiff. Each Settling Defendant must retain these documents for at least 10 years after creation and make them available to Plaintiffs upon any Plaintiff's request.

63.    Settling Defendants must maintain, for at least 10 years from the Effective Date or 5 years after creation, whichever is longer:

            a.    copies of all sales scripts; training materials; advertisements;
            websites; and other marketing materials, including any such materials
            used by a third party on any Settling Defendant's behalf, relating to
            any Consumer Financial Product or Service;

            b.    for each individual Affected Consumer and his or her

**STIPULATED FINAL JUDGMENT AND ORDER**

enrollment in that Consumer Financial Product or Service: the consumer's name, address, phone number, email address; amount paid, quantity of Consumer Financial Products or Services purchased, description of the Consumer Financial Product or Service purchased, the date on which the Consumer Financial Product or Service was purchased, a copy of any promotional or welcome materials provided, and, if applicable, the date and reason the consumer left the program;

c.      for all Consumer Financial Products or Services, accounting records showing the gross and net revenues generated by the Consumer Financial Product or Service;

d.      all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party) relating to a Consumer Financial Product or Service, and any responses to those complaints or requests;

e.      records showing, for each employee providing services related to a Consumer Financial Product or Service, that person's name, telephone number, email, physical, and postal address, job title or position, dates of service, and, if applicable, the reason for termination; and

f.      records showing, for each Service Provider providing services related to a Consumer Financial Product or Service, the name of a point of contact, and that Person's telephone number, email, physical, and postal address, job title or position, dates of service, and, if applicable, the reason for termination.

64.      Settling Defendants must make these materials available to Plaintiffs upon any Plaintiff's request.

**STIPULATED FINAL JUDGMENT AND ORDER**

## XIV

### Notices

**It is FURTHER ORDERED that**:

65.     Unless otherwise directed in writing by the Bureau, Settling Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB, et al., v. CAC, et al.*, Case No. 8:19-cv-01998-MWF-KS" and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

>        Assistant Director for Enforcement
>        Bureau of Consumer Financial Protection
>        ATTENTION: Office of Enforcement
>        1700 G Street, N.W.
>        Washington, D.C. 20552

66.     Unless otherwise directed by a representative of the State of Minnesota in writing, all submissions to the State of Minnesota pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to evan.romanoff@ag.state.mn.us:

>        Evan Romanoff, Assistant Attorney General
>        Office of the Minnesota Attorney General
>        445 Minnesota Street, Suite 1200
>        St. Paul, Minnesota 55101

67.     Unless otherwise directed by a representative of the State of North Carolina in writing, all submissions to the State of North Carolina pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to lweaver@ncdoj.gov:

///

**STIPULATED FINAL JUDGMENT AND ORDER**

M. Lynne Weaver, Special Deputy Attorney General

North Carolina Department of Justice

114 W. Edenton Street

Raleigh, North Carolina 27603

68.    Unless otherwise directed by the State of California in writing, all submissions to the State of California pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to christina.tusan@lacity.org:

Christina Tusan

Supervising Deputy City Attorney

Los Angeles City Attorney's Office

200 N. Main Street, 5th Floor

Los Angeles, CA 90012

69.    The Enforcement Director may, in his or her discretion, modify any non-material requirements of this Order (e.g., reasonable extensions of time and changes to reporting requirements) if he or she determines good cause justifies the modification. Any such modification by the Enforcement Director must be in writing.

## XV

## Cooperation with Plaintiffs

**It is FURTHER ORDERED that:**

70.    Settling Defendants must cooperate fully with Plaintiffs in this matter and in any investigation or litigation related to or associated with the conduct described in the Amended Complaint, including related to the Bankruptcy Proceeding. Settling Defendants must provide truthful and complete information, evidence, and testimony. Settling Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and

**STIPULATED FINAL JUDGMENT AND ORDER**

any other proceedings that any Plaintiff may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as Plaintiff may designate, without the service of compulsory process.

