SARAH PREIS (D.C. Bar No. 997387) (Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (N.Y. Bar No. 5145495) (Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
1700 G Street, NW
Washington, DC 20552
N. NATHAN DIMOCK (D.C. Bar No. 487743) (Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788
*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>　　　　Defendants. | CASE NO. 8:19-cv-01998 MWF<br><br>**DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF APPLICATION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT FIRST PRIORITY LLC**<br><br>Court:　Hon. Michael W. Fitzgerald |

I, N. Nathan Dimock, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an attorney for the Bureau of Consumer Financial Protection (Bureau), an agency of the United States and a Plaintiff in this lawsuit.

2.      On February 24, 2020, Plaintiffs the Bureau, the State of Minnesota, the State of North Carolina, and the People of the State of California filed their First Amended Complaint ("Complaint") in the United States District Court for the Central District of California against, among others, First Priority LLC d/b/a Priority Account Management (First Priority).  (Dkt. No. 134).  The Complaint alleges, among other things, that Defendant First Priority provided substantial assistance in violation of the Telemarketing Sales Rule (TSR), 16 C.F.R. § 310.3(b) (Count VI), provided substantial assistance in violation of Section 1036(a)(3) of the Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5536(a)(3) (Count X), violated the CFPA based on the violations of the TSR, 15 U.S.C. § 6102 (Count XI), violated the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1 (Count XVI), and violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. (Count XVIII), by engaging in a deceptive student loan modification scheme.

3.      On March 6, 2020, Plaintiffs served a copy of the Complaint, Notice of a Lawsuit and a Request to Waive Service of a Summons, two copies of the waiver form, the Court's then most recent Scheduling Order, and a Notice of Related Proceedings on Defendant First Priority by delivering a copy to Defendant Tuong Nguyen, through his counsel, in his capacity as an officer of First Priority.  Plaintiffs filed an executed Waiver of the Service of Summons with the Court on March 20, 2020.  (Dkt. No. 139).

4.      On May 5, 2020, multiple Defendants filed their *Ex Parte* Application to Extend Time to File Answer to July 13, 2020.  (Dkt. No. 151).  On May 7, 2020, the Court granted Defendants Application, extending the deadline for Defendants, including Defendant First Priority, to respond or file an answer to July 13, 2020.  (Dkt. No. 152).

5.      In an order issued on July 31, 2020, the Court noted that Defendant First

Priority remained unrepresented by counsel, and that "[t]he basic rule is that corporations must appear in federal court through counsel." (Dkt. No. 177 at 4-5 (citations omitted)). In that order, the Court directed that Defendant First Priority "file notice to the Court that they have retained counsel by August 14, 2020." (*Id.* at 5). The Court further directed that should First Priority fail to retain counsel, "Plaintiffs shall apply for entry of default by no later than August 28, 2020, and shall move for default judgment within ten (10) days of entry of default by the Clerk." (*Id.*). As of the date of this filing, Defendant First Priority has failed to retain counsel, nor has it filed a responsive pleading or answer.

6.     Defendant First Priority is not a minor or incompetent person.

7.     Defendant First Priority is not currently in the military service and, therefore, the Service Members Civil Relief Act, 50 U.S.C. app. §521, does not apply.

8.     A true and correct copy of the Waiver of the Service of Summons for Defendant First Priority has been filed with the Court. (Dkt. No. 139.)

I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and belief.


Dated: August 28, 2020                    Respectfully submitted,


                                          By: /s/ *N. Nathan Dimock*
                                          N. Nathan Dimock (D.C. Bar No. 487743)
                                          (admitted *pro hac vice*)
                                          *Enforcement Attorney*
                                          1700 G Street NW
                                          Washington, DC 20552
                                          Phone: (202) 435-9198
                                          Fax: (202) 435-9346
                                          Email: nathan.dimock@cfpb.gov

                                          Attorney for Plaintiff
                                          Bureau of Consumer Financial Protection