UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | SACV 19-1998-MWF (KSx) | **Date:** September 3, 2020 |
| **Title:** | Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION TO WITHDRAW AS COUNSEL OF RECORD [168]

Before the Court is Venable LLP's ("Venable") Motion to Withdraw as Counsel of Record for Defendants True Count Staffing, Inc., Albert Kim, Kaine Wen, and Relief Defendant Infinite Management Corp. (the "Motion"), filed on July 24, 2020. (Docket No. 168). Defendants Albert Kim, Kaine Wen, and Matthew Eanet, attorney for Relief Defendants Hold The Door, Corp. and Mice and Men LLC, filed Declarations in Opposition to the Motion on July 28, 2020 and July 30, 2020. (Docket Nos. 171-1; 171-2; 171-3; 175). On August 3, 2020, and again on August 21, 2020, Venable lodged *in camera* filings under seal in further support of its Motion. (Docket Nos. 184-185; 199-200).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on August 31, 2020, pursuant to the Court's Continuity of Operations Plan arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion is **GRANTED**. Venable shall be permitted to withdraw from its representation of True Count Staffing, Inc. ("True Count"), Albert Kim, Kaine Wen, and Relief Defendant Infinite Management Corp. ("Infinite") (collectively the "Venable Defendants").

Whether to grant a motion to withdraw is a matter within the Court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "The motion for leave to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** SACV 19-1998-MWF (KSx) | **Date:** September 3, 2020 |
| **Title:** Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al. | |

withdraw must be supported by good cause." L.R. 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. at 83-2.3.5.

In determining whether to grant counsel's motion to withdraw, courts often weigh the following four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice[;] and (4) the degree to which withdrawal will delay the resolution of the case." *Kazovsky v. Metrocities Mortgage, LLC*, 2:11-CV-06079-ODW (FMOx), 2012 WL 8747557, at *1 (C.D. Cal. June 4, 2012) (quoting *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200-PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. June 28, 2009)).

In assessing the reasons for withdrawal, the Court looks to the California Rules of Professional Conduct. *See Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) ("Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation."); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation.").

The Court determines that Venable has demonstrated good cause for withdrawal. As stated at the hearing, good cause is shown both on the basis of the *in camera* submissions and that the various declarations demonstrate a breakdown in the attorney-client relationship.

With respect to prejudice, while Albert Kim and Kaine Wen both indicated their desire for Venable to continue its representation, that is no longer possible, and both parties would likely be *more* prejudiced by Venable's continued representation. And

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  SACV 19-1998-MWF (KSx)                     **Date:**  September 3, 2020
**Title:**      Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

both Kim and Wen now agree Venable's withdrawal is best for everyone involved. Additionally, while Matthew Eanet declares that Relief Defendants Hold The Door, Corp. and Mice and Men LLC will be prejudiced by Venable's withdrawal because of a delay in settlement negotiations, that does not justify denying the Motion.  (Docket No. 171-3).

Moreover, as there are currently no other motions pending in this action, withdrawal will have limited impact on the administration of justice and the resolution of the case.  That is especially true considering that the Court ordered Venable to file Answers on behalf of the Venable Defendants rather than further delaying this case. Finally, while requiring the Venable Defendants to find new counsel may delay the resolution of the case, the Venable Defendants have been on notice of Venable's plans to withdraw from this case for over a month, giving them sufficient time to find new counsel.

For the reasons stated above, the Motion is **GRANTED**.  Venable shall serve a copy of this Order on the Venable Defendants by mail, e-mail, or any other practical means of service calculated to give actual notice of the withdrawal, and then file a proof of service within five court days of the filing of this Order.  After filing the proof of service, Venable is granted leave to withdraw and will be deemed withdrawn as counsel of record.  The docket shall reflect the withdrawal.

As the Court stated at the hearing, with respect to Albert Kim and Kaine Wen, when an attorney of record ceases to represent individuals, as here, the individuals must appear pro se or appoint another attorney by a signed substitution of attorney form.  L.R. 83-2.3.3.  Defendants Albert Kim and Kaine Wen shall file notice with the Court by no later than **October 16, 2020**, whether they have retained counsel.  If they do not retain new counsel by that date, then they should be prepared to represent themselves.

As for Defendants Infinite and True Count, the basic rule is that a corporation must appear in federal court through counsel.  *See Rowland v. Cal. Men's Colony, Unit*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** SACV 19-1998-MWF (KSx) | **Date:** September 3, 2020 |
| **Title:** Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al. | |

*II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because, *inter alia*, organizations need a lawyer in federal court). Accordingly, because Infinite and True Count cannot proceed pro se in this action, they must fill notice with the Court no later than **October 16, 2020** that they have retained new counsel. Should they fail to file the above notice, the Court shall strike their Answers (Docket Nos. 191, 193), and Plaintiffs shall apply for entry of default against Infinite and True Count by no later than **October 30, 2020**, and shall move for default judgment within ten (10) days of entry of default by the Clerk.

Until the Venable Defendants file their notices with the Court regarding retaining counsel, the action is **STAYED** as to the Venable Defendants. The stay will be lifted as to the Venable Defendants **one week after** the above-referenced notices are filed or until October 16, 2020, whichever first occurs.

IT IS SO ORDERED.

The Court may not provide advice to any party, including persons who are not represented by a lawyer. (Such persons are known as "pro se litigants.") However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court. Public Counsel's Federal Pro Se Clinic provides free legal assistance to people representing themselves in the United States District Court for the Central District of California. The Pro Se Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, California 90012.

The Los Angeles Pro Se Clinic is closed due to the pandemic, but is providing remote assistance via telephone and/or email. For more information, you can call the clinic at (213) 385-2977, ext. 270, or visit the following site: tinyurl.com/fedproseclinic.

In addition, the Court has information of importance to pro se litigants at the "People Without Lawyers" link, http://prose.cacd.uscourts.gov/.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 19-1998-MWF (KSx)          **Date:** September 3, 2020

Title:    Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

    Pro se litigants may also apply to the Court for permission to electronically file.  Form CV-005 is available at http://www.cacd.uscourts.gov/court-procedures/forms.

    The Court's website home page is http://www.cacd.uscourts.gov.