1  SARAH PREIS (DC Bar No. 997387)
2  (Admitted *pro hac vice*)
   sarah.preis@cfpb.gov
3  Tel.: (202) 435-9318
4  JESSE STEWART (NY Bar No. 5145495)
   (Admitted *pro hac vice*)
5  jesse.stewart@cfpb.gov
6  Tel.: (202) 435-9641
   NATHAN DIMOCK (DC Bar No. 487743)
7  (Admitted *pro hac vice*)
8  nathan.dimock@cfpb.gov
   Tel.: (202) 435-9198
9  1700 G Street, NW
10 Washington, DC 20552
   Fax: (202) 435-5471
11 LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
12 leanne.hartmann@cfpb.gov
   301 Howard Street, Suite 1200
13 San Francisco, CA 94105
14 Tel: (415) 844-9787 / Fax: (415) 844-9788
   *Attorneys for Plaintiff the Bureau of Consumer Financial Protection*
15
16 *Additional Counsel for Plaintiffs Listed on Next Page

17

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., | CASE NO. 8:19-cv-01998 MWF (KS) |
| **Plaintiffs,** | **STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER AS TO RELIEF DEFENDANTS HOLD THE DOOR, CORP. AND MICE AND MEN LLC** |
| v. | |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., | |
| **Defendants.** | Court:  Hon. Michael W. Fitzgerald Courtroom 5A |

1

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

**\*Additional Counsel for Plaintiffs Listed Below:**

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 757-1454 / Email: evan.romanoff@ag.state.mn.us

*Attorney for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
MICHAEL T. HENRY (N.C. Bar No. 35338)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Emails: lweaver@ncdoj.gov / mhenry@ncdoj.gov

*Attorneys for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
MARY CLARE MOLIDOR, Chief Assistant City Attorney, (CA Bar No. 82404)
CHRISTINA V. TUSAN, Supervising Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
REBECCA MORSE, Deputy City Attorney (CA Bar No. 314853)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 978-8707/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org

*Attorneys for Plaintiff the People of the State of California*

2
**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, Plaintiffs) commenced this civil action on October 21, 2019, and filed an amended complaint on February 24, 2020 (Amended Complaint), to obtain permanent injunctive relief, damages, rescission or reformation of contracts, refunds of moneys paid, restitution, disgorgement or compensation for unjust enrichment, civil money penalties, and other monetary and equitable relief from: (1) Defendants Consumer Advocacy Center Inc. d/b/a Premier Student Loan Center; True Count Staffing Inc. d/b/a SL Account Management; Prime Consulting LLC d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim; Kaine Wen; and Tuong Nguyen; and (2) Relief Defendants Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice and Men LLC; Sarah Kim; 1st Generation Holdings, LLC; and Anan Enterprise, Inc.

The Amended Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6102(c)(2) (Telemarketing Act), based on alleged violations of the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310; the Minnesota Prevention of Consumer Fraud Act (MNCFA), Minn. Stat. §§ 325F.68-.694; the Minnesota Uniform Deceptive Trade Practices Act (MNDTPA), Minn. Stat. §§ 325D.43-.48; the North Carolina Debt Adjusting Act (NCDAA), N.C. Gen. Stat. § 14-423 *et seq.*; the North Carolina Telephonic Seller Registration Act (NCTSRA), N.C. Gen. Stat. § 66-260 *et seq.*; the North Carolina Unfair and Deceptive Practices Act (NCUDPA), N.C. Gen. Stat. § 75-1.1; and the California Business and Professions

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

Code 17200 *et seq.* (the Unfair Competition Law or UCL) in connection with the above-named defendants' marketing and sale of debt-relief services.

The (1) Plaintiffs and (2) Relief Defendants Hold the Door, Corp. and Mice and Men LLC (Settling Relief Defendants) stipulate to the entry of a stipulated final judgment and order, lodged concurrently with this stipulation, with the following terms and provisions:

## FINDINGS

1.      This Court has jurisdiction over the parties and the subject matter of this action.

2.      Settling Relief Defendants neither admit nor deny the allegations in the Amended Complaint, except as specifically stated herein. For purposes of this Order, Settling Relief Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

3.      Settling Relief Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim they may have under the Equal Access to Justice Act, 28 U.S.C § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4.      Entry of this Order is in the public interest.

