Sanjay Bhandari (SBN 181920)
sbhandari@mcnamarallp.com
Edward Chang (SBN 268204)
echang@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 1680
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., <br><br> Defendants. | Case No. 8:19-cv-01998-MWF (KSx) <br><br> **DECLARATION OF THOMAS W. MCNAMARA IN SUPPORT OF RECEIVER'S SECOND INTERIM APPLICATION FOR ORDER APPROVING FEES AND EXPENSES OF THE RECEIVER AND HIS PROFESSIONALS** <br><br> JUDGE: Hon. Michael W. Fitzgerald <br> CTRM:  5A <br> DATE:   November 16, 2020 <br> TIME:   10:00 a.m. |

I, Thomas W. McNamara, hereby declare as follows:

1. I am the Court-appointed Receiver in this matter. I have personal knowledge of the facts set forth in this declaration except where, as noted, those facts have been obtained by staff acting at my direction. If called as a witness, I could and would competently testify to the facts stated herein.

2. By this Second Interim Fee Application, I seek approval for the payment of fees and expenses for the nine-month period of December 1, 2019 through August 31, 2020 as detailed below.

**Receivership Activities**

3. Receivership activities during the period covered by this Application include: preserving Receivership Defendants' business records; vacating the Receivership Defendants' business premises; selling Receivership Defendants' office equipment (ECF No. 125); recovering funds from Receivership Defendants' bank and merchant accounts; investigating and pursing receivership estate assets; investigating potential receivership estate claims against third parties, and participating in a mediation with a payment processor.

4. The professional services related to these activities are further detailed in the respective invoices submitted with this Fee Application.

5. As of October 14, 2020, the receivership bank accounts hold cash funds of $6,815,999.72. We have also transferred $1,400,000 to Plaintiff Bureau of Consumer Financial Protection (ECF No. 205 at ¶ 78), $30,000 each to the State of Minnesota, the North Carolina Attorney General, and the People of the State of California (ECF No. 205 at ¶ 79; ECF No. 210 at ¶¶ 42-45).

**Fees and Expenses of the Receiver and Staff**

6. The total fees for my time as Receiver and my professional staff during this period are $127,554.50 as set forth in the invoice from Regulatory Resolutions which is attached as Exhibit A. That invoice includes services provided by the following personnel:

      a.    Receiver.  My fees as Receiver total $37,530.00 which reflects a total of 83.4 hours at $450 per hour.  During this period, I coordinated and reviewed activities of the receivership team, including many functions for which I did not bill.

      b.    Accountant.  Lisa Jones is a Certified Insolvency and Restructuring Advisor and Certified Fraud Examiner with more than 20 years' experience in the insolvency and restructuring industry with a wide range of experience in forensic accounting, litigation support, and discovery.  She analyzed Receivership Defendants' numerous QuickBooks files, investigated and identified receivership estate assets, and reviewed voluminous materials from financial institutions.  Her fees of $84,129.50 reflect 391.3 hours at $215 per hour.

      c.    Administration.  We employed ten part-time contractors who assisted in preserving and boxing Receivership Defendants' onsite business records, removing and storing computer hard drives, and vacating the Receivership Defendants' three business locations.  Collectively, their time totaled 131 hours at a rate of $45 an hour or $5,895.00.

7. The invoice from Regulatory Resolutions also includes expenses totaling $4,246.18, as detailed in Exhibit A.  The principal components of those expenses relate to moving Receivership Defendants' business records to storage ($1,434.00), supplies and postage to prepare and mail former employees' W-2s ($1,224.48), and packing supplies for Receivership Defendants' business records ($560.08).

**Fees and Expenses of the Receiver's Counsel**

8. For this period, fees for my counsel, McNamara Smith LLP ("McNamara Smith"), are $152,521.00, detailed in Exhibit B.  The firm has been

directly involved in all receivership activities and their services are more thoroughly described in the invoices in Exhibit B.

9. The McNamara Smith attorneys have substantial experience with issues revolving around regulatory receiverships. The attorneys' fees have been incurred primarily in addressing former employees' and landlords' claims, interacting with plaintiffs' and defense counsel, responding to government agency requests, investigating receivership estate assets, investigating potential claims against third parties, interacting with counsel for third parties, and preparing for and participating in pre-litigation mediation. In particular, Mr. Bhandari's fees of $12,523.50 reflect 25.3 hours at the rate of $495 per hour; Mr. Smith's fees of $9,167.50 reflect 19.3 hours at the rate of $475 per hour; Mr. Greene's fees of $75,285.00 reflect 167.3 hours at the rate of $450 per hour; Mr. Chang's fees of $30,003.00 reflect 82.2 hours at the rate of $365 per hour; Ms. Gordon's fees of $3,282.50 reflect 10.1 hours at the rate of $325 per hour; paralegal Ms. Carroll's fees of $21,235.50 reflect 108.9 hours at the rate of $195 per hour; and case assistant Mr. Magee's fees of $1,015.00 reflect 5.8 hours at the rate of $175 per hour.

10. The invoice from McNamara Smith also includes expenses of $4,819.58, as detailed in Exhibit B. The primary components of those expenses relate to mediation services ($2,931.25) and service of process for records subpoenas ($819.20).

11. I submit to the Court that the identified services provided by me, as Receiver, and by the other designated professionals, were necessary and appropriate and brought significant value to the receivership. I have monitored the efforts of the team and have reviewed and approved the invoices which are the subject of this Second Interim Fee Application. I request that the Court approve immediate payment of these invoices.

///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of October, 2020, in San Diego, California.

/s/ Thomas W. McNamara
Thomas W. McNamara