SARAH PREIS (D.C. Bar No. 997387) (Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (N.Y. Bar No. 5145495) (Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
1700 G Street, NW
Washington, DC 20552
N. NATHAN DIMOCK (D.C. Bar No. 487743) (Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788
*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>         Plaintiffs,<br><br>     v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>         Defendants. | CASE NO. 8:19-cv-01998 MWF<br><br>**DECLARATION OF PLAINTIFF'S COUNSEL IN SUPPORT OF APPLICATION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT TRUE COUNT STAFFING INC.**<br><br>Court:   Hon. Michael W. Fitzgerald |

I, N. Nathan Dimock, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney for the Bureau of Consumer Financial Protection (Bureau), an agency of the United States and a Plaintiff in this lawsuit.

2. On February 24, 2020, Plaintiffs the Bureau, the State of Minnesota, the State of North Carolina, and the People of the State of California filed their First Amended Complaint (FAC) in the United States District Court for the Central District of California against, among others, Defendant True Count Staffing Inc., d/b/a SL Account Management (True Count). (Dkt. No. 134). The FAC alleges, among other things, that Defendant True Count engaged in a deceptive student loan modification scheme that resulted in violations under §§ 1031, 1036(a), 1054, and 1055 of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a), 5564 & 5565, and the Telemarketing and Consumer Fraud and Abuse Prevention Act (Telemarketing Act), 15 U.S.C. §§ 6101-6108, and its implementing regulation, the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310 (Counts I-IV, VII-VIII, & XI). The FAC further alleges that Defendant True Count violated the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69, et seq. (Count XIII), and Uniform Deceptive Trade Practices Act, Minn. Stat. § 325F.43, et seq. (Count XIV); violated the North Carolina Debt Adjusting Act, N.C. Gen. Stat. § 14-423, et seq. (Count XV), Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1 (Count XVI), and Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260 (Count XVII); and violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. (Count XVIII).

3. Defendant True Count was served with a copy of the original complaint on October 23, 2019, by serving a copy on True Count's then counsel of record, Witt W. Chang. (Dkt. No. 80.) On February 24, 2020, counsel for Defendant True Count was served with a copy of the FAC via CM/ECF. (Dkt. No. 134.)

4. On May 7, 2020, the Court issued an order extending the deadline for Defendant True Count and select additional defendants to respond or answer the FAC by

July 13, 2020, and on July 10, 2020, the Court further extended the deadline to respond or answer to July 31, 2020.  (Dkt. Nos. 152 & 167.)

5. On July 24, 2020, counsel for Defendant True Count filed a motion to withdraw as counsel of record.  (Dkt. No. 168.)  By order dated July 31, 2020, the Court ordered additional briefing on the motion to withdraw, and further ordered that then counsel for Defendant True Count respond to the FAC by August 7, 2020.  (Dkt. No. 177.)  On August 7, 2020, Defendant True Count filed its answer to the FAC.  (Dkt. No. 193.)  Relatedly, Defendant True Count filed its demand for jury trial on August 17, 2020.  (Dkt. No. 194.)

6. The Court held a hearing on the motion to withdraw on August 31, 2020, and granted the withdrawal in an order issued on September 3, 2020.  (Dkt. No. 215.).  As it relates to Defendant True Count, the Court ordered as follows:

> As for Defendants Infinite and True Count, the basic rule is that a corporation must appear in federal court through counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because, *inter alia*, organizations need a lawyer in federal court).  Accordingly, because Infinite and True Count cannot proceed pro se in this action, they must fill [sic] notice with the Court no later than **October 16, 2020** that they have retained new counsel. Should they fail to file the above notice, the Court shall strike their Answers (Docket Nos. 191, 193), and Plaintiffs shall apply for entry of default against Infinite and True Count by no later than **October 30, 2020**, and shall move for default judgment within ten (10) days of entry of default by the Clerk.

(Dkt. No. 215 at 3-4 (emphasis in original).)

7. Because Defendant True Count is a company, it cannot constitute a minor or incompetent person.

8. Because Defendant True Count is a company, it cannot be currently in the military service and, therefore, the Service Members Civil Relief Act, 50 U.S.C. app. §521, does not apply.

9. True and correct copies of the Service of the Summons and Complaint as to Defendant True Count, and the FAC, have been filed with the Court. (Dkt. Nos. 80 & 134.)

10. According to corporate filings with the California Secretary of State, Defendant Kaine Wen was the incorporator for Defendant True Count and serves as its Chief Executive Officer and Secretary. Matthew Eanet currently serves as counsel of record for Defendant Kaine Wen.

11. According to corporate filings with the California Secretary of State, Defendant Albert Kim serves as the president, secretary and registered agent for Relief Defendant Infinite Management. Julian Burns King currently serves as counsel of record for Defendant Albert Kim.

11. On October 19, 2020, I emailed attorneys Matthew Eanet and Julian Burns King, asking whether either of them intended to enter an appearance on behalf of Defendant True Count and/or Relief Defendant Infinite Management Corp. The following day, October 20, Matthew Eanet confirmed that he would not be representing either of the companies.

12. On October 29, 2020, attorney Julian Burns King filed a notice of appearance on behalf of Relief Defendant Infinite Management Corp. (Dkt. No. 228.)

13. As of the date of this filing, Defendant True Count has failed to notice the retention of counsel or otherwise respond to the Court's order that it "shall strike" its answer to the FAC.

Decl. in Support of App. for Clerk's Entry of Default Against Defendant True Count Staffing Inc.

I declare under penalty of perjury that the foregoing is true and correct to the best of knowledge and belief.

Dated: October 30, 2020              Respectfully submitted,

By: /s/ *N. Nathan Dimock*
N. Nathan Dimock (D.C. Bar No. 487743)
(admitted *pro hac vice*)
*Enforcement Attorney*
1700 G Street NW
Washington, DC 20552
Phone: (202) 435-9198
Fax: (202) 435-9346
Email: nathan.dimock@cfpb.gov

Attorney for Plaintiff
Bureau of Consumer Financial Protection