UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

BUREAU OF CONSUMER FINANCIAL  )
PROTECTION, et al.,           )
                              )
         Plaintiffs,          )
                              )
             vs.              )  8:19-CV-1998-MWF
                              )
CONSUMER ADVOCACY CENTER, et al.,)
                              )
         Defendants.          )
_____


REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Monday, August 31, 2020

_____


AMY DIAZ, RPR, CRR, FCRR
Federal Official Reporter
350 West 1st Street, #4455
Los Angeles, CA 90012

*Please order court transcripts here: www.amydiazfedreporter.com*

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

```
 1    APPEARANCES OF COUNSEL:
 2
      For the Plaintiffs:
 3
 4                  CONSUMER FINANCIAL PROTECTION BUREAU
                    By:  Jesse Stewart, Attorney at Law
 5                  1700 G Street Northwest
                    Washington, DC 20552
 6
                    OFFICE OF THE MINNESOTA ATTORNEY GENERAL
 7                  By:  Evan Romanoff
                    445 Minnesota Street, Suite 1200
 8                  St. Paul, Minnesota 55101

 9                  NORTH CAROLINA DEPARTMENT OF JUSTICE
                    By:  Margaret Weaver
10                  114 West Edenton Street
                    Raleigh, North Carolina 27602
11
                    LOS ANGELES CITY ATTORNEY
12                  By:  Christina Tusan
                    200 North Main Street 5th Floor
13                  Los Angeles, California 90012

14
      For Defendants:
15
                    VENABLE LLP
16                  By:  Allyson Baker, Attorney at Law
                         Gerald Sachs, Attorney at Law
17                  600 Massachusetts Avenue NW
                    Washington, DC 20001
18
19                  EANET PC
                    By:  Matthew Eanet, Attorney at Law
20                  550 South Hope Street, Suite 750
                    Los Angeles, California 90071
21
                    COHEN WILLIAMS LLP
22                  By:  Mark Williams, Attorney at Law
                    724 South Spring Street, 9th Floor
23                  Los Angeles, California 90014

24

25
```

1      THE CLERK: Calling item number 3, 8:19-CV-01998-MWF,
2 Bureau of Consumer Financial Protection, et al. vs. Consumer
3 Advocacy Center, Inc., et al.
4      Counsel, state your appearance for the record,
5 beginning with counsel for plaintiffs.
6      MR. STEWART: Good morning.  Jesse Stewart, counsel
7 for the Bureau of Consumer Financial Protection.
8      MS. TUSAN: This is Christina Tusan, counsel for the
9 Los Angeles City Attorney's Office on behalf of the People of
10 California.
11      MR. ROMANOFF: Evan Romanoff for the State of
12 Minnesota.
13      MS. WEAVER: Good morning.  This is Lynn Weaver,
14 counsel for the State of North Carolina.
15      THE COURT:  Let's hear from the defendants then.
16      MS. BAKER: Good morning, Your Honor.  Allyson Baker,
17 and I'm joined by my colleagues Gerald Sachs and Witt Chang.
18      MR. EANET: Good morning, Your Honor.  Matthew Eanet
19 on behalf of Defendants Hold The Door and Mice and Men.
20      MR. WILLIAMS: Good morning, Your Honor.  This is
21 Marc Williams on behalf of Defendants Prime Consulting, LLC,
22 Horizon Consultants, LLC, and TAS 2019 LLC.
23      MR. WEN: Good morning, Your Honor, this is Kaine
24 Wen.  I am a defendant in this case.
25      THE COURT:  Is Mr. Kim on?

1            MR. KIM: Yes, Your Honor.  This is Albert Kim, and
2    I'm a defendant in the case.
3            THE COURT:  Good morning, Mr. Kim.
4            Obviously, we have a lot of parties on here when the
5    real issue is between Venable and its clients, in particular
6    Messieurs Kim and Wen, as well as Infinite and True Count.
7    You know, and a lot of what has occurred has been
8    appropriately under seal and in camera.
9            Nonetheless, before I hear from Venable or Messieurs
10   Kim and Wen, do the plaintiffs have anything to comment upon
11   the motion?
12           Let me say, if the motion is granted, I will do what
13   I always do in these circumstances, which is stay the case as
14   to the affected defendants, and to give them a chance to find
15   alternative counsel, although obviously that can't last
16   forever.  My thought would be to stay the case as to those
17   defendants until October 16th.
18           So does the Bureau or any of the other plaintiffs
19   have any comments in regard to that?
20           MR. STEWART: Your Honor, Jesse Stewart for the
21   Consumer Financial Protection.  The Bureau doesn't have
22   adequate --
23           THE COURT:  Go ahead, counsel.
24           MR. STEWART: Okay.  Thank you.  The Bureau does not
25   have adequate information to take a position on Venable's

