# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>        Plaintiffs,<br><br><br>        v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br>        Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**[PROPOSED]**<br>**STIPULATED PROTECTIVE ORDER**<br><br>Court:  Hon. Michael W. Fitzgerald<br>        Courtroom 5A |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the following parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order: Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and The People of the State of California; active Defendants Albert Kim, Kaine Wen and TAS 2019 LLC; and active Relief Defendants Infinite Management Corp., 1st Generations Holdings, LLC, and Sarah Kim (collectively, Stipulating Parties).

The Stipulating Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Stipulating Parties also acknowledge the statutory obligations and regulatory permission of the plaintiffs to share confidential information under this Order with other federal, state or local government agencies; the Stipulating Parties stipulate that this Order shall not affect those obligations or permissions.  The Stipulating Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.   GOOD CAUSE STATEMENT

This action is likely to involve the exchange of non-publicly-available documents and other information of a sensitive and confidential or proprietary nature, including loan files, bank account statements, and real property records that may contain confidential and personally identifiable information[1]   ("PII"), financial, and/or technical information for which special protection from public disclosure is warranted. Such confidential and

---

[1] Office of Management and Budget (OMB) Memorandum M-17-12, Preparing for and Responding to a Breach of Personally Identifiable Information, January 3,, 2017(OMB M-17-12), defines PII as " information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual. Because there are many different types of information that can be used to distinguish or trace an individual's identity, the term PII is necessarily broad. To determine whether information is PII, the [entity or individual] . . . shall perform an assessment of the specific risk that an individual can be identified using the information with other information that is linked or linkable to the individual. In performing this assessment, it is important to recognize that information that is not PII can become PII whenever additional information becomes available -in any medium or from any source -that would make it possible to identify an individual."

proprietary materials and information consist of, among other things, confidential business or financial information, tax related information and filings, information regarding confidential business practices, or other confidential research, information otherwise generally unavailable to the public, or information regarding borrowers (including information implicating privacy rights of third parties), which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: This case, *Bureau of Consumer Financial Protection v. Consumer Advocacy Center Inc.*, Case No. 8:19-cv-01998 MWF (KSx), pending in the United States District Court for the Central District of California.

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   <u>Counsel</u>: Government Counsel, Outside Counsel of Record, and House

Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, unless and until such person is excluded by order of the Court.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Government Counsel:  attorneys and prosecution team support staff, including consultants, contractors and retained experts, representing a government agency or sovereign power of a State.

2.11    Outside Counsel of Record: attorneys who are not employees of a  party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, contractors, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**STIPULATED PROTECTIVE ORDER**

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation  support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under

**STIPULATED PROTECTIVE ORDER**

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents,  items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  For information in non-static documentary form (e.g., spreadsheets) for which the application of the legend "CONFIDENTIAL" is impracticable, a slip or cover sheet with the legend "CONFIDENTIAL" shall be provided.  If only a portion or portions

**STIPULATED PROTECTIVE ORDER**

of the material in such a document qualify for protection, the slip or cover sheet shall clearly identify the protected portion(s) (e.g., by specifying the row and column numbers in a spreadsheet).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material (i) on the record, before the close of the deposition all protected testimony, or (ii) up to 14 days after receipt of the deposition transcript if on the record during the deposition or in writing before the end of the next business day after the deposition, the Designating Party indicates an intent to so identify protected testimony. Before the expiration of the 14-day period for designation, a transcript shall be treated during that period as if it had been designated "CONFIDENTIAL" unless otherwise agreed.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**STIPULATED PROTECTIVE ORDER**

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action unless another use is authorized by this Order or permitted by state or federal statute or regulation applicable to the Plaintiffs. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and as permitted by state or federal statute or regulation applicable to the Plaintiffs. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

STIPULATED PROTECTIVE ORDER

1   Protected Material must be stored and maintained by a Receiving Party at a location
2   and in a secure manner that ensures that access is limited to the persons authorized under
3   this Order.

4   7.2   <u>Law Enforcement Sharing</u>. Exercising prosecutorial discretion, any
5   Government Counsel, without notice to other parties, may share Protected Material with
6   any federal, state, or local government agency for the purpose of the investigation or
7   prosecution of any potential criminal, civil, or administrative violation of federal or state
8   law. Upon such law enforcement sharing, Government Counsel will provide a copy of
9   this protective order to the receiving law enforcement agency, provided that, no FINAL
10   DISPOSITION provisions (in section 13 below) shall apply to shared materials that are
11   maintained in confidential investigation files.  Such law enforcement shared materials
12   will be disposed with the regular course of investigation files record retention
13   requirements of specific law enforcement agencies.

