**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (D.C. Bar No. 997387)
(Admitted *pro hac vice*)
Tel.: Tel.: (202) 435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(Admitted *pro hac vice*)
Tel.: (202) 435- 9641 / Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200
San Francisco, CA 94105

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL UNDER L.R. 79-5.2.2(b)**<br><br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

Plaintiff the Bureau of Consumer Financial Protection (Bureau) anticipates filing a motion seeking to hold Defendant Kaine Wen in contempt and for related relief due to his concealment and dissipation of assets in violation of the Court's Temporary Restraining Order and Stipulated Preliminary Injunction Order. Dkt. No. 24. As part of its filing, the Bureau intends to attach documents that Wen claims are confidential, including

financial statements Wen produced under the financial accounting provisions of the restraining order and preliminary injunction order. The Bureau also intends to include information regarding Defendant Wen's assets, liabilities, and transfers, including details about the location, type, and amount of certain assets. The Bureau also intends to attach or reference communications with Wen's counsel that led up to Defendant Wen's recent revelations about these previously undisclosed assets.

Based on the L.R. 79-5.2.2(b) pre-filing conference and other communications with Defendant Wen's counsel, the Bureau understands that Wen's position is that his financial disclosures and related documents must be filed under seal or "redacted to remove (1) all communications provided in furtherance of settlement (which would be the entirety of each letter and any enclosures); and (2) private and confidential financial information of Mr. Wen and third parties." Based on Defendant Wen's broad view of what should be withheld from the public docket, the Bureau further expects that he will object to filing other documents as well.

The Bureau disagrees that this information must be filed under seal. First, none of the information is subject to the Protective Order, which only governs discovery and related disclosures.[1] The Protective Order does not apply to court-ordered financial accountings or related correspondence. Second, Wen did not provide any authority in support of his overly broad view of what constitutes confidential information. Nor has he pointed to any "good cause" warranting sealing these documents. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Instead, he pointed to generalized fears that public filing may subject him or others to financial fraud or violence. But redacting personal information consistent with Federal Rule of

---

[1] Stipulated Protective Order, ECF 246 §§ 2.6, 2.15 at 4:4-7, 5:5-6.

Civil Procedure 5.2 should adequately guard against those possibilities.

Finally, the correspondence with Wen's counsel that the Bureau seeks to file are also not confidential information that must be filed under seal. Wen's contention is that these were private settlement communications covered by Federal Rule of Evidence 408. But even if these communications involved settlement discussions, Rule 408 does not bar the Bureau from relying on them for these purposes or require that they be filed under seal. Those communications are not being offered to establish Wen's underlying liability in this matter or for impeachment, and instead evidence Wen's concealment and dissipation of assets and the manner in which those violations came to light. *See* Fed. R. Evid. 408; *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007); *United States v. Technic Servs.*, 314 F.3d 1031, 1045 (9th Cir. 2002) (discussing permissible use of settlement discussions). *cf. United States v. Zinnel*, 725 Fed. Appx. 453, 459 (9th Cir. 2018) (explaining that Rule 408 "is inapplicable when the claim is based upon some wrong that was committed in the course of the settlement discussion").

Nonetheless, because Wen asserts that this information is subject to the Protective Order and must be filed under seal, the Bureau files this application so that Wen can have an opportunity to establish good cause or a compelling reason why the information should not be filed on the public docket.[2] If Wen does not file a declaration in support of continuing the seal beyond 4 days, the Court should permit the Bureau to file the information on the public docket after expiration of the 4-day period.[3]

---

[2] All documents have been redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule 5.2-1.

[3] While the Bureau believes Local Rule 79-5.2.2 should not apply to Wen's financial disclosures or related correspondence because they are not covered by the Protective Order, the Bureau notified Wen on December 16 and 18, 2020 of

Finally, if the Court rules that all or portions of the information must be filed under seal, the Bureau seeks leave to file its anticipated contempt motion under full or partial seal—meaning that the Bureau would redact those portions of the motion that include the contents of the purportedly confidential information—consistent with any order granting this Application in whole or in part.

Dated: December 23, 2020                         Respectfully Submitted,

     /s/ Sarah Preis_____
Sarah Preis (admitted *pro hac vice*)
Enforcement Attorney
Bureau of Consumer Financial Protection
1700 G Street NW
Washington, D.C. 20552

*Attorney for Plaintiff Bureau of Consumer Financial Protection*

---

the Bureau's intent to file the documents that he has attempted to designate as confidential under that Protective Order. Thus, he has had the same notice period and will have the same time period to file a declaration in support of his position as provided for in that Rule with respect to those documents.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Bureau's Application for Leave to File Under Seal, the Declaration of Jesse Stewart in support, all corresponding exhibits, and Proposed Order were served on December 23, 2020 by email on Matthew Eanet, Counsel to Defendant Kaine Wen, at the following email address: matt@eanetpc.com.

I further certify under L.R. 79-5.3 that service of other documents on other parties should not be required due to Defendant Wen's concerns regarding confidentiality of the information contained in the Declaration of Jesse Stewart and all corresponding exhibits, and because those parties do not have a known interest in this motion. Accordingly, the Bureau has not otherwise served the foregoing Application for Leave to File Under Seal or related documents on the remaining parties in this matter.

Dated:                    /s/Sarah Preis_____
                          Sarah Preis

1