UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  SACV 19-1998-MWF (KSx)                             **Date:** December 30, 2020
**Title:**  Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Plaintiffs:<br>None Present | Attorneys Present for Defendants:<br>None Present |

**Proceedings (In Chambers):**   ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL [251]

Before the Court is Plaintiff Bureau of Consumer Financial Protection's Application for Leave to File Under Seal (the "Application"), filed on December 23, 2020. (Docket No. 251). In accordance with Local Rule 79-5.2.2(b)(i), Defendant Kaine Wen filed a response in support of the Application on December 28, 2020. (Docket No. 254).

Defendant Wen requests that the Court grant the Application to file under seal thirteen exhibits that Plaintiff intends to file in support of its anticipated motion to hold Defendant Wen in contempt for his alleged violations of the Temporary Restraining Order and Stipulated Preliminary Injunction Order. (*See* Response at 2). Defendant filed proposed redactions to the thirteen exhibits. (*See* Declaration of Matthew L. Eanet ("Eanet Decl."), Exs. 4-16 (Docket No. 254)).

For the reasons stated below, the Application is **DENIED** as to Exhibit 2, but otherwise **GRANTED**.

"In this circuit, we start with a strong presumption in favor of access to court records. The common law right of access, however, is not absolute and can be overridden[.]" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). While a party seeking to seal documents attached to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 19-1998-MWF (KSx)  **Date:** December 30, 2020

**Title:** Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

dispositive motions must show "compelling reasons" for doing so, a party seeking to seal documents attached to non-dispositive motions must only demonstrate "good cause." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Here, the parties agree that the good cause standard applies. (*See* Application at 2; Response at 13).

Good cause exists to protect an individual's personal and confidential financial information from public disclosure. *See First Found., Inc. v. Giddings*, SACV 20-359-DOC (KESx), 2020 WL 1433462, at *1 (C.D. Cal. Mar. 23, 2020) (holding good cause exists to keep individuals' private wealth and financial information out of public record) (citing *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 623 (N.D. Cal. 2018) (identifying privacy interests, among others when considering existence of good cause)); *see also Puccio v. Love*, CV 16-2890-W (BGS), 2018 WL 1449399, at *5 (S.D. Cal. Feb. 26, 2018) (granting motion to file under seal individual's private financial information, noting that "[p]rotection of financial information can and often does serve as a compelling reason for sealing court documents").

Additionally, "a strong public interest exists in favor of secrecy of matters discussed by parties during settlement negotiations[,]" and therefore warrants under seal protection of such discussions. *Hall v. Cty. of Fresno*, No. 1:11-CV-2047-LJO-BAM, 2015 WL 13236882, at *5 (E.D. Cal. Dec. 11, 2015) (denying intervener's motion to unseal documents involving the parties' settlement negotiations and holding that "the need to protect the parties' settlement negotiations outweighs any necessity for disclosure").

Accordingly, the Court rules as follows:

| Exhibit Number | Description | Order |
|---|---|---|
| 1-1 | *Defendant does not seek to seal this exhibit* | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 19-1998-MWF (KSx)          **Date:** December 30, 2020

Title:    Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

| | | |
|---|---|---|
| 1-2 | November 4, 2019 Letter and Financial Disclosure Form | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information. |
| 2 | November 27, 2019 Email from Plaintiff to Wen | **DENIED** – Defendant's proposed redactions include neither Wen's private financial information nor confidential settlement negotiations. |
| 3 | December 5, 2019 Letter from Wen's counsel to Plaintiff | **GRANTED** – Defendant's proposed redactions involve confidential settlement negotiation. |
| 4 | October 1, 2020 and October 5, 2020 Emails from Plaintiff to counsel Matthew Eanet | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information. |
| 5 | November 7, 2020 Letter and Attachments from counsel Matthew Eanet | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information. |
| 6 | November 19, 2020 Letter from Plaintiff to Matthew Eanet | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information. |
| 7 | December 1, 2020 Email from Plaintiff to Mr. Wen | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information. |
| 8 | December 4, 2020 Email from Plaintiff to Matthew Eanet | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information. |
| 9 | December 4, 2020 Declaration of Wen | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information. |
| 10 | December 9, 2020 Email from Plaintiff to Matthew Eanet and | **GRANTED** – Defendant's proposed redactions contain Wen's detailed |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 19-1998-MWF (KSx)                **Date:** December 30, 2020

Title:     Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc. et al.

|    |                                                                          |                                                                                                            |
|----|--------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------|
|    | December 11, 2020 Email from Matthew Eanet                               | private financial information and confidential settlement negotiation.                                     |
| 11 | *Defendant does not seek to seal this exhibit*                           |                                                                                                            |
| 12 | December 17, 2020 Email from Plaintiff counsel to Matthew Eanet          | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information.        |
| 13 | December 18, 2020 Amended and Corrected Financial Disclosure Form        | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information.        |
| 14 | December 18, 2020 Email from Jesse Steward to Matthew Eanet              | **GRANTED** – Defendant's proposed redactions contain Wen's detailed private financial information.        |
| 15 | *Defendant does not seek to seal this exhibit*                           |                                                                                                            |

    With respect to Exhibits 1-2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, and 14, Plaintiff is **ORDERED** to file these documents with the redactions proposed by Defendant (*see* Docket No. 254, Ex. 4-16). The Application as to Exhibit 2 is **DENIED** and will remain under seal until the parties inform the Court whether it should be filed publicly or withdrawn.

    IT IS SO ORDERED.