**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (D.C. Bar No. 997387)
(Admitted *pro hac vice*)
Tel.: (202) 435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(Admitted *pro hac vice*)
Tel.: (202) 435- 9641 / Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200
San Francisco, CA 94105

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>    Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**NOTICE OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF**<br><br>**REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020**<br><br>Hearing: February 8, 2021 at 10:00 a.m.<br>Hon. Michael W. Fitzgerald<br>Courtroom 5A (remote) |

TO THE COURT AND ALL PARTIES:

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 17, 2020.  Plaintiff the Bureau of Consumer Financial Protection (Bureau) hereby seeks entry of an order requiring Defendant Kaine Wen to show cause as to why he should not be held in contempt and for related relief.  The Court entered the *Ex Parte* Temporary Restraining Order with Appointment of Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue on October 21, 2019, (ECF 24), and the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief on November 15, 2019, (ECF 103), requiring Defendant Wen to provide certain financial disclosures to the Bureau and freezing all of his assets.  Defendant Wen has dissipated Redacted in direct violation of the asset freeze imposed by the Court and has failed to disclose assets and transfers in his court-ordered financial statement and accounting.  *See* Temp. Restraining Order, ECF No. 24 (TRO) and Stip. Prelim. Injunct. with Asset Freeze, Appt. of Receiver and other Equitable Relief Order, ECF No. 103 at VIII.A, D (PI Order), VII, VIII.A and D.

In light of Mr. Wen's violations of the Court's orders, the Bureau requests that the Court order:

1. Defendant Wen to show cause why he should not be held in contempt for his violations of this Court's orders.

2. Defendant Wen to immediately (a) transfer to the Receiver Redacted Redacted he has identified to the Bureau to date, including Redacted Redacted

3. Defendant Wen to pay to the Receiver the value of all dissipated Redacted

Redacted

4. That the Receiver is directed and authorized to treat the aforementioned Redacted Redacted as Receivership Assets, and to exercise the full scope of his authority as set forth in the Stipulated Preliminary Injunction With Asset Freeze, Appointment of Receiver, and Other Equitable Relief (ECF No. 103) with respect to those Assets.

5. Defendant Wen to provide a sworn statement supplementing his responses to Items 23 and 31 in the individual financial statement, and to identify Redacted Redacted Redacted If the statement does not include all of the requested information, then he must explain in a sworn statement the steps he took to try to acquire the information.

6. Defendant Wen to submit to the Bureau an accounting, verified under oath, of all payments, transfers, or assignments of any Assets worth $5,000 or more from January 1, 2015, through the date of the Court's order.  The statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid by or to the Defendant.  Each statement shall specify the name and address of each financial institution (as defined in the PI Order) at which Defendant has accounts or safe deposit boxes.  If the statement does not include all of this information, then he must explain in a sworn statement the steps he took to try to acquire the information.

On December 17, 2020, Plaintiff's counsel spoke with Defendant Wen's counsel, Matthew Eanet and Laurel Champion, by phone to discuss the relief

requested in the Bureau's Motion for Order to Show Cause as to Why Defendant Wen Should Not be Held in Contempt and Related Relief. On December 21, 2020, counsel notified the Bureau that he opposes the requested relief.

Mr. Eanet's contact information is as follows:

Matthew Eanet
Eanet, PC
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Tel: (310) 775-2495
Fax: (310) 593-2589
matt@eanetpc.com

This motion is supported by the accompanying memorandum of points and authorities, the declarations of Jesse Stewart and Andrew Nigrinis. A proposed order is attached hereto.

Dated: January 8, 2021

/s/ Sarah Preis

Sarah Preis (D.C. Bar No. 997387)
*Admitted pro hac vice*
Email: sarah.preis@cfpb.gov
Jesse Stewart (N.Y. Bar No. 4145495)
*Admitted pro hac vice*
Email: jesse.stewart@cfpb.gov
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*