**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (D.C. Bar No. 997387)
(Admitted *pro hac vice*)
Tel.: (202) 435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(Admitted *pro hac vice*)
Tel.: (202) 435- 9641 / Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471
LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200
San Francisco, CA 94105
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., <br><br> Defendants. | CASE NO. 8:19-cv-01998 MWF (KS) <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF** <br><br> **REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020** <br><br> Hearing: Feb. 8, 2021 at 10:00 a.m. <br> Court: Hon. Michael W. Fitzgerald <br> Courtroom 5A |

TABLE OF CONTENTS

I. Procedural History ................................................................................. 1-2

II. Factual Background ............................................................................ 2 - 8

III. Argument

    A. Legal Standard ............................................................................... 9

    B. Wen Has Dissipated Significant Assets in Violation of the TRO and PI Order ................................................................................. 9 – 10

    C. Wen Has Also Violated the Court's Orders by Failing to Provide Accurate Financial Statements ................................................. 10 – 11

    D. Wen Should be Ordered to Show Cause as to Why He Should Not be Held in Contempt ....................................................................... 11

IV. Requested Relief .............................................................................. 11 - 13

TABLE OF AUTHORITIES

**Cases**

*FTC v. Affordable Media,* 179 F.3d 1228 (9th Cir. 1999)....................................9

*FTC v. Data Medical Capital, Inc.,*
No. SACV 99-1266AHS(EEX), 2010 WL 104997 (C.D. Cal. Jan. 15, 2010). ...9

*O'Connor v. Midwest Pipe Fabricators, Inc.,*
CIV.A. No. 85-2301-S, 1990 WL 11065 (D. Kan. Jan. 3, 1990).......................11

*Shmuely v. Transdermal Specialties, Inc.,*
Civ. No. 17-cv-01684-RAL, 2019 WL 3002942 (E.D. Pa. July 10, 2019)... 9, 11

*Stone v. City and County of San Francisco,*
968 F.2d 850 (9th Cir. 1992). ..............................................................................9

*U.S. Commodity Futures Trading Comm'n v. Forex Liquidity LLC,*
No. SACV071437CJCRNBX, 2010 WL 11519586 (C.D. Cal. 2010). ........ 9, 11

In violation of this Court's asset freeze, Defendant Kaine Wen has dissipated significant Redacted assets, estimated to be worth more than Redacted Redacted Wen concealed these assets from the Plaintiffs for over a year, failing to disclose them in court-ordered financial statements and revealing them only recently in response to mounting questions from the Bureau. Wen's failure to disclose these assets and his transfer of other assets violates the financial accounting provisions of the restraining order and preliminary injunction order.[1]

The Bureau respectfully requests that this Court order Wen to show cause why he should not be held in contempt for his violations of this Court's TRO and PI Order. The Bureau further requests that the Court order Wen to turn over what remains of the recently-disclosed Redacted assets to the Receiver and that they be deemed Receivership assets during the pendency of the asset freeze. And the Bureau requests that the Court compel Wen to repay the value of the dissipated assets and supplement his financial statements. This relief is necessary to promptly safeguard Wen's remaining Redacted from further dissipation, bring him into compliance with the Court's orders, and ensure Plaintiffs can determine the full scope of his violations.

## I. PROCEDURAL HISTORY

The Plaintiffs, the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the Los Angeles City Attorney's Office, brought this action on October 21, 2019, and sought a temporary restraining order, asset freeze, the appointment of a receiver over the corporate defendants, and other equitable relief to put an immediate halt to the Defendants' illegal student loan debt relief operation, which had resulted in

---

[1] Temp. Restraining Order, ECF No. 24 (TRO) at VIII.A, D, and Stip. Prelim. Injunct. with Asset Freeze, Appt. of Receiver and other Equitable Relief, ECF No. 103 (PI Order) at VIII.A, D.

over $83 million in harm to tens of thousands of consumers nationwide.[2] The Court granted Plaintiffs' motion the same day. Wen waived service of the complaint and was served with a copy of the TRO and the complaint through counsel on October 25, 2019.[3] On November 15, 2019, the Court entered the PI Order—as relevant here extending the asset freeze, financial accounting, and receivership provisions of the TRO—until the entry of final judgment.[4] Since entry of the PI Order, Plaintiffs have utilized their authority under the PI Order to issue limited expedited discovery, including to several financial institutions, Redacted , and defendants. Although the Court has entered stipulated judgments against six defendants and recently granted applications for default against two defendants, several defendants remain in this action, including Wen.[5]

## II. FACTUAL BACKGROUND

Recognizing the likelihood that the Defendants would transfer, conceal, dissipate, or otherwise dispose of assets,[6] the TRO and PI Order required each individual defendant to complete a financial statement and provide a sworn statement detailing certain payments, transfers, and assignments of assets, and freeze all of their assets,[7] regardless of their source. As relevant here, Item 23

---

[2] Complaint, ECF No. 2; Memo in Supp. of Temp. Restraining Order, ECF No. 3-3.

