# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Bureau of Consumer Financial Protection, et al.,

      Plaintiffs,

v.

Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,

      Defendants.

CASE NO. 8:19-cv-01998 MWF

**DECLARATION OF JESSE STEWART IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF**

**REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020**

Hearing: Feb. 8, 2021 at 10:00 a.m.
Court: Hon. Michael W. Fitzgerald
Courtroom 5A (remote)

I, Jesse Stewart, pursuant to 28 U.S.C. § 1746, hereby state and declare that I have personal knowledge of the facts as set forth below. If called as a witness, I could and would testify as follows:

1.    I am a citizen of the United States and am over eighteen (18) years of age. I am employed as a Senior Litigation Counsel with the Bureau of Consumer Financial Protection (Bureau) in the Office of Enforcement. My mailing address is 1700 G Street NW, Washington, DC 20522. I am an attorney for the Bureau as Plaintiff in the above-captioned case, appearing *pro hac vice*.

2.    This declaration is submitted in support of Plaintiff's Motion for Order to Show Cause Why Defendant Wen Should Not Be Held in Contempt and for Related Relief.

3.     By letter dated November 4, 2019, then-counsel for Defendant Kaine Wen submitted his financial statement to the Bureau pursuant to Section VIII, Paragraph A, of the Court's *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (TRO) (ECF 24). Attached as Exhibit 1 is a true and accurate copy of the November 4, 2019 letter and Mr. Wen's financial statement (not including attachments).

4.     On November 27, 2019, Bureau counsel emailed then-counsel for Mr. Wen, observing that several defendants had identified non-cash assets on their financial statements, that these assets are subject to the Court's asset freeze, and asking counsel to confirm that their clients, including Mr. Wen, would adhere to the asset freeze with respect to non-cash assets. Attached as Exhibit 2 is a true and accurate copy of the November 27, 2019 email.

5.     On December 5, 2019, Mr. Wen's then-counsel sent the Bureau a letter disclosing, among other things, that Redacted
. Attached as Exhibit 3 is a true and accurate copy of the December 5, 2019 letter (not including attachments).

6.     On August 14, 2020, the Bureau issued subpoenas for documents relating to Mr. Wen's Redacted to Redacted Redacted under Section XXVIII, Paragraph B of the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief (PI Order) (ECF 103).

7.     On or about September 3, 2020, Redacted produced a response to the Bureau's August 14, 2020 subpoena.

8.     To date, Redacted has not responded to the August 14, 2020 subpoena, although the Bureau has since reissued the subpoena to Redacted and is awaiting a response.

9. On or about September 18, 2020, during a call with Matthew Eanet, counsel for Mr. Wen, I stated that the Bureau had become aware of several potential discrepancies or omissions in Mr. Wen's financial statement submitted under the TRO, including Redacted transfers involving Mr. Wen and Redacted that were not disclosed. I requested that Mr. Wen review and amend his financial statement.

10. By emails to Mr. Eanet dated October 1 and 5, 2020, the Bureau again requested that Mr. Wen amend his financial statement, including requesting that, "[t]o the extent that there is any additional information required by the financial disclosure form that has not been provided, please include that on Mr. Wen's amended disclosure." Attached as Exhibit 4 are true and accurate copies of the October 1 and 5, 2020 emails.

11. On October 15, 2020, Mr. Eanet sent the Bureau a letter and attached unsworn amended responses to select items on his financial statement. The amended responses identified, for the first time, several transfers of assets between 2016 and 2018 totaling Redacted Redacted .

12. On October 26, 2020, I sent an email to Mr. Eanet, addressing certain points and issues raised by Wen's amended responses and noting continued concerns about whether Mr. Wen had been forthcoming in completing his financial statement.

13. By letter dated November 7, 2020, Mr. Eanet provided an additional unsworn Redacted amendment to Mr. Wen's financial disclosures, including identifying for the first time that Mr. Wen held Redacted Redacted as of November 1, 2019. Attached as Exhibit 5 is a true and accurate copy of the November 7, 2020 letter and enclosures.

14.     By letter dated November 19, 2020, the Bureau responded to Mr. Eanet's November 7 letter, including asking Mr. Wen to "[p]lease immediately confirm whether Mr. Wen has complied and intends to comply fully with the asset freeze [imposed by the TRO and PI Order]. If he has not, please explain in detail." The Bureau also asked Mr. Wen to "identify and fully describe how the approximately Redacted

Redacted

Redacted" The Bureau enclosed a subpoena seeking information about Mr. Wen's assets pursuant to Section XXVIII, Paragraph B of the PI Order. Attached as Exhibit 6 is a true and accurate copy of the November 19, 2020 letter and notice of subpoena.[1]

15.     On November 24, 2020, Mr. Wen objected to the Bureau's November 19, 2020 subpoena, arguing that the Bureau should not have styled the requests as a subpoena under the terms of the PI Order. Attached as Exhibit 7 is a true and accurate copy of Mr. Wen's November 24, 2020 objections.

16.     On December 1, 2020, the Bureau issued by email and overnight courier its First Expedited Request for Production of Documents and Interrogatory Responses to Defendant Kaine Wen under Section XXVIII, Paragraph B of the PI Order. These requests were substantially the same as the requests the Bureau issued on November 19, 2020.

