

1700 G Street, NW
Washington, DC 20552

November 19, 2020

<u>Via Email</u>

Matthew Eanet, Esq.
Eanet PC
550 South Hope Street, Suite 750
Los Angeles, CA 90071
matt@eanetpc.com

Re:   *CFPB, et al., v. CAC, et al.*, 8:19-cv-01998 (MWF) – Defendant Kaine Wen

Dear Mr. Eanet:

This letter responds to certain issues raised in your letter dated November 7, 2020. We are very concerned that Mr. Wen has not fully complied with the financial disclosure requirements of the Temporary Restraining Order (TRO) and Preliminary Injunction (PI) in this matter. Thus, and as set forth in the attached subpoena, we are issuing document and interrogatory requests under Section XXVIII of the PI. If we determine that Mr. Wen has failed to comply with the TRO or PI and has not cured any violation, we will consider moving to hold Mr. Wen in contempt. And such conduct may affect Mr. Wen's liability for civil money penalties under 12 U.S.C. § 5565(c).

It appears that Mr. Wen failed to disclose approximately Redacted in violation of Section VIII, Paragraph A, of the TRO. That provision required Mr. Wen to complete and submit a sworn financial disclosure form (FDF) within three business days of service of the TRO in October 2019. Item 23 of the FDF required Mr. Wen to list all virtual currency assets, including Redacted Your November 7, 2020 letter included an unsworn statement from Mr. Wen that for the first time listed Redacted Redacted . To date, no explanation has been provided for Mr. Wen's failure to disclose these assets for more than a year, and it remains unclear whether Mr. Wen has complied and will comply with the asset freeze imposed by Section VI of the TRO and PI with respect to the Redacted Indeed, it appears Mr. Wen disclosed these assets in response to questions from the Bureau about Redacted Redacted account in 2018. Thus, it appears that Mr. Wen has materially misrepresented his assets on the FDF and has yet to provide a sworn statement to correct Item 23.

Please immediately confirm whether Mr. Wen has complied and intends to comply fully with the asset freeze. If he has not, please explain in detail. Further, as requested in the attached subpoena, please immediately identify and fully describe how the approximately

**consumerfinance.gov**

Redacted
Redacted

Mr. Wen apparently also failed to disclose certain transfers at Item 31 of the FDF. In your November 7 letter, you assert that Item 31 of the FDF does not require Mr. Wen to list "other transfers" to the extent that the transfer is one where Mr. Wen "has incurred a legal obligation to pay," such as "payments for services, repayment of loans, payments for goods, and the like." But the plain language of the FDF does not make this distinction between voluntary and obligatory transfers. Further, your invocation of the interpretive canon *ejusdem generis* is unpersauive. To the extent relevant to interpretation of the FDF, the canon applies only where language is ambiguous.[1] You identify nothing ambiguous about "other transfers." Indeed, it would be illogical for Item 31 to require Mr. Wen to list transfers by sale where he is the seller, but not where he is the purchaser. In any event, the TRO and PI clearly required Mr. Wen to provide a sworn statement of "all payments, transfers, or assignments of any Assets worth $5,000 or more since January 1, 2015."[2] Hence, Mr. Wen's recent unsworn amendments to his FDF show that he has improperly failed to disclose hundreds of thousands of dollars in asset transfers.

Finally, in a footnote to your November 7 letter, you assert that you have requested that Plaintiffs provide copies of documents produced to them in response to subpoenas "but to date [Plaintiffs] have refused to provide them, notwithstanding FRCP 45 and the 2013 Committee Note thereto." This assertion is inaccurate. The Bureau agreed to provide these materials upon entry of a protective order in this matter and the Bureau has waited months for your responses to draft orders we have circulated. As you know, on July 27, 2020, Plaintiffs circulated a proposed protective order to all counsel. You did not respond to our proposal until September 29, 2020. After you proposed changes to the original version, Plaintiffs circulated the most recent version of a draft protective order to counsel for approval on October 15, 2020. It was not until November 12, 2020, that you indicated that you did not have any edits to this draft.

Please do not hesitate to contact me with any questions.

Sincerely,

Jesse Stewart
Enforcement Attorney

---

[1] *Mason v. United States*, 260 U.S. 545, 554 (1923) (*ejusdem generis* is "to be resorted to only as an aid to the ascertainment of the meaning of doubtful words and phrases, and not to control or limit their meaning contrary to the true intent").

[2] *See* Section VIII(D).

**consumerfinance.gov**