SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788
*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, *et al.*,<br><br>Defendants. | CASE NO. 8:19-cv-01998 MWF (KSx)<br><br>**BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN** |

1
BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 65

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Jesse Stewart, attorney for Plaintiff the Bureau of Consumer Financial Protection, intends to personally serve the subpoena attached hereto as Exhibit A, in the form attached hereto, on Defendant Kaine Wen, on November 19, 2020, or as soon thereafter as service may be effectuated.

Dated: November 19, 2020              By: */s/ Jesse Stewart*
                                          Jesse Stewart (NY Bar No. 5145495)

2

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 66

# CERTIFICATE OF SERVICE

I, Jesse Stewart, certify that on this 19th day of November, 2020, I caused to be delivered by electronic mail the documents listed below on each of the below parties and email addresses:

1. **Evan Romanoff *(Pro Hac Vice)***
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
   Tel.: 651-757-1454
   evan.romanoff@ag.state.mn.us
   *Attorney for Plaintiff the State of Minnesota*

2. **M. Lynne Weaver *(Pro Hac Vice)***
   **Michael T. Henry**
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   Tel.: 919-716-6000
   Fax: 919-716-6050
   lweaver@ncdoj.gov
   *Attorneys for Plaintiff the State of North Carolina*

3. **Michael N. Feuer, City Attorney**
   **Mary Clare Molidor, Chief Assistant City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012 4131
   Tel.: 213-978-9707
   Fax.: 213-978-8112
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   rebecca.morse@lacity.org
   *Attorneys for Plaintiff the People of the State of California*

4. **Tahir L. Boykins**
   **Kelley Drye & Warren LLP**
   10100 Santa Monica Blvd., Suite 2300
   Los Angeles, CA 90067

3

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 67

Tel.: 310-712-6100
Fax: 310-712-6199
tboykins@kelleydrye.com

**Glenn D. Moses**
**Genovese Joblove & Batista**
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel.: 305-349-2300
Fax: 305-428-8807
gmoses@gjb-law.com
*Attorneys for Sonya S. Slott, Ch. 7 Trustee for Consumer Advocacy Center Inc.*

5. **Keri Curtis Axel**
   **Samuel Standage Meehan**
   **Baker Marquart LLP**
   777 S. Figueroa, Suite 2850
   Los Angeles, CA 90017
   Tel.: 424-652-7800
   Fax: 424-652-7850
   kaxel@bakermarquart.com
   smeehan@bakermarquart.com
   *Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.*

6. **Sanjay Bhandari**
   **Cornelia JB Gordon**
   **McNamara Smith LLP**
   655 West Broadway, Suite 1600
   San Diego, CA 92701
   Tel.: 619-269-0400
   Fax: 619-269-0401
   sbhandari@mcnamarallp.com
   cgordon@mcnamarallp.com
   *Attorneys for Receiver Thomas W. McNamara*

7. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 90071
   Tel.: 310-775-2495
   Fax: 310-593-2589
   matt@eanetpc.com

4
BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 68

*Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp. and Mice and Men LLC*

8. **Marc S. Williams**
   **Cohen Williams LLP**
   724 South Spring Street, 9th Floor
   Los Angeles, CA 90014
   Tel.: 213-232-5162
   mwilliams@cohen-williams.com
   *Attorney for Defendants Prime Consulting LLC, TAS 2019 LLC, and Horizon Consulting LLC*

9. **Julian Burns King**
   **King & Siegel LLP**
   724 South Spring Street, Suite 201
   Los Angeles, CA 90014
   Tel.: 213-465-4802
   julian@kingsiegel.com
   *Attorney for Defendant Albert Kim and Relief Defendants 1st Generation Holdings, LLC, Infinite Management Corp., and Sarah Kim*

5
BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 69

**Document Served**

1. **BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN**

Dated: November 19, 2020    Respectfully Submitted,

  /s/ Jesse Stewart
Jesse Stewart (admitted *pro hac vice*)
Enforcement Attorney
Bureau of Consumer Financial Protection
1700 G Street NW
Washington, D.C. 20552

