EANET, PC
Matthew Eanet (SBN 227490)
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone:    310-775-2495
Facsimile:    310-593-2589
matt@eanetpc.com

Attorneys for Defendant Kaine Wen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., | CASE NO. 8:19-cv-01998-MWF(KSx) |
| Plaintiffs, | Hon. Michael W. Fitzgerald |
| v. | |
| Consumer Advocacy Center Inc., et al. | **DEFENDANT KAINE WEN'S OBJECTIONS TO SUBPOENA** |
| Defendants, and | |
| Infinite Management Corp., et al. | Action Filed: October 21, 2019 |
| Relief Defendants. | FAC Filed: February 24, 2020 |

OBJECTIONS TO SUBPOENA

Defendant Kaine Wen ("Wen" or "Responding Party"), by and through his attorneys, responds and objects to the Bureau of Consumer Financial Protection's ("Propounding Party") "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION" ("Subpoena") directed to Wen and dated November 19, 2019 as follows:

## **GENERAL OBJECTIONS**

1.      The following responses and objections are based on information currently available to Responding Party.  These responses and objections are given without prejudice to Responding Party's right to produce or rely on subsequently discovered information.

2.      Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses and objections.

3.      Responding Party objects to the scope of the definitions contained in the Subpoena, which are over three full pages, on the grounds that they are overbroad, unintelligible (or render the requests unintelligible), and call for documents and information which are not in Responding Party's possession, custody, or control, or which is already in the possession of Propounding Party and the Receiver or which they already have sought to obtain or may obtain via subpoena from third parties.

4.      Nothing in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection or privilege.  Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege.

1

5. Responding Party objects to the Subpoena to the extent that it purports to require more than is required by controlling Rules of Federal Civil Procedure, including by way of two pages of "Instructions."

6. Responding Party reserves the right to condition the production of documents containing confidential or proprietary information on the Court's issuance of a confidentiality or protective order governing the disclosure of any such information.

7. The production of any documents or information by Responding Party is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents or information comprising or containing confidential or proprietary information including, without limitation, documents or information protected by federal and/or state rights of privacy.

8. Responding Party objects to the Subpoena on the grounds that a subpoena to a party is not authorized by the Stipulated Preliminary Injunction which permits narrow "Limited Expedited Discovery." In the case of requests for production of documents and interrogatories, pursuant to Paragraph 28(B), Plaintiffs may " serve upon parties requests for production or inspection of Documents, or interrogatories that require production, inspection, or interrogatory responses within three calendar days of service, and may serve subpoenas upon non-parties that direct production, inspection, or responses to interrogatories within five calendar days of service, for the purpose of discovering: 1) the nature, location, status, and extent of Assets of Defendants or their affiliates or subsidiaries; (2) the nature, location, identify of participants, and extent of Defendants' transactions; (3) the nature and location of Documents and business records of Defendants or their affiliates or subsidiaries; and (4) enforcing compliance with this

2

OBJECTIONS TO SUBPOENA

Order…" (emphasis added.)  The Stipulated Preliminary Injunction does not permit the service of a subpoena for documents and interrogatory responses on a party; this must be done by way of requests for production and interrogatories, not subpoena.

Alper v. United States, 190 F.R.D. 281, 283–84 (D.Mass.2000) (holding that Rule 34 is the exclusive means of obtaining documents from a party)

9.      Responding Party objects to the Subpoena, and each request and interrogatory therein on the grounds that the scope of discovery sought in the Subpoena exceeds the permissible scope of the limited Expedited Discovery permitted by Paragraph 28(B) of the Stipulated Preliminary Injunction and discovery is not otherwise permitted because the parties have not yet held a FRCP Rule 26(f) conference.

10.      Responding Party objects to the Subpoena, and each request therein, on the grounds that it is overly broad and imposes an undue burden on Responding Party.

11.      Responding Party objects to the Subpoena, and each request therein, on the grounds that it does not provide Responding Party with  reasonable time to comply.

