1  SARAH PREIS (DC Bar No. 997387)
2  (Admitted *pro hac vice*)
   sarah.preis@cfpb.gov
3  Tel.: (202) 435-9318
4  JESSE STEWART (NY Bar No. 5145495)
   (Admitted *pro hac vice*)
5  jesse.stewart@cfpb.gov
6  Tel.: (202) 435-9641
   NATHAN DIMOCK (DC Bar No. 487743)
7  (Admitted *pro hac vice*)
8  nathan.dimock@cfpb.gov
   Tel.: (202) 435-9198
9  1700 G Street, NW
10 Washington, DC 20552
   Fax: (202) 435-5471
11 LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
12 leanne.hartmann@cfpb.gov
   301 Howard Street, Suite 1200
13 San Francisco, CA 94105
14 Tel: (415) 844-9787
   Fax: (415) 844-9788
15 *Attorneys for Plaintiff*
16 *Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, *et al*.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, *et al*.,<br><br>    Defendants. | CASE NO. 8:19-cv-01998 MWF (KSx)<br><br>**BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN** |

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. 8-3
P. 103

1

# BUREAU'S FIRST EXPEDITED DISCOVERY REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO KAINE WEN

Pursuant to the authority provided in the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief (PI Order), Docket No. 103, issued November 15, 2019, in *Bureau of Consumer Financial Protection, et. al., v. Consumer Advocacy Center Inc., et al.,* 8:19-cv-01998-MWF (KSx), in the United States District Court for the Central District of California, the Bureau hereby requests that Defendant Kaine Wen ("Defendant" or "You") respond to the Bureau's First Expedited Request for Production of Documents and Interrogatory Responses ("Request") within three days of service by facsimile, email, or overnight delivery.

## I. Instructions

1. The Request is issued under a federal court order authorizing expedited discovery, including expedited return of documents (within three calendar days for parties, and five calendar days for nonparties). *See* ECF No. 103 in this proceeding.

2. Each document request below is a continuing discovery request that must be updated or supplemented to the extent required by Federal Rule of Civil Procedure 26(e). You are required to timely produce in a supplemental production any document called for herein that was unavailable to You at the time of production, but which was discovered or otherwise becomes available to You up to the conclusion of the proceedings referenced on the face of this Request. The manner of production shall be either: (i) on or before the response date indicated, producing copies or originals (for inspection and copying) of all responsive documents at the response location indicated on Request; or

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

(ii) delivering copies at a place and time agreed upon in writing before the Response Date.

3. You must furnish all documents in Your possession, custody, or control. A document is deemed in Your actual or constructive possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of another person and You (a) own such document in whole or in part; (b) have a right, by control, contract, statute, order or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or control such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when You sought to do so.

4. You must produce any and all drafts and copies of each Document that are not identical. For example, if any copy bears a notation (handwritten or otherwise) that does not appear on all copies, each such copy must be produced separately.

5. Documents must be produced in a way that shows how they were maintained in the usual course of business, in the order in which they were maintained and in the files in which they were found. Documents that are attached to each other when located for production are to be left attached when produced. Documents that are segregated or separated from other documents (e.g., by inclusion in binders or files, or by use of dividers or tabs) are to be left so segregated or separated when produced. Documents not otherwise responsive but which are attached to responsive documents and constitute routing slips, transmittal memoranda, letters, comments, or similar materials, should be produced.

6. You must identify, organize, and label the documents You produce to correspond with the document requests set forth in this Request.

7. If You object to a document request or interrogatory or some part thereof, set forth with specificity all of the reasons for the objection, state whether any responsive materials are being withheld on that basis, and respond to any unobjectionable part(s).

8. If You object to the production of any document on the basis of attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity, You must provide the following information by privilege log for the purpose of identifying the document for potential litigation regarding its production:

    a. Type of document (e.g., letter, email, memorandum), including, for ESI, the storage mode and the place or places where such information is maintained;

    b. Date(s);

    c. All author(s), all addressee(s), and all other recipient(s), including, where not apparent, their relationship to one another (e.g., identifying which attorneys represented which clients);

    d. General subject matter; and

    e. All grounds relied upon for withholding the document (e.g., attorney work product, attorney client privilege) in light of all authors, addressees and recipients.

