| | |
|---|---|
| **From:** | Stewart, Jesse (CFPB) |
| **To:** | Matthew Eanet |
| **Cc:** | Preis, Sarah (CFPB); Patterson, Jehan (CFPB); Dimock, Nathan (CFPB) |
| **Subject:** | CFPB v. CAC - Kaine Wen"s compliance with the asset freeze |
| **Date:** | Friday, December 04, 2020 9:41:51 AM |

Dear Matt,

We write to follow up on our December 2, 2020 telephone call with you. During that call, we reiterated questions we asked you in a November 19, 2020 letter and a December 1, 2020 email about Kaine Wen's compliance with the preliminary injunction. Specifically, we asked you to confirm whether Mr. Wen has complied and intends to comply fully with the asset freeze in light of his disclosure on November 7, 2020, of approximately **Redacted**  Leading up to and during our call, you refused to answer these questions. For the first time on our call, you stated that Mr. Wen was considering asserting his Fifth Amendment rights with respect to our questions. Given the serious concerns about Mr. Wen's compliance with the Court's preliminary injunction and potential dissipation of assets, we asked you to respond to our questions by close of business on December 2. To date, we still have not heard from you.

It is our understanding that the **Redacted** should have been disclosed on Mr. Wen's financial disclosure form submitted under the Court's temporary restraining order in 2019, and that it has been and remains subject to the asset freeze. Mr. Wen's refusal to confirm that he has and will treat that asset as frozen raises serious concerns, including about potential dissipation of assets that would be subject to a judgment. We therefore reiterate our requests that Mr. Wen immediately respond to our questions so that we do not have to seek relief from the Court.

Sincerely,

Jesse

Jesse Stewart
Enforcement Attorney
Consumer Financial Protection Bureau
Office: (202) 435-9641 | Mobile: (202) 430-0628

**consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any attachments. An inadvertent disclosure is not intended to waive any privileges.