EANET, PC
Matthew Eanet (SBN 227490)
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone: 310-775-2495
Facsimile: 310-593-2589
matt@eanetpc.com

Attorneys for Defendant Kaine Wen

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Bureau of Consumer Financial Protection, et al.,

Plaintiffs,

v.

Consumer Advocacy Center Inc., et al.

Defendants, and

Infinite Management Corp., et al.

Relief Defendants.

CASE NO. 8:19-cv-01998-MWF(KSx)

Hon. Michael W. Fitzgerald

**DEFENDANT KAINE WEN'S OBJECTIONS TO BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN**

Action Filed: October 21, 2019
FAC Filed: February 24, 2020

Ex. 11
P. 122

OBJECTIONS TO BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN

Defendant Kaine Wen ("Wen" or "Responding Party"), by and through his attorneys, responds and objects to the Bureau of Consumer Financial Protection's ("Propounding Party") "BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN" ("Requests") directed to Wen and dated December 1, 2020 as follows:

## GENERAL OBJECTIONS

1. The following responses and objections are based on information currently available to Responding Party. These responses and objections are given without prejudice to Responding Party's right to produce or rely on subsequently discovered information.

2. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses and objections.

3. Responding Party objects to the scope of the definitions contained in the Requests, which are over three full pages, on the grounds that they are overbroad, unintelligible (or render the requests unintelligible), and call for documents and information which are not in Responding Party's possession, custody, or control, or which is already in the possession of Propounding Party and the Receiver or which they already have sought to obtain or may obtain via Subpoenas from third parties.

4. Nothing in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection or privilege. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege.

1

Ex. 11
P. 123

OBJECTIONS TO BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN

5. Responding Party objects to the Requests to the extent that it purports to require more than is required by controlling Rules of Federal Civil Procedure, including by way of two pages of "Instructions."

6. Responding Party reserves the right to condition the production of documents containing confidential or proprietary information on the Court's issuance of a confidentiality or protective order governing the disclosure of any such information.

7. The production of any documents or information by Responding Party is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents or information comprising or containing confidential or proprietary information including, without limitation, documents or information protected by federal and/or state rights of privacy.

8. Responding Party objects to the Requests, and each request and interrogatory therein on the grounds that the scope of discovery sought in the Requests exceeds the permissible scope of the *limited* Expedited Discovery permitted by Paragraph 28(B) of the Stipulated Preliminary Injunction and discovery is not otherwise permitted because the parties have not yet held a FRCP Rule 26(f) conference.

9. Responding Party objects to the Requests, and each request therein, on the grounds that it is overly broad and imposes an undue burden on Responding Party.

10. Responding Party objects to the Requests, and each request therein, on the grounds that it does not provide Responding Party with reasonable time to comply.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 1**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this interrogatory on the grounds that it is overly burdensome, broad, and harassing. Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this interrogatory on the grounds that it is overly burdensome, broad, and harassing. Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this interrogatory on the grounds that it is overly

burdensome, broad, and harassing. Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this interrogatory on the grounds that it is overly burdensome, broad, and harassing. Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this interrogatory on the grounds that it is overly burdensome, broad, and harassing. Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to

the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**RESPONSE TO DOCUMENT REQUEST NO. 1**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing and does not describe with reasonable particularity each item or category of items to be inspected. Responding Party further objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution and the act of production doctrine.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing and does not describe with reasonable particularity each item or category of items to be inspected. Responding Party further objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects to the

request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution and the act of production doctrine.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing and does not describe with reasonable particularity each item or category of items to be inspected. Responding Party further objects to this request on the grounds that it is vague and ambiguous. Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution and the act of production doctrine.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

Responding Party incorporates by this reference the General Objections set forth above. Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing and does not describe with reasonable particularity each item or category of items to be inspected. Responding Party further objects to this request

on the grounds that it is vague and ambiguous. Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction. Responding Party further objects to this request on the grounds and to the extent that at calls for documents subject to the attorney-client privilege and/or the work product doctrine. Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy. Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution and the act of production doctrine.

