| | |
|---|---|
| **From:** | Matthew Eanet |
| **To:** | Stewart, Jesse (CFPB) |
| **Cc:** | Preis, Sarah (CFPB); Dimock, Nathan (CFPB); Patterson, Jehan (CFPB) |
| **Subject:** | Re: CFPB v. CAC - Kaine Wen |
| **Date:** | Friday, December 11, 2020 2:03:28 AM |

**CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-435-7200 or report a suspicious email.

Jesse,

I do not believe that Mr. Wen is required to provide the information you reference below pursuant to the Preliminary Injunction. Moreover, as a result of the threat by you of seeking to have him held in contempt, Mr. Wen has been given no choice but to invok his Fifth Amendment right, as indicated in the responses to discovery we recently served.

Redacted
Redacted
Redacted
Redacted

While Mr. Wen has voluntary provided substantial information in pursuit of settlement, the CFPB continues to demand more financial information and insists upon his deposition, while also threatening contempt and you have not turned over documents about his finances you have obtained from third party discovery (These documents relate to his finances so I'm not sure why it is necessary to wait until the protective order is entered to provide us with these documents).

I would again, as I did in our call last week, urge the CFPB to consider accepting or at least substantively responding by making a meaningful counteroffer to this very reasonable settlement proposal. If there is not a possibility of settlement, then we need to schedule a time to discuss how this litigation is going to proceed including setting the Rule 26 meeting of counsel. Alternatively, if you believe it worthwhile to schedule either a private mediation or a settlement conference with the magistrate judge we would be amenable to that as well.

Regarding Mr. Wen's limited scope deposition, while I disagree with your interpretation of how the Covid stay at home orders apply and your assessment of what would be safe under the current conditions, I nonetheless appreciate your agreement to continue this deposition to January. This of course will be dependent upon whether the stay at home orders are still in place. I will need to confirm Mr. Wen's availability but tentatively January 6-8 at 10 AM look open. I will check and let you know.

Matt

---

**From:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>
**Sent:** Wednesday, December 9, 2020 8:28 PM
**To:** Matthew Eanet
**Cc:** Preis, Sarah (CFPB); Dimock, Nathan (CFPB); Patterson, Jehan (CFPB)

Subject: [External] CFPB v. CAC - Kaine Wen

Dear Matt,

We write regarding our continued concern about Mr. Wen's concealment of significant Redacted in violation of the Court's TRO and PI Order. In your correspondence dated November 7, 2020, Mr. Wen discloses for the first time Redacted Redacted as of November 1, 2019. First, we assume that Redacted Please let us know immediately if that is not the case. Second, please confirm that the information provided related to Redacted is accurate. Specifically, please confirm that Mr. Wen held Redacted Redacted as of November 1, 2019. Please also identify the number of Redacted Redacted as of November 1, 2019. Consistent with the TRO and PI Order, you must provide the above information in the form of a sworn statement from Mr. Wen.

We are in receipt of your email dated December 7 regarding Mr. Wen's deposition, currently scheduled for December 15, 2020. During our call on December 2, 2020, and again via email on December 4, 2020, you indicated that you were not available on December 15, but that you would provide alternate dates that week. On the evening of December 7, 2020, you informed us that your client could not appear for a deposition, citing new stay at home orders in California. We disagree with your position that the current California stay at home orders prevent Mr. Wen from appearing for a remote deposition.

First, Mr. Wen agreed to appear by remote deposition when he stipulated to the PI, which provides that Plaintiffs "are granted leave to . . . take depositions by telephone or other remote electronic means." ECF 103, Section XXVIII, Para. C. Nowhere does the PI require that defendants' counsel must be permitted to defend the deposition in the same room as the defendant during a remote deposition. And in any event, you articulate no specific prejudice to Mr. Wen should you and he appear remotely and in separate rooms. *See Doyel v. ATOS IT Sols. & Servs., Inc.*, No. 818CV02181DOCKESX, 2020 WL 6528421, at *1-2 (C.D. Cal. June 15, 2020) (granting motion to compel remote deposition where deponent did not identify "any specific prejudice or burden" if required to appear for a remote deposition). Indeed, courts around the country have authorized remote depositions in recent months. *See, e.g., Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414-15 (S.D. Cal. 2020); *De Lench v. Archie*, No. CV 18-12549-LTS, 2020 WL 1644226, at *2 (D. Mass. Apr. 2, 2020); *Sinceno v. Riverside Church in City of New York*, No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020).

Second, if you insist on being present in-person with Mr. Wen at the deposition, you do not address apparently applicable exceptions to the stay at home orders. For example, the December 3, 2020 California Regional Stay at Home Order includes exceptions "as necessary to conduct activities associated with the operation, maintenance, or usage of critical infrastructure," which includes "[p]rofessional services, such as legal or accounting services, when necessary to assist in compliance with legally mandated activities and critical sector services," para. 13(13) at https://covid19.ca.gov/essential-workforce/. There is also an exception for activities "required by law." Los Angeles Mayor Garcetti's December 2, 2020 Targeted Safer at Home Order contains similar exemptions. Finally, neither the PI nor Rule 30(b)(5) require the "officer" to attend in person. *See also, e.g., Sinceno*, No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 ("a deposition will be deemed to have been conducted 'before' an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants").

We will nonetheless re-notice the deposition for the first week in January. Please let us know which dates you are available during the week of January 4, 2021. If we do not hear from you by close of

business on Friday, December 11, then we will proceed with issuing the notice and will expect Mr. Wen to appear remotely.

Please respond to the above questions about Mr. Wen's Redacted by no later than Thursday, December 10, 2020. As we have explained, we are evaluating whether to seek relief from the court related to Mr. Wen's concealment of assets in violation of the TRO and our concerns about dissipation of such assets. Thank you in advance for your attention to this matter and we look forward to hearing from you.

Sincerely,

Jesse

Jesse Stewart
Enforcement Attorney
Consumer Financial Protection Bureau
Office: (202) 435-9641 | Mobile: (202) 430-0628

consumerfinance.gov

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any attachments. An inadvertent disclosure is not intended to waive any privileges.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.