# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., <br><br> Defendants. | CASE NO. 8:19-cv-01998 MWF <br><br> **DECLARATION OF ANDREW NIGRINIS IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF** <br><br> **REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020** <br><br> Hearing: February 8, 2020 at 10: 00 a.m. <br> Hon. Michael W. Fitzgerald <br> Courtroom 5A (remote) |

I, Andrew Nigrinis, pursuant to 28 U.S.C. § 1746, hereby state and declare that I have personal knowledge of the facts as set forth below. If called as a witness, I could and would testify as follows:

1. I am a citizen of the United States and am over eighteen (18) years of age. I am an employee of the Bureau of Consumer Financial Protection (Bureau). I am an Economist in the Office of Enforcement within the Bureau in Washington, D.C. As an employee with the Bureau, my current duties include conducting financial and data analysis in support of investigations and to be used as evidence in litigation. I have been an employee of the Bureau since January 2016.

2. I have a BA with honors first class distinction from the University of Alberta in Canada. I won the gold medal for the highest GPA in the honors program. I received my MA in economics from Queens University in Kingston Ontario. I completed my studies with a Doctorate in Economics from Stanford

1 University in 2009. At Stanford, I was trained in econometric and statistical
2 techniques.
3     3.    I am assigned to work on the Bureau's litigation involving the
4 defendants in the above-captioned case, which includes Defendant Kaine Wen.
5     4.    During the course of the litigation of this case, I reviewed Wen's
6 November 1, 2019 financial disclosure form (FDF), his November 7, 2020
7 correspondence and enclosures regarding FDF, his December 4, 2020 declaration
8 regarding **Redacted**, his amended FDF submitted on December 18, 2020,
9 and related correspondence between the parties. I reviewed these materials for
10 information **Redacted** described
11 in this declaration.
12     5.    On November 7, 2020, Wen disclosed to the Bureau **Redacted**
13 **Redacted** as of November 1, 2019.[1]
14     6.    On November 1, 2019, **Redacted**
15 **Redacted**[2]
16     7.    On December 18, 2020, Wen submitted an amended financial
17 statement to the Bureau, **Redacted** on
18 November 1, 2019 to **Redacted**
19     8.    On November 1, 2019, **Redacted**
20 **Redacted**.[3]

**Redacted**

9. On December 4, 2020, Wen disclosed Redacted Redacted Redacted[4]

10. Whether he Redacted on November 1, 2019, the value Redacted as of December 4, 2020 would be significantly higher than Redacted The chart below summarizes how much Redacted Redacted November 1, 2019 should have been worth on December 4, 2020:

Redacted

11. It therefore appears that as of December 4, 2020, Wen held significantly less Redacted than he did on November 1, 2019. The chart below provides a conservative estimate of how much Redacted appears to have been dissipated according to Wen's statements:

Redacted

Redacted

12. The calculations in the table in paragraph 11 are using the most conservative estimates. Redacted

Redacted

Redacted

---

Redacted



Redacted

Executed on January 6, 2021

Andrew Nigrinis, PhD
Chevy Chase, Maryland