# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>　　　Defendants. | CASE NO. 8:19-cv-01998 MWF<br><br>**DECLARATION OF JESSE STEWART IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF**<br><br>**REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020**<br><br>Hearing: February 22, 2021<br>Court: Hon. Michael W. Fitzgerald |

I, Jesse Stewart, pursuant to 28 U.S.C. § 1746, hereby state and declare that I have personal knowledge of the facts as set forth below. If called as a witness, I could and would testify as follows:

1. I am a citizen of the United States and am over eighteen (18) years of age. I am employed as a Senior Litigation Counsel with the Bureau of Consumer Financial Protection (Bureau) in the Office of Enforcement. My mailing address is 1700 G Street NW, Washington, DC 20522. I am an attorney for the Bureau as Plaintiff in the above-captioned case, appearing *pro hac vice*.

2. This declaration is submitted in support of the Bureau's Reply in Support of Motion for Order to Show Cause Why Defendant Wen Should Not Be

1  Held in Contempt and for Related Relief (referred to herein as Reply and Motion,
2  respectively).
3      3.   On November 25, 2019, Bureau counsel emailed then-counsel for
4  Defendant Kaine Wen and other defendants in response to counsel's request REDACTED
5  REDACTED. Bureau counsel stated, "[a]lthough we are open to negotiating a
6  resolution to this matter, we are still evaluating your clients' finances and what
7  happened to the proceeds of the debt relief operation." Attached as Exhibit 16 is a
8  true and accurate copy of the November 25, 2019 email.
9      4.   On July 13, 2020, former counsel for Mr. Wen's mother submitted a
10 letter to the Bureau relating to this action, including submitting as "Exhibit C" to
11 the letter what counsel represented were "activity logs" for Mr. Wen's REDACTED
12 REDACTEDREDACTEDREDACTED. "Exhibit C"
13 contains the following header:
14 REDACTEDREDACTEDREDACTED   The July 13 letter also
15 included REDACTEDREDACTEDREDACTEDREDACTED
16 REDACTEDREDACTEDREDACTEDREDACTED. Attached
17 as Exhibit 17 is a true and accurate copy of "Exhibit C" to the letter.
18     5.   On or about September 3, 2020, REDACTED
19 produced documents to the Bureau in response to an August 14, 2020 subpoena
20 that the Bureau issued for documents pertaining to REDACTED
21 REDACTEDREDACTED. Included in the documents produced is a
22 document apparently summarizing REDACTEDREDACTED
23 REDACTEDREDACTEDREDACTED
24 REDACTED. That document notes that REDACTED
25 REDACTEDREDACTEDREDACTED   Attached as Exhibit
26 18 is a true and accurate copy of the document REDACTED produced that includes the
27 summary of the REDACTED.
28

6. On November 9, 2020, Matthew Eanet, present counsel for Mr. Wen, and Michael Adler, present counsel for Mr. Wen's mother, submitted a joint letter to the Bureau responding to questions relating to REDACTED REDACTED, including to questions about "Exhibit C" of the July 13, 2020 letter from former counsel for Mr. Wen's mother. In the context of REDACTED REDACTED on "Exhibit C," counsel's November 9 letter states:

REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTED

REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTED

REDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTED
REDACTEDREDACTEDREDACTED

7. On December 2, 2020, Bureau counsel spoke with Mr. Eanet by phone regarding the Bureau's continued concerns about Mr. Wen's non-responsiveness to our questions about whether he had and would comply with the asset freeze with respect to his newly disclosed REDACTED. During that call, REDACTEDREDACTED Bureau counsel explained that although settlement remained an option, our focus was ensuring that Mr. Wen had and would comply with the asset freeze and financial disclosure provisions of the temporary restraining order (ECF 24) and preliminary injunction (ECF 103).

8. On December 4, 2020, Bureau counsel emailed Mr. Eanet to reiterate previously raised questions about Mr. Wen's compliance with the asset freeze with respect to REDACTED that Mr. Wen disclosed to the Bureau for the first time on November 7, 2020, and that Mr. Wen estimated to be REDACTED REDACTED as of November 1, 2019, in the November 7, 2020 disclosure.

9. Later in the day on December 4, 2020, Mr. Eanet responded to Bureau counsel's December 4, 2020 email, stating, "[i]n connection with your letter of November 19, and subsequent communications, please see the enclosed declaration by Mr. Wen." The declaration that Mr. Eanet enclosed was submitted as the Bureau's Exhibit 10 in support of the Motion. Attached as Exhibit 19 is a true and accurate copy of the December 4, 2020 email exchange between Bureau counsel and Mr. Eanet.

10. Between November 19, 2020, and December 4, 2020, none of the Bureau's correspondence to Mr. Eanet mentioned settlement.

11. Since December 1, 2020, when the Bureau noticed Mr. Wen's remote deposition for December 15, 2020, Mr. Wen has opposed sitting for a deposition pursuant to Section XXVIII(A) of the PI Order. Mr. Wen twice requested that the deposition be delayed, first until January 8, and then until January 22, 2021. On January 19, 2021, Mr. Eanet sought to meet and confer with the Bureau about

seeking a protective order to indefinitely delay his deposition until such time as he and his client could prepare for and participate in the deposition in person in the same physical location. Bureau counsel opposed further delay. During a telephone call with Mr. Eanet on January 27, 2021, when Bureau counsel asked Mr. Eanet to identify authority supporting his position that Mr. Wen must be permitted to prepare for and attend the deposition in-person with Mr. Eanet, he identified none. After the parties participated in a mandatory pre-motion teleconference with Magistrate Judge Stevenson on February 3, 2021, Mr. Wen changed his position and has agreed to sit for a deposition on March 4, 2021, even if he and Mr. Eanet do not prepare for and appear from the same physical location.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2021

                                              /s/ Jesse Stewart
                                              Jesse Stewart
                                              Silver Spring, Maryland