**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (D.C. Bar No. 997387)
(admitted *Pro Hac Vice*)
Tel.: (202)-435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(admitted *Pro Hac Vice*)
Tel: (202)-435-9641 / Email: jesse.stewart@cfpb.gov
NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471

LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov/Fax: (415) 844-9788

*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 757-1454/Email: evan.romanoff@ag.state.mn.us

*Attorneys for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
MICHAEL T. HENRY (N.C. Bar No. 35338)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Emails: lweaver@ncdoj,gov/mhenry@ncdoj.gov

*Attorneys for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
CHRISTINA V. TUSAN, Supervising Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 978-8707/Fax: (213) 978-8112

Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Bureau of Consumer Financial Protection, et al.,

Plaintiffs,

v.

Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,

Defendants.

CASE NO. 8:19-cv-01998 MWF

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Court: Hon. Michael W. Fitzgerald
Date: April 26, 2021
Time: 10:00 AM
Place: Courtroom 5A

PLEASE TAKE NOTICE that on April 26, 2021, at 10:00 AM, or as soon thereafter as this matter may be heard in Courtroom 5A of the above-titled Court, located at 350 West First Street, Los Angeles, CA 90012, Plaintiffs the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California ("Plaintiffs") will, and hereby do, move this Court for leave to file their proposed Second Amended Complaint for Permanent Injunction and Other Equitable Relief ("SAC") pursuant to Fed. R. Civ. P. 15(a)(2). Consistent with the Court's March 19, 2021, Order on Joint Application to File Under Seal, Docket No. 280, a redacted version of the proposed SAC is filed herewith on the public docket as Attachment A, and an unredacted version of the SAC is filed under seal as Attachment B. If no opposition is filed within the time period set forth in Local Rule 7-9, Plaintiffs respectfully request that the Court vacate the above

referenced hearing and grant the motion without a hearing.

The SAC asserts additional claims against defendant Kaine Wen and adds one additional relief defendant. Specifically, the SAC differs from the First Amended Complaint ("FAC") (Docket No. 134) as follows[1]:

1. It adds claims for avoidance of fraudulent transfers under the Federal Debt Collection Procedures Act and California Uniform Voidable Transactions Act against existing defendant Wen and his mother, proposed relief defendant Judy Dai;
2. It adds Dai, in her individual capacity and as the trustee of the Judy Dai 2017 Trust, as a relief defendant who was unjustly enriched when she received ill-gotten gains from the unlawful operation; and
3. It clarifies that Wen is named in his capacity as trustee for the Kaine Wen 2017 Trust, as well as in his individual capacity.

This is Plaintiffs' first request for leave to amend. The remaining defendants[2] do not oppose this motion but have not stipulated to it, necessitating this filing. Specifically, this motion is made following the conference of counsel pursuant to L.R. 7-3 which took place with counsel for defendant Wen on March 8, 2020, after which counsel indicated that defendant Wen does not object. Counsel for the Chapter 7 Bankruptcy Trustee for defendant Consumer Advocacy Center, counsel for defendant TAS 2019, LLC, and counsel for defendant Albert Kim and relief defendants Sarah Kim, Infinite Management Corp. and 1st Generation Holdings, LLC chose not to participate in the meet-and-confer process and instead informed counsel for Plaintiffs that

[1] An unredacted redline of the SAC against the FAC is filed under seal at Docket No. 279-1.

[2] Counsel for Plaintiffs did not confer with counsel for terminated parties, defaulted defendants, or corporate relief defendant Anan Enterprise, Inc., which has not noticed the appearance of counsel and proceedings against which are currently stayed. (Docket No. 155.)

their clients take no position on the motion.

Leave to amend under Rule 15(a)(2) should be granted here. Plaintiffs seek to add additional claims and a relief defendant consistent with the evidence and their statutory authorities. This motion is timely; filing the SAC will not cause any undue delay because this case is in an early stage. Further, the proposed amendments will not unduly prejudice the remaining defendants or proposed relief defendant Dai. Finally, amendment here is not futile as the SAC articulates well-plead claims for avoiding fraudulent transfers and unjust enrichment.

