SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (703) 642-4585
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787 / Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

*Additional Counsel for Plaintiffs Listed on Next Page

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>    Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER AS TO RELIEF DEFENDANT JUDY DAI**<br><br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

*Additional Counsel for Plaintiffs Listed Below:

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 757-1454 / Email: evan.romanoff@ag.state.mn.us

*Attorneys for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
MICHAEL T. HENRY (N.C. Bar No. 35338)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Emails: lweaver@ncdoj,gov / mhenry@ncdoj.gov

*Attorneys for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
MARY CLARE MOLIDOR, Chief Assistant City Attorney, (CA Bar No. 82404)
CHRISTINA V. TUSAN, Supervising Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
REBECCA MORSE, Deputy City Attorney (CA Bar No. 314853)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 978-8707/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org

*Attorneys for Plaintiff the People of the State of California*

Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, Plaintiffs) commenced this civil action on October 21, 2019, filed an amended complaint on February 24, 2020, and a second amended complaint (Second Amended Complaint) on April 20, 2021, to obtain permanent injunctive relief, damages, rescission or reformation of contracts, refunds of moneys paid, restitution, disgorgement or compensation for unjust enrichment, civil money penalties, and other monetary and equitable relief from: (1) Defendants Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC, d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC, d/b/a Priority Account Management; Albert Kim; Kaine Wen in his individual capacity and as trustee of the Kaine Wen 2017 Trust; and Tuong Nguyen; and (2) Relief Defendants Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice and Men LLC; Sarah Kim; 1st Generation Holdings, LLC; Anan Enterprise, Inc.; and Judy Dai in her individual capacity and as trustee of the Judy Dai 2017 Trust.

The Second Amended Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a); the Telemarketing and Consumer Fraud and Abuse Prevention Act (TCFAPA), 15 U.S.C. § 6102(c)(2), based on alleged violations of the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310; the Minnesota Prevention of Consumer Fraud Act (MNPCFA), Minn. Stat. §§ 325F.68-.694; the Minnesota Uniform Deceptive Trade Practices Act (MNUDTPA), Minn. Stat. §§ 325D.43-.48; the North Carolina Debt Adjusting Act (NCDAA), N.C. Gen. Stat. § 14-423 *et seq.*; the North Carolina Telephonic Seller Registration

Act (NCTSRA), N.C. Gen. Stat. § 66-260 *et seq.*; the North Carolina Unfair and Deceptive Practices Act (NCUDPA), N.C. Gen. Stat. § 75-1.1; and the California Unfair Competition Law (CAUCL), Cal. Bus. & Prof. Code § 17200 *et seq.* in connection with the above-named defendants' marketing and sale of debt-relief services. The Second Amended Complaint also includes claims for avoidance of fraudulent transfers under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308, and the California Uniform Voidable Transactions Act, Cal Civ. Code §§ 3439-3439.14.

The (1) Plaintiffs and (2) Relief Defendant Judy Dai (Settling Relief Defendant) stipulate to the entry of a stipulated final judgment and order, lodged concurrently with this stipulation, with the following terms and provisions:

**FINDINGS**

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Settling Relief Defendant neither admits nor denies the allegations in the Second Amended Complaint, except as specifically stated herein. For purposes of this Order, Settling Relief Defendant admits the facts necessary to establish the Court's jurisdiction over Settling Relief Defendant and the subject matter of this action.

3. Settling Relief Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim she may have under the Equal Access to Justice Act, 28 U.S.C § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4. Entry of this Order is in the public interest.

# DEFINITIONS

The following definitions apply to this Order:

5. "Affected Consumers" includes any consumer who paid Defendants or their officers, agents, servants, employees, or attorneys for any Debt-Relief Service from November 2, 2015, to October 23, 2019.

6. "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliverables, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts.

7. "Bureau" means the Bureau of Consumer Financial Protection.

