SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel.: (415) 844-9787 / Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

*Additional Counsel for Plaintiffs Listed on Next Page

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>        Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER AS TO RELIEF DEFENDANTS 1st GENERATION HOLDINGS, LLC AND INFINITE MANAGEMENT CORP.**<br><br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

1

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

**\*Additional Counsel for Plaintiffs Listed Below:**

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 757-1454 / Email: evan.romanoff@ag.state.mn.us

*Attorney for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Emails: lweaver@ncdoj.gov

*Attorney for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
MARY CLARE MOLIDOR, Chief Assistant City Attorney, (CA Bar No. 82404)
CHRISTINA V. TUSAN, Supervising Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 978-8707/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org

*Attorneys for Plaintiff the People of the State of California*

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, Plaintiffs) commenced this civil action on October 21, 2019, filed an amended complaint on February 24, 2020, and a second amended complaint (Second Amended Complaint) on April 20, 2021, to obtain permanent injunctive relief, damages, rescission or reformation of contracts, refunds of moneys paid, restitution, disgorgement or compensation for unjust enrichment, civil money penalties, and other monetary and equitable relief from: (1) Defendants Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC, d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim; Kaine Wen in his individual capacity and as trustee of the Kaine Wen 2017 Trust; and Tuong Nguyen; and (2) Relief Defendants Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice and Men LLC; Sarah Kim; 1st Generation Holdings, LLC; Anan Enterprise, Inc.; and Judy Dai in her individual capacity and as trustee of the Judy Dai 2017 Trust.

The Second Amended Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531(a), 5536(a); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6102(c)(2), based on alleged violations of the Telemarketing Sales Rule, 16 C.F.R. pt. 310; the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-.694; the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-.48; the North Carolina Debt Adjusting Act, N.C. Gen. Stat. § 14-423 *et seq.*; the North Carolina Telephonic Seller Registration Act, N.C.

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

Gen. Stat. § 66-260 *et seq.*; the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1; and the California Unfair Competition Law, Ca. Bus. & Prof. Code §17200 *et seq.* in connection with the above-named defendants' marketing and sale of debt-relief services. The Second Amended Complaint also includes claims for avoidance of fraudulent transfers under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308, and the California Uniform Voidable Transactions Act, Cal Civ. Code §§ 3439-3439.14.

The (1) Plaintiffs and (2) Relief Defendants 1st Generation Holdings, LLC and Infinite Management Corp. stipulate to the entry of a stipulated final judgment and order, lodged concurrently with this stipulation, with the following terms and provisions:

## FINDINGS

1.     This Court has jurisdiction over the parties and the subject matter of this action.

2.     Settling Relief Defendants neither admit nor deny the allegations in the Second Amended Complaint, except as specifically stated herein. For purposes of this Order, Settling Relief Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

3.     Settling Relief Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim each of them may have under the Equal Access to Justice Act, 28 U.S.C § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4.     Entry of this Order is in the public interest.

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

# DEFINITIONS

The following definitions apply to this Order:

5.      "1st Generation Holdings" means 1st Generation Holdings, LLC, and its successors and assigns, and any other names by which it might be known.

6.      "Affected Consumers" includes any consumer who paid Defendants or their officers, agents, servants, employees, or attorneys for any Debt-Relief Service from November 2, 2015, to October 23, 2019.

7.      "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliverables, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts.

8.      "Bureau" means the Bureau of Consumer Financial Protection.

9.      "Defendants" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

      a.      "Corporate Defendants" means Consumer Advocacy Center Inc., True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known, including South Coast Financial Center, Direct Account Services, Financial

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

Loan Advisors, Account Preparation Services, Administrative
Financial, Tangible Savings Solutions, Coastal Shores Financial
Group, First Choice Financial Centre (a/k/a First Choice Financial
Center), Administrative Account Services, Primary Account
Solutions, Prime Document Services, Financial Accounting Center,
Doc Management Solutions, ALW Loans, Administrative Accounting
Center, Best Choice Financial Center, First Document Services,
Global Direct Accounting Solutions, Keystone Document Center,
Pacific Palm Financial Group, Pacific Shores Advisory, Sequoia
Account Management, Signature Loan Solutions, Yellowstone
Account Services, ClearStudentLoanDebt, Clear Student Loan Debt,
Trusted Account Services, Premier Student Loan Center, and Priority
Account Management;

