**BUREAU OF CONSUMER FINANCIAL PROTECTION**
NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
SARAH PREIS (D.C. Bar No. 997387)
(admitted *Pro Hac Vice*)
Tel.: (202)-435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(admitted *Pro Hac Vice*)
Phone: (202)-435-9641 / Email: jesse.stewart@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788

*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Phone: (651) 757-1454 / Email: evan.romanoff@ag.state.mn.us

*Attorney for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Phone: (919) 716-6000 / Fax: (919) 716-6050
Email: lweaver@ncdoj,gov

*Attorney for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
CHRISTINA V. TUSAN, Supvr. Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
MIGUEL RUIZ, Deputy City Attorney (CA Bar No. 240387)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Phone: (213) 473-6908 / Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>  Defendants. | CASE NO. 8:19-cv-01998 MWF<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THEIR THIRD AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT**<br><br>Court: Hon. Michael W. Fitzgerald<br>Date:  August 9, 2021<br>Time:  10:00 AM<br>Place:  Courtroom 5A |

PLEASE TAKE NOTICE that on August 9, 2021, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 5A of the above-titled Court, located at 350 West First Street, Los Angeles, CA 90012, Plaintiffs the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California ("Plaintiffs") will, and hereby do, move this Court for leave to file their proposed Third Amended Complaint for Permanent Injunction and Other Equitable Relief ("TAC") pursuant to Fed. R. Civ. P. 15(a)(2). Consistent with the Court's March 19, 2021, Order on Joint Application to File Under Seal, Docket No. 280, a redacted version of the proposed TAC is filed herewith on the public docket as Attachment A, and an unredacted version of the TAC is filed under seal as Attachment B. If no opposition is filed within the time period set forth in Local Rule 7-9, Plaintiffs respectfully request that the Court vacate the above-

referenced hearing and grant the motion without a hearing.

This is the Plaintiffs' second request for leave to amend. The remaining defendants do not oppose this motion. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via email from June 24, 2021, through June 29, 2021.[1]

The TAC removes certain fraudulent transfers claims against Defendant Kaine Wen under the Federal Debt Collection Procedures Act ("FDCPA") and California Uniform Voidable Transactions Act ("UVTA") in light of the recently-entered Stipulated Judgment and Final Order as to Relief Defendant Judy Dai. Leave to amend under Rule 15 should be granted, as the amendments are proposed in good faith; will not cause any undue delay given the early stage of this proceeding; will not unduly prejudice the remaining defendants; and are not futile, as they will streamline the issues for adjudication.

## I. Background

Plaintiffs commenced this civil action on October 21, 2019, alleging violations of state and federal law against multiple corporate and individual defendants for their roles in an illegal student loan debt-relief scheme. (ECF 2.) On the same day, the Court issued a Temporary Restraining Order ("TRO"), finding that Plaintiffs were likely to succeed on the merits of their claims and appointing a receiver ("Receiver"). (ECF 24.) On November 15, 2019, the Court entered a Stipulated Preliminary Injunction ("PI"). (ECF 103.)

On February 24, 2020, Plaintiffs filed the First Amended Complaint (FAC), naming several additional defendants and relief defendants. (ECF 134.)

---

[1] Plaintiffs offered to schedule a telephonic meet and confer to discuss their motion. Opposing counsel did not respond to that offer, but confirmed they did not oppose the motion. The Bureau informed them via email on June 29, 2021, that it would construe the email chain regarding Plaintiffs' anticipated motion as the requisite meet and confer, and opposing counsel did not respond.
3
Mot. for Leave to File 3rd Amended Complaint

On April 20, 2021, Plaintiffs filed the Second Amended Complaint (SAC), adding certain allegations and claims against Defendant Wen and newly-added relief defendant Judy Dai under the FDCPA and the California UVTA. On June 14, 2021, Plaintiffs and Dai filed a Stipulation and Proposed Stipulated Judgment and Order as to Relief Defendant Judy Dai. (ECF 296, 296-1, 296-2.) On June 15, 2021, the Court entered the Stipulated Final Judgment and Order as to Relief Defendant Judy Dai. (ECF 298.)

