EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

### 1.    PARTIES

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and between Adam Sthay and The Brea Financial Group, LLC dba Pub Club Leads (collectively, "PCL"), on the one hand, and Thomas W. McNamara, Esq., as the Court-Appointed Receiver in *Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., et al.*, U.S.D.C. (C.D. Cal.), Case No. 8:19-cv-01998-MWF (KSx) (the "Receiver"), on the other hand. For purposes of this Agreement, PCL and the Receiver are each referred to individually as a "Party" and collectively as the "Parties."

### 2.    RECITALS

2.1    On October 21, 2019, The Bureau of Consumer Financial Protection, among others, filed a lawsuit against Consumer Advocacy Center Inc. dba Premier Student Loan Center, among others, in the United States District Court for the Central District of California, initiating the lawsuit styled as *Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center, Inc.*, et al., Case No. 8:19-cv-01998-MWF (KSx) (the "Action")).

2.2    On October 21, 2019, Thomas W. McNamara, Esq. was initially appointed as receiver over the Receivership Defendants as those entities are defined in the Ex Parte Temporary Restraining Order With Asset Freeze, Appointment of Receiver and Other Equitable Relief dated October 21, 2019.

2.3    On November 15, 2019, the Court issued a Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief whereby it reaffirmed the Receiver's appointment and tasked him with, among other things, identifying, preserving, and recovering assets of the receivership estate.

2.4    Certain disputes and controversies have arisen among the Parties with regard to PCL's receipt of certain monies from the receivership estate.  The Parties' respective claims, allegations, assertions, and defenses, and each of them, shall constitute the "Dispute."

2.5    Without any admission of liability by any of the Parties and without conceding the respective positions of any of the Parties, the Parties desire to settle and dispose of, fully and completely, the Dispute.

2.6    Therefore, in consideration of the mutual covenants set forth herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree to the settlement of the Dispute on the terms and conditions below, all of which shall be considered material to this Agreement.

### 3.    EFFECTIVE DATE

3.1    The "Effective Date" of this Agreement is the date on which the last Party signs this Agreement.

Exhibit 1
Page 3

4.      **SETTLEMENT CONTINGENCY**

4.1      Although this Agreement follows a good faith, arm's length pre-litigation private mediation before Charles H. Dick, Jr., Esq. on July 28, 2021, this Agreement is not binding on the Parties unless and until the District Court in the Action enters an order approving of the Agreement.

4.2      Within seven (7) days of the Effective Date, the Receiver shall file a motion in the Action seeking the District Court's approval of this Agreement.  The Parties shall take all reasonably necessary actions that may become necessary to secure a prompt and favorable determination by the District Court.

4.3      In the event that the District Court does not approve of this Agreement, the Parties shall meet and confer and make all reasonably necessary changes to the Agreement, provided that the changes remain consistent with the Settlement Amount and Related Terms identified in Section 5, and then promptly reapply for a approval.

4.3.1    The Parties' obligations under Section 4.3 shall continue until the Parties' reasonably determine that material changes to the Settlement Amount and Related Terms identified in Section 5 are required in order to secure approval of the Agreement.  In such an event, the Parties shall have the option to continue settlement negotiations or declare an impasse, in which event this Agreement and all exhibits hereto are null and void.

4.4      In the event that the District Court approves of this Agreement, the "Approval Date" shall be 30 days following the District Court's order of approval provided that no appeal has been filed beforehand.  In the event an appeal is filed within 30 days of the District's Court's order of approval, the "Approval Date" shall be the date the order becomes final and not subject to any further appeals.

5.      **SETTLEMENT AMOUNT AND RELATED TERMS**

5.1      Within seven (7) days of the Effective Date, and as a condition to the receipt of any monies described in this Agreement, the Receiver shall provide PCL with a valid W9.

5.2      In consideration for the promises made in this Agreement, the Receiver covenants and agrees not to sue PCL for any claims subject to the Releases provided in Section 6.

5.3      In consideration for the promises made in this Agreement and in full payment of any monies due, PCL shall cause to be paid to the Receiver $675,000 in United States currency as follows:

5.3.1    $600,000 shall be paid within fifteen (15) days of the Approval Date.

