EANET, PC
Matthew L. Eanet (SBN 227490)
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone:   310-775-2495
Facsimile:   310-593-2589x
matt@eanetpc.com

Attorney For Defendant Kaine Wen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney, <br><br>                     Plaintiff, <br><br>          vs. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson, <br><br>                     Defendants, and <br><br> Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, | Case No. SACV 19-1998-MWF(KSx) <br><br> **DEFENDANT KAINE WEN'S NOTICE OF MOTION AND MOTION TO (1) DISMISS CERTAIN CAUSES OF ACTION OF THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); AND (2) STRIKE CERTAIN ALLEGATIONS OF SAME PURSUANT TO FED. R. CIV. P. 12(f);** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES;** <br><br> **DECLARATION OF MATTHEW L. EANET** <br><br> **[[Proposed] Order filed concurrently herewith]** <br><br> Date:         September 27, 2021 <br> Time:         10:00 a.m. <br> Judge:        Hon. Michael W. Fitzgerald <br> Ctrm:         5A (remote) |

1

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

1    LLC; Sarah Kim, and Anan Enterprise,
2    Inc.,

3                    Relief Defendants.

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD
AMENDED COMPLAINT**

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 27, 2021 at 10:00 a.m., before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the Federal District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendant Kaine Wen, by and through his counsel of record, will and hereby does move this Honorable Court, with respect to the Third Amended Complaint ("**TAC**") brought by Plaintiffs Bureau of Consumer Financial Protection ("**CFPB**"), the State of Minnesota ("**Minnesota**"), the State of North Carolina ("**North Carolina**"), and The People of The State of California ("**California**") (together with Minnesota and North Carolina, "**States**") to (1) dismiss certain causes of action of the TAC pursuant to Fed. R. Civ. P. 12(b)(6) (or in the alternative Fed. R. Civ. P. 12(b)(1)); and (2) strike certain allegations of same pursuant to Fed. R. Civ. P. 12(f).

This Motion is brought on the following grounds:

1.     The States' claims for relief against Mr. Wen in Counts 1 - 3 and 5 should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to state a claim upon which relief can be granted.  Counts 1 - 3 and 5 seek relief based on the same alleged violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("**Telemarketing Act**"), 15 U.S.C. §§ 6101-6108, and its implementing regulation, the Telemarketing Sales Rule ("**TSR**" or the "**Rule**"), 16 C.F.R. Part 310, that is the subject of the same claims by the CFPB in this lawsuit.  The States are prohibited from bringing duplicative claims under the Telemarketing Act, 15 U.S.C. § 6103(d) which provides that "[w]henever a civil action has been instituted by or on behalf of . . . the Bureau of Consumer Financial Protection for violation of any rule prescribed under section 6102 of this title, no State may, during the pendency of such action . . . institute a civil action . . . against any defendant named in the complaint in such action for

violation of any rule as alleged in such complaint." The States' claims against Mr. Wen, contained in Counts 1 - 3 and 5, improperly attempt to "piggyback" on claims that have already been brought by CFPB against Mr. Wen and must accordingly be dismissed as a matter of law.

2.     Counts 17-22 of the TAC, which allege violations of state law by the States, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to state a claim upon which relief can be granted; or in the alternative, pursuant to Fed. R. Civ. P. 12(b)(1) because of a lack of subject matter jurisdiction. The States are prohibited from pleading around the bar contained in 15 U.S.C. § 6103(d) by using the same allegations as the CFPB to allege violations of their respective state laws by Mr. Wen. Alternatively, the Court should decline to continue to exercise its discretionary supplemental jurisdiction over the States' state law claims and dismiss Counts 17 - 22 brought by the States under their respective state laws against Mr. Wen.

3.     Pursuant to Fed. R. Civ. P. 12(f), the Court should strike certain portions of the TAC and the TAC's prayer for relief which seek disgorgement and restitution against Mr. Wen, jointly and severally, of monies paid by consumers. The relief requested in the TAC improperly seeks to preclude deduction of legitimate business expenses, improperly seeks to impose joint and several liability against Mr. Wen, and improperly seeks from Mr. Wen monies that he never received. *See Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020). The language to be stricken from the TAC is as follows:

> a.   ¶ 17, Page 6, lines 23-25: "rendering each jointly and severally liable for the illegal acts of the Student Loan Debt Relief Companies";
>
> b.   ¶ 230, Page 30, lines 17-18: "Wen was liable for, jointly and severally with other defendants in this action, millions of dollars";

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

c.  ¶ 231, Page 30, line 27 – Page 31, line 2:  "Wen was also subject to potential joint and several liability for millions of dollars in statutory restitution orders and mandatory civil penalties per unlawful act or practice under the UCL, as alleged in Count XXII.";

d.  ¶ 254, Page 34, lines 1-3:  "Wen was liable for, jointly and severally with other defendants in this action, tens of millions of dollars to the Bureau and the States based on violations of the CFPA and TSR";

e.  ¶ 255, Page 34, lines 11-13:  "Wen was also subject to potential joint and several liability for millions of dollars in statutory restitution orders and mandatory civil penalties per unlawful act or practice under the UCL, as alleged in Count XXII.";

f.  ¶ 359, Page 52, lines 10-13:  "Wen is subject to, jointly and severally with other defendants in this action, a claim for a debt to the Bureau in excess of $100 million, including for damages, restitution, disgorgement, and civil money penalties for violations of the CFPA and TSR.";

g.  ¶ 364, Page 54, lines 10-13:  "Wen is subject to, jointly and severally with other defendants in this action, a claim for a debt to the Bureau in excess of $100 million, including for damages, restitution, disgorgement, and civil money penalties for violations of the CFPA and TSR.";

h.  ¶ 369, Page 55, lines 13-16:  "Wen's liability to the Bureau and the States, jointly and severally with other defendants in this action, exceeds $100 million, including for damages, restitution,

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

disgorgement, and civil money penalties for violations of the
CFPA, TSR, and UCL.";

    i.  ¶ 374, Page 57, lines 16-19:  "Wen's liability to the Bureau and
the States, jointly and severally with other defendants in this
action, exceeds $100 million, including for damages, restitution,
disgorgement, and civil money penalties for violations of the
CFPA, TSR, and UCL. Counts I-III, V, VII, IX, XI, and XXII.";
and

    j.  ¶ 426(e), Page 76, lines 24-25: "refund of monies paid, restitution,
disgorgement".

This Motion is based on this Notice, the attached Memorandum of Points
and Authorities and Declaration of Matthew L. Eanet, the Court's file in this
action, and on such argument that is made at the time this Motion is heard.

This motion is made following the conference of counsel pursuant to L.R.
7-3, which took place on Friday June 11, 2021 via telephone.  *See* attached
Declaration of Matthew L. Eanet dated August 19, 2021.

Dated:  August 19, 2021          EANET, PC

                        By: /s/ Matthew L. Eanet
                           Matthew L. Eanet
                        Attorneys for Defendant Kaine Wen

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

# **Table of Contents**

I.     INTRODUCTION ......................................................................................... 1

II.    APPLICABLE LEGAL STANDARD ......................................................... 3

III.   ARGUMENT ................................................................................................ 5

    A.    The States' Claims for Relief Against Mr. Wen in Counts 1 - 3
        and 5 Should be Dismissed. ................................................................. 5

    B.    The States' Claims for Relief in Counts 17 - 22 Against Mr. Wen
        Should be Dismissed. .......................................................................... 8

        1.    The States May Not Plead Around Section 6103(d) By
             Repurposing the Allegations as Violations of State Law. .......... 8

        2.    The Court Should Decline to Exercise Supplemental
             Jurisdiction Over the States' Claims Brought Under State
             Law. .................................................................................... 10

    C.    The Claims by the CFPB and the States for "Disgorgement",
        "Restitution" and "Joint And Several Liability" Must be Stricken
        Under *Liu v. SEC* and Its Progeny. ................................................... 13

    D.    This Motion Should be Granted Without Leave to Amend. ............... 19

IV.    CONCLUSION ........................................................................................... 20

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

# <u>Table of Authorities</u>

Page(s)

**Cases**

*Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.,*

    988 F.2d 1157 (Fed. Cir. 1993) ...................................................................3

*Ashcroft v. Iqbal,*

    556 U.S. 662 (2009).....................................................................................18

*Bell Atlantic Corp. v. Twombly,*

    550 U.S. 544 (2007)................................................................................3, 18

*Carnegie-Mellon University v. Cohill,*

    484 U.S. 343 (1988).....................................................................................11

*City of Seattle v. Monsanto Company,*

    387 F.Supp.3d 1141 (W.D. Wa. 2019) .........................................................4

*Consumer Financial Protection Bureau v. Consumer First Legal Group, LLC,*

    2021 WL 3123735 (7th Cir. Jul. 23, 2021)........................................ 14, 16, 17

*Federal Agency of News LLC v. Facebook, Inc.,*

    395 F.Supp.3d 1295 (N.D. Cal. 2019) .........................................................4

*Federal Trade Commission v. Electronic Payment Solutions of America
Incorporated,*

