**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (D.C. Bar No. 997387)
(Admitted *pro hac vice*)
Tel.: (202) 435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(Admitted *pro hac vice*)
Tel.: (202) 435-9641 / Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200
San Francisco, CA 94105
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

*Additional Counsel for Plaintiffs Listed on Next Page

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., <br><br> Defendants. | CASE NO. 8:19-cv-01998 MWF (KS) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S MOTION TO (1) DISMISS CERTAIN CAUSES OF ACTION OF THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); AND (2) STRIKE CERTAIN ALLEGATIONS OF SAME PURSUANT TO FED. R. CIV. P. 12(f)** <br><br> Hearing: September 27, 2021 <br> Court: Hon. Michael W. Fitzgerald <br> Courtroom: 5A |

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 757-1454 / Email: evan.romanoff@ag.state.mn.us

*Attorneys for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
MICHAEL T. HENRY (N.C. Bar No. 35338)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Emails: lweaver@ncdoj.gov / mhenry@ncdoj.gov

*Attorneys for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
MARY CLARE MOLIDOR, Chief Assistant City Attorney, (CA Bar No. 82404)
CHRISTINA V. TUSAN, Supervising Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 978-8707/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org

*Attorneys for Plaintiff the People of the State of California*

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

# Table of Contents

TABLE OF AUTHORITIES..................................................................................... iv

INTRODUCTION ................................................................................................... 1

FACTUAL AND PROCEDURAL HISTORY..................................................... 2

ARGUMENT .......................................................................................................... 4

    I.     Neither the Telemarketing Act nor the Doctrine of Supplemental Jurisdiction Supports Dismissal of the States' Claims............................................................ 4

        A.  The States' Federal Claims Under the TSR Are Not Barred. ......................... 5

        B.  Section 6103(d) Is No Impediment to the State-Law Claims and Wen Offers No Reason Why the Court Should Decline to Hear Them............................. 8

    II.    Plaintiffs' Remedies Allegations Cannot Be Stricken Under Rule 12(f) on the Ground That They Are Precluded as a Matter of Law....................................... 11

CONCLUSION ...................................................................................................... 15

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

1
2

# TABLE OF AUTHORITIES

3
4

## Cases

5   *Alaei v. Gov't Employees Ins. Co.*, No. 3:20-cv-00262-L-WVG, 2021 WL 1165067 (S.D.
      Cal. Mar. 25, 2021) ................................................................................................. 12

6   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................... 4

7   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................... 4

8   *Cambridge Lane, LLC v. J-M Manufacturing Co., Inc.*, No. 10-6638-GW-PJWx, 2020 WL
9      8410437 (C.D. Cal. May 14, 2020) ....................................................................... 4

10  *Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 15-cv-2440-GPC-AHG, 2021
11     WL 1165078 (S.D. Cal. Mar. 26, 2021) ............................................................... 13

12  *Dahlin v. Under Armour, Inc.*, No. CV 20-3706 PA (JEMx), 2020 WL 6647733 (C.D. Cal.
      July 31, 2020) ....................................................................................................... 12

13  *FTC v. Click4Support, LLC*, No. 2:15-cv-05777-GEKP (E.D. Pa. Oct. 26, 2015) ................. 7
14
    *FTC v. EM Sys. & Servs., LLC*, No. 8:15-cv-01417-SDM-AEP (M.D. Fla. June 16, 2015) ... 7
15
    *FTC v. Marcus*, No. 0:17-cv-60907-FAM (S.D. Fla. May 8, 2017) ................................... 7
16
17  *Gompper v. VISX, Inc.*, 298 F.3d 893 (9th Cir. 2002) .......................................... 4

18  *Lopez v. Coombe-Hesperia Road, LLC*, No. EDCV 20-0052 JGB (SHKx), 2020 WL
      8413519 (C.D. Cal. Oct. 29, 2020) ....................................................................... 9

19  *Liu v. Securities and Exchange Commission*, 140 S. Ct. 1936 (2020) ................ 2, 11, 13, 14

20  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008) ......................... 4

21  *People ex rel. Harris v. Sarpas*, 225 Cal.App.4th 1539 (Cal. Ct. App. 2014) ..................... 14
22
23  *Powell v. Wells Fargo Home Mortgage*, No. 14-cv-04248-MEJ, 2017 WL 2720182 (N.D.
      Cal. June 23, 2017) ............................................................................................... 11

