EANET, PC
Matthew L. Eanet (SBN 227490)
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone: 310-775-2495
Facsimile: 310-593-2589
matt@eanetpc.com
*Attorney For Defendant Kaine Wen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., <br><br> Defendants, and <br><br> Infinite Management Corp., f/k/a Infinite Management Solutions Inc., et al. <br><br> Relief Defendants. | Case No. SACV 19-1998-MWF(KSx) <br><br> **DEFENDANT KAINE WEN'S REPLY IN SUPPORT OF MOTION TO (1) DISMISS CERTAIN CAUSES OF ACTION OF THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); AND (2) STRIKE CERTAIN ALLEGATIONS OF SAME PURSUANT TO FED. R. CIV. P. 12(f);** <br><br> Date:   September 27, 2021 <br> Time:   10:00 a.m. <br> Judge:  Hon. Michael W. Fitzgerald <br> Ctrm:   5A (remote) |

REPLY IN SUPPORT OF WEN'S MOTION TO DISMISS AND STRIKE THIRD
AMENDED COMPLAINT

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. THE OPPOSITION WAS DEFECTIVELY LATE-FILED THEREBY CONSENTING TO THE GRANTING OF THE MOTION ................................. 3

III. THE STATES' CLAIMS FOR RELIEF AGAINST MR. WEN SHOULD BE DISMISSED……………………………………………………………………….6

   A. The States' Claims for Relief Against Mr. Wen in Counts 1 - 3 and 5 Should be Dismissed. ....................................................................................... 6

   B. The States' Claims for Relief in Counts 17 – 22 Against Mr. Wen Should be Dismissed........................................................................................................ 9

      1. The States In Counts 17-22 Are Improperly Attempting to Plead Around Section 6103(d) By Repurposing their TSR Allegations as Violations of State Law. ........................................................................... 10

      2. Even If Counts 17-22 Are Not Barred by Section 6103(d), They Should Still be Dismissed Under 28 U.S.C. § 1367(a). ........................................ 11

IV. PLAINTIFF'S PRAYER FOR RELIEF FOR "DISGORGEMENT", "RESTITUTION" AND "JOINT AND SEVERAL LIABILITY" MUST BE STRICKEN AND/OR DISMISSED ................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Fed. Trade Comm'n v. Lunada Biomedical, Inc.*, No. CV-15-3380-MWF (PLA), 2015 WL 12911516 (C.D. Cal. Sept. 15, 2015) ......... 4
*Fox v. American Airlines, Inc.*, (DC Cir. 2004) 389 F3d 1291 ......... 5
*Ghazali v. Moran*, (9th Cir. 1995) 46 F3d 52 ......... 5
*Jardin de las Catalinas Ltd. Partnership v. Joyner*, (D PR 2012) 861 F.Supp.2d 12 ......... 5
*Jason v. Fonda*, 698 F.2d 966 (9th Cir. 1982) ......... 11
*Kolari v. New York-Presbyterian Hospital*, 455 F.3d 118 (2nd Cir. 2006) ......... 12
*Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020) ......... 3, 12, 13, 14
*NEPSK, Inc. v. Town of Houlton*, (1st Cir. 2002) 283 F3d 1 ......... 5
*United States v. Dish Network, LLC*, No. 09–3073, 2015 WL 682952 (C.D. Ill. 2015) ......... 1, 6, 7, 8
*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ......... 3, 12, 13
*Zapon v. Costco Wholesale Corp.*, No. 220CV11415ODWRAOX, 2021 WL 3511202 (C.D. Cal. Aug. 10, 2021) ......... 4

Statutes

15 U.S.C. § 6103(d) ......... passim
28 U.S.C. § 1367 ......... 1, 2, 3, 11, 12

Rules

F.R.C.P. 6(a) ......... 3, 4
F.R.C.P. 56 ......... 5
F.R.C.P. 12 ......... 1, 12, 13

Other Authorities

H.R. Rep. No. 103-20 ............................................................................................... 8
L.R. 7 .............................................................................................................. 1, 4, 5, 6
Litigation of Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 et seq., and Implementing Regulations, 164 Am. Jur. Trials 1 ....................... 6
L-R 7 .................................................................................................................... 3
S. Rep. No. 103-80 ............................................................................................ 8, 9

## I. INTRODUCTION

This Court should decline to consider Plaintiffs' opposition, which they failed to file until *after* the required deadline under this court's local rules. The Court may accordingly treat the failure as consent to the granting of Mr. Wen's motion to dismiss. *See* L.R. 7-12.

