**BUREAU OF CONSUMER FINANCIAL PROTECTION**
NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
SARAH PREIS (D.C. Bar No. 997387)
(admitted *Pro Hac Vice*)
Tel.: (202)-435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(admitted *Pro Hac Vice*)
Tel: (202)-435-9641 / Email: jesse.stewart@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov/Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 757-1454/Email: evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Email: lweaver@ncdoj.gov
*Attorney for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
CHRISTINA V. TUSAN, Supvr. Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
MIGUEL RUIZ, Deputy City Attorney (CA Bar No. 240387)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 473-6908/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

1

**KAINE WEN**
MATTHEW L. EANET (SBN 227490)
EANET, PC
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone: 310-775-2495
Facsimile: 310-593-2589x
matt@eanetpc.com
*Attorney for Defendant Kaine Wen*

**ALBERT KIM**
**SARAH KIM**
JULIAN BURNS KING (Bar No. 298617)
julian@kingsiegel.com
KING & SIEGEL LLP
724 S. Spring Street, Ste. 201
Los Angeles, CA 90014
tel: (213) 465-4802
fax: (213) 465-4803
*Attorney for Defendant Albert Kim and*
*Relief Defendant Sarah Kim*

**TAS 2019 LLC**
MARC S. WILLIAMS (Bar No. 198913)
E-mail: mwilliams@cohen-williams.com
REUVEN L. COHEN (Bar No. 231915)
E-mail: rcohen@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014
Tel. (213) 232-5160
Fax (213) 232-5167
*Attorneys for Defendant,*
*TAS 2019 LLC*

---

2

JOINT RULE 26(f) REPORT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, *et al.*,<br><br>    Defendants. | CASE NO. 8:19-cv-01998 MWF (KSx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date:        October 4, 2021**<br>**Time:        11:00**<br>**Courtroom: 5A** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, this Court's Order Setting Scheduling Conference (Docket No. 321) ("Scheduling Order"), which set a deadline of September 20, 2021, to file this report, Plaintiffs the Bureau of Consumer Financial Protection (the "Bureau"), the States of Minnesota and North Carolina, and the People of the State of California (the "States", collectively with the Bureau "Plaintiffs"), individual defendants Kaine Wen and Albert Kim, corporate defendant TAS 2019 LLC ("TAS"), and relief defendant Sarah Kim respectfully file the instant Joint Rule 26(f) Report. On September 10, 2021, undersigned counsel for the foregoing parties met and conferred telephonically pursuant to Rule 26(f) and the Court's Scheduling Order. Defendants as to whom judgments have already been entered did not participate in the meet and confer or in the preparation of this report, nor

did relief defendant Anan Enterprise, Inc., which has not noticed an appearance of counsel and proceedings against which are currently stayed pending the outcome of bankruptcy proceedings in the Southern District of Florida. (Docket No. 155).

Statement of the Case: *A short synopsis (not to exceed two pages) of the main claims, counterclaims and affirmative defenses.*

Plaintiffs' Statement:

The Bureau alleges that several individuals and entities violated the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531, 5536(a), 5564, and 5565, and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6102(c)(2), 6105(d) ("Telemarketing Act"), based on defendants' violations of the CFPA and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. pt. 310.

The State of Minnesota has alleged violations of the Minnesota Prevention of Consumer Fraud Act ("MNCFA"), Minn. Stat. §§ 325F.68-.694, the Minnesota Uniform Deceptive Trade Practices Act ("MNDTPA"), Minn. Stat. §§ 325D.43-.48, and the Telemarketing Act and its implementing regulation, the TSR. The State of North Carolina has alleged violations of North Carolina's Debt Adjusting Act ("NCDAA"), N.C. Gen. Stat. § 14-423 et seq., North Carolina's Telephonic Seller Registration Act ("NCTSRA"), N.C. Gen. Stat. § 66-260 et seq., North Carolina's Unfair and Deceptive Practices Act ("NCUDPA"), N.C. Gen. Stat. § 75-1.1, and the Telemarketing Act and its implementing regulation, the TSR. The People of the State of California have alleged violations of California's Business and Professions Code 17200 et seq. (the "Unfair Competition Law" or "UCL"), and the Telemarketing Act and its implementing regulation, the TSR (collectively, the States' state-law claims are referred to as the "States' Consumer Protection Laws"). The alleged conduct

involved the individual defendants, Kaine Wen, Albert Kim, and Tuong Nguyen, several student loan debt-relief companies ("SLDRs")[1], and multiple payment companies ("Payment Companies")[2] which processed consumers' payments on behalf of the SLDRs. Settlements have already been reached with ten defendants and relief defendants, and the court has entered default judgments against two defendants, leaving only defendants Albert Kim, Kaine Wen, and TAS, and relief Defendant Sarah Kim as parties to this action.

