**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (D.C. Bar No. 997387)
(Admitted *pro hac vice*)
Tel.: (202) 435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(Admitted *pro hac vice*)
Tel.: (202) 435-9641 / Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200
San Francisco, CA 94105
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

*Additional Counsel for Plaintiffs Listed on Next Page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., <br><br> Defendants. | CASE NO. 8:19-cv-01998 MWF (KS) <br><br> **PLAINTIFF'S *EX PARTE* APPLICATION AND MEMORANDUM IN SUPPORT FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS (ECF 320) AND DEEM THE MOTION CONSENTED-TO PURSUANT TO L.R. 7-12** |

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 757-1454 / Email: evan.romanoff@ag.state.mn.us

*Attorneys for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
MICHAEL T. HENRY (N.C. Bar No. 35338)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Emails: lweaver@ncdoj,gov / mhenry@ncdoj.gov

*Attorneys for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
MARY CLARE MOLIDOR, Chief Assistant City Attorney, (CA Bar No. 82404)
CHRISTINA V. TUSAN, Supervising Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 978-8707/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org

*Attorneys for Plaintiff the People of the State of California*

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

|   |   |
|---|---|
| 1 | Pursuant to Local Rule 7-19, and for good cause shown, Plaintiffs Consumer Financial Protection Bureau (Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, the States), hereby apply *ex parte* to the Court for an order denying Defendant Kaine Wen's request that the Court disregard Plaintiffs' opposition to Defendant Wen's motion to dismiss (ECF 320), and deem his motion consented-to by Plaintiffs. Defendant Wen seeks this relief pursuant to L.R. 7-12, which provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document … within the deadline, may be deemed consent to the granting or denial of the motion …." In his reply memorandum in support of his motion, Defendant Wen contends that Plaintiffs' opposition, which was filed on September 7, 2021, is untimely and that his motion should be granted on this basis alone. Def.'s Reply Mem. in Supp. of Mot. to Dismiss 3. |

It would be inappropriate for this Court to exercise its discretion under L.R. 7-12 to deem Defendant Wen's motion as consented-to by Plaintiffs. The issues before the Court on this motion include the interpretation of a federal statute and its application to a fact pattern that, contrary to Defendant Wen's assertion, has not been the subject of a "reported decision on point." Def.'s Reply Mem. 1. The motion also tasks the Court with deciding the effect, if any, of a United States Supreme Court decision on the relief sought by the Third Amended Complaint. The Court should not construe an untimely opposition by Plaintiffs as consent to the dispositive relief sought by Wen's motion.

## ARGUMENT

To obtain *ex parte* relief, the moving party must show: "(1) that its cause will be irreparably prejudiced if the underlying motion is heard according to

1

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

regular noticed motion procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis has occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Good cause exists for the *ex parte* relief sought here because Defendant Wen's motion is fully briefed and ripe for this Court's consideration. Further, the Court vacated the September 27, 2021, motion hearing, finding the motion to be "appropriate for submission on the papers without an oral argument."[1] (ECF 320). Thus, Plaintiffs would be irreparably prejudiced if they were to move for relief in accordance with standard motion procedures if the Court were to grant Defendant Wen's motion pursuant to L.R. 7-12 while Plaintiffs' motion is pending.

Moreover, this *ex parte* application is necessitated by the actions of counsel for Defendant Wen, not Plaintiffs. On September 10, 2021, counsel for Defendant Wen informed Plaintiffs' counsel by email that he believed the opposition to be untimely, but asked whether Plaintiffs would stipulate "to continuing the hearing date to the next available date" to allow Defendant Wen time to "provide a meaningful reply brief." Patterson Decl. ¶ 3 and Exh. A. Defendant Wen's offer was made to avoid "seeking to have the opposition stricken for being untimely and litigating this issue before Judge Fitzgerald …." *Id.* Counsel for Defendant Wen subsequently confirmed he was seeking to continue the motion hearing to October 4, 2021, and that Defendant Wen's reply memorandum thus would be due September 20, 2021.[2] *Id.* In a telephone

---

[1] Thus, Plaintiffs have no opportunity other than proceeding by *ex parte* application to address Defendant Wen's request that the Court disregard the opposition and deem the motion consented-to.

[2] Per the Court's individual rules, Defendant Wen's reply memorandum otherwise was due September 13, 2021, which was 14 days before the noticed

2
**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

call later that afternoon, Plaintiffs informed Defendant Wen's counsel that they were amenable to stipulating to continue the motion hearing and enlarging Defendant Wen's time to file a reply to avoid litigating a motion to strike their opposition. *Id.* ¶ 4. On September 14, 2021, Defendant Wen's counsel informed the Court's deputy that the parties agreed to continue the motion hearing to October 4. *Id.* ¶ 5 and Exh. B. The Court vacated the September 27 motion hearing that same day, finding the matter suitable for disposition without oral argument. (ECF 324). On September 16, 2021, Defendant Wen filed a request for a Court order to continue the hearing to October 4, 2021, and to set the deadline for his reply to be filed to September 20, 2021. (ECF 327). The Court denied Defendant Wen's request as moot in light of its vacatur of the hearing. (ECF 328). That denial meant that Defendant Wen's filing deadline for his reply remained September 13, 2021. Defendant Wen filed his reply on September 20, 2021, seven days after the deadline. (ECF 329).

