EANET, PC
Matthew L. Eanet (SBN 227490)
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone: 310-775-2495
Facsimile: 310-593-2589
matt@eanetpc.com
*Attorney For Defendant Kaine Wen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., <br><br> Defendants, and <br><br> Infinite Management Corp., f/k/a Infinite Management Solutions Inc., et al. <br><br> Relief Defendants. | Case No. SACV 19-1998-MWF(KSx) <br><br> **DEFENDANT KAINE WEN'S RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF ORDER DENYING REQUEST THAT THE COURT DISREGARD PLAINTIFFS' LATE-FILED OPPOSITION TO MOTION TO DISMISS [ECF 320] AND DEEM THE MOTION CONSENTED-TO PURSUANT TO L.R. 7-12** |

DEFENDANT KAINE WEN'S RESPONSE TO EX PARTE APPLICATION

Defendant Kaine Wen ("Mr. Wen") respectfully submits this Response to Plaintiffs Consumer Financial Protection Bureau, the State of Minnesota, the State of North Carolina, and the People of the State of California's (collectively, "Plaintiffs") Ex Parte Application for Entry of an Order Denying Request that the Court Disregard Plaintiffs' Opposition to Motion to Dismiss [ECF 320] and Deem the Motion Consented to Pursuant to L.R. 7-12 (the "Ex Parte Application"), as follows:

I. **RESPONSE**

   A. **The Ex Parte Application Is A Disguised Attempt At An End-Run Around L.R. 7-10 Which Does Not Permit A Party To File A Sur-Reply Absent Prior Written Court Order**

The Court should deny the Ex Parte Application as an impermissible attempt to submit a Sur-Reply without obtaining advance relief from this Court, in violation of Local Rules.

As set forth in Mr. Wen's Reply, the Court should decline to consider Plaintiffs' Opposition, which they failed to file until *after* the required deadline under this Court's Local Rules. The Court may accordingly treat the failure as consent to the granting of Mr. Wen's Motion to Dismiss. *See* L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]")

The Motion to Dismiss has now been fully briefed, however Plaintiffs, recognizing the defects in their Opposition, seek to obtain an additional "bite at the apple" to which they are not entitled. The Ex Parte Application is nothing more than a Sur-Reply, which has been filed improperly by Plaintiffs without obtaining advance consent from the Court. L.R. 7-10 provides:

> **L.R. 7-10 Reply Papers**. A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and

- 1 -
DEFENDANT KAINE WEN'S RESPONSE TO EX PARTE APPLICATION

> declarations or other rebuttal evidence. ***Absent prior written order of the Court, the opposing party shall not file a response to the reply***.

L.R. 7-10 (emphasis added).

The Court should accordingly strike and deny the Ex Parte Application which has been filed in violation of L.R. 7-10.

### B. Plaintiffs Have Failed To Provide Any Justification For Their Late Filing Or Any Reason That They Should Be Relieved From The Consequences Of Their Own Actions

The Ex Parte Application does not contest that the Opposition was improperly filed after the deadline set forth under this Court's Local Rules. To the contrary, Plaintiffs admit that "Plaintiffs filed their opposition on September 7, 2021[while] their opposition should have been filed on September 3, 2021, per Federal Rule of Civil Procedure 6(a)(5)[.]" Ex Parte Application, 3:24-27, at fn.2 [ECF 333].

Plaintiffs filed the Declaration of Jehan Patterson in support of their Ex Parte Application. However, the Patterson Declaration makes no attempt to explain, let alone justify, the filing of the Opposition four days after Plaintiffs admit it was due. Indeed, the Patterson Declaration does not even acknowledge that Plaintiffs' Opposition was untimely. Instead, the Patterson Declaration states only that counsel for Mr. Wen "believed Plaintiffs' opposition to Defendant Wen's motion to be untimely." Patterson Declaration, 1:13-15 [ECF 333, Attachment # 1].

Plaintiffs' failure to provide any explanation or justification for filing the brief after the deadline entitles the Court to disregard Plaintiffs' Opposition under Local Rule 7-12 and grant Mr. Wen's Motion. *See Patel v. City of Los Angeles*, 791 Fed.Appx. 688, 689 (9th Cir. 2020) (complaint dismissed under Local Rule 7-12 where Appellants failed to comply with requirement of Local Rule 7-9 that "parties [are] required to respond to motions at least 21 days before hearing", explaining that "Appellants, represented by counsel, provided no explanation to the district court, or on appeal, for their non-

compliance with Local Rule 7-9."); *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C.Cir. 2004) (affirming dismissal of amended complaint, where "Their [Plaintiffs'] counsel's effort at explanation [for failure to comply with Local Rule 7-12], even taken at face value, is plainly unacceptable."); *Balsin v. Equable Ascent Financial, LLC*, 2011 WL 13218018, *2 (C.D. Cal. 2011) (motion to dismiss granted under Local Rule 7-12 where plaintiff failed to oppose it and "provided no reason or explanation for his failure . . . ."); *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir 2004) ("Strictly enforcing procedural rules ensures both that cases are adjudicated efficiently and that litigants argue their causes on a level playing field.  Moreover, district courts need authority to dispense severe sanctions 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'") (*quoting Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

II. **CONCLUSION**

For the foregoing reasons, Mr. Wen respectfully requests that the Court should strike and deny the Ex Parte Application.

Dated:  September 26, 2021           EANET, PC

By: /s/ Matthew L. Eanet
    Matthew L. Eanet
    Attorneys for Defendant Kaine Wen