UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 19-1998-MWF (KSx)          **Date:  December 7, 2021**
Title:      Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
            Center Inc. et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

            Deputy Clerk:                      Court Reporter:
            Rita Sanchez                        Not Reported

            Attorneys Present for Plaintiff:   Attorneys Present for Defendant:
            None Present                        None Present

**Proceedings (In Chambers):**        ORDER DENYING DEFENDANT'S MOTION TO
                                      DISMISS AND DENYING DEFENDANT'S
                                      MOTION TO STRIKE [320]

Before the Court is Defendant Kaine Wen's Motion to Dismiss and Motion to
Strike (the "Motion"), filed on August 19, 2021.  (Docket No. 320).  Plaintiffs Bureau
of Consumer Financial Protection ("CFPB"), the State of Minnesota ("Minnesota"),
the State of North Carolina ("North Carolina"), and the People of the State of
California ("California") (collectively with Minnesota and North Carolina, "the
States") filed an Opposition on September 7, 2021.  (Docket No. 323).  Defendant filed
a Reply on September 20, 2021.  (Docket No. 329).

The Motion was noticed to be heard on September 27, 2021.  The Court read and
considered the papers on the Motion and deemed the matter appropriate for decision
without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was
therefore **VACATED** and removed from the Court's calendar.  Vacating the hearing
was also consistent with General Order 21-08 arising from the COVID-19 pandemic.

For the reasons stated below, the Motion is **DENIED**.  The Telemarketing Act,
15 U.S.C. §§ 6101–08, does not prohibit the CFPB and the States from bringing a joint
action for violations of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310, or
similar state laws.  Additionally, it is premature for the Court to decide whether Wen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 19-1998-MWF (KSx)               Date:  December 7, 2021
Title:      Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
             Center Inc. et al.

may be held jointly  and severally liable for a full refund of monies paid to him or his
co-defendants at this stage of the litigation.

## I.      BACKGROUND

Plaintiffs filed their Third Amended Complaint ("TAC") on August 5, 2021.
(Docket No. 314).  The allegations from the TAC are summarized below.

From at least 2015 until the filing of the present action, Wen and his co-
defendants operated student debt relief companies that advertised and sold fraudulent
debt relief services.  (*Id.* ¶¶ 8–17).  The companies informed federal student loan
borrowers that they qualified for loan forgiveness sooner than they actually did and had
been approved for lower monthly payments when they had not.  (*Id.* ¶ 10).  The
companies then offered to help the borrowers obtain loan forgiveness or lower their
monthly payments.  (*Id.* ¶ 9).  The companies charged an initial fee of between $900
and $1,750, to be paid in advance, and assured the borrowers that this fee, as well as
any subsequent fees, would go towards paying off the borrowers' student loan
balances.  (*Id.* ¶¶ 11, 14).  However, none of the ninety-five million dollars that the
companies eventually collected in fees were used to pay off student loan debt.  (*Id.* ¶¶
8, 11).

Rather than obtaining loan forgiveness or lowering monthly payments through
legitimate means, the companies engaged in several unscrupulous practices without
informing their customers.  (*Id.* ¶¶ 12–13).  For example, the companies would
routinely request that student loans be placed in forbearance without the borrowers'
knowledge, during which time interest on the borrowers' loan balances would continue
to accrue.  (*Id.* ¶ 12).  The companies also submitted false information about certain
borrowers' income, family size, and marital status on loan adjustment applications in
order to qualify the borrowers' for reduced monthly loan payments.  (*Id.* ¶ 13).

Counts 1–3 and 5 of the TAC, brought by the CFPB and the States, allege that
Wen violated the TSR by improperly charging advance fees for debt-relief services,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 19-1998-MWF (KSx)              Date:  December 7, 2021

Title:     Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
           Center Inc. et al.

misrepresenting material aspects of debt-relief services, and providing substantial
assistance to others in their violations of the TSR.  (*See id.* ¶¶ 286–97, 303–17).
Counts 17–22 of the TAC, brought by the States, allege that Wen engaged in unfair
and deceptive practices in violation of state law:  Counts 17–18, brought by Minnesota,
allege violations of Minnesota state law; Counts 19–21, brought by North Carolina,
allege violations of North Carolina state law; and Count 22, brought by California,
alleges violations of California state law.  (*See id.* ¶¶ 378–425).

