THE PEOPLE OF THE STATE OF CALIFORNIA
MICHAEL N. FEUER, City Attorney
JOSE A. EGURBIDE, Chief
WILFREDO R. RIVERA, Deputy Chief
CHRISTINA V. TUSAN
Supervising Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER
Deputy City Attorney (CA Bar No. 212664)
LOUISA O. KIRAKOSIAN
Deputy City Attorney (CA Bar No. 271983)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 978-8707/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / louisa.kirakosian@lacity.org
*Attorneys for Plaintiff the People of the State of California*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>        Defendants. | CASE NO. 8:19-cv-01998-MWF-KS<br><br>**PLAINTIFF PEOPLE OF THE STATE OF CALIFORNIA'S *EX PARTE* APPLICATION FOR LEAVE TO DEPOSE INMATE**<br><br>Date: May 6, 2022<br>Time: 9:00 a.m. (PDT) |

Plaintiff People of the State of California request leave of the Court to depose Defendant Kaine Wen ("Defendant") pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) because Defendant is currently confined in the custody of the Federal Correctional Institute in Sheridan, Oregon. Plaintiffs also request leave to depose Defendant by remote means with a certified court reporter authorized to

administer the oath, who will record the deposition stenographically, via telephone conference.  This request is made in accordance with Federal Rule of Civil Procedure 30(b)(4), and permitting this deposition to proceed remotely would permit this litigation to proceed expeditiously and safely.  Moreover, FCI Sheridan's current COVID-19 policy currently does not permit in person or video conference depositions.  (Declaration of Deputy City Attorney Louisa Kirakosian ("Kirakosian Decl.") at ¶ 2.)

According to the Bureau of Prisons website, Defendant Kaine Wen's (Register Number 79766-112) scheduled release date from custody is February 3, 2023. (*Id.* at ¶ 3.) Defendant's release date from custody is well after trial is set to commence in this civil action, November 1, 2022. (Dkt. 350.)  Moreover, the last day for discovery is July 1, 2022, but any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is grated. (*Id.*) These Court imposed deadlines in turn require that Plaintiffs have concluded the deposition of Defendant Wen well before July 1, 2022 in order to ensure enough time for adequate responses and to provide enough time for the stenographer to prepare the deposition transcript.  (*Id.*) As such, Plaintiffs seek leave to depose Defendant Wen on a May 6, 2022, or as soon thereafter as scheduling of the inmate's deposition permits consistent with this Court's scheduling order and upon obtaining leave of Court as requested in this *Ex Parte* Application.

Pursuant to Local Rule 7.19, counsel for Plaintiffs and counsel for Defendant Kaine Wen met and conferred on March 7, 2022.  (Kirakosian Decl.  ¶ 4.) Counsel for Defendant stated that his client objects to the *Ex Parte* Application to take his deposition because he is in custody and FCI Sheridan's current COVID-19 policy severely restricts his client's ability to prepare for the deposition.  (*Id.* at

¶ 5.)  In response to defense counsel's concerns about preparing his client, Plaintiffs proposed to send both Defendant and his counsel the exhibits in advance of the deposition to facilitate communication and ease Defendant's counsel's concerns.  (*Id.* at ¶ 6.)  Nevertheless, the parties have currently agreed to May 6, 2022, for the telephonic deposition of Defendant Kaine Wen.  (*Id.* at ¶ 7.)   As such, Plaintiff respectfully requests leave of Court to depose Defendant, on May 6, 2022, or as soon thereafter as scheduling of the inmate's deposition permits consistent with this Court's scheduling order.

This request is accompanied by a declaration from the undersigned Deputy City Attorney and a proposed order.

Dated: March 17, 2022       Respectfully submitted,

MICHAEL N. FEUER, City Attorney
ROBERT CHA, Deputy Chief
CHRISTINA V. TUSAN, Sup. Deputy City Attorney
OFFICE OF THE LOS ANGELES CITY ATTORNEY
CRIMINAL AND SPECIAL LITIGATION BRANCH

By: _____
LOUISA O. KIRAKOSIAN, Deputy City Attorney
Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF CALIFORNIA

### DECLARATION OF LOUISA O. KIRAKOSIAN, ESQ.

I, Louisa O. Kirakosian, declare under penalty of perjury of the laws of the United States and the State of California, as follows:

1.    I am a Deputy City Attorney in the Office of the City Attorney for the City of Los Angeles and one of the principal attorneys for Plaintiff, the People of the State of California ("Plaintiff" or "People"), in the above captioned action.  I am submitting this declaration in support of the People's *Ex Parte* Application Seeking Leave to Depose Defendant Kaine Wen.  I have personal knowledge of the factual matters set forth below and could testify to them competently if called as a witness.

2.    I emailed FCI Sheridan and received a response from Correctional Counselor Brian Gould that FCI Sheridan is limiting all interactions with inmates to telephonic conferences and that the facility's current COVID-19 policy does not permit in person or video conference depositions.

3.    According to the Bureau of Prisons website, Defendant Kaine Wen (Register Number 79766-112) scheduled release date from custody is February 3, 2023.

4.    Pursuant to Local Rule 7.19, I along with my co-counsel held a telephonic meet and confer with Matthew Eanet, counsel for Defendant Kaine Wen, on March 7, 2022.  Plaintiffs relayed their intent to file an *Ex Parte* Application seeking leave of court to depose Mr. Wen.

5.    During the March 7, 2022 telephonic meet and confer, counsel for Defendant stated that his client intends to object to the *Ex Parte* Application to take his deposition because Defendant is in custody and FCI Sheridan's current COVID-19 policy severely restricts his client's ability to prepare for the deposition.

6.    During the March 7, 2022 telephonic meet and confer, in response to counsel for Defendant's concerns, Plaintiffs' counsel proposed to send both Defendant and his counsel the exhibits in advance of the deposition to facilitate

4

communication and ease Defendant's counsel's concerns about his ability to prepare his client for the deposition.

7.      On March 14, 2022, counsel for Defendant confirmed by email communication to me that he was available on May 6, 2022, for the deposition, but reiterated his objections.

8.      Attached as **<u>Exhibit A</u>** to this deposition is a true and correct copy of the Notice of Deposition of Defendant Kaine Wen scheduled for May 6, 2022, which Plaintiffs intend to serve on Defendant Kaine Wen after obtaining leave of Court in connection with this *Ex Parte* Application.

I declare that the foregoing is true and correct to the best of my knowledge. Executed this 16th day of March, 2022, at Los Angeles, California.

LOUISA O. KIRAKOSIAN

DECLARATION OF LOUISA KIRAKOSIAN, ESQ.