SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (703) 642-4585
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787 / Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

*Additional Counsel for Plaintiffs Listed on Next Page

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER AS TO DEFENDANT TAS 2019 LLC**<br><br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

**\*Additional Counsel for Plaintiffs Listed Below:**

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 757-1454 / Email: evan.romanoff@ag.state.mn.us

*Attorneys for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Emails: lweaver@ncdoj.gov / mhenry@ncdoj.gov

*Attorneys for Plaintiff the State of North Carolina*

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
JOSE A. EGURBIDE, Chief Assistant City Attorney (CA Bar No. 182139)
CHRISTINA V. TUSAN, Supervising Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
MIGUEL J. RUIZ, Deputy City Attorney (CA Bar No. 240387)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 978-8707/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org

*Attorneys for Plaintiff the People of the State of California*

1   Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the

2   State of Minnesota, the State of North Carolina, and the People of the State of

3   California (collectively, Plaintiffs) commenced this civil action on October 21,

4   2019, filed an amended complaint on February 24, 2020, a second amended

5   complaint on April 20, 2021, and a third amended complaint (Third Amended

6   Complaint) on August 5, 2021, to obtain permanent injunctive relief, damages,

7   rescission or reformation of contracts, refunds of moneys paid, restitution,

8   disgorgement or compensation for unjust enrichment, civil money penalties,

9   and other monetary and equitable relief from: (1) Defendants Consumer

10  Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing

11  Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial

12  Preparation Services; TAS 2019 LLC, d/b/a Trusted Account Services; Horizon

13  Consultants LLC; First Priority LLC, d/b/a Priority Account Management;

14  Albert Kim; Kaine Wen in his individual capacity and as trustee of the Kaine

15  Wen 2017 Trust; and Tuong Nguyen; and (2) Relief Defendants Infinite

16  Management Corp., f/k/a Infinite Management Solutions Inc.; Hold the Door,

17  Corp.; TN Accounting Inc.; Mice and Men LLC; Sarah Kim; 1st Generation

18  Holdings, LLC; Anan Enterprise, Inc.; and Judy Dai in her individual capacity

19  and as trustee of the Judy Dai 2017 Trust.

20  The Third Amended Complaint alleges violations of sections 1031(a) and

21  1036(a) of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§

22  5531(a), 5536(a); the Telemarketing and Consumer Fraud and Abuse

23  Prevention Act, 15 U.S.C. § 6102(c)(2), based on alleged violations of the

24  Telemarketing Sales Rule, 16 C.F.R. pt. 310; the Minnesota Prevention of

25  Consumer Fraud Act, Minn. Stat. §§ 325F.68-.694; the Minnesota Uniform

26  Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-.48; the North Carolina

27  Debt Adjusting Act, N.C. Gen. Stat. § 14-423 *et seq.*; the North Carolina

28

Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260 *et seq.*; the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1; and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* in connection with the above-named defendants' marketing and sale of debt-relief services. The Third Amended Complaint also includes claims for avoidance of fraudulent transfers under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308, and the California Uniform Voidable Transactions Act, Cal Civ. Code §§ 3439-3439.14.

The (1) Plaintiffs and (2) Defendant TAS 2019 LLC (Settling Defendant) stipulate to the entry of a stipulated final judgment and order, lodged concurrently with this stipulation, with the following terms and provisions:

## FINDINGS

1.     This Court has jurisdiction over the parties and the subject matter of this action.

2.     Settling Defendant neither admits nor denies the allegations in the Third Amended Complaint, except as specifically stated herein. For purposes of this Order, Settling Defendant admits the facts necessary to establish the Court's jurisdiction over Settling Defendant and the subject matter of this particular action, *Bureau of Consumer Financial Protection, et al., v. Consumer Advocacy Center Inc., et al.*, Case No. 8:19-cv-01998 MWF(KS).

3.     Settling Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim Settling Defendant may have under the Equal Access to Justice Act, 28 U.S.C § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4.     Entry of this Order is in the public interest.

**DEFINITIONS**

The following definitions apply to this Order:

5.     "Affected Consumers" includes any consumer who paid or transferred funds to Settling Defendant or its officers, agents, servants, employees, or attorneys from September 1, 2019, to October 23, 2019, for or related to any Debt-Relief Service offered by Defendants.

6.     "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliverables, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts.

7.  "Assist[ing] Others" includes, but is not limited to:

    a.  consulting in any form whatsoever;

    b.  providing paralegal or administrative support services;

    c.  performing customer service functions, including but not limited to, receiving or responding to consumer complaints;

    d.  formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication or advertisement;

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**

e.  formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

f.  providing names of, or assisting in the generation of, potential customers;

g.  performing marketing, billing, or payment services of any kind; and

h.  acting or serving as an owner, officer, director, manager, or principal of any entity.

