SARAH PREIS (D.C. Bar No. 997387)
(Admitted *pro hac vice*)
Tel.: (202) 435-9318
Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(Admitted *pro hac vice*)
Tel.: (202) 435- 9641
Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198
Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200
San Francisco, CA 94105

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>    Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO L.R. 79-5.2.2(b)**<br><br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

1

Plaintiff the Bureau of Consumer Financial Protection (Bureau) seeks leave to file materials designated by another as confidential under L.R. 79-5.2.2(b). Specifically, the Bureau anticipates filing a renewed motion seeking to hold Defendant Kaine Wen in contempt and for related relief (Renewed Contempt Motion).[1] As part of its filing, the Bureau intends to attach Exhibits 1 through 17 to the instant application (Proposed Sealed Exhibits), which include Wen's proposed redactions pursuant to Local Rule 79-5.2.2(b).[2] The Bureau also intends to incorporate into its Renewed Contempt Motion and supporting declarations certain information related to the Proposed Sealed Exhibits, including information about Wen's assets, liabilities, and asset transfers, such as details about the location, type, and amount of certain assets.

Pursuant to L.R. 79-5.2.2(b), Bureau counsel conferred with Wen "in an attempt to eliminate or minimize the need for filing under seal by means of redaction." Specifically, on March 9, March 10, and March 15, 2022, Bureau counsel sent Wen's counsel emails that included as attachments versions of the Proposed Sealed Exhibits, without any Bureau-proposed redactions. The emails requested that, to the extent that Wen asserted that the Proposed Sealed Exhibits contain material that is or should be subject to the Protective Order, ECF No. 246, and should not be filed on the public docket, that counsel mark such material for redaction consistent with Local Rule 79-5.2.2(b). On March 18 and 21, 2022, Wen's counsel returned versions of the Proposed Sealed Exhibits to Bureau counsel, with certain proposed redactions. Counsel for Wen proposed redacting certain information identified as confidential, including account, asset, and

---

[1] The Bureau filed its original motion seeking to hold Wen in contempt on January 8, 2021. *See* ECF No. 256 (sealed) and 257 (redacted).

[2] The documents have also been redacted in accordance with Rule 5.2 and Local Rule 5.2-1.

1  personal identifiers; email addresses; phone numbers; residential addresses; and
2  asset or liability values. Wen's counsel asserts that these redactions protect
3  sensitive personal and financial information. Redacted versions of the Proposed
4  Sealed Exhibits are attached as exhibits to this application and unredacted versions
5  of the Proposed Sealed Exhibits are attached as exhibits to Jesse Stewart's sealed
6  declaration in support of the instant application, with highlighting showing Wen's
7  proposed redactions.

8      The Bureau does not oppose an order that the Proposed Sealed Exhibits be
9  filed under partial seal consistent with Wen's proposed redactions. If the Court
10 rules that any portion of the Proposed Sealed Exhibits must be filed under seal, the
11 Bureau seeks leave to file its Renewed Contempt Motion under partial seal—
12 meaning that the Bureau would redact those portions of the motion and supporting
13 declarations that include the kind of information designated by the Court as
14 appropriate for sealing.

15     The Bureau therefore requests that the Court grant the instant application so
16 that the Bureau may file a public version of the Renewed Contempt Motion with
17 the proposed redactions and an unredacted version under seal.

19 Dated: March 23, 2022        Respectfully Submitted,

21         /s/ Jesse Stewart
22         Jesse Stewart (NY Bar No. 5145495)
           Admitted *pro hac vice*
23         *Attorney for Plaintiff Bureau of Consumer*
           *Financial Protection*