SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
Email: sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
Email: jesse.stewart@cfpb.gov
Tel.: (202) 435- 9641
N. NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
Email: nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW, Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200, San Francisco, CA 94105
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**NOTICE OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF**<br><br>**REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022**<br><br>Hearing: May 16, 2022, 10:00 AM<br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

1

TO THE COURT AND ALL PARTIES:

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on March 21, 2022. Plaintiff the Bureau of Consumer Financial Protection (Bureau) hereby seeks entry of an order requiring Defendant Kaine Wen to show cause as to why he should not be held in contempt and for related relief. The Court entered the *Ex Parte* Temporary Restraining Order with Appointment of Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue on October 21, 2019, (ECF No. 24), and the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief on November 15, 2019, (ECF No. 103) (collectively, Preliminary Orders). The Preliminary Orders froze Wen's assets and required him to disclose the same. The Bureau's evidence shows that Wen has concealed and transferred or dissipated significant cryptocurrency in direct violation of the Preliminary Orders.[1]

The Bureau therefore respectfully requests that the Court order:

1. Wen to show cause why he should not be held in contempt for his violations of this Court's orders.

2. Wen to transfer, to the Receiver or an account in Wen's name at a cryptocurrency exchange incorporated and headquartered in the United States, the amount of cryptocurrency that this Court concludes Wen has concealed or dissipated in violation of the asset freeze, which the Bureau asserts is at least Redacted bitcoin and Redacted ether.

3. To the extent that he has not already done so, Wen to transfer, to the Receiver or an account in Wen's name at a cryptocurrency exchange incorporated and headquartered in the United States, all other cryptocurrency assets that he

---

[1] *See* ECF No. 24 § VI(A), VIII(A); ECF No. 103 § VI(A).

2

[REDACTED] NOTICE OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY
DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

holds as of the date of this Motion, which the Bureau asserts are at least Redacted bitcoin, Redacted BitTorrent, and Redacted ether.

4. Wen to provide to the Bureau a sworn statement attesting to his compliance with item nos. 2-3 above within seven (7) business days of complying with those requirements, which statement must also identify the recipient of the transfers, including the name of the financial institution and account number to which he transferred the assets described in item nos. 2-3 to the extent those assets are not transferred to the Receiver.

5. If he fails to comply with item nos. 2-4, Wen to pay a fine of $1,000 each day to coerce his compliance. If Wen is ordered to pay a fine, he should be ordered to provide a full accounting identifying all sources of funds used to pay the fine, including the account-holder name, account number, and financial institution from which the funds derived.

On March 21, 2022, Bureau counsel spoke with Wen's counsel, Matthew Eanet, by phone to discuss the relief requested in the Bureau's Renewed Motion for an Order to Show Cause Why Defendant Wen Should Not Be Held in Contempt and for Related Relief. Counsel for Wen stated that he had not been able to speak with his client about the anticipated motion due to Wen's current incarceration, and therefore did not have Wen's position on the Renewed Contempt Motion. Counsel for Wen raised concerns about Wen's ability to comply with the Bureau's requested relief given his incarceration.

Mr. Eanet's contact information is as follows:

Matthew Eanet

Eanet, PC

550 S. Hope Street, Suite 750

Los Angeles, CA 90071

Tel: (310) 775-2495

3

[REDACTED] NOTICE OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

| | |
|---|---|
| 1 | Fax: (310) 593-2589 |
| 2 | matt@eanetpc.com |

3  This motion is supported by the accompanying memorandum of points and authorities; declarations of Pamela Clegg, Jesse Stewart, and Theresa Ridder; and the Bureau's supporting exhibits. A proposed order is attached hereto.

Dated: April 8, 2022        /s/ Jesse Stewart

Jesse Stewart (N.Y. Bar No. 5145495)
*Admitted pro hac vice*
Email: jesse.stewart@cfpb.gov
*Attorney for Plaintiff Bureau of Consumer Financial Protection*

4

[REDACTED] NOTICE OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF