| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., <br><br> Defendants. | CASE NO. 8:19-cv-01998 MWF (KS) <br><br> **[PROPOSED] ORDER ON PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF** <br><br> **REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022** <br><br> Hearing: May 16, 2022, 10:00 AM <br> Court: Hon. Michael W. Fitzgerald <br> Courtroom 5A |

Before this Court is Plaintiff the Bureau of Consumer Financial Protection's (Bureau) Renewed Motion for Order to Show Cause Why Defendant Wen Should

1

1  Not Be Held in Contempt and for Related Relief. Having considered all filings
2  related to the Bureau's motion, and there being no just cause for delay,
3        **IT IS HEREBY ORDERED** that Wen is to appear before the Court on
4  _____, 2022, at _____ to show cause why he should not be
5  held in civil contempt for failing to comply with the Temporary Restraining Order
6  (TRO) and Stipulated Preliminary Injunction (PI Order) previously entered in this
7  matter. Specifically, Wen is ordered to show cause why he should not be held in
8  contempt for concealing [Redacted] bitcoin and for transferring or dissipating
9  [Redacted] bitcoin and [Redacted] ether, in violation of sections VI(A) and VIII(A) of the
10  TRO and section VI(A) of the PI Order.
11        **IT IS FURTHER ORDERED THAT** Wen shall immediately transfer, to
12  the Receiver or an account in Wen's name at a cryptocurrency exchange
13  incorporated and headquartered in the United States, [Redacted] bitcoin and
14  [Redacted] ether (less reasonable transaction fees). These assets shall be subject to
15  the asset freeze imposed by Section VI of the PI Order and, if transferred to the
16  Receiver, the Receiver shall hold these assets for Wen pending resolution of
17  Plaintiffs' claims against Wen on the merits.
18        **IT IS FURTHER ORDERED THAT**, to the extent that he has not already
19  done so, Wen shall immediately transfer, to the Receiver or an account in Wen's
20  name at a cryptocurrency exchange incorporated and headquartered in the United
21  States, all other cryptocurrency assets that he holds or controls as of the date of this
22  Order, including at a minimum [Redacted] bitcoin, [Redacted] BitTorrent, and
23  [Redacted] ether (less reasonable transaction fees). These assets shall be subject to
24  the asset freeze imposed by Section VI of the PI Order and, if transferred to the
25  Receiver, the Receiver shall hold these assets for Wen pending resolution of
26
27
28

Plaintiffs' claims against Wen on the merits.

**IT IS FURTHER ORDERED THAT** Wen shall provide a sworn statement attesting to his compliance with the transfer requirements of this Order within seven (7) business days of complying with those requirements, which statement must also identify the recipient of the transfers, including the name of the financial institution and account number to which he transferred the assets to the extent that those assets are not transferred to the Receiver.

**IT IS FURTHER ORDERED THAT** if Wen otherwise complies with this Order and notifies the Court of such compliance before the show-cause hearing date, the hearing shall be taken off the calendar.

DATED: _____     _____

                                               Michael W. Fitzgerald

                                               United States District Judge