# Exhibit No. 2

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., <br><br> Defendants. | CASE NO. 8:19-cv-01998 MWF <br><br> **DECLARATION OF JESSE STEWART IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF** <br><br> Court: Hon. Michael W. Fitzgerald <br> Courtroom 5A |

I, Jesse Stewart, pursuant to 28 U.S.C. § 1746, hereby state and declare that I have personal knowledge of the facts as set forth below. If called as a witness, I could and would testify as follows:

1. I am a citizen of the United States and am over eighteen (18) years of age. I am employed as a Senior Litigation Counsel with the Bureau of Consumer Financial Protection (Bureau) in the Office of Enforcement. My mailing address is 1700 G Street NW, Washington, DC 20522. I am an attorney for the Bureau as Plaintiff in the above captioned case, appearing *pro hac vice*.

2. This declaration is submitted in support of Plaintiff's Renewed Motion for Order to Show Cause Why Defendant Wen Should Not Be Held in Contempt and for Related Relief (Renewed Contempt Motion).

3. By letter dated November 4, 2019, then-counsel for Defendant Kaine Wen submitted his financial disclosure statement (Original Financial Statement) to the Bureau pursuant to Section VIII, Paragraph A, of the Court's *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of Receiver, and

Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (TRO) (ECF No. 24). **Exhibit 4** is a true and accurate copy of the November 4 letter and the Original Financial Statement (not including attachments).

4. On or about September 18, 2020, during a telephone call with Matthew Eanet, current counsel for Mr. Wen, Bureau counsel asked that Mr. Wen amend his Original Financial Statement.

5. By emails to Mr. Eanet dated October 1 and 5, 2020, Bureau counsel again requested that Mr. Wen amend his Original Financial Statement. **Exhibit 5** contains true and accurate copies of the October 1 and 5, 2020 emails.

6. By letter dated November 19, 2020, Bureau counsel asked Mr. Eanet to confirm Mr. Wen's compliance with the asset freeze and requested additional information about Mr. Wen's Redacted. **Exhibit 6** is a true and accurate copy of the November 19, 2020 letter (not including attachment).

7. On December 18, 2020, Mr. Wen submitted to the Bureau an amended financial statement under the TRO. The amended financial statement is dated December 17, 2020. **Exhibit 7** is a true and accurate copy of the amended financial statement dated December 17, 2020.

8. On March 1, 2021, Mr. Wen filed under seal a further amendment to his December 17, 2021 amended financial statement. *See* ECF No. 275-1. For ease of reference, **Exhibit 8** is a true and accurate copy of the amended financial statement dated March 1, 2021 (not including attachments).

9. On March 30, 2021, Mr. Wen submitted to the Bureau his response to the Court's March 16, 2021 Order (ECF No. 277) (Disclosure Order) requiring that Mr. Wen provide the Bureau with certain information about his cryptocurrency holdings and transactions. **Exhibit 9** is a true and accurate copy of Mr. Wen's response to the Disclosure Order.

10. On March 9, 2022, Bureau counsel emailed counsel for Mr. Wen, requesting his availability to meet and confer about the Bureau's anticipated Renewed Contempt Motion. The March 9 email noted that the Bureau was considering asserting that Mr. Wen concealed and dissipated bitcoin and ether cryptocurrency since entry of the TRO. The March 9 email identified each bitcoin address and the Bitmex.com account where the Bureau asserted Mr. Wen was concealing bitcoin upon entry of the TRO, totaling about [Redacted] bitcoin. The email also noted that the Bureau anticipated asserting that Mr. Wen dissipated about [Redacted] bitcoin, through the Bitmex.com account, and about [Redacted] ether. The email noted that the Bureau was considering requesting that Mr. Wen turn all cryptocurrency over to the Receiver or place it in a third-party cryptocurrency exchange account in his name, pending resolution of the litigation.

11. On March 21, 2022, Bureau counsel met and conferred with counsel for Mr. Wen pursuant to Local Rule 7-3. Counsel for Mr. Wen stated that he had not been able to speak with his client about the anticipated motion due to Mr. Wen's current incarceration, and therefore did not have Mr. Wen's position on the Renewed Contempt Motion. Counsel for Mr. Wen raised concerns about Mr. Wen's ability to comply with the Bureau's requested relief given his incarceration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 8, 2022                    /s/ Jesse Stewart
                                             Jesse Stewart
                                             Silver Spring, Maryland