# Exhibit No. 4

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020



2049 CENTURY PARK EAST SUITE 2300 LOS ANGELES, CA 90067
T 310.229.9900 F 310.229.9901 www.Venable.com

November 4, 2019

Witt W. Chang

T 310.229.0366
F 310.229.9901
WWChang@venable.com

**BY OVERNIGHT DELIVERY**
Sarah Preis
Jesse Stewart
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552

> Re: *Bureau of Consumer Financial Protection, et al., v. Consumer Advocacy Center Inc., et al.*, U.S.D.C., Central District of California, Southern Division, Case No. 8:19-cv-01998-JVS(JDEx) – Financial Disclosures

Dear Ms. Preis and Mr. Stewart,

As a follow up to my November 1, 2019 email production, and pursuant to your request, please find enclosed hard copies of the financial disclosures for the following:

- True Count Staffing Inc.;
- Prime Consulting LLC;
- Kaine Wen;
- Albert Kim;
- Infinite Management Corp.; and
- Hold The Door, Corp.

With respect to each of these financial disclosures, due to the asset freeze imposed by the TRO and defendants' lack of access to their bank accounts, statements, and financial information, each defendant has completed these disclosures to the best of its/his ability, and any errors or omissions would be inadvertent and not purposeful.

Very truly yours,

Witt W. Chang

WWC:rlr
Enclosures
cc:    Allyson B. Baker (By Email)
       Gerald S. Sachs (By Email)

## Attachment A

### Individual Financial Statement

**Instructions**:

1      Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2      "Dependents" include your live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3      "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.

4      Attach continuation pages as needed. On the financial disclosure form, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5      Type or print legibly.

6      Initial each page in the space provided in the lower right corner.

7      Sign and date the completed financial disclosure form on the last page.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person in any:

(a) "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully {1} falsifies, conceals or covers up by any trick, scheme, or device a material fact; (2) makes any false, fictitious or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

<div align="right">

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

</div>

(3) "(...statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information...knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or loss. 18 U.S.C. § 3571.

2

Initials KW

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

## BACKGROUND INFORMATION

**Item 1.  Information About You**

Your Full Name ___KAINE WEN_____ Social Security No.
___Redacted_ 3143___

Place of Birth ___TAIWAN_____ Date of Birth ___Redacted_,1977_ Drivers License
No. _Redacted_____

Current Address _Redacted_____ _CA_ Redacted___ From
(Date) _SEP|2014___

Rent or Own? _RENT___ Telephone No. _Redacted___ 8290_____ Facsimile No.
_NONE_____

E-Mail Address _Redacted_____ @ g mail. com____ Internet Home Page
_NONE_____

Previous Addresses for past five years:

Address _____ Rent or Own? _____
From/Until_____

Address _____ Rent or Own? _____
From/Until_____

Identify any other name(s) and/or social security number(s) you have used, and the time
period(s) during which they were

used _WEN-TING DAI (Redacted/1977- AUG/2011), KAINE DAI (SEP/1995 - AUG/2011)_
_____

Marital Status:  _SINGLE_____ (i.e., Married, Single, Divorced, Widowed,
Separated)

3

Initials _KW_

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

**Item 2.  Information About Your Spouse or Live-In Companion**

Spouse/Companion's Name _NONE_____ Social Security No. _____

Place of Birth _____ Date of Birth _____

Identify any other name(s) and/or social security number(s) your spouse/companion has used, and the time period(s) during

which they were used
_____

Address (if different from yours)
_____

From (Date) _____ Rent or Own?_____ Telephone No._____

Employer's Name and Address
_____

Job Title _____ Years in Present Job _____ Annual Gross Salary/Wages $_____

**Item 3.  Information About Your Previous Spouse**

Previous Spouse's Name & Address
_NONE_____

_____ Social Security No. _____ Date of Birth _____

4

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

**Item 4.** **Contact Information**

Name & Address of Nearest Living Relative or Friend

_JUDY DAI_ (MOTHER)

<span style="color:red">Redacted</span>

<span style="color:red">Redacted</span>  _CA_  <span style="color:red">Redacted</span>  Telephone No.

<span style="color:red">Redacted</span>  _5015_

**Item 5.** **Information About Dependents Who Live With You**

Name  _NONE_  Date of Birth

Relationship  Social Security No.

Name  Date of Birth

Relationship  Social Security No.

Name  Date of Birth

Relationship  Social Security No.

**Item 6.** **Information About Dependents Who Do Not Live With You**

Name & Address
NONE

Date of Birth  Relationship  Social Security No.

5  Initials KW

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. No. 4
P. 118

Name Address

_____

_____

Date of Birth _____ Relationship _____ Social Security
No._____

Name & Address

_____

_____

Date of Birth _____ Relationship _____ Social Security
No._____

**Item 7.** **Employment Information**  PLEASE SEE ATTACHED SUPPLEMENTAL INFORMATION.

Provide the following information for this year-to-date and for each of the previous five full
years, for each company of which you were a director, officer, employee, agent, contractor,
participant or consultant at any time during that period. "Income" includes, but is not limited to,
any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or
other benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or
loan payments) received by you or anyone else on your behalf.

Company Name & Address

_____

Dates Employed: From (Month/Year) _____ To (Month/Year)
_____

Positions Held with Beginning and Ending Dates
_____

Income Received: This year-to-date: $_____ :
$_____

20____ : $_____ :
$_____

6

Initials K W

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

_____ : $_____ :
$_____

**Company Name & Address**

_____

Dates Employed: From (Month/Year) _____ To (Month/Year)
_____

**Positions Held with Beginning and Ending Dates**

_____

Income Received: This year-to-date: $_____ :
$_____

20____ : $_____ :
$_____

_____ : $_____ :
$_____

**Company Name & Address**

_____

Dates Employed: From (Month/Year) _____ To (Month/Year)
_____

**Positions Held with Beginning and Ending Dates**

_____

Income Received: This year-to-date: $_____ :
$_____

20____ : $_____ :
$_____

7

Initials $\underline{Kw}$

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

_____ :   $ _____ :
$ _____

## Item 8.  Pending Lawsuits Filed by You or Your Spouse

List all pending lawsuits that have been filed by you or your spouse in court or before an administrative agency.
(List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address
_NONE_____

Court's Name & Address
_____

Docket No. _____ Relief Requested _____ Nature of Lawsuit
_____

_____ Status
_____

## Item 9.  Pending Lawsuits Filed Against You or Your Spouse

List all pending lawsuits that have been filed against you or your spouse in court or before an administrative agency.
(List lawsuits that resulted in final judgments or settlements in Items 16 and 25).

Opposing Party's Name & Address
_NONE_____

Court's Name & Address
_____

Docket No. _____ Relief Requested _____ Nature of Lawsuit
_____

_____ Status
_____

8

Initials _KU_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]



9

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

**Item 10.  Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your
spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any
of your dependents.  On a separate page, describe the contents of each box.

Owner's Name                Name & Address of Depository Institution                    Box
No.

_NONE_        _____    _____

_____    _____

_____    _____

**Item 11.  Business Interests**

List all businesses for which you, your spouse, or your dependents are an officer or director.

Business' Name & Address   TRUE COUNT STAFFING INC
_8 HUGHES, #200   IRVINE, CA 92618_____

Business Format (e.g., corporation) _S-CORP (CA)_____   Description of Business
_CUSTOMER SERVICE AND BILLING SERVICES_

_____ Position(s) Held, and By Whom
_MANAGING MEMBER_____

Business' Name & Address  HOLD THE DOOR CORP
_777 E SIERRA MADRE AVE    AZUSA, CA 91702_____

Business Format (e.g., corporation) _S-CORP (CA)_____   Description of Business
_CONSULTING SERVICES_

_____ Position(s) Held, and By Whom
_OWNER_____

Business' Name & Address
10                                                    Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

PREMIER STUDENT LOANS INC

Business Format (e.g., corporation) __CORP (CA)_____Description of Business
__MARKETING SERVICES__

_____ Position(s) Held, and By Whom
__OWNER_____

11

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include ALL assets and liabilities, located within
the United States or elsewhere, whether held individually or jointly.**

### Item 12. Cash, Bank, and Money Market Accounts

List cash and all bank and money market accounts, including but not limited to, checking
accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your
dependents, or held by others for the benefit of you, your spouse, or your dependents. The term
"cash" includes currency and uncashed checks.

Cash on Hand $ _____0_____ Cash Held For Your Benefit
$ _0_____

Name on Account   Name & Address of Financial Institution        Account No.
    Current Balance

_NONE  (SEE ITEM 30)_____
_____$_____

_____
_____$_____

_____
_____$_____

_____
_____$_____

_____
_____$_____

_____
_____$_____

12                                               Initials _KW_

                                                        Att. A
                                                 To Proposed TRO
                                           [Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

## Item 13. U.S. Government Securities

List all U.S. Government securities, including but not limited to, savings bonds, treasury bills, and treasury notes, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Name on Account  Type of Obligation                    Security Amount      Maturity
Date  _NONE_____      $_____

_____                                   $_____

_____

_____                                   $_____

_____

## Item 14. Publicly Traded Securities and Loans Secured by Them

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Issuer  _NONE_____  Type of Security _____ No. of
Units Owned _____

Name on Security _____ Current Fair Market Value $_____ Loan(s) Against
Security $_____

Broker House,  Address _____ Broker
Account No. _____

13

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

<u>Item 15</u>.  **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Business Format ___NONE_____ Business' Name &
Address_____

_____

Ownership % _____

Owner (e.g., self, spouse)_____ Current Fair Market Value
$_____

<u>Item 16</u>.  **Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents**

List all monetary judgments or settlements owed to you, your spouse, or your dependents.

Opposing Party's Name &
Address___NONE_____

Court's Name & Address _____

Docket No. _____ Nature of Lawsuit _____

Date of Judgment _____ Amount $_____

<u>Item 17</u>.  **Other Amounts Owed to You, Your Spouse, or Your Dependents**

List all other amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No.
14                                                              Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

_NONE_ _____

Original Amount Owed $_____ Current Amount Owed $_____ Monthly
Payment $_____

### Item 18.  Life Insurance Policies

List all life insurance policies held by you, your spouse, or your dependents.

Insurance Company's Name, Address, & Telephone
No. _NONE_ _____

Insured _____ Beneficiary _____ Face Value
$_____

Policy No. _____ Loans Against Policy $_____ Surrender Value
$_____

Insurance Company's Name, Address, & Telephone
No._____

Insured _____ Beneficiary _____ Face Value
$_____

Policy No. _____ Loans Against Policy $_____ Surrender Value
$_____

15

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

<u>Item 19</u>.  **Deferred Income Arrangements**

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, and other retirement accounts, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Name on Account _____NONE_____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No._____

Account No. _____ Surrender Value $ _____

Name on Account _____ Type of Plan _____ Date Established _____

Trustee or Administrator's Name, Address & Telephone No._____

Account No. _____ Surrender Value $ _____

<u>Item 20</u>.  **Personal Property**  *PLEASE SEE ATTACHED SUPPLEMENTAL INFORMATION.*

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| _____ | _____ | _____ | $_____ | $_____ |
| _____ | _____ | _____ | $_____ | $_____ |

16                                                            Initials _KW_

<div align="right">

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

</div>

_____  _____  _____ $_____ $_____

_____  _____  _____ $_____ $_____

_____  _____  _____ $_____ $_____

## Item 21. Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

*PLEASE SEE ATTACHED SUPPLEMENTAL INFORMATION*

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Vehicle Type _____ Make _____ Model
_____ Year _____

Registered Owner's Name _____ Registration State &
No._____

Address of Vehicle's Location
_____

Purchase Price $_____ Current Value $_____ Account/Loan
No._____

Lender's Name and
Address_____

—

Original Loan Amount $_____ Current Loan Balance $_____ Monthly
Payment $_____

Mileage _____ Current condition of car _____ Purchase
date _____

Vehicle Type _____ Make _____ Model
17                                                        Initials KW

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

_____ Year _____

Registered Owner's Name _____ Registration State & No.
_____

Address of Vehicle's Location
_____

Purchase Price $_____ Current Value $_____ Account/Loan
No._____

Lender's Name and
Address_____
—

Original Loan Amount $_____ Current Loan Balance $_____ Monthly
Payment $_____

Mileage _____ Current condition of car _____ Purchase
date _____

**Item 22. Real Property**

List all real estate held by you, your spouse, or your dependents, or held by others for the
benefit of you, your spouse, or your dependents.

Type of Property _NONE_____ Property's
Location_____

Name(s) on Title and Ownership
Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value
$_____

Basis of Valuation_____ Loan or Account
No._____

18                                                      Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

Lender's Name and
Address_____

–

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance
$_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent
Received $_____

Type of Property_____ Property's
Location_____

Name(s) on Title and Ownership
Percentages_____

Acquisition Date_____ Purchase Price $_____ Current Value
$_____

Basis of Valuation_____ Loan or Account
No._____

Lender's Name and
Address_____

–

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance
$_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent
Received $_____

19                                                        Initials $KW$

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

<u>Item 23.  Other Assets</u>

List all other assets not identified above, held by you, your spouse, or your dependents, including but not limited to, patents, and other intellectual property, and cryptocurrency and other virtual currencies.

| Description | Location | Acquisition | |
|---|---|---|---|
| Current | | Cost | Value |

NONE

$_____ $_____

$_____ $_____

$_____ $_____

$_____ $_____

$_____ $_____

<u>Item 24.  Credit Cards</u>

List each credit card held by you, your spouse, or your dependents.  Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| VISA | Redacted | 4705 KAINE WEN | | |

↓Redacted     (as of 11/1/2019)                    $_____

$_____

20

PLEASE SEE ATTACHED CREDIT REPORTS FOR
ADDITIONAL (UNUSED) CREDIT CARDS.

Initials KW

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

## Item 25.  Taxes Payable

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| INCOME | $ UNKNOWN | |
| 2019 | | |
| | $ | |
| | $ | |
| | $ | |

## Item 26.  Judgments or Settlements Owed

List all judgments or settlements owed by you, your spouse, or your dependents.

21                                                    Initials KW

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Opposing Party's Name &
Address __NONE_____

Court's Name & Address_____

Docket No._____ Nature of Lawsuit_____

Date_____ Amount $_____

## Item 27. Other Loans and Liabilities

List all other loans or liabilities in your, your spouse's, or your dependents' names.

Name & Address of Lender/Creditor Redacted
Redacted                                CA  Redacted

Nature of Liability __PERSONAL LOAN , UNSECURED___ Name(s) on
Liability __KAINE WEN_____

Date of Liability __10/25/2019____ Amount Borrowed $ Redacted____ Current
Balance $ Redacted_____

Payment Amount $ __TBD_____ Frequency of Payment __TBD_____

Name & Address of Lender/Creditor
_____

Nature of Liability_____ Name(s) on
Liability_____

Date of Liability_____ Amount Borrowed $_____ Current
Balance $_____

Payment Amount $_____ Frequency of Payment_____

22                                            Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

23

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

## OTHER FINANCIAL INFORMATION

**Item 28.** **Tax Returns**   PLEASE SEE 2016, 2017, AND 2018 TAX RETURNS ATTACHED.

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. Provide a copy of each signed tax return that was filed during the last three years, including amendments (if any).

| Tax Year Expected | Name(s) on Return | Refund |
|---|---|---|
| | | $ |
| $ | | |
| $ | | |

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

24

<u>**Item 29.**</u>  **Applications for Credit**

List all applications for bank loans or other extensions of credit that you, your spouse, or your dependents have submitted within the last two years.  Provide a copy of each application, including all attachments.

Name(s) on Application        Name & Address of Lender

_NONE_

<u>**Item 30.**</u>  **Trusts and Escrows**

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.  Provide copies of all executed trust documents.  *I AM UNABLE TO LOCATE TRUST DOCUMENTS AT THIS MOMENT, BUT I WILL SUPPLEMENT IF I AM ABLE.*

| Trustee or Escrow Agent's Name & Address | Date Established | Grantor | Beneficiaries | Present Market Value of Assets |
|---|---|---|---|---|
| _KAINE WEN 2017 TRUST_ | | Redacted | Redacted | Redacted Redacted |
| $_Redacted_ | | | | |
| _KAINE WEN 2017 TRUST_ | | Redacted | Redacted | Redacted |
| $_Redacted_ | | | | |
| $_____ | | | | |
| $_____ | | | | |

25                                                        Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

$ _____

**Item 31.  Transfers of Assets**    *PLEASE SEE ATTACHED SUPPLEMENTAL INFORMATION*

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer.  For each such person, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property of Transfer | Aggregate Transferred Value | Transfer Date | Type (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | | $ _____ | | |
| _____ | | | | |
| _____ | | $ _____ | | |
| _____ | | | | |
| _____ | | $ _____ | | |
| _____ | | | | |
| _____ | | $ _____ | | |
| _____ | | | | |
| _____ | | $ _____ | | |
| _____ | | | | |

**Item 32.  Foreign Assets and Liabilities**

In any location outside of the United States, do you, or your spouse, or your dependents have any of the following:

Do you, your spouse, or your dependents have, in any location outside of the United States, any assets not otherwise identified in this disclosure (including, but not limited to real estate, bank accounts, investments, or other financial products)?

26                                                            Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Yes/No

Do you, your spouse or your dependents have, in any location outside of the United States, any liabilities not otherwise identified in this disclosure (including, but not limited to liens, credit card debt or other financial obligations)?

Yes/No

If yes, to any of the above, please separately list below each asset and liability category, their location, the acquisition cost and current value. Please include a copy of all Reports of Foreign Bank and Financial Accounts (FBAR) filings.

| Asset Category Current | Asset Location | Acquisition | |
|---|---|---|---|
| | | Cost | Value |
| $_____ $_____ | | | |
| $_____ $_____ | | | |
| $_____ $_____ | | | |
| $_____ $_____ | | | |

| Liability Category Current | Liability Location | Acquisition | |
|---|---|---|---|
| | | Cost | Value |
| $_____ $_____ | | | |
| $_____ $_____ | | | |

27

Initials KW

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

$_____ $_____

$_____ $_____

## Item 33.  Foreign Positions

Do you, your spouse, or your dependents hold any corporate office or partnership in any entity located outside the United States? Yes/No

Are you, your spouse, or your dependents the trustee of any trust or similar entity outside the United States? Yes/No

If yes to any of the above, please separately list below the name of the entity or trust, the country under which such entity or trust is organized and your position with such entity or trust. Please include a copy of all organizing documents for each such corporation, partnership or trust.

Name of Entity or Trust          Country

_____    _____

_____    _____

## Item 34.  Credit Report

Provide a copy of you and your spouse's most recent credit report, within the last 60 days upon receipt of this form, from a credit bureau.

## SUMMARY FINANCIAL SCHEDULES

## Item 35.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| ASSETS | | LIABILITIES | |
|--------|--|-------------|--|
| Cash on Hand (Item | | Credit Cards (Item 23) | |

28                                                        Initials KW

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

| 12) | | | |
|---|---|---|---|
| Cash in Financial Institutions (Item 12) | O | Motor Vehicles - Liens (Item 21) | Redacted |
| U.S. Government Securities (Item 13) | O | Real Property - Encumbrances (Item 22) | O |
| Publicly Traded Securities (Item 14) | O | Loans Against Publicly Traded Securities (Item 14) | O |
| Other Business Interests (Item 15) | O | Taxes Payable (Item 24) | UNKNOWN |
| Judgments or Settlements Owed to You (Item 16) | O | Judgments or Settlements Owed (Item 25) | O |
| Other Amounts Owed to You (Item 17) | O | CREDIT CARDS | Redacted |
| Surrender Value of Life Insurance (Item 18) | O | Other Loans and Liabilities (Item 26) | Redacted |
| Deferred Income Arrangements (Item 19) | O | | |
| Personal Property (Item 20) | UNKNOWN | Other Liabilities (Itemize): | |
| Motor Vehicles (Item 21) | Redacted | | |
| Real Property (Item 22) | O | | |
| | | | |
| Other Assets (Itemize): | O | | |

29

Initials _KU_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

30

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

**Item 36.  Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**   *PLEASE SEE ATTACHED SUPPLEMENTAL INFORMATION.*

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

31

Initials *KW*

**Att. A**
**To Proposed TRO**
**[Filed Under Temporary Seal]**

| INCOME | | EXPENSES | |
|---|---|---|---|
| Salary – After Taxes | $_____ | Mortgage Payments for Residence(s) | $_____ |
| Fees, Commissions, and Royalties | $_____ | Property Taxes for Residence(s) | $_____ |
| Interest | $_____ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $_____ |
| Dividends and Capital Gains | $_____ | Car or Other Vehicle Lease or Loan Payments | $_____ |
| Gross Rental Income | $_____ | Food Expenses | $_____ |
| Profits from Sole Proprietorships | $_____ | Clothing Expenses | $_____ |
| Distributions from Partnerships, S-Corporations, and LLCs | $_____ | Utilities | $_____ |
| Distributions from Trusts and Estates | $_____ | Medical Expenses, Including Insurance | $_____ |
| Distributions from Deferred Income Arrangements | $_____ | Other Insurance Premiums | $_____ |
| Social Security Payments | $_____ | Other Transportation Expenses | $_____ |
| Alimony/Child Support Received | $_____ | Other Household Expenses | $_____ |
| Gambling Income | $_____ | Other Expenses (Itemize) | |
| Other Income (Itemize) | | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| _____ | $_____ | _____ | $_____ |
| Total Income | $_____ | Total Expenses | $_____ |

32

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

## ATTACHMENTS

### Item 37. Documents Attached to this Financial Disclosure Form

Indicate whether the below documents are being submitted with the financial disclosure form.

Item No. Document        Description of Document
Relates To

| Item No. | Document Description | |
|----------|---------------------|---|
| Item 27. | Tax Returns | Yes/No |
| Item 28. | Applications of Credit | Yes/No |
| Item 31. | Reports of Foreign Bank & Financial Account Filings | Yes/No |
| Item 32. | Credit Report | Yes/No |

List any other documents and forms as well as the item number, in the financial form, the document relates to and a description of the document.

Item No. Document              Description of Document
Relates To

7, 20, 21, 31, 36

_SUPPLEMENTAL INFORMATION_

**WARNING:**

33

Initials _KW_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

I am submitting this financial disclosure form with the understanding that it may affect action by the Bureau of Consumer Financial Protection or a federal court. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I further declare that I have no assets, owned either directly or indirectly (including owned by my spouse or dependents), or income of any nature other than as shown in, or attached to, this statement. I understand that the Bureau of Consumer Financial Protection is a federal agency and that this financial disclosure form is being submitted in connection with a matter within its jurisdiction. I understand that a false, fictitious, or fraudulent statement or representation on this form, or the concealment of any material fact is a violation of Federal law and could result in criminal prosecution, and significant civil penalties. I understand that a false statement is punishable under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.

Executed on:

__11/1/2019__

(Date)

Signature

✱ DUE TO THE CURRENT CIRCUMSTANCES WHEREBY THE GOVERNMENT HAS ON ONE HAND FROZEN ALL OF MY ASSETS AND LOCKED ME OUT OF VIRTUALLY ALL OF MY BANK ACCOUNTS, STATEMENTS, AND FINANCIAL INFORMATION AND AT THE SAME TIME DEMANDED THAT I FILL OUT FORMS ATTESTING TO EVERYTHING TO WHICH THEY HAVE PROHIBITED ACCESS, I HAVE COMPLETED THESE FORMS TO THE BEST OF MY ABILITY, AND ANY ERRORS OR OMISSIONS ARE INADVERTENT AND NOT PURPOSEFUL

34

Initials _kw_

Att. A
To Proposed TRO
[Filed Under Temporary Seal]

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Item 7.

*Please see attached individual tax returns to confirm income received from each company.*

Mr. Pink Collections LLC
(No current address)
2011 through 2016
Member
(No Income Received)

Consumer Advocacy Center Inc.
173 Technology Dr, Ste 202
Irvine, CA 92618
2015 through 2018
Consultant
(See Tax Returns)

True Count Staffing Inc
777 E Sierra Madre Ave
Azusa, CA 91702
Feb/2017 through Current
Managing Member
(No Income Received. However, I received payment as a Consultant of Hold The Door Corp who was hired or contracted by True Count Staffing Inc.)

Hold the Door Corp
777 E Sierra Madre Ave
Azusa, CA 91702
Jan/2017 through Current
Owner/Consultant
2019 –

# Redacted

In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health, supplies, etc.

2018 –

# Redacted

In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health, supplies, etc.

2017 – # Redacted

In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health, supplies, etc.

Think Logica, LLC
(No current address)
2014 through 2018
Member
2018 – Redacted

# Redacted

2017 – (See Tax Returns)

Premier Student Loans Inc.
(No current address)
Jan/2017 through Current
Owner
(No Income Received)

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

## Item 20.

*Due to the present circumstances, I am unable to access my complete banking transaction history and do not want to speculate on this form as to acquisition cost or current value. Notwithstanding that, I am disclosing the below-stated assets to the best of my knowledge.*

- Redacted

- Redacted

- Redacted

## Item 21.

Car lease
# Redacted

CA, VIN # Redacted       4193
Redacted
Redacted CA Redacted
Redacted  monthly lease payment
12/26/2020 end of lease term

Car lease
# Redacted

CA, VIN # Redacted       7276
Redacted
Redacted       CA Redacted
Redacted  monthly lease payment
09/01/2020 end of lease term

Car
# Redacted

CA, VIN # Redacted       2471
Redacted
Redacted       CA Redacted
Purchase Price: $63,000
Current Value: approximately Redacted (from Kelly Blue Book)
Mileage: ~15,000
Purchase Date: 04/12/2019

Car
Toyota, Prius Plug-In, 2014
(Sold in Mar/2019)

Item 31.

*Due to the current circumstances, I am unable to access my complete banking transaction history and do not want to speculate on this form. All transfers of funds for any amount will be shown in my bank records.*

*Notwithstanding the TRO, many of these bank accounts were previously closed and I no longer have access to the information.*

*Further, notwithstanding the above, I am disclosing the transfers below that do not relate to any of the conduct at issue in this matter.*

Redacted
Redacted
Redacted
02/05/2018
Redacted
Type of Transfer: Redacted
Redacted

Redacted
Redacted
Redacted
08/20/2019
Redacted
Redacted
Type of Transfer: Redacted
Redacted
Redacted

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Item 36.

Income – $0.00 (No Income Received. However, I received payment as a Consultant
of Hold The Door Corp who was hired or contracted by True Count Staffing Inc.)

Expenses:
      Rent – Redacted
      Car Lease Redacted – Redacted
      Car Lease Redacted       – Redacted
      Food Expenses – Redacted
      Utilities – Redacted
      Health Insurance – Redacted
      Healthcare Costs (services) – Redacted
      Healthcare Costs (supplements) – Redacted
      Healthcare Costs (treatments) – Redacted
      Auto Insurance – Redacted
      Groceries and Household Supplies – Redacted
      Student Loan Payment – Redacted
      = Redacted
      x 6 months
= Redacted

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

# Exhibit No. 5

| From: | Stewart, Jesse (CFPB) |
|---|---|
| To: | Matthew Eanet |
| Cc: | Dimock, Nathan (CFPB); Patterson, Jehan (CFPB); Christina Tusan; Romanoff, Evan; Weaver, Lynne; Rebecca Morse; William Pletcher; Preis, Sarah (CFPB) |
| Subject: | RE: CFPB v. CAC - follow-up |
| Date: | Monday, October 05, 2020 6:13:10 PM |

Hello Matt,

Thank you for your message.  On our call on September 18, I said that we had identified additional transfers involving Kaine Wen and            Redacted
      Redacted        Mr. Wen is in the best position to understand the nature of those transactions and determine where any such transfers should be listed on his financial disclosure.  To the extent that there is any additional information required by the financial disclosure form that has not been provided, please include that on Mr. Wen's amended disclosure.  For example, I would expect that the disclosure would accurately reveal all income and assets Mr. Wen received from the enterprise.  Also, please provide a copy of the Kaine Wen 2017 Trust agreement with the amended disclosure, as requested on the form.

With respect to your request for responses to subpoenas issued by the Bureau in this matter, our position has not changed since Sarah's July 22, 2020 email. Once a protective order is in place, we will respond to your request for those materials as soon as we are able.  As you likely have noticed, most of the subpoenas the Bureau has issued do not name Mr. Wen or accounts owned by Mr. Wen. The only production we have received in response to a request for an account Mr. Wen owns or owned is from   Redacted    We presume that Mr. Wen has access to information about his Redacted account, particularly given that he provided information related to this account to former counsel for Judy Dai, who shared it with the Bureau.  Thus, this issue should not delay Mr. Wen in submitting his amended financial disclosure, which we ask that you provide as soon as possible given that more than three weeks have now passed since we requested that he amend his disclosure.

I look forward to speaking with you on Wednesday.

Sincerely,

Jesse

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any attachments.  An inadvertent disclosure is not intended to waive any privileges.

**From:** Matthew Eanet <matt@eanetpc.com>
**Sent:** Thursday, October 01, 2020 1:05 PM
**To:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>
**Cc:** Dimock, Nathan (CFPB) <Neve.Dimock@cfpb.gov>; Patterson, Jehan (CFPB) <Jehan.Patterson@cfpb.gov>; Christina Tusan <christina.tusan@lacity.org>; Romanoff, Evan <Evan.Romanoff@ag.state.mn.us>; Weaver, Lynne <lweaver@ncdoj.gov>; Rebecca Morse <rebecca.morse@lacity.org>; William Pletcher <william.pletcher@lacity.org>
**Subject:** RE: CFPB v. CAC - follow-up

CAUTION: This email originated from a non-government domain. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-435-7200 or

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020      Ex. No. 5
P. 155

report a suspicious email.

Jesse,

Thank you for following up.

I was actually planning to write to you today to update you that Mr. Wen is still working on preparing individual amended disclosures as you requested.  (My understanding from our discussion is that you were seeking amendments to Item 31, but if there are additional items you believe require amendment, please let me know that. )  Because the request spans several years, this is taking some time and he is working on preparing them.

To facilitate that, I am again requesting that we be provided with the documents you have received in response to subpoenas issued in this action. Among other things, I expect that providing us with these documents (some of which Mr. Wen may not have access to) will facilitate him providing the information requested.  Previously, there was an unwillingness to provide us with copies of the subpoenaed records (electronic is fine of course)  but my hope is that perhaps this position has changed.  Please let me know—I am happy to provide an upload link as well for the files.

Regarding your email below about a further discussion on settlement, I am of course open to that.  I am open on Monday after 11 AM PST or Tuesday between 9:30 AM and 12pm if one of those times works?

**Sincerely,**

**Matthew Eanet**

**EANET, PC**
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
**T: (310) 775-2495│F: (310) 593-2589**
*eanetpc.com*
matt@eanetpc.com

***Download vCard***

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521.  If you are not the intended recipient, do not read, distribute, or reproduce this transmission.  If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.
Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.
Thank you in advance for your cooperation.

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

*Eanet, PC*

---

**From:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>
**Sent:** Thursday, October 1, 2020 9:52 AM
**To:** Matthew Eanet <matt@eanetpc.com>
**Cc:** Dimock, Nathan (CFPB) <Neve.Dimock@cfpb.gov>; Patterson, Jehan (CFPB) <Jehan.Patterson@cfpb.gov>; Christina Tusan <christina.tusan@lacity.org>; Romanoff, Evan <Evan.Romanoff@ag.state.mn.us>; Weaver, Lynne <lweaver@ncdoj.gov>; Rebecca Morse <rebecca.morse@lacity.org>; William Pletcher <william.pletcher@lacity.org>
**Subject:** [External] CFPB v. CAC - follow-up

Hello Matt,

When we spoke with you on September 18, you indicated that you would speak with your client and follow up with us about amending Mr. Wen's financial disclosures.  Please let us know when you plan to provide the amended disclosures.  Also, there are several items related to settlement that we are prepared to further discuss.  Please let us know your availability on Monday or Tuesday of next week for a call.

We are reviewing the draft protective order that you circulated yesterday but it may be several days before we are able to follow up on that.

Thank you,

Jesse

Jesse Stewart
Enforcement Attorney
Consumer Financial Protection Bureau
Office: (202) 435-9641 | Mobile: (202) 430-0628

**consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any attachments.  An inadvertent disclosure is not intended to waive any privileges.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

# Exhibit No. 6



1700 G Street, NW
Washington, DC 20552

November 19, 2020

Via Email

Matthew Eanet, Esq.
Eanet PC
550 South Hope Street, Suite 750
Los Angeles, CA 90071
matt@eanetpc.com

Re:   *CFPB, et al., v. CAC, et al.*, 8:19-cv-01998 (MWF) – Defendant Kaine Wen

Dear Mr. Eanet:

This letter responds to certain issues raised in your letter dated November 7, 2020. We are very concerned that Mr. Wen has not fully complied with the financial disclosure requirements of the Temporary Restraining Order (TRO) and Preliminary Injunction (PI) in this matter. Thus, and as set forth in the attached subpoena, we are issuing document and interrogatory requests under Section XXVIII of the PI. If we determine that Mr. Wen has failed to comply with the TRO or PI and has not cured any violation, we will consider moving to hold Mr. Wen in contempt. And such conduct may affect Mr. Wen's liability for civil money penalties under 12 U.S.C. § 5565(c).

It appears that Mr. Wen failed to disclose approximately           Redacted           in violation of Section VIII, Paragraph A, of the TRO. That provision required Mr. Wen to complete and submit a sworn financial disclosure form (FDF) within three business days of service of the TRO in October 2019. Item 23 of the FDF required Mr. Wen to list all virtual currency assets, including    Redacted    Your November 7, 2020 letter included an unsworn statement from Mr. Wen that tor the first time listed         Redacted      Redacted    To date, no explanation has been provided for Mr. Wen's failure to disclose these assets for more than a year, and it remains unclear whether Mr. Wen has complied and will comply with the asset freeze imposed by Section VI of the TRO and PI with respect to the     Redacted      Indeed, it appears Mr. Wen disclosed these assets in response to questions from the Bureau about          Redacted   Redacted account in 2018. Thus, it appears that Mr. Wen has materially misrepresented his assets on the FDF and has yet to provide a sworn statement to correct Item 23.

Please immediately confirm whether Mr. Wen has complied and intends to comply fully with the asset freeze. If he has not, please explain in detail. Further, as requested in the attached subpoena, please immediately identify and fully describe how the approximately

**consumerfinance.gov**

Redacted
Redacted

Mr. Wen apparently also failed to disclose certain transfers at Item 31 of the FDF. In your November 7 letter, you assert that Item 31 of the FDF does not require Mr. Wen to list "other transfers" to the extent that the transfer is one where Mr. Wen "has incurred a legal obligation to pay," such as "payments for services, repayment of loans, payments for goods, and the like." But the plain language of the FDF does not make this distinction between voluntary and obligatory transfers. Further, your invocation of the interpretive canon *ejusdem generis* is unpersuasive. To the extent relevant to interpretation of the FDF, the canon applies only where language is ambiguous.[1] You identify nothing ambiguous about "other transfers." Indeed, it would be illogical for Item 31 to require Mr. Wen to list transfers by sale where he is the seller, but not where he is the purchaser. In any event, the TRO and PI clearly required Mr. Wen to provide a sworn statement of "all payments, transfers, or assignments of any Assets worth $5,000 or more since January 1, 2015."[2] Hence, Mr. Wen's recent unsworn amendments to his FDF show that he has improperly failed to disclose hundreds of thousands of dollars in asset transfers.

Finally, in a footnote to your November 7 letter, you assert that you have requested that Plaintiffs provide copies of documents produced to them in response to subpoenas "but to date [Plaintiffs] have refused to provide them, notwithstanding FRCP 45 and the 2013 Committee Note thereto." This assertion is inaccurate. The Bureau agreed to provide these materials upon entry of a protective order in this matter and the Bureau has waited months for your responses to draft orders we have circulated. As you know, on July 27, 2020, Plaintiffs circulated a proposed protective order to all counsel. You did not respond to our proposal until September 29, 2020. After you proposed changes to the original version, Plaintiffs circulated the most recent version of a draft protective order to counsel for approval on October 15, 2020. It was not until November 12, 2020, that you indicated that you did not have any edits to this draft.

Please do not hesitate to contact me with any questions.

Sincerely,

Jesse Stewart
Enforcement Attorney

---

[1] *Mason v. United States*, 260 U.S. 545, 554 (1923) (*ejusdem generis* is "to be resorted to only as an aid to the ascertainment of the meaning of doubtful words and phrases, and not to control or limit their meaning contrary to the true intent").

[2] *See* Section VIII(D).

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

# Exhibit No. 7

<u>AMENDED AND CORRECTED INDIVIDUAL FINANCIAL STATEMENT (as of November 1, 2019)</u>

<u>BACKGROUND INFORMATION</u>

<u>Item 1.  Information About You</u>

Your Full Name: **Kaine Wen**
Social Security No.: Redacted**3143**
Place of Birth: Redacted
Date of Birth: Redacted**1977**
Drivers License No.: Redacted
Current Address: Redacted                          **CA** Redacted
From (Date): **Sep/2014**
Rent or Own?: **Rent**
Telephone No.: Redacted
Facsimile No.: **N/A**
E-Mail Address: Redacted
Internet Homepage: **N/A**

Previous Addresses for past five years: **N/A**

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used: **Wen-Ting Dai (**Redacted**/1977 - Aug/2011), Kaine Dai (Sep/1995 - Aug/2011)**

Marital Status: **Single**

<u>Item 2.  Information About Your Spouse or Live-In Companion</u>

**N/A**

<u>Item 3.  Information About Your Previous Spouse</u>

**N/A**

<u>Item 4.  Contact Information</u>

Name & Address of Nearing Living Relative or Friend: **Judy Dai,** Redacted
Redacted          **CA** Redacted
Telephone No.: Redacted

<u>Item 5.  Information About Dependents Who Live With You</u>

**N/A**

**CONFIDENTIAL**

1

<u>Item 6.  Information About Dependents Who Live With You</u>

**N/A**

<u>Item 7.  Employment Information</u>

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

Company Name & Address: **True Count Staffing Inc, 777 E Sierra Madre Ave, Azusa, CA 91702**
Dates Employed: From (Month/Year): **Feb/2017** To (Month/Year): **Oct/2019**
Positions Held with Beginning and End Dates: **Managing Member**
Income Received: This year-to-date (2019): **I may have received income from True Count Staffing Inc in 2019 but do not have access to True Count Staffing Inc's records to determine this.  However, I received payment as a Consultant of Hold The Door Corp who was hired or contracted by True Count Staffing Inc.**
Income Received: 2017-2018: **Please see tax returns.**

Company Name & Address: **Hold the Door Corp, 8 Hughes, #200, Irvine, CA 92618**
Dates Employed: From (Month/Year): **Jan/2017** To (Month/Year): **Oct/2019**
Positions Held with Beginning and End Dates: **Owner/Consultant**
Income Received: This year-to-date (2019): Redacted
    Redacted
    Redacted
    Redacted
    Redacted
    Redacted
**In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health supplies, etc.  Please also see tax returns.**
Income Received: 2018: Redacted
    Redacted
    Redacted
    Redacted
    Redacted
**In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health supplies, etc.  Please also see tax returns.**
Income Received: 2017: Redacted
    Redacted

**CONFIDENTIAL**

2

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. No. 7
P. 163

<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>

**In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health supplies, etc.  Please also see tax returns.**

Company Name & Address: **Consumer Advocacy Center Inc, 173 Technology Dr, Ste 202, Irvine, CA 92618**
Dates Employed: From (Month/Year): **2015** To (Month/Year): **2018**
Positions Held with Beginning and End Dates: **Consultant**
Income Received: This year-to-date (2019) **N/A**
Income Received: 2015-2018: **Please see tax returns.**

Company Name & Address: **Premier Student Loans Inc, no current address**
Dates Employed: From (Month/Year): **Jan/2017** To (Month/Year): **Current**
Positions Held with Beginning and End Dates: **Owner**
Income Received: This year-to-date (2019): <span style="color:red">Redact</span>
Income Received: 2017-2018: <span style="color:red">Redact</span>

Company Name & Address: **Think Logica, LLC, no current address**
Dates Employed: From (Month/Year): **2014** To (Month/Year): **2018**
Positions Held with Beginning and End Dates: **Member**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2018: <span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
Income Received: 2017: **Please see tax returns.**
Income Received: 2014-2016: **Please see tax returns.**

Company Name & Address: **Stone Law Group PC, no current address**
Dates Employed: From (Month/Year): **Aug/2014** To (Month/Year): **Jul/2015**
Positions Held with Beginning and End Dates: **Owner**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2014-2015: **Please see tax returns.**

Company Name & Address: **Belly Laugh Productions, no current address**
Dates Employed: From (Month/Year): **Feb/2014** To (Month/Year): **Aug/2015**
Positions Held with Beginning and End Dates: **Owner**
Income Received: This year-to-date(2019): **N/A**
Income Received: 2014-2015: **Please see tax returns.**

Company Name & Address: **FPML Real Estate Investment LLC, no current address**

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Dates Employed: From (Month/Year): **Aug/2009** To (Month/Year): **Jul/2015**
Positions Held with Beginning and End Dates: **Member**
Income Received: This year-to-date(2019): **N/A**
Income Received: 2014-2015: **Please see tax returns.**


Company Name & Address: **Mr. Pink Collections LLC, no current address**
Dates Employed: From (Month/Year): **Mar/2011** To (Month/Year): **2015**
Positions Held with Beginning and End Dates: **Member**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2014-2015: <sup>Redacte</sup>


Company Name & Address: **King's International Investment Group LLC, no current address**
Dates Employed: From (Month/Year): **Nov/2010** To (Month/Year): **2015**
Positions Held with Beginning and End Dates: **Member**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2014-2015: <sup>Redacte</sup>


***Please see attached or previously provided individual tax returns to confirm income received from each company.  The information provided is my best estimate given my limited access to records.***

Item 8.  Pending Lawsuits Filed by You or Your Spouse

**N/A**

Item 9.  Pending Lawsuits Filed Against You or Your Spouse

**N/A, except for this action.**

Item 10.  Safe Deposit Boxes

**N/A**

Item 11.  Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

Business' Name & Address: **True Count Staffing Inc, 8 Hughes, #200, Irvine, CA 92618**
Business Format (e.g., corporation): **S-Corp (CA)**
Description of Business: **Document Processing, Customer Service, and Billing Services**
Position(s) Held, and By Whom: **Managing Member, Kaine Wen**

Business' Name & Address: **Hold the Door Corp, 777 E Sierra Madre Ave, Azusa, CA 91702**
Business Format (e.g., corporation): **S-Corp (CA)**

<div align="center">CONFIDENTIAL</div>

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Description of Business: **Consulting Services**
Position(s) Held, and By Whom: **Owner, Kaine Wen**

Business' Name & Address: **Premier Student Loans Inc, 173 Technology Dr, Ste 202, Irvine, CA 92618**
Business Format (e.g., corporation): **Corp (CA)**
Description of Business: **N/A**
Position(s) Held, and By Whom: **Owner, Kaine Wen**

<u>FINANCIAL INFORMATION: ASSETS AND LIABILITIES</u>

<u>Item 12.  Cash, Bank, and Money Market Accounts</u>

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand: <sup style="color:red">Redacte</sup>
Cash Held for Your Benefit: <sup style="color:red">Redacte</sup>

Name on Account: **N/A (see Item 30)**
Name & Address of Financial Institution: **N/A (see Item 30)**
Account No.: **N/A (see Item 30)**
Current Balance: **N/A (see Item 30)**

<u>Item 13.  U.S. Government Securities</u>

**N/A**

<u>Item 14.  Publicly Traded Securities and Loans Secured by Them</u>

**N/A**

<u>Item 15.  Other Business Interests</u>

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Business Format: **LLC (WY)**
Business' Name & Address: **Mice and Men LLC, 30 N Gould St, Ste R, Sheridan, WY 82801**

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ownership %: **100**
Owner (e.g., self, spouse): **Judy Dai, nominal owner, for the benefit of Kaine Wen**
Current Fair Market Value $: **Unknown**

Business Format: **S-Corp (CA)**
Business' Name & Address: **True Count Staffing Inc, 8 Hughes, #200, Irvine, CA 92618**
Ownership %: **100**
Owner (e.g., self, spouse): **Self**
Current Fair Market Value $: **Unknown**

Business Format: **S-Corp (CA)**
Business' Name & Address: **Hold the Door Corp, 777 E Sierra Madre Ave, Azusa, CA 91702**
Ownership %: **100**
Owner (e.g., self, spouse): **Self**
Current Fair Market Value $: **Unknown**

Business Format: **Corp (CA)**
Business' Name & Address: **Premier Student Loans Inc, 173 Technology Dr, Ste 202, Irvine, CA 92618**
Ownership %: **100**
Owner (e.g., self, spouse): **Self**
Current Fair Market Value $: **Unknown**

Item 16.  Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

**N/A**

Item 17.  Other Amounts Owed to You, Your Spouse, or Your Dependents

Redacted
Redacted
Redacted
Redacted
Redacted
Redacted
Redacted

Item 18.  Life Insurance Policies

Redacted
Redacted
Redacted
Redacted

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Item 19.  Deferred Income Arrangements

**N/A**

Item 20.  Personal Property

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Property Category (e.g., artwork, jewelry): **Used Furniture**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

**CONFIDENTIAL**

7

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. No. 7
P. 169

Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Property Category (e.g., artwork, jewelry): **Used Household Goods**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted

**CONFIDENTIAL**

9

Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Minimal**

Property Category (e.g., artwork, jewelry): **Used Appliances**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Used Computer Equipment**

**CONFIDENTIAL**

10

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Used Home Electronics**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

**CONFIDENTIAL**

11

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Used Vehicle Electronics**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Used Personal Electronics**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Minimal**

Property Category (e.g., artwork, jewelry): **Artwork**

Description: <span style="color:red">Redacted</span>

**CONFIDENTIAL**

12

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. No. 7
P. 173

Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Property Category (e.g., artwork, jewelry): **Watches**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>

**CONFIDENTIAL**

13

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Jewelry**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Gift from great grandmother approximately 20 years ago**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Gift from mother approximately 20 years ago**
Current Value: **Minimal**

Item 21.  Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Vehicle Type: **Car (lease)**
Redacted
Redacted
Redacted
Redacted
Registration State & No.: **CA, VIN #** Redacted **4193**
Address of Vehicle's Location: Redacted **CA** <sup>Redacted</sup>
Purchase Price $: **N/A**
Current Value $: **N/A**
Account/Loan No.: **N/A**
Lender's Name and Address: **N/A**
Original Loan Amount $: **N/A**
Current Loan Balance $: **N/A**

**CONFIDENTIAL**

14

Ex. No. 7
P. 175

Monthly Payment $: Redacted **(lease ends 12/28/2020)**
Mileage: **N/A**
Current condition of car: **Used**
Purchase date: **N/A**

Vehicle Type: **Car (lease)**
Redacted
Redacted
Redacted
Registered Owner's Name: Redacted
Registration State & No.: **CA, VIN** Redacted          **7276**
Address of Vehicle's Location: Redacted                                   **CA** Redacted
Purchase Price $: **N/A**
Current Value $: **N/A**
Account/Loan No.: **N/A**
Lender's Name and Address: **N/A**
Original Loan Amount $: **N/A**
Current Loan Balance $: **N/A**
Monthly Payment $: Redacted **(lease ends 09/01/2020)**
Mileage: **N/A**
Current condition of car: **Used**
Purchase date: **N/A**

Vehicle Type: **Car**
Redacted
Redacted
Redacted
Registered Owner's Name: **Judy Dai**
Registration State & No.: **CA, VIN #** Redacted          **2471**
Address of Vehicle's Location: Redacted                                   **CA** Redacted
Purchase Price $: **63,000**
Current Value $: **Approximately** Redacted **per Kelley Blue Book**
Account/Loan No.: **N/A**
Lender's Name and Address: **N/A**
Original Loan Amount $: **N/A**
Current Loan Balance $: **N/A**
Monthly Payment $: **0**
Mileage: **Approximately 15,000 miles**
Current condition of car: **Used**
Purchase date: **04/12/2019**

<u>Item 22.  Real Property</u>

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

**N/A**

Item 23.  Other Assets

List all other assets not identified above, held by you, your spouse, or your dependents, including but not limited to, patents, and other intellectual property, and cryptocurrency and other virtual currencies.

Description: Redacted
Location: Redacted
Acquisition Cost: **Unknown**
Current Value (as of Nov. 1, 2019): Redacted

Description: Redacted
Redacted          Redacted Redacted
Location: Redacted
Acquisition Cost: **Unknown**
Current Value (as of Nov. 1, 2019): Redacted

*The above referenced* Redacted *was not acquired with funds derived, directly or indirectly, from the Student Loan Debt Relief Business that is the subject of this action.*

*I am unable to more fully answer this question due to the unstructured nature and volume of transactions during the relevant period, lack of available documentation, records, or information, and the volatility of* Redacted

Item 24.  Credit Cards

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

Name of Credit Card (e.g., Visa, MasterCard, Department Store): **Visa**
Account No.: Redacted          **4705**
Name(s) on Current Account: **Kaine Wen**
Account Balance: Redacted    **as of 10/30/2019**
Minimum Monthly Payment: **Unknown**

*Please see attached or previously provided credit reports for additional credit cards.*

Item 25.  Taxes Payable

**CONFIDENTIAL**

16

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your
dependents.

Type of Tax: **Income**
Amount Owed $: **Unknown**
Year Incurred: **2019**

Item 26.  Judgments or Settlements Owed

**N/A**

Item 27.  Other Loans and Liabilities

List all other loans or liabilities in your, your spouse's, or your dependents' names.

Name & Address of Lender/Creditor: Redacted
Nature of Liability: **Unsecured Personal Loan**
Name(s) on Liability: **Kaine Wen**
Date of Liability: **Approximately 10/25/2019**
Amount Borrowed: Redacted
Current Balance: Redacted
Payment Amount $: **TBD**
Frequency of Payment: **TBD**

Name & Address of Lender/Creditor: **American Education Services, P.O. Box 2461, Harrisburg,
PA 17105-2461**
Nature of Liability: **Consolidated Student Loans**
Name(s) on Liability: **Kaine Wen**
Date of Liability: **2004**
Amount Borrowed: Redacted
Current Balance: Redacted
Payment Amount $: Redacted
Frequency of Payment: **Monthly**

Name & Address of Lender/Creditor: Redacted Redacted
Redacted
Nature of Liability: Redacted
Name(s) on Liability: **Kaine Wen**
Date of Liability: **2018**
Amount Borrowed: Redacted
Current Balance: Redacted
Redacted
Payment Amount $: **N/A**
Frequency of Payment: **N/A**

**CONFIDENTIAL**

17

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

<u>OTHER FINANCIAL INFORMATION</u>

<u>Item 28.  Tax Returns</u>

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. Provide a copy of each signed tax return that was filed during the last three years, including amendments (if any).

Tax Year:
Name(s) on Return:
Refund Expected $:

***Please see 2016, 2017, and 2018 tax returns attached or previously provided.***

<u>Item 29.  Applications for Credit</u>

**N/A**

<u>Item 30.  Trusts and Escrows</u>

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. Provide copies of all executed trust documents.

Trustee or Escrow Agent's Name & Address: Redacted
Redacted
Date Established: **Aug/2019**
Grantor: **Unknown**
Beneficiaries: **Unknown**
Present Market Value of Assets $: Redacted

Trustee or Escrow Agent's Name & Address: Redacted
Redacted
Date Established: **Jun/2018**
Grantor: **Unknown**
Beneficiaries: **Unknown**
Present Market Value of Assets $: Redacted

<u>Item 31.  Transfers of Assets</u>

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

**CONFIDENTIAL**

18

Transferee's Name, Address, & Relationship: Redacted
Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **Nov 2016 - Jan 2018**
Type of Transfer (e.g., Loan, Gift): **Gift**

Transferee's Name, Address, & Relationship: Redacted
Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **02/05/2018**
Type of Transfer (e.g., Loan, Gift): **Gift** Redacted
Redacted
Redacted

Transferee's Name, Address, & Relationship: Redacted
Redacted
Property Transferred: Redacted
Aggregate Value: Redacted
Transfer Date: **08/20/2019**
Type of Transfer (e.g., Loan, Gift): **Gift** Redacted
Redacted
Redacted

Transferee's Name, Address, & Relationship: Redacted                    Redacted **Address Unknown, Friends**
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **Nov 2016 - Dec 2017**
Type of Transfer (e.g., Loan, Gift): **Other - Advancements on behalf of** Redacted

Transferee's Name, Address, & Relationship: Redacted
Redacted
Property Transferred: **USD**
Aggregate Value  Redacted
Transfer Date: **Jan 2017 - Feb 2017**
Type of Transfer (e.g., Loan, Gift): **Loan**

Transferee's Name, Address, & Relationship: Redacted          **Current Address Unknown**
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **Mar 2017 - Apr 2017**

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Type of Transfer (e.g., Loan, Gift): **Other - On behalf of** Redacted

Transferee's Name, Address, & Relationship: Redacted
**Current Address Unknown**
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **Mar 2017 - Feb 2018**
Type of Transfer (e.g., Loan, Gift): **Other - On behalf of** Redacted

Type of Transfer (e.g., Loan, Gift): **Payments**

Transferee's Name, Address, & Relationship: Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Type of Payment: **Rent**
Transfer Date(s): **Nov 2016 - May 2017**

Transferee's Name: Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Type of Payment: **Repayment of Loans and/or Transfer to Personal S-Corp**
Transfer Date(s): **Jan 2017 - Oct 2017, Oct 2018 - Apr 2019**

Transferee's Name: Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Type of Payment: **Repayment of Loan**
Transfer Date(s): **Mar 2017**

Transferee's Name: Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Type of Payment: **Payment - On behalf of** Redacted
Transfer Date(s): **Nov 2016 - Feb 2018**

Transferee's Name: Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Type of Payment: **Payment - Credit Card**
Transfer Date(s): **Oct 2016 - Jan 2017**

Transferee's Name: Redacted
Property Transferred: **USD**
Aggregate Value: Redacted

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. No. 7
P. 181

Type of Payment: **Payment - Credit Card**
Transfer Date(s): **Nov 2016 - Dec 2016**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Repayment of Student Loan Debt**
Transfer Date(s): **Nov 2016 - Oct 2019**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Legal Matter**
Transfer Date(s): **Jul 2017 - Sep 2017**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Legal Expenses**
Transfer Date(s): **04/07/2017**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Legal Expenses**
Transfer Date(s): **12/19/2018**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Taxes**
Transfer Date(s): **Apr 2018 - Sep 2019**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Vehicle**
Transfer Date(s): **Nov 2016 - Mar 2017**

<div align="center">Type of Transfer (e.g., Loan, Gift): <b>Investments</b></div>

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>

<div align="center"><b>CONFIDENTIAL</b></div>

<div align="center">21</div>

Type of Payment: **Investment**
Transfer Date(s): **Nov 2017 - Feb 2018**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Investment**
Transfer Date(s): **06/26/2018**

Transferee's Name: <span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>

*I am unable to more fully answer this question due to the unstructured nature and volume of transfers during the relevant period and lack of available documentation, records, or information.*

*I conducted many online transfers during the relevant period, in addition to those listed, including* <span style="color:red">Redacted</span> *transfers.  I do not have possession or access to sufficient documentation, records, or information relating to those transfers, I do not know if any such documentation ever existed or still exists, and because of the unstructured nature and volume of transactions involved, I cannot reconstruct them from my memory.*

*I am providing herewith copies of the bank statements that I have been able to obtain covering the relevant period, which may reflect transfers in addition to those listed above.*

Item 32.  Foreign Assets and Liabilities

**N/A**

Item 33.  Foreign Positions

**N/A**

Item 34.  Credit Report

**TransUnion and Equifax credit reports attached or previously provided.**

SUMMARY FINANCIAL SCHEDULES

Item 35.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

**CONFIDENTIAL**

22

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. No. 7
P. 183

ASSETS

        Cash on Hand (Item 12): **$0**

        Cash in Financial Institutions (Item 12): **$0**

        U.S. Government Securities (Item 13): **$0**

        Publicly Traded Securities (Item 14): **$0**

        Other Business Interests (Item 15): **Unknown**

        Judgments or Settlements Owed to You (Item 16): **$0**

        Other Amounts Owed to You (Item 17): Unknown, **$0**

        Surrender Value of Life Insurance (Item 18): **$0**

        Deferred Income Arrangements (Item 19): **$0**

        Personal Property (Item 20): **Unknown**

        Motor Vehicles (Item 21): Redacted

        Real Property (Item 22): **$0**

        Other Assets (Itemize): Redacted

**(Item 23)**

LIABILITIES

        Credit Cards (Item 23): Redacted            **(Item 24)**

        Motor Vehicles - Liens (Item 21): Redacted

Redacted

        Real Property - Encumbrances (Item 22): **$0**

        Loans Against Publicly Traded Securities (Item 14): **$0**

        Taxes Payable (Item 24): **Unknown (Item 25)**

        Judgments or Settlements Owed (Item 25): **$0**

        Other Loans and Liabilities (Item 26): **Unknown, approximately** Redacted     **(Item 27)**

        Other Liabilities (Itemize): **Unknown**

<u>Item 36.  Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months</u>

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

INCOME

        Salary - After Taxes, Fees, Commissions, and Royalties: Redacte

        Interest: Redacte

        Dividends and Capital Gains: Redacte

        Gross Rental Income: Redacte

        Profits from Sole Proprietorships: Redacte

        Distributions from Partnerships, S-Corporations, and LLCs: Redacte

        Distributions from Trusts and Estates: Redacte

        Distributions from Deferred Income Arrangements: Redacte

        Social Security Payments: Redacte

**CONFIDENTIAL**

23

Alimony/Child Support Received: Redacted
Gambling Income: Redacted
Other Income (Itemize): Redacted
Total Income: Redacted

EXPENSES

Mortgage Payments for Residence(s): Redacted
Property Taxes for Residence(s): Redacted
Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance: Redacted
Car or Other Vehicle Lease or Loan Payments: Redacted
Food Expenses: **Approximately** Redacted
Clothing Expenses: **Approximately** Redacted
Utilities: Redacted
Medical Expenses, Including Insurance: **Approximately** Redacted
Other Insurance Premiums: Redacted
Other Transportation Expenses: **Approximately** Redacted
Other Household Expenses: **Approximately** Redacted
Other Expenses (Itemize): **Student Loan Payments:** Redacted  **Taxes:** Redacted
Total Expenses: **Approximately** Redacted

*These are the average monthly expenses paid personally during the six month period prior to Nov 1, 2019, as best I have been able to determine.*

ATTACHMENTS

Item 37.  Documents Attached to this Financial Disclosure Form

Item 27. Tax Returns: **Yes (previously provided)**
Item 28. Applications of Credit: **No**
Item 31. Reports of Foreign Bank & Financial Account Filings: **No**
Item 32. Credit Reports: **Yes (previously provided)**

**CONFIDENTIAL**

24

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. No. 7
P. 185

*I have completed this form to the best of my ability based on my limited access to financial and other records.  Although I have signed it on the date listed below, the information is provided as of November 1, 2019, the date of my original Individual Financial Disclosure Form.*

*I am submitting this Amended and Corrected Financial Disclosure Form with the understanding that it may affect action by the Bureau of Consumer Financial Protection or a federal court.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I further declare that I have no assets, owned either directly or indirectly (including owned by my spouse or dependents), or income of any nature other than as shown in, or attached to, this statement.  I understand that the Bureau of Consumer Financial Protection is a federal agency and that this financial disclosure form is being submitted in connection with a matter within its jurisdiction.  I understand that a false, fictitious, or fraudulent statement or representation on this form, or the concealment of any material fact is a violation of Federal law and could result in criminal prosecution, and significant civil penalties.  I understand that a false statement is punishable under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.*

**Executed on:**

12/17/2020
_____

**(Date)**

_____

**Signature**

**CONFIDENTIAL**

25

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ex. No. 7
P. 186

# Exhibit No. 8

**KAINE WEN'S SUPPLEMENT TO AMENDED AND CORRECTED INDIVIDUAL FINANCIAL STATEMENT, ITEMS 23 AND 31 CONCERNING CRYPTOCURRENCY**

**SUPPLEMENT TO ITEM 23:**

| Description | Location | Acquisition Cost | Current Value (as of Oct. 25, 2019) |
|---|---|---|---|
| REDACTED | Online Cryptocurrency Wallet held by 大海 ("Sea")[2] | Derived from initial investments of REDACTED in 2014[3] | Between approximately REDACTED |
| REDACTED | Bittrex Online Exchange | Derived from initial investments of REDACTED in 2014[6] | Between approximately REDACTED REDACTED |
| REDACTED | Bittrex Online Exchange | Free[9] | Between approximately REDACTED |
| REDACTED<br><br>Sea (see Item 27 in Amended and Corrected Individual Financial Statement)[11] | Binance Online Exchange | N/A | Between approximately REDACTED |

**SUPPLEMENT TO ITEM 31:**

| Transferee's Name | Property Transferred | Aggregate Value | Type of Transfer | Transfer Date(s) |
|---|---|---|---|---|
| 大海 ("Sea")<br><br>Longtime Friend<br><br>Street Address Unknown | REDACTED | US Dollar Value Varied[13] | Other Transfer[14] | Multiple transactions between approximately April 2017 and January 2018[15] |

CONFIDENTIAL-FILED UNDER SEAL

Exhibit 10 Page1

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

---

[1] This description is based upon the best of my recollection; I lack any records that would allow me to provide a more precise description at this time. The Ethereum was not acquired with funds derived, directly or indirectly, from the Student Loan Debt Relief Business or otherwise related to the conduct that is the subject of this CFPB action.

[2] Sea has been a friend of mine for more than a decade. He resides in both Mainland China and Macau. I transferred the Ethereum to him in a series of transactions occurring between approximately April 2017 and January 2018. *See* Footnote 14 for additional information. I do not have access to this online cryptocurrency wallet nor records relating to it. Besides being held by Sea, I do not have any further information concerning the location of this cryptocurrency.

[3] I earned the REDACTED prior to March 2014. I deposited REDACTED in March 2014 and REDACTED in September 2014 to the Bitstamp online exchange. I used these funds to purchase approximately 307 Bitcoin through dozens of transactions on the Bitstamp online exchange. Thereafter, I deposited almost all of my Bitcoin to the Poloniex online exchange. Between March 2017 and September 2017, I converted almost all of my Bitcoin to Ethereum on the Poloniex online exchange through literally hundreds of transactions. Attached hereto is a log of my transactions on the Poloniex online exchange that I downloaded from the Poloniex website https://www.poloniex.com/

[4] Based on publicly available data from Yahoo Finance, indicating that as of October 25, 2019 the value of 1 Ethereum varied between REDACTED .

[5] The Monero was not acquired with funds derived, directly or indirectly, from the Student Loan Debt Relief Business or otherwise related to the conduct that is the subject of this CFPB action.

[6] In December 2017, I converted a small portion of my Bitcoin to Monero on the Bittrex online exchange. Attached hereto is a log of my transactions on the Bittrex online exchange that I downloaded from the Bittrex website https://bittrex.com/

[7] Based on publicly available data from Yahoo Finance, indicating that as of October 25, 2019 the value of 1 Monero varied between REDACTED .

[8] The Lumen was not acquired with funds derived, directly or indirectly, from the Student Loan Debt Relief Business or otherwise related to the conduct that is the subject of this CFPB action.

[9] I received the Lumens as a free Airdrop cryptocurrency.

[10] Based on publicly available data from Yahoo Finance, indicating that as of October 25, 2019 the value of 1 Lumen varied between REDACTED .

[11] This Bitcoin belongs to Sea. In 2018, he deposited this Bitcoin to my account on the Binance online exchange for me to trade cryptocurrencies on his behalf pursuant to a profit-sharing arrangement. Attached hereto is a log of my transactions on the Binance online exchange that I downloaded from the Binance website https://www.binance.com/en

[12] Based on publicly available data from Yahoo Finance, indicating that as of October 25, 2019 the value of 1 Bitcoin varied between REDACTED .

[13] Based upon the date of the transaction, due to the highly volatile nature of Ethereum cryptocurrency during the period in question.

[14] I transferred my Ethereum to Sea for him to invest in various Initial Coin Offering ("ICO") pools and repay various debts on my behalf. He invested approximately 500 Ethereum in various ICO pools on for my benefit. The ICOs were either scams or failed to launch, which was very common for ICOs due to their high-risk nature. *See* https://www.investopedia.com/news/80-icos-are-scams-report/ I do not have access to more detailed information.

[15] *See* Footnote 14

CONFIDENTIAL-FILED UNDER SEAL

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

*I have completed this Supplement to Amended and Corrected Individual Financial Disclosure Statement, Items 23 and 31 Concerning Cryptocurrency to the best of my ability based on my limited access to financial and other records. Although I have signed it on the date listed below, the information is provided as of October 25, 2019 and November 1, 2019.*

*I am submitting this Supplement to Amended and Corrected Individual Financial Disclosure Statement, Items 23 and 31 Concerning Cryptocurrency with the understanding that it may affect action by the Bureau of Consumer Financial Protection or a federal court. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I further declare that I have no assets, owned either directly or indirectly (including owned by my spouse or dependents), or income of any nature other than as shown in, or attached to, this statement. I understand that the Bureau of Consumer Financial Protection is a federal agency and that this financial disclosure form is being submitted in connection with a matter within its jurisdiction. I understand that a false, fictitious, or fraudulent statement or representation on this form, or the concealment of any material fact is a violation of Federal law and could result in criminal prosecution, and significant civil penalties. I understand that a false statement is punishable under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.*

**Executed on:**

_____
March 1, 2021

**(Date)**

_____

**Signature**

CONFIDENTIAL-FILED UNDER SEAL

Exhibit 10
Page3

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

# Exhibit No. 9



Matthew Eanet  |  *Attorney at Law*
matt@eanetpc.com

March 30, 2021

***VIA EMAIL ONLY***

Jesse Stewart, Esq.
Sarah Preis, Esq.
Consumer Financial Protection Bureau
1700 G Street. NW
Washington, DC 20552

**RE: CFPB v. CAC et al (8:19-cv-01998)**

Dear Mr. Stewart and Ms. Preis,

In light of the Court's statements at the February 24, 2021 hearing on the CFPB's Motion for Order to Show Cause and the March 16, 2021 Order (ECF 277) referencing criminal contempt, Mr. Wen is asserting his constitutional rights against self-incrimination and will not be providing further information as directed in the Order.  A statement executed by Mr. Wen to this effect is enclosed.

Sincerely,

Matthew Eanet

Encl.

Please be advised that in response to the Court's order of March 16, 2021 (ECF 277), directing me to provide a sworn statement providing certain information, based on the advice of my counsel, I respectfully assert my constitutional privilege against self-incrimination under the U.S. and California Constitutions, and decline to provide the information ordered for this reason.

Date:  March 30, 2021

Signed:  _____
              Kaine Wen

# Exhibit No. 10

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Tykeisha Washington, certifies and declares as follows:

1. I am over the age of 18 years and not a party to this action.

2. My business address is 7610 West Washington Street, Indianapolis, Indiana 46231.

3. I am a Doc Review Sr Specialist III and Custodian of Records for JPMorgan Chase Bank, N.A. (hereinafter referred to as the "Bank") in the National Subpoena Processing Department located in Indianapolis, Indiana.

4. Based on my knowledge of the Bank's business records practices and procedures, the enclosed records are a true and correct copy of the original documents kept by the Bank in the ordinary course of business.

5. Based on my knowledge of the Bank's business records practices and procedures, the records were made at or near the time of the occurrence of the matters set forth in the records by, or from, information transmitted by a person with knowledge of those matters.

6. It is the regular practice of the Bank to make such a record of transactions in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated: July 29, 2020

By: *Tykeisha Washington*

    Tykeisha Washington
    Doc Review Sr Specialist III
    JPMORGAN CHASE BANK, N.A.

Subp91a

SB1149743-F4

R-021634-00000002

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Information Redacted is Confidential

# CHASE ◯

## Personal Electronic Signature Card

| | |
|---|---|
| **TAX RESPONSIBLE ID #** ▮▮▮▮ | |
| **PERSONAL ADDRESS** | |
| REDACTED | |
| MONTEREY PARK, CA REDACTED | |
| United States/US Territories | |

| | |
|---|---|
| **DATE OPENED** | 04/05/2019 |
| **ISSUED BY** | New Account JPMorgan Chase Bank, N.A Monterey Park |
| **BRANCH CITY/STATE** | Monterey Park ( CA ) |
| **BANK # BRANCH** | 741605 |
| | YU S KAWAMURA |
| **PHONE #** | (626) 576-7081 |

**TYPE OF OWNERSHIP**   Individual - POD

| ACCOUNT TITLE | ACCOUNT NUMBER / ACCOUNT TYPE | |
|---|---|---|
| JUDY LIE-WEN DAI<br><br>POD MS DIANA DAI<br>AND KAINE WEN | REDACTED | Chase Premier Plus Checking<br>Chase Savings |

**CUSTOMER(S) TO BE ADDED LATER:**

**ACKNOWLEDGEMENT -** By signing this Signature Card, I am applying to the JPMorgan Chase Bank, N.A. (the Bank) to open the deposit account and/or Chase Liquid® indicated above. I certify that the information provided hereon is true to the best of my knowledge and authorize the Bank, at its discretion, to obtain credit reports and employment verifications on me. I acknowledge receipt of the Bank's Deposit Account Agreement or other applicable account agreement or the Chase Liquid Agreement, which includes all provisions that apply to this deposit account and/or Chase Liquid Card and the Bank Privacy Policy, and agree to be bound by the terms and conditions contained therein as amended from time to time. For joint accounts, I agree that all parties are responsible for any overdraft of any amount due to the return of a deposited check without condition or limitation.

Exemption from FATCA reporting code (if any)          [According to the IRS Form W-9 instructions, if you are only submitting this form for an account you hold in the United States, you may leave this field blank.]

**CERTIFICATION -** I certify under penalties of perjury that (1) the Taxpayer Identification Number shown above is correct, and (2) I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and (3) I am a U.S. citizen or other U.S. person (as defined in the Form W-9 instructions), and (4) the FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

M10618_C2S_CS (12/18)          Page 1 of 3          © 2017 JPMorgan Chase Bank, N.A. Member FDIC

**CHASE ◼**

Has the IRS notified you that you are subject to backup withholding?

[X] No. I am not subject to backup withholding.

[ ] Yes. The IRS has informed me that I am subject to backup withholding. As a result, I am not making a certification with respect to item 2, above.

*The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.*

| | NAME | **TELEPHONE NUMBER | ELECTRONIC SIGNATURE |
|---|---|---|---|
| 1*) | JUDY DAI | (626) 548-9268 | JUDY DAI on 2019-04-05 18:32:25 EDT |
| 2) | | | |
| 3) | | | |
| 4) | | | |
| 5) | | | |
| 6) | | | |
| 7) | | | |
| 8) | | | |

*Tax Responsibility Indicator

** When you give us your mobile phone number, you have our permission to contact you at that number about all your Chase or J.P. Morgan accounts. Your consent allows us to use text messaging, artificial or prerecorded voice messages and automatic dialing technology for informational and account service calls, but not for telemarketing or sales calls. It may include contact from companies working on our behalf to service your accounts. Message and data rates may apply. You may contact us anytime to change these preferences.

M10618_C2S_CS (12/18)        Page 2 of 3            © 2017 JPMorgan Chase Bank, N.A. Member FDIC

# CHASE ⬡



| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| TAXPAYER ID# | | | | |
| DATE OF BIRTH | | | | |
| PRIMARY ID TYPE | | | | |
| PRIMARY ID NUMBER | | | | |
| ISSUER | | | | |
| ISSUANCE DATE | | | | |
| EXPIRATION DATE | | | | |
| SECONDARY ID TYPE | | | | |
| SECONDARY IDNUMBER | | | | |
| ISSUER | | | | |
| ISSUANCE DATE | | | | |
| EXPIRATION DATE | | | | |

| | 5 | 6 | 7 | 8 |
|---|---|---|---|---|
| TAXPAYER ID# | | | | |
| DATE OF BIRTH | | | | |
| PRIMARY ID TYPE | | | | |
| PRIMARY ID NUMBER | | | | |
| ISSUER | | | | |
| ISSUANCE DATE | | | | |
| EXPIRATION DATE | | | | |
| SECONDARY ID TYPE | | | | |
| SECONDARY IDNUMBER | | | | |
| ISSUER | | | | |
| ISSUANCE DATE | | | | |
| EXPIRATION DATE | | | | |

M10618_C2S_CS (12/18)     Page 3 of 3     © 2017 JPMorgan Chase Bank, N.A. Member FDIC



# Exhibit No. 11

Ex. No. 11
P. 200

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788
*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, *et al.*,<br><br>        Defendants. | CASE NO. 8:19-cv-01998 MWF (KSx)<br><br>**BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN** |

Ex. No. 11
P. 201

1

BUREAU'S FIRST EXPEDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

## **BUREAU'S FIRST EXPEDITED DISCOVERY REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO KAINE WEN**

Pursuant to the authority provided in the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief (PI Order), Docket No. 103, issued November 15, 2019, in *Bureau of Consumer Financial Protection, et. al., v. Consumer Advocacy Center Inc., et al.,* 8:19-cv-01998-MWF (KSx), in the United States District Court for the Central District of California, the Bureau hereby requests that Defendant Kaine Wen ("Defendant" or "You") respond to the Bureau's First Expedited Request for Production of Documents and Interrogatory Responses ("Request") within three days of service by facsimile, email, or overnight delivery.

### I. **Instructions**

1. The Request is issued under a federal court order authorizing expedited discovery, including expedited return of documents (within three calendar days for parties, and five calendar days for nonparties). *See* ECF No. 103 in this proceeding.

2. Each document request below is a continuing discovery request that must be updated or supplemented to the extent required by Federal Rule of Civil Procedure 26(e). You are required to timely produce in a supplemental production any document called for herein that was unavailable to You at the time of production, but which was discovered or otherwise becomes available to You up to the conclusion of the proceedings referenced on the face of this Request. The manner of production shall be either: (i) on or before the response date indicated, producing copies or originals (for inspection and copying) of all responsive documents at the response location indicated on Request; or

Ex. No. 11
P. 202

2

BUREAU'S FIRST EXPEDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

1   (ii) delivering copies at a place and time agreed upon in writing before
2   the Response Date.

3   3.   You must furnish all documents in Your possession, custody, or control.
4        A document is deemed in Your actual or constructive possession,
5        custody, or control if it is in Your physical custody, or if it is in the
6        physical custody of another person and You (a) own such document in
7        whole or in part; (b) have a right, by control, contract, statute, order or
8        otherwise, to use, inspect, examine, or copy such document on any terms;
9        (c) have an understanding, express or implied, that You may use, inspect,
10       examine, or control such document upon any terms; or (d) have, as a
11       practical matter, been able to use, inspect, examine or copy such
12       document when You sought to do so.

13  4.   You must produce any and all drafts and copies of each Document that
14       are not identical. For example, if any copy bears a notation (handwritten
15       or otherwise) that does not appear on all copies, each such copy must be
16       produced separately.

17  5.   Documents must be produced in a way that shows how they were
18       maintained in the usual course of business, in the order in which they
19       were maintained and in the files in which they were found. Documents
20       that are attached to each other when located for production are to be left
21       attached when produced. Documents that are segregated or separated
22       from other documents (e.g., by inclusion in binders or files, or by use of
23       dividers or tabs) are to be left so segregated or separated when produced.
24       Documents not otherwise responsive but which are attached to
25       responsive documents and constitute routing slips, transmittal
26       memoranda, letters, comments, or similar materials, should be produced.

27
28

Ex. No. 11
P. 203

3

BUREAU'S FIRST EXPENDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

6. You must identify, organize, and label the documents You produce to correspond with the document requests set forth in this Request.

7. If You object to a document request or interrogatory or some part thereof, set forth with specificity all of the reasons for the objection, state whether any responsive materials are being withheld on that basis, and respond to any unobjectionable part(s).

8. If You object to the production of any document on the basis of attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity, You must provide the following information by privilege log for the purpose of identifying the document for potential litigation regarding its production:

   a. Type of document (e.g., letter, email, memorandum), including, for ESI, the storage mode and the place or places where such information is maintained;

   b. Date(s);

   c. All author(s), all addressee(s), and all other recipient(s), including, where not apparent, their relationship to one another (e.g., identifying which attorneys represented which clients);

   d. General subject matter; and

   e. All grounds relied upon for withholding the document (e.g., attorney work product, attorney client privilege) in light of all authors, addressees and recipients.

## II. **Definitions**

The following terms, whether capitalized or not, and whether plural or singular, shall have the following meaning herein:

1. **"And"** and **"or"** both mean "and/or."

2. **"Any"** and **"all"** both mean "any and all."

Ex. No. 11
P. 204

4

BUREAU'S FIRST EXPEDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

3. **"Asset"** means, except as provided herein, any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant as defined herein, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, Cash, trusts, including, but not limited to any trust held for the benefit of any Individual Defendants' minor children, or any of the Individual Defendants' spouses.

4. **"Defendants"** means the following select Corporate Defendants, Individual Defendants, and Relief Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

    a. **"Corporate Defendants"** means Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a Financial Preparation Services, and any other name by which each Corporate Defendant may be known or operate;

    b. **"Individual Defendants"** means Albert Kim (aka Albert King), Kaine Wen (aka Wenting Kaine Dai, Wen Ting Dai, Kaine Wen Dai), and Tuong Nguyen (aka Tom Nelson), and any other name by which each Individual Defendant may be known;

    c. **"Receivership Defendants"** means True Count Staffing Inc., d/b/a SL Account Management, Prime Consulting LLC, d/b/a

Ex. No. 11
P. 205

Financial Preparation Services, TAS 2019 LLC d/b/a Trusted Account Services, First Priority LLC, and Horizon Consultants LLC, and their successors, assigns, affiliates, or subsidiaries, and each of them, by whatever names each may be known, provided that the Receiver has reason to believe they are owned or controlled in whole or in part by any of the Receivership Defendants; and

d.     "**Relief Defendants**" means Infinite Management Corp., f/k/a Infinite Management Solutions Inc., Hold The Door, Corp., TN Accounting Inc., and any other name by which each Relief Defendant may be known or operate.

5.   "**Documents**" mean all records, things, and other items encompassed in the term "Documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure, and any written matter of every type and description, including Electronically Stored Information. A draft or non-identical copy is a separate Document within the meaning of this term and FRCP 34(a).

6.  "**Electronically Stored Information**" or "**ESI**" means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise) of any electronically created or stored information, including but not limited to e-mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a sent or deleted-items folder), word-processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, regardless of how or where the information is stored, including if it is on a mobile device.

BUREAU'S FIRST EXPEDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

7. **"Identify"** or **"Identifying"** means to provide: (a) for natural persons, their name, title or position, present business affiliation, present business address, e-mail address, and telephone number, or if a present business affiliation or present business address is not known, the last known business address, home address, e-mail address, and telephone number; (b) for businesses or other organizations, the name, address, identities of officers, directors, or managers of the business or organization, and contact persons with e-mail addresses and telephone numbers, where applicable; and (c) for documents, the title, date, authors, recipients, Bates numbers, if applicable, type of document or some other means of identifying the document, and the present or last known location or custodian.

8. **"Including"** means "including but not limited to."

9. **"Person"** means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

10. **"Relation"** means any Person who is: 1) related to You by blood; 2) related to You by marriage to someone who is related to You by blood; or 3) with whom You associate socially.

11. **"Relevant Period"** means November 2, 2015, to November 19, 2020.

12. Redacted

13. **"You"** or **"Your"** means Kaine Wen, and any other name by which he may be known.

Ex. No. 11
P. 207

7

BUREAU'S FIRST EXPENDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

1

### III. <u>**Interrogatory Requests**</u>

2

Redacted

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUREAU'S FIRST EXPENDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

1    Redacted

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUREAU'S FIRST EXPENDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

1          Redacted

2

3

4

5

6

7

8

9     5.  List and describe all payments, transfers, or assignments of any Assets worth

10        $5,000 or more that You made from November 15, 2014, through November

11        19, 2020, including:

12              a.  the amount transferred or assigned;

13              b.  the name of each transferee or assignee;

14              c.  the date of the assignment or transfer; and

15              d.  the type and amount of any consideration paid.

16  **IV.        Document Requests**

17    1.  For the Relevant Period, all Documents evidencing loans or other debt

18        where You and any of Your Relations or companies You owned or

19        controlled are counterparties on the loan or debt (*e.g.*, lender and borrower),

20        Redacted

21

22

23    2.  For the Relevant Period, all Documents related to Redacted

24        Redacted

25    3.  For the Relevant Period, all Documents related to Your Redacted

26        Redacted          , including all Documents Redacted              , Your

27

28                                                                    Ex. No. 11
                                                                      P. 210

BUREAU'S FIRST EXPEDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Redacted

4. To the extent not already provided, produce all Documents that You relied upon in preparing Your responses to the Interrogatory Requests contained herein.

Dated: December 1, 2020                By: */s/  Jesse Stewart*
                                       Jesse Stewart (NY Bar No. 5145495)
                                       Enforcement Attorney
                                       *Plaintiff Bureau of Consumer Financial Protection*

BUREAU'S FIRST EXPENDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

1

**CERTIFICATE OF SERVICE**

2     I, Jesse Stewart, certify that on December 1, 2020, pursuant to Section XXVIII

3 of the Court's Stipulated Preliminary Injunction With Asset Freeze, Appointment of

4 Receiver, and Other Equitable Relief, I caused to be served this expedited discovery

5 request on each of the following parties by email:

6     1. **Evan Romanoff** *(Pro Hac Vice)*

7        **Assistant Attorney General**
         **The State of Minnesota**

8        445 Minnesota Street, Suite 1200
         St. Paul, MN 55101-2130

9        Tel.: 651-757-1454

10       evan.romanoff@ag.state.mn.us

11       *Attorney for Plaintiff the State of Minnesota*

12    2. **M. Lynne Weaver** *(Pro Hac Vice)*

13       **Michael T. Henry**
         **North Carolina Department of Justice**

14       114 W. Edenton Street

15       Raleigh, NC 27602
         Tel.: 919-716-6000

16       Fax: 919-716-6050

17       lweaver@ncdoj.gov
         *Attorneys for Plaintiff the State of North Carolina*

18

19    3. **Michael N. Feuer, City Attorney**

20       **Mary Clare Molidor, Chief Assistant City Attorney**
         **Christina V. Tusan, Supervising Deputy City Attorney**

21       **Office of the City Attorney**

22       200 N. Main Street, 500 City Hall East
         Los Angeles, CA 90012 4131

23       Tel.: 213-978-9707
         Fax.: 213-978-8112

24       christina.tusan@lacity.org

25       william.pletcher@lacity.org

26       rebecca.morse@lacity.org
         *Attorneys for Plaintiff the People of the State of California*

27

28

Ex. No. 11
P. 212

12

BUREAU'S FIRST EXPEDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

4. **Tahir L. Boykins**
   **Kelley Drye & Warren LLP**

   10100 Santa Monica Blvd., Suite 2300
   Los Angeles, CA 90067
   Tel.: 310-712-6100
   Fax: 310-712-6199
   tboykins@kelleydrye.com

   **Glenn D. Moses**
   **Genovese Joblove & Batista**
   100 SE 2nd Street, Suite 4400
   Miami, FL 33131
   Tel.: 305-349-2300
   Fax: 305-428-8807
   gmoses@gjb-law.com
   *Attorneys for Sonya S. Slott, Ch. 7 Trustee for Consumer Advocacy Center Inc.*

5. **Keri Curtis Axel**
   **Samuel Standage Meehan**
   **Baker Marquart LLP**
   777 S. Figueroa, Suite 2850
   Los Angeles, CA 90017
   Tel.: 424-652-7800
   Fax: 424-652-7850
   kaxel@bakermarquart.com
   smeehan@bakermarquart.com
   *Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.*

6. **Sanjay Bhandari**
   **Cornelia JB Gordon**
   **McNamara Smith LLP**
   655 West Broadway, Suite 1600
   San Diego, CA 92701
   Tel.: 619-269-0400
   Fax: 619-269-0401
   sbhandari@mcnamarallp.com
   cgordon@mcnamarallp.com
   *Attorneys for Receiver Thomas W. McNamara*

Ex. No. 11
P. 213

BUREAU'S FIRST EXPENDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

7. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 90071
   Tel.: 310-775-2495
   Fax: 310-593-2589
   matt@eanetpc.com
   *Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp.*
   *and Mice and Men LLC*

8. **Marc S. Williams**
   **Cohen Williams LLP**
   724 South Spring Street, 9th Floor
   Los Angeles, CA 90014
   Tel.: 213-232-5162
   mwilliams@cohen-williams.com
   *Attorney for Defendants Prime Consulting LLC, TAS 2019 LLC, and Horizon*
   *Consulting LLC*

9. **Julian Burns King**
   **King & Siegel LLP**
   724 South Spring Street, Suite 201
   Los Angeles, CA 90014
   Tel.: 213-465-4802
   julian@kingsiegel.com
   *Attorney for Defendant Albert Kim and Relief Defendants 1st Generation*
   *Holdings, LLC, Infinite Management Corp., and Sarah Kim*

I further certify that I caused to be served by overnight courier this expedited

discovery request on the following party:

1. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 9007
   *Attorney for Defendant Kaine Wen*

Ex. No. 11
P. 214

14

BUREAU'S FIRST EXPENDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

1    Dated: December 1, 2020          By: _/s/  Jesse Stewart_____

2                                          Jesse Stewart (NY Bar No. 5145495)
                                           Enforcement Attorney
3                                          *Plaintiff Bureau of Consumer Financial*
                                           *Protection*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUREAU'S FIRST EXPEDITED REQUEST TO PRODUCE DOCUMENTS AND INTERROGATORY
RESPONSES ON DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

# Exhibit No. 12

1
2
3
4

EANET, PC
Matthew Eanet (SBN 227490)
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone:    310-775-2495
Facsimile:     310-593-2589
matt@eanetpc.com

5

Attorneys for Defendant Kaine Wen

6
7

UNITED STATES DISTRICT COURT

8

CENTRAL DISTRICT OF CALIFORNIA

9
10

Bureau of Consumer Financial
Protection, et al.,

CASE NO. 8:19-cv-01998-MWF(KSx)

11

                    Plaintiffs,
          v.

Hon. Michael W. Fitzgerald

12
13
14

Consumer Advocacy Center Inc., et al.

                    Defendants, and

**DEFENDANT KAINE WEN'S OBJECTIONS TO BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN**

15
16

Infinite Management Corp., et al.

17
18

                    Relief Defendants.

Action Filed: October 21, 2019
FAC Filed: February 24, 2020

19
20
21
22
23
24
25
26
27
28

---

OBJECTIONS TO BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF
DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN

Defendant Kaine Wen ("Wen" or "Responding Party"), by and through his attorneys, responds and objects to the Bureau of Consumer Financial Protection's ("Propounding Party") "BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN" ("Requests") directed to Wen and dated December 1, 2020 as follows:

## GENERAL OBJECTIONS

1.     The following responses and objections are based on information currently available to Responding Party.  These responses and objections are given without prejudice to Responding Party's right to produce or rely on subsequently discovered information.

2.     Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses and objections.

3.     Responding Party objects to the scope of the definitions contained in the Requests, which are over three full pages, on the grounds that they are overbroad, unintelligible (or render the requests unintelligible), and call for documents and information which are not in Responding Party's possession, custody, or control, or which is already in the possession of Propounding Party and the Receiver or which they already have sought to obtain or may obtain via Subpoenas from third parties.

4.     Nothing in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection or privilege.  Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege.

1

OBJECTIONS TO BUREAU'S FIRST EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN

Ex. No. 12
P. 218

5.      Responding Party objects to the Requests to the extent that it purports to require more than is required by controlling Rules of Federal Civil Procedure, including by way of two pages of "Instructions."

6.      Responding Party reserves the right to condition the production of documents containing confidential or proprietary information on the Court's issuance of a confidentiality or protective order governing the disclosure of any such information.

7.      The production of any documents or information by Responding Party is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents or information comprising or containing confidential or proprietary information including, without limitation, documents or information protected by federal and/or state rights of privacy.

8.      Responding Party objects to the Requests, and each request and interrogatory therein on the grounds that the scope of discovery sought in the Requests exceeds the permissible scope of the *limited* Expedited Discovery permitted by Paragraph 28(B) of the Stipulated Preliminary Injunction and discovery is not otherwise permitted because the parties have not yet held a FRCP Rule 26(f) conference.

9.      Responding Party objects to the Requests, and each request therein, on the grounds that it is overly broad and imposes an undue burden on Responding Party.

10.     Responding Party objects to the Requests, and each request therein, on the grounds that it does not provide Responding Party with  reasonable time to comply.

## **RESPONSES AND OBJECTIONS TO INTERROGATORIES**

## **RESPONSE TO INTERROGATORY NO. 1**

2

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this interrogatory on the grounds that it is overly burdensome, broad, and harassing.    Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.  Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSE TO INTERROGATORY NO. 2**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this interrogatory on the grounds that it is overly burdensome, broad, and harassing.    Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.  Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSE TO INTERROGATORY NO. 3**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this interrogatory on the grounds that it is overly

burdensome, broad, and harassing.    Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.  Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSE TO INTERROGATORY NO. 4**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this interrogatory on the grounds that it is overly burdensome, broad, and harassing.    Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the interrogatory on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.  Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution.

**RESPONSE TO INTERROGATORY NO. 5**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this interrogatory on the grounds that it is overly burdensome, broad, and harassing.    Responding Party further objects to the interrogatory on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to

4

the interrogatory on the grounds and to the extent that it demands the production of

information protected by federal and/or state rights of privacy.  Responding Party further

objects to the request based upon his privilege against self-incrimination under the U.S. and

California Constitution.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

## RESPONSE TO DOCUMENT REQUEST NO. 1

Responding Party incorporates by this reference the General Objections set forth

above.  Responding Party objects to this request on the grounds that it is overly

burdensome, broad, and harassing and does not describe with reasonable particularity each

item or category of items to be inspected.  Responding Party further objects to this request

on the grounds that it is vague and ambiguous.  Responding Party further objects to the

request on the grounds and to the extent that it exceeds the scope of permissible discovery

authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to

the request on the grounds and to the extent that it demands the production of information

protected by federal and/or state rights of privacy.  Responding Party further objects to the

request based upon his privilege against self-incrimination under the U.S. and California

Constitution and the act of production doctrine.

## RESPONSE TO DOCUMENT REQUEST NO. 2

Responding Party incorporates by this reference the General Objections set forth

above.  Responding Party objects to this request on the grounds that it is overly

burdensome, broad, and harassing and does not describe with reasonable particularity each

item or category of items to be inspected.  Responding Party further objects to this request

on the grounds that it is vague and ambiguous.  Responding Party further objects to the

5

request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.  Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution and the act of production doctrine.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing and does not describe with reasonable particularity each item or category of items to be inspected.  Responding Party further objects to this request on the grounds that it is vague and ambiguous.  Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.  Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution and the act of production doctrine.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

Responding Party incorporates by this reference the General Objections set forth above.  Responding Party objects to this request on the grounds that it is overly burdensome, broad, and harassing and does not describe with reasonable particularity each item or category of items to be inspected.  Responding Party further objects to this request

on the grounds that it is vague and ambiguous.  Responding Party further objects to the request on the grounds and to the extent that it exceeds the scope of permissible discovery authorized by the Stipulated Preliminary Injunction.  Responding Party further objects to this request on the grounds and to the extent that at calls for documents subject to the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to the request on the grounds and to the extent that it demands the production of information protected by federal and/or state rights of privacy.  Responding Party further objects to the request based upon his privilege against self-incrimination under the U.S. and California Constitution and the act of production doctrine.

Dated:  December 4, 2020

EANET, PC

By: _____
Matthew L. Eanet

Attorneys for Defendant Kaine Wen

OBJECTIONS TO BUREAU'S FIRST EXPEDITED REQUEST

## **PROOF OF SERVICE**

I, Matthew Eanet, certify that on this 4th day of December 2020,

I caused to be delivered by electronic mail **DEFENDANT KAINE WEN'S**

**OBJECTIONS TO REQUESTS** on each of the below parties and email

addresses:

1. **Sarah Preis**
   (Admitted *pro hac vice*)
   sarah.preis@cfpb.gov
   Tel.: (202) 435-9318
   **Jesse Stewart**
   (Admitted *pro hac vice*)
   jesse.stewart@cfpb.gov
   Tel.: (202) 435-9641
   **Nathan Dimock**
   (Admitted *pro hac vice*)
   nathan.dimock@cfpb.gov
   Tel.: (202) 435-9198
   1700 G Street, NW
   Washington, DC 20552
   Fax: (202) 435-5471
   **Leanne E. Hartmann**
   leanne.hartmann@cfpb.gov
   301 Howard Street, Suite 1200
   San Francisco, CA 94105
   Tel: (415) 844-9787
   Fax: (415) 844-9788
   *Attorneys for Plaintiff*
   *Bureau of Consumer Financial Protection*

2. **Evan Romanoff** *(Pro Hac Vice)*
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
   Tel.: 651-757-1454
   evan.romanoff@ag.state.mn.us
   *Attorney for Plaintiff the State of Minnesota*

3. **M. Lynne Weaver** *(Pro Hac Vice)*
   **Michael T. Henry**
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   Tel.: 919-716-6000
   Fax: 919-716-6050
   lweaver@ncdoj.gov
   *Attorneys for Plaintiff the State of North Carolina*

4. **Michael N. Feuer, City Attorney**
   **Mary Clare Molidor, Chief Assistant City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012 4131
   Tel.: 213-978-9707
   Fax.: 213-978-8112
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   rebecca.morse@lacity.org
   *Attorneys for Plaintiff the People of the State of California*

5. **Tahir L. Boykins**
   **Kelley Drye & Warren LLP**
   10100 Santa Monica Blvd., Suite 2300
   Los Angeles, CA 90067
   Tel.: 310-712-6100
   Fax: 310-712-6199
   tboykins@kelleydrye.com

6. **Glenn D. Moses**
   **Genovese Joblove & Batista**
   100 SE 2nd Street, Suite 4400
   Miami, FL 33131
   Tel.: 305-349-2300
   Fax: 305-428-8807
   gmoses@gjb-law.com
   *Attorneys for Sonya S. Slott, Ch. 7 Trustee for Consumer Advocacy Center
   Inc.*

7. **Keri Curtis Axel**
   **Samuel Standage Meehan**

- 2 -

CERTIFICATE OF SERVICE

**Baker Marquart LLP**
777 S. Figueroa, Suite 2850
Los Angeles, CA 90017
Tel.: 424-652-7800
Fax: 424-652-7850
kaxel@bakermarquart.com
smeehan@bakermarquart.com
*Attorneys for Defendant Tuong Nguyen and Relief Defendant TN
Accounting, Inc.*

8. **Sanjay Bhandari**
**Cornelia JB Gordon**
**McNamara Smith LLP**
655 West Broadway, Suite 1600
San Diego, CA 92701
Tel.: 619-269-0400
Fax: 619-269-0401
sbhandari@mcnamarallp.com
cgordon@mcnamarallp.com
*Attorneys for Receiver Thomas W. McNamara*

9. **Marc S. Williams**
**Cohen Williams LLP**
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Tel.: 213-232-5162
mwilliams@cohen-williams.com
*Attorney for Defendants Prime Consulting LLC, TAS 2019 LLC, and
Horizon Consulting LLC*

10. **Julian Burns King**
**King & Siegel LLP**
724 South Spring Street, Suite 201
Los Angeles, CA 90014
Tel.: 213-465-4802
julian@kingsiegel.com
Attorney for Defendant Albert Kim and Relief Defendants 1st Generation
Holdings, LLC, Infinite Management Corp., and Sarah Kim

- 3 -

1

Dated:  December 4, 2020     EANET, PC

2

By: _____

3

   Matthew L. Eanet

4

Attorneys for Defendant Kaine Wen

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

CERTIFICATE OF SERVICE

# Exhibit No. 13

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


---------------------------------x

BUREAU OF CONSUMER FINANCIAL          Case No.

PROTECTION, et al.,                   8:19-cv-01998 MWF

      Plaintiffs,

v.

CONSUMER ADVOCACY CENTER INC.,

d/b/a PREMIER STUDENT LOAN CENTER,

et al.,

      Defendants.

---------------------------------x




    * * *  C O N F I D E N T I A L  * * *


REMOTE DEPOSITION OF KAINE WEN

Thursday, March 4, 2021

10:06 a.m. PST




Reported by: Linda S. Kinkade, RDR CRR RMR RPR CSR

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 2

1    A P P E A R A N C E S:

2    (All parties appeared remotely)

3

4    On Behalf of Plaintiff Bureau of Consumer Financial

5    Protection:

6            Bureau of Consumer Financial Protection

7            1700 G Street, NW

8            Washington, DC 20552

9            (202) 435-9641

10           By:  Jesse Stewart, Esq.

11           jesse.stewart@cfpb.gov

12           By:  Nathan Dimock, Esq.

13           nathan.dimock@cfpb.gov

14

15   On Behalf of Defendant Kaine Wen and Relief Defendants

16   Hold the Door Corp. and Mice and Men LLC:

17           Eanet PC

18           550 South Hope Street

19           Los Angeles, California 90071

20           (310) 775-2495

21           By:  Matthew Eanet, Esq.

22           matt@eanetpc.com

23

24

25   CONTINUED ON FOLLOWING PAGE

Page 19

1    we can designate the entire deposition or parts of the

2    deposition as confidential, and so at the time right

3    now we're designating the entire deposition as

4    confidential, although we're happy to revisit that as

5    to certain portions.

6        The exhibit that you put on the screen, do you

7    mind giving me the label for it so I can try to see if

8    we have the hard copy of it?

9        Q.  Yes.  I'm putting on my screen a 40-page

10   document entitled Attachment A, Individual Financial

11   Statement.  The document Bates numbers are CFPB, as in

12   Consumer Financial Protection Bureau, Wen Depo-000001

13   through 40.  Please note that the Bates numbers have

14   been added by the Bureau to aid remote review.

15       MR. STEWART:  Ms. Court Reporter, will you

16   please mark this document as Exhibit 1.

17                    (Exhibit 1 marked for

18                     identification: Attachment A

19                     Individual Financial Statement

20                     CFPB-Wen Depo-000001 -

21                     CFPB-Wen Depo-000040)

22       Q.  Mr. Wen, please take a moment

23   to review Exhibit 1, including the signature page at

24   page 34, and I will scroll to that now for everyone's

25   benefit.

Page 20

1          MR. EANET:  Mr. Stewart, do you want him to

2     review the entire document or just the signature page?

3          Q.  Let's start by reviewing the signature

4     page.

5          Mr. Wen, is that your signature on page 34 of

6     Exhibit 1?

7          A.  Yes.

8          Q.  And do you see where it says, "executed on

9     November 1, 2019"?

10         A.  Yes.

11         Q.  Mr. Wen, please take a moment to review the

12    document.

13         Mr. Wen, I'm not trying to rush you, take your

14    time reviewing, but just so you know my next question

15    will be whether you recognize this document as a

16    complete and accurate financial disclosure form that

17    you completed and signed on November 1, 2019?

18         MR. EANET:  And I'm going to object to the

19    question as being vague and ambiguous, and I am

20    further going to object to the question insofar as it

21    invades Mr. Wen's constitutional rights against

22    self-incrimination under both the state and federal

23    constitution, and on that basis I'm going to advise

24    Mr. Wen not to answer.

25         A.  Based upon the advice of my legal counsel,

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 21

1    I decline to answer the question based on my rights

2    against self-incrimination under state and federal

3    constitution.

4            MR. EANET:  Mr. Stewart, for the sake of

5    moving things along and trying to have a clean record,

6    can we agree that, in the event that Mr. Wen is

7    asserting his privileges against self-incrimination to

8    future questions in this deposition, that he can do so

9    by simply indicating "assert" on the record, and that

10   that will mean that he is, upon the advice of his

11   legal counsel, he is declining to answer the question

12   based on his rights against self-incrimination under

13   the state and federal constitution?

14           MR. STEWART:  I would request that Mr. Wen

15   make clear with respect to each instance in which he

16   intends to assert the Fifth Amendment that he is both

17   declining to answer the question and that the reason

18   for that is his assertion of his Fifth Amendment

19   right.

20       I'm willing to stipulate that he can say "I

21   decline to answer based on the Fifth Amendment," and

22   we will understand that to mean that he is declining

23   to answer based on his Fifth Amendment rights under

24   both the state and federal constitution, if you would

25   like.

Page 38

1      Q.   As of October 25th, 2019, did you have any

2   other telephone numbers in your name besides the

3   telephone number that is listed at item 1 of Exhibit

4   3?

5      A.   No.  And, if I could, reanswer the previous

6   question.  I believe the 424-333-82 -- it should be

7   8290.  There's a typo on here.  So it's not -- it

8   should be 424-333-8290.

9      Q.   Thank you for that clarification, Mr. Wen.

10     A.   And then, I'm sorry, Mr. Stewart, a further

11  clarification is that that phone number is under, I

12  believe, Diana's name.  It's a family plan.

13     Q.   When you say "Diana," you are referring to

14  Diana Dai, your sister?

15     A.   Correct.

16     Q.   Mr. Wen, do you see where there is an email

17  address listed at item 1 of Exhibit 3?

18     A.   Yes.

19     Q.   As of October 25th, 2019, did you have any

20  other email addresses that you controlled besides the

21  email address listed at item 1 of Exhibit 3?

22     A.   Yes.

23     Q.   What other personal email addresses did you

24  have at that time?

25     A.   I do not remember all of them, but I can

Page 39

1    give you a couple, if you're looking for that.

2           Q.  Please do.

3           A.  There's a KaineWen@gmail.com.  Please hold

4    for one moment.  There's a -- so there's a

5    KaineWen@gmail.com, and a 146BishopLanding2gmail.com.

6           Q.  Are there any other email addresses that

7    you had as of October 25th, 2019?

8           A.  Yes.

9           Q.  What were they?

10          A.  I have many.  So I had KaineDai, D-A-I,

11   @yahoo.com.  I had KaineDai@hotmail.com.  And I may

12   even have KaineDai@gmail.com.  But those were not

13   emails that I use now or used as of October 25th,

14   2019.

15          Q.  Thank you, Mr. Wen.  Any others that you

16   recall?

17          A.  None that I can recall at this moment.

18          Q.  Mr. Wen, will you please turn to item 7 of

19   Exhibit 3 at page 264?

20          A.  Yes.

21          Q.  Please note that, as you see at the top of

22   the page, item 7 requests that you provide the

23   following information for this year-to-date and for

24   each of the previous five full years, for each company

25   of which you are a director, officer, employee, agent,

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 61

1    question that was pending, Ms. Kinkade?

2              (The record was read by the reporter

3              as follows:

4              "Since October 23, 2019 have you

5              earned any other income that we

6              haven't already discussed?")

7              MR. EANET:  My previous objections stand,

8    and I have no objection to him answering that question

9    about whether that income is derived from any of the

10   student loan or prohibited activities in the

11   protective order.

12        Mr. Wen, I've instructed you to assert your

13   Fifth Amendment privileges.

14        A.  I decline to answer the question based on

15   my Fifth Amendment rights.

16        Q.  Thank you.  Mr. Wen, I'm going to put a

17   document on my screen now.  It's a 601-page document.

18   The document is Bates stamped CFPB-Wen Depo-000288

19   through 000888.

20             MR. STEWART:  Will you please mark this as

21   Exhibit 6, Ms. Kinkade?

22             MR. EANET:  Just so it's clear, I did

23   not -- the hard copy that I have printed out here, I

24   did not include the attachments to the document, the

25   six hundred something pages, because my printer wasn't

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 62

1    up for it.

2              MR. STEWART:  I think my questions are

3    primarily focused on the first several pages.

4                        (Exhibit 6 marked for

5                    identification:

6                    CFPB-Wen Depo-000288 -

7                    CFPB-Wen Depo-000888)

8         Q.  Will you please take a moment, Mr. Wen, to

9    review Exhibit 6, and specifically turn to page 290 of

10   Exhibit 6.  Do you see your signature -- do you see a

11   signature at page 290?

12        A.  Yes.

13        Q.  Is that your signature, Mr. Wen?

14        A.  Yes.

15        Q.  Is Exhibit 6 a complete and accurate copy

16   of the amendment to Exhibit 1, your Financial

17   Statement that you signed on March 1, 2020 -- 2021?

18              MR. EANET:  I'm just going to object to the

19   exhibit reference that you used.  Is it an amendment

20   to the December Financial Statement, Mr. Wen -- excuse

21   me -- a supplement to the December 2020 Financial

22   Statement?

23        A.  Yes, this is a supplement to the December

24   Amended and Corrected Individual Financial Statement.

25        Q.  Okay.  So Exhibit 6 is a complete and

Page 63

1    accurate copy of your amendment to Exhibit 3 -- I'm

2    sorry.

3           Exhibit 6 is a complete and accurate copy

4    amending Exhibit 3, your Financial Statement of

5    December 18th, 2020; is that correct?

6           MR. EANET:  I'm sorry, Mr. Stewart.  I got

7    lost in the question trying to find Exhibit 3.

8           Q.  Is Exhibit 6 a complete and accurate copy

9    of your amendment to your December 17, 2020 Financial

10   Statement?

11          MR. EANET:  The document references being a

12   supplement, not an amendment, Mr. Stewart.  So,

13   objection, mischaracterizes the document.

14          Q.  You may answer, Mr. Wen.

15          A.  As far as I can tell, this looks like -- as

16   far as I can tell, this looks like a complete copy of

17   my supplement to the December Amended and Corrected

18   Individual Financial Statement that was attached to my

19   attorney's letter in Exhibit 3.

20          Q.  Thank you.  Who is Sea, Mr. Wen?

21          A.  I'm sorry.  Who?

22          Q.  Who is Sea, S-E-A?

23          MR. EANET:  I'm sorry, Mr. Stewart.  Is

24   there any way to adjust your microphone at all?  It's

25   just coming through very fuzzy on our end.

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 64

1          Q.  Who is the -- Mr. Wen, is that better?

2          A.  A little bit.  Sea is a friend of mine,

3     Mr. Stewart.

4          Q.  How long have you known him?

5          A.  For a little over a decade.

6          Q.  How did you meet Sea?

7          A.  Through mutual friends.

8          Q.  Have you ever met in person?

9          A.  Yes.

10         Q.  When was the last time you saw Sea in

11    person?

12         A.  To the best of my recollection, 2018.

13         Q.  What is Sea's full name?

14         A.  I only know him as the nickname Dahai,

15    which is a literal translation to "Big Sea" from

16    Chinese to English.

17         Q.  How do you communicate with Sea?

18         A.  I communicate with Sea -- you're talking

19    about when we're not in person, is that correct,

20    Mr. Stewart?

21         Q.  That's correct.

22         A.  We use a phone app called WeChat.

23         Q.  Do you communicate in any other ways with

24    Sea?

25         A.  No.

Page 78

1          Q.  Sea received Ethereum from your Poloniex

2     account and then transferred at least 4,355 Ether from

3     that Ethereum to your Bitstamp account, correct?

4          A.  To the best of my recollection, yes.  I

5     don't have those records to verify.

6          Q.  Who would have those records?

7          MR. EANET:  Objection, vague and ambiguous

8     as to what records are being referenced and calls for

9     speculation.

10         A.  I do not know.

11         Q.  Let me rephrase.  What records are you

12    referring to, Mr. Wen?

13         A.  I'm referring to any kind of an accounting.

14         Q.  Mr. Wen, please turn to the last page --

15    I'm sorry -- the second-to-last page of Exhibit 7.

16    That's page 909.

17         A.  Okay.

18         Q.  Do you see where at the very bottom of page

19    909 of Exhibit 7 there's a transaction dated January

20    19, 2018 that states, quote, opened ETH withdrawal

21    request for 1 ETH to, and then a long string of

22    numbers and letters, end quote?

23         A.  Yes.

24         Q.  And that long string of numbers and letters

25    ends in d455, correct?

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 13
P. 241

Page 79

1        A.  Yes.

2        Q.  And we are now on page 910.  I'm sorry.

3   Let me ask that question again.

4        Now turning to page 910, that long string of

5   numbers and letters ends on page 910 and ends in d455,

6   correct?

7        A.  Yes.

8        Q.  A few lines, transaction lines down on page

9   910, there's another transaction dated the same date,

10  January 19, 2018, that states, quote, opened ETH

11  withdrawal request for 2120.0506008 [sic] ETH to, a

12  long string -- end quote, a long string of numbers and

13  letters, d455.  Do you see that transaction?

14       A.  Yes, I do.  You missed a zero in there, but

15  yes.

16       Q.  I missed a zero where?  In the number of

17  ETH?

18       A.  Correct.  You said .0506008 when I'm seeing

19  .05060008.

20       Q.  Thank you.  In this transaction you

21  withdrew 2,120 ETH approximately to a different

22  cryptocurrency address ending in d455, correct?

23       A.  A different cryptocurrency address than

24  what, Mr. Stewart?

25       Q.  You withdrew 2,120 ETH from your Bitstamp

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 80

1    account to a cryptocurrency address ending in d455,

2    correct?

3           A.  Yes.

4           Q.  Whose cryptocurrency account is the account

5    ending in d455?

6               MR. EANET:  Objection to the extent it's

7    vague and ambiguous and calls for speculation.

8           Go ahead, Mr. Wen.

9           A.  That is not a cryptocurrency account.

10   That, as I understand it, Mr. Stewart, is a Ethereum

11   address.

12          Q.  Thank you for that clarification.  That's

13   an Ethereum address.  Whose Ethereum address is that,

14   Mr. Wen?

15              MR. EANET:  Objection.

16          Q.  The one ending in d455, to be clear.

17              MR. EANET:  Objection, vague and ambiguous,

18   calls for speculation.

19          Go ahead and answer, if you can.

20          A.  As far as I know, Mr. Stewart, that is a

21   Ethereum address that Sea either owns or controls.

22          Q.  Does he own or control that Ethereum

23   address for your benefit?

24              MR. EANET:  Objection, vague and ambiguous,

25   calls for speculation.

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 81

1          A.  As far as I know, yes, but I am not sure

2     whether he is using that Ethereum address for anybody

3     else's benefit, including his own.

4          Q.  So let me see if I understand.  On January

5     1, 2018 -- I'm sorry.  On January 19, 2018, you

6     withdrew 2,120 Ethereum to a Ethereum cryptocurrency

7     address owned or controlled by Sea.

8               MR. EANET:  Objection, asked and answered.

9          A.  Yes.

10         Q.  And your understanding at that time was

11    that you were transferring 2,120 Ethereum to Sea that

12    he would hold for your benefit.

13              MR. EANET:  Objection to the extent it

14    mischaracterizes the witness's testimony.

15         A.  As I understood it, yes.

16         Q.  What happened to that 2,120 Ethereum?

17              MR. EANET:  Objection, vague and ambiguous,

18    calls for speculation.

19         A.  I don't know.

20         Q.  Mr. Wen, I would proffer that at the time

21    of that transaction, January 1, 2019 -- January 19,

22    2018 -- REDACTED Ethereum were worth more than REDACT

23    REDACTED   You don't know where that REDACTED   Redacted ?

24              MR. EANET:  Objection.  The question is

25    vague and ambiguous, it's argumentative, and is

Page 83

1    that I initiated a withdrawal request for 2,120

2    Ethereum, approximately, to an Ethereum address that

3    is either owned and controlled -- or controlled -- by

4    Sea.

5         So to the extent that you ask me whether I knew

6    what happened to this Ethereum, the answer is yes.

7         Q.  After you transferred the 2,120 Ethereum to

8    Sea on January 19, 2018, what has happened to those

9    Ethereum?  Does he still hold those 2,120 Ethereum?

10        MR. EANET:  Hold on one second so that I --

11   hold on.  I'll object that it's vague and ambiguous

12   and calls for speculation.  I'd like to take a moment

13   to consult with my client regarding Fifth Amendment

14   issues.

15        (Brief interruption)

16        MR. EANET:  We're back.  Do you want to

17   restate your question, Mr. Stewart, or have the

18   reporter read it back?  I think you're on mute,

19   Mr. Stewart.

20        MR. STEWART:  I will restate the question.

21        MR. EANET:  Thank you.

22        Q.  Does Sea still hold the 2,120 Ethereum that

23   you transferred to him on January 19, 2018?

24        MR. EANET:  I'm going to object to the

25   question that it's vague and ambiguous, calls for

Page 84

1    speculation, and, as phrased, I'm going to advise the

2    witness to assert his Fifth Amendment privileges.

3            A.   I decline to answer the question based on

4    my Fifth Amendment rights.

5            Q.   Mr. Wen, as of October 25th, 2019, did Sea

6    hold the 2,120 Ethereum that you transferred to him on

7    January 19, 2018?

8            MR. EANET:   I'll just object on the grounds

9    that it calls for speculation.

10           Go ahead and answer, Mr. Wen.

11           A.   I have -- as far as I know, I provided the

12   answers in my supplement, in my March 2021 supplement

13   to the amended and corrected individual Financial

14   Statement from December of 2020, and I have also

15   turned over all the records that I have, and that is

16   the extent of my knowledge.

17           Q.   Do you know if, as of October 25th, 2019,

18   Sea held the 2,120 Ethereum that you transferred to

19   him on January 19, 2018?

20           MR. EANET:   Objection that it calls for

21   speculation and it's been asked and answered.  Do you

22   want him to --

23           You can repeat your answer, Mr. Wen.

24           A.   I do not know.  And everything that I do

25   know has been provided in the financial records that

Page 85

1    I've provided as well as my March 2021 supplement to

2    my December 2020 Amended and Corrected Individual

3    Financial Statement.

4         Q.  Are there any documents, Mr. Wen, that

5    would -- or information -- that would help you

6    remember whether or not or understand whether or not

7    Sea held -- still holds the 2,120 Ether?

8         MR. EANET:  Objection.  You asked if he

9    still holds it?

10        Q.  Are there any documents, Mr. Wen, that

11   would help you understand whether or not Sea still

12   holds the 2,120 Ether that he transferred -- that you

13   transferred to him on January 19, 2018?

14        MR. EANET:  I'm going to object that it

15   assumes facts in evidence, it's vague and ambiguous,

16   lacks foundation, calls for speculation, and as to the

17   identification of any documents after November 1st of

18   2019 I'm going to advise Mr. Wen that he assert his

19   Fifth Amendment privileges.

20        A.  I decline to answer the question based on

21   my Fifth Amendment rights.

22        Q.  Mr. Wen, I'm putting on my screen a 12-page

23   document.  The document is Bates-stamped

24   CFPB-Wen Depo-000978 through 989.

25        A.  I'm not seeing it, Mr. Stewart.

Page 96

1    my Fifth Amendment rights.

2          Q.  I'm putting on my screen a 12-page document

3    that is Bates stamped CFPB-Wen Depo-000978 through

4    989.

5          MR. STEWART:  Ms. Kinkade, will you please

6    mark this document as Exhibit 8 I believe we are up

7    to.

8          (Document marked before the lunch break.)

9          Q.  Mr. Wen, I will proffer to you that the

10   Bureau received this document from Poloniex LLC in

11   response to a subpoena that the Bureau issued to

12   Poloniex LLC on December 18, 2020.

13         MR. EANET:  Mr. Stewart, when did the

14   Bureau receive this document?

15         MR. STEWART:  I don't know the precise

16   date, but it was fairly recently.

17         MR. EANET:  Okay.  Because we had

18   previously requested all the documents subpoenaed, and

19   it was represented to us that no documents had been

20   subpoenaed from Poloniex or, excuse me, had been

21   received on the subpoena to Poloniex.  So yesterday

22   evening was the first time I saw this document, and

23   I'd like to know while we're on the record why

24   documents that had been subpoenaed are not immediately

25   being produced to the defendants in this case.

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 99

1    is simply improper and it's gamesmanship and I don't

2    like it.

3            And if it continues, then I'm going to request

4    intervention from the court.  Because getting

5    subpoenaed documents, copies of subpoenaed documents,

6    shouldn't be something that has to be this difficult.

7    But go ahead.  You've made your record.

8                MR. STEWART:  We disagree on that point.

9    Yes, I will proceed.

10           Q.  Mr. Wen, so I proffer that this is a

11   document the Bureau received from Poloniex LLC.  Do

12   you see at the top of the document the first page,

13   page 978, of Exhibit 8, where it states, the first

14   name and last name as Kaine Wen?

15           A.  Yes.

16           Q.  Do you see where it provides a phone

17   number?

18           A.  Yes.

19           Q.  Is that your phone number?

20           A.  Yes.

21           Q.  Do you see where it provides an address?

22           A.  Yes.

23           Q.  Is that your address?

24           A.  It is a former address, yes.

25           Q.  Do you see where it provides a date of

Page 100

1     birth?

2          A.  Yes.

3          Q.  Is that your date of birth?

4          A.  Yes.

5          Q.  And do you see where it provides a social

6     security number or passport ID?

7          A.  Yes.

8          Q.  Is that your identification number?

9          A.  Yes.

10         Q.  And do you see a little farther down where

11    it provides an email address?

12         A.  Yes.

13         Q.  Is that your email address?

14         A.  Yes.

15         Q.  I'm going to turn to page 979 of Exhibit 8.

16    Do you see the section that identifies Deposits?

17         A.  Yes.

18         Q.  Do you see the column that identifies an

19    address under the Deposits section of Exhibit 8 at

20    page 979?

21         A.  Yes.

22         Q.  And under the Address header, do you see

23    where there's a long string of numbers and letters

24    ending in xTxs?

25         A.  Yes.

Page 101

1          Q.  Do you recognize that string of numbers and

2     letters ending in xTxs?

3          A.  No.

4          Q.  Do you know what that string of letters and

5     numbers is?

6              MR. EANET:  Objection to the extent it

7     calls for speculation.

8          A.  As far as I understand, that is a Bitcoin

9     address.

10         Q.  Is it your Bitcoin address?

11         A.  It is a Bitcoin address that I have used in

12     the past, as far as I know.

13         Q.  Do you associate that Bitcoin address

14     ending in xTxs with your Poloniex account?

15             MR. EANET:  Objection, vague and ambiguous

16     as to the phrase "associate."

17         A.  Yeah, Mr. Stewart, I don't know what that

18     means.

19         Q.  Mr. Wen, did you receive Bitcoin deposits

20     to your Poloniex account through the cryptocurrency

21     address ending in xTxs?

22         A.  No.

23         Q.  You said that the cryptocurrency address

24     ending in xTxs is one you have used.  When did you use

25     it?

Page 102

1          A.  I do not remember but --

2          Q.  What did you use it for?

3          A.  To hold Bitcoins.

4          I'm sorry.  Mr. Stewart, to the answer that I

5     provided a no to two questions ago, can the reporter

6     please read that back to me just so I make sure I

7     understood it correctly?

8               (The record was read by the reporter

9               as follows:

10              "Did you receive Bitcoin deposits to

11              your Poloniex account through the

12              cryptocurrency address ending in

13              xTxs?

14              Answer.  No.")

15         A.  Yeah, the answer is correct, I did not

16    receive Bitcoin deposits to that address.

17         Q.  How did you use the cryptocurrency address

18    ending in xTxs?

19              MR. EANET:  Objection, asked and answered.

20         A.  I used that address to both receive -- I'm

21    sorry.  I only know that I used that address to send

22    Bitcoins to Poloniex, according to the document that I

23    have in front of me.

24         Q.  So you used the cryptocurrency address

25    ending in xTxs to send Bitcoins to your Poloniex

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 13
P. 252

Page 103

1    cryptocurrency account?

2              MR. EANET:  Objection to the extent it

3    calls for speculation.  Go ahead.

4         A.  According to this document, yes.

5         Q.  Do you have any reason to believe that this

6    document is not accurate?

7         A.  No.

8         Q.  A little farther down on that page,

9    Mr. Wen, and we're on page 979 of Exhibit 8, do you

10   see the section with the header Withdrawals?

11        A.  Yes.

12        Q.  And do you see the column within that

13   section, the Withdrawals section, titled Address?

14        A.  Yes.

15        Q.  If you look on page 979 all the way through

16   980 and at the very top of 981, you'll see a long

17   string of numbers and letters that repeat over and

18   over again under the Address header in the Withdrawals

19   section of Exhibit 8.  Do you see that?

20             MR. EANET:  I'm trying to follow along,

21   Mr. Stewart.  The Address section under the

22   Withdrawals column?

23             MR. STEWART:  Yes.  Let me rephrase.

24        Q.  In the Address section of the Withdrawal

25   section, in the column of the Withdrawal section,

Page 104

1    there's a long string of numbers and letters ending in

2    90D4 that repeat across three pages, from 979 to 981.

3    Do you see that, Mr. Wen?

4         A.   Yes, Mr. Stewart.  I just would like to

5    point out that there is one row that has a different

6    string of characters and letters that is dated July

7    28th, 2017 on page 980.

8         Q.   I see that, Mr. Wen.  Other than that one

9    row, every other row from pages 979 through 981 in the

10   Address column of the Withdrawals section identifies

11   the address as ending in 90D4; is that correct?

12        A.   Yes, that's correct.

13             MR. EANET:  Objection, the document speaks

14   for itself.

15        A.   Yes, that is correct.

16        Q.   Is the address ending in 90D4 an Ethereum

17   cryptocurrency address?

18             MR. EANET:  Objection, calls for

19   speculation, vague and ambiguous.

20        A.   To the best of my knowledge, yes.

21        Q.   Who owns that address?

22             MR. EANET:  Objection, calls for

23   speculation and a legal conclusion.  Go ahead.

24        A.   To the best of my knowledge, that address

25   is owned or controlled by Sea.

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 105

1         Q.  Is it owned or controlled by Sea for your

2    benefit?

3              MR. EANET:  Objection, calls for a legal

4    conclusion, calls for speculation.

5         A.  As far as I know, it is used for my

6    benefit, but I do not know whether Sea is using it,

7    that address, for his or others' benefits.

8         Q.  Mr. Wen, did you transfer cryptocurrency to

9    the address ending in 90D4 that is held -- that you

10   state Sea owns?

11             MR. EANET:  Objection, vague and ambiguous.

12   I'm just a little confused.  Objection, vague and

13   ambiguous.

14        Q.  Mr. Wen, did you transfer Ether from your

15   Poloniex account to the address ending in 90D4?

16        A.  According to this document, yes.

17        Q.  Do you have any reason to believe that this

18   document isn't accurate?

19        A.  No.

20        Q.  And in fact you did transfer Ether from

21   your Poloniex cryptocurrency account back to your

22   Bitstamp account, correct?

23             MR. EANET:  I'm sorry, Mr. Stewart.  Can

24   you restate the question?  You broke up a little bit

25   on our side.

Page 118

1    other cryptocurrency -- any cryptocurrency in a cold

2    storage offline wallet?

3         A.  No.

4         Q.  Do you hold any other cryptocurrency other

5    than the cryptocurrency disclosed on Exhibit 6?  I

6    should clarify that I'm asking whether you presently

7    hold any other cryptocurrency other than the

8    cryptocurrency identified on Exhibit 6.

9              MR. EANET:  Hang on just one second.  I

10   just want to digest it.

11        Okay.  If you understand the question, you can

12   answer.

13        A.  None that I am -- that I am aware of.

14        Q.  As of October 25th, 2019, did you hold any

15   other cryptocurrency other than the cryptocurrency

16   disclosed on Exhibit 6?

17        A.  Can I have a second to review a document?

18        Q.  Sure.

19        A.  So it looks like, according to Exhibit 8,

20   the Poloniex history, if you look on page 978, which

21   is the first page, under Current Balances, as of

22   February 10th, 2021, it indicates that I own the

23   currency USDC with a balance o<sup>Redacted</sup>REDACTED with a U.S.

24   dollar value of REDACTED

25        Q.  Other than what was discussed as of October

Page 125

1    from the 455 address?

2         Q.  Yes.  So the question is, Mr. Wen, are you

3    aware that the address ending in d455, which you

4    stated Sea holds for your benefit, has experienced a

5    number of withdrawals of Ether in 2020?

6              MR. EANET:  It mischaracterizes his

7    testimony as to Sea's holding of the account for his

8    benefit.  He also indicated that he doesn't know who

9    else's benefit it's held for.  But, in any event, I

10   need to consult with Mr. Wen for a minute regarding

11   his Fifth Amendment rights and privileges.

12            (Brief interruption)

13              MR. EANET:  In addition to the previous

14   objections that I made, I'm also going to object to

15   the question on the grounds that it invades Mr. Wen's

16   constitutional rights against self-incrimination under

17   the state and federal constitution.

18         Mr. Wen.

19         A.  I decline to answer the question based on

20   my Fifth Amendment rights.

21         Q.  Mr. Wen, I will proffer that the outgoing

22   transfers since October 23, 2019 from the address

23   ending in d455 total about 1,377 Ether.  Have you

24   transferred 1,377 Ether from the cryptocurrency

25   address ending in d455 since October 23, 2019?

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 126

1        MR. EANET:  Has Mr. Wen done that?

2        Q.  Mr. Wen, have you directed Sea to transfer

3    1,377 Ether from your cryptocurrency address ending in

4    d455 since October 23, 2019?

5        MR. EANET:  I'm going to instruct -- I'm

6    going to object to the question that it invades his

7    constitutional rights against self-incrimination and

8    advise him not to answer.

9        A.  I decline to answer the question based on

10   my Fifth Amendment rights.

11       Q.  Isn't it true, Mr. Wen, that you

12   transferred -- that you instructed Sea to transfer

13   1,377 Ether from your cryptocurrency address ending in

14   d455 since October 23, 2019?

15       MR. EANET:  Objection, argumentative, asked

16   and answered, vague and ambiguous, and would invade

17   his constitutional rights against self-incrimination.

18       Go ahead.

19       A.  I decline to answer the question based on

20   my Fifth Amendment rights.

21       Q.  Mr. Wen, I'm turning to another two-page

22   document, the Bates numbers for this document are

23   CFPB-Wen Depo-001006 through 1007.  Mr. Wen, I'll

24   proffer that this document is another printout from

25   the website Etherscan.IO, which provides publicly

Page 127

1    available information about the Ethereum transactions.

2    I will also proffer that the printout also shows

3    information about the cryptocurrency address ending in

4    90D4.

5         MR. STEWART:  Ms. Kinkade, can you please

6    mark this document as Exhibit 11?

7                        (Exhibit 11 marked for

8                        identification:

9                        CFPB-Wen Depo-001006 -

10                       CFPB-Wen Depo-001007)

11   BY MR. STEWART:

12        Q.  Mr. Wen, you will see partway down the page

13   on Exhibit 11 at page 1006 that there's a transaction

14   valued at 4,355 Ether.  Do you see that, Mr. Wen?

15        MR. EANET:  You're talking about the one

16   dated January 9th of 2018?

17        MR. STEWART:  That's correct.

18        MR. EANET:  Okay.

19        A.  Yes.

20        Q.  And then after that transaction, Mr. Wen,

21   you will see four outgoing transactions from the

22   address ending in 90D4 of various amounts of Ethereum,

23   all of the outgoing transactions occur in 2020.  Do

24   you see that, Mr. Wen?

25        A.  Yes.

Page 128

1        Q.  You previously stated that you transferred

2    significant amounts of Ethereum to the address ending

3    in 90D4, correct?

4            MR. EANET:  Objection, vague and ambiguous,

5    asked and answered.

6        A.  May I refer to the documents?

7        Q.  Sure.  I would refer you, Mr. Wen, to

8    Exhibit 8, the production from Poloniex.

9        A.  Okay.

10       Q.  And on page 979 of Exhibit 8, in the

11   section on Withdrawals, you will see in the Address

12   column, the address ending in 90D4, which is the same

13   address identified -- I will proffer to you is the

14   same address identified on Exhibit 11.

15       A.  Okay.

16       Q.  So is it correct, Mr. Wen, that you

17   transferred Ethereum from your Poloniex account to the

18   address ending in 90D4?

19       A.  Yes.

20       Q.  And you've previously testified that that's

21   an address for Ethereum that Sea held for your

22   benefit, correct?

23           MR. EANET:  Objection based on it

24   mischaracterizes the witness's prior testimony.

25       A.  Yes.

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Page 129

1          Q.  I will proffer to you, Mr. Wen, that the

2     outgoing transfers in 2020 that are shown on Exhibit

3     11 for the address ending in 90D4 are about 489 Ether.

4     Have you transferred 489 Ether from your

5     cryptocurrency address -- have you directed Sea to

6     transfer 489 Ether from the cryptocurrency address

7     ending in 90D4 since October 23, 2019?

8               MR. EANET:  I'm sorry.  Since what date?

9          Q.  October 23, 2019.

10              MR. EANET:  I'm going to object that it

11     would invade the witness's constitutional rights

12     against self-incrimination.

13         A.  I decline to answer the question based on

14     my Fifth Amendment rights.

15         Q.  Isn't it true that you directed Sea to

16     transfer 489 Ether from your cryptocurrency address

17     ending in 90D4 since October 23, 2019?

18              MR. EANET:  Objection, asked and answered,

19     Mr. Stewart.  Wasn't that the same question you just

20     asked?

21              MR. STEWART:  It was not.

22              MR. EANET:  How is it different?

23              MR. STEWART:  That's not a basis for

24     Mr. Wen not to answer.

25         Q.  Will you please answer the question,

Page 130

1    Mr. Wen?

2            MR. EANET:  Object that it's asked and

3    answered, and asking the witness the same question

4    over and over again is harassing a witness.  So I'm

5    not going to -- I'm not going to stand for it.  So if

6    you want to have the question read back, my objection

7    stands, and I'll instruct the witness.

8            MR. STEWART:  Ms. Kinkade, can you please

9    read the question so the witness can answer it?

10           (The record was read by the reporter

11           as follows:

12           "Isn't it true that you directed Sea

13           to transfer 489 Ether from your

14           cryptocurrency address ending in 90D4

15           since October 23, 2019?")

16           MR. EANET:  And I'm going to object to the

17   question to the extent it would invade his

18   constitutional rights against self-incrimination and

19   instruct him not to answer.

20       A.  I decline to answer the question based on

21   my Fifth Amendment rights.

22       Q.  Mr. Wen, has Diana Dai paid any of your

23   bills since entry of the temporary restraining order

24   in this matter?

25           MR. EANET:  Objection, outside the scope.

Page 135

1    used anyone else's bank account to receive money?

2              MR. EANET:  Objection, vague and ambiguous

3    as to the phrase "anyone else."  Other than his own,

4    is that what you mean, Mr. Stewart?

5              MR. STEWART:  Other than his own or

6    Ms. Dai -- Ms. Diana Dai.

7              MR. EANET:  Well, I'm going to object that

8    it assumes facts not in evidence and it's compound.

9         A.  As far as I know, no.

10        Q.  Mr. Wen, other than your salary since

11   October 23, 2019, have you received any money for your

12   benefit?

13        A.  I would like to consult with my attorney.

14        Q.  With respect to your Fifth Amendment

15   rights?

16             MR. EANET:  Yes, that's correct.

17        A.  Yes.

18             MR. STEWART:  Okay.

19         (Brief interruption)

20             MR. EANET:  Can you go ahead and read back

21   the question, please?

22             (The record was read by the reporter

23             as follows:

24             "Mr. Wen, other than your salary

25             since October 23, 2019, have you

Page 136

1              received any money for your

2              benefit?")

3              MR. EANET:  Have you received any money for

4    your benefit ... I'm going to object that the question

5    is vague and ambiguous and beyond the scope of the

6    deposition limits that are imposed by the preliminary

7    injunction.  And beyond that I'm going to object to

8    the question to the extent that it would invade

9    Mr. Wen's constitutional rights against

10   self-incrimination and advise him not to answer on

11   that basis.

12         Mr. Wen.

13         A.  I decline to answer the question based on

14   my Fifth Amendment rights.

15         Q.  Mr. Wen, since October 23, 2019, have you

16   received any cryptocurrency?

17         A.  As far as I know, no.

18         Q.  Mr. Wen, since October 23, 2019, have you

19   received any cash payments other than for employment?

20         MR. EANET:  I'm sorry, Mr. Stewart, you

21   broke up there.

22         Q.  Mr. Wen, since October 23, 2019, have you

23   received any cash payments other than from employment?

24         MR. EANET:  I'm going to object to the

25   question on the grounds that it is vague and ambiguous

Page 137

1    and assumes facts not in evidence.  And I'm further

2    going to object to the question on the grounds that it

3    invades Mr. Wen's constitutional rights against

4    self-incrimination and advise him not to answer on

5    that grounds.

6           A.  I decline to answer the question based on

7    my Fifth Amendment rights.

8           Q.  Mr. Wen, who is Alice Chen?

9           A.  Alice Chen is a longtime friend of mine.

10          Q.  How long have you known Ms. Chen?

11          A.  I've known Ms. Chen for almost 20 years.

12          Q.  Ms. Chen lent you REDACTED on October 25th,

13   2019, correct?

14          A.  I would have to refer to some documents, if

15   you don't mind.

16          Q.  Sure.  Specifically, Mr. Wen, I would

17   direct you to Exhibit 3.

18              MR. EANET:  No, it should be ...

19          Q.  I would specifically direct you to page 279

20   of Exhibit 3, item 27, "Other Loans and Liability."

21              MR. EANET:  Right there.

22          A.  Yes.

23          Q.  Why did Ms. Chen loan you REDACTED?

24              MR. EANET:  I'm going to object to the

25   question on the grounds that it's beyond the scope of

Page 138

1    permissible discovery under the limited expedited

2    discovery provisions of the agreement as well as to

3    the extent it calls for speculation, but, go ahead,

4    Mr. Wen.

5         A.   To help me pay for Venable's legal fees.

6         Q.   Have you made any payments on the loan that

7    Ms. Chen gave you to date?

8         A.   I do not remember.  Can I speak with my --

9    can I consult with my attorney on this?

10        Q.   With respect to your Fifth Amendment

11   rights?

12        A.   Yes.

13             MR. STEWART:  No objection.

14        (Brief interruption)

15             MR. EANET:  We're back on.  If the reporter

16   doesn't mind rereading the question.

17                  (The record was read by the reporter

18                  as follows:

19                  "Have you made any payments on the

20                  loan that Ms. Chen gave you to

21                  date?")

22             MR. EANET:  I'm going to object to the

23   question on being beyond the scope of permissible

24   discovery and not likely to lead to the discovery of

25   admissible information.  I'm also going to object to

Page 139

1    the question to the extent it would invade the

2    witness's Fifth Amendment rights against

3    self-incrimination.  On that basis, I'll advise him

4    not to answer.

5         A.  I decline to answer the question based on

6    my Fifth Amendment rights.

7         Q.  Is there a promissory note for the loan

8    that Ms. Chen extended you for REDACTED?

9         A.  No.

10        Q.  Have you ever -- since October 23, 2019,

11   have you given Ms. Chen anything of value?

12            MR. EANET:  I'm going to instruct the

13   witness not to answer on the basis of his Fifth

14   Amendment rights -- or advise him, excuse me.

15        A.  I decline to answer the question based on

16   my Fifth Amendment rights.

17        Q.  Mr. Wen, how many bank accounts do you

18   currently have?

19        A.  As far as I know, three.

20        Q.  At what banks?

21        A.  As far as I know, there's one under my

22   trust at Wells Fargo, there's one under my trust at

23   BNY Mellon, and there's one under me in my individual

24   capacity at AXOS Bank, A-X-O-S.

25        Q.  Where is AXOS Bank located?

2014-02-25 14:31:02|12.238.190.66|Logged in
2014-02-25 14:32:18|12.238.190.66|Changed user password
2014-02-25 16:04:50|12.238.190.66|Logged in
2014-02-25 16:07:02|12.238.190.66|Enabled two-factor authentication
2014-02-25 22:38:35|12.238.190.66|Logged in using two-factor authentication
2014-02-26 19:42:48|66.215.15.50|Logged in using two-factor authentication
2014-02-27 02:12:01|66.215.15.50|Logged in using two-factor authentication
2014-03-03 20:16:26|38.122.246.94|Logged in using two-factor authentication
2014-03-05 01:50:16|66.215.15.50|Logged in using two-factor authentication
2014-03-05 16:12:53|12.238.190.66|Logged in using two-factor authentication
2014-03-06 16:48:10|66.215.15.50|Logged in using two-factor authentication
2014-03-06 16:49:37|66.215.15.50|Opened international wire transfer deposit for $100,000.00
2014-03-07 22:03:52|66.215.15.50|Logged in using two-factor authentication
2014-03-08 05:19:10|66.215.15.50|Logged in using two-factor authentication
2014-03-08 19:55:52|66.215.15.50|Logged in using two-factor authentication
2014-03-10 18:19:33|66.215.15.50|Logged in using two-factor authentication
2014-03-10 20:02:36|66.215.15.50|Logged in using two-factor authentication
2014-03-11 01:50:05|66.215.15.50|Logged in using two-factor authentication
2014-03-12 00:04:04|66.215.15.50|Logged in using two-factor authentication
2014-03-12 18:18:55|66.215.15.50|Logged in using two-factor authentication
2014-03-12 22:47:16|66.215.15.50|Logged in using two-factor authentication
2014-03-13 22:24:50|38.122.246.94|Logged in using two-factor authentication
2014-03-14 16:10:21|66.215.15.50|Logged in using two-factor authentication
2014-03-15 03:22:20|66.215.15.50|Logged in using two-factor authentication
2014-03-15 08:52:47|66.215.15.50|Logged in using two-factor authentication
2014-03-15 21:06:40|12.238.190.66|Logged in using two-factor authentication
2014-03-16 21:47:52|66.215.15.50|Logged in using two-factor authentication
2014-03-17 08:55:57|66.215.15.50|Logged in using two-factor authentication
2014-03-18 18:38:54|66.215.15.50|Logged in using two-factor authentication
2014-03-18 23:40:34|66.215.15.50|Logged in using two-factor authentication
2014-03-19 21:52:15|66.215.15.50|Logged in using two-factor authentication
2014-03-20 09:14:56|66.215.15.50|Logged in using two-factor authentication
2014-03-21 02:40:36|66.215.15.50|Logged in using two-factor authentication
2014-03-21 03:57:03|66.215.15.50|Opened instant buy order for $600.00
2014-03-21 04:02:26|66.215.15.50|Opened instant buy order for $160.00
2014-03-21 04:06:33|66.215.15.50|Opened instant buy order for $1,387.00
2014-03-21 05:41:18|66.215.15.50|Opened instant buy order for $9,347.08
2014-03-21 05:47:39|66.215.15.50|Opened instant buy order for $479.53
2014-03-21 11:02:11|66.215.15.50|Logged in using two-factor authentication
2014-03-21 21:59:04|66.215.15.50|Logged in using two-factor authentication
2014-03-21 22:24:44|66.215.15.50|Opened instant buy order for $13,000.00
2014-03-21 22:31:00|66.215.15.50|Opened instant buy order for $6,000.00
2014-03-22 04:55:18|66.215.15.50|Logged in using two-factor authentication
2014-03-22 20:33:20|66.215.15.50|Logged in using two-factor authentication
2014-03-22 20:37:32|66.215.15.50|Opened instant buy order for $5,300.00
2014-03-22 20:38:16|66.215.15.50|Opened instant buy order for $5,300.00
2014-03-24 03:04:29|66.215.15.50|Logged in using two-factor authentication
2014-03-25 06:32:38|66.215.15.50|Logged in using two-factor authentication
2014-03-26 00:20:33|66.215.15.50|Logged in using two-factor authentication
2014-03-26 09:43:37|12.238.190.66|Logged in using two-factor authentication
2014-03-27 13:45:33|12.238.190.66|Logged in using two-factor authentication
2014-03-27 13:58:20|12.238.190.66|Opened instant buy order for $17,000.00
2014-03-27 14:10:16|12.238.190.66|Opened instant buy order for $15,000.00
2014-03-27 14:14:23|12.238.190.66|Opened instant buy order for $26,331.05
2014-05-07 03:47:55|66.215.15.50|Logged in using two-factor authentication
2014-06-04 15:51:37|12.238.190.66|Logged in using two-factor authentication



**EXHIBIT**

**Wen 7**

CFPB-Wen Depo-000894

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

2014-06-04 15:52:41|12.238.190.66|Changed user password
2014-06-18 15:58:53|12.238.190.66|Logged in using two-factor authentication
2014-06-29 09:19:09|66.215.15.50|Logged in using two-factor authentication
2014-07-03 05:41:17|66.215.15.50|Logged in using two-factor authentication
2014-08-13 06:08:07|66.215.15.50|Logged in using two-factor authentication
2014-08-13 07:14:06|66.215.15.50|Opened international wire transfer deposit for REDACTED
2014-08-16 01:30:26|12.238.190.66|Logged in using two-factor authentication
2014-08-18 10:51:09|12.238.190.66|Logged in using two-factor authentication
2014-09-16 07:08:46|66.215.15.50|Logged in using two-factor authentication
2014-09-16 07:10:58|66.215.15.50|Changed user password
2014-09-19 09:26:23|66.215.15.50|Logged in using two-factor authentication
2014-09-19 14:23:13|66.215.15.50|Logged in using two-factor authentication
2014-09-23 08:45:09|66.215.15.50|Logged in using two-factor authentication
2014-09-23 09:54:45|66.215.15.50|Opened instant buy order for REDACTED
2014-09-23 09:56:34|66.215.15.50|Opened instant buy order for REDACTED
2014-11-30 22:52:46|66.215.15.50|Logged in using two-factor authentication
2015-03-07 20:44:43|68.5.139.60|Logged in using two-factor authentication
2015-03-07 20:44:55|68.5.139.60|Changed user password
2015-03-08 00:29:11|68.5.139.60|Logged in using two-factor authentication
2015-03-08 00:49:42|68.5.139.60|Logged in using two-factor authentication
2015-11-21 19:34:53|71.165.27.59|Requested password recovery
2015-11-21 19:35:25|71.165.27.59|Logged in using two-factor authentication
2015-11-21 19:35:49|71.165.27.59|Changed user password
2015-11-21 19:38:55|71.165.27.59|Logged in using two-factor authentication
2015-12-08 06:38:16|71.165.27.59|Logged in using two-factor authentication
2016-04-09 23:23:19|72.87.153.171|Logged in using two-factor authentication
2016-04-09 23:23:31|72.87.153.171|Changed user password
2016-04-09 23:24:36|72.87.153.171|Logged in using two-factor authentication
2016-05-30 09:27:59|72.87.153.171|Logged in using two-factor authentication
2016-06-30 02:58:46|72.87.153.171|Logged in using two-factor authentication
2016-06-30 02:59:10|72.87.153.171|Changed user password
2016-06-30 02:59:24|72.87.153.171|Logged in using two-factor authentication
2016-08-12 07:27:03|72.87.153.171|Logged in using two-factor authentication
2016-08-12 07:27:14|72.87.153.171|Changed user password
2016-08-12 07:27:41|72.87.153.171|Logged in using two-factor authentication
2016-09-23 00:43:26|47.151.177.159|Logged in using two-factor authentication
2016-09-23 07:26:43|47.151.177.159|Logged in using two-factor authentication
2016-09-23 07:27:55|47.151.177.159|Opened bitcoin withdrawal request for REDACTED
1KdignJfu3ZnEex7ihdvTqYdmtEYPWCoc6
2016-09-23 07:27:55|47.151.177.159|Bitcoin withdrawal request: email was sent to user
2016-09-23 07:29:10|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2016-09-24 18:55:52|47.151.177.159|Logged in using two-factor authentication
2016-09-24 18:56:57|47.151.177.159|Opened bitcoin withdrawal request for REDACTED to
1AFgwy8xwkS3T8hV6dK7wmwwLySGQHLRrM
2016-09-24 18:56:57|47.151.177.159|Bitcoin withdrawal request: email was sent to user
2016-09-24 18:57:17|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2016-09-25 04:14:21|47.151.177.159|Logged in using two-factor authentication
2016-09-25 04:18:45|47.151.177.159|Opened bitcoin withdrawal request for REDACTED to
1EGZVgTUnXHvc8uYSkhhnpQzhw6yjnJUzG
2016-09-25 04:18:45|47.151.177.159|Bitcoin withdrawal request: email was sent to user
2016-09-25 04:19:06|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2016-09-30 08:24:37|47.151.177.159|Logged in using two-factor authentication
2016-10-05 22:44:03|47.151.177.159|Logged in using two-factor authentication
2016-10-05 22:45:15|47.151.177.159|Changed user password
2016-10-05 22:45:36|47.151.177.159|Logged in using two-factor authentication
2016-10-06 03:50:35|47.151.177.159|Logged in using two-factor authentication

2016-10-07 03:09:09|47.151.177.159|Logged in using two-factor authentication
2016-10-07 07:48:56|47.151.177.159|Opened bitcoin withdrawal request for REDACTED to
1MtvHSAD2UnoLM59mxAtTuoT35U2qNEPaK
2016-10-07 07:48:56|47.151.177.159|Bitcoin withdrawal request: email was sent to user
2016-10-07 07:49:07|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2016-10-07 20:54:28|47.151.177.159|Logged in using two-factor authentication
2016-10-09 21:36:46|47.151.177.159|Logged in using two-factor authentication
2016-10-30 09:42:20|47.151.177.159|Logged in using two-factor authentication
2016-10-30 09:44:23|47.151.177.159|Opened bitcoin withdrawal request for REDACTED to
1QBtP3PFDMXagJaKKGMx9AyAnsUgoUspia
2016-10-30 09:44:23|47.151.177.159|Bitcoin withdrawal request: email was sent to user
2016-10-30 09:44:32|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2016-11-05 09:56:32|47.151.177.159|Logged in using two-factor authentication
2017-01-04 06:10:48|47.151.177.159|Logged in using two-factor authentication
2017-03-20 03:25:34|47.151.177.159|Logged in using two-factor authentication
2017-03-20 03:25:46|47.151.177.159|Changed user password
2017-03-20 03:26:04|47.151.177.159|Logged in using two-factor authentication
2017-03-20 03:33:05|47.151.177.159|Opened bitcoin withdrawal request for REDACTED TC to
1EvsQRrbFh4NBjpT1SDhJ146H3u9Lex9Wj
2017-03-20 03:33:05|47.151.177.159|Bitcoin withdrawal request: email was sent to user
2017-03-20 03:33:17|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2017-12-26 06:08:04|76.219.238.248|Logged in using two-factor authentication
2017-12-26 06:08:21|76.219.238.248|Turn OFF password change prompts: email sent to user
2017-12-26 06:08:33|76.219.238.248|Changed user password
2017-12-26 06:08:55|76.219.238.248|Logged in using two-factor authentication
2018-01-09 07:01:16|76.219.238.248|Logged in using two-factor authentication
2018-01-09 08:51:16|127.0.0.1|Received 0.50000000 ETH on
0xb6cf9eada34335fd5aff9260d240653343fae652 deposit address.
2018-01-09 09:06:18|127.0.0.1|Received 4355.00000000 ETH on
0xb6cf9eada34335fd5aff9260d240653343fae652 deposit address.
2018-01-09 09:17:32|76.219.238.248|Opened limit sell order (id: 741547220, amount: Redacted, price:
1228.99 USD)
2018-01-09 09:18:34|76.219.238.248|Opened limit sell order (id: 741550115, amount: 15 ETH, price:
1228.99 USD)
2018-01-09 09:19:20|76.219.238.248|Opened limit sell order (id: 741552259, amount: 15 ETH, price:
1228.99 USD)
2018-01-09 09:20:03|76.219.238.248|Opened limit sell order (id: 741554130, amount: 15 ETH, price:
1228.99 USD)
2018-01-09 09:20:18|76.219.238.248|Opened limit sell order (id: 741554825, amount: 15 ETH, price:
1228.99 USD)
2018-01-09 09:20:32|76.219.238.248|Opened limit sell order (id: 741555460, amount: 15 ETH, price:
1228.99 USD)
2018-01-09 09:22:49|76.219.238.248|Opened limit sell order (id: 741561809, amount: 15 ETH, price:
1234.98 USD)
2018-01-09 09:24:49|76.219.238.248|Opened limit sell order (id: 741566778, amount: 15 ETH, price:
1238.41 USD)
2018-01-09 09:25:41|76.219.238.248|Canceled order (id: 741566778, amount: 15.00000000 ETH, price:
1238.41 USD)
2018-01-09 09:25:55|76.219.238.248|Opened limit sell order (id: 741569747, amount: 15 ETH, price:
1238.19 USD)
2018-01-09 09:28:12|76.219.238.248|Opened limit sell order (id: 741575988, amount: 15 ETH, price:
1240.83 USD)
2018-01-09 09:28:22|76.219.238.248|Opened limit sell order (id: 741576340, amount: 15 ETH, price:
1240.81 USD)
2018-01-09 09:28:33|76.219.238.248|Opened limit sell order (id: 741576752, amount: 15 ETH, price:
1240.79 USD)

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

2018-01-09 09:28:49|76.219.238.248|Opened limit sell order (id: 741577371, amount: 15 ETH, price: 1240.76 USD)
2018-01-09 09:28:58|76.219.238.248|Canceled order (id: 741575988, amount: 15.00000000 ETH, price: 1240.83 USD)
2018-01-09 09:28:59|76.219.238.248|Canceled order (id: 741576340, amount: 15.00000000 ETH, price: 1240.81 USD)
2018-01-09 09:29:05|76.219.238.248|Canceled order (id: 741576752, amount: 15.00000000 ETH, price: 1240.79 USD)
2018-01-09 09:30:00|76.219.238.248|Opened limit sell order (id: 741580131, amount: 15 ETH, price: 1238.99 USD)
2018-01-09 09:30:15|76.219.238.248|Canceled order (id: 741577371, amount: 15.00000000 ETH, price: 1240.76 USD)
2018-01-09 09:30:27|76.219.238.248|Opened limit sell order (id: 741581242, amount: 15 ETH, price: 1238.99 USD)
2018-01-09 09:31:51|76.219.238.248|Canceled order (id: 741581242, amount: 15.00000000 ETH, price: 1238.99 USD)
2018-01-09 09:33:19|76.219.238.248|Opened limit sell order (id: 741588013, amount: 15 ETH, price: 1238.97 USD)
2018-01-09 09:33:28|76.219.238.248|Canceled order (id: 741588013, amount: 15.00000000 ETH, price: 1238.97 USD)
2018-01-09 09:34:20|76.219.238.248|Opened limit sell order (id: 741590120, amount: 15 ETH, price: 1238.99 USD)
2018-01-09 09:34:59|76.219.238.248|Opened limit sell order (id: 741591446, amount: 15 ETH, price: 1237.99 USD)
2018-01-09 09:36:38|76.219.238.248|Opened limit sell order (id: 741595189, amount: 15 ETH, price: 1237.99 USD)
2018-01-09 09:37:24|76.219.238.248|Opened limit sell order (id: 741596912, amount: 15 ETH, price: 1237.99 USD)
2018-01-09 09:38:23|76.219.238.248|Opened limit sell order (id: 741598784, amount: 8 ETH, price: 1237.99 USD)
2018-01-09 09:38:45|76.219.238.248|Opened limit sell order (id: 741599422, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:39:00|76.219.238.248|Opened limit sell order (id: 741599941, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:39:43|76.219.238.248|Opened limit sell order (id: 741601446, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:40:34|76.219.238.248|Opened limit sell order (id: 741603226, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:40:42|76.219.238.248|Canceled order (id: 741603226, amount: 10.00000000 ETH, price: 1237.99 USD)
2018-01-09 09:40:54|76.219.238.248|Opened limit sell order (id: 741603996, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:41:05|76.219.238.248|Opened limit sell order (id: 741604447, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:41:17|76.219.238.248|Opened limit sell order (id: 741604888, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:41:38|76.219.238.248|Opened limit sell order (id: 741605567, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:42:00|76.219.238.248|Opened limit sell order (id: 741606456, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:42:17|76.219.238.248|Opened limit sell order (id: 741607170, amount: 10 ETH, price: 1237.99 USD)
2018-01-09 09:42:37|76.219.238.248|Opened limit sell order (id: 741607931, amount: 10 ETH, price: 1238.98 USD)
2018-01-09 09:43:47|76.219.238.248|Opened limit sell order (id: 741610664, amount: 10 ETH, price: 1238.98 USD)

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

2018-01-09 09:44:23|76.219.238.248|Opened limit sell order (id: 741612110, amount: 10 ETH, price: 1238.98 USD)
2018-01-09 09:44:41|76.219.238.248|Opened limit sell order (id: 741612834, amount: 10 ETH, price: 1238.98 USD)
2018-01-09 09:44:54|76.219.238.248|Opened limit sell order (id: 741613367, amount: 10 ETH, price: 1238.98 USD)
2018-01-09 09:45:03|76.219.238.248|Opened limit sell order (id: 741613712, amount: 10 ETH, price: 1238.98 USD)
2018-01-09 09:49:40|76.219.238.248|Opened limit sell order (id: 741625614, amount: 10 ETH, price: 1237.98 USD)
2018-01-09 09:49:57|76.219.238.248|Opened limit sell order (id: 741626447, amount: 10 ETH, price: 1237.98 USD)
2018-01-09 09:51:41|76.219.238.248|Canceled order (id: 741590120, amount: 11.72381083 ETH, price: 1238.99 USD)
2018-01-09 09:51:42|76.219.238.248|Canceled order (id: 741613712, amount: 6.66656341 ETH, price: 1238.98 USD)
2018-01-09 09:51:44|76.219.238.248|Canceled order (id: 741626447, amount: 9.99998974 ETH, price: 1237.98 USD)
2018-01-09 22:32:10|76.219.238.248|Logged in using two-factor authentication
2018-01-09 22:34:15|76.219.238.248|Opened limit sell order (id: 743841279, amount: 10 ETH, price: 1282.19 USD)
2018-01-09 22:34:25|76.219.238.248|Canceled order (id: 743841279, amount: 10.00000000 ETH, price: 1282.19 USD)
2018-01-09 22:34:36|76.219.238.248|Opened limit sell order (id: 743842145, amount: 10 ETH, price: 1282.18 USD)
2018-01-09 22:35:29|76.219.238.248|Canceled order (id: 743842145, amount: 10.00000000 ETH, price: 1282.18 USD)
2018-01-09 22:37:03|76.219.238.248|Opened limit sell order (id: 743848495, amount: 10 ETH, price: 1282.84 USD)
2018-01-09 22:37:44|76.219.238.248|Opened limit sell order (id: 743850371, amount: 10 ETH, price: 1282.93 USD)
2018-01-09 22:38:31|76.219.238.248|Opened limit sell order (id: 743852204, amount: 10 ETH, price: 1287.99 USD)
2018-01-09 22:41:36|76.219.238.248|Opened limit sell order (id: 743859281, amount: 10 ETH, price: 1293.35 USD)
2018-01-09 22:41:53|76.219.238.248|Opened limit sell order (id: 743859967, amount: 10 ETH, price: 1294.95 USD)
2018-01-09 22:43:30|76.219.238.248|Opened limit sell order (id: 743864041, amount: 10 ETH, price: 1295.75 USD)
2018-01-09 22:43:49|76.219.238.248|Opened limit sell order (id: 743864801, amount: 10 ETH, price: 1294.99 USD)
2018-01-09 22:45:43|76.219.238.248|Opened limit sell order (id: 743869852, amount: 10 ETH, price: 1289.99 USD)
2018-01-09 22:46:15|76.219.238.248|Opened limit sell order (id: 743871106, amount: 10 ETH, price: 1299.79 USD)
2018-01-09 22:48:02|76.219.238.248|Opened limit sell order (id: 743875489, amount: 10 ETH, price: 1299.78 USD)
2018-01-09 23:08:11|76.219.238.248|Opened limit sell order (id: 743933471, amount: 10 ETH, price: 1294.37 USD)
2018-01-09 23:11:04|76.219.238.248|Opened limit sell order (id: 743942653, amount: 10 ETH, price: 1297.98 USD)
2018-01-09 23:11:30|76.219.238.248|Opened limit sell order (id: 743943957, amount: 10 ETH, price: 1297.99 USD)
2018-01-09 23:11:39|76.219.238.248|Opened limit sell order (id: 743944442, amount: 10 ETH, price: 1297.99 USD)
2018-01-09 23:11:52|76.219.238.248|Opened limit sell order (id: 743945135, amount: 10 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1297.99 USD)
2018-01-09 23:12:23|76.219.238.248|Opened limit sell order (id: 743946886, amount: 10 ETH, price: 1299.36 USD)
2018-01-09 23:12:37|76.219.238.248|Opened limit sell order (id: 743947545, amount: 10 ETH, price: 1299.34 USD)
2018-01-09 23:20:56|76.219.238.248|Opened limit sell order (id: 743975343, amount: 10 ETH, price: 1296.99 USD)
2018-01-10 01:14:50|76.219.238.248|Opened limit sell order (id: 744354293, amount: 10 ETH, price: 1285.99 USD)
2018-01-10 02:32:22|76.219.238.248|Opened limit sell order (id: 744593666, amount: 10 ETH, price: 1283.04 USD)
2018-01-10 02:32:29|76.219.238.248|Opened limit sell order (id: 744594006, amount: 10 ETH, price: 1283.04 USD)
2018-01-10 02:32:32|76.219.238.248|Opened limit sell order (id: 744594109, amount: 10 ETH, price: 1283.04 USD)
2018-01-10 02:33:19|76.219.238.248|Opened limit sell order (id: 744596479, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:33:32|76.219.238.248|Opened limit sell order (id: 744597152, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:33:53|76.219.238.248|Opened limit sell order (id: 744598299, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:34:01|76.219.238.248|Opened limit sell order (id: 744598665, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:34:14|76.219.238.248|Opened limit sell order (id: 744599315, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:34:26|76.219.238.248|Opened limit sell order (id: 744599865, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:34:38|76.219.238.248|Opened limit sell order (id: 744600412, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:35:03|76.219.238.248|Opened limit sell order (id: 744601572, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:35:17|76.219.238.248|Opened limit sell order (id: 744602231, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 02:35:43|76.219.238.248|Opened limit sell order (id: 744603478, amount: 10 ETH, price: 1287.96 USD)
2018-01-10 04:45:43|76.219.238.248|Opened limit sell order (id: 745016338, amount: 10 ETH, price: 1377.99 USD)
2018-01-10 04:46:54|76.219.238.248|Opened limit sell order (id: 745020173, amount: 10 ETH, price: 1377.97 USD)
2018-01-10 04:47:14|76.219.238.248|Opened limit sell order (id: 745021286, amount: 10 ETH, price: 1375.87 USD)
2018-01-10 04:48:34|76.219.238.248|Opened limit sell order (id: 745026167, amount: 10 ETH, price: 1369.99 USD)
2018-01-10 04:51:11|76.219.238.248|Opened limit sell order (id: 745034806, amount: 10 ETH, price: 1369.98 USD)
2018-01-10 04:51:25|76.219.238.248|Opened limit sell order (id: 745035454, amount: 10 ETH, price: 1369.94 USD)
2018-01-10 04:51:33|76.219.238.248|Opened limit sell order (id: 745035747, amount: 10 ETH, price: 1369.94 USD)
2018-01-10 04:52:06|76.219.238.248|Opened limit sell order (id: 745037256, amount: 10 ETH, price: 1369.93 USD)
2018-01-10 04:52:10|76.219.238.248|Opened limit sell order (id: 745037410, amount: 10 ETH, price: 1369.93 USD)
2018-01-10 04:52:21|76.219.238.248|Opened limit sell order (id: 745037876, amount: 10 ETH, price: 1369.91 USD)
2018-01-10 04:52:27|76.219.238.248|Opened limit sell order (id: 745038105, amount: 10 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1369.91 USD)
2018-01-10 04:52:48|76.219.238.248|Opened limit sell order (id: 745038949, amount: 10 ETH, price: 1369.89 USD)
2018-01-10 04:52:52|76.219.238.248|Opened limit sell order (id: 745039151, amount: 10 ETH, price: 1369.89 USD)
2018-01-10 04:52:56|76.219.238.248|Opened limit sell order (id: 745039343, amount: 10 ETH, price: 1369.89 USD)
2018-01-10 04:53:13|76.219.238.248|Opened limit sell order (id: 745040059, amount: 10 ETH, price: 1369.89 USD)
2018-01-10 04:53:29|76.219.238.248|Opened limit sell order (id: 745040865, amount: 10 ETH, price: 1369.88 USD)
2018-01-10 04:53:37|76.219.238.248|Opened limit sell order (id: 745041332, amount: 10 ETH, price: 1369.89 USD)
2018-01-10 04:53:53|76.219.238.248|Opened limit sell order (id: 745042167, amount: 10 ETH, price: 1372.47 USD)
2018-01-10 04:53:58|76.219.238.248|Opened limit sell order (id: 745042456, amount: 10 ETH, price: 1372.47 USD)
2018-01-10 04:54:25|76.219.238.248|Opened limit sell order (id: 745043912, amount: 10 ETH, price: 1377.96 USD)
2018-01-10 04:54:44|76.219.238.248|Opened limit sell order (id: 745044850, amount: 10 ETH, price: 1377.84 USD)
2018-01-10 04:55:07|76.219.238.248|Opened limit sell order (id: 745045993, amount: 10 ETH, price: 1375.86 USD)
2018-01-10 04:55:19|76.219.238.248|Opened limit sell order (id: 745046566, amount: 10 ETH, price: 1375.69 USD)
2018-01-10 04:55:24|76.219.238.248|Opened limit sell order (id: 745046873, amount: 10 ETH, price: 1375.69 USD)
2018-01-10 04:55:43|76.219.238.248|Opened limit sell order (id: 745047863, amount: 10 ETH, price: 1375.69 USD)
2018-01-10 04:55:47|76.219.238.248|Opened limit sell order (id: 745048072, amount: 10 ETH, price: 1375.69 USD)
2018-01-10 04:55:49|76.219.238.248|Opened limit sell order (id: 745048207, amount: 10 ETH, price: 1375.69 USD)
2018-01-10 04:55:52|76.219.238.248|Opened limit sell order (id: 745048346, amount: 10 ETH, price: 1375.69 USD)
2018-01-10 04:55:54|76.219.238.248|Opened limit sell order (id: 745048499, amount: 10 ETH, price: 1375.69 USD)
2018-01-10 04:56:39|76.219.238.248|Opened limit sell order (id: 745051068, amount: 10 ETH, price: 1377.83 USD)
2018-01-10 04:56:43|76.219.238.248|Opened limit sell order (id: 745051299, amount: 10 ETH, price: 1377.83 USD)
2018-01-10 04:57:02|76.219.238.248|Opened limit sell order (id: 745052383, amount: 10 ETH, price: 1377.95 USD)
2018-01-10 04:57:07|76.219.238.248|Opened limit sell order (id: 745052675, amount: 10 ETH, price: 1377.95 USD)
2018-01-10 04:57:12|76.219.238.248|Opened limit sell order (id: 745053033, amount: 10 ETH, price: 1377.95 USD)
2018-01-10 04:57:16|76.219.238.248|Opened limit sell order (id: 745053263, amount: 10 ETH, price: 1377.98 USD)
2018-01-10 04:57:24|76.219.238.248|Opened limit sell order (id: 745053674, amount: 10 ETH, price: 1377.96 USD)
2018-01-10 04:58:18|76.219.238.248|Opened limit sell order (id: 745056597, amount: 10 ETH, price: 1377.99 USD)
2018-01-10 04:58:26|76.219.238.248|Opened limit sell order (id: 745057019, amount: 10 ETH, price: 1377.97 USD)
2018-01-10 04:58:36|76.219.238.248|Opened limit sell order (id: 745057519, amount: 10 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1377.97 USD)
2018-01-10 04:58:47|76.219.238.248|Opened limit sell order (id: 745058090, amount: 10 ETH, price: 1377.98 USD)
2018-01-10 04:58:52|76.219.238.248|Opened limit sell order (id: 745058308, amount: 10 ETH, price: 1377.96 USD)
2018-01-10 04:59:01|76.219.238.248|Opened limit sell order (id: 745058711, amount: 10 ETH, price: 1377.96 USD)
2018-01-10 04:59:23|76.219.238.248|Opened limit sell order (id: 745059898, amount: 10 ETH, price: 1377.98 USD)
2018-01-10 04:59:31|76.219.238.248|Opened limit sell order (id: 745060261, amount: 10 ETH, price: 1377.94 USD)
2018-01-10 04:59:34|76.219.238.248|Opened limit sell order (id: 745060426, amount: 10 ETH, price: 1377.94 USD)
2018-01-10 04:59:42|76.219.238.248|Opened limit sell order (id: 745060771, amount: 10 ETH, price: 1377.94 USD)
2018-01-10 05:00:17|76.219.238.248|Opened limit sell order (id: 745062517, amount: 10 ETH, price: 1378.98 USD)
2018-01-10 05:00:21|76.219.238.248|Opened limit sell order (id: 745062745, amount: 10 ETH, price: 1378.98 USD)
2018-01-10 05:01:32|76.219.238.248|Opened limit sell order (id: 745066944, amount: 10 ETH, price: 1378.98 USD)
2018-01-10 05:01:39|76.219.238.248|Opened limit sell order (id: 745067291, amount: 10 ETH, price: 1378.98 USD)
2018-01-10 05:01:40|76.219.238.248|Opened limit sell order (id: 745067307, amount: 10 ETH, price: 1378.98 USD)
2018-01-10 05:01:46|76.219.238.248|Opened limit sell order (id: 745067661, amount: 10 ETH, price: 1378.97 USD)
2018-01-10 05:01:53|76.219.238.248|Opened limit sell order (id: 745068007, amount: 10 ETH, price: 1378.97 USD)
2018-01-10 05:01:56|76.219.238.248|Opened limit sell order (id: 745068138, amount: 10 ETH, price: 1378.97 USD)
2018-01-10 05:02:19|76.219.238.248|Opened limit sell order (id: 745069224, amount: 10 ETH, price: 1378.97 USD)
2018-01-10 05:02:27|76.219.238.248|Opened limit sell order (id: 745069597, amount: 200 ETH, price: 1378.97 USD)
2018-01-10 05:03:05|76.219.238.248|Opened limit sell order (id: 745071369, amount: 200 ETH, price: 1377.79 USD)
2018-01-10 05:03:36|76.219.238.248|Opened limit sell order (id: 745072939, amount: 200 ETH, price: 1377.77 USD)
2018-01-10 05:03:45|76.219.238.248|Canceled order (id: 745072939, amount: 200.00000000 ETH, price: 1377.77 USD)
2018-01-10 05:03:55|76.219.238.248|Canceled order (id: 745071369, amount: 199.86064727 ETH, price: 1377.79 USD)
2018-01-10 05:04:04|76.219.238.248|Canceled order (id: 745067307, amount: 6.07373409 ETH, price: 1378.98 USD)
2018-01-10 05:04:05|76.219.238.248|Canceled order (id: 745069597, amount: 30.71673587 ETH, price: 1378.97 USD)
2018-01-10 05:04:22|76.219.238.248|Opened limit sell order (id: 745075244, amount: 200 ETH, price: 1378.94 USD)
2018-01-10 05:04:27|76.219.238.248|Canceled order (id: 745075244, amount: 200.00000000 ETH, price: 1378.94 USD)
2018-01-10 05:04:45|76.219.238.248|Opened limit sell order (id: 745076573, amount: 10 ETH, price: 1375.78 USD)
2018-01-10 05:09:51|76.219.238.248|Opened limit sell order (id: 745093129, amount: 10 ETH, price: 1373.99 USD)
2018-01-10 05:18:32|76.219.238.248|Opened limit sell order (id: 745118518, amount: 10 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1373.97 USD)
2018-01-10 05:18:50|76.219.238.248|Opened limit sell order (id: 745119703, amount: 10 ETH, price:
1373.95 USD)
2018-01-10 05:33:24|76.219.238.248|Opened limit sell order (id: 745170788, amount: 10 ETH, price:
1371.98 USD)
2018-01-10 05:34:28|76.219.238.248|Opened limit sell order (id: 745174178, amount: 10 ETH, price:
1371.98 USD)
2018-01-10 05:34:40|76.219.238.248|Opened limit sell order (id: 745174791, amount: 10 ETH, price:
1371.98 USD)
2018-01-10 05:35:45|76.219.238.248|Opened limit sell order (id: 745178664, amount: 10 ETH, price:
1373.93 USD)
2018-01-10 05:36:20|76.219.238.248|Canceled order (id: 745178664, amount: 10.00000000 ETH, price:
1373.93 USD)
2018-01-10 05:36:21|76.219.238.248|Canceled order (id: 745119703, amount: 10.00000000 ETH, price:
1373.95 USD)
2018-01-10 05:36:25|76.219.238.248|Canceled order (id: 745118518, amount: 10.00000000 ETH, price:
1373.97 USD)
2018-01-10 05:36:47|76.219.238.248|Opened limit sell order (id: 745182243, amount: 10 ETH, price:
1372.89 USD)
2018-01-10 05:39:51|76.219.238.248|Opened limit sell order (id: 745192929, amount: 10 ETH, price:
1378.93 USD)
2018-01-10 05:40:22|76.219.238.248|Opened limit sell order (id: 745194768, amount: 10 ETH, price:
1378.94 USD)
2018-01-10 05:41:10|76.219.238.248|Opened limit sell order (id: 745197909, amount: 10 ETH, price:
1378.92 USD)
2018-01-10 06:02:07|76.219.238.248|Canceled order (id: 745197909, amount: 10.00000000 ETH, price:
1378.92 USD)
2018-01-10 06:02:08|76.219.238.248|Canceled order (id: 745194768, amount: 10.00000000 ETH, price:
1378.94 USD)
2018-01-10 06:02:09|76.219.238.248|Canceled order (id: 745192929, amount: 10.00000000 ETH, price:
1378.93 USD)
2018-01-10 06:17:08|76.219.238.248|Opened limit sell order (id: 745323660, amount: 10 ETH, price:
1378.94 USD)
2018-01-10 06:17:15|76.219.238.248|Opened limit sell order (id: 745324018, amount: 10 ETH, price:
1378.93 USD)
2018-01-10 06:18:12|76.219.238.248|Opened limit sell order (id: 745327148, amount: 10 ETH, price:
1378.93 USD)
2018-01-10 06:18:20|76.219.238.248|Opened limit sell order (id: 745327541, amount: 10 ETH, price:
1378.93 USD)
2018-01-10 06:18:25|76.219.238.248|Opened limit sell order (id: 745327803, amount: 10 ETH, price:
1378.94 USD)
2018-01-10 06:18:28|76.219.238.248|Opened limit sell order (id: 745327971, amount: 10 ETH, price:
1378.93 USD)
2018-01-10 06:18:32|76.219.238.248|Opened limit sell order (id: 745328148, amount: 10 ETH, price:
1378.94 USD)
2018-01-10 06:18:35|76.219.238.248|Opened limit sell order (id: 745328327, amount: 10 ETH, price:
1378.94 USD)
2018-01-10 06:18:44|76.219.238.248|Opened limit sell order (id: 745328761, amount: 10 ETH, price:
1378.93 USD)
2018-01-10 06:18:56|76.219.238.248|Opened limit sell order (id: 745329340, amount: 10 ETH, price:
1378.93 USD)
2018-01-10 06:19:00|76.219.238.248|Opened limit sell order (id: 745329553, amount: 10 ETH, price:
1378.94 USD)
2018-01-10 06:20:10|76.219.238.248|Opened limit sell order (id: 745333362, amount: 10 ETH, price:
1378.92 USD)
2018-01-10 06:20:22|76.219.238.248|Canceled order (id: 745328327, amount: 10.00000000 ETH, price:

CFPB-Wen Depo-000902

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1378.94 USD)
2018-01-10 06:32:36|76.219.238.248|Opened limit sell order (id: 745374989, amount: 10 ETH, price: 1378.93 USD)
2018-01-10 06:32:48|76.219.238.248|Canceled order (id: 745329340, amount: 10.00000000 ETH, price: 1378.93 USD)
2018-01-10 06:33:07|76.219.238.248|Opened limit sell order (id: 745376314, amount: 10 ETH, price: 1378.79 USD)
2018-01-10 06:33:16|76.219.238.248|Opened limit sell order (id: 745376620, amount: 10 ETH, price: 1378.79 USD)
2018-01-10 06:41:39|76.219.238.248|Opened limit sell order (id: 745399518, amount: 10 ETH, price: 1374.98 USD)
2018-01-10 06:42:16|76.219.238.248|Opened limit sell order (id: 745401198, amount: 10 ETH, price: 1374.97 USD)
2018-01-10 06:48:27|76.219.238.248|Opened limit sell order (id: 745420817, amount: 10 ETH, price: 1371.98 USD)
2018-01-10 06:49:09|76.219.238.248|Opened limit sell order (id: 745423056, amount: 10 ETH, price: 1371.98 USD)
2018-01-10 06:52:17|76.219.238.248|Canceled order (id: 745423056, amount: 10.00000000 ETH, price: 1371.98 USD)
2018-01-10 06:53:04|76.219.238.248|Opened limit sell order (id: 745434913, amount: 10 ETH, price: 1369.98 USD)
2018-01-10 06:53:54|76.219.238.248|Opened limit sell order (id: 745437616, amount: 10 ETH, price: 1368.98 USD)
2018-01-10 06:55:42|76.219.238.248|Canceled order (id: 745328148, amount: 8.14562026 ETH, price: 1378.94 USD)
2018-01-10 06:55:43|76.219.238.248|Canceled order (id: 745329553, amount: 10.00000000 ETH, price: 1378.94 USD)
2018-01-10 06:55:43|76.219.238.248|Canceled order (id: 745333362, amount: 10.00000000 ETH, price: 1378.92 USD)
2018-01-10 06:55:44|76.219.238.248|Canceled order (id: 745374989, amount: 10.00000000 ETH, price: 1378.93 USD)
2018-01-10 06:55:45|76.219.238.248|Canceled order (id: 745376314, amount: 9.05447682 ETH, price: 1378.79 USD)
2018-01-10 06:55:46|76.219.238.248|Canceled order (id: 745376620, amount: 10.00000000 ETH, price: 1378.79 USD)
2018-01-10 06:55:49|76.219.238.248|Canceled order (id: 745399518, amount: 10.00000000 ETH, price: 1374.98 USD)
2018-01-10 06:55:51|76.219.238.248|Canceled order (id: 745420817, amount: 8.33374339 ETH, price: 1371.98 USD)
2018-01-10 06:55:52|76.219.238.248|Canceled order (id: 745401198, amount: 9.29607099 ETH, price: 1374.97 USD)
2018-01-10 06:55:53|76.219.238.248|Canceled order (id: 745434913, amount: 10.00000000 ETH, price: 1369.98 USD)
2018-01-10 06:55:54|76.219.238.248|Canceled order (id: 745437616, amount: 10.00000000 ETH, price: 1368.98 USD)
2018-01-10 06:56:21|76.219.238.248|Opened limit sell order (id: 745445359, amount: 10 ETH, price: 1361.89 USD)
2018-01-10 06:57:25|76.219.238.248|Opened limit sell order (id: 745448753, amount: 10 ETH, price: 1361.99 USD)
2018-01-10 06:57:30|76.219.238.248|Canceled order (id: 745445359, amount: 9.00000000 ETH, price: 1361.89 USD)
2018-01-10 06:57:57|76.219.238.248|Opened limit sell order (id: 745450465, amount: 10 ETH, price: 1361.99 USD)
2018-01-10 06:58:00|76.219.238.248|Opened limit sell order (id: 745450694, amount: 10 ETH, price: 1361.99 USD)
2018-01-10 06:58:02|76.219.238.248|Opened limit sell order (id: 745450824, amount: 10 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1361.99 USD)
2018-01-10 06:58:05|76.219.238.248|Opened limit sell order (id: 745450947, amount: 10 ETH, price: 1361.99 USD)
2018-01-10 06:58:13|76.219.238.248|Opened limit sell order (id: 745451368, amount: 10 ETH, price: 1361.99 USD)
2018-01-10 06:58:19|76.219.238.248|Canceled order (id: 745451368, amount: 10.00000000 ETH, price: 1361.99 USD)
2018-01-10 06:59:07|76.219.238.248|Opened limit sell order (id: 745454485, amount: 10 ETH, price: 1365.99 USD)
2018-01-10 07:01:05|76.219.238.248|Opened limit sell order (id: 745461176, amount: 10 ETH, price: 1362.99 USD)
2018-01-10 07:02:21|76.219.238.248|Opened limit sell order (id: 745465154, amount: 10 ETH, price: 1362.99 USD)
2018-01-10 07:02:28|76.219.238.248|Opened limit sell order (id: 745465532, amount: 10 ETH, price: 1362.99 USD)
2018-01-10 07:02:37|76.219.238.248|Opened limit sell order (id: 745465974, amount: 10 ETH, price: 1362.99 USD)
2018-01-10 07:02:48|76.219.238.248|Opened limit sell order (id: 745466564, amount: 10 ETH, price: 1362.99 USD)
2018-01-10 07:02:54|76.219.238.248|Opened limit sell order (id: 745466848, amount: 10 ETH, price: 1362.99 USD)
2018-01-10 07:03:01|76.219.238.248|Opened limit sell order (id: 745467192, amount: 10 ETH, price: 1363.99 USD)
2018-01-10 07:03:06|76.219.238.248|Opened limit sell order (id: 745467479, amount: 10 ETH, price: 1363.99 USD)
2018-01-10 07:03:09|76.219.238.248|Opened limit sell order (id: 745467602, amount: 10 ETH, price: 1363.99 USD)
2018-01-10 07:03:12|76.219.238.248|Opened limit sell order (id: 745467772, amount: 10 ETH, price: 1363.99 USD)
2018-01-10 07:03:28|76.219.238.248|Opened limit sell order (id: 745468723, amount: 10 ETH, price: 1363.99 USD)
2018-01-10 07:03:33|76.219.238.248|Opened limit sell order (id: 745468996, amount: 10 ETH, price: 1363.99 USD)
2018-01-10 07:03:42|76.219.238.248|Opened limit sell order (id: 745469435, amount: 10 ETH, price: 1363.99 USD)
2018-01-10 07:03:58|76.219.238.248|Opened limit sell order (id: 745470316, amount: 10 ETH, price: 1364.99 USD)
2018-01-10 07:04:02|76.219.238.248|Canceled order (id: 745469435, amount: 10.00000000 ETH, price: 1363.99 USD)
2018-01-10 07:04:03|76.219.238.248|Canceled order (id: 745468996, amount: 5.90710407 ETH, price: 1363.99 USD)
2018-01-10 07:04:16|76.219.238.248|Opened limit sell order (id: 745471195, amount: 10 ETH, price: 1364.99 USD)
2018-01-10 07:04:43|76.219.238.248|Opened limit sell order (id: 745472677, amount: 10 ETH, price: 1364.99 USD)
2018-01-10 07:05:24|76.219.238.248|Opened limit sell order (id: 745474923, amount: 10 ETH, price: 1364.99 USD)
2018-01-10 07:05:26|76.219.238.248|Opened limit sell order (id: 745475032, amount: 10 ETH, price: 1364.99 USD)
2018-01-10 07:05:36|76.219.238.248|Opened limit sell order (id: 745475610, amount: 10 ETH, price: 1364.99 USD)
2018-01-10 07:05:41|76.219.238.248|Opened limit sell order (id: 745475912, amount: 10 ETH, price: 1364.99 USD)
2018-01-10 07:06:52|76.219.238.248|Opened limit sell order (id: 745479864, amount: 10 ETH, price: 1364.99 USD)
2018-01-10 07:08:01|76.219.238.248|Canceled order (id: 745454485, amount: 10.00000000 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1365.99 USD)
2018-01-10 07:08:30|76.219.238.248|Opened limit sell order (id: 745485088, amount: 10 ETH, price:
1364.89 USD)
2018-01-10 07:10:48|76.219.238.248|Canceled order (id: 745485088, amount: 10.00000000 ETH, price:
1364.89 USD)
2018-01-10 07:10:49|76.219.238.248|Canceled order (id: 745479864, amount: 10.00000000 ETH, price:
1364.99 USD)
2018-01-10 07:11:13|76.219.238.248|Opened limit sell order (id: 745493918, amount: 10 ETH, price:
1364.89 USD)
2018-01-10 07:12:18|76.219.238.248|Canceled order (id: 745475912, amount: 8.54482034 ETH, price:
1364.99 USD)
2018-01-10 07:26:46|76.219.238.248|Canceled order (id: 745493918, amount: 10.00000000 ETH, price:
1364.89 USD)
2018-01-10 12:19:23|76.219.238.248|Opened limit sell order (id: 746556268, amount: 7.5 ETH, price:
1349.98 USD)
2018-01-10 12:22:25|76.219.238.248|Opened limit sell order (id: 746564278, amount: 7.5 ETH, price:
1349.99 USD)
2018-01-10 12:23:18|76.219.238.248|Opened limit sell order (id: 746566452, amount: 10 ETH, price:
1349.99 USD)
2018-01-10 12:23:22|76.219.238.248|Opened limit sell order (id: 746566619, amount: 10 ETH, price:
1349.99 USD)
2018-01-10 12:23:26|76.219.238.248|Opened limit sell order (id: 746566787, amount: 10 ETH, price:
1349.99 USD)
2018-01-10 12:23:30|76.219.238.248|Opened limit sell order (id: 746566926, amount: 10 ETH, price:
1349.99 USD)
2018-01-10 12:23:38|76.219.238.248|Opened limit sell order (id: 746567253, amount: 10 ETH, price:
1349.99 USD)
2018-01-10 12:23:40|76.219.238.248|Opened limit sell order (id: 746567356, amount: 10 ETH, price:
1349.99 USD)
2018-01-10 12:24:00|76.219.238.248|Opened limit sell order (id: 746568225, amount: 10 ETH, price:
1350.99 USD)
2018-01-10 12:25:12|76.219.238.248|Opened limit sell order (id: 746571083, amount: 10 ETH, price:
1350.98 USD)
2018-01-10 12:26:29|76.219.238.248|Opened limit sell order (id: 746574916, amount: 10 ETH, price:
1350.99 USD)
2018-01-10 12:26:42|76.219.238.248|Opened limit sell order (id: 746575458, amount: 10 ETH, price:
1350.97 USD)
2018-01-10 12:26:46|76.219.238.248|Opened limit sell order (id: 746575684, amount: 10 ETH, price:
1350.97 USD)
2018-01-10 12:27:14|76.219.238.248|Opened limit sell order (id: 746576965, amount: 10 ETH, price:
1350.96 USD)
2018-01-10 12:27:29|76.219.238.248|Opened limit sell order (id: 746577605, amount: 10 ETH, price:
1350.96 USD)
2018-01-10 12:27:41|76.219.238.248|Opened limit sell order (id: 746578129, amount: 10 ETH, price:
1350.95 USD)
2018-01-10 12:28:06|76.219.238.248|Opened limit sell order (id: 746579225, amount: 75 ETH, price:
1350.99 USD)
2018-01-10 12:28:34|76.219.238.248|Canceled order (id: 746579225, amount: 75.00000000 ETH, price:
1350.99 USD)
2018-01-10 12:28:48|76.219.238.248|Opened limit sell order (id: 746580893, amount: 7.5 ETH, price:
1350.99 USD)
2018-01-10 12:34:05|76.219.238.248|Canceled order (id: 746568225, amount: 10.00000000 ETH, price:
1350.99 USD)
2018-01-10 12:34:05|76.219.238.248|Canceled order (id: 746571083, amount: 9.38356475 ETH, price:
1350.98 USD)
2018-01-10 12:34:06|76.219.238.248|Canceled order (id: 746574916, amount: 10.00000000 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1350.99 USD)
2018-01-10 12:34:07|76.219.238.248|Canceled order (id: 746575458, amount: 7.05017655 ETH, price: 1350.97 USD)
2018-01-10 12:34:09|76.219.238.248|Canceled order (id: 746575684, amount: 10.00000000 ETH, price: 1350.97 USD)
2018-01-10 12:34:09|76.219.238.248|Canceled order (id: 746577605, amount: 10.00000000 ETH, price: 1350.96 USD)
2018-01-10 12:34:10|76.219.238.248|Canceled order (id: 746578129, amount: 10.00000000 ETH, price: 1350.95 USD)
2018-01-10 12:34:11|76.219.238.248|Canceled order (id: 746580893, amount: 7.50000000 ETH, price: 1350.99 USD)
2018-01-10 12:38:25|76.219.238.248|Opened limit sell order (id: 746607507, amount: 15 ETH, price: 1350.99 USD)
2018-01-10 13:09:32|76.219.238.248|Opened limit sell order (id: 746695470, amount: 15 ETH, price: 1339.99 USD)
2018-01-10 13:21:12|76.219.238.248|Canceled order (id: 746695470, amount: 15.00000000 ETH, price: 1339.99 USD)
2018-01-10 13:39:52|76.219.238.248|Canceled order (id: 746607507, amount: 15.00000000 ETH, price: 1350.99 USD)
2018-01-10 13:40:04|76.219.238.248|Opened limit sell order (id: 746778834, amount: 10 ETH, price: 1350.99 USD)
2018-01-10 13:41:13|76.219.238.248|Opened limit sell order (id: 746782801, amount: 10 ETH, price: 1350.99 USD)
2018-01-10 13:41:17|76.219.238.248|Opened limit sell order (id: 746783018, amount: 10 ETH, price: 1350.99 USD)
2018-01-10 13:41:31|76.219.238.248|Opened limit sell order (id: 746783783, amount: 10 ETH, price: 1350.99 USD)
2018-01-10 13:41:34|76.219.238.248|Opened limit sell order (id: 746783930, amount: 10 ETH, price: 1350.99 USD)
2018-01-10 13:41:46|76.219.238.248|Opened limit sell order (id: 746784684, amount: 10 ETH, price: 1350.99 USD)
2018-01-10 13:42:19|76.219.238.248|Opened limit sell order (id: 746786707, amount: 10 ETH, price: 1350.99 USD)
2018-01-10 13:42:22|76.219.238.248|Opened limit sell order (id: 746786852, amount: 10 ETH, price: 1350.99 USD)
2018-01-10 13:43:07|76.219.238.248|Canceled order (id: 746786852, amount: 10.00000000 ETH, price: 1350.99 USD)
2018-01-10 13:45:16|76.219.238.248|Opened limit sell order (id: 746796819, amount: 10 ETH, price: 1355.77 USD)
2018-01-10 13:45:22|76.219.238.248|Opened limit sell order (id: 746797180, amount: 10 ETH, price: 1360.77 USD)
2018-01-10 13:45:36|76.219.238.248|Opened limit sell order (id: 746798032, amount: 10 ETH, price: 1365.77 USD)
2018-01-10 13:45:43|76.219.238.248|Opened limit sell order (id: 746798475, amount: 10 ETH, price: 1370.77 USD)
2018-01-10 13:45:48|76.219.238.248|Opened limit sell order (id: 746798791, amount: 10 ETH, price: 1375.77 USD)
2018-01-10 13:45:52|76.219.238.248|Opened limit sell order (id: 746799003, amount: 10 ETH, price: 1380.77 USD)
2018-01-10 13:45:55|76.219.238.248|Opened limit sell order (id: 746799234, amount: 10 ETH, price: 1385.77 USD)
2018-01-10 13:46:10|76.219.238.248|Opened limit sell order (id: 746800053, amount: 10 ETH, price: 1390.77 USD)
2018-01-10 13:46:14|76.219.238.248|Opened limit sell order (id: 746800236, amount: 10 ETH, price: 1395.77 USD)
2018-01-10 13:46:37|76.219.238.248|Opened limit sell order (id: 746801545, amount: 10 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1395.88 USD)
2018-01-10 13:46:41|76.219.238.248|Opened limit sell order (id: 746801751, amount: 10 ETH, price: 1390.88 USD)
2018-01-10 13:46:44|76.219.238.248|Opened limit sell order (id: 746801956, amount: 10 ETH, price: 1385.88 USD)
2018-01-10 13:46:48|76.219.238.248|Opened limit sell order (id: 746802177, amount: 10 ETH, price: 1380.88 USD)
2018-01-10 13:46:52|76.219.238.248|Opened limit sell order (id: 746802369, amount: 10 ETH, price: 1375.88 USD)
2018-01-10 13:46:55|76.219.238.248|Opened limit sell order (id: 746802567, amount: 10 ETH, price: 1370.88 USD)
2018-01-10 13:47:02|76.219.238.248|Opened limit sell order (id: 746802955, amount: 10 ETH, price: 1365.88 USD)
2018-01-10 13:47:05|76.219.238.248|Opened limit sell order (id: 746803142, amount: 10 ETH, price: 1360.88 USD)
2018-01-10 13:47:10|76.219.238.248|Opened limit sell order (id: 746803410, amount: 10 ETH, price: 1355.88 USD)
2018-01-13 05:55:41|76.219.238.248|Logged in using two-factor authentication
2018-01-13 07:32:46|76.219.238.248|Canceled order (id: 746803410, amount: 10.00000000 ETH, price: 1355.88 USD)
2018-01-13 07:32:47|76.219.238.248|Canceled order (id: 746803142, amount: 10.00000000 ETH, price: 1360.88 USD)
2018-01-13 07:32:48|76.219.238.248|Canceled order (id: 746802955, amount: 10.00000000 ETH, price: 1365.88 USD)
2018-01-13 07:32:49|76.219.238.248|Canceled order (id: 746802567, amount: 10.00000000 ETH, price: 1370.88 USD)
2018-01-13 07:32:50|76.219.238.248|Canceled order (id: 746802369, amount: 10.00000000 ETH, price: 1375.88 USD)
2018-01-13 07:32:51|76.219.238.248|Canceled order (id: 746802177, amount: 10.00000000 ETH, price: 1380.88 USD)
2018-01-13 07:32:52|76.219.238.248|Canceled order (id: 746801956, amount: 10.00000000 ETH, price: 1385.88 USD)
2018-01-13 07:32:53|76.219.238.248|Canceled order (id: 746801751, amount: 10.00000000 ETH, price: 1390.88 USD)
2018-01-13 07:32:54|76.219.238.248|Canceled order (id: 746801545, amount: 10.00000000 ETH, price: 1395.88 USD)
2018-01-13 07:32:55|76.219.238.248|Canceled order (id: 746800236, amount: 10.00000000 ETH, price: 1395.77 USD)
2018-01-13 07:32:56|76.219.238.248|Canceled order (id: 746800053, amount: 10.00000000 ETH, price: 1390.77 USD)
2018-01-13 07:32:57|76.219.238.248|Canceled order (id: 746799234, amount: 10.00000000 ETH, price: 1385.77 USD)
2018-01-13 07:32:58|76.219.238.248|Canceled order (id: 746799003, amount: 10.00000000 ETH, price: 1380.77 USD)
2018-01-13 07:32:58|76.219.238.248|Canceled order (id: 746798791, amount: 10.00000000 ETH, price: 1375.77 USD)
2018-01-13 07:32:59|76.219.238.248|Canceled order (id: 746798475, amount: 10.00000000 ETH, price: 1370.77 USD)
2018-01-13 07:33:00|76.219.238.248|Canceled order (id: 746798032, amount: 10.00000000 ETH, price: 1365.77 USD)
2018-01-13 07:33:01|76.219.238.248|Canceled order (id: 746797180, amount: 10.00000000 ETH, price: 1360.77 USD)
2018-01-13 07:33:02|76.219.238.248|Canceled order (id: 746796819, amount: 10.00000000 ETH, price: 1355.77 USD)
2018-01-13 08:21:58|76.219.238.248|Opened limit sell order (id: 759807537, amount: 15 ETH, price: 1399.96 USD)

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

2018-01-13 08:46:41|76.219.238.248|Opened limit sell order (id: 759884656, amount: 10 ETH, price: 1340.99 USD)
2018-01-13 08:47:59|76.219.238.248|Opened limit sell order (id: 759888594, amount: 10 ETH, price: 1340.99 USD)
2018-01-13 08:56:39|76.219.238.248|Canceled order (id: 759888594, amount: 6.29354170 ETH, price: 1340.99 USD)
2018-01-13 09:16:51|76.219.238.248|Opened limit sell order (id: 759972954, amount: 10 ETH, price: 1342.98 USD)
2018-01-13 10:07:09|76.219.238.248|Canceled order (id: 759972954, amount: 10.00000000 ETH, price: 1342.98 USD)
2018-01-13 10:18:36|76.219.238.248|Canceled order (id: 759807537, amount: 15.00000000 ETH, price: 1399.96 USD)
2018-01-13 10:18:52|76.219.238.248|Opened limit sell order (id: 760173861, amount: 50 ETH, price: 1399.96 USD)
2018-01-13 10:19:35|76.219.238.248|Opened limit sell order (id: 760175834, amount: 10 ETH, price: 1339.77 USD)
2018-01-13 10:19:42|76.219.238.248|Opened limit sell order (id: 760176169, amount: 10 ETH, price: 1349.77 USD)
2018-01-13 10:19:56|76.219.238.248|Opened limit sell order (id: 760176775, amount: 10 ETH, price: 1354.77 USD)
2018-01-13 10:20:00|76.219.238.248|Opened limit sell order (id: 760176932, amount: 10 ETH, price: 1359.77 USD)
2018-01-13 10:20:09|76.219.238.248|Opened limit sell order (id: 760177415, amount: 15 ETH, price: 1364.77 USD)
2018-01-13 10:20:14|76.219.238.248|Opened limit sell order (id: 760177716, amount: 15 ETH, price: 1369.77 USD)
2018-01-13 10:20:21|76.219.238.248|Opened limit sell order (id: 760178165, amount: 20 ETH, price: 1374.77 USD)
2018-01-13 10:20:26|76.219.238.248|Opened limit sell order (id: 760178472, amount: 20 ETH, price: 1379.77 USD)
2018-01-13 10:20:32|76.219.238.248|Opened limit sell order (id: 760178859, amount: 30 ETH, price: 1384.77 USD)
2018-01-13 10:20:40|76.219.238.248|Opened limit sell order (id: 760179349, amount: 30 ETH, price: 1389.77 USD)
2018-01-13 10:20:47|76.219.238.248|Opened limit sell order (id: 760179769, amount: 40 ETH, price: 1394.77 USD)
2018-01-13 11:02:13|76.219.238.248|Opened limit sell order (id: 760309557, amount: 10 ETH, price: 1337.99 USD)
2018-01-13 19:28:43|76.219.238.248|Logged in using two-factor authentication
2018-01-13 19:32:50|76.219.238.248|Opened limit sell order (id: 761892249, amount: 10 ETH, price: 1397.77 USD)
2018-01-13 19:33:00|76.219.238.248|Opened limit sell order (id: 761892818, amount: 10 ETH, price: 1402.77 USD)
2018-01-13 19:33:04|76.219.238.248|Opened limit sell order (id: 761893059, amount: 10 ETH, price: 1407.77 USD)
2018-01-13 19:33:11|76.219.238.248|Opened limit sell order (id: 761893529, amount: 15 ETH, price: 1412.77 USD)
2018-01-13 19:33:16|76.219.238.248|Opened limit sell order (id: 761893818, amount: 15 ETH, price: 1417.77 USD)
2018-01-13 19:33:23|76.219.238.248|Opened limit sell order (id: 761894224, amount: 20 ETH, price: 1422.77 USD)
2018-01-13 19:33:28|76.219.238.248|Opened limit sell order (id: 761894487, amount: 20 ETH, price: 1427.77 USD)
2018-01-13 19:33:35|76.219.238.248|Opened limit sell order (id: 761894972, amount: 30 ETH, price: 1432.77 USD)
2018-01-13 19:33:39|76.219.238.248|Opened limit sell order (id: 761895233, amount: 30 ETH, price:

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1437.77 USD)
2018-01-13 19:33:44|76.219.238.248|Opened limit sell order (id: 761895584, amount: 40 ETH, price: 1442.77 USD)
2018-01-13 19:33:48|76.219.238.248|Opened limit sell order (id: 761895799, amount: 40 ETH, price: 1447.77 USD)
2018-01-13 19:33:56|76.219.238.248|Opened limit sell order (id: 761896229, amount: 50 ETH, price: 1452.77 USD)
2018-01-13 19:34:02|76.219.238.248|Opened limit sell order (id: 761896536, amount: 50 ETH, price: 1457.77 USD)
2018-01-13 19:34:11|76.219.238.248|Opened limit sell order (id: 761897136, amount: 60 ETH, price: 1462.77 USD)
2018-01-13 19:34:14|76.219.238.248|Opened limit sell order (id: 761897312, amount: 60 ETH, price: 1467.77 USD)
2018-01-13 19:34:24|76.219.238.248|Opened limit sell order (id: 761897955, amount: 70 ETH, price: 1477.77 USD)
2018-01-13 19:34:35|76.219.238.248|Opened limit sell order (id: 761898652, amount: 80 ETH, price: 1482.77 USD)
2018-01-13 19:34:38|76.219.238.248|Opened limit sell order (id: 761898865, amount: 80 ETH, price: 1487.77 USD)
2018-01-13 19:35:15|76.219.238.248|Opened limit sell order (id: 761900904, amount: 70 ETH, price: 1472.77 USD)
2018-01-14 03:13:36|76.219.238.248|Canceled order (id: 761900904, amount: 70.00000000 ETH, price: 1472.77 USD)
2018-01-14 03:13:38|76.219.238.248|Canceled order (id: 761898865, amount: 80.00000000 ETH, price: 1487.77 USD)
2018-01-14 03:13:39|76.219.238.248|Canceled order (id: 761898652, amount: 80.00000000 ETH, price: 1482.77 USD)
2018-01-14 03:13:39|76.219.238.248|Canceled order (id: 761897955, amount: 70.00000000 ETH, price: 1477.77 USD)
2018-01-14 03:13:40|76.219.238.248|Canceled order (id: 761897312, amount: 60.00000000 ETH, price: 1467.77 USD)
2018-01-14 03:13:41|76.219.238.248|Canceled order (id: 761897136, amount: 60.00000000 ETH, price: 1462.77 USD)
2018-01-14 03:13:42|76.219.238.248|Canceled order (id: 761896536, amount: 50.00000000 ETH, price: 1457.77 USD)
2018-01-14 03:13:43|76.219.238.248|Canceled order (id: 761896229, amount: 50.00000000 ETH, price: 1452.77 USD)
2018-01-14 03:13:43|76.219.238.248|Canceled order (id: 761895799, amount: 40.00000000 ETH, price: 1447.77 USD)
2018-01-14 03:13:44|76.219.238.248|Canceled order (id: 761895584, amount: 40.00000000 ETH, price: 1442.77 USD)
2018-01-14 03:13:45|76.219.238.248|Canceled order (id: 761895233, amount: 30.00000000 ETH, price: 1437.77 USD)
2018-01-14 03:13:46|76.219.238.248|Canceled order (id: 761894972, amount: 30.00000000 ETH, price: 1432.77 USD)
2018-01-14 03:13:47|76.219.238.248|Canceled order (id: 761894487, amount: 20.00000000 ETH, price: 1427.77 USD)
2018-01-14 03:13:47|76.219.238.248|Canceled order (id: 761894224, amount: 20.00000000 ETH, price: 1422.77 USD)
2018-01-14 03:14:23|76.219.238.248|Opened limit sell order (id: 763386882, amount: 15 ETH, price: 1419398.00 USD)
2018-01-14 06:59:22|76.219.238.248|Canceled order (id: 763386882, amount: 15.00000000 ETH, price: 1419398.00 USD)
2018-01-14 22:00:12|76.219.238.248|Logged in using two-factor authentication
2018-01-19 07:19:11|76.219.238.248|Logged in using two-factor authentication
2018-01-19 07:23:46|76.219.238.248|Opened ETH withdrawal request for 1 ETH to

0x6644b681eAB811591C146A3E54BBf6d91cb6d455
2018-01-19 07:23:46|76.219.238.248|ETH withdrawal request: email was sent to user
2018-01-19 07:23:55|76.219.238.248|ETH withdrawal request: email confirmed by user
2018-01-19 07:30:24|76.219.238.248|Opened international wire transfer withdrawal request for 10000
2018-01-19 07:30:24|76.219.238.248|International withdrawal request: email was sent to user
2018-01-19 07:30:39|76.219.238.248|International withdrawal request: email confirmed by user
2018-01-19 07:31:17|76.219.238.248|Opened ETH withdrawal request for 2120.05060008 ETH to
0x6644b681eAB811591C146A3E54BBf6d91cb6d455
2018-01-19 07:31:17|76.219.238.248|ETH withdrawal request: email was sent to user
2018-01-19 07:31:24|76.219.238.248|ETH withdrawal request: email confirmed by user
2018-01-20 06:36:06|76.219.238.248|Logged in using two-factor authentication
2018-01-22 04:02:32|76.219.238.248|Logged in using two-factor authentication
2018-01-26 04:36:17|76.219.238.248|Logged in using two-factor authentication
2018-01-26 04:36:32|76.219.238.248|Turn OFF password change prompts: email sent to user
2018-01-26 04:37:20|76.219.238.248|Turn OFF password change prompts: confirmed by user
2018-01-26 04:44:22|76.219.238.248|Opened international wire transfer withdrawal request for
2981988.00
2018-01-26 04:44:22|76.219.238.248|International withdrawal request: email was sent to user
2018-01-26 04:44:31|76.219.238.248|International withdrawal request: email confirmed by user
2018-01-26 20:45:12|76.219.238.248|Logged in using two-factor authentication
2018-01-27 22:17:18|76.219.238.248|Logged in using two-factor authentication
2018-01-29 05:22:41|76.219.238.248|Logged in using two-factor authentication
2018-01-29 21:22:20|76.219.238.248|Logged in using two-factor authentication
2018-01-30 02:10:49|76.219.238.248|Logged in using two-factor authentication
2018-01-30 19:42:26|76.219.238.248|Logged in using two-factor authentication
2018-01-31 19:51:15|76.219.238.248|Logged in using two-factor authentication
2018-02-01 10:38:17|76.219.238.248|Logged in using two-factor authentication
2018-02-02 05:18:35|76.219.238.248|Logged in using two-factor authentication
2018-02-02 20:49:32|76.219.238.248|Logged in using two-factor authentication
2018-02-03 17:08:30|76.219.238.248|Logged in using two-factor authentication
2018-02-05 11:12:04|76.219.238.248|Logged in using two-factor authentication
2019-10-30 23:12:45|76.219.238.248|Logged in using two-factor authentication
2020-04-02 00:09:55|127.0.0.1|User affiliation changed to INC.
2020-05-09 23:03:57|76.219.238.248|Logged in using two-factor authentication
2020-05-11 22:53:50|76.219.238.248|Logged in using two-factor authentication

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

**Entity** REDACTED **4091**

| First Name | Kaine |
|---|---|
| Last Name | Wen |
| Phone Number | Redacted |
| Entered Country | US |
| Address 1 | REDACTED |
| Address 2 | - |
| City | Azusa |
| State | CA |
| Postal Code | REDACTED |
| Date of Birth | REDACTED |
| SSN/Passport ID | |
| Photo ID | Submitted |
| Selfie | Submitted |

**Account #** REDACTED **8106**

**General Information**

| Email Address | REDACTED |
|---|---|
| Chat Name | kainewen |
| Date Created | 3/18/2017 17:27 |
| IP Used when Create | 47.151.177.159 |

**Current Balances as of 2021-02-10 02:35:51**

| Currency | Balance | USD Value |
|---|---|---|
| USDC | REDACTED | REDACTED |

**IP Addresses**

| 1.171.60.249 |
|---|
| 103.23.203.130 |
| 107.77.231.155 |
| 47.151.177.159 |
| 47.154.164.22 |
| 64.58.180.212 |
| 68.5.138.182 |
| 76.219.238.248 |

**Login History**

| Date | IP Address | IP Location | Used 2FA | User Agent |
|---|---|---|---|---|
| 3/18/2017 17:27 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/18/2017 21 00 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/18/2017 23:15 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/19/2017 0:28 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/19/2017 0:39 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/20/2017 4:14 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/20/2017 12:24 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/20/2017 14:16 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/21/2017 23:29 | 1.171.60.249 | TW | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 3/22/2017 10 05 | 1.171.60.249 | TW | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 4/3/2017 3:36 | 103.23.203.130 | ID | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 4/4/2017 5:15 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 4/8/2017 3:54 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/57.0.2987.133 Safari/537.36 |
| 4/9/2017 19:21 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 4/10/2017 4 59 | 68.5.138.182 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 4/10/2017 15 08 | 64.58.180.212 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/56.0.2924.87 Safari/537.36 |
| 4/11/2017 4:27 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_3) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/57.0.2987.133 Safari/537.36 |
| 4/11/2017 22:44 | 47.151.177.159 | US | No | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/57.0.2987.133 Safari/537.36 |

EXHIBIT
Wen 8

CFPB-Wen Depo-000978

Ex. No. 13
P. 285

| Date | | | | | | | IP Address |
|---|---|---|---|---|---|---|---|
| 4/17/2017 23:14 | 47.151.177.159 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/57.0.2987.133 Safari/537.36 | | |
| 5/11/2017 7 06 | 107.77.231.155 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/58.0.3029.96 Safari/537.36 | | |
| 5/11/2017 7:21 | 47.151.177.159 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/58.0.3029.96 Safari/537.36 | | |
| 5/11/2017 7 59 | 107.77.231.155 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/58.0.3029.96 Safari/537.36 | | |
| 5/11/2017 8 00 | 47.151.177.159 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/58.0.3029.96 Safari/537.36 | | |
| 5/26/2017 7:38 | 47.151.177.159 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/58.0.3029.110 Safari/537.36 | | |
| 6/17/2017 23:30 | 47.151.177.159 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/58.0.3029.110 Safari/537.36 | | |
| 6/21/2017 23:27 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_5) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/59.0.3071.115 Safari/537.36 | | |
| 7/12/2017 8:10 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_5) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/59.0.3071.115 Safari/537.36 | | |
| 7/26/2017 23:35 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_5) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/59.0.3071.115 Safari/537.36 | | |
| 7/27/2017 7 56 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_5) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/59.0.3071.115 Safari/537.36 | | |
| 8/3/2017 4:17 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_6) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/60.0.3112.113 Safari/537.36 | | |
| 8/3/2017 4:20 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_6) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/60.0.3112.113 Safari/537.36 | | |
| 9/27/2017 4 52 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_12_6) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/60.0.3112.113 Safari/537.36 | | |
| 11/5/2017 21 08 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_1) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/61.0.3163.100 Safari/537.36 | | |
| 11/6/2017 8:20 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_1) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/61.0.3163.100 Safari/537.36 | | |
| 12/11/2017 7:39 | 47.154.164.22 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_1) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/61.0.3163.100 Safari/537.36 | | |
| 12/12/2017 6 06 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_1) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/62.0.3202.94 Safari/537.36 | | |
| 12/17/2017 7:44 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_1) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/63.0.3239.84 Safari/537.36 | | |
| 12/18/2017 3:38 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_1) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/63.0.3239.84 Safari/537.36 | | |
| 2/3/2018 5:01 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/63.0.3239.132 Safari/537.36 | | |
| 4/29/2018 6 52 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/66.0.3359.139 Safari/537.36 | | |
| 6/6/2018 3:58 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_13_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/66.0.3359.181 Safari/537.36 | | |
| 10/30/2019 23:24 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_15_0) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/78.0.3904.70 Safari/537.36 | | |
| 12/12/2019 9 51 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_15_1) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/78.0.3904.108 Safari/537.36 | | |
| 5/9/2020 23:36 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_15_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/81.0.4044.113 Safari/537.36 | | |
| 5/10/2020 6:21 | 76.219.238.248 | US | | Yes | Mozilla/5.0 (Macintosh; Intel Mac OS X 10_15_4) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/81.0.4044.113 Safari/537.36 | | |

**Deposits**

| Date | Currency | Address | Amount | USD Value | Transaction ID |
|---|---|---|---|---|---|
| 3/18/2017 23:44 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 63f52cfc77809b7d97925bced4981c0b54308f6fc489e8b62a0b2f17aa805739 |
| 3/18/2017 23 54 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | de9f8901a5944c880984f091ecfdafdfb9573284f0c5c54f583c01808638c744 |
| 3/20/2017 5 04 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 0a721b9097269280f3fb2fe69599441eb84ed832b0fdf667eec84df3ac41e95c |
| 4/22/2017 6:28 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 8adc0a9060f343fd5f9dc28cbec7511a73024e7f31dfc6fc20b308bf0e8066a4 |
| 5/27/2017 22:20 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | cab9f7e574f427230684e777e691a1c5f00fc020063994f731b99863f15a30b |
| 6/25/2017 9 52 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 6ead69b4436fec87a3c6dd750362d3a530af71027d3511dbe8d2d7efdf28dfe4 |
| 6/26/2017 6:19 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 9df417f9d036d54ab12f3e391815f514e5a6f0de941f97f973872c422fb2c83 |
| 6/27/2017 8:33 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 18e64ad2b42d7fcf77941c42a2bb5741e8bc24087dc487022621a148a0e81b1a2 |
| 7/6/2017 8 08 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 67bb856018b06cb98d2cfde377a365d00523543978f43ed73bbfa3381a5d9080 |
| 7/8/2017 9 53 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 46c4a61b4c21dda27e50932945bb172651763334ddd183ebff57bef81c371a85 |
| 7/10/2017 21:42 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | 13eb61bccd3ffe798dcbb71522b478661549839cb68abeb20fb0ec4740b44431 |
| 7/11/2017 8:15 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | cf9f66e5c6542116e93ea007d4417b18e81544a5b72f1b02ce58748e95d90f93 |
| 9/25/2017 4:12 | BTC | 1BBPZBaiu21CxJ5DTP2PD3nHKY67cqxTxs | | | dba75eab142775af89253e961ca48d7073d87a82cac6cee57e0f310d5de8b5e7 |

**Withdrawals**

| Date | Currency | Address | Amount | USD Value | Transaction ID | IP Address |
|---|---|---|---|---|---|---|
| 4/6/2017 5:02 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0xe73097935fb147940623354528a2d2359a8ea069b75e567fa80b877961ce3dea | 47.151.177.159 |
| 4/11/2017 22:47 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x6338cda93a39be6728b1eb42b163d65bb59ac8373077d26a26e27ac13cc96135 | 47.151.177.159 |
| 4/13/2017 6 57 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x529d99408353151559ff1d51cb40ae2869494d09ac114173c542ba003099b7e9 | 47.151.177.159 |
| 4/14/2017 7 52 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x666ca94e4ee1c4cdb1e3bd7ee341b587a47fb249f01a5859d9a7e600c9755283 | 47.151.177.159 |
| 4/15/2017 7 53 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x8d728d210e3d7db7412476df8e6d8a0187049f7ca7b722802bd66d141454837c3 | 47.151.177.159 |
| 4/17/2017 7:21 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0xab1983801f5fc8383df19b364cf06d12e7a0b6f580dcedb52a284b0b44101a60 | 47.151.177.159 |
| 4/18/2017 7 55 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0xd19530bb84fb0783b0da4db04fbc50befc1e037c44358e44dd611566d0478d74 | 47.151.177.159 |
| 4/19/2017 19:43 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x0d5ca3531acc6f035b6d85a0d787deb82c08339249994f621b5b2f1ff1b70d | 47.151.177.159 |
| 4/21/2017 4 05 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x1903211958f5f4ed84cc230915be166dfb61081a3a6e84997990faa88a1c0d345 | 47.151.177.159 |
| 4/22/2017 7 04 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x2d56bca87a9aa4b8b3c1d1cdf52f8673ffcd73e541f75a892823f030357841eb | 47.151.177.159 |
| 4/23/2017 8:19 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0xb8085c379027103e2af417e1554a0d17e95b93ececf41d895784764bdb03a0e6 | 47.151.177.159 |
| 4/24/2017 8:20 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x77a194692ed8b220fe26509e3bff38d7ab1404d8f2752985e349a4c43ab603d | 47.151.177.159 |
| 4/25/2017 8:21 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0xb8cc30e75fdc628e06a56541c3a942b3208e5264235f0992964a78269c592f2b | 47.151.177.159 |
| 4/26/2017 8:21 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x34907191da9f071652d77d9c43b22585d3b5286bc42a87e7c1f5993ae824ba95 | 47.151.177.159 |
| 4/27/2017 8:23 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | | 0x97cc70bfe840ea3fa595d66b23f2294b338c36801632c97d920173a1ff61a34b | 47.151.177.159 |

REDACTED

CFPB-Wen Depo-000979

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

| Date | Type | Address | | Hash | IP |
|---|---|---|---|---|---|
| 4/28/2017 9:04 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | REDACTED | 0xcf84068f66c550c70aa459918c80a0ae3c255f8bc176d03dd4696ea7c7ad9ebd | 47.151.177.159 |
| 4/29/2017 19:23 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x65a8c8b9b5fe12ccbf03c8647dd7f2332d4193c9a330c0f76186ca884bb2cfec | 47.151.177.159 |
| 4/30/2017 19:24 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x80fd96226zfb694d788917c3b8d8b295a2905b5b3088b923dc936b848922 | 47.151.177.159 |
| 5/1/2017 19:35 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x129bfec116a7a81c6cba1068a080e5bdc0adca586e5e95bc61fd74150ded030c | 47.151.177.159 |
| 5/2/2017 19:36 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x1b5e4aa702289 baa3493d146339ed6ae5cbec2aeb78f13c8744b1bf03cb3514 | 47.151.177.159 |
| 5/3/2017 23:51 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xf25afe2dfab8ec7dbd1fa94a271b0b39ca9c50bdeaaf5b5582ca43d1f418cd37 | 47.151.177.159 |
| 5/4/2017 19:38 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xeea19a0fbbd2b5c033c2a0739ff2a20e490ccfbadeb4b94cb9d8615c1ba6237e | 47.151.177.159 |
| 5/6/2017 2:33 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x5289f3f5a4baa98723cb5d78dbb63e5da0fbde99649c396bf37a873ea7298768 | 47.151.177.159 |
| 5/7/2017 8:09 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x437ca9596f10dd620229db7361138075c1125be66e6aefd70749e106efd80502 | 47.151.177.159 |
| 5/8/2017 8:11 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x186aa941ba281a754430268e70ad1d22a5bc73745b4f63dd94c1000712bea634 | 47.151.177.159 |
| 5/9/2017 8:12 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x8ff2b7a0606776e9575dab3e4858510e04d8ac46594fa72633fc23a913ace1 | 47.151.177.159 |
| 5/10/2017 8:14 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xde508570952c95b22a15e59c900eac33e70bc0619414e0b7bb3f061fef59af3d | 47.151.177.159 |
| 5/11/2017 8:15 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x926aec2db5a8f2a0d0c2e6cae584b30c90842c58eb0b22925b5903bfe317a472 | 47.151.177.159 |
| 5/12/2017 8:16 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x3e2278113497 79d6d9fc30892e54ccf294dcb2ae8e7523ca20b062e0d8220 0c | 47.151.177.159 |
| 5/13/2017 8:16 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x86677eb13735decc76bc2ab4e5ba23e285654b8e7ae42cb3c430701a59861778 | 47.151.177.159 |
| 5/14/2017 8:33 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xcc26e5737f77dba462c5c7efb99b6d60af70524740ece30f8991368434611 4f31 | 47.151.177.159 |
| 5/15/2017 19:31 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xb42d53e13df7ebd086b369e3a7ab2e76991eb8c94303a21a81887929bd3ff586 | 47.151.177.159 |
| 5/16/2017 21:50 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xfb968342b87dd2cc06e92bbe822fc4f5dbadfd5a6181564fbea27190bb465c92 | 47.151.177.159 |
| 5/18/2017 0:09 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x81442d7ac081c9550995a523690a5ac97685df7b1b053c2f6a0ab45d28a15af0 | 47.151.177.159 |
| 5/19/2017 4:24 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x8e9baf3e68a3223bd4aa5a170929a7e3d014870863fa02bb9b47d04d576f256c | 47.151.177.159 |
| 5/20/2017 4:24 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xb90ed8086597a29960831e322e1eab76a08e58134a67727018 3c1720dabe21a7 | 47.151.177.159 |
| 5/21/2017 6:44 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xb150df73b88d14787bb9e35266604188 7d44cb5e712d00c6938da7b3e743e498 | 47.151.177.159 |
| 5/22/2017 6:45 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x7cf7cd4b5498044d1acddcc7b46ee4dcd4fa4804409a29c3122cf40784b8acec | 47.151.177.159 |
| 5/23/2017 6:56 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x3a1ded084477e2cf44fec76aa0481fe8d9fb59dffef3d965dcd371d6f4e7af2d | 47.151.177.159 |
| 5/24/2017 7:35 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xb06df3c46040b4edbe2536fe9c590fabfc8d8b857b2508d2f2d89372512e8014 | 47.151.177.159 |
| 5/26/2017 7:41 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xda3e2dbb46fc97e539400ff2d191ba320c2b520dbb0dd12c8ac1ff969dee0f1b | 47.151.177.159 |
| 5/27/2017 21:50 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xfdf5763e81b9ed672efa016ea922fed48695abb830780af51fd49aaea1d96f69 | 47.151.177.159 |
| 5/29/2017 4:37 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x8bd21f3fb5b8bcc6a12fde189e0154f60f8595f589256e14baf27108e840f01 | 47.151.177.159 |
| 6/3/2017 23:16 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x0941821a20d17e4029de4dd170d23eca521e9efa6f48879a42b5392d12a45a1 | 47.151.177.159 |
| 6/5/2017 1:45 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x30cfec870c5c034500f4acbd446f4951bf338f2c47c3b0181b465a5231d23696 | 47.151.177.159 |
| 6/6/2017 2:20 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x0827177eeacce67fc3b328f27df6f9cd5604a301d42c515ffe12960985bcbad | 47.151.177.159 |
| 6/10/2017 5:15 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x1a9ac04bcaa7832c3e900aa4772f5c9dec964ac66e226f7a7924cc34356f6e1c | 47.151.177.159 |
| 6/25/2017 9:38 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x30406add3a0abdb3d5636e4cf65893add947aec48befcf7df1d93aa69c547d2d | 47.154.164.22 |
| 6/26/2017 16:09 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xcf150894572562e389db9ce8c34faea4f5a0b5d95b48e625d73f9068549b002d | 47.154.164.22 |
| 6/27/2017 18:19 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x7dea0712425688 8b661c91fa93d08aaff7846c2d1294e7a03659b26fe906acf | 47.154.164.22 |
| 6/28/2017 22:26 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x65969784574a93f96e322906f6cc3c86d8724d5a7c2a372aa44f5e3253655cd6 | 47.154.164.22 |
| 6/30/2017 6:10 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x5e5ad8eff62d16d922a488185c439e4b694c06f3b6c2f17d960515a0cc1fa634 | 47.154.164.22 |
| 7/1/2017 7:24 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x7905d9370d5b427c16614ee89efb34785b29ae8b663 2d10cba95bde88d516773 | 47.154.164.22 |
| 7/2/2017 11:06 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x974b8756b2171221d764ebacf74a3cb1b22c866757 0d96 24d7e1cf63d26ce4ea | 47.154.164.22 |
| 7/6/2017 0:04 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xe705b3dcf4da9a50c14ff1adbb3e2577fcff5b62cf5bb2dc894ec0059dde985f | 47.154.164.22 |
| 7/7/2017 5:58 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x41f95b7fbd84c0fdccf96fbc7bcee0c7d16b635cbb8cb788c01e2cfdef0edb1d | 47.154.164.22 |
| 7/8/2017 9:18 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x200c616ed731b4be142cde2f9cab8fb6e6fd25108521466dcd176bb330754ac0 | 47.154.164.22 |
| 7/9/2017 10:27 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x0c65d516900037e5b27fd9216e228e3e893d2a2bbbb3963a86794ee64cb2c1a1 | 47.154.164.22 |
| 7/10/2017 21:14 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x539d13a28e0828d61577f6df373b3c5d1c7dbe47aee28f4ddadc491a8ff882a1 | 47.154.164.22 |
| 7/12/2017 8:10 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x0001d492b59d3b12021ab53e6d8814c1dbca5701fdaa2814a0e87e8f0f3dbd38 | 47.154.164.22 |
| 7/13/2017 22:12 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xc69d11ed93f6b872f8ed6885e8417b77f75b71ebace03486c058090a12b9d8db | 47.154.164.22 |
| 7/18/2017 8:16 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x22ea7fd6131afd88e4bad62643fee8116c89317644b8f6e060dc80dbfd3cc085 | 47.154.164.22 |
| 7/19/2017 9:00 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x5e14fe3debaf9246625a9578cd26b0c7b292364c09038 8f0383deba f1c321257 | 47.154.164.22 |
| 7/21/2017 5:36 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x39e1e3b2624084c931dc093e27e1dc7225c2dd968a46b3c5afbfb9040c818c73 | 47.154.164.22 |
| 7/22/2017 9:31 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x7a99b145665fc8971d624ba4a79513b9524b06985e449df7ea6c049fb0bceb97 | 47.154.164.22 |
| 7/24/2017 7:20 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x4f5d2c2724da8cb56d3073bcbb06d3fcee6c323344c8d1f30f4a27cd4d9f1a73 | 47.154.164.22 |
| 7/25/2017 15:06 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x1e70581465a5bd1362343fb3bbfdd5b3cf7614b5ede3b419f6d18dc8876a3b72 | 47.154.164.22 |
| 7/26/2017 20:32 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x267759f583202e6f1573af9e6055dc9403ac1175747376dfe99c9e9e673bcd0f | 47.154.164.22 |
| 7/28/2017 4:30 | BTC | 1LARuJ5G4uU699tmdbdZQPuXTTLhhUFoYa | | fe6de7bfa52b7a6f81e6fca411c03fee48f08cd80168 59b1ee4cc9d0391a55af | 47.154.164.22 |
| 7/29/2017 6:40 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xb415dcce1c847f1c8c477d79ac163fcbf258943 7ea2f1f86d00d0a6 27a1f3d2 | 47.154.164.22 |
| 7/30/2017 8:34 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x35dad27bc70a2c4272bfe1d0c40443dfa928592edebd6807825523776266b92c | 47.154.164.22 |
| 7/31/2017 9:34 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x77aaf096fea5b455b4564a677bb19ae19ff7c75763cf5fd7f5b74d4d86568fac | 47.154.164.22 |
| 8/1/2017 11:21 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x41662fe0ac4c3b20e3d1ef9e7275c52a3acdc08af3f5e2f6d5cdc36569bed5e4 | 47.154.164.22 |
| 8/3/2017 6:25 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xe762bd61184dc6354063034661cb6991f8dc8b022394fd3197b7c914f600790c | 47.154.164.22 |
| 8/4/2017 22:21 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xe23c168a9ec5cc2e149ba579572f050ac33ff0277980b1a688b0fe8f27f4c269 | 47.154.164.22 |
| 8/6/2017 0:59 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x7331d7a8a6483ff414bd51a5d09fdc7f53689fbf6371713b8d9bfedbb0bffc93 | 47.154.164.22 |
| 8/7/2017 1:03 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xb865c43563763c2b822e298fec8bdbb84e890050dd6a9f56d6c6201fc74ce14a | 47.154.164.22 |
| 8/9/2017 5:49 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x0db028743b972e96e47161571a95b2728d29ee05d82efaf3f5550a376df228a0 | 47.154.164.22 |

| | | | | | |
|---|---|---|---|---|---|
| 8/10/2017 9:31 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xbe6ba7a6224228aff9e456cc6d9f51e15f7a409a2f3541fae9f957b8e166a35 | 47.154.164.22 |
| 8/12/2017 8:37 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x273ff2fa99372c74a793d626a173e0e3d9e274a626363582e38db57dd9330fd0 | 47.154.164.22 |
| 8/13/2017 9 08 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xc8bf2edf18e99da192e9cc752771183ce4f4b69af5c9a13b010a3468186b2d3b | 47.154.164.22 |
| 8/14/2017 9:13 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | REDACTED | 0xe0dfee38da3df84c7ab245b0a080241646a4c48eda715aaf303b78ef2ae2339b | 47.154.164.22 |
| 8/16/2017 5 08 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x43d3af82f76a20ef5a9e5ba0d55c1a683385a3260f608760035a9aca243a0389 | 47.154.164.22 |
| 8/18/2017 7 09 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xf4b9faf673fe824c6fcb1a01af847045df5dc2a2a5c2076cd1127d3d69543ae4 | 47.154.164.22 |
| 8/19/2017 7:17 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0xec462dd12a5095a4869780d66143fb8d1b8e93dc12fd3f5f525df71432f80df9 | 47.154.164.22 |
| 9/25/2017 5:17 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x96567f66b2af61e7e34a49479158634bf48a9334aaefafd6773e6496939c00f | 47.154.164.22 |
| 9/27/2017 4 53 | ETH | 0x4D586195aeeD6b32b62DAaaA60122ED9088990D4 | | 0x5507b15cfb9c930086557b3a312820433491f6d0ac4a2278f9a13b35741bc3cf | 76.219.238.248 |

**Trade History**

| Trade ID | Market | Type | Total | Counterparty | Date |
|---|---|---|---|---|---|
| 91299222 | ETH/BTC | Buy | 0.04704724 | REDACT 764 | 3/21/2017 23:48 |
| 91299223 | ETH/BTC | Buy | 0.0759314 | 430 | 3/21/2017 23:48 |
| 91299224 | ETH/BTC | Buy | 0.18122999 | 5599 | 3/21/2017 23:48 |
| 91299225 | ETH/BTC | Buy | 0.08666586 | 2899 | 3/21/2017 23:48 |
| 91299226 | ETH/BTC | Buy | 0.00011001 | 5685 | 3/21/2017 23:48 |
| 91299227 | ETH/BTC | Buy | 0.00467517 | 2756 | 3/21/2017 23:48 |
| 91299228 | ETH/BTC | Buy | 1.2105841 | 5270 | 3/21/2017 23:48 |
| 91305257 | ETH/BTC | Buy | 5.47021126 | 5627 | 3/22/2017 0:05 |
| 99581819 | ETH/BTC | Buy | 0.20968729 | 2439 | 4/4/2017 6:35 |
| 99581820 | ETH/BTC | Buy | 0.07008597 | 3408 | 4/4/2017 6:35 |
| 99581821 | ETH/BTC | Buy | 1.8282619 | 5744 | 4/4/2017 6:35 |
| 99581822 | ETH/BTC | Buy | 2.2733964 | 349 | 4/4/2017 6:35 |
| 99581823 | ETH/BTC | Buy | 7.74799999 | 5911 | 4/4/2017 6:35 |
| 99581824 | ETH/BTC | Buy | 0.09716574 | 764 | 4/4/2017 6:35 |
| 99581825 | ETH/BTC | Buy | 2.2733976 | 349 | 4/4/2017 6:35 |
| 99581826 | ETH/BTC | Buy | 0.28472361 | 430 | 4/4/2017 6:35 |
| 99581827 | ETH/BTC | Buy | 0.00276724 | 7918 | 4/4/2017 6:35 |
| 99581828 | ETH/BTC | Buy | 5.57071623 | 5168 | 4/4/2017 6:35 |
| 99581829 | ETH/BTC | Buy | 0.11373 | 3458 | 4/4/2017 6:35 |
| 99581830 | ETH/BTC | Buy | 4.02712531 | 921 | 4/4/2017 6:35 |
| 99586368 | ETH/BTC | Buy | 0.39767679 | 764 | 4/4/2017 6:45 |
| 99586369 | ETH/BTC | Buy | 0.04556117 | 3811 | 4/4/2017 6:45 |
| 99586370 | ETH/BTC | Buy | 0.22341718 | 7113 | 4/4/2017 6:45 |
| 99586596 | ETH/BTC | Buy | 0.21205844 | 810 | 4/4/2017 6:45 |
| 99586597 | ETH/BTC | Buy | 0.09857367 | 3900 | 4/4/2017 6:45 |
| 99586598 | ETH/BTC | Buy | 0.47483093 | 7082 | 4/4/2017 6:45 |
| 99586799 | ETH/BTC | Buy | 0.00000936 | 7457 | 4/4/2017 6:45 |
| 99586970 | ETH/BTC | Buy | 0.19458963 | 3203 | 4/4/2017 6:45 |
| 99599386 | ETH/BTC | Buy | 1.75676229 | 3102 | 4/4/2017 7:11 |
| 99599387 | ETH/BTC | Buy | 2.27184036 | 5918 | 4/4/2017 7:11 |
| 99599388 | ETH/BTC | Buy | 0.68909251 | 5911 | 4/4/2017 7:11 |
| 99599389 | ETH/BTC | Buy | 1.82784006 | 5744 | 4/4/2017 7:11 |
| 99599390 | ETH/BTC | Buy | 5.57146077 | 5168 | 4/4/2017 7:11 |
| 99599391 | ETH/BTC | Buy | 2.2439964 | 349 | 4/4/2017 7:11 |
| 99599392 | ETH/BTC | Buy | 0.22247611 | 1729 | 4/4/2017 7:11 |
| 99599393 | ETH/BTC | Buy | 1.56232447 | 349 | 4/4/2017 7:11 |
| 99599443 | ETH/BTC | Buy | 0.63189665 | 5744 | 4/4/2017 7:11 |
| 127522707 | ETH/BTC | Buy | 1.35681561 | 764 | 5/11/2017 2:11 |
| 127522708 | ETH/BTC | Buy | 0.0004962 | 3975 | 5/11/2017 2:11 |
| 127522711 | ETH/BTC | Buy | 0.62313495 | 430 | 5/11/2017 2:11 |
| 127523261 | ETH/BTC | Buy | 0.07594319 | 764 | 5/11/2017 2:12 |
| 127523262 | ETH/BTC | Buy | 0.00024795 | 3679 | 5/11/2017 2:12 |
| 127523263 | ETH/BTC | Buy | 0.49520426 | 7404 | 5/11/2017 2:12 |
| 127523292 | ETH/BTC | Buy | 0.00446646 | 3474 | 5/11/2017 2:12 |
| 127524313 | ETH/BTC | Buy | 0.102061 | 1888 | 5/11/2017 2:14 |
| 127524560 | ETH/BTC | Buy | 1.08439033 | 1888 | 5/11/2017 2:14 |
| 127524561 | ETH/BTC | Buy | 0.311555 | 3051 | 5/11/2017 2:14 |
| 127524562 | ETH/BTC | Buy | 0.10009709 | 3474 | 5/11/2017 2:14 |
| 127524563 | ETH/BTC | Buy | 0.0004962 | 3975 | 5/11/2017 2:14 |
| 127524564 | ETH/BTC | Buy | 0.00157077 | 3301 | 5/11/2017 2:14 |

CFPB-Wen Depo-000981

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| 127524565 | ETH/BTC | Buy | REDACTED | 1.14164892 | REDACTED 3320 | 5/11/2017 2:14 |
| 127524566 | ETH/BTC | Buy | | 0.01092746 | 6181 | 5/11/2017 2:14 |
| 127524567 | ETH/BTC | Buy | | 0.01092928 | 6181 | 5/11/2017 2:14 |
| 127524588 | ETH/BTC | Buy | | 0.43639342 | 3320 | 5/11/2017 2:14 |
| 127524606 | ETH/BTC | Buy | | 0.00104351 | 5742 | 5/11/2017 2:14 |
| 127524635 | ETH/BTC | Buy | | 0.06024823 | 6270 | 5/11/2017 2:14 |
| 127749241 | ETH/BTC | Buy | | 0.23973989 | 7295 | 5/11/2017 7:07 |
| 127749242 | ETH/BTC | Buy | | 3.99991668 | 1553 | 5/11/2017 7:07 |
| 127749245 | ETH/BTC | Buy | | 0.0000202 | 5591 | 5/11/2017 7:07 |
| 127749393 | ETH/BTC | Buy | | 0.14273788 | 5591 | 5/11/2017 7:07 |
| 153638570 | ETH/BTC | Buy | | 0.08746441 | 9917 | 6/3/2017 23:14 |
| 153638571 | ETH/BTC | Buy | | 1.35354243 | 6744 | 6/3/2017 23:14 |
| 153638572 | ETH/BTC | Buy | | 17.5147591 | 8402 | 6/3/2017 23:14 |
| 153638573 | ETH/BTC | Buy | | 0.19999999 | 1433 | 6/3/2017 23:14 |
| 153638574 | ETH/BTC | Buy | | 0.00881288 | 7917 | 6/3/2017 23:14 |
| 153638575 | ETH/BTC | Buy | | 0.03589996 | 2610 | 6/3/2017 23:14 |
| 153638576 | ETH/BTC | Buy | | 0.21022341 | 2770 | 6/3/2017 23:14 |
| 153638577 | ETH/BTC | Buy | | 0.08811746 | 2610 | 6/3/2017 23:14 |
| 153638578 | ETH/BTC | Buy | | 0.18815052 | 1503 | 6/3/2017 23:14 |
| 153638579 | ETH/BTC | Buy | | 0.09999999 | 6338 | 6/3/2017 23:14 |
| 153642450 | ETH/BTC | Buy | | 0.03039212 | 7881 | 6/3/2017 23:17 |
| 153642451 | ETH/BTC | Buy | | 2.13945175 | 0320 | 6/3/2017 23:17 |
| 153643210 | ETH/BTC | Buy | | 0.87450353 | 0285 | 6/3/2017 23:18 |
| 153643211 | ETH/BTC | Buy | | 1.36818195 | 6744 | 6/3/2017 23:18 |
| 153643212 | ETH/BTC | Buy | | 0.03085366 | 3740 | 6/3/2017 23:18 |
| 153643213 | ETH/BTC | Buy | | 0.19724421 | 0480 | 6/3/2017 23:18 |
| 153643214 | ETH/BTC | Buy | | 0.04950602 | 8797 | 6/3/2017 23:18 |
| 153643215 | ETH/BTC | Buy | | 0.61222 | 1217 | 6/3/2017 23:18 |
| 153643216 | ETH/BTC | Buy | | 0.03280162 | 9759 | 6/3/2017 23:18 |
| 153643217 | ETH/BTC | Buy | | 0.18016884 | 7084 | 6/3/2017 23:18 |
| 153643218 | ETH/BTC | Buy | | 0.001875 | 8559 | 6/3/2017 23:18 |
| 153643219 | ETH/BTC | Buy | | 0.00019839 | 6005 | 6/3/2017 23:18 |
| 153643220 | ETH/BTC | Buy | | 0.17496 | 2585 | 6/3/2017 23:18 |
| 153643341 | ETH/BTC | Buy | | 0.05065947 | 2833 | 6/3/2017 23:18 |
| 153643431 | ETH/BTC | Buy | | 0.01565428 | 6270 | 6/3/2017 23:18 |
| 153643609 | ETH/BTC | Buy | | 2.286551 | 2439 | 6/3/2017 23:18 |
| 153643642 | ETH/BTC | Buy | | 2.2049131 | 3443 | 6/3/2017 23:18 |
| 153643738 | ETH/BTC | Buy | | 0.0279936 | 6519 | 6/3/2017 23:18 |
| 153644189 | ETH/BTC | Buy | | 0.05021685 | 7445 | 6/3/2017 23:19 |
| 153644248 | ETH/BTC | Buy | | 0.0076351 | 2610 | 6/3/2017 23:19 |
| 153644322 | ETH/BTC | Buy | | 0.00012525 | 8620 | 6/3/2017 23:19 |
| 153644564 | ETH/BTC | Buy | | 0.09130622 | 4174 | 6/3/2017 23:19 |
| 153644613 | ETH/BTC | Buy | | 0.00062189 | 4937 | 6/3/2017 23:19 |
| 153644632 | ETH/BTC | Buy | | 0.00000297 | 9329 | 6/3/2017 23:19 |
| 153644646 | ETH/BTC | Buy | | 0.08748 | 7595 | 6/3/2017 23:19 |
| 153647872 | ETH/BTC | Buy | | 1.47906012 | 6877 | 6/3/2017 23:21 |
| 176476691 | ETH/BTC | Buy | | 2.3025347 | 6270 | 6/25/2017 9:37 |
| 176476692 | ETH/BTC | Buy | | 15.29711907 | 1598 | 6/25/2017 9:37 |
| 176476693 | ETH/BTC | Buy | | 4.71798039 | 4059 | 6/25/2017 9:37 |
| 176479554 | ETH/BTC | Buy | | 5.89992816 | 1598 | 6/25/2017 9:44 |
| 177342925 | ETH/BTC | Buy | | 1.30445465 | 1430 | 6/26/2017 6:03 |
| 177342926 | ETH/BTC | Buy | | 6.53559875 | 1598 | 6/26/2017 6:03 |
| 177342927 | ETH/BTC | Buy | | 5.47652689 | 1624 | 6/26/2017 6:03 |
| 177342928 | ETH/BTC | Buy | | 0.21682438 | 9487 | 6/26/2017 6:03 |
| 177344091 | ETH/BTC | Buy | | 4.18277414 | 4518 | 6/26/2017 6:05 |
| 177344092 | ETH/BTC | Buy | | 0.76049999 | 1228 | 6/26/2017 6:05 |
| 177344238 | ETH/BTC | Buy | | 0.01954863 | 9053 | 6/26/2017 6:05 |
| 177345884 | ETH/BTC | Buy | | 0.07216267 | 5050 | 6/26/2017 6:07 |
| 177345885 | ETH/BTC | Buy | | 3.47703914 | 2815 | 6/26/2017 6:07 |
| 177345886 | ETH/BTC | Buy | | 2.29372707 | 6926 | 6/26/2017 6:07 |
| 177345887 | ETH/BTC | Buy | | 7.49414646 | 5168 | 6/26/2017 6:07 |
| 177345888 | ETH/BTC | Buy | | 5.96324851 | 2235 | 6/26/2017 6:07 |
| 177370913 | ETH/BTC | Buy | | 4.00241203 | 6270 | 6/26/2017 6:42 |

CFPB-Wen Depo-000982

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 13
P. 289

REDACTED

| | | | | | | |
|---|---|---|---|---|---|---|
| 177370914 | ETH/BTC | Buy | | 0.91939691 | 5956 | 6/26/2017 6:42 |
| 177370915 | ETH/BTC | Buy | | 2.24458718 | 2540 | 6/26/2017 6:42 |
| 177373046 | ETH/BTC | Buy | | 0.03655224 | 2610 | 6/26/2017 6:44 |
| 177373047 | ETH/BTC | Buy | | 0.36521016 | 3180 | 6/26/2017 6:44 |
| 177373048 | ETH/BTC | Buy | | 0.07580219 | 5477 | 6/26/2017 6:44 |
| 177373049 | ETH/BTC | Buy | | 0.00799574 | 4574 | 6/26/2017 6:44 |
| 177373050 | ETH/BTC | Buy | | 0.0108289 | 2446 | 6/26/2017 6:44 |
| 177373054 | ETH/BTC | Buy | | 0.59405699 | 6270 | 6/26/2017 6:44 |
| 177373084 | ETH/BTC | Buy | | 0.08758481 | 2439 | 6/26/2017 6:44 |
| 177373101 | ETH/BTC | Buy | | 0.13737282 | 6270 | 6/26/2017 6:44 |
| 177373107 | ETH/BTC | Buy | | 0.14474016 | 6270 | 6/26/2017 6:45 |
| 177373432 | ETH/BTC | Buy | | 0.84102009 | 5981 | 6/26/2017 6:45 |
| 177374116 | ETH/BTC | Buy | | 0.17012338 | 0801 | 6/26/2017 6:46 |
| 177374117 | ETH/BTC | Buy | | 0.00003455 | 0801 | 6/26/2017 6:46 |
| 177374208 | ETH/BTC | Buy | | 0.08184418 | 8559 | 6/26/2017 6:46 |
| 177375175 | ETH/BTC | Buy | | 0.55135855 | 4440 | 6/26/2017 6:48 |
| 177376108 | ETH/BTC | Buy | | 0.03301824 | 1362 | 6/26/2017 6:49 |
| 184817426 | ETH/BTC | Buy | | 0.50119349 | 1217 | 7/5/2017 23:47 |
| 184817427 | ETH/BTC | Buy | | 1.63058408 | 8104 | 7/5/2017 23:47 |
| 184817428 | ETH/BTC | Buy | | 0.32673395 | 8859 | 7/5/2017 23:47 |
| 184819688 | ETH/BTC | Buy | | 0.27700852 | 0299 | 7/5/2017 23:55 |
| 184819689 | ETH/BTC | Buy | | 0.1019012 | 0067 | 7/5/2017 23:55 |
| 184819800 | ETH/BTC | Buy | | 0.36877306 | 9661 | 7/5/2017 23:55 |
| 184820095 | ETH/BTC | Buy | | 0.00150534 | 0693 | 7/5/2017 23:56 |
| 184820096 | ETH/BTC | Buy | | 0.20460515 | 4262 | 7/5/2017 23:56 |
| 184821821 | ETH/BTC | Buy | | 2.23564504 | 3498 | 7/6/2017 0:03 |
| 184821822 | ETH/BTC | Buy | | 0.00050901 | 3975 | 7/6/2017 0:03 |
| 184823243 | ETH/BTC | Buy | | 0.27698072 | 4293 | 7/6/2017 0:08 |
| 184914249 | ETH/BTC | Buy | | 0.90745905 | 4155 | 7/6/2017 3:46 |
| 184914254 | ETH/BTC | Buy | | 0.19562444 | 4155 | 7/6/2017 3:46 |
| 184914304 | ETH/BTC | Buy | | 0.1301111 | 6926 | 7/6/2017 3:46 |
| 184914305 | ETH/BTC | Buy | | 0.10069996 | 6747 | 7/6/2017 3:46 |
| 184914306 | ETH/BTC | Buy | | 0.06613284 | 9898 | 7/6/2017 3:46 |
| 184927066 | ETH/BTC | Buy | | 0.25344761 | 8859 | 7/6/2017 4:23 |
| 184927215 | ETH/BTC | Buy | | 0.00101786 | 7171 | 7/6/2017 4:23 |
| 185009171 | ETH/BTC | Buy | | 0.01203303 | 9138 | 7/6/2017 7:31 |
| 185009172 | ETH/BTC | Buy | | 1.31482784 | 3950 | 7/6/2017 7:31 |
| 185009177 | ETH/BTC | Buy | | 0.00784402 | 5851 | 7/6/2017 7:31 |
| 185009228 | ETH/BTC | Buy | | 0.14578932 | 9607 | 7/6/2017 7:31 |
| 185009273 | ETH/BTC | Buy | | 0.52503755 | 8463 | 7/6/2017 7:31 |
| 185009880 | ETH/BTC | Buy | | 0.56687479 | 1902 | 7/6/2017 7:32 |
| 185009881 | ETH/BTC | Buy | | 0.65790154 | 4349 | 7/6/2017 7:32 |
| 185009882 | ETH/BTC | Buy | | 2.06385385 | 7845 | 7/6/2017 7:32 |
| 185009883 | ETH/BTC | Buy | | 0.03083603 | 6152 | 7/6/2017 7:32 |
| 185009884 | ETH/BTC | Buy | | 0.05014104 | 1597 | 7/6/2017 7:32 |
| 185009885 | ETH/BTC | Buy | | 0.04527183 | 0791 | 7/6/2017 7:32 |
| 185009886 | ETH/BTC | Buy | | 0.0010815 | 3595 | 7/6/2017 7:32 |
| 185009887 | ETH/BTC | Buy | | 0.10628 | 3057 | 7/6/2017 7:32 |
| 185009888 | ETH/BTC | Buy | | 0.00510928 | 8825 | 7/6/2017 7:32 |
| 185009889 | ETH/BTC | Buy | | 0.1048425 | 3228 | 7/6/2017 7:32 |
| 185009890 | ETH/BTC | Buy | | 0.21 | 2015 | 7/6/2017 7:32 |
| 185009891 | ETH/BTC | Buy | | 0.50210114 | 9688 | 7/6/2017 7:32 |
| 185009892 | ETH/BTC | Buy | | 0.042 | 3840 | 7/6/2017 7:32 |
| 185009893 | ETH/BTC | Buy | | 0.0103425 | 3488 | 7/6/2017 7:32 |
| 185009894 | ETH/BTC | Buy | | 0.09999999 | 6515 | 7/6/2017 7:32 |
| 185009895 | ETH/BTC | Buy | | 0.0769825 | 1828 | 7/6/2017 7:32 |
| 185009896 | ETH/BTC | Buy | | 0.40064207 | 0349 | 7/6/2017 7:32 |
| 185009897 | ETH/BTC | Buy | | 0.33346863 | 4075 | 7/6/2017 7:32 |
| 185009898 | ETH/BTC | Buy | | 0.00803408 | 8213 | 7/6/2017 7:32 |
| 185009899 | ETH/BTC | Buy | | 0.7333725 | 7121 | 7/6/2017 7:32 |
| 185009900 | ETH/BTC | Buy | | 0.5444212 | 0074 | 7/6/2017 7:32 |
| 185009901 | ETH/BTC | Buy | | 0.52290196 | 2294 | 7/6/2017 7:32 |
| 185009902 | ETH/BTC | Buy | | 0.62155456 | 6422 | 7/6/2017 7:32 |

CFPB-Wen Depo-000983

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

<div align="center">REDACTED</div>

| | | | | | |
|---|---|---|---|---|---|
| 185009963 | ETH/BTC | Buy | | 0.37376932 | REDACTED 7056 | 7/6/2017 7:32 |
| 185009964 | ETH/BTC | Buy | | 1.99999999 | 1902 | 7/6/2017 7:32 |
| 185009965 | ETH/BTC | Buy | | 0.32061939 | 5422 | 7/6/2017 7:32 |
| 185009966 | ETH/BTC | Buy | | 0.02153715 | 2667 | 7/6/2017 7:32 |
| 185009967 | ETH/BTC | Buy | | 0.02904323 | 3823 | 7/6/2017 7:32 |
| 185009968 | ETH/BTC | Buy | | 0.01199999 | 1534 | 7/6/2017 7:32 |
| 185009969 | ETH/BTC | Buy | | 0.1113 | 5444 | 7/6/2017 7:32 |
| 185009970 | ETH/BTC | Buy | | 0.1060789 | 1659 | 7/6/2017 7:32 |
| 185009971 | ETH/BTC | Buy | | 0.05883339 | 7346 | 7/6/2017 7:32 |
| 185009972 | ETH/BTC | Buy | | 0.0002625 | 3718 | 7/6/2017 7:32 |
| 185009973 | ETH/BTC | Buy | | 0.21 | 1030 | 7/6/2017 7:32 |
| 185009974 | ETH/BTC | Buy | | 0.1008 | 3997 | 7/6/2017 7:32 |
| 185009975 | ETH/BTC | Buy | | 0.1512 | 3332 | 7/6/2017 7:32 |
| 185009976 | ETH/BTC | Buy | | 0.0937119 | 3458 | 7/6/2017 7:32 |
| 185009990 | ETH/BTC | Buy | | 0.00026156 | 3024 | 7/6/2017 7:32 |
| 185010006 | ETH/BTC | Buy | | 0.01023843 | 2610 | 7/6/2017 7:32 |
| 185010919 | ETH/BTC | Buy | | 1.27585733 | 1430 | 7/6/2017 7:34 |
| 185010921 | ETH/BTC | Buy | | 0.00080649 | 2056 | 7/6/2017 7:34 |
| 185011099 | ETH/BTC | Buy | | 1.21403177 | 2770 | 7/6/2017 7:34 |
| 185011100 | ETH/BTC | Buy | | 0.99999999 | 1902 | 7/6/2017 7:34 |
| 185011742 | ETH/BTC | Buy | | 0.0207434 | 1430 | 7/6/2017 7:35 |
| 185011743 | ETH/BTC | Buy | | 0.05034699 | 2610 | 7/6/2017 7:35 |
| 185011809 | ETH/BTC | Buy | | 0.10429019 | 4208 | 7/6/2017 7:35 |
| 185011810 | ETH/BTC | Buy | | 0.28461193 | 7563 | 7/6/2017 7:35 |
| 185011811 | ETH/BTC | Buy | | 0.2849342 | 3159 | 7/6/2017 7:35 |
| 185011812 | ETH/BTC | Buy | | 0.99999999 | 1082 | 7/6/2017 7:35 |
| 185011813 | ETH/BTC | Buy | | 0.53334533 | 1293 | 7/6/2017 7:35 |
| 185011814 | ETH/BTC | Buy | | 1.43160113 | 3787 | 7/6/2017 7:35 |
| 185011815 | ETH/BTC | Buy | | 0.03501832 | 4642 | 7/6/2017 7:35 |
| 185011816 | ETH/BTC | Buy | | 0.01195232 | 7273 | 7/6/2017 7:35 |
| 185011873 | ETH/BTC | Buy | | 0.15684745 | 5319 | 7/6/2017 7:35 |
| 185011880 | ETH/BTC | Buy | | 0.16970634 | 7036 | 7/6/2017 7:35 |
| 185011885 | ETH/BTC | Buy | | 0.75920942 | 1430 | 7/6/2017 7:35 |
| 185016401 | ETH/BTC | Buy | | 0.67929215 | 5926 | 7/6/2017 7:41 |
| 185016402 | ETH/BTC | Buy | | 15.02728995 | 7094 | 7/6/2017 7:41 |
| 185017003 | ETH/BTC | Buy | | 0.42581444 | 3620 | 7/6/2017 7:42 |
| 185017022 | ETH/BTC | Buy | | 0.12225299 | 3543 | 7/6/2017 7:42 |
| 185019468 | ETH/BTC | Buy | | 0.00011007 | 3685 | 7/6/2017 7:46 |
| 185019470 | ETH/BTC | Buy | | 0.49886918 | 3593 | 7/6/2017 7:46 |
| 185020094 | ETH/BTC | Buy | | 3.98662429 | 3593 | 7/6/2017 7:47 |
| 185020156 | ETH/BTC | Buy | | 0.00330813 | 3593 | 7/6/2017 7:48 |
| 185620578 | ETH/BTC | Buy | | 0.50607284 | 5165 | 7/7/2017 9:48 |
| 185620597 | ETH/BTC | Buy | | 0.09985044 | 3455 | 7/7/2017 9:48 |
| 185620636 | ETH/BTC | Buy | | 0.10091 | 3448 | 7/7/2017 9:49 |
| 185620778 | ETH/BTC | Buy | | 0.02343075 | 5808 | 7/7/2017 9:49 |
| 185620804 | ETH/BTC | Buy | | 0.0050455 | 2429 | 7/7/2017 9:49 |
| 185620824 | ETH/BTC | Buy | | 0.00010025 | 1937 | 7/7/2017 9:49 |
| 185620859 | ETH/BTC | Buy | | 0.02132059 | 2610 | 7/7/2017 9:49 |
| 185620876 | ETH/BTC | Buy | | 0.0002029 | 2460 | 7/7/2017 9:50 |
| 185620960 | ETH/BTC | Buy | | 0.14672253 | 2610 | 7/7/2017 9:50 |
| 185620966 | ETH/BTC | Buy | | 0.00304092 | 2610 | 7/7/2017 9:50 |
| 185621063 | ETH/BTC | Buy | | 0.00284414 | 2610 | 7/7/2017 9:50 |
| 185621231 | ETH/BTC | Buy | | 0.08996384 | 1716 | 7/7/2017 9:50 |
| 185621236 | ETH/BTC | Buy | | 0.00019817 | 3400 | 7/7/2017 9:51 |
| 185621245 | ETH/BTC | Buy | | 0.908109 | 3904 | 7/7/2017 9:51 |
| 185621252 | ETH/BTC | Buy | | 0.00018372 | 4218 | 7/7/2017 9:51 |
| 185621601 | ETH/BTC | Buy | | 0.07085699 | 8026 | 7/7/2017 9:51 |
| 185621606 | ETH/BTC | Buy | | 0.01942515 | 2610 | 7/7/2017 9:53 |
| 185623060 | ETH/BTC | Buy | | 0.00113775 | 2610 | 7/7/2017 9:53 |
| 185623138 | ETH/BTC | Buy | | 1.05747306 | 3498 | 7/7/2017 9:57 |
| 185623207 | ETH/BTC | Buy | | 0.49376567 | 7430 | 7/7/2017 9:57 |
| 185623209 | ETH/BTC | Buy | | 0.5249075 | 3630 | 7/7/2017 9:57 |
| | ETH/BTC | Buy | | 0.00754382 | 7371 | 7/7/2017 9:57 |

CFPB-Wen Depo-000984

Ex. No. 13
P. 291

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

| ID | Pair | Type | | Value | | Date/Time |
|---|---|---|---|---|---|---|
| 185623241 | ETH/BTC | Buy | REDACTED | 0.91482184 | REDAC 3787 | 7/7/2017 9:58 |
| 185624612 | ETH/BTC | Buy | | 1.26282164 | 5493 | 7/7/2017 10:02 |
| 185624623 | ETH/BTC | Buy | | 0.04269423 | 3132 | 7/7/2017 10:02 |
| 185625765 | ETH/BTC | Buy | | 4.99999999 | 1799 | 7/7/2017 10:06 |
| 185626245 | ETH/BTC | Buy | | 0.01192211 | 5334 | 7/7/2017 10:08 |
| 185626261 | ETH/BTC | Buy | | 0.04362826 | 3132 | 7/7/2017 10:08 |
| 185626268 | ETH/BTC | Buy | | 0.19513414 | 5959 | 7/7/2017 10:08 |
| 185626294 | ETH/BTC | Buy | | 0.25976104 | 7348 | 7/7/2017 10:08 |
| 185626308 | ETH/BTC | Buy | | 0.0006016 | 5850 | 7/7/2017 10:08 |
| 185627038 | ETH/BTC | Buy | | 0.04533759 | 3132 | 7/7/2017 10:11 |
| 185627085 | ETH/BTC | Buy | | 0.06007802 | 5876 | 7/7/2017 10:11 |
| 185627086 | ETH/BTC | Buy | | 0.01577907 | 5334 | 7/7/2017 10:11 |
| 185627288 | ETH/BTC | Buy | | 0.00010025 | 1937 | 7/7/2017 10:11 |
| 185627291 | ETH/BTC | Buy | | 0.00793541 | 3801 | 7/7/2017 10:11 |
| 185627305 | ETH/BTC | Buy | | 0.04028402 | 5875 | 7/7/2017 10:11 |
| 185627318 | ETH/BTC | Buy | | 0.00576471 | 5488 | 7/7/2017 10:12 |
| 185627339 | ETH/BTC | Buy | | 0.00190976 | 3684 | 7/7/2017 10:12 |
| 185627341 | ETH/BTC | Buy | | 0.0009538 | 1196 | 7/7/2017 10:12 |
| 185627355 | ETH/BTC | Buy | | 0.04806645 | 3132 | 7/7/2017 10:12 |
| 185627383 | ETH/BTC | Buy | | 0.01400648 | 5334 | 7/7/2017 10:12 |
| 185627392 | ETH/BTC | Buy | | 0.00013332 | 1544 | 7/7/2017 10:12 |
| 185627467 | ETH/BTC | Buy | | 0.04405936 | 3132 | 7/7/2017 10:12 |
| 185627837 | ETH/BTC | Buy | | 0.69645558 | 1088 | 7/7/2017 10:14 |
| 185627838 | ETH/BTC | Buy | | 0.00085898 | 1088 | 7/7/2017 10:14 |
| 185627842 | ETH/BTC | Buy | | 0.02819883 | 5372 | 7/7/2017 10:14 |
| 185627863 | ETH/BTC | Buy | | 0.00766919 | 3554 | 7/7/2017 10:14 |
| 185627867 | ETH/BTC | Buy | | 0.00016801 | 5933 | 7/7/2017 10:14 |
| 185627874 | ETH/BTC | Buy | | 0.05323886 | 3132 | 7/7/2017 10:14 |
| 185627880 | ETH/BTC | Buy | | 0.00220861 | 3256 | 7/7/2017 10:14 |
| 185627881 | ETH/BTC | Buy | | 0.00667387 | 7371 | 7/7/2017 10:14 |
| 185628078 | ETH/BTC | Buy | | 1.98650456 | 5044 | 7/7/2017 10:14 |
| 185628100 | ETH/BTC | Buy | | 0.00005116 | 3096 | 7/7/2017 10:14 |
| 185628136 | ETH/BTC | Buy | | 0.00813051 | 5575 | 7/7/2017 10:15 |
| 185628138 | ETH/BTC | Buy | | 0.06377965 | 3132 | 7/7/2017 10:15 |
| 185628154 | ETH/BTC | Buy | | 0.14606507 | 1430 | 7/7/2017 10:15 |
| 185628198 | ETH/BTC | Buy | | 0.01647659 | 5334 | 7/7/2017 10:15 |
| 185628213 | ETH/BTC | Buy | | 0.03021303 | 3849 | 7/7/2017 10:15 |
| 185628266 | ETH/BTC | Buy | | 0.02242122 | 7371 | 7/7/2017 10:15 |
| 185628334 | ETH/BTC | Buy | | 0.64639252 | 1993 | 7/7/2017 10:15 |
| 185628342 | ETH/BTC | Buy | | 0.07698356 | 3900 | 7/7/2017 10:15 |
| 185628371 | ETH/BTC | Buy | | 0.01251636 | 3313 | 7/7/2017 10:15 |
| 185628404 | ETH/BTC | Buy | | 0.35233194 | 5549 | 7/7/2017 10:15 |
| 185628410 | ETH/BTC | Buy | | 0.01796582 | 5334 | 7/7/2017 10:15 |
| 185628419 | ETH/BTC | Buy | | 0.12122088 | 5519 | 7/7/2017 10:15 |
| 185628425 | ETH/BTC | Buy | | 0.0002982 | 3388 | 7/7/2017 10:15 |
| 185628438 | ETH/BTC | Buy | | 0.30213036 | 3577 | 7/7/2017 10:17 |
| 185628908 | ETH/BTC | Buy | | 1.40105216 | 1430 | 7/7/2017 10:17 |
| 185629133 | ETH/BTC | Buy | | 0.27046987 | 5270 | 7/7/2017 10:18 |
| 185629189 | ETH/BTC | Buy | | 0.09907869 | 7079 | 7/7/2017 10:18 |
| 185629283 | ETH/BTC | Buy | | 0.23874085 | 5272 | 7/7/2017 10:19 |
| 185629372 | ETH/BTC | Buy | | 0.00285062 | 7719 | 7/7/2017 10:19 |
| 185629382 | ETH/BTC | Buy | | 0.00005797 | 5314 | 7/7/2017 10:19 |
| 185629383 | ETH/BTC | Buy | | 1.40994294 | 5917 | 7/7/2017 10:19 |
| 185629390 | ETH/BTC | Buy | | 0.00014337 | 3165 | 7/7/2017 10:19 |
| 185629407 | ETH/BTC | Buy | | 0.00050332 | 5532 | 7/7/2017 10:19 |
| 185629412 | ETH/BTC | Buy | | 0.00156557 | 3014 | 7/7/2017 10:19 |
| 185629430 | ETH/BTC | Buy | | 0.00004206 | 5292 | 7/7/2017 10:19 |
| 185629432 | ETH/BTC | Buy | | 0.00969767 | 1866 | 7/7/2017 10:19 |
| 185629433 | ETH/BTC | Buy | | 0.00180314 | 2669 | 7/7/2017 10:19 |
| 185629440 | ETH/BTC | Buy | | 0.00001833 | 5575 | 7/7/2017 10:19 |
| 185629444 | ETH/BTC | Buy | | 0.00003813 | 5189 | 7/7/2017 10:19 |
| 185629454 | ETH/BTC | Buy | | 0.0004927 | 3122 | 7/7/2017 10:19 |
| 185629472 | ETH/BTC | Buy | | 0.00454861 | 3573 | 7/7/2017 10:19 |

CFPB-Wen Depo-000985

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

<div align="center" style="color:red">REDACTED</div>

| | | | | | | |
|---|---|---|---|---|---|---|
| 185629491 | ETH/BTC | Buy | | 0.00173831 | REDACTED 3801 | 7/7/2017 10:19 |
| 185629503 | ETH/BTC | Buy | | 0.00027624 | 5488 | 7/7/2017 10:19 |
| 185629520 | ETH/BTC | Buy | | 0.00014267 | 7921 | 7/7/2017 10:19 |
| 185629523 | ETH/BTC | Buy | | 0.00006706 | 1196 | 7/7/2017 10:19 |
| 185629528 | ETH/BTC | Buy | | 0.00001809 | 3121 | 7/7/2017 10:19 |
| 185629536 | ETH/BTC | Buy | | 0.00855332 | 3826 | 7/7/2017 10:20 |
| 185629728 | ETH/BTC | Buy | | 0.01368124 | 7371 | 7/7/2017 10:20 |
| 185630716 | ETH/BTC | Buy | | 0.25139808 | 7573 | 7/7/2017 10:24 |
| 185632355 | ETH/BTC | Buy | | 0.07454372 | 3896 | 7/7/2017 10:29 |
| 185632682 | ETH/BTC | Buy | | 0.92545626 | 7107 | 7/7/2017 10:30 |
| 185634108 | ETH/BTC | Buy | | 0.00197922 | 6598 | 7/7/2017 10:33 |
| 185634449 | ETH/BTC | Buy | | 0.03817787 | 3588 | 7/7/2017 10:34 |
| 185634639 | ETH/BTC | Buy | | 0.00157886 | 6598 | 7/7/2017 10:35 |
| 185634647 | ETH/BTC | Buy | | 0.00010075 | 3801 | 7/7/2017 10:35 |
| 185634651 | ETH/BTC | Buy | | 0.00000488 | 6598 | 7/7/2017 10:35 |
| 185634657 | ETH/BTC | Buy | | 0.00000001 | 5596 | 7/7/2017 10:35 |
| 185634679 | ETH/BTC | Buy | | 0.10051002 | 4942 | 7/7/2017 10:35 |
| 185634696 | ETH/BTC | Buy | | 0.00068001 | 5871 | 7/7/2017 10:35 |
| 186235070 | ETH/BTC | Buy | | 8.44159757 | 3185 | 7/8/2017 9:17 |
| 186693811 | ETH/BTC | Buy | | 0.05996085 | 1902 | 7/9/2017 4:15 |
| 186693812 | ETH/BTC | Buy | | 44.70414954 | 7704 | 7/9/2017 4:15 |
| 186693814 | ETH/BTC | Buy | | 0.00011 | 5685 | 7/9/2017 4:15 |
| 186693823 | ETH/BTC | Buy | | 0.0004366 | 7704 | 7/9/2017 4:15 |
| 186703342 | ETH/BTC | Buy | | 4.76601267 | 3384 | 7/9/2017 4:41 |
| 186703506 | ETH/BTC | Buy | | 0.09369968 | 7052 | 7/9/2017 4:42 |
| 186704147 | ETH/BTC | Buy | | 0.01341548 | 3353 | 7/9/2017 4:43 |
| 186704167 | ETH/BTC | Buy | | 0.00474627 | 5815 | 7/9/2017 4:43 |
| 186704220 | ETH/BTC | Buy | | 0.35747189 | 7052 | 7/9/2017 4:44 |
| 188153608 | ETH/BTC | Buy | | 0.13117159 | 4217 | 7/11/2017 9:03 |
| 188153654 | ETH/BTC | Buy | | 2.7429046 | 3267 | 7/11/2017 9:03 |
| 188153748 | ETH/BTC | Buy | | 0.00011 | 5685 | 7/11/2017 9:03 |
| 188154379 | ETH/BTC | Buy | | 0.316223 | 3841 | 7/11/2017 9:04 |
| 188154498 | ETH/BTC | Buy | | 4.60172517 | 5270 | 7/11/2017 9:04 |
| 188154640 | ETH/BTC | Buy | | 0.53492975 | 5270 | 7/11/2017 9:05 |
| 188154641 | ETH/BTC | Buy | | 1.67293585 | 5270 | 7/11/2017 9:05 |
| 188154655 | ETH/BTC | Buy | | 0 | 3971 | 7/11/2017 9:05 |
| 188155067 | ETH/BTC | Buy | | 0.29319818 | 2375 | 7/11/2017 9:05 |
| 188155082 | ETH/BTC | Buy | | 0.47129596 | 3742 | 7/11/2017 9:05 |
| 188155138 | ETH/BTC | Buy | | 4.47382858 | 3816 | 7/11/2017 9:05 |
| 188155225 | ETH/BTC | Buy | | 4.76167726 | 3470 | 7/11/2017 9:06 |
| 188155849 | ETH/BTC | Buy | | 0.7835744 | 5816 | 7/11/2017 9:06 |
| 188155850 | ETH/BTC | Buy | | 0.0149411 | 5816 | 7/11/2017 9:06 |
| 188155914 | ETH/BTC | Buy | | 0.39464732 | 7905 | 7/11/2017 9:07 |
| 188155981 | ETH/BTC | Buy | | 1.10836333 | 4228 | 7/11/2017 9:07 |
| 188155992 | ETH/BTC | Buy | | 0.99999999 | 1815 | 7/11/2017 9:07 |
| 188156056 | ETH/BTC | Buy | | 4.67691468 | 5270 | 7/11/2017 9:07 |
| 188156241 | ETH/BTC | Buy | | 2.02155913 | 3051 | 7/11/2017 9:07 |
| 188156574 | ETH/BTC | Buy | | 2.01306556 | 5270 | 7/11/2017 9:08 |
| 188156597 | ETH/BTC | Buy | | 0.05222468 | 5270 | 7/11/2017 9:08 |
| 188156616 | ETH/BTC | Buy | | 6.28349781 | 2540 | 7/11/2017 9:08 |
| 188156653 | ETH/BTC | Buy | | 1.65121192 | 3138 | 7/11/2017 9:08 |
| 188157636 | ETH/BTC | Buy | | 2.66120829 | 2439 | 7/11/2017 9:09 |
| 188157656 | ETH/BTC | Buy | | 7.3387917 | 2439 | 7/11/2017 9:10 |
| 188169960 | ETH/BTC | Buy | | 1.23585492 | 5084 | 7/11/2017 9:29 |
| 188169970 | ETH/BTC | Buy | | 0.09298372 | 7577 | 7/11/2017 9:29 |
| 188170023 | ETH/BTC | Buy | | 0.24401127 | 5270 | 7/11/2017 9:29 |
| 188170028 | ETH/BTC | Buy | | 0.04480446 | 5270 | 7/11/2017 9:29 |
| 188170351 | ETH/BTC | Buy | | 6.83484571 | 4203 | 7/11/2017 9:29 |
| 188170568 | ETH/BTC | Buy | | 1.80186212 | 5270 | 7/11/2017 9:30 |
| 188170569 | ETH/BTC | Buy | | 0.00010989 | 5685 | 7/11/2017 9:30 |
| 188170600 | ETH/BTC | Buy | | 1.36318226 | 8675 | 7/11/2017 9:30 |
| 188175301 | ETH/BTC | Buy | | 3.15165027 | 5270 | 7/11/2017 9:34 |
| 188175334 | ETH/BTC | Buy | | 0.08282348 | 4942 | 7/11/2017 9:34 |

CFPB-Wen Depo-000986

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

<div align="center">REDACTED</div>

| | | | | | | |
|---|---|---|---|---|---|---|
| 196464260 | ETH/BTC | Buy | | 0.00000031 | 3837 | 7/22/2017 9:36 |
| 196464340 | ETH/BTC | Buy | | 2.63724522 | 3920 | 7/22/2017 9:36 |
| 196464381 | ETH/BTC | Buy | | 5.11447968 | 5289 | 7/22/2017 9:36 |
| 196464417 | ETH/BTC | Buy | | 0.38219342 | 5270 | 7/22/2017 9:36 |
| 196464424 | ETH/BTC | Buy | | 0.00193599 | 3166 | 7/22/2017 9:36 |
| 196464425 | ETH/BTC | Buy | | 0.27021491 | 5270 | 7/22/2017 9:36 |
| 196464543 | ETH/BTC | Buy | | 0.00628238 | 430 | 7/22/2017 9:36 |
| 196464587 | ETH/BTC | Buy | | 0.07970001 | 3837 | 7/22/2017 9:36 |
| 196464588 | ETH/BTC | Buy | | 0.00007561 | 3837 | 7/22/2017 9:36 |
| 196464697 | ETH/BTC | Buy | | 2.50787242 | 3394 | 7/22/2017 9:37 |
| 196466426 | ETH/BTC | Buy | | 0.03812604 | 3374 | 7/22/2017 9:41 |
| 196466477 | ETH/BTC | Buy | | 0.00111655 | 3052 | 7/22/2017 9:42 |
| 196466502 | ETH/BTC | Buy | | 0.34310963 | 3944 | 7/22/2017 9:42 |
| 196466507 | ETH/BTC | Buy | | 0.00000026 | 7230 | 7/22/2017 9:42 |
| 196466658 | ETH/BTC | Buy | | 3.75764749 | 5150 | 7/22/2017 9:42 |
| 196467485 | ETH/BTC | Buy | | 0.00000002 | 1211 | 7/22/2017 9:43 |
| 196467496 | ETH/BTC | Buy | | 4.99999997 | 553 | 7/22/2017 9:43 |
| 196467497 | ETH/BTC | Buy | | 4.99999999 | 553 | 7/22/2017 9:43 |
| 198871750 | ETH/BTC | Buy | | 2.36821921 | 5270 | 7/28/2017 2:50 |
| 198871756 | ETH/BTC | Buy | | 4.63178078 | 5270 | 7/28/2017 2:50 |
| 198891065 | ETH/BTC | Buy | | 0.3123568 | 725 | 7/28/2017 4:11 |
| 198891147 | ETH/BTC | Buy | | 0.1964096 | 3157 | 7/28/2017 4:12 |
| 198891184 | ETH/BTC | Buy | | 0.00033772 | 3126 | 7/28/2017 4:12 |
| 198891193 | ETH/BTC | Buy | | 6.49089585 | 3378 | 7/28/2017 4:12 |
| 198894732 | ETH/BTC | Buy | | 0.59612103 | 3157 | 7/28/2017 4:23 |
| 198894747 | ETH/BTC | Buy | | 0.33126301 | 3074 | 7/28/2017 4:23 |
| 198894763 | ETH/BTC | Buy | | 0.01417321 | 3384 | 7/28/2017 4:23 |
| 198894766 | ETH/BTC | Buy | | 0.10000001 | 3091 | 7/28/2017 4:23 |
| 198894771 | ETH/BTC | Buy | | 0.00020102 | 3596 | 7/28/2017 4:23 |
| 198933647 | ETH/BTC | Buy | | 5.73794686 | 5270 | 7/28/2017 6:53 |
| 198933650 | ETH/BTC | Buy | | 0.1125003 | 7107 | 7/28/2017 6:53 |
| 198933720 | ETH/BTC | Buy | | 0.00000073 | 523 | 7/28/2017 6:54 |
| 198934201 | ETH/BTC | Buy | | 1.14955209 | 5270 | 7/28/2017 6:55 |
| 198934204 | ETH/BTC | Buy | | 2.30638655 | 5270 | 7/28/2017 6:55 |
| 198934243 | ETH/BTC | Buy | | 0.72721495 | 2439 | 7/28/2017 6:55 |
| 198934256 | ETH/BTC | Buy | | 0.00075248 | 5742 | 7/28/2017 6:55 |
| 198934344 | ETH/BTC | Buy | | 1.80609127 | 3026 | 7/28/2017 6:56 |
| 198934377 | ETH/BTC | Buy | | 0.23226557 | 2439 | 7/28/2017 6:56 |
| 198934553 | ETH/BTC | Buy | | 0.57419452 | 2439 | 7/28/2017 6:56 |
| 198934613 | ETH/BTC | Buy | | 0.08250001 | 3549 | 7/28/2017 6:57 |
| 198934735 | ETH/BTC | Buy | | 0.02615605 | 5642 | 7/28/2017 6:57 |
| 198934782 | ETH/BTC | Buy | | 0.00005091 | 3891 | 7/28/2017 6:57 |
| 198934795 | ETH/BTC | Buy | | 0.0225 | 2090 | 7/28/2017 6:57 |
| 198934913 | ETH/BTC | Buy | | 0.74812042 | 7004 | 7/28/2017 6:58 |
| 198934914 | ETH/BTC | Buy | | 0.00382499 | 7004 | 7/28/2017 6:58 |
| 198934934 | ETH/BTC | Buy | | 0.01039434 | 7221 | 7/28/2017 6:58 |
| 198934939 | ETH/BTC | Buy | | 1.23654787 | 7107 | 7/28/2017 6:58 |
| 198935246 | ETH/BTC | Buy | | 7.77699999 | 7230 | 7/28/2017 6:59 |
| 199942139 | ETH/BTC | Buy | | 0.36285831 | 5532 | 7/28/2017 7:23 |
| 199942166 | ETH/BTC | Buy | | 1.25386448 | 5532 | 7/28/2017 7:23 |
| 199942170 | ETH/BTC | Buy | | 0.26851588 | 3749 | 7/28/2017 7:23 |
| 199942547 | ETH/BTC | Buy | | 0.15971749 | 5532 | 7/28/2017 7:24 |
| 199942561 | ETH/BTC | Buy | | 0.00053666 | 5532 | 7/28/2017 7:24 |
| 199942587 | ETH/BTC | Buy | | 0.00053594 | 5532 | 7/28/2017 7:24 |
| 199942617 | ETH/BTC | Buy | | 0.00053519 | 5532 | 7/28/2017 7:24 |
| 199943138 | ETH/BTC | Buy | | 4.91470113 | 5270 | 7/28/2017 7:25 |
| 199943312 | ETH/BTC | Buy | | 0.25883967 | 5270 | 7/28/2017 7:26 |
| 199943321 | ETH/BTC | Buy | | 0.23385195 | 5005 | 7/28/2017 7:26 |
| 199943368 | ETH/BTC | Buy | | 0.1614829 | 2439 | 7/28/2017 7:26 |
| 199943433 | ETH/BTC | Buy | | 0.00001822 | 3384 | 7/28/2017 7:26 |
| 199943444 | ETH/BTC | Buy | | 0.00001922 | 3165 | 7/28/2017 7:26 |
| 199943466 | ETH/BTC | Buy | | 0.00000001 | 523 | 7/28/2017 7:26 |
| 199943467 | ETH/BTC | Buy | | 0.03868106 | 5270 | 7/28/2017 7:26 |

CFPB-Wen Depo-000987

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

REDAC

| | | | | | | |
|---|---|---|---|---|---|---|
| 199943524 | ETH/BTC | Buy | REDACTED | 0.12284177 | 6270 | 7/28/2017 7:26 |
| 199966526 | ETH/BTC | Buy | | 5.33511371 | 5745 | 7/28/2017 8:05 |
| 235897275 | ETH/BTC | Buy | | 3.99999999 | 1773 | 9/25/2017 4:37 |
| 235897727 | ETH/BTC | Buy | | 2.00860983 | 6270 | 9/25/2017 5:06 |
| 235897892 | ETH/BTC | Buy | | 0.04573184 | 3958 | 9/25/2017 5:07 |
| 235897922 | ETH/BTC | Buy | | 0.88721169 | 6270 | 9/25/2017 5:07 |
| 235897964 | ETH/BTC | Buy | | 0.05844665 | 6270 | 9/25/2017 5:07 |
| 235898978 | ETH/BTC | Buy | | 0.09024625 | 6270 | 9/25/2017 5:11 |
| 235898979 | ETH/BTC | Buy | | 0.07614618 | 6270 | 9/25/2017 5:11 |
| 235899001 | ETH/BTC | Buy | | 0.00526152 | 6270 | 9/25/2017 5:11 |
| 235899005 | ETH/BTC | Buy | | 0.0212937 | 6270 | 9/25/2017 5:11 |
| 235899009 | ETH/BTC | Buy | | 0.07349315 | 6270 | 9/25/2017 5:11 |
| 235899099 | ETH/BTC | Buy | | 0.7855128 | 5799 | 9/25/2017 5:12 |
| 235899206 | ETH/BTC | Buy | | 0.19871027 | 7267 | 9/25/2017 5:12 |
| 235899396 | ETH/BTC | Buy | | 0.09068568 | 6270 | 9/25/2017 5:13 |
| 235899406 | ETH/BTC | Buy | | 0.22535185 | 6270 | 9/25/2017 5:13 |
| 235899782 | ETH/BTC | Buy | | 2.43329855 | 3394 | 9/25/2017 5:15 |

**Account Notes**

| Date | Agent | Note | Deleted | | | |
|---|---|---|---|---|---|---|
| 3/18/2017 17:42 | system | Address is confirmed residential. Database record indicate | No | | | |
| 3/18/2017 17:42 | system | Social Security Number was not supplied on search reque | No | | | |
| 3/18/2017 17:42 | system | Consumer not on file – no record. | No | | | |
| 4/8/2017 5:51 | system | Address is confirmed residential. Database record indicate | No | | | |
| 4/8/2017 5:51 | system | Social Security Number does not match name or address. | No | | | |
| 4/8/2017 5:51 | system | Full DOB available and input matches exactly. | No | | | |
| 12/18/2019 20 01 | CR-SHUTDOWN-FROZEN-LOCKED-SCRIPT | CR-SHUTDOWN-FROZEN-LOCKED | No | | | |
| 1/8/2020 18:45 | CR-SHUTDOWN-MOVE-BALANCE-SCRIPT | Wallet transfer complete from userID REDAC 8106 to userID | No | | | |
| 3/2/2020 23:18 | CR-US-UNLOCKED-UNFROZEN-SCRIPT | CR-US-UNLOCKED-UNFROZEN | No | | | |

**Support Log**

| Date | Agent | Action | | | | |
|---|---|---|---|---|---|---|
| 4/13/2017 14:26 | solarpowered | Looked up kainewen@gmail.com | | | | |
| 4/16/2017 7 07 | Oldgamejunk | Looked up kainewen@gmail.com | | | | |
| 4/29/2017 12 51 | Oldgamejunk | Looked up kainewen@gmail.com | | | | |
| 5/15/2017 17:38 | chewpacabra | Looked up kainewen@gmail.com | | | | |
| 5/15/2017 17:38 | chewpacabra | Looked up REDAC 8106 | | | | |
| 5/15/2017 17:38 | chewpacabra | Looked up REDAC 8106 | | | | |
| 5/15/2017 17:38 | chewpacabra | Viewed 4 Tier 3 documents for entity REDAC 4091 / user # 8106 | | | | |
| 5/15/2017 17:39 | chewpacabra | Looked up REDAC 8106 | | | | |
| 5/15/2017 17:39 | chewpacabra | Viewed 4 Tier 3 documents for entity REDAC 4091 / user # 8106 | | | | |
| 5/15/2017 17:40 | chewpacabra | Changed user # REDAC 8106's tier 2 profile error to Please upload a photograph of a recent paper utility bill in your name at this address. | | | | |
| 5/15/2017 17:40 | chewpacabra | Looked up REDAC 8106 | | | | |
| 5/15/2017 17:40 | chewpacabra | Unset photoID for entity REDAC 4091 / user # REDAC 8106 | | | | |
| 5/15/2017 17:40 | chewpacabra | Looked up REDAC 8106 | | | | |
| 5/17/2017 18 09 | solarpowered | Looked up kainewen@gmail.com | | | | |
| 5/21/2017 17 08 | chewpacabra | Looked up kainewen@gmail.com | | | | |
| 5/21/2017 17 08 | chewpacabra | Looked up REDAC 8106 | | | | |
| 5/21/2017 17 09 | chewpacabra | Looked up REDAC 8106 | | | | |
| 5/21/2017 17 09 | chewpacabra | Viewed 5 Tier 3 documents for entity REDAC 4091 / user # 8106 | | | | |
| 5/21/2017 17 09 | chewpacabra | Viewed 5 Tier 3 documents for entity REDAC 4091 / user REDAC 8106 | | | | |
| 5/21/2017 17 09 | chewpacabra | Looked up REDAC 8106 | | | | |
| 5/25/2017 20:37 | biodork | Looked up kainewen@gmail.com | | | | |
| 5/25/2017 20:37 | biodork | Looked up REDAC 8106 | | | | |
| 5/25/2017 20:37 | biodork | Viewed 5 Tier 3 documents for entity REDAC 4091 / user # 8106 | | | | |
| 5/25/2017 20:38 | biodork | Changed entity # REDAC 4091 / user # REDAC 8106 from tier 1 to tier 3 | | | | |
| 5/25/2017 20:38 | biodork | Looked up REDAC 8106 | | | | |
| 5/25/2017 20:38 | biodork | Viewed 5 Tier 3 documents for entity REDAC 4091 / user # 8106 | | | | |
| 5/25/2017 20:43 | solarpowered | Looked up kainewen@gmail.com | | | | |
| 11/27/2017 18:33 | thedjentleman | Looked up kainewen@gmail.com x | | | | |
| 11/27/2017 18:33 | thedjentleman | Looked up kainewen@gmail.com | | | | |

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/29/2018 16:22 | omg_airdrop | User # REDAC 8106 balance updated from 0 to 41.05610949 for omg_airdrop | | | | |
| 1/8/2020 18:45 | system | Wallet transfer complete from userID REDAC 8106 to userID REDAC 1654 | | | | |
| 2/10/2021 2:35 | jdavies@circle.com | Looked up # REDAC 8106 | | | | |
| | | | | | | |
| **Chat Log** | | | | | | |

CFPB-Wen Depo-000989

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

ERRATA
CASE TITLE: CFPB v CAC, et al.
DEPONENT: KAINE WEN
DATE OF DEPOSITION: March 4, 2021

Page 39, Line 5,
Change from "146BishopLanding2gmail.com" to "146bishoplanding@gmail.com"

Page 64, Line 22,
Change from "We use a phone app called WeChat."
to "We use phone apps called WeChat and possibly other apps."

Page 107, Line 10,
Change from "Through WeChat."
to "Through WeChat or possibly other apps"

Page 107, Line 22
Change from "In WeChat."
to "In WeChat or possibly other apps."

Page 111, Line 14
Change from "into my finance account"
to "into my Binance account"

SIGNED: _____
 Kaine Wen

DATED: _____April 12, 2021_____

CONFIDENTIAL

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

# Exhibit No. 14

1   EANET, PC
    Matthew Eanet (SBN 227490)
2   550 S. Hope Street, Suite 750
    Los Angeles, CA 90071
3   Telephone:    310-775-2495
    Facsimile:     310-593-2589
4   matt@eanetpc.com

5   Attorney for Defendant Kaine Wen

6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9   Bureau of Consumer Financial          CASE NO. 8:19-cv-01998-MWF(KSx)
    Protection; State of Minnesota, by its
10  Attorney General, Keith Ellison; State of   Hon. Michael W. Fitzgerald
    North Carolina, ex rel. Joshua H. Stein,
11  Attorney General; and The People of
    The State of California, Michael N.      **DEFENDANT KAINE WEN'S**
12  Feuer, Los Angeles City Attorney,        **OBJECTIONS AND RESPONSES TO**
                                             **EXPEDITED REQUEST FOR**
                  Plaintiffs,                **PRODUCTION OF DOCUMENTS AND**
13                                           **INTERROGATORY RESPONSES**
            v.
14
    Consumer Advocacy Center Inc., d/b/a
15  Premier Student Loan Center; True
    Count Staffing Inc., d/b/a SL Account
16  Management; Prime Consulting LLC,
    d/b/a Financial Preparation Services;
17  TAS 2019 LLC d/b/a Trusted Account
    Services; Horizon Consultants LLC;
18  First Priority LLC d/b/a Priority
    Account Management; Albert Kim,
19  a/k/a Albert King; Kaine Wen, a/k/a
    Wenting Kaine Dai, Wen Ting Dai, and
20  Kaine Wen Dai; and Tuong Nguyen,
    a/k/a Tom Nelson,
21
                  Defendants, and
22
    Infinite Management Corp., f/k/a
23  Infinite Management Solutions Inc.;
    Hold The Door, Corp.; TN
24  Accounting Inc.; Mice and Men
    LLC; 1st Generation Holdings, LLC;
25  Sarah Kim, and Anan Enterprise, Inc.,

26                Relief Defendants.

27

28

---

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

Defendant Kaine Wen ("Mr. Wen" or "Responding Party"), by and through his attorneys, hereby objects and responds to Plaintiff, The People of The State of California's ("Plaintiff" or "Propounding Party") Expedited Request for Production of Documents and Interrogatory Responses (each, a "Request" and together, the "Requests"), as follows:

## GENERAL OBJECTIONS

1.      The following responses and objections are based on information currently available to Responding Party. These responses and objections are given without prejudice to Responding Party's right to produce or rely on subsequently discovered information.

2.      Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses and objections.

3.      Responding Party objects to the scope of the definitions contained in the Requests, which are over three full pages, on the grounds that they are overbroad, unintelligible (or render the requests unintelligible), and call for documents and information which are not in Responding Party's possession, custody, or control, or which is already in the possession of Propounding Party and the Receiver or which they already have sought to obtain or may obtain via Subpoenas from third parties.

4.      Nothing in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection or privilege. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege.

5.      Responding Party objects to the Requests to the extent that it purports to require more than is required by controlling Rules of Federal Civil Procedure, including by way of two pages of "Instructions."

6.      The production of any documents or information by Responding Party is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents or information comprising or containing confidential or proprietary information including, without limitation, documents or

-1-
OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

information protected by federal and/or state rights of privacy.

7.     Responding Party objects to the Requests, and each request and interrogatory therein on the grounds that the scope of discovery sought in the Requests exceeds the permissible scope of the limited Expedited Discovery permitted by Paragraph 28(B) of the Stipulated Preliminary Injunction and discovery is not otherwise permitted because the parties have not yet held a FRCP Rule 26(f) conference.

8.     Responding Party objects to the Requests, and each request therein, on the grounds that it is overly broad and imposes an undue burden on Responding Party.

9.     Responding Party objects to the Requests, and each request therein, on the grounds that it does not provide Responding Party with reasonable time to comply.

## RESPONSES TO INTERROGATORY REQUESTS

### INTERROGATORY NO. 1.

Identify all Persons with personal knowledge of, or Documents evidencing, Your interactions and transactions with Sea relating to Virtual Currency.

### RESPONSE TO INTERROGATORY NO. 1:

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that

-2-

it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose. On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 2:**

Describe each instance in which You met with Sea in person since January 1, 2017, including the date of the meeting, where You met him, who was present, how long You met with him, and all discussions You had with him relating to Virtual Currency.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose.

Subject to and without waiving the foregoing objections, as Responding Party testified at his deposition on March 4, 2021, to the best of his recollection, the last time Responding Party saw Sea in person was 2018.

**INTERROGATORY NO. 3:**

Describe all gambling debts that Sea paid on Your behalf, including to whom You owed the debt, the amount of the debt, the date You incurred the debt, where it was incurred (e.g., name and location of casino, online gambling platform, or other location or medium), the date when Sea repaid the debt on Your behalf, and the type and amount of each Asset used to repay the debt (e.g., United States Dollars, Renminbi, Bitcoin, Ether).

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose.

Subject to and without waiving the foregoing objections, as Responding Party testified at his deposition on March 4, 2021, to the best of his recollection, Responding Party transferred Ethereum to Sea to assist Responding Party with investing in certain Initial Coin Offerings and paying various small ongoing gambling debts.

**INTERROGATORY NO. 4:**

Describe why You transferred Virtual Currency to Sea, including all reasons why You think Sea is "more experienced with cryptocurrency" than You are and all reasons why You "thought he could hold it more securely" than if You held it yourself. (Wen Deposition

-4-

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

Tr. 89:8-15).

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose.

Subject to and without waiving the foregoing objections, as Responding Party testified at his deposition on March 4, 2021, to the best of his recollection, Responding Party transferred Ethereum to Sea to assist Responding Party with investing in certain Initial Coin Offerings and paying various small ongoing gambling debts.

**INTERROGATORY NO. 5:**

Describe the type and amount of all of Your recurring monthly expenses since October 23, 2019, including, but not limited to, each of the following, as applicable: rent or mortgage payments; taxes; car or other vehicle lease or loan payments, food expenses; clothing expenses; utilities; medical expenses, including insurance; other insurance premiums; travel and transportation; other household expenses; student loan payments; legal expenses; and gambling debts. For each expense, provide the approximate amount paid monthly toward that expense since October 23, 2019.

-5-
OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

Ex. No. 14
P. 304

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose. On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 6:**

With respect to Interrogatory No. 5, Identify each Person to whom You paid more than $1,000, in the aggregate, since October 23, 2019, and provide the date(s) and amount(s) paid to that Person and the purpose of the payment.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

conclusion and/or an expert opinion. Responding Party further objects to this interrogatory

on the grounds that it is vague, ambiguous and unintelligible. Responding Party further

objects to this interrogatory on the grounds that it is unduly burdensome and harassing.

Responding Party objects to this interrogatory on the grounds and to the extent that it

demands the production of information protected by the constitutional rights of privacy, the

attorney-client privilege, the work product privilege, or any other privilege or immunity

applicable by law. Responding Party further objects to this interrogatory on the grounds that

it is duplicative of other discovery propounded in this matter. Responding Party further

objects to this interrogatory on the grounds that it was propounded for an improper purpose.

On the advice of counsel, Responding Party further declines to answer based upon his

privilege against self-incrimination under the Fifth Amendment to the United States

Constitution.

**INTERROGATORY NO. 7:**

Describe the type and amount, and Identify the recipient, for all of Your expenses

that have totaled more than $1,000 to the same Person in the aggregate since October 23,

2019, not including recurring monthly expenses described in response to Interrogatory No.

5, and including, but not limited to, each of the following, as applicable: taxes, travel,

medical expenses, vehicle expenses, legal expenses, and gambling debts.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates the General Objections set forth above as if fully set

forth herein. Responding Party further objects to this interrogatory on the ground and to the

extent that it seeks information that is neither relevant to the subject matter of this litigation

nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

further objects to this interrogatory on the grounds and to the extent that it calls for a legal

conclusion and/or an expert opinion. Responding Party further objects to this interrogatory

on the grounds that it is vague, ambiguous and unintelligible. Responding Party further

objects to this interrogatory on the grounds that it is unduly burdensome and harassing.

Responding Party objects to this interrogatory on the grounds and to the extent that it

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose. On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 8:**

Identify all Persons who have paid, in the aggregate, more than $1,000 on Your behalf toward Your expenses or debts since October 23, 2019, including but not limited to payments for Your rent or mortgage expenses; taxes; car or other vehicle expenses; food expenses; clothing expenses; utilities; medical expenses, including insurance; other insurance premiums; travel and transportation; other household expenses; student loan payments; legal expenses; and gambling debts.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose. On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 9:**

For all payments toward Your expenses or debts made by You or by the Persons Identified in response to Interrogatory Nos. 6-8 since October 23, 2019, identify the payment method used (e.g., financial institution and account number; Virtual Currency exchange, account number, and address) and the source of the funds or other consideration for any payment made by You (e.g., the Person gifting You the funds and how You received the funds, income from employment including Identifying the employer).

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose. On the advice of counsel, Responding Party further declines to answer based upon his

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

1  privilege against self-incrimination under the Fifth Amendment to the United States

2  Constitution.

3  **INTERROGATORY NO. 10:**

4      If, for any request, there are types or categories of Documents that would be

5  responsive to this CID but that were destroyed, mislaid, transferred, deleted, altered, over-

6  written or are otherwise unavailable for production, Identify each type or category and the

7  date it became unavailable, and describe in detail the circumstances leading to its

8  unavailability and all steps You have taken to obtain or recover the Documents.

9  **RESPONSE TO INTERROGATORY NO. 10:**

10      Responding Party incorporates the General Objections set forth above as if fully set

11  forth herein. Responding Party further objects to this interrogatory on the ground and to the

12  extent that it seeks information that is neither relevant to the subject matter of this litigation

13  nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

14  further objects to this interrogatory on the grounds and to the extent that it calls for a legal

15  conclusion and/or an expert opinion. Responding Party further objects to this interrogatory

16  on the grounds that it is vague, ambiguous and unintelligible. Responding Party further

17  objects to this interrogatory on the grounds that it is unduly burdensome and harassing.

18  Responding Party objects to this interrogatory on the grounds and to the extent that it

19  demands the production of information protected by the constitutional rights of privacy, the

20  attorney-client privilege, the work product privilege, or any other privilege or immunity

21  applicable by law. Responding Party further objects to this interrogatory on the grounds that

22  it is duplicative of other discovery propounded in this matter. Responding Party further

23  objects to this interrogatory on the grounds that it was propounded for an improper purpose.

24  On the advice of counsel, Responding Party further declines to answer based upon his

25  privilege against self-incrimination under the Fifth Amendment to the United States

26  Constitution.

27               **RESPONSES TO DOCUMENT REQUESTS**

28  **REQUEST FOR PRODUCTION NO. 1:**

-10-

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

All Documents evidencing each meeting between You and Sea since January 1, 2017, including all photographs of You and Sea.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this request on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this request on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this Request on the grounds that it is unduly burdensome and harassing. Responding Party objects to this request on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this request on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this request on the grounds that it was propounded for an improper purpose. On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and the Act of Production Doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

From January 1, 2017, through October 22, 2019, all communications with Sea or with anyone acting on Sea's behalf that refer or relate to Virtual Currency, Your gambling debts, or Your investment in initial coin offerings, including all WeChat messages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this request on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

1  nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

2  further objects to this request on the grounds and to the extent that it calls for a legal

3  conclusion and/or an expert opinion. Responding Party further objects to this request on the

4  grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to

5  this Request on the grounds that it is unduly burdensome and harassing. Responding Party

6  objects to this request on the grounds and to the extent that it demands the production of

7  information protected by the constitutional rights of privacy, the attorney-client privilege,

8  the work product privilege, or any other privilege or immunity applicable by law.

9  Responding Party further objects to this request on the grounds that it is duplicative of other

10  discovery propounded in this matter. Responding Party further objects to this request on the

11  grounds that it was propounded for an improper purpose. On the advice of counsel,

12  Responding Party further declines to answer based upon his privilege against self-

13  incrimination under the Fifth Amendment to the United States Constitution and the Act of

14  Production Doctrine.

15  **REQUEST FOR PRODUCTION NO. 3:**

16      From October 23, 2019, to July 26, 2021, all communications involving You and

17  Sea or anyone acting on Sea's behalf that refer or relate to Virtual Currency, Your gambling

18  debts, or Your investment in initial coin offerings, including all WeChat messages.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

20      Responding Party incorporates the General Objections set forth above as if fully set

21  forth herein. Responding Party further objects to this request on the ground and to the

22  extent that it seeks information that is neither relevant to the subject matter of this litigation

23  nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

24  further objects to this request on the grounds and to the extent that it calls for a legal

25  conclusion and/or an expert opinion. Responding Party further objects to this request on the

26  grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to

27  this Request on the grounds that it is unduly burdensome and harassing. Responding Party

28  objects to this request on the grounds and to the extent that it demands the production of

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

1  information protected by the constitutional rights of privacy, the attorney-client privilege,

2  the work product privilege, or any other privilege or immunity applicable by law.

3  Responding Party further objects to this request on the grounds that it is duplicative of other

4  discovery propounded in this matter. Responding Party further objects to this request on the

5  grounds that it was propounded for an improper purpose. On the advice of counsel,

6  Responding Party further declines to answer based upon his privilege against self-

7  incrimination under the Fifth Amendment to the United States Constitution and the Act of

8  Production Doctrine.

9  **REQUEST FOR PRODUCTION NO. 4:**

10  To the extent not already produced in response to the above Document Requests, all

11  Documents reflecting Your interactions or transactions with Sea involving Virtual

12  Currency, including any profit-sharing arrangement and transaction records.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

14  Responding Party incorporates the General Objections set forth above as if fully set

15  forth herein. Responding Party further objects to this request on the ground and to the

16  extent that it seeks information that is neither relevant to the subject matter of this litigation

17  nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

18  further objects to this request on the grounds and to the extent that it calls for a legal

19  conclusion and/or an expert opinion. Responding Party further objects to this request on the

20  grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to

21  this Request on the grounds that it is unduly burdensome and harassing. Responding Party

22  objects to this request on the grounds and to the extent that it demands the production of

23  information protected by the constitutional rights of privacy, the attorney-client privilege,

24  the work product privilege, or any other privilege or immunity applicable by law.

25  Responding Party further objects to this request on the grounds that it is duplicative of other

26  discovery propounded in this matter. Responding Party further objects to this request on the

27  grounds that it was propounded for an improper purpose. On the advice of counsel,

28  Responding Party further declines to answer based upon his privilege against self-

-13-

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

1  incrimination under the Fifth Amendment to the United States Constitution and the Act of

2  Production Doctrine.

3  **REQUEST FOR PRODUCTION NO. 5:**

4      To the extent not already produced in response to the above Document Requests, all

5  Documents reflecting gambling debts that Sea paid on Your behalf, including but not

6  limited to all Documents evidencing when, how, and to whom You incurred the debts;

7  when, how, and to whom the debts were repaid, if at all; and the amount of each debt and

8  any repayment.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

10      Responding Party incorporates the General Objections set forth above as if fully set

11  forth herein. Responding Party further objects to this request on the ground and to the

12  extent that it seeks information that is neither relevant to the subject matter of this litigation

13  nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

14  further objects to this request on the grounds and to the extent that it calls for a legal

15  conclusion and/or an expert opinion. Responding Party further objects to this request on the

16  grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to

17  this Request on the grounds that it is unduly burdensome and harassing. Responding Party

18  objects to this request on the grounds and to the extent that it demands the production of

19  information protected by the constitutional rights of privacy, the attorney-client privilege,

20  the work product privilege, or any other privilege or immunity applicable by law.

21  Responding Party further objects to this request on the grounds that it is duplicative of other

22  discovery propounded in this matter. Responding Party further objects to this request on the

23  grounds that it was propounded for an improper purpose. On the advice of counsel,

24  Responding Party further declines to answer based upon his privilege against self-

25  incrimination under the Fifth Amendment to the United States Constitution and the Act of

26  Production Doctrine.

27      **REQUEST FOR PRODUCTION NO. 6:**

28      To the extent not already produced in response to the above Document Requests, All

-14-

1  Documents that You relied upon in preparing Your Amended Financial Disclosure.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

3      Responding Party incorporates the General Objections set forth above as if fully set

4  forth herein. Responding Party further objects to this request on the ground and to the

5  extent that it seeks information that is neither relevant to the subject matter of this litigation

6  nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

7  further objects to this request on the grounds and to the extent that it calls for a legal

8  conclusion and/or an expert opinion. Responding Party further objects to this request on the

9  grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to

10  this Request on the grounds that it is unduly burdensome and harassing. Responding Party

11  objects to this request on the grounds and to the extent that it demands the production of

12  information protected by the constitutional rights of privacy, the attorney-client privilege,

13  the work product privilege, or any other privilege or immunity applicable by law.

14  Responding Party further objects to this request on the grounds that it is duplicative of other

15  discovery propounded in this matter. Responding Party further objects to this request on the

16  grounds that it was propounded for an improper purpose. On the advice of counsel,

17  Responding Party further declines to answer based upon his privilege against self-

18  incrimination under the Fifth Amendment to the United States Constitution and the Act of

19  Production Doctrine.

20  **REQUEST FOR PRODUCTION NO. 7:**

21      To the extent not already produced in response to the above Document Requests, all

22  Documents that You relied upon in preparing Your responses to the Interrogatory Requests

23  contained herein.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25      Responding Party incorporates the General Objections set forth above as if fully set

26  forth herein. Responding Party further objects to this request on the ground and to the

27  extent that it seeks information that is neither relevant to the subject matter of this litigation

28  nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

-15-

further objects to this request on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this request on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this Request on the grounds that it is unduly burdensome and harassing. Responding Party objects to this request on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this request on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this request on the grounds that it was propounded for an improper purpose. On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and the Act of Production Doctrine.

Dated:  August 16, 2021                    EANET, PC

                                           By:   */s Matthew Eanet*
                                                 Matthew L. Eanet

                                           Attorneys for Defendant Kaine Wen

-16-

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.

## PROOF OF SERVICE

I, the undersigned, certify and declare the following:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 S. Hope Street, Suite 750, Los Angeles, CA 90071.

On August 16, 2021, I caused the foregoing document(s) described as:

**DEFENDANT KAINE WEN'S OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES**

to be served on the interested parties as follows:

1. **Sarah Preis**
   (Admitted *pro hac vice*)
   sarah.preis@cfpb.gov
   Tel.: (202) 435-9318
   **Jesse Stewart**
   (Admitted *pro hac vice*)
   jesse.stewart@cfpb.gov
   Tel.: (202) 435-9641
   **Nathan Dimock**
   (Admitted *pro hac vice*)
   nathan.dimock@cfpb.gov
   Tel.: (202) 435-9198
   1700 G Street, NW
   Washington, DC 20552
   Fax: (202) 435-5471
   **Leanne E. Hartmann**
   leanne.hartmann@cfpb.gov
   301 Howard Street, Suite 1200
   San Francisco, CA 94105
   Tel: (415) 844-9787
   Fax: (415) 844-9788
   *Attorneys for Plaintiff*
   *Bureau of Consumer Financial Protection*

2. **Evan Romanoff (*Pro Hac Vice*)**
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
   Tel.: 651-757-1454

-1-
PROOF OF SERVICE

1

evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

2

3. **M. Lynne Weaver (*Pro Hac Vice*)**
   **Michael T. Henry**
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   Tel.: 919-716-6000
   Fax: 919-716-6050
   lweaver@ncdoj.gov
   *Attorneys for Plaintiff the State of North Carolina*

4. **Michael N. Feuer, City Attorney**
   **Mary Clare Molidor, Chief Assistant City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012 4131
   Tel.: 213-978-9707
   Fax.: 213-978-8112
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   rebecca.morse@lacity.org
   *Attorneys for Plaintiff the People of the State of California*

5. **Sanjay Bhandari**
   **Cornelia JB Gordon**
   **McNamara Smith LLP**
   655 West Broadway, Suite 1600
   San Diego, CA 92701
   Tel.: 619-269-0400
   Fax: 619-269-0401
   sbhandari@mcnamarallp.com
   cgordon@mcnamarallp.com
   *Attorneys for Receiver Thomas W. McNamara*

**BY ELECTRONIC SERVICE:** I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

-2-

PROOF OF SERVICE

Dated:  August 16, 2021                    EANET, PC

                                           By: _____
                                                Matthew L. Eanet

-3-

PROOF OF SERVICE

# Exhibit No. 15

**TANTALO & ADLER LLP**
Joel M. Tantalo, CA SBN 206096
    email: jtantalo@ta-llp.com
Michael S. Adler, CA SBN 190119
    email: jtantalo@ta-llp.com
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326

Attorneys for Relief Defendant Judy Dai

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONSUMER ADVOCACY CENTER INC., d/b/a PREMIER STUDENT LOAN CENTER, et al.,<br><br>        Defendants. | CASE NO.: **8:19-cv-01998 MWF (KSx)**<br><br>**RESPONSES TO BUREAU'S EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS TO RELIEF DEFENDANT JUDY DAI, SET 1** |

**PROPOUNDING PARTY:**        BUREAU OF CONSUMER FINANCIAL PROTECTION

**RESPONDING PARTY:**        JUDY DAI

**SET NO.:**        One (1)

---

# **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. The responses do not waive any appropriate objection, including, but not limited to, those based on competency, relevancy, materiality, attorney-client privilege, work-product or admissibility, which would require the exclusion of any statement made herein if the statement were offered into evidence in court. All objections to the Requests and any further discovery relating to the matters contained in the Requests are reserved and may be interposed at the time of trial or other proceeding. Except for explicit facts stated herein, no incidental and/or implied admissions are intended or made by Respondent Judy Dai ("Judy" or "Respondent") in any of these responses. Respondent's responses should not be construed as an admission that it accepts or admits any facts set forth or implied in the Requests.

Respondent's investigation in this action is in a preliminary stage, and is continuing. As discovery proceeds, Respondent may discover documents, facts and evidence, and may arrive at legal theories or positions that are not yet set forth in this action, but which may, in the future, be relevant to its responses to the Requests. Accordingly, these responses are based upon Respondent's current information, investigation, understanding and belief. Without any creating or accepting any obligation to do so, Respondent reserves the right to amend, modify, or supplement the information and objections contained in these responses as new information becomes available. Additionally, Respondent reserves the right to conduct additional discovery with reference to, and offer into evidence at trial, any and all such documents, facts, and evidence notwithstanding the absence of the reference to such documents, facts or evidence in these responses at this time. These responses are made without prejudice to Respondent's right to use or rely on any subsequently-discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight, or inadvertence.

---

1

JUDY DAI'S RESPONSES TO BUREAU'S EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

# GENERAL OBJECTIONS

Each of the following General Objections is incorporated as an objection to each Request, whether or not specific reference is made to it.

1. Respondent objects to each Request to the extent that it calls for information protected from discovery by the attorney-client privilege and/or the attorney work-product protection. The responses provided herein exclude any such privileged or protected communications and/or information. Respondent will not search for any materials covered by the attorney-client privilege or the work product privilege, and will not produce any such documents if located. Any disclosure of privileged or protected information is inadvertent, and shall not constitute a waiver of any privilege, immunity, protection or ground for objecting to the disclosure of or use of such information, and shall not waive Respondent's rights to object to the use of such information or to demand the return of such information.

2. Respondent objects to each Request to the extent that it seeks material not currently in Respodent's possession, custody or control, or refers to persons, entities or events as to which Respondent lacks knowledge or information.

3. Respondent objects to each Request to the extent that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Respondent objects to each Request to the extent that it seeks to impose obligations on Respondent that are greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Central District of California or the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief filed November 15, 2019 ("Stipulated Preliminary Injunction").  In particular, Respondent objects to each Request to

the extent that it exceeds the scope of the Limited Expedited Discovery permitted by Article XXVIII of the Stipulated Preliminary Injunction.

## SPECIFIC OBJECTIONS & RESPONSES

Without waiving Respondent's General Objections, which are incorporated by reference into each specific response and objection hereafter, Respondent responds and objects to the following Requests as follows:

**REQUEST FOR DOCUMENTS NO. 1:**

Provide all Documents relating to Cryptocurrency that You owned, controlled, or held for anyone's benefit—directly, indirectly, in whole, or in part—from January 1, 2019, through September 29, 2021, including:

a.  all transaction records; and

b.  all Cryptocurrency Financial Institution account documents.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 1:**

Respondent Judy Dai incorporates the General Objections above.

Subject to and without waiving such objections, Ms. Dai responds that, to the best of her knowledge, she had not owned, controlled, or held any cryptocurrency for anyone's benefit from January 1, 2019 through the present.  As such, Respondent responds that she is not aware of any responsive documents.

**REQUEST FOR DOCUMENTS NO. 2:**

Provide all Documents that You relied upon in preparing Your responses to the Interrogatory Requests contained herein.

3

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 2:**

Respondent Judy Dai incorporates the General Objections above.

Subject to and without waiving such objections, Ms. Dai responds that, to the best of her knowledge, she had not owned, controlled, or held any cryptocurrency for anyone's benefit from January 1, 2019 through the present.  As such, Ms. Dai responds that she is not aware of any documents that she could have relied upon, and believes there are no responsive documents.

DATE: October 1, 2021                    **TANTALO & ADLER LLP**

By:/Michael S. Adler/  _____
                              Michael S. Adler

Attorneys for Relief Defendant Judy Dai

4

JUDY DAI'S RESPONSES TO BUREAU'S EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS, SET 1

**PROOF OF SERVICE**

I am over eighteen years of age and not a party to this action. My business address is Tantalo & Adler LLP, 1801 Century Park East, Suite 2400, Los Angeles, CA 90067-2326. On October 4, 2021, I served the document to which this is attached, on the parties or their counsel listed below or on the attached Service List, by the methods checked:

**RESPONSES TO BUREAU'S EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS TO RELIEF DEFENDANT JUDY DAI, SET 1**

☒ BY ELECTRONIC MAIL: By transmitting a copy of the attached document in PDF format by electronic mail to the specified recipient(s) at the electronic mail address(es) stated herein.

☐ BY PERSONAL SERVICE: I caused the attached document to be delivered by hand to the specified recipient(s) at the address(es) stated herein.

☐ OVERNIGHT DELIVERY: I caused a copy of the attached document to be deposited in a sealed envelope(s) and placed into a facility regularly maintained by the overnight service carrier or delivered to a courier or driver authorized to receive packages on its behalf, with all fees prepaid or provided for, to the specified recipient(s) at the address(es) stated herein.

☐ BY MAIL: I caused a copy of the attached document to be placed in the United States Mail in Los Angeles, California in a sealed envelope(s) with postage prepaid, to the specified recipient(s) at the addresses stated herein. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

I certify under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct, that the foregoing document(s), and all copies made from same, were printed on recycled paper, and that this declaration was executed by me on October 4, 2021, in Los Angeles, California.

_____
Michael S. Adler

1

1

**SERVICE LIST**
*Bureau of Consumer Financial Protection v. Consumer Advocacy Center Inc.*
United States District Court Case No. 8:19-cv-01998 MWF (KSx)

2

3

Evan Romanoff *(Pro Hac Vice)*                *Attorney for Plaintiff the State of*
4
Assistant Attorney General                    *Minnesota*
The State of Minnesota
5
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
6
Tel.: 651-757-1454
7
evan.romanoff@ag.state.mn.us

8

M. Lynne Weaver *(Pro Hac Vice)*             *Attorney for Plaintiff the State of North*
9
North Carolina Department of Justice         *Carolina*
114 W. Edenton Street
10
Raleigh, NC 27602
Tel.: 919-716-6000
11
Fax: 919-716-6050
12
lweaver@ncdoj.gov

13

Michael N. Feuer, City Attorney               *Attorneys for Plaintiff the People of the*
14
Mary Clare Molidor, Chief Assistant City Attorney   *State of California*
Christina V. Tusan, Supervising Deputy City Attorney
15
William Pletcher, Deputy City Attorney
Office of the City Attorney
16
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012 4131
17
Tel.: 213-978-9707
18
Fax.: 213-978-8112
christina.tusan@lacity.org
19
william.pletcher@lacity.org

20

Glenn D. Moses                               *Attorney for Sonya S. Slott, Ch. 7 Trustee*
21
Genovese Joblove & Batista                   *for Consumer Advocacy Center Inc.*
100 SE 2nd Street, Suite 4400
22
Miami, FL 33131
23
Tel.: 305-349-2300
Fax: 305-428-8807
24
gmoses@gjb-law.com

25

26

27

28

Keri Curtis Axel
Samuel Standage Meehan
Waymaker LLP
777 S. Figueroa, Suite 2850
Los Angeles, CA 90017
Tel.: 424-652-7800
kaxel@waymakerlaw.com
smeehan@waymakerlaw.com

*Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.*

Sanjay Bhandari
Cornelia JB Gordon
Andrew M. Greene
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, CA 92701
Tel.: 619-269-0400
Fax: 619-269-0401
sbhandari@mcnamarallp.com
cgordon@mcnamarallp.com
agreene@mcnamarallp.com

*Attorneys for Receiver Thomas W. McNamara*

Matthew Eanet
Eanet PC
550 South Hope Street, Suite 750
Los Angeles, CA 90071
Tel.: 310-775-2495
Fax: 310-593-2589
matt@eanetpc.com

*Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp. and Mice and Men LLC*

Julian Burns King
King & Siegel LLP
724 South Spring Street, Suite 201
Los Angeles, CA 90014
Tel.: 213-465-4802
julian@kingsiegel.com

*Attorney for Defendant Albert Kim and Relief Defendants 1st Generation Holdings, LLC, Infinite Management Corp., and Sarah Kim*

Sarah Preis *(Pro Hac Vice)*
Jesse Stewart *(Pro Hac Vice)*
Nathan Dimock *(Pro Hac Vice)*
1700 G Street, NW
Washington, DC 20552
sarah.preis@cfpb.gov
jesse.stewart@cfpb.gov
nathan.dimock@cfbp.gov

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

3

Leanne E. Hartmann
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel.: 415-844-9787
leanne.hartmann@cfpb.com

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

4

1  **TANTALO & ADLER LLP**
   Joel M. Tantalo, CA SBN 206096
2      email: jtantalo@ta-llp.com
   Michael S. Adler, CA SBN 190119
3      email: jtantalo@ta-llp.com
   1801 Century Park East, Suite 2400
4  Los Angeles, CA 90067-2326

5  Attorneys for Relief Defendant Judy Dai

6
                    **UNITED STATES DISTRICT COURT**
7
                   **CENTRAL DISTRICT OF CALIFORNIA**
8

9  BUREAU OF CONSUMER FINANCIAL          **CASE NO.: 8:19-cv-01998 MWF (KSx)**
   PROTECTION, et al.,
10
   Plaintiffs,
11                                        **RESPONSES TO BUREAU'S EXPEDITED
   v.                                     REQUEST FOR INTERROGATORIES TO
12                                        RELIEF DEFENDANT JUDY DAI, SET 1**
   CONSUMER ADVOCACY CENTER INC.,
13 d/b/a PREMIER STUDENT LOAN
   CENTER, et al.,
14
                 Defendants.
15

16

17      **PROPOUNDING PARTY:**      BUREAU OF CONSUMER FINANCIAL
                                    PROTECTION
18
        **RESPONDING PARTY:**       JUDY DAI
19
        **SET NO.:**                One (1)
20

21

22

23

24

25

26

27

28

---
JUDY DAI'S RESPONSES TO BUREAU'S EXPEDITED INTERROGATORIES, SET 1

# **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. The responses do not waive any appropriate objection that would require the exclusion of any statement made herein if the statement were offered into evidence in court (including, without limitation, objections based on admissibility, relevance, materiality, foundation, competence, attorney-client privilege, joint defense or common interest privilege, attorney work-product, or privacy). All objections are reserved and may be interposed at the time of trial or other proceeding. Except for explicit facts stated herein, no incidental and/or implied admissions are intended or made by Respondent Judy Dai ("Judy" or "Respondent") in any of these responses. Respondent's responses should not be construed as an admission that Respondent accepts or admits any facts set forth or implied in the Interrogatories.

As discovery proceeds, Respondent may discover additional documents, facts and evidence, and may arrive at additional defenses, theories or positions that are not yet set forth in this action but which may, in the future, be relevant or responsive to his responses. Accordingly, these responses are based upon Respondent's current information, investigation, understanding and beliefs. Without obligating Respondent to do so, Respondent reserves the right to amend, modify, or supplement the information and objections contained in these responses as new information becomes available. Additionally, Respondent reserves the right to conduct discovery with reference to, and offer into evidence at trial, any and all such documents, facts, and evidence notwithstanding any absence of reference to such documents, facts or evidence at this time. Respondent's responses are made without prejudice to Respondent's right to use or rely on any subsequently-discovered documents, information, or facts, or to use documents, information, or facts omitted from these responses as a result of mistake, error, oversight, or inadvertence.

JUDY DAI'S RESPONSES TO BUREAU'S EXPEDITED INTERROGATORIES, SET 1

# **GENERAL OBJECTIONS**

Each of the following General Objections is incorporated as an objection to each Request, whether or not specific reference is made to it.

1. Respondent objects to each Request to the extent that it calls for information protected from discovery by the attorney-client privilege and/or the attorney work-product protection. The responses provided herein exclude any such privileged or protected communications and/or information. Respondent will not search for any materials covered by the attorney-client privilege or the work product privilege, and will not produce any such documents if located. Any disclosure of privileged or protected information is inadvertent, and shall not constitute a waiver of any privilege, immunity, protection or ground for objecting to the disclosure of or use of such information, and shall not waive Respondent's rights to object to the use of such information or to demand the return of such information.

2. Respondent objects to each Request to the extent that it seeks material not currently in Respondent's possession, custody or control, or refers to persons, entities or events as to which Respondent lacks knowledge or information.

3. Respondent objects to each Request to the extent that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Respondent objects to each Request to the extent that it seeks to impose obligations on Respondent that are greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Central District of California or the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief filed November 15, 2019 ("Stipulated Preliminary Injunction").  In particular, Respondent objects to each Request to

2

the extent that it exceeds the scope of the Limited Expedited Discovery permitted by Article XXVIII

of the Stipulated Preliminary Injunction.

<div align="center">

**SPECIFIC OBJECTIONS AND RESPONSES**

</div>

**INTERROGATORY NO. 1:**

     Identify and describe all Cryptocurrency that You owned, controlled, or held for anyone's

benefit—directly, indirectly, in whole, or in part—from January 1, 2019, through September 29,

2021, including describing:

     a.  the type(s) and amount(s) of Cryptocurrency held (e.g., 5 Bitcoin, 200 Ether);

     b.  the date(s) during which the Cryptocurrency was held;

     c.  how and where the Cryptocurrency was held, including:

          i.  if held on an Unhosted Wallet, provide the Cryptocurrency Address, a complete

          description of the Unhosted Wallet, and where it is located (e.g, identifying the full

          street address or other specific description of the location);

          ii.  if held at a Cryptocurrency Financial Institution, identify the Cryptocurrency

          Financial Institution by name and identify all user names, account numbers, and other

          unique identifiers associated with the account or service provided by the

          Cryptocurrency Financial Institution;

     d.  all Persons owning, controlling, having access to, or benefiting from, either directly or

     indirectly, the Cryptocurrency;

     e.  how You acquired the Cryptocurrency, including the name(s), Cryptocurrency

     Address(es),  and other identifier(s) for any counterparty(ies) to any Cryptocurrency

     transaction whereby You received Cryptocurrency from another Person, including a

<div align="center">

3

</div>

description of the transaction and the name(s) of all Cryptocurrency Financial Institutions involved in each transaction; and

f.  if You no longer hold the Cryptocurrency, what happened to the Cryptocurrency, including the name(s), Cryptocurrency Address(es), and other identifier(s) for any counterparty(ies) to any Cryptocurrency transaction whereby You sent Cryptocurrency to another Person, including a description of the transaction and the name(s) of all Cryptocurrency Financial Institutions involved in each transaction.

**RESPONSE TO INTERROGATORY NO. 1:**

Respondent Judy Dai incorporates the General Objections above.  Subject to and without waiving such objections, Ms. Dai responds that, to the best of her knowledge, she had not owned, controlled, or held any cryptocurrency for anyone's benefit from January 1, 2019 through the present.

DATE: October 1, 2021                    **TANTALO & ADLER LLP**

By:/Michael S. Adler/  _____
                                          Michael S. Adler

Attorneys for Relief Defendant Judy Dai

---

4

1

**PROOF OF SERVICE**

2       I am over eighteen years of age and not a party to this action. My business address is Tantalo
& Adler LLP, 1801 Century Park East, Suite 2400, Los Angeles, CA 90067-2326. On October 4,
3  2021, I served the document to which this is attached, on the parties or their counsel listed below or
on the attached Service List, by the methods checked:

4

**RESPONSES TO BUREAU'S EXPEDITED REQUEST FOR INTERROGATORIES
5             TO RELIEF DEFENDANT JUDY DAI, SET 1**

6       ☒       BY ELECTRONIC MAIL: By transmitting a copy of the attached document in PDF
format by electronic mail to the specified recipient(s) at the electronic mail address(es) stated herein.

7
        ☐       BY PERSONAL SERVICE: I caused the attached document to be delivered by hand
8  to the specified recipient(s) at the address(es) stated herein.

9       ☐       OVERNIGHT DELIVERY: I caused a copy of the attached document to be deposited
in a sealed envelope(s) and placed into a facility regularly maintained by the overnight service carrier
10  or delivered to a courier or driver authorized to receive packages on its behalf, with all fees prepaid
or provided for, to the specified recipient(s) at the address(es) stated herein.

11
        ☐       BY MAIL: I caused a copy of the attached document to be placed in the United States
12  Mail in Los Angeles, California in a sealed envelope(s) with postage prepaid, to the specified
recipient(s) at the addresses stated herein. I am readily familiar with this law firm's practice for
13  collection and processing of correspondence for mailing with the United States Postal Service.
Correspondence is deposited with the United States Postal Service the same day it is left for collection
14  and processing in the ordinary course of business.

15      I certify under penalty of perjury of the laws of the State of California and the United States
of America that the foregoing is true and correct, that the foregoing document(s), and all copies made
16  from same, were printed on recycled paper, and that this declaration was executed by me on October
4, 2021, in Los Angeles, California.

17

18                                          _____
                                                      Michael S. Adler

19

20

21

22

23

24

25

26

27

28

1

1

**SERVICE LIST**
*Bureau of Consumer Financial Protection v. Consumer Advocacy Center Inc.*
United States District Court Case No. 8:19-cv-01998 MWF (KSx)

2

3

4    Evan Romanoff *(Pro Hac Vice)*                    *Attorney for Plaintiff the State of*
     Assistant Attorney General                       *Minnesota*
5    The State of Minnesota
     445 Minnesota Street, Suite 1200
6    St. Paul, MN 55101-2130
     Tel.: 651-757-1454
7    evan.romanoff@ag.state.mn.us

8

9    M. Lynne Weaver *(Pro Hac Vice)*                  *Attorney for Plaintiff the State of North*
     North Carolina Department of Justice              *Carolina*
     114 W. Edenton Street
10   Raleigh, NC 27602
     Tel.: 919-716-6000
11   Fax: 919-716-6050
12   lweaver@ncdoj.gov

13

14   Michael N. Feuer, City Attorney                  *Attorneys for Plaintiff the People of the*
     Mary Clare Molidor, Chief Assistant City Attorney *State of California*
     Christina V. Tusan, Supervising Deputy City Attorney
15   William Pletcher, Deputy City Attorney
     Office of the City Attorney
16   200 N. Main Street, 500 City Hall East
     Los Angeles, CA 90012 4131
17   Tel.: 213-978-9707
18   Fax.: 213-978-8112
     christina.tusan@lacity.org
19   william.pletcher@lacity.org

20

21   Glenn D. Moses                                    *Attorney for Sonya S. Slott, Ch. 7 Trustee*
     Genovese Joblove & Batista                        *for Consumer Advocacy Center Inc.*
22   100 SE 2nd Street, Suite 4400
     Miami, FL 33131
23   Tel.: 305-349-2300
     Fax: 305-428-8807
24   gmoses@gjb-law.com

25

26

27

28

| | | |
|---|---|---|
| 1 | | |
| 2 | Keri Curtis Axel<br>Samuel Standage Meehan | *Attorneys for Defendant Tuong Nguyen<br>and Relief Defendant TN Accounting,<br>Inc.* |
| 3 | Waymaker LLP<br>777 S. Figueroa, Suite 2850 | |
| 4 | Los Angeles, CA 90017<br>Tel.: 424-652-7800 | |
| 5 | kaxel@waymakerlaw.com<br>smeehan@waymakerlaw.com | |
| 6 | | |
| 7 | Sanjay Bhandari<br>Cornelia JB Gordon | *Attorneys for Receiver Thomas W.<br>McNamara* |
| 8 | Andrew M. Greene | |
| 9 | McNamara Smith LLP<br>655 West Broadway, Suite 900 | |
| 10 | San Diego, CA 92701<br>Tel.: 619-269-0400 | |
| 11 | Fax: 619-269-0401 | |
| 12 | sbhandari@mcnamarallp.com<br>cgordon@mcnamarallp.com | |
| 13 | agreene@mcnamarallp.com | |
| 14 | | |
| 15 | Matthew Eanet<br>Eanet PC | *Attorney for Defendant Kaine Wen and<br>Relief Defendants Hold the Door Corp.<br>and Mice and Men LLC* |
| 16 | 550 South Hope Street, Suite 750<br>Los Angeles, CA 90071 | |
| 17 | Tel.: 310-775-2495<br>Fax: 310-593-2589 | |
| 18 | matt@eanetpc.com | |
| 19 | | |
| 20 | Julian Burns King<br>King & Siegel LLP | *Attorney for Defendant Albert Kim and<br>Relief Defendants 1st Generation<br>Holdings, LLC, Infinite Management<br>Corp., and Sarah Kim* |
| 21 | 724 South Spring Street, Suite 201<br>Los Angeles, CA 90014 | |
| 22 | Tel.: 213-465-4802<br>julian@kingsiegel.com | |
| 23 | | |
| 24 | Sarah Preis *(Pro Hac Vice)*<br>Jesse Stewart *(Pro Hac Vice)* | *Attorneys for Plaintiff<br>Bureau of Consumer Financial Protection* |
| 25 | Nathan Dimock *(Pro Hac Vice)*<br>1700 G Street, NW | |
| 26 | Washington, DC 20552<br>sarah.preis@cfpb.gov | |
| 27 | jesse.stewart@cfpb.gov<br>nathan.dimock@cfbp.gov | |
| 28 | | |

<div align="center">3</div>

Leanne E. Hartmann
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel.: 415-844-9787
leanne.hartmann@cfpb.com

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

4

**VERIFICATION**

I, Judy Dai, am named as a relief defendant in the action *Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., et al.*, Case No. 8:19-cv-01998 (JDEx) and I have read the responses to the Bureau's Expedited Request for Interrogatories to Relief Defendant Judy Dai, Set 1, and know the contents thereof; matters therein stated were prepared with the assistance and advice of counsel; that responses (but not objections), subject to inadvertent or undiscovered errors, are and therefore are necessarily limited by the record and information still in existence, recollected and thus far discovered in the course and the preparation of the responses; consequently reserve the right to make any changes in said responses if it appears at that inadvertent omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein, said responses based on the best of my current recollection, except as to those matters which therein stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury of the laws of the United States and the state of California that the foregoing is true and correct.

Executed on October _1_, 2021 in Los Angeles County, CA.


By: _____
                    Judy Dai

# Exhibit No. 16

1   **TANTALO & ADLER LLP**
    Joel M. Tantalo, CA SBN 206096
2       email: jtantalo@ta-llp.com
    Michael S. Adler, CA SBN 190119
3       email: jtantalo@ta-llp.com
    1801 Century Park East, Suite 2400
4   Los Angeles, CA 90067-2326

5   Attorneys for Third Party Diana Dai

6

7                    **UNITED STATES DISTRICT COURT**

8                   **CENTRAL DISTRICT OF CALIFORNIA**

9   BUREAU OF CONSUMER FINANCIAL          **CASE NO.: 8:19-cv-01998 MWF (KSx)**
    PROTECTION, et al.,
10
    Plaintiffs,
11                                          **RESPONSES TO BUREAU'S EXPEDITED**
    v.                                      **REQUEST FOR INTERROGATORIES TO**
12                                          **THIRD PARTY DIANA DAI**
    CONSUMER ADVOCACY CENTER INC.,
13  d/b/a PREMIER STUDENT LOAN
    CENTER, et al.,
14
             Defendants.
15

16

17      **PROPOUNDING PARTY:**        BUREAU OF CONSUMER FINANCIAL
                                       PROTECTION
18
        **RESPONDING PARTY:**         DIANA DAI
19
        **SET NO.:**                  One (1)
20

21

22

23

24

25

26

27

28

# **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. The responses do not waive any appropriate objection that would require the exclusion of any statement made herein if the statement were offered into evidence in court (including, without limitation, objections based on admissibility, relevance, materiality, foundation, competence, attorney-client privilege, joint defense or common interest privilege, attorney work-product, or privacy). All objections are reserved and may be interposed at the time of trial or other proceeding. Except for explicit facts stated herein, no incidental and/or implied admissions are intended or made by Respondent Diana Dai ("Diana" or "Respondent") in any of these responses. Respondent's responses should not be construed as an admission that Respondent accepts or admits any facts set forth or implied in the Interrogatories.

As discovery proceeds, Respondent may discover additional documents, facts and evidence, and may arrive at additional defenses, theories or positions that are not yet set forth in this action but which may, in the future, be relevant or responsive to his responses. Accordingly, these responses are based upon Respondent's current information, investigation, understanding and beliefs. Without obligating Respondent to do so, Respondent reserves the right to amend, modify, or supplement the information and objections contained in these responses as new information becomes available. Additionally, Respondent reserves the right to conduct discovery with reference to, and offer into evidence at trial, any and all such documents, facts, and evidence notwithstanding any absence of reference to such documents, facts or evidence at this time. Respondent's responses are made without prejudice to Respondent's right to use or rely on any subsequently-discovered documents, information, or facts, or to use documents, information, or facts omitted from these responses as a result of mistake, error, oversight, or inadvertence.

DIANA DAI'S RESPONSES TO BUREAU'S EXPEDITED INTERROGATORIES, SET 1

# **GENERAL OBJECTIONS**

Each of the following General Objections is incorporated as an objection to each Request, whether or not specific reference is made to it.

1. Respondent objects to each Request to the extent that it calls for information protected from discovery by the attorney-client privilege and/or the attorney work-product protection. The responses provided herein exclude any such privileged or protected communications and/or information. Respondent will not search for any materials covered by the attorney-client privilege or the work product privilege, and will not produce any such documents if located. Any disclosure of privileged or protected information is inadvertent, and shall not constitute a waiver of any privilege, immunity, protection or ground for objecting to the disclosure of or use of such information, and shall not waive Respondent's rights to object to the use of such information or to demand the return of such information.

2. Respondent objects to each Request to the extent that it seeks material not currently in Respondent's possession, custody or control, or refers to persons, entities or events as to which Respondent lacks knowledge or information.

3. Respondent objects to each Request to the extent that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Respondent objects to each Request to the extent that it seeks to impose obligations on Respondent that are greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Central District of California or the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief filed November 15, 2019 ("Stipulated Preliminary Injunction").  In particular, Respondent objects to each Request to the extent that it exceeds the scope of the Limited Expedited Discovery permitted by Article XXVIII

2

of the Stipulated Preliminary Injunction. Respondent further objects that she was not a party to the Stipulated Preliminary Injunction and objects that no provision of the Federal Rules of Civil Procedure provides for interrogatory requests to third parties, and that to the extent that any stipulation could permit the Court to order such interrogatory request (which is not conceded), such stipulation was based on urgency which has long since expired.

5. Respondent objects to each Request as overbroad and unduly burdensome to the extent that it seeks private financial information having nothing to do with the matters at issue in this action. To the extent that the Requests seek information relating to Respondent's personal assets obtained independently of any matters in this Action, Respondents objects to the Request.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Identify and describe all Cryptocurrency that You owned, controlled, or held for anyone's benefit—directly, indirectly, in whole, or in part—from January 1, 2019, through September 29, 2021, including describing:

a. the type(s) and amount(s) of Cryptocurrency held (e.g., 5 Bitcoin, 200 Ether);

b. the date(s) during which the Cryptocurrency was held;

c. how and where the Cryptocurrency was held, including:

i. if held on an Unhosted Wallet, provide the Cryptocurrency Address, a complete description of the Unhosted Wallet, and where it is located (e.g, identifying the full street address or other specific description of the location);

ii. if held at a Cryptocurrency Financial Institution, identify the Cryptocurrency Financial Institution by name and identify all user names, account numbers, and other

3

unique identifiers associated with the account or service provided by the

Cryptocurrency Financial Institution;

d.  all Persons owning, controlling, having access to, or benefiting from, either directly or

indirectly, the Cryptocurrency;

e.  how You acquired the Cryptocurrency, including the name(s), Cryptocurrency

Address(es),  and other identifier(s) for any counterparty(ies) to any Cryptocurrency

transaction whereby You received Cryptocurrency from another Person, including a

description of the transaction and the name(s) of all Cryptocurrency Financial Institutions

involved in each transaction; and

f.  if You no longer hold the Cryptocurrency, what happened to the Cryptocurrency, including

the name(s), Cryptocurrency Address(es), and other identifier(s) for any counterparty(ies) to

any Cryptocurrency transaction whereby You sent Cryptocurrency to another Person,

including a description of the transaction and the name(s) of all Cryptocurrency Financial

Institutions involved in each transaction.

**RESPONSE TO INTERROGATORY NO. 1:**

Respondent Diana Dai incorporates the General Objections above.  Subject to and without

waiving such objections, Ms. Dai responds that, to the best of her knowledge, she had not owned,

controlled, or held any cryptocurrency for anyone's benefit from January 1, 2019 through the present.


DATE: October 6, 2021                              **TANTALO & ADLER LLP**


By:/Michael S. Adler/ _____
                                                           Michael S. Adler

                                          Attorneys for Third Party Diana Dai

4

**PROOF OF SERVICE**

I am over eighteen years of age and not a party to this action. My business address is Tantalo & Adler LLP, 1801 Century Park East, Suite 2400, Los Angeles, CA 90067-2326. On October 7, 2021, I served the document to which this is attached, on the parties or their counsel listed below or on the attached Service List, by the methods checked:

**RESPONSES TO BUREAU'S EXPEDITED REQUEST FOR INTERROGATORIES TO THIRD PARTY DIANA DAI**

☒      BY ELECTRONIC MAIL: By transmitting a copy of the attached document in PDF format by electronic mail to the specified recipient(s) at the electronic mail address(es) stated herein.

☐      BY PERSONAL SERVICE: I caused the attached document to be delivered by hand to the specified recipient(s) at the address(es) stated herein.

☐      OVERNIGHT DELIVERY: I caused a copy of the attached document to be deposited in a sealed envelope(s) and placed into a facility regularly maintained by the overnight service carrier or delivered to a courier or driver authorized to receive packages on its behalf, with all fees prepaid or provided for, to the specified recipient(s) at the address(es) stated herein.

☐      BY MAIL: I caused a copy of the attached document to be placed in the United States Mail in Los Angeles, California in a sealed envelope(s) with postage prepaid, to the specified recipient(s) at the addresses stated herein. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

I certify under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct, that the foregoing document(s), and all copies made from same, were printed on recycled paper, and that this declaration was executed by me on October 7, 2021, in Los Angeles, California.

_____
Michael S. Adler

1

1

**SERVICE LIST**
*Bureau of Consumer Financial Protection v. Consumer Advocacy Center Inc.*
United States District Court Case No. 8:19-cv-01998 MWF (KSx)

2

3

4    Evan Romanoff *(Pro Hac Vice)*                    *Attorney for Plaintiff the State of*
     Assistant Attorney General                        *Minnesota*
5    The State of Minnesota
     445 Minnesota Street, Suite 1200
6    St. Paul, MN 55101-2130
     Tel.: 651-757-1454
7    evan.romanoff@ag.state.mn.us

8

9    M. Lynne Weaver *(Pro Hac Vice)*                  *Attorney for Plaintiff the State of North*
     North Carolina Department of Justice              *Carolina*
     114 W. Edenton Street
10   Raleigh, NC 27602
     Tel.: 919-716-6000
11   Fax: 919-716-6050
12   lweaver@ncdoj.gov

13

14   Michael N. Feuer, City Attorney                   *Attorneys for Plaintiff the People of the*
     Mary Clare Molidor, Chief Assistant City Attorney *State of California*
15   Christina V. Tusan, Supervising Deputy City Attorney
     William Pletcher, Deputy City Attorney
16   Office of the City Attorney
     200 N. Main Street, 500 City Hall East
17   Los Angeles, CA 90012 4131
     Tel.: 213-978-9707
18   Fax.: 213-978-8112
     christina.tusan@lacity.org
19   william.pletcher@lacity.org

20

21   Glenn D. Moses                                    *Attorney for Sonya S. Slott, Ch. 7 Trustee*
     Genovese Joblove & Batista                        *for Consumer Advocacy Center Inc.*
22   100 SE 2nd Street, Suite 4400
     Miami, FL 33131
23   Tel.: 305-349-2300
     Fax: 305-428-8807
24   gmoses@gjb-law.com

25

26

27

28

2

Ex. No. 16
P. 346

1

2 Keri Curtis Axel         *Attorneys for Defendant Tuong Nguyen*
 Samuel Standage Meehan      *and Relief Defendant TN Accounting,*

3 Waymaker LLP          *Inc.*
 777 S. Figueroa, Suite 2850

4 Los Angeles, CA 90017
 Tel.: 424-652-7800

5 kaxel@waymakerlaw.com
 smeehan@waymakerlaw.com

6

7 Sanjay Bhandari         *Attorneys for Receiver Thomas W.*
 Cornelia JB Gordon        *McNamara*

8 Andrew M. Greene
 McNamara Smith LLP

9 655 West Broadway, Suite 900

10 San Diego, CA 92701
 Tel.: 619-269-0400

11 Fax: 619-269-0401
 sbhandari@mcnamarallp.com

12 cgordon@mcnamarallp.com
 agreene@mcnamarallp.com

13

14 Matthew Eanet         *Attorney for Defendant Kaine Wen and*

15 Eanet PC           *Relief Defendants Hold the Door Corp.*
 550 South Hope Street, Suite 750    *and Mice and Men LLC*

16 Los Angeles, CA 90071
 Tel.: 310-775-2495

17 Fax: 310-593-2589
 matt@eanetpc.com

18

19 Julian Burns King        *Attorney for Defendant Albert Kim and*

20 King & Siegel LLP        *Relief Defendants 1st Generation*
 724 South Spring Street, Suite 201   *Holdings, LLC, Infinite Management*

21 Los Angeles, CA 90014      *Corp., and Sarah Kim*
 Tel.: 213-465-4802

22 julian@kingsiegel.com

23

24 Sarah Preis *(Pro Hac Vice)*     *Attorneys for Plaintiff*
 Jesse Stewart *(Pro Hac Vice)*    *Bureau of Consumer Financial Protection*

25 Nathan Dimock *(Pro Hac Vice)*
 1700 G Street, NW

26 Washington, DC 20552
 sarah.preis@cfpb.gov

27 jesse.stewart@cfpb.gov
 nathan.dimock@cfbp.gov

28

3

Leanne E. Hartmann
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel.: 415-844-9787
leanne.hartmann@cfpb.com

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

4

1

**TANTALO & ADLER LLP**
Joel M. Tantalo, CA SBN 206096
   email: jtantalo@ta-llp.com
Michael S. Adler, CA SBN 190119
   email: jtantalo@ta-llp.com
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326

2

3

4

5

Attorneys for Third Party Diana Dai

6

7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

8

9

BUREAU OF CONSUMER FINANCIAL
PROTECTION, et al.,

10

Plaintiffs,

11

v.

12

CONSUMER ADVOCACY CENTER INC.,
d/b/a PREMIER STUDENT LOAN
CENTER, et al.,

13

14

      Defendants.

15

**CASE NO.: 8:19-cv-01998 MWF (KSx)**

**RESPONSES TO BUREAU'S EXPEDITED
SUBPEONA TO THIRD PARTY DIANA DAI**

16

17

**PROPOUNDING PARTY:**    BUREAU OF CONSUMER FINANCIAL
                       PROTECTION

18

**RESPONDING PARTY:**    DIANA DAI

19

**SET NO.:**    One (1)

20

21

22

23

24

25

26

27

28

# **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. The responses do not waive any appropriate objection, including, but not limited to, those based on competency, relevancy, materiality, attorney-client privilege, work-product or admissibility, which would require the exclusion of any statement made herein if the statement were offered into evidence in court. All objections to the Requests and any further discovery relating to the matters contained in the Requests are reserved and may be interposed at the time of trial or other proceeding. Except for explicit facts stated herein, no incidental and/or implied admissions are intended or made by Respondent Diana Dai ("Diana" or "Respondent") in any of these responses. Respondent's responses should not be construed as an admission that it accepts or admits any facts set forth or implied in the Requests.

Respondent's investigation in this action is in a preliminary stage, and is continuing. As discovery proceeds, Respondent may discover documents, facts and evidence, and may arrive at legal theories or positions that are not yet set forth in this action, but which may, in the future, be relevant to its responses to the Requests. Accordingly, these responses are based upon Respondent's current information, investigation, understanding and belief. Without any creating or accepting any obligation to do so, Respondent reserves the right to amend, modify, or supplement the information and objections contained in these responses as new information becomes available. Additionally, Respondent reserves the right to conduct additional discovery with reference to, and offer into evidence at trial, any and all such documents, facts, and evidence notwithstanding the absence of the reference to such documents, facts or evidence in these responses at this time. These responses are made without prejudice to Respondent's right to use or rely on any subsequently-discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight, or inadvertence.

DIANA DAI'S RESPONSES TO BUREAU'S EXPEDITED SUBPOENA

## GENERAL OBJECTIONS

Each of the following General Objections is incorporated as an objection to each Request, whether or not specific reference is made to it.

1. Respondent objects to each Request to the extent that it calls for information protected from discovery by the attorney-client privilege and/or the attorney work-product protection. The responses provided herein exclude any such privileged or protected communications and/or information. Respondent will not search for any materials covered by the attorney-client privilege or the work product privilege, and will not produce any such documents if located. Any disclosure of privileged or protected information is inadvertent, and shall not constitute a waiver of any privilege, immunity, protection or ground for objecting to the disclosure of or use of such information, and shall not waive Respondent's rights to object to the use of such information or to demand the return of such information.

2. Respondent objects to each Request to the extent that it seeks material not currently in Respondent's possession, custody or control, or refers to persons, entities or events as to which Respondent lacks knowledge or information.

3. Respondent objects to each Request to the extent that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Respondent objects to each Request to the extent that it seeks to impose obligations on Respondent that are greater or more extensive than those required by the Federal Rules of Civil Procedure, the Local Rules of the Central District of California or the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief filed November 15, 2019 ("Stipulated Preliminary Injunction").  In particular, Respondent objects to each Request to

2

the extent that it exceeds the scope of the Limited Expedited Discovery permitted by Article XXVIII of the Stipulated Preliminary Injunction.

5. Respondent objects to each Request as overbroad and unduly burdensome to the extent that it seeks private financial information having nothing to do with the matters at issue in this action.  To the extent that the Requests seek information relating to Respondent's personal assets obtained independently of any matters in this Action, Respondents objects to the Request.

## SPECIFIC OBJECTIONS & RESPONSES

Without waiving Respondent's General Objections, which are incorporated by reference into each specific response and objection hereafter, Respondent responds and objects to the following Requests as follows:

**REQUEST FOR DOCUMENTS NO. 1:**

Provide all Documents relating to Cryptocurrency that You owned, controlled, or held for anyone's benefit—directly, indirectly, in whole, or in part—from January 1, 2019, through September 29, 2021, including:

a.  all transaction records; and

b.  all Cryptocurrency Financial Institution account documents.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 1:**

Respondent Diana Dai incorporates the General Objections above.

Subject to and without waiving such objections, Ms. Dai responds that, to the best of her knowledge, she had not owned, controlled, or held any cryptocurrency from January 1, 2019 through the present.  As such, Respondent responds that she is not aware of any responsive documents.

**REQUEST FOR DOCUMENTS NO. 2:**

Provide all Documents that You relied upon in preparing Your responses to the Interrogatory Requests contained herein.

3

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 2:**

Respondent Diana Dai incorporates the General Objections above.

Subject to and without waiving such objections, Ms. Dai responds that, to the best of her knowledge, she had not owned, controlled, or held any cryptocurrency from January 1, 2019 through the present.  As such, Respondent responds that she is not aware of documents she could have relied upon, and is unaware of any responsive documents.

DATE: October 6, 2021          **TANTALO & ADLER LLP**

By:/Michael S. Adler/  _____
                      Michael S. Adler

Attorneys for Third Party Diana Dai

4

1

## PROOF OF SERVICE

2

      I am over eighteen years of age and not a party to this action. My business address is Tantalo & Adler LLP, 1801 Century Park East, Suite 2400, Los Angeles, CA 90067-2326. On October 7, 2021, I served the document to which this is attached, on the parties or their counsel listed below or on the attached Service List, by the methods checked:

3

4

5

**RESPONSES TO BUREAU'S EXPEDITED SUBPEONA TO THIRD PARTY DIANA DAI**

6

☒    BY ELECTRONIC MAIL: By transmitting a copy of the attached document in PDF format by electronic mail to the specified recipient(s) at the electronic mail address(es) stated herein.

7

8

☐    BY PERSONAL SERVICE: I caused the attached document to be delivered by hand to the specified recipient(s) at the address(es) stated herein.

9

☐    OVERNIGHT DELIVERY: I caused a copy of the attached document to be deposited in a sealed envelope(s) and placed into a facility regularly maintained by the overnight service carrier or delivered to a courier or driver authorized to receive packages on its behalf, with all fees prepaid or provided for, to the specified recipient(s) at the address(es) stated herein.

10

11

☐    BY MAIL: I caused a copy of the attached document to be placed in the United States Mail in Los Angeles, California in a sealed envelope(s) with postage prepaid, to the specified recipient(s) at the addresses stated herein. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

12

13

14

      I certify under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct, that the foregoing document(s), and all copies made from same, were printed on recycled paper, and that this declaration was executed by me on October 7, 2021, in Los Angeles, California.

15

16

17

18

_____

          Michael S. Adler

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
*Bureau of Consumer Financial Protection v. Consumer Advocacy Center Inc.*
United States District Court Case No. 8:19-cv-01998 MWF (KSx)

| | |
|---|---|
| Evan Romanoff *(Pro Hac Vice)*<br>Assistant Attorney General<br>The State of Minnesota<br>445 Minnesota Street, Suite 1200<br>St. Paul, MN 55101-2130<br>Tel.: 651-757-1454<br>evan.romanoff@ag.state.mn.us | *Attorney for Plaintiff the State of Minnesota* |
| M. Lynne Weaver *(Pro Hac Vice)*<br>North Carolina Department of Justice<br>114 W. Edenton Street<br>Raleigh, NC 27602<br>Tel.: 919-716-6000<br>Fax: 919-716-6050<br>lweaver@ncdoj.gov | *Attorney for Plaintiff the State of North Carolina* |
| Michael N. Feuer, City Attorney<br>Mary Clare Molidor, Chief Assistant City Attorney<br>Christina V. Tusan, Supervising Deputy City Attorney<br>William Pletcher, Deputy City Attorney<br>Office of the City Attorney<br>200 N. Main Street, 500 City Hall East<br>Los Angeles, CA 90012 4131<br>Tel.: 213-978-9707<br>Fax.: 213-978-8112<br>christina.tusan@lacity.org<br>william.pletcher@lacity.org | *Attorneys for Plaintiff the People of the State of California* |
| Glenn D. Moses<br>Genovese Joblove & Batista<br>100 SE 2nd Street, Suite 4400<br>Miami, FL 33131<br>Tel.: 305-349-2300<br>Fax: 305-428-8807<br>gmoses@gjb-law.com | *Attorney for Sonya S. Slott, Ch. 7 Trustee for Consumer Advocacy Center Inc.* |

Keri Curtis Axel
Samuel Standage Meehan
Waymaker LLP
777 S. Figueroa, Suite 2850
Los Angeles, CA 90017
Tel.: 424-652-7800
kaxel@waymakerlaw.com
smeehan@waymakerlaw.com

*Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.*

Sanjay Bhandari
Cornelia JB Gordon
Andrew M. Greene
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, CA 92701
Tel.: 619-269-0400
Fax: 619-269-0401
sbhandari@mcnamarallp.com
cgordon@mcnamarallp.com
agreene@mcnamarallp.com

*Attorneys for Receiver Thomas W. McNamara*

Matthew Eanet
Eanet PC
550 South Hope Street, Suite 750
Los Angeles, CA 90071
Tel.: 310-775-2495
Fax: 310-593-2589
matt@eanetpc.com

*Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp. and Mice and Men LLC*

Julian Burns King
King & Siegel LLP
724 South Spring Street, Suite 201
Los Angeles, CA 90014
Tel.: 213-465-4802
julian@kingsiegel.com

*Attorney for Defendant Albert Kim and Relief Defendants 1st Generation Holdings, LLC, Infinite Management Corp., and Sarah Kim*

Sarah Preis *(Pro Hac Vice)*
Jesse Stewart *(Pro Hac Vice)*
Nathan Dimock *(Pro Hac Vice)*
1700 G Street, NW
Washington, DC 20552
sarah.preis@cfpb.gov
jesse.stewart@cfpb.gov
nathan.dimock@cfbp.gov

*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

3

1

2

Leanne E. Hartmann
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel.: 415-844-9787
leanne.hartmann@cfpb.com

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

4

## VERIFICATION

I, Diana Dai, am a third party served with interrogatories in the action *Bureau of
Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., et al.,*
8:19-cv-01998 JSV (JDEx) and I have read the responses to the Bureau's Expedited
Request for Interrogatories to Third Party Diana Dai, and know the contents thereof; said
matters therein stated were prepared with the assistance and advice of counsel; that the
responses (but not objections), subject to inadvertent or undiscovered errors, are
based on and therefore are necessarily limited by the record and information still in existence,
presently recollected and thus far discovered in the course and the preparation of the responses;
that I consequently reserve the right to make any changes in said responses if it appears at
any time that inadvertent omissions or errors have been made therein or that more accurate
information is available; that subject to the limitations set forth herein, said responses
are true based on the best of my current recollection, except as to those matters which therein
are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury of the laws of the United States and the state of
California that the foregoing is true and correct.

Executed on October **6**, 2021 in Los Angeles County, CA.

By: _____
                Diana Dai

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36

1

**VERIFICATION**

# Exhibit No. 17

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1  SARAH PREIS (DC Bar No. 997387)
2  (Admitted *pro hac vice*)
   sarah.preis@cfpb.gov
3  Tel.: (202) 435-9318
4  JESSE STEWART (NY Bar No. 5145495)
   (Admitted *pro hac vice*)
5  jesse.stewart@cfpb.gov
6  Tel.: (202) 435-9641
   NATHAN DIMOCK (DC Bar No. 487743)
7  (Admitted *pro hac vice*)
8  nathan.dimock@cfpb.gov
   Tel.: (202) 435-9198
9  1700 G Street, NW
10 Washington, DC 20552
   Fax: (844) 826-5016
11 LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
12 leanne.hartmann@cfpb.gov
   301 Howard Street, Suite 1200
13 San Francisco, CA 94105
14 Tel: (415) 844-9787
   Fax: (415) 844-9788
15 *Attorneys for Plaintiff*
16 *Bureau of Consumer Financial Protection*

17                **UNITED STATES DISTRICT COURT**

18                **CENTRAL DISTRICT OF CALIFORNIA**

19

20 Bureau of Consumer Financial        CASE NO. 8:19-cv-01998 MWF (KSx)
   Protection, *et al.*,
21                                      **BUREAU'S SECOND EXPEDITED**
22         Plaintiffs,                  **REQUEST FOR DOCUMENTS AND**
                                        **INTERROGATORY RESPONSES TO**
23         v.                           **DEFENDANT KAINE WEN**

24
   Consumer Advocacy Center Inc., d/b/a
25 Premier Student Loan Center, *et al.*,
26
           Defendants.
27

28
                                      1
   BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY
                 RESPONSES TO DEFENDANT KAINE WEN                    Ex. No. 17
   REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022        P. 360

## BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN

Pursuant to the authority provided in the Stipulated Preliminary Injunction with Asset Freeze, Appointment of Receiver, and Other Equitable Relief (PI Order), Docket No. 103, issued November 15, 2019, in *Bureau of Consumer Financial Protection, et. al., v. Consumer Advocacy Center Inc., et al.*, 8:19-cv-01998-MWF (KSx), in the United States District Court for the Central District of California, the Consumer Financial Protection Bureau (Bureau) hereby requests that Defendant Kaine Wen ("Defendant" or "You") respond to the Bureau's Second Expedited Request to Produce Documents and Interrogatory Responses ("Request") within three days of service by facsimile, email, or overnight delivery.

## I. Instructions

1. The Request is issued under a federal court order authorizing expedited discovery, including expedited return of documents (within three calendar days for parties, and five calendar days for nonparties). *See* ECF No. 103 in this proceeding.

2. Each document request below is a continuing discovery request that must be updated or supplemented to the extent required by Federal Rule of Civil Procedure 26(e). You are required to timely produce in a supplemental production any Document called for herein that was unavailable to You at the time of production, but which was discovered or otherwise becomes available to You up to the conclusion of the proceedings referenced on the face of this Request. The manner of production shall be either: (i) on or before the response date indicated, producing copies or originals (for inspection and copying) of all responsive Documents to CFPB, c/o Tony Hardy, eDiscovery Services, 18th Floor, 18028, 1919 North Lynn Street,

Arlington, VA 22209-1742; or (ii) delivering copies at a place and time agreed upon in writing before the response date.

3. You must furnish all Documents in Your possession, custody, or control. A Document is deemed in Your actual or constructive possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of another person and You (a) own such Document in whole or in part; (b) have a right, by control, contract, statute, order or otherwise, to use, inspect, examine, or copy such Document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or control such Document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so.

4. You must produce any and all drafts and copies of each Document that are not identical. For example, if any copy bears a notation (handwritten or otherwise) that does not appear on all copies, each such copy must be produced separately.

5. Documents must be produced in a way that shows how they were maintained in the usual course of business, in the order in which they were maintained, and in the files in which they were found. Documents that are attached to each other when located for production are to be left attached when produced. Documents that are segregated or separated from other Documents (e.g., by inclusion in binders or files, or by use of dividers or tabs) are to be left so segregated or separated when produced. Documents not otherwise responsive but which are attached to responsive Documents and constitute routing slips, transmittal memoranda, letters, comments, or similar materials, should be produced.

6. You must identify, organize, and label the Documents You produce to correspond with the document requests set forth in this Request.

3
BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY
RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 362

7. If You object to a document request or interrogatory or some part thereof, set forth with specificity all of the reasons for the objection, state whether any responsive materials are being withheld on that basis, and respond to any unobjectionable part(s).

8. If You object to the production of any Document or interrogatory, in whole or in part, on the basis of attorney-client privilege, the attorney work product doctrine, or any other privilege or immunity, including the Fifth Amendment privilege against self-incrimination or any state corollary, You must assert such objection with respect to each Document and interrogatory, or portion thereof, including separately asserting any such privilege with respect to each lettered subpart of each interrogatory request. If You assert privilege with respect to one subpart of an interrogatory but not others, You must fully respond to any subparts to which You do not assert privilege. And You must provide the following information by privilege log for the purpose of identifying any Document that You withhold for potential litigation regarding its production:

   a. Type of Document (e.g., letter, email, memorandum), including, for ESI, the storage mode and the place or places where such information is maintained;

   b. Date(s);

   c. All author(s), all addressee(s), and all other recipient(s), including, where not apparent, their relationship to one another (e.g., identifying which attorneys represented which clients);

   d. General subject matter; and

   e. All grounds relied upon for withholding the Document (e.g., attorney work product, attorney client privilege) in light of all authors, addressees and recipients.

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 363

9.  Unless otherwise directed, the applicable period for each document request and interrogatory is from January 1, 2017, until the date of this Request.

## II. **Definitions**

The following terms, whether capitalized or not, and whether plural or singular, shall have the following meaning herein:

1.  **"And"** and **"or"** both mean "and/or."

2.  **"Any"** and **"all"** both mean "any and all."

3.  **"Virtual Currency"** means a digital representation of value that can be digitally traded and functions as: (a) a medium of exchange; (b) a unit of account; or (c) a store of value, but that is not issued or guaranteed by the United States, and fulfils the above functions only by agreement within the community of users of the virtual currency. Virtual Currency includes but is not limited to Bitcoin, Bitcoin Cash, Ethereum or Ether, Lumen, Monero, BitTorrent, and ERC20 tokens.

4.  **"Documents"** mean all records, things, and other items encompassed in the term "Documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure, and any written matter of every type and description, including Electronically Stored Information. A draft or non-identical copy is a separate Document within the meaning of this term and FRCP 34(a).

5.  **"Electronically Stored Information"** or **"ESI"** means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise) of any electronically created or stored information, including but not limited to e-mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a sent or deleted-items folder), word-processing files, spreadsheets, databases,

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 364

unorganized data, document metadata, presentation files, and sound recordings, regardless of how or where the information is stored, including if it is on a mobile device.

6. **"Identify"** or **"Identifying"** means to provide: (a) for natural persons, their name, title or position, present business affiliation, present business address, e-mail address, and telephone number, or if a present business affiliation or present business address is not known, the last known business address, home address, e-mail address, and telephone number; (b) for businesses or other organizations, the name, address, identities of officers, directors, or managers of the business or organization, and contact persons with e-mail addresses and telephone numbers, where applicable; and (c) for Documents, the title, date, authors, recipients, Bates numbers, if applicable, type of Document or some other means of identifying the Document, and the present or last known location or custodian.

7. **"Including"** means "including but not limited to."

8. **"Interest"** means any direct or indirect:

    a.  legal or equitable interest;

    b.  possession, whether actual or constructive;

    c.  ability to access or control;

    d.  account ownership or signatory authority; or

    e.  benefit, whether direct or because the benefit is held by another for You, including if held in trust for Your benefit, in whole or in part.

9. **"Person"** means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

10. **"You"** or **"Your"** means Defendant Kaine Wen, and any other name(s) by which he may be known.

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 365

1     III. **Interrogatory Requests**

2         6.   Separately describe Your Interest, if any, in each of the following Bitcoin

3              Virtual Currency addresses:

4                   a.     1GcdjJjFh5yrLbhXwisTK9y1TiVLxP54qY

5                   b.     1FaQ7TNzt9uGCTiZ65qiBBUimaV4nqSHSF

6                   c.     1CnrRf645iE1SmSyLRcHxida7HKwaSxFJs

7                   d.     17DveKFbhpNJYXAGAqRkYYFAERAnJ7PFCt

8                   e.     1PFKx5ftQodM32ijFGVThGBQq7cyaPozoq

9                   f.     1LMoynaFJVnUey4mqT4itpeqcn4TRCgWbM

10                  g.     1LARuJ5G4uU699tmdbdZQPuXTTLhhUFoYa

11                  h.     1NZ7a1jjc5aib7SoGShkvvZi7SfrtcWAtG

12                  i.     1HUxyiLQrNAA6NwvR6EM8oGccWUjjbyhbs

13                  j.     1EzNbQxehk5pxHcYyhXoCGikXPfMkPDdkM

14                  k.     14pp1skyZLM5T3By12HfWpLgccUBvwvEv4

15                  l.     1PvyKoyYYZxha8EnyuraJjyKnoELnRG3Ad

16                  m.     1BaUoNXvo84n1gVXxPdqb9dKaSR7DgE98Y

17                  n.     1N1DwLGUq87m3uWqX3QT76uHfQMNkVK6sZ

18                  o.     1vVJgnfzEUr36WTb4GLcmLVwXmJS5LtAg

19                  p.     1Mu5PY6iFhpts9m1JyJs1imyZdUQ27Xask

20                  q.     1mgGejBqKFrMTayWwKj27ZQAGgszycPwT

21                  r.     1CGZdtCZNsS5J77KkrwBJc4gfCMgyGvzMh

22                  s.     1KNeuQiYVx1XqqhJ7WiSJ7VNo4RkHNQw5V

23                  t.     189oB9QGHAQLHenzuwLVFc6Y47cGswsoHc

24                  u.     1B38fg4MCi3RRoeRxXMLq7R6vCgEL2fsYf

25                  v.     1MxL7Rjjug5Wp5YxM9BuYsqoCipJhPo3S4

26                  w.     1L1B2Bexr2Pe55PAxFRVYuuAYcdjxHppAX

27                  x.     1GA5S7wJRvzAhBz9vSAJFW1JjUskp75Q8Z

28

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY
RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 366

| | | |
|---|---|---|
| 1 | y. | 1Bu4zay9qUdMB234h2uuSFd9bnhtUJGAT2 |
| 2 | z. | 1aQv6sy8mQP4wfH9Kcy5GPbiY8gSyH1P7 |
| 3 | aa. | 18U6tbkSjvrZjZhW1M9pBe97th5gHmpNH6 |
| 4 | bb. | 1GbZAwAzcLafyABW9u5ynKyPCwurMtu7wa |
| 5 | cc. | 1Gk6oDyWuMhFT8UWiZLfi2uC6t97nybEtK |
| 6 | dd. | 18EDBdz75xPndZPb6SDJAyGkP5KsLAhVGg |
| 7 | ee. | 12NBMijDzDsxAuwRLFU6tAtJhRExxcvCbZ |
| 8 | ff. | 1J3sH76Dz7UNckjYXncHeUPX5mNHrSsXkR |
| 9 | gg. | 3CvGqmQwqzRbpVupLB3c2CLNagKhxf9t5P |
| 10 | hh. | 37JRJeB4zBCyHKFrfkxJ9qKDDyE26phd5R |
| 11 | ii. | 3GAyQ4r3vf5g62dW5T1GLVmeMjN73E6Ynh |
| 12 | jj. | 1kJdtoMuReQar9bcUnPAwH2YBBuyCwDWY |
| 13 | kk. | 1JA73SXeybusqMMJBdFEqwdWJV81tAgHQ9 |
| 14 | ll. | 15NEe5BJLSSuWat1jhjoWm1rTt3GyLnpmg |
| 15 | mm. | 1EqMERSMYRYTQxWTb611qvBKXTogZq3m5U |

7.  For each Virtual Currency address listed in Interrogatory No. 6 above, explain how the address has been held (e.g., cold storage offline wallet make/model and physical address where held, unhosted wallet and name of application or software, hosted wallet and name of hosting entity, and applicable dates to the extent that the address has been held in more than one way during the applicable period).

8.  To the extent that You assert that You have had no Interest in one or more of the Virtual Currency addresses listed in Interrogatory No. 6 above, Identify all Persons who You understand to have had an Interest in each such address and fully explain all Your transactions, if any, with the address, including identifying all Bitcoin that You have sent to or received from the address, the date of each such transaction, the amount of the transaction, the

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY
RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 367

1    blockchain transaction identifier associated with the transaction, the

2    counterparty to the transaction (e.g., the party with whom You transacted),

3    and the purpose of the transaction (e.g., gift, payment).

4    9.  Separately describe Your Interest, if any, in the following Bitmex.com

5    accounts:

6    a.  the account in the name of "Dan Dai," account identifier Redacted,

7    username Redacted, which has been associated with the email address

8    Redacted    and the Bitcoin deposit address

9    Redacted;

10    b.  the account in the name of "Wen Ding," account identifier Redacted,

11    username Redacted    which has been associated with

12    the email address Redacted    and the Bitcoin deposit

13    address Redacted; and

14    c.  The account in the name of "Lie Wen," account identifier Redacted 7709,

15    username Redacted    which has been associated with the

16    email address Redacted    and the Bitcoin deposit address

17    Redacted.

18    10. To the extent that You assert that You have had no Interest in one or more of

19    the Bitmex.com accounts listed in Interrogatory No. 9 above, Identify all

20    Persons who You understand to have had an Interest in each such account

21    and fully explain all Your transactions, if any, with the account, including

22    identifying all Virtual Currency that You sent to or received from the

23    account, the date of each such transaction, the amount of the transaction, the

24    blockchain transaction identifier associated with the transaction, the

25    counterparty to the transaction (e.g., the party with whom You transacted),

26    and the purpose of the transaction (e.g., gift, payment).

27

28

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 368

11. To the extent not identified in either Your Supplement to Amended And Corrected Individual Financial Statement, Items 23 and 31 Concerning Cryptocurrency (ECF No. 275-1), or in response to Interrogatory Nos. 6 and 9 above, identify and describe each additional Virtual Currency address, Virtual Currency exchange account, or other location where You have held or controlled Virtual Currency, including, as applicable:

    a. identifying the Virtual Currency address and the type and amount of Virtual Currency that has been held at the address;

    b. how the Virtual Currency address has been held (e.g., cold storage offline wallet make/model and physical address where held, unhosted wallet and name of application or software, hosted wallet and name of hosting entity, and applicable dates to the extent that the address has been held in more than one way during the applicable period); and

    c. the online Virtual Currency exchange, account holder name, all account identifiers associated with the Virtual Currency exchange account (e.g., account number, account user ID), and the type and amount of the Virtual Currency that has been held at the account.

## IV. <u>Document Requests</u>

5. For each Bitcoin address identified in Interrogatory No. 6, provide all Documents regarding ownership or control, balances, or transactions associated with the address.

6. Provide all Documents relating to the Bitmex.com exchange accounts identified in Interrogatory No. 9 and Your ownership of, control of, access to, or use of the same, including all account Documents and Documents indicating Your control of, or access to, the email address Redacted , Redacted and Redacted (e.g., emails to or from the Bitmex.com

exchange or its representatives regarding the account associated with the indicated email addresses).

7. To the extent not provided in response to Document Request Nos. 5 and 6, provide all Documents pertaining to any additional Virtual Currency address(es), Virtual Currency exchange account(s), or other location(s) where You have held or controlled Virtual Currency.

8. To the extent not provided in response to Document Request Nos. 5-7, provide all Documents that You relied upon in preparing Your responses to the Interrogatory Requests contained herein.

Dated November 30, 2021          By:     _/s/ Jesse Stewart_
                                         Jesse Stewart (admitted _pro hac vice_)
                                         Enforcement Attorney
                                         _Plaintiff Bureau of Consumer Financial_
                                         _Protection_

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY
RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 370

**CERTIFICATE OF SERVICE**

I, Jesse Stewart, certify that on November 30, 2021, pursuant to Section XXVIII of the Court's Stipulated Preliminary Injunction With Asset Freeze, Appointment of Receiver, and Other Equitable Relief, I caused to be served this expedited discovery request on each of the following parties by email:

1. **Evan Romanoff** *(Pro Hac Vice)*
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
   evan.romanoff@ag.state.mn.us
   *Attorney for Plaintiff the State of Minnesota*

2. **M. Lynne Weaver** *(Pro Hac Vice)*
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   lweaver@ncdoj.gov
   *Attorney for Plaintiff the State of North Carolina*

3. **Michael N. Feuer, City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **William R. Pletcher, Deputy City Attorney**
   **Miguel J. Ruiz, Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012-4131
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   miguel.j.ruiz@lacity.org
   *Attorneys for Plaintiff the People of the State of California*

4. **Glenn D. Moses**
   **Genovese Joblove & Batista**
   100 SE 2nd Street, Suite 4400
   Miami, FL 33131
   gmoses@gjb-law.com

12

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 371

*Attorney for Sonya S. Slott, Ch. 7 Trustee for Consumer Advocacy Center Inc.*

5. **Keri Curtis Axel**
   **Samuel Standage Meehan**
   **Waymaker LLP**
   777 S. Figueroa, Suite 2850
   Los Angeles, CA 90017
   kaxel@waymakerlaw.com
   smeehan@waymakerlaw.com
   *Attorneys for Defendant Tuong Nguyen and Relief Defendant TN Accounting, Inc.*

6. **Cornelia JB Gordon**
   **Andrew M. Greene**
   **McNamara Smith LLP**
   655 West Broadway, Suite 900
   San Diego, CA 92701
   cgordon@mcnamarallp.com
   agreene@mcnamarallp.com
   *Attorneys for Receiver Thomas W. McNamara*

7. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 90071
   matt@eanetpc.com
   *Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp. and Mice and Men LLC*

8. **Marc S. Williams**
   **Cohen Williams LLP**
   724 South Spring Street, 9th Floor
   Los Angeles, CA 90014
   mwilliams@cohen-williams.com
   *Attorney for Defendants Prime Consulting LLC, TAS 2019 LLC, and Horizon Consulting LLC*

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY
RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 372

9. **Julian Burns King**
   **King & Siegel LLP**
   724 South Spring Street, Suite 201
   Los Angeles, CA 90014
   julian@kingsiegel.com
   *Attorney for Defendant Albert Kim and Relief Defendants 1st Generation*
   *Holdings, LLC, Infinite Management Corp., and Sarah Kim*

10. **Michael S. Adler**
    **Tantalo & Adler LLP**
    1801 Century Park East, Suite 2400
    Los Angeles, CA 90014
    madler@ta-llp.com
    *Attorney for Relief Defendant Judy Dai*

I further certify that I caused to be served by overnight courier this expedited discovery request on the following party.

1. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 90071
   *Attorney for Defendant Kaine Wen*

Dated November 30, 2021          By:     */s/ Jesse Stewart*
                                         Jesse Stewart (admitted *pro hac vice*)
                                         Enforcement Attorney
                                         *Plaintiff Bureau of Consumer Financial*
                                         *Protection*

14

BUREAU'S SECOND EXPEDITED REQUEST FOR DOCUMENTS AND INTERROGATORY
RESPONSES TO DEFENDANT KAINE WEN
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 17
P. 373

# Exhibit No. 18

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1   EANET, PC
    Matthew Eanet (SBN 227490)
2   550 S. Hope Street, Suite 750
    Los Angeles, CA 90071
3   Telephone:    310-775-2495
    Facsimile:    310-593-2589
4   matt@eanetpc.com

5   Attorney for Defendant Kaine Wen

6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9   Bureau of Consumer Financial          CASE NO. 8:19-cv-01998-MWF(KSx)
    Protection; State of Minnesota, by its
10  Attorney General, Keith Ellison; State of   Hon. Michael W. Fitzgerald
    North Carolina, ex rel. Joshua H. Stein,
11  Attorney General; and The People of
    The State of California, Michael N.    **DEFENDANT KAINE WEN'S**
    Feuer, Los Angeles City Attorney,      **OBJECTIONS AND RESPONSES TO**
12                                          **EXPEDITED REQUEST FOR**
                                            **PRODUCTION OF DOCUMENTS AND**
13              Plaintiffs,                 **INTERROGATORY RESPONSES, SET**
                                            **TWO**
14          v.

    Consumer Advocacy Center Inc., d/b/a
15  Premier Student Loan Center; True
    Count Staffing Inc., d/b/a SL Account
16  Management; Prime Consulting LLC,
    d/b/a Financial Preparation Services;
17  TAS 2019 LLC d/b/a Trusted Account
    Services; Horizon Consultants LLC;
18  First Priority LLC d/b/a Priority
    Account Management; Albert Kim,
19  a/k/a Albert King; Kaine Wen, a/k/a
    Wenting Kaine Dai, Wen Ting Dai, and
20  Kaine Wen Dai; and Tuong Nguyen,
    a/k/a Tom Nelson,

21              Defendants, and

22  Infinite Management Corp., f/k/a
    Infinite Management Solutions Inc.;
23  Hold The Door, Corp.; TN
    Accounting Inc.; Mice and Men
24  LLC; 1st Generation Holdings, LLC;
    Sarah Kim, and Anan Enterprise, Inc.,
25
                Relief Defendants.
26

27

28

---

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.
SET TWO

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 18
P. 375

Defendant Kaine Wen ("Mr. Wen" or "Responding Party"), by and through his

attorneys, hereby objects and responds to Plaintiff, Consumer Financial Protection Bureau

("Plaintiff" or "Propounding Party") Expedited Request for Production of Documents and

Interrogatory Responses (each, a "Request" and together, the "Requests"), as follows:

## GENERAL OBJECTIONS

1.      The following responses and objections are based on information currently

available to Responding Party. These responses and objections are given without prejudice

to Responding Party's right to produce or rely on subsequently discovered information.

2.      Further discovery, independent investigation, or other analysis may

lead to the discovery of additional information, which may lead to additions or changes to

these responses and objections.

3.      Responding Party objects to the scope of the definitions contained in

the Requests, which are two full pages, on the grounds that they are overbroad,

unintelligible (or render the requests unintelligible), and call for documents and information

which are not in Responding Party's possession, custody, or control, or which is already in

the possession of Propounding Party and the Receiver or which they already have sought to

obtain or may obtain via Subpoenas from third parties.

4.      Nothing in these responses is intended to be or should be construed as a

waiver of the attorney-client privilege, the work product doctrine, or any other protection or

privilege. Inadvertent production of such protected information is not intended to be and

shall not operate as a waiver of the applicable privilege.

5.      Responding Party objects to the Requests to the extent that it purports to

require more than is required by controlling Rules of Federal Civil Procedure,

including by way of over two pages of "Instructions."

6.      The production of any documents or information by Responding

Party is made without waiver, and with preservation, of any privilege or protection

against disclosure afforded to documents or information comprising or containing

confidential or proprietary information including, without limitation, documents or

-1-
OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.
SET TWO
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 18
P. 376

information protected by federal and/or state rights of privacy.

7.     Responding Party objects to the Requests, and each request and interrogatory therein on the grounds that the scope of discovery sought in the Requests exceeds the permissible scope of the limited Expedited Discovery permitted by Paragraph 28(B) of the Stipulated Preliminary Injunction and discovery is not otherwise permitted because the parties have not yet held a FRCP Rule 26(f) conference.

8.     Responding Party objects to the Requests, and each request therein, on the grounds that it is overly broad and imposes an undue burden on Responding Party.

9.     Responding Party objects to the Requests, and each request therein, on the grounds that it does not provide Responding Party with reasonable time to comply.

## **RESPONSES TO INTERROGATORY REQUESTS**

### **INTERROGATORY NO.6.**

Separately describe Your Interest, if any, in each of the following Bitcoin Virtual Currency addresses:

a. 1GcdjJjFh5yrLbhXwisTK9y1TiVLxP54qY

b. 1FaQ7TNzt9uGCTiZ65qiBBUimaV4nqSHSF

c. 1CnrRf645iE1SmSyLRcHxida7HKwaSxFJs

d. 17DveKFbhpNJYXAGAqRkYYFAERAnJ7PFCt

e. 1PFKx5ftQodM32ijFGVThGBQq7cyaPozoq

f. 1LMoynaFJVnUey4mqT4itpeqcn4TRCgWbM

g. 1LARuJ5G4uU699tmdbdZQPuXTTLhhUFoYa

h. 1NZ7a1jjc5aib7SoGShkvvZi7SfrtcWAtG

i. 1HUxyiLQrNAA6NwvR6EM8oGccWUjjbyhbs

j. 1EzNbQxehk5pxHcYyhXoCGikXPfMkPDdkM

k. 14pp1skyZLM5T3By12HfWpLgccUBvwvEv4

l. 1PvyKoyYYZxha8EnyuraJjyKnoELnRG3Ad

m. 1BaUoNXvo84n1gVXxPdqb9dKaSR7DgE98Y

n. 1N1DwLGUq87m3uWqX3QT76uHfQMNkVK6sZ

o. 1vVJgnfzEUr36WTb4GLcmLVwXmJS5LtAg

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

p. 1Mu5PY6iFhpts9m1JyJs1imyZdUQ27Xask

q. 1mgGejBqKFrMTayWwKj27ZQAGgszycPwT

r. 1CGZdtCZNsS5J77KkrwBJc4gfCMgyGvzMh

s. 1KNeuQiYVx1XqqhJ7WiSJ7VNo4RkHNQw5V

t. 189oB9QGHAQLHenzuwLVFc6Y47cGswsoHc

u. 1B38fg4MCi3RRoeRxXMLq7R6vCgEL2fsYf

v. 1MxL7Rjjug5Wp5YxM9BuYsqoCipJhPo3S4

w. 1L1B2Bexr2Pe55PAxFRVYuuAYcdjxHppAX

x. 1GA5S7wJRvzAhBz9vSAJFW1JjUskp75Q8Z

y. 1Bu4zay9qUdMB234h2uuSFd9bnhtUJGAT2

z. 1aQv6sy8mQP4wfH9Kcy5GPbiY8gSyH1P7

aa. 18U6tbkSjvrZjZhW1M9pBe97th5gHmpNH6

bb. 1GbZAwAzcLafyABW9u5ynKyPCwurMtu7wa

cc. 1Gk6oDyWuMhFT8UWiZLfi2uC6t97nybEtK

dd. 18EDBdz75xPndZPb6SDJAyGkP5KsLAhVGg

ee. 12NBMijDzDsxAuwRLFU6tAtJhRExxcvCbZ

ff. 1J3sH76Dz7UNckjYXncHeUPX5mNHrSsXkR

gg. 3CvGqmQwqzRbpVupLB3c2CLNagKhxf9t5P

hh. 37JRJeB4zBCyHKFrfkxJ9qKDDyE26phd5R

ii. 3GAyQ4r3vf5g62dW5T1GLVmeMjN73E6Ynh

jj. 1kJdtoMuReQar9bcUnPAwH2YBBuyCwDWY

kk. 1JA73SXeybusqMMJBdFEqwdWJV81tAgHQ9

ll. 15NEe5BJLSSuWat1jhjoWm1rTt3GyLnpmg

mm. 1EqMERSMYRYTQxWTb611qvBKXTogZq3m5U

## **RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates the General Objections set forth above as if fully set
forth herein. Responding Party further objects to this interrogatory on the ground and to the
extent that it seeks information that is neither relevant to the subject matter of this litigation
nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

Ex. No. 18
P. 378

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose.  Responding Party further objects to this interrogatory on the ground that he is currently serving a custodial sentence at FCI Sheridan, Register No. 79766-112, in Sheridan Oregon, and thus is without access to or the ability to review any documents or other material needed to respond to this interrogatory, and because of COVID-19 related restrictions, has limited ability to consult with counsel in confidence concerning information necessary to respond to this interrogatory.  On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 7:**

For each Virtual Currency address listed in Interrogatory No. 6 above, explain how the address has been held (e.g., cold storage offline wallet make/model and physical address where held, unhosted wallet and name of application or software, hosted wallet and name of hosting entity, and applicable dates to the extent that the address has been held in more than one way during the applicable period).

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party
further objects to this interrogatory on the grounds and to the extent that it calls for a legal
conclusion and/or an expert opinion. Responding Party further objects to this interrogatory
on the grounds that it is vague, ambiguous and unintelligible. Responding Party further
objects to this interrogatory on the grounds that it is unduly burdensome and harassing.
Responding Party objects to this interrogatory on the grounds and to the extent that it
demands the production of information protected by the constitutional rights of privacy, the
attorney-client privilege, the work product privilege, or any other privilege or immunity
applicable by law. Responding Party further objects to this interrogatory on the grounds that
it is duplicative of other discovery propounded in this matter. Responding Party further
objects to this interrogatory on the grounds that it was propounded for an improper
purpose.  Responding Party further objects to this interrogatory on the ground that he is
currently serving a custodial sentence at FCI Sheridan, Register No. 79766-112, in Sheridan
Oregon, and thus is without access to or the ability to review any documents or other
material needed to respond to this interrogatory, and because of COVID-19 related
restrictions, has limited ability to consult with counsel in confidence concerning
information necessary to respond to this interrogatory.  On the advice of counsel,
Responding Party further declines to answer based upon his privilege against self-
incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 8:**

To the extent that You assert that You have had no Interest in one or more of the
Virtual Currency addresses listed in Interrogatory No. 6 above, Identify all Persons who
You understand to have had an Interest in each such address and fully explain all Your
transactions, if any, with the address, including identifying all Bitcoin that You have sent to
or received from the address, the date of each such transaction, the amount of the
transaction, the blockchain transaction identifier associated with the transaction, the
counterparty to the transaction (e.g., the party with whom You transacted), and the purpose
of the transaction (e.g., gift, payment).

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose.  Responding Party further objects to this interrogatory on the ground that he is currently serving a custodial sentence at FCI Sheridan, Register No. 79766-112, in Sheridan Oregon, and thus is without access to or the ability to review any documents or other material needed to respond to this interrogatory, and because of COVID-19 related restrictions, has limited ability to consult with counsel in confidence concerning information necessary to respond to this interrogatory.  On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 9:**

Separately describe Your Interest, if any, in the following Bitmex.com accounts:

a. the account in the name of "Dan Dai," account identifier Redacted, username Redacted, which has been associated with the email address

-6-

Ex. No. 18
P. 381

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1    Redacted                              and the Bitcoin deposit address

2    Redacted                                              ;

3    b.   the account in the name of "Wen Ding," account identifier Redacted, username

4    Redacted                              which has been associated with the email address

     Redacted                              and the Bitcoin deposit address

5    Redacted                                              ; and

6    c.   The account in the name of "Lie Wen," account identifier Redacted 7709, username

7    Redacted                              which has been associated with the email address

8    Redacted                              and the Bitcoin deposit address

9    Redacted

10   **RESPONSE TO INTERROGATORY NO. 9:**

11        Responding Party incorporates the General Objections set forth above as if fully set

12   forth herein. Responding Party further objects to this interrogatory on the ground and to the

13   extent that it seeks information that is neither relevant to the subject matter of this litigation

14   nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

15   further objects to this interrogatory on the grounds and to the extent that it calls for a legal

16   conclusion and/or an expert opinion. Responding Party further objects to this interrogatory

17   on the grounds that it is vague, ambiguous and unintelligible. Responding Party further

18   objects to this interrogatory on the grounds that it is unduly burdensome and harassing.

19   Responding Party objects to this interrogatory on the grounds and to the extent that it

20   demands the production of information protected by the constitutional rights of privacy, the

21   attorney-client privilege, the work product privilege, or any other privilege or immunity

22   applicable by law. Responding Party further objects to this interrogatory on the grounds that

23   it is duplicative of other discovery propounded in this matter. Responding Party further

24   objects to this interrogatory on the grounds that it was propounded for an improper

25   purpose.  Responding Party further objects to this interrogatory on the ground that he is

26   currently serving a custodial sentence at FCI Sheridan, Register No. 79766-112, in Sheridan

27   Oregon, and thus is without access to or the ability to review any documents or other

28   material needed to respond to this interrogatory, and because of COVID-19 related

restrictions, has limited ability to consult with counsel in confidence concerning information necessary to respond to this interrogatory.  On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 10:**

To the extent that You assert that You have had no Interest in one or more of the Bitmex.com accounts listed in Interrogatory No. 9 above, Identify all Persons who You understand to have had an Interest in each such account and fully explain all Your transactions, if any, with the account, including identifying all Virtual Currency that You sent to or received from the account, the date of each such transaction, the amount of the transaction, the blockchain transaction identifier associated with the transaction, the counterparty to the transaction (e.g., the party with whom You transacted), and the purpose of the transaction (e.g., gift, payment).

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC. SET TWO
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

purpose.  Responding Party further objects to this interrogatory on the ground that he is currently serving a custodial sentence at FCI Sheridan, Register No. 79766-112, in Sheridan Oregon, and thus is without access to or the ability to review any documents or other material needed to respond to this interrogatory, and because of COVID-19 related restrictions, has limited ability to consult with counsel in confidence concerning information necessary to respond to this interrogatory.  On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

**INTERROGATORY NO. 11:**

With respect to Interrogatory No. 5, Identify each Person to whom You paid more than $1,000, in the aggregate, since October 23, 2019, and provide the date(s) and amount(s) paid to that Person and the purpose of the payment.

To the extent not identified in either Your Supplement to Amended And Corrected Individual Financial Statement, Items 23 and 31 Concerning Cryptocurrency (ECF No. 275-1), or in response to Interrogatory Nos. 6 and 9 above, identify and describe each additional Virtual Currency address, Virtual Currency exchange account, or other location where You have held or controlled Virtual Currency, including, as applicable:

    a.  identifying the Virtual Currency address and the type and amount of Virtual Currency that has been held at the address;

    b.  how the Virtual Currency address has been held (e.g., cold storage offline wallet make/model and physical address where held, unhosted wallet and name of application or software, hosted wallet and name of hosting entity, and applicable dates to the extent that the address has been held in more than one way during the applicable period); and

    c.  the online Virtual Currency exchange, account holder name, all account identifiers associated with the Virtual Currency exchange account (e.g.,account number, account user ID), and the type and amount of the Virtual Currency that has been held at the account.

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this interrogatory on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this interrogatory on the grounds that it was propounded for an improper purpose.  Responding Party further objects to this interrogatory on the ground that he is currently serving a custodial sentence at FCI Sheridan, Register No. 79766-112, in Sheridan Oregon, and thus is without access to or the ability to review any documents or other material needed to respond to this interrogatory, and because of COVID-19 related restrictions, has limited ability to consult with counsel in confidence concerning information necessary to respond to this interrogatory.  On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

## **RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 5:**

For each Bitcoin address identified in Interrogatory No. 6, provide all Documents regarding ownership or control, balances, or transactions associated with the address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

-10-
OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.
SET TWO

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this request on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this request on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this Request on the grounds that it is unduly burdensome and harassing. Responding Party objects to this request on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this request on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this request on the grounds that it was propounded for an improper purpose. Responding Party is unable to respond to this request due to the fact that he is serving a custodial sentence at FCI Sheridan, Register No. 79766-112and is unable to access or review any documents or other material, and has a limited opportunity for confidential communications with counsel or for person visitation due to COVID-19.  On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and the Act of Production Doctrine.

**REQUEST FOR PRODUCTION NO. 6:**

From January 1, 2017, through October 22, 2019, all communications with Sea or with anyone acting on Sea's behalf that refer or relate to Virtual Currency, Your gambling debts, or Your investment in initial coin offerings, including all WeChat messages.

Provide all Documents relating to the Bitmex.com exchange accounts identified in Interrogatory No. 9 and Your ownership of, control of, access to, or use of the same, including all account Documents and Documents indicating Your control of, or access to, the email address Redacted                           , Redacted                              and

-11-

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC. SET TWO

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

1  Redacted                     (e.g., emails to or from the Bitmex.com exchange or its

2  representatives regarding the account associated with the indicated email addresses).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

4       Responding Party incorporates the General Objections set forth above as if fully set

5  forth herein. Responding Party further objects to this request on the ground and to the

6  extent that it seeks information that is neither relevant to the subject matter of this litigation

7  nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party

8  further objects to this request on the grounds and to the extent that it calls for a legal

9  conclusion and/or an expert opinion. Responding Party further objects to this request on the

10 grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to

11 this Request on the grounds that it is unduly burdensome and harassing. Responding Party

12 objects to this request on the grounds and to the extent that it demands the production of

13 information protected by the constitutional rights of privacy, the attorney-client privilege,

14 the work product privilege, or any other privilege or immunity applicable by law.

15 Responding Party further objects to this request on the grounds that it is duplicative of other

16 discovery propounded in this matter. Responding Party further objects to this request on the

17 grounds that it was propounded for an improper purpose. Responding Party is unable to

18 respond to this request due to the fact that he is serving a custodial sentence at FCI

19 Sheridan, Register No. 79766-112and is unable to access or review any documents or other

20 material, and has a limited opportunity for confidential communications with counsel or for

21 person visitation due to COVID-19.  On the advice of counsel, Responding Party further

22 declines to answer based upon his privilege against self-incrimination under the Fifth

23 Amendment to the United States Constitution and the Act of Production Doctrine.

24 **REQUEST FOR PRODUCTION NO. 7:**

25       To the extent not provided in response to Document Request Nos. 5 and 6, provide

26 all Documents pertaining to any additional Virtual Currency address(es), Virtual Currency

27 exchange account(s), or other location(s) where You have held or controlled Virtual

28 Currency.

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC. SET TWO

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 18
P. 387

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this request on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this request on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this Request on the grounds that it is unduly burdensome and harassing. Responding Party objects to this request on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this request on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this request on the grounds that it was propounded for an improper purpose. Responding Party is unable to respond to this request due to the fact that he is serving a custodial sentence at FCI Sheridan, Register No. 79766-112and is unable to access or review any documents or other material, and has a limited opportunity for confidential communications with counsel or for person visitation due to COVID-19.  On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and the Act of Production Doctrine.

**REQUEST FOR PRODUCTION NO. 8:**

To the extent not provided in response to Document Request Nos. 5-7, provide all Documents that You relied upon in preparing Your responses to the Interrogatory Requests contained herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this request on the ground and to the

-13-
_____
OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.
SET TWO

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 18
P. 388

extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this request on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this Request on the grounds that it is unduly burdensome and harassing. Responding Party objects to this request on the grounds and to the extent that it demands the production of information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this request on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this request on the grounds that it was propounded for an improper purpose. Responding Party is unable to respond to this request due to the fact that he is serving a custodial sentence at FCI Sheridan, Register No. 79766-112and is unable to access or review any documents or other material, and has a limited opportunity for confidential communications with counsel or for person visitation due to COVID-19.  On the advice of counsel, Responding Party further declines to answer based upon his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and the Act of Production Doctrine.

Dated:  December 3, 2021                    EANET, PC

                                            By:   */s Matthew Eanet*
                                               Matthew L. Eanet

                                            Attorneys for Defendant Kaine Wen

OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION ETC.
SET TWO

Ex. No. 18
P. 389
REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

**PROOF OF
SERVICE**

I, the undersigned, certify and declare the following:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 S. Hope Street, Suite 750, Los Angeles, CA 90071.

On August 16, 2021, I caused the foregoing document(s) described as:

**DEFENDANT KAINE WEN'S OBJECTIONS AND RESPONSES TO EXPEDITED REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES, SET TWO**

to be served on the interested parties as follows:

1. **Sarah Preis**
   (Admitted *pro hac vice*)
   sarah.preis@cfpb.gov
   Tel.: (202) 435-9318
   **Jesse Stewart**
   (Admitted *pro hac vice*)
   jesse.stewart@cfpb.gov
   Tel.: (202) 435-9641
   **Nathan Dimock**
   (Admitted *pro hac vice*)
   nathan.dimock@cfpb.gov
   Tel.: (202) 435-9198
   1700 G Street, NW
   Washington, DC 20552
   Fax: (202) 435-5471
   **Leanne E. Hartmann**
   leanne.hartmann@cfpb.gov
   301 Howard Street, Suite 1200
   San Francisco, CA 94105
   Tel: (415) 844-9787
   Fax: (415) 844-9788
   *Attorneys for Plaintiff*
   *Bureau of Consumer Financial Protection*

2. **Evan Romanoff (*Pro Hac Vice*)**
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130

-1-

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Tel.: 651-757-1454
evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

3. **M. Lynne Weaver** (*Pro Hac Vice*)
   **Michael T. Henry**
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   Tel.: 919-716-6000
   Fax: 919-716-6050
   lweaver@ncdoj.gov
   *Attorneys for Plaintiff the State of North Carolina*

4. **Michael N. Feuer, City Attorney**
   **Mary Clare Molidor, Chief Assistant City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012 4131
   Tel.: 213-978-9707
   Fax.: 213-978-8112
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   rebecca.morse@lacity.org
   *Attorneys for Plaintiff the People of the State of California*

5. **Sanjay Bhandari**
   **Cornelia JB Gordon**
   **McNamara Smith LLP**
   655 West Broadway, Suite 1600
   San Diego, CA 92701
   Tel.: 619-269-0400
   Fax: 619-269-0401
   sbhandari@mcnamarallp.com
   cgordon@mcnamarallp.com
   *Attorneys for Receiver Thomas W. McNamara*

**BY ELECTRONIC SERVICE:** I caused the documents to be sent to the persons at the electronic notification addresses listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 18
P. 391

Dated:  December 3, 2021

EANET, PC

By: _____

Matthew L. Eanet

-3-

PROOF OF SERVICE

Ex. No. 18
P. 392

# Exhibit No. 19

3977000

| ARTS-GS | Articles of Incorporation of a ~~General Stock Corporation~~ |
|---|---|

To form a **general stock corporation** in California, you can fill out this form or prepare your own document, and submit for filing along with:

- A **$100 filing fee.**

- A separate, non-refundable **$15 service fee** also must be included, if you drop off the completed form or document.

**Important!** Corporations in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

Note: *Before submitting the completed form*, you should consult with a private attorney for advice about your specific business needs.

**FILED**
Secretary of State
State of California

IR/DEC 30 2016

*This Space For Office Use Only*

**For questions about this form, go to** *www.sos.ca.gov/business/be/filing-tips.htm.*

**Corporate Name**  (List the proposed corporate name. Go to www.sos.ca.gov/business/be/name-availability.htm for general corporate name requirements and restrictions.)

① The name of the corporation is  Hold the Door, Corp.

**Corporate Purpose**

② The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

**Service of Process**  (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your corporation is sued.  You may list any adult who lives in California.  You may not list your own corporation as the agent.  Do not list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

③ a. Diana Dai
    *Agent's Name*

   b. Redacted                                    Monterey Park      CA  Redacted
    *Agent's Street Address (if agent is not a corporation) - Do not list a P.O. Box*   *City (no abbreviations)*   *State*   *Zip*

**Corporate Addresses**

④ a. 777 E Sierra Madre Ave                      Azusa, CA          91702
    *Initial Street Address of Corporation - Do not list a P.O. Box*   *City (no abbreviations)*   *State*   *Zip*

   b.
    *Initial Mailing Address of Corporation, if different from 4a*   *City (no abbreviations)*   *State*   *Zip*

**Shares**  (List the number of shares the corporation is authorized to issue.  Note: Before shares of stock are sold or issued, the corporation must comply with the Corporate Securities Law of 1968 administered by the California Department of Business Oversight.  For more information, go to www.dbo.ca.gov or call the California Department of Business Oversight at (866) 275-2677.)

⑤ This corporation is authorized to issue only one class of shares of stock.

   The total number of shares which this corporation is authorized to issue is _____ 100 _____.

This form must be signed by each incorporator.  If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11").  All attachments are made part of these articles of incorporation.

▶ [signature]                                    Kaine Wen
   *Incorporator - Sign here*                     *Print your name here*

| Make check/money order payable to: **Secretary of State** | *By Mail* | *Drop-Off* |
|---|---|---|
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State Business Entities, P.O. Box 944260 Sacramento, CA 94244-2600 | Secretary of State 1500 11th Street, 3rd Floor Sacramento, CA 95814 |

Corporations Code §§ 200-202 et seq., Revenue and Taxation Code § 23153
ARTS-GS (REV 03/2014)

2014 California Secretary of State
www.sos.ca.gov/business/be

## State of California
### Secretary of State

| | | S |
|---|---|---|

### Statement of Information
**(Domestic Stock and Agricultural Cooperative Corporations)**
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**FR29003**
# FILED
**In the office of the Secretary of State of the State of California**

**OCT-01 2017**

**1. CORPORATE NAME**
HOLD THE DOOR, CORP.

**2. CALIFORNIA CORPORATE NUMBER**
C3977000

*This Space for Filing Use Only*

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

**3.** If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.
☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| **4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE** | 777 E SIERRA MADRE AVE, AZUSA, CA 91702 | CITY | STATE | ZIP CODE |
| **5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY** | 777 E SIERRA MADRE AVE, AZUSA, CA 91702 | CITY | STATE | ZIP CODE |
| **6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4** | 777 E SIERRA MADRE AVE, AZUSA, CA 91702 | CITY | STATE | ZIP CODE |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| **7. CHIEF EXECUTIVE OFFICER/** | KAINE WEN Redacted | ADDRESS | AZUSA, CA Redacted | STATE | ZIP CODE |
| **8. SECRETARY** | KAINE WEN Redacted | ADDRESS | AZUSA, CA Redacted | STATE | ZIP CODE |
| **9. CHIEF FINANCIAL OFFICER/** | KAINE WEN Redacted | ADDRESS | AZUSA, CA Redacted | STATE | ZIP CODE |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| **10. NAME** | KAINE WEN Redacted | ADDRESS | AZUSA, CA Redacted | STATE | ZIP CODE |
| **11. NAME** | | ADDRESS | CITY | STATE | ZIP CODE |
| **12. NAME** | | ADDRESS | CITY | STATE | ZIP CODE |

**13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY: 0**

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

**14. NAME OF AGENT FOR SERVICE OF PROCESS**
DIANA DAI

| **15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL** | CITY | STATE | ZIP CODE |
|---|---|---|---|
| Redacted     MONTEREY PARK, CA Redacted | CITY | STATE | ZIP CODE |

**Type of Business**

**16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION**
MANAGEMENT COMPANY

**17.** BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 10/01/2017 | KAINE WEN | CEO | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-200 (REV 01/2013) | Page 1 of 1 | APPROVED BY SECRETARY OF STATE |
|---|---|---|

Ex. No. 19
P. 395

| **State of California** | **S** |
|---|---|
| **Secretary of State** | |

**Statement of Information**
(Domestic Stock and Agricultural Cooperative Corporations)
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**G094630**

# FILED

In the office of the Secretary of State
of the State of California

**OCT-08 2018**

1. **CORPORATE NAME**
HOLD THE DOOR, CORP.

2. **CALIFORNIA CORPORATE NUMBER**
C3977000

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.
☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>777 E SIERRA MADRE AVE, AZUSA, CA 91702 | | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | CITY | STATE | ZIP CODE |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | CITY | STATE | ZIP CODE |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/<br>KAINE WEN Redacted | AZUSA, CA Redacted | CITY | STATE | ZIP CODE |
| 8. SECRETARY<br>KAINE WEN Redacted | AZUSA, CA Redacted | CITY | STATE | ZIP CODE |
| 9. CHIEF FINANCIAL OFFICER/<br>KAINE WEN Redacted | AZUSA, CA Redacted | CITY | STATE | ZIP CODE |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10 NAME<br>KAINE WEN Redacted | AZUSA, CA Redacted | CITY | STATE | ZIP CODE |
| 11. NAME | ADDRESS | CITY | STATE | ZIP CODE |
| 12. NAME | ADDRESS | CITY | STATE | ZIP CODE |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS
KAINE WEN

15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL   CITY   STATE   ZIP CODE
Redacted   AZUSA, CA Redacted

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
CONSULTING SERVICES

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 10/08/2018   KAINE WEN | PRESIDENT | |
|---|---|---|
| DATE   TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-200 (REV 01/2013) | Page 1 of 1 | APPROVED BY SECRETARY OF STATE |
|---|---|---|

I hereby certify that the foregoing transcript of ___3___ page(s) is a full, true and correct copy of the complete record in the custody of the California Secretary of State's office as of this date.

**MAR 08 2019**

Date:_____ SYD



**ALEX PADILLA, Secretary of State**

Ex. No. 19
P. 397

# Exhibit No. 20

2014-02-25 14:31:02|12.238.190.66|Logged in
2014-02-25 14:32:18|12.238.190.66|Changed user password
2014-02-25 16:04:50|12.238.190.66|Logged in
2014-02-25 16:07:02|12.238.190.66|Enabled two-factor authentication
2014-02-25 22:38:35|12.238.190.66|Logged in using two-factor authentication
2014-02-26 19:42:48|66.215.15.50|Logged in using two-factor authentication
2014-02-27 02:12:01|66.215.15.50|Logged in using two-factor authentication
2014-03-03 20:16:26|38.122.246.94|Logged in using two-factor authentication
2014-03-05 01:50:16|66.215.15.50|Logged in using two-factor authentication
2014-03-05 16:12:53|12.238.190.66|Logged in using two-factor authentication
2014-03-06 16:48:10|66.215.15.50|Logged in using two-factor authentication
REDACTED
2014-03-07 22:03:52|66.215.15.50|Logged in using two-factor authentication
2014-03-08 05:19:10|66.215.15.50|Logged in using two-factor authentication
2014-03-08 19:55:52|66.215.15.50|Logged in using two-factor authentication
2014-03-10 18:19:33|66.215.15.50|Logged in using two-factor authentication
2014-03-10 20:02:36|66.215.15.50|Logged in using two-factor authentication
2014-03-11 01:50:05|66.215.15.50|Logged in using two-factor authentication
2014-03-12 00:04:04|66.215.15.50|Logged in using two-factor authentication
2014-03-12 18:18:55|66.215.15.50|Logged in using two-factor authentication
2014-03-12 22:47:16|66.215.15.50|Logged in using two-factor authentication
2014-03-13 22:24:50|38.122.246.94|Logged in using two-factor authentication
2014-03-14 16:10:21|66.215.15.50|Logged in using two-factor authentication
2014-03-15 03:22:20|66.215.15.50|Logged in using two-factor authentication
2014-03-15 08:52:47|66.215.15.50|Logged in using two-factor authentication
2014-03-15 21:06:40|12.238.190.66|Logged in using two-factor authentication
2014-03-16 21:47:52|66.215.15.50|Logged in using two-factor authentication
2014-03-17 08:55:57|66.215.15.50|Logged in using two-factor authentication
2014-03-18 18:38:54|66.215.15.50|Logged in using two-factor authentication
2014-03-18 23:40:34|66.215.15.50|Logged in using two-factor authentication
2014-03-19 21:52:15|66.215.15.50|Logged in using two-factor authentication
2014-03-20 09:14:56|66.215.15.50|Logged in using two-factor authentication
2014-03-21 02:40:36|66.215.15.50|Logged in using two-factor authentication

# REDACTED

2014-03-21 11:02:11|66.215.15.50|Logged in using two-factor authentication
2014-03-21 21:59:04|66.215.15.50|Logged in using two-factor authentication

# REDACTED

2014-03-22 04:55:18|66.215.15.50|Logged in using two-factor authentication
2014-03-22 20:33:20|66.215.15.50|Logged in using two-factor authentication

# REDACTED

2014-03-24 03:04:29|66.215.15.50|Logged in using two-factor authentication
2014-03-25 06:32:38|66.215.15.50|Logged in using two-factor authentication
2014-03-26 00:20:33|66.215.15.50|Logged in using two-factor authentication
2014-03-26 09:43:37|12.238.190.66|Logged in using two-factor authentication
2014-03-27 13:45:33|12.238.190.66|Logged in using two-factor authentication

# REDACTED

2014-05-07 03:47:55|66.215.15.50|Logged in using two-factor authentication
2014-06-04 15:51:37|12.238.190.66|Logged in using two-factor authentication
2014-06-04 15:52:41|12.238.190.66|Changed user password
2014-06-18 15:58:53|12.238.190.66|Logged in using two-factor authentication
2014-06-29 09:19:09|66.215.15.50|Logged in using two-factor authentication

2014-07-03 05:41:17|66.215.15.50|Logged in using two-factor authentication
2014-08-13 06:08:07|66.215.15.50|Logged in using two-factor authentication
REDACTED
2014-08-16 01:30:26|12.238.190.66|Logged in using two-factor authentication
2014-08-18 10:51:09|12.238.190.66|Logged in using two-factor authentication
2014-09-16 07:08:46|66.215.15.50|Logged in using two-factor authentication
2014-09-16 07:10:58|66.215.15.50|Changed user password
2014-09-19 09:26:23|66.215.15.50|Logged in using two-factor authentication
2014-09-19 14:23:13|66.215.15.50|Logged in using two-factor authentication
2014-09-23 08:45:09|66.215.15.50|Logged in using two-factor authentication

REDACTED

2014-11-30 22:52:46|66.215.15.50|Logged in using two-factor authentication
2015-03-07 20:44:43|68.5.139.60|Logged in using two-factor authentication
2015-03-07 20:44:55|68.5.139.60|Changed user password
2015-03-08 00:29:11|68.5.139.60|Logged in using two-factor authentication
2015-03-08 00:49:42|68.5.139.60|Logged in using two-factor authentication
2015-11-21 19:34:53|71.165.27.59|Requested password recovery
2015-11-21 19:35:25|71.165.27.59|Logged in using two-factor authentication
2015-11-21 19:35:49|71.165.27.59|Changed user password
2015-11-21 19:38:55|71.165.27.59|Logged in using two-factor authentication
2015-12-08 06:38:16|71.165.27.59|Logged in using two-factor authentication
2016-04-09 23:23:19|72.87.153.171|Logged in using two-factor authentication
2016-04-09 23:23:31|72.87.153.171|Changed user password
2016-04-09 23:24:36|72.87.153.171|Logged in using two-factor authentication
2016-05-30 09:27:59|72.87.153.171|Logged in using two-factor authentication
2016-06-30 02:58:46|72.87.153.171|Logged in using two-factor authentication
2016-06-30 02:59:10|72.87.153.171|Changed user password
2016-06-30 02:59:24|72.87.153.171|Logged in using two-factor authentication
2016-08-12 07:27:03|72.87.153.171|Logged in using two-factor authentication
2016-08-12 07:27:14|72.87.153.171|Changed user password
2016-08-12 07:27:41|72.87.153.171|Logged in using two-factor authentication
2016-09-23 00:43:26|47.151.177.159|Logged in using two-factor authentication
2016-09-23 07:26:43|47.151.177.159|Logged in using two-factor authentication

REDACTED

2016-09-24 18:55:52|47.151.177.159|Logged in using two-factor authentication

REDACTED

2016-09-25 04:14:21|47.151.177.159|Logged in using two-factor authentication

REDACTED

2016-09-30 08:24:37|47.151.177.159|Logged in using two-factor authentication
2016-10-05 22:44:03|47.151.177.159|Logged in using two-factor authentication
2016-10-05 22:45:15|47.151.177.159|Changed user password
2016-10-05 22:45:36|47.151.177.159|Logged in using two-factor authentication
2016-10-06 03:50:35|47.151.177.159|Logged in using two-factor authentication
2016-10-07 03:09:09|47.151.177.159|Logged in using two-factor authentication
REDACTED
2016-10-07 07:48:56|47.151.177.159|Bitcoin withdrawal request: email was sent to user
2016-10-07 07:49:07|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2016-10-07 20:54:28|47.151.177.159|Logged in using two-factor authentication
2016-10-09 21:36:46|47.151.177.159|Logged in using two-factor authentication
2016-10-30 09:42:20|47.151.177.159|Logged in using two-factor authentication
REDACTED
2016-10-30 09:44:23|47.151.177.159|Bitcoin withdrawal request: email was sent to user

2016-10-30 09:44:32|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2016-11-05 09:56:32|47.151.177.159|Logged in using two-factor authentication
2017-01-04 06:10:48|47.151.177.159|Logged in using two-factor authentication
2017-03-20 03:25:34|47.151.177.159|Logged in using two-factor authentication
2017-03-20 03:25:46|47.151.177.159|Changed user password
2017-03-20 03:26:04|47.151.177.159|Logged in using two-factor authentication

# REDACTED

2017-03-20 03:33:05|47.151.177.159|Bitcoin withdrawal request: email was sent to user
2017-03-20 03:33:17|47.151.177.159|Bitcoin withdrawal request: email confirmed by user
2017-12-26 06:08:04|76.219.238.248|Logged in using two-factor authentication
2017-12-26 06:08:21|76.219.238.248|Turn OFF password change prompts: email sent to user
2017-12-26 06:08:33|76.219.238.248|Changed user password
2017-12-26 06:08:55|76.219.238.248|Logged in using two-factor authentication
2018-01-09 07:01:16|76.219.238.248|Logged in using two-factor authentication

# REDACTED

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

REDACTED

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

CFPB-BITSTAMP-00000004

REDACTED

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

CFPB-BITSTAMP-00000005

Ex. No. 20
P. 403

REDACTED

REDACTED

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

CFPB-BITSTAMP-00000007

Ex. No. 20
P. 405

REDACTED

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

T-021912-00000066                    CFPB-BITSTAMP-00000008

REDACTED

2018-01-14 22:00:12|76.219.238.248|Logged in using two-factor authentication
2018-01-19 07:19:11|76.219.238.248|Logged in using two-factor authentication

REDACTED

2018-01-19 07:30:24|76.219.238.248|International withdrawal request: email was sent to user
2018-01-19 07:30:39|76.219.238.248|International withdrawal request: email confirmed by user

REDACTED

2018-01-20 06:36:06|76.219.238.248|Logged in using two-factor authentication
2018-01-22 04:02:32|76.219.238.248|Logged in using two-factor authentication
2018-01-26 04:36:17|76.219.238.248|Logged in using two-factor authentication
2018-01-26 04:36:32|76.219.238.248|Turn OFF password change prompts: email sent to user
2018-01-26 04:37:20|76.219.238.248|Turn OFF password change prompts: confirmed by user
REDACTED

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

**REDACTED**

2018-01-26 20:45:12|76.219.238.248|Logged in using two-factor authentication
2018-01-27 22:17:18|76.219.238.248|Logged in using two-factor authentication
2018-01-29 05:22:41|76.219.238.248|Logged in using two-factor authentication
2018-01-29 21:22:20|76.219.238.248|Logged in using two-factor authentication
2018-01-30 02:10:49|76.219.238.248|Logged in using two-factor authentication
2018-01-30 19:42:26|76.219.238.248|Logged in using two-factor authentication
2018-01-31 19:51:15|76.219.238.248|Logged in using two-factor authentication
2018-02-01 10:38:17|76.219.238.248|Logged in using two-factor authentication
2018-02-02 05:18:35|76.219.238.248|Logged in using two-factor authentication
2018-02-02 20:49:32|76.219.238.248|Logged in using two-factor authentication
2018-02-03 17:08:30|76.219.238.248|Logged in using two-factor authentication
2018-02-05 11:12:04|76.219.238.248|Logged in using two-factor authentication
2019-10-30 23:12:45|76.219.238.248|Logged in using two-factor authentication

**REDACTED**

2020-05-09 23:03:57|76.219.238.248|Logged in using two-factor authentication
2020-05-11 22:53:50|76.219.238.248|Logged in using two-factor authentication

# Kaine Wen

| | |
|---|---|
| Verified | YES |
| Customer ID | REDACT 0349 |
| Deposit reference | REDACTED 9659 |
| First and last name | Kaine Wen |
| Address | **REDACTED** |
| Postal code and city | |
| Country of residence | United States of America |
| Nationality | United States of America |
| State | California |
| Date of birth (day.month.year) | REDACTED |
| Document ID | REDACTED |
| Document type | Driver's License |
| Expiry date | REDACTED |
| Tax ID | None |
| SSN | REDACTED |
| E-mail address | REDACTED |
| Date joined | Feb. 25, 2014, 2:30 p.m. |
| Last login | May 11, 2020, 10:53 p.m. |
| IBAN | REDACTED |
| BIC | BOFAUS3N |
| Account value | REDACTED USD |
| USD balance | REDACTED USD |
| Bank Deposits | REDACTED USD |
| Astropay Deposits | REDACTED USD |
| Vogogo Echeck Deposits | REDACTED USD |
| Vogogo Credit Cards Deposits | REDACTED USD |
| Ripple USD Deposits | REDACTED USD |
| Credit Card USD Deposits | REDACTED USD |
| Ripple BTC Deposits | REDACTED BTC |

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

| | |
|---|---|
| Bank withdrawals | 2991988.00 USD |
| Intercash withdrawals | REDACTED USD |
| Ripple USD Withdrawals | REDACTED USD |
| Gold Withdrawals | REDACTED USD |
| XRP purchases made | REDACTED XRP |
| All Deposit Addresses | 1. BTC - 37t547XkY4gLXG7WT5ETZ7S4wd5Fqrahx9 (Created: Sep. 23. 2016)<br>2. ETH - 0xb6cf9eada34335fd5aff9260d240653343fae652 (Created: Jan. 9. 2018) |
| BTC deposits SUM | REDACTED BTC |
| BTC withdrawals SUM | REDACTED BTC |

**BTC:**

| | |
|---|---|
| BTC withdrawal addresses | 1. 1QBtP3PFDMXagJaKKGMx9AyAnsUgoU REDACTED<br>2. 1KdignJfu3ZnEex7ihdvTqYdmtEYPWCoc REDACTED<br>3. 1EvsQRrbFh4NBjpT1SDhJ146H3u9Lex9V REDACTED<br>4. 1EGZVgTUnXHvc8uYSkhhnpQzhw6yjnJU REDACTED<br>5. 1MtvHSAD2UnoLM59mxAtTuoT35U2qN REDACTED<br>6. 1AFgwy8xwkS3T8hV6dK7wmwwLySGQ REDACTED |

| | |
|---|---|
| XRP deposits SUM | REDACTED XRP |
| XRP withdrawals SUM | REDACTED XRP |
| XRP withdrawal addresses | |
| LTC deposits SUM | REDACTED LTC |
| LTC withdrawals SUM | REDACTED LTC |
| LTC withdrawal addresses | |
| ETH deposits SUM | REDACTED ETH |
| ETH withdrawals SUM | REDACTED ETH |
| ETH withdrawal addresses | **ETH:**<br><br>1. 0x6644b681eAB811591C146A3E54BBf6d91cb6d455 |

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022
Ex. No. 20
P. 410
Disclosure governed by 12 CFR part 1070

(2121.05060008)

BCH deposits SUM  REDACTED BCH

BCH withdrawals  REDACTED BCH
SUM

BCH withdrawal
addresses

XLM deposits SUM  REDACTED XLM

XLM withdrawals  REDACTED XLM
SUM

XLM withdrawal
addresses

PAX deposits SUM  REDACTED PAX

PAX withdrawals  REDACTED PAX
SUM

PAX withdrawal
addresses

Support tickets

1. 53982

   Rok Štucin (89915)

   March 10, 2014, 3:23 p.m.

   None

   "Dear Kaine, we have recently received a transfer designated for yoru Bitstamp account.
   However we must notify you that the transfer arrived from a bank account which is not
   held in your name. As such it has been marked as a third party transfer. If the funds
   originated from a joint bank account, we kindly ask you to please provide us with a bank
   statement or similar document where both bank account holders are declared. Otherwise
   please inform the sender of your last deposit to create his own account on Bitstamp and
   verify it. To verify the account please have him follow this link:
   https://www.bitstamp.net/account/verify/; and upload his international passport and a
   proof of residency document as specified in the section. Also we kindly ask you to please
   notify the sender to contact us through our "Support" system, since the transfer meets
   some of our frequency and volume thresholds, due to which we will have to initiate an
   additional KYC procedure before we can process and credit the funds to the sender's
   Bitstamp account. If you have any questions in the meantime, please feel free to ask. Best
   regards, Rok Štucin"

2. 54036

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Kaine Wen ( REDAC 0349)

March 10, 2014, 6:26 p.m.

None

"My recent wire in the amount of $100,000.00 (one hundred thousand dollars) came from an account held jointly in my name. Please review the attached Wells Fargo bank statement indicating as such and process my deposit as soon as possible. Thank you. - Kaine Wen"

3.  54036

Rok Štucin (89915)

March 12, 2014, 7:33 a.m.

None

"Dear Kaine, thank you for providing us with information about your joint bank account. We received your deposit transfer. Since the transfer meets some of our volume thresholds, we kindly ask you to please help us better understand the nature of your relationship with Bitstamp. In order to do so, we are starting this additional KYC (know your customer) procedure which we must successfully complete before we can proceed with the processing of your transfer. We kindly ask you to please send us a high resolution double page image of your international passport or social security number and answer the following KYC questionnaire: 1. How did you learn about Bitcoin? 2. What is the purpose of your trading on Bitstamp? Please describe in as much detail as possible how you intend to use your trading account. 3. Which bank are you using? Please provide the complete address and SWIFT code. 4. Estimated amount that you would be depositing/withdrawing to/from your Bitstamp account per month (in USD and BTC)? 5. What type of trading will you conduct? Buying/selling/both? Estimated trade volume per month? 6. What is the source of the funds which you are depositing to your Bitstamp account? Please provide any financial documentation which can confirm how the funds sent to your Bitstamp account were acquired. If you have any questions in the meantime, please feel free to ask. Best regards, Rok Štucin"

4.  54036

Kaine Wen ( REDAC 0349)

March 13, 2014, 10:40 p.m.

None

"1. I learned about Bitcoin from a friend who invested in it last year. I familiarized

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

myself with Bitcoin by reading online articles/forums and watching online videos/podcasts. 2. I intend to buy and hold Bitcoins on Bitstamp as a long-term investment (3-5 years). 3. I use Wells Fargo Bank. My local branch address is: 1300 E VALLEY BLVD ALHAMBRA, CA 91801 SWIFT: <sup>REDACTED</sup>S6L 4. I am unlikely to withdraw from my Bitstamp account in the near future. I may deposit more into my Bitstamp account depending on Bitcoin's price. It is unlikely that I will deposit anymore into my Bistamp account for the 2014 year. 5. I will be buying Bitcoins. I may sell depending on Bitcoin's price movement but it is unlikely. My estimated trade volume is likely to just be $100,000 worth of Bitcoin buys for the 2014 year. 6. The source of the funds for my $100,000 wire into Bitstamp is a loan repayment from my joint Wells Fargo account holder Demi Wan-Jou Yu. I accumulated the $100,000 through savings. I have attached the Wells Fargo Feb/2014 account statement which shows the $100,000 loan repayment from Demi Wan-Jou Yu's checking account."

5. 54036

Marko Rogan (61419_deleted)

March 14, 2014, 1:56 p.m.

None

"Dear Kaine, Thank you for sending us the needed documents and information. We are happy to inform you we successfully concluded our additional KYC procedure and that your deposit transfer will be processed and the funds added to your account. If you should need any further assistance, please feel free to ask. Best regards, Marko Rogan"

6. 54036

Miha Vahčič (vprj4035)

Feb. 2, 2018, 12:11 p.m.

None

"Dear Kaine, thank you for your message in ticket: https://www.bitstamp.net/support/404032/. Please accept our sincere apologies for not getting back to you sooner. We have instructed our payments department to further process your withdrawal. You will receive an e-mail notification as soon as the process is concluded and the funds have been sent to the designated account. As a part of our periodic review, we require that an additional KYC (know your customer) procedure is completed so we can proceed with processing your future transfers. 1. What is your current Bitstamp account usage? 2. Estimated amount that you would be depositing/withdrawing to/from your Bitstamp account per year (in USD and crypto)? 3. What is the origin of your deposited cryptocurrencies? Please provide any relevant documents supporting your statements, for example bank deposit slips showing deposits

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022
Disclosure governed by 12 CFR part 1070

to other exchanges, purchase logs, trading history, withdrawal history, or any other documentation relevant to your crypto origins. Please make sure some of your identifiable information is visible on the submitted documentation. 4. If possible, please provide a signed message for your address with your current crypto holdings which you intend to liquidate in near future. Additionally we have noticed that the ID document which you have provided for your account verification has expired. In order to process your future transactions without any additional delays, we kindly ask you to submit a high quality image of your current and valid passport in a reply to this ticket. Should you require additional assistance, please feel free to contact me. We are looking forward to receiving your reply. Best regards, Miha V. "

7. 54036

Kaine Wen ( REDAC 0349)

Feb. 3, 2018, 5:26 a.m.

76.219.238.248

"Here are my answers to your questions: 1. My current Bitstamp account usage was to sell some of my cryptos and withdraw to my bank account. Unfortunately my withdrawal is being held up. 2. I don't know what my estimated amount of annual Bitstamp transactions will be. I planned on selling some cryptos and rebuying at lower prices. But this ordeal is making me reconsider giving Bitstamp any future business. Had this transaction gone smoothly, I would have continued to (hopefully) sell high and rebuy low. 3. Start with my transactions on Bitstamp for the origin of my deposited cryptos. I deposited USD in Mar/14 and Aug/14 and purchased BTC in Mar/14 and Sep/14, respectively. I made some BTC withdrawals and deposits in Oct/16 (which evened out). I withdrew my entire Bitstamp balance in Mar/17 to my personal wallet. Thereafter, I exchanged some BTC for ETH on the Poloniex exchange. Poloniex does not provide "statements" per se. All I can download is a deposit history, withdrawal history, and trade history. They are in .csv format but won't have my identifiable information. I have attached a screenshot of my Poloniex Deposit and Withdrawal History screen. 4. I don't know how to provide a signed message for my address with my current cryptos (I have MANY addresses, who doesn't?) and I definitely do not intend to liquidate anymore cryptos during this down turn. I have attached my current US passport. I kindly request that my withdrawal request be expedited without any further delays. I have been a loyal customer and referred many friends to Bitstamp (I wish there was a referral program). Please don't make me regret my decisions."

8. 54036

Miha Vahčič (vprj4035)

April 25, 2018, 10:47 a.m.

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

None

"Dear Kaine, thank you for your reply and the provided information. Please accept our sincere apologies for not getting back to you sooner. In order to fully satisfy our additional KYC process, please provide any financial documentation which can confirm how the fiat funds sent to your Bitstamp account were originally acquired or accumulated, such as a savings account statement, salary pay slip, tax revenue statement, investment portfolio or similar. Please note that the origin of the funds must be visible/elaborated on any submitted document, and in the case of submitting a bank account statement, make sure that relevant historical information is submitted. Additionally we kindly ask you to provide us with a signed message for your address with your current crypto (ETH) holdings which you intend to liquidate in near future. Should you require additional assistance, please feel free to contact me. We are looking forward to receiving your reply. Best regards, Miha V."

9. 385602

Grega Cerar (mgfq0656)

Jan. 19, 2018, 2:38 p.m.

None

"Dear Kaine, your withdrawal request has been received and further processed. However, we have noticed that the address used on the withdrawal form differs from the address verified on your Bitstamp account. If your residential address has changed, please provide a new proof of residency document in a reply to this ticket. It can be one of the following: - a utility bill (electricity, water, internet, etc.) - a bank account statement - a government issued document (tax statement, certificate of residency, etc.) Please make sure that your full name, issue date and address are clearly visible and that the document is not older than three months. We are unable to accept online screenshots, mobile phone bills or credit card statements. We are looking forward to hearing from you. Best regards, Grega C."

10. 385602

Kaine Wen ( REDAC 0349)

Jan. 19, 2018, 4:07 p.m.

76.219.238.248

"Files attached"

11. 385602

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 20
P. 415

Disclosure governed by 12 CFR part 1070

CFPB-BITSTAMP-00000017

Grega Cerar (mgfq0656)

Jan. 22, 2018, 12:15 p.m.

None

"Dear Kaine, thank you for the prompt reply and providing the requested document. Your address has now been successfully updated. Should you need any further help or assistance, please feel free to contact us. Best regards, Grega C."

12. 404032

Kaine Wen    REDACTE )349)

Feb. 2, 2018, 5:19 a.m.

None

"Please provide a status update on my withdrawal request: 3854714 Jan. 26, 2018 International wire transfer 2981988.00 USD In process It has already been 7 days (5 business days) since my request. Thank you."

13. 404032

Miha Vahčič (vprj4035)

Feb. 2, 2018, 12:11 p.m.

None

"Dear Kaine, thank you for your message. We have answered you in ticket: https://www.bitstamp.net/support/54036/ Should you require additional assistance, please feel free to contact me. Best regards, Miha V."

IP report

- IP Used Country
- 12.238.190.66 (17) United States
- 66.215.15.50 (53) United States
- 38.122.246.94 (2) United States
- 68.5.139.60 (4) United States
- 71.165.27.59 (5) United States
- 72.87.153.171 (10) United States
- 47.151.177.159 (36) United States
- 76.219.238.248 (416) United States
- 127.0.0.1 (3) N/A

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022
Disclosure governed by 12 CFR part 1070

Trading Volume Report

- Year Month Volume
- 2014 February REDACTED
- 2014 March REDACTED
- 2014 April REDACTED
- 2014 May REDACTED
- 2014 June REDACTED
- 2014 July REDACTED
- 2014 August REDACTED
- 2014 September REDACTED
- 2014 October REDACTED
- 2014 November REDACTED
- 2014 December REDACTED
- 2015 January REDACTED
- 2015 February REDACTED
- 2015 March REDACTED
- 2015 April REDACTED
- 2015 May REDACTED
- 2015 June REDACTED
- 2015 July REDACTED
- 2015 August REDACTED
- 2015 September REDACTED
- 2015 October REDACTED
- 2015 November REDACTED
- 2015 December REDACTED
- 2016 January REDACTED
- 2016 February REDACTED
- 2016 March REDACTED
- 2016 April REDACTED
- 2016 May REDACTED
- 2016 June REDACTED
- 2016 July REDACTED
- 2016 August REDACTED
- 2016 September REDACTED
- 2016 October REDACTED
- 2016 November REDACTED
- 2016 December REDACTED
- 2017 January REDACTED
- 2017 February REDACTED
- 2017 March REDACTED
- 2017 April REDACTED
- 2017 May REDACTED
- 2017 June REDACTED
- 2017 July REDACTED
- 2017 August REDACTED
- 2017 September REDACTED

T-021912-00000077

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 20
P. 417

Disclosure governed by 12 CFR part 1070

CFPB-BITSTAMP-00000019

- 2017 October REDACTED
- 2017 November REDACTED
- 2017 December REDACTED
- 2018 January REDACTED
- 2018 February REDACTED
- 2018 March REDACTED
- 2018 April REDACTED
- 2018 May REDACTED
- 2018 June REDACTED
- 2018 July REDACTED
- 2018 August REDACTED
- 2018 September REDACTED
- 2018 October REDACTED
- 2018 November REDACTED
- 2018 December REDACTED
- 2019 January REDACTED
- 2019 February REDACTED
- 2019 March REDACTED
- 2019 April REDACTED
- 2019 May REDACTED
- 2019 June REDACTED
- 2019 July REDACTED
- 2019 August REDACTED
- 2019 September REDACTED
- 2019 October REDACTED
- 2019 November REDACTED
- 2019 December REDACTED
- 2020 January REDACTED
- 2020 February REDACTED
- 2020 March REDACTED
- 2020 April REDACTED
- 2020 May REDACTED
- 2020 June REDACTED
- 2020 July REDACTED
- 2020 August REDACTED

Bank transactions

1. Status Date Amount From To Message Category
2. CRDT REDACTED                    DEMI WAN JOU YU


   577060349659 Closed
3. CRDT REDACTED             KAINE WEN

REF 577060349659 RFB DCI OF 14/08 /15 Closed

Withdrawals

1. ID Date and time Type Amount User name Customer data Status REDAC
2. 1222523 09.23.2016 07:27:55 Bitcoin (BTC) 20.00000000 BTC 0349
   1KdignJfu3ZnEex7ihdvTqYdmtEYPWCoc6 Finished
3. 1224020 09.24.2016 18:56:57 Bitcoin (BTC) 10.00000000 BTC REDAC 0349
   1AFgwy8xwkS3T8hV6dK7wmwwLySGQHLRrM Finished
4. 1224297 09.25.2016 04:18:45 Bitcoin (BTC) 20.00000000 BTC REDAC 0349
   1EGZVgTUnXHvc8uYSkhhnpQzhw6yjnJUzG Finished REDAC
5. 1238381 10.07.2016 07:48:56 Bitcoin (BTC) 1.00000000 BTC 0349
   1MtvHSAD2UnoLM59mxAtTuoT35U2qNEPaK Finished
6. 1264415 10.30.2016 09:44:23 Bitcoin (BTC) 200.00000000 BTC REDAC 0349
   1QBtP3PFDMXagJaKKGMx9AyAnsUgoUspia Finished REDACT
7. 1454047 03.20.2017 03:33:05 Bitcoin (BTC) 307.05618236 BTC 0349
   1EvsQRrbFh4NBjpT1SDhJ146H3u9Lex9Wj Finished
8. 3762658 01.19.2018 07:23:46 Ethereum $1.00 0349
   0x6644b681eAB811591C146A3E54BBf6d91cb6d455 Finished REDAC
9. 3762716 01.19.2018 07:30:24 International wire transfer $10000.00 0349 Currency:
   USD
   Kaine Wen

   Address:
   REDACTED
   REDACTED Azusa
   US

   Bank:
   Bank of America, NA
   222 Broadway
   10038
   New York
   US

   IBAN: REDACTED 9645
   BIC: BOFAUS3N

   Comment:
   Finished
10. 3762721 01.19.2018 07:31:17 Ethereum $2120.05 REDACT 0349
    0x6644b681eAB811591C146A3E54BBf6d91cb6d455 Finished
11. 3854714 01.26.2018 04:44:22 International wire transfer $2981988.00 REDAC 0349 Currency:
    USD
    Kaine Wen

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022
Ex. No. 20
P. 419

Address:

<span style="color:red">REDACTED</span>Azusa
US

Bank:
Bank of America, NA
222 Broadway
10038
New York
US

IBAN: <span style="color:red">REDACTED</span>9645
BIC: BOFAUS3N

Comment:
Finished

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 20
P. 420

CFPB-BITSTAMP-00000022



**WELLS FARGO**

Date:     March 3, 2014

To:     KAINE WFN
     REDACTED

Regarding Customer:
     KAINE WEN
     REDACTED

To Whom It May Concern:

This letter is verification that the customer named above has an account with Wells Fargo. This account number ending in -2604, was opened 01/10/2008 and has a current balance of REDACTED

If you need deposit information, refer to the customer named above. The account holder can provide deposit information from their monthly statements.

If you have any questions please call us at 1-800-TO-WELLS (1-800-869-3557). Phone Bankers are available to assist you 24 hours a day, 7 days a week.

Sincerely,

Javier Hernandez
Personal Banker

© 2010 Wells Fargo Bank, N.A. All rights reserved. Member FDIC.
DSG4236 (7-10 129971)

REDACTED PURSUANT TO ORDER OF THE COURT DATED MARCH 24, 2022

Ex. No. 20
P. 421

T-021912-00000092
Disclosure governed by 12 CFR part 1070

CFPB-BITSTAMP-00000034