SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
Email: sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
Email: jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
N. NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
Email: nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW, Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200, San Francisco, CA 94105
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>     Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF**<br><br>Hearing: May 16, 2022, 10:00 AM<br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

Defendant Kaine Wen's opposition to the Bureau's Renewed Contempt Motion makes no attempt to rebut the Bureau's clear and convincing evidence of his contempt. Rather, Wen makes unsupported assertions that he "cannot comply

1   with any orders" because of his incarceration, and in the alternative effectively

2   seeks an *ex parte* continuance without complying with the pertinent local rules,

3   even though he has been on notice of the instant motion for almost two months.

4   Accordingly, the Bureau respectfully requests that the Court grant the Bureau's

5   motion, issue a show-cause order, and order the other relief requested in the

6   Renewed Contempt Motion.

## I.   A Show-Cause Order Should Issue with the Bureau's Related Requested Relief

9        When a movant establishes by clear and convincing evidence that a

10  contemnor violated a specific and definite order of the court, the burden then shifts

11  to the contemnor to demonstrate why he is unable to comply.[1] The party asserting

12  inability to comply with a court order "must show categorically and in detail why

13  he is unable to comply,"[2] including showing that he "took every reasonable step"

14  to do so.[3] And the burden to show impossibility will be especially high to the

15  extent the impossibility is due to the contemnor's own actions.[4]

16       Wen does not contest the Bureau's clear and convincing evidence of his

17  contempt.[5] Rather, he argues that his current incarceration makes compliance with

18  "any orders" impossible.[6] This argument fails for several reasons.

19       First, Wen produces no evidence to support his position and carry his burden

20  to show impossibility.[7] Wen's opposition only asserts—without providing any

---

[1] *See FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted).

[2] *Id.* at 1241 (citation and internal quotation marks omitted).

[3] *Stone v. City and Cnty. of San Francisco,* 968 F.2d 850, 856 n.9 (9th Cir. 1992).

[4] *See Affordable Media*, 179 F.3d at 1239-44.

[5] *See* ECF No. 367; *see also* L.R. 7-9 (requiring that the party opposing a motion file the evidence upon which the party will rely).

[6] ECF No. 367 at 1:17.

[7] *See* ECF No. 367; *Affordable Media*, 179 F.3d at 1239.

declarations or other supporting evidence—that he has limited access to his counsel and relevant information, including that "Counsel has not been able to have a privileged discussion with Mr. Wen concerning" the Bureau's Renewed Motion.[8] This motion should hardly come as a surprise to Wen. When the Bureau contacted Wen's counsel over seven weeks ago to meet and confer on the Bureau's plan to file the Renewed Contempt Motion, Bureau counsel identified in writing the cryptocurrency exchange account and each cryptocurrency address that the Bureau asserted Wen has used to conceal and dissipate cryptocurrency in violation of this Court's orders.[9] And Wen invoked the self-incrimination privilege when specifically asked about the same holdings nearly five months ago, presumably after consultation with counsel.[10] In fact, the Bureau has been asking questions and propounding discovery regarding Wen's cryptocurrency holdings for well over a year.[11] Hence, Wen's protestations ring hollow and cannot meet his burden.[12]

Second, Wen does not even attempt to explain how he "took every reasonable step" to comply with this Court's orders.[13] For example, even if Wen produced evidence showing that he cannot presently directly access the cryptocurrency, which he has not done, he has not explained why the cryptocurrency cannot be accessed by someone else at his direction and on his behalf to comply with the Bureau's requested relief. As explained in Ms. Clegg's report, any person with access to the private key to a cryptocurrency address can control the cryptocurrency held there.[14] But Wen provides no explanation of why

---

[8] ECF No. 367 at 2:10-12.

[9] *See* Ex. 2 ¶ 10. References to exhibits are to the Bureau's exhibits in support of the Renewed Contempt Motion.

[10] ECF No. 364-1 at 13:14-18, 19:17-20 & n.119; Exs. 17-18.

[11] ECF No. 364-1 at 5:18-8:1; Exs. 5-6, 11-13, 17-18.

[12] *See Affordable Media*, 179 F.3d at 1239.

[13] *See* ECF No. 367; *Stone,* 968 F.2d at 856 n.9.

[14] Ex. 1 ¶ 26.

REPLY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY
DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT

1   neither he nor anyone acting on his behalf can access the relevant private keys to

2   comply with the Bureau's requested relief.[15]

3          Third, even if Wen could show some degree of impossibility, it would

4   appear to be of his own making. As shown in the Bureau's Renewed Contempt

5   Motion, much of Wen's contemptuous behavior occurred prior to his

6   incarceration.[16] When the Court entered the temporary restraining order in October

7   2019, Wen was obligated to treat all his assets as frozen and accurately account for

8   them.[17] But the evidence shows that Wen has consistently failed to comply with

9   this Court's orders by making false statements on Court-ordered financial

10  statements,[18] delaying in correcting them,[19] and continuing to conceal and dissipate

11  frozen assets.[20] It is because he disregarded this Court's orders for years that Wen

12  finds himself in his present predicament.

13         Accordingly, the Bureau respectfully requests that this Court grant the

14  Renewed Contempt Motion, issue a show-cause order, and order the Bureau's

15  requested relief.

16  **II.    If the Court Declines to Issue a Show-Cause Order Until Wen**

17  **Supplements His Opposition, the Bureau Defers to the Court on**

18  **Wen's Request for Additional Time**

19         In the alternative to denying the Bureau's Renewed Contempt Motion,

20  Wen's opposition argues that the Court should extend the time for him to file his

21  opposition until "after May 20, 2022."[21] But Wen fails to explain how an

22

23  [15] *See* ECF No. 367; *Stone,* 968 F.2d at 856 n.9.
    [16] Although counsel is unaware of Wen's incarceration date, counsel understands
24  that he was not incarcerated at the time of his March 2021 deposition.
25  [17] ECF No. 24 § VI, VIII(A).
    [18] ECF No. 365-1 at 16:10-17:5 [SEALED].
26  [19] ECF No. 365-1 at 16:12-14 [SEALED].
    [20] ECF No. 365-1 at 16-18 [SEALED].
27  [21] ECF No. 367 at 2:20.

28

REPLY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY
DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT

additional month will allow him to confer with his counsel when his position is

that he has not been able to adequately confer with his counsel in the nearly two

months since Bureau counsel first advised his counsel of the potential Renewed

Contempt Motion.[22] And Wen's request for additional time is effectively an *ex parte* application, one that does not comply with the notice requirement imposed by Local Rule 7-19.1, as Wen's counsel did not advise the Court in writing and under oath of his efforts to contact Bureau counsel about an extension of time.[23] If the Court declines to rule on the Bureau's Renewed Contempt Motion until Wen supplements his opposition as he requests, the Bureau defers to the Court on such extension but requests that the Court allow the Bureau to file a reply to any such supplemental filing by Wen, consistent with Local Rule 7-10.

Dated: April 28, 2022

*/s/ Jesse Stewart*

Jesse Stewart (N.Y. Bar No. 5145495)
*Admitted pro hac vice*
Email: jesse.stewart@cfpb.gov
*Attorney for Plaintiff Bureau of Consumer Financial Protection*

---

[22] *See* ECF No. 367.

[23] *See* ECF No. 367. L.R. 7-19.1 provides: "It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

REPLY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY
DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT