SARAH PREIS (DC Bar No. 997387)
(admitted *Pro Hac Vice*)
Email: sarah.preis@cfpb.gov
Tel.: (202)-435-9318
NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
Email: nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
JESSE STEWART (NY Bar No. 5145495)
(admitted *Pro Hac Vice*)
Email: jesse.stewart@cfpb.gov
Tel: (202)-435-9641
1700 G Street, NW, Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200, San Francisco, CA 94105
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
445 Minnesota Street, Suite 1200, St. Paul, MN 55101-2130
Tel.: (651) 757-1454 / Email: evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

M. LYNNE WEAVER (NC Bar No. 19397)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street, Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Email: lweaver@ncdoj.gov
*Attorney for Plaintiff the State of North Carolina*

MICHAEL N. FEUER, City Attorney (CA Bar No. 111529)
CHRISTINA V. TUSAN, Supvr. Deputy City Attorney (CA Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
MIGUEL RUIZ, Deputy City Attorney (CA Bar No. 240387)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East, Los Angeles, California 90012-4131
Tel: (213) 473-6908 / Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., | CASE NO. 8:19-cv-01998 MWF (KS) |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REVISED SCHEDULING ORDER OR IN THE ALTERNATIVE FOR STATUS CONFERENCE** |
| v. | |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., | Court: Hon. Michael W. Fitzgerald Courtroom 5A Hearing: June 27, 2022, 10:00 AM |
| Defendants. | |

Plaintiffs the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California (Plaintiffs) hereby request a revised scheduling order extending all pending deadlines by five to six months or, in the alternative, a status conference to address scheduling in this case. An extension of existing deadlines or a status conference is appropriate under these circumstances, where: 1) Defendant Kaine Wen recently became *pro se* after his counsel withdrew, claiming an inability to confer with Wen due to his incarceration; 2) the parties have experienced communication challenges with Wen; 3) Wen has not responded to any of Plaintiffs' discovery requests despite Plaintiffs' diligence; and 4) Wen will be released on December 23, 2022, shortly after trial is currently scheduled to commence. Plaintiffs sought to meet and confer about this motion with Wen by sending him a letter on May 11, 2022, and emailing his Bureau of Prisons counselor on May 12, 2022.[1] Plaintiffs have not

---

[1] Declaration of Jesse Stewart (Stewart Decl.) ¶¶ 15, 17.

NOTICE OF MOTION AND MOTION FOR REVISED SCHEDULING ORDER OR IN THE ALTERNATIVE FOR STATUS CONFERENCE

heard from Wen in response to these requests.[2] Defendant Albert Kim and Relief Defendant Sarah Kim have no position on this motion and no objection to the revised schedule set forth in the attached Proposed Order.[3]

## I.    Relevant Background

This Court entered a scheduling order on December 9, 2021 (Scheduling Order), setting the non-expert discovery cutoff for July 1, 2022; the motions hearing deadline for August 8, 2022; the last day to conduct ADR proceedings as August 19, 2022; and trial for November 2022.[4] Following entry of the Scheduling Order, Plaintiffs issued document requests, interrogatories, and requests for admissions to Wen through his former counsel on February 19, February 22, and March 30, 2022, respectively.[5] Wen did not provide a substantive response to any request.[6] By letters dated April 20 and May 2, 2022, Plaintiffs initiated the discovery dispute process required by Local Rule 37-1.[7] When Plaintiffs met and conferred with Wen's former counsel on May 3, 2022, counsel indicated that the

---

[2] Stewart Decl. ¶¶ 16-17. Today the People of the State of California learned from Wen's correctional counselor at FCI-Sheridan that Wen may speak with Plaintiffs by phone on May 26, 2022. *Id.* ¶ 21.

[3] Stewart Decl. ¶ 18.

