# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Bureau of Consumer Financial Protection, et al.,

     Plaintiffs,

     v.

Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,

     Defendants.

CASE NO. 8:19-cv-01998 MWF

**DECLARATION OF JESSE STEWART IN SUPPORT OF PLAINTIFFS' MOTION FOR REVISED SCHEDULING ORDER OR IN THE ALTERNATIVE FOR STATUS CONFERENCE**

Court: Hon. Michael W. Fitzgerald
Courtroom 5A
Hearing: June 27, 2022, 10:00 AM

I, Jesse Stewart, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am a citizen of the United States and am over eighteen (18) years of age. I am employed as a Senior Litigation Counsel with the Bureau of Consumer Financial Protection (Bureau) in the Office of Enforcement. My mailing address is 1700 G Street NW, Washington, DC 20522. I am an attorney for the Bureau as Plaintiff in the above-captioned case, appearing *pro hac vice*.

2.    This declaration is submitted in support of Plaintiffs' Motion for Revised Scheduling Order or in the Alternative for Status Conference (Motion).

3.    The facts set forth herein are based on my personal knowledge or information made known to me in the course of my official duties.

4.    On February 19, 2022, the Bureau served its first set of requests for admissions on Defendant Kaine Wen.[1]

---

[1] By prior agreement of the parties to this litigation, all of the above discovery

5.      On February 22, 2022, the People of the State of California (California) served its first requests for production of documents and other tangible things and its first set of interrogatories on Defendant Kaine Wen (collectively, the February 19 and 22, 2022 discovery requests are referred to as the February Discovery).

6.      On March 21, 2022, during a meet and confer relating to another issue, Mr. Wen's prior counsel, Mr. Matthew Eanet, orally requested that the Bureau permit additional time to respond to the February Discovery, in part because he had not yet conferred with Mr. Wen nor provided him with all of the discovery requests and relevant exhibits. Later that day, Mr. Eanet emailed counsel for all plaintiffs, requesting an additional 30 days to respond to the February Discovery. On the same day, the Bureau agreed to an immediate 3-day extension, to March 24, in a good faith effort to provide the parties adequate time to consider and respond to Mr. Eanet's request for additional time.

7.      On March 24, 2022, the Bureau informed Mr. Eanet that it would not oppose a 21-day extension of time, from March 21 until April 11, 2022, for Mr. Wen to respond to the Bureau's February 19 Discovery, provided that substantive responses would be provided by that date. Later that day, Mr. Eanet served plaintiffs with Mr. Wen's responses to the February Discovery, which consisted only of substantially similar boilerplate objections to each request, and failed to provide a single substantive answer or document.

8.      On March 30, 2022, the Bureau served its first requests for production of documents and other tangible things, first set of interrogatories, and second set of requests for admissions on Defendant Kaine Wen (March Discovery).

---

requests were served via electronic mail to Mr. Wen's prior counsel, Mr. Matthew Eanet.

STEWART DECL. ISO MOTION FOR REVISED SCHEDULING ORDER OR STATUS CONFERENCE

9.      Pursuant to Local Rule 37-1, the Bureau and California served a letter on Mr. Wen's counsel on April 20, 2022, seeking a conference of counsel to address the deficient responses to the February Discovery.

10.     On April 29, 2022, Mr. Eanet served plaintiffs with Mr. Wen's responses to the March Discovery, which consisted of boilerplate objections that were substantially similar to those provided in response to the February Discovery, again failing to provide a single document or substantive response.

11.     Pursuant to Local Rule 37-1, the Bureau served a letter on Mr. Wen's counsel on May 2, 2022, seeking a conference of counsel to address the deficient responses to the March Discovery.

12.     The conference of counsel regarding the February and March Discovery took place on May 3, 2022. During the conference, Mr. Eanet indicated that he had finally provided a copy of the discovery requests and accompanying exhibits to Mr. Wen at FCI-Sheridan, but claimed that he had been unable to fully confer with Mr. Wen due to his incarceration and could not confirm whether Mr. Wen had the materials, or regular access to them. Plaintiffs then asked counsel how much additional time would be necessary for Mr. Wen to amend his prior discovery responses with substantive answers and asked that he confer with Mr. Wen on this issue. During the conference, Mr. Eanet also indicated for the first time his intention to withdraw from the case, and his expectation that Mr. Wen would then proceed *pro se*.

13.     Mr. Eanet did not provide Plaintiffs with any information about when, if at all, Mr. Wen would substantively respond to the February and March Discovery, and withdrew as counsel for Mr. Wen soon after the May 3 conference of counsel.

14.     As of the date of this declaration, Mr. Wen has not provided any substantive responses to the outstanding discovery that has been served upon him,

STEWART DECL. ISO MOTION FOR REVISED SCHEDULING ORDER OR STATUS CONFERENCE

1  nor has he produced a single responsive document.

2  15.   Based on information provided to me by counsel for California, I

3  understand that California mailed a letter to Mr. Wen via United States Postal

4  Service (USPS) on May 11, 2022, and that based on USPS tracking information

5  the letter was delivered to FCI-Sheridan on May 13, 2022. That letter referred to

6  extending the deadlines in this matter and requested that Mr. Wen call or email

7  counsel for California as soon as possible.

8  16.   My understanding based on communications with Counsel for

9  California is that, as of the date of this declaration, they have not received a

10 response from Mr. Wen to their May 11 letter.

11 17.   On May 12, 2022, I emailed the person I understand to be Mr. Wen's

12 correctional counselor at the Bureau of Prisons, requesting a phone call with Mr.

13 Wen to meet and confer about the Motion. As of the date of this declaration, I have

14 not received any communication from Mr. Wen or his counselor in response.

15 18.   On May 19, 2022, I emailed Julian Burns King, counsel for Defendant

16 Albert Kim and Relief Defendant Sarah Kim, requesting their position on the

17 Motion. Later that day, Ms. Burns King responded that her clients have no position

18 on the motion and no objection to the revised schedule set forth in the Proposed

19 Order that accompanies the Motion.

20 19.   Based on recent discussions with Ms. Burns King, Plaintiffs anticipate

21 that they will likely settle with Defendant Albert Kim and Relief Defendant Sarah

22 Kim in the coming weeks.

23 20.   On May 20, 2022, the Bureau and California plan to mail a proposed

24 joint stipulation pursuant to Local Rule 37-2 regarding Wen's responses to the

25 February and March discovery, addressing the mailing to Mr. Wen at

26 FCI-Sheridan. The Bureau anticipates filing a motion to compel the February and

27 March Discovery as soon as possible consistent with Local Rule 37.

28

21.     I understand from information provided by counsel for California that Wen's correctional counselor at FCI-Sheridan has indicated that Wen may speak with Plaintiffs on May 26, 2022. It is my understanding that Wen has not independently confirmed that this call will take place.

22.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 20, 2022                    _/s/ Jesse Stewart___

Jesse Stewart

Silver Spring, Maryland

STEWART DECL. ISO MOTION FOR REVISED SCHEDULING ORDER OR STATUS CONFERENCE