1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>   Defendants. | CASE NO. 8:19-cv-01998 MWF (KSx)<br><br>**STIPULATED FINAL JUDGMENT AND ORDER AS TO RELIEF DEFENDANT SARAH KIM**<br><br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

**STIPULATED FINAL JUDGMENT AND ORDER AS TO RELIEF DEFENDANT SARAH KIM**

Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, Plaintiffs) commenced this civil action on October 21, 2019, filed an


amended complaint on February 24, 2020, a second amended complaint on April 20, 2021, and a third amended complaint (Third Amended Complaint) on August 5, 2021, to obtain permanent injunctive relief, damages, rescission or reformation of contracts, refunds of moneys paid, restitution, disgorgement or compensation for unjust enrichment, civil money penalties, and other monetary and equitable relief from: (1) Defendants Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC, d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC, d/b/a Priority Account Management; Albert Kim; Kaine Wen in his individual capacity and as trustee of the Kaine Wen 2017 Trust; and Tuong Nguyen; and (2) Relief Defendants Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice and Men LLC; Sarah Kim; 1st Generation Holdings, LLC; Anan Enterprise, Inc.; and Judy Dai in her individual capacity and as trustee of the Judy Dai 2017 Trust.

The Third Amended Complaint alleges violations of sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531(a), 5536(a); the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6102(c)(2), based on alleged violations of the Telemarketing Sales Rule, 16 C.F.R. pt. 310; the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-.694; the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-.48; the North Carolina Debt Adjusting Act, N.C. Gen. Stat. § 14-423 *et seq.*; the North Carolina Telephonic Seller Registration Act, N.C. Gen. Stat. § 66-260 *et seq.*; the North Carolina Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1; and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* in connection with the above-named defendants' marketing and sale of debt-relief services. The Third Amended Complaint also

includes claims for avoidance of fraudulent transfers under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308, and the California Uniform Voidable Transactions Act, Cal Civ. Code §§ 3439-3439.14.

The Plaintiffs and Relief Defendant Sarah Kim (Settling Relief Defendant) agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute between them arising from the conduct alleged against her in the Third Amended Complaint.

**THEREFORE, IT IS ORDERED**:

### FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Settling Relief Defendant neither admits nor denies the allegations in the Third Amended Complaint, except as specifically stated herein. For purposes of this Order, Settling Relief Defendant admits the facts necessary to establish the Court's jurisdiction over Settling Relief Defendant and the subject matter of this action.

3. Settling Relief Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim she may have under the Equal Access to Justice Act, 28 U.S.C § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4. Entry of this Order is in the public interest.

### DEFINITIONS

The following definitions apply to this Order:

5. "Affected Consumers" includes any consumer who paid Defendants or their officers, agents, servants, employees, or attorneys for any Debt-Relief

1 | Service from November 2, 2015, to October 23, 2019.

2 |     6.    "Assets" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by any Defendant or Relief Defendant, wherever located, whether in the United States or abroad. This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliverables, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts.

    7.    "Bureau" means the Bureau of Consumer Financial Protection.

    8.    "Defendants" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination, and each of them by whatever names each might be known;

        a.    "Corporate Defendants" means Consumer Advocacy Center Inc., True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known, including South Coast Financial Center, Direct Account Services, Financial Loan Advisors, Account Preparation Services, Administrative Financial, Tangible Savings Solutions, Coastal Shores Financial Group, First Choice Financial Centre (a/k/a First Choice Financial Center), Administrative Account Services, Primary Account Solutions, Prime Document Services, Financial Accounting Center, Doc Management Solutions, ALW Loans, Administrative Accounting Center, Best Choice Financial Center, First Document Services,

|   |   |
|---|---|
| 1 | Global Direct Accounting Solutions, Keystone Document Center, |
| 2 | Pacific Palm Financial Group, Pacific Shores Advisory, Sequoia |
| 3 | Account Management, Signature Loan Solutions, Yellowstone |
| 4 | Account Services, ClearStudentLoanDebt, Clear Student Loan Debt, |
| 5 | Trusted Account Services, Premier Student Loan Center, and Priority |
| 6 | Account Management; |

b.  "Individual Defendants" means Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen-Ting Dai, Wen Ting Dai, Kaine Dai, and Kaine Wen Dai, in his individual capacity and as trustee of the Kaine Wen 2017 Trust; and Tuong Nguyen, a/k/a Tom Nelson, collectively, or in any combination, and each of them by any other names by which they might be known;

c.  "Receivership Defendants" means True Count Staffing Inc., Prime Consulting LLC, TAS 2019 LLC, Horizon Consultants LLC, and First Priority LLC, collectively, or in any combination, and their successors and assigns;

d.  "Relief Defendants" means:

   i.  Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold the Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; and Anan Enterprise, Inc., collectively, or in any combination, and their successors and assigns, and each of them by any other names by which they might be known; and

   ii.  Sarah Kim and Judy Dai, in her individual capacity and as trustee of the Judy Dai 2017 Trust, and any other names by which each of them might be known.

