| | |
|---|---|
| 1 | Andrew M. Greene (SBN 167386) |
| | agreene@mcnamarallp.com |
| 2 | Cornelia J. B. Gordon (SBN 320207) |
| | cgordon@mcnamarallp.com |
| 3 | McNamara Smith LLP |
| | 655 West Broadway, Suite 900 |
| 4 | San Diego, California 92101 |
| | Telephone: 619-269-0400 |
| 5 | Facsimile:  619-269-0401 |
| 6 | *Attorneys for Receiver,* |
| | *Thomas W. McNamara* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al., | Case No. 8:19-cv-01998-MWF (KSx) |
| Plaintiffs, | **RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH NON-PARTY FEDERAL INSURANCE COMPANY** |
| v. | |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., | JUDGE: Hon. Michael W. Fitzgerald |
| Defendants. | CTRM:  5A |
| | DATE:  July 11, 2022 |
| | TIME:  10:00 a.m. |

The Court-appointed receiver, Thomas W. McNamara ("Receiver") moves the Court to approve the proposed Settlement Agreement with non-party Federal Insurance Company ("Federal"), attached to the accompanying Declaration of Andrew Greene as Exhibit 1, resolving the dispute between the Receiver and the Federal concerning the Receiver's assigned claims against Federal. Provided the Court approves the Settlement Agreement, Federal will pay a total of Two Hundred Forty-Five Thousand Dollars ($245,000) to the Receiver.[1]

On October 20, 2021, the Court approved a settlement between the Receiver and The Brea Financial Group, LLC dba Pub Club Leads and Adam Sthay (collectively, the "Pub Club Parties), arising out of the Pub Club Parties' relationship with the underlying defendants and its role as a service provider for their operations (the "Pub Club Settlement"). ECF No. 341. Federal was Pub Club's Directors and Officers' insurer but did not participate in the Pub Club Settlement. The Pub Club Settlement required the Pub Club Parties to pay a total of $675,000 to the Receiver. Specifically, an insurer other than Federal paid a total of $375,000 to the Receiver, and the Pub Club Parties agreed to pay out of their own pockets a total of $300,000.[2] Additionally, as part of the Pub Club Settlement, the Receiver requested and received, as a material term of the settlement, the assignment of the Pub Club Parties' claims against Federal. The Pub Club Parties had previously demanded Federal provide a defense in connection with the Receiver's claims; however Federal did not provide a defense or contribute funds towards the Pub Club Settlement.

///

---

[1] The Receiver is aware of Local Rule 7-3, however, because there is no "opposing party" to this joint motion, said rule appears inapplicable in this context.

[2] At the mediation where the Pub Club Settlement was reached, the Pub Club Parties also settled with Consumer Advocacy Center, Inc.'s (a predecessor entity related to the SLAM Receivership Entities) bankruptcy trustee, which settlement was funded entirely by an insurer other than Federal.

The Receiver retained insurance coverage counsel, Hirsch Closson, to represent the Receiver in connection with the assigned claims. On January 6, 2022, counsel for the Receiver sent a written demand to Federal seeking payment of $314,612.16, equaling the amount the Pub Club Parties had contributed towards the Pub Club Settlement plus out-of-pocket attorneys' fees incurred by the Pub Club Parties. Following negotiations between counsel for the parties, they ultimately reached the settlement reflected in the Settlement Agreement, by which Federal has agreed to pay $245,000 in exchange for a full release of claims.

If the Receiver and Federal were unable to reach a settlement, the Receiver would have filed a lawsuit alleging various legal theories, including breach of contract and bad faith claims. Such claims would have been vigorously contested by Federal. The litigation would have resulted in significant expense and recovery risk to the Receivership Estate. Instead, after negotiations and consideration of their respective legal positions, the parties reached a settlement, which provides a substantial benefit to the Receivership Estate without litigation risk and expense.

Provided the Court approves the Settlement Agreement, Federal will pay $245,000 to the Receiver within 20 days of the Court's approval in exchange for a full release of claims among the Receiver and Federal. This settlement reflects a fair compromise of the Receiver's claims against Federal and was reached after arms-length negotiations between the parties.

For the reasons set forth above, the Receiver asks that the Court issue an order approving the Settlement Agreement.

Dated: May 31, 2022                MCNAMARA SMITH LLP

                                   By:   /s/ Andrew M. Greene
                                         Andrew M. Greene
                                         *Attorneys for Receiver,*
                                         *Thomas W. McNamara*