**BUREAU OF CONSUMER FINANCIAL PROTECTION**
N. NATHAN DIMOCK (D.C. Bar No. 487743) (Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
SARAH PREIS (D.C. Bar No. 997387) (admitted *Pro Hac Vice*)
Tel.: (202)-435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495) (admitted *Pro Hac Vice*)
Tel: (202)-435-9641 / Email: jesse.stewart@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov/Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

*Additional Counsel for Plaintiffs Listed on Next Page

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Bureau of Consumer Financial Protection, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, *et al.*,<br><br>        Defendants. | CASE NO. 8:19-cv-01998 MWF (KSx)<br><br>**MOTION TO COMPEL DEFENDANT KAINE WEN'S RESPONSES TO OUTSTANDING DISCOVERY**<br><br>**Non-Expert Discovery Cutoff: December 1, 2022**<br>**Pretrial-Conference:  April 17, 2023**<br>**Trial Date: May 2, 2023, 8:30 am, 5A** |

*Additional Counsel for Plaintiffs Listed Below:

**THE PEOPLE OF THE STATE OF CALIFORNIA**
MICHAEL N. FEUER, City Attorney (CA. Bar No. 111529)
CHRISTINA V. TUSAN, Supvr. Deputy City Attorney (CA. Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA. Bar No. 212664)
MIGUEL RUIZ, Deputy City Attorney (CA. Bar No. 240387)
OFFICE OF THE CITY ATTORNEY
200 N. Main Street, 500 City Hall East
Los Angeles, California 90012-4131
Tel: (213) 473-6908/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

1

2

## Table of Contents

3

Table of Authorities ........................................................................ ii

4

I.     Introduction ........................................................................ 1

5

II.    Background.......................................................................... 2

6

III.   Argument............................................................................ 5

7

    A. Mr. Wen's Boilerplate Objections to the Pending Requests for

8

      Admission are Improper and Legally Deficient.................... 5

9

    B. Mr. Wen's Boilerplate Objections to the Interrogatories are Improper

10

      and Legally Deficient........................................................ 10

11

    C. Mr. Wen's Boilerplate Objections to the Requests for Production are

12

      Improper and Legally Deficient ........................................ 14

13

IV.    Conclusion.......................................................................... 19

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO COMPEL DISCOVERY

Table of Authorities

**Cases**

*A. Farber & Partners*,

   234 F.R.D. 186 (C.D. Cal. 2006) .................................................................. 9

*AECOM Energy & Constr., Inc. v. Ripley*,

   No. 17-cv-5398-RSW-LSS, 2018 WL 6266462 (C.D. Cal. Oct. 3, 2018) ..... 9

*Asea, Inc. v. S. Pac. Transp. Co.*,

   669 F.2d 1242 (9th Cir. 1981) .................................................................8, 9

*Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*,

   408 F.3d 1142 (9th Cir. 2005) ................................................................18

*Davis v. Fendler*,

   650 F.2d 1154 (9th Cir. 1981) ................................................................13

Liu v. Sec. & Exch. Comm'n,

   140 S. Ct. 1936 (2020).............................................................................11

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,

   894 F.2d 1482 (5th Cir. 1990) ................................................................17

*Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*,

   135 F.R.D. 101 (D. N.J. 1990)................................................................. 5

*Oakes v. Halvorsen Marine Ltd.*,

   179 F.R.D 281 (C.D. Cal. 1998) ............................................................. 5

*Panola Land Buyers Ass'n v. Shuman*,

   762 F.2d 1550 (11th Cir. 1985) ..............................................................17

*Paulsen v. Case Corp.*,

   168 F.R.D. 285 (C.D. Cal. 1996).............................................................17

*Romero v. Securus Techs., Inc.*, No.

