# Exhibit 3

Declaration of Jesse Stewart

CASE NO. 8:19-cv-01998 MWF (KSx)

Plaintiffs Motion to Compel Defendant Kaine Wen's Responses to Outstanding Discovery

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>     Defendants. | CASE NO. 8:19-cv-01998 MWF<br><br>**DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF MOTION TO COMPEL AGAINST DEFENDANT KAINE WEN**<br><br>Court:   Hon. Michael W. Fitzgerald<br>Courtroom 5A |

I, Jesse Stewart, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an attorney for the Bureau of Consumer Financial Protection (Bureau), an agency of the United States and a Plaintiff in this lawsuit.

2.      The facts set forth herein are based on my personal knowledge or information made known to me in the course of my official duties.

3.      On February 19, 2022, the Bureau served its first set of requests for admissions on Defendant Kaine Wen.

4.      On February 22, 2022, the People of the State of California (State of California) served its first requests for production of documents and its first set of interrogatories on Mr. Wen.

5.      On March 30, 2022, the Bureau served its first requests for production of documents, first set of interrogatories, and second set of requests for admissions on Mr. Wen.

6.      By prior agreement of the parties to this litigation, all of the above discovery requests were served via electronic mail to Mr. Wen's prior counsel, Mr. Matthew Eanet.

7.      On March 21, 2022, during a meet and confer relating to another issue, Mr.

Eanet orally requested that the Bureau permit additional time to respond to the discovery requests that were served on Mr. Wen in February, in part because he had not yet conferred with Mr. Wen or provided him with all of the February discovery requests and relevant exhibits. Later that day, Mr. Eanet emailed counsel for all plaintiffs, requesting an additional 30 days to respond to the pending discovery. On the same day, the Bureau agreed to an immediate three-day extension, to March 24, in a good-faith effort to provide the parties adequate time to consider and respond to Mr. Eanet's request for additional time.

8. On March 24, 2022, the Bureau informed Mr. Eanet that it would not oppose a 21-day extension of time, from March 21 until April 11, 2022, for Mr. Wen to respond to the Bureau's February 19 discovery, provided that substantive responses would be provided by that date. Later that day, Mr. Eanet served plaintiffs with Mr. Wen's responses to the February discovery, which consisted only of boilerplate objections to each request, and failed to provide a single substantive answer or document in response.

9. On April 29, 2022, Mr. Eanet served plaintiffs with Mr. Wen's responses to the March 30 discovery, which consisted of similar boilerplate objections as those that were provided in response to the prior discovery requests, again failing to provide a single substantive response or document.

10. Pursuant to Local Rule 37-1, the Bureau and the State of California served letters on Mr. Wen's counsel on April 20 and May 2, 2022, seeking a conference of counsel to address the deficient discovery responses.

11. The conference of counsel took place on May 3, 2022. During the conference, Mr. Eanet indicated that he had finally provided a copy of all discovery requests and accompanying exhibits to Mr. Wen at FCI-Sheridan, but that he had been unable to fully confer with Mr. Wen due to his incarceration and could not confirm whether Mr. Wen had the materials, or regular access to them. Plaintiffs then asked

STEWART DECLARATION IN SUPPORT OF MOTION TO COMPEL AGAINST DEFENDANT KAINE WEN

counsel how much additional time would be necessary for Mr. Wen to amend his prior discovery responses with substantive answers and asked that he confer with Mr. Wen on this issue. During the conference, Mr. Eanet also indicated for the first time his intention to withdraw from the case, and his expectation that Mr. Wen would then proceed *pro se*.

12.     On May 20, 2022, the Bureau mailed Mr. Wen the Bureau's and State of California's portion of the stipulation required by L.R. 37-2.2, together with Plaintiffs' associated draft declaration. The Bureau mailed these materials to Mr. Wen at FCI-Sheridan via United States Postal Service (USPS) Priority Mail. Included in this mailing was a May 20, 2022 cover letter requesting that Mr. Wen provide his portions of the stipulation, as required by L.R. 37-2.2, within ten days of delivery of the mailing. Tracking information provided by USPS indicates that the proposed joint stipulation was delivered to FCI-Sheridan on May 23, 2022.

13.     On May 26, 2022, I joined a call that I understand that the State of California scheduled with Mr. Wen through Mr. Wen's correctional counselor, Brian Gould. Mr. Wen did not join the call. Instead, Mr. Gould sent the State of California an email shortly after the call was to begin, stating that Mr. Wen "respectfully declines any further discussions or scheduled court hearing until he is represented." Thus, the call with Mr. Wen never took place.

14.     On June 13, 2022, I received a packet containing the Court's May 6, 2022 order on Mr. Wen's former counsel's request to withdraw as his attorney (ECF No. 372), the Court's Scheduling Notice and Order of May 9, 2022 (ECF No. 373), and associated correspondence, which the Bureau served on Mr. Wen via First Class United States Mail on May 10, 2022. The June 13, 2022 packet was stamped, "Return to Sender" with a handwritten note that appears to state, "Return to Sender. I'm refused [sic] to accept."

15.     As of the date of this declaration, Mr. Wen has still not provided any substantive responses to the outstanding discovery that has been served upon him, nor has he produced a single responsive document. Mr. Wen has not responded to the

3

STEWART DECLARATION IN SUPPORT OF MOTION TO COMPEL AGAINST DEFENDANT KAINE WEN

Bureau's and the State of California's May 20, 2022 mailing pursuant to L.R. 37-2.2.
And Mr. Wen has not indicated what steps, if any, he is undertaking to retain counsel.

I declare under penalty of perjury that the foregoing is true and correct to the best
of my knowledge and belief.


Dated: June 23, 2022                    By: */s/ Jesse Stewart*

                                        Jesse Stewart
                                        Silver Spring, MD

STEWART DECLARATION IN SUPPORT OF MOTION TO COMPEL AGAINST DEFENDANT KAINE WEN