Andrew M. Greene (SBN 167386)
agreene@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., <br><br> Defendants. | Case No. 8:19-cv-01998-MWF (KSx) <br><br> **DECLARATION OF THOMAS W. MCNAMARA IN SUPPORT OF RECEIVER'S FIFTH INTERIM APPLICATION FOR ORDER APPROVING FEES AND EXPENSES OF THE RECEIVER AND PROFESSIONALS** <br><br> JUDGE: Hon. Michael W. Fitzgerald <br> CTRM: 5A <br> DATE: August 8, 2022 <br> TIME: 10:00 a.m. |

I, Thomas W. McNamara, hereby declare as follows:

1. I am the Court-appointed receiver ("Receiver") in this matter. I have personal knowledge of the facts set forth in this declaration except where, as noted, those facts have been obtained by staff acting at my direction. If called as a witness, I could and would competently testify to the facts stated herein.

2. By this Fifth Interim Fee Application, I seek approval for the payment of fees and expenses for the six-month period of November 1, 2021 through April 30, 2022 as detailed below.

**Receivership Activities**

3. Receivership activities during the six-month period covered by this Application have been reported in detail in the Receiver's Third Interim Status Report filed November 19, 2021 (ECF No. 346) and Fourth Interim Status Report, filed June 30, 2022 (ECF No. 386).

4. In summary, during this period, I and my team pursued and settled, subject to Court approval, insurance claims assigned to the Receivership Estate as part of a prior settlement with a third-party leads vendor; continued to pursue litigation against National Merchant Center, Inc., and its employee/agent, engaging in written discovery and defeating a motion to dismiss; researched issues related to waiver of privilege in response to an inquiry from the Consumer Financial Protection Bureau ("CFPB"); and conducted further investigation and analysis into potential receivership claims against additional third parties.

5. The professional services related to these activities are further detailed in the respective invoices submitted with this Fee Application.

6. As of July 7, 2022, the receivership bank accounts hold cash funds of $1,515,999.34.

///

///

///

**Professional Fees and Expenses**[1]

**Receiver and Staff**

7.  The fees for my time as receiver and professional staff during this period total $26,779.00 as set forth in the invoices from Regulatory Resolutions which are attached as Exhibit A.  The two separate invoices represent: (1) fees and costs associated with receivership activities in the underlying case; and (2) fees and costs associated with the lawsuit against National Merchant Center, Inc., et al.

8.  The invoices from Regulatory Resolutions also include expenses totaling $38.34, as detailed in Exhibit A.

**Receiver's Counsel**

9.  For this six-month period, fees for my counsel, McNamara Smith LLP ("McNamara Smith"), total $172,116.50.  The firm has been directly involved in all receivership activities and their services are more thoroughly described in the invoices in Exhibit B.  As noted above, fees and costs have been tracked in two separate invoices: (1) fees and costs associated with receivership activities in the underlying case; and (2) fees and costs associated with the lawsuit against National Merchant Center, Inc., et al.

10.  The McNamara Smith attorneys have substantial experience with issues revolving around regulatory receiverships.  The attorneys' fees have been incurred primarily in:  researching and pursuing claims against third parties, including settling assigned claims against a lead provider's insurer and engaging in litigation, including extensive motion practice and discovery, against the Receivership Defendants' primary independent sales organization/merchant processor, National Merchant Center, Inc., and its employee/agent; interacting with

---

[1] Mindful of my obligation to maximize the value of the Receivership Estate, I once again examined both my and my counsel's bills very carefully and cut a significant amount of charges prior to presenting the fee application to the Court. While the time and fees were properly incurred and recorded, I decided to excise these amounts from this request in order to assure that the fees were congruent with the tangible benefits realized by the Estate during the relevant time period.

the CFPB's counsel and defense counsel in the underlying case; and conducting research and analysis in connection with an extensive attorney-client privilege review.

11. The rates charged reflect a discount from the firm's standard billing rates.

12. The invoices from McNamara Smith also include expenses totaling $9,557.98, as detailed in Exhibit B. The primary components of those expenses relate to expert witness services pertaining to the lawsuit brought against National Merchant Center, Inc. ($4,540.00), online research ($3,969.90), and initial filing fees for the National Merchant Center lawsuit ($402).

**Fees and Expenses of IT Consultant, Hadron Computer Forensics & Investigations**

13. Forensic IT consultant, Hadron Computer Forensics & Investigations ("Hadron") incurred fees of $875.00 and expenses of $103.27, as detailed in Exhibit C. Hadron assisted the receivership by interacting with the CFPB in connection with its request concerning the Receivership's ESI, including the production of a portion of such material.

14. I submit to the Court that the identified services provided by me, as receiver, and by the other designated professionals, were necessary and appropriate and brought significant value to the receivership. I have monitored the efforts of the team and have reviewed and approved the invoices which are the subject of this Fifth Interim Fee Application. I request that the Court approve immediate payment of these invoices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 8th day of July, 2022, in San Diego, California.

/s/ Thomas W. McNamara
Thomas W. McNamara