Andrew M. Greene (SBN 167386)
agreene@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al.,<br><br>　　　　　Defendants. | Case No. 8:19-cv-01998-MWF (KSx)<br><br>**RECEIVER'S STATUS REPORT RE: ORDER TO SHOW CAUSE (ECF NO. 405)**<br><br>JUDGE: Hon. Michael W. Fitzgerald<br>CTRM:  5A |

On October 7, 2022, the Court entered an order granting Plaintiff Consumer Financial Protection Bureau's (the "CFPB") Motion for an Order to Show Cause Why Defendant Wen Should Not Be Held in Contempt and Related Relief. *See* ECF No. 405 (the "Order"). The Order required Defendant Kaine Wen ("Wen") to take certain actions pertaining to Thomas W. McNamara in his capacity as the court-appointed Receiver (the "Receiver"), specifically:

> The Court further **ORDERS** Wen to immediately transfer, to the Receiver or an account in Wen's name at a cryptocurrency exchange incorporated and headquartered in the United States, the cryptocurrency assets identified in Ms. Clegg's report as subject to the asset freeze imposed by section VI of the PI Order and, if transferred to the Receiver, the Receiver shall hold these assets for Wen pending resolution of Plaintiffs' claims against Wen on the merits.
>
> The Court further **ORDERS**, to the extent that he has not already done so, Wen shall immediately transfer, to the Receiver or an account in Wen's name at a cryptocurrency exchange incorporated and headquartered in the United States, all other cryptocurrency assets that he holds or controls as of the date of this Order. These assets shall be subject to the asset freeze imposed by section VI of the PI Order and, if transferred to the Receiver, the Receiver shall hold these assets for Wen pending resolution of Plaintiffs' claims against Wen on the merits.

ECF No. 405 at 12. The Order thus required Wen to take one of two options: transfer all cryptocurrency assets he owned and controlled (1) to an account in Wen's name at a cryptocurrency exchange incorporated and headquartered in the United States, or (2) to the Receiver.

While the Court's Order does not require the Receiver to file a status report with the Court, the Receiver nonetheless provides this report in the hopes it might assist the Court.[1]

Shortly after the Order was issued, on October 10, 2022, the Receiver contacted Wen via email to alert him to the Court's Order and ask Wen which of

---

[1] The Order set a hearing on the contempt request for November 28, 2022 at 11 a.m. and gave Defendant Kaine Wen ("Wen") the opportunity to provide a written response to the Order to Show Cause by November 14, 2022, with the CFPB having until November 21, 2022 to respond to any written submission by Wen. *See id.* at 12. The Receiver is unsure whether Wen intends to file a written submission.

the two alternatives he intended to pursue. *See* Declaration of Thomas W. McNamara ("McNamara Decl.") Ex. 1 at 6-8. The Receiver followed up by email again the following day and was able to reach Wen via a telephone call on October 13, 2022, when Wen confirmed receipt of the Order and the Receiver's emails and indicated that his response would be forthcoming. *Id.* ¶ 2; Ex. 1 at 5-6.

The Receiver next heard from Wen on November 1, 2022. *See* McNamara Decl. Ex. 1 at 4-5. Wen stated that he "intend[ed] to transfer the cryptocurrency that [he] own[ed] or control[led] to the receiver's custody, to the extent that [he was] able," and he identified three categories of cryptocurrency assets in that initial correspondence:

> 1. With regards to the cryptocurrency held in an account in my name at Bittrex Crypto Exchange, please let me know if Bittrex satisfies the "incorporated and headquartered in the United States" requirement. If not, I will transfer the cryptocurrency at Bittrex to the receiver's custody.
>
> 2. With regards to the cryptocurrency held privately by my friend Sea (who lives in China and Macau) that I own but do not control, I do not have Sea's contact information and have not communicated with him for several years. Please advise.
>
> 3. With regards to the cryptocurrency held in an account in my name at Binance.com Cryptocurrency Exchange (which is not incorporated and headquartered in the United States) that belongs to Sea but I control, I am unable to login to the account - see screenshot below. I do not have a customer service contact phone number or email for Binance. I do have a pending support ticket. Please advise.

*Id.* Ex. 1 at 5.

In his November 4 response, the Receiver asked Wen for clarification as to whether or not he had decided to transfer all of his cryptocurrency holdings to the Receiver. *See* McNamara Decl. Ex. 1 at 4. The Receiver also informed Wen that as he was not Wen's counsel, he could not provide him with advice on whether or not Bittrex qualified as a permissible exchange pursuant to the Court's Order, how to handle the cryptocurrency "held privately by [his] friend Sea," or how to address his difficulties accessing his Binance account. *See id.*

///

On November 7, Wen confirmed that he intended to transfer his Bittrex holdings to the Receiver.  *See* McNamara Decl. Ex. 1 at 3-4.  On November 9, counsel for the Receiver asked Wen to clarify which cryptocurrencies he held at Bittrex.  *See id.* at 3.  Because different cryptocurrency exchanges transact in different cryptocurrencies (and because a separate "wallet" is needed for each type of cryptocurrency traded), the Receiver needed this information to select an appropriate U.S.-based exchange to effect the transfer.

Late on November 10, Wen clarified that the Bittrex account held Monero and Lumens "[t]o the best of [his] knowledge."  McNamara Decl. Ex. 1 at 2.  The following morning, counsel for the Receiver asked for clarification as to whether additional cryptocurrencies would be transferred.  *See id.*  Wen responded on Saturday, November 12, and explained that any cryptocurrencies other than the Monero and Lumens would have been obtained as a result of free giveaways and promotions and would be *de minimis* in value.  *Id.* at 1.

After Wen identified Monero and Lumens as the cryptocurrencies he would be transferring to the Receiver's control, the Receiver selected Kraken to use as the cryptocurrency exchange for purposes of effecting the transfer.  *See* McNamara Decl. ¶ 3.  The Receiver's counsel informed Wen early on the morning of November 14, 2022 that once Kraken had verified the Receiver's account, Wen would be provided with deposit addresses to effect the cryptocurrency transfers.  *See id.* Ex. 1 at 1.

At the time of filing this report, the Receiver has not heard anything further from Wen regarding the cryptocurrency assets held by "Sea" and is unaware whether Wen was able to access his Binance account.

Dated:  November 14, 2022          MCNAMARA SMITH LLP

By:  /s/ Cornelia J. B. Gordon
Cornelia J. B. Gordon
*Attorneys for Receiver,*
*Thomas W. McNamara*

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

I hereby certify that on the 14th day of November, 2022, I also caused the foregoing to be served via First Class U.S. Mail on the following party:

> Kaine Wen
> REG 79766-112
> RRM Long Beach
> 1299 Seaside Avenue
> San Pedro CA 90731

  /s/ Cornelia J. B. Gordon
Cornelia J. B. Gordon
*Attorney for Receiver,*
*Thomas W. McNamara*