SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
Email: sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
Email: jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
N. NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
Email: nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW, Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (C.A. Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200, San Francisco, CA 94105
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>PLAINTIFF'S RESPONSE TO THE DECLARATION OF KAINE WEN IN RESPONSE TO THE COURT'S OCTOBER 7, 2022 ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND RELATED RELIEF<br><br>Hearing: Nov. 28, 2022, 11:00 AM<br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

1

PLAINTIFF'S RESPONSE TO DECL. OF KAINE WEN IN RESPONSE TO SHOW-CAUSE ORDER

Defendant Kaine Wen (Wen) fails to meet his burden to avoid a finding of contempt. In response to the Court's Show-Cause Order,[1] Wen submits his Declaration (Wen's Declaration or Declaration),[2] which is revealing for what he does not address. Wen does not: 1) disclaim any interest in the significant bitcoin identified in Ms. Pamela Clegg's report that the Court found was "highly probable" to be Wen's; 2) identify any attempts to transfer that bitcoin to the Receiver or an appropriate exchange, as required by the Show-Cause Order; 3) attempt to rebut the Show-Cause Order's finding that it is highly probable that Wen dissipated ether cryptocurrency in violation of the temporary restraining order and preliminary injunction; or 4) explain why Wen cannot transfer the dissipated ether to the Receiver or an appropriate cryptocurrency exchange account, as required by the Show-Cause Order.[3]

Rather, Wen continues to flout this Court's orders as part of a years-long pattern of contemptuous conduct and obfuscation. Indeed, the Court's Show-Cause Order required Wen to transfer all of his cryptocurrency "immediately,"[4] yet over five weeks later, as of November 14, Wen had transferred nothing.[5] Further, the Show-Cause Order concludes that the Bureau presented "clear and convincing evidence that Wen has violated the Court's prior orders,"[6] but instead of directly addressing that evidence, Wen claims he cannot remember transactions amounting to a significant fortune and, without any credible excuse, says he cannot transfer assets he admits he owns or controls.[7] Further, Wen continues to make nonspecific

---

[1] ECF No. 405.
[2] ECF No. 407.
[3] *See id.*
[4] ECF No. 405 at 2, 12.
[5] *See* ECF Nos. 406-407.
[6] ECF No. 405 at 11.
[7] *See* ECF No. 407 ¶¶ 7-9.

excuses in the Declaration that do not meet the "categorically and in detail" standard for failing to comply with a court's orders.[8] Wen's generic, self-serving, and unsupported statements reveal too little too late. The Court should also reject Wen's transparent effort to use the Fifth Amendment as a sword to avoid contempt while invoking it as a shield to conceal and retain his bitcoin and ether.

### A. Wen has not shown cause why he should not be held in contempt

The Show-Cause Order found that the Bureau presented clear and convincing evidence of Wen's contempt and ordered Wen to "immediately transfer the cryptocurrency assets listed [in the Show-Cause Order] to the Receiver or an account in Wen's name at a cryptocurrency exchange incorporated and headquartered in the United States."[9] The Show-Cause Order also required Wen to "show cause why he should not be held in civil contempt for failing to comply with the Temporary Restraining Order (TRO) and Preliminary Injunction (PI Order) previously entered in this matter."[10] Thus, the burden shifted to Wen to prove that he is not in contempt.[11] A party asserting inability to comply with a court order "must show categorically and in detail why he is unable to comply,"[12] including showing that he "took every reasonable step" to do so.[13] The burden to show impossibility is especially high where the impossibility is due to the contemnor's own actions.[14] Wen's Declaration fails to show cause why he should not be held in

---

[8] *Compare*, ECF No. 407 ¶¶ 7-9, *with* ECF No. 405 at 11 (citing *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)).
[9] ECF No. 405 at 1-2.
[10] ECF No. 405 at 12.
[11] ECF No. 405 at 11 (citing *FTC v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)).
[12] *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) (citation and internal quotation marks omitted).
[13] *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).
[14] *See Affordable Media*, 179 F.3d at 1239-44.

1 contempt.

### 1. Wen has not complied with the Show-Cause Order

Wen's Declaration and the Receiver's Status Report reveal that, as of November 14, Wen had not transferred any cryptocurrency, as required by the Show-Cause Order.[15] Moreover, Wen's Declaration indicates that he has made no effort to transfer the vast majority of his cryptocurrency addressed in the Show-Cause Order,[16] specifically the bitcoin and dissipated ether attributed to him in Ms. Clegg's report.[17] Rather, the limited, insufficient, and apparently unsuccessful efforts to comply outlined in Wen's Declaration address only a fraction of the cryptocurrency he must transfer.[18] As a result, Wen has not complied with the Court's Show-Cause Order.

