SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
Email: sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
Email: jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
N. NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
Email: nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW, Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200, San Francisco, CA 94105
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>PLAINTIFF'S STATUS REPORT PURSUANT TO THE OCTOBER 7, 2022 SHOW-CAUSE ORDER<br><br>Hearing: NA<br>Court: Hon. Michael W. Fitzgerald<br>Courtroom 5A |

1

PLAINTIFF'S STATUS REPORT PURSUANT TO THE OCTOBER 7, 2022 SHOW-CAUSE ORDER

Plaintiff the Bureau of Consumer Financial Protection (Bureau) submits this status report as required by the Court's October 7, 2022 Show-Cause Order.[1] The Show-Cause Order found that the Bureau presented clear and convincing evidence that Defendant Kaine Wen concealed and dissipated significant bitcoin and ether cryptocurrency in violation of the temporary restraining order (TRO) and the preliminary injunction (PI Order).[2] The Court ordered Wen to show cause and to immediately transfer his cryptocurrency, including the cryptocurrency dissipated in violation of the PI Order, to the Receiver or a cryptocurrency exchange account based in the United States.[3] As of the date of this filing, the Bureau understands that Wen has transferred to the Receiver the Monero and Stellar Lumens cryptocurrencies held in Wen's Bittrex account but has not transferred the majority of the cryptocurrency identified in the Show-Cause Order, specifically, the bitcoin and ether identified below.[4] Rather, Wen has continued his pattern of concealing assets, changing his story or, alternatively, invoking the Fifth Amendment privilege against self-incrimination as convenient, and ultimately failing to comply with this Court's orders.

**1.  Procedural Background**

This Court's 2019 TRO and PI Order froze all of Wen's assets and required him to disclose the same.[5] Shortly after the TRO, Wen signed a financial statement

---

[1] ECF No. 405 at 13.
[2] *See id.* at 11-12; ECF No. 365-3, Report of Pamela A. Clegg [hereinafter Clegg Report], Ex. 1 ¶¶ 15-18, 62-66; ECF No. 365-5, Decl. of Theresa Ridder [hereinafter Ridder Decl.], Ex. 3 ¶¶ 36-42.
[3] *See* ECF No. 405 at 12. The Court required that the exchange account be in Wen's name at an exchange incorporated and headquartered in the United States.
[4] Ex. 1 (December 5, 2022 email from Receiver Thomas McNamara to Jesse Stewart).
[5] ECF No. 24, Sections VI, VIII; ECF No. 103, Section VI.

1  representing that he had no cryptocurrency.[6] After inquiries from the Bureau about
2  his assets,[7] Wen amended his financial statement in December 2020, revealing
3  certain ether and bitcoin cryptocurrency.[8] Following a hearing on the Bureau's first
4  contempt motion,[9] Wen again amended his financial statement in March 2021,
5  revealing additional cryptocurrency and more detail about the previously disclosed
6  cryptocurrency,[10] but only a small portion of the cryptocurrency attributed to him
7  in the Show-Cause Order.[11]
8       As relevant here, the Bureau filed a renewed contempt motion in April 2022,
9  asserting that Wen was concealing and had dissipated significant cryptocurrency in
10 violation of the TRO and PI Orders.[12] In support of the renewed motion, the
11 Bureau submitted Ms. Clegg's report, which showed that at the time of the TRO,
12 Wen was concealing bitcoin at 24 addresses and a bitmex.com account, which he
13 had never disclosed, and that he had further concealed ether at 2 addresses.[13] The
14 Bureau's evidence further showed that the value of the cryptocurrency that Wen
15 concealed was more than eight times the value of the cryptocurrency that Wen
16 disclosed on his March 2021 amended financial statement.[14] And the Bureau's
17 evidence showed that Wen had dissipated cryptocurrency through the bitmex.com

