Andrew M. Greene (SBN 167386)
agreene@mcnamarallp.com
Logan D. Smith (SBN 212041)
lsmith@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,
Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., <br><br> Defendants. | Case No. 8:19-cv-01998-MWF (KSx) <br><br> **MOTION TO APPROVE SETTLEMENT AGREEMENTS WITH NON-PARTIES (1) NATIONAL MERCHANT CENTER, INC. AND (2) SHIH-HAO LAI AKA JIMMY LAI AND SWIFT PAYMENTS** <br><br> JUDGE: Hon. Michael W. Fitzgerald <br> CTRM: 5A <br> DATE: March 20, 2023 <br> TIME: 10:00 a.m. |

The Court-appointed receiver, Thomas W. McNamara ("Receiver"), moves the Court to approve two separate proposed Settlement Agreements fully resolving an action styled *McNamara v. National Merchant Center, Inc., et al.* (C.D. Cal.), Case No. 8:21-cv-01122-MWF (KSx) (the "Action") between the Receiver, on the one hand, and National Merchant Center, Inc. ("NMC"), Shih-Hao Lai aka Jimmy Lai, and Swift Payments (collectively, "LAI"), on the other hand.  One settlement is between the Receiver and NMC and the other is between the Receiver and Lai. Provided the Court approves the Settlement Agreements, NMC will pay a total of

Three Hundred Forty Thousand Dollars ($340,000) and Lai will pay a total of Seventy-Five Thousand Dollars ($75,000) to the Receiver over four years, for a total potential value of at least Four Hundred Fifteen Thousand Dollars ($415,000) to the Receivership Estate.[1]

Following an extensive investigation, the Receiver concluded that NMC and Lai (collectively, the "NMC Defendants") were liable to the Receivership Estate as a result of their respective roles in aiding and abetting the fraudulent conduct of the underlying defendant entities. The Receiver, however, did not reach this conclusion hastily. The Receiver's pre-litigation investigation included reviewing thousands of emails and documents obtained from the Receivership Defendants, issuing subpoenas to and obtaining additional documents from the NMC Defendants and third parties and pursuing pre-lawsuit settlement discussions with NMC Defendants, including a mediation with NMC in July 2020.

It was only when all pre-litigation settlement efforts failed, that the Receiver filed the Action on June 28, 2021. The NMC Defendants thereafter aggressively defended against the claims and NMC filed counterclaims against the Receiver which were ultimately stayed by the Court. During the course of the litigation, the parties conducted a second mediation, this time before mediator Bruce Isaacs, Esq. on August 19, 2022, which mediation was unsuccessful.

While the parties then continued to proceed with the litigation to meet the Court's pretrial dates, including the retention and preparation of expert witnesses, the Receiver again made an earnest effort at resolving this matter beginning in December 2022 and reaching a settlement in principle in late January 2023, after extensive arms-length settlement negotiations between counsel. If the parties had been unable to reach a settlement, the Receiver would have incurred substantial additional expenses in preparing the matter for trial, with significant risks of

---

[1] The parties are aware of Local Rule 7-3, however, because there is no "opposing party" to this motion, said rule appears inapplicable in this context.

collection even if he prevailed at trial.  Additional information on the settlement negotiations and the Receiver's basis for settling his claims is provided in the Declaration of Thomas W. McNamara, filed concurrently under seal.

The general terms of the proposed settlements are as follows:

The NMC Settlement

Provided the Court approves the settlement, in exchange for the release of the Receiver's claims against NMC, NMC will pay Three Hundred and Forty Thousand Dollars ($340,000) to the Receiver in six payments paid over an approximately 4-year period.[2]  A true and correct copy of the NMC Settlement Agreement is attached as Exhibit 1 to the Declaration of Andrew M. Greene.

The NMC Settlement Agreement also provides the Receiver with a Stipulation of Judgment, in the amount of any unpaid portion, that the Receiver, or, after the close of the Receivership, the Consumer Financial Protection Bureau ("CFPB") can enter against NMC in the event of a default.  NMC Settlement Agreement ⁋ 5.2, Exhibit A.

The Lai Settlement

Provided the Court approves the settlement, in exchange for the release of the Receiver's claims against Lai, Lai will pay Seventy Five Thousand Dollars ($75,000) to the Receiver in 12 equal installments of $6,250 at 4 month intervals, beginning on March 31, 2023 and concluding on November 15, 2026.  A true and correct copy of the Lai Settlement Agreement is attached as Exhibit 2 to the Declaration of Andrew M. Greene.

The Lai Settlement Agreement also provides the Receiver with a Stipulation of Judgment, in the amount of any unpaid portion, that the Receiver, or, after the

---

[2] The first payment of $50,000 shall be paid on or before April 20, 2023.  Subsequent payments shall be paid on June 20, 2023 ($50,000); January 20, 2024 ($60,000); January 20, 2025 ($60,000); January 20, 2026 ($60,000); and January 20, 2027 ($60,000).  The settlement further provides NMC the ability to defer certain installments for 1 year (at 7% interest) if its net income is less than $100,000, however, the full amount must be paid no later than January 20, 2027.

close of the Receivership, the CFPB, can enter against Lai in the event of a default. Lai Settlement Agreement ¶ 5.2, Exhibit A.

Both Lai and NMC have provided the Receiver with information about their respective assets, including sworn financial information and tax returns, which establish that both would pose significant risk of recovery to the Receiver even if he was successful at trial. As discussed in more detail in the Declaration of Thomas W. McNamara filed under seal herewith, the NMC Defendants' limited assets were a substantial factor in the Receiver's decision to enter into the subject settlement agreements. Even still, the proposed settlements represent a substantial and principled return of assets to the Receivership Estate that was only reached after extensive arms-length settlement negotiations. They reflect the careful consideration of the claims and defenses and avoid the risk and expense of further litigation, trial and judgment recovery.

For the reasons set forth above, the Receiver hereby asks that the Court issue an order approving the Settlement Agreements.

Dated:  February 17, 2023                    MCNAMARA SMITH LLP


By: /s/ Andrew M. Greene
    Andrew M. Greene
    *Attorneys for Receiver,*
    *Thomas W. McNamara*