Andrew M. Greene (SBN 167386)
agreene@mcnamarallp.com
Logan D. Smith (SBN 212041)
lsmith@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al.,<br><br>         Defendants. | Case No. 8:19-cv-01998-MWF (KSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO PRESENT *IN CAMERA* THE DECLARATION OF THOMAS W. MCNAMARA IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AGREEMENTS WITH NON-PARTIES (1) NATIONAL MERCHANT CENTER, INC. AND (2) SHIH-HAO LAI AKA JIMMY LAI AND SWIFT PAYMENTS**<br><br>JUDGE: Hon. Michael W. Fitzgerald<br>CTRM:  5A |

## INTRODUCTION

Pursuant to Local Rule 79-6.2 and for good cause shown, Thomas W. McNamara, in his capacity as the Court-appointed receiver (the "Receiver"), hereby moves the Court for an order allowing the Declaration of Thomas W. McNamara (the "Declaration") in support of his Motion to Approve Settlement Agreements with Non-Parties (1) National Merchant Center, Inc. ("NMC") and (2) Shih-Hao Lai aka Jimmy Lai ("Lai") and Swift Payments ("Swift" and collectively with NMC and Lai the "NMC Defendants") (the "Motion") to be presented and reviewed *in camera*.

## I.

## LEGAL STANDARD

Under the Court's Preliminary Injunction, which appointed the Receiver with the full powers of an equity receiver, "the Receiver shall solely be the agent of this Court in acting as Receiver under this Order," and "shall be accountable directly to this Court." ECF No. 103 (Preliminary Injunction, or "PI") § 15 ("Appointment of Receiver"). "[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). "The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions." *Cf. SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 6060 (9th Cir. 1978) ("the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership."); *see also Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999).

Whether to permit a party to file *in camera* rests in the sound discretion of the district court. *See United States v. Zolin*, 491 U.S. 554, 572 (). This Court's

Local Rule 79-6.2 requires prior court approval before presenting a document for *in camera* review, and further states "[a] person seeking in camera review of a document must describe its general nature and establish why it should be reviewed in camera, citing the applicable legal standard." *In camera* review is not limited to documents for which a privilege is claimed but extends to confidential documents, the disclosure of which could cause harm to the party seeking protection. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("*in camera* inspection is a commonly-used procedural method for determining whether information should be revealed to other parties"); *Simpson v. University of Colorado*, 220 F.R.D. 354 (D. Colo. 2004) (*in camera* review of party's personal diary entries); *cf.* PI § XXI (authorizing Receiver to file portions of report to the Court "under seal and not served on the parties[,]" "if any of the required information would hinder the Receiver's ability to pursue receivership assets.").

## II.
## DISCUSSION

Here, the Receiver respectfully requests that the Court permit him to present his Declaration to the Court *in camera*, in order to be able to provide the Court with a fulsome and candid presentation of his analysis regarding the Receiver's proposed settlement with the NMC Defendants in a separate litigation, *McNamara v. National Merchant Center, Inc., et al.*, C.D. Cal. Case No. 8:21-cv-01122-MWF (KSx) (the "NMC Case"), which he initiated in his capacity as Receiver in this case.

The Receiver is seeking to provide information *in camera* in his role as the Court's agent, reporting directly and only to the Court, so that the Court may evaluate the proposed settlement with a complete picture. To that end, the Declaration provides relevant background and discusses the Receiver's litigation evaluation and strategy, and also the reasons why the Receiver believes the settlement is in the best interests of the Receivership Estate. Presenting the

Declaration *in camera* avoids any prejudice to the Receivership Estate if the settlement is not approved.

Filing or service of the Declaration, which serves as the Receiver's candid report to the Court on the proposed settlement, could hinder the Receiver's pursuit of his claims against the NMC Defendants, which claims are receivership assets. The presentation of such documents under seal and without service on the parties was contemplated previously. Specifically, Section XXI of the Court's Preliminary Injunction authorizes the Receiver to file portions of his reports to the Court "under seal and not served on the parties…if any of the required information would hinder the Receiver's ability to pursue receivership assets." Because the Declaration, which the Receiver believes "would hinder [his] ability to pursue receivership assets" if publicly filed and/or served on all parties, is not a report in the strictest sense, however, a separate order is requested to permit the Receiver to file his Declaration under seal and without service on the parties.

## III.
## CONCLUSION

For the foregoing reasons, the Receiver respectfully submits that the Court should grant his application to allow the Declaration to be presented *in camera* for the Court's review and consideration.

Dated: February 17, 2023          MCNAMARA SMITH LLP

By:   /s/ Andrew M. Greene
      Andrew M. Greene
      *Attorneys for Receiver,*
      *Thomas W. McNamara*