Case 8:19-cv-01998-MWF-KS   Document 428   Filed 02/24/23   Page 1 of 17   Page ID #:13490

CASE NO. 8:19-CV-01998-MWF(KSx)



Kaine Wen
146 Bishop Lndg
Irvine, CA 92620
Telephone: 626-563-7908
kainewen@gmail.com
In Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc. d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; Sarah Kim, and Anan Enterprise, Inc.,<br><br>Relief Defendants | CASE NO. 8:19-CV-01998 MWF (KSx)<br><br>Hon. Michael W. Fitzgerald<br><br>**KAINE WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT**<br><br>Date: N/A<br>Time: N/A<br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: N/A<br><br>Action Filed: October 21, 2019 |

1

---

CASE NO. 8:19-CV-01998-MWF(KSx)

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19 and this Court's procedures, I, Kaine Wen, hereby apply *ex parte* to reopen discovery and continue the hearing on Plaintiffs' Motion for Summary Judgment (the "Motion") under, respectively, Rules 16(b)(4) and 56(d) of the Federal Rules of Civil Procedure.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint commencing this action on October 21, 2019. (ECF No. 2). Pursuant to the Court's scheduling order, non-expert discovery closed on December 1, 2022. Plaintiffs filed their Motion on January 30, 2023. (ECF No. 423 to No. 425)

## LEGAL STANDARDS AND ARGUMENTS

### A. Legal Standard - FRCP Rule 16(b)(4)

Federal Rules of Civil Procedure encourages district courts to set scheduling orders identifying various deadlines, including the completion of discovery. Non-expert discovery for this case closed on December 1, 2022. However, the Rules and deadlines are not so inflexible that they cannot be modified at the discretion of the Court.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides:

> A schedule may be modified only for good cause and with the judge's consent.

Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion as to whether to reopen discovery, the Court considers the following factors: (1) Whether trial is imminent; (2) Whether the request to

2

reopen or extend discovery is opposed; (3) Whether the non-moving party would be prejudiced; (4) Whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) The foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) The likelihood that the discovery will lead to relevant evidence. *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) cert. granted in part, 519 U.S. 926, 117 S. Ct. 293, judgment vacated on other grounds, 520 U.S. 939, 117 S. Ct. 1871 (1997), citing, *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987).

Further, courts have held that a party satisfies the good cause requirement to modify a scheduling order when it is necessary to depose a potential witness whose testimony may not otherwise be obtainable for trial. *Dixon v. Certainteed Corp.*, No. CIV.A. 94-2310-GTV, 1996 WL 635781, at *1 (D. Kan. Oct. 29, 1996).

### B. Under an Analysis of FRCP Rule 16(b)(4), Good Cause Exists For Modifying the Scheduling Order and Reopening Discovery

The Court may modify its scheduling order upon a showing of good cause. Further, the good cause requirement is satisfied if the moving party seeks to depose a potential witness whose testimony may not otherwise be obtainable for trial. Here, good cause exists for modifying the scheduling order and reopening discovery.

1. Trial is Not Imminent.

Trial is currently set for May 2, 2023. Plaintiffs have sought an extension of the trial date to September 12, 2023 and I have met and conferred with Plaintiffs. Plaintiffs' email

requesting an extension of the trial date is attached hereto as Exhibit A. I do not oppose the proposed extension. There is adequate time to conduct discovery under Plaintiffs' proposed trial date.

2. Plaintiffs Oppose Reopening Discovery.

Plaintiffs oppose reopening discovery. However, Plaintiffs are willing to agree to extend the hearing on the Motion by five weeks to April 24, 2023 if the trial date is extended to September 12, 2023. Plaintiffs' email proposing an extension of the trial date and moving the hearing on the Motion is attached hereto as Exhibit B.

3. Plaintiffs Will Incur No Prejudice.

There is no evidence that reopening discovery will prejudice Plaintiffs. Although reopening discovery may inconvenience Plaintiffs, it is not prejudicial for all parties to obtain relevant evidence.

4. I Have Been Limited in My Ability to Obtain Discovery Within the Guidelines Established by the Court.

I have had very limited ability to conduct discovery prior to non-expert discovery closing on December 1, 2022 because I was under the supervision of the Federal Bureau of Prisons ("BOP") from September 3, 2021 to December 23, 2022.

