**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (DC Bar No. 997387)
(admitted *Pro Hac Vice*)
Tel.: (202)-435-9318
Email: sarah.preis@cfpb.gov
JESSE STEWART (NY Bar No. 5145495)
(admitted *Pro Hac Vice*)
Tel.: (202)-435-9641
Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (DC Bar No. 487743)
(admitted *Pro Hac Vice*)
Tel.: (202) 435-9198
Email: nathan.dimock@cfpb.gov
1700 G Street, NW,
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200,
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov/Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

*Additional Counsel for Plaintiffs Listed on Next Page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>    Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO REOPEN DISCOVERY AND CONTINUE HEARING ON THE MOTION FOR SUMMARY JUDGMENT**<br><br>Court:  Hon. Michael W. Fitzgerald<br>Date:  N/A<br>Time:  N/A<br>Place:  N/A |

*Additional Counsel for Plaintiffs Listed Below:

**THE PEOPLE OF THE STATE OF CALIFORNIA**
HYDEE FELDSTEIN SOTO, City Attorney (CA Bar No. 106866)
CHRISTINA V. TUSAN, Supvr. Assistant City Attorney (CA. Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA Bar No. 212664)
MIGUEL RUIZ, Deputy City Attorney (CA Bar No. 240387)
Office Of the City Attorney
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012-4131
Tel: (213) 473-6908/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *Pro Hac Vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 728-4126/Email: evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (NC Bar No. 19397)
(admitted *Pro Hac Vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000 / Fax: (919) 716-6050
Email: lweaver@ncdoj.gov
*Attorney for Plaintiff the State of North Carolina*

Plaintiffs the Bureau of Consumer Financial Protection, the State of Minnesota, the State of North Carolina, and the People for the State of California (collectively, Plaintiffs) oppose Wen's "Ex Parte Application to Reopen Discovery and Continue the Hearing on the Motion for Summary Judgment." Wen identified all the information he now seeks at least seventeen months ago in the Defendant's section of the Joint 26(f) report and one month later in own his initial disclosures, but declined to propound any affirmative discovery during the fourteen-month discovery period (both when represented by counsel and when representing himself as an active *pro se* party. Wen then waited for nearly three months after the close of discovery and a month after Plaintiffs moved for summary judgment to seek the requested relief on the business day before his response was due. Under these circumstances, neither Federal Rule of Civil Procedure 16, nor Federal Rule of Civil Procedure 56(d), provide a proper basis for this Court to reopen discovery. The Court should not reward Wen's gamesmanship and should deny Wen's *ex parte* application. [1]

**Relevant Background**

Plaintiffs filed suit against Wen and other defendants on October 21, 2019, seeking a temporary restraining order, asset freeze, appointment of receiver, and other equitable relief to halt defendants' unlawful student-loan debt-relief operation that caused over $95 million in harm to tens of thousands of consumers nationwide. [2] The Court issued a temporary restraining order the same day, finding Plaintiffs were "likely to prevail on the merits in this

---

[1] Wen's use of an *ex parte* application to seek the requested relief is improper because the "crisis" requiring *ex parte* relief is entirely of his own making. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (explaining that *ex parte* applications are not intended to "save the day for parties who have failed to present requests when they should have . . . .") (citation omitted).

[2] *See* ECF Nos. 2, 3, 314-315.

action."[3] Wen filed an answer to the First Amended Complaint on August 7, 2020.[4] The Court granted Wen's original attorneys' motion to withdraw as his counsel on September 3, 2020.[5] Matthew Eanet entered his appearance to represent Wen on September 15, 2020.[6]

