# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., <br><br> Defendants. | CASE NO. 8:19-cv-01998 MWF <br><br> **DECLARATION OF JESSE STEWART IN SUPPORT OF PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION TO REOPEN DISCOVERY AND CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing: NA <br> Court: Hon. Michael W. Fitzgerald <br> Courtroom: 5A |

I, Jesse Stewart, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a citizen of the United States and am over eighteen (18) years of age. I am employed as a Senior Litigation Counsel with the Bureau of Consumer Financial Protection (Bureau) in the Office of Enforcement. My mailing address is 1700 G Street NW, Washington, DC 20522. I am an attorney for the Bureau as Plaintiff in the above-captioned case, appearing *pro hac vice*.

2. This declaration is submitted in support of Plaintiffs' Opposition to *Ex Parte* Application to Reopen Discovery and Continue Hearing on Plaintiffs' Motion for Summary Judgment.

3. The facts set forth herein are based on my personal knowledge or information made known to me in the course of my official duties.

4. On September 10, 2021, the then-active parties, including Plaintiffs and defendant Kaine Wen (through his former counsel), met and conferred telephonically pursuant to Federal Rule of Civil Procedure 26(f).

5. On September 21, 2021, the parties filed their Corrected Joint 26(f)

Report. (ECF No. 331). In that report, Plaintiffs identified Albert Kim and Tuong Nguyen as percipient witnesses. (*Id.* at 12.) Defendants, including Wen, specifically identified Kim and Nguyen as percipient witnesses, along with other unspecified former employees. (*Id.* at 13.). Defendants, including Wen, stated that "most records are in the possession, custody or control of the Receiver or Plaintiffs." (*Id.*) With respect to damages, Defendants, including Wen, further stated "that any award must account for Defendants' legitimate business expenses, and that any award must be offset by refunds to consumers and amounts already paid in settlement or otherwise by other Defendants or third parties." (*Id.* at 16.)

6. On October 12, 2021, the Bureau served its initial disclosures on Wen, identifying Kim and Nguyen, along with several former employees, as likely to have discoverable information that the Bureau may use to support its claims. (Ex. 1 at 6-10.) The Bureau's initial disclosures also listed documentary evidence that the Bureau may use to support its claims. (*Id.* at 21-25.) Together with its initial disclosures, the Bureau served on Wen documents that it may use to support its claims. **Exhibit 1** is a true and accurate copy of the Bureau's October 12, 2021 initial disclosures, without attachments.

7. Also on October 12, 2021, Wen served his initial disclosures on the parties. In his initial disclosures, Wen identified Kim, Nguyen, and the Receiver as likely to have discoverable information that Wen may use to support his claims or defenses. (Ex. 2 at 33, 35.) Wen's initial disclosures also referred to unidentified "[f]ormer employees of Consumer Advocacy Center Inc., True Count Staffing Inc., and Prime Consulting LLC" as likely to have discoverable information that Wen may use to support his claims or defenses. (*Id.* at 34.) Wen's initial disclosures further identified as documents that he may use to support his claims or defenses "[d]ocuments concerning The Student Loan Companies business operations, financial affairs and business expenses, compliance efforts, disciplinary efforts and

preventative measures." (*Id.* 2 at 35-36.) **Exhibit 2** is a true and accurate copy of Wen's October 12, 2021 initial disclosures.

8. On December 9, 2021, the Court entered the prior scheduling order, setting July 1, 2022, as the non-expert discovery cut-off. (ECF No. 350 at 2.)

9. On January 21, 2022, the Bureau transmitted to Wen via UPS (and through his then-current counsel) additional materials that the Bureau may use to support its claims, including the November 17, 2021 declaration of Tuong Nguyen and accompanying exhibits.

10. On February 19, 2022, the Bureau served its first set of requests for admissions on Wen.

11. On February 22, 2022, the People of the State of California (State of California) served its first requests for production of documents and its first set of interrogatories on Wen.

12. On March 24, 2022, Wen (through his former counsel) served Plaintiffs with his responses to the Bureau's and State of California's February discovery. Wen's responses consisted only of boilerplate objections to each request, and failed to provide any substantive answers or documents in response.

13. On March 30, 2022, the Bureau served its first requests for production of documents, first set of interrogatories, and second set of requests for admissions on Wen.

14. On April 29, 2022, Wen (through his former counsel) served Plaintiffs with his responses to the Bureau's March 30 discovery. As before, Wen's responses consisted only of boilerplate objections to each request, again failing to provide substantive responses or documents.

15. On May 4, 2022, Wen's then-counsel filed an application to withdraw, indicating that Wen intended to proceed *pro se*. (ECF No. 371.) The Court granted the application on May 6. (ECF No. 372.) Wen has represented

himself *pro se* since that time.

16. On May 24, 2022, the Court entered a revised scheduling order on motion by Plaintiffs. (ECF No. 378.) The discovery cut-off was reset to December 1, 2022, the motion for summary judgment filing deadline was set for January 30, 2023, and trial was rescheduled to commence on May 2, 2023. (*Id.*)

17. On May 26, 2022, in the context of seeking to meet and confer with Wen regarding Plaintiffs' outstanding discovery to him, Wen declined to speak with Plaintiffs' counsel during a call that was arranged through Wen's correctional counselor.

