# Exhibit 1

**BUREAU OF CONSUMER FINANCIAL PROTECTION**
NATHAN DIMOCK (D.C. Bar No. 487743)
(Admitted *pro hac vice*)
Tel.: (202) 435-9198 / Email: nathan.dimock@cfpb.gov
SARAH PREIS (D.C. Bar No. 997387)
(admitted *Pro Hac Vice*)
Tel.: (202)-435-9318 / Email: sarah.preis@cfpb.gov
JESSE STEWART (N.Y. Bar No. 5145495)
(admitted *Pro Hac Vice*)
Tel: (202)-435-9641 / Email: jesse.stewart@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016

LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov/Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>Plaintiff,<br><br>vs.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, *et al*.,<br><br>Defendants. | Case No.: 8:19-cv-01998 MWF (KSx)<br><br>**PLAINTIFF BUREAU OF CONSUMER FINANCIAL PROTECTION'S INITIAL DISCLOSURES** |

Pursuant to Fed. R. Civ. P. 26(a), Plaintiff Bureau of Consumer Financial Protection ("Bureau") makes the following initial disclosures to individual defendants Kaine Wen and Albert Kim, corporate defendant TAS 2019 LLC ("TAS"), and relief defendant Sarah Kim.

The Bureau expressly reserves the right to clarify, revise, correct, or supplement any of its initial disclosures at any time, and it will supplement its

disclosures as necessary consistent with Fed. R. Civ. P. 26(e). No information contained in these disclosures should be construed as a waiver of any applicable privileges, including, but not limited to, the protections accorded attorney work-product. This information is being supplied for discovery purposes only, pursuant to Rule 26, and should not be shared, filed with the Court, or made publicly available unless all personally identifiable information has been redacted and all other requirements under the stipulated protective order (Docket No. 246) have been met.

## I. Rule 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information that the Bureau May Use to Support its Claims

The persons and entities listed below are likely to have discoverable information that the Bureau may use to support its claims, as well as the subjects of that information. Due to the ongoing nature of the Bureau's fact development, the lists should not be read to limit the subject matter(s) about which particular individuals may have discoverable information. Consistent with Rule 26(e), the Bureau will supplement these disclosures if it identifies additional individuals not named below who it determines may have discoverable information that the Bureau may use to support its claims.

These disclosures do not include the names of any potential experts that may be retained or consulted by the Bureau. The Bureau will produce information relating to experts as may be appropriate under Fed. R. Civ. P. 26(a)(2) at the times provided by that Rule or any supervening order of the Court.

### A. Defendants and Relief Defendants

Defendants, relief defendants, and their employees, former employees, independent contractors, and service providers, agents, and investors are likely

to have discoverable information that the Bureau may use to support its claims, including but not limited to information relating to:

1. The relationships between the defendants.

2. The relationships between the defendants and the relief defendants.

3. The organizational structure and business operations of the Student Loan Debt Relief Companies (SLDRs)[1] and Payment Companies.[2]

4. The services that the SLDRs offered consumers.

5. The identities of the owners, general partners, limited partners, investors, employees, independent contractors, service providers, and agents of the SLDRs and Payment Companies.

6. The roles and responsibilities of Albert Kim and Kaine Wen relating to the operation of the SLDRs and Payment Companies.

7. The roles and responsibilities of Albert Kim, Kaine Wen, employees of the SLDRs, and Jimmy Lai relating to the creation and operation of TAS.

8. The relationship between TAS, Horizon Consultants LLC, the SLDRs, and the other Payment Companies.

9. The number and identity of consumers who purchased services from the SLDRs and the amount and timing of the fees paid by consumers.

---

[1] In these disclosures, the "Student Loan Debt Relief Companies" or "SLDRs" means defendants Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; and Prime Consulting LLC, d/b/a Financial Preparation Services, and any other names by which they may have been known.

[2] In these disclosures, the "Payment Companies" means defendants TAS 2019 LLC, d/b/a Trusted Account Services, Horizon Consultants LLC, and First Priority LLC.

10.     The roles and responsibilities of Albert Kim and Kaine Wen in the SLDRs' fees and fee-charging practices, including charging advance fees to consumers.

11.     The sales and marketing practices of the SLDRs, including but not limited to misrepresentations and omissions about obtaining lower payments, placing loans into forbearance, the purpose of fees paid by consumers to the SLDRs and Payment Companies (including whether the payments would go toward paying down consumers' student loan debts), the accuracy of information submitted to loan servicers, and loan forgiveness.

12.     The practices of the SLDRs relating to preparing and submitting both forbearance requests and loan consolidation and income driven repayment (IDR) plan applications, including representations made by the SLDRs to student loan servicers in the course of preparing and submitting those documents.

13.     The roles and responsibilities of Albert Kim and Kaine Wen in the Student Loan Debt Relief Companies' sales and marketing practices.

14.     Consumer complaints against the SLDRs, any corresponding responses by the SLDRs, and the role of Albert Kim and Kaine Wen in reviewing and responding to those consumer complaints.

15.     Albert Kim and Kaine Wen's knowledge or recklessness with respect to the SLDRs' representations to consumers and fee-charging practices.

16.     Albert Kim and Kaine Wen's substantial assistance to the SLDRs in their deceptive acts or practices.

17.     The amount of money the SLDRs and Payment Companies collected in advance fees from consumers through their deceptive acts or practices.

18.     The disposition of the proceeds from the defendants' unlawful acts or practices, including transfers to and payments made on behalf of the defendants and relief defendants.

19.     Defendants' knowledge or recklessness with respect to the alleged violations, as relevant to potential civil money penalties under 12 U.S.C. § 5565(c).

The individuals and entities that the Bureau has identified at this time are listed below. The contact information listed below is based on information currently available to the Bureau.

| Name | Address | Telephone |
|------|---------|-----------|
| 1st Generation Holdings, LLC | c/o Julian Burns King, Esq. King and Siegel LLP 724 South Spring Street Suite 201 Los Angeles, CA 90014 | 213-465-4802 |
| Adon J. Janse | Redacted Costa Mesa, CA Redacted | Redacted |
| Albert Kim | c/o Julian Burns King, Esq. King and Siegel LLP 724 South Spring Street Suite 201 Los Angeles, CA 90014 | 213-465-4802 |
| Casey R. Kulek | Redacted Mission Viejo, CA Redacted | |
| Christian J. Sangalang, a/k/a Christian Stark | Redacted Laguna Hills, CA Redacted | |

| Name | Address | Telephone |
|---|---|---|
| Consumer Advocacy Center, Inc. | c/o Glenn D. Moses, Esq.<br>Attorney for Trustee<br>100 SE 2nd Street, Suite 4400<br>Miami, Florida 33131 | 305-349-2300 |
| Cristian de Alba | Redacted<br>Anaheim, CA Redacted | Redacted |
| Deborah Corzano | c/o Keri Curtis Axel, Esq.<br>Waymaker LLP<br>777 South Figueroa Street, Suite 2850<br>Los Angeles, CA 90017 | 424-652-7800 |
| Erica C. Tabin | | Redacted |
| Eric Ortiz | Redacted<br>Lake Forest, CA Redacted | Redacted |
| Erick R. Cruz | | Redacted |
| Frank Hernandez | Redacted<br>Whittier, CA Redacted | |
| Hannah Schuler | | Redacted |
| Hold the Door, Corp. | c/o Matthew Leo Eanet, Esq.<br>Eanet PC<br>550 South Hope Street Suite 750<br>Los Angeles, CA 90071 | 310-775-2495 |
| Horizon Consulting LLC | c/o Marc S. Williams, Esq.<br>Cohen Williams LLP<br>724 South Spring Street 9th Floor<br>Los Angeles, CA 90014 | 213-232-5162 |

