UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-1998-MWF (KSx)                                **Date:**  March 1, 2023

**Title:**   Bureau of Consumer Financial Protection v. Consumer Advocacy Ctr. et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER RE: DEFENDANT WEN'S EX PARTE APPLICATION TO REOPEN DISCOVERY AND CONTINUE THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT [428]; ORDER CONTINUING PRETRIAL AND TRIAL DATES

Before the Court is Defendant Kaine Wen's Ex Parte Application to Reopen Discovery and Continue the Motion for Summary Judgment (the "Application"), filed on February 24, 2023, and entered into the docket on February 27, 2023. (Docket No. 428). Plaintiff Bureau of Consumer Financial Protection ("Bureau") filed an Opposition on February 28, 2023. (Docket No. 431).

The Court has read and considered the papers filed in connection with the Application.

The Application is **DENIED** *in part* and **GRANTED** *in part*.

- The request to reopen discovery is **DENIED**. Wen fails to establish good cause for reopening discovery under Rule 16.

- The request to continue the hearing on Plaintiffs' Motion for Summary Judgment is **GRANTED**. The hearing is reset for April 24, 2023. Remaining deadlines are modified below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1998-MWF (KSx)                           Date:  March 1, 2023
Title:      Bureau of Consumer Financial Protection v. Consumer Advocacy Ctr. et al.

## I.  BACKGROUND

Defendant Wen requests that the Court reopen discovery so that he may depose or serve written interrogatories on declarants Albert Kim and Tuong Nguyen, attempt to obtain declarations from witnesses including former employees, and serve written discovery on the Receiver and on Plaintiffs regarding the amount of money that has been recovered.  (Application at 5–6).  Alternatively, Defendant Wen requests for a continuance of the hearing date for Plaintiffs' pending Motion for Summary Judgment.  (*Id.* at 9).

Wen was under the supervision of the Federal Bureau of Prisons from September 3, 2021, to August 8, 2022, where he had no access to the internet or a cell phone.  (Declaration of Kaine Wen ("Wen Decl.") (Docket No. 429) ¶¶ 3–4).  From August 8, 2022, to December 23, 2022, Wen was under temporary housing, monitoring, and transitional services at the GEO Residential Reentry Center, where he had only limited access to cell phone and internet.  (*Id.* at 5).  Wen has worked forty hours per week since August 24, 2022.  (Application at 5).

Discovery pursuant to Federal Rule of Civil Procedure 26 opened on September 10, 2021, after the parties met and conferred pursuant to Rule 26(f).  (Declaration of Jesse Stewart ("Stewart Decl.") ¶ 4).  In the Corrected Joint 26(f) report filed on September 21, 2021, Plaintiffs identified Kim and Nguyen as percipient witnesses.  (Docket No. 331 at 12).  Defendants, including Defendant Wen, identified Kim and Nguyen as percipient witnesses as well.  (*Id.* at 13). Defendant Wen's and the Bureau's initial disclosures similarly identified Kim, Nguyen, and defendant's former employees as witnesses the parties expected to use to support their claims or defenses.  (*Id.* at 16).

The Court entered a scheduling order on December 9, 2021, setting July 1, 2022, as the non-expert discovery cut-off and setting trial for November 1, 2022.  (Docket No. 350).  On January 21, 2022, the Bureau transmitted to Wen's then-current counsel additional materials that the Bureau noted it may use to supports its claims, including the November 17, 2021, declaration of Tuong Nguyen and accompanying exhibits.  (Stewart Decl. ¶ 9).  On May 4, 2022, Wen's counsel filed a motion to withdraw which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-1998-MWF (KSx)            **Date:** March 1, 2023
**Title:**     Bureau of Consumer Financial Protection v. Consumer Advocacy Ctr. et al.

the Court granted two days later. (Docket Nos. 371, 372). Wen has represented himself since that time.

On May 24, 2022, the Court entered a revised scheduling order which reset the discovery cut-off to December 1, 2022, and rescheduled the trial for May 2, 2023. In May 2022, Wen refused to speak with Plaintiffs related to outstanding discovery, requiring the Court to issue an order on August 9, 2022, compelling Wen to respond to outstanding discovery requests. (Docket No. 398). On October 17, 2022, the Bureau produced to Wen the September 29, 2022, declaration of Albert Kim and associated exhibits. (Stewart Decl. ¶ 20). Although Wen never propounded any discovery before the December 1, 2022, discovery cut-off, the Bureau made rolling productions to Wen as it obtained or identified additional information during the course of discovery that it may use to support its claims. (*Id.* ¶¶ 6, 9, 23).

