CASE NO. CV 19-1998-MWF (KSx)

Kaine Wen
146 Bishop Lndg
Irvine, CA 92620
Telephone: 626-563-7908
kainewen@gmail.com
In Pro Per

FILED
2023 MAR 27 PM 3: 46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc. d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; Sarah Kim, and Anan Enterprise, Inc.,<br><br>Relief Defendants | CASE NO. CV 19-1998-MWF (KSx)<br><br>Hon. Michael W. Fitzgerald<br><br>**DEFENDANT KAINE WEN'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ALBERT KIM FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:       April 24, 2023<br>Time:      10:00 AM<br>Judge:    Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br><br><br><br>Action Filed:   October 21, 2019 |

CASE NO. CV 19-1998-MWF (KSx)

Defendant Kaine Wen ("Mr. Wen"), respectfully submits these Evidentiary Objections to the Declaration of Albert Kim ("Kim Decl.") and certain exhibits in connection therewith, submitted by Plaintiff Consumer Financial Protection Bureau, et al.'s Motion for Partial Summary Judgment in this matter, as follows:

| **Proffered Evidence:** | **Objection:** |
|---|---|
| (1) Kim Decl., ¶ 4, at 1:17-18: "Wen and I decided to form a company together in 2014." | **Fed. R. Evid. 602** The declarant's statement as to what Wen "decided" lacks personal knowledge. Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |
| (2) Kim Decl., ¶ 9, at 2:4-7: "Although Wen was an owner of CAC, he wasn't listed as an owner in corporate registration documents provided to the California Secretary of State. We trusted each other, and we didn't think it was necessary to have him listed too." | **Fed. R. Evid. 602** The declarant's statement as to what Wen thought ("we didn't think") lacks personal knowledge. Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |
| (3) Kim Decl., ¶ 12 at 2:15-17: "By the time we decided to make True Count the back-end processing company for CAC, we had | **Fed. R. Evid. 803** The declarant's statement as to what was discussed is inadmissible hearsay. |

CASE NO. CV 19-1998-MWF (KSx)

| | |
|---|---|
| discussed making it look like CAC and True Count were two separate companies owned by two separate people." | |
| (4) Kim Decl., ¶ 13 at 2:18-22: "Wen and I learned from talking to other people who had worked in the industry that student-loan debt-relief companies were often structured into more than one company so that if the government came after the front-end sales company, the back-end processing company could keep managing and charging the customers." | **Fed. R. Evid. 602** <br><br> The declarant's statement as to what Wen "learned" lacks personal knowledge. <br><br> Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |
| (5) Kim Decl., ¶ 18 at 3:6-7: "Although Wen and I owned and controlled Prime, we asked Ho if he would agree to be the owner of Prime on paper, and he did." | **Fed. R. Evid. 803** <br><br> The declarant's statement as to what was asked is inadmissible hearsay. |
| (6) Kim Decl., ¶ 49 at 6:25-28: "49. When the Company began operating, it did not have any policy prohibiting employees from inflating consumers' family size in the course of selling or performing its services, and Wen and I knew our employees were using fake family sizes." | **Fed. R. Evid. 602** <br><br> The declarant's statement as to what Wen "knew" lacks personal knowledge. <br><br> Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |
| (7) Kim Decl., ¶ 51 at 7:5-10: "51. In approximately 2016 or 2017, Wen, Nguyen | **Fed. R. Evid. 803** |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ALBERT KIM

Case 8:19-cv-01998-MWF-KS   Document 436   Filed 03/27/23   Page 4 of 5   Page ID #:13670

CASE NO. CV 19-1998-MWF (KSx)

| | |
|---|---|
| and I discussed the fact that some consumers' applications were getting denied because of the Company's use o fa fake family size. At that point, Wen agreed to limit employees to in inflating consumers' family size up to 7. Based on our experience, Wen and I thought a maximum family size of 7 would make it less likely that a consumer's application would be denied. | The declarant's statement as to what was asked is inadmissible hearsay.<br><br>**Fed. R. Evid. 602**<br>The declarant's statement as to what Wen "thought" lacks personal knowledge.<br>Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |
| (8) Kim Decl., ¶ 54 at 7:17-18: "54. Prior to April 2018, Wen and I also became aware that employees were listing all married clients as single in student loan adjustment applications." | **Fed. R. Evid. 602**<br>The declarant's statement as to what Wen "became aware" of lacks personal knowledge.<br>Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |
| (9) Kim Decl., ¶ 55 at 7:22-24: "Prior to April 2018, Wen and I discussed the fact that Company employees listed married clients as single in DPP and in student loan adjustment applications submitted on behalf of consumers." | **Fed. R. Evid. 803**<br>The declarant's statement as to what was asked is inadmissible hearsay. |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ALBERT KIM

CASE NO. CV 19-1998-MWF (KSx)

| | |
|---|---|
| (10) Kim Decl., ¶ 71 at 9:27-10:2: "Wen and I knew that employees told consumers that their loans would be forgiven immediately and that monthly payments to the Company would go toward paying off their loans. Wen and I also knew these statements were incorrect." | **Fed. R. Evid. 602** The declarant's statement as to what Wen "knew" lacks personal knowledge. Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |
| (11) Kim Decl., ¶ 90 at 12:19-24: "In approximately late 2017/early 2018, Wen and I attended a conference on student loan debt relief in Las Vegas. At the conference, we learned about the FTC's "Game of Loans" lawsuits against a bunch of other student-loan debt-relief providers who were charging advance fees. What we learned made us more worried about the government finding out that we weren't complying with the TSR. | **Fed. R. Evid. 602** The declarant's statement as to what Wen "learned" and was "worried" regarding lacks personal knowledge. Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |

Executed on March 27, 2023 at Los Angeles County, California.

Respectfully submitted,

*/s/ Kaine Wen*

Kaine Wen

EVIDENTIARY OBJECTIONS TO DECLARATION OF ALBERT KIM