CASE NO. CV 19-1998-MWF (KSx)

Kaine Wen
146 Bishop Lndg
Irvine, CA 92620
Telephone: 626-563-7908
kainewen@gmail.com
In Pro Per



FILED
2023 MAR 27 PM 3: 46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc. d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; Sarah Kim, and Anan Enterprise, Inc.,<br><br>Relief Defendants | CASE NO. CV 19-1998-MWF (KSx)<br><br>Hon. Michael W. Fitzgerald<br><br>**DEFENDANT KAINE WEN'S EVIDENTIARY OBJECTIONS TO DECLARATION OF TUONG NGUYEN FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: April 24, 2023<br>Time: 10:00 AM<br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br><br><br><br><br><br><br><br><br><br>Action Filed: October 21, 2019 |

1

CASE NO. CV 19-1998-MWF (KSx)

Defendant Kaine Wen ("Mr. Wen"), respectfully submits these Evidentiary Objections to the Declaration of Tuong Nguyen ("Nguyen Decl.") and certain exhibits in connection therewith, submitted by Plaintiff Consumer Financial Protection Bureau, et al.'s Motion for Partial Summary Judgment in this matter, as follows:

| Proffered Evidence: | Objection: |
|---|---|
| (1) Nguyen Decl., ¶ 3 at 1:10-12: "Sometime in 2015, Wen reached out to me and asked if I wanted to be part of a student loan document preparation company that he was forming with Kim." | **Fed. R. Evid. 803** The declarant's statement as to what was "asked" is inadmissible hearsay. |
| (2) Nguyen Decl., ¶ 68 at 9:19-22: "I refused to re-submit the application since it had already been denied. Based on my discussions with Kim, my understanding is that Kim then spoke to Wen about the situation, and that following their conversation, Wen drafted the Letter of Explanation template." | **Fed. R. Evid. 803** The declarant's statement as to "discussions" is inadmissible hearsay. The statement as to "my understanding is that Kim then spoke to Wen about the situation, and that following their conversation, Wen drafted the Letter of Explanation template." is double inadmissible hearsay. |
| Nguyen Decl., ¶ 74 at 10:20-23: "Kim and Wen were aware that salespeople were making the misrepresentations described above and that it was the Company's practice to submit applications for IDR plans with an | **Fed. R. Evid. 602** The declarant's statement as to what Wen was "aware" of lacks personal knowledge. Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that |

2

CASE NO. CV 19-1998-MWF (KSx)

| | |
|---|---|
| inflated family size and to list married clients as single." | the witness has personal knowledge of the matter." |
| (4) Nguyen Decl., ¶ 75 at 10"24-27: "I raised concerns about misrepresentations by salespeople on several occasions during discussions with Kim and Wen about refunds to particular consumers. During those discussions, I told them that the Company should refund the consumer and not pay the salesperson." | **Fed. R. Evid. 803**<br>The declarant's statement as to discussions and what was told is inadmissible hearsay. |
| (5) Nguyen Decl., ¶ 121 at 16:19-22: "At some point in 2019, I recall discussions with Kim and Wen about forming their own dedicated account provider. They planned to pay Jimmy Lai $1 per month for each client who made a payment through the dedicated account provider." | **Fed. R. Evid. 803**<br>The declarant's statement as to discussions and what was planned is inadmissible hearsay.<br><br>**Fed. R. Evid. 602**<br>The declarant's statement as to what was "planned" lacks personal knowledge.<br>Fed. R. Evid. 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." |

3

EVIDENTIARY OBJECTIONS TO DECLARATION OF TUONG NGUYEN

CASE NO. CV 19-1998-MWF (KSx)

Executed on March 27, 2023 at Los Angeles County, California.

Respectfully submitted,

_____
Kaine Wen