# Exhibit 94

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Bureau of Consumer Financial
Protection, et al.,

     Plaintiffs,

     v.

Consumer Advocacy Center Inc., d/b/a
Premier Student Loan Center, et al.,

     Defendants.

CASE NO. 8:19-cv-01998 MWF

**DECLARATION OF JESSE
STEWART IN SUPPORT OF
REPLY IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY
JUDGMENT**

Court: Hon. Michael W. Fitzgerald
Date:  April 24, 2023
Time: 10:00 am
Place: Courtroom 5A

I, Jesse Stewart, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am a citizen of the United States and am over eighteen (18) years of age. I am employed as a Senior Litigation Counsel with the Bureau of Consumer Financial Protection (Bureau) in the Office of Enforcement. My mailing address is 1700 G Street NW, Washington, DC 20522. I am an attorney for the Bureau as Plaintiff in the above-captioned case, appearing *pro hac vice*.

2.     This declaration is submitted with Plaintiffs' Reply in Support of Plaintiffs' Motion for Partial Summary Judgment (ECF 423).

3.     The facts set forth in this declaration are based on my personal knowledge or information made known to me in the course of my official duties.

4.     The Bureau is submitting the Summary Judgment Exhibits (Pls.' Ex.) referenced below with its Reply in Support of Plaintiffs' Motion for Partial Summary Judgment.

5.     Pls.' Ex. 95 is a true and correct copy of a publicly available stipulation titled, "In the Matter of: Kaine Wen," identified as case number

1   15-O-15791, that I downloaded from the website for the State Bar of California,

2   https://members.calbar.ca.gov/courtDocs/15-O-15791.pdf, on April 6, 2023.

3        6.    Pls.' Ex. 96 is a true and correct copy of Plaintiff Bureau of Consumer

4   Financial Protection's First Requests to Produce Documents to Defendant Kaine

5   Wen, which Bureau counsel served on Wen's former counsel on March 30, 2022.

6        7.    Pls.' Ex. 97 is true and correct copy of Plaintiff Bureau of Consumer

7   Financial Protection's First Interrogatories to Defendant Kaine Wen, not including

8   attached exhibits,[1] which Bureau counsel served on Wen's former counsel on

9   March 30, 2022.

10       8.    Pls.' Ex. 98 is a true and correct copy of Wen's Amended and

11   Corrected Individual Financial Statement, submitted by Wen's former counsel to

12   Bureau counsel via email on December 18, 2020, with redactions as ordered by this

13   Court (the under seal version is available at ECF 365-6, Ex. 7).

14       9.    I declare under penalty of perjury that the foregoing is true and correct

15   to the best of my knowledge and belief.

16

17   Executed on April 10, 2023.

18                              */s/ Jesse Stewart*

19                                Jesse Stewart

20                                Silver Spring, Maryland

21

22

23

24

25

26

27   [1] The exhibits are not relevant to the purposes for which Pls.' Ex. 97 is submitted.

28

STEWART DECL. ISO PLAINTIFFS' REPLY ISO SUMMARY JUDGMENT

# Exhibit 95

ORIGINAL

(Do not write above this line.)

| | | |
|---|---|---|
| **State Bar Court of California**<br>**Hearing Department**<br>**Los Angeles**<br>**STAYED SUSPENSION** | | |
| Counsel For The State Bar<br><br>**Esther Fallas**<br>**Deputy Trial Counsel**<br>**845 S. Figueroa St.**<br>**Los Angeles, CA 90017**<br>**(213) 756-1071**<br><br>Bar # **307348** | Case Number(s):<br>**15-O-15791** | For Court use only<br><br>**PUBLIC MATTER**<br><br>**FILED**<br><br>**JUL 11 2018**<br><br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
| Counsel For Respondent<br><br>**Ellen Pansky**<br>**Pansky Markle LLP**<br>**1010 Sycamore Ave Unit 308**<br>**South Pasadena, CA 91030**<br>**(213) 626-7300**<br><br>Bar # **77688** | Submitted to: **Settlement Judge**<br><br>STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION AND ORDER APPROVING | |
| In the Matter of:<br>**KAINE WEN**<br><br>Bar # **255420**<br><br>A Member of the State Bar of California (Respondent) | **STAYED SUSPENSION; NO ACTUAL SUSPENSION**<br><br>☐ PREVIOUS STIPULATION REJECTED | |

**Note: All information required by this form and any additional information which cannot be provided in the space provided, must be set forth in an attachment to this stipulation under specific headings, e.g., "Facts," "Dismissals," "Conclusions of Law," "Supporting Authority," etc.**

## A. Parties' Acknowledgments:

(1)  Respondent is a member of the State Bar of California, admitted **March 28, 2008**.

(2)  The parties agree to be bound by the factual stipulations contained herein even if conclusions of law or disposition are rejected or changed by the Supreme Court.

(3)  All investigations or proceedings listed by case number in the caption of this stipulation are entirely resolved by this stipulation and are deemed consolidated. Dismissed charge(s)/count(s) are listed under "Dismissals." The stipulation consists of **11** pages, not including the order.

(4)  A statement of acts or omissions acknowledged by Respondent as cause or causes for discipline is included under "Facts."

kwiktag •   197 149 619

(Effective July 1, 2015)

Stayed Suspension

Pls.' Ex. 95<br>P. 1398

(Do not write above this line.)

(5)   Conclusions of law, drawn from and specifically referring to the facts are also included under "Conclusions of Law".

(6)   The parties must include supporting authority for the recommended level of discipline under the heading "Supporting Authority."

(7)   No more than 30 days prior to the filing of this stipulation, Respondent has been advised in writing of any pending investigation/proceeding not resolved by this stipulation, except for criminal investigations.

(8)   Payment of Disciplinary Costs—Respondent acknowledges the provisions of Bus. & Prof. Code §§6086.10 & 6140.7. (Check one option only):

☒   Costs are added to membership fee for calendar year following effective date of discipline.
☐   Costs are to be paid in equal amounts prior to February 1 for the following membership years: (Hardship, special circumstances or other good cause per rule 5.132, Rules of Procedure).  If Respondent fails to pay any installment as described above, or as may be modified by the State Bar Court, the remaining balance is due and payable immediately.
☐   Costs are waived in part as set forth in a separate attachment entitled "Partial Waiver of Costs".
☐   Costs are entirely waived.

## B. Aggravating Circumstances [Standards for Attorney Sanctions for Professional Misconduct, standards 1.2(h) & 1.5]. Facts supporting aggravating circumstances are required.

(1)   ☐   **Prior record of discipline**

(a)   ☐   State Bar Court case # of prior case

(b)   ☐   Date prior discipline effective

(c)   ☐   Rules of Professional Conduct/ State Bar Act violations:

(d)   ☐   Degree of prior discipline

(e)   ☐   If Respondent has two or more incidents of prior discipline, use space provided below or a separate attachment entitled "Prior Discipline.

(2)   ☐   **Intentional/Bad Faith/Dishonesty:**  Respondent's misconduct was dishonest, intentional, or surrounded by, or followed by bad faith.

(3)   ☐   **Misrepresentation:**  Respondent's misconduct was surrounded by, or followed by misrepresentation.

(4)   ☐   **Concealment:**  Respondent's misconduct was surrounded by, or followed by concealment.

(5)   ☐   **Overreaching:**  Respondent's misconduct was surrounded by, or followed by overreaching.

(6)   ☐   **Uncharged Violations:**  Respondent's conduct involves uncharged violations of the Business and Professions Code, or the Rules of Professional Conduct.

(7)   ☐   **Trust Violation:**  Trust funds or property were involved and Respondent refused or was unable to account to the client or person who was the object of the misconduct for improper conduct toward said funds or property..

WT
6-19-18

(Effective July 1, 2015)

2

*(Do not write above this line.)*

(8)  ☐  **Harm:** Respondent's misconduct harmed significantly a client, the public, or the administration of justice.

(9)  ☐  **Indifference:** Respondent demonstrated indifference toward rectification of or atonement for the consequences of his or her misconduct.

(10)  ☐  **Candor/Lack of Cooperation:** Respondent displayed a lack of candor and cooperation to victims of his/her misconduct, or to the State Bar during disciplinary investigations or proceedings.

(11)  ☒  **Multiple Acts:** Respondent's current misconduct evidences multiple acts of wrongdoing. See page 7.

(12)  ☐  **Pattern:** Respondent's current misconduct demonstrates a pattern of misconduct.

(13)  ☐  **Restitution:** Respondent failed to make restitution.

(14)  ☐  **Vulnerable Victim:** The victim(s) of Respondent's misconduct was/were highly vulnerable.

(15)  ☐  **No aggravating circumstances** are involved.

**Additional aggravating circumstances**

## C. Mitigating Circumstances [see standards 1.2(i) & 1.6]. Facts supporting mitigating circumstances are required.

(1)  ☐  **No Prior Discipline:**  Respondent has no prior record of discipline over many years of practice coupled with present misconduct which is not likely to recur.

(2)  ☐  **No Harm:**  Respondent did not harm the client, the public, or the administration of justice.

(3)  ☐  **Candor/Cooperation:**  Respondent displayed spontaneous candor and cooperation with the victims of his/her misconduct or to the State Bar during disciplinary investigations and proceedings.

(4)  ☐  **Remorse:**  Respondent promptly took objective steps demonstrating spontaneous remorse and recognition of the wrongdoing, which steps were designed to timely atone for any consequences of his/her misconduct.

