BUREAU OF CONSUMER FINANCIAL PROTECTION
SARAH PREIS (DC Bar No. 997387)
(admitted *pro hac vice*)
Tel.: (202)-435-9318
Email: sarah.preis@cfpb.gov
JESSE STEWART (NY Bar No. 5145495)
(admitted *pro hac vice*)
Tel.: (202)-435-9641
Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (DC Bar No. 487743)
(admitted *pro hac vice*)
Tel.: (202) 435-9198
Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov/Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*
**Additional Counsel for Plaintiffs Listed on Next Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., <br><br> Defendants. | CASE NO. 8:19-cv-01998 MWF (KS) <br><br> **PLAINTIFFS' EVIDENTIARY OBJECTIONS TO WEN'S OPPOSITION** <br><br> Court: Hon. Michael W. Fitzgerald <br> Date: April 24, 2023 <br> Time: 10:00 AM <br> Place: Courtroom 5A |

*Additional Counsel for Plaintiffs Listed Below:

**THE PEOPLE OF THE STATE OF CALIFORNIA**
HYDEE FELDSTEIN SOTO, City Attorney (CA. Bar No. 106866)
CHRISTINA V. TUSAN, Supvr. Assistant City Attorney (CA. Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA. Bar No. 212664)
MIGUEL RUIZ, Deputy City Attorney (CA. Bar No. 240387)
Office Of the City Attorney
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012-4131
Tel.: (213) 473-6908/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *pro hac vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 728-4126
Email: evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *pro hac vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000/Fax: (919) 716-6050
Email: lweaver@ncdoj.gov
*Attorney for Plaintiff the State of North Carolina*

**Plaintiffs' Evidentiary Objections to Wen's Opposition**

Plaintiffs object to Wen's declaration and certain exhibits submitted in support of his opposition to Plaintiffs' Motion for Partial Summary Judgment. As an initial matter, Plaintiffs object to Wen's declaration in its entirety and respectfully request that it be stricken because Wen failed to sign it under penalty of perjury, as required by 28 U.S.C. § 1746. Even if the Court considers Wen's declaration, however, Plaintiffs object to portions of Wen's declaration and Wen's exhibits for the additional reasons identified below. (ECF 435 (Wen Decl.), 437 (Wen Exhs.)). The Court should deem the following evidence inadmissible and should strike or disregard it:

| Evidence Objected To | Grounds for Objection |
|---|---|
| Declaration of Kaine Wen in Support of His Opposition to Plaintiffs' Motion for Partial Summary Judgment (Wen Decl.) (ECF 435) | Not signed under penalty of perjury. 28 U.S.C. § 1746 (Declarations must be "subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . (2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'"). <br><br> Courts have consistently stricken and otherwise refused to consider declarations that, as here, fail to comply with 28 U.S.C. § 1746. *See, e.g., Tearfie v. Whittlesea Blue Cab Co.*, No. 98–16377, 1999 WL 278100, at *1 n. 4 (9th Cir. Apr. 12, 1999) (declining to consider affidavit not made under penalty of perjury); *Kahn v. Bank of America, N.A.*, No. 3:12–cv–01107–LB, 2015 WL 3919512, at *7 (N.D. Cal. 2015) (Plaintiff's "declaration is not signed under penalty of perjury and thus is not evidence that the court can consider when ruling on Bank of America's motion for summary judgment."); *Davenport v. Bd. of Trs. of* |

| | | |
|---|---|---|
| 1 2 3 4 5 | | *State Ctr. Comm. College Dist.*, 654 F.Supp.2d 1073, 1084 (E.D. Cal. 2009) (finding that an unsworn declaration that was not signed under penalty of perjury was "not valid evidence for the purposes of deciding the Defendant's motion for summary judgment on the merits"). |
| 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 | Def. Ex. 24, Declaration of Jimmy Lai in Support of Defendants' Response to Order to Show Cause Why Preliminary Injunction Should Not Issue (Lai Decl.) (ECF 437 at Ex. 24)<br><br>Wen Declaration (ECF 435) at ¶¶ 119 - 123 (paragraphs relying on Lai Decl.). | Declaration withdrawn. Although Lai's Declaration was submitted by Defendants in support of their response to the Court's Order to Show Cause Why Preliminary Injunction Should Not Issue (ECF 54), the declaration was later withdrawn (ECF 99, Notice of Withdrawal of Declaration of Jimmy Lai) ("I have notified Defendants' . . . and indicated to all parties that Mr. Lai has withdrawn his declaration, and he does so formally with this filing.")).<br><br>Because the Lai declaration was formally withdrawn from the docket, it is thus inadmissible and cannot be relied upon by the Court or any party. *See* Fed. R. Civ. P. 56(c)(4); *Gonzalez v. Tanimura & Antle, Inc.*, No. CV06-2485-PHX-MHM, 2008 WL 4446536, at *3 (D. Ariz. Sept. 30, 2008) (disregarding facts at summary judgment that were solely supported by withdrawn affidavits).<br><br>Furthermore, because the Lai declaration was withdrawn from the docket and cannot be relied upon, paragraphs 119 through 123 of Wen's declaration, which cite to and rely upon the Lai declaration, should similarly be stricken and deemed inadmissible. *Id.* |
| 27 28 | Def. Ex. 42, January 2023 email re: accounting request (ECF 437 at Ex. 42). | Confidential settlement communications subject to Fed. R. Evid. 408. Rule 408 states that settlement communications are |

