SARAH PREIS (DC Bar No. 997387)
(Admitted *pro hac vice*)
Email: sarah.preis@cfpb.gov
Tel.: (202) 435-9318
JESSE STEWART (NY Bar No. 5145495)
(Admitted *pro hac vice*)
Email: jesse.stewart@cfpb.gov
Tel.: (202) 435-9641
N. NATHAN DIMOCK (DC Bar No. 487743)
(Admitted *pro hac vice*)
Email: nathan.dimock@cfpb.gov
Tel.: (202) 435-9198
1700 G Street, NW, Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
Email: leanne.hartmann@cfpb.gov / Fax: (415) 844-9788
301 Howard Street, Suite 1200, San Francisco, CA 94105
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al., | CASE NO. 8:19-cv-01998 MWF (KS) |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM THE COURT'S JANUARY 6, 2023 ORDER INSOFAR AS IT REQUIRED THAT THE BUREAU PERSONALLY SERVE DEFENDANT WEN OR, IN THE ALTERNATIVE, FOR AN ORDER DEEMING WEN AS SERVED** |
| v. | |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al., | |
| Defendants. | |
| | Court:    Hon. Michael W. Fitzgerald |
| | Date:     May 22, 2023 |
| | Time:    10:00 AM |
| | Place:    Courtroom 5A |

Plaintiff the Bureau of Consumer Financial Protection (Bureau) brings this motion following the Court's January 6, 2023 order holding Defendant Kaine Wen in contempt (Contempt Order), which further required that the Bureau personally serve Wen with the Contempt Order.[1] The Bureau respectfully moves this Court for relief from the personal service requirement or, alternatively, for an order deeming that Wen has been sufficiently served. The Bureau has diligently attempted to personally serve Wen, Wen has refused to cooperate in accepting personal service, and Wen acknowledged actual service.[2]

To date, the Bureau has transmitted the Contempt Order to Wen via email, U.S. Postal Service Priority Mail, and by leaving it at the door of a family residence that Wen appears to frequent. Wen, on the other hand, has refused to cooperate in accepting service via a process server, and a person matching Wen's description appears to have evaded service when the process server approached him. As a result, the Bureau's process server has been unable to serve Wen personally despite multiple attempts. Notably, however, Wen has acknowledged actual receipt of the Contempt Order. For these reasons, the Bureau respectfully requests that the Court grant this motion.

## FACTS

On January 6, 2023, the Court entered the Contempt Order, holding Wen in contempt for concealing and refusing to transfer cryptocurrency in violation of the Court's prior orders and requiring that the Bureau personally serve the Contempt Order on Wen.[3] At the time, Wen had recently been released from Bureau of Prisons custody and had failed to update his contact information as required by

[1] ECF 418.
[2] The record shows that Wen remains in contempt. Wen's response to the Contempt Order, filed on January 17, 2023 (ECF 420), does not relieve him of his contempt but does demonstrate his actual receipt of the Contempt Order.
[3] ECF 418 at 9-12.

Local Rule 83-2.4.[4] On January 6, 2023, Bureau counsel transmitted the Contempt Order via email to Wen's kainewen@gmail.com email address.[5] Wen acknowledged receipt of Bureau counsel's email on January 10, 2023.[6]

By emails dated January 6, 9, 10, and 11, 2023, Bureau counsel requested Wen's cooperation to allow a process server to personally serve him, including requesting a time and place where personal service could be accomplished and noting Wen's obligations under Local Rule 83-2.4.[7] On January 10, 2023, Wen filed a Notice of Change of Attorney Business or Contact Information, informing the Court and the parties that his current email address was kainewen@gmail.com and identifying his new mailing address (Service Address).[8] On January 11, 2023, the Bureau mailed the Contempt Order to Wen's Service Address via U.S. Postal Service (USPS) Priority Mail, signature required.[9] USPS tracking information shows the Contempt Order was delivered to the Service Address on January 13, 2023, and was signed for by "Kaine."[10]

Bureau counsel spoke with Wen by phone on January 11, 2023, and Wen again refused to indicate a time and location to accept personal service via a process server.[11] Bureau counsel again emailed Wen on the morning of January 18, 2023, requesting his cooperation in accepting service of the Contempt Order.[12]

---

[4] *See* Declaration of Jesse Stewart [hereinafter Stewart Decl.] ¶¶ 4-5; https://www.bop.gov/inmateloc/ (search for first name "Kaine," last name "Wen," last accessed April 19, 2023); *see also* ECF 419.
[5] Stewart Decl. ¶ 6; Ex. 1 at 2-4.
[6] *See* Stewart Decl. ¶ 10; Ex. 2 at 7-8.
[7] Stewart Decl. ¶¶ 6-7, 9, 11; Exs. 1-2.
[8] ECF 419.
[9] Stewart Decl. ¶ 13.
[10] *Id.*; Ex. 3.
[11] *See* Stewart Decl. ¶ 12.
[12] Stewart Decl. ¶ 14; Ex. 2 at 6.

