# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>    Defendants. | CASE NO. 8:19-cv-01998 MWF<br><br>**DECLARATION OF JESSE STEWART IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM THE COURT'S JANUARY 6, 2023 ORDER INSOFAR AS IT REQUIRED THAT THE BUREAU PERSONALLY SERVE DEFENDANT WEN OR, IN THE ALTERNATIVE, FOR AN ORDER DEEMING WEN AS SERVED** |

I, Jesse Stewart, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a citizen of the United States and am over eighteen (18) years of age. I am employed as a Senior Litigation Counsel with the Bureau of Consumer Financial Protection (Bureau) in the Office of Enforcement. My mailing address is 1700 G Street NW, Washington, DC 20522. I am an attorney for the Bureau as Plaintiff in the above-captioned case, appearing *pro hac vice*.

2. This declaration is submitted with Plaintiff's Motion for Relief from the Court's January 6, 2023 Order Insofar as It Required that the Bureau Personally Serve Defendant Wen or, in the Alternative, for an Order Deeming Wen as Served (Motion).

3. The facts set forth herein are based on my personal knowledge or information made known to me in the course of my official duties.

4. According to the Bureau of Prisons online inmate lookup tool, Defendant Kaine Wen was released from incarceration on December 23, 2022. *See* https://www.bop.gov/inmateloc/ (search for first name "Kaine," last name "Wen,"

1  last accessed April 19, 2023).

2      5.    As of January 6, 2023, the docket in this case reflected that Wen had
3  not updated his contact information pursuant to Local Rule 83-2.4 since December
4  23, 2022, nor had he yet registered to receive ECF notifications.

5      6.    On January 6, 2023, Bureau counsel transmitted the Contempt Order
6  (ECF 418) via email to Wen's kainewen@gmail.com email address and requested
7  in the email that Wen identify a physical address where he could be personally
8  served. Wen has been using the kainewen@gmail.com email address to
9  communicate with Bureau counsel since September 7, 2022. **Exhibit 1** includes a
10  true and accurate copy of the Bureau's January 6, 2023 email, not including the
11  attachment.

12      7.    On January 9, 2023, Bureau counsel emailed Wen's
13  kainewen@gmail.com email address about personally serving the Contempt Order
14  on Wen and requested that Wen identify a time and location for accepting personal
15  service. **Exhibit 1** includes a true and accurate copy of the Bureau's January 9,
16  2023 email.

17      8.    On January 9, 2023, Wen emailed Bureau counsel from his
18  kainewen@gmail.com email address, indicating that he would not accept personal
19  service of the Contempt Order via email. Wen did not address the Bureau's request
20  that he identify a time and location for accepting personal service. **Exhibit 2**
21  includes a true and accurate copy of Wen's January 9, 2023 email.

22      9.    On January 10, 2023, Bureau counsel emailed Wen's
23  kainewen@gmail.com email address about personally serving the Contempt Order
24  on Wen and again requested that Wen identify a time and location for accepting
25  personal service. **Exhibit 2** includes a true and accurate copy of the Bureau's
26  January 10, 2023 email.

27      10.    On January 10, 2023, Wen emailed Bureau counsel from his
28

1  kainewen@gmail.com email address. Wen did not agree to a time and a place to
2  receive service from a process server but provided the Bureau with the address that
3  Wen indicated he would be providing the Court for service purposes (Service
4  Address). **Exhibit 2** includes a true and accurate copy of Wen's January 10, 2023
5  email.

6      11. On January 11, 2023, Bureau counsel emailed Wen's
7  kainewen@gmail.com email address about personally serving the Contempt Order
8  on Wen and requested again that he identify a time and location for accepting
9  personal service. **Exhibit 2** includes a true and accurate copy of the Bureau's
10 January 11, 2023 email.

11     12. On January 11, 2023, at the end of a telephonic meet and confer about
12 Plaintiffs' then-anticipated motion for summary judgment, Bureau counsel asked
13 Wen to identify a time and place to accept personal service of the Contempt Order.
14 Counsel explained that the Bureau was attempting to comply with the Contempt
15 Order's requirement that it personally serve Wen with the Order. Wen refused to
16 provide this information and terminated the call.

17     13. On January 11, 2023, the Bureau mailed the Contempt Order to Wen
18 via U.S. Postal Service (USPS) Priority Mail (signature required) to Wen's Service
19 Address. The tracking number for that mailing was 9410 8112 0620 3567 0399 20.
20 USPS tracking information for that tracking number shows the Contempt Order
21 was delivered to Wen's Service Address on January 13, 2023, and was signed for
22 by "Kaine." **Exhibit 3** is a true and accurate copy of the USPS proof of delivery
23 notice that I received relating to the Bureau's January 11, 2023 mailing of the
24 Contempt Order to Wen.

25     14. On January 18, 2023, Bureau counsel emailed Wen's
26 kainewen@gmail.com email address about personally serving the Contempt Order
27 on Wen and again requested that he identify a time and location for accepting
28

personal service or that he accept service via U.S Mail. **Exhibit 2** includes a true and accurate copy of the Bureau's January 18, 2023 email.

15. As of the date and time of the signing of this declaration, Wen has not responded to the Bureau's January 18, 2023 email.

16. As set forth in the declarations of Alexander Patterson and Frank Harrigan, the Bureau's process servers aver that they made seven unsuccessful attempts at personal service on Wen between January 9, 2023, and January 21, 2023, at Wen's last-known place of employment and his Service Address. **Exhibit 4** is a true and accurate copy of the declaration of Alexander Patterson. **Exhibit 5** is a true and accurate copy of the declaration of Frank Harrigan.

