**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>        Defendants. | CASE NO. 8:19-cv-01998 MWF<br><br>**DECLARATION OF N. NATHAN DIMOCK IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO RESPOND TO DEFENDANT WEN'S CORRECTED DECLARATION**<br><br>Court: Hon. Michael W. Fitzgerald |

I, Nathan Dimock, pursuant to 28 U.S.C. § 1746 and Local Rule 7-19.1, hereby declare as follows:

1.      I am a citizen of the United States and am over eighteen (18) years of age. I am employed as a Senior Litigation Counsel with the Bureau of Consumer Financial Protection (Bureau) in the Office of Enforcement. My mailing address is 1700 G Street NW, Washington, DC 20522. I am an attorney for the Bureau as Plaintiff in the above-captioned case, appearing *pro hac vice*.

2.      This declaration is submitted with Plaintiffs' *Ex Parte* Application for Leave to Respond to Defendant Wen's Corrected Declaration.

3.      The facts set forth in this declaration are based on my personal knowledge.

4.      On Wednesday, April 19, 2023, counsel for all plaintiffs and defendant Wen conducted a meet and confer via teleconference to discuss plaintiffs' intention to file an *ex parte* application seeking leave to respond to his corrected declaration filed on April 11, 2023 (ECF 445).  The meet and confer was

held pursuant to Local Rule 7-19.1. During the meet and confer, I explained the following to Wen:

- That plaintiffs intended to file an *ex parte* application for leave to file a response to defendant Wen's corrected declaration;

- The substance of the proposed application in that plaintiffs believe they need to file an *ex parte* application for leave to respond because the Local Rules do not have any provision allowing for the filing of a response to Wen's corrected declaration;

- The substance of the proposed response to be filed concurrently with the *ex parte* application in that plaintiffs intend to challenge paragraphs in Wen's corrected declaration with substantive changes, including those now based on Wen's "understanding" (as opposed to "knowledge") and those that previously relied on the Hu and Lai declarations; and

- That once filed, defendant Wen would have 24 hours to file a response to the *ex parte* application.

Wen responded that he does not object to the *ex parte* application, but he may choose to file a response.

5.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Executed on April 20, 2023.


                                        */s/ N. Nathan Dimock*
                                        N. Nathan Dimock
                                        Washington, DC

DIMOCK DECL. ISO PLAINTIFFS' *EX PARTE* APP. FOR LEAVE TO RESPOND TO WEN'S CORRECTED DECL.