**BUREAU OF CONSUMER FINANCIAL PROTECTION**
SARAH PREIS (DC Bar No. 997387)
(admitted *pro hac vice*)
Tel.: (202)-435-9318
Email: sarah.preis@cfpb.gov
JESSE STEWART (NY Bar No. 5145495)
(admitted *pro hac vice*)
Tel.: (202)-435-9641
Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (DC Bar No. 487743)
(admitted *pro hac vice*)
Tel.: (202) 435-9198
Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov/Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*
*Additional Counsel for Plaintiffs Listed on Next Page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>          Plaintiffs,<br><br>          v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>          Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**[PROPOSED] PLAINTIFFS' RESPONSE TO DEFENDANT WEN'S CORRECTED DECLARATION**<br><br>Court:   Hon. Michael W. Fitzgerald<br>Date:    May 1, 2023<br>Time:    10:00 AM<br>Place:   Courtroom 5A |

*Additional Counsel for Plaintiffs Listed Below:

**THE PEOPLE OF THE STATE OF CALIFORNIA**
HYDEE FELDSTEIN SOTO, City Attorney (CA. Bar No. 106866)
CHRISTINA V. TUSAN, Supvr. Assistant City Attorney (CA. Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA. Bar No. 212664)
MIGUEL RUIZ, Deputy City Attorney (CA. Bar No. 240387)
Office Of the City Attorney
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012-4131
Tel.: (213) 473-6908/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *pro hac vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 728-4126
Email: evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *pro hac vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000/Fax: (919) 716-6050
Email: lweaver@ncdoj.gov
*Attorney for Plaintiff the State of North Carolina*

**Plaintiffs' Response to**

**Defendant Wen's Corrected Declaration**

Plaintiffs the Bureau of Consumer Financial Protection (Bureau), the State of Minnesota, the State of North Carolina, and the People of the State of California (collectively, Plaintiffs) submit this response to Defendant Kaine Wen's "Corrected" Declaration. Plaintiffs move the Court to strike substantive changes that Wen made in his untimely filing (ECF No. 445) and raise evidentiary objections to the substantively-revised portions of the declaration. Specifically, the Court should strike or otherwise disregard each paragraph of the Corrected Declaration that Wen changed substantively from his original declaration (ECF 435) as an untimely and inappropriate surreply. Further, several of the revised paragraphs now fail to comply with the Federal Rules of Evidence and Federal Rule of Civil Procedure 56(c)(4).[1]

**Relevant Facts**

Plaintiffs filed their Motion for Partial Summary Judgment on January 30, 2023. (ECF 423.) On March 1, 2023, the Court reset the deadlines for Wen to file an opposition to March 27, 2023, and for Plaintiffs to file a reply to April 10, 2023.[2] Wen filed his opposition on March 27, 2023 (ECF 435-441), and Plaintiffs filed their reply on April 10, 2023, (ECF 444). Plaintiffs' reply argued, in addition to several evidentiary objections, that Wen's declaration should be stricken or otherwise disregarded by the Court because it was not signed under penalty of perjury as required by 28 U.S.C. § 1746. (ECF 444 at 6 & 444-4 at 3-4.) On April 11, 2023, more than two weeks after his opposition was due, Wen filed his

---

[1] Plaintiffs do not object to Wen resubmitting his declaration without alteration except to correct his failure to sign the original declaration under penalty of perjury.

[2] By Order on April 18, 2023, the Court continued the hearing on Plaintiffs' Motion for Partial Summary Judgment to May 1, 2023.

Corrected Declaration (ECF 445) in apparent response to Plaintiffs' reply. Wen did not seek leave from the Court to file his Corrected Declaration, nor did he file an *errata* or provide the Court or Plaintiffs with any explanation as to what he had "corrected."

Plaintiffs have performed a detailed comparison of the two versions of the declaration and identified multiple changes. First, the Corrected Declaration is now signed under penalty of perjury. (ECF 445 at 49.) Second, and more importantly, it varies substantively from the original declaration in approximately 19 paragraphs.[3] Many of the substantive changes involve statements that were previously based on "the best of [Wen's] knowledge" and which are now based on "the best of [Wen's] understanding."[4] Additionally, Wen no longer relies on the Hu declaration he submitted in support of his opposition (*compare* ECF 435 ¶ 68, *with* ECF 445 ¶ 68), or the withdrawn Lai declaration (*compare* ECF 435 ¶¶ 119-123, *with* ECF 445 ¶¶ 119-123), both of which Plaintiffs sought to have stricken or disregarded in their reply. But Wen's Corrected Declaration continues to rely on the facts that he previously identified as supported by the Hu and Lai declarations, only now he makes the same assertions but deletes the citations to the declarations with no further explanation.

## I.     The Court Should Strike the Altered Paragraphs in the Corrected Declaration as an Impermissible Surreply

It appears that rather than simply correct his declaration by signing it under penalty of perjury, Wen is instead using his Corrected Declaration as an improper

---

[3] Specific changes are identified in Plaintiffs Evidentiary Objections to Wen's Corrected Declaration, which is filed concurrently herewith.

[4] In his original declaration (ECF 435), paragraphs 16, 18, 101, 106-107, 146, 155, 194, 215, 219, 221 and 247 were all based on Wen's "knowledge." In his Corrected Declaration (ECF 445), those paragraphs are now based purportedly on Wen's "understanding."

and untimely surreply to respond to portions of Plaintiffs' reply and related evidentiary objections. Surreplies are addressed by Local Rule 7-10, which provides, in pertinent part, that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." "A district court may allow a surreply to be filed, but only 'where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *Smith v. Gonzalez*, 2019 WL 3817581, *1 (E.D. Cal. Aug. 14, 2019) (quoting *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005)). A declaration filed in response to a reply brief may be construed as a surreply. *Id.* (striking declaration as "a second opposition to Defendants' motion for summary judgment").

