BUREAU OF CONSUMER FINANCIAL PROTECTION
SARAH PREIS (DC Bar No. 997387)
(admitted *pro hac vice*)
Tel.: (202)-435-9318
Email: sarah.preis@cfpb.gov
JESSE STEWART (NY Bar No. 5145495)
(admitted *pro hac vice*)
Tel.: (202)-435-9641
Email: jesse.stewart@cfpb.gov
N. NATHAN DIMOCK (DC Bar No. 487743)
(admitted *pro hac vice*)
Tel.: (202) 435-9198
Email: nathan.dimock@cfpb.gov
1700 G Street, NW
Washington, DC 20552
Fax: (844) 826-5016
LEANNE E. HARTMANN (CA Bar No. 264787)
(Local Counsel for the Bureau of Consumer Financial Protection)
301 Howard Street, Suite 1200
San Francisco, CA 94105
Email: leanne.hartmann@cfpb.gov/Fax: (415) 844-9788
*Attorneys for Plaintiff the Bureau of Consumer Financial Protection*
**Additional Counsel for Plaintiffs Listed on Next Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.,<br><br>Defendants. | CASE NO. 8:19-cv-01998 MWF (KS)<br><br>**[PROPOSED] PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT WEN'S CORRECTED DECLARATION**<br><br>Court: Hon. Michael W. Fitzgerald<br>Date: May 1, 2023<br>Time: 10:00 AM<br>Place: Courtroom 5A |

*Additional Counsel for Plaintiffs Listed Below:

**THE PEOPLE OF THE STATE OF CALIFORNIA**
HYDEE FELDSTEIN SOTO, City Attorney (CA. Bar No. 106866)
CHRISTINA V. TUSAN, Supvr. Assistant City Attorney (CA. Bar No. 192203)
WILLIAM PLETCHER, Deputy City Attorney (CA. Bar No. 212664)
MIGUEL RUIZ, Deputy City Attorney (CA. Bar No. 240387)
Office Of the City Attorney
200 N. Main Street, 500 City Hall East
Los Angeles, CA 90012-4131
Tel.: (213) 473-6908/Fax: (213) 978-8112
Emails: christina.tusan@lacity.org / william.pletcher@lacity.org
*Attorneys for Plaintiff the People of the State of California*

**THE STATE OF MINNESOTA**
EVAN ROMANOFF (Attorney Reg. No. 0398223)
(admitted *pro hac vice*)
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel.: (651) 728-4126
Email: evan.romanoff@ag.state.mn.us
*Attorney for Plaintiff the State of Minnesota*

**THE STATE OF NORTH CAROLINA**
M. LYNNE WEAVER (N.C. Bar No. 19397)
(admitted *pro hac vice*)
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27602
Tel.: (919) 716-6000/Fax: (919) 716-6050
Email: lweaver@ncdoj.gov
*Attorney for Plaintiff the State of North Carolina*

**Plaintiffs' Evidentiary Objections to**

**Defendant Wen's Corrected Declaration**

Plaintiffs object to changes to defendant Wen's Corrected Declaration submitted in support of his Opposition to Plaintiffs' Motion for Partial Summary Judgment for the reasons identified in Plaintiffs' Response to the Corrected Declaration. Plaintiffs also object to certain paragraphs in Wen's Corrected Declaration based on the specific evidentiary objections identified below. (ECF 445.) For the convenience of the Court, Plaintiffs include in the following table the text of the original and corrected declarations for each paragraph where Wen's Corrected Declaration contains changes, even where Plaintiffs are not raising any specific evidentiary objection to the changed language. Changes in the declarations are italicized and headings in the chart correspond to the headings in the declarations. For the reasons detailed below, the Court should deem the following evidence inadmissible and should disregard it:

| Kaine Wen's Declaration in Support of Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF 435) | Kaine Wen's *Corrected* Declaration in Support of Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF 445) | Plaintiffs' Evidentiary Objections to Revised Language |
|---|---|---|
| **Background On How Consumer Advocacy Center Started** | | |
| 16. The loan modification company that Kim owned and operated was Consumer Advocacy Center, Inc. ("CAC"). To the best of my *knowledge*, CAC operated as a loan modification company from August 2014 to July 2015. [emphasis added] | 16. The loan modification company that Kim owned and operated was Consumer Advocacy Center, Inc. ("CAC"). To the best of my *understanding*, CAC operated as a loan modification company | No evidentiary objection. |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

