Andrew M. Greene (SBN 167386)
agreene@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., <br><br> Defendants. | Case No. 8:19-cv-01998-MWF (KSx) <br><br> **RECEIVER'S FIFTH INTERIM STATUS REPORT** <br><br> JUDGE: Hon. Michael W. Fitzgerald <br> CTRM:  5A |

Thomas W. McNamara, as Court-appointed receiver ("Receiver"), submits this report of receivership activities for the twelve month period of June 1, 2022 through May 31, 2023.

## I.

## RECEIVERSHIP ACTIVITIES

During this reporting period, the Receiver and his team vigorously litigated and ultimately settled claims against National Merchant Center, Inc. ("NMC"), a third-party independent sales organization, and its employee/agent, Jimmy Lai ("Lai"); communicated and coordinated with Defendant Kaine Wen in connection with the obligations imposed to transfer cryptocurrency under an Order to Show

Cause ("OSC") Order, prepared a status report for the Court and attended the OSC hearing; coordinated the transfer of cryptocurrency to receivership accounts; liquidated jewelry and automobiles surrendered in settlements; reviewed and provided extensive subpoenaed materials to the CFPB; and completed a significant payroll tax reconciliation project.

### A.     Litigation and Settlement with NMC/Lai

As discussed in prior status reports, in June 2021, the Receiver filed suit against National Merchant Center Inc., Shih-Hao Lai a/k/a Jimmy Lai, and Swift Payments (collectively the "NMC Defendants").  *See McNamara v. National Merchant Center, Inc., et al.*, C.D. Cal. Case No. 8:21-cv-01122-MWF (KSx). During this reporting period,, the Receiver conducted extensive written discovery and multiple depositions, retained and prepared expert witnesses, provided feedback for expert reports, and otherwise prepared the matter for trial.  Over time, however, the Receiver became increasingly concerned with the NMC Defendants' ability to satisfy a large judgment against them and, despite the ever-strengthening merits of his claims, turned his focus towards a potential resolution.  Ultimately, following extensive negotiations the parties reached structured settlements.  The proposed settlements were presented to the Court for consideration, including an *in camera* declaration by the Receiver outlining his reasoning for settlement, and the Court approved the settlements.

The settlement with NMC requires it to pay the Receivership Estate Three Hundred and Forty Thousand Dollars ($340,000) in six payments paid over several years.[1]  Lai agreed to pay the Receivership Estate Seventy Five Thousand Dollars ($75,000) in 12 equal installments of $6,250 at 4-month intervals, beginning on March 31, 2023 and concluding on November 15, 2026.  However, Lai recently

///

---

[1] NMC's first and second payments (April 18, 2023 and June 15, 2023, respectively), totaling $100,000 have been received.

defaulted on his payment obligations claiming an inability to pay and is now subject to entry of a $75,000 stipulated judgment.

### B. The Kain Wen Contempt Order

On October 7, 2022, the Court entered an order granting Plaintiffs' Motion for an Order to Show Cause Why Defendant Wen Should Not Be Held in Contempt and Related Relief and set a further hearing date on November 28, 2022 to consider the Plaintiff's contempt request. *See* ECF No. 405 ("the Order"). The Order required Wen to transfer certain cryptocurrency assets either to an account in Wen's name in the United States or to the Receiver. Prior to the November 28 hearing, the Receiver coordinated with Wen to accomplish the transfers to a receivership controlled account. On November 14, 2022, the Receiver provided the Court with a status report detailing his interactions with Wen and the status of Wen's efforts. The Receiver prepared for and attended an Order to Show Cause Hearing on November 28, 2022, following which the Court entered an Order Holding Kaine Wen in Civil Contempt (ECF No. 418). As detailed further below, the Receiver ultimately obtained certain of Wen's cryptocurrency.

