Andrew M. Greene (SBN 167386)
agreene@mcnamarallp.com
Logan D. Smith (SBN 212041)
lsmith@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al.,<br><br>  Defendants. | Case No. 8:19-cv-01998-MWF (KSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF**<br><br>JUDGE: Hon. Michael W. Fitzgerald<br>CTRM:  5A<br>DATE:  September 18, 2023<br>TIME:  10:00 a.m. |

# I.
# INTRODUCTION

On July 7, 2023, the Court entered a Final Judgement and Order as to Defendant Kaine Wen (the "Final Judgment"). *See* ECF No. 456. The Final Judgment required Wen to turn over particular assets to the receiver Thomas W. McNamara (the "Receiver"). Shortly after the Final Judgment was entered, the Receiver reached out to Wen to coordinate the delivery of the assets. The Receiver's office has since followed up as specified in the declarations attached hereto, by email, phone, and U.S. mail, but to date has received no response from Wen. Accordingly, the Receiver seeks an order showing cause why Wen should not be held in contempt.

# II.
# FACTUAL BACKGROUND

The Final Judgment was entered on July 7, 2023. *See* ECF No. 456. On July 12, the Receiver sent a letter to Wen by email and U.S. mail attaching the Final Judgment and instructing Wen to turn over the assets specified in the Judgment no later than July 21, 2023. *See* Declaration of Cornelia J. B. Gordon ("Gordon Decl.") Ex. 1. The July 12 letter directed Wen to deliver the tangible assets (three watches, a 3.584 carat diamond, a Reus car stereo system, and three M.C. Escher prints) to the Receiver's offices, and provided bitcoin and ethereum addresses to which Wen was directed to send the cryptocurrency assets. *See id.* On July 21, the Receiver followed up with Wen by email, again instructing Wen to turn over the assets. Declaration of Thomas W. McNamara ("McNamara Decl.") Ex. 1. Wen did not respond, nor did he deliver the tangible or intangible assets by the July 21st deadline. *Id.* ¶ 4. On July 28, the Receiver called a number believed to belong to Wen and left a voicemail, following up with an email, but he received no response to either. *Id.* ¶¶ 5-7 & Ex. 2. The Receiver's counsel attempted to call a second number believed to belong to Wen on August 11, 2023 at 11:50 a.m. and

left a voicemail, but received no response. Gordon Decl. ¶ 4. The Receiver's counsel made a second call, again leaving a voicemail, on August 15, 2023 at 8:55 a.m. *Id.* ¶ 5. Wen has not responded by phone, email, or letter as of the time of this OSC's filing. *Id.* ¶ 6; McNamara Decl. ¶ 7.

## III.

## ARGUMENT

The evidence is clear and convincing that Wen has violated the terms of the Final Judgment, and that the Court may find him in civil contempt after issuing an order to show cause providing him with an opportunity to respond and to be heard.

Obedience of a court order is required unless and until it has been vacated or reversed, except in only the rarest of situations. *Walker v. City of Birmingham*, 388 U.S. 307, 315 (1967); *see also Zapon v. U.S. Dep't of Justice*, 53 F.3d 283, 285 (9th Cir. 1995). Federal courts have inherent power to enforce their lawful orders through contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990). "A district court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order of the court." *FTC v. Kutzner*, 2017 WL 2985397, at *3 (C.D. Cal. June 12, 2017) (citing *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984)). "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

A party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by "clear and convincing evidence." *Inst. of Cetacean Research*, 774 F.3d 935 at 945 (citing *Dual-Deck*, 10 F.3d at 695 (further citations omitted)). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). The accused party must demonstrate that it took all reasonable steps to

comply, yet was unable to do so.  *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 (9th Cir. 1992).

  A district court has "wide latitude in determining whether there has been a contemptuous defense of its order."  *Stone*, 968 F.2d 850 at 856 (citing *Gifford*, 741 F.2d at 266).  The Court need not find that the violations were willful or intentional.  *See In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987); *United States v. Asay*, 614 F.2d 655, 661 (9th Cir. 1980) ("Willfulness is not an element of civil contempt.") (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1948)).

  Here, clear and convincing evidence establishes that Wen has not complied with the terms of the Final Judgment.  Wen did not respond to the Receiver's letter; he did not return the Receiver's initial call; and he did not return the Receiver's counsel's subsequent calls.[1]  *See* Gordon Dec. ¶¶ 3-6; McNamara Decl. ¶¶ 3-7.

## IV.
## REQUESTED RELIEF

  In light of the violations set forth above, the Receiver requests that the Court order:

  1. Wen to show cause why he should not be held in contempt for his violations of the Final Judgment.

  2. With respect to the virtual currency assets, Wen to immediately (a) transfer to the Receiver all virtual currency identified in the Final Judgment (with the exception of those virtual currency assets already transferred or made available to the receiver) and, if he is unable to transfer the currency to the Receiver's custody using the protocols provided by the Receiver in the July 12, 2023 letter, to

---

[1] On August 3, 2023, Wen filed a Notice of Appeal in this matter appealing the Final Judgment.  *See* ECF No. 462.  Wen has not moved to stay the Final Judgment, however, and his responsibilities under it remain in place.

(b) provide the Receiver with all information and hardware necessary to access those assets, including but not limited to any passcodes, pins, or keys.

3. With respect to the physical (tangible) assets identified in the Final Judgment, Wen to turn over those assets to the Receiver within seven (7) business days.

4. Wen to provide to the Receiver a sworn statement attesting to his compliance with item nos. 2-3 above within seven (7) business days of complying with those requirements.

5. If he fails to comply with item nos. 2-4, Wen is to pay a fine of $1,000 each day to coerce his compliance. If Wen is ordered to pay a fine, he should be ordered to provide a full accounting identifying all sources of funds used to pay the fine, including the account-holder name, account number, and financial institution from which the funds derived.

## V.

## CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that this Court grant the Receiver's motion and order the requested relief set forth above.

Dated: August 18, 2023                    MCNAMARA SMITH LLP

By:   /s/ Cornelia J. B. Gordon
     Cornelia J. B. Gordon
     *Attorneys for Receiver,*
     *Thomas W. McNamara*