Andrew M. Greene (SBN 167386)
agreene@mcnamarallp.com
Logan D. Smith (SBN 212041)
lsmith@mcnamarallp.com
Cornelia J. B. Gordon (SBN 320207)
cgordon@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al.,<br><br>            Defendants. | Case No. 8:19-cv-01998-MWF (KSx)<br><br>**REPLY IN SUPPORT OF RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF**<br><br>JUDGE: Hon. Michael W. Fitzgerald<br>CTRM:  5A<br>DATE:  September 18, 2023<br>TIME:  10:00 a.m. |

     Defendant Kaine Wen claims he cannot comply with the terms of the Final Judgment and Order as to Defendant Kaine Wen (ECF No. 456, the "Final Judgment") either because (in the case of the cryptocurrency, car stereo, and Escher prints) he does not possess the items, or because (in the case of the watches and diamond) he is concerned that by turning the items over to the Receiver, he would violate the terms of the judgment against him in the criminal case of *United States v. Kaine Wen*, Case No. SACR 20-66.  *See* ECF No. 467 at 2.[1]  If true, Wen could have communicated this to the Receiver at any point in time.  He did not.

     Based on the representations in his opposition and declaration, Wen is not in compliance with the terms of the Final Judgment by his own admission.  The only question is whether or not Wen has taken "all reasonable steps within [his] power to comply" before failing to do so.  *See  Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014).  The Receiver submits that he clearly has not.

Cryptocurrency Assets

     On January 6, 2023, this Court held Wen in contempt for failing to turn over the cryptocurrency assets identified by Plaintiff Consumer Financial Protection Bureau (the "CFPB").  As the Receiver stated in his status report to the Court (*see* ECF No. 406), Wen has turned over Monero, Lumens, and Bitcoin held at cryptocurrency exchanges Bittrex and Binance.  However, the vast majority of the cryptocurrency identified by the CFPB's expert has not been turned over to the Receiver.  The contempt order made it clear that if Wen were to maintain that he was unable to turn over all of the identified assets, he was to "describe, in detail, the specific steps" he took to do so.  While Wen filed a "response" to the contempt order (*see* ECF No. 420), the contempt was never purged and the Court reaffirmed

---

[1] Defendant Kaine Wen's opposition to the Receiver's Motion for an Order to Show Cause re: Contempt (ECF No. 465) was uploaded to the electronic docket late in the day on August 31, 2023.  *See* ECF No. 467.

its conclusion that "there was clear and convincing evidence that Defendant [Wen] has significant undisclosed cryptocurrency assets" in its order on the CFPB's motion for summary judgment (ECF No. 455 at 23) and in the Final Judgment. Wen remains obligated to turn over these assets; he has not.

### Car Stereo and Escher Prints

Wen claims that he once had possession of the Reus car stereo system and the three M.C. Escher prints identified in the Final Judgment, but that he no longer has access to them because the stereo "was returned to Tesla when the vehicle lease expired" and the Escher prints "were stored at the business office located at 8 Hughes in Irvine, California when the Receiver took control of those offices on October 23, 2019." *See* ECF No. 467, Decl. of Kaine Wen ¶¶ 22-23.

With respect to the stereo, Wen has offered no explanation as to why he was unable to reclaim the stereo system (which he apparently owned) before the Tesla was returned to the lessor. This is an entirely insufficient explanation for his failure to comply.

With respect to the Escher prints, Wen has never indicated until this very filing that he is not in possession of the prints. Further, none of the videography or photographs taken on the date of immediate access at *any* of the three receivership sites includes an M.C. Escher print (let alone three), *see* Declaration of Cornelia J. B. Gordon ¶ 3, and none of the site inventories prepared by the Receiver's staff at the time includes the prints, *see* ECF No. 75-1. If these prints were ever at any of the receivership sites, they were removed prior to immediate access.

### Watches and Diamond

Finally, with respect to the three watches and the diamond, Wen concedes he is in possession of these items and has yet to turn them over to the Receiver. *See* ECF No. 467, Decl. of Kaine Wen ¶ 24. Setting aside the fact that Wen never contacted the Receiver to apprise him of his apparent predicament, the Receiver submits that Wen's quandary regarding which judgment takes precedence does not

clear him of an obligation to comply with the terms of the Final Judgment in this case.

For the foregoing reasons, the Receiver respectfully requests that this Court grant the Receiver's motion and order the requested relief set forth in that motion.

Dated: September 1, 2023        MCNAMARA SMITH LLP

By: /s/ Cornelia J. B. Gordon
Cornelia J. B. Gordon
*Attorneys for Receiver,*
*Thomas W. McNamara*

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1**

The undersigned, counsel of record for Thomas W. McNamara, the Court-appointed Receiver, certifies that this Reply contains 797 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 1, 2023        MCNAMARA SMITH LLP

By: /s/ Cornelia J. B. Gordon
Cornelia J. B. Gordon

# CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

/s/ Cornelia J. B. Gordon
Cornelia J. B. Gordon
*Attorney for Receiver,*
*Thomas W. McNamara*