Kaine Wen
kainewen@gmail.com
146 Bishop Landing
Irvine, CA 92620
Los Angeles, California 90071
Telephone:  626-563-7908

*Pro Se Defendant*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection; State of Minnesota, by its Attorney General, Keith Ellison; State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and The People of The State of California, Michael N. Feuer, Los Angeles City Attorney,<br><br>Plaintiff,<br><br>vs.<br><br>Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; True Count Staffing Inc., d/b/a SL Account Management; Prime Consulting LLC, d/b/a Financial Preparation Services; TAS 2019 LLC d/b/a Trusted Account Services; Horizon Consultants LLC; First Priority LLC d/b/a Priority Account Management; Albert Kim, a/k/a Albert King; Kaine Wen, a/k/a Wenting Kaine Dai, Wen Ting Dai, and Kaine Wen Dai; and Tuong Nguyen, a/k/a Tom Nelson,<br><br>Defendants, and<br><br>Infinite Management Corp., f/k/a Infinite Management Solutions Inc.; Hold The Door, Corp.; TN Accounting Inc.; Mice and Men LLC; 1st Generation Holdings, LLC; Sarah Kim, and Anan Enterprise, Inc.,<br><br>Relief Defendants. | CASE NO. 8:19-cv-01998-MWF(KSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO UNSEAL FEBRUARY 24, 2021 TRANSCRIPT OF TELEPHONIC HEARING OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF**<br><br>**[UNOPPOSED MOTION]**<br><br><br>**Date**: Monday, December 11, 2023<br>**Time**: 10:00 a.m.<br>**Courtroom**: 5A, Hon. Michael W. Fitzgerald |

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**

## I.   INTRODUCTION

This *unopposed* Motion is made by defendant Kaine Wen ("Wen") for the limited purpose of unsealing the transcript of the hearing on plaintiffs' motion for contempt ("February 24, 2021 Transcript") so that it may be prepared and made part of the record on his appeal from the ruling against him on the motion and the final judgment.  Plaintiffs, who originally requested the sealing from public access of Wen's personal financial information submitted in support of their motion for contempt, *do not oppose* the unsealing.

Wen, having attended the hearing on the motion for contempt, is aware that none of his personal financial information was revealed during the hearing and believes that unsealing the transcript will pose no risk of any harm from which he must be protected.

Accordingly, Wen asks that this Motion be granted and that the February 24, 2021 Transcript be unsealed and released for public access.

## II.   STATEMENT OF FACTS

On October 21, 2019, plaintiffs Bureau of Consumer Financial Protection ("Bureau") and the States of Minnesota, North Carolina and California (collectively, "States") filed their Complaint against defendant Kaine Wen ("Wen") and others. (Dkt. No. 2.)  The Complaint alleged that the defendants, including Wen, "operated a debt-relief enterprise that deceived thousands of federal-student-loan borrowers and collected over $71 million in illegal advance fees" in violation of federal and state statutes and regulations.  (Dkt. No. 2, ¶ 8.)  The Complaint sought relief against Wen that included temporary and permanent injunctions enjoining future statutory violations, an award of damages, including refund of money, restitution, disgorgement or compensation for unjust enrichment, an award of civil penalties, and an order freezing Wen's assets.  (Dkt. No. 2, ¶ 262.)  Along with the Complaint, the Bureau filed an *Ex Parte* Application for Temporary Restraining Order with Asset

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**

1    Freeze and Other Equitable Relief and Order to Show Cause Why Preliminary

2    Injunction Should Not Issue ("*Ex Parte* Application").  (Dkt. No. 3.)  The States

3    sought, and were granted, permission to join in the *Ex Parte* Application.

4    (Dkt. Nos. 4, 35.)  Although the Temporary Restraining Order ("TRO") remains

5    sealed, the docket entry for October 21, 2019 states that the Court granted the

6    *Ex Parte* Application and issued a TRO that included an order freezing Wen's assets.

