Kaine Wen
146 Bishop Lndg
Irvine, CA 92620
Telephone: 626-563-7908
kainewen@gmail.com
In Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Bureau of Consumer Financial Protection; et al., | Case No. 8:19-CV-01998-MWF (KSx) |
|---|---|
| Plaintiffs, | Hon. Michael W. Fitzgerald |
| v. | **SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF** |
| Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center; et al., | |
| Defendants. | |

SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

## SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN

I, Kaine Wen, hereby declare as follows:

1. I am appearing *pro se* in *Bureau of Consumer Financial Protection, et al. v. Consumer Advocacy Center Inc., d/b/a Premier Student Loan Center, et al.*, Case No. 8:19-CV-01998 MWF (KSx) (the "Civil Action").

2. I make this declaration in support of my opposition to Receiver's Motion For Order To Show Cause Why Kaine Wen Should Not Be Held In Contempt and For Related Relief and to update the Court regarding my compliance with the judgment in the Civil Action.

## THE CRIMINAL JUDGMENT AND RESTITUTION ORDER

3. On June 12, 2020, I entered a guilty plea in *United States v. Kaine Wen*, United States District Court for the Central District of California, Case No. SACR20-66JVS, pursuant to a Plea Agreement (the "Criminal Case"). The Plea Agreement remains under steal at the request of the U.S. Attorney's Office in Santa Ana, California.

4. On June 21, 2021, the Judge in the Criminal Case, the Honorable Judge James V. Selna, entered a Judgment and Commitment Order (the "Criminal Judgment"), which also remains under seal.

5. The Criminal Judgment ordered me to pay $920,880 in restitution to the Internal Revenue Service.

6. The Court in the Criminal Case found that my economic circumstances did not allow for immediate or future payment of the full restitution amount.

7. Accordingly, the Criminal Judgment ordered me to make monthly payments towards satisfaction of the restitution amount.

8. I have made, and am current with, all my monthly restitution payments pursuant to the Criminal Judgment, which are now between $200 and $250 per

2

SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

month.

9. Since December 23, 2022, I have been on supervised release reporting to the local United States Probation Office.

10. I have been, and am currently, in full compliance of all of the terms of my supervised release.

## THE FINAL JUDGMENT IN THIS CASE

11. On July 7, 2023, this Court entered a Final Judgment and Order as to Defendant Kaine Wen (the "Civil Judgment") in the Civil Action, which among other things, ordered me to pay $95,057,757 in redress and $148,000,000 in civil money penalties, and to turn over certain assets under the Final Judgment's Monetary Provisions. (ECF No. 456).

12. The Civil Judgment's Monetary Provisions required that I turn over the following Assets:

    a. all Assets in the Bank of New York Mellon Corporation account number ending in 1000 in the name of the Kaine Wen 2017 Trust;

    b. all Assets in the Wells Fargo Bank, N.A. checking account ending in account number 3052 in the name of the Kaine Wen 2017 Trust;

    c. all bitcoin held at the following bitcoin addresses as of the date of this Order:

        i.    1FaQ7TNzt9uGCTiZ65qiBBUimaV4nqSHSF
        ii.   1CnrRf645iE1SmSyLRcHxida7HKwaSxFJs
        iii.  17DveKFbhpNJYXAGAqRkYYFAERAnJ7PFCt
        iv.  1LMoynaFJVnUey4mqT4itpeqcn4TRCgWbM
        v.   1LARuJ5G4uU699tmdbdZQPuXTTLhhUFoYa
        vi.  1NZ7a1jjc5aib7SoGShkvvZi7SfrtcWAtG
        vii. 1EzNbQxehk5pxHcYyhXoCGikXPfMkPDdkM
        viii. 1BaUoNXvo84n1gVXxPdqb9dKaSR7DgE98Y
        ix.  1N1DwLGUq87m3uWqX3QT76uHfQMNkVK6sZ
        x.   1Mu5PY6iFhpts9m1JyJs1imyZdUQ27Xask

