**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU; STATE OF MINNESOTA, by its Attorney General, Keith Ellison; STATE OF NORTH CAROLINA, ex rel. Joshua H. Stein, Attorney General; THE PEOPLE OF THE STATE OF CALIFORNIA, Michael N. Feuer, Los Angeles City Attorney, | No. 23-55700<br><br>D.C. No. 8:19-cv-01998-MWF-KS |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM* |
| KAINE WEN, in his individual capacity and as trustee of the Kaine Wen 2017 Trust, AKA Kaine Wen Dai, AKA Wen Ting Dai, AKA Wenting Kaine Dai; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 16, 2025
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

Kaine Wen appeals the district court's order and final judgment granting summary judgment and awarding restitution and civil penalties to the Consumer Financial Protection Bureau ("CFPB") and the states of California, Minnesota, and North Carolina (collectively, "Plaintiffs") for the Company's violations.[1]  Wen also challenges the district court's order denying his motion to reopen discovery.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We review a district court's decision to grant summary judgment de novo. *Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021).  There are no genuine disputes of material facts regarding Wen's liability for violations of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. §§ 310.3(a)(2)(iii), (x), 310.4(a)(5)(i), and the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5536(a)(1)(B).

First, Wen does not dispute that the Company violated the CFPA and the TSR.  Wen may be held individually liable for the Company's violations of the CFPA and TSR if "(1) he participated directly in the deceptive acts or had the authority to control them and (2) he had knowledge of the misrepresentations, was recklessly indifferent to the truth or falsity of the misrepresentation, or was aware

---

[1] Like the district court, we collectively refer to Consumer Advocacy Center, Inc. ("CAC"); True Count Staffing, Inc.; and Prime Consulting, LLC, as the "Company."

of a high probability of fraud along with an intentional avoidance of the truth."[2] *CFPB v. CashCall, Inc.*, 35 F.4th 734, 749 (9th Cir. 2022) (citation omitted).

The district court correctly concluded based on undisputed evidence that Wen "held an essential role in the . . . enterprise," including as an owner, founder, and controller. Wen was the Company's Chief Financial Officer and General Counsel during the relevant time period.[3] In the Fall of 2015, Wen owned 50 percent of CAC and entered into financial agreements on behalf of the Company. These undisputed facts, taken together, "demonstrate that [Wen] had the requisite control over the [Company]." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170–71 (9th Cir. 1997), *as amended* (Apr. 11, 1997) (holding that the defendant-appellant's role as president—an officer—combined with "her authority to sign documents on behalf of the corporation" demonstrated the requisite control).

The district court also properly held that Wen was at least recklessly indifferent to the Company's misrepresentations. By signing a "Debt Relief Service Merchant Agreement Addendum," Wen acknowledged that the Company

---

[2] These same facts are sufficient to establish liability for the state law claims, as the district court concluded and the parties do not dispute. We reject Wen's argument that the district court "engaged in no analysis and made no determinations" regarding the state law claims. Although brief, the district court considered the legal basis for each state law claim and properly concluded that the undisputed factual evidence established such claims as a matter of law.

[3] The district court analyzed Wen's liability for the period November 2015 through June 2017 ("Period 1") separately from the period June 2017 through October 2019 ("Period 2"). Wen disputes only his liability for Period 1.

"is engaged in the business of offering debt relief services" and will comply with
the TSR and CFPA.  Wen (and the Company) did not do so.  Wen was also
apprised of the Company's practice of collecting fees and inflating family size on
IDR applications, both of which are violations of the CFPA and TSR.  Additionally,
Wen does not dispute that he was aware of the chargeback rates.

Wen also provided "substantial assistance" to the Company's illegal conduct
in violation of the CFPA and the TSR, which provides a separate basis for liability.
12 U.S.C. § 5536(a)(3); 16 C.F.R. § 310.3(b).  As described above, Wen clearly
provided more than incidental assistance to the Company, and he was reckless in
doing so.  Although Wen relies on his declaration to raise a dispute, statements in a
declaration may be "insufficient to raise a triable issue of fact" if "it lacks detailed
facts and any supporting evidence."  *CPFB v. Gordon*, 819 F.3d 1179, 1194 (9th
Cir. 2016) (citation modified).  Here, that is the case.