71.    Settling Defendants must cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant and any Person who might have contact information for any Defendant. Settling Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

72.    Settling Defendants must cooperate fully to help Plaintiffs determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Settling Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

## XVI

## Compliance Monitoring

**It is FURTHER ORDERED that**, to monitor Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended:

73.    Within 14 days of receipt of a written request from any Plaintiff, each Settling Defendant must submit additional Compliance Reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

74.    For purposes of this Section, Plaintiffs may communicate directly with each Settling Defendant, unless the Settling Defendant retains counsel related to these communications.

75.    Each Settling Defendant must permit Plaintiffs' representatives to interview any employee or other Person affiliated with the Settling Defendant who

**STIPULATED FINAL JUDGMENT AND ORDER**

has agreed to such an interview. The Person interviewed may have counsel present. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or any Plaintiff's use of other compulsory process.

76.     Plaintiffs are authorized by this Order to use all other lawful means, including posing, through representatives, as consumers, suppliers, or other individuals or entities, to the Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice, and may record any communications that occur in the course of such contacts.

## XVII

## Receivership

**It is FURTHER ORDERED that**:

77.     The receivership imposed by this Court shall continue in the manner set forth in the Preliminary Injunction issued on November 15, 2019 (ECF 103), as to all Defendants and Relief Defendants, except as modified by this Section and Section X, and the Receiver shall continue to have the full powers of an equity receiver, as an agent of the Court, pursuant to Sections XIV and XV of the Preliminary Injunction, which shall remain in effect until further order of the Court.

78.     The Receiver shall take all necessary steps to wind down the affairs of the Settling Defendants. Within 14 days of entry of this Order, the Receiver shall transfer $1,400,000 of Settling Defendants' Assets currently maintained in the Receiver's account to the Bureau. Future transfers of funds recovered by the Receiver shall be treated as Additional Payments, pursuant to Paragraph 35.

79.     Within 14 days of liquidating Settling Defendants' Assets transferred pursuant to Paragraph 31, the Receiver shall transfer $25,000 to the State of

**STIPULATED FINAL JUDGMENT AND ORDER**

Minnesota, $25,000 to the North Carolina Attorney General, and $25,000 to the People of the State of California from the Settling Defendants' Assets maintained in the Receiver's account. These transfers shall be made to satisfy the civil money penalties to each State as set forth in Section VII.

80.    The Receiver shall promptly take all steps necessary to liquidate the Settling Defendants' Assets using any commercially reasonable means, including auction and/or private sale, and all such sales shall be deemed authorized and approved under 28 U.S.C. § 2004 without further notice, hearing, or court order. After such liquidation, the Receiver shall remit the net proceeds to the Bureau or its designated representative as payment toward the monetary judgments entered against Settling Defendants within 21 days of each such sale or liquidation, subject to Paragraph 79.

81.    The Receiver and his representatives shall continue to be entitled to reasonable compensation for the performance of their duties pursuant to this Order from the Assets of the Receivership Defendants. The Receiver and his representatives shall not increase their hourly rates without prior approval of the Court.

## XVIII
### Retention of Jurisdiction

**It is FURTHER ORDERED that**:

82.    The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.


It is **SO ORDERED**, this 26th day of August, 2020.


MICHAEL W. FITZGERALD
United States District Court

**STIPULATED FINAL JUDGMENT AND ORDER**

# ATTACHMENT A

Attachment A to [Proposed] Order

**List of Assets Transferred Pursuant to Paragraphs 30-31 of the Order**

1.    Any and all Assets at the following financial institutions or entities and in the following accounts, including Assets transferred to the Receiver from the following entities and accounts:

   a. JPMorgan Chase Bank, N.A.:
      i. account number ending in 0325 in the name of Prime Consulting LLC;
   b. National Merchant Center, Inc.:
      i. all accounts, including reserve funds, in the name of Horizon Consultants LLC;
   c. Sunwest Bank:
      i. account number ending in 1069 in the name of Horizon Consultants LLC; and
      ii. account number ending in 1026 in the name of Prime Consulting LLC.

2.    The following Assets and, for each Asset, all documents evidencing purchase and ownership, including all original packaging:

   a. All Assets identified at item no. 23 on the **Financial Statement of Prime Consulting LLC**, including all attachments, signed on November 1, 2019, and submitted to the Bureau on or about November 4, 2019, and supplemented on August 7, 2020.

Attachment A to [Proposed] Order