## DEFINITIONS

The following definitions apply to this Order:

5.      "Affected Consumers" includes any consumer who paid Defendants or their officers, agents, servants, employees, or attorneys for any Debt-Relief Service from November 2, 2015, to October 23, 2019.

6.      "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

whole or in part for the benefit of, or subject to access by any Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliverables, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts.

7. "Bureau" means the Bureau of Consumer Financial Protection.

8. "Defendants" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

      a. "Corporate Defendants" means Consumer Advocacy Center Inc., True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known, including South Coast Financial Center, Direct Account Services, Financial Loan Advisors, Account Preparation Services, Administrative Financial, Tangible Savings Solutions, Coastal Shores Financial Group, First Choice Financial Centre (a/k/a First Choice Financial Center), Administrative Account Services, Primary Account Solutions, Prime Document Services, Financial Accounting Center, Doc Management Solutions, First Priority LLC, ALW Loans, Administrative Accounting Center, Best Choice Financial Center, First Document Services, Global Direct Accounting Solutions, Keystone Document Center, Pacific Palm Financial Group, Pacific Shores Advisory, Sequoia Account Management, Signature Loan

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

Solutions, Yellowstone Account Services, ClearStudentLoanDebt,
Clear Student Loan Debt, Trusted Account Services, Premier Student
Loan Center, and Priority Account Management;

b.     "Individual Defendants" means Albert Kim, a/k/a Albert King;
Kaine Wen, a/k/a Wenting Kaine Dai, Wen-Ting Dai, Wen Ting Dai,
Kaine Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom
Nelson, collectively, or in any combination, and each of them by any
other names by which they might be known;

c.     "Receivership Defendants" means True Count Staffing Inc.,
Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC,
and First Priority LLC, collectively, or in any combination, and their
successors and assigns;

d.     "Relief Defendants" means:

i.     Infinite Management Corp., f/k/a Infinite Management
Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice
and Men LLC; 1st Generation Holdings, LLC; and Anan
Enterprise, Inc., collectively, or in any combination, and their
successors and assigns, and each of them by any other names by
which they might be known; and

ii.     Sarah Kim, and any other names by which she might be
known.

e.     "Settling Relief Defendants" means Hold the Door, Corp. and
Mice and Men LLC, and their successors and assigns, and each of
them by any other names by which they might be known.

9.     "Debt-Relief Service" means any program or service represented,
directly or by implication, to renegotiate, settle, or in any way alter the terms of

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

10. "Effective Date" means the date on which this Order is entered by the Court.

11. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

12. "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

13. "Plaintiffs" means the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California, collectively, or in any combination.

14. "Receiver" means Thomas W. McNamara.

15. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against any Settling Relief Defendant based on substantially the same facts as described in the Amended Complaint.

16. "States" means the State of Minnesota, the State of North Carolina, and the People of the State of California.

## MONETARY PROVISIONS

## I

## Order to Pay Redress

**It is FURTHER ORDERED that**:

17. A judgment for monetary relief is entered in favor of Plaintiffs and

against Settling Relief Defendants as set forth below:

      a.    Settling Relief Defendant Hold the Door, Corp. shall be jointly and severally liable for the amount of $1,638,687, such amount being for the purpose of providing redress to Affected Consumers; and

      b.    Settling Relief Defendant Mice and Men LLC shall be jointly and severally liable for the amount of $5,041,069, such amount being for the purpose of providing redress to Affected Consumers.

18.    However, full payment of each Settling Relief Defendant's portion of this judgment set forth in Paragraph 17 will be suspended, based on each Settling Relief Defendant's inability to pay, upon each Settling Relief Defendant's satisfaction of the obligations in Paragraphs 19-22 of this Section, Paragraph 33 of Section III, and subject to Section II of this Order.