1  motion to withdraw.  I defer to the Court's judgment.
2          With respect for the time required for -- if you
3  grant the motion for the defendants to retain counsel, the
4  Bureau ultimately defers to your judgment, Your Honor.
5          I would note that Mr. Wen stated in his most recent
6  declaration that he expected he needed seven to 10 days to
7  retain counsel.
8          THE COURT:  Well, obviously the stay would only last
9  until counsel comes in.  So I'll make that clear.
10         You know, two of the relief defendants were
11 concerned that there would be some prejudice.  As that may
12 be, I don't think that that really enters into what is
13 ultimately a matter of -- all right.  Mr. Kim, while you were
14 off, the Bureau simply observed that if there is a stay until
15 October 16th, it was indicated in a declaration that that
16 much time might not be necessary to get a new lawyer.
17         Obviously, if I do allow Venable to withdraw, you
18 and Mr. Wen and the entities need lawyers, then the stay
19 would only last until such time as they get on board and are
20 ready to go.
21         Let me get back to the point I was making, which is
22 in regard to Hold The Door and Mice and Men.  I just have to
23 say, whether or not there is prejudice I just don't think
24 really enters into what is ultimately a matter between
25 Venable and its clients.

1   You know, I just don't think that is really
2   something to take into account.  But if you want to be heard
3   in that regard, then let me hear from you, and then I'll turn
4   to Venable and to its client.
5            MR. EANET:  Your Honor, this is Matthew Eanet for
6   Hold the Door and Mice and Men.
7            I think our issue was more just for the timing of
8   things and the ex parte relief that was being sought.  I
9   think that was resolved by the Court when it set the hearing
10  date for today.
11           So nothing further on that, Your Honor.
12           THE COURT:  Thank.  You.
13           There is two bases to grant the motion.  One is what
14  was stated in camera and under seal, and that is a sufficient
15  basis under California law to result in this unfortunate
16  situation where Venable has to withdraw, as long as it's
17  going to do it as to all clients and not try to play
18  favorites.  Obviously, to do that would have required a very
19  explicit procedure and acknowledgement and retainer
20  agreements.  And nobody under seal and in camera or otherwise
21  have indicated to me that that is the case.
22           The other thing is simply at this point, just from
23  the declarations that is something that is just obvious to
24  everybody, is that the -- there is just a breakdown of the
25  attorney-client relationship.  And it's just not reasonable

1  to expect any of these parties to be forced to continue
2  together.
3         Does anyone from Venable want to be heard?
4         MS. BAKER:  Your Honor, this is Allyson Baker.  Thank
5  you very much for your time today.
6         I think Your Honor has adequately summed up our
7  thoughts, as well.  And at this time based on what Your Honor
8  has just said, unless Your Honor has questions, I have
9  nothing to say unless my colleagues Mr. Sachs or Mr. Chang
10 do.
11        THE COURT:  Let me say to Mr. Kim and Mr. Wen,
12 the -- I'm going to stay the case, as I said, until
13 October 16th.  That means -- or until such time as a week
14 after you have gotten lawyers.  You know, and that is to make
15 sure that nobody immediately comes in and notices your
16 deposition at a time that you don't have a lawyer or expects
17 you to do something when you are looking for counsel to
18 assist you.
19        I'm going to put this in writing, but I want to make
20 it clear to you that if you can't find a lawyer and the worst
21 comes to worst, then the two of you at least can represent
22 yourselves, but you know, the entities cannot.  And as to
23 them, it's just the law is that they need a lawyer here in
24 Federal Court.  So Infinite and True Count are going to have
25 to have a lawyer or a default is going to be entered as to

1 them.

2 I made sure that the answers got filed, but what I
3 would ultimately do if Infinite and True Count can't find
4 lawyers, is to strike those answers so the plaintiffs can go
5 ahead and have the default entered by the clerk, and
6 ultimately a default judgment entered by me for the relief
7 that they are seeking, or at least such portion of the relief
8 that they can justify.

9 So I just want to make sure that you understand that
10 that is what the situation is going to be. Of course
11 everyone is going to be happy to have replacement lawyers in
12 the case, including me, but if it doesn't happen, at least
13 Mr. Kim and Mr. Wen, you can go forward representing
14 yourselves, but don't think that you will be able to act on
15 behalf of Infinite and True Count because that is just simply
16 not the law.