14   7.3   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise
15   ordered by the court or permitted in writing by the Designating Party, a Receiving Party
16   may disclose any information or item designated "CONFIDENTIAL" only to:

17   (a)   the Receiving Party's Outside Counsel of Record in this Action, as well as
18   employees of said Outside Counsel of Record to whom it is reasonably necessary to
19   disclose the information for this Action;

20   (b)   Government Counsel, as well as investigators, support staff, and other
21   agents of Government Counsel to whom it is reasonably necessary to disclose the
22   information for this Action;

23   (c)   the officers, directors, employees (including House Counsel) and contractors
24   of the Receiving Party to whom disclosure is reasonably necessary for this Action;

25   (d)   Experts (as defined in this Order) of the Receiving Party to whom disclosure
26   is reasonably necessary for this Action and who have signed the "Acknowledgment and
27   Agreement to Be Bound" (Exhibit A);

28

1  (e)  the court and its personnel;

2  (f)  court reporters and their staff;

3  (g)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6  (h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8  (i)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

17  (j)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

19  (k)  to a federal or state agency by the Plaintiffs where the disclosure is required or permitted by statute or regulation; and

21  (l)  to the Court-appointed Receiver and his counsel and agents in this Action.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order or other legal process, including discovery requests, issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena, court order, or other legal process;

(b)     promptly notify in writing the party who caused the subpoena, order, or other legal process to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or other legal process shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some

or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

**STIPULATED PROTECTIVE ORDER**

produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

The production of privileged or work product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.    MISCELLANEOUS

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designing Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**STIPULATED PROTECTIVE ORDER**

13.   FINAL DISPOSITION

    (a)    The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material or retain such material as required by state or federal recordkeeping requirements in a manner that ensures the confidentiality of the material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material except as required to comply with state or federal recordkeeping requirements. Whether the Protected Material is returned, destroyed, or retained pursuant to state or federal recordkeeping requirements, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or retained pursuant to state or federal recordkeeping requirements, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material except as required pursuant to state or federal recordkeeping requirements. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

    (b)    The provisions of this Section (Section 13, FINAL DISPOSITION) apply only to the Receiver following his discharge by the Court, and then only to the extent not

in conflict with the Court's discharge order.

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15.     The Court shall retain jurisdiction after the resolution of this action to enforce or modify the terms of this order.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: December 8, 2020                Respectfully submitted,

                                       By: /s/ *N. Nathan Dimock*

                                       N. Nathan Dimock (D.C. Bar No. 487743)
                                       (admitted *pro hac vice*)
                                       *Enforcement Attorney*
                                       1700 G Street NW
                                       Washington, DC 20552
                                       Phone: (202) 435-9198
                                       Fax: (202) 435-9346
                                       Email: nathan.dimock@cfpb.gov

                                       Attorney for Plaintiff
                                       Bureau of Consumer Financial Protection

                                       By: /s/ *M. Lynne Weaver*
                                       M. Lynne Weaver (N.C. Bar No. 19397)
                                       (admitted *pro hac vice*)
                                       Special Deputy Attorney General
                                       North Carolina Department of Justice
                                       114 W. Edenton St.
                                       Raleigh, NC 27603
                                       Phone: (919) 716-6039
                                       Fax: (919) 716-6050
                                       Email: lweaver@ncdoj.gov

                                       Attorney for Plaintiff
                                       State of North Carolina

                                       By: /s/ *Evan Romanoff*
                                       Evan Romanoff (admitted *pro hac vice*)

15

Atty. Reg. No. 0398223
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Phone: (651) 757-1454
Fax: (651) 296-7438
Email: evan.romanoff@ag.state.mn.us

Attorney for Plaintiff
State of Minnesota

By: /s/ *Christina Tusan*
Christina Tusan,
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012
213-473-6908
Email: christina.tusan@lacity.org

Attorney for Plaintiff
The People of the State of California

By: /s/ *Julian Burns King*
Julian Burns King
King and Siegel LLP
724 South Spring Street Suite 201
Los Angeles, CA 90014
213-465-4802
Fax: 213-465-4803
Email: julian@kingsiegel.com

Attorney for Defendant Albert Kim, and
Relief Defendants Infinite Management Corp.,
Sarah Kim, and 1st Generation Holdings, LLC

By: /s/ *Matthew Leo Eanet*
Matthew Leo Eanet
Eanet PC

**STIPULATED PROTECTIVE ORDER**

550 South Hope Street Suite 750
Los Angeles, CA 90071
310-775-2495
Fax: 310-593-2589
Email: matt@eanetpc.com

Attorney for Defendant Kaine Wen

By: /s/ *Marc S Williams*
Marc S Williams
Cohen Williams LLP
724 South Spring Street 9th Floor
Los Angeles, CA 90014
213-232-5162
Email: mwilliams@cohen-williams.com

Attorney for Defendant TAS 2019 LLC

I, Nathan Dimock, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *N. Nathan Dimock*

N. Nathan Dimock


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


        DATED: _____    _____

                                      Hon. Karen S. Stevenson
                                      United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I,_____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Bureau of Consumer Financial Protection v. Consumer Advocacy Center Inc.*, Case No. 8:19-cv-01998 MWF (KSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

18

**STIPULATED PROTECTIVE ORDER**