[3] Sarah Preis' Decl. of Service on Defendants, ECF No. 88.

[4] ECF No. 103 at 40:23-24.

[5] Stip. Final Judgement as to Defendant Tuong Nguyen and Relief Defendant TN Accounting Inc., ECF No. 210; Prime and Horizon, ECF No. 205; Stip. Final Judgement as to Relief Defendants Hold the Door, Corp. and Mice and Men LLC, ECF No. 218; Order Granting Appl. for Default Judgment against Defendants First Priority LLC and True Count Staffing, Inc., ECF No. 243.

[6] TRO ¶ 4; PI Order ¶ 4.

[7] Defendant Consumer Advocacy Center, Inc, which filed for bankruptcy in January 2019 and was under the control of the Chapter 7 Trustee appointed to liquidate its estate, was excepted from these provisions of the TRO and PI Orders.

1 of the financial statement required Wen to list all assets not identified elsewhere
2 in the statement, including **Redacted**
3 Further, Wen was required to disclose certain transfers, sales, or assignments of
4 assets, including **Redacted** and the participants in such transactions.[9]

**Redacted**

19   In his November 1, 2019 individual financial statement following entry
20 of the TRO, Wen did not disclose any **Redacted**, writing "NONE" in
21 response to Item 23.[15] Wen further declared that he had "no assets, owned

---

[8] TRO at Attachment A, Item 23.
[9] See id. at Item 31; TRO at Section VII.D; PI Order at Section VII.D.

**Redacted**

[11] See id. at 3.
[12] Id. at 3.
[13] Id. at 4.
[14] Id. at 4.
[15] Stewart Decl. ¶ 3, Ex. 1-2 at p. 21.

3

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN
SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

either directly or indirectly, or income of any nature other than as shown in, or attached to, this statement."[16] Wen's statement did indicate, though, that in 2018, he had Redacted Redacted [17]

Following Wen's submission of his financial statement, the Bureau engaged with Wen's counsel on several occasions regarding Wen's assets and disclosures about his Redacted [18] On November 27, 2019, Bureau counsel emailed then-counsel for Wen to request that he identify the financial institutions involved in the transfers Redacted Redacted [19] The letter also asked Wen's counsel to confirm Wen's compliance with the asset freeze with respect to certain assets.[20] In a December 5, 2019 letter, Wen's counsel disclosed for the first time that, in 2018, Wen Redacted Redacted [21] This disclosure led the Bureau to continue investigating Wen's assets and transfers, including by issuing expedited discovery to two Redacted [22] The Bureau also continued to press Wen's counsel regarding the fulsomeness of his disclosures, which led to Wen's disclosure on October 15, 2020 of five asset transfers from 2016-2018 totaling Redacted Redacted [23]

On November 7, 2020, over a year after providing his original financial statement, Wen submitted an unsworn statement in which he disclosed for the

---

[16] Stewart Decl. ¶ 3, Ex. 1 at 35.
[17] *See* Stewart Decl. ¶ 3, Ex. 1 at 40.
[18] *See* Stewart Decl. ¶¶ 9-10, 12, 14, 17-19, 22, Ex. 4, 6, 9.
[19] *See* Stewart Decl. ¶ 4, Ex. 2.
[20] *Id.*
[21] Stewart Decl. ¶ 5, Ex. 3 at p. 44.
[22] *See* Stewart Decl. ¶¶ 6-8.
[23] *See* Stewart Decl. ¶¶ 9-11. Ex. 4.

first time that Redacted Redacted as of November 1, 2019.[25] Wen also acknowledged that Redacted