---

[1] Mr. Wen has not designated any of the following documents as Confidential under the Protective Order or otherwise: the Bureau's Notice of Subpoena to Produce Documents and Interrogatory Responses on Defendant Kaine Wen (Ex. 6-2); the Bureau's First Expedited Request for Production of Documents and Interrogatory Responses to Defendant Kaine Wen (Ex. 8-3); the Declaration of Kaine Wen executed on December 17, 2020, and submitted to the Bureau on December 18, 2020 (Ex. 15). The Bureau has redacted portions of these documents consistent with redactions ordered in the Court's Order Granting in Part Plaintiff's Application for Leave to File Under Seal (ECF 255).

17.     In the December 1, 2020 email transmitting the discovery requests to Mr. Eanet, the Bureau reiterated its request for information about Mr. Wen's compliance with the asset freeze. And the Bureau also noticed Mr. Wen for an asset deposition, to be held on December 15, 2020, under Section XXVIII, Paragraph A of the PI Order. Attached as Exhibit 8 is a true and accurate copy of the December 1, 2020 email, deposition notice, and discovery requests. (The Bureau has since withdrawn that deposition notice but expects to proceed with the deposition in January).

18.     On December 2, 2020, Bureau counsel Sarah Preis and I spoke with Mr. Eanet. We again asked that Mr. Wen respond to the questions posed in the Bureau's November 19, 2020 letter about Mr. Wen's compliance with the asset freeze. Mr. Eanet stated that Mr. Wen was evaluating whether to assert his Fifth Amendment rights. When pressed by Bureau counsel as to how the Fifth Amendment applied to these questions, Mr. Eanet noted the prospect that the Bureau would initiate contempt proceedings and otherwise stated that he could not provide further information at that time. Bureau counsel asked Mr. Eanet to respond to our questions about Mr. Wen's compliance with the asset freeze by close of business that day, December 2, 2020.

19.     On December 4, 2020, Bureau counsel emailed Mr. Eanet, reiterating the questions about Mr. Wen's compliance with the asset freeze and noting that the Bureau would seek relief from the Court if Mr. Wen failed to respond. Attached as Exhibit 9 is a true and accurate copy of the December 4, 2020 email.

20.     On December 4, 2020, Mr. Wen submitted a declaration to the Bureau regarding his assets. Attached as Exhibit 10 is a true and accurate copy of Mr. Wen's December 4, 2020 declaration.

21.     Also on December 4, 2020, Mr. Wen submitted a response to the Bureau's December 1 discovery requests. Mr. Wen objected in response to each

request, including "based upon his privilege against self-incrimination under the U.S. and California Constitution[s]." Attached as Exhibit 11 is a true and accurate copy of Mr. Wen's December 4, 2020 response to the Bureau's December 1, 2020 discovery requests.

22. On December 9, 2020, Bureau counsel emailed Mr. Eanet, including asking Mr. Wen for details about the Redacted                                          . Mr. Eanet responded on December 11, 2020, stating that the PI Order did not require him to provide the requested information and asserting Mr. Wen's Fifth Amendment rights. Attached as Exhibit 12 is a true and accurate copy of the December 9 and December 11, 2020 emails.

23. On December 17, 2020, Bureau counsel met and conferred with Mr. Eanet by telephone regarding the Bureau seeking a show cause order why Mr. Wen should not be held in contempt and for related relief. During that call, Bureau counsel informed Mr. Eanet that the Bureau intended to seek an order from the Court for Mr. Wen to show cause why he should not be held in contempt for dissipating frozen assets and failing to disclose assets as required by the TRO and PI Order.

24. During the December 17, 2020 call, Bureau counsel also identified Mr. Wen's declarations and disclosures as evidence showing Mr. Wen's dissipation of assets and noted that Mr. Wen appeared to have dissipated at least Redacted.  Mr. Eanet cited the Fifth Amendment as a basis for not responding to questions posed during the call about Mr. Wen's dissipation of assets, including Redacted    , citing this civil contempt proceeding.

25. Also during the December 17, 2020 call, Bureau counsel asked for Mr. Wen's position on the relief the Bureau anticipated requesting, including that Mr. Wen immediately turn over to the court-appointed Receiver the Redacted Redacted assets he had identified to the Bureau; pay back the value of dissipated

assets; supplement Items 23 and 31 on his financial statement under Section VIII, Paragraph A of the TRO and PI Order; and supplement his accounting of transfers, payments, and assignments under Section VIII, Paragraph D of the PI Order. Counsel for Mr. Wen stated that he would endeavor to provide his position on the Bureau's motion the next day.

26.     Also on December 17, 2020, Bureau counsel sent Mr. Eanet an email summarizing the nature of the expected motion and requested relief. Attached as Exhibit 13 is a true and accurate copy of that December 17, 2020 email.

27.     On December 18, 2020, Mr. Wen submitted an amended financial statement under the TRO and PI Order. Attached as Exhibit 14 is a true and accurate copy of the amended financial statement submitted on December 18, 2020, and executed on December 17, 2020.

28.     Also on December 18, 2020, Mr. Wen submitted another declaration, committing to treat "the Redacted   currently in [his] possession, custody, or control" as identified on his December 17, 2020 financial statement as subject to the asset freeze provisions in the PI Order. Attached as Exhibit 15 is a true and accurate copy of Mr. Wen's declaration submitted on December 18, 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2021


                                        /s/ Jesse Stewart
                                        Jesse Stewart
                                        Silver Spring, Maryland