*Attorney for Plaintiff Bureau of Consumer Financial Protection*

6

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 70

# EXHIBIT A

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., *Plaintiff* v. Consumer Advocacy Center Inc., et al., *Defendant* | Civil Action No. 8:19-cv-01998 MWF (KSx) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kaine Wen

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Office of the City Attorney c/o Christina Tusan 200 N. Main Street, 500 City Hall East Los Angeles, CA 90012-4131 | Date and Time: 11/25/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/19/2020

*CLERK OF COURT*

OR

_____  /s/ Jesse Stewart
*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bureau of Consumer Financial Protection , who issues or requests this subpoena, are:

Jesse Stewart, 1700 G Street N.W., Washington, DC 20552; jesse.stewart@cfpb.gov; (202) 435-9641

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 8:19-cv-01998-MWF-KS Document 257-10 Filed 01/08/21 Page 9 of 18 Page ID #:7074

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

1

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 74

# ATTACHMENT A

## I. Definitions

This subpoena is issued under the authority provided in the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief (PI Order), Docket No. 103, issued November 15, 2019, in *Bureau of Consumer Financial Protection, et. al., v. Consumer Advocacy Center Inc., et al.,* 8:19-cv-01998-MWF (KSx), in the United States District Court for the Central District of California.

The following terms, whether capitalized or not, and whether plural or singular, shall have the following meaning herein:

1. **"And"** and **"or"** both mean "and/or."
2. **"Any"** and **"all"** both mean "any and all."
3. **"Asset"** means, except as provided herein, any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant as defined in this subpoena, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, Cash, trusts, including, but not limited to any trust held for the benefit of any Individual Defendants' minor children, or any of the Individual Defendants' spouses.
4. **"Defendants"** means the following select Corporate Defendants, Individual Defendants, and Relief Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;
    a. **"Corporate Defendants"** means Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, True Count Staffing Inc., d/b/a SL

2

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 75

Account Management, Prime Consulting LLC, d/b/a Financial Preparation Services, and any other name by which each Corporate Defendant may be known or operate;

b. "**Individual Defendants**" means Albert Kim (aka Albert King), Kaine Wen (aka Wenting Kaine Dai, Wen Ting Dai, Kaine Wen Dai), and Tuong Nguyen (aka Tom Nelson), and any other name by which each Individual Defendant may be known;

c. "**Receivership Defendants**" means True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a Financial Preparation Services, TAS 2019 LLC d/b/a Trusted Account Services, First Priority LLC, and Horizon Consultants LLC, and their successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each may be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Receivership Defendants; and

d. "**Relief Defendants**" means Infinite Management Corp., f/k/a Infinite Management Solutions Inc., Hold The Door, Corp., TN Accounting Inc., and any other name by which each Relief Defendant may be known or operate.

5. "**Documents**" mean all records, things, and other items encompassed in the term "Documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure, and any written matter of every type and description, including Electronically Stored Information. A draft or non-identical copy is a separate Document within the meaning of this term and FRCP 34(a).

6. "**Electronically Stored Information**" or "**ESI**" means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise) of any electronically created or stored information, including but not limited to e-mail, instant

3

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 76

messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a sent or deleted-items folder), word-processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, regardless of how or where the information is stored, including if it is on a mobile device.

7. **"Identify"** or **"Identifying"** means to provide: (a) for natural persons, their name, title or position, present business affiliation, present business address, e-mail address, and telephone number, or if a present business affiliation or present business address is not known, the last known business address, home address, e-mail address, and telephone number; (b) for businesses or other organizations, the name, address, identities of officers, directors, or managers of the business or organization, and contact persons with e-mail addresses and telephone numbers, where applicable; and (c) for documents, the title, date, authors, recipients, Bates numbers, if applicable, type of document or some other means of identifying the document, and the present or last known location or custodian.