12.      Responding Party objects to the interrogatories contained in the subpoena, and each of them, on the grounds that FRCP Rule 45 does not authorize written interrogatories by subpoena, which can only command production of documents, information, or objects, or to permit inspection (FRCP Rule 45(c)(2).

13.      Responding Party objects to the Subpoena on the grounds that it was not served by personal service upon Responding Party, or another method authorized by the Stipulated Preliminary Injunction.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

3

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing.  Responding Party further objects to this request on the grounds that interrogatories are not authorized by FRCP Rule 45, pursuant to which the Subpoena has been issued.  Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Inunction.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing.  Responding Party further objects to this request on the grounds that it is vague and ambiguous as to terms "owned, controlled, or that were held for your benefit." Responding Party further objects to this request on the grounds that interrogatories are not authorized by FRCP Rule 45, pursuant to which the Subpoena has been issued.  Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.

**RESPONSE TO INTERROGATORY NO. 3**

OBJECTIONS TO SUBPOENA

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing.  Responding Party further objects to this request on the grounds that it is vague and ambiguous.  Responding Party further objects to this request on the grounds that interrogatories are not authorized by FRCP Rule 45, pursuant to which the Subpoena has been issued.  Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing.  Responding Party further objects to this request on the grounds that it is vague and ambiguous.  Responding Party further objects to this request on the grounds that interrogatories are not authorized by FRCP Rule 45, pursuant to which the Subpoena has been issued.  Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates by this reference the General Objections set forth

5

OBJECTIONS TO SUBPOENA

above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing.  Responding Party further objects to this request on the grounds that it is vague and ambiguous.  Responding Party further objects to this request on the grounds that interrogatories are not authorized by FRCP Rule 45, pursuant to which the Subpoena has been issued.  Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**RESPONSE TO DOCUMENT REQUEST NO. 1**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing.  Responding Party further objects to this request on the grounds that it is vague and ambiguous.  Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing.  Responding Party further objects to this request on the

OBJECTIONS TO SUBPOENA

grounds that it is vague and ambiguous.  Responding Party further objects to the request on

the grounds and to the extent that it exceeds the scope of permissible discovery authorized

by the Stipulated Preliminary Injunction.  Responding Party further objects to the request

on the grounds and to the extent that it demands the production of information protected by

federal and/or state rights of privacy.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Responding Party incorporates by this reference the General Objections set forth

above.  Responding Party objects to this request on the grounds that it is overly

burdensome, broad, and harassing.  Responding Party further objects to this request on the

grounds that it is vague and ambiguous.  Responding Party further objects to the request on

the grounds and to the extent that it exceeds the scope of permissible discovery authorized

by the Stipulated Preliminary Injunction.  Responding Party further objects to the request

on the grounds and to the extent that it demands the production of information protected by

federal and/or state rights of privacy.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

Responding Party incorporates by this reference the General Objections set forth

above.  Responding Party objects to this request on the grounds that it is overly

burdensome, broad, and harassing.  Responding Party further objects to this request on the

grounds that it is vague and ambiguous.  Responding Party further objects to the request on

the grounds and to the extent that it exceeds the scope of permissible discovery authorized

by the Stipulated Preliminary Injunction.  Responding Party further objects to the request

on the grounds and to the extent that it demands the production of information protected by

federal and/or state rights of privacy.

OBJECTIONS TO SUBPOENA

1

2

3

4        Dated:  November 24, 2020                     EANET, PC

5                                                      By:  _____
                                                            Matthew L. Eanet
6

7                                                      Attorneys for Defendant Kaine Wen

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I, Matthew Eanet, certify that on this 24th day of November, 2020,

I caused to be delivered by electronic mail **DEFENDANT KAINE WEN'S**

**OBJECTIONS TO SUBPOENA** on each of the below parties and email

addresses:

    1. **Sarah Preis**
       (Admitted *pro hac vice*)
       sarah.preis@cfpb.gov
       Tel.: (202) 435-9318
       **Jesse Stewart**
       (Admitted *pro hac vice*)
       jesse.stewart@cfpb.gov
       Tel.: (202) 435-9641
       **Nathan Dimock**
       (Admitted *pro hac vice*)
       nathan.dimock@cfpb.gov
       Tel.: (202) 435-9198
       1700 G Street, NW
       Washington, DC 20552
       Fax: (202) 435-5471
       **Leanne E. Hartmann**
       leanne.hartmann@cfpb.gov
       301 Howard Street, Suite 1200
       San Francisco, CA 94105
       Tel: (415) 844-9787
       Fax: (415) 844-9788
       *Attorneys for Plaintiff*
       *Bureau of Consumer Financial Protection*

    2. **Evan Romanoff** *(Pro Hac Vice)*
       **Assistant Attorney General**
       **The State of Minnesota**
       445 Minnesota Street, Suite 1200
       St. Paul, MN 55101-2130
       Tel.: 651-757-1454
       evan.romanoff@ag.state.mn.us
       *Attorney for Plaintiff the State of Minnesota*

3. **M. Lynne Weaver** *(Pro Hac Vice)*
   **Michael T. Henry**
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   Tel.: 919-716-6000
   Fax: 919-716-6050
   lweaver@ncdoj.gov
   *Attorneys for Plaintiff the State of North Carolina*

4. **Michael N. Feuer, City Attorney**
   **Mary Clare Molidor, Chief Assistant City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012 4131
   Tel.: 213-978-9707
   Fax.: 213-978-8112
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   rebecca.morse@lacity.org
   *Attorneys for Plaintiff the People of the State of California*

5. **Tahir L. Boykins**
   **Kelley Drye & Warren LLP**
   10100 Santa Monica Blvd., Suite 2300
   Los Angeles, CA 90067
   Tel.: 310-712-6100
   Fax: 310-712-6199
   tboykins@kelleydrye.com

6. **Glenn D. Moses**
   **Genovese Joblove & Batista**
   100 SE 2nd Street, Suite 4400
   Miami, FL 33131
   Tel.: 305-349-2300
   Fax: 305-428-8807
   gmoses@gjb-law.com
   *Attorneys for Sonya S. Slott, Ch. 7 Trustee for Consumer Advocacy Center Inc.*

7. **Keri Curtis Axel**
   **Samuel Standage Meehan**

- 2 -

Ex. 7
P. 93

**Baker Marquart LLP**
777 S. Figueroa, Suite 2850
Los Angeles, CA 90017
Tel.: 424-652-7800
Fax: 424-652-7850
kaxel@bakermarquart.com
smeehan@bakermarquart.com
*Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.*

8. **Sanjay Bhandari**
   **Cornelia JB Gordon**
   **McNamara Smith LLP**
   655 West Broadway, Suite 1600
   San Diego, CA 92701
   Tel.: 619-269-0400
   Fax: 619-269-0401
   sbhandari@mcnamarallp.com
   cgordon@mcnamarallp.com
   *Attorneys for Receiver Thomas W. McNamara*

9. **Marc S. Williams**
   **Cohen Williams LLP**
   724 South Spring Street, 9th Floor
   Los Angeles, CA 90014
   Tel.: 213-232-5162
   mwilliams@cohen-williams.com
   *Attorney for Defendants Prime Consulting LLC, TAS 2019 LLC, and Horizon Consulting LLC*

10. **Julian Burns King**
    **King & Siegel LLP**
    724 South Spring Street, Suite 201
    Los Angeles, CA 90014
    Tel.: 213-465-4802
    julian@kingsiegel.com
    Attorney for Defendant Albert Kim and Relief Defendants 1st Generation Holdings, LLC, Infinite Management Corp., and Sarah Kim

CERTIFICATE OF SERVICE

1  Dated:  November 24, 2020                    EANET, PC

2
                                               By: _____
3                                                    Matthew L. Eanet

4                                              Attorneys for Defendant Kaine Wen

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28