## II. Definitions

The following terms, whether capitalized or not, and whether plural or singular, shall have the following meaning herein:

1. **"And"** and **"or"** both mean "and/or."

2. **"Any"** and **"all"** both mean "any and all."

3. **"Asset"** means, except as provided herein, any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant as defined herein, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, Cash, trusts, including, but not limited to any trust held for the benefit of any Individual Defendants' minor children, or any of the Individual Defendants' spouses.

4. **"Defendants"** means the following select Corporate Defendants, Individual Defendants, and Relief Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

   a. **"Corporate Defendants"** means Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a Financial Preparation Services, and any other name by which each Corporate Defendant may be known or operate;

   b. **"Individual Defendants"** means Albert Kim (aka Albert King), Kaine Wen (aka Wenting Kaine Dai, Wen Ting Dai, Kaine Wen Dai), and Tuong Nguyen (aka Tom Nelson), and any other name by which each Individual Defendant may be known;

   c. **"Receivership Defendants"** means True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a

|   |   |
|---|---|
| 1 | Financial Preparation Services, TAS 2019 LLC d/b/a Trusted |
| 2 | Account Services, First Priority LLC, and Horizon Consultants |
| 3 | LLC, and their successors, assigns, affiliates, or subsidiaries, and |
| 4 | each of them, by whatever names each may be known, provided |
| 5 | that the Receiver has reason to believe they are owned or |
| 6 | controlled in whole or in part by any of the Receivership |
| 7 | Defendants; and |

        d.    "**Relief Defendants**" means Infinite Management Corp., f/k/a Infinite Management Solutions Inc., Hold The Door, Corp., TN Accounting Inc., and any other name by which each Relief Defendant may be known or operate.

5. **"Documents"** mean all records, things, and other items encompassed in the term "Documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure, and any written matter of every type and description, including Electronically Stored Information. A draft or non-identical copy is a separate Document within the meaning of this term and FRCP 34(a).

6. **"Electronically Stored Information"** or **"ESI"** means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise) of any electronically created or stored information, including but not limited to e-mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a sent or deleted-items folder), word-processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, regardless of how or where the information is stored, including if it is on a mobile device.

7. **"Identify"** or **"Identifying"** means to provide: (a) for natural persons, their name, title or position, present business affiliation, present business address, e-mail address, and telephone number, or if a present business affiliation or present business address is not known, the last known business address, home address, e-mail address, and telephone number; (b) for businesses or other organizations, the name, address, identities of officers, directors, or managers of the business or organization, and contact persons with e-mail addresses and telephone numbers, where applicable; and (c) for documents, the title, date, authors, recipients, Bates numbers, if applicable, type of document or some other means of identifying the document, and the present or last known location or custodian.

8. **"Including"** means "including but not limited to."

9. **"Person"** means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

10. **"Relation"** means any Person who is: 1) related to You by blood; 2) related to You by marriage to someone who is related to You by blood; or 3) with whom You associate socially.

11. **"Relevant Period"** means November 2, 2015, to November 19, 2020.

12. Redacted

13. **"You"** or **"Your"** means Kaine Wen, and any other name by which he may be known.

III. **Interrogatory Requests**

# Redacted

# Redacted

# Redacted

5. List and describe all payments, transfers, or assignments of any Assets worth $5,000 or more that You made from November 15, 2014, through November 19, 2020, including:
   a. the amount transferred or assigned;
   b. the name of each transferee or assignee;
   c. the date of the assignment or transfer; and
   d. the type and amount of any consideration paid.

IV.     **Document Requests**

1. For the Relevant Period, all Documents evidencing loans or other debt where You and any of Your Relations or companies You owned or controlled are counterparties on the loan or debt (*e.g.*, lender and borrower),

# Redacted

2. For the Relevant Period, all Documents related to Redacted Redacted

3. For the Relevant Period, all Documents related to Your Redacted Redacted , including all Documents Redacted , Your

# Redacted

4. To the extent not already provided, produce all Documents that You relied upon in preparing Your responses to the Interrogatory Requests contained herein.