Dated: December 4, 2020

EANET, PC

By: ______________________
Matthew L. Eanet

Attorneys for Defendant Kaine Wen

Ex. 11
P. 129

**PROOF OF SERVICE**

I, Matthew Eanet, certify that on this 4th day of December 2020,

I caused to be delivered by electronic mail **DEFENDANT KAINE WEN'S OBJECTIONS TO REQUESTS** on each of the below parties and email addresses:

1. **Sarah Preis**
   (Admitted *pro hac vice*)
   sarah.preis@cfpb.gov
   Tel.: (202) 435-9318
   **Jesse Stewart**
   (Admitted *pro hac vice*)
   jesse.stewart@cfpb.gov
   Tel.: (202) 435-9641
   **Nathan Dimock**
   (Admitted *pro hac vice*)
   nathan.dimock@cfpb.gov
   Tel.: (202) 435-9198
   1700 G Street, NW
   Washington, DC 20552
   Fax: (202) 435-5471
   **Leanne E. Hartmann**
   leanne.hartmann@cfpb.gov
   301 Howard Street, Suite 1200
   San Francisco, CA 94105
   Tel: (415) 844-9787
   Fax: (415) 844-9788
   *Attorneys for Plaintiff*
   *Bureau of Consumer Financial Protection*

2. **Evan Romanoff *(Pro Hac Vice)***
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
   Tel.: 651-757-1454
   evan.romanoff@ag.state.mn.us
   *Attorney for Plaintiff the State of Minnesota*

3. **M. Lynne Weaver *(Pro Hac Vice)***
**Michael T. Henry**
**North Carolina Department of Justice**
114 W. Edenton Street
Raleigh, NC 27602
Tel.: 919-716-6000
Fax: 919-716-6050
lweaver@ncdoj.gov
*Attorneys for Plaintiff the State of North Carolina*

4. **Michael N. Feuer, City Attorney**
**Mary Clare Molidor, Chief Assistant City Attorney**
**Christina V. Tusan, Supervising Deputy City Attorney**
**Office of the City Attorney**
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012 4131
Tel.: 213-978-9707
Fax.: 213-978-8112
christina.tusan@lacity.org
william.pletcher@lacity.org
rebecca.morse@lacity.org
*Attorneys for Plaintiff the People of the State of California*

5. **Tahir L. Boykins**
**Kelley Drye & Warren LLP**
10100 Santa Monica Blvd., Suite 2300
Los Angeles, CA 90067
Tel.: 310-712-6100
Fax: 310-712-6199
tboykins@kelleydrye.com

6. **Glenn D. Moses**
**Genovese Joblove & Batista**
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Tel.: 305-349-2300
Fax: 305-428-8807
gmoses@gjb-law.com
*Attorneys for Sonya S. Slott, Ch. 7 Trustee for Consumer Advocacy Center Inc.*

7. **Keri Curtis Axel**
**Samuel Standage Meehan**

**Baker Marquart LLP**
777 S. Figueroa, Suite 2850
Los Angeles, CA 90017
Tel.: 424-652-7800
Fax: 424-652-7850
kaxel@bakermarquart.com
smeehan@bakermarquart.com
*Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.*

8. **Sanjay Bhandari**
   **Cornelia JB Gordon**
   **McNamara Smith LLP**
   655 West Broadway, Suite 1600
   San Diego, CA 92701
   Tel.: 619-269-0400
   Fax: 619-269-0401
   sbhandari@mcnamarallp.com
   cgordon@mcnamarallp.com
   *Attorneys for Receiver Thomas W. McNamara*

9. **Marc S. Williams**
   **Cohen Williams LLP**
   724 South Spring Street, 9th Floor
   Los Angeles, CA 90014
   Tel.: 213-232-5162
   mwilliams@cohen-williams.com
   *Attorney for Defendants Prime Consulting LLC, TAS 2019 LLC, and Horizon Consulting LLC*

10. **Julian Burns King**
    **King & Siegel LLP**
    724 South Spring Street, Suite 201
    Los Angeles, CA 90014
    Tel.: 213-465-4802
    julian@kingsiegel.com
    Attorney for Defendant Albert Kim and Relief Defendants 1st Generation Holdings, LLC, Infinite Management Corp., and Sarah Kim

Dated: December 4, 2020

EANET, PC

By: ______________________________
Matthew L. Eanet

Attorneys for Defendant Kaine Wen