## I. Background

Plaintiffs commenced this civil action on October 21, 2019, alleging violations of state and federal law against multiple corporate and individual defendants and relief defendants for their roles in an illegal student loan debt-relief scheme. (Docket No. 2.) On the same day, the Court issued a Temporary Restraining Order ("TRO"), finding that Plaintiffs were likely to succeed on the merits of their claims and appointing a receiver ("Receiver"). (Docket No. 24.) On November 1, 2019, the Receiver filed his first status report with the Court, advising that he had frozen several bank accounts that were implicated in the scheme. (Docket No. 75.) The Receiver further reported that "Defendants collect consumer fees in advance without complying with the Telemarketing Sales Rule, which renders the entire business unlawful." *Id*. at 4. The Receiver ultimately determined that the business "cannot" be operated lawfully and at a profit. *Id.* at 38. On November 15, 2019, the Court entered a Stipulated Preliminary Injunction ("PI"). (Docket No. 103.)

On February 24, 2020, Plaintiffs filed the FAC, naming several additional defendants and relief defendants. (Docket No. 134.) Like the original complaint, the FAC alleges that the defendants engaged in acts or practices that violated federal and state laws in connection with the marketing and sale of

student loan debt-relief services. After the Court granted several extensions, as pertinent here, defendant TAS 2019 LLC and relief defendants 1st Generation Holdings, LLC and Sarah Kim filed their answers to the FAC on July 31, 2020. (Docket Nos. 178, 181, and 182). Answers to the FAC were filed by defendants Albert Kim, Kaine Wen and relief defendant Infinite Management Corp. on August 7, 2020. (Docket Nos. 190 through 192.) The Court has not yet entered a scheduling order with respect to the FAC.

Plaintiffs have engaged in expedited asset discovery under the TRO and PI, including issuing over a dozen subpoenas and several discovery requests to defendants. Through that discovery and other information obtained since entry of the TRO, Plaintiffs uncovered evidence regarding significant assets and transfers of significant assets involving Wen, Dai, and their respective trusts. The allegations in the SAC include allegations based on facts uncovered or corroborated through this asset discovery after Plaintiffs filed the FAC.

Proposed relief defendant Dai is Wen's mother. Plaintiffs have learned that while the debt-relief enterprise operated, Dai and her personal trust were the beneficiaries of several transfers or payments made by her son or the student loan debt-relief companies that he owned and controlled. These include: (1) two fraudulent transfers, a portion of which is currently held in a UBS investment account in the name of the Judy Dai 2017 Trust, and (2) additional transfers or payments to Dai or the Judy Dai 2017 Trust, including significant funds derived from or commingled with illegally collected consumer fees.

The SAC alleges the same unlawful student loan debt-relief scheme described in the First Amended Complaint ("FAC"), Docket No. 134, which involved deceptive acts and practices and the collection of unlawful advance fees in violation of the Consumer Financial Protection Act (CFPA), Telemarketing Sales Rule (TSR) and state laws. The SAC adds allegations regarding fraudulent transfers and the receipt of ill-gotten gains that flowed

from those practices, including funds that were transferred to Dai.

## II. Legal Standard

Rule 15(a) provides that the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Ninth Circuit has stated that "[R]ule 15's policy of favoring amendments should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Moreover, the Ninth Circuit has held that a district court should resolve a motion to amend "with all inferences in favor of granting the motion." *Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *Leighton*, 833 F.2d at 186). Given these liberal standards, "'the nonmovant bears the burden of showing why amendment should not be granted.'" *Restoration Indus. Ass'n Inc. v. ThermaPure Inc.*, No. 13-CV-8523, 2014 WL 12603210, at *2 (C.D. Cal. Apr. 7, 2014) (Selna, J.) (quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)).

When considering a motion for leave to amend, courts consider four factors: bad faith, undue delay, prejudice to the opposing party, and futility of the amendments. *See Griggs*, 170 F.3d at 880. Of these factors, the Ninth Circuit has held that prejudice to the opposing party is the strongest factor and that absent prejudice, or "a strong showing" of the other factors, a "*presumption*" exists in favor of granting the leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original); *see also Shaw v. Burke*, No. 17-cv-2386, 2018 WL 2459720, at *3 (C.D. Cal. May 1, 2018). This presumption applies to amending parties as well as causes of action. *Leighton*, 833 F.2d at 186.

## III. Argument

Plaintiffs readily qualify for leave to amend. The proposed SAC is filed in good faith, is timely, will not cause undue prejudice to defendants or the

added parties, and is clearly not futile.