8. "Defendants" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

    a. "Corporate Defendants" means Consumer Advocacy Center Inc., True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known, including South Coast Financial Center, Direct Account Services, Financial Loan Advisors, Account Preparation Services, Administrative Financial, Tangible Savings Solutions, Coastal Shores Financial Group, First Choice Financial Centre (a/k/a First

Choice Financial Center), Administrative Account Services, Primary Account Solutions, Prime Document Services, Financial Accounting Center, Doc Management Solutions, ALW Loans, Administrative Accounting Center, Best Choice Financial Center, First Document Services, Global Direct Accounting Solutions, Keystone Document Center, Pacific Palm Financial Group, Pacific Shores Advisory, Sequoia Account Management, Signature Loan Solutions, Yellowstone Account Services, ClearStudentLoanDebt, Clear Student Loan Debt, Trusted Account Services, Premier Student Loan Center, and Priority Account Management;

b. "Individual Defendants" means Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen-Ting Dai, Wen Ting Dai, Kaine Dai, and Kaine Wen Dai, in his individual capacity and as trustee of the Kaine Wen 2017 Trust; and Tuong Nguyen, a/k/a Tom Nelson, collectively, or in any combination, and each of them by any other names by which they might be known;

c. "Receivership Defendants" means True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns;

d. "Relief Defendants" means:

  i. Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; and Anan Enterprise, Inc., collectively, or in any combination, and their successors and assigns, and each

6
**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

of them by any other names by which they might be known; and

    ii.    Sarah Kim and Judy Dai, in her individual capacity and as trustee of the Judy Dai 2017 Trust, and any other names by which each of them might be known.

9. "Debt-Relief Service" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

10. "Effective Date" means the date on which this Order is entered by the Court.

11. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

12. "Light Street Asset" means the investment in the Light Street Argon, L.P Series A2 A/O fund that Settling Relief Defendant currently holds in an investment account, account number ending in 50 2X, in the name of the Judy Dai 2017 Trust at UBS Financial Services Inc.

13. "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

14. "Plaintiffs" means the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California, collectively, or in any combination.

15. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Settling Relief Defendant based on substantially the same facts as described in the Second Amended Complaint.

16. "Settling Relief Defendant" means Relief Defendant Judy Dai in her individual capacity and as trustee of the Judy Dai 2017 Trust, and any other names by which she may be known.

## MONETARY PROVISIONS

### I

### Order to Pay Redress

**It is FURTHER ORDERED that**:

17. A judgment for monetary relief is entered in favor of Plaintiffs and against Settling Relief Defendant as follows:

    a. Settling Relief Defendant shall be liable to the Bureau and the People of the State of California for:

        i. the liquidation value of the Light Street Asset up to but not exceeding $3,000,000;

        ii. if the liquidation value of the Light Street Asset is less than $3,000,000, Settling Relief Defendant will be additionally liable for the difference between the liquidation value of the Light Street Asset and $3,000,000, up to but not exceeding $500,000; and

    b. Settling Relief Defendant shall be liable to all Plaintiffs for $88,381.80.

18. In satisfaction of the judgment as ordered in Paragraph 17, Settling Relief Defendant:

    a. must, within ten days of the Effective Date, pay to the Bureau, by

        wire transfer to the Bureau or the Bureau's agent, and according to the Bureau's wiring instructions, $88,381.80; and

    b. hereby grants to the Bureau all rights and claims that Settling Relief Defendant has to $3,000,000 worth of the Light Street Asset as set forth in Paragraphs 17 and 20, and shall forfeit any rights to this asset.

19. Within five business days of entry of this Order, Settling Relief Defendant must instruct UBS Financial Services Inc. to liquidate the Light Street Asset in accordance with the applicable investment terms and to the extent that notice to liquidate the Light Street Asset has not already been provided in a manner consistent with Paragraph VII.A of the Preliminary Injunction issued on November 15, 2019 (ECF No. 103).

20. Within ten business days of liquidation of the Light Street Asset and of receipt of a copy of this Order by any means, including but not limited to via facsimile or email, UBS Financial Services Inc. shall transfer to the Bureau or its designated agent the entire proceeds of the Light Street Asset liquidation, up to but not exceeding $3,000,000. If UBS Financial Services Inc. transfers less than $3,000,000 to the Bureau under this Section, Settling Relief Defendant must transfer to the Bureau the difference between the amount UBS Financial Services Inc. transferred and $3,000,000, up to but not exceeding $500,000. Settling Relief Defendant must make this transfer to the Bureau within five business days of UBS Financial Services Inc. transferring the proceeds of the Light Street Asset liquidation to the Bureau. UBS Financial Services Inc. and Settling Relief Defendant shall make all transfers required by this Paragraph to the Bureau or the Bureau's designated agent according to the Bureau's wiring instructions.

21. Settling Relief Defendant shall be wholly responsible for all taxes, fees, and costs associated with liquidation of the Light Street Asset.

22. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

23. If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Settling Relief Defendant will have no right to challenge the Bureau's choice of remedies under this Section, and will have no right to contest the manner of distribution chosen by the Bureau.

24. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## II

### Additional Monetary Provisions

**It is FURTHER ORDERED that**:

25. In the event of any default on Settling Relief Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

26. Settling Relief Defendant relinquishes all dominion, control, and title to the funds and all other Assets transferred or paid under this Order to the

fullest extent permitted by law and no part of the funds or other Assets may be returned to Settling Relief Defendant.

27. The facts alleged against Settling Relief Defendant in the Second Amended Complaint will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in any bankruptcy case.

28. The facts alleged in the Second Amended Complaint establish all elements necessary to sustain an action by the Plaintiffs under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against Settling Relief Defendant, even in her capacity as a debtor-in-possession.

29. Under 31 U.S.C. § 7701, Settling Relief Defendant, unless she has already done so, must furnish to Plaintiffs any taxpayer-identification numbers associated with her, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

30. Within thirty days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Settling Relief Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that the Settling Relief Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

### III

### Lifting of Asset Freeze

**It is FURTHER ORDERED that**:

31. The freeze on the Assets listed in Paragraphs 17-20 is modified to permit the payments and other transfers of Assets identified in Section I of this Order. Upon completion of all payments and other obligations identified in Section I of this Order, the freeze of the Assets listed at Paragraphs 17-20 and of the Assets held in the Judy Dai 2017 Trust account ending in 50 2X at UBS Financial Services Inc. pursuant to the Preliminary Injunction entered on November 15, 2019 (ECF No. 103), shall be dissolved.

### COMPLIANCE PROVISIONS

### IV

### Reporting Requirements

**It is FURTHER ORDERED that**:

32. Within seven days of the Effective Date, Settling Relief Defendant must designate at least one telephone number and email, physical, and postal address as points of contact, which Plaintiffs may use to communicate with her.

33. For five years from the Effective Date or until such time as a final judgment is entered as to Defendant Kaine Wen, whichever is longer, Settling Relief Defendant must report any change in the information required to be submitted under Paragraph 32 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

34. Until such time as a final judgment is entered as to Defendant Kaine Wen and he has fully complied with all monetary provisions of such judgment, Settling Relief Defendant must report, within seven days of the end of each quarter, any Asset that Defendant Wen transfers to or provides for Settling Relief Defendant's benefit, directly or indirectly, if the aggregate value

of such transfers exceeds $500 for that quarter, including:

    a. a detailed description of the nature of the asset transferred;

    b. the value or estimated value of the asset transferred, including all applicable measures of its value (e.g., currency denomination and amount, appraisal, acquisition value, estimate in dollars); and

    c. a description of how the asset was transferred, including identifying the names of all individuals, the financial institution and accounts, and all other identifying information associated with each transfer.

## V
## Recordkeeping

**It is FURTHER ORDERED that**:

35. Settling Relief Defendant must create and maintain, for at least 5 years from the Effective Date or until such time as a final judgment is entered as to Defendant Kaine Wen, whichever is longer, the following records:

    a. All documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau; and

    b. All documents and records pertaining to any transfer Settling Relief Defendant must report under Paragraph 34 of this Order.

Settling Relief Defendant must make these documents available to any Plaintiff upon the Plaintiff's request.

## VI
## Notices

**It is FURTHER ORDERED that**:

36. Unless otherwise directed in writing by the Bureau, Settling Relief Defendant must provide all submissions, requests, communications, or other

documents relating to this Order in writing, with the subject line, "*CFPB, et al., v. CAC, et al.*, Case No. 8:19-cv-01998-MWF-KS" and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

>Assistant Director for Enforcement
>Bureau of Consumer Financial Protection
>ATTENTION: Office of Enforcement
>1700 G Street N.W.
>Washington, D.C. 20552

37. Unless otherwise directed by a representative of the State of Minnesota in writing, all submissions to the State of Minnesota pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to evan.romanoff@ag.state.mn.us:

>Evan Romanoff, Assistant Attorney General
>Office of the Minnesota Attorney General
>445 Minnesota Street, Suite 1200
>St. Paul, Minnesota 55101

38. Unless otherwise directed by a representative of the State of North Carolina in writing, all submissions to the State of North Carolina pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to lweaver@ncdoj.gov:

>M. Lynne Weaver, Special Deputy Attorney General
>North Carolina Department of Justice
>114 W. Edenton Street
>Raleigh, North Carolina 27603