b.      "Individual Defendants" means Albert Kim, a/k/a Albert King;
Kaine Wen, a/k/a Wenting Kaine Dai, Wen-Ting Dai, Wen Ting Dai,
Kaine Dai, and Kaine Wen Dai, in his individual capacity and as
trustee of the Kaine Wen 2017 Trust; and Tuong Nguyen, a/k/a Tom
Nelson, collectively, or in any combination, and each of them by any
other names by which they might be known;

c.      "Receivership Defendants" means True Count Staffing Inc.,
Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC,
and First Priority LLC, collectively, or in any combination, and their
successors and assigns;

d.      "Relief Defendants" means:

i.      Infinite Management Corp., f/k/a Infinite Management
Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice

6

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

and Men LLC; 1st Generation Holdings, LLC; and Anan Enterprise, Inc., collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known; and

ii.     Sarah Kim and Judy Dai in her individual capacity and as trustee of the Judy Dai 2017 Trust, and any other names by which they might be known.

10.     "Debt-Relief Service" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

11.     "Effective Date" means the date on which this Order is entered by the Court.

12.     "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

13.     "Infinite Management Corp." means Infinite Management Corp., and its successors and assigns, and by any other names by which it might be known, including its former name, Infinite Management Solutions Inc.

14.     "Judgment Amount" refers to the judgments for monetary relief this Court entered against Prime Consulting, LLC, and Tuong Nguyen in the amount of $95,057,757. (ECF Nos. 205, 210).

15.     "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity;

7

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

16.    "Plaintiffs" means the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California, collectively, or in any combination.

17.    "Receiver" means Thomas W. McNamara.

18.    "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against any Settling Relief Defendant based on substantially the same facts as described in the Second Amended Complaint.

19.    "Settling Relief Defendants" means 1st Generation Holdings, LLC and Infinite Management Corp.

20.    "States" means the State of Minnesota, the State of North Carolina, and the People of the State of California.

21.    "Subject Accounts" means the accounts appearing in Attachment A in the name of 1st Generation Holdings, LLC.

## MONETARY PROVISIONS

## I

## Order to Pay Redress

**It is FURTHER ORDERED that**:

22.    A judgment for monetary relief is entered in favor of Plaintiffs and against Settling Relief Defendants as set forth below:

a.    Settling Relief Defendant 1st Generation Holdings, LLC shall be jointly and severally liable for the amount of $3,984,779.28 of the Judgment Amount. Settling Relief Defendant 1st Generation Holdings, LLC is further ordered to disgorge any funds held in the Subject Accounts in excess of this amount, including any income such as interest, dividends, and capital gains, as of the date the funds are

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

transferred pursuant to Paragraph 25. All funds referenced in this subparagraph shall be treated in accordance with Paragraphs 30-31.

    b.    Settling Relief Defendant Infinite Management Corp. shall be jointly and severally liable for the amount of $2,049,189.07 of the Judgment Amount, such amount being for the purpose of providing redress to Affected Consumers.

23.    Full payment of Settling Relief Defendant Infinite Management Corp. portion of the judgment set forth in Paragraph 22 will be suspended, based on its inability to pay, upon its satisfaction of the obligations in Paragraphs 24-27 of this Section, Paragraph 38 of Section III, and subject to Section II of this Order.

24.    Settling Relief Defendants hereby grant to the Bureau all rights and claims they have to all Assets subject to the asset freeze imposed by the Preliminary Injunction entered on November 15, 2019 (ECF No. 103), which are listed in Attachment A and Attachment B.

25.    Within 10 business days from receipt of a copy of this Order by any means, including but not limited to via facsimile or email, JP Morgan Chase Bank, N.A., UBS Financial Services Inc., and Wells Fargo Bank, N.A. shall transfer to the Bureau or its designated agent all funds held in the accounts listed in Attachment A by wire transfer to the Bureau or the Bureau's agent according to the Bureau's wiring instructions.

26.    To the extent they have not already done so, Settling Relief Defendants relinquish to the Bureau, or to its designated agent, dominion and all legal and equitable right, title, and interest in the Assets listed on Attachment B.