**II. Legal Standard**

In the Ninth Circuit, leave to amend under Rule 15 is the appropriate procedure for seeking voluntary dismissal of select claims against a defendant, where dismissal will not terminate the entire action or all claims against a particular party. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687-88 (9th Cir. 2005) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988)). Rule 15(a) provides that the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has stated that "[R]ule 15's policy of favoring amendments should be applied with 'extreme liberality.'" *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574-75 (9th Cir. 2020). This liberality is not dependent on whether the amendment will add claims or parties. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). A district court should resolve a motion to amend "with all inferences in favor of granting the motion." *Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *See DCD Programs,* 833 F.2d at 187. Given these liberal standards, "'the nonmovant bears the burden of showing why amendment should not be granted.'" *Restoration Indus. Ass'n Inc. v. ThermaPure Inc.*, No. 13-CV-8523, 2014 WL 12603210, at *2 (C.D. Cal. Apr. 7, 2014) (quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)).

When considering a motion for leave to amend, courts consider several factors, including bad faith, repeated failure to cure deficiencies by amendments previously allowed,[2] undue delay, prejudice to the opposing party, and futility of the amendments. *Brown*, 953 F.3d at 574. Of these factors, the Ninth Circuit has held that prejudice to the opposing party is the strongest factor and that absent prejudice, or "a strong showing" of the other factors, a "*presumption*" exists in favor of granting the leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

### III. Argument

Because the proposed TAC is filed in good faith, will not cause undue delay or otherwise prejudice defendants, and is clearly not futile, leave to amend is appropriate.

**A. The Proposed TAC is Brought in Good Faith.**

Plaintiffs bring this motion for leave to amend in good faith, and not for purposes of delay or to avoid an adverse judgment. After filing the SAC, the Bureau and California reached a negotiated resolution of their fraudulent transfer claims against Relief Defendant Dai. (*See* ECF 298.) As a result, the Bureau and California no longer seek to void certain transfers from Wen to Dai where they expect to recover most of the value of those transfers directly from Dai. *See* 28 U.S.C. § 3307(b)(1) (providing that the United States may recover judgment for the value of the asset transferred).

Plaintiffs are still pursuing numerous claims against Wen for his violations of federal consumer financial and state laws, and continue to seek a judgment against him imposing several forms of monetary relief, including restitution, damages, and civil money penalties, for those violations. *See* TAC at

---

[2] Because Plaintiffs are not seeking leave to amend to "cure deficiencies," this factor does not apply here.

Counts I-V, VII, IX, XI, XVII-XXII. Given that Plaintiffs have settled their claims related to the specific fraudulent transfers at issue with Dai, continuing to litigate the fraudulent transfer claims against Wen is not expected to increase the overall amount of monetary relief Plaintiffs may obtain from Wen.

Plaintiffs have acted expeditiously, both in terms of informing Defendant Wen's counsel of their intent to dismiss the subject fraudulent transfer claims and in bringing this motion shortly after the Court entered the stipulated judgment against Judy Dai. (*See* ECF 299 at ¶7; ECF 298 (judgment against Judy Dai entered on June 15, 2021)).

Thus, Plaintiffs reasons for seeking leave to amend and the timing of the Plaintiffs' motion reflects good faith.

**B. Plaintiffs' Motion Will Not Cause Undue Delay.**

Granting leave to amend will not cause undue delay. Plaintiffs are filing this motion before the parties have commenced fact discovery in this case, and where no scheduling order is currently in place. *See DCD Programs*, 833 F.2d at 187. Although granting the motion will reset the responsive pleading deadline, this does not constitute undue delay given that this case is in an early stage. *See id.* at 187-88.