5.3.2    $75,000 shall be paid in ten (10) equal monthly installments of $7,500, with the first payment to be made within fifteen (15) days of the Approval Date, and the remaining nine (9) monthly payments to be made on the 1st of each month that follows.

Exhibit 1
Page 4

5.3.3    All payments from PCL's insurer are to be made by check and payments from PCL are to be made by wire or cashier's check payable to "SLAM Receivership", and delivered via overnight mail to McNamara Smith LLP, Attn: Jill Jacobs, 655 West Broadway, Suite 900, San Diego, CA 92101.

5.4      In consideration of and as security for the promises made in this Agreement, PCL shall provide the Receiver with a promissory note in the amount of $75,000, bearing 10% interest per annum on all unpaid amounts, which interest is waived upon timely payment of the payments described in Section 5.3.2, which promissory note is attached hereto as <u>Exhibit A</u> (the "Note").

5.5      In consideration of and as security for the promises made in this Agreement, PCL shall provide the Receiver with a Confession of Judgment and an Attorney's Certificate in the forms attached hereto as <u>Exhibit B</u>, which Confession of Judgment and Attorney's Certificate shall not be filed unless an Event of Default occurs as such term is defined in Section 2 of the Note.

5.6      In the event that the Receiver's right to file <u>Exhibit B</u> vests pursuant to this Agreement, the Receiver may, upon twenty-four (24) hour notice to PCL and its counsel, Gary K. Brucker, Jr., Esq., and subject to the terms of the Confession of Judgment, file the Confession of Judgment and Attorney's Certificate attached to this Agreement as <u>Exhibit B</u> and appear *ex parte* in the Action to have Judgment entered.  PCL waives its right to assert any procedural or substantive defenses and/or objections to the entry of judgment, other than a claim that it has complied with its obligations under this Agreement, or a claim that the Receiver is not entitled to entry of judgement under the terms of this Agreement.

5.7      In consideration for the promises made in this Agreement, PCL shall provide an assignment of its rights, title, and interest in all claims PCL might have under an insurance policy as described in and in the form of the assignment agreement attached hereto as <u>Exhibit C</u> .  In connection therewith, PCL shall additionally furnish the Receiver with any requested non-privileged documentation regarding PCL's potential claims against such insurer and, if requested, reasonably cooperate with the Receiver if he chooses to pursue such claims.

5.8      In consideration for the promises made in this Agreement, PCL shall provide the Receiver with reasonable cooperation with regards to the Receiver's investigation of claims related to the Action and to the separate matter of *Federal Trade Commission v. American Financial Support Services Inc., et al.* U.S. District Court (C.D. Cal.) Case No. 8:19-cv-02109-JWH (ADSx).

5.9      Other than as expressly provided herein, each of the Parties shall bear their respective attorney fees and costs.

## 6.    RELEASES

6.1      In consideration of the Agreement and terms contained herein, and contingent upon the Court's approval of this Agreement and PCL's satisfaction of their obligations under this Agreement, the Parties mutually release and forever discharge each other, and their parent, subsidiary companies and each of their officers, directors, agents, shareholders, partners, insurers

- 3 -

Exhibit 1
Page 5

(except with regards to the assignment provided for in Section 5.7), heirs, relatives, representatives, employees, successors, assigns, and attorneys from all acts, occurrences, costs, proceedings, obligations, claims, debts, demands, and liabilities, and any and all other claims of every kind, nature, and description whatsoever, both in law and equity, whether known or unknown, whether suspected or unsuspected, whether accrued or un-accrued, whether now or heretofore existing, whether premised on contract, statute, tort or other theory of recovery, for any compensatory, punitive, penalty, statutory, contract or tort damages, including without limitation, claims that were or could have been asserted in, the Dispute.  This release shall not apply to any of PCL's third-party subcontractors or sub-vendors who may have been involved with acts or omissions related to the Action.