    482 F.Supp.3d 921 (D. Az. 2020)...............................................................14

*Fitzgerald v. Alleghany Corp.,*

    882 F.Supp. 1433 (S.D.N.Y. 1995) ............................................................12

*FTC v. Febre,*

    128 F.3d 530 (7th Cir. 1997) ......................................................................17

*Hartford Acc. & Indem. Co. v. Mitchell Buick-Pontiac,*

    479 F.Supp. 345 (N.D. Miss. 1979).............................................................4

ii

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

*Jason v. Fonda*,

   698 F.2d 966 (9th Cir. 1982) ...............................................................12

*Kolari v. New York-Presbyterian Hospital*,

   455 F.3d 118 (2nd Cir. 2006)................................................................12

*Leadsinger, Inc. v. BMG Music Publishing*,

   512 F.3d 522 (9th Cir. 2008) .............................................................4, 19

*Liu v. Securities and Exchange Commission*,

   140 S.Ct. 1936 (2020)................................................................... Passim

*Mashiri v. Department of Ed.*,

   724 F3d 1028 (9th Cir. 2013) ................................................................4

*Moss v. U.S. Secret Service*,

   572 F.3d 962 (9th Cir. 2009) .............................................................3, 7

*Polich v. Burlington N., Inc.*,

   942 F.2d 1467 (9th Cir.1991) ...............................................................19

*Securities and Exchange Commission v. Faulkner*,

   No. 3:16-CV-, 2021 WL 75551 (N.D. Tex. Jan. 8, 2021)...................17

*Securities and Exchange Commission v. San Francisco Regional Center, LLC*,

   17-cv-00223, 2020 WL 4569844 (N.D. Cal. Aug. 7, 2020)................17

*Sidney-Vinstein v. A.H. Robins Co.*,

   697 F.2d 880 (9th Cir. 1983) .................................................................5

*Susilo v. Wells Fargo Bank, N.A.*,

   (CD CA 2011) 796 F.Supp.2d 1177 .......................................................4

*Tapley v. Lockwood Green Eng'rs*,

   502 F.2d 559 (8th Cir.1974) ..................................................................4

*United States v. Dish Network, LLC*,

   2015 WL 682952 (C.D. Ill. 2015) ............................................... Passim

iii

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

**Statutes**

12 U.S.C. § 5565(a) ..............................................................................15, 16

15 U.S.C. § 78u(d)(5) ................................................................................16

15 U.S.C. § 6102 ..........................................................................................5

15 U.S.C. § 6103(d) ...........................................................................Passim

15 U.S.C. § 6103(f)(1) ...............................................................................10

28 U.S.C.A. § 1331 ....................................................................................11

28 U.S.C.A. § 1367 ....................................................................................11

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(1) .......................................................................1, 3, 4

Fed. R. Civ. P. 12(b)(6) .......................................................................1, 3, 4

Fed. R. Civ. P. 12(f) ....................................................................... 1, 3, 4, 13

16 C.F.R. § 310 ........................................................................................3, 1

16 C.F.R. § 310.3 .........................................................................................5

**Other Authorities**

*Litigation of Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 et seq., and Implementing Regulations*, 164 Am. Jur. Trials 1 .....7

iv

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

# I.

## __INTRODUCTION__

By this motion, Defendant Kaine Wen ("**Mr. Wen**") seeks dismissal of certain claims in the Third Amended Complaint (**"TAC"**) brought by the State of Minnesota ("**Minnesota**"), the State of North Carolina ("**North Carolina**"), and The People of The State of California ("**California**") (together with Minnesota and North Carolina, "**States**") as well as to strike the allegations and portions of the prayer for relief by the Plaintiffs Bureau of Consumer Financial Protection ("**CFPB**") and the States (collectively "**Plaintiffs**"), which impermissibly seek "disgorgement" and "restitution" in the form of the "refund of monies" paid by consumers, and seek to hold Mr. Wen "jointly and severally" liable for such relief, in violation of *Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020) and its progeny.

*First*, Counts 1 - 3 and 5 of the TAC each fail to state a claim *by the States* upon which relief can be granted against Mr. Wen and should accordingly be dismissed pursuant to Federal Rule of Civil Procedure ("**FRCP**") 12(b)(6), or in the alternative FRCP 12(b)(1).  Counts 1 - 3 and 5, which are brought "[b]y the Bureau and the States" allege violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("**Telemarketing Act**"), 15 U.S.C. §§ 6101-6108, and its implementing regulation, the Telemarketing Sales Rule ("**TSR**" or the "**Rule**"), 16 C.F.R. Part 310, and rely on identical allegations.  However, Section 6103(d) of the Telemarketing Act expressly prohibits a state from bringing claims that are the subject of a pending lawsuit brought by the CFPB alleging violations of the TSR.  Yet that is precisely what the States have done in Counts 1 - 3 and 5.  For this reason, the States' improper claims for relief against Mr. Wen should be dismissed.

*Second,* Counts 17 - 22, which are brought only by the States and not the CFPB, fail to state a claim upon which relief may be granted, and lack subject

__DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE__
__THIRD AMENDED COMPLAINT__

matter jurisdiction, and should therefore be dismissed under FRCP 12(b)(6) and 12(b)(1).  This attempt to "plead around" the bar of Section 6103(d) by asserting that the same conduct alleged by the CFPB as violating the Telemarketing Act and the TSR also violates state law of Minnesota, North Carolina, and California is improper, as recognized in *United States v. Dish Network, LLC*, No. 09–3073, 2015 WL 682952 (C.D. Ill. 2015).

Alternatively, if the Court dismisses the States' purported federal claims brought under the CFPA and TSR in Counts 1 - 3 and 5, then the Court should decline to continue to exercise its discretionary supplemental jurisdiction over the States' state law claims against Mr. Wen and it should dismiss Counts 17 - 22 brought by the States under their respective state laws.

***Third***, the CFPB and the States' prayer for relief improperly seeks to impose "joint[ ] and several liability" against Mr. Wen for "disgorgement" and "restitution" in the form of the "refund of monies" paid by consumers.  The claims for disgorgement and restitution in Plaintiffs' prayer for relief and related allegations should be stricken as they run afoul of *Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020), because Plaintiffs improperly seek to preclude deduction of legitimate business expenses and improperly seek a judgment against Mr. Wen for monies that he never actually received.  In *Liu*, 140 S.Ct. 1936 (2020), the Supreme Court recently established significant limits on federal statutes that provide for equitable relief such as disgorgement and restitution.  Accordingly, certain allegations in Paragraphs 17, 230, 231, 254, 255, 359, 364, 369, 374, and 426(e), as set forth in the notice of motion, must be stricken from the TAC.

Plaintiffs' claims for relief and allegations that are the subject of this motion contravene both the statute and rule on which they rely as well as binding Supreme Court authority.  This requires both that this motion be granted and that

2

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

Plaintiffs should not be provided leave to file a fourth amended pleading because it would be futile for Plaintiffs to attempt to replead these claims against Mr. Wen.

## II.

## APPLICABLE LEGAL STANDARD

A motion to dismiss or strike all or a portion of a Complaint is governed by Federal Rule of Civil Procedure ("**FRCP**") 12(b).  Under FRCP 12(b)(6), a party may present by motion the defense that a claim for relief should be dismissed because of a "failure to state a claim upon which relief can be granted."  Where such a defense is apparent from the face of a pleading, the claim should be dismissed "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557-558 (2007).

Indeed, where a pleading is not "plausibly suggestive of a claim entitling the plaintiff to relief," dismissal is mandatory because "[t]he purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

Thus, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id*. at 550.  As the Ninth Circuit has stated: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.

3

2009).

　　While "a motion to dismiss for failure to state a claim admits the facts alleged in the complaint," the motion "challenges plaintiff's right to relief based upon those facts. [citation]  If the plaintiff's complaint demonstrates that he has no right to relief, or if it presents matters that create an unsurmountable bar to recovery, the complaint should be dismissed." *Hartford Acc. & Indem. Co. v. Mitchell Buick-Pontiac*, 479 F.Supp. 345, 347 (N.D. Miss. 1979) (complaint dismissed where controlling state law barred any recovery under alleged facts).

　　If a motion to dismiss is granted, the plaintiff should not be given leave to file an amended complaint where it would be "futile" to do so.  *See Federal Agency of News LLC v. Facebook, Inc*., 395 F.Supp.3d 1295, 1303 (N.D. Cal. 2019), *citing Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) ("[L]eave to amend . . . shall be denied . . . if allowing amendment would . . . be futile . . . .").

　　FRCP 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.  "Subject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Department of Ed*., 724 F3d 1028, 1031 (9th Cir. 2013).

　　Under FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A court "may also strike under Fed.R.Civ.P. 12(f) a prayer for relief which is not available as a matter of law." *Susilo v. Wells Fargo Bank, N.A.* (CD CA 2011) 796 F.Supp.2d 1177, 1196, citing *Tapley v. Lockwood Green Eng'rs*, 502 F.2d 559, 560 (8th Cir.1974).  "The purpose of a Rule 12(f) motion to strike is 'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *City of*

4

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

*Seattle v. Monsanto Company*, 387 F.Supp.3d 1141, 1163 (W.D. Wa. 2019),

*citing Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

## III.

## <u>ARGUMENT</u>

A.   <u>**The States' Claims for Relief Against Mr. Wen in Counts 1 - 3 and 5 Should be Dismissed.**</u>

The States are prohibited from bringing suit under the Telemarketing Act or the TSR because the claims are based on the same alleged violations brought by the CFPB.  The States cannot "piggyback" on the CFPB's allegations to establish violations of the Telemarketing Act or the TSR.  Such claims by the States are explicitly prohibited by the plain language of the Telemarketing Act, 15 U.S.C. § 6103(d).  Accordingly, the States' claims in Counts 1 - 3 and 5 must be dismissed.

The Telemarketing Act empowers the Federal Trade Commission ("**FTC**") to "prescribe rules prohibiting deceptive telemarketing acts or practices and other abusive telemarketing acts or practices." 15 U.S.C. § 6102(a)(1).  The FTC promulgated such rules pursuant to the TSR, which proscribes certain "[d]eceptive telemarketing acts or practices." 16 C.F.R. § 310.3.  As discussed above, the CFPB alleges in the TAC well over 300 paragraphs that purport to describe how the defendants, including Mr. Wen, violated the TSR.

The Telemarketing Act also permits a state to bring an action as a "*parens patrie*" on behalf of its citizens allegedly harmed by a violation of the TSR in a federal district court or its own state courts.  15 U.S.C. § 6102(a) and (f).