24  *Scott v. Gate Gourmet, Inc.*, No. 2:20-cv-11033-CAS-JPRx, 2021 WL 677897 (C.D. Cal.
25     Feb. 22, 2021) ...................................................................................................... 12

26  *State ex rel. Cooper v. NCCS Loans, Inc.*, 624 S.E.2d 371 (N.C. Ct. App. 2005) ............... 13

27  *State ex rel. Easley v. Rich Food Servs., Inc.*, 535 S.E.2d 84 (N.C. Ct. App. 2000) ............. 13

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

*State v. Alpine Air Prods. Inc.*, 490 N.W.2d 888 (Minn. Ct. App. 1992)............................ 14

*State v. Minn. School of Bus., Inc.*, 935 N.W.2d 124 (Minn. S. Ct. 2019) ........................... 14

*Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177 (C.D. Cal. 2011)......................... 11

*Thomas-Byass v. Michael Kors Stores (California), Inc.*, No. EDCV 15-369 JGB (KKx), 2015 WL 13756100 (C.D. Cal. Sept. 16, 2015)................................................................ 12

*United States v. Dish Network, LLC*, 256 F. Supp. 3d 810 (C.D. Ill. 2017)......................... 9

*United States v. Dish Network, LLC*, 75 F. Supp. 3d 942 (C.D. Ill. 2014)............................ 9

*United States v. Dish Network, LLC*, No. 09-3073, 2015 WL 682952 (C.D. Ill. Feb. 17, 2015) ...........................................................................................................................6, 7, 8

*Walter v. Western Indus., Inc.*, No. SACV 13-1503 JLS (ANx), 2013 WL 12137687 (C.D. Cal. Dec. 10, 2013) ........................................................................................................ 12

*Wassink v. Affiliated Computers Servs., Inc.*, No. 8:11-cv-00554, 2011 WL 13077358 (C.D. Cal. Dec. 21, 2011) ........................................................................................................ 4

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010).......................11, 12, 15

**Statutes and Regulations**

Telemarketing and Consumer Fraud and Abuse Prevention Act

    15 U.S.C. § 6101 *et seq.* ........................................................................................... 1

    15 U.S.C. § 6103(b)...............................................................................................1, 6

    15 U.S.C. § 6103(d)...............................................................................1, 5, 6, 7, 8, 9

28 U.S.C. § 1367(a).......................................................................................................9, 10

28 U.S.C. § 1367(c).......................................................................................................2, 10

California Uniform Voidable Transactions Act

    Cal. Civil Code section 3439 *et seq*.......................................................................8, 14

California Unfair Competition Law

    Cal. Bus. & Prof. Code § 17200 *et seq*...................................................................8, 9

    Cal. Bus. & Prof. Code § 17203................................................................................ 14

    Cal. Bus. & Prof. Code § 17206.1............................................................................. 14

    Cal. Bus. & Prof. Code § 17535................................................................................ 14

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

Minnesota Prevention of Consumer Fraud Act

    Minn. Stat. § 325F.69, *et seq.* ........................................................ 8

Minnesota Uniform Deceptive Trade Practices Act

    Minn. Stat. § 325D.43, *et seq.* ....................................................... 8

Minn. Stat. § 8.31 subd. 3a. .................................................................. 14

North Carolina Debt Adjusting Act

    N.C. Gen. Stat. § 14-423, *et seq.* ................................................... 8

    N.C. Gen. Stat. § 14-425 ................................................................ 14

North Carolina Telephonic Seller Registration Act

    N.C. Gen. Stat. § 66-260, et seq. ..................................................... 8

North Carolina Unfair and Deceptive Practices Act

    N.C. Gen. Stat. § 75-1.1 ...................................................... 8, 9, 13, 14

    N.C. Gen. Stat. § 75-15.1 ............................................................. 13

Telemarketing Sales Rule (TSR), 16 C.F.R. part 310 ................................. *passim*

## Other Authorities

Federal Rule of Civil Procedure 12(b)(1) ................................................. 9

Federal Rule of Civil Procedure 12(b)(6) ................................................. 4

Federal Rule of Civil Procedure 12(f) ............................................. 2, 11, 12

H.R. Rep. No. 103-20 (1993) ............................................................... 7

S. Rep. No. 103-80 (1993) .............................................................. 7, 8

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

# INTRODUCTION

The Consumer Financial Protection Bureau (Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, the States), commenced this action against numerous individual and corporate defendants that operated a student loan debt-relief scheme that defrauded consumers nationwide of millions of dollars in fees.[1] The Third Amended Complaint asserts claims under the Telemarketing Sales Rule (TSR), 16 C.F.R. part 310—which implements the Telemarketing and Consumer Fraud and Abuse Prevention Act (Telemarketing Act), 15 U.S.C. § 6101 *et seq.*—the Consumer Financial Protection Act of 2010 (CFPA), and certain Minnesota, North Carolina, and California consumer protection statutes.