Should the court consider it, Plaintiffs' opposition to Mr. Wen's motion to dismiss the States' claims against him completely misses the mark. Section 6103(d) of the TSR expressly bars states from asserting claims under the TSR "[w]henever a civil action has been instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection for violation of any rule prescribed under section 6102" of the TSR. The District Court in *United States v. Dish Network, LLC*, No. 09–3073, 2015 WL 682952 (C.D. Ill. 2015) expressly held that Section 6103(d) means what it says: it precludes a state "from bringing an action for violations of the TSR . . . while the United States' claims [under] the TSR are pending. 15 U.S.C. § 6103(d)." Id. at *2. There is no dispute that *Dish Network* is the *only* reported decision on point.

Nevertheless, the States rely on a contorted reading of the statute and a bald misreading of the statute's legislative history as well as ignoring the only case on point that construes Section 6103(d) to fashion a "supposed" loophole not recognized by Congress or the Courts. The States further erroneously argue that even if their purported "federal" claims under the TSR are dismissed, this Court should still exercise its discretionary "supplemental" jurisdiction to adjudicate the States' Counts 17 – 22 brought under various of the States' own statutes. The States' arguments are unavailing.

First, the States argue that their purported federal claims brought "simultaneously" with the CFPB's claims under the TSR (Counts 1-3 and 5) should not be dismissed because there "was no pending action" by the CFPB when the States "instituted" their action against Mr. Wen under the TSR. The States "reason" this is so because the CFPB

1

REPLY IN SUPPORT OF WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT

and the States "instituted" their TSR claims against Mr. Wen "simultaneously". Opp. 5:19-24.

The States erroneously purport to distinguish the clear holding of *Dish Network* by claiming that the Court supposedly decided as it did only because in that case the state of California purportedly had not sought relief under the TSR at the time California and two other states had "instituted" a Complaint jointly with the United States against *Dish Network*. In divining this "reasoning" by the *Dish Network* Court, the States fail to quote any portion of the opinion in which the Court in any way suggests such "reasoning," because there is none.

Indeed, not only is the States' argument pure speculation, but it is plain wrong – the plaintiff states in *Dish Network* (including California) expressly sought relief under the TSR in their ***original complaint*** filed "simultaneously" with the United States (the latter having brought suit at the behest of the FTC). Despite that "simultaneous" filing, the *Dish Network* Court had no difficulty holding that California could not assert a claim based on alleged violations of the TSR while the United States' claims under the TSR were pending. The whole point of Section 6103(d) is to prevent the wasteful duplication of efforts of different enforcement officials by prosecuting TSR claims at the same time. In fact, the very legislative history on which the States erroneously rely expressly so states.

The States argument that even if the Court were to dismiss their federal claims brought under the TSR, the Court should still exercise its supplemental jurisdiction over the States' state law claims brought under Counts 17-22 as provided by 28 U.S.C. § 1367(c) fails for two reasons.

***First***, the States impermissibly rely on the TSR as support for their claims brought against Mr. Wen under their respective State laws. The Court in *Dish Network* expressly held that Section 6103(d) barred the state of California from doing precisely that under the same statute California is relying on in this case – California's Unfair

Competition Law.  As the Court in *Dish Network* made clear, a state cannot attempt to score an "end around" Section 6103(d)  by purporting to do indirectly what it could not directly do – seek relief based on an alleged violation of the TSR while the United States, or one of its agencies, is doing so.

**Second**, the Court should decline to exercises its discretionary supplemental jurisdiction over Counts 17-22 precisely because the States' federal claims must be dismissed.  Indeed, 28 U.S.C. § 1367(c)(3) expressly so provides.  The States' claim that Mr. Wen's motion does not so argue is nonsense.