Plaintiffs allege that Defendants Albert Kim and Kaine Wen owned and controlled an illegal federal student loan debt-relief operation that resulted in $95 million in harm to tens of thousands of consumers nationwide. Specifically, the complaint alleges that the interconnected SLDRs collected illegal advance fees, and misrepresented both the nature of those fees and their ability to obtain loan forgiveness and lower consumers' monthly payments. Plaintiffs also allege that the defendants failed to inform consumers that the companies automatically requested that consumers' loans be placed in forbearance, and that the companies submitted false information to student loan servicers in an effort to qualify consumers for lower monthly payments. Plaintiffs further allege that the corporate defendants were an interconnected web of SLDRs and Payment Companies that formed a common enterprise sharing employees and resources that was controlled by the individual defendants.

Plaintiffs also allege that corporate defendant TAS was set up to receive payments from consumers who Defendants enrolled in the debt-relief operation. Starting in September 2019, Defendants falsely represented to consumers that

---

[1] The SLDRs are defendants Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services.

[2] The Payment Companies are defendants TAS 2019 LLC, d/b/a Trusted Account Services, Horizon Consultants LLC, and First Priority LLC.

TAS was "an independent third-party" dedicated account provider that held consumer fees in a manner that would purport to comply with the TSR. But TAS was not independent and did not comply with the TSR.

Plaintiffs allege that defendants Kaine Wen and Albert Kim's actions make them personally liable under the TSR, CFPA, and the States' Consumer Protection Laws for the companies' illegal acts and that they are liable for substantially assisting in the corporate violations of the TSR,CFPA, and the States' Consumer Protection Laws. The complaint also names Sarah Kim as a relief defendant and alleges that she received hundreds of thousands of dollars in ill-gotten gains from the corporate defendants.

The Plaintiffs seek damages and other monetary relief, including monetary relief for consumers injured by defendants' unlawful practices, civil money penalties, and a permanent injunction and other equitable relief.

Defendants' Statement:

Defendants generally dispute Plaintiffs' allegations regarding the purpose of the student debt relief operation or that it generally operated unlawfully. All entities owned and controlled by Defendants Wen and Kim have settled with Plaintiffs and disgorged any monies in their possession that Plaintiffs contended were traceable to any unlawful activity.

Nonetheless, Plaintiffs seek overly broad and legally unjustified remedies against Defendants, including seeking money that was never received, money spent on legitimate business expenses, and equitable relief where no money remains in Defendants' control or custody to be forfeited. For these reasons, Mr. Wen has filed a motion to dismiss the claims brought the States (ECF 320) and to strike the prayer for relief to the extent that it seeks disgorgement and restitution against Mr. Wen, jointly and severally, improperly seeks from Mr. Wen money that he never received, and precludes the deduction of legitimate

business expenses. *Liu v. Securities Exchange Commission*, 140 S. Ct. 1936 (2020). Mr. Wen and Mr. Kim further dispute the allegations against them.

TAS denies all allegations against it. TAS was an independent third-party dedicated account provider that held consumer fees in compliance with the TSR. In addition, TAS maintains that Plaintiffs' claims for monetary relief are barred, in whole or in part, under *Liu v. Securities Exchange Commission*, 140 S. Ct. 1936 (2020).

Relief Defendant Sarah Kim, whom Plaintiffs do not allege was involved in any unlawful enterprise, disputes that assets sought to be forfeited are traceable to proceeds of any unlawful activity.

a.   Subject Matter Jurisdiction: *A statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.*

This Court has subject-matter jurisdiction over this action because it is brought under federal consumer financial law, 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States, 28 U.S.C. § 1345. This Court has supplemental jurisdiction over the States' state-law claims pursuant to 28 U.S.C. § 1367.

Defendant Wen contends that the court lacks jurisdiction over the claims for relief brought by the States and should otherwise decline to exercise supplemental jurisdiction, as set forth in Mr. Wen's pending motion to dismiss (ECF 320).

b.   Legal Issues: *A brief description of the key legal issues, including any unusual substantive, procedural or evidentiary issues.*

Plaintiff's Statement:

The key legal issues in this case are:

- Whether defendants Albert Kim and Kaine Wen violated the TSR and CFPA by charging illegal advance fees, misrepresenting

aspects of their services, and substantially assisting the SLDRs'
violations;

- Whether defendants Albert Kim and Kaine Wen violated the
States' Consumer Protection Laws;
- Whether defendant TAS violated the CFPA and TSR, violated the
CFPA based on its violations of the TSR, and violated California
and North Carolina's Consumer Protection Laws;
- Whether relief defendant Sarah Kim received ill-gotten funds and
assets to which she has no legitimate claim;
- Defendants; formation of a common enterprise;
- Whether to impose injunctive relief and the scope of any such
relief;
- The appropriate amount of any civil money penalty awarded under
the CFPA, Business and Professions Code section 17206, N.C.
Gen. Stat. § 75-15.2, and Minn. Stat. § 8.31, subd. 3; and
- Whether to impose restitution, disgorgement, damages, costs, and
other legal and equitable relief, and, if so, the appropriate amount
or scope of any such relief.