Notwithstanding his agreement with Plaintiffs and representation to the Court about that agreement (ECF 327 at ¶ 6), the lead argument in Defendant Wen's reply essentially asks the Court to strike Plaintiffs' opposition. Defendant Wen's gamesmanship should be rejected by this Court. Defendant Wen disavowed his agreement with Plaintiffs to waive his objection to the timeliness of the opposition, on which Plaintiffs relied, while also taking the

---

hearing on the motion. Plaintiffs' opposition would have been due on September 6, 2021, 21 days before the hearing, providing Defendant Wen seven days to prepare a reply memorandum. Due to the Federal holiday on September 6, Plaintiffs filed their opposition on September 7, 2021. Plaintiffs acknowledge that they miscalculated the deadline, and their opposition should have been filed on September 3, 2021, per Federal Rule of Civil Procedure 6(a)(5), which provides that, for purposes of calculating a filing deadline when it falls on a legal holiday, the "next day" is determined by counting "backward when measured before the event."

3

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

additional time to file his reply.[3] Indeed, the fact Defendant Wen sought, in a pleading that was seven days overdue, to have Plaintiffs' opposition disregarded only underscores his brazenness.

As stated in the accompanying Declaration of Jehan A. Patterson, notice of this application was provided to counsel for all active parties. Only counsel for Defendant Wen registered his objection, and his contact information is as follows:

Matthew Eanet

EANET, PC

550 S. Hope St., Suite 750

Los Angeles, CA 90071

Tel: (310) 775-2495

Email: matt@eanetpc.com

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request entry of an order denying Defendant Wen's request that the Court disregard the opposition to Defendant Wen's motion to dismiss (ECF 320) and deem Defendant Wen's motion consented-to by Plaintiffs pursuant to L.R. 7-12.

Dated: September 22, 2021

By: /s/ Sarah Preis
Sarah Preis (D.C. Bar No. 997387)
*Admitted pro hac vice*
Email: sarah.preis@cfpb.gov
Jesse Stewart (N.Y. Bar No. 4145495)

---

[3] Plaintiffs would have promptly sought an order from the Court to accept the filing of their opposition out-of-time but for Defendant Wen's representation.

4

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

|   |   |
|---|---|
| 1 | *Admitted pro hac vice* |
| 2 | Email: jesse.stewart@cfpb.gov |
|   | N. Nathan Dimock (D.C. Bar No. 487743) |
| 3 | Email: nathan.dimock@cfpb.gov |
| 4 | *Admitted pro hac vice* |
| 5 |   |
| 6 | *Attorneys for Plaintiff Bureau of Consumer Financial Protection* |
| 7 |   |
| 8 | By: /s/ M. Lynne Weaver |
|   | M. Lynne Weaver (N.C. Bar No. 19397) |
| 9 | (admitted *pro hac vice*) |
| 10 | Special Deputy Attorney General |
| 11 | North Carolina Department of Justice |
| 12 | 114 W. Edenton St. |
| 13 | Raleigh, NC 27603 |
|   | Tel.: (919) 716-6039 |
| 14 | Fax: (919) 716-6050 |
| 15 | Email: lweaver@ncdoj.gov |
| 16 |   |
| 17 | *Attorney for Plaintiff State of North Carolina* |
| 18 |   |
| 19 | By: /s/ Evan Romanoff |
|   | Evan Romanoff (Atty. Reg. No. 0398223) |
| 20 | (admitted *pro hac vice*) |
| 21 | Assistant Attorney General |
| 22 | 445 Minnesota Street, Suite 1200 |
| 23 | St. Paul, MN 55101-2130 |
|   | Tel.: (651) 757-1454 |
| 24 | Fax: (651) 296-7438 |
| 25 | Email: evan.romanoff@ag.state.mn.us |
| 26 |   |
| 27 |   |
| 28 |   |

5

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

*Attorney for Plaintiff State of Minnesota*

By: <u>*/s/ Christina Tusan*</u>
Christina Tusan
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012
Tel.:(213) 473-6908
Email: christina.tusan@lacity.org

*Attorney for Plaintiff the People of the State of California*

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

I, Sarah Preis, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ *Sarah Preis*

Sarah Preis

7

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2021, I caused true and correct copies of Plaintiffs' Ex Parte Application for Entry of an Order Denying Defendant Kaine Wen's Request that the Court Disregard Plaintiffs' Opposition to Defendant Kaine Wen's Motion to Dismiss (ECF 320), and Deem the Motion as Consented-To Pursuant to L.R. 7-12, to be served using the CM/ECF system, thereby sending notification of the filing to all parties in the case who are registered CM/ECF users, and by email to Michael Adler, counsel to Judy Dai, at madler@ta-llp.com.

Dated: September 22, 2021   /s/ *Sarah Preis*

Sarah Preis

*Attorney for the Bureau of Consumer Financial Protection*

8

**PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING DEFENDANT KAINE WEN'S REQUEST THAT THE COURT DISREGARD PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**