Wen now moves to dismiss the States' claims, but not the CFPB's identical
claims, in Counts 1–3 and 5.  (Motion at 3–4).  Wen also moves to dismiss the States'
claims in Counts 17–22.  (*Id.* at 4).  Finally, Wen moves to strike those portions of the
TAC asserting his joint and several liability for amounts that he claims exceed the net
profits from his alleged wrongful acts.  (*Id.* at 4–6).

## II.  LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v.
Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth
Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a
cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable
legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a
motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a
claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting
*Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal
conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature
of respondent's allegations, rather than their extravagantly fanciful nature, that
disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus &
Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded
complaint may proceed even if it strikes a savvy judge that actual proof is improbable,'
plaintiffs must include sufficient 'factual enhancement' to cross 'the line between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 19-1998-MWF (KSx)               **Date:** December 7, 2021
**Title:**    Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
          Center Inc. et al.

possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550
U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain
and all reasonable inferences that may be drawn therefrom, the complaint alleges a
plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen.
Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a
complaint states a plausible claim for relief is 'a context-specific task that requires the
reviewing court to draw on its judicial experience and common sense.'" *Ebner v.
Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

A court "may strike from a pleading an insufficient defense or any redundant,
immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, Rule
12(f) cannot be used "as a means to dismiss some or all of a pleading . . . because a
Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the
proceedings) already serves such a purpose." *Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970, 974 (9th Cir. 2010).

## III.  **DISCUSSION**

### A.  **Motion Dismiss the States' Claims in Counts 1–3 and 5**

The CFPB and the States jointly assert that Wen violated the TSR in Counts 1–3
and 5 of the TAC. (*See* TAC ¶¶ 286–97, 303–17). Wen argues that Section 6103(d) of
the Telemarketing Act, under which the TSR was promulgated, prohibits the States
from jointly bringing an action for violations of the TSR alongside the CFPB. (Motion
at 5–8). Section 6103(d) states:

Whenever a civil action has been instituted by or on behalf of the Commission
or the Bureau of Consumer Financial Protection for violation of any rule
prescribed under section 6102 of this title, no State may, during the pendency
of such action instituted by or on behalf of the Commission or the Bureau of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 19-1998-MWF (KSx)                Date:  December 7, 2021
Title:     Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
           Center Inc. et al.

Consumer Financial Protection, institute a civil action under subsection (a) or
(f)(2) against any defendant named in the complaint in such action for violation
of any rule as alleged in such complaint.

15 U.S.C. § 6103(d).  Wen contends that because the CFPB is already bringing an
action against him for violations of the TSR, the States may not do so while the
CFPB's action is pending.  (Motion at 5–8).

       In response, Plaintiffs argue that because the present action was brought *jointly*
by the CFPB and the States, no CFPB action was *pending* at the time the CFPB and the
States brought the present action.  (Opposition at 5).  The Court agrees.

       An action is *pending* at the time another action is filed only if the other action
was filed *after* the pending action.  Under a plain reading of the statute, the States are
barred from instituting an action for violations of the TSR *after* the Federal Trade
Commission ("FTC") or the CFPB has already brought a pending action for the same
violations, but are not prohibited from instituting an action *jointly* with the FTC or
CFPB.  Indeed, other courts have permitted the FTC and one or more states to bring
joint actions alleging violations of the Telemarketing Act.  *See, e.g.*, *FTC v. Marcus*,
CV 17-60907-FAM, 2020 WL 1482250 (S.D. Fla. Mar. 27, 2020); *FTC v. E.M. Sys. &
Servs., LLC*, CV 15-1417-SDM (AEPx), 2018 WL 1801214 (M.D. Fla. Jan. 22, 2018);
*FTC v. Click4Support, LLC*, CV 15-5777-GEKP, 2015 WL 7067760 (E.D. Pa. Nov.
10, 2015).

       Wen argues that an interpretation of the Telemarketing Act prohibiting a
subsequent action by the States during the pendency of a CFPB action but permitting a
joint action by the States and the CFPB creates a "loophole" through which the States
may circumvent the statute's purpose.  (*See* Motion at 8).  However, in this Court's
view, neither the language of the statute nor its purpose forbids this interpretation.
Moreover, to the extent it should be consulted, the legislative history of Section
6103(d) makes clear that its purpose is "to prevent duplication of effort by enforcement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 19-1998-MWF (KSx)              Date:  December 7, 2021
Title:     Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
           Center Inc. et al.

officials, and to avoid unreasonably subjecting defendants to multiple actions simultaneously." H.R. Rep. No. 103-20, 10; S. Rep. No. 103-80, 12.