8.  "Bankruptcy Proceeding" means In re Consumer Advocacy Center Inc., Case No. 19-10655, currently pending in the United States Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division.

9.  "Bureau" means the Bureau of Consumer Financial Protection.

10.  "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term in the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to:

a.  providing financial advisory services to consumers on individual consumer financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure; and

b. engaging in deposit-taking activities, transmitting or exchanging funds, or otherwise acting as a custodian of funds or any financial instrument for use by or on behalf of a consumer.

11. "Defendants" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

a. "Corporate Defendants" means Consumer Advocacy Center Inc., True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known, including South Coast Financial Center, Direct Account Services, Financial Loan Advisors, Account Preparation Services, Administrative Financial, Tangible Savings Solutions, Coastal Shores Financial Group, First Choice Financial Centre (a/k/a First Choice Financial Center), Administrative Account Services, Primary Account Solutions, Prime Document Services, Financial Accounting Center, Doc Management Solutions, ALW Loans, Administrative Accounting Center, Best Choice Financial Center, First Document Services, Global Direct Accounting Solutions, Keystone Document Center, Pacific Palm Financial Group, Pacific Shores Advisory, Sequoia Account Management, Signature Loan Solutions, Yellowstone Account Services, ClearStudentLoanDebt, Clear Student Loan Debt, Trusted Account Services, Premier Student Loan Center, and Priority Account Management;

b. "Individual Defendants" means Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen-Ting Dai, Wen

Ting Dai, Kaine Dai, and Kaine Wen Dai, in his individual capacity and as trustee of the Kaine Wen 2017 Trust; and Tuong Nguyen, a/k/a Tom Nelson, collectively, or in any combination, and each of them by any other names by which they might be known;

c.    "Receivership Defendants" means True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns;

d.    "Relief Defendants" means:

i.    Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; and Anan Enterprise, Inc., collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known; and

ii.   Sarah Kim and Judy Dai, in her individual capacity and as trustee of the Judy Dai 2017 Trust, and any other names by which each of them might be known.

e.  "Settling Defendant" means TAS 2019 LLC, d/b/a Trusted Account Services, and its successors and assigns, and each of them by any other names by which they might be known.

12.    "Debt-Relief Service" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including but not limited to, a reduction

in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

13. "Effective Date" means the date on which this Order is entered by the Court.

14. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

15.  "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

16. "Plaintiffs" means the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California, collectively, or in any combination.

17. "Receiver" means Thomas W. McNamara.

18. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Settling Defendant based on substantially the same facts as described in the Third Amended Complaint.

## CONDUCT RELIEF

## I

## Permanent Ban on Telemarketing and Offering or Selling Debt-Relief Services

19. Settling Defendant, whether acting directly or indirectly, is permanently restrained from:

      a.    participating in telemarketing or Assisting Others engaged in telemarketing any Consumer Financial Product or Service;

      b.    participating in or Assisting Others in advertising,

marketing, promoting, offering for sale, selling, or providing any
Debt-Relief Service; and

  c. receiving any remuneration or other consideration from,
holding any ownership interest in, providing services to, or
working in any capacity for any Person engaged in or assisting in
advertising, marketing, promoting, offering for sale, selling, or
providing any Debt-Relief Service.

Nothing in this Order shall be read as an exception to this Paragraph.

## II

## Prohibited Misrepresentations and Other Conduct

  20. Settling Defendant and its officers, agents, servants, employees,
and attorneys, and all other Persons in active concert or participation with them,
who have actual notice of this Order, whether acting directly or indirectly, in
connection with the advertising, marketing, promotion, offering for sale, sale, or
performance of any Consumer Financial Product or Service, may not
misrepresent, or Assist Others in misrepresenting, expressly or impliedly:

  a. the benefits that a consumer will receive from the product or
service, including but not limited to, the amount of savings a
consumer will receive from purchasing, using, or enrolling in the
Consumer Financial Product or Service;

  b. the time required to achieve benefits from the Consumer
Financial Product or Service;

  c. any aspect of the nature or terms of a refund, cancellation,
exchange, or repurchase policy of the Consumer Financial Product
or Service, including but not limited to, the likelihood of a

consumer obtaining a full or partial refund or the circumstances in which a full or partial refund will be granted to the consumer; and

d.      the total costs or any other material term, fact, restriction, limitation, or condition of the Consumer Financial Product or Service.