[4] ECF No. 350 at 2. Since entry of the Scheduling Order, Plaintiffs have settled with defendant TAS 2019 LLC and anticipate settling with Defendant Albert Kim and Relief Defendant Sarah Kim in the coming weeks, which would leave Wen as the only active defendant in the case. ECF No. 359; Stewart Decl. ¶ 19. Proceedings against relief defendant Anan Enterprise, Inc., which has not noticed an appearance of counsel, are currently stayed pending the outcome of bankruptcy proceedings in the Southern District of Florida. ECF No. 155.

[5] Stewart Decl. ¶¶ 4-5, 8.

[6] Stewart Decl. ¶¶ 7, 10. Instead, former counsel for Wen submitted substantially similar boilerplate objections to each request. *Id.*

[7] Stewart Decl. ¶¶ 9, 11.

---

primary impediment to responding was his inability to confer with Wen.[8] Plaintiffs asked Wen's counsel to provide the estimated time by which Wen would provide substantive discovery responses.[9] But the next day, Wen's counsel filed his request to withdraw, which the Court granted on May 6, 2022, and Wen's counsel never responded to Plaintiffs' request.[10] Plaintiffs plan to mail a proposed joint stipulation to Wen on May 20, 2022, as required by the Local Rules before moving to compel discovery against him.[11]

Despite several attempts, Plaintiffs have been unable to communicate with Wen about this matter since his counsel withdrew.[12] And Plaintiffs understand that Wen must initiate phone or email contact with them (which he has not done despite Plaintiffs' requests), and that Wen cannot send or receive emails with attachments.[13]

## II.    Request for a Revised Scheduling Order or a Status Conference

A scheduling order may be modified for "good cause,"[14] which "primarily considers the diligence of the party seeking the amendment."[15] Plaintiffs have diligently prosecuted this matter, including securing final judgments as to 13 of 16 active defendants and relief defendants, and anticipate settling in the coming days

---

[8] *See* Stewart Decl. ¶ 12. Wen's former counsel indicated, however, that he had transmitted Plaintiffs' discovery requests and corresponding attachments to Wen. *Id.*

[9] Stewart Decl. ¶ 12.

[10] ECF Nos. 371, 372; Stewart Decl. ¶ 13.

[11] Stewart Decl. ¶ 20.

[12] Stewart Decl. ¶¶ 15-17.

[13] *See https://www.bop.gov/inmates/communications.jsp#phone* (last accessed May 20, 2022); https://www.bop.gov/inmates/trulincs.jsp (last accessed May 20, 2022); Stewart Decl. ¶¶ 15-17.

[14] Fed. R. Civ. P. 16(b)(4).

[15] *Universal City Studios Prods. LLLP v. TickBox TV LLC*, No. CV 17-7496-MWF (ASX), 2018 WL 5276298, at *1 (C.D. Cal. July 3, 2018) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)).

with all active defendants but Wen.[16] Plaintiffs issued discovery to Wen and initiated the required meet and confer process well within the time required by the Scheduling Order.[17] And the Bureau filed its Renewed Motion for an Order to Show Cause Why Defendant Wen Should Not Be Held in Contempt and for Related Relief on April 8, 2022, which is scheduling for hearing on June 6, 2022.[18]

Plaintiffs' difficulties in communicating with Wen while incarcerated and his failure to adequately respond to discovery present substantial challenges to addressing Plaintiffs' claims against Wen under the current Scheduling Order. For example, given the August 8, 2022 motions hearing deadline and to ensure availability on the Court's motions hearing calendar, Plaintiffs would almost certainly need to file a motion for summary judgment by mid-June.[19] And Wen would then face limited time to prepare an opposition in advance of the August 8 hearings deadline unless the current deadlines are extended.[20] Further, Plaintiffs have not received any substantive responses to discovery issued to Wen, which Wen's former counsel attributed to Wen's limited access to counsel and information while incarcerated.[21] Proceeding to summary judgment under the current Scheduling Order will prejudice Plaintiffs unless they can efficiently communicate with Wen to resolve discovery disputes and receive the documents and information to which they are entitled. Wen's incarceration has already