5

**STIPULATED FINAL JUDGMENT AND ORDER**

9. "Debt-Relief Service" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor or debt collector.

10. "Effective Date" means the date on which this Order is entered by the Court.

11. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Bureau of Consumer Financial Protection, or his or her delegate.

12. "Person" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

13. "Plaintiffs" means the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People of the State of California, collectively, or in any combination.

14. "Receiver" means Thomas W. McNamara.

15. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Settling Relief Defendant based on substantially the same facts as described in the Third Amended Complaint.

16. "Settling Relief Defendant" means Relief Defendant Sarah Kim, and any other names by which she may be known.

# MONETARY PROVISIONS

## I

### Order to Pay Redress

**It is FURTHER ORDERED that**:

17. A judgment for monetary relief is entered in favor of the Bureau and against Settling Relief Defendant in the amount of $483,662.60.

18. Within 21 days of the Effective Date, Settling Relief Defendant must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, $85,000 in partial satisfaction of the judgment as ordered in Paragraph 17.

19. Settling Relief Defendant hereby grants to the Bureau all rights and claims she has to the following Assets, as described in the Financial Disclosure Form for Individual Defendant Sarah Kim, executed on September 20, 2020, and submitted to the Bureau on October 9, 2020, including attachments:

   a. Bentley Continental 2016, VIN ending in 2027;
   b. 2016 Mercedes-Benz G550w4, VIN ending in 5457;
   c. Rolex Day-Date Presidential watch;
   d. 3 carat solitaire diamond engagement ring; and
   e. Gucci earrings.

20. Within 7 days of entry of this Order, Settling Relief Defendant is ordered to deliver and relinquish to the Receiver, or to his designated agent, possession, custody, and control of Settling Relief Defendant's Assets identified in Paragraph 19.

21. Settling Relief Defendant shall cooperate fully with the Receiver and shall execute any instrument or document presented by the Receiver, and take any other actions the Receiver deems necessary or appropriate to effect the transfers

and liquidation required by Paragraphs 19-20, and 44. All property described in Paragraph 19 shall constitute Assets of the receivership estate.

22. Settling Relief Defendant's full compliance with Paragraphs 18-21 shall fully satisfy the judgment entered against her in Paragraph 17.

23. Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including, but not limited to, refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress.

24. If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendant will have no right to challenge the Bureau's choice of remedies under this Section, and will have no right to contest the manner of distribution chosen by the Bureau.

25. Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## II
## Additional Monetary Provisions

**It is FURTHER ORDERED that**:

26. In the event of any default on Settling Relief Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

27. Settling Relief Defendant relinquishes all dominion, control, and title to the funds and all other Assets transferred or paid under this Order to the fullest

1 | extent permitted by law and no part of the funds or other Assets may be returned to
2 | Settling Relief Defendant.

3 |     28.    The facts alleged in the Third Amended Complaint will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment under this Order, such as a non-dischargeability complaint in any bankruptcy case.

    29.    The facts alleged in the Third Amended Complaint establish all elements necessary to sustain an action by the Plaintiffs under section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against Settling Relief Defendant, even in her capacity as a debtor-in-possession.

    30.    Under 31 U.S.C. § 7701, Settling Relief Defendant, unless she has already done so, must furnish to Plaintiffs any taxpayer-identification numbers associated with her, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

    31.    Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Settling Relief Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that the Settling Relief Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

## III

## Lifting of Asset Freeze

**It is FURTHER ORDERED that**:

    32.    The freeze on the Assets listed in Paragraphs 18 and 19 is modified to

permit payment of the judgment identified in Section I of this Order. Upon Settling Relief Defendant's completion of all payments and other obligations identified in Section I of this Order, the freeze of the Assets listed at Paragraphs 18 and 19 pursuant to the Preliminary Injunction entered on November 15, 2019 (ECF No. 103), shall be dissolved.