   16-cv-1283-JM-MDD, 2017 WL 4621223 (S.D. Cal. Oct. 16, 2017) ..........14

*Sanchez v. Rodriguez*,

   298 F.R.D. 460 (C.D. Cal. 2014)............................................................10

MOTION TO COMPEL DISCOVERY

*Solomon v. Jacobson*,

  No. EDCV 15-1453-VAP (JPRx), 2016 WL 6039184 (C.D. Cal. Apr. 1,

  2016) ...................................................................................................13

*Thompson v. Yates*,

  No.1:06-cv-00763-RCC, 2011 WL 5975469 (E.D. Cal. Nov. 29, 2011) ........ 9

**Rules**

Fed. R. Civ. P. 37 .................................................................................... 1

Fed. R. Civ. P. 26(b)(5)(A)(ii) .................................................................17

Fed. R. Civ. P. 33(b)(4) ...........................................................................13

Fed. R. Civ. P. 34(b)(2)(B) ......................................................................17

Fed. R. Civ. P. 34(b)(2)(C) ......................................................................17

Fed. R. Civ. P. 36(a)(1) ............................................................................ 8

Fed. R. Civ. P. 36(a)(4) ............................................................................ 9

Fed. R. Civ. P. 36(a)(6) ............................................................................ 9

Fed. R. Civ. P. 33(a)(2) ...........................................................................13

Fed. R. Civ. P. 33(b)(3) ...........................................................................13

Fed. R. Civ. P. 26 .................................................................................... 1

Fed. R. Civ. P. 33 ...................................................................................13

Fed. R. Civ. P. 34 ...................................................................................17

Fed. R. Civ. P. 36 ...........................................................................8, 9, 10

MOTION TO COMPEL DISCOVERY

## MOTION TO COMPEL DEFENDANT KAINE WEN'S RESPONSES TO OUTSTANDING DISCOVERY

### I.   Introduction

Since the Court entered its initial scheduling order in December 2021, Defendant Kaine Wen has refused to respond substantively to any discovery served upon him by plaintiffs the Consumer Financial Protection Bureau (the "Bureau") and the People of the State of California ("California") (collectively, "Moving Plaintiffs"). Instead, Mr. Wen has responded to every outstanding request for admission, request for production, and interrogatory with essentially identical, legally deficient, boilerplate objections, the majority of which appear inapplicable outright. Mr. Wen's former counsel claimed that the primary reason he cannot substantively respond is his current incarceration, yet incarceration does not absolve litigants of their discovery obligations, and Wen, who is now proceeding *pro se,* has now had, at a minimum, over four months to comply with the outstanding discovery.

This motion is made following the conference of counsel pursuant to Local Rules 37 and 37-1, and pursuant to Federal Rules of Civil Procedure 26 and 37. Moving Plaintiffs are filing the instant motion without the normally required joint stipulation because Mr. Wen failed to provide his portion of the joint stipulation. Local Rule 37-2.4. Moreover, because Mr. Wen is currently incarcerated, Moving Plaintiffs have not requested a hearing date, consistent with Magistrate Judge Stephenson's procedures relating to discovery disputes involving incarcerated parties.[1]

Accordingly, and for the reasons explained below, Moving Plaintiffs respectfully request that the Court issue an order compelling Mr. Wen to amend

---

[1] Defendant Kaine Wen is currently incarcerated in the Federal Correctional Institution in Sheridan, Oregon, (FCI-Sheridan); he is not scheduled to be released until December 23, 2022.

and supplement his discovery responses and otherwise fully comply with his discovery obligations within thirty (30) days of the issuance of such order.

## II.   Background

On December 9, 2021, the Court entered the scheduling order in this matter, setting July 1, 2022, as the non-expert discovery cut-off date. Ex. 1, Dkt. No. 350 at 2. On May 24, 2022, the Court entered an order revising the deadlines set forth in Section I of the December 9 scheduling order. Ex. 2, Dkt. No. 378 at 2. That order reset the non-expert discovery cut-off date to December 1, 2022.

On February 19, 2022, the Bureau served its first set of requests for admissions on Defendant Kaine Wen ("Feb. 19 Discovery"). Ex. 3, Decl. of Jesse Stewart (Decl.) at ¶ 3. On February 22, 2022, the People of the State of California served on Mr. Wen its first requests for production of documents and other tangible things, and its first set of interrogatories ("Feb. 22 Discovery"). Decl. at ¶ 4. On March 21, 2022, the due date for Mr. Wen's responses to the Bureau's Feb. 19 Discovery, and three days before his response to the Feb. 22 Discovery was due, Mr. Wen's then counsel, Mr. Matthew Eanet, orally requested that the Bureau permit additional time to respond, in part because he had not yet conferred with Mr. Wen nor provided him with all of the discovery requests and relevant exhibits. Decl. at ¶ 7.