### 2. Wen fails to rebut the clear and convincing evidence of his contempt or show he cannot comply with the Show-Cause Order

Wen fails to rebut the clear and convincing evidence that he concealed and dissipated significant bitcoin and ether.[19] Nor does Wen show that he cannot comply with the Show-Cause Order.

First, with respect to the bitcoin, Wen does not expressly dispute the evidence before the Court.[20] Instead, Wen claims, "I do not hold or control any cryptocurrency assets besides those listed on my March 1, 2021 Supplement to

---

[15] *See* ECF Nos. 406-407.
[16] *See* ECF No. 407.
[17] *See* Report of Pamela A. Clegg, ECF No. 365-3 [hereinafter Clegg Report], ¶¶ 15-18, App. E, Figures E-1 and E-19.
[18] *Compare*, ECF No. 407 ¶¶ 5-9, *with* Clegg Report ¶¶ 15-18, App. E, Figures E-1 and E-19, *and* Decl. of Theresa Ridder, ECF No. 365-5 ¶ 36 [hereinafter Ridder Decl.], Apps. B-2, C, D, and E.
[19] *See* ECF No. 405 at 1; Clegg Report ¶¶ 15-18, App. E, Figures E-1 and E-19; Ridder Decl., ¶ 36, Apps. B-2, C, D, and E.
[20] *See* ECF No. 407.

Amended and Corrected Individual Financial Statement."[21] Yet Wen never disclosed the bitcoin attributed to him in Ms. Clegg's report.[22] Significantly, Wen's Declaration does not dispute that that bitcoin is his or held for his benefit.[23] Instead, he claims that he does not "*hold or control*" it, while making no attempt to explain why he cannot transfer it as required by the Show-Cause Order.[24]

Second, as for the ether, Wen does not even attempt to address the Court's finding that he dissipated significant ether after entry of the TRO and in violation of the asset freeze.[25] As for the remaining ether, Wen acknowledges his ownership but continues to assert that it is held by an individual in China named "Sea."[26] To that end, Wen regurgitates many of the same self-serving statements about "Sea" that he made in his March 1, 2021 amended financial statement.[27] Wen would have the Court believe that he chose to entrust significant ether to an individual living abroad,[28] whose full name Wen purports not to know,[29] without any written agreement as to how "Sea" should manage Wen's ether,[30] and that Wen has not communicated with that individual for several years[31] (despite Wen's obligations to ensure third parties holding his assets complied with the asset freeze or repatriated assets held abroad).[32] Notably, other than his self-serving statements,

---

[21] ECF No. 407 ¶ 9.
[22] *See* ECF No. 365-6, Ex. 4 at 133, Ex. 7 at 177, Ex. 8. *See also* ECF No. 365-1 at 16:3-17, 17:11-18:12.
[23] *See* ECF No. 407.
[24] *See* ECF No. 407 ¶ 9.
[25] *See* ECF No. 407.
[26] ECF No. 407 ¶ 7.
[27] *Compare*, ECF No. 407 ¶¶6-7, *with* ECF No. 365-6, Ex. 8.
[28] ECF No. 407 ¶ 7.
[29] ECF No. 365-6, Ex. 13 at 240.
[30] Ex. 1, Kaine Wen Dep. Tr. at 66:9-12 [attached hereto].
[31] ECF No. 407 ¶ 7.
[32] *See* ECF No. 24, Sections VI, X; ECF No. 103, Sections VI, X.

Wen offers no evidence that "Sea" exists, that he ever communicated with "Sea" about the ether, or that "Sea" holds ether for Wen.[33] In not providing categorical and detailed information about "Sea" and his transactions and interactions with "Sea," Wen has failed to show that "Sea's" alleged control of the ether is grounds to avoid contempt.[34]

Wen also alleges, for the first time, that he has lost access to his sole means of communicating with "Sea," apparently by misplacing or otherwise losing access to certain login credentials.[35] To the extent that Wen had text communications with "Sea" about his ether, the TRO and PI Order, entered in 2019, required him to preserve those records, which it appears he may not have done.[36] To the extent that Wen now, for the first time, asserts that he recently sought to comply with the Show-Cause Order by trying to recover his WeChat login credentials,[37] he has not met his burden of showing that he "took every reasonable step" to comply with the orders of this Court.[38]

Finally, Wen also asserts that his cryptocurrency does not derive from the student loan debt relief business that is the subject of this litigation.[39] That fact is immaterial where the TRO and PI Orders froze all of Wen's assets, regardless of