---

[6] ECF No. 365-6, Ex. 4 at 133.
[7] ECF No. 365-6, Ex. 5.
[8] ECF No. 365-6, Ex. 7 at 177.
[9] *See* ECF No. 277 at 1.
[10] ECF No. 365-6, Ex. 8 at 188-90.
[11] *See* ECF No. 405 at 12; Clegg Report ¶¶ 15-18, 62-66; Ridder Decl. ¶¶ 36-42.
[12] ECF Nos. 364-365.
[13] *See* Clegg Report ¶¶ 15-18, 62-66, App. E, Figure E-1; Ridder Decl. ¶¶ 36-42.
[14] *Compare*, ECF No. 365-6, Ex. 8 at 188-90, *with* Clegg Report ¶¶ 15-18, 66, App. E, Figure E-1, *and* Ridder Decl. ¶¶ 36 Apps. B-2, C. This comparison is based on the low market value of the relevant holdings as of October 25, 2019. *See* Ridder Decl. at App. C (compare dollar value of row 1 of Appendix C to rows 3, 4, 5, and 6).

1  account and the 2 ether addresses.[15] The value of the dissipated cryptocurrency was
2  greater than the value of the cryptocurrency that Wen disclosed.[16] The Bureau's
3  evidence also showed that as of the date of Ms. Clegg's report, Wen continued to
4  hold significant bitcoin at 25 undisclosed bitcoin addresses and ether at 2 ether
5  addresses.[17] Ms. Clegg's report indicated that this cryptocurrency was held through
6  unhosted wallet addresses, meaning only the person with the private key could
7  control them.[18]

8  In the Show-Cause Order, the Court determined that "the thorough and
9  unopposed report of Ms. Clegg demonstrates that it is highly probable that
10 Defendant Wen violated the Court's previous orders by failing to disclose the
11 totality of his cryptocurrency assets and addresses and by making withdrawals
12 from assets previously ordered frozen."[19] The Court further stated, "[b]ecause the
13 Bureau has shown with clear and convincing evidence that Wen has violated the
14 Court's prior orders, the burden shifts to Wen to prove that he did not."[20] The
15 Court ordered Wen to show cause why he should not be held in contempt for his
16 violations.[21]

17 In response to the Show-Cause Order, Wen submitted a declaration claiming
18 that he was attempting to transfer previously disclosed cryptocurrency from his
19 Bittrex and Binance accounts to the Receiver.[22] With respect to the ether attributed

---

[15] *See* Clegg Report ¶¶ 62-66, 101-113; Ridder Decl. ¶¶ 39-42.
[16] *Compare*, ECF No. 365-6, Ex. 8 at 188-90, *with* Clegg Report ¶¶ 16-18, 62-66, *and* Ridder Decl. ¶¶ 39-42, Apps. B-2, C (compare dollar value of rows 3-6 of Appendix C to rows 2 and 9). This comparison is based on the low market value of the relevant holdings as of the date of Ms. Clegg's report.
[17] Clegg Report ¶ 16, App. E to Figure E-1.
[18] *Id.* ¶¶ 33, 114.
[19] ECF No. 405 at 10.
[20] *Id.* at 11.
[21] *Id.* at 12.
[22] ECF No. 407 ¶¶ 5-6.

to him in Ms. Clegg's Report, Wen admitted that he owned the ether but claimed it was held by an individual who he called "Sea," but did not provide a surname.[23] Wen said that he had not communicated with "Sea" for "several years" and that he could not log into the chat application that was his only means of communicating with "Sea."[24] Other than his own statements, Wen provided no evidence to show "Sea" exists or holds any cryptocurrency for him.[25] And Wen did not address the evidence that he dissipated over half of that ether,[26] other than to indicate at the November 28, 2022 show-cause hearing that he would assert the privilege against self-incrimination with respect to further details about the ether.