From September 3, 2021 to August 8, 2022, I was in custody at Federal Correctional Institution ("FCI") Sheridan in Oregon. From August 8 to December 23, 2022, I was under temporary housing, monitoring, and transitional services at the GEO Residential Reentry Center ("RRC") in El Monte, California. I had no access to the internet

or a cell phone, computer, laptop, tablet, or typewriter while at FCI Sheridan and only limited access to a cell phone and internet while at RRC El Monte. FCI Sheridan and RRC El Monte did not allow privileged attorney-client meetings nor in-person visitations during their COVID-19 modified operations. CorrLinks, the federal prison email system, did not provide for file attachments in emails. FCI Sheridan and RRC El Monte caused some of my physical mail, including Plaintiffs' productions in this case, to be lost, with FCI Sheridan also destroying all mail whenever there was potential contamination from illegal contraband such as fentanyl.

My time under BOP supervision occurred during the 15 months leading up to the discovery deadline of December 1, 2022, and as a result I was not able to have privileged and confidential communications with my attorney and I did not receive all the filings, documents, and evidence in this case. I have been appearing *pro se* since May of 2022 when Matthew Eanet, my previous attorney, withdrew from this case. I have been working full-time, 40 hours per week, since August 24, 2022. The totality of these factors has significantly limited my ability to conduct discovery in this case.

5. Additional Discovery is Needed In Light of the Time Allowed for Discovery by the Court.

Plaintiffs' Motion contains 225 purported undisputed facts. Plaintiffs' Motion references new evidence and raises new issues. I request reopening discovery on matters that Plaintiffs have raised in their Motion, including numerous disputed factual issues.

CASE NO. 8:19-CV-01998-MWF(KSx)

6. It is Likely That the Discovery Will Lead to Relevant Evidence.

I seek to conduct the following discovery to contradict the purported undisputed facts in Plaintiffs' Motion and evaluate the amount of damages sought, all of which is relevant evidence in this case:

   a. Depose and/or serve written interrogatories on declarant Albert Kim. Mr. Kim is a Defendant in this case and has entered into a Stipulated Final Judgment and Order, which includes a cooperation provision. (ECF No. 383). Plaintiffs' Motion relies heavily on Mr. Kim's declaration.

   b. Depose and/or serve written interrogatories on declarant Tuong Nguyen. Mr. Nguyen is a Defendant in this case and has entered into a Stipulated Final Judgment and Order, which includes a cooperation provision. (ECF No. 210). Plaintiffs' Motion relies heavily on Mr. Nguyen's declaration. Plaintiffs' Motion is the first time I became aware of Mr. Nguyen's declaration, as Mr. Nguyen's declaration was submitted while I was in custody at FCI Sheridan which I never received.

   c. Attempt to obtain declarations from witnesses, including former employees, to dispute factual issues in the Motion.

   d. Serve written discovery on the Receiver regarding the amount that has been recovered to date in connection with this action.

   e. Serve written discovery on Plaintiffs regarding the amount that has been recovered to date in connection with this action. My previous email requests

6

CASE NO. 8:19-CV-01998-MWF(KSx)

to Plaintiffs attempting, unsuccessfully, to obtain this information are attached hereto as Exhibit C.

7. <u>It is Necessary to Depose a Potential Witness Whose Testimony May Not Otherwise Be Obtainable for Trial.</u>

I seek to depose declarant Mr. Kim, who is a potential witness whose testimony may not otherwise be obtainable for trial. To the best of my knowledge, Mr. Kim has pleaded guilty to criminal charges and will turn himself into federal custody in the near future and make him unavailable to testify at trial. Mr. Kim is currently not in BOP custody so now is the best opportunity for Mr. Kim to appear for a deposition. A screenshot of the BOP website showing Mr. Kim's status as of February 24, 2023 is attached hereto as Exhibit D.

C. **Legal Standard - FRCP Rule 56(d)**

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Generally, Rule 56(d) allows a court to deny or postpone a motion for summary judgment "if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

To prevail on a Rule 56(d) motion, "the parties opposing a motion for summary judgment must make (a) a timely application [that] (b) specifically identifies (c) relevant

7

CASE NO. 8:19-CV-01998-MWF(KSx)

information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citations and internal quotations omitted).

The nonmoving party also must indicate how the information sought could defeat summary judgment, but does not have to prove the discovery it seeks necessarily will do so. The Ninth Circuit has explained that "Summary judgment should not be granted while [an] opposing party timely seeks discovery of potentially favorable information." *Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th Cir. 1987) (citation omitted).