Discovery under Federal Rule of Civil Procedure 26 opened on September 10, 2021, after the parties met and conferred pursuant to Rule 26(f).[7] On September 21, 2021, the parties filed their Corrected Joint 26(f) Report.[8] In that report, Plaintiffs identified Albert Kim and Tuong Nguyen as percipient witnesses.[9] The active Defendants at the time, including Wen, specifically identified Kim and Nguyen as percipient witnesses, along with other unspecified former employees.[10] With respect to damages, those Defendants further stated that, "any award must . . . be offset by refunds to consumers and amounts already paid in settlement or otherwise by other Defendants or third parties."[11] Wen's and the Bureau's initial disclosures similarly identified Kim, Nguyen, and defendants' former employees as witnesses that the parties expected to use to support their claims or defenses.[12]

On December 9, 2021, the Court entered the prior scheduling order, setting July 1, 2022, as the non-expert discovery cut-off and setting trial for

---

[3] ECF No. 24 ¶ 2.
[4] ECF No. 192.
[5] ECF No. 215.
[6] ECF No. 220.
[7] Declaration of Jesse Stewart [hereinafter Stewart Decl.] ¶ 4. The Court's temporary restraining and preliminary injunction orders authorized Plaintiffs to conducted limited expedited discovery before Rule 26 discovery opened. *See* ECF No. 24 § XXIII; ECF No. 103 § XXVIII.
[8] ECF No. 331.
[9] ECF No. 331 at 12.
[10] ECF No. 331 at 13.
[11] ECF No. 331 at 16.
[12] Stewart Decl. ¶¶ 6-7; Ex. 1 at 6-10; Ex. 2 at 33-35.

November 1, 2022.[13] On January 21, 2022, the Bureau transmitted to Wen's then-current counsel additional materials that the Bureau may use to support its claims, including the November 17, 2021 declaration of Tuong Nguyen and accompanying exhibits.[14] The Bureau and the State of California served discovery on Wen in February and March, 2022.[15] On May 4, after serving boilerplate objections to the outstanding discovery,[16] Wen's counsel, Mr. Eanet, filed a motion to withdraw,[17] which the Court granted on May 6.[18] Wen has represented himself *pro se* since then.[19]

On May 24, 2022, the Court entered a revised scheduling order on motion by Plaintiffs, resetting the discovery cut-off to December 1, 2022, the motion for summary judgment filing deadline to January 30, 2023, and rescheduling trial for May 2, 2023.[20] In May 2022, Wen refused to speak with Plaintiffs related to Plaintiffs' outstanding discovery and appears to have returned service that Plaintiffs mailed to him.[21] Wen failed to cooperate in discovery, and on August 9, 2022, the Court issued an order compelling Wen to respond to the Bureau's and State of California's outstanding discovery.[22] On October 17 and 18, 2022, Wen provided amended responses to the Bureau's first and second requests for admissions served on Wen in February and March of 2022, but to date he has failed to comply with the Court's order compelling

---

[13] ECF No. 350 at 2.
[14] Stewart Decl. ¶ 9.
[15] Stewart Decl. ¶¶ 10-11, 13.
[16] Stewart Decl. ¶¶ 12, 14.
[17] ECF No. 372.
[18] ECF No. 372.
[19] Stewart Decl. ¶ 15.
[20] ECF No. 378.
[21] Stewart Decl. ¶¶ 17-18; Ex. 3.
[22] ECF No. 398.

him to adequately respond to Plaintiffs' interrogatory and document requests.[23] On October 17, 2022, the Bureau produced to Wen the September 29, 2022 declaration of Albert Kim and associated exhibits via mail and email.[24] Although Wen never propounded any discovery before the December 1, 2022 discovery cut-off,[25] the Bureau made other rolling productions to Wen as it obtained or identified additional information during the course of discovery that it may use to support its claims.[26]

On December 19, 2022, Plaintiffs notified Wen of their anticipated motion for summary judgment and requested to meet and confer with him about extending the page limits for that motion.[27] On January 11, 2023, Plaintiffs met and conferred with Wen regarding their anticipated motion.[28] On January 30, 2023, Plaintiffs filed their motion for summary judgment, setting a hearing date of March 20, 2023.[29] Wen's opposition was therefore due by February 27, 2023.[30]