18. On or about June 13, 2022, the Bureau received an envelope containing the Court's May 6, 2022 order on Wen's former counsel's request to withdraw as his attorney (ECF No. 372), the Court's Scheduling Notice and Order of May 9, 2022 (ECF No. 373), and associated correspondence, which the Bureau had served on Wen at FCI Sheridan via First Class United States Mail on May 10, 2022. The envelope containing the June 13, 2022 packet was stamped, "Return to Sender" with a handwritten note that appears to state, "Return to Sender. I'm refused [sic] to accept." **Exhibit 3** is a true and accurate copy of the envelope and its contents.

19. On August 9, 2022, the Court issued an order compelling Wen to respond to the Bureau's and State of California's outstanding discovery. (ECF No. 398.)

20. On October 17, 2022, the Bureau produced to Wen a September 29, 2022 declaration of Albert Kim and associated exhibits via mail and email.

21. On October 17, 2022, Wen provided amended responses to the Bureau's first requests for admissions on Wen.

22. On October 18, 2022, Wen provided amended responses to the Bureau's second requests for admissions on Wen.

4
STEWART DECLARATION ISO PLAINTIFFS' OPPOSITION TO WEN'S *EX PARTE* APPLICATION

23. On November 29, 2022, the Bureau produced additional documents to Wen that it may use to supports its claims and documents on which the Bureau's damages computation is based.

24. On December 19, 2022, Bureau counsel emailed Wen requesting a meet and confer regarding enlarging the page limit for summary judgment briefing, noting that Plaintiffs anticipated filing a motion for summary judgment. **Exhibit 4** is a true and accurate copy of Plaintiffs December 19, 2022 email to Wen.

25. On December 20, 2022, Wen responded to Bureau counsel's December 19, 2022 email.

26. On January 5, 2023, Bureau counsel emailed Wen requesting his availability to meet and confer about Plaintiffs' anticipated motion for summary judgment.

27. On January 11, 2023, Plaintiffs met and conferred with Wen regarding their anticipated motion for summary judgment.

28. On January 30, 2023, Plaintiffs filed their motion for summary judgment, setting a hearing date for March 20, 2022. (ECF No. 423.)

29. On February 14, 2023, Bureau counsel emailed Wen regarding amending the scheduling order.

30. On February 15, 2023, Wen responded to Bureau counsel's February 14, 2023 email, proposing extending his deadline to respond to the summary judgment motion.

31. On February 16, 2023, Plaintiffs and Wen met and conferred regarding scheduling. During that call, Wen did not raise reopening discovery. Plaintiffs proposed extending the pre-trial and trial deadlines for efficiency and effectiveness, specifically to conserve resources of the parties and the Court given that a summary judgment ruling could make trial unnecessary or narrow the issues for trial. During the call, Wen initially requested continuing the summary judgment

hearing, currently scheduled for March 20, by eight weeks. Later, Wen indicated that he would agree to Plaintiffs proposed pre-trial and trial schedule if Plaintiffs agreed to continue the summary judgment hearing by four weeks. At the time, Wen claimed he needed more time to respond to the Motion due to the complexity of the issues, that he may dispute some facts, and that he may hire an attorney.

32. On February 17, 2023, Bureau counsel responded to Wen's February 15, 2023 email, indicating that Plaintiffs would agree to extend the deadline for him to respond to Plaintiffs' summary judgment motion by a little more than three weeks if he agreed to Plaintiffs proposed pretrial and trial schedule. In that email, Bureau counsel also requested Wen's position on a jury trial, noting that he made a demand for a jury trial but his former attorney did not indicate that Wen sought a jury trial in the Rule 26(f) report or proposed schedule.

33. On February 21, 2023, Wen responded to Bureau counsel's February 17, 2023 email, indicating for the first time that he sought to reopen discovery.

34. On February 21, 2023, Bureau counsel responded to Wen's February 21, 2023 email, agreeing to meet on February 22, 2023, but noting that Plaintiffs would likely oppose his request.

35. On February 22, 2023, Wen emailed Plaintiffs indicating that "I wish to retain my rights to a jury trial for the claims where a jury trial is available to me." **Exhibit 5** is a true and accurate copy of the email chain described at paragraphs 29-30 and 32-35.

36. On February 22, 2023, Plaintiffs met and conferred with Wen about reopening discovery. Wen indicated that he planned to move under Rule 56(d) and that he would seek 90-120 days of additional discovery. When asked, Wen did not identify any other authority for his motion. Plaintiffs indicated that they opposed reopening discovery. The parties did not further discuss extending other deadlines.

37. As of the date of this declaration, Wen has not responded to the

1  Bureau's or the State of California's interrogatories and document requests served
2  on Wen in February and March, 2022. Wen did not propound any discovery on
3  Plaintiffs in this matter.
4      38.    On February 27, 2023, at approximately 12:17 and 12:19 pm Eastern
5  Time, I received service via ECF of Wen's *ex parte* application to reopen
6  discovery and continue the hearing on the motion for summary judgment and
7  associated declaration and exhibits, ECF Nos. 428-429.
8      39.    I declare under penalty of perjury that the foregoing is true and correct
9  to the best of my knowledge and belief.

11 Executed on February 28, 2023.            Respectfully submitted,
12                                           */s/ Jesse Stewart*
13                                           Jesse Stewart
14                                           Silver Spring, Maryland