| Name | Address | Telephone |
|------|---------|-----------|
| Infinite Management Corp. | c/o Keri Curtis Axel, Esq.<br>Waymaker LLP<br>777 South Figueroa Street, Suite 2850<br>Los Angeles, CA 90017 | 424-652-7800 |
| Isabel Banda | Redacted<br>Mission Viejo, CA | Redacted |
| Jacob L. Burman | Redacted<br>Anaheim, CA Redacted | Redacted |
| James Bausch | Redacted<br>Huntington Beach, CA Redacted | Redacted |
| James Thomas | Redacted<br>Norco, CA 92860 | Redacted |
| Jimmy Lai | Redacted<br>North Tustin, CA Redacted | Redacted |
| Joseph Boylan | c/o Nicholas A. Boylan, Esq.<br>233 A St #1205, San Diego, CA 92101 | 619-696-6344 |
| Jovani Ortuno | Redacted<br>Santa Ana, CA Redacted | Redacted |
| Kaine Wen | c/o Matthew Leo Eanet, Esq.<br>Eanet PC<br>550 South Hope Street Suite 750<br>Los Angeles, CA 90071 | 310-775-2495 |
| Keneth Hu | Redacted<br>Garden Grove, CA Redacted | Redacted |
| Kenneth Huang | Redacted<br>Arcadia, CA Redacted | |

| Name | Address | Telephone |
|------|---------|-----------|
| Kenny Nguyen | Redacted<br>Buena Park, CA 90620 | Redacted |
| Le Ho, a/k/a Calvin Ho | Redacted<br>El Monte, CA Redacted | |
| London M. Anderson | Redacted<br>Brea CA 92821 | Redacted |
| Matt Weinberg | Redacted<br>Costa Mesa, CA Redacted | |
| Maxwell Camp | Redacted<br>Irvine, CA 92614 | Redacted |
| Mice and Men LLC | c/o Matthew Leo Eanet, Esq.<br>Eanet PC<br>550 South Hope Street Suite 750<br>Los Angeles, CA 90071 | 310-775-2495 |
| Monique Dinh | Redacted<br>Anaheim, CA Redacted | Redacted |
| Naomi Bloomer | Redacted<br>Irvine, CA Redacted | |
| Nicole D. Balistreri | | Redacted |
| Pierre-Samuel E. Kelman | Redacted<br>Laguna Hills, CA Redacted | Redacted |
| Prime Consulting LLC | c/o Marc S. Williams, Esq.<br>Cohen Williams LLP<br>724 South Spring Street 9th Floor<br>Los Angeles, CA 90014 | 213-232-5162 |

| Name | Address | Telephone |
|------|---------|-----------|
| Sarah Kim | c/o Julian Burns King, Esq.<br>King and Siegel LLP<br>724 South Spring Street Suite 201<br>Los Angeles, CA 90014 | 213-465-4802 |
| Shirena Huizar | | |
| TAS 2019 LLC | c/o Marc S. Williams, Esq.<br>Cohen Williams LLP<br>724 South Spring Street 9th Floor<br>Los Angeles, CA 90014 | 213-232-5162 |
| Thu Quach | Redacted<br>Westminster, CA Redacted | Redacted |
| Timothy J. Schilz, a/k/a "Tim Scott" | Redacted<br>Arcadia, CA Redacted | |
| TN Accounting | c/o Keri Curtis Axel, Esq.<br>Waymaker LLP<br>777 South Figueroa Street, Suite 2850<br>Los Angeles, CA 90017 | Redacted |
| True Count Staffing Inc. | 7545 Irving Center Dr., Suite 200, PMB #108, Irvine, CA 92618<br><br>777 E. Sierra Madre Ave., Azusa, CA 91702 | |
| Tuong Nguyen | c/o Keri Curtis Axel, Esq.<br>Waymaker LLP<br>777 South Figueroa Street, Suite 2850<br>Los Angeles, CA 90017 | 424-652-7800 |
| Yair S. Avila | Redacted<br>Santa Ana, CA Redacted | Redacted |

**B. Financial Institutions**

The financial institutions listed below have provided services to the defendants and are likely to have discoverable information that the Bureau may use to support its claims, including, but not limited to, information about the operations of the defendants and the assets and liabilities of the defendants.

| Name | Address | Telephone |
|---|---|---|
| American Express Company | 43 Butterfield Circle El Paso, TX 79906-5202 | 888-257-7775 |
| Bank of America, NA | 214 North Tryon Street, NC1-027-20-05, Charlotte, NC 28255 | 800-432-1000 |
| Barclays Bank Delaware | 125 South West Street, Wilmington, DE 19801 | FAX 866-570-5231 |
| BNY Mellon, NA | Legal Processing Dept, 385 Rifle Camp Rd, 3rd floor, Woodland Park, NJ 07424 | 212-495-1784 |
| Capital One Financial Corporation | 15000 Capital One Drive Richmond, VA 23238-1119 | 800-955-7070 |
| CITIBANK, N.A. | 5800 South Corporate Place Sioux Falls, South Dakota 57108 | 605-331-1662 |
| Discover Card Services, Inc. | c/o CT Corporation System 1015 15th St. NW, Suite 1000 Washington, DC 20005 | FAX: 224-813-5217 |
| Goldman Sachs Bank USA | Attn: Legal Department Lock Box 6112 P.O. Box 7247 Philadelphia, PA 19170 | 877-255-5923 |
| HSBC Bank USA, NA | PO Box 1145, Bufffalo, NY 14240 | 855-334-1650 |
| JPMorgan Chase & Co. | 270 Park Ave., 36th Floor, New York, NY 10017 | 866-699-0618 |

| PayPal, Inc./Venmo | 2211 North First Street, San Jose CA 95131 | 402-935-2050 |
| Sunwest Bank | 5660 E Franklin Rd Suite 301, Nampa, ID 83687 | 800-330-9890 |
| UBS | UBS Group AG Legal 315 Deaderick Street - 16th Floor Nashville, TN 37238 | 617-750-8000 |
| US Bank NA | U.S. Bancorp Center 800 Nicollet Mall Minneapolis, MN 55402 | 651-466-3000 |
| Wells Fargo Bank, NA | PO Box 29728 Phoenix, AZ 85038 | 480-724-2000 |

**C. Payment Processors and Providers of Chargeback Protection Services**

The payment processors and providers of chargeback protection services listed below are likely to have discoverable information that the Bureau may use to support its claims, including, but not limited to, information about the Defendants' business operations, their collection of fees, and consumer refunds and chargebacks.

| **Name** | **Address** | **Telephone** |
| Allied Wallet, Inc. | c/o The Company Corporation 251 Little Falls Drive Wilmington, DE 19808 | |
| Account Management Plus Inc. | 831 N Hercules Ave Suite 202 Clearwater, FL 33765 | 877-877-7716 |
| Electronic Payment Systems, LLC | 6472 S. Quebec St., Englewood, CO 80111 | FAX 720-358-3105 |

| Name | Address | Telephone |
|------|---------|-----------|
| Electronic Merchant Systems LLC | c/o Benjamin J. Ockner, Esq. Berns, Ockner & Greenberger, LLC 3733 Park East Drive – Suite 200 Beachwood, OH 44122 | 216-831-8838 |
| Group ISO Merchant Services | 20062 SW Birch St. #300 Newport Beach, CA 92660 | FAX 800-960-0136 |
| Maverick Bankcard, Inc. | 26520 Agoura Road 1st Floor Calabasas, CA 91302 | 818-338-8407 |
| National Merchant Center, Inc. | C/O Jeff Alpert, Alpert Law Group, APC, 16133 Ventura Blvd, STE 1180, Encino, CA 91436 | 818-285-5370 |
| Pinpoint Payments | 161-14 Union Turnpike Fresh Meadows, NY 11366 | 888-325-7640 |
| Quantum Electronic Payments, LLC | 625 The City Dr. S. Suite 420, Orange, CA 92868 | |
| RAM Payment, LLC | c/o The Law Office of David Wiechert 27136 Paseo Espada, Suite B1123 San Juan Capistrano, CA 92675 | 949-361-2822 |
| Xomi Inc. dba Chargeback.com | 375 W 200 S Third Floor Salt Lake City, UT 84101 | 801-753-0800 |

## D. Customer Relationship Management Platforms (CRM), Call Management Platforms, Marketing Companies

The CRMs, call management platform providers, and marketing companies listed below have provided services to defendants and are likely to have discoverable information that the Bureau may use to support its claims,

including, but not limited to, information about the operations of the defendants, and the roles and responsibilities of the defendants.

| Name | Address | Telephone |
|---|---|---|
| Debt Pay Inc. | c/o Aaron Watts, Esq. 2601 Main Street, Suite 980, Irvine, CA 92614 | 949-622-8980 |
| Caller Ready LLC | 1936 5th Avenue Pittsburgh, PA 15219 | 877-800-4844 |
| The Brea Financial Group, LLC dba Pub Club Leads | c/o Gary K. Brucker, Jr., Esq. Lewis Brisbois Bisgaard & Smith LLP 550 West C Street, Suite 1700 San Diego, CA 92101 | 619-233-1006 |

### E.    Bureau Employee(s)

The Bureau anticipates potentially identifying additional specific employees that it may rely upon as witnesses in support of its claims based on discovery and the scope of issues to be addressed at trial. If and when the Bureau identifies those additional specific employees, it will provide that information to Defendants by supplementing its disclosures.