On December 19, 2022, Plaintiffs notified Wen of their anticipated motion for summary judgment. (*Id.* ¶ 24). On January 11, 2023, Plaintiffs met and conferred with Wen regarding the anticipated motion. (*Id.* ¶ 27). Plaintiffs filed their motion for summary judgment on January 30, 2023, setting a hearing date of March 20, 2023. (Docket No. 423).

On February 14, 2023, Plaintiffs emailed Wen about amending the scheduling order. (Stewart Decl. ¶ 29). During a meet and confer on February 16, 2023, Plaintiffs proposed limited extensions of the pre-trial and trial deadlines for efficiency and effectiveness, specifically to conserve resources of the Court and the parties given that a summary judgment ruling could make trial unnecessary or narrow the issues for trial. (*Id.* ¶ 31). During the meet and confer, Wen indicated that he would only agree to Plaintiffs' proposal if Plaintiffs agreed to continue the hearing on the summary judgment motion four weeks to April 17. (*Id.*). Wen claimed he needed more time to respond to the motion due to the complexity of the issues, because he might dispute some facts, and because he might hire an attorney. (*Id.*). Wen later requested an extension to May 15, 2023. (Wen Decl. ¶ 14, Ex. B). On February 17, 2023, Plaintiffs emailed Wen, indicating that they would agree to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-1998-MWF (KSx)           Date: March 1, 2023
Title:     Bureau of Consumer Financial Protection v. Consumer Advocacy Ctr. et al.

extend the deadline for him to respond to Plaintiffs' summary judgment motion by a little more than three weeks if he agreed to the revised pretrial and trial schedule. (Stewart Decl. ¶ 32). On February 21, 2023, in responding to Plaintiff's proposed briefing and trial schedule, Wen indicated for the first time that he sought to reopen discovery. (*Id.* ¶ 33). Plaintiffs informed Wen of their opposition to reopening discovery. (*Id.* ¶ 36). Wen then filed the instant Application on February 24, 2023, and served it on Plaintiffs via ECF on February 27, 2023. (Docket Nos. 428–429).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) (requiring good cause to extend the time to accomplish an act that must be done within a specified time).

The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end"). "A party, however, cannot show good cause if the party 'knew or should have known of the grounds for the claims [the party] sought to add well before [the party] moved for leave to amend.'" *RePET, Inc. v. Zhao*, EDCV 15-2315-VAP (SPx), 2017 WL 11444648, at *2 (C.D. Cal. Jan. 13, 2017) (quoting *Kinney v. Holiday Cos.*, 398 F. App'x 282, 285 (9th Cir. 2010)) (additional citations omitted) (modifications in original).

Assuming a party satisfies Rule 16's good cause standard, that party must still satisfy Rule 15. Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court has identified five factors a court should consider when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1998-MWF (KSx)          Date:  March 1, 2023
Title:  Bureau of Consumer Financial Protection v. Consumer Advocacy Ctr. et al.

deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight."  *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Capital, LLC*, 316 F.3d at 1052).

### III. DISCUSSION

#### 1. Reopening Discovery

Wen argues that he has had very limited ability to conduct discovery prior to non-expert discovery closing on December 1, 2022, because he was under the supervision of the Federal Bureau of Prisons at FCI Sheridan and the under temporary housing, monitoring, and transition services at the GEO Residential Reentry Center ("RRC El Monte").  (Application at 4).  He contends that FCI Sheridan and RRC El Monte neither allowed privileged attorney-client meetings nor in-person visitations during their COVID-19 modified operations and the federal prison email system did not provide for file attachments in emails.  (*Id.* at 5).