(5)  ☐  **Restitution:**  Respondent paid $        on         in restitution to         without the threat or force of disciplinary, civil or criminal proceedings.

(6)  ☐  **Delay:**  These disciplinary proceedings were excessively delayed.  The delay is not attributable to Respondent and the delay prejudiced him/her.

(7)  ☐  **Good Faith:**  Respondent acted with a good faith belief that was honestly held and objectively reasonable.

(8)  ☐  **Emotional/Physical Difficulties:**  At the time of the stipulated act or acts of professional misconduct Respondent suffered extreme emotional difficulties or physical or mental disabilities which expert testimony would establish was directly responsible for the misconduct.  The difficulties or disabilities were not the product of any illegal conduct by the member, such as illegal drug or substance abuse, and the difficulties or disabilities no longer pose a risk that Respondent will commit misconduct.

WT
6-19-19

*(Effective July 1, 2015)*

3

(Do not write above this line.)

(9) ☐ **Severe Financial Stress:** At the time of the misconduct, Respondent suffered from severe financial stress which resulted from circumstances not reasonably foreseeable or which were beyond his/her control and which were directly responsible for the misconduct.

(10) ☐ **Family Problems:** At the time of the misconduct, Respondent suffered extreme difficulties in his/her personal life which were other than emotional or physical in nature.

(11) ☐ **Good Character:** Respondent's extraordinarily good character is attested to by a wide range of references in the legal and general communities who are aware of the full extent of his/her misconduct.

(12) ☐ **Rehabilitation:** Considerable time has passed since the acts of professional misconduct occurred followed by subsequent rehabilitation.

(13) ☐ **No mitigating circumstances** are involved.

**Additional mitigating circumstances**

No Prior Record of Discipline, see pages 7-8.

Good Character, see page 8.

Prefiling Stipulation, see page 8.

## D. Discipline:

(1) ☒ **Stayed Suspension:**

    (a) ☒ Respondent must be suspended from the practice of law for a period of **one year**.

        i. ☐ and until Respondent shows proof satisfactory to the State Bar Court of rehabilitation and fitness to practice and present learning and ability in the general law pursuant to standard 1.2(c)(1), Standards for Attorney Sanctions for Professional Misconduct.

        ii. ☐ and until Respondent pays restitution as set forth in the Financial Conditions form attached to this stipulation.

        iii. ☐ and until Respondent does the following:

The above-referenced suspension is stayed.

(2) ☒ **Probation:**

Respondent is placed on probation for a period of **one year**, which will commence upon the effective date of the Supreme Court order in this matter. (See rule 9.18 California Rules of Court.)

## E. Additional Conditions of Probation:

(1) ☒ During the probation period, Respondent must comply with the provisions of the State Bar Act and Rules of Professional Conduct.

(2) ☒ Within ten (10) days of any change, Respondent must report to the Membership Records Office of the State Bar and to the Office of Probation of the State Bar of California ("Office of Probation"), all changes of information, including current office address and telephone number, or other address for State Bar purposes, as prescribed by section 6002.1 of the Business and Professions Code.

WT
6-19-18

(Do not write above this line.)

(3) ☒ Within thirty (30) days from the effective date of discipline, Respondent must contact the Office of Probation and schedule a meeting with Respondent's assigned probation deputy to discuss these terms and conditions of probation. Upon the direction of the Office of Probation, Respondent must meet with the probation deputy either in-person or by telephone. During the period of probation, Respondent must promptly meet with the probation deputy as directed and upon request.

(4) ☒ Respondent must submit written quarterly reports to the Office of Probation on each January 10, April 10, July 10, and October 10 of the period of probation. Under penalty of perjury, Respondent must state whether Respondent has complied with the State Bar Act, the Rules of Professional Conduct, and all conditions of probation during the preceding calendar quarter. Respondent must also state whether there are any proceedings pending against him or her in the State Bar Court and if so, the case number and current status of that proceeding. If the first report would cover less than 30 days, that report must be submitted on the next quarter date, and cover the extended period.

In addition to all quarterly reports, a final report, containing the same information, is due no earlier than twenty (20) days before the last day of the period of probation and no later than the last day of probation.

(5) ☐ Respondent must be assigned a probation monitor. Respondent must promptly review the terms and conditions of probation with the probation monitor to establish a manner and schedule of compliance. During the period of probation, Respondent must furnish to the monitor such reports as may be requested, in addition to the quarterly reports required to be submitted to the Office of Probation. Respondent must cooperate fully with the probation monitor.

(6) ☒ Subject to assertion of applicable privileges, Respondent must answer fully, promptly and truthfully any inquiries of the Office of Probation and any probation monitor assigned under these conditions which are directed to Respondent personally or in writing relating to whether Respondent is complying or has complied with the probation conditions.

(7) ☒ Within one (1) year of the effective date of the discipline herein, Respondent must provide to the Office of Probation satisfactory proof of attendance at a session of the State Bar Ethics School, and passage of the test given at the end of that session.

       ☐ No Ethics School recommended. Reason:     .

(8) ☐ Respondent must comply with all conditions of probation imposed in the underlying criminal matter and must so declare under penalty of perjury in conjunction with any quarterly report to be filed with the Office of Probation.

(9) ☐ The following conditions are attached hereto and incorporated:

       ☐ Substance Abuse Conditions       ☐ Law Office Management Conditions

       ☐ Medical Conditions       ☐ Financial Conditions

## F. Other Conditions Negotiated by the Parties:

(1) ☒ **Multistate Professional Responsibility Examination:** Respondent must provide proof of passage of the Multistate Professional Responsibility Examination ("MPRE"), administered by the National Conference of Bar Examiners, to the Office of Probation within one year. **Failure to pass the MPRE results in actual suspension without further hearing until passage. But see rule 9.10(b), California Rules of Court, and rule 5.162(A) & (E), Rules of Procedure.**

       ☐ No MPRE recommended. Reason:     .

(2) ☐ **Other Conditions:**

wT
6-19-18

(Effective July 1, 2015)

Stayed Suspension

Pls.' Ex. 95
P. 1402

## ATTACHMENT TO

## STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION

IN THE MATTER OF:          KAINE WEN

CASE NUMBER:            15-O-15791

**FACTS AND CONCLUSIONS OF LAW.**

Respondent admits that the following facts are true and that he is culpable of violations of the specified statutes and/or Rules of Professional Conduct.

### Case No. 15-O-15791 (Complainant: John Grass)

FACTS:

1. On August 8, 2014, respondent registered Stone Law Group ("SLG") as a California professional corporation by filing Articles of Incorporation with the California Secretary of State. Respondent outsourced primary tasks of marketing, customer acquisition and service, data collection, verification, and document preparation to the owner of Consumer Advocacy Center ("CAC"). CAC is not a law firm, and its owner is not a lawyer.

2. On January 8, 2015, CAC's owner telephoned John Grass ("Grass") at Grass's home in Phoenixville, Pennsylvania on behalf of respondent. Grass told CAC's owner that he lived in Pennsylvania, where his property was located; Grass had no connection to California.

3. On January 8, 2015, Grass hired SLG through CAC's owner. Respondent provided two retainer agreements to Grass through CAC; the first included evaluation of Grass's options and both the preparation and delivery of a Qualified Written Request to Grass's home mortgage lender. The second retainer was to process and draft documents for a loan modification and prepare a loan modification package to Grass's lender. The retainer agreements stated that Grass must pay for legal services and expert fees at a flat rate of $1450 for each retainer directly to SLG.

4. Respondent did not disclose to Grass in either retainer agreement that respondent was not admitted to practice law in Pennsylvania, nor did respondent take any steps to comply with Pennsylvania's multi-jurisdictional practice rule, Rules of Professional Conduct, rule 5.5.

5. Grass paid SLG a total of $2,900 in four payments of $725 paid on January 23, 2015; February 23, 2015; March 31, 2015; and April 8, 2015. For each payment that SLG received from Grass, SLG kept $72.50 and paid CAC $652.50.

6. After Grass signed the retainer agreements with SLG, Grass's only contact with SLG was through CAC; Grass had no way of contacting SLG directly, and all of CAC's contacts with Grass were on behalf of SLG.

7. On May 8, 2015, SLG's CAC representative emailed a request for third party authorization to Bank of America. The authorization, which Grass signed, authorized SLG to represent Grass.

---
6
---

8. In July 2015, Grass tried to telephone CAC but the phone number was not in service. Additionally, Grass attempted to visit SLG's website, but the website was unavailable. CAC never again contacted Grass.

9. In July 2015, respondent also lost all communication with CAC, and on September 21, 2015, respondent dissolved SLG by filing a Certificate of Dissolution with the California Secretary of State.

10. Grass ultimately obtained a loan modification with Bank of America, without the aid of SLG, after Grass lost contact with CAC.

11. On December 19, 2017, after the Office of Chief Trial Counsel advised respondent of pending charges, respondent paid Grass $3,600. This amount included $2,900 in restitution for advance legal fees Grass paid SLG, plus $700 in interest at an annual rate of 10% calculated from January 23, 2015 to December 19, 2017.

12. On December 27, 2017, respondent paid an additional $120.00 in interest on the previously-refunded advance fees.

CONCLUSIONS OF LAW:

13. By representing Grass, a resident of Pennsylvania, from January 8, 2015 through July 2015 regarding Grass's residential property in Pennsylvania, without disclosing to Grass that respondent was not admitted to practice law in Pennsylvania, respondent held himself out as entitled to practice law in Pennsylvania when to do so was in violation of Pennsylvania Rules of Professional Conduct, Rule 5.5(b)(2), and therefore in willful violation of Rules of Professional Conduct, rule 1-300(B).