| | |
|---|---|
| Wen Decl., (ECF 435) at ¶¶ 198-204. | "not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim" and this applies to "conduct or a statement made during compromise negotiations about the claim . . .." <br><br> Def. Ex. 42 constitutes confidential settlement communications made by Plaintiffs in advance of the Court-ordered settlement conference. Indeed, the subject line "CFPB v. Consumer Advocacy Center, et al. Settlement Offer" makes clear that the communications constitute settlement statements and the following disclaimer appears throughout the emails: "Confidential Settlement Communication (FRE 408). <br><br> Additionally, paragraphs 198 through 204 of Wen's declaration, which reference the settlement email and describe or rely on statements made in the course of confidential settlement negotiations, should be similarly stricken and deemed inadmissible pursuant to Rule 408. |
| Def. Ex. 52, Declaration of Kenneth Hu (Hu Decl.) (ECF 437 at Ex. 52). <br><br> Wen Decl. (ECF 435) at ¶ 68 (relying on Hu Decl.). | Not signed under penalty of perjury. 28 U.S.C. § 1746 (Declarations must be "subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . (2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'"). <br><br> Courts have consistently stricken and otherwise refused to consider declarations that, as here, fail to comply with Section |

| | |
|---|---|
| | 1746. *See, e.g., Tearfie v. Whittlesea Blue Cab Co.*, No. 98–16377, 1999 WL 278100, at *1 n. 4 (9th Cir. Apr. 12, 1999) (declining to consider affidavit not made under penalty of perjury); *Kahn v. Bank of America, N.A.*, No. 3:12–cv–01107–LB, 2015 WL 3919512, at *7 (N.D. Cal. 2015) (Plaintiff's "declaration is not signed under penalty of perjury and thus is not evidence that the court can consider when ruling on Bank of America's motion for summary judgment."); *Davenport v. Bd. of Trs. of State Ctr. Comm. College Dist.*, 654 F.Supp.2d 1073, 1084 (E.D. Cal. 2009) (finding that an unsworn declaration that was not signed under penalty of perjury was "not valid evidence for the purposes of deciding the Defendant's motion for summary judgment on the merits").<br><br>Additionally, paragraph 68 of Wen's declaration, which cites to and relies on Hu's declaration, should also be stricken and deemed inadmissible. |
| Def. Ex. 55, SL Business Legitimate Expenses Summary Chart (ECF 437 at 368).<br><br>Wen Decl. (ECF 435) at ¶¶ 236-238. | Sanctions pursuant to Fed. R. Civ. P. 37, failure to authenticate, lack of foundation, lack of personal knowledge, and improper use of summary exhibit.<br><br>Wen's proffered evidence and arguments relating to *Liu v. Securities Exchange Commission*, 140 S. Ct. 1936 (2020), should be deemed inadmissible and stricken pursuant to Fed. R. Civ. P. 37 due to Wen's failure to respond to Plaintiffs' interrogatories and requests for production of documents after the Court found his boilerplate objections improper and deficient and ordered him to provide complete, substantive responses to the discovery (ECF 398). "If a party fails to |

provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See also* Fed. R. Civ. P. 37(b)(2)(A). Wen has not provided complete, substantive responses to the outstanding requests for production of documents and interrogatories served by the Bureau and the People of the State of California, despite the Court's order compelling him to do so. UF 210-11; ECF No. 398. Indeed, Wen failed to provide any responses whatsoever to these discovery requests in response to the Court's order. Plaintiffs' discovery requests included requests specifically related to Wen's affirmative defense regarding the appropriate amount of redress and his reliance on *Liu v. SEC,* 140 S. Ct. 1936, 1950 (2020). The requests asked that Wen identify and detail the expenses or charges that he asserts could be deducted under *Liu*, and requests that Wen identify and produce all documents supporting his arguments under *Liu*. Pls.' Ex. 94 (Stewart Decl. identifying Bureau requests); Pls.' Exs. 96-97 (Bureau's March 30, 2022 Requests for Production of Documents and Interrogatories, respectively). Because Wen failed to respond to the Bureau's discovery requests regarding *Liu*, even after the Court ordered him to do so, he cannot now introduce evidence on this point and argue that redress should be reduced based on charges and expenses he was asked about in discovery but to which he never responded. *See* Fed. R. Civ. P. 37(b)(2), (c)(1); *Yeti by Molly, Ltd. v.*

| | |
|---|---|
| | *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). |
| | Additionally, Wen neither authenticates Def.'s Ex. 55, as required by Fed. R. Evid. 901, nor does he establish knowledge under Rule 602. Indeed, Wen does not lay any foundation whatsoever to support the calculations in the exhibit and provides no explanation as to what expenses he characterizes as "legitimate." As a result, and because Wen did not identify or make available the materials he purports to summarize in advance of seeking to admit his summary exhibit, Plaintiffs are left with no opportunity to test or challenge Wen's characterization of, or the calculations contained in, his summary. |
| | Finally, and for the same reasons, paragraphs 236 through 238 in Wen's Declaration that purport to establish the Company's "legitimate expenses" and/or cite and rely on the summary exhibit should be stricken and deemed inadmissible. For example, in paragraph 236, Wen states that his calculations are based on "the information I am able to gather," but Wen does not state what information he gathered. Similarly, he cites to "expenses, such as" but only identifies a handful of expenses (and fails to explain where that information comes from). Then, he relies on that incomplete information for his contentions in paragraphs 237 and 238. Because Wen fails to lay a foundation for these passages, they should also be excluded pursuant to Rule 602. |
| Wen Decl. (ECF 435) at ¶ 101. | Lack of personal knowledge. |

|  |  |
|---|---|
|  | "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.<br><br>In paragraph 101 of his declaration, Wen says "[t]o the best of my knowledge, AMP also required First Priority to provide proof of performance before AMP could release fees to First Priority." Wen fails to provide any explanation as to what constitutes "the best of [his] knowledge." Moreover, in the preceding paragraph 100, Wen asserts that "Kim took the lead on communications with AMP and these issues." Yet, Wen does not explain how, if Kim had taken the lead with AMP, Wen knew what AMP required. |
| Wen Decl., ECF 435 at ¶¶ 106-107. | Lack of personal knowledge.<br><br>"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.<br><br>In paragraphs 106 through 107 of his declaration, Wen prefaces both paragraphs as being "[t]o the best of my knowledge." However, Wen fails to provide any explanation as to what constitutes "the best of [his] knowledge." Nor does he cite any evidence to support his contentions that First Priority actually submitted proof of performance to RAM or AMP prior to the release of consumer fees. Instead, in the |

| | |
|---|---|
| | preceding paragraph 99, he explains that RAM agreed that certain screen shots would be sufficient for proof of performance, but nowhere in his declaration or accompanying exhibits does Wen establish knowledge that such proof was ever provided to either RAM or AMP. Therefore, he also fails to establish personal knowledge that First Priority complied with the no advance fee rule. |

Dated: April 10, 2023

Respectfully Submitted,

By: */s/ Jesse Stewart*
Jesse Stewart (NY Bar No. 5145495)
(*Admitted pro hac vice*)
N. Nathan Dimock (DC Bar No. 487743)
(*Admitted pro hac vice*)
*Attorney for Plaintiff Bureau of Consumer Financial Protection*

By: */s/ M. Lynne Weaver*
M. Lynne Weaver (NC Bar No. 19397)
(Admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
*Attorney for Plaintiff State of North Carolina*

By: */s/ Evan Romanoff*
Evan Romanoff (Atty. Reg. No. 398223)
(Admitted *pro hac vice*)
Assistant Attorney General
*Attorney for Plaintiff State of Minnesota*

By: */s/ Christina Tusan*
Christina Tusan
Assistant City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit

*Attorney for Plaintiff the People of the State of California*

I, Jesse Stewart, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

<u>/s/ Jesse Stewart</u>
Jesse Stewart