PLAINTIFF'S MOTION REGARDING SERVICE OF THE CONTEMPT ORDER ON WEN

Wen never responded to that email.[13]

The Bureau's process server made seven unsuccessful attempts at personal service on Wen between January 9, 2023, and January 21, 2023.[14] These service attempts occurred at Wen's last known place of employment and his Service Address.[15] Bureau counsel further attempted to ascertain Wen's current residential address from his mother pursuant to the Stipulated Final Judgment and Order as to Judy Dai,[16] which requires her to "cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant."[17] After Dai's former counsel indicated that he no longer represented her, Bureau counsel emailed Dai three times between February 3 and 22, 2023, at the email address provided by her former counsel.[18] Each email requested Wen's current residential address.[19] As of the date of this filing, Dai has not responded to Bureau counsel's emails or a March 8, 2023 letter requesting Wen's residential address that the Bureau mailed to the physical address provided by her counsel.[20]

In early February, the Bureau contracted a private investigator service, which conducted background research to identify potential residential addresses for Wen.[21] Investigators then surveilled the Service Address and two other residential addresses associated with Wen.[22] The investigator did not identify signs of activity at the Service Address and noted indications that Wen had not been there for some

---

[13] Stewart Decl. ¶ 15.
[14] Stewart Decl. ¶ 16; Ex. 4 (Decl. of Alexander Patterson); Ex. 5 (Decl. of Frank Harrigan).
[15] *Id.*
[16] Stewart Decl. ¶¶ 17-18, 22; Exs. 6-7, 10-11.
[17] ECF 298 ¶ 41.
[18] Stewart Decl. ¶¶ 17-18; Exs. 6-7.
[19] Ex. 7.
[20] Stewart Decl. ¶¶ 18-19, 22-23; Exs. 7, 10-11.
[21] Stewart Decl. ¶ 20; Ex. 9 (Decl. of Jason Luther) ¶ 4.
[22] Ex. 8 (Decl. of James Voelkl) ¶ 3; Ex. 9 (Luther Decl.) ¶¶ 4-7.

PLAINTIFF'S MOTION REGARDING SERVICE OF THE CONTEMPT ORDER ON WEN

time.[23] One of the addresses surveilled was the Azusa address that Wen's mother resides at and that Wen identified as his address on his Amended and Corrected Individual Financial Statement.[24]

On March 9, 2023, an investigator surveilled the Azusa address and observed a vehicle approach the premises.[25] An individual matching Wen's basic description and photograph exited the vehicle on the passenger side.[26] When the investigator approached the individual and called out, "Kaine," the individual "moved quickly" to enter a gated area at the side of the premises and enter the residence.[27] When the investigator then approached the driver of the vehicle, the driver refused to verify whether the individual entering the address was Wen or confirm his own identity other than claiming his name was "Jeff."[28] The investigator then served the vehicle's driver with the Contempt Order.[29]

On March 9, 2023, in response to Wen's request that the Bureau provide him with a Word copy of Plaintiffs' Statement of Undisputed Facts in Support of the Motion for Summary Judgment, Bureau counsel again asked Wen to cooperate in accepting personal service of the Contempt Order and noted his prior refusals to accept personal service.[30] Wen responded claiming, "I am not refusing to accept service of anything" but again refused to provide a date and location where he could be served.[31] On March 13, 2023, Bureau counsel responded, noting his history of refusing to accept service and requesting that he reconsider his

---

[23] Ex. 8 (Voelkl Decl.) ¶ 3; *see also* Ex. 5 (Harrigan Decl.) at 17.
[24] *See* Stewart Decl. ¶ 21; Ex. 6 at 20; Ex. 9 (Luther Decl.) ¶¶ 6-7.
[25] Ex. 9 (Luther Decl.) ¶ 6.
[26] *Id.*
[27] *See id.*
[28] *See id.*
[29] *See id.*; *see also* Stewart Decl. ¶ 20.
[30] Stewart Decl. ¶¶ 24-25; Ex. 12 at 41-43.
[31] *See* Stewart Decl. ¶ 26; Ex. 12 at 41.

PLAINTIFF'S MOTION REGARDING SERVICE OF THE CONTEMPT ORDER ON WEN

position.[32] As of the date of this filing, Wen has not responded to Bureau counsel's March 13, 2023 email and has never indicated a time and place where he will accept personal service of the Contempt Order.[33]

Also on March 13, 2023, the Bureau's private investigator further surveilled the Azusa address without observing activity.[34] The investigator eventually approached the door, knocking and ringing the doorbell.[35] No one responded but the investigator believed he heard movement inside the residence.[36] After knocking and ringing the doorbell again to no response, the investigator left the Contempt Order on the front doorstep.[37] In total, the investigator conducted about 17 hours of surveillance at the three addresses associated with Wen but did not personally serve him.[38]

## ARGUMENT

The Court's order finding Wen in contempt also provided that the Bureau "shall personally serve this Order on Defendant and file proof of service thereof."[39] In the context of the Federal Rules of Civil Procedure, personal service generally means personal delivery as opposed to delivery by mail or some other means.[40] In