17. On February 1, 2023, Bureau counsel contacted counsel for Relief Defendant Judy Dai, who entered into a Stipulated Final Judgment and Order (Dai Order) with Plaintiffs that the Court entered on June 15, 2021 (ECF 298). Bureau counsel requested that Dai provide the Bureau with Wen's current residential address(es) pursuant to Paragraph 41 of the Dai Order, which provides in relevant part, "[Dai] must cooperate fully to help Plaintiffs determine the identity, location, and contact information of any Defendant." On February 3, 2023, Dai's counsel indicated that he no longer represented Dai and provided Dai's current email and mailing addresses. **Exhibit 6** includes a true and accurate copy of the Bureau's February 1, 2023 email, not including the attachment, and Dai's counsel's February 3, 2023 response.

18. On February 3, 17, and 22, 2023, Bureau counsel emailed Dai at the email address provided by her former counsel. These emails requested Wen's current residential address pursuant to Paragraph 41 of the Dai Order. **Exhibit 7** is a true and accurate copy of the Bureau's February 3, 17, and 22 emails to Dai, not including the attachment to the February 3, 2023 email.

19. As of the date and time of the signing of this declaration, Dai has not

responded to Bureau counsel's February 3, 17, and 22, 2023 emails.

20. In early February 2023, the Bureau contracted with a private investigator service to search available databases to identify potential residential addresses for Wen and to conduct surveillance at addresses associated with Wen to locate and serve him with the Contempt Order, a copy of which was provided to the service. Results of this surveillance are set forth in the Declarations of James Voelkl and Jason Luther. **Exhibit 8** is a true and accurate copy of the declaration of James Voelkl. **Exhibit 9** is a true and accurate copy of the declaration of Jason Luther.

21. The Azusa, California address identified in paragraphs 6-7 of the Luther Declaration is the address that Dai's counsel indicated she resided at as of February 2023. Wen identified the same Azusa address as his on his Amended and Corrected Individual Financial Statement (ECF 365-6, Ex. 7 at 162).[1]

22. On March 8, 2023, Bureau counsel mailed a letter to Dai via certified USPS First Class Mail, tracking no. 7020 0640 0000 7114 5162, to the address provided by her former counsel. The letter requested Wen's current residential address pursuant to Paragraph 41 of the Dai Order. As of April 14, 2023, USPS tracking information for the letter indicates that notice of the mailing was left at the address on March 13, 2023, but there was "No Authorized Recipient Available" to receive the letter. **Exhibit 10** is a true and accurate copy of the Bureau's March 8, 2023 letter to Dai, without attachments. **Exhibit 11** is a true and accurate copy of the USPS Tracking information available at usps.com for tracking no. 7020 0640 0000 7114 5162.

---

[1] ECF 365-6, Ex. 7 was filed under seal pursuant to this Court's Order dated December 30, 2020 (ECF 255) but the street address was redacted in an abundance of caution pursuant to Local Rule 5.2-1. Upon the Court's request the Bureau will provide a fully unredacted copy of ECF 365-6, Exhibit 7, as well as unredacted copies of Exhibits 6 and 9 to this Motion.

23. As of the date and time of the signing of this declaration, Dai has not responded to Bureau counsel's March 8, 2023 letter.

24. On March 8, 2023, Wen emailed Bureau counsel from his kainewen@gmail.com email address requesting a Microsoft Word copy of Plaintiff's motion for summary judgment, "in particular the Statement of Undisputed Facts and Memorandum of Points and Authorities." **Exhibit 12** includes a true and accurate copy of Wen's March 8, 2023 email.

25. Bureau counsel responded to Wen's March 8, 2023 email on March 9, 2023, agreeing to provide the Statement of Undisputed Facts in Word format as a courtesy. Bureau counsel's March 9, 2023 email also requested that Wen provide a date and location where he would accept service of the Contempt Order and noted that Wen had refused to accept service to date. **Exhibit 12** includes a true and accurate copy of Bureau counsel's March 9, 2023 email.

26. Wen responded to Bureau counsel's March 9, 2023 email on March 10, 2023, stating, "I am not refusing to accept service of anything" but Wen again failed to provide a date and location where he would accept service of the Contempt Order. **Exhibit 12** includes a true and accurate copy of Wen's March 10, 2023 email.

27. Bureau counsel responded to Wen's March 10, 2023 email on March 13, 2023, providing him with the requested Word document and urging him to reconsider his refusal to cooperate in accepting service. **Exhibit 12** includes a true and accurate copy of Bureau counsel's March 13, 2023 email, not including the attachment.

28. As of the date and time of the signing of this declaration, Wen has not responded to Bureau counsel's March 13, 2023 email and has never indicated a time and location where he will accept personal service of the Contempt Order.

29. On March 28, 2023, Bureau counsel met and conferred with Wen

regarding this Motion. Bureau counsel explained that the Bureau anticipated filing a motion for relief from the January 6, 2023 order insofar as it required that the Bureau personally serve Wen or, in the alternative, that Wen be deemed personally served. Wen indicated that he did not consent to this relief but that he did not presently plan to oppose the Motion. Wen also indicated that he was not aware of any requirement that he must cooperate to receive personal service.

30. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 19, 2023 at 3:49 pm ET.

*/s/ Jesse Stewart*
Jesse Stewart
Washington, D.C.