Here, Wen did not seek leave from the Court to file his Corrected Declaration and identifies no grounds for the Court allow him to make substantive changes to his declaration, beyond correcting his failure to sign it under penalty of perjury. Indeed, by making substantive changes to his Corrected Declaration, Wen is attempting to supplement the record on summary judgment after Plaintiffs filed their reply to address foreseeable deficiencies in his original declaration. In so doing, and even if Wen's changes ultimately only give rise to similar or new deficiencies, as set forth in Plaintiffs' attached evidentiary objections, each paragraph of his Corrected Declaration that he changed should be disregarded as an improper surreply. *See* L.R. 7-10; *Smith v. Gonzalez*, 2019 WL 3817581, *1.

## II.    Several of the Altered Paragraphs in Wen's Corrected Declaration Are Now Inadmissible Under the Federal Rules of Evidence.

Even if the Court declines to strike the altered paragraphs in Wen's Corrected Declaration as constituting an improper surreply, several of the altered paragraphs should be stricken or otherwise disregarded for failure to comply with the Rules of Evidence and Procedure.

First, several paragraphs fail to establish personal knowledge as required by Fed. R. Evid. 602 and Fed. R. Civ. P. 56(c)(4), as further set forth in Plaintiffs' Evidentiary Objections submitted with this response. Here, Wen altered many paragraphs in his declaration such that they are no longer alleged based on "the best of [Wen's] knowledge" but instead on "the best of [Wen's] understanding." "[F]acts alleged on 'understanding' like those based on 'belief' or on 'information and belief', are not sufficient to create a genuine issue of fact." *Cermetek Inc. v. Butler Avpak Inc*., 573 F.2d 1370, 1377 (9th Cir. 1978) (citing *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831 (1950), *overruled on other grounds*, *Lear, Inc. v. Adkins*, 395 U.S. 653 (1969)). In each instance that Wen added, "to the best of my understanding," to his Corrected Declaration, he provides no explanation as to how he came to that understanding. Therefore, in certain of the paragraphs where Wen fails to establish adequate personal knowledge for the changed portions of his declaration, such paragraphs should be stricken or otherwise disregarded, as further set forth in the Evidentiary Objections attached hereto.

Second, the changed paragraphs about TAS 2019 LLC were previously based on the declaration of Jimmy Lai, which was withdrawn and therefore should be disregarded (*see* ECF 99; ECF 444-4 at 4). In Wen's corrected declaration, he now makes the same assertions but deletes the citation to the Lai declaration with no further explanation, such that the paragraphs now constitute impermissible hearsay under Fed. R. Evid. 802. Moreover, if not based on the withdrawn Lai declaration, Wen's statements about TAS at paragraphs 120-123 of his Corrected Declaration are precisely the sort of self-serving and conclusory statements that do not create a genuine issue of fact, particularly where they are contradicted by the

summary judgment record.[5] *See CFPB v. Gordon*, 819 F.3d 1179, 1194 (9th Cir. 2016) (conclusory and self-serving affidavit insufficient to raise "triable issue" where it lacks "detailed facts and any supporting evidence") (citation omitted); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("this court has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony") (citation omitted).

## Conclusion

For the foregoing reasons and the additional details provided in Plaintiffs' Evidentiary Objections, the Court should strike or disregard the following paragraphs in the Corrected Declaration: 16, 18, 68, 101, 106-107, 119-123, 146, 155, 194, 204, 215, 219, 221, and 247.

Dated: April 20, 2023                Respectfully Submitted,

                                     */s/ N. Nathan Dimock*
                                     N. Nathan Dimock (DC Bar No. 487743)
                                     (Admitted *pro hac vice*)
                                     Jesse Stewart (NY Bar No. 5145495)
                                     (Admitted *pro hac vice*)
                                     *Attorneys for Plaintiff Bureau of Consumer Financial Protection*

---

[5] For example, Wen claims that the Company "never had access to or control over client funds held by TAS," but in the next phrase acknowledges that the Company "may have assisted TAS with issuing client refunds." Corrected Declaration ¶ 121. And Wen does not dispute that the Receiver found TAS checks in the Company's office during the immediate access. UF 92. As another example, Wen claims that "TAS has never been owned or controlled by the" Company, Corrected Declaration ¶ 120, but he admitted that he took the lead on forming TAS, UF 176, he directed the opening of TAS's bank account, UF 180, he helped secure payment processing for TAS, UF 182, he reviewed and edited TAS's client agreement and website, UF 194-95, and he created a TAS email account and sent emails from it, UF 184-85. (*See also* ECF 444 at 17.)

Plaintiffs' Response to Def. Wen's Corrected Decl.

By: */s/ M. Lynne Weaver*
M. Lynne Weaver (NC Bar No. 19397)
(Admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
*Attorney for Plaintiff State of North Carolina*

By: */s/ Evan Romanoff*
Evan Romanoff (Atty. Reg. No. 398223)
(Admitted *pro hac vice*)
Assistant Attorney General
*Attorney for Plaintiff State of Minnesota*

By: */s/ Christina Tusan*
Christina Tusan
Assistant City Attorney
Office of the City Attorney
Consumer and Workplace Protection Unit
*Attorney for Plaintiff the People of the State of California*

I, N. Nathan Dimock, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ N. Nathan Dimock*
N. Nathan Dimock