3

| | | |
|---|---|---|
| | from August 2014 to July 2015. [emphasis added] | |
| 18. To the best of my *knowledge*, Kim solely owned CAC while it operated as a loan modification company. [emphasis added] | 18. To the best of my *understanding*, Kim solely owned CAC while it operated as a loan modification company. [emphasis added] | No evidentiary objection. |
| **My Later Involvement In The SL Business (From Approximately July 2017 to October 23, 2019)** | | |
| 68. Beginning approximately July 2017, I began to go into the CAC's Irvine office, several times per week. See Def's Ex. 52 (Declaration of Kenneth Hu) at ¶4: "I only started to see Kaine Wen at the office in 2017, around June or July. | 68. Beginning approximately July 2017, I began to go into the CAC's Irvine office, several times per week. ~~See Def's Ex. 52 (Declaration of Kenneth Hu) at ¶4: "I only started to see Kaine Wen at the office in 2017, around June or July.~~ | No evidentiary objection. |
| **First Priority LLC: Using RAM and AMP As Dedicated Account Providers** | | |
| 101. To the best of my *knowledge*, AMP also required First Priority to provide proof of performance before AMP could release fees to First Priority. [emphasis added] | 101. To the best of my *understanding*, AMP also required First Priority to provide proof of performance before AMP could release fees to First Priority. [emphasis added] | Lack of personal knowledge.<br><br>"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

4

| | | |
|---|---|---|
| | | "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).<br><br>"[F]acts alleged on 'understanding' like those based on 'belief' or on 'information and belief', are not sufficient to create a genuine issue of fact." *Cermetek Inc. v. Butler Avpak Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978) (citing *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831 (1950), *overruled on other grounds*, *Lear, Inc. v. Adkins*, 395 U.S. 653 (1969)).<br><br>In paragraph 101 of his corrected declaration, Wen no longer asserts that the statement is based on his "knowledge" but instead on his "understanding." However, Wen provides no explanation as to how he came to that understanding. Therefore, because Wen fails to |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

5

| | | |
|---|---|---|
| | | establish his personal knowledge as to the facts asserted in paragraph 101, the paragraph should be stricken or disregarded by the Court. *See Cermetek*, 573 F.2d at 1377.<br><br>Moreover, as set forth in Plaintiffs' Evidentiary Objections to Wen's Opposition (ECF 444-4 at 8-9), in paragraph 100, Wen asserts that "Kim took the lead on communications with AMP and these issues." Yet, Wen does not explain how, if Kim had taken the lead with AMP, Wen knew what AMP required. |
| 106. To the best of my *knowledge*, *per* AMP and RAM compliance requirements, First Priority submitted proof of performance documentation indicating that a consumer's first due date on the consumer's adjusted payment had passed before AMP and RAM released fees paid by consumers to First Priority. [emphasis added] | 106. To the best of my *understanding*, *in accordance with* AMP and RAM compliance requirements, First Priority submitted proof of performance documentation indicating that a consumer's first due date on the consumer's adjusted payment had passed before AMP and RAM released fees paid by consumers to First Priority. [emphasis added] | Lack of personal knowledge.<br><br>"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.<br><br>"An affidavit or declaration used to support or oppose a motion must |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