### C. Acquisition/Liquidation of Additional Assets

As a result of an extended process with Binance, a cryptocurrency exchange, the Receiver ultimately gained access to Wen's cryptocurrency account, which held approximately 25.6 Bitcoin and other cryptocurrency.[2] The Receiver created U.S.-based accounts to hold the cryptocurrencies and then coordinated with Defendant Wen and counsel for Binance to transfer the Bitcoin to Kraken, a U.S.-based exchange. The Receiver's team also engaged a cryptocurrency consultant to assess the value of some of the more obscure cryptocurrencies and strategies for

///

---

[2] While Binance has a U.S.-based exchange, Binance.US, Defendant Wen's cryptocurrency was with Binance's offshore arm and arrangements had to be made to transfer the Bitcoin to a U.S. account.

transferring them to the Receiver's control,[3] though it was ultimately determined that most of the other cryptocurrencies were essentially valueless and would not be worth the cost to transfer.[4]

The Receiver also oversaw the sale of assets given up by Defendant Kim and his wife in settlements with the Plaintiffs. These assets included two automobiles (a 2016 Bentley Continental and a 2016 Mercedes G550) and assorted jewelry (three watches, one diamond ring, one pair of earrings). The cars were ultimately sold through a broker at auctions in September 2022 and February 2023, netting a total amount of $116,024.88. The assorted jewelry was sold through Bonhams auction house at various auctions between October 2022 and April 2023 and resulted in total revenue of $37,012.70.

**D.     Cooperation with CFPB and Response to Subpoena**

In October 2022, the CFPB issued a subpoena seeking deposition transcripts and all documents produced to the Receiver in the NMC action. The Receiver's team compiled and coordinated the transfer of an extremely large amount of materials. In the process, it was necessary to identify and compile materials for review by Consumer Advocacy Center's bankruptcy trustee in order to obtain the necessary privilege waivers from the trustee. The CFPB subsequently requested additional materials, including native email files collected by the Receiver during immediate access and documents produced by the Receiver in the NMC action.

**E.     Payroll Tax Project**

Long after the preparation and mailing of 2019 Form W-2 to all employees, it was discovered that the Receivership Entities' payroll processor did not file the

---

[3] Because these cryptocurrencies were more obscure, smaller-cap coins, most mainstream platforms like Kraken did not host them.

[4] After evaluating the costs of transferring and selling these items – which would have exceeded the sale amounts (if buyers could be located) – the Receiver made the decision not to transfer the items from the Binance account, in effect abandoning them.

fourth quarter or the annual state and federal payroll tax returns for tax year 2019. The payroll processor also failed to provide detailed payroll reports for the 2019 fourth quarter wages and taxes. It was necessary for the Receiver's forensic accountant to calculate the 2019 wages and taxes for approximately 1,000 employees of the Receivership Entities and then prepare and file the state and federal payroll tax returns. These tax payments to the state and federal tax agencies also had to be reconciled to the quarterly and annual tax liabilities to confirm that all tax obligations had been paid. That project is now complete, all payroll tax returns have been submitted to the state and federal tax agencies and all taxes have been remitted to those agencies.

**F.     Wind-Up of the Receivership**

This Receivership is virtually over, and we are near the point of winding-up and presenting a discharge motion to the Court. The remaining duties involve liquidating the Bitcoin presently held in the Receiver's Kraken account and taking possession of and liquidating the assets ordered to be turned over to the Receiver in the Court's July 7, 2023 final judgment against Wen (ECF No. 456). We have contacted Wen to coordinate transfer and will then oversee the sale of the items. We anticipate liquidating the crypto assets via cryptocurrency exchanges and the hard assets (watches, diamond, and prints) through auction houses. The timing of the discharge motion will be dictated by the timing of these liquidations.

## II.

## RECEIVERSHIP ACCOUNTING

Attached as Exhibit A is a Receipts and Disbursements Summary for the period June 1, 2022 through May 31, 2023. During this time period, receipts were $479,100.64, comprised of settlement funds from The Brea Financial Group d/b/a Pub Club Leads ($267,500.00) and National Merchant Center ($50,000), the sale of Albert Kim's assets ($23,520.00) and Sarah Kim's assets ($129,517.58). Disbursements were $370,300.61, primarily comprised of the turnover of the net

proceeds from the sale of Sarah Kim's assets to Plaintiffs ($129,517.58), Court-approved professional fees ($26,817.34 fees of the Receiver and staff; $179,520.99 fees and expenses of the Receiver's counsel (McNamara Smith LLP and Hirsch Closson), and database hosting ($26,350.70).  In total, the receivership has thus far distributed $8,757,961.82 to the Plaintiffs' enforcement agencies and the current aggregate balance of the bank accounts as of May 31, 2023 is $1,621,856.42.

Dated:  July 21, 2023  
By: /s/ Andrew M. Greene  
Andrew M. Greene  
*Attorney for Receiver,*  
*Thomas W. McNamara*

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

 /s/ Andrew M. Greene
Andrew M. Greene
*Attorney for Receiver,
Thomas W. McNamara*