7    (Dkt. No. 24.)  Shortly thereafter, on November 15, 2019, the Court issued a

8    preliminary injunction ("PI"), based upon the parties' stipulation.  (Dkt. No. 103.)

9    The PI confirmed that both the TRO and the PI included, among other relief, an

10   assets freeze enjoining Wen from selling, transferring or otherwise disposing of his

11   assets, financial accounting statement requirements, and appointment of a receiver.

12   (Dkt. No. 103, pp. 2, 12-14, 18-19.)

13        On February 24, 2020, plaintiffs filed their First Amended Complaint, again

14   seeking temporary and permanent injunctions enjoining future statutory violations,

15   an award of damages, including refund of money, restitution, disgorgement or

16   compensation for unjust enrichment, an award of civil penalties, and an order

17   freezing Wen's assets.  (Dkt. No. 134, ¶ 352.)  On January 8, 2021, while the First

18   Amended Complaint was the current complaint on file, the Bureau filed a Motion

19   For Order To Show Cause Why Defendant Wen Should Not Be Held In Contempt

20   And For Related Relief ("Motion for Contempt"), which sought an order requiring

21   Wen to show cause why he should not be held in contempt for concealing assets,

22   failing to disclose assets in the required financial accounting statements and

23   dissipating assets in violation of the previously issued TRO and PI.  (Dkt. No. 257,

24   p. 2, 257-1, p. 1.)

25        Before filing the Motion for Contempt, on December 23, 2020, the Bureau

26   applied to file under seal exhibits it intended to submit in support of its Motion for

27   Contempt, including Wen's financial statements and other information regarding his

28

3

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO
UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**

1    assets, liabilities and transfers.  (Dkt. Nos. 251, 252.) On December 28, 2020, Wen

2    filed a declaration of his counsel supporting the application to seal.  (Dkt. No. 254.)

3    The application to seal was granted as to all but one exhibit for the Motion for

4    Contempt.   (Dkt. No. 255.)

5           When the Motion for Contempt was heard on February 24, 2021, the Court

6    also ordered the February 24, 2021 Transcript sealed until further order from the

7    Court.  (Dkt. No. 273.)  However, Wen attended the February 24, 2021 hearing of

8    the Motion for Contempt by telephone and heard the entirety of the proceedings; he

9    did not hear any participant reveal any of his personal financial information or any

10   other information that would allow another person to identify or gain access to his

11   personal accounts or learn about his assets.  (Declaration of Kaine Wen in support of

12   this Motion ("Wen Decl."), ¶ 7.)

13          On March 16, 2021, the Court granted the Motion for Contempt, in part

14   ("March 16, 2021 Motion for Contempt Order").  Without determining whether the

15   Bureau's evidence was admissible to prove Wen's alleged violations of the TRO and

16   PI, the Court ordered Wen to provide a statement disclosing more detailed

17   cryptocurrency and asset transfer information to the Bureau, but denied without

18   prejudice the Bureau's request for a contempt order to show cause.  (Dkt. No. 277.)

19          On April 8, 2022, the Bureau "renewed" its Motion for Contempt, again

20   seeking an order for Wen to show cause why he should not be held in contempt for

21   failing to make the disclosures required by the March 16, 2021 Motion for Contempt

22   Order and violating the asset freeze provisions of the TRO and PI.  (Dkt. No. 364,

23   p. 18.)  On October 7, 2022, the Court granted the Bureau's request for an order to

24   show cause and scheduled a hearing ("Order to Show Cause re: Contempt")  at

25   which Wen was to prove he did not violate the TRO and PI.  (Dkt. Nos. 405, 418,

26   p. 5.)  At the November 28, 2022 hearing on the Order to Show Cause re: Contempt,

27   the Court took the matter under submission.  (Dkt. No. 409.)  Then, on

28

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO
UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**

1   January 6, 2023, the Court found Wen in contempt, again ordered him to disclose all

2   of his cryptocurrency and asset transfer information and made other orders directing

3   Wen to transfer his cryptocurrency to the receiver ("January 6, 2023 Contempt

4   Order").  (Dkt. No. 418.)

5        On July 7, 2023, a Final Order and Judgment As To Defendant Kaine Wen

6   ("Judgment") was entered.  (Dkt. No. 456.)  On August 3, 2023, Wen filed his

7   Notice of Appeal of the Judgment to the Ninth Circuit Court of Appeals.

8   (Dkt. No.462.)