  xi. 1mgGejBqKFrMTayWwKj27ZQAGgszycPwT
  xii. 1KNeuQiYVx1XqqhJ7WiSJ7VNo4RkHNQw5V
  xiii. 189oB9QGHAQLHenzuwLVFc6Y47cGswsoHc
  xiv. 1Bu4zay9qUdMB234h2uuSFd9bnhtUJGAT2
  xv. 1aQv6sy8mQP4wfH9Kcy5GPbiY8gSyH1P7
  xvi. 1Gk6oDyWuMhFT8UWiZLfi2uC6t97nybEtK
  xvii. 12NBMijDzDsxAuwRLFU6tAtJhRExxcvCbZ
  xviii. 37JRJeB4zBCyHKFrfkxJ9qKDDyE26phd5R
  xix. 3GAyQ4r3vf5g62dW5T1GLVmeMjN73E6Ynh
  xx. 1JA73SXeybusqMMJBdFEqwdWJV81tAgHQ9
  xxi. 1kJdtoMuReQar9bcUnPAwH2YBBuyCwDWY
  xxii. 1XSB1Yr7XTT8UbM43fMwTRa9MroDtmeXG
  xxiii. 15NEe5BJLSSuWat1jhjoWm1rTt3GyLnpmg
  xxiv. 1EqMERSMYRYTQxWTb611qvBKXTogZq3m5U
  xxv. 3CvGqmQwqzRbpVupLB3c2CLNagKhxf9t5P

d. all ether held at the following ether addresses as of the date of this Order:

  i. 0x4d586195aeed6b32b62daaaa60122ed9088990d4
  ii. 0x6644b681eAB811591C146A3E54BBf6d91cb6d455

e. all Assets in the Binance.com cryptocurrency account associated with the user ID number ending in 7692 in the name of Defendant Wen;

f. approximately 170,000 Stellar Lumen and 100 Monero that Defendant Wen transferred to the Receiver on or about November 29, 2022, pursuant to this Court's Order (ECF No. 405);

g. Audemars Piguet Royal Oak Offshore watch (black);

h. Audemars Piguet Royal Oak Offshore watch (white);

i. Breitling Super Avenger watch (blue);

j. 3.584 carat diamond (round), ASG ending in 6001;

k. Reus car stereo system, Stage 2; and

l. Escher prints (3 prints).

4

SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

**THE RECEIVER'S CONTEMPT MOTION**

13. On August 18, 2023, the Receiver filed the pending Motion for Order to Show Cause Why Defendant Kaine Wen Should Not Be Held in Contempt and For Related Relief ("Receiver's Motion"). (ECF No. 465)

14. The basis of the Receiver's Motion was that, as of August 18, 2023, I had not turned over to the Receiver certain virtual currency and physical assets as required under the Civil Judgment's Monetary Provisions.

**DISPUTE REGARDING PRIORITY BETWEEN THE CRIMINAL JUDGMENT AND RESTITUTION ORDER AND THE CIVIL JUDGMENT**

15. The Criminal Judgment was entered on June 21, 2021, more than two years before the Civil Judgment, which was entered on July 7, 2023.

16. The Criminal Judgment prohibits me from transferring or conveying any assets with a fair market value of more than $500 without the approval of the Probation Officer, until all financial obligations imposed by the Court in the Criminal Case have been satisfied in full.

17. I have been advised that typically my restitution obligations as established by the Criminal Judgment would have priority over the asset turnover provisions in the Civil Judgment because the Criminal Judgment was first-in-time. I understand that the Receiver disputes this order of priority.

18. On August 28, 2023, I filed Defendant Kaine Wen's Opposition to Receiver's Motion for Order to Show Cause Why Kaine Wen Should Not Be Held In Contempt and For Related Relief and Declaration of Kaine Wen In Support of Defendant Kaine Wen's Opposition to Receiver's Motion for Order to Show Cause Why Kaine Wen Should Not Be Held In Contempt and For Related Relief. (ECF No. 467)

19. On September 14, 2023, I filed the Supplemental Declaration of Kaine

SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

Wen In Support of Defendant Kaine Wen's Opposition to Receiver's Motion for Order to Show Cause Why Kaine Wen Should Not Be Held In Contempt and For Related Relief ("Supplemental Declaration"). (ECF No. 470)

20. As I stated in my Supplemental Declaration, I retained Evan J. Davis ("Mr. Davis") of Hochman Salkin Toscher Perez P.C. for the limited purpose of representing me in connection with the conflict between my restitution obligations in the Criminal Judgment and the asset turnover provisions in the Civil Judgment.