2. We review the district court's formulation of remedies for abuse of
discretion.  *SEC v. Murphy*, 50 F.4th 832, 842 (9th Cir. 2022).  As to restitution, the
court did not abuse its discretion in ordering Wen jointly and severally liable for
$95 million.  It is well settled that "[i]f two or more defendants jointly cause harm,
each defendant is held liable for the entire amount of the harm; provided, however,
that the plaintiff recover only once for the full amount."  *Honeycutt v. United
States*, 581 U.S. 443, 447–48 (2017).  The district court therefore was not required

4

to conduct an evidentiary hearing or make findings of fact concerning how much

restitution had been paid by other defendants.

    3.  The district court did not abuse its discretion in imposing second-tier

penalties for Wen's reckless violations of the CFPA.[4]  12 U.S.C. § 5565(c)(2)(B);

12 C.F.R. § 1083.1 (2023).  As explained above, Wen's conduct underlying the

liability finding likewise supports the district court's determination that second-tier

penalties were appropriate.  12 U.S.C. § 5565(c)(2)(B) (a second-tier penalty

applies to "any person that *recklessly* engages in a violation" (emphasis added)).

    Nor did the district court abuse its discretion by including weekends and

holidays in its penalty calculation.  *See Murphy*, 50 F.4th at 848–49.  The court

may impose a penalty "for each day during which such violation [of the CFPA]

continues."  12 U.S.C. § 5565(c)(2)(B).  It is undisputed that the Company charged

consumers fees on weekends.  And even if Wen is correct that fees were not

charged on holidays, had the district court penalized Wen for every one of the

Company's violations, Wen could be held liable for more than $2.7 billion.  *Id.* §

5565(c)(2)(B); *see Murphy*, 50 F.4th at 848 (considering the reasonability of a

---

[4] Wen has no right to a jury trial to determine the amount of a civil penalty.  *See
Tull v. United State*s, 481 U.S. 412, 426–27 (1987).  The Supreme Court's decision
in *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024), did not
change the well-established principle that "a summary judgment proceeding does
not deprive the losing party of its Seventh Amendment right to a jury trial."
*Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1066 (9th Cir. 2009) (quoting *In re
Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008)).

penalty in light of the court's ability to impose a harsher penalty).  By calculating the penalty by the number of days the violations continued, the district court imposed far lower liability than had it done a per-incident calculation.

Lastly, the district court considered the mitigating factors and did not abuse its discretion in finding none applied to Wen.  It properly considered Wen's cryptocurrency assets and his lack of good faith.  *See* 12 U.S.C. § 5565(c)(3)(A).  And it explained that the gravity of the violation and severity of the losses to consumers was undoubtedly severe.  *See id.* § 5565(c)(3)(B)–(C).  Finally, the district court addressed Wen's previous violations related to similar conduct, albeit in a different type of adjudicatory proceeding.  *See id.* § 5565(c)(3)(D)–(E).

4. The district court did not impose a constitutionally excessive penalty.  *See Murphy*, 50 F.4th at 842 (reviewing "legal issues, such as whether a remedy violates a statute or the Constitution, de novo").  First, the imposed penalty falls within the statutory limit set forth in 12 U.S.C. § 5565(c).  12 C.F.R. § 1083.1; *Murphy*, 50 F.4th at 849 ("The Supreme Court has emphasized that 'judgments about the appropriate punishment for an offense belong in the first instance to the legislature.'" (quoting *United States v. Bajakajian*, 524 U.S. 321, 336 (1998)).  Second, Wen does not meaningfully dispute that the nature and extent of the underlying offense and the harm caused is egregious.  Wen's conduct contributed to the direct losses of more than $95 million to over 80,000 struggling borrowers,

and he took steps to conceal his conduct.  And Wen's conduct was reckless.  *See Pimentel v. City of Los Angeles*, 974 F.3d 917, 922 (9th Cir. 2020) (considering "the violator's culpability" in determining excessiveness).  Third, there is no dispute that Wen was criminally convicted for conduct "relating to his involvement with the [Defendant] Companies."  In fact, Wen admits that his criminal conviction "is based on many of the same allegations [] at issue in this civil action."  And although Wen disputes his ability to pay the penalty, we declined the "invitation to affirmatively incorporate a means-testing requirement for claims arising under the Eighth Amendment's Excessive Fines Clause."[5]  *See id.* at 925.

5. We review a denial of a motion for leave to conduct discovery for abuse of discretion.  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006).  Wen was not diligent in pursuing discovery, moving to reopen discovery, or seeking modification of the scheduling order.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Thus, the district court did not abuse its discretion.

**AFFIRMED.**

---

[5] We also reject Wen's argument that the treatment of his co-defendants indicates his penalty is excessive.  *See Murphy*, 50 F.4th at 849 ("The district court also did not have to compare the [Appellant-Defendants'] penalties to those imposed against other defendants.").

7