19.    Settling Relief Defendants hereby grant to the Bureau all rights and claims they have to all Assets subject to the asset freeze imposed by the Preliminary Injunction entered on November 15, 2019 (ECF 103), and all Assets identified in Attachment A and Attachment B. Within 10 business days from receipt of a copy of this Order by any means, including but not limited to via facsimile or email, the financial institutions identified in Attachment A shall transfer to the Bureau or its designated agent all funds held in the accounts listed in Attachment A by wire transfer to the Bureau or the Bureau's agent according to the Bureau's wiring instructions.

20.    To the extent they have not already done so, Settling Relief Defendants are ordered to transfer and relinquish to the Receiver, or to its designated agent, possession, custody, and control of the following Assets within 7 days of entry of this Order, unless otherwise stated: dominion and all legal and equitable right, title, and interest in, as well as any accounts receivable from, the

following entities: Settling Relief Defendants, including their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

21.     Settling Relief Defendants shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and take any other actions the Receiver deems necessary or appropriate to effect the transfers required by Paragraph 20. All property set forth in Paragraph 20 shall constitute Assets of the receivership estate.

22.     Settling Relief Defendants hereby grant to the Bureau all rights and claims they have to any Assets not subject to Paragraph 19 that are currently in the possession, custody, or control of the Receiver, including but not limited to any such Assets identified in Paragraph 20, and shall forfeit any rights and claims to the funds in the receivership estate, including but not limited to: all funds held, obtained, or to be obtained by the Receiver since the inception of the receivership whether through this Order or otherwise.

23.     The suspension of the monetary judgment in Paragraph 18 shall not affect the Receiver's ability to pursue recovery of funds from any third parties, including family members of Defendants, to satisfy all or a portion of the full monetary judgment entered in Paragraph 17. Settling Relief Defendants shall remain jointly and severally liable for full payment of this judgment to the extent that funds to satisfy all or a portion of this judgment are able to be recovered from third parties by the Receiver acting on behalf of the Receivership Defendants.

24.     With regard to any redress that Settling Relief Defendants pay under this Section, if Settling Relief Defendants receive, directly or indirectly, any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if Settling Relief Defendants secure

9

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

a tax deduction or tax credit with regard to any federal, state, or local tax, Settling Relief Defendants must: (a) immediately notify the Enforcement Director and States in writing, and (b) within 10 days of receiving the funds or monetary benefit, Settling Relief Defendants must transfer the full amount of such funds or monetary benefit (Additional Payment) to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the suspended judgment referenced in Paragraph 18 will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 17.

25.    Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

26.    If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Settling Relief Defendants will have no right to challenge the Bureau's choice of remedies under this Section, and will have no right to contest the manner of distribution chosen by the Bureau.

27.    Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

## II

## Misrepresentation or Omission Regarding Financial Condition or Non-Compliance with Order to Pay Redress

**It is FURTHER ORDERED that**:

28.     The suspension of the monetary judgment entered in Section I of this Order is expressly premised on the truthfulness, accuracy, and completeness of Settling Relief Defendants' sworn financial statements and supporting documents, which each Settling Relief Defendant asserts are truthful, accurate, and complete, and which include:

   a. Financial Statement of Hold the Door, Corp., including all attachments, signed on November 1, 2019, and submitted to the Bureau on or about November 4, 2019, and supplemented on December 5, 2019, and August 20, 2020; and

   b. Financial Statement of Mice and Men LLC, including all attachments, signed on June 22, 2020, and submitted to the Bureau on or about June 25, 2020.

29.     If upon motion by any Plaintiff, the Court determines that any Settling Relief Defendant has failed to disclose any material Asset or that any of their financial statements contain any material misrepresentation or omission, including materially misstating the value of any Asset, the Court shall terminate the suspension of the monetary judgment for that Settling Relief Defendant entered in Section I and without further adjudication, shall reinstate the judgment entered in Section I of this Order and the full judgment set forth in that Section with respect to that Settling Relief Defendant shall be immediately due and payable, less any amounts paid to the Bureau under Section I of this Order by that Settling Relief Defendant.

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

30.     If the Court terminates the suspension of the monetary judgment under this Section, the Bureau will be entitled to interest on the judgment, computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid.