17 Do you have any questions about that?

18 MR. WEN: This is Kaine Wen. I do not have any
19 questions.

20 THE COURT: Mr. Kim?

21 MR. KIM: No, Your Honor. This is Albert Kim. And,
22 no, I do not have any questions.

23 THE COURT: Let me just say, Ms. Baker, I am not
24 thrilled by how this has gone down. And I'm sure you feel
25 that if you had been willing, even in camera, to let loose,

1   there is more you could have said.  And I can read between
2   the lines.
3           But nonetheless, let me just say, you know, Corbin
4   Fitzgerald & Athey, my firm, we did had a very broad
5   practice, but one of the things that we were best known for
6   is acting as pool counsel in the myriad IndyMac investigation
7   cases.  We had ultimately over 60 clients.  And the reason we
8   were able to do that ethically was because we put the work in
9   on the front end.  We made sure that the clients understood
10  what they were getting into with multiple representations.
11  We made sure that they understood that that there were pluses
12  and minuses.  We made sure, even just casually, whether they
13  had a beef as to another client or not.  And we made sure
14  that the retainer agreement recounted all of that and stated
15  exactly what would happen if in the future an unanticipated
16  conflict arose.
17          Again, perhaps because you are being -- you would
18  rather say less than more, and given that we are dealing with
19  the attorney-client privilege, I appreciate that, but
20  nonetheless, you know, you are barely making out a sufficient
21  showing in the in camera portion of this under California
22  law.  And it's assisted by the fact that I have a pretty good
23  idea of what might be going on.
24          But nonetheless, I also just -- I just want to say,
25  there is also a certain sense here of you were -- you are

1  eager to get out now, but you weren't so eager to get out
2  earlier, and then one has to begin to question what might
3  have changed from the point of view of the firm and your own
4  self interests.  And I do not believe that Venable has
5  covered itself in how it has conducted this case, and it has
6  certainly delayed the case.
7           So just please keep that in mind when you next time
8  embark on a multiple representation.
9           MS. BAKER: Your Honor, thank you very much.  I
10 appreciate Your Honor's comments.  Your Honor is absolutely
11 correct that this is a public hearing, and we have been
12 extraordinarily conservative and cautious in what we can
13 disclose to Your Honor.  But please rest assured that the
14 type of prophylactic measures that Your Honor described your
15 firm having taken, we took as well on numerous occasions.
16          I do not want to disclose the nature of those
17 conversations.  So please rest assured on numerous occasions
18 we did gut checks amongst ourselves and with our clients,
19 repeatedly asking these questions that Your Honor is
20 implying.  They were, in fact, asked on a regular basis
21 before this matter was taken on as a joint representation and
22 at different points in time as well, Your Honor.
23          Regrettably, we are very hamstrung in what we can
24 say and can't say.  And I'm sorry that Your Honor has -- you
25 know, we certainly could give Your Honor a more fulsome

1  explanation for this, I do believe if Your Honor received
2  that explanation we would be, you know, we would be -- we
3  would have a sufficient basis.
4      So I just want to make that record that I appreciate
5  Your Honor's comments, and I very, very sincerely thank Your
6  Honor for the time and energy you have taken and given to us
7  today, and obviously in reading our filings, as well.
8      THE COURT:  All right.  Then the matter as a formal
9  matter is taken under submission.  But what you can expect to
10 get in the near future is an order that states that the
11 motion for leave to withdraw will be granted.  That it will
12 be done on the basis of the in camera representations, and as
13 well something which is public, which is that there is a
14 breakdown between -- in the attorney-client relationship,
15 such that it would not be fair either to the firm or to the
16 clients to have to go forward being yolked together.
17      And then in order to make sure that there is no
18 prejudice to the clients, the case as to them will be stayed
19 until October 16th or until a week after new lawyers come in.
20      And I will make the point that while Mr. Kim and
21 Mr. Wen, if need be, will be able to represent themselves,
22 that simply will not be the case for Infinite and True Count.
23      Thank you, counsel.  The matter is taken under
24 submission.
25      MS. BAKER: Thank you very much, Your Honor, for your

```
 1    time.  We appreciate it.
 2                    *****        *****        *****
 3
 4    I certify that the foregoing is a correct transcript from the
 5    record of proceedings in the above-titled matter.
 6
 7
 8
 9    ---------------------------
10
11    Amy C. Diaz, RPR, CRR              October 25, 2020
12    S/  Amy Diaz
13
14
15
16
17
18
19
20
21
22
23
24
25
```