Redacted

Since receipt of the November 7, 2020 letter revealing additional Redacted assets and the significant transfers, the Bureau has asked Wen, informally and through expedited discovery, for more information about these disclosures and Wen's compliance with the asset freeze.[28] Specifically, in correspondence and calls with Wen's counsel, the Bureau has repeatedly asked for confirmation that Wen has not dissipated Redacted Redacted since entry of the TRO; that he will treat Redacted as frozen going forward (as required by the asset freeze); and for details about the type of Redacted.[29] The Bureau has also informed Wen that his failure to disclose Redacted Redacted as well as any dissipation since entry of the TRO, constitutes a violation of the TRO and PI Orders.[30]

On December 1, 2020, the Bureau also issued expedited discovery requests to Wen under the PI Order seeking information regarding Wen's

Redacted

---

[25] Stewart Decl. ¶ 13, Ex. 5 at p. 60.
[26] Stewart Decl. ¶ 13, Ex. 5 at p. 53.
[27] *Id.*
[28] Stewart Decl. ¶¶ 14, 16-19. 22, Ex. 6, 8, 9, 12.
[29] Stewart Decl. ¶¶ 14, 18, 22, Ex. 6-1, 12.
[30] Stewart Decl. ¶¶ 14, 19, 23, Ex. 6-1, 9.

Redacted holdings and transactions and certain payments and transfers.[31] That same day, the Bureau also noticed a deposition of Wen for December 15, 2020, which was subsequently rescheduled.[32] On December 4, 2020, Wen submitted his objections to the Bureau's expedited discovery requests but did not provide any substantive responses. Rather, Wen asserted identical, boilerplate objections to each of the Bureau's written discovery requests, including declining to respond "based upon his privilege against self-incrimination under the U.S. and California Constitution."[33]

On December 4, 2020, Bureau counsel emailed Wen's counsel again, noting that the Bureau would seek relief from the Court if Wen failed to confirm previous and continuing compliance with the asset freeze order.[34] In response, Wen provided a sworn statement to the Bureau stating that he "hereby fully and unequivocally" committed to treat Redacted as subject to the asset freeze.[35] Wen further estimated that the Redacted Redacted as of November 1, 2019, Redacted Redacted [36]

Following receipt of Wen's declaration, the Bureau continued to correspond with opposing counsel to further confirm details about Wen's dissipation Redacted In a December 11, 2020 email, Wen refused to confirm basic information about his Redacted and invoked the prospect of the Bureau pursuing civil contempt as a basis for asserting the Fifth Amendment in response to the Bureau's questions.[37] Given the evidence of dissipation and his failure to comply with the financial accounting provisions of the TRO and PI

---

[31] Stewart Decl. ¶¶ 16-17, Ex. 8-3.
[32] Stewart Decl. ¶ 17, Ex. 8-2.
[33] Stewart Decl. ¶ 21, Ex. 11.
[34] Stewart Decl. ¶ 19, Ex. 9.
[35] Stewart Decl. ¶ 20, Ex. 10 at ¶ 1.
[36] *Id.*, Ex. 10, ¶ 4.
[37] Stewart Decl. ¶ 22, Ex. 12.

1  Order, the Bureau conferred with Wen's counsel by phone on December 17,
2  2020, regarding the instant motion.[38]  During the call, the Bureau explained that
3  its evidence indicating that Wen has dissipated at least approximately [Redacted]
4  [Redacted] and described the relief the Bureau would request in this motion.  Defense
5  counsel cited the Fifth Amendment as a basis for not responding to questions
6  about Wen's dissipation of assets, including [Redacted] citing this civil
7  contempt proceeding.[39]
8       The following day, on December 18, 2020, Wen submitted an amended
9  financial statement, in which he asserted that he had [Redacted]
10 [Redacted] as of November 1, 2019,[40] [Redacted]
11 [Redacted]—an increase from the [Redacted]
12 estimate in his disclosure a couple weeks earlier—as well as additional [Redacted]
13 [Redacted]                                                     For these
14 latter [Redacted]   Wen stated that [Redacted]
15 [Redacted]                                        [42]  The amended financial statement
16 included [Redacted]   in asset transfers, including [Redacted]
17 [Redacted]                                                  that were missing from

---

[38] Stewart Decl. ¶ 23.
[39] Stewart Decl. ¶ 24.
[40] Although the TRO requires Wen to provide the value as of October 25, 2019, which was the date of service of the TRO, to date Wen has not provided that information.  Thus, it is possible there was additional dissipation between October 25, 2019 and November 1, 2019.
[41] Stewart Decl. ¶ 27, Ex. 14 at p. 16.
[42] Wen also disclosed [Redacted]
[Redacted]
[Redacted]                                                                         and
they should be among the assets turned over to the Receiver as part of the relief
requested below.  *See* Stewart Decl. ¶ 28, Ex. 15 at ¶ 1.