8. **"Including"** means "including but not limited to."

9. **"Person"** means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

10. **"Relation"** means any Person who is: 1) related to You by blood; 2) related to You by marriage to someone who is related to You by blood; or 3) with whom You associate socially.

11. **"Relevant Period"** means November 2, 2015, to November 19, 2020.

12. Redacted

Redacted

4

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 77

**Redacted**

13. **"You"** or **"Your"** means Kaine Wen, and any other name by which he may be known.

## II. Instructions

1. This Subpoena is issued under a federal court order authorizing expedited discovery, including expedited return of documents (within three calendar days for parties, and five calendar days for nonparties). *See* ECF No. 103 in this proceeding.

2. Each document request below is a continuing discovery request that must be updated or supplemented to the extent required by Federal Rule of Civil Procedure 26(e). You are required to timely produce in a supplemental production any document called for herein that was unavailable to You at the time of production, but which was discovered or otherwise becomes available to You up to the conclusion of the proceedings referenced on the face of this subpoena. The manner of production shall be either: (i) on or before the response date indicated on the subpoena, producing copies or originals (for inspection and copying) of all responsive documents at the response location indicated on the subpoena; or (ii) delivering copies at a place and time agreed upon in writing before the Response Date.

3. You must furnish all documents in Your possession, custody, or control. A document is deemed in Your actual or constructive possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of another person and You (a) own such document in whole or in part; (b) have a right, by control, contract, statute, order or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or control such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when You sought to do so.

5

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 78

4. You must produce any and all drafts and copies of each Document that are not identical. For example, if any copy bears a notation (handwritten or otherwise) that does not appear on all copies, each such copy must be produced separately.

5. Documents must be produced in a way that shows how they were maintained in the usual course of business, in the order in which they were maintained and in the files in which they were found. Documents that are attached to each other when located for production are to be left attached when produced. Documents that are segregated or separated from other documents (e.g., by inclusion in binders or files, or by use of dividers or tabs) are to be left so segregated or separated when produced. Documents not otherwise responsive but which are attached to responsive documents and constitute routing slips, transmittal memoranda, letters, comments, or similar materials, should be produced.

6. You must identify, organize, and label the documents You produce to correspond with the document requests set forth in this Subpoena.

7. If You object to a document request or some part thereof, set forth with specificity all of the reasons for the objection, state whether any responsive materials are being withheld on that basis, and respond to any unobjectionable part(s).

8. If You object to the production of any document on the basis of attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity, You must provide the following information by privilege log for the purpose of identifying the document for potential litigation regarding its production:

    a. Type of document (e.g., letter, email, memorandum), including, for ESI, the storage mode and the place or places where such information is maintained;

    b. Date(s);

6

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 79

c. All author(s), all addressee(s), and all other recipient(s), including, where not apparent, their relationship to one another (e.g., identifying which attorneys represented which clients);

d. General subject matter; and

e. All grounds relied upon for withholding the document (e.g., attorney work product, attorney client privilege) in light of all authors, addressees and recipients.

III. **Interrogatory Requests**

Redacted

Redacted

Redacted

Redacted

Redacted

8

BUREAU'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 6-2
P. 81

Redacted

5. List and describe all payments, transfers, or assignments of any Assets worth $5,000 or more that You made from November 15, 2014, through November 19, 2020, including:

   a. the amount transferred or assigned;
   b. the name of each transferee or assignee;
   c. the date of the assignment or transfer; and
   d. the type and amount of any consideration paid.

IV. **Document Requests**

1. For the Relevant Period, all Documents Redacted You and any of Your Redacted or companies You owned or controlled are counterparties on the Redacted Redacted Redacted Redacted

2. For the Relevant Period, all Documents related to Redacted Redacted

3. For the Relevant Period, all Documents related to Your Redacted Redacted including all Documents Redacted Your Redacted and Redacted Redacted

4. To the extent not already provided, produce all Documents that You relied upon in preparing Your responses to the Interrogatory Requests contained herein.