Dated: December 1, 2020

By: /s/ *Jesse Stewart*
Jesse Stewart (NY Bar No. 5145495)
Enforcement Attorney
*Plaintiff Bureau of Consumer Financial Protection*

# CERTIFICATE OF SERVICE

I, Jesse Stewart, certify that on December 1, 2020, pursuant to Section XXVIII of the Court's Stipulated Preliminary Injunction With Asset Freeze, Appointment of Receiver, and Other Equitable Relief, I caused to be served this expedited discovery request on each of the following parties by email:

1. **Evan Romanoff** *(Pro Hac Vice)*
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
   Tel.: 651-757-1454
   evan.romanoff@ag.state.mn.us
   *Attorney for Plaintiff the State of Minnesota*

2. **M. Lynne Weaver** *(Pro Hac Vice)*
   **Michael T. Henry**
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   Tel.: 919-716-6000
   Fax: 919-716-6050
   lweaver@ncdoj.gov
   *Attorneys for Plaintiff the State of North Carolina*

3. **Michael N. Feuer, City Attorney**
   **Mary Clare Molidor, Chief Assistant City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012 4131
   Tel.: 213-978-9707
   Fax.: 213-978-8112
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   rebecca.morse@lacity.org
   *Attorneys for Plaintiff the People of the State of California*

4. **Tahir L. Boykins**
   **Kelley Drye & Warren LLP**
   10100 Santa Monica Blvd., Suite 2300
   Los Angeles, CA 90067
   Tel.: 310-712-6100
   Fax: 310-712-6199
   tboykins@kelleydrye.com

   **Glenn D. Moses**
   **Genovese Joblove & Batista**
   100 SE 2nd Street, Suite 4400
   Miami, FL 33131
   Tel.: 305-349-2300
   Fax: 305-428-8807
   gmoses@gjb-law.com
   *Attorneys for Sonya S. Slott, Ch. 7 Trustee for Consumer Advocacy Center Inc.*

5. **Keri Curtis Axel**
   **Samuel Standage Meehan**
   **Baker Marquart LLP**
   777 S. Figueroa, Suite 2850
   Los Angeles, CA 90017
   Tel.: 424-652-7800
   Fax: 424-652-7850
   kaxel@bakermarquart.com
   smeehan@bakermarquart.com
   *Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.*

6. **Sanjay Bhandari**
   **Cornelia JB Gordon**
   **McNamara Smith LLP**
   655 West Broadway, Suite 1600
   San Diego, CA 92701
   Tel.: 619-269-0400
   Fax: 619-269-0401
   sbhandari@mcnamarallp.com
   cgordon@mcnamarallp.com
   *Attorneys for Receiver Thomas W. McNamara*

7. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 90071
   Tel.: 310-775-2495
   Fax: 310-593-2589
   matt@eanetpc.com
   *Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp. and Mice and Men LLC*

8. **Marc S. Williams**
   **Cohen Williams LLP**
   724 South Spring Street, 9th Floor
   Los Angeles, CA 90014
   Tel.: 213-232-5162
   mwilliams@cohen-williams.com
   *Attorney for Defendants Prime Consulting LLC, TAS 2019 LLC, and Horizon Consulting LLC*

9. **Julian Burns King**
   **King & Siegel LLP**
   724 South Spring Street, Suite 201
   Los Angeles, CA 90014
   Tel.: 213-465-4802
   julian@kingsiegel.com
   *Attorney for Defendant Albert Kim and Relief Defendants 1st Generation Holdings, LLC, Infinite Management Corp., and Sarah Kim*

I further certify that I caused to be served by overnight courier this expedited discovery request on the following party:

1. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 9007
   *Attorney for Defendant Kaine Wen*

Dated: December 1, 2020

By: */s/ Jesse Stewart*
Jesse Stewart (NY Bar No. 5145495)
Enforcement Attorney
*Plaintiff Bureau of Consumer Financial Protection*