**A. The Proposed SAC is Brought in Good Faith**

Plaintiffs bring this motion for leave to amend in good faith, and not for purposes of delay or to avoid an adverse judgment. The proposed SAC seeks to ensure that Plaintiffs can obtain appropriate remedies by pursuing assets derived from the illegal student loan debt-relief scheme. Moreover, the new allegations and claims are supported by facts and information uncovered by Plaintiffs after filing the FAC, including information obtained pursuant to the expedited discovery provisions contained in the TRO and the PI.

**B. Plaintiffs' Motion is Timely and Will Not Cause Undue Delay**

This motion is timely filed and will not cause undue delay. *See Leighton*, 833 F.2d at 187. Plaintiffs are filing this motion before the parties have commenced fact discovery in this case and where no scheduling order is currently in place. Plaintiffs have diligently pursued asset discovery, and, since filing the FAC, have obtained new information that supports the allegations in the SAC. This prompt filing negates any suggestion of undue delay and ensures efficient discovery and proceedings in this case. *See Leighton*, 833 F.2d at 187 ("this suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay . . . i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct.").

**C. The Proposed SAC Will Not Prejudice Defendants**

There is a presumption in favor of granting leave to amend absent a showing of prejudice or a strong showing on any of the other factors. *See Perri v. Chivens, Inc.*, No. 19-cv-190, 2019 WL 7882558, at *1 (C.D. Cal. Sept. 4, 2019) (Selna, J.) (citing *Eminence Capital*, 316 F.3d at 1052). Here, the proposed amendments will not cause any prejudice to the defendants, let alone the "substantial" prejudice necessary to justify denying leave to amend. *See id.* The case is at an early stage, no scheduling order is in place, and discovery

under the Federal Rules has not yet begun. *Cf. Restoration Indus. Ass'n Inc. v. ThermaPure Inc.*, No. 13-CV-8523, 2014 WL 12603210, at *2 (C.D. Cal. Apr. 7, 2014) (Selna, J.) ("No prejudice exists when an amendment causes no delay in proceedings and no additional discovery is required.") (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Given the early stage of this litigation and nature of the proposed amendments, including the significant financial connections between these individuals, and the fact that defendant Wen's assets and the aforementioned UBS account have been frozen for over a year, neither defendants nor the proposed new relief defendant would suffer "substantial" prejudice as a result of Plaintiffs being granted leave to file the SAC.

**D. Filing the Proposed SAC Is Not Futile**

To show that a proposed amended complaint would be futile, the opposing party must show that, taking the pleaded facts as true, its allegations fail to state a claim as a matter of law. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1276, 1293 (9th Cir. 1983) (upholding denial of leave to amend when amendment to complaint "could not affect the outcome of th[e] lawsuit"); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622-23 (9th Cir. 2004) (same). Otherwise, a plaintiff "'ought to be afforded an opportunity to test [its] claim on the merits.'" *Leighton*, 833 F.2d at 188 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Taking the allegations in the proposed SAC as true, the proposed fraudulent transfer claims against defendant Wen and proposed relief defendant Dai, and the proposed claims against Dai as a relief defendant, state legally sufficient claims. In order to ensure that Plaintiffs can obtain assets from trusts that benefit defendant Wen and Dai, it is also legally appropriate to name them as defendants in their capacities as trustees for their respective California trusts, in addition to naming them in their individual capacities.

With regard to the fraudulent transfer allegations, the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3301-3308, "provides the exclusive civil procedures for the United States . . . to recover a judgment on a debt." *Id.* § 3001(a). The government may avoid fraudulent transfers to satisfy a "debt to the United States," including "an amount that is owing to the United States on account of a . . . penalty, restitution, damages, . . . or other source of indebtedness to the United States." 28 U.S.C. § 3002(3)(B); s*ee also, e.g., United States v. Furnari*, 73 F. Supp. 3d 877, 885 (E.D. Mich. 2014) (collecting cases). The FDCPA's scope includes debts that have not been reduced to judgment, such as government claims for restitution, damages, or penalties, as alleged here. *See* 28 U.S.C. §§ 3001(a); 3301(3), (4); 3304; *United States v. Berkeley Heartlab, Inc.*, 225 F. Supp. 3d 460, 466 (D.S.C. 2016) (unadjudicated claims for penalties and treble damages under the False Claims Act are a "debt" under the FDCPA and collecting cases); *SEC v. ICP Asset Mgmt.*, *LLC*, No. 10 CIV. 4791 LAK, 2012 WL 204098, at *3 (S.D.N.Y. Jan. 24, 2012) (SEC's prejudgment claims for disgorgement and penalties a "debt" within the meaning of the FDCPA). And a fraudulent transfer as to a debt to the United States may be avoided by showing actual or constructive fraud, regardless of whether the debt arose before or after the transfer was made. 28 U.S.C. § 3304(b)(1). Thus, the SAC appropriately seeks to recover debts "owing to the United States." *See* 28 U.S.C. § 3002(3)(B).