39. Unless otherwise directed by the State of California in writing, all submissions to the State of California pursuant to this Order must be sent by

overnight courier or first-class mail to the below address and contemporaneously by email to christina.tusan@lacity.org:

>Christina Tusan
>
>Supervising Deputy City Attorney
>
>Los Angeles City Attorney's Office
>
>200 N. Main Street, 5th Floor
>
>Los Angeles, CA 90012

## VII

## Cooperation with Plaintiffs

**It is FURTHER ORDERED that:**

40. Settling Relief Defendant must cooperate fully with Plaintiffs in this matter and in any investigation or litigation related to or associated with the conduct described in the Second Amended Complaint. Settling Relief Defendant must provide truthful and complete information, evidence, and testimony. Settling Relief Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that any Plaintiff may reasonably request upon ten days written notice, or other reasonable notice, at such places and times as Plaintiff may designate, without the service of compulsory process.

41. Settling Relief Defendant must cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant and any Person who might have contact information for any Defendant, and the identity and location of Assets of any Defendant. Settling Relief Defendant must provide such information in her or her agents' possession or control within fourteen days of receiving a written request from any Plaintiff.

# VIII

# Compliance Monitoring

**It is FURTHER ORDERED that**, to monitor Settling Relief Defendant's compliance with this Order:

42. Within fourteen days of receipt of a written request from any Plaintiff, Settling Relief Defendant must submit the requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

43. For purposes of this Section, Plaintiffs may communicate directly with Settling Relief Defendant, unless the Settling Relief Defendant retains counsel related to these communications.

# IX

# Retention of Jurisdiction

**It is FURTHER ORDERED that**:

44. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

SO STIPULATED AND AGREED:

Respectfully submitted,

Dated: June 14, 2021

By: /s/ Jesse Stewart
Jesse Stewart (NY Bar No. 5145495)
(admitted *pro hac vice*)
Enforcement Attorney
1700 G Street NW
Washington, DC 20552
Phone: (202) 435-9641
Fax: (703) 642-4585
Email: jesse.stewart@cfpb.gov

*Attorney for Plaintiff Bureau of Consumer Financial Protection*

| | | |
|---|---|---|
| 1 | Dated: June 14, 2021 | By: /s/ M. Lynne Weaver |
| 2 | | M. Lynne Weaver (N.C. Bar No. 19397) |
| 3 | | (admitted *pro hac vice*) |
| | | Special Deputy Attorney General |
| 4 | | North Carolina Department of Justice |
| 5 | | 114 W. Edenton St. |
| | | Raleigh, NC 27603 |
| 6 | | Phone: (919) 716-6039 |
| 7 | | Fax: (919) 716-6050 |
| | | Email: lweaver@ncdoj.gov |
| 8 | | |
| 9 | | *Attorney for Plaintiff* |
| | | *State of North Carolina* |
| 10 | | |
| 11 | Dated: June 14, 2021 | By: /s/ Evan Romanoff |
| 12 | | Evan Romanoff (Atty. Reg. No. 0398223) |
| 13 | | (admitted *pro hac vice*) |
| 14 | | Assistant Attorney General |
| 15 | | 445 Minnesota Street, Suite 1200 |
| | | St. Paul, MN 55101-2130 |
| 16 | | Phone: (651) 757-1454 |
| 17 | | Fax: (651) 296-7438 |
| | | Email: evan.romanoff@ag.state.mn.us |
| 18 | | |
| 19 | | *Attorney for Plaintiff* |
| | | *State of Minnesota* |
| 20 | | |
| 21 | Dated: June 14, 2021 | By: /s/ Christina Tusan |
| | | Christina Tusan |
| 22 | | Supervising Deputy City Attorney |
| 23 | | Office of the City Attorney |
| | | Consumer and Workplace Protection Unit |
| 24 | | |
| 25 | | 200 N. Main Street, 500 City Hall East |
| | | Los Angeles, CA 90012 |
| 26 | | Phone: (213) 473-6908 |
| 27 | | Email: christina.tusan@lacity.org |
| 28 | | |

17

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

*Attorney for Plaintiff the People of the State of California*

Dated: June 14, 2021

By: /s/ Michael S. Adler
Michael S. Adler
Tantalo & Adler LLP
1801 Century Park East, Ste 2400
Los Angeles, CA 90067
Telephone: (310) 734-8694
Fax: (310) 734-8696
Email: madler@ta-llp.com

*Attorney for Relief Defendant Judy Dai*

I, Jesse Stewart, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Jesse Stewart

Jesse Stewart