27.    Settling Relief Defendants hereby grant to the Bureau all rights and claims they have to any Assets that are currently in the possession, custody, or control of the Receiver, and shall forfeit any rights and claims to the funds in the

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

receivership estate, including but not limited to: all funds held, obtained, or to be obtained by the Receiver since the inception of the receivership whether through this Order or otherwise.

28.     The suspension of the monetary judgment in Paragraph 23 shall not affect the Receiver's ability to pursue recovery of funds from any third parties, including family members of Defendants, to satisfy all or a portion of the full monetary judgment entered in Paragraph 22. Settling Relief Defendant Infinite Management Corp. shall remain jointly and severally liable for full payment of its respective judgment to the extent that funds to satisfy all or a portion of this judgment are able to be recovered from third parties by the Receiver acting on behalf of the Receivership Defendants.

29.     With regard to any redress that Settling Relief Defendants pay under this Section, if Settling Relief Defendants receive, directly or indirectly, any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if Settling Relief Defendants secure a tax deduction or tax credit with regard to any federal, state, or local tax, Settling Relief Defendants must: (a) immediately notify the Enforcement Director and States in writing, and (b) within 10 days of receiving the funds or monetary benefit, Settling Relief Defendants must transfer the full amount of such funds or monetary benefit (Additional Payment) to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the suspended judgment referenced in Paragraph 23 will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 22.

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

30.     Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including but not limited to refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

31.     If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Settling Relief Defendants will have no right to challenge the Bureau's choice of remedies under this Section, and will have no right to contest the manner of distribution chosen by the Bureau.

32.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## II

## Misrepresentation or Omission Regarding Financial Condition or Non-Compliance with Order to Pay Redress

**It is FURTHER ORDERED that**:

33.     The suspension of the monetary judgment entered in Section I of this Order is expressly premised on the truthfulness, accuracy, and completeness of Settling Relief Defendant Infinite Management Corp.'s sworn financial statements and supporting documents, which it asserts are truthful, accurate, and complete, and which include: Financial Statement of Infinite Management Corp., signed on November 1, 2019, and submitted to the Bureau on or about November 4, 2019,

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

and the declaration of Albert Kim submitted to the Bureau on behalf of Infinite
Management Corp. on June 23, 2021.

34.     If upon motion by any Plaintiff, the Court determines that Settling
Relief Defendant Infinite Management Corp. failed to disclose any material Asset
or that any of its financial statements contain any material misrepresentation or
omission, including materially misstating the value of any Asset, the Court shall
terminate the suspension of the monetary judgment entered in Section I and
without further adjudication, shall reinstate the judgment entered in Section I of
this Order and the full judgment set forth in that Section with respect to Settling
Relief Defendant Infinite Management Corp shall be immediately due and payable,
less any amounts it paid to the Bureau under Section I of this Order.

35.     If the Court terminates the suspension of the monetary judgment
under this Section, the Bureau will be entitled to interest on the judgment,
computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C.
§ 1961, as amended, on any outstanding amounts not paid.

36.     In all other respects this Order shall remain in full force and effect
unless otherwise ordered by the Court; and, proceedings instituted under this
Section would be in addition to, and not in lieu of any other civil or criminal
remedies as may be provided by law, including any other proceedings that
Plaintiffs may initiate to enforce this Order.

# III

## Additional Monetary Provisions

**It is FURTHER ORDERED that**:

37.     In the event of any default on Settling Relief Defendants' obligations
to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as
amended, will accrue on any outstanding amounts not paid from the date of default

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

to the date of payment, and will immediately become due and payable.

38.     Settling Relief Defendants relinquish all dominion, control, and title
to the funds and all other Assets transferred or paid under this Order to the fullest
extent permitted by law and no part of the funds or other Assets may be returned to
them.

39.     The facts alleged in the Second Amended Complaint will be taken as
true and given collateral estoppel effect, without further proof, in any proceeding
based on the entry of the Order, or in any subsequent civil litigation by or on behalf
of the Plaintiffs, including in a proceeding to enforce their rights to any payment or
monetary judgment under this Order, such as a non-dischargeability complaint in
any bankruptcy case.

40.     The facts alleged in the Second Amended Complaint establish all
elements necessary to sustain an action by the Plaintiffs under section 523(a)(2)(A)
of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this
Order will have collateral estoppel effect against each Settling Relief Defendant,
even in such Defendants' capacity as debtor-in-possession.