**C. The Proposed TAC Will Not Prejudice Defendants and Is Not Futile.**

The proposed TAC will not prejudice Wen, who instead will benefit from its narrowing of the issues that he must litigate or otherwise resolve in this action. *See Restoration Indus.*, 2014 WL 12603210, at *4. This narrowing of the issues also demonstrates that amendment would not be futile. Nor will any of the other defendants be prejudiced given that it does not implicate any claims against them (as is evident from the fact that they do not oppose the instant motion). The amendment will not delay the proceedings or necessitate more

discovery, further demonstrating that it will not prejudice the defendants. *See Owens v. Kaiser Found. Health Plan, Inc.*, 224 F. 3d 708, 712 (9th Cir. 2001) (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). Consideration of prejudice and futility thus supports granting the instant motion.

**IV. Conclusion**

For these reasons, Plaintiffs respectfully ask that the Court grant leave to file the attached TAC. A proposed order is filed herewith.

Dated: July 9, 2021                                      Respectfully submitted,

<div style="margin-left:3em">

By: <u>Sarah Preis</u>
Sarah Preis (D.C. Bar No. 997387)
(admitted *pro hac vice*)
*Enforcement Attorney*
1700 G Street NW
Washington, DC 20552
Phone: (202) 435-9319
Fax: (844) 826-5016
Email: sarah.preis@cfpb.gov

Attorney for Plaintiff
Bureau of Consumer Financial Protection

By: /s/ *M. Lynne Weaver*
M. Lynne Weaver (N.C. Bar No. 19397)
(admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Phone: (919) 716-6039
Fax: (919) 716-6050
Email: lweaver@ncdoj.gov

</div>

Attorney for Plaintiff
State of North Carolina

By: /s/ *Evan Romanoff*
Evan Romanoff (admitted *pro hac vice*)
Atty. Reg. No. 0398223
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Phone: (651) 757-1454
Fax: (651) 296-7438
Email: evan.romanoff@ag.state.mn.us

Attorney for Plaintiff
State of Minnesota

By: /s/ *Christina Tusan*
Christina Tusan,
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012
Phone: (213)-473-6908
Email: christina.tusan@lacity.org

Attorney for Plaintiff
People of the State of California

I, Sarah Preis, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *Sarah Preis*

Sarah Preis

# CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I caused true and correct copies of Plaintiffs' Notice of Motion and Motion for Leave to File Third Amended Complaint and Memorandum of Points and Authorities in Support, the redacted version of the Proposed Third Amended Complaint, and the Proposed Order to be served using the CM/ECF system, thereby sending notification of the filing to all parties in the case who are registered CM/ECF users, and by email to Michael Adler, counsel to Judy Dai, at madler@ta-llp.com.

I further certify that on July 9, 2021, I cause a true and correct copy of the unredacted version of the Proposed Third Amended Complaint to be served via email as follows:

**1. Matthew Eanet**
matt@eanetpc.com
*Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp. and Mice and Men LLC*

**2. Evan Romanoff (*Pro Hac Vice*)**
**Assistant Attorney General**
**The State of Minnesota**
evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

**3. M. Lynne Weaver (*Pro Hac Vice*)**
**North Carolina Department of Justice**
lweaver@ncdoj.gov
*Attorney for Plaintiff State of North Carolina*

**4. Christina V. Tusan, Supervising Deputy City Attorney**

**William Pletcher, Deputy City Attorney**
**Office of the City Attorney**
Christina.tusan@lacity.org
William.pletcher@lacity.org

*Attorneys for Plaintiff the People of the State of California*

I further certify that under L.R. 79-5.2, service of the unredacted version of the proposed Third Amended Complaint should not be required due to Defendant Wen's concerns regarding the confidentiality of the information contained therein. Accordingly, Plaintiffs have not served the unredacted version of the proposed Third Amended Complaint on the remaining parties in this matter.

Dated: July 9, 2021

/s/ *Sarah Preis*

Sarah Preis

*Attorney for the Bureau of Consumer Financial Protection*