      6.2     Except as expressly provided herein, all rights under Section 1542 of the California Civil Code are expressly waived by the Parties, who have read Section 1542 of the California Civil Code, and understand that it provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties expressly waive and relinquish every right or benefit they may have under Section 1542 of the California Civil Code arising out of or related to the facts, transactions, or occurrences alleged in the Dispute to the fullest extent possible.  In connection with this waiver, the Parties acknowledge that they are aware that facts may hereafter be discovered in addition to or different from those now known or believed to be true with respect to this release, but that it is the intention of the Parties to hereby fully, finally and forever release and discharge each other, and thus this release shall remain in effect as a full and complete release notwithstanding the later discovery or existence of any such additional or different facts.

## 7.    MUTUAL REPRESENTATIONS AND WARRANTIES

      Each of the Parties to this Agreement represents, warrants, and agrees as follows:

      7.1     Each Party has received independent legal advice from their attorney with respect to the rights, obligations, and advisability of entering into the settlement pursuant to this Agreement and with respect to the rights, obligations, and advisability of executing this Agreement.  Each Party hereto declares that it has fully reviewed this Agreement prior to signing it, knows and understands its contents, and that it has executed this Agreement voluntarily.

      7.2     Each Party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as it deems necessary.

      7.3     Each person executing this Agreement on behalf of the respective Parties warrants that he, she, or it is empowered to do so and thereby binds his, her, or its respective Party.

Exhibit 1
Page 6

7.4     Each person executing this Agreement on behalf of the respective Parties warrants that he, she, or it has not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, and cause or causes of action disposed of herein.

7.5     Each Party acknowledges that no other person, nor any attorney of any other person, has made any promise, representation or warranty whatsoever, expressed or implied, not contained herein, concerning the subject matter hereof, to induce the Parties to execute or authorize the execution of this Agreement, and acknowledges that it has not executed or authorized the execution of this Agreement in reliance upon any such promise, representation or warranty not contained herein.  No Party relies upon any statement of any other Party in executing this Agreement, except as expressly stated herein.

7.6     This Agreement effects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other party.  Each of the Parties hereto denies any liability in connection with any claim and intends merely to avoid litigation and buy its peace.  This Agreement shall not be admissible as evidence in any proceeding other than a proceeding to enforce an obligation of a Party hereto.

## 8.     NON-PUBLICITY AND NON-DISPARAGEMENT

8.1     The Parties agree not to originate any publicity, news release, or other public announcements, written or oral, whether to the public press or otherwise, relating to the other Party, this Agreement, the attachments hereto, performance hereunder, or the existence of an arrangement between the Parties without the prior written approval of the other Party.

8.1.1     Nothing in Section 8.1 shall prohibit the Parties from seeking District Court approval of this Agreement pursuant to Section 4 of this Agreement or the Receiver pursuing the claims assigned to him as described in Section 5.7 of this Agreement.

8.1.2     Nothing in Section 8.1 shall prohibit the Parties from making such disclosures or announcements that are legally required of such Party or necessary for the Receiver to perform his duties in the Action, including but not limited to filing periodic status reports and providing accountings for the Court.

8.2     The Parties agree not to make to any person or entity any statements, written, verbal, electronic, or otherwise, or cause or encourage others to make any such statements, that defame, disparage, or in any way criticize the reputation, practices, or conduct of the Parties.

8.3     The Parties agree that a breach of sections 8.1 and/or 8.2 of this Agreement would injure the Parties irreparably and in a way that could not be adequately measured by damages. Consequently, the Parties agree that any breach of sections 8.1 and/or 8.2 of this Agreement entitles the injured Party to injunctive relief.

Exhibit 1
Page 7

## 9.     MISCELLANEOUS

9.1     This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereto shall be construed and enforced in accordance with and governed by the laws of the State of California.

9.2     This Agreement is the complete and entire agreement and mutual release by and among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreement(s), representation(s), negotiation(s), and/or discussion(s).  This Agreement shall not be modified by any Party by any oral representation(s) made before or after the Effective Date of this Agreement.  This Agreement may be amended or modified only by an agreement in writing signed by the Parties.  Any amendment(s) or modification(s) must be in writing and signed by the party or a duly authorized representative of the Party against whom such amendment(s) or modification(s) is/are sought to be enforced.