***However, the Telemarketing Act provides a substantial limitation on a state's ability to bring a claim based on conduct violative of the TSR when such allegations are the basis of a lawsuit brought by the FTC or CFPB.***  15 U.S.C. § 6103(d).  Specifically, 15 U.S.C. § 6103(d) provides:

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

1         Whenever a civil action has been instituted by or on behalf of

2         the Commission or the Bureau of Consumer Financial

3         Protection for violation of any rule prescribed under section

4         6102 of this title, ***no State may, during the pendency of such***

5         ***action*** instituted by or on behalf of the Commission or the

6         Bureau of Consumer Financial Protection, ***institute a civil***

7         ***action under subsection (a) or (f)(2) against any defendant***

8         ***named in the complaint*** in such action for violation of any rule

9         as alleged in such complaint.

10  *Id*. (emphasis added).

11       The States' claims and allegations in Counts 1 - 3 and 5 do nothing more

12  than improperly "piggyback" on the same alleged conduct on which the CFPB

13  relies in this case for alleging violations of the TSR.  Indeed, they are identical to

14  the CFPB's claims in all respect as these counts are brought "By the Bureau and

15  the States."  However, the States are prohibited from bringing such claims under

16  the TSR by Section 6103(d).  Accordingly, the States' claims and allegations

17  against Mr. Wen in Counts 1 - 3 and 5 are contrary to the plain language of

18  Section 6103(d) and should be dismissed.

19       *United States v. Dish Network, LLC*, No. 09–3073, 2015 WL 682952

20  (C.D. Ill. 2015) ("*Dish Network*"), is instructive.  In *Dish Network*, an action

21  brought by the United States and several states, Plaintiffs alleged that Dish

22  Network, L.L.C., directly and through its authorized dealers and third party

23  telemarketers, engaged in telemarketing that violated the Telemarketing Sales

24  Rule, the Telephone Consumer Protection Act, and certain state consumer

25  protection statutes.  The District Court held that Section 6103(d) barred the states

26  in that case from doing what the States have done here – assert claims under the

27  TSR that are already being pursued by the United States:

28

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

1    The United States has brought the claims in Counts I and III of

2    the Second Amended Complaint on behalf of the FTC. ***The***

3    ***Telemarketing Act, therefore, prohibits California from***

4    ***bringing an action for violations of the TSR alleged in Counts***

5    ***I and III, at least while the United States' claims are pending.***

6    ***15 U.S.C. § 6103(d)***.

7    *Id*. at *2 (emphasis added); *accord*, *Litigation of Telemarketing and Consumer*

8    *Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 et seq., and Implementing*

9    *Regulations*, 164 Am. Jur. Trials 1, section 20 (May 2020 Update) ("The

10    TCFAPA [Telemarketing Act] provides that whenever a civil action has been

11    instituted by or on behalf of the Federal Trade Commission ('FTC') or the Bureau

12    of Consumer Financial Protection ('BCFP") for a violation of the TSR, no state

13    may, during the pendency of such action instituted by or on behalf of the FTC or

14    the BCFP, institute a civil action against any defendant named in the complaint in

15    such action for violation of any rule as alleged in such complaint.  Thus, the

16    TCFAPA prohibits a state from bringing an action for violations of the TSR if an

17    action is pending which has been brought on behalf of the FTC for the alleged

18    violations.").

19    Here, each of the States' claims for relief in Counts 1 - 3 and 5 against Mr.

20    Wen expressly allege and incorporate by reference, and necessarily depend upon,

21    the allegations by the CFPB – and the States – that Mr. Wen (and other

22    defendants) violated the TSR. Therefore, each of the States' Counts 1 - 3 and 5

23    against Mr. Wen must be dismissed because they demonstrably are not "plausibly

24    suggestive of a claim entitling the [States] to relief."  *Moss*, 572 F.3d at 969.

25    During the pre-filing meet and confer process, Plaintiffs contended that

26    Section 6103(d) does not bar the States' claims under the TSR -- even though

27    they are duplicative of the CFPB's claims -- because the States' claims were filed

28

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

1   in the same case at the same time as the claims brought by the CFPB in this case.

2   Declaration of Matthew L. Eanet, dated August 19, 2021 ("Eanet Dec."), ¶ 6.

3   According to Plaintiffs, the States are able to slip through a loophole in the

4   statute; that is, that because the CFPB's claims and the States' claims were filed

5   concurrently, the CFPB's claims supposedly were not "pending" at the time the

6   States' claims were filed in this case within the meaning of section 6103(d).  *Id.*

7          The States' argument is pure sophistry.  There is no difference whatsoever

8   between what the States are doing in the present case and what occurred in *Dish*

9   *Network*, where the Court clearly held that a state seeking to maintain a civil

10  action under the TSR based on the same alleged conduct that is the subject of

11  claims under the TSR brought by the FTC or CFPB is violative of Section

12  6103(d).  Plaintiffs have not cited a single authority to support their argument, as

13  there is none. Accordingly, any such argument must be rejected.

14         **B.**    **The States' Claims for Relief in Counts 17 - 22 Against Mr. Wen**

15                   **Should be Dismissed.**

16         In addition to improperly "joining" the CFPB's claims brought in Counts 1 -

17  3 and 5 under the Telemarketing Act, the States also attempt to "plead around" the

18  bar of Section 6103(d) by repurposing their claims – based on the same alleged

19  wrongdoing – as state law claims in Counts 17 - 22.  These Counts must also be

20  dismissed because Section 6103(d) prohibits the States from repleading the claims

21  already brought by the CFPB under the Telemarketing Act as state law claims.

22  Alternatively, the Court should decline to exercise supplemental jurisdiction over

23  state law claims where the States' purported federal claims are dismissed.

24         **1.**    **The States May Not Plead Around Section 6103(d) By**

25                   **Repurposing the Allegations as Violations of State Law.**

26         Apparently recognizing that they have improperly "joined" with the CFPB

27  in asserting claims under the TSR, the States also assert in Counts 17 - 22 claims

28

8

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE**
**THIRD AMENDED COMPLAINT**

1   under their own state laws based on the same alleged wrongdoing that is the

2   subject of the CFPB's claims brought against Mr. Wen under the CFPA in Counts

3   1 - 3 and 5.  However, this attempt by the States to "plead around" the bar of

4   Section 6103(d) also fails.

5       *Dish Network* is again instructive.  There, California unsuccessfully

6   attempted to avoid the mandate of Section 6103(d) in joining a lawsuit brought by

7   the FTC alleging violations of the Telemarketing Act and the TSR by seeking to

8   add a claim under California's unfair competition statute.  The District Court

9   held, in language equally applicable here, that the state was precluded by Section

10  6103(d) from doing so because the state necessarily – indeed, admittedly – was

11  continuing to rely on allegations already being pursued as violations of the TSR

12  by the FTC:

13          The United States has brought the claims in Counts I and III of

14          the Second Amended Complaint on behalf of the FTC. The

15          Telemarketing Act, therefore, prohibits California from

16          bringing an action for violations of the TSR alleged in Counts I

17          and III, at least while the United States' claims are pending. 15

18          U.S.C. § 6103(d).  California describes the proposed

19          amendment as "a piggybacking of the TSR violation already at

20          issue in the case" through use of the Unfair Competition Law.

21          ***Section 6103(d) bars California from piggybacking on the***

22          ***claims in Counts I and III directly***.  California may not use the

23          Unfair Competition Law to "plead around" this express bar.

24          The proposed amendment, therefore, would be futile.

25  *Id*. at *2 (citations omitted) (emphasis added).

26      In *Dish Network*, California argued unsuccessfully that the TSR permitted

27  it to pursue its own claims under state law based on the same conduct that the

28

9

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE**
**THIRD AMENDED COMPLAINT**

United States alleged violated the TSR under a TSR "savings clause": "Nothing contained in this section shall prohibit an authorized State official from proceeding in ***State court*** on the basis of an alleged violation of any civil or criminal statute of such State." 15 U.S.C. § 6103(f)(1) (emphasis added). In rejecting this argument, the District Court held:

> This Court does not comment on whether this savings provision would allow California to proceed with the proposed claim in California state court. . . . Section 6103(f)(1) of the Telemarketing Act does not limit the effect of § 6103(d) to bar California from bringing an action in this Court at this time. ***California may not bring an action in this Court for the violations of the TSR alleged in Counts I and III because the United States is currently pursuing those claims on behalf of the FTC***.

*Id*. at *2-3 (emphasis added.)

The same is equally true here. Counts 17 - 22 brought by the States under their respective state laws must be dismissed because the States "may not bring an action in this [Federal District] Court for the violations of the TSR alleged in Counts [1 - 3 and 5] because the [CFPB] is currently pursuing those claims." *Ibid*. While the "savings clause" might permit the states to bring actions in state court under their own state law, it does *not* permit them to bring such claims in federal court, as they have done here.

## 2. The Court Should Decline to Exercise Supplemental Jurisdiction Over the States' Claims Brought Under State Law.

In the event that the Court dismisses the State's counts 1 - 3 and 5, but does not hold that Section 6103(d) prohibits the states from brining state law claims for

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

1  conduct that is alleged by the CFPB to violate the Telemarketing Act and the TSR,

2  it should nonetheless decline to exercise supplemental jurisdiction over the state

3  law claims and dismiss counts 17 - 22.

4       Federal courts may exercise "original" jurisdiction only over "civil actions

5  arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A.

6  § 1331. A federal court may exercise "supplemental" jurisdiction over a party's

7  state law claims that are related to federal claims before the Court in the same

8  action. 28 U.S.C.A. 1367(a). However, where a party's federal claims are

9  dismissed, and the party's state law claims may be better resolved by the courts of

10  that state, the district court should decline to exercise its discretion to retain a

11  party's state law claims, especially where, as here, the action is still at the

12  "pleading" stage.