Defendant Kaine Wen now seeks to dismiss both the States' claims under the Telemarketing Sales Rule (TSR), 16 C.F.R. part 310, and state-law claims based on the same conduct, for failure to state a claim upon which relief can be granted. Wen contends that the Telemarketing Act bars the States from joining the Bureau in asserting claims for violations of the TSR against him, arguing that 15 U.S.C. § 6103(d) prohibits the States from bringing claims while the Bureau's action is "pending." Wen also argues that this same provision mandates dismissal of the States' state-law claims based on the same conduct that gave rise to the alleged TSR violations. But Wen's argument relies on a misreading of the statute's text. The plain language clearly shows that Congress did not bar joint state and federal TSR actions.

Wen's argument that this Court should decline to exercise supplemental jurisdiction over the state-law claims rests squarely on his flawed argument about the import of § 6103(d), and therefore fails. Even if dismissal of the

---

[1] Plaintiffs also named several relief defendants whom they allege received ill-gotten gains from defendants' student-loan debt-relief operations.

States' federal TSR claims was appropriate, Wen offers no reason under 28 U.S.C. § 1367(c) for dismissal of the state-law claims. Adjudicating the state-law claims would pose no additional burden on this Court because, as Wen concedes, they are based on the same conduct as the Bureau's TSR claims. And a bifurcated scheme in which the Bureau and the States litigate their respective claims in different fora could result in duplicative or inconsistent results, an outcome that would neither serve the interests of comity nor make Wen's defense to multiple actions any fairer to him.

Finally, Wen urges the Court to strike the Bureau and States' prayer for relief insofar as it asserts his joint and several liability for restitution and disgorgement, arguing that the plaintiffs' ability to seek such relief is foreclosed by *Liu v. Securities and Exchange Commission*, 140 S. Ct. 1936, 1940 (2020), which held that equitable relief authorized under the Securities and Exchange Act generally could not exceed a defendant's net profits. While the Bureau and the States dispute *Liu*'s applicability to the relief sought by the Third Amended Complaint under the CFPA, which authorizes both legal and equitable relief, the Court should not resolve this issue at this time. Ninth Circuit precedent (which Wen fails to cite in his motion) and its progeny dictate that Federal Rule of Civil Procedure 12(f) is not an appropriate mechanism for attacking allegations for remedies on the basis that they are precluded as a matter of law.

## FACTUAL AND PROCEDURAL HISTORY

Kaine Wen, along with several individual and corporate co-defendants, defrauded consumers out of millions of dollars by offering or selling debt-relief services to consumers through interstate telephone calls and making numerous material misrepresentations about the nature of their services, which purported to help federal-student-loan borrowers obtain loan forgiveness or lower monthly payments through programs administered by the U.S. Department of Education.

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

Pls.' Third Amended Complaint (TAC) (ECF 314), ¶¶ 8-17. Among other misrepresentations, Wen and his co-defendants misrepresented to consumers when they would qualify for loan forgiveness, that they had been approved for lower monthly payments, and that their lower monthly payments would not be subject to change. TAC ¶ 10. Wen and his co-defendants also misrepresented to consumers that their payments for defendants' services would be applied to their student loan balances, and failed to inform them that their student loan balances would increase when defendants acted to place their loans in forbearance while they prepared their applications for loan forgiveness or modification. TAC ¶¶ 11-12. Wen and his co-defendants did not tell consumers that the defendants routinely submitted false information to loan servicers in order to qualify consumers for lower monthly payments. TAC ¶ 13. For these purported services, Wen and his co-defendants collected illegal advance fees, which are expressly prohibited by the TSR. Further, Wen and his co-defendants falsely represented to consumers that they maintained consumers' payments in independent third-party accounts when the accounts were instead controlled by Wen and his co-defendants. TAC ¶¶ 14-16.