Finally, Plaintiffs oppose Mr. Wen's Motion to Strike portions of the prayer for relief in which Plaintiffs seek relief as to which they are not entitled, namely, to impose joint and several liability and seek restitution and disgorgement of moneys that Mr. Wen never received, which is contrary to, and in violation of, the Supreme Court's opinion in *Liu v. Securities and Exchange Commission*, 140 S.Ct. 1936 (2020).  Plaintiffs contend that the relief sought by Mr. Wen is premature at the pleading stage and not available under *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010), however that same case <u>makes clear that the relief sought may be available under either a motion to strike or motion to dismiss, and that the court may appropriately convert a motion to strike to a motion to dismiss in order to grant relief.</u>

## II. <u>THE OPPOSITION WAS DEFECTIVELY LATE-FILED THEREBY CONSENTING TO THE GRANTING OF THE MOTION</u>

Plaintiffs' opposition should be disregarded by the Court, as the opposition was defectively filed and served after the opposition deadline.  The motion to dismiss was filed on August 19, 2021, with a designated hearing date of September 27, 2021 (which was the first available date on the Court's calendar).  [ECF No. 320].

Pursuant to Local Rule 7-9, any opposition to the motion was required to be filed and served on all parties "not later than twenty-one (21) days before the date designated for the hearing of the motion", which was September 3, 2021.  *See* L-R 7-9; *see also*,

F.R.C.P. 6(a) (regarding computation of time, providing that "if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday" and that "[t]he 'next day' is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.")

Specifically, in the Central District of California, where a filing is due a certain number of days *before* a hearing date, as in the present case, and the response date falls on a Saturday, Sunday, or legal holiday, the filing deadline is moved to the prior court date, not the next court date. *See Fed. Trade Comm'n v. Lunada Biomedical, Inc.*, No. CV-15-3380-MWF (PLA), 2015 WL 12911516, at *1 (C.D. Cal. Sept. 15, 2015) ("The Court recognizes that, in light of the 2009 Advisory Committee Notes accompanying Federal Rule of Civil Procedure 6(a)(5), the deadline to file Plaintiff's reply brief was indeed September 4, 2015."); *see also*, Fed. R. Civ. P. 6(a)(5) advisory committee's note to 2009 amendment ("[I]f a filing is due 21 days before an event, and the twenty-first day falls on Saturday, September 1, then the filing is due on Friday, August 31."); *Zapon v. Costco Wholesale Corp.*, No. 220CV11415ODWRAOX, 2021 WL 3511202, at *1 (C.D. Cal. Aug. 10, 2021). ("Due to the observed July 4 holiday falling on July 5, 2021, Zapon's opposition should have been filed by July 2, 2021").

As a result of the September 27, 2021 hearing date on the motion to dismiss, any opposition was required to be served by no later than September 3, 2021. Plaintiff's opposition, however, was **not** filed until September 7, 2021, which was four (4) days after the deadline set forth by Local Rule 7-9. [ECF No. 323].[1]  Pursuant to this Court's

---

[1] Mr. Wen filed a Notice of Conitnuance of the hearing date (with the agreement of Plaintiffs) and then a Request to the Court to continue the hearing date on the motion to dismiss to the next available hearing date of October 4, 2021, with the reply deadline to be extended based upon the new hearing date, in order to avoid any prejudice to Mr. Wen's ability to prepare and submit a meaningful Reply brief. [ECF No. 327]. The Court entered an Order on September 17, 2021 denying the Request for Continuance. [ECF No. 328].

4

REPLY IN SUPPORT OF WEN'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT

Local Rule 7-12, the late-filing may be deemed to constitute consent to the relief requested in the motion, as follows:

> L.R. 7-12 Failure to File Required Documents. The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.  The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F.R.Civ.P. 56 may not be granted solely based on the failure to file an opposition.

L.R. 7-12.