<u>Defendants' and Relief Defendant's Statement:</u>

The key legal issues are, in addition to the foregoing:

- Whether Defendants may be held jointly and severally liable;
- Whether the amounts of restitution or disgorgement can exceed the
actual amount of money received by any Defendant;
- Whether Plaintiffs' claims for monetary relief are barred, in whole
or in part, under *Liu v. Securities Exchange Commission*, 140 S.
Ct. 1936 (2020), including but not limited to whether Defendants
are entitled to deduct legitimate business expenses and, in the case

of TAS, whether any such amounts should be paid directly to TAS consumers; and whether Plaintiffs' claims for monetary relief are barred, in whole or in part, under *Liu v. Securities Exchange Commission*, 140 S. Ct. 1936 (2020);

- Whether the States are authorized to assert violations of the TSR;
- The scope of assets that Plaintiffs may seek to forfeit from Relief Defendants.

c.   <u>Parties, Evidence, etc.</u>: *A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates.*

Active Parties:

- Plaintiff Bureau of Consumer Financial Protection;
- Plaintiff State of Minnesota;
- Plaintiff State of North Carolina;
- Plaintiff The People of the State of California;
- Defendant Albert Kim a/k/a Albert King;
- Defendant Kaine Wen a/k/a Wenting Kaine Dai a/k/a Wen Ting Dai a/k/a Kaine Wen Dai, in his individual capacity and as trustee of the Kaine Wen 2017 Trust;
- Defendant TAS 2019 LLC, d/b/a Trusted Account Services; and
- Relief Defendant Sarah Kim

Former Parties Against Whom Judgment Has Been Entered:

- Defendant Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center (Sonya S. Slott, Chapter 7 Trustee for Consumer Advocacy Center, Inc.);

- Defendant True Count Staffing Inc., d/b/a SL Account Management;
- Defendant Prime Consulting LLC, d/b/a Financial Preparation Services;
- Defendant Tuong Nguyen a/k/a Tom Nelson;
- Defendant Horizon Consultants LLC;
- Defendant First Priority LLC;
- Relief Defendant 1st Generation Holdings, LLC;
- Relief Defendant Infinite Management Corp.;
- Relief Defendant Hold the Door, Corp.;
- Relief Defendant TN Accounting Inc.;
- Relief Defendant Mice and Men LLC; and
- Relief Defendant Judy Dai

In addition to these parties, Thomas W. McNamara serves as the court-appointed receiver over select corporate defendants.

Plaintiffs' Percipient Witnesses[3]:

At this time, Plaintiffs anticipate percipient witnesses to include consumers who paid money to defendants, defendants' employees, third-party vendors, third-party payment processors, third-parties with knowledge of student loan debt-relief and servicing processes and procedures, and Plaintiffs' investigators who were present during the immediate access of defendants business premises and/or who have reviewed relevant materials, including but not limited to consumer complaints, financial information, and business-related records. This includes, but may not be limited to the following individuals (the contact

---

[3] Plaintiffs are continuing to investigate the extent to which the remaining individual defendants have concealed and dissipated assets. The witnesses and evidence identified by Plaintiffs' in the instant report is limited to the merits of Plaintiffs' claims and does not include materials pertinent to any anticipated contempt motion for non-compliance with the Court's orders.

JOINT RULE 26(f) REPORT

information for whom will be disclosed in Plaintiffs' Rule 26(a) initial disclosures):

> Consumer Declarants:  Lynne Berthiaume; Rochelle Breemes; Elaine Crawford; Novella Donaldson; Jennifer Etzel-Elaqad; Mildred Hershenson; Kristin Honold; Jennifer Liming; Alyssa Pugh; Teresita Rosca; and Sarah Varno
>
> California Consumers:  The People of the State of California are required to provide notice to consumers pursuant to California Civil Code section 1798 et. seq., including but not limited to consumer notice under Civil Code section 1798.24, subdivision (k), prior to disclosing their name and contact information. The People of the State of California are in the process of providing the required notice to potential witnesses and will supplement this response after they have provided the notice required by Civil Code section 1798.24, subdivision (k).
>
> North Carolina Consumers:  Rolanda McCray; Christopher Pecan; Elizabeth Baggett; Sharon Ford; Aisha Suggs; Amanda Medvec; Anthony Hollis; Caretta Davis; Chanel Whitman; Helen Avis; Jaleesa Bonner; John Flowers; Leigh Ann Shaver; Sarah Paul; Elizabeth Lake; Kenya Burton; Jamee Giers; Brianna Renwick; John Paul Burgin; Primula Lake; and Gary Thompson
>
> Minnesota Consumers: Hildegard Hauser; Adam Kado; Brittany Kircher; George Kirksey; Sharmaine Meadows; Richard Smith; Javonna Smith; Alyse Spitzenberger; Brenda Thelen; and Salam Yimer
>
> Third Parties:  Scott Lause, MOHELA Assistant General Counsel; and Jimmy Lai
>
> Plaintiffs' Employees:  David C. Evers, North Carolina Dept. of Justice Consumer Protection Specialist; Anneliese Simmons, Consumer