Therefore, rather than creating a loophole, the distinction between filing a subsequent action and filing a joint action accurately reflects Congress's purpose in avoiding redundant actions. If the States instituted an action during the pendency of a CFPB action, Wen would have to field two simultaneous actions involving duplicative effort by state and federal enforcement officials. On the other hand, because the States in this case have instituted a joint action with the CFPB, Wen only needs to deal with a single action, and state and federal officials do not need to duplicate their efforts in separate actions. It would be incongruous to prohibit states from bringing joint actions with the FTC and CFPB, on the one hand, but allow states to intervene in existing FTC and CFPB actions, on the other. The result in both circumstances would be nearly identical, involving one or more states and the FTC or the CFPB in a single action.

Wen cites *United States v. Dish Network, LLC*, No. 09-3073, 2015 WL 682952 (C.D. Ill. Feb. 17, 2015), to support the argument that Section 6103(d) prohibits the States from asserting claims at the same time as a CFPB action. (*See* Motion at 6–8). *Dish Network* is distinguishable; it involves a subsequent amendment by a state to add a TSR claim rather than a joint TSR claim brought by a state at the outset of the action. *See* 2015 WL 682952, at *1. However, to the extent *Dish Network* holds that Section 6103(d) prohibits states from simultaneously and jointly asserting TSR violations, the Court simply disagrees. As discussed above, the plain language of the statute prohibits states from filing actions asserting violations of the TSR only *after* the filing of a CFPB action; it does not bar actions filed jointly and concurrently. *See* 15 U.S.C. § 6103(d).

Because a plain reading of Section 6103(d) permits joint actions by the States and the CFPB, and because Congress's main purpose in enacting Section 6103(d) was not to prevent joint actions but to prevent multiple simultaneous actions, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 19-1998-MWF (KSx)              Date:  December 7, 2021
Title:      Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
            Center Inc. et al.

determines that Section 6103(d) of the Telemarketing Act does not prevent the States
from jointly asserting the claims in Counts 1–3 and 5.

Accordingly, the Motion to Dismiss is **DENIED** as to Counts 1–3 and 5.

### B.    Motion to Dismiss Counts 7–12

The States assert that Wen violated various state laws in Counts 17–22 of the
TAC.  (*See* TAC ¶¶ 378–425).  By and large, the state law claims are based on the
same allegations of unfair and deceptive behavior that support the TSR claims in
Counts 1–3 and 5.  (*See id.*).  Wen argues that the States' claims in Counts 7–12 should
be dismissed for the same reason that the States' claims in Counts 1–3 and 5 should be
dismissed.  (*See* Motion at 8–10).  He contends that because Section 6103(d) of the
Telemarketing Act bars the States from bringing TSR claims, it similarly prohibits the
States from "pleading around" Section 6103(d)'s prohibition by bringing state law
claims in Counts 7–12 that are effectively identical to the TSR claims in Counts 1–3
and 5.  (*See id.*).  Because the Court has determined that Section 6103(d) does not, in
fact, bar the States' TSR claims in Counts 1–3 and 5, the Court also holds that Section
6103(d) does not bar the States' claims in Counts 17–22.

Wen additionally argues that if the Court dismisses the States' TSR claims in
Counts 1–3 and 5, it should decline to exercise its supplemental jurisdiction over the
state law claims in Counts 17–22.  (*See id.* at 10–12).  As the Court declines to dismiss
the States' TSR claims in Counts 1–3 and 5, this argument is moot.

Accordingly, the Motion to Dismiss is **DENIED** as to Counts 17–22.

### C.    Motion to Strike

Wen moves to strike several paragraphs in the TAC that claim Wen is "jointly
and severally liable" for the "refund of monies" paid by student loan borrowers to him

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 19-1998-MWF (KSx)            Date:  December 7, 2021
Title:      Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
             Center Inc. et al.

and his co-defendants.  (*See* Motion at 13–18).  Wen argues that he is not jointly and
severally liable for such amounts as a matter of law.  (*See id.*).