## III

## State Injunctive Provisions

21.      Settling Defendant and its officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with them who receive actual notice of this Order, shall be permanently restrained and enjoined from violating:

a.      the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44;

b.      the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69; and

c.      the Minnesota Debt Settlement Services Act, Minn. Stat. § 332B.

22.      Settling Defendant and its officers, agents, servants, employees and attorneys, and those Persons in active concert or participation with them who receive actual notice of this Order, shall be permanently restrained and enjoined from violating:

a.      the North Carolina Debt Adjusting Act, N.C. Gen. Stat. § 14-423, *et seq.*;

b.      the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1; and

c.      the North Carolina Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260, *et seq.*

STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER

23.     Under the Court's inherent equitable powers and as authorized by California Business and Professions Code section 17203, this Court is empowered to "make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition . . ." Cal. Bus & Prof Code § 17203. Accordingly, Settling Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, whether acting directly or indirectly, are permanently restrained from any of the following:

      a.     violating California Business and Professions Code section 17200, *et seq.*, through unlawful, fraudulent and/or unfair acts or practices including but not limited to:

            i.     Violating California Financial Code section 12000, *et seq.*, the California Check Sellers, Bill Payers and Proraters Law, by acting as a check seller, bill payer, or prorater within the State of California without first obtaining a license from the California Commissioner of Business Oversight; and

            ii.     Violating California Financial Code section 28100, *et seq.*, the California Student Loan Servicing Act, by engaging in the business of servicing student loans in California without first obtaining a license as required under the Act.

## IV

## Customer Information

24.     Settling Defendant and its officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, may not:

      a.     disclose, use, or benefit from customer information,

including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendants obtained before the Effective Date in connection with the offering or providing of Debt-Relief Services; and

b.      attempt to collect, sell, assign, or otherwise transfer any right to collect payment from any consumer who purchased or agreed to purchase a Debt-Relief Service from any Defendant.

25.     However, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

### V

### Order to Pay Redress

26.     A judgment for monetary relief is entered in favor of Plaintiffs and against Settling Defendant. Settling Defendant is liable, jointly and severally, in the amount of $2,866,314.24, for the purpose of providing redress to Affected Consumers.

27.     Within 14 days of the Effective Date and as set forth in Paragraph 61, Settling Defendant must pay to the Bureau $2,866,314.24 in full satisfaction of the judgment as ordered in Paragraph 26 of this Section.

28.     Except as necessary to effectuate the transfers required by Paragraph 62, Settling Defendant hereby grants to the Bureau all rights and claims it has to all Assets subject to the asset freeze imposed by the Preliminary Injunction entered on November 15, 2019 (ECF 103), including all Assets that Settling Defendant has held in the name of TAS 2019 LLC at HSBC Bank, USA, NA, in account nos. ending in 3327, 0413, and 2079. Settling Defendant

shall forfeit any rights and claims to the funds in the receivership estate, including but not limited to: all funds held, obtained, or to be obtained by the Receiver since the inception of the receivership whether through this Order or otherwise.

29.    To the extent it has not already done so, Settling Defendant is ordered to transfer and relinquish to the Receiver, or to its designated agent, possession, custody, and control within 7 days of entry of this Order, unless otherwise stated, dominion and all legal and equitable right, title, and interest in all of Settling Defendant's Assets, including but not limited to all Assets that Settling Defendant has held in the name of TAS 2019 LLC at HSBC Bank, USA, NA, in account nos. ending in 3327, 0413, and 2079.

30.    Settling Defendant shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and take any other actions the Receiver deems necessary or appropriate to effect the transfers required by Paragraphs 27-29 and 61-62. All property described in Paragraph 29 shall constitute Assets of the receivership estate.

31.    Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including, but not limited to refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

32.    If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Settling Defendant will

have no right to challenge any actions that the Bureau or its representatives may take under this paragraph.

33.    Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## VI

## Order to Pay Civil Money Penalty to the Bureau

34.    Under section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Third Amended Complaint and taking into account the factors in 12 U.S.C. § 5565(c)(3), Settling Defendant must pay a civil money penalty of $1 to the Bureau. This nominal civil penalty is based on Settling Defendant's limited ability to pay.

35.    Within 10 days of the Effective Date, Settling Defendant must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

36.    The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

## VII

## Order to Pay Civil Money Penalties to the States

37.    Settling Defendant is liable to pay civil penalties in this Enforcement Action under Minn. Stat. § 8.31 in the total amount of $5,000 to the State of Minnesota, as provided in Paragraph 62.