---

[16] *See* ECF Nos. 210, 211, 218, 243, 248, 298, 304, 311, 359; Stewart Decl. ¶ 19.
[17] *See* Stewart Decl. ¶¶ 4-12; ECF No. 350 at 2-3.
[18] ECF No. 364-65, 373.
[19] *See* ECF No. 350 at 2, 4.
[20] *See* ECF No. 350 at 2; L.R. 7-9.
[21] Stewart Decl. ¶¶ 7, 10, 12, 14. As noted above, Plaintiffs propounded discovery in February and March, met and conferred with Wen's former counsel in early May regarding the pending motion to compel, and are mailing Wen a proposed joint stipulation regarding discovery as required under Local Rule 37.1. Stewart Decl. ¶¶ 4-5, 8, 12, 20.

NOTICE OF MOTION AND MOTION FOR REVISED SCHEDULING ORDER OR IN THE ALTERNATIVE FOR STATUS CONFERENCE

hindered the parties' ability to efficiently address these issues within the time required under the Scheduling Order, including due to restrictions on Wen's use of the phone and email while incarcerated.[22] Further, given Wen's current release date of December 23, 2022,[23] proceeding with trial in November would appear to require Wen's transfer from FCI-Sheridan to an appropriate facility in Los Angeles, and will likely complicate mediation and pre-trial preparation for all parties.

Plaintiffs therefore respectfully submit that these circumstances warrant a revised scheduling order extending all deadlines by five to six months or a status conference regarding scheduling. An extension would allow the parties to brief summary judgment, more fully engage in mediation, and prepare for trial, as necessary, after Wen's upcoming scheduled release. Finally, an extension would allow time to resolve the Bureau's pending contempt motion against Wen, which may clarify whether full or partial settlement is an option to narrow or resolve the issues before the Court, thus preserving the parties' and Court's resources. Although Plaintiffs have been unable to confer with Wen on this motion or otherwise communicate with him since his counsel withdrew, Plaintiffs are not aware of any prejudice to Wen in extending the deadlines as proposed; rather, such extension would seem to better position Wen to settle this matter or mount his defense upon release.

Dated: May 20, 2022

/s/ Jesse Stewart
Jesse Stewart
Nathan Dimock
(Admitted *pro hac vice*)
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

---

[22] Stewart Decl. ¶¶12-17; *supra* note 13.
[23] *See* https://www.bop.gov/inmateloc/ (last accessed May 20, 2022).

*/s/ M. Lynne Weaver*
M. Lynne Weaver
Special Deputy Attorney General
(Admitted *pro hac vice*)
*Attorney for the State of North Carolina*

*/s/ Evan S. Romanoff*
Evan S. Romanoff
(Admitted *pro hac vice*)
Assistant Attorney General
*Attorney for the State of Minnesota,*
*By Its Attorney General, Keith Ellison*

*/s/ Christina V. Tusan*
Christina V. Tusan
Supervising Deputy City Attorney
Office of the Los Angeles City Attorney
*Attorney for the People of the State of*
*California*

I, Jesse Stewart, attest that all other signatories listed, and on whose behalf the

filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Jesse Stewart*
Jesse Stewart

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Plaintiff's Notice of Motion and Motion for Revised Scheduling Order or in the Alternative for Status Conference, and the accompanying declaration and proposed order, were served on all parties registered to receive notice via CM/ECF on May 20, 2022, and that physical copies of the same are scheduled to be mailed on May 20, 2022, via United States Postal Service Priority Mail, addressed to:

Kaine Wen, Register Number 79766-112
Legal Mail
FCI Sheridan
Federal Correctional Institution Satellite Camp
P.O. Box 6000
Sheridan, OR 97378

Dated: May 20, 2022                    Respectfully Submitted,

                                       */s/ Jesse Stewart*
                                       Jesse Stewart
                                       (Admitted *pro hac vice*)
                                       *Attorney for Plaintiff Bureau of Consumer*
                                       *Financial Protection*