## COMPLIANCE PROVISIONS

## IV

## Reporting Requirements

**It is FURTHER ORDERED that**:

33.  Within seven days of the Effective Date, Settling Relief Defendant must designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with her.

34.  For three years from the Effective Date, Settling Relief Defendant must report any change in the information required to be submitted under Paragraph 33 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

## V

## Recordkeeping

**It is FURTHER ORDERED that**:

35.  Settling Relief Defendant must create and maintain records necessary to demonstrate full compliance with each provision of this Order, including related to the liquidation of Assets for payment toward the judgment under Paragraph 17. Settling Relief Defendant must retain these records for at least five years after creation and make them available to any Plaintiff upon request.

# VI

# Notices

**It is FURTHER ORDERED that**:

36. Unless otherwise directed in writing by the Bureau, Settling Relief Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB, et al., v. CAC, et al.*, Case No. 8:19-cv-01998-MWF-KS" and send them by overnight courier or first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

> Assistant Director for Enforcement
> Bureau of Consumer Financial Protection
> ATTENTION: Office of Enforcement
> 1700 G Street, N.W.
> Washington, D.C. 20552

37. Unless otherwise directed by a representative of the State of Minnesota in writing, all submissions to the State of Minnesota pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to evan.romanoff@ag.state.mn.us:

> Evan Romanoff, Assistant Attorney General
> Office of the Minnesota Attorney General
> 445 Minnesota Street, Suite 1200
> St. Paul, Minnesota 55101

38. Unless otherwise directed by a representative of the State of North Carolina in writing, all submissions to the State of North Carolina pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to lweaver@ncdoj.gov:

        M. Lynne Weaver, Special Deputy Attorney General

        North Carolina Department of Justice

        114 W. Edenton Street

        Raleigh, North Carolina 27603

39. Unless otherwise directed by the State of California in writing, all submissions to the State of California pursuant to this Order must be sent by overnight courier or first-class mail to the below address and contemporaneously by email to christina.tusan@lacity.org:

        Christina Tusan

        Supervising Deputy City Attorney

        Los Angeles City Attorney's Office

        200 N. Main Street, 5th Floor

        Los Angeles, CA 90012

## VII
## Cooperation with Plaintiffs

**It is FURTHER ORDERED that**:

40. Settling Relief Defendant must cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant and any Person who might have contact information for any Defendant or identity and location of Assets of any Defendant. Settling Relief Defendant must provide such information in her or her agents' possession or control within 14 days of receiving a written request from any Plaintiff.

## VIII
## Compliance Monitoring

**It is FURTHER ORDERED that**, to monitor Settling Relief Defendant's compliance with this Order:

41. Within 14 days of receipt of a written request from any Plaintiff,

12
**STIPULATED FINAL JUDGMENT AND ORDER**

Settling Relief Defendant must submit the requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

42.     For purposes of this Section, Plaintiffs may communicate directly with Settling Relief Defendant, unless the Settling Relief Defendant retains counsel related to these communications.

## IX

## Receivership

43.     The receivership imposed by this Court shall continue in the manner set forth in the Preliminary Injunction issued on November 15, 2019 (ECF 103), as to all Defendants and Relief Defendants, except to the extent modified by this Section and Section III, and the Receiver shall continue to have the full powers of an equity receiver, as an agent of the Court, pursuant to Sections XIV and XV of the Preliminary Injunction, which shall remain in effect until further order of the Court.

44.     Upon receipt of the Assets identified in Paragraph 19, and subject to Paragraph 45, the Receiver shall promptly take all steps necessary to liquidate those Assets using any commercially reasonable means, including auction and/or private sale, and all such sales shall be deemed authorized and approved under 28 U.S.C. § 2004 without further notice, hearing, or court order. After any such liquidation, the Receiver shall remit the net proceeds to the Bureau or its designated representative as payment toward the monetary judgment entered against Settling Relief Defendant within 21 days of each such sale or liquidation, subject to Paragraph 46.

45.     The Receiver may abandon, without further court order, any Asset identified in Paragraph 19 that he deems in his discretion to be of inconsequential or no value.

46.     The Receiver and his representatives shall continue to be entitled to

reasonable compensation for the performance of their duties pursuant to this Order from the Assets of the Receivership Defendants. The Receiver and his representatives shall not increase their hourly rates without prior approval of the Court.

## X
## Retention of Jurisdiction

**It is FURTHER ORDERED that**:

47. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

It is **SO ORDERED**, this 24th day of May, 2022.

_____
MICHAEL W. FITZGERALD
United States District Judge