Later on March 21, Mr. Eanet emailed counsel for all plaintiffs, requesting an additional 30 days to respond to all of the pending discovery. Decl. at ¶ 7. On the same day, the Bureau agreed to an immediate 3-day extension, to March 24, in a good faith effort to provide the parties adequate time to consider and respond to the request for additional time. Decl. at ¶ 7. On March 24, the Bureau informed Mr. Eanet that it would not oppose a 21-day extension of time, from March 21 until April 11, 2022, for Mr. Wen to respond to the Bureau's Feb. 19 Discovery, provided that substantive responses would

be provided by that date. Decl. at ¶ 8. But later on March 24, Mr. Wen provided the discovery responses addressed herein, consisting of boilerplate objections to each request, and failed to provide a single substantive answer or document in response. Decl. at ¶ 8.

Additionally, on March 30, 2022, the Bureau served Mr. Wen with its first requests for production of documents and other tangible things, first set of interrogatories, and second set of requests for admissions ("March 30 Discovery"). Decl. at ¶ 5. On April 29, 2022, the day Mr. Wen's responses were due, Mr. Wen again failed to provide a single substantive response or produce a single document in response to the outstanding March 30 Discovery. Instead, Mr. Wen provided only boilerplate objections to every request. Decl. at ¶ 9. In fact, Mr. Wen appears to have recycled the boilerplate objections he provided in response to the Feb. 19 Discovery and Feb. 22 Discovery.[2] *Id*. As a result, Mr. Wen has now wasted several months of the discovery timeframe set by the Court without having provided a single substantive response to any of the outstanding discovery that has been propounded upon him.

Pursuant to Local Rule 37-1, the Bureau and the State of California served letters on Mr. Wen's counsel on April 20 and May 2, 2022, seeking a conference of counsel to address the deficient discovery responses. Decl. at ¶ 10. The conference of counsel took place on May 3, 2022. Decl. at ¶ 11. During the conference, Mr. Eanet stated that he had finally provided a copy of the discovery requests and accompanying exhibits to Mr. Wen at FCI-Sheridan, but that he had still been unable to fully confer with Mr. Wen due to his incarceration, and could not confirm whether Wen had the materials, or regular access to them. *Id*. Plaintiffs then asked counsel how much additional time

---

[2] The only difference in the responses is the use of the term "requests" in reference to the requests for admissions and requests for production of documents, and the use of the term "interrogatories" in reference to the interrogatories.

would be necessary for Mr. Wen to amend his prior discovery responses with substantive answers and asked that he confer with Mr. Wen on this issue. *Id.* During the conference, Mr. Eanet also indicated for the first time his intention to withdraw from the case, and his expectation that Mr. Wen would then proceed *pro se. Id*. Mr. Eanet filed an application to withdraw as counsel of record on May 4, which was granted by the Court on May 6. (Dkt. Nos. 371 & 372).

On May 20, 2022, the Bureau mailed Mr. Wen the Moving Plaintiffs' portion of the stipulation required by L.R. 37-2.2, together with Moving Plaintiffs' associated draft declaration. Decl. at ¶ 12. The Bureau mailed these materials to Mr. Wen at FCI-Sheridan via United States Postal Service (USPS) Priority Mail. *Id.* Included in this mailing was a May 20, 2022 cover letter requesting that Wen provide his portions of the stipulation, as required by L.R. 37-2.2, within ten days of delivery of the mailing.[3] *Id.* Tracking information provided by USPS indicates that the proposed joint stipulation was delivered to FCI-Sheridan on May 23, 2022. *Id.*

On May 26, 2022, Moving Plaintiffs joined a call that the State of California arranged with Mr. Wen through Mr. Wen's correctional counselor. Decl. at ¶ 13. Mr. Wen declined to join the call and his correctional counselor sent California an email shortly after the call was to begin, stating that Mr. Wen "respectfully declines any further discussions or scheduled court hearing until he is represented." *Id.* Mr. Wen, whose assets remain frozen by the Court, has not indicated what steps, if any, he is undertaking to retain counsel. Decl. at ¶ 15. To date, Moving Plaintiffs have not received any response from Mr. Wen relating to when he may be able to amend his prior responses and provide

---

[3] While the Local Rules require a response within seven days, in light of Mr. Wen's incarceration, Moving Plaintiffs instead asked that he contact the parties within ten days.