---

[33] *See* ECF No. 407.
[34] *See Affordable Media*, 179 F.3d at 1241 (burden on party seeking to prove impossibility defense to a contempt charge especially high in the context of a foreign asset protection trust designed to operate to frustrate domestic courts).
[35] *See* ECF No. 407 ¶ 7.
[36] *See* ECF No. 24, Section III; ECF No. 103, Section III.
[37] *See* ECF No. 407 ¶ 7.
[38] *See Stone,* 968 F.2d at 856 n.9. With respect to the cryptocurrency held at Wen's Bittrex and Binance exchange accounts, Wen does not assert an inability to comply with the Show-Cause Order and appears to be prepared to transfer that cryptocurrency to the Receiver, although he had not done so as of November 14. *See* ECF Nos. 406-407.
[39] ECF No. 407 ¶ 9.

source.[40]

### B. Wen cannot use the Fifth Amendment as both a sword and a shield

Wen appears to improperly use the Fifth Amendment as both a sword and a shield.[41] First, Wen's Declaration asserts that he disclosed all cryptocurrency that he "holds or controls" on his March 1, 2021 amended financial statement,[42] yet he invoked the privilege against self-incrimination in response to the Court's March 16, 2021 order requiring him to disclose all of his virtual currency addresses and holdings and in response to Bureau discovery asking him to state his interest in the cryptocurrency addresses attributed to him in Ms. Clegg's report.[43] This invocation of the self-incrimination privilege belies the assertion in Wen's Declaration that the March 1, 2021 financial statement fully discloses his cryptocurrency.[44] Further, Wen avers, without supporting evidence, that he cannot access his ether because "Sea" controls it.[45] But in response to discovery seeking all documents reflecting Wen's interactions or transactions with "Sea" involving cryptocurrency,[46] Wen invoked the self-incrimination privilege,[47] even though he now claims he cannot

---

[40] *See* ECF No. 24, Section VI; ECF No. 103, Section VI.
[41] *See, e.g., Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) ("Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial.").
[42] ECF No. 407 ¶ 9.
[43] *See* ECF No. 277 at 8-9; ECF No. 364-6, Ex. 9 at 193; ECF No. 365-6, Ex. 17 at 366-68; ECF No. 365-6, Ex. 18 at 377-84. The Bureau's discovery did not inquire about two bitcoin addresses attributed to Wen in Ms. Clegg's report because the Bureau had not attributed those addresses to Wen at the time it issued the discovery. *See* ECF No. 365-1 at 19-20, n. 119.
[44] *See* ECF No. 407 ¶ 9.
[45] *See* ECF No. 407 ¶ 7.
[46] *See* ECF No. 364-6, Ex. 14 at 309-315.
[47] ECF No. 365-6, Ex. 4.

access those communications.[48] Wen cannot have it both ways: he cannot use the Fifth Amendment as a shield to avoid revealing information about his cryptocurrency interests and transactions while also using it as a sword to avoid contempt.[49]

      Accordingly, the current record before the Court supports a finding that Wen is in contempt and, as a result, should pay a daily fine or, given Wen's purported lack of financial resources, be remitted to coercive confinement until such time as he fully purges his contempt.

Dated: November 21, 2022          /s/ Jesse Stewart

                                             Jesse Stewart (N.Y. Bar No. 5145495)
                                             *Admitted pro hac vice*
                                             *Attorney for Plaintiff Bureau of Consumer Financial Protection*

---

[48] *See* ECF No. 407 ¶ 7.

[49] Though not necessary given the clear and convincing record evidence of Wen's contempt, adverse inferences are appropriate as to Wen's concealment and dissipation of the cryptocurrency attributed to him in Ms. Clegg's report, as set forth in the Bureau's Renewed Motion for a Show-Cause Order. *See* ECF Nos. 364-1 and 365-1 at 18:15-21:28.

# CERTIFICATE OF SERVICE

I certify that I caused true and correct copies of: 1) Plaintiff's Response to the Declaration of Kaine Wen in Response to the Court's October 7, 2022 Order Granting Plaintiff's Renewed Motion for Order to Show Cause Why Defendant Wen Should Not Be Held in Contempt and Related Relief; and 2) the associated exhibit, Exhibit 1, to be served on all parties registered to receive notice in this case via CM/ECF on November 21, 2022, and that physical copies of the same, together with this Certificate of Service, will be served on this date on *pro se* Defendant Kaine Wen by mailing via the United States Postal Service addressed to:

1) Kaine Wen
REG 79766-112
11750 RAMONA BLVD
EL MONTE, CA 91732

2) Kaine Wen
REG 79766-112
RRM Long Beach
1299 Seaside Avenue
San Pedro CA 90731

Dated: November 21, 2022      Respectfully Submitted,

/s/ Jesse Stewart

Jesse Stewart (N.Y. Bar No. 5145495)
*Admitted Pro Hac Vice*
*Attorney for Plaintiff Bureau of Consumer Financial Protection*