As for the bitcoin at the 25 unhosted wallet addresses attributed to him in Ms. Clegg's report, Wen claimed to lack documentation of his cryptocurrency and to be unable to remember his prior cryptocurrency transactions.[27] But then in apparent contradiction, Wen also asserted that all of his cryptocurrency is listed on his March 2021 amended financial statement.[28] At the show-cause hearing, Wen claimed for the first time (and not under oath), that he does not own or control the bitcoin at the addresses attributed to him in Ms. Clegg's report, even though he had previously invoked the privilege against self-incrimination when asked about that bitcoin.[29] Wen did not otherwise address the evidence that he dissipated bitcoin

---

[23] *Id.* ¶ 7.
[24] *Id.* Although Wen provided screenshots purporting to show his attempts to retrieve his chat application account, the screenshots provide insufficient information to conclude whether Wen ever had an account with the application and whether he ever used such an account to communicate with the individual he refers to as "Sea." *See id.* at 22-27. Nor has Wen provided any information to help identify "Sea."
[25] *See* ECF No. 407.
[26] *See id.*
[27] *Id.* ¶ 8.
[28] *Id.* ¶ 9.
[29] ECF No. 364-6, Ex. 9 at 193; ECF No. 365-6, Ex. 18 at 377-84.

through the bitmex.com account.[30] Nor did Wen provide any explanation of why the bitcoin attributed to him in Ms. Clegg's Report, which flowed into and out of cryptocurrency exchange accounts in his name or otherwise is associated with his accounts, does not belong to him.[31]

In response, the Bureau asserted that: 1) Wen had not rebutted the clear and convincing evidence of his contempt, 2) Wen had not shown categorically and in detail that he could not comply with the Show-Cause Order, 3) Wen's self-serving statements were not credible, and 4) though not necessary given the clear and convincing record evidence of Wen's contempt, an adverse inference was appropriate given Wen's invocation of the Fifth Amendment in response to the Court's March 2021 order requiring him to disclose his cryptocurrency and in response to discovery about his cryptocurrency.[32]

### 2. Current Status

The Bureau understands that Wen has transferred the following cryptocurrency to the Receiver: the Monero and Stellar Lumens held in Wen's Bittrex account and identified on Wen's March 2021 amended financial statement.[33] The Bureau understands that Wen has made some attempts but has not yet been successful in transferring the following cryptocurrency to the Receiver: the bitcoin held in Wen's Binance account and identified on Wen's March 2021 amended financial statement.[34]

---

[30] *See* ECF No. 407.
[31] *See id.*
[32] *See* ECF No. 408.
[33] Ex. 1. This understanding is based on representations made to the Bureau by the Receiver. *See id.* The Bureau has not received a sworn statement from Wen attesting to his compliance as required by the Show-Cause Order. The Bureau will update the Court with any additional information about the required transfers as appropriate.
[34] Ex. 1.

There is no evidence that Wen has transferred the additional cryptocurrency in the amounts referenced below, as required by the Show-Cause Order:

- The amount of bitcoin held as of March 29, 2022, at the 25 bitcoin addresses identified at Appendix E, Figure E-1, of Ms. Clegg's report.
- The amount of ether held as of March 29, 2022, at the 2 ether addresses identified at Appendix E, Figure E-1, of Ms. Clegg's report.
- The amount of bitcoin dissipated after entry of the TRO through the "Dan Dai" bitmex.com exchange account, which is attributed to Wen at paragraphs 62-66 of Ms. Clegg's report, and as further detailed at paragraphs 40-41 and Appendix E of Ms. Ridder's Declaration.
- The amount of ether dissipated after entry of the TRO through the 2 ether addresses identified at paragraphs 111-113 and Appendix E, Figure E-19, of Ms. Clegg's report.

Accordingly, the Bureau's position is that Wen has not complied with the Court's orders and the Court should find Wen in civil contempt.

Dated: December 5, 2022

Respectfully Submitted,

/s/ Jesse Stewart

Jesse Stewart (NY Bar No. 5145495)
*Admitted pro hac vice*
*Attorney for Plaintiff Bureau of Consumer Financial Protection*