D. **Under an Analysis of FRCP Rule 56(d), a Continuation of the Hearing on the Motion for Summary Judgment is Warranted**

If this Court grants modifying the scheduling order and reopening discovery, then a continuation of the hearing on the Motion is warranted to allow for the requested discovery.

1. The Application is Timely.

The Rule 56(d) application is timely If this Court grants modifying the scheduling order and reopening discovery.

2. The Application Specifically Identifies Information.

Through discovery, I seek to create a genuine issue of the purported undisputed facts in Plaintiffs' Motion, including those relying on the declarations of Mr. Kim and Mr. Nguyen. I also seek to obtain information regarding the amount that has been recovered to date in connection with this action in order to evaluate the amount of damages sought in the Motion.

CASE NO. 8:19-CV-01998-MWF(KSx)

### 3. The Application Identifies Relevant Information.

I seek to conduct the discovery discussed in this application to contradict the purported undisputed facts in Plaintiffs' Motion and evaluate the amount of damages sought, which is relevant evidence in this case.

### 4. There is Some Basis for Believing That the Information Sought Actually Exists.

The information sought includes depositions and/or written interrogatories of declarants Mr. Kim and Mr. Nguyen, potential declarations of witnesses, and written discovery to the Receiver and Plaintiffs to obtain an accurate accounting of the assets and amounts that the Receiver and Plaintiffs have received as part of settlements, turnovers, or otherwise in connection with this action.

## E.  Alternatively, I Respectfully Request an Extension of the Hearing Date on the Motion for Summary Judgment

In the event this Court does not grant modifying the scheduling order and reopening discovery under FRCP 16(b)(4) or continuing the hearing on the Motion under FRCP 56(d), I respectfully request an extension of the hearing on the Motion, and related briefing schedule, to April 24, 2023, the same extension Plaintiffs have indicated they are willing to agree to.

I need additional time to complete my opposition to Plaintiff's long and voluminous Motion, which is over 1,500 pages and contains numerous facts in dispute. The Statement of Undisputed Facts in support of the Motion (ECF No. 423-1) is 70 pages. The Exhibits

CASE NO. 8:19-CV-01998-MWF(KSx)

in support of the Motion (ECF No. 423-2 to No. 423-5) are 1,393 pages. The Memorandum in support of the Motion (ECF No. 423-6) is 44 pages.

## CONCLUSION

For the reasons set forth herein, I respectfully request this Court grant this Ex Parte Application in its entirety and: (1) Modify the scheduling order and reopen discovery on matters that Plaintiffs have raised in their Motion; and (2) Continue the hearing on the Motion to allow for the requested discovery. Alternatively, in the event this Court does not grant the former request, I respectfully request this Court enter an Order granting an extension of the hearing on the Motion to April 24, 2023, the same date that Plaintiffs have indicated they are willing to agree to.

Executed on February 24, 2023 at Los Angeles County, California.

Respectfully submitted,

*/s/ Kaine Wen*

Kaine Wen

KAINE WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT

CASE NO. 8:19-CV-01998-MWF(KSx)

# EXHIBIT A

 Gmail

Kaine Wen <kainewen@gmail.com>

---

**CFPB v. CAC - request for meet and confer regarding proposed changes to scheduling order**

Preis, Sarah (CFPB) <Sarah.Preis@cfpb.gov>  Tue, Feb 14, 2023 at 9:00 AM
To: "kainewen@gmail.com" <kainewen@gmail.com>
Cc: "Stewart, Jesse (CFPB)" <Jesse.Stewart@cfpb.gov>, "Dimock, Nathan (CFPB)" <Neve.Dimock@cfpb.gov>, Christina Tusan <christina.tusan@lacity.org>, William Pletcher <william.pletcher@lacity.org>, Miguel Ruiz <miguel.j.ruiz@lacity.org>, "Weaver, Lynne" <LWEAVER@ncdoj.gov>, "Romanoff, Evan" <Evan.Romanoff@ag.state.mn.us>

Dear Mr. Wen,

We write regarding the scheduling order in place in *Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc., et al*, Case No. 8:19-cv-01998 MWF (KSx). Plaintiffs would like to seek an extension of the trial date and the pretrial deadlines in this matter. We think an extension would benefit all parties and can explain further during our call with you regarding this proposed extension. Pursuant to the Trial Court's Orders (ECF 350, ECF 378, attached) and the Local Rules for the Central District of California, extending the trial date and final pretrial conference would also extend several deadlines tied to those dates. For example, the meeting of counsel before the final pretrial conference currently must take place before March 8, 2023, but under the proposed revised schedule, would have to take place prior to July 19, 2023. *See* L.R. 16-2. Relatedly, we would like to confirm that you intend for this matter to be tried before the judge and without a jury.