On February 14, 2023, Plaintiffs emailed Wen about amending the scheduling order.[31] During a meet and confer on February 16, 2023, Plaintiffs explained that they proposed limited extensions of the pre-trial and trial deadlines for efficiency and effectiveness, specifically to conserve resources of the Court and the parties given that a summary judgment ruling could make trial unnecessary or narrow the issues for trial.[32] During the meet and confer, Wen

---

[23] Stewart Decl. ¶¶ 21-22, 37.
[24] Stewart Decl. ¶ 20.
[25] Stewart Decl. ¶¶ 37.
[26] Stewart Decl. ¶¶ 6, 9, 23.
[27] Stewart Decl. ¶ 24; Ex. 4.
[28] Stewart Decl. ¶ 27.
[29] ECF No. 423.
[30] *See* L.R. 7-9.
[31] Stewart Decl. ¶ 29; Ex. 5 at 54-55.
[32] Stewart Decl. ¶ 31.

PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO REOPEN DISCOVERY AND CONTINUE HEARING

indicated that he would only agree to Plaintiffs' proposal if Plaintiffs agreed to continue the hearing on the summary judgment motion four weeks to April 17.[33] At the time, Wen claimed he needed more time to respond to the motion due to the complexity of the issues, because he might dispute some facts, and because he might hire an attorney.[34] On February 17, 2023, Plaintiffs emailed Wen, indicating that they would agree to extend the deadline for him to respond to Plaintiffs' summary judgment motion by a little more than three weeks if he agreed to the revised pretrial and trial schedule.[35] On February 21, 2023, in responding to Plaintiff's proposed briefing and trial schedule, Wen indicated for the first time that he sought to reopen discovery.[36] Plaintiffs informed Wen of their opposition to reopening discovery.[37] In lieu of filing an opposition to the pending summary judgment motion by the February 27, 2023 deadline, Wen filed the instant *ex parte* application on February 24, 2023, and served it on Plaintiffs via ECF on February 27, 2023, the same day his opposition to the motion was due.[38]

## Argument

I.   **Wen Fails to Show Good Cause for Reopening Discovery Under Rule 16**

Wen fails to establish good cause under Federal Rule of Civil Procedure 16 for revising the scheduling order to reopen discovery. Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of the inquiry under Rule 16 is on

---

[33] *Id.*
[34] *Id.*
[35] Stewart Decl. ¶ 32; Ex. 5 at 51-52.
[36] Stewart Decl. ¶ 33; Ex. 5 at 50-51.
[37] Stewart Decl. ¶ 36.
[38] Stewart Decl. ¶ 38; ECF Nos. 428-429.

PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO REOPEN DISCOVERY AND CONTINUE HEARING

the diligence of the party seeking to amend the schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If the [moving] party was not diligent, the inquiry should end"). Courts also consider 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) the foreseeability of the need for

additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), *vacated on other grounds*, 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997).

Here, Wen has been dilatory, not diligent, in pursuing the discovery he now seeks. All the issues Wen now wishes to explore in discovery were mentioned in his own initial disclosures.[39] Yet Wen did not seek *any* discovery during the over fourteen months when discovery was open. Pursuant to Rule 26(d)(1), general discovery in this matter opened on September 10, 2021. Despite Wen's assertion that his ability to conduct discovery was "limited" by his incarceration in early September 2021, including because he lacked access to cell phone or personal computing device, he has not shown he was unable to diligently pursue discovery during his incarceration.[40] Indeed, Wen was represented by counsel for nearly eight months of his incarceration, and he does not dispute that he was capable of propounding at least some discovery—for example, handwritten requests sent by mail—during the remaining three months he was in FCI Sheridan. Further, Wen had over four and half months from the time he was released from FCI Sheridan until the close of discovery to conduct discovery or to seek an extension of the discovery cutoff. Instead, he

---

[39] *See* Stewart Decl. ¶ 7; Ex. 2.
[40] *See* ECF No. 428 at 4-5.