A Bureau employee who has reviewed financial records and consumer transaction data gathered by the Bureau during its pre-suit investigation and in the litigation may present summary testimony that the Bureau may use to support its claims, including to show Defendants' revenues, cancellation rates, and charging of advance fees.

A Bureau employee who has reviewed consumer complaints received by the Bureau, the Federal Trade Commission's Consumer Sentinel Network,

Better Business Bureau, and by defendants (including complaints, client notes, and call logs), may present summary testimony that the Bureau may use to support its claims.

A Bureau employee who has reviewed documents and data produced by financial institutions, defendant financial statements, and data obtained from Debt Pay Pro database, including consumer charges, may present summary testimony that the Bureau may use to support its claims and relief calculations.

A Bureau employee who was present during execution of the immediate access may present testimony relating to observations made during the execution of the immediate access, as well as present summary testimony relating to documents and data obtained during the immediate access including, but not limited to, the following Bureau employees:

| Name | Address | Telephone |
|---|---|---|
| Dani Schneider | Bureau of Consumer Financial Protection<br>1700 G St., NW<br>Washington, D.C. 20552 | 855-411-2372 |
| Darcie Polzien | Bureau of Consumer Financial Protection<br>1700 G St., NW<br>Washington, D.C. 20552 | 855-411-2372 |
| Ryan Thomas | Bureau of Consumer Financial Protection<br>1700 G St., NW<br>Washington, D.C. 20552 | 855-411-2372 |

### F.    Affected consumers

Consumers who purchased services from the SLDRs are likely to have discoverable information that the Bureau may use to support its claims, including, but not limited to the SLDRs': (1) sales and marketing practices; (2) fees and fee-charging practices; and (3) handling of consumer complaints.

The Bureau anticipates identifying additional specific consumers that may have discoverable information the Bureau may use in support of its claims based on consumer complaints, including complaints made to the Bureau, to the FTC through the Consumer Sentinel database, and to the Better Business Bureau. When the Bureau identifies those additional specific consumers, it will provide that information to Defendants by supplementing its disclosures. The sources of consumer complaints and select consumers include but are not necessarily limited to the following. Contact information is based in information currently available to the Bureau.

| Name | Address | Telephone |
|---|---|---|
| Better Business Bureau | 120 Newport Center Dr, Newport Beach, CA 92660 | 602-264-1721 |
| Bureau of Consumer Financial Protection | 1700 G St., NW Washington, DC 20552 | 855-411-2372 |
| FTC | 600 Pennsylvania Ave NW, Washington, DC 20580 | 202-326-2222 |
| Alyssa Pugh | Redacted Franklinville, NC Redacted | |
| Novella Donaldson | Redacted Wood Village, OR Redacted | Redacted |

| | | |
|---|---|---|
| Ida (Elaine) Crawford | **Redacted** <br> Norman, OK <sup>Redacted</sup> | **Redacted** |
| Jennifer Etzel-Elaqad | **Redacted** <br> Phoenix, AZ <sup>Redacted</sup> | **Redacted** |
| Jennifer Liming | **Redacted** <br> Georgetown, OH <sup>Redacted</sup> | **Redacted** |
| Kristin Honold | **Redacted** <br> Clinton Township, MI <sup>Redacted</sup> | **Redacted** |
| Lynne Berthiaume | **Redacted** <br> Tacoma, WA <sup>Redacted</sup> | **Redacted** |
| Mildred Simpson Hershenson | **Redacted** <br> Lake Junaluska, NC <sup>Redacted</sup> <br><br> **Redacted** <br> Maggie Valley, NC <sup>Redacted</sup> | |
| Rochelle Breemes | **Redacted** <br> Waco, TX <sup>Redacted</sup> | **Redacted** |
| Sarah Varno | **Redacted** <br> Worcester, MA <sup>Redacted</sup> | **Redacted** |
| Teresita Rosca | **Redacted** <br> Queen Valley, AZ <sup>Redacted</sup> | **Redacted** |

**G. Web Hosts**

The following web hosts are likely to have discoverable information that the Bureau may use to support its claims, including, but not limited to, information about the operations of Defendants.

| Name | Address | Telephone |
|---|---|---|
| Domains by Proxy | Compliance Dept. <br> 14455 N. Hayden Rd., Ste 219 <br> Scottsdale, AZ 85260 | 480-624-2588 |

| Wild West Domains, LLC | Compliance Department, Wild West Domains, LLC, 14455 North Hayden Road, Suite 226, Scottsdale, AZ 85260 | 480-505-8857 |
|---|---|---|
| GoDaddy | Compliance Department GoDaddy.com, LLC 2155 E. GoDaddy Way Tempe, AZ 85284 USA | FAX 480-624-2546 |
| Launchpad Inc. | Endurance International Group 1500 North Priest Drive Tempe, AZ 85281 | FAX 781-998-8277 |

**H. Secretaries of State and Corporate Registered Agents**

The Secretaries of State for the states in which the SLDRs and Payment Companies were registered and the corporate registered agents for such companies, including but not limited to those listed below, are likely to have discoverable information that the Bureau may use to support its claims, including, but not limited to, the formation, ownership and control of the SLDRs and Payment Companies.

| Name | Address | Telephone |
|---|---|---|
| California Secretary of State | 1500 11th Street Sacramento, CA 95814 | 916-653-6814 |
| Wyoming Secretary of State | Herschler Building East 122 West 25th Street Suite 100 Cheyenne, WY 82002-0020 | 307-777-7378 |
| Registered Agents, Inc. | 30 N. Gould St, Ste R, Sheridan, WY 82801 | 307-200-2803 |

| Name | Address | Telephone |
|------|---------|-----------|
| Orange County Clerk-Recorder | County Administration South Building 601 N. Ross Street Santa Ana, CA 92701 | 855-886-5400 |

### I.   Property Management and Real Estate Companies

The property management and real estate companies that did business with the defendants, including the SLDRs and Payment Companies, including but not limited to those listed below, may have relevant information relating to the assets of the defendants, as well as the ownership and control an interrelationships of the defendants, SLDRs, and Payment Companies.

| Name | Address | Telephone |
|------|---------|-----------|
| NAI Capital/Stives Investment Company | 225 S. Lake Ave. Floor 11 Room 1170 Pasadena, CA 91101 | |
| Discovery Business Center, LLC | The Irvine Company, LLC C/O Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833 | 800-927-9800 |
| Guaranteed Rate/ Spectrum Office Properties | 3940 N. Ravenswood Chicago, IL 60613 | 866-934-7283 |
| Irvine Office and Storage, LLC | 8 Whatney, Suite 100, Irvine, CA 92618 | 949-334-8600 |

### J.  Student Loan Servicers

The following student loan servicing companies may have relevant information regarding the SLDRs and affected consumers relating to

representations and the accuracy of consumer information provided by the defendants and SLDRs to the servicers.

| Name | Address | Telephone |
|------|---------|-----------|
| PHEAA, d/b/a FedLoan Servicing | 1200 North 7th Street Harrisburg, PA 17102 | 800-233-0557 |
| MOHELA | 633 Spirit Drive Chesterfield, MO 63005 | 888-866-4352 |
| Nelnet Inc. | 121 South 13th Street, Suite 200 Lincoln, NE 68508 | 402-458-2370 |
| Navient Corporation | 300 Continental Drive Newark, Delaware 19713 | 302-283-8000 |
| Great Lakes Higher Education Corporation | 2401 International Lane Madison, WI 53704 | 800-236-4300 |

**K. Parties and Third Parties**

The following parties and third parties may have relevant information relating to the assets of individual defendants Albert Kim, Kaine Wen, and relief defendant Sarah Kim.