The Bureau argues that Wen fails to establish good cause because Wen has been dilatory in pursuing the discovery he now seeks.  (Opposition at 6).  The Bureau points out that despite the fact that all of the discovery Wen wishes to explore was mentioned in his initial disclosures, Wen did not seek any discovery during the fourteen months discovery was open.  (*Id.*).  In particular, the Bureau argues that Wen was represented by counsel for nearly eight months of his incarceration, and he does not dispute that he was capable of propounding at least some discovery during the remaining three months of his incarceration.  (*Id.*).  Additionally, the Bureau notes that Wen had four months since he was released from FCI Sheridan until the close of discovery to seek discovery or to seek an extension of the discovery cut-off.  (*Id.*).

The Court agrees that Wen has not established that he has been diligent in seeking discovery or seeking an extension of the discovery cut-off.  *See Hamilton v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1998-MWF (KSx)                                                    Date:  March 1, 2023
Title:        Bureau of Consumer Financial Protection v. Consumer Advocacy Ctr. et al.

*Orange Cnty. Sheriff's Dep't,* 854 F. App'x 938, 939 (9th Cir. 2021) (affirming denial of request to reopen discovery where moving party failed to adequately explain why no timely discovery was conducted or why she waited until after non-moving party filed for summary judgment to seek to reopen discovery).  Wen has not acted diligently in pursuit of discovery as he has had ample opportunity to propound discovery, including while he was at FCI Sheridan and represented by counsel.  For instance, Wen was represented by counsel when initial disclosures naming percipient witnesses were made in September 2021 and when he received the declaration of Tuong Nguyen in January 2022, but he did not seek to obtain any declarations, depositions, or interrogatories from the known witnesses.

Additionally, Wen has shown that he has been able to communicate with the Court and relevant parties in the months before or immediately after the discovery cut-off, and yet he did not seek an extension of the discovery cutoff until now.  (*See, e.g.*, Declaration of Kaine Wen in Response to Order to Show Cause (Docket No 407); Declaration of Thomas McNamara (Docket No. 406-1), Ex. 1 (email correspondence between Wen and Receiver); Declaration of Jesse Stewart (Docket No. 421-1), Ex. 3 (email correspondence between Wen and Bureau)).  Indeed, Wen's decision to wait to request the reopening of discovery one business day before his opposition brief was due for the pending Motion for Summary Judgment evidences a lack of diligence.  The Court therefore determines that Wen has not established good cause to reopen discovery.  *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (explaining that if a party seeking to modify a scheduling order 'was not diligent, the inquiry should end' and the motion to modify should not be granted."); *accord Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827-28 (9th Cir. 2008) (affirming denial of Rule 56(d) motion where nonmovant failed to file timely motions to compel and extend discovery).

Accordingly, the request to reopen discovery is **DENIED**.

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-1998-MWF (KSx)                  **Date:** March 1, 2023

**Title:**      Bureau of Consumer Financial Protection v. Consumer Advocacy Ctr. et al.

### 2.     Continuance of Motion for Summary Judgment

Wen argues that there is good cause to continue the Motion for Summary Judgment because Plaintiff's motion and related filings contain over 1,500 pages. (Application at 9). He requests that the Court enter a briefing schedule that is the same the Plaintiffs have indicated they are willing to agree to. (*Id.*).

Given the complexity of the issues, Wen's statement that he may hire a lawyer, and the back and forth correspondence between Wen and the Bureau which suggests that Wen may have been under the reasonable impression that an extension was imminent, the Court determines that good cause exists to postpone the Motion for Summary Judgment hearing. (*See* Stewart Decl., Ex. 5). Accordingly, the request to continue the hearing on the Motion for Summary Judgment is **GRANTED**.

The Motion for Summary Judgment (Docket No. 423) will be heard on **April 24, 2023 at 10:00 a.m.** Wen's opposition brief is due on **March 27, 2023**. Plaintiffs may file a reply on or before **April 10, 2023**.

The remaining deadlines are modified as follows:

| | |
|---|---|
| File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine | August 7, 2023 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict forms, file statement regarding Disputed Instructions and Verdict Forms, and file oppositions to Motions in Limine | August 14, 2023 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-1998-MWF (KSx)            **Date:** March 1, 2023

Title:     Bureau of Consumer Financial Protection v. Consumer Advocacy Ctr. et al.

| | |
|---|---|
| Final Pretrial Conference and Hearing on Motions in Limine | August 28, 2023, at 11:00 a.m. |
| Jury Trial (Est. 10 to 20 Days) | September 12, 2023, 8:30 a.m. |

    IT IS SO ORDERED.