14. By entering into an agreement with Grass on January 8, 2015, charging and collecting a fee of $2,900 to perform legal services in a jurisdiction in which respondent held himself out as admitted to practice law in Pennsylvania despite not being admitted to practice law in that jurisdiction, respondent entered into an agreement for, charged, and collected an illegal fee, in willful violation of the Rules of Professional Conduct, rule 4-200(A).

15. By sharing with the owner of Consumer Advocacy Center legal fees received from Grass, for legal services provided to Grass, respondent shared legal fees with a person who was not a lawyer, in willful violation of Rules of Professional Conduct, Rule 1-320(A).

**AGGRAVATING CIRCUMSTANCES.**

**Multiple Acts of Wrongdoing (Std. 1.5(b)):** Respondent committed the unauthorized practice of law in Pennsylvania by holding himself out as entitled to practice law in Pennsylvania without being licensed to practice law in Pennsylvania; collected an illegal fee for services that constituted the unauthorized practice of law; and split legal fees with a non-attorney.

**MITIGATING CIRCUMSTANCES.**

**No Prior Discipline:** The State Bar of California admitted respondent to the practice of law on March 28, 2008. Respondent was active from March 28, 2008 until January 30, 2012. Beginning January 31, 2012, respondent voluntary placed himself on inactive status, but later returned to active

WT
6-19-18

_____7_____

status on July 15, 2014.  Respondent has no prior record of discipline, but practiced law for only five of
the seven years since his admission.  Thus, the mitigating weight available to respondent's five years of
discipline-free practice is only nominal.  (See *In the Matter of Duxbury* (Review Dept. 1999) 4 Cal.
State Bar Ct. Rptr. 61, 66; see also *In re Distefano* (Review Dept. 1975) 13 Cal. 3d 476, 481 [five years
of practice without prior discipline is entitled to nominal weight in mitigation].)

**Good Character:**  Respondent provided eight character letters from both the legal and general
communities.  All of the individuals are aware of the misconduct.  Six of the letters were from friends
who have known respondent from 10 to 28 years.  The individuals described respondent as honest,
smart, caring, and loyal.  Despite their knowledge of the misconduct, they stated that respondent is of
good moral character, possesses integrity, and is trustworthy.

Two attorneys submitted letters on respondent's behalf.  One attorney has known respondent for
20 years.  He described respondent as a responsible, accountable, quality attorney who is a value to the
legal community.  The other attorney attested that respondent is highly respected both professionally and
socially.  He described respondent as an attorney with integrity, professionalism, and high moral
character.  Respondent's eight character letters provide significant mitigation weight.  (See *Porter v.
State Bar* (1990) 52 Cal.3d 518, 529 [where evidence of good character warranted lesser discipline].)

**Prefiling Stipulation:**  By entering into this stipulation, respondent has acknowledged
misconduct and is entitled to mitigation for recognition of wrongdoing and saving the State Bar
significant resources and time.  (*Silva-Vidor v. State Bar* (1989) 49 Cal.3d 1071, 1079 [where mitigative
credit was given for entering into a stipulation as to facts and culpability]; *In the Matter of Spaith*
(Review Dept. 1996) 3 Cal. State Bar Ct. Rptr. 511, 521 [where the attorney's stipulation to facts and
culpability was held to be a mitigating circumstance].)

## AUTHORITIES SUPPORTING DISCIPLINE.

The Standards for Attorney Sanctions for Professional Misconduct "set forth a means for
determining the appropriate disciplinary sanction in a particular case and to ensure consistency across
cases dealing with similar misconduct and surrounding circumstances."  (Rules Proc. of State Bar, tit.
IV, Stds. for Atty. Sanctions for Prof. Misconduct, std. 1.1.  All further references to standards are to this
source.)  The standards help fulfill the primary purposes of discipline, which include: protection of the
public, the courts and the legal profession; maintenance of the highest professional standards; and
preservation of public confidence in the legal profession.  (See std. 1.1; *In re Morse* (1995) 11 Cal.4th
184, 205.)

Although not binding, the standards are entitled to "great weight" and should be followed
"whenever possible" in determining level of discipline.  (*In re Silverton* (2005) 36 Cal.4th 81, 92,
quoting *In re Brown* (1995) 12 Cal.4th 205, 220 and *In re Young* (1989) 49 Cal.3d 257, 267, fn. 11.)
Adherence to the standards in the great majority of cases serves the valuable purpose of eliminating
disparity and assuring consistency, that is, the imposition of similar attorney discipline for instances of
similar attorney misconduct.  (*In re Naney* (1990) 51 Cal.3d 186, 190.)  If a recommendation is at the
high end or low end of a standard, an explanation must be given as to how the recommendation was
reached. (Std. 1.1.)  "Any disciplinary recommendation that deviates from the Standards must include
clear reasons for the departure."  (Std. 1.1; *Blair v. State Bar* (1989) 49 Cal.3d 762, 776, fn. 5.)

In determining whether to impose a sanction greater or less than that specified in a given
standard, in addition to the factors set forth in the specific standard, consideration is to be given to the

WT
6-19-19

8

primary purposes of discipline; the balancing of all aggravating and mitigating circumstances; the type
of misconduct at issue; whether the client, public, legal system or profession was harmed; and the
member's willingness and ability to conform to ethical responsibilities in the future. (Stds. 1.7(b) and
(c).)

Standard 1.7(a) states, "If a member commits two or more acts of misconduct and the Standards
specify different sanctions for each act, the most severe sanction must be imposed." In this instance, the
most severe standard is standard 2.8, the applicable standard for fee-splitting with a non-lawyer, which
calls for actual suspension.

Here, respondent held himself out as entitled to practice law in Pennsylvania without being
licensed to practice law in Pennsylvania, and received an illegal fee for that practice. Respondent also
split legal fees with a non-lawyer.

However, to determine the appropriate level of discipline, we must also consider the aggravating
and mitigating circumstances. In aggravation, respondent engaged in multiple acts of misconduct. In
mitigation, respondent entered into a prefiling stipulation, provided evidence of good character, and had
five years of discipline-free practice at the time of the misconduct. Additionally, though harm to the
client, public or the administration of justice is inherent in the unauthorized practice of law, any harm to
the client here was minimal. Though respondent did not refund the fees Grass paid until after Grass
complained to the State Bar, respondent did ultimately refund the entire fee paid, and he made an
additional payment equivalent to 10% interest per year for the period in which respondent held Grass's
funds.

In *In re Wells* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 896, the Review Department held
Wells culpable for engaging in the unauthorized practice of law in another jurisdiction where she was
not admitted, charging an illegal fee, failing to return unearned fees, charging an unconscionable fee,
failing to maintain funds in a trust account, and committing two acts of moral turpitude. Wells did not
refund $11,000 to her client prior to the disciplinary trial in her matter, and she failed to deposit funds
from her client's settlement fund into the client trust account. In a second matter, Wells engaged in the
unauthorized practice of law, charged $6,500 fees without a fee agreement, and failed to pay $6,500 in
restitution. Moreover, Wells committed acts of moral turpitude by lying to a State Bar investigator and
a South Carolina deputy solicitor regarding her misconduct. Wells also had one prior discipline, a
private reproval, for misconduct in two matters. The Review Department held that the appropriate level
of discipline was a two-year stayed suspension, two years' probation, with a six-month actual
suspension and until respondent paid restitution for her unauthorized practice of law in two client
matters in South Carolina.

Under these circumstances, the six-month actual suspension in *Wells* is too severe, as
respondent's misconduct is less severe and less aggravated by comparison. Respondent did not fail to
maintain funds in a trust account, nor did he commit acts of moral turpitude by lying to a State Bar
investigator or a state deputy solicitor, as Wells did. Additionally, Wells's misconduct involved two
client matters, while respondent's misconduct arose from just one client matter. Moreover, Wells had a
prior record of discipline, while this respondent does not have a prior record of discipline. Compared to
Wells, the misconduct here falls at the low end of the applicable standard, before any aggravating or
mitigating factors are considered.

In light of respondent's misconduct, the minimal aggravating and the significant mitigating
circumstances surrounding the misconduct, the relevant standards and case law, and the fact that

WT
6-19-18

_9_

respondent's misconduct caused minimal harm, a downward departure from the actual suspension described in standard 2.8 is appropriate.  Therefore, the appropriate level of discipline is a one-year stayed suspension and a one-year probation with standard conditions, Ethics School, and MPRE testing. This level of discipline is consistent with the standards, prior case law, and the purposes of discipline, which include protection of the public, the courts, and the legal profession.

## COSTS OF DISCIPLINARY PROCEEDINGS.

Respondent acknowledges that the Office of Chief Trial Counsel has informed respondent that as of May 29, 2018, the discipline costs in this matter are $3,300.  Respondent further acknowledges that should this stipulation be rejected or should relief from the stipulation be granted, the costs in this matter may increase due to the cost of further proceedings.

## EXCLUSION FROM MINIMUM CONTINUING LEGAL EDUCATION ("MCLE") CREDIT

Respondent may not receive MCLE credit for completion of State Bar Ethics School.  (Rules Proc. of State Bar, rule 3201.)