---

[32] Stewart Decl. ¶ 27; Ex. 12 at 40.
[33] Stewart Decl. ¶ 28.
[34] Ex. 9 (Luther Decl.) ¶ 7.
[35] *Id.*
[36] *Id.*
[37] *See id.*; *see also* Stewart Decl. ¶ 20.
[38] *See* Ex. 9 (Luther Decl.) ¶¶ 4-7.
[39] ECF 418 at 12.
[40] *See, e.g.*, *Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001) (Plaintiff "served these subpoenas by mail rather than by personal service as required by F.R.C.P. 45(b)(1)"); *Cagle v. Multani*, No. CV 20-3038-MWF (PDX), 2020 WL 7861969, at *2 (C.D. Cal. Sept. 3, 2020) (distinguishing between personal service via process server and "substituted service via first class mail"); *Hellmich v. Mastiff Contracting, LLC*, No. SACV1401354DOCKESX, 2017 WL

PLAINTIFF'S MOTION REGARDING SERVICE OF THE CONTEMPT ORDER ON WEN

evaluating the adequacy of service and alternative service under the Federal Rules, courts may consider actual service and evasion of service.[41] Given these factors are present here, the Bureau respectfully requests relief from the Court's personal service requirement or, in the alternative, that the Court deem Wen to be sufficiently served.

First, Wen has received actual service of the Contempt Order. The Bureau provided the Contempt Order to Wen on January 6, 2023, by delivering it to the email he has since registered with the Court to receive ECF notifications.[42] The Bureau also mailed the Contempt Order by USPS Priority Mail, signature required,

---

11632081, at *1 (C.D. Cal. May 11, 2017) (noting a "growing—although still minority—trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery" rather than personal service such as via a process server); *Green v. Baca*, No. CV 02-204744MMMMANX, 2005 WL 283361, at *1 n.1 (C.D. Cal. Jan. 31, 2005) (concluding that service under Rule 45 "is not limited to personal service" and that "leaving a subpoena at the various witnesses' offices pursuant to Rule 5(b) of the Federal Rules of Civil Procedure" was "sufficient" despite "plaintiff's failure to effect personal service."). *See also* § 1095 Service on Individuals—Personal Delivery, 4A Fed. Prac. & Proc. Civ. § 1095 (4th ed.) ("Historically, the usual and most effective method of service has been by personal delivery of a copy of the summons and complaint to the defendant.").

[41] *See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1136 (9th Cir. 2009) ("Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service."); *Mavrix Photographs LLC v. Belle News*, No. CV-15-6214-MWF (EX), 2015 WL 13764218, at *2 (C.D. Cal. Nov. 23, 2015) (denying without prejudice plaintiff's application for alternative service of a summons and complaint, including via first-class mail pursuant to California statute, where plaintiff had not established actual delivery). *See also* Black's Law Dictionary (11th ed. 2019) (defining "personal service" as, "[a]ctual delivery of the notice or process to the person to whom it is directed").

[42] *See* Stewart Decl. ¶ 6; ECF 119.

---

7

to the address Wen provided to the Court under Local Rule 83-2.4.[43] Wen acknowledged receipt of the email delivering the Contempt Order and delivery by certified mail was confirmed by someone who signed, "Kaine."[44] And, importantly, Wen responded to the Contempt Order.[45]

Second, Wen has refused to accept personal service. In communications with Bureau counsel since early January, Wen has repeatedly refused to make arrangements to accept personal service of the Contempt Order.[46] The Bureau's process server made seven attempts at personal service on Wen in January at the Service Address and his last known place of employment.[47] And a person matching Wen's description apparently evaded service when the Bureau's investigator approached him.[48]

Because the Bureau has actually served Wen, and based on his refusal to cooperate to accept personal service, the Bureau respectfully requests that the Court grant the instant motion and relieve the Bureau from the Contempt Order's personal service requirement. In the alternative, the Bureau requests that the Court deem Wen to be sufficiently served.[49]

Dated: April 19, 2023

Respectfully Submitted,

_/s/ Jesse Stewart_

Jesse Stewart (NY Bar No. 5145495)
(admitted *pro hac vice*)
N. Nathan Dimock (DC Bar No. 487743)

---

[43] *See* Stewart Decl. ¶¶ 10, 13; ECF 419.
[44] *See* Stewart Decl. ¶¶ 6, 10, 13; Ex. 1 at 2-4; Ex. 2 at 7-8; Ex. 3.
[45] ECF 420.
[46] *See* Stewart Decl. ¶¶ 8, 10, 12, 14-15, 26-29; Exs. 1-2, 12.
[47] *See* Stewart Decl. ¶ 16; Ex. 4 (Patterson Decl.); Ex. 5 (Harrigan Decl.).
[48] *See* Ex. 9 (Luther Decl.) ¶ 6.
[49] *Cf. Travelers Cas. & Sur. Co.*, 551 F.3d at 1136; *Mavrix Photographs*, 2015 WL 13764218, at *2.

(admitted *pro hac vice*)
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*