6

| | | |
|---|---|---|
| | | be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).<br><br>"[F]acts alleged on 'understanding' like those based on 'belief' or on 'information and belief', are not sufficient to create a genuine issue of fact." *Cermetek*, 573 F.2d at 1377.<br><br>In paragraph 106 of his corrected declaration, Wen no longer asserts that the statement is based on his "knowledge" but instead on his "understanding." However, Wen provides no explanation as to how he came to that understanding. Therefore, because Wen fails to establish his personal knowledge as to the facts asserted in paragraph 106, the paragraph should be stricken or disregarded by the Court. *See Cermetek*, 573 F.2d at 1377.<br><br>Moreover, as set forth in Plaintiffs' Evidentiary Objections to Wen's |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

7

| | | |
|---|---|---|
| | | Opposition (ECF 444-4 at 9-10), Wen offers no evidence to support his contentions that First Priority actually submitted proof of performance to RAM or AMP prior to the release of consumer fees. Instead, in paragraph 99, he explains that RAM agreed that certain screen shots would be sufficient for proof of performance, but nowhere in his declaration or accompanying exhibits does Wen establish knowledge that such proof was ever provided to either RAM or AMP. Therefore, he also fails to establish personal knowledge that First Priority complied with the no advance fee rule. |
| 107. To the best of my *knowledge*, all fees collected by First Priority satisfied the no advance fee rule, and First Priority submitted proof of performance to AMP and RAM prior to clients being released to First Priority. [emphasis added] | 107. To the best of my *understanding*, all fees collected by First Priority satisfied the no advance fee rule, and First Priority submitted proof of performance to AMP and RAM prior to clients being released to First Priority. [emphasis added] | Lack of personal knowledge.<br><br>"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

8

| | | |
|---|---|---|
| | | "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[F]acts alleged on 'understanding' like those based on 'belief' or on 'information and belief', are not sufficient to create a genuine issue of fact." *Cermetek*, 573 F.2d at 1377. In paragraph 107 of his corrected declaration, Wen no longer asserts that the statement is based on his "knowledge" but instead on his "understanding." However, Wen provides no explanation as to how he came to that understanding. Therefore, because Wen fails to establish his personal knowledge as to the facts asserted in paragraph 107, the paragraph should be stricken or disregarded by the Court. *See Cermetek*, 573 F.2d at 1377. |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

9

| | | |
|---|---|---|
| | | Moreover, as set forth in Plaintiffs' Evidentiary Objections to Wen's Opposition (ECF 444-4 at 9-10), Wen offers no evidence to support his contentions that First Priority actually submitted proof of performance to RAM or AMP prior to the release of consumer fees. Instead, in paragraph 99, he explains that RAM agreed that certain screen shots would be sufficient for proof of performance, but nowhere in his declaration or accompanying exhibits does Wen establish knowledge that such proof was ever provided to either RAM or AMP. Therefore, he also fails to establish personal knowledge that First Priority complied with the no advance fee rule. |
| **TAS 2019 LLC: Independent Third-Party Dedicated Account Provider** | | |
| 119. On September 1, 2019, TCS entered into an agreement with TAS for dedicated client account services. See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To | 119. On September 1, 2019, TCS entered into an agreement with TAS for dedicated client account services. ~~See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To~~ | Hearsay – Fed. R. Evid. 802.<br><br>In paragraph 119 of his original declaration, Wen based the statement on the withdrawn declaration of Jimmy Lai. In his |