9        To prepare the record on appeal, Wen identified rulings potentially to be

10  addressed in his appeal, including the March 16, 2021 Motion for Contempt Order

11  and the January 6, 2023 Contempt Order, and selected the related hearing

12  transcripts to be included in the appellate record.  (Wen Decl., ¶¶ 4, 6.)  Before

13  expiration of the October 5, 2023 deadline set by the Court of Appeals for ordering

14  transcripts (Dkt. 456), Wen filed the required forms in this Court to request

15  transcripts of four hearings, including the February 24, 2021 Transcript.

16  (Dkt. Nos. 474, 475.)  However, the court reporter notified Wen that he must obtain

17  a court order unsealing the February 24, 2021 Transcript before that transcript can

18  be prepared and released.  (Wen Decl., ¶ 5.)

19       Before filing this Motion seeking an order unsealing the February 24, 2021

20  Transcript, Wen conferred with counsel for all of the plaintiffs, who advised that

21  plaintiffs do not oppose the unsealing of the February 24, 2021 Transcript.

22  (Wen Decl., ¶ 8, Exh. 1.)

23                          **III.    ARGUMENT**

24  A.    **Legal Standard.**

25       Normally, there is a strong presumption of the public right of access to all

26  information filed with a court.  *See Phillips ex rel. Estates of Byrd v. General Motors*

27  *Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  However, the presumption does not

28

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO
UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**

1    necessarily apply to a document that has been filed under seal pursuant to a valid

2    protective order.  *Id.* at 1213.

3          The test for whether the presumption should apply and the sealed document

4    should be unsealed turns on whether the sealed document was attached to a

5    "dispositive" or a "non-dispositive" motion.  *Center for Auto Safety v. Chrysler*

6    *Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  The terms "dispositive" and

7    "non-dispositive" are not used in the literal or technical sense; the focus is whether

8    the motion is non-dispositive because it is "unrelated, or only tangentially related, to

9    the underlying cause of action," or dispositive because it is "more than tangentially

10   related to the underlying cause of action" or "address[es] the merits of a case."  *Id.* at

11   1098-99.

12          "Good cause" is sufficient for the court to continue to maintain the secrecy of

13   and decline to unseal a document attached to a "non-dispositive" motion; "good

14   cause" arises from Federal Rule of Civil Procedure 26 (c), which permits a court to

15   issue an order protecting a party "from annoyance, embarrassment, oppression, or

16   undue burden or expense."  *Id.*  A stricter standard of "compelling reasons,"

17   however, must be met to justify refusing to unseal a document attached to a

18   "dispositive" motion; the stricter standard might be met when the "court files might

19   have become a vehicle for improper purposes, such as the use of records to gratify

20   private spite, promote public scandal, circulate libelous statements, or release trade

21   secrets."  *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686

22   F.3d 1115, 1120 (9th Cir. 2012) (internal quotations omitted); *see also Center for*

23   *Auto Safety*, 809 F.3d at 1097; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

24   1122, 1136 (9th Cir. 2003).