21. After numerous communications between Mr. Davis, the Department of Justice, its Tax Division, and the Receiver's counsel, I understand that the Department of Justice has chosen to waive the superiority of its first-priority restitution claim in the Criminal Case against my assets that have been turned over and liquidated by the Receiver in the Civil Action.

22. The total amount of assets that have been turned over and liquidated by the Receiver in the Civil Action that the Department of Justice declined to accept as payment of restitution in the Criminal Case exceeds my current outstanding restitution balance of approximately $920,000. Those turned over and liquidated assets include assets far exceeding $920,000 in value that were unrelated to the criminal activity for which I was charged and pled guilty.

23. When the dispute regarding my conflicting obligations from the Criminal Judgment and Civil Judgment was resolved, Mr. Davis promptly contacted the Receiver to make arrangements for me to turn over the physical assets that I had been holding pending resolution of the dispute.

24. On June 14, 2024, I met with the Receiver's representative at Mr. Davis's office. At that time, I turned over the Audemars Piguet Royal Oak Offshore watch (black), Audemars Piguet Royal Oak Offshore watch (white), Breitling Super Avenger watch (blue), and 3.584 carat diamond (round).

6

SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

## TURN OVER OF ASSETS

25. I now believe that I have complied fully with the Civil Judgment's Monetary Provisions as follows:

### A. Bank Accounts

#### i) Bank of New York Mellon Bank Account

26. On July 7, 2023, the balance in the Bank of New York Mellon bank account, totaling $132,963.40, was transferred to the Receiver in satisfaction of Paragraph 67(a) of the Civil Judgment.

27. The funds in the Bank of New York Mellon bank account came from the sale of a business in which I held an interest prior to my involvement in the student loan business that is the subject of the Civil Action, and were not derived, directly or indirectly, from the student loan business or otherwise related to the conduct that is the subject of the Civil Action.

#### ii) Wells Fargo Bank Account

28. On July 20, 2023, the balance in the Wells Fargo bank account, totaling $1,666.32, was transferred to the Receiver in satisfaction of Paragraph 67(b) of the Civil Judgment.

### B. Cryptocurrency

#### i) Binance Account

29. On April 26, 2023, the balance in the Binance account, totaling 25.60077 bitcoin, was transferred to the Receiver in satisfaction of Paragraph 67(e) of the Civil Judgment.

30. In a letter dated July 12, 2023, Cornelia J. B. Gordon, the Receiver's attorney, notified me of the Receiver's intention to shortly begin the process of liquidating the bitcoin. The value of those 25.60077 bitcoin on that date was

SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

approximately $778,000.

31. The Binance account was funded by an acquaintance who went by the name of Sea for me to trade on his behalf pursuant to a profit-sharing arrangement; it was not funded with funds derived, directly or indirectly, from the student loan business or otherwise related to the conduct that is the subject of the Civil Action

### ii) Stellar Lumen and Monero

32. On November 29, 2022, the 169,999.69240124 stellar lumen and 100.88283143 monero were transferred to the Receiver in satisfaction of Paragraph 67(f) of the Civil Judgment.

33. In a letter dated July 12, 2023, Ms. Gordon notified me of the Receiver's intention to shortly begin the process of liquidating the stellar lumen and monero. The value of those 169,999.69240124 stellar lumen and 100.88283143 monero on that date was approximately $33,000 in total.

34. The stellar lumen and monero were derived from my winnings as a professional poker player. They were not acquired with funds derived, directly or indirectly, from the student loan business or otherwise related to the conduct that is the subject of the Civil Action.