31.     Provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this Section would be in addition to, and not in lieu of any other civil or criminal remedies as may be provided by law, including any other proceedings that Plaintiffs may initiate to enforce this Order.

### III

### Additional Monetary Provisions

**It is FURTHER ORDERED that**:

32.     In the event of any default on Settling Relief Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable by the defaulting Settling Relief Defendant.

33.     Settling Relief Defendants relinquish all dominion, control, and title to the funds and all other Assets transferred or paid under this Order to the fullest extent permitted by law and no part of the funds or other Assets may be returned to any Settling Relief Defendant.

34.     The facts alleged in the Amended Complaint will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in

any bankruptcy case.

35.     The facts alleged in the Amended Complaint establish all elements necessary to sustain an action by the Plaintiffs under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against each Settling Relief Defendant, even in such Defendant's capacity as debtor-in-possession.

36.     Under 31 U.S.C. § 7701, Settling Relief Defendants, unless they already have done so, must furnish to Plaintiffs any taxpayer-identifying numbers associated with them or their Assets, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

37.     Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Settling Relief Defendants must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that the Settling Relief Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## IV

## Lifting of Asset Freeze

**It is FURTHER ORDERED that**:

38.     The freeze on the Assets of Settling Relief Defendants is modified to permit the payments and other transfers of Assets identified in Sections I and III of this Order. Upon completion of all payments and other obligations identified in Sections I and III of this Order, the freeze of the Settling Relief Defendants' Assets pursuant to the Preliminary Injunction entered on November 15, 2019 (ECF 103), shall be dissolved.

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

# COMPLIANCE PROVISIONS

## V

### Notices

**It is FURTHER ORDERED that**:

39.     Unless otherwise directed in writing by the Bureau, Settling Relief
Defendants must provide all submissions, requests, communications, or other
documents relating to this Order in writing, with the subject line, "*CFPB, et al., v.
CAC, et al.*, Case No. 8:19-cv-01998-MWF-KS" and send them by overnight
courier or first-class mail to the below address and contemporaneously by email to
Enforcement_Compliance@cfpb.gov:

> Assistant Director for Enforcement
>
> Bureau of Consumer Financial Protection
>
> ATTENTION: Office of Enforcement
>
> 1700 G Street, N.W.
>
> Washington, D.C. 20552

40.     Unless otherwise directed by a representative of the State of
Minnesota in writing, all submissions to the State of Minnesota pursuant to this
Order must be sent by overnight courier or first-class mail to the below address and
contemporaneously by email to evan.romanoff@ag.state.mn.us:

> Evan Romanoff, Assistant Attorney General
>
> Office of the Minnesota Attorney General
>
> 445 Minnesota Street, Suite 1200
>
> St. Paul, Minnesota 55101

41.     Unless otherwise directed by a representative of the State of North
Carolina in writing, all submissions to the State of North Carolina pursuant to this

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to lweaver@ncdoj.gov:

> M. Lynne Weaver, Special Deputy Attorney General
>
> North Carolina Department of Justice
>
> 114 W. Edenton Street
>
> Raleigh, North Carolina 27603

42.     Unless otherwise directed by the State of California in writing, all submissions to the State of California pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to christina.tusan@lacity.org:

> Christina Tusan
>
> Supervising Deputy City Attorney
>
> Los Angeles City Attorney's Office
>
> 200 N. Main Street, 5th Floor
>
> Los Angeles, CA 90012

43.     The Enforcement Director may, in his or her discretion, modify any non-material requirements of this Order (e.g., reasonable extensions of time and changes to reporting requirements) if he or she determines good cause justifies the modification. Any such modification by the Enforcement Director must be in writing.

# VI

# Cooperation with Plaintiffs

**It is FURTHER ORDERED that:**

44.     Settling Relief Defendants must cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant and any Person who might have contact information for any Defendant. Settling Relief

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

45.     Settling Relief Defendants must cooperate fully to help Plaintiffs determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Settling Relief Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

## VII

## Compliance Monitoring

**It is FURTHER ORDERED that**, to monitor Settling Relief Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended:

46.     Within 14 days of receipt of a written request from any Plaintiff, each Settling Relief Defendant must submit additional Compliance Reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

47.     For purposes of this Section, Plaintiffs may communicate directly with each Settling Relief Defendant, unless the Settling Relief Defendant retains counsel related to these communications.