7

Wen's original disclosure.[43] He also submitted an amended declaration in which he agreed to treat the Redacted Redacted as identified in his amended financial statement as subject to the asset freeze per the PI Order.[44]

The Bureau has analyzed the amended information Wen provided regarding Redacted to determine whether he had dissipated any of this Redacted and, if so, how much. Using publicly available information regarding the high and low value Redacted the Bureau determined an approximate range of the quantity Redacted Wen held on November 1, 2019, based on his revised estimate that Redacted at that time. Using this method, the Bureau estimated that Wen held approximately Redacted Redacted as of November 1, 2019.[45] The Bureau then determined that this quantity would be worth Redacted on December 4, 2020.[46] Yet Wen stated that Redacted Redacted[47] Again using publicly available data, the Bureau determined that Redacted Redacted[48] Thus, it appears that as of December 4, 2020, Redacted Redacted As of December 28, 2020, Redacted

Redacted

---

[43] Stewart Decl. ¶ 28, Ex. 14, at p. 155-59. ¶
[44] Stewart Decl. ¶ 28, Ex. 15, ¶ 1.
[45] Nigrinis Decl. ¶ 8.
[46] Nigrinis Decl. ¶ 10.
[47] Stewart Decl. ¶ 20, Ex. 10, ¶ 4.
[48] Nigrinis Decl. ¶ 9.
[49] Nigrinis Decl. ¶¶ 11-13.
[50] Nigrinis Decl. ¶ 13.

## III. ARGUMENT

**A. Legal Standard**

This Court has inherent authority to enforce compliance with its order through the remedy of civil contempt. To establish contempt, the moving party must show by clear and convincing evidence that the contemnors violated a specific and definite order of the court. *FTC v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir. 1999). The burden then shifts to the contemnors to demonstrate why they were unable to comply, including by showing that they "took every reasonable step" to do so. *Id.*; *Stone v. City and County of San Francisco,* 968 F.2d 850 (9th Cir. 1992). Contempt need not be willful, and there is no good faith exception to failing to comply with a court order. *See FTC v. Data Medical Capital, Inc.,* No. SACV 99-1266AHS(EEX), 2010 WL 104997 (C.D. Cal. Jan. 15, 2010). Civil contempt is appropriate when a party fails to abide by a court-ordered asset freeze or to make required financial disclosures. *See U.S. Commodity Futures Trading Comm'n v. Forex Liquidity LLC,* No. SACV071437CJCRNBX, 2010 WL 11519586 at * 3 (C.D. Cal. 2010); *Shmuely v. Transdermal Specialties, Inc.*, Civ. No. 17-cv-01684-RAL, 2019 WL 3002942, at *5 (E.D. Pa. July 10, 2019) (finding contempt where individual refused to provide financial information as ordered by the court).

**B. Defendant Wen Has Dissipated Significant Assets in Violation of the TRO and PI Order.**

The TRO and PI Orders froze Wen's assets, including [Redacted] [Redacted] upon notice of the TRO until the entry of final judgment in this matter.[51] But the evidence suggests Wen dissipated over [Redacted] [Redacted] since November 2019. Over a year after service of the TRO, on

---

[51] Both orders broadly defined "Asset" as "any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by any Defendant or Relief Defendant, wherever located, at home or abroad."

9

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

1  November 7, 2020, Wen first admitted that he had Redacted
2  Redacted            November 1, 2019, and has since Redacted
3  Redacted            Regardless of whether Redacted
4  Redacted
5  Redacted            shows that he has
6  dissipated a Redacted          in violation of the asset
7  freeze.[53]  As discussed above, Redacted
8  Redacted
9  Redacted            November 1, 2019, and December 4,
10 2020, Redacted

11 **C. Defendant Wen Has Also Violated the Court's Orders by Failing to**
12 **Provide Accurate Financial Statements.**

13       Wen's dissipation of Redacted    in assets in violation of the Court's
14 orders has been facilitated by his concealment Redacted     Wen was
15 ordered to disclose to Plaintiffs all of his Redacted
16 Redacted        Specifically, Item 23 of the financial statement required
17 Wen to provide a description, location, acquisition cost, and value for Redacted
18 Redacted            In response to Item 23, Wen
19 wrote that he had "None."[55]  Yet as discussed above, since November of 2020,
20 Wen has, in fits and starts, slowly acknowledged that he actually Redacted
21 Redacted       assets.  Although Wen finally submitted an amended
22 financial statement on December 18, 2020, he claims to not know much of the
23 information requested about these assets.[56]  Wen's generic statements about his