Similarly, California's Uniform Voidable Transactions Act ("UVTA"), which is very similar to the FDCPA, allows a "creditor" to void a transfer by a "debtor," whether or not "the creditor's claim arose before or after the transfer," where the debtor engaged in actual or constructive fraud. Cal. Civ. Code §§ 3439.04(a); 3439.07(a)(1). The statutory requirements for showing actual or constructive fraud under the UVTA are very similar to the requirements under the FDCPA discussed above. *Compare*, *id.* § 3339.04, *with* 28 U.S.C. §

3304. A fraudulent conveyance claim under the UVTA, however, does not require a showing that a "debt" is "owing to the United States." *See* Cal Civ. Code § 3439.04(a). Therefore, the SAC states valid claims to avoid the transfers from defendant Wen to Judy Dai under the UVTA. *See id.*

The SAC also seeks to add Judy Dai as a relief defendant who was unjustly enriched after Wen transferred, or caused companies he controlled to pay, funds for the benefit of her or her trust. This includes funds Wen obtained from, or commingled with funds from, the student loan debt-relief companies. To prevail on a claim against a relief defendant, "the creditor plaintiff must show that the [relief] defendant has received ill-gotten funds *and* that [s]he does not have a legitimate claim to those funds." *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) (emphasis in original); *see also SEC v. Rosenthal*, 426 F. App'x 1 at 3 (2d Cir. 2011)(where ill-gotten funds are commingled with a relief defendant's legitimately obtained funds, "[t]he SEC is not required to trace specific funds to their ultimate recipients" because "[i]mposing such a tracing requirement would allow an insider trading defendant to escape disgorgement by spending down illicit gains while protecting legitimately obtained assets or . . . by commingling and transferring such profits.").

The SAC asserts that defendant Wen transferred funds to Judy Dai's trust that were comingled with deposits from relief defendant Hold the Door, Corp, whose income at the time was largely from defendant True Count Staffing Inc., one of the primary corporate defendants that perpetrated the illegal debt-relief scheme. Tainted assets were also used to help purchase a residence owned in part by the Judy Dai 2017 Trust and to pay for several vehicles for Dai's benefit. Thus, taking the SAC allegations as true, Dai has been unjustly enriched and she should be required to turn over all ill-gotten gains. *See Colello*, 139 F.3d at 677; *see also Sec. & Exch. Comm'n v. Baccam*, No. EDCV170172SJOSPX, 2017 WL 5952168, at *6 (C.D. Cal. June 14, 2017);

*Consumer Fin. Prot. Bureau v. NDG Fin. Corp.,* No. 15-CV-5211(CM), 2016 WL 7188792, at *20 (S.D.N.Y. Dec. 2, 2016) (discussing Bureau's power to disgorge ill-gotten gains from relief defendants under 12 U.S.C. § 5565(a)(2)); *Damian v. A Mark Precious Metals, Inc*., No. CV 16-7198 FMO (SSX), 2017 U.S. Dist. LEXIS 216117 (C.D. Cal Dec. 5, 2016) (denying a motion to dismiss against a transferee and noting that "'good faith transferee provisions do not automatically preclude a creditor from bringing a fraudulent transfer claim against a transferee in the first instance'" (citing *Square 1 Bank v. Lo*, 128 F.Supp.3d 1257, 1265 (N.D. Cal. 2015)).

Finally, with regard to the proposed amendments relating to ownership of the relevant trusts, "[U]nder California law . . . a trust is not a legal entity. Legal title to property owned by a trust is held by the trustee. A trust is simply a collection of assets and liabilities. As such, it has no capacity to sue or be sued, or to defend an action." *United States v. Froehlich*, No. CV 10-3427-JFW (RZX), 2011 WL 13286700, at *3 (C.D. Cal. Feb. 25, 2011) (citation and alterations omitted). Thus, "[t]he proper procedure for one who wishes to ensure that trust property will be available to satisfy a judgment is to sue the trustee in his or her representative capacity." *Id.* (citation omitted).