41.     Under 31 U.S.C. § 7701, Settling Relief Defendants, unless they have
already done so, must furnish to Plaintiffs any taxpayer-identification numbers
associated with them or their Assets, which may be used for purposes of collecting
and reporting on any delinquent amount arising out of this Order.

42.     Within 30 days of the entry of a final judgment, order, or settlement in
a Related Consumer Action, Settling Relief Defendants must notify the
Enforcement Director of the final judgment, order, or settlement in writing. That
notification must indicate the amount of redress, if any, that the Settling Relief
Defendant paid or is required to pay to consumers and describe the consumers or
classes of consumers to whom that redress has been or will be paid.

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

## IV

## Lifting of Asset Freeze

**It is FURTHER ORDERED that**:

43.     The freeze on the Assets of Settling Relief Defendants is modified to permit the transfers of Assets identified in Sections I and III of this Order. Upon completion of all payments and other obligations identified in Sections I and III of this Order, the freeze of the Settling Relief Defendants' Assets pursuant to the Preliminary Injunction entered on November 15, 2019 (ECF No. 103), shall be dissolved.

## COMPLIANCE PROVISIONS

## V

## Notices

**It is FURTHER ORDERED that**:

44.     Unless otherwise directed in writing by the Bureau, Settling Relief Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB, et al., v. CAC, et al.*, Case No. 8:19-cv-01998-MWF-KS" and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

Assistant Director for Enforcement

Bureau of Consumer Financial Protection

ATTENTION: Office of Enforcement

1700 G Street, N.W.

Washington, D.C. 20552

45.     Unless otherwise directed by a representative of the State of Minnesota in writing, all submissions to the State of Minnesota pursuant to this

14

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to evan.romanoff@ag.state.mn.us:

> Evan Romanoff, Assistant Attorney General
>
> Office of the Minnesota Attorney General
>
> 445 Minnesota Street, Suite 1200
>
> St. Paul, Minnesota 55101

46.     Unless otherwise directed by a representative of the State of North Carolina in writing, all submissions to the State of North Carolina pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to lweaver@ncdoj.gov:

> M. Lynne Weaver, Special Deputy Attorney General
>
> North Carolina Department of Justice
>
> 114 W. Edenton Street
>
> Raleigh, North Carolina 27603

47.     Unless otherwise directed by the State of California in writing, all submissions to the State of California pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to christina.tusan@lacity.org:

> Christina Tusan
>
> Supervising Deputy City Attorney
>
> Los Angeles City Attorney's Office
>
> 200 N. Main Street, 5th Floor
>
> Los Angeles, CA 90012

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

# VI

## Cooperation with Plaintiffs

**It is FURTHER ORDERED that:**

48.     Settling Relief Defendants must cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant and any Person who might have contact information for any Defendant. Settling Relief Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

49.     Settling Relief Defendants must cooperate fully to help Plaintiffs determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Settling Relief Defendants must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

# VII

## Compliance Monitoring

**It is FURTHER ORDERED that**, to monitor Settling Relief Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended:

50.     Within 14 days of receipt of a written request from any Plaintiff, each Settling Relief Defendant must submit Compliance Reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

51.     For purposes of this Section, Plaintiffs may communicate directly with each Settling Relief Defendant, unless the Settling Relief Defendant retains counsel related to these communications.

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

52.     Each Settling Relief Defendant must permit Plaintiffs' representatives to interview any employee or other Person affiliated with the Settling Relief Defendant who has agreed to such an interview. The Person interviewed may have counsel present. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or any Plaintiff's use of other compulsory process.

## VIII

### Receivership

**It is FURTHER ORDERED that**:

53.     The receivership imposed by this Court shall continue in the manner set forth in the Preliminary Injunction issued on November 15, 2019 (ECF No. 103), as to all Defendants and Relief Defendants, except as modified by this Section and Section IV, and the Receiver shall continue to have the full powers of an equity receiver, as an agent of the Court, pursuant to Sections XIV and XV of the Preliminary Injunction, which shall remain in effect until further order of the Court.

54.     The Receiver and his representatives shall continue to be entitled to reasonable compensation for the performance of their duties pursuant to this Order from the Assets of the Receivership Defendants. The Receiver and his representatives shall not increase their hourly rates without prior approval of the Court.