9.3     This Agreement is binding upon and shall inure to the benefit of the Parties hereto, their respective officers, directors, agents, parents, subsidiaries, shareholders, partners, insurers, heirs, relatives, representatives, affiliates, employees, successors, assigns, and attorneys.

9.4     Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of the Agreement, the same shall not be construed against any Party.

9.5     The Parties agree, for their respective selves, principals, agents, representatives, employees, attorneys, successors and assigns, that they will abide by the terms of this Agreement, which terms are meant to be contractual, and further agree that they will do such acts and prepare, execute, file, and/or deliver such documents as may be required in order to carry out the purposes and intent of this Agreement.  The Parties to this Agreement shall use their best efforts, including all efforts that may become necessary by order of the Court or otherwise, to effectuate this Agreement and its terms.

9.6     Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall (to the full extent permitted by law) not invalidate or render unenforceable such provision in any other jurisdiction.

9.7     Any notices required or permitted to be given pursuant to this Agreement shall be given in writing to the Parties and their respective counsel and shall be delivered via email.  For purposes of notifying the Receiver, PCL should notify the following:

Thomas McNamara, Esq.
McNamara Smith LLP
tmcnamara@mcnamarallp.com

And

Exhibit 1
Page 8

Andrew Greene, Esq.
McNamara Smith LLP
agreene@mcnamarallp.com

For purposes of notifying PCL, the Receiver should notify the following:

Adam Sthay
The Brea Financial Group, LLC dba Pub Club Leads
adams@pubclubleads.com

And

Gary K. Brucker, Jr., Esq.
Lewis Brisbois Bisgaard & Smith LLP
gary.brucker@lewisbrisbois.com

    9.8    This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  Signatures may be transmitted by facsimile or electronically via PDF and will have the same force and effect as an original.

**READ CAREFULLY BEFORE SIGNING.**

**Thomas W. McNamara, not individually, but solely as court-appointed Receiver in** *Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., et al.***, U.S.D.C. (C.D. Cal.), Case No. 8:19-cv-01998-MWF (KSx)**

Dated: _____8/3_____, 2021    By: _____
                                        Thomas W. McNamara

**Adam Sthay**

Dated: _____, 2021    By:_____
                                          Adam Sthay

**The Brea Financial Group, LLC dba Pub Club Leads**

Dated: _____, 2021    By:_____
                                          Adam Sthay, its Manager

Exhibit 1
Page 9

Andrew Greene, Esq.
McNamara Smith LLP
agreene@mcnamarallp.com

For purposes of notifying PCL, the Receiver should notify the following:

Adam Sthay
The Brea Financial Group, LLC dba Pub Club Leads
adams@pubclubleads.com

And

Gary K. Brucker, Jr., Esq.
Lewis Brisbois Bisgaard & Smith LLP
gary.brucker@lewisbrisbois.com

9.8     This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  Signatures may be transmitted by facsimile or electronically via PDF and will have the same force and effect as an original.

**READ CAREFULLY BEFORE SIGNING.**

**Thomas W. McNamara, not individually, but solely as court-appointed Receiver in** *Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., et al.***, U.S.D.C. (C.D. Cal.), Case No. 8:19-cv-01998-MWF (KSx)**

Dated: _____, 2021        By:_____
                                                Thomas W. McNamara

**Adam Sthay**

Dated: _____, 2021        By:_____
                                                Adam Sthay

**The Brea Financial Group, LLC dba Pub Club Leads**

Dated: _____, 2021        By:_____
                                                Adam Sthay, its Manager

- 7 -

Exhibit 1
Page 10

**APPROVED AS TO FORM:**

                                     **McNAMARA SMITH LLP**

Dated: _August 2_, 2021            By:_____
                                  Andrew Greene, Esq.

Attorneys for Thomas W. McNamara

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Dated: _____, 2021       By:_____
                                  Gary K. Brucker, Jr., Esq.

Attorneys for Adam Sthay and The Brea Financial
Group, LLC dba Pub Club Leads

- 8 -

Exhibit 1
Page 11

**APPROVED AS TO FORM:**

**McNAMARA SMITH LLP**

Dated: _____, 2021          By:_____
                                               Andrew Greene, Esq.