13      California, Minnesota, and North Carolina purport to assert various pendent

14  state law claims in Counts 17 - 22 under their respective state laws based on the

15  Court's supplemental jurisdiction as provided by 28 U.S.C.A. § 1367. TAC ¶ 18.

16  However, should the Court dismiss the States' federal claims brought in Counts 1 -

17  3 and 5 under the CFPA and TSR, the Court should decline to continue to exercise

18  its discretionary supplemental jurisdiction over the States' various state law claims

19  and dismiss them as well. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343,

20  350 (1988) ("[A] federal court should consider and weigh in each case, and at

21  every stage of the litigation, the values of judicial economy, convenience, fairness,

22  and comity in order to decide whether to exercise jurisdiction over a case brought

23  in that court involving pendent state-law claims. When the balance of these factors

24  indicates that a case properly belongs in state court, as when the federal-law claims

25  have dropped out of the lawsuit in its early stages and only state-law claims

26  remain, the federal court should decline the exercise of jurisdiction by dismissing

27  the case without prejudice . . . . [T]he doctrine of pendent jurisdiction thus is a

28

11

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE**
**THIRD AMENDED COMPLAINT**

doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."); *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir. 1982) ("It is proper to dismiss pendent state claims when the federal claim is dismissed prior to trial."); *Kolari v. New York-Presbyterian Hospital*, 455 F.3d 118 (2nd Cir. 2006) ("Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity in deciding whether to exercise jurisdiction."); *Fitzgerald v. Alleghany Corp.*, 882 F.Supp. 1433, 1435 (S.D.N.Y. 1995) ("[F]ederal courts are not obliged to exercise supplemental jurisdiction.").

Thus, even if Counts 17 - 22 were not barred by Section 6103(d) – which they are – they should still be dismissed because it would be an undue burden on this federal Court to adjudicate not only Counts 1 - 14 brought by the CFPB under federal law, but also six additional claims for relief brought by three states under their local state laws.  Moreover, in the interest of comity, it should be left to the Courts of the states to determine whether the States' claims may go forward in the face of the CFPB's pending lawsuit against Mr. Wen under federal law based on the same alleged conduct.

Nor would it be fair to Mr. Wen to have to defend in this lawsuit not only the seven federal claims brought against him by the CFPB, but also multiple claims asserted by three States under the particular laws of their states.  Because the States are unable to state a federal question that would trigger the Court's original jurisdiction, the Court should exercise its discretion to dismiss the States' pendent state law claims against Mr. Wen asserted in Counts 17 - 22.

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

**C.** **The Claims by the CFPB and the States for "Disgorgement",**
**"Restitution" and "Joint And Several Liability" Must be**
**Stricken Under *Liu v. SEC* and Its Progeny.**

Pursuant to FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Here, the Court should strike the allegations by the CFPB and the States which ask the Court to hold Mr. Wen liable, "jointly and severally," for the "refund of monies received" by all defendants.  *See* TAC ¶¶ 17, 230, 231, 254, 255, 359, 364, 369, 374, and 426(e).  These paragraphs should be stricken because they seek equitable relief in contravention of the U.S. Supreme Court's recent watershed decision in *Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020).

In *Liu*, the Supreme Court established significant limits on federal statutes that provide for equitable relief, such as "disgorgement" and "restitution."  In that case, the SEC brought an enforcement action that sought, among other things, "disgorgement" from multiple defendants.  The trial court granted the SEC relief that included a "joint and several award" against defendants equal to the full amount defendants had raised from investors, less a small sum that remained in defendants' corporate accounts.  The Supreme Court held that the relief granted by the district court was improper because it exceeded the equitable relief available at "common law."

*First*, the Court held that it was improper "to impose disgorgement liability on a wrongdoer for benefits that accrue to his affiliates . . . through joint-and-several liability, in a manner . . . seemingly at odds with the common-law rule requiring individual liability for wrongful profits." *Liu*, 140 S.Ct. at 1949.  The Court explained that doing so was improper because it "could transform any equitable profits-focused remedy into a penalty . . . . [which] runs against the rule

13

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE**
**THIRD AMENDED COMPLAINT**

1   to not impose joint liability in favor of holding defendants 'liable to account for

2   such profits only as have accrued to themselves . . . and not for those which have

3   accrued to another, and in which they have no participation.'"  *Ibid*.

4        ***Second***, the Court held that the district court's award also exceeded the

5   accepted bounds of equitable relief because:

6            Courts may not enter disgorgement awards that exceed the

7            gains "made upon any business or investment, when both the

8            receipts and payments are taken into account.  Accordingly,

9            courts must deduct legitimate expenses before ordering

10           disgorgement . . . .  A rule to the contrary that "make[s] no

11           allowance for the cost and expense of conducting [a] business"

12           would be "inconsistent with the ordinary principles and practice

13           of courts of chancery."

14   *Id*. at 1949-50.

15       ***Third***, the Court made clear that its holding applied equally to the remedy

16   of "restitution."  *Liu*, 140 S.Ct. at 1943 ("Restitution measured by the defendant's

17   wrongful gain is frequently called 'disgorgement.'"); *see also*, *Federal Trade

18   Commission v. Electronic Payment Solutions of America Incorporated*, 482

19   F.Supp.3d 921, 928 (D. Az. 2020) ("*Liu* reached its conclusion by relying on

20   equity jurisprudence generally, as opposed to relying on SEC jurisprudence

21   specifically.  Thus, *Liu's* holding – that a disgorgement award must be limited to

22   a defendant's net profits – is not 'cabined' to SEC proceedings.").

23       Following *Liu*, the Seventh Circuit reversed an order of restitution against

24   the principals of a debt relief company who had allegedly misrepresented the

25   company's services to consumers in a case whose facts are indistinguishable from

26   those of the present case.  In *Consumer Financial Protection Bureau v. Consumer

27   First Legal Group, LLC*, No. 19-3396, 2021 WL 3123735 (7th Cir. Jul. 23, 2021),

28

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

the defendants were held responsible for making misrepresentations to customers in connection with providing purported mortgage-assistance relief services.  In reversing the trial court's $21,000,000 restitution order, the Court of Appeals held that the trial court had committed reversible error by using the defendants' "net revenues" rather than "net profits" in calculating its restitution award.  In doing so, the Court of Appeals rejected the CFPB's arguments that *Liu* is distinguishable either because it involved an award of disgorgement rather than restitution, or because it involved claims under the federal securities laws rather than the CFPA:

> We first address the district court's restitution award.  The Act [CFPA] permits a court to grant "any appropriate legal or equitable relief," including restitution.  *See* 12 U.S.C. § 5565(a). At summary judgment, Judge Crabb defined the appropriate level of damages in this case as "net revenues"— that is, gross receipts minus any refunds issued.  This total came out to $21,709,021.
>
> After the court issued its restitution award, however, the Supreme Court handed down its decision in *Liu v. SEC*, ⎯⎯ U.S. ⎯⎯, 140 S. Ct. 1936, 207 L.Ed.2d 401 (2020).  In *Liu*, which dealt with the scope of equitable relief available in an SEC civil enforcement action, the Court held that a disgorgement award may not exceed a firm's net profits.  *Id*. at 1946.  The question is whether *Liu* compels us to vacate the restitution award here and remand for re-calculation based on net profits.  We are persuaded that it does.

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

1       The Bureau disagrees with this position.  It points out that *Liu*

2       concerned disgorgement, whereas the district court here ordered

3       restitution.  But we find this to be too narrow a reading of *Liu*.

4       *Liu's* reasoning is not limited to disgorgement; instead, ***the***

5       ***opinion purports to set forth a rule applicable to all categories***

6       ***of equitable relief, including restitution***.  *Id*. at 1945–46.

7   *Id*. at *10 (emphasis added).

8       Continuing, the Court of Appeals rejected the CFPB's arguments in

9   opposition, holding:

10       The Bureau's argument also founders because it assumes that

11       equitable restitution and disgorgement are two different

12       animals.  The Court, however, expressed doubts on this point in

13       *Liu*.  *See id*. at 1942–43 (observing that the definition of the

14       equitable remedy of disgorgement is unclear and has gone by

15       several labels over time, including restitution).  The district

16       court seemed unsure whether there was a difference between

17       the two terms: its order interchangeably uses the words

18       restitution and disgorgement to describe its remedy.

19

20       Finally, the Bureau suggests that *Liu* is inapplicable because the

21       statute at issue in *Liu* authorized only "equitable relief,"

22       whereas the Act in our case authorizes courts to award equitable

23       and legal relief.  *Compare* 15 U.S.C. § 78u(d)(5), *with* 12

24       U.S.C. § 5565(a).  Accordingly, the Bureau urges us to uphold

25       the court's order as an award of legal restitution.  ***We reject this***

26       ***argument also***.  The district court understood itself to be

27       awarding equitable relief, which is why it cited equitable

28

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

1   restitution cases in support of its order.  *See*, *e.g*., *FTC v. Febre*,

2   128 F.3d 530, 536 (7th Cir. 1997).

3   *Id.* at \*10 (emphasis added); *see also, Securities and Exchange Commission v.*

4   *San Francisco Regional Center, LLC*, No. 17-cv-00223, 2020 WL 4569844, \*2

5   (N.D. Cal. Aug. 7, 2020) ("The ultimate holding in *Liu* precludes the SEC from

6   recovering a wrongdoer's gross profits—rather only net profits after deductions

7   for legitimate business expenses may be recovered from a defendant."); *Securities*

8   *and Exchange Commission v. Faulkner*, No. 3:16-CV-1735, 2021 WL 75551, \*4

9   (N.D. Tex. Jan. 8, 2021) (Under *Liu v. SEC*, the monetary relief against

10  defendants is limited to "a reasonable approximation of their net profits causally

11  connected to their violations . . . .").