　　　　The Bureau and the States commenced this action against Wen and other defendants on October 21, 2019, asserting claims under the TSR and the CFPA, as well as several claims under California, North Carolina, and Minnesota state statutes. The Bureau obtained an *ex parte* temporary restraining order, which, among other things, required defendants to cease-and-desist their operations, appointed a receiver to take control of the corporate defendants' assets, and froze assets and ill-gotten gains of defendants and relief defendants. On November 15, 2019, the Court entered a preliminary injunction. Plaintiffs have since amended their complaint three times, on February 24, 2020 and April 21, 2021, to assert claims for relief against additional defendants and relief

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

defendants, and most recently on August 5, 2021, to drop fraudulent transfer claims resolved by a settlement. As relevant here, the Bureau and the States assert Counts 1-3 and 5 against Wen and other defendants for violations of the TSR. The States' related state-law claims based on the same conduct that gave rise to Wen's alleged violations of the TSR are asserted in Counts 17-22.

## ARGUMENT

### I.    Neither the Telemarketing Act nor the Doctrine of Supplemental Jurisdiction Supports Dismissal of the States' Claims.

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the legal sufficiency of the claims asserted in a complaint. *See Wassink v. Affiliated Computers Servs., Inc.*, No. 8:11-cv-00554, 2011 WL 13077358, at *2 (C.D. Cal. Dec. 21, 2011). The Court must accept all material factual allegations as true, draw all reasonable inferences from the factual allegations, and construe the complaint in the light most favorable to the plaintiffs. *Cambridge Lane, LLC v. J-M Manufacturing Co., Inc.*, No. 10-6638-GW-PJWx, 2020 WL 8410437, at *4 (C.D. Cal. May 14, 2020) (citing *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002)). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may grant a motion to dismiss under Rule 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Wen contends that the Telemarketing Act prohibits the States from joining the Bureau's TSR claims against him, and that this requires the Court to

dismiss both the States' claims against him under the TSR in Counts 1-3 and 5, and the States' claims under their respective state statutes to the extent they are based on "conduct that is alleged by the [Bureau] to violate the Telemarketing Act and the TSR." Wen Mot. to Dismiss 10-11. Wen misreads the statute, and the sole decision on which his motion relies is a district court ruling from another jurisdiction that wholly fails to support his arguments.

### A. The States' Federal Claims Under the TSR Are Not Barred.

Wen urges this Court to dismiss the States' claims under Counts 1-3 and 5 because, he argues, the "plain language" of the Telemarketing Act prohibits the States from "piggyback[ing]" onto the Bureau's TSR claims. Wen's Mot. to Dismiss 5. But 15 U.S.C. § 6103(d) does not proscribe this joint action by the Bureau and the States. It provides:

> Whenever a civil action has been instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection for violation of any rule prescribed under section 6102 of this title, no State may, during the pendency of such action instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection, institute a civil action under subsection (a) or (f)(2) against any defendant named in the complaint in such action for violation of any rule as alleged in such complaint.[2]

The statute plainly provides that states may not *institute* an action under the TSR "during the pendency of such action" by the Bureau (or Federal Trade Commission). Here, it is undisputed that the States' TSR claims commenced simultaneously with the Bureau's action against Wen and his co-defendants. Thus, there was no pending action by the Bureau at the time the States instituted their action.

Wen's reading of section 6103(d) fails to recognize the temporal language that seeks only to prevent a separate civil enforcement action by a

---

[2] The TSR is promulgated under 15 U.S.C. § 6102.

state asserting TSR claims against the same defendant that is subject to an existing action for the same violations brought by the Bureau or FTC. Wen's error is confirmed by the fact that section 6103(b) gives the FTC authority to intervene and fully participate in TSR actions filed by states.[3] Thus, the statute specifically contemplates, and authorizes, the sort of joint federal-state actions to enforce the TSR that Wen claims it categorically bars. Moreover, Wen's reading excises the verb "institute" that describes the specific conduct a state is prohibited from engaging in after the Bureau has filed suit in favor of a broader reading that would bar a state from even joining a Bureau or FTC action at its outset. Wen's atextual interpretation of section 6103(d) should be rejected.

The one case cited by Wen, *United States v. Dish Network, LLC*, No. 09-3073, 2015 WL 682952, at *2 (C.D. Ill. Feb. 17, 2015), does not address the question presented here—whether section 6103(d) prohibits the States and the Bureau from jointly commencing an action under the TSR. That court denied the State of California's motion for leave to amend its state unfair competition claim to plead a violation of the TSR after the court had already granted partial summary judgment in favor of California's co-plaintiff, the United States on behalf of the FTC, on some of its TSR claims. *Id.* at *1. The court reasoned that because the federal government had previously asserted violations of the TSR in the original complaint and California had not, section 6103(d) prohibited

---

[3] "The State shall serve prior written notice of any civil action under subsection (a) or (f)(2) upon the Commission and provide the Commission with a copy of its complaint, except that if it is not feasible for the State to provide such prior notice, the State shall serve such notice immediately upon instituting such action. Upon receiving a notice respecting a civil action, the Commission shall have the right (1) to intervene in such action, (2) upon so intervening, to be heard on all matters arising therein, and (3) to file petitions for appeal." 15 U.S.C. § 6103(b).