A party that fails to file a timely opposition may be deemed to **waive** any and all objection to a motion, and the court may **grant** the motion—and may do so without a hearing.  *See* Judge Virginia A. Phillips, Judge Karen L. Stevenson, Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions (Rutter Group 2021), ¶ 12:102.20; *see also*, *Ghazali v. Moran* (9th Cir. 1995) 46 F3d 52, 53 ("Under the Nevada local rule, '[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion'" and holding that "Failure to follow a district court's local rules is a proper ground for dismissal."); *NEPSK, Inc. v. Town of Houlton* (1st Cir. 2002) 283 F3d 1, 7 ("it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule"); *Fox v. American Airlines, Inc*. (DC Cir. 2004) 389 F3d 1291, 1294 (rejecting "my dog ate my homework" excuse where counsel contended a malfunction of the ECF system did not send notification to counsel of the filing of motion to dismiss and holding: "Imperfect technology may make a better scapegoat than the family dog in today's world, but not so here. Their counsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he

1  remained obligated to monitor the court's docket."); *Jardin de las Catalinas Ltd.*
2  *Partnership v. Joyner* (D PR 2012) 861 F.Supp.2d 12, 16 (failure to timely oppose
3  motion constitutes forfeiture).

4        The Court should disregard the opposition on account of Plaintiff's failure to
5  timely file the brief in accordance with Local Rule 7-9 and 7-12.

### III. THE STATES' CLAIMS FOR RELIEF AGAINST MR. WEN SHOULD BE DISMISSED

**A. The States' Claims for Relief Against Mr. Wen in Counts 1 - 3 and 5 Should be Dismissed.**

      As Mr. Wen demonstrated in his opening brief, the States are prohibited from asserting their purported federal claims against Mr. Wen under the Telemarketing Act or the TSR because the States are not permitted to bring such claims where such claims are being litigated by the CFPB (or FTC) against Mr. Wen.  As discussed in Mr. Wen's opening brief, such duplicative claims by the States are explicitly prohibited from being brought or maintained by the plain language of the Telemarketing Act, 15 U.S.C. § 6103(d).  Specifically, Section 6103(d) provides:

> Whenever a civil action has been instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection for violation of any rule prescribed under section 6102 of this title, no State may, during the pendency of such action instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection, institute a civil action under subsection (a) or (f)(2) against any defendant named in the complaint in such action for violation of any rule as alleged in such complaint.

*Id.*

      Both the Courts and legal scholars agree that Section 6103(d) renders the States' claims purportedly brought under the TSR untenable.  *See United States v.*

*Dish Network, LLC*, No. 09–3073, 2015 WL 682952, *2 (C.D. Ill. 2015) (The United States has brought the claims in Counts I and III of the Second Amended Complaint on behalf of the FTC.

The Telemarketing Act, therefore, prohibits California from bringing an action for violations of the TSR alleged in Counts I and III, at least while the United States' claims are pending. 15 U.S.C. § 6103(d).)"); *Litigation of Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 et seq., and Implementing Regulations*, 164 Am. Jur. Trials 1, section 20 (May 2020 Update) ("The TCFAPA [Telemarketing Act] provides that whenever a civil action has been instituted by or on behalf of the Federal Trade Commission ('FTC') or the Bureau of Consumer Financial Protection ('BCFP") for a violation of the TSR, no state may, during the pendency of such action instituted by or on behalf of the FTC or the BCFP, institute a civil action against any defendant named in the complaint in such action for violation of any rule as alleged in such complaint.)")

Plaintiffs' argument that the foregoing authority does not apply to the present case rests on the flimsy contention that there was no "pending" action by the CFPB at the time the States "instituted" their action because the States' TSR claims commenced "simultaneously" with the Bureau's action against Mr. Wen and his co-defendants. Opp. 5:19-24. Nothing in the statute remotely suggests such a "loophole" in the statute exists. To the contrary, the authority on which both Mr. Wen and the States rely makes this clear.

First, Plaintiffs argue that "[S]ection 6103(d) . . . seeks only to prevent a separate civil enforcement action by a state asserting TSR claims against the same defendant that is subject to an existing action for the same violations brought by the Bureau or FTC." Opp. 5:25-6:2. Plaintiffs are wrong. Indeed, *Dish Network*, the only case cited that addresses that issue, did not involve "separate" civil enforcement actions by the United States and the state of California. To the contrary, the state of California attempted to

seek relief under the TSR in the same proceeding that such relief was being sought by the United States (at the behest of the FTC). The Court in *Dish Network* specifically relied on section 6103(d) in granting defendant's motion to dismiss California's attempt to do so in the *same* "enforcement proceeding" that had been jointly brought by the United States, the state of California and two other states. *United States v. Dish Network, LLC*, No. 09–3073, 2015 WL 682952, *1-2. Plaintiffs' attempt to distinguish *Dish Network* from the present case fails.