Financial Protection Bureau Stakeholder Services Manager; Matt
Heidari, Consumer Financial Protection Bureau Forensic Accountant;
Dani Schneider, Consumer Financial Protection Bureau Investigator;
Theresa Ridder, Consumer Financial Protection Bureau Investigator

<u>Defendants:</u>

Albert Kim; Kaine Wen; Tuong Nguyen; Sarah Kim; TAS 2019 LLC,
d/b/a Trusted Account Services

<u>Defendants' Former Employees:</u>

Max Camp; Jovani Ortuno; Le Ho (aka Calvin Ho); Keneth Hu; Kenneth
Huang; Joseph Boylan; Monique Dinh; Yair Avila; and Christian
Sangalang (aka Christian Stark)

Plaintiffs' Key Documents:

At this time, Plaintiffs anticipate key documents to include the following
categories: complaints; documents generated by defendants in response to
complaints concerning representations alleged in the third amended complaint;
defendants' internal and external correspondence; documents from financial
institutions and third-party payment processors; recordings of calls between
consumers and defendants' employees; financial records; employee records;
payment plan and deferral applications and recertifications prepared by
defendants' employees and submitted to student loan servicers on behalf of
consumers; communications from loan servicers concerning student loan
borrowers; photographs of defendants' business premises; defendants' reports
and internal communications; corporate and business filings and records;
defendants' marketing materials, including sales scripts, contracts and
agreements between consumers and the defendants' companies; training
manuals and policies and procedures used by defendants.

JOINT RULE 26(f) REPORT

This would include all exhibits to the Plaintiffs' memorandum in support of their motion for a temporary restraining order and reply brief, as well as exhibits to the Receiver's report. A preliminary list of such specific key documents is appended hereto as Exhibit B.

Defendants' Statement (Percipient Witnesses/Key Documents):

At this time, Defendants anticipate percipient witnesses may include Shihhao "Jimmy" Lai; Kenny Huang; Albert Kim; Kaine Wen; Tuong Nguyen; Thu Quách Khải Anh; John Thompson, Roman Balanko, Ursula Huemer, and other individuals from National Merchant Center; David Ulrich; HSBC representatives; Thomas McNamara, former employees, independent contractors, and vendors of the SLDRs and Payment Companies, and Matt Crammer.

At this time, Defendants anticipate key documents to include the following: corporate records, including formation documents, the September 1, 2019 Membership Interest Purchase Agreement between Kenny Huang and Swift Payments, and the September 1, 2019 TAS 2019 LLC Amended and Restated Operating Agreement; records from HSBC bank, including signature cards and account statements; TAS's client agreement; TAS's vendor agreement; documents relating to chargebacks and retrievals; communications and agreements with National Merchant Center; records of the SLDRs and Payment Companies, including but not limited to compliance memos, compliance scripts, quality control reports, compliance documents and training material, disciplinary documents, and tax returns.  Discovery in this case has not commenced and most records are in the possession, custody or control of the Receiver or Plaintiffs.

/

/

d.   <u>Damages</u>: *The realistic range of provable damages.*

<u>Plaintiffs' Statement:</u>

The Plaintiffs are seeking restitution, damages, disgorgement, penalties, costs, and other legal and equitable relief in this litigation. The Bureau seeks remedies to compensate consumers nationally that were harmed by the defendants' unlawful practices and disgorgement of ill-gotten revenue against defendants pursuant to 12 U.S.C.§ 5565(a)(2). Based on information currently available to Plaintiffs, and as alleged in the Third Amended Complaint, Plaintiffs estimate approximately $95 million in illegal fees were charged to consumers (after accounting for identified refunds). Several defendants would be jointly and severally liable for all or part of that amount, which is based on defendants' financial records and may be adjusted based on the evidence as the case progresses. Plaintiffs also seek other relief against defendants, including injunctive relief, civil money penalties, and costs.