     As a preliminary matter, Plaintiffs correctly point out that "Rule 12(f) does not
authorize district courts to strike claims for damages on the ground that such claims are
precluded as a matter of law."  (Opposition at 11 (quoting *Whittlestone, Inc. v. Handi-
Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010))).  In response, Wen urges the Court to
treat his Rule 12(f) motion to strike as a Rule 12(b)(6) motion to dismiss.  (*See* Reply
at 12–14).  Even if the Court were to do so, the Court would not dismiss Plaintiffs'
claims that Wen is jointly and severally liable for the refund of monies received by all
the defendants.

     The Consumer Financial Protection Act of 2010 ("CFPA") authorizes the Court
to grant "any appropriate legal or equitable relief with respect to a violation of Federal
consumer financial law, including a violation of a rule or order prescribed under a
Federal consumer financial law."  12 U.S.C. § 5565(a)(1).  Wen contends that the
"equitable relief" the Court is permitted to grant for violations of the TSR cannot
include monetary compensation that exceeds his wrongful gain.  (Motion at 13–18).
He therefore asserts that (1) he cannot be held jointly and severally liable for amounts
paid to his co-defendants, and (2) he cannot be held liable for the portion of the money
paid to him that exceeds his net profits.  (*Id.*).

     In support of these assertions, Wen cites *Liu v. SEC*, 140 S. Ct. 1936 (2020).  In
*Liu*, the Supreme Court considered the bounds of "equitable relief" that a district court
can grant under the Securities Exchange Act of 1934.  *See id.* at 1940; 15 U.S.C. §
78u(d)(5) ("In any action or proceeding brought or instituted by the Commission under
any provision of the securities laws, . . . any Federal court may grant . . . any equitable
relief that may be appropriate or necessary for the benefit of investors.").  There, the
defendants had solicited foreign investment in the construction of a cancer-treatment
center and misappropriated much of the funds.  *See id.* at 1941–42.  The district court,
pursuant to Section 78u(d)(5), ordered the disgorgement of the total amount that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 19-1998-MWF (KSx)              Date:  December 7, 2021
Title:       Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
               Center Inc. et al.

defendants had raised.  *See id.* at 1942.  The Supreme Court vacated the order, holding that the equitable principles underlying Section 78u(d)(5) required the district court to deduct from the disgorgement award the portion of investment monies that were put towards legitimate business expenses.  *See id.* at 1950.  It remanded the case so that the district court could determine whether some of the defendants' expenses, including those that went towards lease payments and cancer-treatment equipment, constituted legitimate business expenses that should be deducted from the final award.  *Id.*

        Despite Wen's assertions to the contrary, the *Liu* court never decided the appropriateness of joint and several liability in that case or held that joint and several liability is never an appropriate form of equitable profits-focused relief.  Indeed, the Supreme Court explicitly acknowledged that the common law "permit[s] [collective] liability for partners engaged in concerted wrongdoing."  *Id.* at 1949.  Instead, the Supreme Court in dicta suggested that the appropriateness of joint and several liability depends on "the relationships between [the] participants and beneficiaries of [the] unlawful scheme[]."  *Id.*  Joint and several liability may be more appropriate among "equally culpable defendants" and less so in the context of "unrelated tipper-tippee arrangements."  *Id.*  Because such a determination involves a fact-based inquiry, the Court declines to decide whether it may impose joint and several liability as part of "equitable relief" at this stage of the litigation.

        It is similarly premature for the Court to decide whether it can order the refund of all the money received by Wen.  In *Liu*, the district court erred by making no allowance for the defendants' legitimate business expenses.  *Id.* at 1950.  Here, by contrast, the Court is deciding a motion to dismiss, and the Plaintiffs have not alleged that Wen or his co-defendants incurred any legitimate business expenses.  Because it is plausible that Wen and his co-defendants incurred no legitimate business expenses, the Court declines to speculate as to whether such legitimate expenses might exist.

        Accordingly, the Motion to Strike is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **SACV 19-1998-MWF (KSx)**              **Date:  December 7, 2021**
Title:       Bureau of Consumer Financial Protection et al. v. Consumer Advocacy
             Center Inc. et al.

## IV.   **CONCLUSION**

For the above reasons, the Motion to Dismiss is **DENIED** and the Motion to Strike is **DENIED**.  In light of the holidays, the Answer shall be filed on or before **January 7, 2022.**

IT IS SO ORDERED.