38.    The Minnesota Attorney General will remit these funds to the general fund of the State of Minnesota pursuant to Minn. Stat. §§ 8.31 and 16A.151.

39.     Settling Defendant is liable to pay civil penalties in this Enforcement Action under N.C. Gen. Stat. § 75-15.2 in the total amount of $5,000 to the State of North Carolina, as provided in Paragraph 62.

40.     Settling Defendant is liable to pay civil penalties in this Enforcement Action under California Business and Professions Code section 17206 in the total amount of $5,000 to the People of the State of California, as provided in Paragraph 62.

## VIII

### Additional Monetary Provisions

41.     In the event of any default on Settling Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

42.     Settling Defendant relinquishes all dominion, control, and title to the funds and all other Assets transferred or paid under this Order to the fullest extent permitted by law and no part of the funds or other Assets may be returned to Settling Defendant.

43.     The facts alleged against Settling Defendant in the Third Amended Complaint will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in any bankruptcy case.

44.     The facts alleged in the Third Amended Complaint establish all elements necessary to sustain an action by the Plaintiffs under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against Settling

Defendant, even in its capacity as a debtor-in-possession.

45.     Under 31 U.S.C. § 7701, Settling Defendant, unless it has already done so, must furnish to Plaintiffs any taxpayer-identification numbers associated with it, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

46.     Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Settling Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that the Settling Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Settling Defendant may not argue that it is entitled to, nor may Settling Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Settling Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, the Settling Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

47.     Settling Defendant must treat all civil money penalties paid under this Order as a penalty paid to the government for all purposes. Regardless of

how such funds are used, Settling Defendant may not:

    a.  claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b.  seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

## IX

### Lifting of Asset Freeze

48.    The freeze on the Assets of Settling Defendant is modified to permit the payments and other transfers of Assets identified in Sections V, VI, VII and VIII of this Order. Upon completion of all payments and other obligations identified in Sections V, VI, VII and VIII of this Order, the freeze of the Settling Defendant's Assets pursuant to the Preliminary Injunction entered on November 15, 2019 (ECF 103), shall be dissolved.

## COMPLIANCE PROVISIONS

## X

### Notices

49.    Unless otherwise directed in writing by the Bureau, Settling Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB, et al., v. CAC, et al.*, Case No. 8:19-cv-01998-MWF-KS" and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

    Assistant Director for Enforcement

    Bureau of Consumer Financial Protection

    ATTENTION: Office of Enforcement

1    1700 G Street, N.W.

2    Washington, D.C. 20552

3    50.    Unless otherwise directed by a representative of the State of

4    Minnesota in writing, all submissions to the State of Minnesota pursuant to this

5    Order must be sent by overnight courier or first-class mail to the below address

6    and contemporaneously by email to evan.romanoff@ag.state.mn.us:

7    Evan Romanoff, Assistant Attorney General

8    Office of the Minnesota Attorney General

9    445 Minnesota Street, Suite 1200

10   St. Paul, Minnesota 55101

11   51.    Unless otherwise directed by a representative of the State of North

12   Carolina in writing, all submissions to the State of North Carolina pursuant to

13   this Order must be sent by overnight courier or first-class mail to the below

14   address and contemporaneously by email to lweaver@ncdoj.gov:

15   M. Lynne Weaver, Special Deputy Attorney General

16   North Carolina Department of Justice

17   114 W. Edenton Street

18   Raleigh, North Carolina 27603

19   52.    Unless otherwise directed by the State of California in writing, all

20   submissions to the State of California pursuant to this Order must be sent by

21   overnight courier or first-class mail to the below address and

22   contemporaneously by email to christina.tusan@lacity.org:

23   Christina Tusan

24   Supervising Deputy City Attorney

25   Los Angeles City Attorney's Office

26   200 N. Main Street, 5th Floor

27   Los Angeles, CA 90012

28

# XI

## Cooperation with Plaintiffs

53.     Settling Defendant must cooperate fully with Plaintiffs in this matter and in any investigation or litigation related to or associated with the conduct described in the Third Amended Complaint, including related to the Bankruptcy Proceeding. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that any Plaintiff may reasonably request upon 10 days written notice, or other reasonable notice, at such places and times as Plaintiff may designate, without the service of compulsory process.

54.     Settling Defendant must cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant and any Person who might have contact information for any Defendant. Settling Defendant must provide such information in their or their agents' possession or control within 14 days of receiving a written request from any Plaintiff.

55.     Settling Defendant must cooperate fully to help Plaintiffs determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Settling Defendant must provide such information in

its or its agents' possession or control within 14 days of receiving a written request from any Plaintiff.