1  substantive responses to the outstanding discovery requests. *Id*. Moreover, on

2  June 13, the Bureau received a package containing several court filings that the

3  Bureau served on Mr. Wen via United States Mail on May 10. Decl. at ¶ 14.

4  The envelope was stamped "Return to Sender," and had a handwritten notation

5  stating, "Return to Sender, I'm refused [sic] to accept." *Id*.

6  **III.   Argument**

7          Mr. Wen's responses to the discovery propounded upon him, which were

8  submitted by his previous counsel, consist entirely of legally deficient,

9  boilerplate objections. Over a period of months, Moving Plaintiffs have

10  attempted to work with Mr. Wen's former counsel and Mr. Wen in a good faith

11  effort to resolve these issues and avoid intervention by the Court. Those efforts

12  have failed, and Mr. Wen now refuses to engage in any discussion with Moving

13  Plaintiffs. While Mr. Wen may face additional challenges as an incarcerated,

14  *pro se* civil litigant, it remains Mr. Wen's responsibility to respond to the

15  discovery propounded upon him and, to the extent that he objects to the

16  discovery propounded upon him, "to show that discovery should not be

17  allowed, and [he] has the burden of clarifying, explaining, and supporting [his]

18  objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal.

19  1998) (*citing Nestle Foods Corp. v. Aetna Cas. & Sur. Co*., 135 F.R.D. 101, 104

20  (D. N.J. 1990)).

21          As explained below, Plaintiffs contend that because Mr. Wen's discovery

22  responses are facially and legally deficient, this Court should issue an order

23  compelling him to provide substantive responses to the outstanding discovery

24  requests within thirty (30) days of the issuance of an order to compel.

25          **a.  Mr. Wen's Boilerplate Objections to the Pending Requests For**

26              **Admissions are Improper and Legally Deficient**

27          Mr. Wen has provided identical, legally deficient, boilerplate objections

28  to each of the requests for admissions propounded by the Bureau on February

19 and March 30, 2022. For this reason, only the first request for admission from each of the February 19 and March 30 discovery requests are provided here.

Plaintiff Bureau of Consumer Financial Protection's February 19 Request for Admission No. 1 stated as follows:

> 1.    The Company offered services to alter the terms of payment of consumers' federal student loans by preparing and submitting applications for loan consolidation for consumers.

Plaintiff Bureau of Consumer Financial Protection's March 30 Request for Admission No. 1 stated as follows:

> 155.   The Company, including through Horizon, controlled the DPP [Debt Pay Pro] Account.

Mr. Wen's responses to all the Feb. 19 and March 30 requests for admissions consisted of the following under the title "General Objections":

> 1. The following responses and objections are based on information currently available to Responding Party. These responses and objections are given without prejudice to Responding Party's right to produce or rely on subsequently discovered information.
>
> 2. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses and objections.
>
> 3. Responding Party objects to the scope of the definitions contained in the Requests, which are over three full pages, on the grounds that they are overbroad, unintelligible (or render the requests unintelligible), and call for documents and information which are not in Responding Party's possession, custody, or control, or which is already in the possession of Propounding Party and the Receiver or which they already have sought to obtain or may obtain via Subpoenas from third parties.

6

4. Nothing in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection or privilege. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege.

5. Responding Party objects to the Requests to the extent that it purports to require more than is required by controlling Rules of Federal Civil Procedure, including by way of two pages of "Instructions."

6. The production of any documents or information by Responding Party is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents or information comprising or containing confidential or proprietary information including, without limitation, documents or information protected by federal and/or state rights of privacy.