We would like to set up a time to meet and confer with you regarding Plaintiffs' proposed extension. If you agree with the requested relief, then we can style this as a joint motion, or we can note that you do not oppose the requested relief.

Please let us know if you are available this week for a call to discuss, ideally sometime tomorrow (Wednesday, February 15) or Thursday (February 16).

Thanks and we look forward to hearing from you,

Sarah

|  | Current | Proposed |
|---|---|---|
| File Status Report Regarding Settlement | March 27, 2023 | August 7, 2023 |

KAINE WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT

CASE NO. 8:19-CV-01998-MWF(KSx)

| | | |
|---|---|---|
| File Motions *In Limine* and *Daubert* Motions | | |
| Lodge Pretrial Conference Order<br><br>File Oppositions to Motions *in Limine* | April 3, 2023 | August 14, 2023 |
| Lodge Findings of Fact and Conclusions of Law,<br><br>and Summaries of Direct Testimony | April 10, 2023 | August 22, 2023 |
| Final Pretrial Conference and Hearing<br><br>on Motions *in Limine* | April 17, 2023, at 11:00 a.m. | August 28, 2023 at 11:00 a.m. |
| Court Trial (Est. 10 to 40 Days) | May 2, 2023, at 8:30 a.m. | September 12, 2023 at 8:30 a.m. |

2 attachments

- 350 - Scheduling Order.pdf
  172K
- 378 - Revised Scheduling Order.pdf
  119K

12

KAINE WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT

CASE NO. 8:19-CV-01998-MWF(KSx)

# EXHIBIT B

 Gmail

Kaine Wen <kainewen@gmail.com>

**CFPB v. CAC - request for meet and confer regarding proposed changes to scheduling order**

**Stewart, Jesse (CFPB)** <Jesse.Stewart@cfpb.gov>  Fri, Feb 17, 2023 at 12:32 PM
To: Kaine Wen <kainewen@gmail.com>, "Preis, Sarah (CFPB)" <Sarah.Preis@cfpb.gov>
Cc: "Dimock, Nathan (CFPB)" <Neve.Dimock@cfpb.gov>, Christina Tusan <christina.tusan@lacity.org>, William Pletcher <william.pletcher@lacity.org>, Miguel Ruiz <miguel.j.ruiz@lacity.org>, "Weaver, Lynne" <LWEAVER@ncdoj.gov>, "Romanoff, Evan" <Evan.Romanoff@ag.state.mn.us>

Dear Mr. Wen,

Thank you for meeting and conferring with us yesterday about our proposed extension of the pretrial and trial deadlines. During our call, you indicated that you would agree to the dates proposed below if we would agree to moving the hearing date on Plaintiffs' motion for summary judgment back to April 17, to allow you four additional weeks to file an opposition to Plaintiffs' motion. You indicated that you need more time due to the complexity of the issues, that you may dispute some facts, and that you may need to hire an attorney. We agreed to raise your request with our managers, and also asked if you would consider a shorter extension of two or three weeks (you indicated that was not acceptable).

Due to Bureau staff's leave schedules, we are unable to accommodate a four-week extension of your opposition deadline to March 27. That said, we are willing to agree to a slightly shorter extension (albeit longer than what we originally suggested) in an effort to reach an agreement. Specifically, we are willing to agree to moving the hearing on our motion for summary judgment to April 24, provided that your opposition would be due March 22 (just three fewer business days than you requested) and our reply would be due April 5. We think this proposal accommodates our timing constraints and provides you more time to address the concerns you raised. Please note that when we originally calendared the March 20 hearing date, we scheduled it seven weeks after our filing rather than the four-week minimum required by the local rules, thus allowing you four weeks to prepare an opposition. And given the circumstances, we think this still provides you ample time to prepare an opposition brief.

Please let us know as soon as possible if you agree to the above schedule related to Plaintiffs' summary judgment motion and Plaintiffs' proposed pre-trial and trial schedule, as set forth below. We can only agree to extend the summary judgment briefing schedule if you will agree to extend the trial dates, as otherwise the new summary judgment hearing date would be about a week before trial is to start, which we do not believe would be an efficient use of the parties' or the Court's time.