1   waited to file an *ex parte* application to re-open discovery more than twelve
2   weeks after it closed, nearly four weeks after Plaintiffs filed their motion for
3   summary judgment, and on the eve of the deadline for him to respond to
4   Plaintiffs' motion. Because Wen did not act diligently in pursuing the discovery
5   he now seeks, his request to reopen discovery should be rejected.  *See Hamilton*
6   *v. Orange Cnty. Sheriff's Dep't,* 854 F. App'x 938, 939 (9th Cir. 2021) (moving
7   party failed to establish good cause to reopen discovery where defendant failed
8   to explain why no timely discovery was conducted or why she waited until after
9   non-moving party filed for summary judgment to seek to re-open discovery);
10  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)
11  (explaining that if a party seeking to modify a scheduling order 'was
12  not diligent, the inquiry should end' and the motion to modify should not be
13  granted.") (citation omitted).
14       The remaining factors also weigh against Wen's request to reopen
15  discovery. First, trial is imminent, as it is currently set for May 2, 2023.[41]
16  Second, Plaintiffs oppose Wen's motion. Third, Plaintiffs would be prejudiced
17  should discovery reopen because they have diligently pursued this case and
18  devoted significant resources to date. Plaintiffs should not be forced to dedicate
19  further resources due to Wen's tactics. Fourth, Wen makes no effort to address
20  whether his purported need for more time was foreseeable, which is perhaps
21  unsurprising given that the facts show he had ample time to conduct discovery
22  during the discovery period. Finally, although at least some of the requested
23  discovery could lead to relevant information,[42] as discussed below, Wen fails to
24  show that any of it would make a difference in the ultimate outcome of this

25  [41] ECF No. 378.
26  [42] Evidence regarding the amount recovered from other Defendants to date is
27  not relevant to Wen's underlying liability or the amount he should pay in civil
    money penalties and legal restitution.
28  PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO REOPEN DISCOVERY AND CONTINUE HEARING

case, and the mere prospect of uncovering "relevant" information alone is not a sufficient basis for reopening discovery. *Cf. Johnson,* 927 F.2d at 610-11 (explaining disregard of deadlines would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.").

## II.   Wen Fails to Show That Additional Discovery Under Rule 56(d)(2) is Warranted

Wen also fails to show that additional discovery is warranted under Rule 56(d) because he cannot present facts "essential" to justify his opposition to Plaintiffs' pending summary judgment motion. Federal Rule of Civil Procedure 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party requesting discovery under 56(d)(2) must show "(1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.,* 899 F.3d 666, 678 (9th Cir. 2018) (emphasis in original). Moreover, the party seeking the continuance or denial must have "diligently pursued previous discovery opportunities." *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) (discussing standard of review and quoting *Panatronic USA v. AT & T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002)).

Here, despite identifying several categories of discovery, Wen fails to identify any "specific facts" he hopes to elicit through discovery that would warrant the relief requested, nor does he explain how any specific facts are "essential" to oppose summary judgment. Instead, Wen generally avers that he

seeks (1) "to create a genuine issue of the purported undisputed facts in Plaintiffs' Motion, including those relying on the declarations of Mr. Kim and Mr. Nguyen"; and (2) *"information regarding the amount that has been recovered to date in connection with this action in order to evaluate the amount of damages sought in the Motion."*[43] *Ex Parte* App. at 8. This level of generality falls far short of what is required under Rule 56(d). *See Stevens,* 899 F.3d 666, 679 (9th Cir. 2018) (affirming denial of where declaration failed to enumerate any "specific facts" or provide any basis or factual support for [their] assertions that further discovery would lead" to those facts) (internal quotation and citation omitted). Wen's interpretation of Rule 56(d) would turn the entire civil discovery process on its head – a party could engage in no discovery, wait until the opposing party files for summary judgment, and then seek general discovery in an attempt to rebut the pending summary judgment motion.