| Judy Dai | c/o Michael S. Adler, Esq. Tantalo & Adler LLP 1801 Century Park East, Suite 2400 Los Angeles, CA 90014 | 310-734-8695 |
|----------|-----------|--------------|
| Diana Dai | c/o Michael S. Adler, Esq. Tantalo & Adler LLP 1801 Century Park East, Suite 2400 Los Angeles, CA 90014 | 310-734-8695 |

| Anan Enterprise, Inc. | c/o Michael S. Budwick, Esq.<br>200 S. Biscayne Blvd #3200<br>Miami, FL 33131 | 305-358-6363 |
|---|---|---|
| Jessmyn In USA Corporation | c/o Jaenam Coe, Esq.<br>Law Offices of Jaenam Coe PC<br>3731 Wilshire Blvd. Suite 910<br>Los Angeles, CA 90010 | 213-389-1400 |
| Kyle Dongwook Kim | Redacted<br>Vernon, CA Redacted | Redacted |
| John Kim | Redacted<br>Downey, CA Redacted | Redacted |

## II.    Rule 26(a)(1)(A)(ii): Description by Category and Location of Documents, Electronically Stored Information and Tangible Things that the Bureau may use to Support its Claims

The Bureau lists below descriptions, by category and location, of documents, electronically-stored information (ESI), and tangible things in the Bureau's possession, custody or control that it may use to support its claims.

| Location | Subjects |
|---|---|
| Bureau of Consumer Financial Protection 1700 G St., NW Washington, D.C. 20552 | Documents, ESI, and responses to interrogatories and written reports obtained by the Bureau during the Bureau's pre-suit investigation and during this lawsuit from the following persons and entities:<br><br>1.    1st Generation Holdings, LLC;<br>2.    Albert Kim;<br>3.    Allied Wallet, Inc.;<br>4.    American Express Company;<br>5.    Bank of America, NA;<br>6.    Bank of Hope;<br>7.    Barclays Bank Delaware; |

8.    BNY Mellon, NA;
9.    California Secretary of State;
10.  CallerReady LLC;
11.  Capital One Financial Corporation;
12.  Citibank, NA;
13.  Consumer Advocacy Center, Inc.;
14.  Debt Pay, Inc;
15.  Discover Financial Services;
16.  Domains by Proxy, LLC;
17.  Electronic Merchant Systems;
18.  Electronic Payment Systems, LLC;
19.  Goldman Sachs Bank USA;
20.  Group ISO Merchant Systems;
21.  Hold the Door Corp.;
22.  Horizon Consultants, LLC;
23.  HSBC Bank USA, NA;
24.  Intuit;
25.  JPMorgan Chase Bank, National Association;
26.  Kaine Wen;
27.  Launchpad, Inc.;
28.  Maverick Bancard, Inc.;
29.  Mice and Men, LLC;
30.  Minnesota Attorney General;
31.  National Merchant Center, Inc.;
32.  Nelnet, Inc.;
33.  North Carolina Department of Justice;
34.  Paypal, Inc./Venmo;
35.  PHEAA;
36.  Quantum Electronic Payments, LLC;
37.  Receiver Thomas McNamara;
38.  RAM Payment LLC;
39.  Sarah Kim;
40.  Sunwest Bank;
41.  TAS 2019 LLC;
42.  The Brea Financial Group, LLC;
43.  True Count Staffing, Inc.;
44.  Ch. 7 Bankruptcy Trustee, Consumer Advocacy Center, Southern District of Florida;
45.  UBS;

| | |
|---|---|
| | 46.  US Bank, NA;<br>47.  Wells Fargo Bank, NA; and<br>48.  Wild West Domains, LLC. |
| Bureau of Consumer Financial Protection 1700 G St., NW Washington, D.C. 20552 | Documents and ESI that Defendants and third parties made publicly available on the internet, including but not limited to:<br><br>1.  Information obtained from websites formerly run by, or affiliated with, the SLDRs;<br>2.  Press releases issued by and/or related to the SLDRs; and<br>3.  News articles related to the SLDRs. |
| Bureau of Consumer Financial Protection 1700 G St., NW Washington, D.C. 20552 | Transcripts and exhibits thereto of testimony taken during the Bureau's investigation from the following witnesses:<br><br>1.  Maxwell Camp; and<br>2.  Jovani Ortuno. |
| Bureau of Consumer Financial Protection 1700 G St., NW Washington, D.C. 20552 | Documents and ESI obtained during the Bureau's pre-suit investigation, during execution of the immediate access, from the Receiver, and during litigation, including but not limited to:<br><br>1.  Defendants' email correspondence, documents, ESI and business records;<br>2.  Images of Defendants' computer hard drives;<br>3.  Images of Defendants' employees personal electronic devices;<br>4.  Recordings of calls to the SLDRs; |

| | |
|---|---|
| | 5. Recordings of calls within the SLDRs; and<br>6. Photographs of Defendants' business premises and offices. |
| Bureau of Consumer Financial Protection 1700 G St., NW Washington, D.C. 20552 | Consumer complaints and related documents received by the Bureau relating to Defendants and their services, including but not limited to:<br><br>1. Consumer complaints filed with the Bureau;<br>2. Consumer complaints filed with the Better Business Bureau;<br>3. Consumer complaints filed with the FTC (Consumer Sentinel);<br>4. Consumer complaints filed with the State of North Carolina;<br>5. Consumer complaints filed with the State of California; and<br>6. Consumer complaints filed with the State of Minnesota. |
| Bureau of Consumer Financial Protection 1700 G St., NW Washington, D.C. 20552 | Legal filings and litigation documents, including but not limited to:<br><br>1. Court filings and transcripts relating to Case No. 19-10655-BKC-PGH (Bankr. S.D. Fla.);<br>2. Cease and desist order issued by the State of Oregon; and<br>3. California Bar records. |
| Bureau of Consumer Financial Protection 1700 G St., NW Washington, D.C. 20552 | Real Estate transaction records relating to defendants' leases and related parties real estate transactions, including but not limited to:<br><br>1. Records from Discovery Business Center, LLC;<br>2. Records from Guaranteed Rate;<br>3. Records from Irvine Office and Storage, LLC;<br>4. Records from Stewart Title; and |

| | 5. Records from NAI Capital/Stives Investment Company. |
|---|---|
| Bureau of Consumer Financial Protection 1700 G St., NW Washington, D.C. 20552 | Corporate and other filings relating to the SLDRs and Payment Companies, including but not limited to:<br><br>1. Records from the California Secretary of State;<br>2. Orange County California Fictitious Business Name Statements;<br>3. Records from North Dakota Department of Financial Institutions;<br>4. Records from Wyoming Secretary of State; and<br>5. Records from Registered Agents Inc. |

Additionally, without limitation or prejudice as to what evidence the Bureau may seek to admit at trial, as a courtesy, and in consideration of the Court's admonition that "[t]he Court encourages counsel to agree to begin to conduct discovery actively before the Scheduling Conference'" (Docket No. 321 at 2), the Bureau is in the process of producing to the active defendants the following materials, which, in addition to the preliminary list of key documents disclosed by the plaintiffs in the Joint 26f Report (Docket No. 331), the Bureau currently considers potentially key to proving its claims and/or relief calculations:

1. Select documents and ESI in the possession of Bureau that the Bureau may reply upon for its relief calculations;
2. Consumer complaints in the possession of the Bureau; and
3. Select emails that the Bureau has identified to date and that it believes may be potentially key to proving its claims.

### III.   Rule 26(a)(1)(A)(iii): Computation of Categories of Relief

Under the Consumer Financial Protection Act of 2010 ("CFPA"), the Bureau may seek any appropriate legal or equitable relief with respect to violations of Federal consumer financial law, including, without limitation,

relief, rescission or reformation of contracts, the refund of moneys paid, restitution, disgorgement or compensation for unjust enrichment, limits on the activities of a person, and civil money penalties. 12. U.S.C. § 5565(a).

The Bureau expects that the full extent of appropriate monetary relief will be revealed through discovery. Based on information currently available to it, the Bureau estimates that consumer harm for the SLDRs' receipt of unlawful advance fees and for their deceptive acts or practices is likely at least $95 million. Defendants Kaine Wen and Albert Kim would be jointly and severally liable for all of that amount, and TAS for a part of that amount.