WT
5-19-18

Pls.' Ex. 95
P. 1407

(Do not write above this line.)

| In the Matter of<br>**KAINE WEN** | Case number(s):<br>15-O-15791 |
|---|---|

### SIGNATURE OF THE PARTIES

By their signatures below, the parties and their counsel, as applicable, signify their agreement with each of the recitations and each of the terms and conditions of this Stipulation Re Fact, Conclusions of Law and Disposition.

6/19/18
Date                    Respondent's Signature                    Kaine Wen
                                                                  Print Name

6/20/18
Date                    Respondent's Counsel Signature            Ellen Pansky
                                                                  Print Name

6/20/18
Date                    Deputy Trial Counsel's Signature          Esther Fallas
                                                                  Print Name

WT
6-19-18

11

(Do not write above this line.)

| In the Matter of:<br>KAINE WEN | Case Number(s):<br>15-O-15791 |
|---|---|

## STAYED SUSPENSION ORDER

Finding the stipulation to be fair to the parties and that it adequately protects the public, IT IS ORDERED that the requested dismissal of counts/charges, if any, is GRANTED without prejudice, and:

☒ The stipulated facts and disposition are APPROVED and the DISCIPLINE RECOMMENDED to the Supreme Court.

☐ The stipulated facts and disposition are APPROVED AS MODIFIED as set forth below, and the DISCIPLINE IS RECOMMENDED to the Supreme Court.

☐ All Hearing dates are vacated.

The parties are bound by the stipulation as approved unless: 1) a motion to withdraw or modify the stipulation, filed within 15 days after service of this order, is granted; or 2) this court modifies or further modifies the approved stipulation. (See rule 5.58(E) & (F), Rules of Procedure.) **The effective date of this disposition is the effective date of the Supreme Court order herein, normally 30 days after file date. (See rule 9.18(a), California Rules of Court.)**

_____7/11/18_____          _Donald F. Miles (signature)_
Date                                              **DONALD F. MILES**
                                                       Judge of the State Bar Court

(Effective July 1, 2015)

Stayed Suspension Order

Pls.' Ex. 95
P. 1409

## CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Court Specialist of the State Bar Court of California.  I am over the age of eighteen and
not a party to the within proceeding.  Pursuant to standard court practice, in the City and County
of Los Angeles, on July 11, 2018, I deposited a true copy of the following document(s):

   STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION AND
   ORDER APPROVING

in a sealed envelope for collection and mailing on that date as follows:

☒   by first-class mail, with postage thereon fully prepaid, through the United States Postal
     Service at Los Angeles, California, addressed as follows:

     ELLEN A. PANSKY
     PANSKY MARKLE  ATTORNEYS AT LAW
     1010 SYCAMORE AVE UNIT 308
     S PASADENA, CA  91030 – 6139

☒   by interoffice mail through a facility regularly maintained by the State Bar of California
     addressed as follows:

     ESTHER FALLAS, Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct.  Executed in Los Angeles, California, on
July 11, 2018.

                                              Mazie Yip
                                              Court Specialist
                                              State Bar Court

# Exhibit 96

SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel: (415) 844-9787
Fax: (415) 844-9788
*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>          Plaintiffs,<br><br>          v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>          Defendants. | CASE NO. 8:19-cv-01998 MWF (KSx)<br><br>**PLAINTIFF BUREAU OF CONSUMER FINANCIAL PROTECTION'S FIRST REQUESTS TO PRODUCE DOCUMENTS TO DEFENDANT KAINE WEN** |

Pls.' Ex. 96
P. 1412

1

**PLAINTIFF BUREAU OF CONSUMER FINANCIAL PROTECTION'S FIRST REQUESTS TO PRODUCE DOCUMENTS TO DEFENDANT KAINE WEN**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, the Bureau of Consumer Financial Protection ("Bureau"), hereby requests that Defendant Kaine Wen ("You") respond to the Bureau's First Requests to Produce Documents ("Requests") within the time period prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection within thirty (30) days of service by uploading them to the Bureau's Extranet or through another means agreed upon by the parties.

## INSTRUCTIONS

1.      If in responding to these Requests, You encounter any ambiguities when construing any request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.      If You withhold a document under a claim of privilege (including, but not limited to, the work product doctrine), provide the information set forth in Fed. R. Civ. P. 26(b)(5).

3.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material.  If a privilege (or other basis for withholding the information) is asserted with regard to part of the material contained in a document, You must clearly identify the portions as to which the privilege or other basis is claimed.  When a document has been redacted or altered in any fashion, provide as to each document the information set forth in Paragraph 2 above with respect to the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

4.      If You object to the production of any requested document(s) on grounds other than privilege, state with specificity the grounds for objecting to the requested

document(s), including the reasons.  If responsive materials are being withheld on the basis of any objection, include that information in your response.  If, with respect to any document request, there are no responsive documents, state so in writing.

5.     Responsive documents shall be produced in the form required in Section B of the attached "Document Submission Standards."

6.     Your responses shall be uploaded to the Bureau's Extranet consistent with the instructions in the attached guide "What is the CFPB Extranet?" or shall be served through another means agreed upon by the parties.

7.     Unless otherwise specified, the documents called for by these Requests are documents in Your possession, custody, or control that were applicable, effective, prepared, written, generated or sent, dated or received at any time from January 1, 2015, through October 23, 2019.

8.     If any material called for by these Requests contains sensitive personally identifiable information or sensitive health information of any individual, please contact Bureau counsel before sending this material to discuss ways to protect such information during productions.

9.     Pursuant to Fed. R. Civ. P. 26(e), You are under a duty to supplement any response to these Requests for which You learn that the response is in some material respect incomplete or incorrect.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in these Requests, the following terms, whether capitalized or not, shall be interpreted in accordance with these definitions.

1.     "And" and "or" both mean "and/or."

2.     "Any" and "all" both mean "any and all."

3.     "Bureau" means the Consumer Financial Protection Bureau.

4.      "CAC" means Consumer Advocacy Center, Inc., including its owners, employees, and agents, and all fictitious names it used to offer, sell, and perform Student Loan Debt-Relief services.

5.      "Company" or "Student Loan Debt-Relief Companies" or "SLDR Companies" means CAC, True Count, and Prime, individually, collectively, or in any combination thereof.

6.      "Consumer" means any natural person"

7.      "Consumer Fee" means any fee charged by the Company or a Payment Company to a Consumer for the Company's Student Loan Debt-Relief services, whether or not the fee was collected by the Company, a Payment Company, or a third-party, and whether or not the fee was immediately available to the Company or held by a Payment Company or a third party for later release to the Company upon completion of certain conditions, including through a Dedicated Client Account.

8.      "Dedicated Client Account" means a dedicated account used to hold payments from consumers at an insured financial institution, where the account is administered by an independent company that is not owned or controlled by, or affiliated with, You, the Company, or any other Individual Defendant; and the consumer owns the funds (including any interest accrued).

9.      "Documents" mean all records, things, and other items encompassed in the term "Documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure, and any written matter of every type and description, including Electronically Stored Information. A draft or non-identical copy is a separate Document within the meaning of this term and FRCP 34(a).

10.      "Electronically Stored Information" or "ESI" means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise) of any electronically created or stored information, including but not limited to e-mail, instant messaging,

videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a sent or deleted-items folder), word-processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, regardless of how or where the information is stored, including if it is on a mobile device.

11.    "First Priority" means First Priority LLC and any other names by which it may be known.

12.    "Horizon" refers to Horizon Consultants LLC and any other names by which it may be known.

13.    "Income-Driven Repayment Plan" or "IDR Plan" means a federal student loan repayment program administered by the U.S. Department of Education that may lower consumers' monthly payments based on consumers' income, family size, and marital status.

14.    "Individual Defendant" means You, Tuong Nguyen, and Albert Kim, and any other name by which each may be known.

15.    "Payment Companies" means Defendants TAS 2019 LLC, d/b/a Trusted Account Services, Horizon Consultants LLC, and First Priority LLC, and any other names by which they may be known.

16.    "Prime" means Prime Consulting LLC, including its owners, employees, and agents, and any other names by which it may be known.

17.    "Student Loan Debt-Relief" means any program, service or product represented, directly or by implication, to assist consumers with altering payment terms of their student loan, including but not limited to assisting consumers with applying for or getting approved for forbearance, Income-Driven Repayment Plans, student loan forgiveness, lower monthly student loan payments, or loan consolidation, including the Company's self-described document preparation services.

18.    "TAS" means TAS 2019 LLC d/b/a Trusted Account Services, and any

1  other name by which it may be known.

2      19.    "True Count" means True Count Staffing Inc., including its owners,

3  employees, and agents, and any other names by which it may be known.

4      20.    "You" or "Your" means Kaine Wen, and any other names by which he

5  may be known.

6                          **DOCUMENT REQUESTS**

7      1.    All Documents concerning the Company's Student Loan Debt-Relief

8  business, including all emails, text messages, and other electronic correspondence

9  concerning the Company's Student Loan Debt-Relief business. Relevant email

10  addresses may include, but are not limited to, the email addresses identified in the

11  Bureau's February 19, 2022, First Requests for Admissions numbered 84-95.

12      2.    To the extent that You assert that *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct.