| | | |
|---|---|---|
| Show Cause Why Preliminary Injunction Should Not Issue) under Exhibit A the TCS and TAS agreement. | ~~Show Cause Why Preliminary Injunction Should Not Issue) under Exhibit A the TCS and TAS agreement.~~ | corrected declaration, Wen makes the same assertions but deletes the citation to the Lai declaration with no further explanation. Therefore, it now appears that Wen's assertions are based on inadmissible hearsay pursuant to Fed. R. Evid. 802. |
| 120. TAS has never been owned or controlled by SL Business. See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To Show Cause Why Preliminary Injunction Should Not Issue) at ¶6. | 120. TAS has never been owned or controlled by SL Business. ~~See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To Show Cause Why Preliminary Injunction Should Not Issue) at ¶6.~~ | Hearsay – Fed. R. Evid. 802.<br><br>In paragraph 120 of his original declaration, Wen based the statement on the withdrawn declaration of Jimmy Lai. In his corrected declaration, Wen makes the same assertions but deletes the citation to the Lai declaration with no further explanation. Therefore, it now appears that Wen's assertions are based on inadmissible hearsay pursuant to Fed. R. Evid. 802. |
| 121. The SL Business never had access to or control over the client funds held by TAS, although the SL Business may have assisted TAS with issuing client funds. See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To Show Cause Why | 121. The SL Business never had access to or control over the client funds held by TAS, although the SL Business may have assisted TAS with issuing client funds. ~~See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To Show Cause Why~~ | Hearsay – Fed. R. Evid. 802.<br><br>In paragraph 121 of his original declaration, Wen based the statement on the withdrawn declaration of Jimmy Lai. In his corrected declaration, Wen makes the same assertions but deletes the citation to the Lai declaration with no |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

11

| | | |
|---|---|---|
| Preliminary Injunction Should Not Issue) at ¶8. | ~~Preliminary Injunction Should Not Issue) at ¶8.~~ | further explanation. Therefore, it now appears that Wen's assertions are based on inadmissible hearsay pursuant to Fed. R. Evid. 802. |
| 122. TAS required the SL Business to provide proof of performance as well as verbal confirmation that the client was satisfied with the SL Business's services prior to releasing any funds to the SL Business. See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To Show Cause Why Preliminary Injunction Should Not Issue) at ¶8. | 122. TAS required the SL Business to provide proof of performance as well as verbal confirmation that the client was satisfied with the SL Business's services prior to releasing any funds to the SL Business. ~~See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To Show Cause Why Preliminary Injunction Should Not Issue) at ¶8.~~ | Hearsay – Fed. R. Evid. 802.<br><br>In paragraph 122 of his original declaration, Wen based the statement on the withdrawn declaration of Jimmy Lai. In his corrected declaration, Wen makes the same assertions but deletes the citation to the Lai declaration with no further explanation. Therefore, it now appears that Wen's assertions are based on inadmissible hearsay pursuant to Fed. R. Evid. 802. |
| 123. As of October 23, 2019, the date of the Temporary Restraining Order ("TRO"), TAS held approximately $2.8 million in escrow for the benefit of the SL Business's clients. See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To Show Cause Why Preliminary Injunction Should Not Issue) at ¶9. | 123. As of October 23, 2019, the date of the Temporary Restraining Order ("TRO"), TAS held approximately $2.8 million in escrow for the benefit of the SL Business's clients. ~~See Def.'s Ex. 24 (Declaration of Jimmy Lai In Support Of Defendant's Response To Order To Show Cause Why Preliminary Injunction Should Not Issue) at ¶9.~~ | Hearsay – Fed. R. Evid. 802.<br><br>In paragraph 123 of his original declaration, Wen based the statement on the withdrawn declaration of Jimmy Lai. In his corrected declaration, Wen makes the same assertions but deletes the citation to the Lai declaration with no further explanation. Therefore, it now appears that Wen's assertions are based on inadmissible |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

12

| | | |
|---|---|---|
| | | hearsay pursuant to Fed. R. Evid. 802. |
| **Corrective Action – The Welcome Call and Welcome Email** | | |
| 146. To the best of my *knowledge*, approximately 20,250 clients completed the Welcome Email which included confirming their family size and filing status. [emphasis added] | 146. To the best of my *understanding*, approximately 20,250 clients completed the Welcome Email which included confirming their family size and filing status. [emphasis added] | Lack of personal knowledge.<br><br>"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.<br><br>"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).<br><br>"[F]acts alleged on 'understanding' like those based on 'belief' or on 'information and belief', are not sufficient to create a genuine issue of fact." *Cermetek*, 573 F.2d at 1377. |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