25          Further, the public interest in having access to unsealed documents is stronger

26   for dispositive motions because "'public observation diminishes the possibilities for

27   injustice, incompetence, perjury, and fraud'" and "the presumptive right to 'public

28

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO
UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**

1   observation' is at its apogee when asserted with respect to documents relating to

2   'matters that directly affect an adjudication.'"  *Gambale v. Deutsche Bank AG*, 377

3   F.3d 133, 140 (2d Cir. 2004).

4          A court has inherent power to terminate its prior order and unseal documents

5   *sua sponte* or upon motion of a party, pursuant to its "supervisory power over its

6   own records and files," even after a judgment has been entered or the action has been

7   dismissed.  *Gambale*, 377 F.3d at 140-41; *see also Osband v. Woodford*, 290 F.3d

8   1036, 1039 (9th Cir. 2002) ("A party subject to a protective order is generally free to

9   return to the issuing court to seek modification of the order."); *Empire Blue Cross*

10  *and Blue Shield v. Janet Greeson's A Place For Us,* 62 F.3d 1217, 1219 (9th Cir.

11  1995) (a district court has discretion to determine whether to modify a protective

12  order).

13  **B.**     **The Transcript is Appropriately Unsealed.**

14          Here, the February 24, 2021 Transcript Wen seeks to unseal recorded the

15  proceedings at the hearing of plaintiffs' Motion for Contempt.  That Motion was

16  clearly a dispositive motion addressing the merits of plaintiffs' claims.  Plaintiffs'

17  complaints sought to freeze Wen's assets and cause him to disgorge his assets to

18  reimburse loan borrowers.  The TRO and PI both included an assets freeze which

19  enjoined Wen from selling, transferring or otherwise disposing of his assets.  The

20  Motion for Contempt sought to adjudicate whether he had concealed, failed to

21  disclose or dissipated his assets in violation of the TRO and PI.  Accordingly, the

22  Motion for Contempt was "more than tangentially related to" the causes of action

23  and the relief sought in plaintiffs' complaints.

24          Furthermore, there are no "compelling reasons" that justify continuing to seal

25  the February 24, 2021 Transcript of the Court's proceedings on the Motion for

26  Contempt.  Plaintiffs sought, and Wen agreed, to seal Wen's personal financial

27  information revealed in the evidence offered in support of the Motion for Contempt

28

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO
UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**

1  and the sealing of the February 24, 2021 Transcript undoubtedly was intended to

2  continue that protection.  However, Wen was present by telephone for the entirety of

3  the hearing on the Motion for Contempt and does not believe that any of his personal

4  financial information or any information that would assist another in identifying his

5  personal financial information or his assets was revealed during the hearing.

6       Moreover, any personal financial information that theoretically could have

7  been revealed in the hearing belongs only to Wen, and no other party, and Wen

8  should be permitted to decide whether any such information may be released.

9       Finally, plaintiffs, who first requested protection for Wen's personal financial

10  information, do not oppose the unsealing.  Accordingly, even the "good cause"

11  standard for non-dispositive motions is met because there is no need for protection to

12  avoid any potential annoyance, embarrassment, or oppression to Wen.

13       In sum, Wen asks that the February 24, 2021 Transcript be unsealed so its

14  contents may be made available to the Court of Appeals for his potential appeal of

15  the March 16, 2021 Motion for Contempt Order and subsequent January 6, 2023

16  Contempt Order in his appeal of the Judgment.  Wen does not believe that there is

17  any risk that others will be able to obtain any of his personal financial information

18  from the February 24, 2021 Transcript and thereafter misuse it for improper

19  purposes, if it is publicly released.

20               **IV.   CONCLUSION**

21       Based upon the foregoing, Wen requests that the Court grant this Motion and

22  unseal and release the February 24, 2021 Transcript so that it may be included in the

23  record on appeal.

24

    Dated:  October 23, 2023

25

                          /s/
_____

26                     KAINE WEN, PRO SE

27

28
8

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**

1

**CERTIFICATE OF COMPLIANCE**

2        The undersigned, defendant Kaine Wen, appearing pro se, certifies that this

3    brief contains 2,184 words, which complies with the word limit of Local Rule 11-

4    6.1.

5

Dated:  October 23, 2023

6

                                /s/

7                                KAINE WEN, PRO SE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO UNSEAL TRANSCRIPT OF FEBRUARY 24, 2021 HEARING**