### iii) Bitcoin Addresses

35. With regards to the bitcoin addresses referenced in Paragraph 67(c) of the Civil Judgment, as I previously declared, I do not have the ability to turn over the bitcoin because I do not own, possess, control, have custody of, or otherwise am holding, directly or indirectly, the unhosted virtual currency wallet addresses, and I do not have access to the unhosted virtual currency wallet addresses either.

### iv) Ethereum Addresses

36. With regards to the ethereum addresses referenced in Paragraph 67(d) of the Civil Judgment, as I previously declared, I do not have the ability to turn over

8
SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

the ethereum because I do not own, possess, control, have custody of, or otherwise am holding, directly or indirectly, the unhosted virtual currency wallet addresses, and I do not have access to the unhosted virtual currency wallet addresses either.

### v) Relinquishment of Rights

37. Paragraph 66 of the Civil Judgment "grants to the Bureau all rights and claims that Defendant Wen has to all Assets frozen by the Preliminary Injunction entered on November 15, 2019 (ECF No. 103) and all Assets attributed to Defendant Wen in the Report of Pamela A. Clegg dated March 29, 2022 (ECF No. 364-3, 365-3), including but not limited to the Assets identified in Paragraph 67, and Defendant Wen shall forfeit any rights to those Assets."

38. While, as stated above, I either have already turned over or I do not own, possess, control, or have access to any of the Assets referenced in Paragraphs 66 and 67 of the Civil Judgment, I remain more than willing to execute any documentation or instruments that the Receiver wants me to sign to relinquish any rights or claims the Receiver may believe I have in any such Assets..

## C. Watches

### i) Blue Breitling Watch

39. As previously noted, on June 14, 2024, I turned over the Breitling Super Avenger watch (blue) to the Receiver's representative in satisfaction of Paragraph 67(i) of the Civil Judgment.

40. I received the blue Breitling watch in 2004, from my mother and great grandmother as a graduation gift.

41. I have worn the blue Breitling watch. I did not hold it for collecting or investment purposes.

### ii) Black Audemars Piguet Watch

42. As previously noted, on June 14, 2024, I turned over the Audemars Piguet Royal Oak Offshore watch (black) to the Receiver's representative in satisfaction of Paragraph 67(g) of the Civil Judgment.

43. To the best of my recollection, I purchased the black Audemars Piguet watch online in or about 2019, from what appeared to be a reputable seller who sold valuable watches. I purchased the watch in used condition for approximately $25,000.

44. I purchased the black Audemars Piguet watch to wear, and not for collecting or investment purposes. I am not a collector of watches, I do not have a watch collection, and I am not an expert on watches or their values.

### iii) White Audemars Piguet Watch

45. As previously noted, on June 14, 2024, I turned over the Audemars Piguet Royal Oak Offshore watch (white) to the Receiver's representative in satisfaction of Paragraph 67(h) of the Civil Judgment.

46. To the best of my recollection, I purchased the white Audemars Piguet watch online in or about 2019, from what appeared to be a reputable seller who sold valuable watches. I purchased the watch in used condition for approximately $25,000.

47. I purchased the white Audemars Piguet watch to wear and not for collecting or investment purposes. As mentioned, I am not a collector of watches, I do not have a watch collection, and I am not an expert on watches or their values.

### D. Diamond

48. As previously noted, on June 14, 2024, I turned over the 3.584 carat diamond (round) to the Receiver's representative in satisfaction of Paragraph 67(j) of the Civil Judgment.

### E. Car Stereo

10
SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

49. With regards to the Reus car stereo system referenced in Paragraph 67(k) of the Civil Judgment, as I previously declared, I do not have the ability to turn over the Reus car stereo system because I do not have possession of it; it was returned to Tesla in January 2021 when the vehicle's lease expired.

**F. Escher Prints**

50. With regards to the Escher prints referenced in Paragraph 67(l) of the Civil Judgment, as I previously declared, I do not have the ability to turn over the Escher prints because I do not have possession of them; they were stored at the business office located at 8 Hughes, Irvine, CA 92618, which the Receiver took control of on October 23, 2019. None of my personal possessions that were at that location have ever been returned to me.