48.     Each Settling Relief Defendant must permit Plaintiffs' representatives to interview any employee or other Person affiliated with the Settling Relief Defendant who has agreed to such an interview. The Person interviewed may have counsel present. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or any Plaintiff's use of other compulsory process.

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

**VIII**

**Receivership**

**It is FURTHER ORDERED that**:

49.     The receivership imposed by this Court shall continue in the manner set forth in the Preliminary Injunction issued on November 15, 2019 (ECF 103), as to all Defendants and Relief Defendants, except as modified by this Section and Section IV, and the Receiver shall continue to have the full powers of an equity receiver, as an agent of the Court, pursuant to Sections XIV and XV of the Preliminary Injunction, which shall remain in effect until further order of the Court.

50.     The Receiver shall promptly take all steps necessary to liquidate any of Settling Relief Defendants' Assets transferred under Paragraph 20 using any commercially reasonable means, including auction and/or private sale, and all such sales shall be deemed authorized and approved under 28 U.S.C. § 2004 without further notice, hearing, or court order. After such liquidation, the Receiver shall remit the net proceeds to the Bureau or its designated representative as payment toward the monetary judgments entered against Settling Relief Defendants within 21 days of each such sale or liquidation.

51.     The Receiver and his representatives shall continue to be entitled to reasonable compensation for the performance of their duties pursuant to this Order from the Assets of the Receivership Defendants. The Receiver and his representatives shall not increase their hourly rates without prior approval of the Court.

**IX**

**Retention of Jurisdiction**

**It is FURTHER ORDERED that**:

17

52.     The Court will retain jurisdiction of this matter for the purpose of
enforcing this Order.


SO STIPULATED AND AGREED:

                                        Respectfully submitted,


Dated: September 5, 2020                By: */s/ Jesse Stewart*
                                        Jesse Stewart (NY Bar No. 5145495)
                                        (admitted *pro hac vice*)
                                        Enforcement Attorney
                                        1700 G Street NW
                                        Washington, DC 20552
                                        Phone: (202) 435-9641
                                        Fax: (202) 435-9346
                                        Email: jesse.stewart@cfpb.gov

                                        *Attorney for Plaintiff*
                                        *Bureau of Consumer Financial Protection*

Dated: September 4, 2020                By: /s/ *M. Lynne Weaver*
                                        M. Lynne Weaver (N.C. Bar No. 19397)
                                        (admitted *pro hac vice*)
                                        Special Deputy Attorney General
                                        North Carolina Department of Justice
                                        114 W. Edenton St.
                                        Raleigh, NC 27603
                                        Phone: (919) 716-6039
                                        Fax: (919) 716-6050
                                        Email: lweaver@ncdoj.gov

                                        *Attorney for Plaintiff*
                                        *State of North Carolina*

Dated: September 4, 2020                By: */s/ Evan Romanoff*
                                        Evan Romanoff (Atty. Reg. No. 0398223)
                                        (admitted *pro hac vice*)

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Phone: (651) 757-1454
Fax: (651) 296-7438
Email: evan.romanoff@ag.state.mn.us

*Attorney for Plaintiff*
*State of Minnesota*

Dated: September 4, 2020

By: /s/ *Christina Tusan*
Christina Tusan,
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012
213-473-6908
christina.tusan@lacity.org

*Attorney for Plaintiff the People of the State*
*of California*

Dated: September 4, 2020

By: /s/ *Matthew Eanet*
Mathew Eanet
Eanet, PC
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone: (310) 775-2495
Facsimile: (310) 593-2589

*Attorney for Relief Defendants Hold the*
*Door, Corp. and Mice and Men LLC*

19

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

I, Jesse Stewart, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Jesse Stewart*

Jesse Stewart

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**