---

[52] Stewart Decl. ¶¶ 13, 27, Ex. 5 at p. 60, Ex. 14 at p. 153.
[53] Nigrinis Decl. ¶¶ 10-14.
[54] Nigrinis Decl. ¶¶ 7, 10, 13.
[55] Stewart Decl. ¶ 3, Ex. 1-2 at p. 21.
[56] Wen attributes his information deficit regarding his Redacted   to "the unstructured nature and volume of transactions during the relevant period, lack

1  lack of access to information raise serious questions about the fulsomeness of
2  his amended disclosures, including whether he has taken sufficient action to
3  provide the information required by the Court's orders regarding the location
4  and value **Redacted**

5       Similarly, Wen has not been forthcoming about disclosing transfers,
6  payments, and assignments of his assets.  And although Wen's most recent
7  amended financial statement includes numerous transfers that were not
8  identified in his original statement, he still has not provided information dating
9  back to 2015 as required by Section VIII.D of the TRO and PI Order.
10      Wen's concealment of **Redacted** assets and his failure to
11 disclose significant transfers—which include **Redacted**
12 **Redacted** —reinforces
13 the need for Wen to be ordered to provide the full accounting of his assets and
14 his transfers, payments, and assignments as set forth below.

15 **D. Wen Should be Ordered to Show Cause as to Why He Should Not be**
16     **Held in Contempt**

17      Because Wen has violated several provisions of the TRO and PI Order,
18 he should be ordered to show cause as to why he should not be held in
19 contempt.  *See Forex,* 2010 WL 11519586 at *15; *Shmuely,* 2019 WL 3002942,
20 at *5; *O'Connor v. Midwest Pipe Fabricators, Inc.,* CIV.A. No. 85-2301-S,
21 1990 WL 11065, at *1 (D. Kan. Jan. 3, 1990).

22          **IV.   REQUESTED RELIEF**

23      In light of the violations set forth above, the Bureau requests that the
24 Court order:
25     1. Defendant Wen to show cause why he should not be held in contempt
26        for his violations of this Court's orders.

27
28 of available documentation, records, or information, and the volatility of
   **Redacted**   prices."  *See* Stewart Decl. ¶ 27, Ex. 14 at p. 153.

2. Defendant Wen to immediately (a) transfer to the Receiver **Redacted** **Redacted** he has identified to the Bureau to date, including **Redacted** **Redacted** identified in his amended financial disclosure (b) provide the Receiver with **Redacted** **Redacted**

3. Defendant Wen to pay to the Receiver the value of **Redacted** dissipated since November 1, 2019.

4. That the Receiver is directed and authorized to treat the aforementioned **Redacted** **Redacted** as Receivership Assets, and to exercise the full scope of his authority as set forth in the Stipulated Preliminary Injunction With Asset Freeze, Appointment of Receiver, and Other Equitable Relief (ECF No. 103) with respect to those Assets.

5. Defendant Wen to provide a sworn statement supplementing his responses to Items 23 and 31 in the individual financial statement, and to identify the type and specific location **Redacted** **Redacted** **Redacted** If the statement does not include all the requested information, then he must explain in a sworn statement the steps he took to try to acquire the information.

6. Defendant Wen to submit to the Bureau an accounting, verified under oath, of all payments, transfers, or assignments of any Assets worth $5,000 or more from January 1, 2015, through the date of the Court's order. The statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid by or to the Defendant. Each statement shall

specify the name and address of each financial institution (as defined in the PI Order) at which Defendant has accounts or safe deposit boxes. If the statement does not include all this information, then he must explain in a sworn statement the steps he took to try to acquire the information.

## CONCLUSION

For the foregoing reasons, the Bureau respectfully requests that this Court grant the Bureau's motion and order the requested relief set forth above and in the Proposed Order attached hereto.

Dated: January 8, 2021

/s/ Sarah Preis

Sarah Preis (D.C. Bar No. 997387)
*Admitted pro hac vice*
Email: sarah.preis@cfpb.gov
Jesse Stewart (N.Y. Bar No. 4145495) *Admitted pro hac vice*
Email: jesse.stewart@cfpb.gov
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*