The UBS investment account, along with other assets, are held by Dai through her trust. Dai is apparently the sole trustee of her trust. Thus, it is appropriate to name Dai in her capacity as trustee of the trust. *Id.* Similarly, it is appropriate to clarify that Plaintiffs are asserting claims against Wen in his capacity as trustee of his trust to ensure that Plaintiffs can recover the assets it holds. *Id.*

**IV. Conclusion**

For these reasons, Plaintiffs respectfully ask that the Court grant leave to file the attached redacted SAC on the public docket, and an unredacted version under seal. A proposed order is filed herewith.

Dated: March 23, 2021

Respectfully submitted,

By: <u>/s/ *N. Nathan Dimock*</u>
N. Nathan Dimock (D.C. Bar No. 487743)
(admitted *pro hac vice*)
*Enforcement Attorney*
1700 G Street NW
Washington, DC 20552
Phone: (202) 435-9198
Fax: (202) 435-9346
Email: nathan.dimock@cfpb.gov

Attorney for Plaintiff
Bureau of Consumer Financial Protection

By: <u>/s/ *M. Lynne Weaver*</u>
M. Lynne Weaver (N.C. Bar No. 19397)
(admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Phone: (919) 716-6039
Fax: (919) 716-6050
Email: lweaver@ncdoj.gov

Attorney for Plaintiff
State of North Carolina

By: <u>/s/ *Evan Romanoff*</u>
Evan Romanoff (admitted *pro hac vice*)
Atty. Reg. No. 0398223
Assistant Attorney General

445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Phone: (651) 757-1454
Fax: (651) 296-7438
Email: evan.romanoff@ag.state.mn.us

Attorney for Plaintiff
State of Minnesota

By: /s/ *Christina Tusan*
Christina Tusan,
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012
213-473-6908
Email: christina.tusan@lacity.org

I, Nathan Dimock, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *N. Nathan Dimock*

N. Nathan Dimock

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Notice Of Motion and Motion for Leave to File Second Amended Complaint and Memorandum of Points and Authorities in Support, the unredacted version of the Proposed Second Amended Complaint, and the Proposed Order were served on March 23, 2021 by email as follows:

1. **Matthew Eanet**
**Eanet PC**
550 South Hope Street, Suite 750
Los Angeles, CA 90071
Tel.: 310-775-2495
Fax: 310-593-2589
matt@eanetpc.com
*Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp. and Mice and Men LLC*

2. **Evan Romanoff *(Pro Hac Vice)***
**Assistant Attorney General**
**The State of Minnesota**
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: 651-757-1454
evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

3. **M. Lynne Weaver *(Pro Hac Vice)***
**Michael T. Henry**

**North Carolina Department of Justice**
114 W. Edenton Street
Raleigh, NC 27602
Tel.: 919-716-6000
Fax: 919-716-6050
lweaver@ncdoj.gov
mhenry@ncdoj.gov
*Attorneys for Plaintiff the State of North Carolina*

4. **Michael N. Feuer, City Attorney**
**Christina V. Tusan, Supervising Deputy City Attorney**
**William Pletcher, Deputy City Attorney**
**Office of the City Attorney**
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012-4131
Tel.: 213-978-9707
Fax.: 213-978-8112
christina.tusan@lacity.org
william.pletcher@lacity.org
rebecca.morse@lacity.org
*Attorneys for Plaintiff the People of the State of California*

I further certify that on March 23, 2021, I caused a true and correct copy of the following documents to be filed electronically using the CM/ECF system, thereby sending notification of the filing to all parties in the case who are registered CM/ECF users: Plaintiffs' Notice Of Motion and Motion for Leave to File Second Amended Complaint and Memorandum of Points and Authorities

in Support, redacted version of the Proposed Second Amended Complaint, and the Proposed Order.

I further certify under L.R. 79-5.3 that service of the unredacted version of the proposed Second Amended Complaint should not be required due to Defendant Wen's concerns regarding confidentiality of the information contained therein. Accordingly, Plaintiffs have not served the unredacted version of the proposed Second Amended Complaint on the remaining parties in this matter.

Dated: March 23, 2021

/s/N. Nathan Dimock
N. Nathan Dimock