## IX

### Retention of Jurisdiction

**It is FURTHER ORDERED that**:

The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

1   **SO STIPULATED AND AGREED**:

2

3                                        Respectfully submitted,

4

5   Dated: June 30, 2021              By: /s/ Sarah Preis
                                       Sarah Preis (D.C. Bar No. 997387)
6                                      (admitted *pro hac vice*)
7                                      Enforcement Attorney
                                       1700 G Street, NW
8                                      Washington, DC 20552
9                                      Tel.: (202) 435-9318
                                       Fax: (844) 826-5016
10                                     Email: sarah.preis@cfpb.gov

11                                     *Attorney for Plaintiff*
12                                     *Bureau of Consumer Financial Protection*

13  Dated: June 30, 2021              By: /s/ M. Lynne Weaver
14                                     M. Lynne Weaver (N.C. Bar No. 19397)
15                                     (admitted *pro hac vice*)
                                       Special Deputy Attorney General
16                                     North Carolina Department of Justice
17                                     114 W. Edenton St.
                                       Raleigh, NC 27603
18                                     Tel.: (919) 716-6039
19                                     Fax: (919) 716-6050
                                       Email: lweaver@ncdoj.gov
20
21                                     *Attorney for Plaintiff*
                                       *State of North Carolina*
22

23  Dated: June 30, 2021              By: /s/ Evan Romanoff
24                                     Evan Romanoff (Atty. Reg. No. 0398223)
25                                     (admitted *pro hac vice*)
                                       Assistant Attorney General
26                                     445 Minnesota Street, Suite 1200
                                       St. Paul, MN 55101-2130
27
                                       18
28  **STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

Tel.: (651) 757-1454
Fax: (651) 296-7438
Email: evan.romanoff@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota*

Dated: June 30, 2021         By: /s/ *Christina Tusan*
Christina Tusan,
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012
Tel.:(213) 473-6908
Email: christina.tusan@lacity.org

*Attorney for Plaintiff the People of the State of California*

Dated: June 30, 2021         By: /s/ *Julian Burns King*
King & Siegel LLP
724 S. Spring Street, Ste. 201
Los Angeles, CA 90014
Tel.:(213) 465-4831
Email: julian@kingsiegel.com

*Attorney for Defendants 1st Generation Holdings, LLC and Infinite Management Corp.*

    I, Sarah Preis, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *Sarah Preis*

Sarah Preis

19

**STIPULATION AS TO ENTRY OF STIPULATED FINAL JUDGMENT AND ORDER**

# ATTACHMENT A

## List of Assets Transferred Pursuant to Paragraphs 24-25 of the Order

Any and all Assets at the following financial institutions and in
the following accounts:

1. JP Morgan Chase Bank, N.A., account number ending
   in 3880 in the name of Infinite Management Solutions,
   Inc.

2. UBS Financial Services Inc., account number ending in
   6198 in the name of 1st Generation Holdings LLC

3. Wells Fargo Bank, N.A.:
   a. account number ending in 5580 in the name of 1st
      Generation Holdings LLC
   b. account number ending in 5598 in the name of 1st
      Generation Holdings LLC

## ATTACHMENT B

**Relief Defendant Infinite Management Corp. grants to the Bureau all rights and claims it has to the following Assets pursuant to Paragraph 24 and 26 of the Order:**

1. The following vehicles:
   a. 2016 Bentley Continental GT, VIN ending in 7293, owned by and registered to Sarah Kim, CA Registration No. 8EAP909; and
   b. 2016 Mercedes Benz G550, VIN ending in 2027, owned by and registered to Sarah Kim, CA Registration No. L411MO.

2. The following Assets, identified at Item no. 23 on the Financial Statement of Infinite Management Corp.:
   a. Audemars Piguet, Royal Offshore watch, $58,000 acquisition cost, owned by Albert Kim;
   b. Rolex Day Date Presidential watch, $30,000 acquisition cost, owned by Sarah Kim;
   c. Rolex Submariner watch, $14,000 acquisition cost, owned by Albert Kim;
   d. 3 caret solitaire diamond engagement ring, $53,000 acquisition cost, owned by Sarah Kim;
   e. Gucci earrings, $4,500 acquisition cost, owned by Sarah Kim;
   f. Furniture, acquisition cost unknown; and
   g. Electronics, acquisition cost unknown.