                                         Attorneys for Thomas W. McNamara

                                         **LEWIS BRISBOIS BISGAARD & SMITH LLP**

Dated: ___8/4___, 2021          By:_____
                                               Gary K. Brucker, Jr., Esq.

                                         Attorneys for Adam Sthay and The Brea Financial
                                         Group, LLC dba Pub Club Leads

- 8 -

Exhibit 1
Page 12

# EXHIBIT A

Exhibit 1
Page 13

**PROMISSORY NOTE**

$75,000.00                                                                                         _____, 2021

Orange County, California

        FOR VALUE RECEIVED, the undersigned, Adam Sthay, an individual ("Sthay") and The Brea Financial Group, LLC dba Pub Club Leads, a California limited liability corporation ("Brea" and collectively with Sthay, "Pub Club"), jointly and severally promise to pay Thomas W. McNamara, in his capacity as a Court-appointed Receiver in that certain litigation filed on or about October 21, 2019 by the Bureau of Consumer Financial Protection ("CFPB"), entitled *Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center* et al., USDC Case No. 8:19-cv-01998-MWF (KSx) (the "Receiver") the sum of Seventy-Five Thousand Dollars ($75,000.00) (the "Obligation") on or before the Maturity Date (defined below), in the manner and at the times set forth below in this Promissory Note (the "Note").   This Note is entered into pursuant to that certain Settlement Agreement and Release of Claims, dated evenly herewith, between Pub Club and the Receiver (the "Settlement Agreement"). The Obligation is secured as more fully set forth in the Settlement Agreement.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Settlement Agreement.   The terms, covenants, conditions and agreements contained in the Settlement Agreement are hereby made a part hereof to the same extent and effect as if the same were fully set forth herein.

        1.      Term and Payments.  Commencing 15 days after the Approval Date as that term is defined in the Settlement Agreement and continuing on the 1st of each month thereafter for a total of 9 months (the "Maturity Date"), Pub Club shall pay the Receiver 10 equal monthly installments in the amount to Seven Thousand Five Hundred Dollars ($7,500).

        2.      Interest After Uncured Default:  In the event of a default (as described below), interest shall accrue on all unpaid amounts of the Obligation at the rate of 10% per annum until paid in full.  However, no interest shall accrue on the Obligation if Pub Club remits all required monthly installment payments per the terms of the Note.

        3.      Events of Default.  The following shall constitute an "Event of Default" under this Note : (i) if any installment under this Note is not paid when due and Pub Club fails to cure by ensuring that payment, along with any waived interest, is received within 15 days of written notice of the breach; or (ii) the commencement by both Brea and Sthay or both of their respective creditors of any bankruptcy, insolvency, reorganization, receivership, or liquidation case, action, or proceeding or any other proceedings for relief under any bankruptcy law or any other law for the relief of debtors or affecting the rights of creditors generally.

        4.      Remedies.  Upon the occurrence of an Event of Default, at the option of the Receiver, the entire balance of the Obligation, and all other amounts payable by Pub Club under this Note, without demand or notice, immediately become due and payable, and the Receiver shall have all rights and remedies available to it under this Note and the Settlement Agreement, at law and in equity.  No delay or omission on the part of the Receiver in exercising any right under this Note or Settlement Agreement shall operate as a waiver of such right.  No course of dealing and no delay on the part of the Receiver in exercising any right, power, or remedy shall operate as a

1

Exhibit 1
Page 14

waiver thereof or otherwise prejudice the Receiver's rights, powers, or remedies.  No right, power, or remedy conferred by this Note shall be exclusive of any other right, power, or remedy referred to herein, now or hereafter available at law, in equity, by statute, or otherwise.

5.     <u>Waivers</u>.  Pub Club hereby waives and renounces presentment, protest, demand and notice of dishonor and any and all lack of diligence or delay in collection or endorsement hereof, and expressly consents to any extension of time, release of any party liable for this obligation, release of any security which may have been or which may hereafter be granted in connection herewith, or any other indulgence or forbearance which may be made without notice to Pub Club and without in any way affecting the liability of Pub Club.