12      In this case, Plaintiffs, contrary to the holdings of the Supreme Court in *Liu*

13  and its progeny, seek equitable relief from Mr. Wen that is "joint and several,"

14  and that does not allow for the deduction of legitimate business expenses.  For

15  example, the TAC alleges that Mr. Wen (and each other Defendant) is "jointly

16  and severally liable for the illegal acts of the Student Loan Debt Relief

17  Companies."  TAC, ¶ 17.  In its prayer for relief, the CFPB seeks "the refund of

18  monies paid, restitution, [and] disgorgement" among other remedies.  TAC,

19  ¶426(e).  The TAC is replete with references to imposing "joint and several"

20  liability against Mr. Wen.  *See* ¶¶ 17, 230, 231, 254, 255, 359, 364, 369, 374, and

21  426(e).  Under the foregoing authorities, these are improper, cannot be imposed,

22  and as such should be stricken from the TAC.

23      In the parties' meet and confer prior to Mr. Wen bringing this motion,

24  counsel for the CFPB, Sarah Preis, gave two reasons why she did not believe that

25  *Liu* required the CFBP to dismiss its claims for disgorgement and restitution.

26  *First*, Ms. Preis opined that *Liu* does not require dismissal in all cases of joint and

27  several claims for disgorgement and restitution.  *See* Eanet Dec., ¶ 7.  However,

28

17

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

Mr. Wen is not arguing that he could never be subjected to joint and several liability for disgorgement or restitution, or that such relief could never exceed his individual profits.  For example, the Supreme Court in *Liu* explained that a "defendant will not be allowed to diminish the show of profits by putting in unconscionable claims for personal services or other inequitable deductions." *Liu,* 140 S.Ct. at 1945.  No such facts, however, are alleged in the TAC, and therefore this narrow exception is inapplicable here.

**Second**, Ms. Preis asserted during the meet and confer process that a motion to dismiss should not be brought because application of the holding of *Liu* in a particular case requires a fact inquiry, and thus cannot be decided under FRCP 12.  *See* Eanet Dec., ¶ 7.  But that is not the law.  No fact inquiry is appropriate, as these matters are categorical, not factual.  *See San Francisco Regional Center*, *2.  Where the allegations are insufficient, dismissal under Rule 12 is wholly proper as a matter of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, fn. 14 (2007) ("[T]he complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.").  While the amount of legitimate business expenses would be a factual matter, that is a different issue.

The TAC fails to allege any facts that would permit the Court to hold Mr. Wen jointly and severally liable for all purported losses regardless of his alleged gains, refund of all monies paid, or to subject him to disgorgement or restitution without regard to legitimate business expenses.  Accordingly, these allegations and prayers for relief against Mr. Wen must be stricken.

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

### D.   This Motion Should be Granted Without Leave to Amend.

This motion is not based on the failure of Plaintiffs to plead their claims with sufficient clarity, such that they should be permitted an opportunity to replead them.  Rather, as this motion demonstrates, Plaintiffs' claims are doomed as a matter of law under both Section 6103(d), as well as the Supreme Court's recent decision in *Liu*, 140 S.Ct. 1936.

First, as made clear in *Dish Network, LLC*, there is no "pleading around" the defect here by the States, where the States have attempted to "dress up" their state law claims to piggyback on federal statutes, relaying on substantially the same allegations.  Leave to amend would be futile as no amount of artful pleading will permit the States to avoid the prohibition set forth in Section 6103(d).

Second, as *Liu* makes clear, the monetary relief available against Mr. Wen is limited to a reasonable approximation of his net profits causally connected to any proven violations and not, as Plaintiffs demand, the refund of all monies received by all defendants.

Thus, Plaintiffs can plead no set of facts that would entitle them to the relief they seek that is the subject of this motion.  Accordingly, Plaintiffs should not be afforded leave to file yet another amended pleading.  *See Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir.2008), *citing Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991) ("[W]e will affirm the district court's dismissal . . . if 'it is clear, upon de novo review, that the complaint could not be saved by any amendment.'  Based on our de novo review above, the district court's conclusion that Leadsinger's complaint could not be saved by any amendment was not an abuse of discretion.").

## IV.

## <u>CONCLUSION</u>

For the reasons set forth above, this motion should be granted, and Counts 1 - 3, 5, and 17-22 of the TAC should be dismissed, without leave to amend, and portions of the TAC's allegations and related prayer for relief which seek disgorgement and restitution against Mr. Wen, jointly and severally, as set forth in Paragraphs 17, 230, 231, 254, 255, 359, 364, 369, 374, and 426(e), should be stricken as legally insufficient.

Dated:  August 19, 2021                    EANET, PC

By: /s/ Matthew L. Eanet
    Matthew L. Eanet
    Attorneys for Defendant Kaine Wen

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

## DECLARATION OF MATTHEW L. EANET

I, Matthew L. Eanet, declare as follows:

1.      I am an attorney at law and a shareholder at Eanet, PC, counsel of record for Defendant Kaine Wen ("**Mr. Wen**") in *Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.*, Case No. 8:19-cv-01998 MWF (KSx) (the "**Action**").

2.      I make this Declaration in support of the foregoing "Notice of Motion and Motion to (1) Dismiss Certain Causes of Action of Third Amended Complaint Pursuant To Fed. R. Civ. P. 12(b)(6); and (2) Strike Certain Allegations of Same Pursuant to Fed. R. Civ. P. 12(f)" (the "**Motion**"), filed by Mr. Wen.

3.      Prior to bringing the Motion, I, on behalf of Mr. Wen, wrote to counsel for Plaintiffs Bureau of Consumer Financial Protection ("**CFPB**"), the State of Minnesota, the State of North Carolina, and The People of The State of California, to meet and confer over the substance of the contemplated Motion, in accordance with this Court's Local Rule 7-3 which provides as follows:

> L.R. 7-3 Conference of Counsel Prior to Filing of Motions. In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of

1
**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

1    motion a statement to the following effect:

2        "This motion is made following the conference of counsel

3        pursuant to L.R. 7-3 which took place on (date)."

4    4.    A true and correct copy of my letter to Plaintiffs, which is dated June

5    3, 2021, is attached hereto at **Exhibit 1**.

6    5.    On June 11, 2021, I spoke by telephone with counsel for Plaintiffs.

7    Sarah Preiss, counsel for the CFPB, and Christina Tusan, counsel for the People

8    of the State of California, participated on behalf of Plaintiffs.

9    6.    During the meet and confer process, Plaintiffs contended that 15

10   U.S.C. § 6103(d) does not bar the States' claims under the TSR -- even though

11   they are duplicative of the CFPB's claims -- because the States' claims were filed

12   in the same case at the same time as the claims brought by the CFPB in this case.

13   According to Plaintiffs, the States are able to slip through a loophole in the statute

14   – namely, that because the CFPB's claims and the States' claims were filed

15   concurrently, the CFPB's claims supposedly were not "pending" at the time the

16   States' claims were filed in this case within the meaning of Section 6103(d).

17   7.    Also in the parties' meet and confer process, counsel for the CFPB,

18   Sarah Preis, gave two reasons why she did not believe that the recent Supreme

19   Court decision in *Liu v. SEC* required the CFBP to dismiss its claims for

20   disgorgement and restitution.  First, Ms. Preis opined that *Liu* does not require

21   dismissal in all cases of joint and several claims for disgorgement and restitution.

22   Second, Ms. Preis asserted during the meet and confer process that a motion to

23   dismiss should not be brought because application of the holding of *Liu* in a

24   particular case requires a fact inquiry and thus cannot be decided under FRCP 12.

25   These arguments are addressed in the Motion.

26   8.    Following the meet and confer process, Plaintiffs filed the Third

27   Amended Complaint, which removed Mr. Wen from two causes of action

28

2

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE
THIRD AMENDED COMPLAINT**

asserted in the prior Second Amended Complaint (Counts 15 and 16).  Other than the foregoing, the parties were unable to reach a resolution which would have eliminated the necessity for a hearing.  The notice of motion includes the required statement pursuant to Local Rule 7-3 to this effect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19, 2021 at Los Angeles, California.

/s/ Matthew L. Eanet

Matthew L. Eanet

**DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT**

# Exhibit 1



Matthew Eanet  |  *Attorney at Law*
matt@eanetpc.com

June 3, 2021

*Via E-Mail Only*

The State of Minnesota
Evan Romanoff, Esq.
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
*evan.romanoff@ag.state.mn.us*

The State of North Carolina
M. Lynne Weaver , Esq.
Michael T. Henry , Esq.
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
*lweaver@ncdoj,gov / mhenry@ncdoj.gov*

The People of The State Of California
Christina V. Tusan, Esq., Supervising Deputy City Attorney
William Pletcher, Esq., Deputy City Attorney
Office of The City Attorney
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
*christina.tusan@lacity.org / william.pletcher@lacity.org*

Bureau of Consumer Financial Protection
Nathan Dimock, Esq.
Sarah Preis, Esq.
Jesse Stewart, Esq.
*nathan.dimock@cfpb.gov/sarah.preis@cfpb.gov/jesse.stewart@cfpb.gov*

> **Re:**   ***Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center et al.***
> **USDC Case No. Case No: SACV 19-1998**
> **Meet and Confer Regarding Expected Motion to Dismiss and Motion to Strike Second Amended Complaint**

Dear Counsel:

As you know, our firm represents defendant Kaine Wen ("**Mr. Wen**") in the above-referenced lawsuit.  We are writing on this occasion to begin the meet and confer process regarding our anticipated Motion to Dismiss and Motion to Strike, as required by Local Rule of Court 7.3.  These motions are made necessary because claims for relief and allegations asserted by your clients, the states of Minnesota and North Carolina and the People of the state of California ("**States**") and the Bureau of Consumer Financial

June 3, 2021
Page 2

Protection ("**CFPB**"), respectively, in the Second Amended Complaint ("**SAC**") are deficient as to Mr. Wen.