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

California from subsequently amending its claims to assert TSR violations.[4] *Id.* at *1, *2. Thus, even assuming that section 6103(d) would bar a state from subsequently asserting a TSR claim in the *same* action where the FTC or Bureau pleaded one (as opposed to instituting a separate action), the *Dish Network* decision involved significant factual differences from this case that do not support Wen's argument regarding the States' TSR claims. Indeed, joint state and federal prosecutions of the TSR have continued without challenge after *Dish Network* when the claims are instituted together at the outset of the action. *See, e.g.*, *FTC v. Marcus*, No. 0:17-cv-60907-FAM (S.D. Fla. May 8, 2017); *FTC v. Click4Support, LLC*, No. 2:15-cv-05777-GEKP (E.D. Pa. Oct. 26, 2015); *FTC v. EM Sys. & Servs., LLC*, No. 8:15-cv-01417-SDM-AEP (M.D. Fla. June 16, 2015).

Beyond the plain language of the statute, the legislative history of the Telemarketing Act further confirms Congress's intent to permit civil actions of the sort before the Court here. Both the Senate and House Reports on the version of the Telemarketing Act enacted in 1994 make clear that the purpose of the provision codified at 15 U.S.C. § 6103(d) is "to prevent duplication of effort by enforcement officials, and to avoid unreasonably subjecting defendants to multiple actions simultaneously." S. Rep. No. 103-80, at 12 (1993); H.R. Rep. No. 103-20, at 10 (1993). Those concerns are not implicated here where the States and the Bureau are alleging claims in the same action. Of particular relevance here, the drafters did not intend to "preclude one or more State attorneys general from intervening in actions brought by the FTC or

---

[4] *Dish Network* did not argue for, nor did the Court grant, dismissal of any of the states' existing federal and state-law claims, all of which were based on *Dish Network*'s illegal telemarketing activity, under 15 U.S.C. § 6103(d).

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

otherwise assisting or cooperating with the FTC in such cases." S. Rep. No. 103-80, at 12.

Wen's arguments are precluded by the plain language of the statute, and he has pointed to no authority that supports a contrary interpretation. Accordingly, the Court should deny Wen's motion to dismiss the States' TSR claims under Counts 1-3 and 5.

### B. Section 6103(d) Is No Impediment to the State-Law Claims and Wen Offers No Reason Why the Court Should Decline to Hear Them.

The States' state-law claims at Counts 17-22 of the Third Amended Complaint likewise should survive Wen's efforts to dismiss them. Wen again relies on *Dish Network* to argue that Counts 17-22, which are based on conduct that gives rise to allegations that the Bureau and the States assert violate the TSR, represent an "attempt" by the States to "'plead around' the bar of Section 6103(d)." Wen Mot. to Dismiss 8. Wen mischaracterizes the States' state-law claims, which are not predicated on violations of the TSR and which furnish grounds for liability independent of the TSR.

Specifically, Minnesota asserts violations of its Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69, *et seq.*, and its Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq. See* Counts 17-18, TAC ¶¶ 378-391. North Carolina asserts violations of North Carolina's Debt Adjusting Act, N.C. Gen. Stat. § 14-423, *et seq.*, Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, and Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260, et seq. *See* Counts 19-21, TAC ¶¶ 392-416. California asserts violations of California's Business and Professions Code section 17200 *et seq.*[5] *See* Count

---

[5] California has also asserted violations of the Uniform Voidable Transactions Act, Cal. Civil Code sections 3439 through 3439.14 (Counts 15-16), but Wen's motion does not seek dismissal of these claims.