Specifically, Plaintiffs argue that *Dish Network* "does not address the question presented here—whether section 6103(d) prohibits the States and the Bureau from jointly commencing an action under the TSR." Opp. 6:11-14. According to Plaintiffs, "The [*Dish Network*] court reasoned that because the federal government had previously asserted violations of the TSR in the original complaint and California had not, section 6103(d) prohibited California from subsequently amending its claims to assert TSR violations. *Id.* at *1, *2." Opp. 6:18-7:2.

However, contrary to Plaintiffs' protestations, nothing in the *Dish Network* opinion suggests any such "reasoning" by the Court. Indeed, Plaintiffs are unable to quote *any* language from the *Dish Network* Court's opinion that suggests anything of the sort, and for good reason: in the *original* complaint filed in that case, the States did seek relief under the TSR "simultaneously" with the United States. See Exhibit 1, Plaintiffs' original Complaint in *Dish Network*, pp. 24-25, which states:

"Prayer by the State Plaintiffs

"6. Permanently enjoin Defendant from violating the TSR . . ."

The States also erroneously rely on the Telemarketing Act's legislative history to buttress the claim that their "simultaneous" filing of claims under the TSR jointly with United States insulates them from Section 6103(d)'s bar to maintaining an action under the TSR "during the pendency of such action instituted by or on behalf of the Commission or the Bureau of Consumer Financial Protection." Opp. 7:15-21. To the

contrary, the legislative history on which Plaintiffs rely supports Mr. Wen's position, not the States'.

Specifically, Plaintiffs rely on a statement in the statute's legislative history that Section 6103(d) is designed "'to prevent duplication of effort by enforcement officials, and to avoid unreasonably subjecting defendants to multiple actions simultaneously.' S. Rep. No. 103-80, at 12 (1993); H.R. Rep. No. 103-20, at 10 (1993)." Opp. 7:13-20. Plaintiffs contend that "[t]hose concerns are not implicated here where the States and the Bureau are alleging claims in the same action." 7:20-21.

***To the contrary, the States are seeking to do here is precisely what the Telemarketing Act's legislative history explains should not be done: have both the CFPB and three separate state enforcement officials expend resources (i.e. "duplication of efforts") to gang up on Mr. Wen by bringing identical claims for relief under the Telemarketing Act and TSR***. Indeed, if the States have their way, Mr. Wen will need to defend against 16 separate claims for relief asserted by the CFPB and the States under the Telemarketing Act and TSR in Counts 1-3 and 5. That neither comports with the holding of *Dish Network* or the guidance provided by the statute's legislative history, and certainly makes no sense.

To the contrary, as the statute's legislative history also instructs – which Plaintiffs conveniently neglect to provide to the Court – the Telemarketing Act "does not prevent State officials from proceeding in State court for any violation of State law." S. REP. 103-80, S. REP. 103-80, p. 8 (1993). What the States are not free to do is file duplicative TSR claims against Mr. Wen that are already being litigated by the CFPB.

**B.    The States' Claims for Relief in Counts 17 – 22 Against Mr. Wen Should be Dismissed.**

Plaintiffs argue that Section 6103(d) does not require dismissal of Counts 17-22 brought be the States because in those Counts the States seek relief under their own state statutes. (Opp. 8:18-9:3.) Thus, according to the States, they are not attempting to

"'plead around' the bar of Section 6103(d)." (8:14-15.) The States are wrong because under Counts 17-22 the States expressly rely on and incorporate as part of each Count Mr. Wen's alleged violation of the Telemarketing Act and TSR in order to support the States' purported claims under their own statutes. That also runs afoul of Section 6103(d), as *Dish Network* expressly holds. Where, as here, the CFPB has brought such claims, the same facts cannot serve as the basis for the states to pursue the claims in federal court under any theory.