The State of Minnesota seeks full restitution for consumers that were harmed by the defendants' unlawful practices, Minn. Stat. § 8.31, subd. 3a, as well as permanent injunctive relief to enjoin defendants' unlawful practices. Minn. Stat. § 8.31, subd. 3. Pursuant to Minn. Stat. § 8.31, subd. 3, the State of Minnesota also seeks monetary relief in the form of civil penalties of up to $25,000 for each violation of the Prevention of Consumer Fraud Act (Minn. Stat. section 325F.68 *et seq*) and the Uniform Deceptive Trade Practices Act (Minn. Stat. section 325D.44, *et seq*). The State of Minnesota has alleged multiple separate violations of these laws and therefore expects the civil penalties to be substantial. The State of Minnesota will also seek its costs, including costs of investigation and attorneys fees, as authorized by Minn. Stat. section 8.31, subd. 3a.

Plaintiff the State of North Carolina seeks full restitution for North

Carolina consumers that were harmed by the defendants' unlawful practices and the disgorgement of all monies unlawfully collected by the defendants from North Carolina consumers pursuant to the NCDAA, N.C. Gen. Stat. § 14-425, and the NCUDPA, N.C. Gen. Stat. §§ 75-1.1, 75-15.1. In actions brought by the North Carolina Attorney General in which the defendant is found to have violated the NCUDPA, and "the acts or practices which constituted the violation were, when committed, knowingly violative of a statute," the NCUDPA authorizes the court to impose civil penalties of up to $5,000 for each violation. N.C. Gen. Stat. § 75-15.2. The State of North Carolina anticipates seeking the imposition of civil penalties based upon the evidence in the case. Accordingly, the State of North Carolina anticipates that the amount of restitution, disgorgement, and civil penalties will be substantial.

Plaintiff the People of the State of California anticipates seeking full consumer restitution and mandatory civil penalties under California's UCL, Business and Professions Code section 17200, which prohibits any "unlawful, unfair or fraudulent business act[s] or practice[s]." Cal. Bus. & Prof. Code § 17200. As to restitutionary relief, the UCL permits recovery of any "interest in money or property, real or personal, which may have been acquired" by a violation of the UCL. Cal. Bus. & Prof. Code § 17203. The People of the State of California may thus seek the return of all funds to California consumers and student-loan borrowers that Defendants have received related to their scheme. As to civil penalties, upon a finding of a violation of the UCL, the Court is required to impose a mandatory civil penalty of up to two thousand five hundred dollars ($2,500) for each violation of the UCL. Cal. Bus. & Prof. Code § 17206. Here, the People anticipate that there are multiple violations of the UCL for every consumer. Finally, the People note that these California-law specific remedies and penalties are "cumulative to each other and to the

remedies or penalties available under all other laws . . . ." Cal. Bus. & Prof. Code § 17205.

Plaintiffs intend to seek appropriate injunctive and equitable relief, including barring the defendants from engaging in the student loan debt-relief industry, and from violating the CFPA and the TSR, as well as the States' Consumer Protection Laws.

With respect to relief defendant Sarah Kim, Plaintiffs seek recovery of ill-gotten funds and assets she received and to which she has no legitimate claim, so that those funds can be returned to consumers.

To the extent that Plaintiffs succeed on the merits and different damage amounts are assessed against the parties, Plaintiffs have no intention to seek double recovery for the same conduct.

<u>Defendants' Statement:</u>

Defendants maintain that Plaintiffs' claims for monetary relief are barred, in whole or in part, under *Liu v. Securities Exchange Commission*, 140 S. Ct. 1936 (2020), that joint and several liability may not be imposed, that any award must account for Defendants' legitimate business expenses, and that any award must be offset by refunds to consumers and amounts already paid in settlement or otherwise by other Defendants or third parties. Relief Defendant Sarah Kim further contests that any assets not traceable to alleged unlawful conduct are not subject to forfeiture or disgorgement, and that certain assets sought are not subject to forfeiture or disgorgement.

Without limiting the foregoing, in the event that the Court finds TAS liable and issues a judgment for monetary relief, the amount of such relief must be offset by the amount of any refunds paid by credit card companies to consumers and "charged back" to TAS plus the amount of any related fees, costs, or penalties charged by the credit card companies to TAS. Furthermore,

as of the filing of this report, the Receiver appointed by the Court in this action, is in possession and control of all funds in TAS's bank accounts. To the extent such funds belong to consumers who have already been paid refunds by credit card companies, and to the extent those credit card companies have issued chargebacks to TAS for the amount of those refunds, the Receiver should be ordered to use the funds in TAS's accounts to pay the chargebacks plus any related fees, costs, or penalties. In addition, in the event that the Court finds TAS liable and issues a judgment requiring disgorgement of amounts paid to TAS by consumers, the Court should order such disgorgement to be paid by the Receiver to those consumers who are identifiable and not to the U.S. Treasury or any other account.

e.    <u>Insurance</u>: *Whether there is insurance coverage, the extent of coverage and whether there is a reservation of rights*.

The parties are not aware of any insurance coverage that would cover any monetary relief granted in this action.

f.    <u>Motions</u>: *A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc*.