## XII

## Compliance Monitoring

To monitor Settling Defendant's compliance with this Order, including the financial representations upon which part of the judgment was suspended:

56.     Within 14 days of receipt of a written request from any Plaintiff, Settling Defendant must submit any requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

57.     For purposes of this Section, Plaintiffs may communicate directly with Settling Defendant, unless Settling Defendant retains counsel related to these communications.

58.     Settling Defendant must permit Plaintiffs' representatives to interview any employee or other Person affiliated with Settling Defendant who has agreed to such an interview. The Person interviewed may have counsel present. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or any Plaintiff's use of other compulsory process.

59.     Plaintiffs are authorized by this Order to use all other lawful means, including posing, through representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice, and may record any communications that occur in the course of such contacts.

## XIII

## Receivership

60.     The receivership imposed by this Court shall continue in the manner set forth in the Preliminary Injunction issued on November 15, 2019 (ECF 103), as to all Defendants and Relief Defendants, except as modified by this Section and Section IX, and the Receiver shall continue to have the full powers of an equity receiver, as an agent of the Court, pursuant to Sections XIV and XV of the Preliminary Injunction, which shall remain in effect until further order of the Court.

61.     The Receiver shall take all necessary steps to wind down the affairs of Settling Defendant. Subject to the transfers detailed in Paragraph 62, within 14 days of entry of this Order, the Receiver shall transfer $2,866,314.24 of Settling Defendant's Assets currently maintained in the Receiver's account to the Bureau in full satisfaction of the judgment identified in Paragraph 26.

62.     Within 14 days of entry of this Order, the Receiver shall transfer $5,000 to the State of Minnesota, $5,000 to the North Carolina Attorney General, and $5,000 to the People of the State of California from the Settling Defendant's Assets maintained in the Receiver's account. These transfers shall be made to satisfy the civil money penalties to each State as set forth in Section VII.

63.     The Receiver and his representatives shall continue to be entitled to reasonable compensation for the performance of their duties pursuant to this Order from the Assets of the Receivership Defendants. The Receiver and his representatives shall not increase their hourly rates without prior approval of the Court.

## XIV

### Retention of Jurisdiction

64.     The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

1

2   SO STIPULATED AND AGREED:

3                               Respectfully submitted,

4
    Dated: March 21, 2022       By:  /s/ N. Nathan Dimock
5                               N. Nathan Dimock (D.C. Bar No. 487743)
6                               (admitted pro hac vice)
                                Enforcement Attorney
7                               1700 G Street NW
8                               Washington, DC 20552
                                Phone: (202) 435-9198
9                               Fax: (202) 435-9346
10                              Email: nathan.dimock@cfpb.gov

11                              Attorney for Plaintiff Bureau of
12                              Consumer Financial Protection

13  Dated: March 21, 2022       By: /s/ Lynne Weaver
14                              M. Lynne Weaver (N.C. Bar No. 19397)
                                (admitted pro hac vice)
15                              Special Deputy Attorney General
16                              North Carolina Department of Justice
                                114 W. Edenton St.
17                              Raleigh, NC 27603
18                              Phone: (919) 716-6039
                                Fax: (919) 716-6050
19                              Email: lweaver@ncdoj.gov

20
                                Attorney for Plaintiff
21                              State of North Carolina

22
23  Dated: March 21, 2022       By:  /s/ Evan Romanoff
                                Evan Romanoff (Atty. Reg. No.
24                              0398223)
25                              (admitted pro hac vice)
                                Assistant Attorney General
26                              445 Minnesota Street, Suite 1200
27                              St. Paul, MN 55101-2130
                                Phone: (651) 757-1454
28

23

STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER

1
2

Fax: (651) 296-7438
Email: evan.romanoff@ag.state.mn.us

3
4

*Attorney for Plaintiff*
*State of Minnesota*

5

Dated: March 21, 2022

6
7
8
9
10
11

By:  */s/ Christina Tusan*
Christina Tusan
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012
Phone: (213) 473-6908
Email: christina.tusan@lacity.org

12
13

*Attorney for Plaintiff the People of the State of California*

14
15

Dated: March 21, 2022

16
17
18
19

By:  */s/ Marc S. Williams*
Marc S. Williams
Cohen Williams LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel: 213-232-5162
mwilliams@cohen-williams.com
*Attorney for Defendant TAS 2019 LLC*

20
21
22
23

I, N. Nathan Dimock, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

24

*/s/ N. Nathan Dimock*

25

N. Nathan Dimock

26
27
28

**STIPULATION AS TO ENTRY OF FINAL JUDGMENT AND ORDER**