7. Responding Party objects to the Requests, and each request therein, on the grounds that it is overly broad and imposes an undue burden on Responding Party.

8. Responding Party objects to the Requests, and each request therein, on the grounds that it does not provide Responding Party with reasonable time to comply.

In addition to the foregoing general objections, Mr. Wen provided the following individual response to each of the Feb. 19 and March 30 requests for admissions:

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this Request on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party further objects to this Request on the grounds that it is vague, ambiguous

and unintelligible. Responding Party further objects to this Request on the grounds that it is unduly burdensome and harassing. Responding Party objects to this Request on the grounds and to the extent that it demands information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this Request on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this Request on the grounds that it was propounded for an improper purpose. Responding Party further objects to this Request on the ground that he is currently serving a custodial sentence at FCI Sheridan, Register No. 79766-112, in Sheridan Oregon, and is without access to or the ability to review any documents or other material needed to respond to this Request, and because of COVID-19 related restrictions, has limited ability to consult with counsel in confidence concerning information necessary to respond to this Request including without limitation whether to assert his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

Rule 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). When answering the requests, "a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). Similarly, Rule 36 provides:

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to

> admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). Moreover, it is "clear that an evasive denial, one that does not specifically deny the matter, or a response that does not set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." *Asea, Inc.,* 669 F.2d at 1245 (internal quotations and citation omitted); *see also Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *3 (E.D. Cal. Nov. 29, 2011) (finding "[a]s to those matters neither admitted nor denied because Defendants claim to have insufficient knowledge," that their "answers are insufficient because Defendants did not state that they had undertaken a reasonable inquiry into each matter in their response").

To the extent Mr. Wen objects to a request for admission, boilerplate objections are not sufficient. *See Thompson*, 2011 WL 5975469, at *3 ("declin[ing] to consider objections raised in boilerplate language" and requiring responding party to respond further to seventy requests for admission); *AECOM Energy & Constr., Inc. v. Ripley*, No. 17-cv-5398-RSW-LSS, 2018 WL 6266462, at *6 (C.D. Cal. Oct. 3, 2018) ("Boilerplate objections of any type are improper in federal court." ); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections," and "boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.").

Finally, Rule 36 provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). In reviewing the sufficiency of an answer, if the court finds "that an answer

1   does not comply with [Rule 36], the court may order either that the matter is

2   admitted or that an amended answer be served." *Id.*

3        Mr. Wen did not answer any of the requests for admission propounded

4   upon him, and instead relied upon a laundry list of general objections, which is

5   clearly improper. And to the extent that Mr. Wen claimed to need additional

6   time to respond due to his incarceration, Bureau counsel initially offered to

7   provide an additional three of the four weeks that Mr. Wen requested, and at the

8   conference of counsel again indicated its openness to a reasonable amount of

9   time for Mr. Wen to amend his deficient responses. Finally, Mr. Wen's

10  incarceration does not permit him to avoid discovery. *See Sanchez v. Rodriguez*,

11  298 F.R.D. 460, 471 (C.D. Cal. 2014) ("plaintiff's incarceration and indigency

12  cannot and do not excuse his failure to respond to the interrogatories served

13  upon him or his failure to produce any non-medical record documents he

14  possesses and/or to advise defendants whether or not responsive documents

15  exist and, if so, why plaintiff is unable to produce them").

16       Mr. Wen must provide substantive answers and, to the extent he cannot

17  provide an answer, he must explain why. To the extent he seeks to assert an

18  objection, he should not be allowed to rely on boilerplate objections, many of

19  which are clearly inapplicable, and all of which are insufficient. Therefore,

20  Moving Plaintiffs request that the Court issue an order compelling Mr. Wen to

21  provide substantive answers to the requests for admissions that have been

22  propounded upon him or, to the extent he seeks to object to specific requests, to

23  do so in detail and with specificity so that Moving Plaintiffs can properly

24  evaluate and respond to any such objections.