In addition, during our call yesterday, we asked you to clarify whether you seek a jury trial on any issues. As we noted, you made a demand for a jury trial but your prior attorney did not indicate that you sought a jury trial in the Rule 26(f) report. You stated that you would get back to us by Monday, February 22, regarding whether you would like to try any issues before a jury. Please note that we do not necessarily agree that you are entitled to a jury trial.

We look forward to hearing from you at your earliest convenience and thank you,

Jesse

Jesse Stewart
Enforcement Attorney

KAINE WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT

# EXHIBIT C

 Gmail

Kaine Wen <kainewen@gmail.com>

## CFPB v. Consumer Advocacy Center, et al. Settlement Offer

Kaine Wen <kainewen@gmail.com>  Sun, Jan 8, 2023 at 4:31 PM
To: "Dimock, Nathan (CFPB)" <Neve.Dimock@cfpb.gov>
Cc: "Stewart, Jesse (CFPB)" <Jesse.Stewart@cfpb.gov>, "Preis, Sarah (CFPB)" <Sarah.Preis@cfpb.gov>, Christina Tusan <christina.tusan@lacity.org>, Miguel Ruiz <miguel.j.ruiz@lacity.org>, "Romanoff, Evan" <Evan.Romanoff@ag.state.mn.us>, "Weaver, Lynne" <LWEAVER@ncdoj.gov>, William Pletcher <william.pletcher@lacity.org>, "Ramirez- Velazquez, Annais (CFPB)" <Annais.Ramirez-Velazquez@cfpb.gov>

Dear Mr. Dimock,

I am in receipt of your settlement letter dated January 5, 2023.

I am agreeable to the proposed injunctive relief and provisions.

Regarding the proposed monetary relief, please provide an accounting, including descriptions and amounts, of all assets and settlements that Plaintiffs have received thus far in this case.

Regarding the transfer of assets, I am agreeable to transfer the assets that I do own, hold, or control. However, I am unable and therefore cannot agree to transfer those assets that I do not own, hold, or control.

I look forward to your response.

Best,

Kaine Wen

*Confidentiality Disclaimer: This e-mail correspondence and its attachments (if any) are intended exclusively for the above named addressee(s) and intended to be privileged and confidential. If they have come to you in error, please immediately notify the sender about the error and delete all copies of this e-mail correspondence along with its attachments. Thank you.*

[Quoted text hidden]

CASE NO. 8:19-CV-01998-MWF(KSx)

 Gmail

Kaine Wen <kainewen@gmail.com>

---

**CFPB v. Consumer Advocacy Center, et al. Settlement Offer**

**Kaine Wen** <kainewen@gmail.com>   Tue, Jan 10, 2023 at 12:13 AM
To: "Dimock, Nathan (CFPB)" <Neve.Dimock@cfpb.gov>
Cc: "Stewart, Jesse (CFPB)" <Jesse.Stewart@cfpb.gov>, "Preis, Sarah (CFPB)" <Sarah.Preis@cfpb.gov>, Christina Tusan <christina.tusan@lacity.org>, Miguel Ruiz <miguel.j.ruiz@lacity.org>, "Romanoff, Evan" <Evan.Romanoff@ag.state.mn.us>, "Weaver, Lynne" <LWEAVER@ncdoj.gov>, William Pletcher <william.pletcher@lacity.org>, "Ramirez- Velazquez, Annais (CFPB)" <Annais.Ramirez-Velazquez@cfpb.gov>

<u>Confidential Settlement Communication (FRE 408)</u>

Dear Mr. Dimock,

The final judgments do not provide an accounting or even summary of the amounts that Plaintiffs received as a result of the settlements or defaults. For example, the 1st Generation Holdings and Infinite Management Corp Stipulated Final Judgment and Order lists bank account information in Paragraphs 24-25 and Attachment A, but the amounts in those accounts are unknown. In another example, the First Priority and True Count Staffing Default Judgment and Order does not provide the amounts in the companies' bank accounts and merchant reserve accounts that the Plaintiffs received.

Perhaps the Receiver may have a full accounting of the assets and amounts that Plaintiffs have received thus far in this case.

I look forward to your response.