Finally, Wen's failure to conduct any discovery since this action was filed further disfavors any continuance. As the Ninth Circuit held in *Brae Transp., Inc. v. Coopers & Lybrand*, "Having taken no discovery, [a nonmovant] can hardly argue at this late date that the district court abused its discretion in ruling on the summary judgment in light of the fact that [the nonmovant] itself failed to pursue the procedural remedy which the Federal Rules so clearly provided." *Brae*, 790 F.2d 1439, 1443 (9th Cir. 1986) (citations and quotations omitted); *accord Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827-28 (9th Cir. 2008) (affirming denial of Rule 56(d) motion where nonmovant failed to file timely motions to compel and extend discovery). As a result, the Court should deny Wen's *ex parte* application.

---

**PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO REOPEN DISCOVERY AND CONTINUE HEARING**

9

III.    **Wen's Request in the Alternative to Postpone the Hearing on the Motion for Summary Judgment Should be Denied**

To the extent the Court declines to reopen discovery, Wen asks the Court to postpone the hearing on Plaintiffs' summary judgment motion from March 27, 2023, to April 24, 2023, in the alternative. Wen's request should be denied.

Wen use of the *ex parte* application process to circumvent the deadline for his opposition to the pending motion is improper. Wen waited until the last business day before his motion was due to file his *ex parte* application and, as a result, did not obtain the extension before his opposition was due on February 27, 2023. Wen's timing is inexcusable. Wen has known that Plaintiffs intended to file for summary judgment since at least December 19, 2022, and the mtion has been pending for nearly a month. Tellingly, Wen provides no justification for seeking *ex parte* relief, perhaps because he understands that any exigency is purely of his own making given that he could have sought the information during the discovery period and he could have sought relief sooner. Wen's gamesmanship and disregard for the deadlines set forth in the Local Rules should not be rewarded: Wen's request for additional time should be denied.

If the Court nonetheless is inclined to grant Wen's request for additional time, Plaintiffs respectfully submit that a revised scheduling order also is appropriate. If Wen's requested extension is granted, there will be an even shorter period of time in advance of trial for the Court to rule on Plaintiffs' Motion. Plaintiffs are not presently requesting an extension of deadlines given Wen's *ex parte* application, but if the Court is nonetheless inclined to postpone the hearing on the pending Motion, then Plaintiffs respectfully request an extension of all pretrial deadlines as set forth at page [insert] of Ex. 5 to the Declaration of Jesse Stewart.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that Wen's *Ex Parte* Application to Reopen Discovery and Continue the Hearing on the Motion for Summary Judgment should be denied.

Dated: February 28, 2023

By: */s/ Sarah Preis*
Sarah Preis (D.C. Bar No. 997387)
(admitted *pro hac vice*)
Email: sarah.preis@cfpb.gov
Jesse Stewart (N.Y. Bar No. 5145495)
(admitted *pro hac vice*)
Email: jesse.stewart@cfpb.gov
N. Nathan Dimock
(D.C. Bar No. 487743)
Email: nathan.dimock@cfpb.gov
(admitted *pro hac vice*)
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

By: */s/ M. Lynne Weaver*
M. Lynne Weaver (N.C. Bar No. 19397)
(admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Tel.: (919) 716-6039
Fax: (919) 716-6050
Email: lweaver@ncdoj.gov
*Attorney for Plaintiff State of North Carolina*

By: */s/ Evan Romanoff*
Evan Romanoff
(Atty. Reg. No. 0398223)
(admitted *pro hac vice*)
Assistant Attorney General

PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO REOPEN DISCOVERY AND CONTINUE HEARING

11

445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 728-4126
Fax: (651) 296-7438
Email: evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

By: */s/ Christina Tusan*
Christina Tusan
Supervising Deputy City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012
Tel.: (213) 473-6908
Email: christina.tusan@lacity.org
*Attorney for Plaintiff the People of the State of California*

I, Sarah Preis, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Sarah Preis*
Sarah Preis

**PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO REOPEN DISCOVERY AND CONTINUE HEARING**

12