With respect to civil money penalties, for penalties assessed after January 15, 2020, whose associated violations occurred before November 2, 2015, the CFPA authorizes civil money penalties of up to $5,000 per day for any violation of the CFPA; up to $25,000 per day for any reckless violation of the CFPA; and up to $1,000,000 per day for every knowing violation of the CFPA. 12 U.S.C. §§ 5564(a), 5565(a)(2)(H), 5565(c)(2). For penalties assessed after January 15, 2021, whose associated violations occurred after November 2, 2015, the CFPA authorizes civil money penalties of up to $5,953 per day for any violation of the CFPA; up to $29,764 per day for any reckless violation of the CFPA; and up to $1,190,546 per day for every knowing violation of the CFPA. *See* 12 U.S.C. §§ 5564(a), 5565(a)(2)(H), 5565(c)(2); 12 C.F.R. § 1083 (2021). Discovery is needed to determine, among other things, the number and duration of violations by the defendants and the appropriate penalty tier. 12 U.S.C. § 5565(c)(2), (3).

In addition to relief and civil money penalties, the Bureau intends to seek injunctive relief against defendants.

With respect to relief defendants, the Bureau seeks the disgorgement of monies received from the SLDRs, so that those funds can be returned to

---

consumers. Based on information currently available to it, the Bureau estimates

that relief defendant Sarah Kim, directly and indirectly, received approximately

$600,000 in such in such monies.

### IV.    Rule 26(a)(1)(A)(iv): Insurance

This category is inapplicable to the Bureau in this case.

Dated: October 12, 2021                 Respectfully Submitted,

By: */s/ N. Nathan Dimock*
N. Nathan Dimock (admitted *pro hac vice)*
Sarah Preis (admitted *pro hac vice*)
Jesse Stewart (admitted *pro hac vice*)
Leanne E. Hartmann
Enforcement Attorneys

Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, D.C. 20552

*Attorneys for Plaintiff Bureau of
Consumer Financial Protection*

## **CERTIFICATE OF SERVICE**

I, N. Nathan Dimock, certify pursuant to Local Rule 5-3.2.1 that on this day, October 12, 2021, I caused to be served by e-mail[3] the foregoing initial disclosures on each of the following parties:

KAINE WEN
c/o MATTHEW L. EANET
matt@eanetpc.com
EANET, PC
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
*Attorney for Defendant Kaine Wen*

ALBERT KIM
SARAH KIM
c/o JULIAN BURNS KING
julian@kingsiegel.com
KING & SIEGEL LLP
724 S. Spring Street, Ste. 201
Los Angeles, CA 90014
*Attorney for Defendant Albert Kim and
Relief Defendant Sarah Kim*

TAS 2019 LLC
c/o MARC S. WILLIAMS
E-mail: mwilliams@cohen-williams.com
REUVEN L. COHEN
E-mail: rcohen@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, Ninth Floor
Los Angeles, CA 90014
*Attorneys for Defendant TAS 2019 LLC*

THE STATE OF MINNESOTA
c/o EVAN ROMANOFF
evan.romanoff@ag.state.mn.us
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
*Attorney for Plaintiff the State of Minnesota*

THE STATE OF NORTH CAROLINA
c/o M. LYNNE WEAVER
lweaver@ncdoj.gov
North Carolina Department of Justice
114 W. Edenton Street

---

[3] Each of the listed parties have consented in writing to accept service of discovery requests and responses in this matter via e-mail. *See* Fed. R. Civ. P. 5(b)(2)(F).

1  Raleigh, NC 27602
   *Attorney for Plaintiff the State of North Carolina*

2  THE PEOPLE OF THE STATE OF CALIFORNIA
3  MICHAEL N. FEUER, City Attorney
   c/o CHRISTINA V. TUSAN
   christina.tusan@lacity.org
4  WILLIAM PLETCHER
   william.pletcher@lacity.org
5  MIGUEL RUIZ
   miguel.j.ruiz@lacity.org
6  OFFICE OF THE CITY ATTORNEY
   200 N. Main Street, 500 City Hall East
7  Los Angeles, California 90012-4131
   *Attorneys for Plaintiff the People of the State of California*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 2

EANET, PC
Matthew L. Eanet (SBN 227490)
550 S. Hope Street, Suite 750
Los Angeles, CA 90071
Telephone:  310-775-2495
Facsimile:    310-593-2589
matt@eanetpc.com
*Attorney For Defendant Kaine Wen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection;  et al., | Case No. SACV 19-1998-MWF(KSx) |
| Plaintiffs, | **DEFENDANT KAINE WEN'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)** |
| vs. | |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., | |
| Defendants, and | |
| Infinite Management Corp., f/k/a Infinite Management Solutions Inc., et al. | |
| Relief Defendants. | |

DEFENDANT KAINE WEN'S INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pls.' Ex. 2
P. 31

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Kaine Wen ("Mr. Wen"), hereby provides the following initial disclosures.  The following disclosures represent Mr. Wen's good-faith effort to identify information that he "may use to support [his] claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A).

These disclosures are based on information reasonably available to Mr. Wen or in Mr. Wen's possession currently, following a good-faith inquiry.  Mr. Wen does not represent by these disclosures that every potential witness with discoverable information is identified, or that every document or thing relevant to this action is identified herein. Mr. Wen's investigation of possible witnesses, documents, damages and insurance information is ongoing and subject to change.  Mr. Wen reserves the right to supplement and/or amend these disclosures to include information acquired during the course of discovery and to rely on such information or evidence in this action.  Such supplementation and/or amendments will be provided by, among other things, supplemental and/or amended disclosures, during the discovery process, or in writing as authorized by Federal Rule of Civil Procedure 26(e).  These disclosures do not include the identification of expert witnesses, as disclosure of such matters is outside the scope of Federal Rule of Civil Procedure 26(a)(1).  Mr. Wen reserves all rights to disclose and use whatever additional witnesses, documents, information and evidence that come to its attention as its discovery and investigation proceed

These disclosures are made without waiver of, or prejudice to, any objection Mr. Wen may raise before or at trial, to any information or evidence disclosed in this document.  By making these disclosures, Mr. Wen does not waive any applicable privilege, including without limitation, the attorney-client privilege, immunity, protection including the work-product doctrine, or other objection.  Mr. Wen also reserves the right to object to the introduction, production or admissibility of any information, testimony, document or evidence referenced herein.

- 1 -

DEFENDANT KAINE WEN'S INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Mr. Wen discloses the following names and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

| NAME | ADDRESS AND TELEPHONE | SUBJECT(S) |
|------|----------------------|-----------|
| Kaine Wen | c/o Counsel of Record | Plaintiffs' allegations and claims in this action, defenses thereto, compliance efforts and damages. |
| Albert Kim | c/o Julian Burns King<br>King and Siegel LLP<br>724 South Spring Street<br>Suite 201<br>Los Angeles, CA 90014<br>213-214-3757<br>julian@kingsiegel.com | Plaintiffs' allegations and claims in this action, defenses thereto, compliance efforts and damages. |
| Tuong Nguyen | c/o Keri Curtis Axel<br>Waymaker LLP<br>777 South Figueroa Street<br>Suite 2850<br>Los Angeles, CA 90017<br>424-652-7800 | Plaintiffs' allegations and claims in this action, defenses thereto, compliance efforts and damages. |

- 2 -

DEFENDANT KAINE WEN'S INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| | kaxel@waymakerlaw.com | |
|---|---|---|
| Former employees of Consumer Advocacy Center Inc., True Count Staffing Inc., and Prime Consulting LLC | Unknown | Plaintiffs' allegations and claims in this action, defenses thereto, compliance efforts and damages. |
| Former independent contractors of Consumer Advocacy Center Inc., True Count Staffing Inc., and Prime Consulting LLC | Unknown | Plaintiffs' allegations and claims in this action, defenses thereto, compliance efforts and damages. |
| Former third-party vendors of Consumer Advocacy Center Inc., True Count Staffing Inc., and Prime Consulting LLC, including but not limited to Defendant TAS | Unknown | Plaintiffs' allegations and claims in this action, defenses thereto, compliance efforts and damages. |
| Matt Crammer | Crammer, Inc. 8020 2nd St. Downey, CA 90241 562-861-4554 matt@crammerinc.com | Financial matters relating to Corporate defendants and damages. |

- 3 -

DEFENDANT KAINE WEN'S INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

| Jimmy Lai (TAS) | c/o Marc S. Williams<br>Cohen Williams LLP<br>724 South Spring Street<br>9th Floor<br>Los Angeles, CA 90014<br>213-232-5162<br>mwilliams@cohen-williams.com | Plaintiffs' allegations and claims in this action, defenses thereto, compliance efforts and damages. |
|---|---|---|
| Thomas MacNamara | c/o McNamara Smith LLP<br>655 W. Broadway Ste 1600,<br>San Diego, CA 92701<br>619-269-0400<br>agreene@mcnamarallp | Financial matters relating to Corporate defendants and damages; books and records of Corporate defendants |

## II.    DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Mr. Wen provides the following description of documents, electronically stored information and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

| DESCRIPTION BY CATEGORY | LOCATION |
|---|---|
| Documents concerning The Student Loan Companies business operations, financial affairs and business expenses, compliance efforts. disciplinary efforts and | On information and belief, in the possession of the Receiver and his agents, |

- 4 -

| preventative measures. | Plaintiffs. |
|---|---|

Mr. Wen has not yet responded to the Third Amended Complaint.  Mr. Wen reserves the right to supplement or amend these disclosures in accordance with the Federal Rules of Civil Procedure.  Mr. Wen further reserves the right to use and/or rely upon other materials and documents, including those produced in discovery or by the other parties to this lawsuit, to support his defenses.

## III.  COMPUTATION OF DAMAGES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Mr. Wen provides the following computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered, as follows:

Mr. Wen is a defendant herein and has not asserted a claim for damages at this time.  Mr. Wen contends that damages sought herein by Plaintiffs, if any, are subject to *Liu v. SEC* and offset by moneys already turned over by any settling party to this case.

## IV.  INSURANCE AGREEMENT

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Mr. Wen provides the following response regarding any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Mr. Wen is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

DEFENDANT KAINE WEN'S INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

1

2

3      Dated:  October 12, 2021              EANET, PC

4
                                            By: /s/ Matthew L. Eanet
5                                                Matthew L. Eanet
                                            Attorneys for Defendant Kaine Wen
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

DEFENDANT KAINE WEN'S INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

# Exhibit 3

$5.110
US POSTAGE
FIRST-CLASS
062S0012303IS
FROM 22301

CERTIFIED MAIL

7018 1130 0001 7854 0327

nsume:
n: Annais Ramirez-Velazquez
0 G Street, NW
shington, DC 20552

Kaine Wen, Register Number 79766-112
Legal Mail
FCI Sheridan
Federal Correctional Institution Satellite Camp
P.O. Box 6000
Sheridan, OR 97378

Return to
Sender. I'm
refused to accept

NIXIE   980   FE 1   0005/02/22
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED

| | |
|---|---|
| **From:** | Rita Sanchez <Rita_Sanchez@cacd.uscourts.gov> |
| **Sent:** | Monday, May 9, 2022 11:20 AM |
| **To:** | Stewart, Jesse (CFPB) |
| **Cc:** | Dimock, Nathan (CFPB); Matthew Eanet |
| **Subject:** | RE: CFPB, et al., v. Consumer Advocacy Center Inc., et al., 8:19-cv-01998-MWF - May 16, 2022 Hearing |

Good morning.

The Court will continue the hearing to June 6, 2022 via Zoom. Counsel shall provide notice to Mr. Wen.

Please click the link below to join the webinar:https://cacd-uscourts.zoomgov.com/j/1612438466?pwd=Slg5cFcwVU5KWXR0dis4U2pnTWtNdz09

1

Webinar ID: 161 243 8466
Passcode: 860567
Or Telephone:
Dial(for higher quality, dial a number based on your current location):
US: +1 669 254 5252 or +1 646 828 7666 or +1 551 285 1373 or +1 669 216 1590
International numbers available: https://cacd-uscourts.zoomgov.com/u/acBIflhh1K

Thank you,
Rita



RITA SANCHEZ
COURTROOM DEPUTY TO THE HON. MICHAEL W. FITZGERALD
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
350 West 1st Street, Room 4175
Los Angeles, CA 90012-4565
Office: 213-894-1527    Fax: 213-894-0248
Email: rita_sanchez@cacd.uscourts.gov

**From:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>
**Sent:** Friday, May 6, 2022 11:23 AM
**To:** Rita Sanchez <Rita_Sanchez@cacd.uscourts.gov>
**Cc:** Dimock, Nathan (CFPB) <Neve.Dimock@cfpb.gov>; Matthew Eanet <matt@eanetpc.com>
**Subject:** RE: CFPB, et al., v. Consumer Advocacy Center Inc., et al., 8:19-cv-01998-MWF - May 16, 2022 Hearing

**CAUTION - EXTERNAL:**

Dear Ms. Sanchez,

Thank you very much for the prompt response.

Sincerely,
Jesse

Jesse Stewart
Enforcement Attorney
Consumer Financial Protection Bureau
Office: (202) 435-9641 | Mobile: (202) 430-0628

**consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any
attachments.  An inadvertent disclosure is not intended to waive any privileges.

**From:** Rita Sanchez <Rita_Sanchez@cacd.uscourts.gov>
**Sent:** Friday, May 06, 2022 2:13 PM
**To:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>
**Cc:** Dimock, Nathan (CFPB) <Neve.Dimock@cfpb.gov>; Matthew Eanet <matt@eanetpc.com>
**Subject:** RE: CFPB, et al., v. Consumer Advocacy Center Inc., et al., 8:19-cv-01998-MWF - May 16, 2022 Hearing

Good morning,

I will discuss with the Court this afternoon and get back to you as soon as possible, either by email or entry on CM/ECF.

Thank you,
Rita



**RITA SANCHEZ**
COURTROOM DEPUTY TO THE HON. MICHAEL W. FITZGERALD
**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF CALIFORNIA
350 West 1st Street, Room 4176
Los Angeles, CA 90012-4565
Office: 213-894-1527    Fax: 213-894-0249
Email: rita_sanchez@cacd.uscourts.gov

---

**From:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>
**Sent:** Friday, May 6, 2022 9:24 AM
**To:** Rita Sanchez <Rita_Sanchez@cacd.uscourts.gov>
**Cc:** Dimock, Nathan (CFPB) <Neve.Dimock@cfpb.gov>; Matthew Eanet <matt@eanetpc.com>
**Subject:** CFPB, et al., v. Consumer Advocacy Center Inc., et al., 8:19-cv-01998-MWF - May 16, 2022 Hearing

**CAUTION - EXTERNAL:**

Dear Ms. Sanchez,

I write to inquire whether the hearing scheduled for May 16, 2022, at 10:00 am PT in the above-referenced matter will go forward as scheduled and in-person, to allow Bureau counsel time to make the appropriate travel arrangements to fly from Washington, DC to Los Angeles. The hearing relates to the Bureau's Renewed Motion for an Order to Show Cause as to Why Defendant Wen Should Not Be Held in Contempt and for Related Relief, and related filings (ECF Nos. 364, 365, 367, 369). In his opposition to the Bureau's motion, Defendant Kaine Wen, who is incarcerated, requested that the hearing be continued to a later date (ECF No. 367). Further, Mr. Wen's counsel filed a request seeking leave to withdraw as his attorney on May 4, 2022, and set the associated hearing date for June 6, 2022 (ECF No. 371). Given these developments since the May 16, 2022 hearing was scheduled, and the need for Bureau counsel to make any necessary travel arrangements, we appreciate any information you can provide about whether the May 16, 2022 hearing will go forward as scheduled and whether the Court will want Bureau counsel to appear in person. Counsel for Mr. Wen is copied on this email.

Sincerely,

Jesse Stewart

**Jesse Stewart**
**Enforcement Attorney**
**Consumer Financial Protection Bureau**
**Office: (202) 435-9641 | Mobile: (202) 430-0628**

**consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and delete the e-mail and any attachments. An inadvertent disclosure is not intended to waive any privileges.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Monday, May 9, 2022 11:20 AM |
| **To:** | noreply@ao.uscourts.gov |
| **Subject:** | Activity in Case 8:19-cv-01998-MWF-KS Bureau of Consumer Financial Protection et al v. Consumer Advocacy Center Inc. et al Text Only Scheduling Notice |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 5/9/2022 at 8:19 AM PDT and filed on 5/9/2022

| | |
|---|---|
| **Case Name:** | Bureau of Consumer Financial Protection et al v. Consumer Advocacy Center Inc. et al |
| **Case Number:** | 8:19-cv-01998-MWF-KS |
| **Filer:** | |
| **Document Number:** | 373(No document attached) |

**Docket Text:**
SCHEDULING NOTICE AND ORDER by Judge Michael W. Fitzgerald. At the request of counsel and with the Court's approval, the Motion [364][365] hearing set for the May 16, 2022 is continued to June 6, 2022 at 10:00 a.m. The hearing will take place by Zoom. The Zoom information can be found on the Court's website. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rs) TEXT ONLY ENTRY

**8:19-cv-01998-MWF-KS Notice has been electronically mailed to:**

Andrew M Greene    agreene@mcnamarallp.com, jjacobs@mcnamarallp.com

Brent R Phillips    bphillips@phillipslawcorporation.com, bphill3780@aol.com

Christina Victoria Tusan    christina.tusan@lacity.org, m.donna.uy-barreta@lacity.org, william.pletcher@lacity.org

Cornelia Julianna Boleyn Gordon    cgordon@mcnamarallp.com, jjacobs@mcnamarallp.com

Evan Romanoff    evan.romanoff@ag.state.mn.us

Glenn D Moses    gmoses@gjb-law.com, gjbecf@ecf.courtdrive.com, jzamora@gjb-law.com

Jesse D Stewart    jesse.stewart@cfpb.gov, cfpb_courtdocs@cfpb.gov

Jose A Egurbide    jose.egurbide@lacity.org

Julian Burns King    julian@kingsiegel.com, service@kingsiegel.com

Keri Curtis Axel    kaxel@waymakerlaw.com

Leanne E. Hartmann    leanne.hartmann@cfpb.gov, CFPB_CourtDocs@cfpb.gov

Louisa O. Kirakosian    louisa.kirakosian@lacity.org, ana.johnson@lacity.org

Marc S Williams    mwilliams@cohen-williams.com, jwerther@cohen-williams.com, rchavarin@cohen-williams.com, rlessler@cohen-williams.com

Margaret L Weaver    lweaver@ncdoj.gov

Matthew Leo Eanet    matt@eanetpc.com, sara@eanetpc.com

Michael Nelson Feuer    mike.feuer@lacity.org

Miguel Jesus Ruiz    miguel.j.ruiz@lacity.org

Nathan Dimock    nathan.dimock@cfpb.gov

Reuven L. Cohen    rcohen@cohen-williams.com, jwerther@cohen-williams.com, mwilliams@cohen-williams.com, rchavarin@cohen-williams.com, rlessler@cohen-williams.com

Samuel Standage Meehan    smeehan@waymakerlaw.com

Sarah M Preis    sarah.preis@cfpb.gov

William Raabe Pletcher    william.pletcher@lacity.org, amy.fujimoto@lacity.org, m.donna.uy-barreta@lacity.org

**8:19-cv-01998-MWF-KS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

Kaine Wen
REG 79766-112
FCI SHERIDAN - SATELLITE CAMP
Inmate Mail
PO BOX 6000
SHERIDAN, OR 97378

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Bureau of Consumer Financial Protection, et al., | CASE NUMBER |
|---|---|
| Plaintiff(s) | 8:19-cv-01998-MWF(KSx) |
| v. | |
| Consumer Advocacy Center Inc., | ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY |
| Defendant(s) | |

The Court hereby orders that the request of:

Kaine Wen ☐ Plaintiff ☒ Defendant ☐ Other
*Name of Party*

to substitute Kaine Wen who is

☐ Retained Counsel   ☐ Counsel appointed by the Court (Criminal cases only)   ☒ Pro Se

Register Number 79766-112, P.O. Box 600
*Street Address*

Sheridan, OR 97378

*City, State, Zip*                    *E-Mail Address*

*Telephone Number*          *Fax Number*                *State Bar Number*

as attorney of record instead of Matthew Eanet
*List **all** attorneys from same firm or agency who are withdrawing.*

**is hereby GRANTED.**

The clerk is hereby ordered to terminate Notices of Electronic Filing for the withdrawing attorney(s) in this case.

Dated:  May 6, 2022

_____
MICHAEL W. FITZGERALD
U. S. District Judge

G–01 ORDER (09/17)          ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OR WITHDRAWAL OF ATTORNEY

# Exhibit 4

| | |
|---|---|
| **From:** | Preis, Sarah (CFPB) |
| **To:** | kainewen@gmail.com |
| **Cc:** | Stewart, Jesse (CFPB); Dimock, Nathan (CFPB); Weaver, Lynne; Romanoff, Evan; Miguel Ruiz; William Pletcher; Christina Tusan |
| **Subject:** | CFPB, et al., v. Consumer Advocacy Center Inc., et al., 8:19-cv-01998-MWF -KSx: re page limit extension |
| **Date:** | Monday, December 19, 2022 12:16:23 PM |

Dear Mr. Wen,

We the plaintiffs anticipate filing a motion for summary judgment regarding our claims against you in this matter.  Local Rule 11-6 sets forth the maximum length for a corresponding memorandum in support.  Plaintiffs would like to file a single motion for summary judgment and therefore seek to extend the page limit for our corresponding memorandum in support to 40 pages to accommodate our claims and corresponding arguments.  Although we could file four separate summary judgment motions (and by extension, four separate memoranda in support), we think having the plaintiffs file jointly is a more efficient way to present these issues to you and the Court. Could you please let us know at your earliest convenience if you will agree to extend the page limit for our summary judgment memo to 40 pages, and whether you similarly would like an extension of the page limit to 40 pages should you also wish to file for summary judgment?  If you do not oppose extending the page limit for plaintiffs' summary judgment memorandum, then we would not oppose such an extension for you as well.

Finally, could you please let us know if you are available to discuss our request sometime today?  We would appreciate hearing from you regarding this request at your earliest convenience.

Thank you in advance for your attention to this matter.

Sincerely,

Sarah Preis

# Exhibit 5

| | |
|---|---|
| **From:** | Kaine Wen |
| **To:** | Dimock, Nathan (CFPB) |
| **Cc:** | Stewart, Jesse (CFPB); Preis, Sarah (CFPB); Christina Tusan; William Pletcher; Miguel Ruiz; Weaver, Lynne; Romanoff, Evan |
| **Subject:** | Re: CFPB v. CAC - request for meet and confer regarding proposed changes to scheduling order |
| **Date:** | Wednesday, February 22, 2023 4:23:02 AM |

---

**CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-435-7200 or report a suspicious email.

Mr. Dimock,

I wish to conduct discovery on issues Plaintiffs raised in their Motion for Summary Judgment.

Please note that I was under the supervision of the Federal Bureau of Prisons from September 3, 2021 to December 23, 2022 and I have been Pro Per since May of 2022.

I wish to retain my rights to a jury trial for the claims where a jury trial is available to me.


Best,

Kaine Wen

*Confidentiality Disclaimer: This e-mail correspondence and its attachments (if any) are intended exclusively for the above named addressee(s) and intended to be privileged and confidential. If they have come to you in error, please immediately notify the sender about the error and delete all copies of this e-mail correspondence along with its attachments. Thank you.*

On Tue, Feb 21, 2023 at 1:11 PM Dimock, Nathan (CFPB) <Neve.Dimock@cfpb.gov> wrote:

> Mr. Wen,
>
>
> We are available to meet and confer with you on Wednesday at 1:30 PM CT, and will send a meeting invite with call-in details.  However, we note in advance that we are confused by your statement that you intend to take deposition testimony given that general discovery closed on December 1, 2022. We identified Mr. Nguyen and Mr. Kim as percipient witnesses on our joint Rule 26(f) Report that we filed on September 9, 2021, you have had the Nguyen declaration for over a year, the Kim declaration for over four months, and we filed our motion for summary judgment on January 30. As a result, it is likely the Bureau would oppose any attempt to reopen discovery at this late juncture, though we are happy to hear your points on this.
>
>
> In addition, you have not responded to the requests in our email of February 17, 2023, including your request that you clarify whether you seek a jury trial on any issues. You indicated on our call on February 16, 2023, that you would provide us with your position by yesterday. Please clarify your position with respect to a jury trial as soon as possible and we note that we do not necessarily agree that you are entitled to a jury trial.

Best regards,

Nathan

N. Nathan Dimock

*Senior Litigation Counsel*

Consumer Financial Protection Bureau

1700 G Street, NW

Washington, DC 20552

Office:  202-435-9198

Mobile: 202-578-1008

**consumerfinance.gov**

---

**From:** Kaine Wen <kainewen@gmail.com>
**Sent:** Tuesday, February 21, 2023 2:00 AM
**To:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>
**Cc:** Preis, Sarah (CFPB) <Sarah.Preis@cfpb.gov>; Dimock, Nathan (CFPB)
<Neve.Dimock@cfpb.gov>; Christina Tusan <christina.tusan@lacity.org>; William
Pletcher <william.pletcher@lacity.org>; Miguel Ruiz <miguel.j.ruiz@lacity.org>; Weaver,
Lynne <LWEAVER@ncdoj.gov>; Romanoff, Evan <Evan.Romanoff@ag.state.mn.us>
**Subject:** Re: CFPB v. CAC - request for meet and confer regarding proposed changes to
scheduling order

> **CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments
> unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-
> 435-7200 or report a suspicious email.

Dear All,

In order to conduct discovery, I will require more time than I originally requested and anticipated. As part of that discovery, I seek to take depositions of your declarants, Albert Kim and Tuong Nguyen. Please let me know if you can assist in coordinating those depositions, or whether I must reach out to their respective attorneys.

Please let me know if you are agreeable to a longer extension of time. I am available Wednesday at 1:30 PM (PST) for a meet and confer. I look forward to hearing from you.

Best,

Kaine Wen

*Confidentiality Disclaimer: This e-mail correspondence and its attachments (if any) are intended exclusively for the above named addressee(s) and intended to be privileged and confidential. If they have come to you in error, please immediately notify the sender about the error and delete all copies of this e-mail correspondence along with its attachments. Thank you.*

On Fri, Feb 17, 2023 at 12:32 PM Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov> wrote:

> Dear Mr. Wen,
>
> Thank you for meeting and conferring with us yesterday about our proposed extension of the pretrial and trail deadlines. During our call, you indicated that you would agree to the dates proposed below if we would agree to moving the hearing date on Plaintiffs' motion for summary judgment back to April 17, to allow you four additional weeks to file an opposition to Plaintiffs' motion. You indicated that you need more time due to the complexity of the issues, that you may dispute some facts, and that you may need to hire an attorney. We agreed to raise your request with our managers, and also asked if you would consider a shorter extension of two or three weeks (you indicated that was not acceptable).
>
> Due to Bureau staff's leave schedules, we are unable to accommodate a four-week extension of your opposition deadline to March 27.  That said, we are willing to agree to a slightly shorter extension (albeit longer than what we originally suggested) in an effort to reach an agreement. Specifically, we are willing to agree to moving the hearing on our

motion for summary judgment to April 24, provided that your opposition would be due
March 22 (just three fewer business days than you requested) and our reply would be due
April 5. We think this proposal accommodates our timing constraints and provides you
more time to address the concerns you raised. Please note that when we originally
calendared the March 20 hearing date, we scheduled it seven weeks after our filing rather
than the four-week minimum required by the local rules, thus allowing you four weeks to
prepare an opposition. And given the circumstances, we think this still provides you
ample time to prepare an opposition brief.

Please let us know as soon as possible if you agree to the above schedule related to
Plaintiffs' summary judgment motion and Plaintiffs' proposed pre-trial and trial schedule,
as set forth below. We can only agree to extend the summary judgment briefing schedule
if you will agree to extend the trial dates, as otherwise the new summary judgment
hearing date would be about a week before trial is to start, which we do not believe would
be an efficient use of the parties' or the Court's time.

In addition, during our call yesterday, we asked you to clarify whether you seek a jury
trial on any issues. As we noted, you made a demand for a jury trial but your prior
attorney did not indicate that you sought a jury trial in the Rule 26(f) report. You stated
that you would get back to us by Monday, February 22, regarding whether you would like
to try any issues before a jury. Please note that we do not necessarily agree that you are
entitled to a jury trial.

We look forward to hearing from you at your earliest convenience and thank you,

Jesse

Jesse Stewart

Enforcement Attorney

Consumer Financial Protection Bureau

Office: (202) 435-9641 | Mobile: (202) 430-0628

**consumerfinance.gov**

Confidentiality Notice: If you received this email by mistake, you should notify the sender of the mistake and

delete the e-mail and any attachments.  An inadvertent disclosure is not intended to waive any privileges.

---

**From:** Kaine Wen <kainewen@gmail.com>
**Sent:** Wednesday, February 15, 2023 8:40 AM
**To:** Preis, Sarah (CFPB) <Sarah.Preis@cfpb.gov>
**Cc:** Stewart, Jesse (CFPB) <Jesse.Stewart@cfpb.gov>; Dimock, Nathan (CFPB)
<Neve.Dimock@cfpb.gov>; Christina Tusan <christina.tusan@lacity.org>; William
Pletcher <william.pletcher@lacity.org>; Miguel Ruiz <miguel.j.ruiz@lacity.org>;
Weaver, Lynne <LWEAVER@ncdoj.gov>; Romanoff, Evan
<Evan.Romanoff@ag.state.mn.us>
**Subject:** Re: CFPB v. CAC - request for meet and confer regarding proposed changes to
scheduling order

**CAUTION:** This email originated from a non-government domain. DO NOT click links or open attachments
unless you recognize and/or trust the sender. Contact Cybersecurity Incident Response Team (CSIRT) at 202-
435-7200 or report a suspicious email.

Dear Ms. Preis,


Please let me know your afternoon availability for Thursday so we may
schedule accordingly.


I also like to seek an extension of time for the hearing of Plaintiffs' motion for summary
judgment and related briefings.


Thank you.



Best,


Kaine Wen


*Confidentiality Disclaimer: This e-mail correspondence and its attachments (if any) are intended exclusively*

*for the above named addressee(s) and intended to be privileged and confidential. If they have come to you in error, please immediately notify the sender about the error and delete all copies of this e-mail correspondence along with its attachments. Thank you.*

On Tue, Feb 14, 2023 at 9:00 AM Preis, Sarah (CFPB) <Sarah.Preis@cfpb.gov> wrote:

Dear Mr. Wen,

We write regarding the scheduling order in place in *Bureau of Consumer Financial Protection et al. v. Consumer Advocacy Center Inc., et al,* Case No. 8:19-cv-01998 MWF (KSx).  Plaintiffs would like to seek an extension of the trial date and the pretrial deadlines in this matter. We think an extension would benefit all parties and can explain further during our call with you regarding this proposed extension.  Pursuant to the Trial Court's Orders (ECF 350, ECF 378, attached) and the Local Rules for the Central District of California, extending the trial date and final pretrial conference would also extend several deadlines tied to those dates.  For example, the meeting of counsel before the final pretrial conference currently must take place before March 8, 2023, but under the proposed revised schedule, would have to take place prior to July 19, 2023. *See* L.R. 16-2.  Relatedly, we would like to confirm that you intend for this matter to be tried before the judge and without a jury.

We would like to set up a time to meet and confer with you regarding Plaintiffs' proposed extension.  If you agree with the requested relief, then we can style this as a joint motion, or we can note that you do not oppose the requested relief.

Please let us know if you are available this week for a call to discuss, ideally sometime tomorrow (Wednesday, February 15) or Thursday (February 16).

Thanks and we look forward to hearing from you,

Sarah

| | Current | Proposed |
|---|---|---|
| File Status Report Regarding Settlement  File Motions *In Limine* and *Daubert* Motions | March 27, 2023 | August 7, 2023 |

| Lodge Pretrial Conference Order<br><br>File Oppositions to Motions *in Limine* | April 3, 2023 | August 14, 2023 |
|---|---|---|
| Lodge Findings of Fact and Conclusions of Law,<br><br>and Summaries of Direct Testimony | April 10, 2023 | August 22, 2023 |
| Final Pretrial Conference and Hearing<br><br>on Motions *in Limine* | April 17, 2023, at 11:00 a.m. | August 28, 2023 at 11:00 a.m. |
| Court Trial (Est. 10 to 40 Days) | May 2, 2023, at 8:30 a.m. | September 12, 2023 at 8:30 a.m. |