13  1936 (2020), or related equitable principles, limit Your liability for Consumer Fees

14  charged to Consumers for the Company's Student Loan Debt-Relief Services, all

15  Documents supporting that assertion.

16      3.    To the extent not produced in response to Document Request Nos. 1-2,

17  all Documents that You relied upon in preparing Your responses to the Bureau's

18  Second Requests for Admission, dated March 30, 2022.

19

20  Dated: March 30, 2022           By: */s/ Jesse Stewart*

21                                  Jesse Stewart (admitted *pro hac vice*)
                                    Enforcement Attorney
22                                  *Plaintiff Bureau of Consumer Financial*
23                                  *Protection*

24

25

26

27

28                                                          Pls.' Ex. 96
                                                            P. 1417

                                    6

# CERTIFICATE OF SERVICE

I, N. Nathan Dimock, certify that on March 30, 2022, I caused to be served by email[1] the Bureau of Consumer Financial Protection's First Requests to Produce Documents to Defendant Kaine Wen on each of the following parties:

1. **Evan Romanoff** *(Pro Hac Vice)*
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
   evan.romanoff@ag.state.mn.us
   *Attorney for Plaintiff the State of Minnesota*

2. **M. Lynne Weaver** *(Pro Hac Vice)*
   **Michael T. Henry**
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   lweaver@ncdoj.gov
   *Attorneys for Plaintiff the State of North Carolina*

3. **Michael N. Feuer, City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **William R. Pletcher, Deputy City Attorney**
   **Miguel J. Ruiz, Deputy City Attorney**
   **Louisa Kirakosian, Deputy City Attorney**
   **Christen Sproule, Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012 4131
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   miguel.j.ruiz@lacity.org
   louisa.kirakosian@lacity.org
   christen.sproule@lacity.org

---

[1] Each of the listed parties have consented in writing to accept service of discovery requests and responses in this matter via e-mail. *See* Fed. R. Civ. P. 5(b)(2)(F).

*Attorneys for Plaintiff the People of the State of California*

4. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 90071
   matt@eanetpc.com
   *Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door Corp.
   and Mice and Men LLC*

5. **Julian Burns King**
   **King & Siegel LLP**
   724 South Spring Street, Suite 201
   Los Angeles, CA 90014
   Tel.: 213-465-4802
   julian@kingsiegel.com
   *Attorney for Defendant Albert Kim and Relief Defendants 1st Generation
   Holdings, LLC, Infinite Management Corp., and Sarah Kim*

Dated: March 30, 2022          By:  */s/ N. Nathan Dimock*

                               N. Nathan Dimock
                               Enforcement Attorney
                               *Plaintiff Bureau of Consumer Financial
                               Protection*

# Exhibit 97

SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-5471
LEANNE E. HARTMANN (CA Bar No. 264787) – Local Counsel
leanne.hartmann@cfpb.gov
301 Howard Street, Suite 1200
San Francisco, CA 94105
Tel.: (415) 844-9787
Fax: (415) 844-9788
*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>        Defendants. | CASE NO. 8:19-cv-01998-MWF-(KSx)<br><br>**PLAINTIFF BUREAU OF CONSUMER FINANCIAL PROTECTION'S FIRST INTERROGATORIES TO DEFENDANT KAINE WEN** |

**PLAINTIFF BUREAU OF CONSUMER FINANCIAL PROTECTION'S**

**FIRST INTERROGATORIES TO DEFENDANT KAINE WEN**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, the Bureau of Consumer Financial Protection ("Bureau"), hereby requests responses to the following interrogatories ("Requests" or "Interrogatories") to Defendant Kaine Wen ("You" or "Defendant"). Defendant shall answer the Interrogatories in writing and under oath according to applicable court rules and the following Definitions and Instructions, and the responses shall be served within thirty (30) days of service by uploading to the Bureau's Extranet or through another means agreed upon by the parties.

## INSTRUCTIONS

1. If in responding to these Requests, Defendant encounters any ambiguities when construing any request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. If you cannot answer all or part of any request in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information. If books and records that provide accurate answers are not available, enter best estimates and describe how the estimates were derived, including the sources or bases of such estimates. Estimated data should be followed by the notation "est." If there is no reasonable way to make an estimate, provide an explanation.

3. If you withhold information under a claim of privilege (including, but not limited to, the work-product doctrine), provide the information set forth in Rule 26(b)(5).

4. If you object to any part of an interrogatory, answer all parts of such

interrogatory to which you do not object.

5.      Your responses shall be uploaded to the Bureau's Extranet consistent with the instructions in the attached guide "What is the CFPB Extranet?" or shall be served through another means agreed upon by the parties.

6.      Pursuant to Fed. R. Civ. P. 26(e), Defendant is under a duty to supplement any response to these requests for which you learn that the response is in some material respect incomplete or incorrect.

7.      Unless otherwise specified, the relevant time period for these requests shall be from November 2, 2015, through October 22, 2019.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these requests, the following terms, whether capitalized or not, shall be interpreted in accordance with these definitions:

1.      "And," as well as "or," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any request all information that otherwise might be construed to be outside the scope of the request.

2.      "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

3.      "Bureau" means the Consumer Financial Protection Bureau.

4.      "CAC" means Consumer Advocacy Center, Inc., including its owners, employees, and agents, and all fictitious names it used to offer, sell, and perform Student Loan Debt-Relief services.

5.      "Company" or "Student Loan Debt-Relief Companies" or "SLDR Companies" means CAC, True Count, and Prime, individually, collectively, or in any combination thereof.

BUREAU OF CONSUMER FINANCIAL PROTECTION'S FIRST INTERROGATORIES TO DEFENDANT KAINE WEN

6. "Consumer" means any natural person.

7. "Consumer Fee" means any fee charged by the Company or a Payment Company to a Consumer for the Company's Student Loan Debt-Relief services, whether or not the fee was collected by the Company, a Payment Company, or a third-party, and whether or not the fee was immediately available to the Company or held by a Payment Company or a third party for later release to the Company upon completion of certain conditions, including through a Dedicated Client Account.

8. "Dedicated Client Account" means a dedicated account used to hold payments from consumers at an insured financial institution, where the account is administered by an independent company that is not owned or controlled by, or affiliated with, You, the Company, or any other Individual Defendant; and the consumer owns the funds (including any interest accrued).

9. "Each" shall be construed to include "every," and "every" shall be construed to include "each."

10. "First Priority" means First Priority LLC and any other names by which it may be known.

11. "Horizon" refers to Horizon Consultants LLC and any other names by which it may be known.

12. "Income-Driven Repayment Plan" or "IDR Plan" means a federal student loan repayment program administered by the U.S. Department of Education that may lower consumers' monthly payments based on consumers' income, family size, and marital status.

13. "Individual Defendant" means You, Tuong Nguyen, and Albert Kim, and any other name by which each may be known.

14. "Payment Companies" means Defendants TAS 2019 LLC, d/b/a Trusted Account Services, Horizon Consultants LLC, and First Priority LLC, and any other names by which they may be known.

15.     "Prime" means Prime Consulting LLC, including its owners, employees, and agents, and any other names by which it may be known.

16.     "Student Loan Debt-Relief" means any program, service or product represented, directly or by implication, to assist consumers with altering payment terms of their student loan, including but not limited to assisting consumers with applying for or getting approved for forbearance, Income-Driven Repayment Plans, student loan forgiveness, lower monthly student loan payments, or loan consolidation, including the Company's self-described document preparation services.

17.     "TAS" means TAS 2019 LLC d/b/a Trusted Account Services, and any other name by which it may be known.

18.     "True Count" means True Count Staffing Inc., including its owners, employees, and agents, and any other names by which it may be known.

19.     "You," "Your," and "Defendant" means Defendant Kaine Wen, and any other names by which he may be known.

## INTERROGATORIES

1.     To the extent that You assert that *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936 (2020), or related equitable principles, limit Your liability for Consumer Fees charged to Consumers for the Company's Student Loan Debt-Relief services, identify and describe in detail each category of expense or other charge and the associated dollar amount that You assert can be deducted from Your liability under *Liu*, including identifying each line-item expense or debit identified in Exhibits 1 through 3, bates stamped T-016369-00000285 (CAC balance), T-016369-00000296 (True Count balance), T-016594-00000015 (Prime balance), respectively, that You assert can be deducted based on *Liu*.

2.     To the extent that You assert that *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936 (2020), or related equitable principles, limit Your liability for Consumer

1  Fees charged to Consumers for the Company's Student Loan Debt Relief services,

2  Identify all Documents or categories of Documents that support that assertion.

3

4  Dated: March 30, 2022                      Respectfully submitted,

5

6                                              */s/ Jesse Stewart*
                                               Jesse Stewart (admitted *pro hac vice*)
7                                              Enforcement Attorney
                                               *Attorney for Plaintiff Bureau of Consumer*
8                                              *Financial Protection*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

BUREAU OF CONSUMER FINANCIAL PROTECTION'S FIRST INTERROGATORIES TO DEFENDANT KAINE WEN

# CERTIFICATE OF SERVICE

I, N. Nathan Dimock, certify that on March 30, 2022, I caused to be served by email[1] the Bureau of Consumer Financial Protection's First Interrogatories to Defendant Kaine Wen on each of the following parties:

1. **Evan Romanoff** *(Pro Hac Vice)*
   **Assistant Attorney General**
   **The State of Minnesota**
   445 Minnesota Street, Suite 1200
   St. Paul, MN 55101-2130
   evan.romanoff@ag.state.mn.us
   *Attorney for Plaintiff the State of Minnesota*

2. **M. Lynne Weaver** *(Pro Hac Vice)*
   **Michael T. Henry**
   **North Carolina Department of Justice**
   114 W. Edenton Street
   Raleigh, NC 27602
   lweaver@ncdoj.gov
   *Attorneys for Plaintiff the State of North Carolina*

3. **Michael N. Feuer, City Attorney**
   **Christina V. Tusan, Supervising Deputy City Attorney**
   **William R. Pletcher, Deputy City Attorney**
   **Miguel J. Ruiz, Deputy City Attorney**
   **Louisa Kirakosian, Deputy City Attorney**
   **Christen Sproule, Deputy City Attorney**
   **Office of the City Attorney**
   200 N. Main Street, 500 City Hall East
   Los Angeles, CA 90012 4131
   christina.tusan@lacity.org
   william.pletcher@lacity.org
   miguel.j.ruiz@lacity.org
   louisa.kirakosian@lacity.org
   christen.sproule@lacity.org
   *Attorneys for Plaintiff the People of the State of California*

---

[1] Each of the listed parties have consented in writing to accept service of discovery requests and responses in this matter via e-mail. *See* Fed. R. Civ. P. 5(b)(2)(F).

BUREAU OF CONSUMER FINANCIAL PROTECTION'S FIRST INTERROGATORIES TO DEFENDANT KAINE WEN

4. **Matthew Eanet**
   **Eanet PC**
   550 South Hope Street, Suite 750
   Los Angeles, CA 90071
   matt@eanetpc.com
   *Attorney for Defendant Kaine Wen and Relief Defendants Hold the Door*
   *Corp. and Mice and Men LLC*

5. **Julian Burns King**
   **King & Siegel LLP**
   724 South Spring Street, Suite 201
   Los Angeles, CA 90014
   Tel.: 213-465-4802
   julian@kingsiegel.com
   *Attorney for Defendant Albert Kim and Relief Defendants 1st Generation*
   *Holdings, LLC, Infinite Management Corp., and Sarah Kim*


Dated: March 30, 2022               By: _/s/ N. Nathan Dimock_

                                    N. Nathan Dimock
                                    Enforcement Attorney
                                    *Plaintiff Bureau of Consumer Financial*
                                    *Protection*

# Exhibit 98

<u>AMENDED AND CORRECTED INDIVIDUAL FINANCIAL STATEMENT (as of November 1, 2019)</u>

<u>BACKGROUND INFORMATION</u>

<u>Item 1.  Information About You</u>

Your Full Name: **Kaine Wen**
Social Security No.: <span style="color:red">Redacted</span>**3143**
Place of Birth: <span style="color:red">Redacted</span>
Date of Birth: <span style="color:red">Redacted</span>**1977**
Drivers License No.: <span style="color:red">Redacted</span>
Current Address: <span style="color:red">Redacted</span>                    **CA** <span style="color:red">Redacted</span>
From (Date): **Sep/2014**
Rent or Own?: **Rent**
Telephone No.: <span style="color:red">Redacted</span>
Facsimile No.: **N/A**
E-Mail Address: <span style="color:red">Redacted</span>
Internet Homepage: **N/A**

Previous Addresses for past five years: **N/A**

Identify any other name(s) and/or social security number(s) you have used, and the time
period(s) during which they were used: **Wen-Ting Dai (**<span style="color:red">Redacted</span>**/1977 - Aug/2011), Kaine Dai
(Sep/1995 - Aug/2011)**

Marital Status: **Single**

<u>Item 2.  Information About Your Spouse or Live-In Companion</u>

**N/A**

<u>Item 3.  Information About Your Previous Spouse</u>

**N/A**

<u>Item 4.  Contact Information</u>

Name & Address of Nearing Living Relative or Friend: **Judy Dai,** <span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>          **CA** <span style="color:red">Redacted</span>
Telephone No.: <span style="color:red">Redacted</span>

<u>Item 5.  Information About Dependents Who Live With You</u>

**N/A**

**CONFIDENTIAL**

1

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Item 6.  Information About Dependents Who Live With You

**N/A**

Item 7.  Employment Information

Provide the following information for this year-to-date and for each of the previous five full years, for each company of which you were a director, officer, employee, agent, contractor, participant or consultant at any time during that period. "Income" includes, but is not limited to, any salary, commissions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (e.g., health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

Company Name & Address: **True Count Staffing Inc, 777 E Sierra Madre Ave, Azusa, CA 91702**
Dates Employed: From (Month/Year): **Feb/2017** To (Month/Year): **Oct/2019**
Positions Held with Beginning and End Dates: **Managing Member**
Income Received: This year-to-date (2019): **I may have received income from True Count Staffing Inc in 2019 but do not have access to True Count Staffing Inc's records to determine this.  However, I received payment as a Consultant of Hold The Door Corp who was hired or contracted by True Count Staffing Inc.**
Income Received: 2017-2018: **Please see tax returns.**

Company Name & Address: **Hold the Door Corp, 8 Hughes, #200, Irvine, CA 92618**
Dates Employed: From (Month/Year): **Jan/2017** To (Month/Year): **Oct/2019**
Positions Held with Beginning and End Dates: **Owner/Consultant**
Income Received: This year-to-date (2019): Redacted
    Redacted
    Redacted
    Redacted
    Redacted
    Redacted
**In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health supplies, etc.  Please also see tax returns.**
Income Received: 2018: Redacted
    Redacted
    Redacted
    Redacted
    Redacted
**In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health supplies, etc.  Please also see tax returns.**
Income Received: 2017: Redacted
    Redacted

**CONFIDENTIAL**

2

Redacted
Redacted
Redacted

**In addition, HTD paid various other benefits, including but not limited to business-related expenses such as meals, entertainment, marketing, health supplies, etc.  Please also see tax returns.**

Company Name & Address: **Consumer Advocacy Center Inc, 173 Technology Dr, Ste 202, Irvine, CA 92618**
Dates Employed: From (Month/Year): **2015** To (Month/Year): **2018**
Positions Held with Beginning and End Dates: **Consultant**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2015-2018: **Please see tax returns.**

Company Name & Address: **Premier Student Loans Inc, no current address**
Dates Employed: From (Month/Year): **Jan/2017** To (Month/Year): **Current**
Positions Held with Beginning and End Dates: **Owner**
Income Received: This year-to-date (2019): Redact
Income Received: 2017-2018: Redact

Company Name & Address: **Think Logica, LLC, no current address**
Dates Employed: From (Month/Year): **2014** To (Month/Year): **2018**
Positions Held with Beginning and End Dates: **Member**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2018: Redacted
Redacted
Redacted
Redacted
Income Received: 2017: **Please see tax returns.**
Income Received: 2014-2016: **Please see tax returns.**

Company Name & Address: **Stone Law Group PC, no current address**
Dates Employed: From (Month/Year): **Aug/2014** To (Month/Year): **Jul/2015**
Positions Held with Beginning and End Dates: **Owner**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2014-2015: **Please see tax returns.**

Company Name & Address: **Belly Laugh Productions, no current address**
Dates Employed: From (Month/Year): **Feb/2014** To (Month/Year): **Aug/2015**
Positions Held with Beginning and End Dates: **Owner**
Income Received: This year-to-date(2019): **N/A**
Income Received: 2014-2015: **Please see tax returns.**

Company Name & Address: **FPML Real Estate Investment LLC, no current address**

**CONFIDENTIAL**

3

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Dates Employed: From (Month/Year): **Aug/2009** To (Month/Year): **Jul/2015**
Positions Held with Beginning and End Dates: **Member**
Income Received: This year-to-date(2019): **N/A**
Income Received: 2014-2015: **Please see tax returns.**

Company Name & Address: **Mr. Pink Collections LLC, no current address**
Dates Employed: From (Month/Year): **Mar/2011** To (Month/Year): **2015**
Positions Held with Beginning and End Dates: **Member**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2014-2015: <sup>Redacte</sup>

Company Name & Address: **King's International Investment Group LLC, no current address**
Dates Employed: From (Month/Year): **Nov/2010** To (Month/Year): **2015**
Positions Held with Beginning and End Dates: **Member**
Income Received: This year-to-date (2019): **N/A**
Income Received: 2014-2015: <sup>Redacte</sup>

*Please see attached or previously provided individual tax returns to confirm income received
from each company.  The information provided is my best estimate given my limited access to
records.*

Item 8.  Pending Lawsuits Filed by You or Your Spouse

**N/A**

Item 9.  Pending Lawsuits Filed Against You or Your Spouse

**N/A, except for this action.**

Item 10.  Safe Deposit Boxes

**N/A**

Item 11.  Business Interests

List all businesses for which you, your spouse, or your dependents are an officer or director.

Business' Name & Address: **True Count Staffing Inc, 8 Hughes, #200, Irvine, CA 92618**
Business Format (e.g., corporation): **S-Corp (CA)**
Description of Business: **Document Processing, Customer Service, and Billing Services**
Position(s) Held, and By Whom: **Managing Member, Kaine Wen**

Business' Name & Address: **Hold the Door Corp, 777 E Sierra Madre Ave, Azusa, CA 91702**
Business Format (e.g., corporation): **S-Corp (CA)**

**CONFIDENTIAL**

4

Description of Business: **Consulting Services**
Position(s) Held, and By Whom: **Owner, Kaine Wen**

Business' Name & Address: **Premier Student Loans Inc, 173 Technology Dr, Ste 202, Irvine, CA 92618**
Business Format (e.g., corporation): **Corp (CA)**
Description of Business: **N/A**
Position(s) Held, and By Whom: **Owner, Kaine Wen**

<u>FINANCIAL INFORMATION: ASSETS AND LIABILITIES</u>

<u>Item 12.  Cash, Bank, and Money Market Accounts</u>

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  The term "cash" includes currency and uncashed checks.

Cash on Hand: <sup style="color:red">Redacted</sup>
Cash Held for Your Benefit: <sup style="color:red">Redacted</sup>

Name on Account: **N/A (see Item 30)**
Name & Address of Financial Institution: **N/A (see Item 30)**
Account No.: **N/A (see Item 30)**
Current Balance: **N/A (see Item 30)**

<u>Item 13.  U.S. Government Securities</u>

**N/A**

<u>Item 14.  Publicly Traded Securities and Loans Secured by Them</u>

**N/A**

<u>Item 15.  Other Business Interests</u>

List all other business interests, including but not limited to, non-public corporations, subchapter-S corporations, limited liability corporations ("LLCs"), general or limited partnership interests, joint ventures, sole proprietorships, and oil and mineral leases, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Business Format: **LLC (WY)**
Business' Name & Address: **Mice and Men LLC, 30 N Gould St, Ste R, Sheridan, WY 82801**

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Ownership %: **100**
Owner (e.g., self, spouse): **Judy Dai, nominal owner, for the benefit of Kaine Wen**
Current Fair Market Value $: **Unknown**

Business Format: **S-Corp (CA)**
Business' Name & Address: **True Count Staffing Inc, 8 Hughes, #200, Irvine, CA 92618**
Ownership %: **100**
Owner (e.g., self, spouse): **Self**
Current Fair Market Value $: **Unknown**

Business Format: **S-Corp (CA)**
Business' Name & Address: **Hold the Door Corp, 777 E Sierra Madre Ave, Azusa, CA 91702**
Ownership %: **100**
Owner (e.g., self, spouse): **Self**
Current Fair Market Value $: **Unknown**

Business Format: **Corp (CA)**
Business' Name & Address: **Premier Student Loans Inc, 173 Technology Dr, Ste 202, Irvine, CA 92618**
Ownership %: **100**
Owner (e.g., self, spouse): **Self**
Current Fair Market Value $: **Unknown**

Item 16.  Monetary Judgments or Settlements Owed to You, Your Spouse, or Your Dependents

**N/A**

Item 17.  Other Amounts Owed to You, Your Spouse, or Your Dependents

Redacted
Redacted
Redacted
Redacted
Redacted
Redacted
Redacted

Item 18.  Life Insurance Policies

Redacted
Redacted
Redacted
Redacted

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Item 19.  Deferred Income Arrangements

**N/A**

Item 20.  Personal Property

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Property Category (e.g., artwork, jewelry): **Used Furniture**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

**CONFIDENTIAL**

7

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: Redacted

**CONFIDENTIAL**

8

Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**


Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**


Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**


Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**


Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**


Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**


Property Category (e.g., artwork, jewelry): **Used Household Goods**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**


Description: Redacted

**CONFIDENTIAL**

9

Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Minimal**

Property Category (e.g., artwork, jewelry): **Used Appliances**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Used Computer Equipment**

**CONFIDENTIAL**

10

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Used Home Electronics**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Pls.' Ex. 98
P. 1440

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Used Vehicle Electronics**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Used Personal Electronics**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted **CA**
Acquisition Cost: Redacted
Current Value: **Minimal**

Property Category (e.g., artwork, jewelry): **Artwork**

Description: Redacted

**CONFIDENTIAL**

12

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: **Unable to Access**
Current Value: **Minimal**

Property Category (e.g., artwork, jewelry): **Watches**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>
Name of Owner: **Kaine Wen**
Property Location: <span style="color:red">Redacted</span> **CA**
Acquisition Cost: <span style="color:red">Redacted</span>
Current Value: **Unknown**

Description: <span style="color:red">Redacted</span>

**CONFIDENTIAL**

13

Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Property Category (e.g., artwork, jewelry): **Jewelry**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: <sup>Redacted</sup> **CA**
Acquisition Cost: Redacted
Current Value: **Unknown**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted          **CA**
Acquisition Cost: **Gift from great grandmother approximately 20 years ago**
Current Value: **Minimal**

Description: Redacted
Name of Owner: **Kaine Wen**
Property Location: Redacted          **CA**
Acquisition Cost: **Gift from mother approximately 20 years ago**
Current Value: **Minimal**

Item 21.  Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

Vehicle Type: **Car (lease)**
Redacted
Redacted
Redacted
Redacted
Registration State & No.: **CA, VIN #** Redacted          **4193**
Address of Vehicle's Location: Redacted          **CA** <sup>Redacted</sup>
Purchase Price $: **N/A**
Current Value $: **N/A**
Account/Loan No.: **N/A**
Lender's Name and Address: **N/A**
Original Loan Amount $: **N/A**
Current Loan Balance $: **N/A**

**CONFIDENTIAL**

14

Monthly Payment $: Redacted **(lease ends 12/28/2020)**
Mileage: **N/A**
Current condition of car: **Used**
Purchase date: **N/A**

Vehicle Type: **Car (lease)**
Redacted
Redacted
Redacted
Registered Owner's Name: Redacted
Registration State & No.: **CA, VIN** Redacted        **7276**
Address of Vehicle's Location: Redacted                        **CA** Redacted
Purchase Price $: **N/A**
Current Value $: **N/A**
Account/Loan No.: **N/A**
Lender's Name and Address: **N/A**
Original Loan Amount $: **N/A**
Current Loan Balance $: **N/A**
Monthly Payment $: Redacted **(lease ends 09/01/2020)**
Mileage: **N/A**
Current condition of car: **Used**
Purchase date: **N/A**

Vehicle Type: **Car**
Redacted
Redacted
Redacted
Registered Owner's Name: **Judy Dai**
Registration State & No.: **CA, VIN #** Redacted        **2471**
Address of Vehicle's Location: Redacted                        **CA** Redacted
Purchase Price $: **63,000**
Current Value $: **Approximately** Redacted **per Kelley Blue Book**
Account/Loan No.: **N/A**
Lender's Name and Address: **N/A**
Original Loan Amount $: **N/A**
Current Loan Balance $: **N/A**
Monthly Payment $: **0**
Mileage: **Approximately 15,000 miles**
Current condition of car: **Used**
Purchase date: **04/12/2019**

<u>Item 22.  Real Property</u>

**CONFIDENTIAL**

15

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

**N/A**

Item 23.  Other Assets

List all other assets not identified above, held by you, your spouse, or your dependents, including but not limited to, patents, and other intellectual property, and cryptocurrency and other virtual currencies.

Description: Redacted
Location: Redacted
Acquisition Cost: **Unknown**
Current Value (as of Nov. 1, 2019): Redacted

Description: Redacted
Redacted          Redacted Redacted
Location: Redacted
Acquisition Cost: **Unknown**
Current Value (as of Nov. 1, 2019): Redacted

*The above referenced Redacted        was not acquired with funds derived, directly or indirectly, from the Student Loan Debt Relief Business that is the subject of this action.*

*I am unable to more fully answer this question due to the unstructured nature and volume of transactions during the relevant period, lack of available documentation, records, or information, and the volatility of Redacted*

Item 24.  Credit Cards

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

Name of Credit Card (e.g., Visa, MasterCard, Department Store): **Visa**
Account No.: Redacted     **4705**
Name(s) on Current Account: **Kaine Wen**
Account Balance: Redacted     **as of 10/30/2019**
Minimum Monthly Payment: **Unknown**

*Please see attached or previously provided credit reports for additional credit cards.*

Item 25.  Taxes Payable

**CONFIDENTIAL**

16

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Pls.' Ex. 98
P. 1445

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

Type of Tax: **Income**
Amount Owed $: **Unknown**
Year Incurred: **2019**

Item 26.  Judgments or Settlements Owed

**N/A**

Item 27.  Other Loans and Liabilities

List all other loans or liabilities in your, your spouse's, or your dependents' names.

Name & Address of Lender/Creditor: Redacted
Nature of Liability: **Unsecured Personal Loan**
Name(s) on Liability: **Kaine Wen**
Date of Liability: **Approximately 10/25/2019**
Amount Borrowed: Redacted
Current Balance: Redacted
Payment Amount $: **TBD**
Frequency of Payment: **TBD**

Name & Address of Lender/Creditor: **American Education Services, P.O. Box 2461, Harrisburg, PA 17105-2461**
Nature of Liability: **Consolidated Student Loans**
Name(s) on Liability: **Kaine Wen**
Date of Liability: **2004**
Amount Borrowed: Redacted
Current Balance: Redacted
Payment Amount $: Redacted
Frequency of Payment: **Monthly**

Name & Address of Lender/Creditor: Redacted Redacted
Nature of Liability: Redacted Redacted
Name(s) on Liability: **Kaine Wen**
Date of Liability: **2018**
Amount Borrowed: Redacted
Current Balance: Redacted
Redacted
Payment Amount $: **N/A**
Frequency of Payment: **N/A**

**CONFIDENTIAL**

17

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Pls.' Ex. 98
P. 1446

<u>OTHER FINANCIAL INFORMATION</u>

<u>Item 28.  Tax Returns</u>

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents. Provide a copy of each signed tax return that was filed during the last three years, including amendments (if any).

Tax Year:
Name(s) on Return:
Refund Expected $:

***Please see 2016, 2017, and 2018 tax returns attached or previously provided.***

<u>Item 29.  Applications for Credit</u>

**N/A**

<u>Item 30.  Trusts and Escrows</u>

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents. Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity. Provide copies of all executed trust documents.

Trustee or Escrow Agent's Name & Address: Redacted
Redacted
Date Established: **Aug/2019**
Grantor: **Unknown**
Beneficiaries: **Unknown**
Present Market Value of Assets $: Redacted

Trustee or Escrow Agent's Name & Address: Redacted
Redacted
Date Established: **Jun/2018**
Grantor: **Unknown**
Beneficiaries: **Unknown**
Present Market Value of Assets $: Redacted

<u>Item 31.  Transfers of Assets</u>

List each person to whom you have transferred, in the aggregate, more than $2,500 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

**CONFIDENTIAL**

18

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Transferee's Name, Address, & Relationship: Redacted
Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **Nov 2016 - Jan 2018**
Type of Transfer (e.g., Loan, Gift): **Gift**

Transferee's Name, Address, & Relationship: Redacted
Redacted
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **02/05/2018**
Type of Transfer (e.g., Loan, Gift): **Gift** Redacted
Redacted
Redacted

Transferee's Name, Address, & Relationship: Redacted
Redacted
Property Transferred: Redacted
Aggregate Value: Redacted
Transfer Date: **08/20/2019**
Type of Transfer (e.g., Loan, Gift): **Gift** Redacted
Redacted
Redacted

Transferee's Name, Address, & Relationship: Redacted                    Redacted **Address**
**Unknown, Friends**
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **Nov 2016 - Dec 2017**
Type of Transfer (e.g., Loan, Gift): **Other - Advancements on behalf of** Redacted

Transferee's Name, Address, & Relationship: Redacted
Redacted
Property Transferred: **USD**
Aggregate Value  Redacted
Transfer Date: **Jan 2017 - Feb 2017**
Type of Transfer (e.g., Loan, Gift): **Loan**

Transferee's Name, Address, & Relationship: Redacted          **Current Address Unknown**
Property Transferred: **USD**
Aggregate Value: Redacted
Transfer Date: **Mar 2017 - Apr 2017**

**CONFIDENTIAL**

19

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Type of Transfer (e.g., Loan, Gift): **Other - On behalf of** <span style="color:red">Redacted</span>

Transferee's Name, Address, & Relationship: <span style="color:red">Redacted</span>
**Current Address Unknown**
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Transfer Date: **Mar 2017 - Feb 2018**
Type of Transfer (e.g., Loan, Gift): **Other - On behalf of** <span style="color:red">Redacted</span>

Type of Transfer (e.g., Loan, Gift): **Payments**

Transferee's Name, Address, & Relationship: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Rent**
Transfer Date(s): **Nov 2016 - May 2017**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Repayment of Loans and/or Transfer to Personal S-Corp**
Transfer Date(s): **Jan 2017 - Oct 2017, Oct 2018 - Apr 2019**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Repayment of Loan**
Transfer Date(s): **Mar 2017**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - On behalf of** <span style="color:red">Redacted</span>
Transfer Date(s): **Nov 2016 - Feb 2018**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Credit Card**
Transfer Date(s): **Oct 2016 - Jan 2017**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>

**CONFIDENTIAL**

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Type of Payment: **Payment - Credit Card**
Transfer Date(s): **Nov 2016 - Dec 2016**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Repayment of Student Loan Debt**
Transfer Date(s): **Nov 2016 - Oct 2019**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Legal Matter**
Transfer Date(s): **Jul 2017 - Sep 2017**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Legal Expenses**
Transfer Date(s): **04/07/2017**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Legal Expenses**
Transfer Date(s): **12/19/2018**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Taxes**
Transfer Date(s): **Apr 2018 - Sep 2019**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Payment - Vehicle**
Transfer Date(s): **Nov 2016 - Mar 2017**

Type of Transfer (e.g., Loan, Gift): **Investments**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>

**CONFIDENTIAL**

21

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Type of Payment: **Investment**
Transfer Date(s): **Nov 2017 - Feb 2018**

Transferee's Name: <span style="color:red">Redacted</span>
Property Transferred: **USD**
Aggregate Value: <span style="color:red">Redacted</span>
Type of Payment: **Investment**
Transfer Date(s): **06/26/2018**

Transferee's Name: <span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>
<span style="color:red">Redacted</span>

*I am unable to more fully answer this question due to the unstructured nature and volume of transfers during the relevant period and lack of available documentation, records, or information.*

*I conducted many online transfers during the relevant period, in addition to those listed, including* <span style="color:red">Redacted</span> *transfers.  I do not have possession or access to sufficient documentation, records, or information relating to those transfers, I do not know if any such documentation ever existed or still exists, and because of the unstructured nature and volume of transactions involved, I cannot reconstruct them from my memory.*

*I am providing herewith copies of the bank statements that I have been able to obtain covering the relevant period, which may reflect transfers in addition to those listed above.*

Item 32.  Foreign Assets and Liabilities

**N/A**

Item 33.  Foreign Positions

**N/A**

Item 34.  Credit Report

**TransUnion and Equifax credit reports attached or previously provided.**

SUMMARY FINANCIAL SCHEDULES

Item 35.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

**CONFIDENTIAL**

22

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

ASSETS

Cash on Hand (Item 12): **$0**

Cash in Financial Institutions (Item 12): **$0**

U.S. Government Securities (Item 13): **$0**

Publicly Traded Securities (Item 14): **$0**

Other Business Interests (Item 15): **Unknown**

Judgments or Settlements Owed to You (Item 16): **$0**

Other Amounts Owed to You (Item 17): Unknown, **$0**

Surrender Value of Life Insurance (Item 18): **$0**

Deferred Income Arrangements (Item 19): **$0**

Personal Property (Item 20): **Unknown**

Motor Vehicles (Item 21): Redacted

Real Property (Item 22): **$0**

Other Assets (Itemize): Redacted

**(Item 23)**

LIABILITIES

Credit Cards (Item 23): Redacted                    **(Item 24)**

Motor Vehicles - Liens (Item 21): Redacted

Redacted

Real Property - Encumbrances (Item 22): **$0**

Loans Against Publicly Traded Securities (Item 14): **$0**

Taxes Payable (Item 24): **Unknown (Item 25)**

Judgments or Settlements Owed (Item 25): **$0**

Other Loans and Liabilities (Item 26): **Unknown, approximately** Redacted        **(Item 27)**

Other Liabilities (Itemize): **Unknown**

Item 36.  Combined Average Monthly Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

INCOME

Salary - After Taxes, Fees, Commissions, and Royalties: Redacte

Interest: Redacte

Dividends and Capital Gains: Redacte

Gross Rental Income: Redacte

Profits from Sole Proprietorships: Redacte

Distributions from Partnerships, S-Corporations, and LLCs: Redacte

Distributions from Trusts and Estates: Redacte

Distributions from Deferred Income Arrangements: Redacte

Social Security Payments: Redacte

**CONFIDENTIAL**

23

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Alimony/Child Support Received: <sup>Redacte</sup>
Gambling Income: <sup>Redacte</sup>
Other Income (Itemize): <sup>Redacte</sup>
Total Income: <sup>Redacte</sup>

EXPENSES

Mortgage Payments for Residence(s): <sup>Redacte</sup>
Property Taxes for Residence(s): <sup>Redacte</sup>
Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance: <sup>Redacte</sup>
Car or Other Vehicle Lease or Loan Payments: <sup>Redacte</sup>
Food Expenses: **Approximately** Redacted
Clothing Expenses: **Approximately** <sup>Redacted</sup>
Utilities: <sup>Redacte</sup>
Medical Expenses, Including Insurance: **Approximately** Redacted
Other Insurance Premiums: <sup>Redacte</sup>
Other Transportation Expenses: **Approximately** Redacted
Other Household Expenses: **Approximately** Redacted
Other Expenses (Itemize): **Student Loan Payments:** Redacted **Taxes:** <sup>Redacted</sup>
Total Expenses: **Approximately** Redacted

***These are the average monthly expenses paid personally during the six month period prior to Nov 1, 2019, as best I have been able to determine.***

ATTACHMENTS

Item 37.  Documents Attached to this Financial Disclosure Form

Item 27. Tax Returns: **Yes (previously provided)**
Item 28. Applications of Credit: **No**
Item 31. Reports of Foreign Bank & Financial Account Filings: **No**
Item 32. Credit Reports: **Yes (previously provided)**

**CONFIDENTIAL**

24

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Pls.' Ex. 98
P. 1453

*I have completed this form to the best of my ability based on my limited access to financial and other records.  Although I have signed it on the date listed below, the information is provided as of November 1, 2019, the date of my original Individual Financial Disclosure Form.*

*I am submitting this Amended and Corrected Financial Disclosure Form with the understanding that it may affect action by the Bureau of Consumer Financial Protection or a federal court.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I further declare that I have no assets, owned either directly or indirectly (including owned by my spouse or dependents), or income of any nature other than as shown in, or attached to, this statement.  I understand that the Bureau of Consumer Financial Protection is a federal agency and that this financial disclosure form is being submitted in connection with a matter within its jurisdiction.  I understand that a false, fictitious, or fraudulent statement or representation on this form, or the concealment of any material fact is a violation of Federal law and could result in criminal prosecution, and significant civil penalties.  I understand that a false statement is punishable under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.*

**Executed on:**

12/17/2020

**_____**

**(Date)**

**_____**

**Signature**

**CONFIDENTIAL**

25

REDACTED PURSUANT TO ORDER OF THE COURT DATED DECEMBER 30, 2020

Pls.' Ex. 98
P. 1454