13

| | | |
|---|---|---|
| | | In paragraph 146 of his corrected declaration, Wen no longer asserts that the statement is based on his "knowledge" but instead on his "understanding." However, Wen provides no explanation as to how he came to that understanding. Therefore, because Wen fails to establish his personal knowledge as to the facts asserted in paragraph 146, the paragraph should be stricken or disregarded by the Court. *See Cermetek*, 573 F.2d at 1377. |
| **Corrective Action – Compliance Memos** | | |
| 155. To the best of my *knowledge*, all employees in the Sales Department as of November 2018 reviewed, understood, and signed the Sales Compliance Memo. [emphasis added] | 155. To the best of my *understanding*, all employees in the Sales Department as of November 2018 reviewed, understood, and signed the Sales Compliance Memo. [emphasis added] | Lack of personal knowledge.<br><br>"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.<br><br>"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

14

| | | |
|---|---|---|
| | | that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).<br><br>"[F]acts alleged on 'understanding' like those based on 'belief' or on 'information and belief', are not sufficient to create a genuine issue of fact." *Cermetek,* 573 F.2d at 1377.<br><br>In paragraph 155 of his corrected declaration, Wen no longer asserts that the statement is based on his "knowledge" but instead on his "understanding." However, Wen provides no explanation as to how he came to that understanding. Therefore, because Wen fails to establish his personal knowledge as to the facts asserted in paragraph 155, the paragraph should be stricken or disregarded by the Court. *See Cermetek*, 573 F.2d at 1377. |
| **The TRO On October 23, 2019** | | |
| 194. At the time of the TRO, the SL Business was working closely with Venable and O'Melveny | 194. At the time of the TRO, the SL Business was working closely with Venable and O'Melveny | Lack of personal knowledge. |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

15

| | | |
|---|---|---|
| and, to the best of my *knowledge*, operating lawfully and compliantly. [emphasis added] | and, to the best of my *understanding*, operating lawfully and compliantly. [emphasis added] | "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.<br><br>"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).<br><br>"[F]acts alleged on 'understanding' like those based on 'belief' or on 'information and belief', are not sufficient to create a genuine issue of fact." *Cermetek*, 573 F.2d at 1377.<br><br>In paragraph 194 of his corrected declaration, Wen no longer asserts that the statement is based on his "knowledge" but instead on his "understanding." However, Wen provides |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

16

| | | |
|---|---|---|
| | | no explanation as to how he came to that understanding. Therefore, because Wen fails to establish his personal knowledge as to the facts asserted in paragraph 194, the paragraph should be stricken or disregarded by the Court. *See Cermetek*, 573 F.2d at 1377. |
| **Requests To Plaintiff's For An Accounting** | | |
| 204. Since Plaintiffs refuse to provide the accounting, I make the statements below in order to offer, to the best of my ability, an accounting of the amounts that Plaintiffs and the Receiver have received thus far in this case. | 204. ~~Since Plaintiffs refuse to provide the accounting,~~ I make the statements below in order to offer, to the best of my ability, an accounting of the amounts that Plaintiffs and the Receiver have received thus far in this case. | No evidentiary objection. |
| **Accounting From Final Judgments** | | |
| 215. As part of the Stipulated Judgment, HTD surrendered to Plaintiffs a bank account worth, to the best of my *knowledge*, $53,696.04 towards a judgment of monetary relief and Mice and Men surrendered to Plaintiffs a UBS bank account worth, to the best of my *knowledge*, $4,105,430.38 towards a judgment of monetary relief. [emphasis added] | 215. As part of the Stipulated Judgment, HTD surrendered to Plaintiffs a bank account worth, to the best of my *understanding*, $53,696.04 towards a judgment of monetary relief and Mice and Men surrendered to Plaintiffs a UBS bank account worth, to the best of my *understanding*, $4,105,430.38 towards a judgment of monetary relief. [emphasis added] | No evidentiary objection. |
| 219. As part of the Stipulated Judgment, Ms. | 219. As part of the Stipulated Judgment, Ms. | No evidentiary objection. |

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

17

| | | | |
|---|---|---|---|
| | Dai transferred to Plaintiffs, to the best of my *knowledge*, $3,088,381.80 towards a judgment of monetary relief. This money was money that I had gifted to her that I obtained from my investments in cryptocurrency and other businesses in order for her to retire. None of it was derived, directly or indirectly, from the SL Business. However, the CFPB contended that this was a voidable transfer and, based on those allegations, my mother ultimately settled with Plaintiffs. [emphasis added] | Dai transferred to Plaintiffs, to the best of my *understanding*, $3,088,381.80 towards a judgment of monetary relief. This money was money that I had gifted to her that I obtained from my investments in cryptocurrency and other businesses in order for her to retire. None of it was derived, directly or indirectly, from the SL Business. However, the CFPB contended that this was a voidable transfer and, based on those allegations, my mother ultimately settled with Plaintiffs. [emphasis added] | |
| | 221. As part of the Stipulated Judgment, 1st Generation transferred to Plaintiffs bank accounts worth, to the best of my *knowledge*, at least $3,984,779.28 towards a judgment of monetary relief and Infinite transferred to Plaintiffs a bank account towards a judgment of monetary relief, but I am unable to ascertain the amount in that Infinite bank account. [emphasis added] | 221. As part of the Stipulated Judgment, 1st Generation transferred to Plaintiffs bank accounts worth, to the best of my *understanding*, at least $3,984,779.28 towards a judgment of monetary relief and Infinite transferred to Plaintiffs a bank account towards a judgment of monetary relief, but I am unable to ascertain the amount in that Infinite bank account. [emphasis added] | No evidentiary objection. |

| **My Net Profits Received** | | |
|---|---|---|
| 247. I wish to point out in the interests of fairness that Kim's settlement is for two bank accounts that, to the best of my *knowledge*, are worth less than $100,000 and two watches, a disproportionately lower amount that the over $3 million that Plaintiffs have already recovered from me and my mother, not to mention the remainder of my frozen assets that I have also committed to turning over to resolve this case. | 247. I wish to point out in the interests of fairness that Kim's settlement is for two bank accounts that, to the best of my *understanding*, are worth less than $100,000 and two watches, a disproportionately lower amount that the over $3 million that Plaintiffs have already recovered from me and my mother, not to mention the remainder of my frozen assets that I have also committed to turning over to resolve this case. | No evidentiary objection. |
| | *I declare under penalty of perjury that the foregoing is true and correct.* | No evidentiary objection. |

Dated: April 20, 2023                    Respectfully Submitted,

*/s/ N. Nathan Dimock*
N. Nathan Dimock (DC Bar No. 487743)
(Admitted *pro hac vice*)
Jesse Stewart (NY Bar No. 5145495)
(Admitted *pro hac vice*)
*Attorneys for Plaintiff Bureau of Consumer Financial Protection*

By: */s/ M. Lynne Weaver*
M. Lynne Weaver (NC Bar No. 19397)
(Admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
*Attorney for Plaintiff State of North Carolina*

Plaintiffs' Evid. Objs. to Def. Wen's Corrected Decl.

19

By: /s/ Evan Romanoff
Evan Romanoff (Atty. Reg. No. 398223)
(Admitted *pro hac vice*)
Assistant Attorney General
*Attorney for Plaintiff State of Minnesota*

By: /s/ Christina Tusan
Christina Tusan
Assistant City Attorney
Office of the City Attorney
Consumer and Workplace
Protection Unit
*Attorney for Plaintiff the People of the State of California*

I, N. Nathan Dimock, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ N. Nathan Dimock
N. Nathan Dimock