**G. Other Assets Turned Over in the Civil Action**

    **i) Judy Dai Settlement**

51. In 2014, prior to my involvement in the student loan business, I deposited $150,000 to the Bitstamp online cryptocurrency exchange using winnings from playing poker, and purchased approximately 307 bitcoin as part of my trading and speculation in cryptocurrencies.

52. In 2017, I converted my bitcoin to ethereum using the Poloniex online cryptocurrency exchange.

53. In January 2018, I sold approximately $3,000,000 worth of ethereum using the Bitstamp online cryptocurrency exchange.

54. In February 2018, I transferred the $3,000,000 to my mother, Judy Dai, who at that time was approaching retirement age as a Postal Clerk working at the United States Postal Service. I gifted these funds to her to show her my appreciation for having made so many sacrifices while raising me in a single income household.

55. On June 15, 2021, the Court entered the Stipulated Final Judgment and

11
SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

Order as to Relief Defendant Judy Dai (ECF No. 298).

56. As part of the Stipulated Final Judgment and Order as to Relief Defendant Judy Dai, my mother transferred $3,088,381.80 to Plaintiffs, including the full amount of my $3,000,000 gift to help my mother in her retirement. None of that $3,000,000 was derived, directly or indirectly, from the student loan business or otherwise related to the conduct that is the subject of the Civil Action.

### ii) Hold The Door Corp and Mice and Men Settlements

57. On September 8, 2020, the Court entered the Stipulated Final Judgment and Order as to Relief Defendants Hold The Door Corp and Mice and Men (ECF No. 218), two companies I controlled.

58. As part of the Stipulated Final Judgment and Order as to Relief Defendants Hold The Door Corp and Mice and Men, Hold The Door Corp turned over $53,696.04 to Plaintiffs and Mice and Men turned over $4,105,430.38 to Plaintiffs.

### iii) Plaintiff's July 12, 2023 Email and Updated Redress Amount

59. In an email dated July 12, 2023, Jesse Stewart, an Enforcement Attorney with the Consumer Financial Protection Bureau, notified me that "the amount of [my] redress is based on the $95,057,757 judgment for redress against you, less $20,052,028.94, which is the amount collected for redress from other defendants to date."

60. Mr. Stewart's email did not provide an accounting or any details regarding the $20,052,028.94 "collected for redress from other defendants to date." Nor does it appear to include funds and assets I have turned over to date.

61. The Plaintiffs and the Receiver have never provided me with an accounting or any details of the amounts and assets that Plaintiffs and the Receiver have received as a result of settlements, defaults, or judgments in the Civil Action.

62. The Plaintiffs and the Receiver have never provided me an accounting or any details about the cryptocurrencies or assets I have turned over in the Civil Action, including when, how, and for how much the assets were liquidated.

63. By my estimate, I have turned over to the Receiver, directly or through my mother or business entities I solely owned, approximately $8,400,000 in cash, cryptocurrencies, and other assets.

## ONGOING COMPLIANCE

64. I currently work as a full-time employee in the position of Office Administrator at Prime Time Basketball Association earning $16.00 per hour.

65. Due to my federal felony conviction and the limitations placed on me by the Civil Judgment, my prospects for higher paying employment in the immediate future are very dim or non-existent.

66. I use my salary to support myself and to make my monthly restitution payments pursuant to the Criminal Judgment. I have nothing left over with which to pay the redress or civil money penalty under the Civil Judgment.

67. I have complied with the Reporting Requirements in Paragraph 91 of the Civil Judgment by providing Compliance Reports, executed under penalty of perjury, to the Consumer Financial Protection Bureau, Office of Enforcement.

68. As far as I know, I am currently in full compliance with the Criminal Judgment, the terms of my supervised release in the Criminal Case, and the Civil Judgment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of August, 2024, in Irvine, California.

13

SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Kaine Wen*
_____
Kaine Wen

SECOND SUPPLEMENTAL DECLARATION OF KAINE WEN IN SUPPORT OF DEFENDANT KAINE WEN'S OPPOSITION TO RECEIVER'S MOTION FOR ORDER TO SHOW CAUSE WHY KAINE WEN SHOULD NOT BE HELD IN CONTEMPT AND FOR RELATED RELIEF