6.     <u>Severability</u>.  Any provision of this Note deemed invalid or prohibited by a competent court or adjudicative body in any jurisdiction shall, as to such jurisdiction, be ineffective and severable from the rest of the Note to the extent of such invalidity or prohibitions, without impairing or affecting in any way the validity of any other provision of the Note in that jurisdiction or any of the Note's provisions in other jurisdictions.  The parties agree to replace any provision deemed ineffective pursuant to this <u>Section 5</u> with an effective provision which as closely as possible corresponds to the spirit and purpose of such ineffective provision and the affected Note, as a whole.

7.     <u>Further Assurances</u>.  At any time and from time to time upon the request of the Receiver, the Pub Club shall execute and deliver such further documents and instruments and do such other acts as the Receiver may reasonably request in order to effect fully the purposes of this Note or to provide for the payment of the Note in accordance with the terms hereof.

8.     <u>Amendments and Waivers</u>.  No amendment or waiver of any provision of this Note, or consent to any departure by Pub Club therefrom, shall be effective unless it is in writing and signed by the Receiver.  A waiver or consent granted pursuant to this <u>Section 7</u> shall be effective only in the specific instance and for the specific purpose for which it is given.

9.     <u>Successors and Assigns; No Third-Party Beneficiaries</u>.  This Note shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.  Pub Club shall not have the right to assign their respective rights or interests, or delegate their respective duties or obligations under this Note.  Any unauthorized assignment or delegation shall be void *ab initio*.  This Note is intended to be solely for the benefit of the parties hereto and their respective successors and permitted assigns and is not intended to and will not confer any rights or benefits on any third party.  The obligations of Pub Club under this Note are joint and several.

10.     <u>Costs and Attorney's Fees</u>.  In the event of any default on the part of Pub Club under this Note, Pub Club shall pay any and all reasonable out-of-pocket costs incurred by the Receiver in connection with the cure of such default and the evaluation of its rights and remedies hereunder and actions taken by or on behalf of the Receiver with a view to enforcing the provisions of this Note.

11.     <u>Governing Law</u>.  This Note shall be governed by, and construed in accordance with, the laws of the State of California without regard to principles of conflicts of law.  All parties

Exhibit 1
Page 15

consent to the jurisdiction of the United States District Court for the Central District of California
for any action arising under this Note.

13.     Time is of the Essence.  Time is of the essence with respect to each of the Pub Club'
obligations under this Note.

13.     Notices.  All notices or other communications hereunder provided for herein shall
be in writing and shall be delivered by email as set forth below:

|  |  |
|---|---|
| **If to Receiver:** | Thomas W. McNamara, Receiver |
| | Email: tmcnamara@mcnamarallp.com |
| **With a Copy To:** | Andrew M. Greene, Esq. |
| | E-mail:  agreene@mcnamarallp.com |
| **If to Pub Club:** | Adam Sthay |
| | E-mail: adams@pubclubleads.com |
| **With a Copy To:** | Gary K. Brucker, Jr., Esq. |
| | E-mail: gary.brucker@lewisbrisbois.com |

IN WITNESS WHEREOF, Pub Club has executed this Note as of the Effective Date.


ADAM STHAY, IN HIS INDIVIDUAL CAPACITY



_____
Adam Sthay

BREA FINANCIAL GROUP, LLC DBA PUB CLUB LEADS



_____
By: Adam Sthay
Its: Manager

3

Exhibit 1
Page 16

# EXHIBIT B

Exhibit 1
Page 17

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   THOMAS W. MCNAMARA, as the              Case No.
     Court-Appointed Receiver for True Count
12   Staffing Inc., d/b/a SL Account          **CONFESSION OF JUDGMENT**
     Management, Prime Consulting LLC,
13   d/b/a Financial Preparation Services, TAS
     2019 LLC d/b/a Trusted Account Services,
14   First Priority LLC, and Horizon
     Consultants LLC, and their successors,
15   assigns, affiliates, or subsidiaries,

16                    Plaintiff,

17           v.

18   ADAM STHAY and THE BREA
     FINANCIAL GROUP, LLC dba PUB
19   CLUB LEADS, a California corporation,

20                    Defendants.

21

22

23

24

25

26

27

28

The undersigned, ADAM STHAY and THE BREA FINANCIAL GROUP, LLC dba PUB CLUB LEADS (collectively, "Defendants"), do hereby confess judgment in favor of the Plaintiff THOMAS W. MCNAMARA, the Court-Appointed Receiver for True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a Financial Preparation Services, TAS 2019 LLC d/b/a Trusted Account Services, First Priority LLC, and Horizon Consultants LLC, and their successors, assigns, affiliates, or subsidiaries ("Plaintiff") in the principal sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) less any payments previously made in the amount of $_____ and in addition to 10% interest on all unpaid amounts in amount of $_____ as of today's date and increasing by $_____ per day until paid in full, and do hereby authorize the Clerk of the United States District Court for the Central District of California to enter judgment in the above-referenced judgment amount in favor of the Plaintiff based upon and pursuant to the terms of this Confession of Judgment.

The purpose of this Confession is to provide Plaintiff with a means to enforce payment by Defendants of money justly due and owing to Plaintiff in the event Defendants fail to make payment as required by the parties' agreement described more fully below.

Accordingly, Defendants hereby confess and agree pursuant to California Code of Civil Procedure §§ 1132-1134, and Plaintiff hereby agrees as follows:

Defendants admit and acknowledge that the sums set forth herein are to be paid to Plaintiff and constitute a security for the payment of an agreed upon amount to Plaintiff, without any admission of wrongdoing, fault, or waiver of any rights of Defendants, and as such, if not paid become a valid debt under the laws of the State of California and are not subject to any defense or counterclaim.

Defendants have agreed, among other things, to pay Plaintiff the sum of $75,000.00 as more specifically described in the Settlement Agreement and the

Promissory Note dated evenly herewith.  This Confession of Judgment is intended as security for such payment.

This Confession of Judgment is made with the understanding that Plaintiff shall not file, record or execute upon this Confession of Judgment unless Defendants fail to make all payments required under the Promissory Note. Plaintiff will return this Confession of Judgment to Defendants' Attorneys upon Defendants payment of all sums due and owing under the Promissory Note.

In the event of default on the Promissory Note (as described therein), Plaintiff may immediately file this Confession of Judgment by way of a noticed *ex parte* hearing against Defendants with the United States District Court for the Central District of California, accompanied by a certificate from Defendants' counsel as required by California Code of Civil Procedure §§ 1132(b) and 1133. Defendants further agree that once this Confession of Judgment is filed, Plaintiff shall be free to record and execute upon this Confession of Judgment immediately and that Plaintiff shall have all rights and remedies allowed by law as judgment creditor to collect such principal and/or interest, and attorneys' fees and costs incurred in the collection of this Confession of Judgment.

Dated: _____, 2021          ADAM STHAY

                                By:_____
                                   Adam Sthay


Dated: _____, 2021          THE BREA FINANCIAL GROUP, LLC
                                dba PUB CLUB LEADS

                                By:_____
                                   The Brea Financial Group, LLC dba
                                   Pub Club Leads

                                Title:_____

CONFESSION OF JUDGMENT

1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT

9
CENTRAL DISTRICT OF CALIFORNIA

10

11    THOMAS W. MCNAMARA, as the           Case No.
      Court-Appointed Receiver for True Count
12    Staffing Inc., d/b/a SL Account       **ATTORNEY CERTIFICATE RE:**
      Management, Prime Consulting LLC,     **CONFESSION OF JUDGMENT**
13    d/b/a Financial Preparation Services, TAS
      2019 LLC d/b/a Trusted Account Services,
14    First Priority LLC, and Horizon
      Consultants LLC, and their successors,
15    assigns, affiliates, or subsidiaries,

16                   Plaintiff,

17          v.

18    ADAM STHAY and THE BREA
      FINANCIAL GROUP, LLC d/b/a PUB
19    CLUB LEADS, a California corporation,

20                   Defendants.

21

22

23

24

25

26

27

28

I, Gary K. Brucker, Jr., whose address is 550 West C Street, Suite 1700, San Diego, California 92101, do hereby certify that I am an attorney at law duly admitted and qualified to practice law in the State of California.

I independently represent Adam Sthay and The Brea Financial Group, LLC d/b/a Pub Club Leads ("Defendants") whose confession of judgment in favor of Thomas W. McNamara, as the Court-Appointed Receiver for True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a Financial Preparation Services, TAS 2019 LLC d/b/a Trusted Account Services, First Priority LLC, and Horizon Consultants LLC, and their successors, assigns, affiliates, or subsidiaries ("Plaintiff") has been executed. Prior to the execution of such confession of judgment I had fully and completely advised Defendants with respect to their rights in connection with the matter and the effect and procedure with regard to the entry of such a confession of judgment, including the waiver of all rights in connection therewith including all defenses which they may have in connection with the transaction and the execution of the confession of judgment.

I further certify that following the explanation, Defendants indicated comprehension of the advice, rights, the waiver thereof and defenses thereto and were agreeable to the execution of the confession of judgment and thereafter I advised that such confession of judgment be executed.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Dated: _____, 2021        By:_____
                                      Gary K. Brucker, Jr.
                                      Lewis Brisbois Bisgaard & Smith, LLP
                                      550 West C Street, Suite 1700
                                      San Diego, CA 92101
                                      Tel.: 619-699-4917
                                      Gary.Brucker@lewisbrisbois.com

# EXHIBIT C

Exhibit 1
Page 23

## ASSIGNMENT OF RIGHTS, CLAIMS, AND CAUSES OF ACTION

The Brea Financial Group, LLC dba Pub Club Leads and Adam Sthay (collectively "Brea" for purposes of convenience) does hereby assign all of their rights and causes of action against Federal Insurance Company ("Chubb") arising out of Brea's relationship with one or more of the defendants in the matter of *Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.*, Case No. 8:19-cv-01998-MWF (KSx) pending in the United States District Court for the Central District of California (the "Action") to Thomas W. McNamara, the Court-Appointed Receiver in the Action (the "Receiver"), as more fully set forth below.

WHEREAS, Brea Financial Group, LLC dba Pub Club Leads was, at all times relevant herein, the provider of certain marketing and customer leads services for the defendants in the Action.

WHEREAS, Chubb issued a Forefront Portfolio 3.0$^{SM}$ policy, a claim first made policy number 8260-0671, to The Brea Financial Group, LLC as the first named insured with a policy period of August 19, 2020 to August 19, 2021, which included Director & Officers and Entity Liability coverage (the "Policy").

WHEREAS, the Receiver has alleged certain claims against Brea relating to the marketing and customer leads services provided by Brea Financial Group, LLC dba Pub Club Leads and its relationship with the defendants in the Action.

WHEREAS, such claims were made by the Receiver and tendered by Brea to Chubb during the policy period and Chubb has not responded or otherwise denied coverage for such claims.

WHEREAS, Chubb has erroneously, unreasonably, and wrongfully denied coverage and refused to defend and/or indemnify Brea for any of the damages alleged by the Receiver, notwithstanding that the Policy clearly provides for coverage for such claims.

THEREFORE, Brea does hereby assign all of its rights and causes of action against Chubb arising out of their relationship with the defendants in the Action, to the Receiver including, but not limited to:

> All policy benefits under the Policy arising from the Receiver's claims alleged against Brea;

> All of Brea's claims for damages caused by or resulting from Chubb's unreasonable failure to provide policy benefits;

> All of Brea's claims for attorneys' fees, prejudgment interest, and costs of suit, if any; and

### [REMAINDER OF PAGE INTENTIALLY LEFT BLANK]

Exhibit 1
Page 24

Such other claims and relief that exist and may be assignable against Chubb, including but not limited to the right to recovery of attorney's fees pursuant to *Essex Ins. Co. v. Five Star Dye House* (2006) 38 Cal.4th 1252.

Dated: _____, 2021          **BREA FINANCIAL GROUP, LLC DBA PUB CLUB LEADS**

_____
By: Adam Sthay
Its: President/Authorized Signatory

_____
Adam Sthay

2

Exhibit 1
Page 25