*First*, each of the States' respective claims for relief against Mr. Wen as asserted in Counts 1-3, 5 and 15-21, improperly seek relief based on the same alleged conduct that is the subject of the claims for relief and allegations brought against Mr. Wen by the CFPB in this lawsuit under the Telemarketing and Consumer Fraud and Abuse Prevention Act ("**Telemarketing Act**"), 15 U.S.C. §§ 6101-6108, and its implementing regulation, the Telemarketing Sales Rule ("**TSR**" or the "**Rule**"), 16 C.F.R. Part 310. That is improper. Specifically, the Telemarketing Act expressly prohibits a state from bringing an action based on conduct that is the subject of a pending lawsuit brought by the CFPB alleging violations of the TSR. 15 U.S.C. § 6103(d). But that is precisely what the States have done in each of the claims for relief asserted in the SAC against Mr. Wen. For this reason, the States must agree to dismiss their improper claims for relief and allegations against Mr. Wen. Moreover, to the extent any of the States' claims for relief survive, the States' allegations against Mr. Wen that simply seek to "piggyback" on the allegations asserted by the CFPB must be stricken.

*Second*, the CFPB in Counts 15 and 16 asserts claims for relief "in the alternative" against Mr. Wen under California's Uniform Voidable Transactions Act, California Civil Code §§ 3439.04(a)(1) and 3439.04(a)(2), respectively. That is also improper. Specifically, the CFPB's enabling statute expressly limits the CFPB's jurisdiction to implementing Federal consumer financial law.
*See* 12 U.S.C. § 5511(a). "**Purpose**. The Bureau shall seek to implement and, where applicable, enforce Federal consumer financial law. . . " Accordingly, the CFPB must agree to dismiss Counts XV and XVI as against Mr. Wen with prejudice.

*Third*, the CFPB and the States seek in the SAC "disgorgement" and "restitution" in the form of a "refund of monies" paid by consumers and seek to hold Mr. Wen "jointly and severally" liable for such relief. The claims for "disgorgement" and "restitution" against Mr. Wen must be stricken because they improperly seek to preclude deduction of legitimate business expenses and because they improperly seek from Mr. Wen monies that he never received.

I. **THE STATES' CLAIMS FOR RELIEF AGAINST MR. WEN RELY ON THE SAME ALLEGED CONDUCT THAT IS THE SUBJECT OF THE CFPB's CLAIMS AGAINST MR. WEN ALLEGING VIOLATIONS OF THE TSR.**

This lawsuit arises out of the assertion by the CFPB and the States that "From at least 2015 until the filing of this action, Defendants operated a debt-relief enterprise that deceived thousands of federal-student-loan borrowers and collected over $95 million in illegal advance fees, in violation of the TSR . . . " SAC ¶ 8. The several hundred paragraphs of factual allegations set forth in the SAC that detail the wrongdoing alleged against each of the defendants, including Mr. Wen, are pled *jointly* by the CFPB and the States. Each of these paragraphs is incorporated by reference in each of the States' Counts asserted against Mr. Wen. Indeed, the States purport to join with the CFPB in asserting claims against Mr. Wen under, among other things, the TSR. *See* Counts 1 – 3 and 5. As discussed below, there can be no denying that the States purport to assert claims for relief for alleged violations of the TSR and State law against Mr. Wen based on the same conduct on which the CFPB relies in asserting its claims for relief against Mr. Wen for alleged violations of the Telemarketing Act and the TSR.

A. **The CFPB and the States in Count 1 Allege Mr. Wen Violated the TSR Based on the Same Alleged Conduct -- Collecting Advance Fees in the Form of Enrollment Fees.**

In the First Count brought against Mr. Wen, among other defendants, both the CFPB and the States allege that the TSR prohibits "a seller or telemarketer to request or receive payment of any fee or consideration for any debt-relief services unless and until (A) the seller or telemarketer has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt-management plan, or other such valid contractual agreement executed by the customer; and (B) the

June 3, 2021
Page 3

customer has made at least one payment pursuant to that settlement agreement, debt-management plan, or other valid contractual agreement between the customer and the creditor or debt collector. 16 C.F.R. § 310.4(a)(5)(i)(A)-(B)." SAC ¶ 287.

The CFPB and the States further allege that Mr. Wen and other defendants, "In the course of providing, offering to provide, or arranging for others to provide debt-relief services…charged and collected from consumers enrollment fees before consumers had been approved for IDR [income-driven repayment program] plans and before consumers had made any payments toward such IDR plans, in violation of the TSR. 16 C.F.R. § 310.4(a)(5)(i)(A)-(B)." SAC ¶ 288.

Finally, both the CFPB and the States allege in Count I that "because the IDR plans in which consumers were placed often were based on false information about consumers' family size, income, and marital status…none of the payments made by consumers in these plans were made pursuant to a 'valid contractual agreement' within the meaning of the TSR and thus were collected in violation of the TSR. 16 C.F.R. § 310.4(a)(5)(i)(A)-(B).'" SAC ¶ 289.

In making these allegations, the States incorporate by reference the same conduct alleged in SAC ¶¶ 1 – 274 on which the CFPB relies in alleging Mr. Wen and other defendants violated the Telemarketing Act and the TSR. SAC ¶ 286.

There can be no dispute that the States in Count I rely on the same alleged conduct the CFPB alleges violated the Telemarketing Act and the TSR.

### B. The CFPB and the States in Count 2 Allege Mr. Wen Violated the TSR Based on the Same Alleged Conduct -- Collecting Advance Fees in the Form of Monthly Fees.

In the Second Count brought against Mr. Wen and other defendants, the CFPB and the States both allege that "In the course of providing, offering to provide, or arranging for others to provide debt-relief services, the Student Loan Debt Relief Companies and Individual Defendants charged and collected from consumers monthly fees before consumers had completed their annual recertifications of eligibility for IDR plans and before consumers had made any payments toward such recertified IDR plans, in violation of the TSR. 16 C.F.R. § 310. 4(a)(5)(i)(A)-(B)." SAC ¶ 291.

The CFPB and the States further allege in Count 2 that "the IDR plans in which consumers were placed often were based on false information about consumers' family size, income, and marital status . . . submitted to consumers' student-loan servicers. . . " SAC ¶ 292. According to both the CFPB and the States, therefore, "none of the payments made by consumers in these plans were made pursuant to a 'valid contractual agreement' within the meaning of the TSR and thus were collected in violation of the TSR. 16 C.F.R. § 310.4(a)(5)(i)(A)-(B)." *Ibid.* In making these allegations, the States incorporate by reference the same conduct alleged in SAC ¶¶ 1 – 274 on which the CFPB relies in alleging Mr. Wen and other defendants violated the Telemarketing Act and the TSR. SAC ¶ 290.

There can be no dispute that the States in Count 2 rely on the same conduct that the CFPB alleges violated the Telemarketing Act and the TSR.

### C. The CFPB and the States in Count 3 Allege Mr. Wen and Other Defendants Violated the TSR Based on the Same Alleged Misrepresentations About Material Aspects of Their Services.

In the Third Count against Mr. Wen and other defendants, the CFPB and the States assert that "It is a deceptive practice under the TSR for a seller or telemarketer to misrepresent any material aspect of the efficacy of their services and to misrepresent any material aspect of a debt-relief service. 16 C.F.R. § 310.3(a)(2)(iii), (x)." SAC ¶ 294.

The CFPB and the States further allege that Mr. Wen and other defendants made misrepresentations to and failed to inform consumers about fees and monthly payments to be paid by consumers and requests and representations to be made by Mr. Wen and other defendants to consumers' student-loan servicers.  SAC ¶¶ 295-296.

In making these allegations, the States incorporate by reference the same conduct alleged in SAC ¶¶ 1 – 274 on which the CFPB relies in alleging Mr. Wen and other defendants violated the Telemarketing Act and the TSR. SAC ¶ 293.

There can be no dispute that each of the States in Count 3 rely on the same conduct that the CFPB alleges violated the Telemarketing Act and the TSR.

> **D.   The CFPB and the States in Count 5 Allege that Mr. Wen and Other Defendants Provided "Substantial Assistance in Violation of the TSR" Based on the Same Alleged Conduct.**

In the Fifth Count against Mr. Wen, among other defendants, the CFPB and the States contend that **"**The TSR prohibits any person from providing 'substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that [constitutes deceptive or abusive conduct]' under the [Telemarketing Sales] Rule. 16 C.F.R. § 310.3(b)."  SAC ¶ 304.

The CFPB and the States allege, among other things, that Mr. Wen "as [defendant] CAC's co-owner and officer and True Count's owner and officer . . . . knew, or recklessly avoided knowing, the material misrepresentations and omissions that CAC's and True Count's sales representatives and processors made to consumers" and "that the Student Loan Debt Relief Companies charged and collected enrollment and monthly fees from consumers before the companies had obtained loan-repayment plans for consumers and before consumers had made their first payments toward such repayment plans." SAC ¶¶ 310-313.

Both the CFPB and the States allege that Mr. Wen, among others, "provided substantial assistance…in [other defendants'] violations of the TSR." SAC ¶ 317.

In making these allegations, the States incorporate by reference the same conduct alleged in SAC ¶¶ 1 – 274 on which the CFPB relies in alleging Mr. Wen and other defendants violated the Telemarketing Act and the TSR. SAC ¶ 303.

There can be no dispute that each of the States in Count 5 rely on the same conduct that the CFPB contends violated the Telemarketing Act and the TSR.

> **E.   The People of the State of California Allege in Count 15 that Mr. Wen Violated the California Uniform Voidable Transactions Act, Cal. Civ. Code § 3439.04(a)(1), Based on the Same Alleged Conduct that the CFPB Alleges Violated the TSR.**

In the Fifteenth Count against Mr. Wen, the People of the State of California ("**People**") allege that "As set forth in paragraphs 227-262, through the First and Second Transfers, Wen transferred cash and investments directly or indirectly to Relief Defendant Judy Dai (both individually and as a trustee of the Judy Dai 2017 Trust) with actual intent to hinder, delay, or defraud a creditor."  SAC ¶ 370.

In further support of Count 15, the People allege that "Wen's actual intent to hinder, delay, or defraud a creditor is demonstrated by the allegations in this Second Amended Complaint, including" paragraphs "65", "150-151 and 246-247", "233", "234-245", "234-245, 248-249, 257-260", "261-262", "228 and 252", "229-232 and 253-256" and "229-231, 241-245, and 253-255."  SAC ¶ 371(a) – (i).

In further support of Count 15, the People allege that "The allegations in paragraphs 1-285 are incorporated by reference."  SAC ¶ 368.

Each of the foregoing paragraphs of the SAC on which the People rely in Count 15 are relied on by the CFPB in alleging in Counts 1 – 3, 5, 7, 9, 11 and 14 that Mr. Wen violated the TSR and the Telemarketing Act.  There can be no dispute that the People in Count 15 rely on the same conduct that the CFPB contends violated the Telemarketing Act and the TSR.

### F.   The People of the State of California Allege in Count 16 that Mr. Wen Violated the California Uniform Voidable Transactions Act, Cal. Civ. Code § 3439.04(a)(2), Based on the Same Alleged Conduct that the CFPB Alleges Violated the TSR.

In the Sixteenth Count against Mr. Wen, the People allege "As set forth in paragraphs 227-262, through the First and Second Transfers, Wen transferred cash and investments directly or indirectly to Relief Defendant Judy Dai (both individually and as a trustee of the Judy Dai 2017 Trust), who did not provide reasonably equivalent value to Wen in exchange for the transfers."  SAC ¶ 375.

 In further support of Count 16, the People allege that "At the time of the First and Second Transfers, Wen was engaged in or about to engage in transactions for which the remainder of his assets were unreasonably small, or Wen believed or reasonably should have believed that he would incur debts beyond his ability to pay them, including because at the time of each transfer his assets were worth far less than the tens of millions of dollars in liabilities under the CFPA, TSR, and UCL, that he had incurred or was about to incur, including based on personally guaranteeing CAC's and True Count's merchant accounts as set forth in paragraphs 227-262, in violation of Cal. Civ. Code § 3439.04(a)(2)."  SAC ¶ 376.

In further support of Count 16, the People allege that "The allegations in paragraphs 1-285 are incorporated by reference."  SAC ¶ 373.

Each of the foregoing paragraphs of the SAC on which the People rely in Count 16 are relied on by the CFPB in alleging in Counts 1 – 3, 5, 7, 9, 11 and 14 that Mr. Wen violated the TSR and the Telemarketing Act.  There can be no dispute that the People in Count 16 rely on the same conduct that the CFPB contends violated the Telemarketing Act and the TSR.

### G.   Counts 17 and 18 Are Brought by the State of Minnesota Against Mr. Wen and other Defendants For Alleged Violations of Minnesota Law Based on the Same Conduct that the CFPB Alleges Violated the TSR.

In the Seventeenth and Eighteenth Counts, the state of Minnesota contends that the conduct of Mr. Wen, among other defendants, violated the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69, et seq., and the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325F.43, et seq., respectively.  Both Counts 17 and 18 depend on the same alleged "deceptive and fraudulent practices described in this Complaint" that the CFPB alleges violated the TSR.  SAC ¶¶ 383 and 389.

In making these allegations, the State of Minnesota incorporates by reference defendants' alleged conduct, including Mr. Wen's alleged conduct, that the CFPB contends violated the Telemarketing Act and the TSR. SAC ¶¶ 378 and 386.

There can be no dispute that the State of Minnesota in Counts 17 and 18 relies on the same conduct that the CFPB contends violated the Telemarketing Act and the TSR.

June 3, 2021
Page 6

**H. Counts 19, 20 and 21 Are Brought by the State of North Carolina Against Mr. Wen and Other Defendants for Alleged Violations of North Carolina Law Based on the Same Conduct that the CFPB Alleges Violated the TSR.**

In the Nineteenth Count of the SAC, the State of North Carolina, in alleging that the conduct of Mr. Wen, among other defendants, violated the North Carolina Debt Adjusting Act., N.C. Gen. Stat. § 14-423, et seq., seeks, among other things, "the disgorgement of all monies unlawfully collected by Defendants from North Carolina consumers." SAC ¶ 399.

In the Twentieth Count of the SAC, the State of North Carolina alleges that Mr. Wen and other defendants violated the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, by "Engaging in violations of the TSR, as set forth supra, which are specifically prohibited by 16 C.F.R. Part 310." SAC ¶ 404

In the Twenty-First Count of the SAC, the State of North Carolina alleges that the conduct of Mr. Wen and other defendants violated the North Carolina Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260 and § 66-261.

In support of its allegations in Counts 19, 20 and 21, the State of North Carolina incorporates by reference defendants' alleged conduct, including Mr. Wen's alleged conduct, that the CFPB contends violated the Telemarketing Act and the TSR. SAC ¶¶ 392, 400 and 409.

There can be no dispute that the State of North Carolina in Counts 19, 20 and 21 relies on the same conduct the CFPB contends violated the Telemarketing Act and the TSR.

**II. THE CFPB IN COUNTS 15 AND 16 ASSERT CLAIMS FOR RELIEF AGAINST MR. WEN UNDER CALIFORNIA LAW.**

In the Fifteenth Count against Mr. Wen, the CFPB alleges that in violation of California Civil Code § 3439.04(a)(1), "Wen transferred cash and investments directly or indirectly to Relief Defendant Judy Dai (both individually and as a trustee of the Judy Dai 2017 Trust) with actual intent to hinder, delay, or defraud a creditor." SAC ¶ 370.

In the Sixteenth Count against Mr. Wen, the CFPB alleges that in violation of California Civil Code § 3439.04(a)(2), "Wen transferred cash and investments directly or indirectly to Relief Defendant Judy Dai (both individually and as a trustee of the Judy Dai 2017 Trust), who did not provide reasonably equivalent value to Wen in exchange for the transfers." SAC ¶ 375.

There can be no dispute that the CFPB in Counts 15 and 16 do not seek to implement any Federal consumer financial law.

**III. THE CFPB AND THE STATES SEEK DISGORGEMENT AND RESTITUTION FROM MR. WEN OF THE MONIES PAID BY CONSUMERS TO DEFENDANTS.**

The CFPB and the States seek in the SAC's Demand "the refund of monies paid" based on, among other theories, "disgorgement" and "restitution." SAC ¶ 426(e), (f). The requests for "disgorgement" and "restitution" are alleged or incorporated by reference not only in the SAC's Demand but also in each of the Counts brought by the States and the CFPB against Mr. Wen. *See* SAC ¶¶ 2 – 4, 230 -231, 254 - 255, 354, 359, 364, 369, 374 and 399. As discussed below, the requests for disgorgement and restitution by the CFPB and the States are improper because they fail to allow deduction for legitimate business expenses and because they seek to hold Mr. Wen responsible for the refund of monies never received by him.

## IV.   LEGAL ANALYSIS.

### A.  The Legal Standards for Motions to Dismiss and Motions to Strike

Under Federal Rule of Civil Procedure 12(b)(6), a party may present by motion the defense that a claim for relief should be dismissed because of a "failure to state a claim upon which relief can be granted."  Where such a defense is apparent from the face of a pleading, the claim should be dismissed "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557-558 (2007).

Thus, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 550.  As the Ninth Circuit has stated: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Where a pleading is not "plausibly suggestive of a claim entitling the plaintiff to relief," dismissal is mandatory because "[t]he purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (Defendant Musician's allegations concerning fraudulent tax shelter plan as basis for rescinding music publishing agreements entered with plaintiff copyright holder's predecessors, which were time-barred and barred by res judicata, properly stricken in plaintiff's copyright infringement action because the allegations created serious risk of prejudice to the copyright holder, delay, and confusion of issues). *Accord, Herd v. County of San Bernardino*, 311 F.Supp.3d 1157, 1173 (C.D. Cal. 2018) ("[T]he Court STRIKES the references to decedent's pain and suffering from paragraphs 112, 127, and 145, which correspond to Plaintiffs' state law claims under which damages for pain and suffering may not be recovered.")

Here, none of the States' eleven Counts pled in the SAC are "plausibly suggestive" of a valid claim for relief against Mr. Wen.  Rather, as discussed below, each of the States' claims for relief is "fatally flawed" as a matter of law under the clear mandate of Congress as expressed in section 6103(d) of the Telemarketing Act, 15 U.S.C. § 6103(d).  For the same reason, all allegations relied on by the States concerning the student loan business that are the subject of the CFPB's claims against Mr. Wen must be stricken from the State's claims to the extent any portion of the State's claims for relief against Mr. Wen is not dismissed.

Similarly, Counts 15 and 16 pled by the CFPB against Mr. Wen are improper and must be dismissed because they do not seek to implement any Federal consumer financial law.

Finally, the claims by the CFPB and the States against Mr. Wen for disgorgement and restitution should be stricken because they fail to allow deduction for legitimate business expenses and because they improperly seek "joint and several" relief against Mr. Wen for funds that he never received.

### B.  Each of the States' Claims for Relief Against Mr. Wen Must Be Dismissed Because They Rely on the Same Conduct that the CFPB Alleges Violates The Telemarketing Act and the TSR.

The Telemarketing Act empowers the Federal Trade Commission ("**FTC**") to "prescribe rules prohibiting deceptive telemarketing acts or practices and other abusive telemarketing acts or practices." 15 U.S.C. § 6102(a)(1).  The FTC promulgated such rules pursuant to the TSR, which proscribes certain

June 3, 2021
Page 8

"Deceptive telemarketing acts or practices." 16 C.F.R. § 310.3.  As discussed above, the CFPB alleges in the SAC well over 300 paragraphs that purport to describe how the defendants, including Mr. Wen, violated the TSR.

The Telemarketing Act also permits a state to bring an action as a "*parens patrie*" on behalf of its citizens allegedly harmed by a violation of the TSR in a federal district court or its own state courts. 15 U.S.C. § 6102(a) and (f).

However, the Telemarketing Act provides a substantial limitation on a state's ability to bring a claim based on conduct violative of the TSR – a state may not "piggyback" on such allegations that are pending in a lawsuit brought by the FTC or CFPB. 15 U.S.C. § 6103(d).   Specifically, section 6103(d) provides:

> "Whenever a civil action has been instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection for violation of any rule prescribed under section 6102 of this title, no State may, during the pendency of such action instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection, institute a civil action under subsection (a) or (f)(2) against any defendant named in the complaint in such action for violation of any rule as alleged in such complaint."

As discussed above in detail, the States have inexplicably chosen to thumb their collective noses at Congress's will as expressed in Section 6103(d).  Specifically, the States' claims and allegations do nothing more than improperly "piggyback" on the same alleged conduct on which the CFPB relies in this case for purported violations of the TSR.  As such, the States' claims and allegations in this case against Mr. Wen cannot survive.

In *United States v. Dish Network, LLC*, 2015 WL 682952 (C.D. Ill. 2015), the State of California unsuccessfully attempted to avoid the mandate of Section 6103(d) in joining a lawsuit brought by the FTC alleging violations of the Telemarketing Act and the TSR.  Specifically, the state sought in an amended complaint to repurpose its allegations as state law claims under California's unfair competition statute. The District Court held in language equally applicable here that the state was precluded by Section 6103(d) from amending its claims to do so because the state necessarily – indeed, admittedly -- was continuing to rely on allegations already being pursued as violations of the TSR by the FTC:

> "The United States has brought the claims in Counts I and III of the Second Amended Complaint on behalf of the FTC. The Telemarketing Act, therefore, prohibits California from bringing an action for violations of the TSR alleged in Counts I and III, at least while the United States' claims are pending. 15 U.S.C. § 6103(d). California describes the proposed amendment as 'a piggybacking of the TSR violation already at issue in the case' through use of the Unfair Competition Law. Section 6103(d) bars California from piggybacking on the claims in Counts I and III directly. California may not use the Unfair Competition Law to 'plead around' this express bar. The proposed amendment, therefore, would be futile." *Id*. at *2. (Citations omitted.)

*Accord*, *Litigation of Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 et seq., and Implementing Regulations*, 164 Am. Jur. Trials 1, section 20 (May 2020 Update) ("The TCFAPA [Telemarketing Act] provides that whenever a civil action has been instituted by or on behalf of the Federal Trade Commission ('FTC') or the Bureau of Consumer Financial Protection ('BCFP") for a violation of the TSR, no state may, during the pendency of such action instituted by or on behalf of the FTC or the BCFP, institute a civil action against any defendant named in the complaint in such action for violation of any rule as alleged in such complaint. Thus, the TCFAPA prohibits a state from bringing an action for violations of the TSR if an action is pending which has been brought on behalf of the FTC for the alleged violations.")

Each of the States' eleven claims for relief against Mr. Wen expressly allege and incorporate by reference, and necessarily depend upon, the CFPB's allegations of conduct that the CFPB – and the States – claim violate the TSR. As such, each of the States' Counts against Mr. Wen must be dismissed

because they demonstrably are not "plausibly suggestive of a claim entitling the [States] to relief." *Moss v. U.S. Secret Service*, 572 F.3d at 969.

The foregoing discussion also demonstrates that each of the allegations of misconduct brought against Mr. Wen relied on by the States simply mirror the allegations brought by the CFPB in support of the CFPB's claims for relief based on alleged violations of the TSR.  Accordingly, to the extent any of the States' claims for relief against Mr. Wen are not dismissed, the States' allegations against Mr. Wen that merely attempt to "piggyback" on the identical allegations made by the CFPB should be stricken "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d at 1527.

### C.   The CFPB's Counts 15 and 16 Against Mr. Wen Must Be Dismissed Because They Improperly Seek to Enforce California Law.

The CFPB brings Counts 15 and 16 against Mr. Wen "in the alternative" under California's Uniform Fraudulent Transactions Act ("**UVTA**"), California Civil Code  §§ 3439.04(a)(1) and 3439.04(a)(2).  In doing so, the CFPB is seeking to exceed the scope of its jurisdiction as provided by Congress under the CFPA to enforce the federal consumer financial laws.  Such laws clearly do not include California's UVTA.

CFPA § 5511 provides

**Purpose, objectives, and functions**.

The Bureau shall seek to implement and, where applicable, enforce Federal consumer financial law consistently for the purpose of ensuring that all consumers have access to markets for consumer financial products and services and that markets for consumer financial products and services are fair, transparent, and competitive.

The Bureau is authorized to exercise its authorities under Federal consumer financial law. . . .

The primary functions of the Bureau are . . . . supervising covered persons for compliance with Federal consumer financial law, and taking appropriate enforcement action to address violations of Federal consumer financial law. . . .[and] issuing rules, orders, and guidance implementing Federal consumer financial law. . .

CFPA § 5531 provides:

**Prohibiting unfair, deceptive, or abusive acts or practices.**

The Bureau may take any action authorized under part E to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service.

CFPA § § 5564 provides;

**Litigation authority**.

If any person violates a Federal consumer financial law, the Bureau may. . . .commence a civil action against such person to impose a civil penalty or to seek all appropriate legal and equitable relief including a permanent or temporary injunction as permitted by law.

Congress authorized the CFPB to enforce <u>Federal</u> consumer financial laws.  The CFPA does not authorize the CFPB to enforce state law.  <u>Absent such statutory authorization, the CFPB has no jurisdiction to assert claims for relief under a state statute, such as California's UVTA.</u>  See *Michigan v. E.P.A.*, 268 F.3d 1075, 1082 (D.D.C. 2001) ("EPA is a federal agency—a creature of statute. It has no

constitutional or common law existence or authority, but only those authorities conferred upon it by Congress . . . . Thus, if there is no statute conferring authority, a federal agency has none."); *Killip v. Office of Personnel Management*, 991 F.2d 1564, 1569 (Fed. Cir. 1993) ("An agency is but a creature of statute. Any and all authority pursuant to which an agency may act ultimately must be grounded in an express grant from Congress.").

Congress did not confer on the CFPB authority to enforce state law.  As such, the CFPB's Counts 15 and 16 brought against Mr. Wen under the UVTA should be dismissed with prejudice.

> **D.   The Claims by the CFPB and the States For "Disgorgement" and "Restitution" Against Mr. Wen Must Be Stricken Because They Improperly Seek to Preclude Deduction of Legitimate Business Expenses and Because They Improperly Seek from Mr. Wen Refund of Monies That He Did Not Receive.**

In the SAC, the CFPB and the States ask the Court to hold Mr. Wen liable, "jointly and severally," for the "refund of monies received" by all defendants.  *See* SAC ¶¶ 230, 254, 354, 359, 364, 369, 374, 399 and 426(e).  These paragraphs should be stricken because they seek equitable relief in contravention of recent Supreme Court authority.

In *Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020), the Supreme Court established significant limits on federal statutes that provide for equitable relief such as "disgorgement" and "restitution."  In *Liu*, the SEC brought an enforcement action that sought, among other things, "disgorgement" from multiple defendants. The trial court in *Liu* granted the SEC relief that included a "joint and several award" against defendants equal to the full amount defendants had raised from investors, less a small sum that remained in defendants' corporate accounts.  The Court held that the relief granted by the District Court was improper because it exceeded the equitable relief available at "common law."

First, the Court held that it was improper "to impose disgorgement liability on a wrongdoer for benefits that accrue to his affiliates . . . through joint-and-several liability, in a manner . . . seemingly at odds with the common-law rule requiring individual liability for wrongful profits."  *Liu v. Securities and Exchange Commission*, 140 S.Ct. at 1949.  The Court explained that this was improper because it "could transform any equitable profits-focused remedy into a penalty . . . . [which] runs against the rule to not impose joint liability in favor of holding defendants 'liable to account for such profits only as have accrued to themselves ... and not for those which have accrued to another, and in which they have no participation.'"  *Ibid*.

Second, the Court held that the District Court's award also exceeded the accepted bounds of equitable relief because

> Courts may not enter disgorgement awards that exceed the gains "made upon any business or investment, when both the receipts and payments are taken into account.  Accordingly, courts must deduct legitimate expenses before ordering disgorgement . . . A rule to the contrary that "make[s] no allowance for the cost and expense of conducting [a] business" would be "inconsistent with the ordinary principles and practice of courts of chancery."  *Id*. at 1950.

In its opinion, the Court made it clear that its holding applied equally to the remedy of "restitution." *Liu v. Securities and Exchange Commission*, 140 S.Ct. at 1943. ("Restitution measured by the defendant's wrongful gain is frequently called 'disgorgement.'")

Contrary to the Supreme Court's holding in *Liu*, the SAC seeks equitable relief from Mr. Wen that is "joint and several" and does not allow for the deduction of legitimate business expenses.  For both reasons, the SAC's claims for disgorgement and restitution should be struck.

For the foregoing reasons, Mr. Wen plans to file motions to dismiss the CFPB's and the States' defectively pled claims for relief and strike the CFPB's and States' defective allegations.

June 3, 2021
Page 11

      Under Local Rule 7-3 of the Central District of California, before we can file our motion, we are required to contact you to schedule a conference to discuss "the substance of the contemplated motion and any potential resolution."  This conference must be by telephone, and must occur no later than a week before the date we file our motion.  As you know, our response to the SAC is due on June 21, 2021.  Please advise by close of business tomorrow when you are collectively available to discuss the issues raised in this letter.

Sincerely,

Matthew Eanet

cc:    Leanne E. Hartmann, Esq.
        Local Counsel for the Bureau of Consumer Financial Protection