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE**

22, TAC ¶¶ 417-425. The States' state-law claims are based almost on independent state laws that have different elements than the TSR and—with two minor exceptions—are not predicated on Wen's TSR violations.[6]

Wen also fails to mention that the *Dish Network* court exercised jurisdiction over "supplemental state law counts … [that] are based on the Do-Not-Call Laws and other consumer protection laws of the Plaintiff States." *United States v. Dish Network, LLC*, 75 F. Supp. 3d 942, 962 (C.D. Ill. 2014); *see also United States v. Dish Network, LLC*, 256 F. Supp. 3d 810, 818 (C.D. Ill. 2017) (holding, following bench trial, that court had "supplemental jurisdiction to hear the Plaintiff States' state law claims"). Significantly, the *Dish Network* decision on which Wen relies does not stand for the proposition that § 6103(d) prohibits state-law claims that are based on the same conduct that also constitutes TSR violations.

But even if dismissal of the States' TSR claims was appropriate, the Court should exercise its discretion under 28 U.S.C. § 1367(a) to retain jurisdiction over the States' state-law claims.[7] As Wen's own moving papers concede, the claims asserted in Counts 17-22 are "based on the same alleged

---

[6] North Carolina asserts four separate bases for its assertion that the defendants violated its Unfair and Deceptive Practices Act, but only one of these bases asserts an underlying violation of the TSR. *See* TAC ¶ 404. California likewise alleges five independent bases for its assertion that defendants violated its unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq.*, only one of which asserts a violation of the TSR.

[7] Wen's argument that the Court lacks subject matter jurisdiction over the States' non-TSR claims amounts to a jurisdictional challenge based on the face of the complaint, as he has not introduced any extrinsic evidence challenging the complaint's factual allegations. *See Lopez v. Coombe-Hesperia Road, LLC*, No. EDCV 20-0052 JGB (SHKx), 2020 WL 8413519, at *2 (C.D. Cal. Oct. 29, 2020). Thus, in a facial attack under Federal Rule of Civil Procedure 12(b)(1), "the court must accept the factual allegations in the plaintiff's complaint as true." *Id.*

wrongdoing that is the subject of the [Bureau's] claims" in Counts 1-3 and 5. Wen Mot. to Dismiss 9. Therefore, they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a).

Moreover, Wen makes no attempt to satisfy any of the factors under which this Court may decline to exercise its supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c), a court may decline to exercise supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Wen does not address any of these factors, and none of them are present. Instead, Wen asserts in conclusory fashion that adjudicating Counts 17-22 would pose an undue burden on the Court, that comity dictates that the States' state-law claims should be heard by their respective state courts, and that it would be unfair for him to defend against multiple state-law claims. Wen Mot. to Dismiss 12. But none of these considerations, even if true, would warrant declination of supplemental jurisdiction over Counts 17-22.

Wen's motion essentially concedes this Court has supplemental jurisdiction over the States' state-law claims pursuant to 28 U.S.C. § 1367(a), and fails to identify any legitimate basis why this Court should decline to exercise that jurisdiction. The Court therefore should deny Wen's motion to dismiss Counts 17-22.

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S MOTION TO DISMISS AND STRIKE**

## II. Plaintiffs' Remedies Allegations Cannot Be Stricken Under Rule 12(f) on the Ground That They Are Precluded as a Matter of Law.

Wen contends that pursuant to Federal Rule of Civil Procedure 12(f), the Court should strike all allegations in the Third Amended Complaint that seek to hold Wen jointly and severally liable and for the "'refund of monies received' by all defendants." Wen Mot. to Dismiss 13 (listing allegations to be struck). Wen argues that these allegations amount to equitable relief that the Bureau and the States are not entitled to seek pursuant to the Supreme Court's decision in *Liu v. Securities and Exchange Commission*, 140 S. Ct. 1936 (2020). Wen's arguments are unavailing.

Although the Court may strike from a pleading under Rule 12(f) "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," "[r]ule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973, 974 (9th Cir. 2010) (citations and internal quotations omitted). *Whittlestone*, a precedent that Wen's motion neglects to cite, holds that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."[8] *Id.* at 974-75.

---

[8] Wen also relies on *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177 (C.D. Cal. 2011) to support his argument that the relief sought by the Bureau and the States can be stricken from the Third Amended Complaint under Rule 12(f). *See* Wen Mot. to Dismiss 4. But the *Susilo* court "relied only on one out-of-circuit case for this proposition and did not address *Whittlestone*'s holding." *Powell v. Wells Fargo Home Mortgage*, No. 14-cv-04248-MEJ, 2017 WL 2720182, at *6 (N.D. Cal. June 23, 2017). And more generally, "[c]ourts that have [continued to strike] claims for relief that are precluded" by the statutes under which plaintiffs have sued have done so "without addressing the effect of *Whittlestone*." *Id.* at *7 (noting that "the *Whittlestone* holding is consistent with

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

*See also Thomas-Byass v. Michael Kors Stores (California), Inc.*, No. EDCV 15-369 JGB (KKx), 2015 WL 13756100, at \*3 (C.D. Cal. Sept. 16, 2015) (following *Whittlestone* and denying defendant's motion to strike on ground that requested relief was unavailable as a matter of law); *Walter v. Western Indus., Inc.*, No. SACV 13-1503 JLS (ANx), 2013 WL 12137687, at \*3-\*4 (C.D. Cal. Dec. 10, 2013) (rejecting argument that punitive damages request should be stricken from complaint because they were unavailable as a matter of law). Courts in this District have applied *Whittlestone*'s holding to deny motions to strike prayers for other forms of relief, including restitution. *See Scott v. Gate Gourmet, Inc.*, No. 2:20-cv-11033-CAS-JPRx, 2021 WL 677897, at \*12 (C.D. Cal. Feb. 22, 2021); *Dahlin v. Under Armour, Inc.*, No. CV 20-3706 PA (JEMx), 2020 WL 6647733, at \*5 (C.D. Cal. July 31, 2020); *see also Alaei v. Gov't Employees Ins. Co.*, No. 3:20-cv-00262-L-WVG, 2021 WL 1165067, at \*8 (S.D. Cal. Mar. 25, 2021).

Wen's motion makes no attempt to argue that the allegations focusing on his joint and several liability and for remedial relief constitute an insufficient defense or are redundant, immaterial, impertinent, or scandalous, as Rule 12(f) requires. Indeed, any such effort would fail because the Plaintiffs' prayer for relief: 1) is plainly not a defense; 2) is not redundant because it is an appropriate part of the complaint; 3) is material and pertinent to the case as it relates to the claims asserted; 4) and is not scandalous as "a claim for damages is not scandalous." *Whittlestone*, 618 F.3d at 974.

Instead, Wen spills considerable ink explaining why the Bureau's and the States' requests for certain kinds of relief would fail in light of *Liu* despite the fact that case is inapposite, and the issue is not ripe for consideration at this

---

[Rule 12(f)'s] language" which "does not contemplate striking a claim for relief because it is precluded as a matter of law ….").

time. *See* Wen Mot. to Dismiss 13-18. *Liu*, which held that the SEC's statute authorizes that agency to secure disgorgement awards that do not exceed a wrongdoer's net profits, does not foreclose the Bureau and the States from the relief sought by the Third Amended Complaint. In contrast to the statutory provision at issue in *Liu*, the CFPA authorizes the Bureau to seek "*any* appropriate legal or equitable relief" (with the exception of punitive damages), including specifically "refund of moneys," "payment of damages," or legal "restitution." 12 U.S.C. § 5565(a)(1)-(2) (emphasis added); *see also Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 15-cv-2440-GPC-AHG, 2021 WL 1165078, at *4 (S.D. Cal. Mar. 26, 2021) (explaining that *Liu* "has no bearing on whether restitution under the CFPA must exclusively be calculated by measure of net profits.").

The state-law violations asserted here likewise furnish grounds for the relief sought in the Third Amended Complaint. For example, North Carolina is authorized to seek "the restoration of any moneys or property" obtained by any defendant as result of a violation of the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, on a joint and several basis. N.C. Gen. Stat. § 75-15.1; *see, e.g., State ex rel. Cooper v. NCCS Loans, Inc.*, 624 S.E.2d 371, 378-79 (N.C. Ct. App. 2005) (upholding award ordering "all funds collected by the defendants … be refunded to consumers" and imposing what amounted to joint and several liability on all defendants); *State ex rel. Easley v. Rich Food Servs., Inc.*, 535 S.E.2d 84, 90, 93 (N.C. Ct. App. 2000) (holding that (i) when the Attorney General institutes enforcement action under section 75-1.1, the State may seek a "full remedy" of "restoration of any moneys" collected by defendants as a result of such violations; and (ii) that a "key agent" and employee of defendant could be held personally liable). North Carolina's Debt Adjusting Act authorizes the Attorney General to seek, as a violation of

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S**
**MOTION TO DISMISS AND STRIKE**

the Unfair and Deceptive Practices Act, the return of advance fees paid by that state's consumers collected by defendants and not paid to consumers' student loan creditors. *See* N.C. Gen. Stat. § 14-425.

California law similarly authorizes the return of all funds paid by California consumers to Wen and his co-defendants and authorizes joint and several liability. *See* Cal. Bus. & Prof. Code § 17203 (providing restitution may be ordered "as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."); *see also id.* §§ 17206.1, subd. (d), 17535; *see, e.g.*, *People ex rel. Harris v. Sarpas*, 225 Cal.App.4th 1539, 1565 (Cal. Ct. App. 2014). California's Uniform Voidable Transactions Act permits a court to void a transfer of assets, attach assets, or employ equitable remedies such as injunctive relief or receivership. Cal. Civ. Code § 3439.07.

Finally, Minnesota's Attorney General may seek an order requiring Wen and his co-defendants to forfeit all funds they fraudulently obtained from Minnesota consumers. *See* Minn. Stat. § 8.31 subd. 3a; *see State v. Minn. School of Bus., Inc.*, 935 N.W.2d 124, 133-34 (Minn. S. Ct. 2019) (observing that the Attorney General may pursue "any remedies authorized under the private remedies subdivision [of Minn. Stat. § 8.31] including equitable relief" and that the Attorney General's *parens patriae* power includes "the power to seek equitable restitution."); *see also, e.g.*, *State v. Alpine Air Prods. Inc.*, 490 N.W.2d 888, 896 (Minn. Ct. App. 1992) (affirming award of "complete restitution" to all consumers because the "fraud infected every single sale of [the company's products]").

In any event, it would be premature at this point for the Court to decide *Liu*'s impact, if any, on the relief sought in this case, because, as the Ninth

Circuit has held, it is not appropriate to resolve disputed legal issues in the context of a motion to strike. *Whittlestone*, 618 F.3d at 973.

Wen's assertion that the remedies sought by Plaintiffs are subject to a motion to strike under Rule 12(f) is precluded by Ninth Circuit precedent, and the Court should deny Wen's motion to strike.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant Kaine Wen's motion to dismiss and motion to strike.

Dated: September 7, 2021

By: /s/ Sarah Preis
Sarah Preis (D.C. Bar No. 997387)
*Admitted pro hac vice*
Email: sarah.preis@cfpb.gov
Jesse Stewart (N.Y. Bar No. 4145495)
*Admitted pro hac vice*
Email: jesse.stewart@cfpb.gov
N. Nathan Dimock (D.C. Bar No. 487743)
Email: nathan.dimock@cfpb.gov
*Admitted pro hac vice*

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

By: /s/ M. Lynne Weaver
M. Lynne Weaver (N.C. Bar No. 19397)
(admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Tel.: (919) 716-6039

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**

1  Fax: (919) 716-6050
2  Email: lweaver@ncdoj.gov

3  *Attorney for Plaintiff*
4  *State of North Carolina*

5  By: */s/ Evan Romanoff*
6  Evan Romanoff (Atty. Reg. No.
7  0398223)
   (admitted *pro hac vice*)
8  Assistant Attorney General
9  445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
10 Tel.: (651) 757-1454
11 Fax: (651) 296-7438
   Email:
12 evan.romanoff@ag.state.mn.us

13 *Attorney for Plaintiff State of*
14 *Minnesota*

15 By: */s/ Christina Tusan*
16 Christina Tusan
   Supervising Deputy City Attorney
17 Office of the City Attorney
   Consumer and Workplace
18 Protection Unit
19 200 N. Main Street, 500 City Hall
   East
20 Los Angeles, CA 90012
21 Tel.: (213) 473-6908
22 Email: christina.tusan@lacity.org

23 *Attorney for Plaintiff the People of*
24 *the State of California*

25

26

27

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S**
**MOTION TO DISMISS AND STRIKE**

I, Sarah Preis, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Sarah Preis*

Sarah Preis

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, I caused true and correct copies of Plaintiffs' Opposition to Defendant Kaine Wen's Motion to (1) Dismiss Certain Causes of Action of Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6); and (2) Strike Certain Allegations of Same Pursuant to Fed. R. Civ. P. 12(f), to be served using the CM/ECF system, thereby sending notification of the filing to all parties in the case who are registered CM/ECF users, and by email to Michael Adler, counsel to Judy Dai, at madler@ta-llp.com.

Dated: September 7, 2021        /s/ *Sarah Preis*

Sarah Preis

*Attorney for the Bureau of Consumer Financial Protection*

**PLAINTIFFS' OPPOSITION TO DEFENDANT KAINE WEN'S
MOTION TO DISMISS AND STRIKE**