Alternatively, even if Section 6103(d) did not require dismissal of Counts 17-22, the Court should decline to continue to exercise its discretionary supplemental jurisdiction over the States' state law claims against Mr. Wen and it should also dismiss Counts 17 - 22.

### 1. The States In Counts 17-22 Are Improperly Attempting to Plead Around Section 6103(d) By Repurposing their TSR Allegations as Violations of State Law.

Plaintiffs devote almost one-half page of their opposition listing the citations to the States' various statutes in Counts 17-22 that Mr. Wen allegedly violated, without discussion or explanation. In doing so, the States neglect to mention that in Plaintiffs' Demand for Relief, each Plaintiff explicitly seeks an "award [of] damages and other monetary relief against Defendants" – including Mr. Wen – "resulting from Defendants' violations of the TSR." Third Amended Complaint ("TAC"), ¶ 426(e). In addition, the States of North Carolina and California specifically rely on the TSR as a basis for alleged violations by Mr. Wen of these States' statutes. TAC, ¶¶ 404 and 423(a).

As Mr. Wen demonstrated in his opening brief, the District Court in *Dish Network* explained why such "artful pleading" does not enable the States to avoid the bar of Section 6103(d):

> "The United States has brought the claims in Counts I and III of
> the Second Amended Complaint on behalf of the FTC. The
> Telemarketing Act, therefore, prohibits California from bringing

an action for violations of the TSR alleged in Counts I and III, at least while the United States' claims are pending. 15 U.S.C. § 6103(d). California describes the proposed amendment as "a piggybacking of the TSR violation already at issue in the case" through use of the Unfair Competition Law. Section 6103(d) bars California from piggybacking on the claims in Counts I and III directly. California may not use the Unfair Competition Law to 'plead around' this express bar. The proposed amendment, therefore, would be futile."

*Dish Network* at *2 (citations omitted).

Counts 17 - 22 that are purportedly brought by the States under their respective state statutes must be dismissed because the States "may not use [state law] to 'plead around' th[e] express bar [of Section 6103(d)]." *Ibid*. While the states *might* be "allow[ed] . . . to proceed with" Counts 17-22 "in [their own] state court," they may not bring such claims in this Federal Court, as they have done here. *Dish Network* at *2.

### 2. Even If Counts 17-22 Are Not Barred by Section 6103(d), They Should Still be Dismissed Under 28 U.S.C. § 1367(a).

Plaintiff disingenuously argue that Mr. "Wen makes no attempt to satisfy any of the factors under which this Court may decline to exercise supplemental jurisdiction." Opp. 10:5-6. However, as Plaintiffs concede, "Pursuant to 28 U.S.C. § 1367(c), a court may decline to exercise supplemental jurisdiction where the district court has dismissed all claims over which it has original jurisdiction . . ." Opp. 10:6-12.

As Mr. Wen's opening memorandum specifically argues, "[S]hould the Court dismiss the States' federal claims brought in Counts 1 - 3 and 5 under the CFPA and TSR, the Court should decline to continue to exercise its discretionary supplemental jurisdiction over the States' various state law claims and dismiss them as well." Open.

Mem. 11:16-19.  That is because "where a party's federal claims are dismissed, and the party's state law claims may be better resolved by the courts of that state, the district court should decline to exercise its discretion to retain a party's state law claims, especially where, as here, the action is still at the "pleading" stage." Open. Mem. 11:8-12.  In so arguing, Mr. Wen's opening brief cites, among other authority, *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir. 1982) ("It is proper to dismiss pendent state claims when the federal claim is dismissed prior to trial.").

As Mr. Wen explained in his opening memorandum, adjudicating Counts 17-22 would pose an undue burden on the Court, comity dictates that the States' state-law claims should be heard by their respective state courts, and that it would be unfair to Mr. Wen to require him to defend against multiple state-law claims in this Federal Court proceeding. Open. Mem. at 12.  Plaintiffs assert, without explanation, that "none of these considerations . . . would warrant declination of supplemental jurisdiction over Counts 17-22." Opp. 10:15-20.  To the contrary, it is these very "considerations" that make it clear that if Plaintiffs truly believe they have state law claims against Mr. Wen, they should be presented to their respective state courts. *See Kolari v. New York-Presbyterian Hospital*, 455 F.3d 118 (2nd Cir. 2006) ("Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity in deciding whether to exercise jurisdiction.") (Open. Mem. 12:5-8.)

### IV. PLAINTIFF'S PRAYER FOR RELIEF FOR "DISGORGEMENT", "RESTITUTION" AND "JOINT AND SEVERAL LIABILITY" MUST BE STRICKEN AND/OR DISMISSED

Plaintiffs oppose Mr. Wen's Motion to Strike portions of the prayer for relief in which Plaintiffs seek relief as to which they are not entitled, namely, to impose joint and several liability and seek restitution and disgorgement of moneys that Mr. Wen never received, which is contrary to, and in violation of, the Supreme Court's opinion in Liu v.

Securities and Exchange Commission, 140 S.Ct. 1936 (2020). In Liu, the Supreme Court recently established significant limits on federal statutes that provide for equitable relief such as disgorgement and restitution.

Plaintiffs conveniently ignore significant portions of *Whittlestone*. That opinion was concerned with whether the relief sought (dismissal of damages that are not available to a party as a matter of law from a complaint) was available under a Federal Rule of Civil Procedure 12(h) motion to strike, versus whether the same relief was available, and should be brought, elsewhere under the Federal Rules of Civil Procedure. The Court in *Whittlestone* held: "Thus, Handi–Craft's 12(f) motion was really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit—actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Whittlestone*, *supra*, 618 F.3d at 974.

The Court was primarily concerned with ***redundancies*** and ***overlap*** in the FRCP. The court explained: "Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading (as Handi–Craft would have us do here), we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Whittlestone*, supra, 618 F.3d at 974.

Here, Mr. Wen has brought his motion based on ***both*** Federal Rule of Civil Procedure 12(b)(6) (motion to dismiss) and 12(h) (motion to strike). In fact, *Whittlestone* specifically held that, even if relief cannot be granted under Rule 12(h), the court may simply ***convert*** the Rule 12(f) motion to a motion to dismiss. In *Whittlestone* itself, the court engaged in an extensive analysis of whether, in the alternative, the relief sought there was available under Rule 12(b) but found that it was not based on principles of contract interpretation that turned specifically on issues of fact, ***not*** law. The court held:

> Construing the pleadings in the light most favorable to Whittlestone, it appears Whittlestone's claim for lost profits and consequential damages is not per se barred by the contract. The parties may well argue at a later stage of litigation that the intent of the parties or properly admitted extrinsic evidence supports their respective interpretations of the contract. ***Such factually based arguments are appropriate on remand at a later stage of litigation, not on the pleadings***.

*Whittlestone*, *supra*, 618 F.3d at 975, fn.2 (emphasis added).

No such factually based arguments are at issue in the present case, which, instead, is concerned with the damages improperly sought by Plaintiffs *as a matter of law.* As explained in Mr. Wen's Motion to Dismiss, in *Liu*, the Supreme Court established significant limits on federal statutes that provide for equitable relief, such as "disgorgement" and "restitution." In *Liu*, the Supreme Court held that it was improper "to impose disgorgement liability on a wrongdoer for benefits that accrue to his affiliates . . . through joint-and-several liability, in a manner . . . seemingly at odds with the common-law rule requiring individual liability for wrongful profits." *Liu*, 140 S.Ct. at 1949. The court should strike the allegations by the CFPB and the States which ask the Court to hold Mr. Wen liable, "jointly and severally," for the "refund of monies received" by all defendants. *See* TAC ¶¶ 17, 230, 231, 254, 255, 359, 364, 369, 374, and 426(e). These paragraphs should be stricken because they seek equitable relief in contravention of the U.S. Supreme Court's recent watershed decision in *Liu*.

1  Dated:  September 20, 2021              EANET, PC

2                                          By: /s/ Matthew L. Eanet
3                                              Matthew L. Eanet
                                            Attorneys for Defendant Kaine Wen
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28