Plaintiffs do not currently anticipate seeking to add parties or claims, though Plaintiffs reserve the right to seek timely leave of the Court based on evidence obtained in discovery. Defendants and Relief Defendant do not currently anticipate seeking to add parties. None of the parties currently anticipate moving to transfer venue.

g.    <u>Manual for Complex Litigation</u>: *Whether all or part of the procedures of the Manual for Complex Litigation should be utilized*.

JOINT RULE 26(f) REPORT

The parties do not anticipate the need to utilize any of the procedures of the Manual for Complex Litigation in this case.

h.   Status of Discovery: *A discussion of the present state of discovery, including a summary of completed discovery.*

The parties have conferred pursuant to Rule 26(f) and the Court's Scheduling Order. As of the date of the scheduling conference, the parties anticipate having exchanged disclosures under Rule 26(a). Notably, the parties have not yet engaged in discovery on the merits due to the limitations on discovery contained in the TRO and PI, which allowed for only limited expedited discovery relating to the defendants' assets.

In addition, the Plaintiffs have engaged in expedited discovery relating to the defendants' assets pursuant to the terms of the initial Temporary Restraining Order ("TRO") and subsequent Preliminary Injunction Order ("PI Order"), and took testimony from defendant Kaine Wen on March 4, 2021. At his deposition, and in response to expedited written discovery related to his assets, defendant Wen has at times asserted the privilege against self-incrimination under the Fifth Amendment and objected that certain questions exceeded the scope of the expedited discovery authority provided under the PI Order. Plaintiffs have made five productions to counsel for defendant Kaine Wen (four by the Bureau and one by the State of North Carolina), and four productions to counsel for defendant Albert Kim (three by the Bureau and one by the State of North Carolina), in response to their requests for material produced to Plaintiffs in expedited discovery. Additionally, Plaintiffs are in the process of contacting third parties who produced documents, such as bank records, that were designated as "confidential" as Section 9 of the stipulated protective order (Docket No. 246) and 12 CFR 1070.45(a)(4) afford such third parties the right

to consent to the disclosure explicitly or to take appropriate action to prevent disclosure.

Statement of Defendant Wen: At his deposition, and in response to expedited written discovery related to his assets, defendant Wen has provided testimony and requested documents and evidence, and has at times asserted the privilege against self-incrimination under the Fifth Amendment and objected that certain questions exceeded the scope of the expedited discovery authority provided under the PI Order.

    i.    Discovery Plan: *A detailed discovery plan, as contemplated by Rule 26(f). State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.*

The parties have attached a proposed schedule to this submission that includes suggested discovery deadlines. The parties have agreed to exchange disclosures under Rule 26(a) on the date of the scheduling conference. The parties do not anticipate any need for changes in the Rule 26(a) disclosures. At this time, the parties do not anticipate the need to conduct discovery in phases (with the exception of any potential expert discovery as set forth in the attached schedule).

Plaintiffs anticipate needing discovery on the following subjects:

/

/

- Defendants' collection of fees in exchange for student loan debt-relief services and whether Defendants complied with the TSR when collecting such fees;
- Defendants' deceptive representations made to loan servicers concerning consumers who had purchased their services including, but not limited to, false claims about the number of dependents;
- Defendants' unlawful practices in violation of the TSR, CFPA, the States' Consumer Protection Laws including but not limited to: evidence confirming defendants' acted as sellers in their offering of debt-relief services to consumers in exchange for consideration;
- The nature and quantity of the consumer-financial products or services Defendants' offered, including financial-advisory services such as assisting consumers with debt-management or debt-settlement and modifying the terms of any extension of credit;
- Defendants' representations to consumers about the nature and efficacy of their student loan debt-relief services and their fees for those services;
- Relief defendant Sarah Kim's receipt of money and other assets related to the student loan-debt-relief enterprise, and whether she has a legitimate claim to such money or assets;
- Whether the defendants formed a common enterprise;
- Defendants Kaine Wen and Albert Kim's individual liability;
- The number of consumers Defendants collected money from, the amount of money Defendants' collected from consumers, and Defendants' assets, liabilities and net worth.
- The appropriate amount of restitution, civil money penalties, disgorgement, damages, and other legal or equitable relief; and

- Defendants compliance with the TRO and PI Orders and the Court's Order Granting In Part Plaintiff's Motion For Order To Show Cause Why Defendant Wen Should Not Be Held In Contempt And For Related Relief (Docket No. 277).

Defendants anticipate needing discovery on the following subjects, in addition to certain of the foregoing subjects (of which Defendants do not accept Plaintiffs characterization):

- All evidence upon which Plaintiffs' rely in support of their claims against all Defendants;
- Documents, books and records of SLDRs and Payment Companies including those in the possession of the Plaintiffs, Receiver, and third parties;
- Documents concerning the amounts of any losses alleged to be suffered by any consumers or third parties, including third-party discovery on financial institutions with relevant information;
- Documents and testimony concerning legitimate services provided by Defendants and former Defendants allegedly involved in the enterprise alleged by Plaintiffs; and
- Documents from National Merchant Center; documents from HSBC; communications between the Plaintiffs and consumers, third parties and the Receiver regarding the subject matter of this action.

Because much of the discovery in this matter contains sensitive and confidential personally identifiable information, including dates of birth and social security numbers, as well as consumer financial information, the Parties moved the Court for entry of a protective order prior to producing discovery, which was entered by the Court on December 11, 2020 (Docket No. 246).

The parties do not believe that it is necessary to limit discovery or modify the limits on discovery at this time. The parties reserve the right to seek modification of the limits once discovery is further underway.

j.    Discovery Cut-off: *A proposed discovery cut-off date. N.B. This means the final day for* **completion of discovery**, *including resolution of all discovery motions.*

Plaintiffs' Proposal:  August 1, 2022

Defendants' Proposal:  October 21, 2022

k.    Expert Discovery: *Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).*

Plaintiffs' Proposals:  Expert Disclosure (Initial):  7/1/2022

Expert Disclosure (Rebuttal):  7/18/2022

Expert Discovery Cut-Off:  8/12/2022

Defendants' Proposals:  Expert Disclosure (Initial):  10/21/2022

Expert Disclosure (Rebuttal):  11/7/2022

Expert Discovery Cut-Off:  12/21/2022

l.    Dispositive Motions: *A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.*

The parties believe that some or all of the claims in this case may be resolved through summary judgment.

Defendants' Statement:

Mr. Wen has filed a Motion to Dismiss and Strike certain claims and allegations in the Third Amended Complaint (ECF 320) which is currently pending. Defendants may move for summary judgment on additional issues based on information sought in discovery and the application of Plaintiff's

stated legal theories. Relief Defendant Sarah Kim may move for summary judgment regarding Plaintiffs' claim for forfeiture or disgorgement of certain assets. Defendants and Relief Defendant reserve all rights to identify additional legal and factual issues amenable to disposition on motion practice.

        m.    Settlement/Alternative Dispute Resolution (ADR): *A statement of what settlement discussions or written communications have occurred (**excluding any statement of the terms discussed**). If counsel have received a Notice to Parties of Court-Directed ADR Program (Form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties' expense). If the parties jointly desire a settlement conference with the assigned magistrate judge, they should so indicate in their report and the matter will be discussed at the scheduling conference. No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties, have appeared personally at an ADR proceeding.*

To date, Plaintiffs have reached settlements with one individual defendant, three corporate defendants, and six relief defendants, and the Court entered default judgments against two corporate defendants.

Plaintiffs have engaged in active settlement negotiations with the remaining defendants; however, Plaintiffs maintain that significant issues remain to be resolved, particularly with respect to individual defendants Albert Kim and Kaine Wen. Although the Plaintiffs remain open to resolving their claims against the remaining defendants, it is Plaintiffs' position that the failure of defendants Albert Kim and Kaine Wen to provide truthful and accurate financial disclosures continues to serve as a significant barrier to continuing

1  such discussions, particularly given their representations about their inability to

2  pay a judgment commensurate with their alleged liability. Plaintiffs have used

3  expedited discovery to obtain a more fulsome understanding of defendant

4  Kim's and defendant Wen's ability to pay penalties and monetary relief to

5  consumers, and the whereabouts of money earned through the student loan

6  debt-relief enterprise. But Plaintiffs contend that more information and analysis

7  is necessary in order for Plaintiffs to recommend a settlement amount. Plaintiffs

8  also engaged in settlement discussions with counsel for relief defendant Sarah

9  Kim and counsel for defendant TAS.

10       Should the parties be unable to settle the matter on their own, the parties

11  desire a settlement conference with the assigned magistrate judge by the

12  deadline set forth in the attached schedule.

13       <u>Defendants' Statement:</u> Mr. Wen and Mr. Kim request that this be held

14  earlier in the proceedings as opposed to shortly before trial as Plaintiffs have

15  refused to engage in settlement discussions with them for many months.

16       <u>Plaintiffs' Response:</u> Plaintiffs have been open to settlement discussions

17  since the pendency of this case; however, the parties are currently at an impasse

18  due to unanswered questions relating to defendants' assets and their ability to

19  pay, which information is necessary to determine whether and to what extent

20  any negotiated monetary judgment should be suspended.

21       n.    <u>Trial Estimate</u>: *A realistic estimate of the time required for trial*

22            *and whether trial will be by jury or by court. Each side should*

23            *specify (by number, not by name) how many witnesses it*

24            *contemplates calling. If the time estimate for trial given in the Joint*

25            *Rule 26(f) Report exceeds four court days, counsel shall be*

26            *prepared to discuss in detail the estimate.*

27

28

Assuming all remaining parties proceed to trial, Plaintiffs anticipate needing two weeks (ten trial days) to present their case in chief. Defendants estimate that trial will last approximately four weeks. The Parties reserve the right to seek additional time for trial, if necessary. This estimate includes time for the cross-examination of witnesses. Plaintiffs anticipate calling approximately 10 to 20 witnesses, and Defendants anticipate calling 10 to 20 witnesses. Plaintiffs anticipate the ability to streamline the trial through factual stipulation and/or pre-admitting exhibits in advance of trial. Plaintiffs further note that a shorter trial may be appropriate if Plaintiffs reach settlements with some of the defendants and/or the relief defendant, or if the Court resolves some of Plaintiffs' claims through summary judgment.

Pursuant to the Scheduling Order, because the parties estimate that the trial of this case will exceed four court days, counsel for each of the parties shall be prepared to discuss in detail the estimate at the scheduling conference.

o.   <u>Trial Counsel</u>: *The name(s) of the attorney(s) who will try the case.* The parties anticipate being represented at trial by the following attorneys:

- For Plaintiff Bureau of Consumer Financial Protection: Sarah M. Preis, Jesse D. Stewart, Jehan A. Patterson, N. Nathan Dimock, and Leanne E. Hartmann.
- For Plaintiff State of Minnesota: Evan Romanoff.
- For Plaintiff State of North Carolina: M. Lynne Weaver.
- For Plaintiff the People of the State of California: Christina V. Tusan, William R. Pletcher, and Miguel Ruiz.
- For Defendant Albert Kim and Relief Defendant Sarah Kim, Julian Burns King (King & Siegel LLP).

/

- For Defendant TAS 2019 LLC, Marc Williams (Cohen Williams LLP.
- For Defendant Kaine Wen, Matt Eanet (Eanet PC).

    p.    <u>Independent Expert or Master</u>: *Whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy Daubert hearing, a resolution of a difficult computation of damages, etc.).*

The parties do not believe that there is a need for a master pursuant to Rule 53 or an independent scientific expert.

    q.    <u>Timetable</u>: *Complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report.*

The parties have attached a completed Schedule of Pretrial and Trial Dates form as Exhibit A hereto.

    r.    <u>Other issues</u>: *A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.*

The parties reserve the right to revise and amend this discovery plan as needed in light of developments as this case proceeds.

/

1    Plaintiffs may need to engage in discovery in foreign jurisdictions

2 relating to services provided for the defendants by third parties, as well as the

3 defendants assets.

4

5 DATED: September 20, 2021          Respectfully submitted,

6

7                                   CARA PETERSEN
                                    Acting Enforcement Director

8

9                                   DEBORAH MORRIS
                                    Deputy Enforcement Director

10                                  By: */s/ N. Nathan Dimock*
                                    Sarah Preis (admitted *pro hac vice*)

11                                  Jesse Stewart (admitted *pro hac vice*)

12                                  N. Nathan Dimock (admitted *pro hac vice*)

13                                  Enforcement Attorneys

14                                  *Attorneys for Plaintiff Bureau of*
                                    *Consumer Financial Protection*

15

16                                  JOSHUA H. STEIN
                                    Attorney General of North Carolina

17                                  By: */s/ M. Lynne Weaver*

18                                  M. Lynne Weaver
                                    Special Deputy Attorney General

19                                  (Admitted *pro hac vice*)

20                                  *Attorney for the State of North Carolina*

21                                  KEITH ELLISON
                                    Attorney General of Minnesota

22                                  By: */s/ Evan S. Romanoff*

23                                  Evan S. Romanoff (admitted *pro hac vice*)

24                                  Assistant Attorney General

25                                  *Attorney for the State of Minnesota,*

26                                  *By Its Attorney General, Keith Ellison*

27

28

---

27

JOINT RULE 26(f) REPORT

By: */s/ Christina V. Tusan*
Christina V. Tusan (CA Bar No. 192203)
Supervising Deputy City Attorney
Office of the Los Angeles City Attorney
Telephone (213) 473-6908
Fax (213) 978-8111
christina.tusan@lacity.org
*Attorney for the People of the State of*
*California*

COHEN WILLIAMS LLP
By: */s/ Marc S. Williams*
Marc S. Williams
Reuven L. Cohen
Attorneys for Defendant,
TAS 2019 LLC

EANET, PC
By: */s/ Matthew L. Eanet*
Matthew L. Eanet
Attorneys for Defendant Kaine Wen

KING & SIEGEL LLP
By: */s/ Julian Burns King*
Attorneys for Defendant Albert Kim and
Relief Defendant Sarah Kim

I, N. Nathan Dimock, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Nathan Dimock*
N. Nathan Dimock

JOINT RULE 26(f) REPORT