25       **b.  Mr. Wen's Boilerplate Objections to the Interrogatories are**
26       **Improper and Legally Deficient**

27       Mr. Wen responded to each interrogatory request propounded upon him

28  with the exact same, legally deficient objections. For this reason, only the first

10

interrogatory from each of the February 22 and March 30 Discovery are provided here.

Plaintiff State of California's February 19 Interrogatory No. 1 stated as follows: "INTERROGATORY NO. 1: Identify All Related Cases by case number, court, location, and file date."

Plaintiff Bureau's March 30 Interrogatory No. 1 stated as follows:

> 1. To the extent that You assert that Liu v. Sec. & Exch. Comm'n, 140 S. Ct. 1936 (2020), or related equitable principles, limit Your liability for Consumer Fees charged to Consumers for the Company's Student Loan Debt-Relief services, identify and describe in detail each category of expense or other charge and the associated dollar amount that You assert can be deducted from Your liability under Liu, including identifying each line-item expense or debit identified in Exhibits 1 through 3, bates stamped T-016369-00000285 (CAC balance), T-016369-00000296 (True Count balance), T-016594-00000015 (Prime balance), respectively, that You assert can be deducted based on Liu.

Defendant Kaine Wen's responses to all interrogatories consisted of the following under the title "General Objections":

> 1. The following responses and objections are based on information currently available to Responding Party. These responses and objections are given without prejudice to Responding Party's right to produce or rely on subsequently discovered information.
>
> 2. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses and objections.
>
> 3. Responding Party objects to the scope of the definitions contained in the Interrogatories, which are over three full pages, on the grounds that they are overbroad, unintelligible (or render the requests unintelligible), and call for documents and information which are not in Responding Party's possession, custody, or control, or which is already in the possession of

Propounding Party and the Receiver or which they already have sought to obtain or may obtain via Subpoenas from third parties.

4. Nothing in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection or privilege. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege.

5. Responding Party objects to the Interrogatories to the extent that it purports to require more than is required by controlling Rules of Federal Civil Procedure, including by way of two pages of "Instructions."

6. The production of any documents or information by Responding Party is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents or information comprising or containing confidential or proprietary information including, without limitation, documents or information protected by federal and/or state rights of privacy.

7. Responding Party objects to the Interrogatories, and each Interrogatory therein, on the grounds that it is overly broad and imposes an undue burden on Responding Party.

8. Responding Party objects to the Interrogatories, and each Interrogatory therein, on the grounds that it does not provide Responding Party with reasonable time to comply.

In addition to the foregoing general objections, Mr. Wen provided the following individual response to every interrogatory propounded on him:

Responding Party incorporates the General Objections set forth above as if fully set forth herein. Responding Party further objects to this Interrogatory on the ground and to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Interrogatory on the grounds and to the extent that it calls for a legal conclusion and/or an expert opinion. Responding Party

12

further objects to this Interrogatory on the grounds that it is vague, ambiguous and unintelligible. Responding Party further objects to this Interrogatory on the grounds that it is unduly burdensome and harassing. Responding Party objects to this Interrogatory on the grounds and to the extent that it demands information protected by the constitutional rights of privacy, the attorney-client privilege, the work product privilege, or any other privilege or immunity applicable by law. Responding Party further objects to this Interrogatory on the grounds that it is duplicative of other discovery propounded in this matter. Responding Party further objects to this Interrogatory on the grounds that it was propounded for an improper purpose. Responding Party further objects to this Interrogatory on the ground that he is currently serving a custodial sentence at FCI Sheridan, Register No. 79766-112, in Sheridan Oregon, and is without access to or the ability to review any documents or other material needed to respond to this Interrogatory, and because of COVID-19 related restrictions, is unable to review documents which may be sued to respond to this interrogatory and has limited ability to consult with counsel in confidence concerning information necessary to respond to this Interrogatory including without limitation whether to assert his privilege against self-incrimination under the Fifth Amendment to the United States Constitution.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a)(2). Responses to interrogatories must be made to the fullest extent possible under oath. Fed.R.Civ.P. 33(b)(3). Moreover, Rule 33 requires that "[t]he grounds for objecting to an interrogatory must be stated with *specificity*." Fed. R. Civ. P. 33(b)(4) (emphasis added). As the Ninth Circuit has noted, "objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Nonspecific, boilerplate objections to interrogatories are "inadequate" under Federal Rule of Civil Procedure 33. *Solomon v. Jacobson*, No. EDCV 15-1453-VAP (JPRx), 2016 WL 6039184, at *2 (C.D. Cal. Apr. 1, 2016); *see also Romero v. Securus Techs., Inc.*, No. 16-cv-1283-JM-MDD, 2017 WL 4621223,

at *2 (S.D. Cal. Oct. 16, 2017) (explaining that defendant repeatedly recited "disfavored boilerplate objections" in responding to five interrogatories).

Mr. Wen's blanket, boilerplate objections to the interrogatories are improper and insufficient, and he must provide responses to the interrogatories propounded upon him "to the fullest extent possible under oath." To the extent Mr. Wen objects to any interrogatory or any part of an interrogatory, those objections must be made with specificity. Accordingly, Moving Plaintiffs seek an order from the Court compelling Mr. Wen to provide substantive answers or, to the extent applicable, specific objections to each interrogatory that has been propounded upon him.

### c.  Mr. Wen's Boilerplate Objections to the Requests For Production are Improper and Legally Deficient

Mr. Wen responded to each request for production with the exact same, legally deficient, objections. For this reason, only the first request from each of the February 22 and March 30 discovery requests are provided here.

Plaintiff State of California's February 19 Request for Production No. 1 stated as follows:

> For each Related Case identified in response to Interrogatory No. 1, all sworn statements, affidavits, declarations, pleadings, statements of fact, factual basis, admissions, charging documents, sentencing memoranda, plea agreements and transcripts agreed to, sworn to, subscribed to, submitted, entered or recorded in that Case that pertain to You.

Plaintiff Bureau's March 30 Request for Production No. 1 stated as follows:

> 1. All Documents concerning the Company's Student Loan Debt-Relief business, including all emails, text messages, and other electronic correspondence concerning the Company's Student Loan Debt-Relief business. Relevant email addresses may include, but are not limited to, the email addresses identified in the

Bureau's February 19, 2022, First Requests for Admissions numbered 84-95.

Mr. Wen's responses to all requests for production, including the above examples, consisted of the following under the title "General Objections":

1. The following responses and objections are based on information currently available to Responding Party. These responses and objections are given without prejudice to Responding Party's right to produce or rely on subsequently discovered information.

2. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these responses and objections.

3. Responding Party objects to the scope of the definitions contained in the Requests, which are over three full pages, on the grounds that they are overbroad, unintelligible (or render the requests unintelligible), and call for documents and information which are not in Responding Party's possession, custody, or control, or which is already in the possession of Propounding Party and the Receiver or which they already have sought to obtain or may obtain via Subpoenas from third parties.

4. Nothing in these responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection or privilege. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege.

5. Responding Party objects to the Requests to the extent that it purports to require more than is required by controlling Rules of Federal Civil Procedure, including by way of two pages of "Instructions."

6. The production of any documents or information by Responding Party is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents or information comprising or containing confidential or proprietary information including, without limitation,

15

documents or information protected by federal and/or state rights
of privacy.

7. Responding Party objects to the Requests, and each Request
therein, on the grounds that it is overly broad and imposes an
undue burden on Responding Party.

8. Responding Party objects to the Requests, and each Request
therein, on the grounds that it does not provide Responding Party
with reasonable time to comply.

In addition to the foregoing general objections, Mr. Wen provided the
following individual response to every request for production propounded on
him:

Responding Party incorporates the General Objections set forth
above as if fully set forth herein. Responding Party further objects
to this Request on the ground and to the extent that it seeks
production of information that is neither relevant to the subject
matter of this litigation nor reasonably calculated to lead to the
discovery of admissible evidence. Responding Party further objects
to this Request on the grounds and to the extent that it calls for a
legal conclusion and/or an expert opinion. Responding Party
further objects to this Request on the grounds that it is vague,
ambiguous and unintelligible. Responding Party further objects to
this Request on the grounds that it is unduly burdensome and
harassing. Responding Party objects to this Request on the grounds
and to the extent that it demands the production of information
protected by the constitutional rights of privacy, the attorney-client
privilege, the work product privilege, or any other privilege or
immunity applicable by law. Responding Party further objects to
this Request on the grounds that it is duplicative of other discovery
propounded in this matter. Responding Party further objects to this
Request on the grounds that it was propounded for an improper
purpose. Responding Party further objects to this Request on the
ground that he is currently serving a custodial sentence at FCI
Sheridan, Register No. 79766-112, in Sheridan Oregon, and is
without access to or the ability to identify, review any documents
or other material needed to respond to this Request or to produce
responsive documents, if any, and because of COVID-19 related

MOTION TO COMPEL DISCOVERY

restrictions, has limited ability to consult with counsel in confidence concerning information necessary to respond to this Request including without limitation whether to assert his privilege against self-incrimination under the Fifth Amendment to the United States Constitution and the Act of Production Doctrine.

Regarding requests for production and other tangible things, Rule 34 requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state *with specificity* the grounds for objecting to the request, *including the reasons*." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). General or boilerplate objections such as "overly burdensome and harassing" are improper, particularly where the objecting party fails to submit any evidentiary declarations supporting such objections. *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable).

Additionally, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection [and] [a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). When claiming a privilege or work product objection, a party must adequately describe the withheld material without revealing privileged or protected information to allow the propounding party to assess the objection. Fed. R. Civ. P. 26(b)(5)(A)(ii). The Ninth Circuit has held "that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington*

17

1  *Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d
2  1142, 1149 (9th Cir. 2005).

3       Mr. Wen's blanket, boilerplate objections to the requests for production
4  are improper and insufficient. To the extent Mr. Wen objects to the production
5  or inspection of any materials, he must do so with specificity and explain the
6  reasons supporting his objections, which he has failed to do. Moreover, to the
7  extent Mr. Wen wishes to assert a claim of privilege over any potentially
8  responsive documents, he must identify and adequately describe the materials
9  being withheld and produce or permit inspection of the rest. Accordingly,
10 Moving Plaintiffs move the Court for an order compelling Mr. Wen to produce
11 responsive documents to all pending requests for production or, to the extent he
12 wishes to object, to provide specific objections and explanations relating to
13 such objections.
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**IV.   Conclusion**

Based on the foregoing and because Mr. Wen has failed to comply with his obligations under the relevant Federal Rules of Civil Procedure, Local Rules, and case law, Moving Plaintiffs respectfully request that the Court issue an order compelling Mr. Wen to amend and supplement his responses to the discovery propounded upon him within thirty (30) days of the issuance of such order by providing substantive responses or, to the extent he objects to specific requests, by providing specific, legally sufficient objections and explanations relating to such objections.

Respectfully submitted,

Dated: June 27, 2022        By:  */s/ N. Nathan Dimock*
                            N. Nathan Dimock (D.C. Bar No. 487743)
                            (admitted *pro hac vice*)
                            *Enforcement Attorney*
                            1700 G Street NW
                            Washington, DC 20552
                            Phone: (202) 435-9198
                            Fax: (202) 435-9346
                            Email: nathan.dimock@cfpb.gov
                            *Attorney for Plaintiff Bureau of Consumer*
                            *Financial Protection*

Dated: June 27, 2022        By: */s/ Christina Tusan*
                            Christina Tusan
                            Supervising Deputy City Attorney
                            Office of the City Attorney
                            Consumer and Workplace Protection Unit
                            200 N. Main Street, 500 City Hall East
                            Los Angeles, CA 90012
                            Phone: (213) 473-6908
                            Email: christina.tusan@lacity.org
                            *Attorney for Plaintiff the People of the State of*
                            *California*

MOTION TO COMPEL DISCOVERY

1  I, N. Nathan Dimock, attest that all other signatories listed, and on whose behalf

2  the filing is submitted, concur in the filing's content and have authorized the

3  filing.

4                              /s/ *N. Nathan Dimock*

5                              N. Nathan Dimock

MOTION TO COMPEL DISCOVERY