Best,

Kaine Wen

*Confidentiality Disclaimer: This e-mail correspondence and its attachments (if any) are intended exclusively for the above named addressee(s) and intended to be privileged and confidential. If they have come to you in error, please immediately notify the sender about the error and delete all copies of this e-mail correspondence along with its attachments. Thank you.*
[Quoted text hidden]

15

---

KAINE WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT



Kaine Wen <kainewen@gmail.com>

### CFPB v. Consumer Advocacy Center, et al. Settlement Offer

**Kaine Wen** <kainewen@gmail.com>  Tue, Jan 10, 2023 at 8:05 PM
To: "Dimock, Nathan (CFPB)" <Neve.Dimock@cfpb.gov>
Cc: "Stewart, Jesse (CFPB)" <Jesse.Stewart@cfpb.gov>, "Preis, Sarah (CFPB)" <Sarah.Preis@cfpb.gov>, Christina Tusan <christina.tusan@lacity.org>, Miguel Ruiz <miguel.j.ruiz@lacity.org>, "Romanoff, Evan" <Evan.Romanoff@ag.state.mn.us>, "Weaver, Lynne" <LWEAVER@ncdoj.gov>, William Pletcher <william.pletcher@lacity.org>, "Ramirez- Velazquez, Annais (CFPB)" <Annais.Ramirez-Velazquez@cfpb.gov>

**Confidential Settlement Communication (FRE 408)**

Dear Mr. Dimock,

As an initial matter, we note that you have not responded to our request that you "please identify which assets you contemplate turning over as part of a negotiated settlement?" Please provide that information to us as soon as possible so that we can evaluate your counteroffer prior to transmitting our settlement conference statements to the Court.

- I contemplate turning over all the assets listed in your January 5, 2023 settlement letter except the cryptocurrency that I do not own, hold, or control, specifically the 1,073 bitcoin and 3,527 ether. Additionally, the Reus car stereo system was returned to Tesla when the vehicle lease expired. I will disclaim any interest in those assets.

Second, please provide us immediately with a physical address to serve you with the Court's order holding you in contempt, and a mailing address where we can serve you with physical copies of filings and case-related documents. We have made repeated requests for this information and, despite your responses to other portions of emails, you refuse to provide this important information.

- I responded in a separate email.

Finally, as to your request for an accounting of the "assets and amounts" that have been transferred to plaintiffs in connection with this matter, we do not understand how that request is relevant to our settlement discussions. Plaintiffs have proposed the imposition of civil money penalties, one of several available independent forms of relief. 12 U.S.C. § 5565(a)(2). The civil penalty calculation under 12 U.S.C. § 5565(c) does not contemplate the amount of redress previously collected in the matter. Please explain how that information is relevant to our settlement discussions.

- Your January 5, 2023 settlement letter indicates monetary relief in the form of an "order imposing civil penalties totaling $100 million" and the footnote "Provided, however, that the states reserve the discretion to designate any monetary payment to the states as civil penalties or used for the purpose of providing redress to consumers." It seems unfair to me for the CFPB to get a windfall by electing to treat the assets I turn over as penalties. I hope we can resolve this during the settlement conference.

Best,

Kaine Wen

*Confidentiality Disclaimer: This e-mail correspondence and its attachments (if any) are intended exclusively for the above named addressee(s) and intended to be privileged and confidential. If they have come to you in error, please immediately notify the sender about the error and delete all copies of this e-mail correspondence along with its attachments. Thank you.*

[Quoted text hidden]

16

KAINE WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT

CASE NO. 8:19-CV-01998-MWF(KSx)

# EXHIBIT D

| Home (/) | About Us (/about/) | Inmates (/inmates/) | Locations (/locations/) | Careers (/jobs/) | Business (/business/) | Resources (/resources/) | Contact Us (/contact/) |

## Find an inmate

Find By Number (index.jsp)   Find By Name

**First Name**
Albert

**Middle Name**

**Last Name**
Kim

**Race**

**Sex**
Male

**Age**

[Search]   Clear Form

1 result found.

1. **Name:** ALBERT KIM
   **Register Number:** 79916-112
   **Age:** 42
   **Race:** Asian
   **Sex:** Male
   **Release Date:** UNKNOWN
   **Location:** Not in BOP custody

New Search

Our records contain information about federal inmates incarcerated from 1982 to the present.
About the locator & record availability (/inmateloc/about_records.jsp)

| About Us (/about/) | Inmates (/inmates/) | Locations (/locations/) | Careers (/jobs/) | Business (/business/) | Resources (/resources/) | Resources For ... (/resources/) |
| About Our Agency (/about/agency/) | Find an Inmate (/inmateloc/) | List of our Facilities (/locations/list.jsp) | Life at the BOP (/jobs/life_at_the_bop.jsp) | Acquisitions (/business/acquisitions.jsp) | Policy & Forms (/resources/policy_and_forms/) | Victims & Witnesses (/resources/victim_resources.jsp) |

17

---

KAINE WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT